# Exhibit 7

**From:** Cordray, Monique - LAW [mcordray@amgen.com]
**Sent:** Wednesday, January 25, 2006 8:18 PM
**To:** 'Grossman, Harman A. [JJCUS]'
**Subject:** RE: roche

Harman, Thank you for forwarding the recent Federal Circuit Aspex decision. We do not read the Aspex decision as establishing a rule that all licensees labeled as "exclusive licensees" are Rule 19 necessary parties. The Aspex court did not even find that the licensee at issue in Aspex was a necessary party. Instead, the court vacated and remanded the issue to the district court. As you know, the label "exclusive" does not dictate whether a licensee is a necessary party. See Ortho v. Genetics Institute, 52 F.3d 1026 (Fed. Cir. 1995). We do not believe that Ortho is a necessary party in the Roche action. Please help us to understand your position if you disagree. Monique

> -----Original Message-----
> **From:** Grossman, Harman A. [JJCUS] [mailto:HGROSSM@CORUS.JNJ.com]
> **Sent:** Friday, January 13, 2006 10:51 AM
> **To:** Monique Cordray (E-mail)
> **Subject:** roche
>
> Monique, here's a case that the Federal Circuit handed down this week, which has some bearing on your action against Roche. The court held that exclusive licensees are necessary parties in infringement actions. By my reading, that makes OBI -- an exclusive licensee for a particular field of use -- a necessary party in the Roche action. Would you like to take a look at the opinion, and then consider how you'd like to handle this?
>
> <<aspex (patent standing).txt>>
>
>
> Harman Avery Grossman
> Assistant General Counsel
>
> Johnson & Johnson
> 1 Johnson & Johnson Plaza
> New Brunswick, NJ  08933
>
> (732) 524-2445 phone
> (732) 524-2788 fax

2/27/2006