Amgen Inc. v. F. Hoffmann-LaRoche LTD et al　　　　　　　　　　　　　　　　　　　　　　　　　Doc. 63 Att. 3
Case 1:05-cv-12237-WGY    Document 63-4    Filed 05/01/2006    Page 1 of 20

# The U.S. International Trade Commission

# Section 337 Investigations



EXHIBIT 2



ANSWERS TO FREQUENTLY ASKED QUESTIONS

Publication No. 3708
July 2004

United States International Trade Commission
Washington, DC 20436



Dockets.Justia.com

This document is a staff publication of the U.S. International Trade Commission. The opinions and conclusions it contains do not necessarily reflect the views of the Commission or of any individual Commissioner.

Address all comments on this document to
Lynn I. Levine, Director
Office of Unfair Import Investigations
United States International Trade Commission
Washington, DC 20436

*337@usitc.gov*


(2004 ed.)

## SECTION 337 INVESTIGATIONS AT THE
## U.S. INTERNATIONAL TRADE COMMISSION:
## *ANSWERS TO FREQUENTLY ASKED QUESTIONS*

This pamphlet contains a brief background discussion of Section 337 investigations at the United States International Trade Commission followed by answers to various frequently asked questions about Commission practice and procedure. Although this pamphlet is intended to clarify Commission procedures, it is for background purposes only, and is not intended to supersede, modify, or limit the Commission's Rules of Practice and Procedure or any Ground Rule, Order, or governing precedent issued by the Commission or its Administrative Law Judges. For more complete information about Commission practice and procedure in Section 337 investigations, please refer to the governing statute, 19 U.S.C. §1337, the governing regulations, 19 C.F.R. Parts 201 and 210, and the Ground Rules and Orders in effect in a particular investigation. Links to the statute and other information pertaining to Section 337 proceedings can be found on the Section 337 Resources web page, http://info.usitc.gov/337.

Questions can also be addressed to the following staff offices that work on Section 337 investigations:

    (1) the Office of the Secretary's Docket Branch at 202-205-1802 (on matters concerning the filing and service of documents),

    (2) the Office of Unfair Import Investigations at 202-205-2560 (on matters concerning the contents of a complaint, the institution of an investigation, or the status of an investigation),

(3) the Office of Administrative Law Judges at 202-205-2692 (specifically, to the attorney-advisor of the Administrative Law Judge on procedural matters when an investigation is before an Administrative Law Judge),

(4) the Office of the General Counsel at 202-205-3061 (on procedural matters when an investigation is before the Commission or on appeal), and

(5) the Trade Remedy Assistance Office at 800-343-9822 or 202-205-2200 (for assistance to small businesses regarding preparation of Section 337 complaints).

The Commission welcomes feedback and suggestions from you on ways that the Commission can improve this pamphlet or otherwise clarify its procedures. Comments can be directed to 337.OUII.OUII@USITC.GOV via e-mail or, using the printed response form at the end of this pamphlet, via U.S. mail to the Office of Unfair Import Investigations, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436.

CONTENTS

Introduction .................................................................................................................. i

Background on Section 337 ........................................................................................ 1

Answers to Frequently Asked Questions.................................................................... 3

- Information for prospective complainants ....................................................... 3

    1. Where do I get information about filing a Section 337 complaint?

- Filing and Service of Documents.................................................................... 4

    2. Where, when, and how are documents to be filed with the Commission?

    3. Are there any special rules that apply to the filing of a complaint?

    4. How can I protect confidential business information in a filing with the Commission?

    5. What documents should be filed; what documents should not be filed?

    6. What are the requirements for service of documents in a Section 337 investigation?

- Information about the status of investigations; researching Commission precedent ................................................................ 12

    7. How can I obtain information about the status of an investigation?

    8. How can I research Commission precedent?

- Institution of a Section 337 Investigation....................................................... 14

    9. How is an investigation instituted?

- Investigation Procedures................................................................................ 15

    10. How are investigations conducted?

    11. Can an investigation be settled by agreement or consent order?

    12. How do I obtain a subpoena?

13. Can I intervene in a Section 337 case?

14. Can I participate in an investigation other than by intervention?

15. Where and when are hearings held, and are they open to the public?

16. When is the Judge's Initial Determination on the merits of a case issued?

17. Is preliminary relief available?

18. How long do Section 337 investigations last?

- Final Determinations, Remedies, and Appeals .................................................. 21

19. Is an Administrative Law Judge's Initial Determination on the merits subject to review by the Commission?

20. If the Commission finds a violation of Section 337, what remedies are available?

21. When do Commission remedial orders become effective?

22. Are Commission decisions in Section 337 investigations appealable to a court?

- Response Sheet

## BACKGROUND ON SECTION 337

Under Section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337), the Commission conducts investigations into allegations of certain unfair practices in import trade. Section 337 declares the infringement of certain statutory intellectual property rights and other forms of unfair competition in import trade to be unlawful practices. Most Section 337 investigations involve allegations of patent or registered trademark infringement.[1] Other forms of unfair competition, such as misappropriation of trade secrets, passing off, false advertising, and violations of the antitrust laws, may also be asserted.[2]

Section 337 investigations are initiated by the Commission following the receipt of a properly filed complaint that complies with the Commission's Rules.[3] A Commission notice announcing the institution of an investigation is published in the *Federal Register* whenever the Commission votes to institute a Section 337 investigation.

When an investigation is instituted, the Commission assigns an Administrative Law Judge to preside over the proceedings and to render an initial decision (referred to as an "Initial

---

[1] Section 337 specifically declares the infringement of the following statutory rights to be unlawful import practices: a U.S. patent or a U.S. copyright registered under Title 17, a registered trademark, a mask work registered under chapter 9 of Title 17, or a boat hull design protected under chapter 13 of Title 17. 19 U.S.C. § 1337(a)(1)(B)-(E). In cases involving infringement of these intellectual property rights, there is no injury requirement.

[2] In addition to unfair practices based upon infringement of certain specified statutory intellectual property rights, Section 337 also declares unlawful unfair methods of competition and unfair acts in the importation and sale of products in the United States, *the threat or effect of which* is to destroy or substantially injure a domestic industry, prevent the establishment of such an industry, or restrain or monopolize trade and commerce in the United States. Thus, in these types of investigations, threatened or actual injury must be shown.

[3] Requirements for the contents of Section 337 complaints are set forth in 19 C.F.R. §§ 210.4, 210.12 and 68 Fed. Reg. 32971 (June 3, 2003).

1

Determination") as to whether Section 337 has been violated. The Commission also assigns an investigative attorney from the Commission's Office of Unfair Import Investigations ("OUII"), who functions as an independent litigant representing the public interest in the investigation. The staff investigative attorney is a full party to the investigation. In the notice announcing initiation of an investigation, the Commission identifies the entities that may participate in the investigation as parties, namely, the complainant or complainants that allege a violation of Section 337, the respondent or respondents that are alleged to have violated Section 337, and the OUII staff attorney, who is formally known as the Commission Investigative Attorney.

Section 337 investigations are conducted in accordance with procedural rules that are similar in many respects to the Federal Rules of Civil Procedure. These Commission procedural rules (found in 19 C.F.R. Part 210) are typically supplemented by a set of Ground Rules issued by the presiding Administrative Law Judge. The procedural rules and Administrative Law Judge's Ground Rules provide important details regarding such matters as the taking of discovery and the handling of motions.

A formal evidentiary hearing on the merits of a Section 337 case is conducted by the presiding Administrative Law Judge in conformity with the adjudicative provisions of the Administrative Procedure Act (5 U.S.C. §§ 551 *et seq.*). Hence, parties have the right of adequate notice, cross-examination, presentation of evidence, objection, motion, argument, and other rights essential to a fair hearing.

Following a hearing on the merits of the case, the presiding Administrative Law Judge issues an Initial Determination (ID) that is certified to the Commission along with the evidentiary record. The Commission may review and adopt, modify, or reverse the Initial

Determination or it may decide not to review the ID. If the Commission declines to review an ID, the ID becomes the final determination of the Commission.

In the event that the Commission determines that Section 337 has been violated, the Commission may issue an exclusion order barring the products at issue from entry into the United States, as well as a cease and desist order directing the violating parties to cease certain actions. The Commission's exclusion orders are enforced by the U.S. Customs Service. Commission orders become effective within 60 days of issuance unless disapproved by the President for policy reasons. Appeals of Commission orders entered in Section 337 investigations are heard by the U.S. Court of Appeals for the Federal Circuit.

## ANSWERS TO FREQUENTLY ASKED QUESTIONS

- **Information for prospective complainants**

*1. Where do I get information about filing a Section 337 complaint?*

A copy of the governing statute and the Commission's Rules, including the rules that identify the requirements for a properly filed complaint, are among the reference materials available on the Commission's web site at www.usitc.gov, which includes a Section 337 Resources web page that can be accessed directly at http://info.usitc.gov/337. Summary information about past and present Section 337 investigations can be found by accessing the Section 337 Investigational History through http://info.usitc.gov/337. Persons or companies interested in filing a Section 337 complaint may obtain additional information from the

3

Commission's Office of Unfair Import Investigations (OUII), which can be reached by telephone at 202-205-2560 or by facsimile at 202-205-2158.

The Commission also has a Trade Remedy Assistance Office (TRAO) that provides information to small businesses concerning the remedies and benefits available under U.S. trade laws and provides technical and legal assistance and advice to eligible small businesses to assist them in preparing and filing Section 337 complaints. TRAO can be reached by telephone at 800-343-9822 or 202-205-2200, or by facsimile at 202-205-2139.

Once a complaint has been filed, the public version of the complaint and any other public document filed in the matter can be accessed via the Commission's Electronic Document Information System at https://edis.usitc.gov. New complaints also are posted on the Commission's main web site at http://www.usitc.gov/dockets.

- **Filing and Service of Documents**

*2. Where, when, and how are documents to be filed with the Commission?*

Documents to be submitted to the Commission must be filed with the Dockets Branch of the Commission's Office of the Secretary at 500 E Street, S.W., Room 112, Washington, D.C. 20436. As discussed below, certain public documents may be filed electronically.[4] Documents, whether filed in person, by mail or electronically, will be accepted for filing by the Commission only during its regular business hours: 8:45 a.m. to 5:15 p.m. Eastern Time. In the rare event that the Commission is closed, for example, as a result of inclement weather, a

---

[4] The Commission will <u>not</u> accept filings by facsimile.

4

document due to the Commission on that day will be accepted for filing on the next business day that the Commission is open.

Documents may be hand delivered or mailed to the Office of the Secretary for filing, and will be deemed to be filed on the date of receipt by that office. Additionally, the Commission has undertaken a multi-phase implementation of electronic filing procedures consistent with the Government Paperwork Elimination Act which now allows for electronic filing of certain public documents.[5] Anyone wishing to file a document electronically should go to https://edis.usitc.gov and follow the instructions for submitting a document electronically to EDIS, including those pertaining to completion of the cover sheet. The instructions include the applicable hardware and software requirements for electronic filing. Under these procedures, documents eligible for electronic filing must be transmitted in portable document format (PDF) in accordance with the directions posted on the Commission's web site. Such documents will be deemed "signed" through the use of a password-protected registration protocol. In the case of a signatory who is not a registered user, or who is a registered user but whose user ID and password will not be utilized to transmit a document electronically, such document shall be deemed "signed" and filed when the document is physically signed by the signatory, scanned in optical format, and filed electronically.

Ordinarily, a filing in paper form requires the submission of an original and six (6) copies of a document when a case is before an Administrative Law Judge. When a case is before the

---

[5] The rule changes, which were published in the Federal Register on November 8, 2002 (67 *Fed. Reg.* 68036), and a draft Handbook of Electronic Filing Procedures (67 *Fed. Reg.* 68168) can be accessed through the Commission's Electronic Document Information System web site at www.edis.usitc.gov.

5

Commission, a filing in paper form ordinarily requires an original and fourteen (14) copies. *See* Commission Rule 210.4(f)(2), 19 C.F.R. §210.4(f)(2). Documents will not be accepted for filing if an insufficient number of copies is submitted. Also note that when filing in paper form, the original signed copy of the document, as well as one additional copy, should not be stapled, bound, or hole-punched, although they may be held together by means of a clip. The additional copies required, if filing in paper form, should be individually stapled or bound.

All documents submitted for filing must be accompanied by a form cover sheet, which must be filled out on-line at the Commission's Electronic Document Information System (EDIS) web page at www.edis.usitc.gov.[6] The cover sheet recites certain information about the document, including the date of submission, the name of the signatory, and whether the document contains confidential business information. This information is used to index the documents in EDIS.

Documents presented for filing must conform with the Commission's Rules on document specifications. Commission Rules 210.4 and 201.8, 19 C.F.R. §§ 210.4 and 201.8, set forth specifications for documents such as the requirement that each document be captioned with information about the pertinent proceeding, that each document have a certain standard typeface, and that each document be accompanied by a certificate of service. These rules also set forth a signature requirement similar to that of Rule 11 of the Federal Rules of Civil Procedure, whereby a signature on a document is deemed to constitute a certification as to the propriety of

---

[6] The Electronic Document Information System is an electronic repository of the official record of documents filed at the Commission. Further information regarding this system is set forth below in Question and Answer No. 8.

6

filing the document and the veracity of the contents of the document. *See* Rule 210.4(b)-(d), 19 C.F.R. § 210.4(b)-(d).

Persons filing a document in paper form can usually obtain a date-stamped copy of the document provided that they bring an extra copy of the document with them at the time of filing. In this regard, couriers should be advised that they may not themselves use the Commission date-stamp, but should request assistance from a Dockets Branch staff member at the time of filing. Persons filing by mail can also obtain a date-stamped copy of a document if they provide an extra copy of the document, a letter requesting a date-stamped copy, and an addressed return envelope with the postage prepaid. Persons electronically filing a document will receive both a printable notice of electronic receipt and a notice of electronic filing via e-mail. The notice of electronic filing will verify the effective filing date and time.

### 3. *Are there any special rules that apply to the filing of a complaint?*

The requirements for the contents of a Section 337 complaint are set forth at 19 C.F.R. §§ 210.4 and 210.8. Prospective complainants are encouraged to contact the Office of Unfair Import Investigations at 202-205-2560 to discuss procedural requirements in advance of filing a complaint. Although the Commission's rules currently specify that the complainant shall file fourteen (14) copies of the complaint for use by the Commission, as well as additional copies for the proposed respondents and the governments of each foreign proposed respondent,[7] the

---

[7] Any complainant who requests confidential treatment for the contents of a complaint must also file the requisite number of copies of a public version of the complaint for use by the proposed respondents and the Commission. The government of a foreign proposed respondent will receive only the public version of the complaint. To avoid unnecessary copying costs, complainants are encouraged to prepare, where possible, a single public version of the
(continued...)

7

Commission has waived this rule, in part.[8] As a result, the number of copies of a complaint required to be filed for Commission use has been reduced to twelve (12).[9] Additionally, the number of copies of the associated exhibits that must be filed for Commission use has been reduced from fourteen (14) to only six (6).

When a complaint is based upon the alleged infringement of certain intellectual property rights, the Commission's Rules require that the complaint be accompanied by specified background materials relating to the right asserted. *See* Rule 210.12(c)-(g), 19 C.F.R. § 210.12(c)-(g). For example, in patent-based cases, the Rules require that the complaint be accompanied by copies of license agreements pertaining to each asserted patent, copies of the certified prosecution history for each asserted patent, and copies of the technical references cited in the prosecution histories of each asserted patent. 19 C.F.R. § 210.12(c).[10] Specified background materials must also be filed in registered trademark, copyright, or mask work-based cases. *See* Rule 210.12(d)-(g). Claim charts purporting to show infringement of the asserted right are also required. 19 C.F.R. § 210.12(a)(9)(vii).

---

[7] (...continued)
complaint and place all confidential information in the accompanying exhibits rather than in the text of the complaint.

[8] *See* 68 Fed. Reg. 32971 (June 3, 2003).

[9] The number of copies required for Commission use when a motion for temporary relief is filed has also been reduced to twelve (12).

[10] Because the complainant need only submit a limited number of copies of the license agreements, prosecution histories and cited technical references (19 C.F.R. § 210.12(c)), these materials are best attached in separate appendices rather than included as exhibits to the complaint.

8

### *4. How can I protect confidential business information in a filing with the Commission?*

Confidential business information is protected in Section 337 investigations by a Protective Order issued by the Administrative Law Judge shortly after the commencement of an investigation.[11] These Protective Orders typically describe in detail how documents containing confidential information are to be marked and how and by whom they are to be handled. Although these orders permit a party's outside counsel to have access to confidential business information produced during an investigation, the orders typically do not permit a party's in-house counsel to have access to such confidential business information.

Protective Orders not only contain provisions to protect the confidential business information of the parties to the investigation, these Orders also contain provisions to protect the confidential business information of non-party entities that supply confidential information pursuant to a Commission subpoena. In this regard, if a party seeks confidential business information from a non-party, the party requesting the information should provide a copy of the Protective Order to the non-party supplier of information. In the event that the non-party does not receive a copy of the Protective Order when served with a Commission subpoena, the non-party should request a copy from the party that served the subpoena.

Prior to the issuance of a Protective Order, documents submitted to the Commission may be treated as confidential if they are designated as confidential, accompanied by a request for

---

[11] As noted earlier, the Commission has undertaken a multi-phase implementation of electronic filing procedures, which began in 2003. Documents containing confidential business information currently are not eligible for electronic filing. It is anticipated that the Commission eventually will permit the electronic filing of confidential information in the future. Thus, before attempting to electronically file a confidential document, persons should check the Commission's web site for specific filing instructions.

9

confidential treatment, and deemed by the Secretary to the Commission to indeed contain confidential business information, as described in the rules governing the submission and definition of confidential business information, Rules 210.5 and 201.6, 19 C.F.R. §§ 210.5 and 201.6. All documents containing or attaching confidential business information should be <u>clearly marked</u> on their face that they contain or attach confidential business information.

### *5. What documents should be filed; what documents should not be filed?*

All pleadings, motions, responses to motions, briefs, and petitions for review of an Initial Determination and responses thereto should be filed with the Dockets Branch of the Commission's Office of the Secretary. Discovery documents, however, should <u>not</u> be filed with the Dockets Branch, except when the discovery documents are attached as an exhibit to a motion or other pleading. Discovery documents that should <u>not</u> be filed include deposition notices, requests for the production of documents, and interrogatories.

Practitioners are further advised to review the Administrative Law Judge's Ground Rules in a particular investigation to determine whether other categories of documents should or should not be filed. For example, a Ground Rule may specify that documents such as proposed procedural schedules or copies of evidentiary exhibits should not be filed with the Dockets Branch, but rather, should be presented directly to the Administrative Law Judge. The Ground Rules also typically provide that applications for subpoenas, discussed below in Question and Answer No. 12, should be presented only to the Administrative Law Judge rather than filed with the Dockets Branch.

10

### 6. *What are the requirements for service of documents in a Section 337 investigation?*

The general rule on service is that all documents filed with the Commission must be served on all other parties to the investigation. However, a complaint should not be served on any other entity unless the complaint is accompanied by a motion for temporary relief. If the Commission determines to institute an investigation, the Commission itself serves complaints on the entities that it names as respondents to the investigation, as well as the embassy of each foreign proposed respondent. In the case of a complaint accompanied by a motion for temporary relief, the Commission not only serves the complaint and motion on the respondents when it institutes the investigation, but it also requires the entity filing the complaint and motion to serve an advance copy of these items by messenger, courier, express mail, or other equivalent means on the firms that are proposed as respondents in the complaint, and on the embassy in Washington, D.C. of the country in which the foreign respondents are located.[12]

With regard to service of documents other than complaints, the practitioner is advised to consult the Ground Rules in effect in a particular investigation. The Ground Rules usually require that the parties serve on the presiding Administrative Law Judge two copies of each document filed at the Commission. The Ground Rules also typically specify the mode of service between the parties (*e.g.*, overnight courier) and typically include instructions not to serve the Administrative Law Judge by facsimile in the absence of prior permission to do so.

---

[12] The general Rules on service are located at 19 C.F.R. §§ 210.7 and 201.16. The Rules concerning service of a complaint accompanied by a motion for temporary relief are located at 19 C.F.R. §§ 210.54 and 210.55; *see also* 19 C.F.R. § 210.56 regarding the notice that must accompany service copies of a complaint and motion for temporary relief.

11

- **Information about the status of investigations; researching Commission precedent**

*7. How can I obtain information about the status of an investigation?*

Interested persons can get certain information about the filing of a new complaint at the Commission's web site at http://info.usitc.gov/sec/dockets.nsf. This web site, which contains information identifying the name of the party filing the complaint and the subject matter of the complaint, is usually updated within 30 minutes of the filing of a new complaint.

Commission notices concerning matters such as initiation and termination of an investigation are published in the *Federal Register*. These notices, as well as Commission press releases, are also posted on the Commission's web site, usually within a few days after issuance.

All documents filed in an investigation, except for those containing confidential information, can be accessed on the Commission's web site at https://edis.usitc.gov. These documents are also available for inspection during official business hours (8:45 a.m. to 5:15 p.m. Eastern Time) in the Commission's Dockets Branch at 500 E Street, S.W., Room 112, Washington, D.C. 20436, telephone 202-205-1802. Hearing-impaired individuals are advised that information about filings in the Office of the Secretary can be obtained by contacting the Commission's TDD terminal at 202-205-1810.

Other questions about the status of an investigation can be addressed to the Commission Investigative Attorney assigned to the case from the Office of Unfair Import Investigations,

whose name and telephone number are listed in the notice of investigation. Journalists and market analysts should direct inquiries to the Commission's Office of External Relations at 202-205-1819.

### 8. *How can I research Commission precedent?*

All orders and decisions issued by the Administrative Law Judges and the Commission, except those containing confidential business information, are available for inspection at the Commission's Dockets Branch at 500 E Street, S.W., Room 112. Public orders and decisions of the Administrative Law Judges and the Commission in investigations instituted after January 1, 1996, as well as other documents in the Commission's public docket file, may also be searched and retrieved using the Commission's Electronic Document Information System ("EDIS") at https://edis.usitc.gov. Researchers can browse an electronic file room or conduct full-text, key word searches for documents. Please contact the EDIS help desk at (202) 205-EDIS (3347) or send an email request to edis@usitc.gov for assistance with using EDIS. To schedule individual or group training, contact the Office of the Secretary at 202-205-2000.

The new EDIS system, which became operational at the end of calendar year 2002, includes improved search capabilities and new procedures to facilitate downloading of Commission documents. Persons interested in obtaining copies of orders, decisions, or other documents that are available on EDIS may print the documents from the Internet. Orders and decisions in Section 337 investigations can also be researched on Westlaw™ and LEXIS™.[13] (Materials from the Commission are available in the FINT-ITC database on Westlaw™ and the ITC file

---

[13] However, not all Section 337 orders and decisions are published by Westlaw™ and LEXIS™.

of the ITRADE library on LEXIS™.) Some decisions are also published in the United States Patent Quarterly.

Summary information concerning pending and completed investigations can be found in the 337 Investigational History which is accessible from the Commission's web site at http://info.usitc.gov/337. Interested persons can search or browse the Investigational History for information such as the names of the parties and the presiding Administrative Law Judge, the types of unfair acts at issue, the identity of the intellectual property rights asserted, and scheduling information, including the target date for completion of the investigation.

- **Institution of a Section 337 Investigation**

   *9. How is an investigation instituted?*

After a complaint is filed with the Commission, the Office of Unfair Import Investigations (OUII) examines the complaint for sufficiency and compliance with the applicable rules, and makes a recommendation to the Commission regarding institution of the requested investigation. OUII's examination of the complaint may result in a request for supplementation or amendment of the complaint prior to the Commission's determination regarding whether to institute an investigation.[14]

The Commission will normally determine whether to institute a Section 337 investigation within 30 calendar days after the filing of a complaint. If a complaint is accompanied by a motion for temporary relief, the Commission will make its determination regarding institution

---

[14] *See* Question and Answer 7 for further information about the service of complaints and notices of investigation by the Commission.

14