of an investigation and provisional acceptance of the motion for temporary relief within 35 calendar days after the filing of the complaint and motion.

In the event that the Commission determines to institute a Section 337 investigation, a notice of investigation defining the scope of the investigation is published in the *Federal Register*. These notices typically appear in the *Federal Register* the week following the last day of the 30- or 35-day period for determining whether to institute an investigation. In addition to publishing a notice in the *Federal Register*, the Commission serves a copy of the complaint and notice of investigation on all of the respondents named in the investigation as well as on the U.S. embassy for the country in which they are located.

In the event that the Commission determines not to institute an investigation based upon a complaint, the complainant and all the firms named as proposed respondents in the complaint will receive written notice of the Commission's action. Decisions not to institute an investigation are rare.

- **Investigation Procedures**

*10. How are investigations conducted?*

Section 337 investigations are conducted in conformity with the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.*, and pursuant to Commission Rules published at 19 C.F.R. Part 210, which are similar in many respects to the Federal Rules of Civil Procedure. In addition to these rules, the presiding Administrative Law Judge typically issues a set of Ground Rules for the conduct of the investigation. These Ground Rules provide detailed instructions on matters such as the time for responding to motions, the method for asserting privilege, the number of

15

copies required of evidentiary exhibits, the use of translators, and the procedure for arranging a telephone conference between the parties and the Administrative Law Judge.

### 11. Can an investigation be settled by agreement or consent order?

Yes. The Commission Rules provide that a party may move to terminate an investigation as to one or more of the respondents on the basis of a licensing or other settlement agreement, including an agreement to present the matter for arbitration. *See* Commission Rule 210.21(a), (b), and (d), 19 C.F.R. § 210.21(a), (b), and (d). Thus, for example, a complainant in a patent-based investigation may enter into a license agreement with one of the respondents and file a motion to terminate the investigation as to that respondent. Assuming the judge and ultimately the Commission conclude that the agreement is not contrary to the public interest, the investigation may be terminated on the basis of such a motion.

The Commission Rules also provide that an investigation may be terminated as to one or more respondents on the basis of a Consent Order. *See* Commission Rule 210.21(c). Consent Orders are typically entered upon the joint request of the complainant and a respondent in the form of a motion which contains the parties' joint proposed Consent Order, but can be proffered by a respondent alone.

### 12. How do I obtain a subpoena?

During the time that an investigation is before an Administrative Law Judge, the Judge can issue a subpoena. The procedures involved in the issuance of subpoenas at the Commission differ from the current practice of most courts. The Commission Rule concerning subpoenas, including motions to quash, is found at Rule 210.32, 19 C.F.R. § 210.32. Note that an

16

application for issuance of a subpoena, as well as the requested subpoena itself, must be submitted to the Administrative Law Judge.

Additional instructions concerning subpoenas may be given by the presiding Administrative Law Judge in a particular investigation (*e.g.,* in the Ground Rules issued in a particular investigation). Subpoenas are enforced, if necessary, by the Commission in federal court.

### 13. Can I intervene in a Section 337 case?

Commission Rule 210.19, 19 C.F.R. § 210.19, provides that any person desiring to intervene may request leave to intervene by filing a written motion. Such persons may be allowed to intervene as intervenors or respondents at the Commission's discretion. Persons seeking to intervene are urged to consult the Administrative Law Judge's Ground Rules on matters such as service and filing of motions.

### 14. Can I participate in an investigation other than by intervention?

Commission Rule 210.50, 19 C.F.R. § 210.50, provides for the Commission to receive submissions from the public on issues concerning the effect of any remedial order(s) on the public interest, namely, the effect of such an order on the public health and welfare, competitive conditions in the United States economy, the production of like or directly competitive products, and United States consumers. *See* 19 U.S.C. § 1337(d)-(g). For details on the deadlines for submitting comments on such matters, see Rule 210.50(a), 19 C.F.R. § 210.50(a), and notices issued in particular investigations.

17

***15. Where and when are hearings held, and are they open to the public?***

Evidentiary hearings are held by the Administrative Law Judges in hearing rooms located in the Commission's building in Washington, D.C. The dates of such hearings are usually set forth in a procedural schedule issued by the Judge early in the investigation. While the length and timing of hearings varies from case to case, in an investigation scheduled to be completed within twelve months, for example, the evidentiary hearing often occurs about six or seven months after institution of the investigation.

Hearings are generally open to the public, except for those portions which involve confidential business information as defined in the Commission's Rules. During those portions of a hearing, members of the general public and others who are not allowed access to confidential information must step outside the hearing room while such information is presented or discussed. The amount of confidential information varies from investigation to investigation.

A verbatim transcript of all hearings is taken. Copies of the public portions of these transcripts are available for inspection in the Commission's Dockets Branch, and are available for purchase from the official reporter.

***16. When is the Judge's Initial Determination on the merits of a case issued?***

In Section 337 investigations with target dates requiring completion of Commission proceedings in 15 months or less, the Administrative Law Judge issues a decision on the merits of the case, called an "Initial Determination,"[15] at least three months prior to the target date.[16]

---

[15] Initial Determinations regarding violation of Section 337 typically contain an opinion,
(continued...)

18

In investigations with longer target dates, the Judge is required to issue the Initial Determination on the merits at least four months prior to the target date. Journalists and other non-parties to an investigation should note that the Administrative Law Judges' decisions typically contain confidential business information, and thus are not available for public inspection on the date filed. Public versions of these decisions (with the confidential information redacted) are available for inspection at the Dockets Branch and via the Commission's web site shortly after the date that the original, confidential version is filed.

The Administrative Law Judge's Initial Determination is subject to review by the Commission, as discussed below in Question and Answer No. 19.

### 17. Is preliminary relief available?

Yes. A complainant may request at the time it files a complaint that the Commission conduct expedited temporary relief proceedings and issue a temporary exclusion order and/or a temporary cease and desist order during the course of the investigation.[17] See 19 C.F.R. Subpart H. In determining whether to grant a request for temporary relief, the Commission applies the standard employed by the U.S. Court of Appeals for the Federal Circuit in

---

[15] (...continued)
findings of fact, and conclusions of law.

[16] Target dates for completion of Section 337 investigations are set by the presiding Administrative Law Judge within 45 days of the commencement of an investigation. Whereas target dates of 15 months or less are set by the Judge's order, if the Judge seeks to establish a longer target date, the Judge must issue an Initial Determination that is subject to review by the Commission.

[17] General information about exclusion orders and cease and desist orders is discussed below in Question and Answer No. 19.

reviewing lower court decisions granting preliminary injunctions.[18] This determination will be made by the Commission no later than the 90th day after the date on which an investigation involving a temporary relief request is instituted, or, if the case is deemed to be complex, no later than the 150th day after institution of the investigation. *See* 19 U.S.C. § 1337(e).

The Commission Rules require that requests for temporary relief must be made in a motion that is accompanied by a memorandum supporting the request. Significantly, the motion must also be accompanied by affidavits that support the factual assertions made in the motion, as well as by all evidence in the complainant's possession at the time of filing that the complainant intends to rely upon in support of the motion. Information concerning the form of a temporary relief motion, required supporting materials, and special service rules relating to such motions may be obtained from the Commission's Office of Unfair Import Investigations (OUII) at 202-205-2560.

Following the receipt of a motion for temporary relief, the Commission will determine whether to institute "temporary exclusion order" proceedings (informally referred to as "TEO" proceedings) to adjudicate the motion. In the event the Commission institutes TEO proceedings, the motion for temporary relief will be forwarded to an Administrative Law Judge for adjudication. In a typical TEO proceeding, the parties conduct a few weeks of discovery on the issues presented by the motion, and thereafter the Administrative Law Judge holds an evidentiary hearing on the merits of the motion, receives briefs from the parties on the evidence and the law, and issues a determination on the merits of the temporary relief motion

---

[18] In general, this standard involves a consideration of complainant's likelihood of success on the merits of the case, harm to the domestic industry in the absence of temporary relief, harm to respondents, and the public interest.

20

by the 70th day of the investigation (or by the 120th day in a complex case). If the Administrative Law Judge determines to grant the motion, the Judge will issue an Initial Determination that is subject to review by the Commission. By the 90th day after institution of an investigation (or the 150th day in more complex cases), the Commission will determine whether to accept the Administrative Law Judge's Initial Determination and whether to grant temporary relief.

### 18. How long do Section 337 investigations last?

By statute, Section 337 investigations must be completed "at the earliest practicable time." Accordingly, the Commission places great emphasis on the expeditious adjudication of Section 337 investigations. Historically, the Commission has strived to complete most investigations in 12 to 15 months. However, factors such as the complexity of the subject matter and number of unfair acts at issue, as well as the workloads of the Judges during a particular period, have resulted in longer target dates in a number of investigations.

- **Final Determinations, Remedies, and Appeals**

### 19. Is an Administrative Law Judge's Initial Determination on the merits subject to review by the Commission?

Under the Commission's Rules, parties may petition for Commission review of an Administrative Law Judge's Initial Determination (ID) if they believe that it (i) contains a clearly erroneous finding of material fact, (ii) contains an erroneous legal conclusion, or (iii) affects Commission policy. Parties may file responses to any petition for review. Within 45

21

calendar days after service of the ID, the Commission decides, either on the basis of a petition for review or on its own initiative, whether to review some or all of the ID. If the Commission decides not to review some or all of an ID, those unreviewed portions of the ID become the Commission's determination. If the Commission decides to review some or all of an ID, it may affirm, set aside, or modify the portions of the ID under review. *See generally*, Rules 210.43 - 210.45, 19 C.F.R. §§ 210.43 - 210.45.

### 20. *If the Commission finds a violation of Section 337, what remedies are available?*

The Commission is authorized under Section 337 to issue two types of remedial orders -- exclusion orders and cease and desist orders. Both types of orders may be issued in the same case. An award of money damages is not available as a remedy for violation of Section 337.

An exclusion order directs the U.S. Customs Service to exclude articles from entry into the United States. There are two types of exclusion orders -- general exclusion orders and limited exclusion orders. A general exclusion order directs the U.S. Customs Service to exclude all infringing articles, without regard to source. In contrast, a limited exclusion order directs the Customs Service to exclude all infringing articles that originate from a specified firm that was a respondent in the Commission investigation. If an entity has previously attempted to import an excluded article into the United States and the article was previously denied entry by the

U.S. Customs Service, the Commission may order the seizure and forfeiture of subsequent shipments of the article. See 19 U.S.C. § 1337(i).[19]

A cease and desist order directs a respondent in the Commission investigation to cease its unfair acts, including selling infringing imported articles out of U.S. inventory. Unlike exclusion orders, cease and desist orders are enforced by the Commission, not by the Customs Service.[20] See 19 U.S.C. § 1337(f)(2) (which provides for civil penalties for violation of cease and desist orders).

### 21. When do Commission remedial orders become effective?

Upon issuance, Commission remedial orders are sent to the President who may then, within 60 days, disapprove them for policy reasons. Such disapprovals are rare. During this period, called the "Presidential review period," infringing articles may enter the United States provided the importer posts a bond with the Customs Service in an amount determined by the Commission. Similarly, activities prohibited by a Commission cease and desist order may continue during the Presidential review period provided the respondent posts a bond with the Commission. If the President does not disapprove the Commission's remedial orders within

---

[19] U.S. Customs Service procedures for implementing Commission exclusion orders and Commission seizure orders are set forth at 19 C.F.R. § 12.39.

[20] Questions about the administration of exclusion orders should be addressed to the Intellectual Property Rights Branch of the U. S. Customs Service at (202) 927-2330. Although Customs administers exclusion orders, the Commission's Assistant General Counsel for Section 337 Investigations, who can be reached at (202) 205-3096, may also be able to respond to questions regarding exclusion orders, as well as to questions regarding Commission cease and desist orders.

the 60 day review period, at the conclusion of that period, infringing imports may no longer be imported and the complainant may seek to have previously posted bonds forfeited to it.

*22. Are Commission decisions in Section 337 investigations appealable to a court?*

Yes. Any person adversely affected by a Commission decision under Section 337 may appeal the decision to the U.S. Court of Appeals for the Federal Circuit. Any such appeal must be filed within 60 calendar days of the date that the Commission decision became final. A party that prevailed at the Commission may intervene in the appeal in defense of the Commission decision. Commission decisions that find no violation of Section 337 are final when issued. Commission decisions that find a violation of Section 337 and result in the issuance of remedial orders become final at the conclusion of the Presidential review period.

# RESPONSE FORM

**If you have found this pamphlet to be helpful or if you have suggestions for ways to improve this pamphlet, please let us know by filling out this form.**

1. Do you have any suggestions regarding ways to improve this pamphlet?

2. (For statistical purposes)  Describe your previous degree of experience with Section 337.
   \_\_\_\_ No Experience    \_\_\_\_ Some Experience    \_\_\_\_ Considerable Experience

3. (For statistical purposes)  Have you ever been a party to, or represented a party in, a Section 337 investigation?    \_\_\_\_ Yes    \_\_\_\_ No

4. (For statistical purposes)  Describe your interest in information about Section 337 by checking the box or boxes that apply to you.

   \_\_\_\_ Outside counsel for complainant            \_\_\_\_ In-house counsel for complainant
         (or prospective complainant)                      (or prospective complainant)
   \_\_\_\_ Outside counsel for respondent             \_\_\_\_ In-house counsel for respondent
   \_\_\_\_ In-house representative of a complainant   \_\_\_\_ In-house representative of a respondent
   \_\_\_\_ Outside counsel for a subpoenaed company   \_\_\_\_ In-house counsel for a subpoenaed company

   \_\_\_\_ Counsel for a small company                \_\_\_\_ Journalist
   \_\_\_\_ Academician or student                     \_\_\_\_ Other (_____)

**Please return this Response Form to**:
Lynn I. Levine, Director
Office of Unfair Import Investigations
U.S. International Trade Commission
500 E Street, S.W., Suite 401
Washington, D.C.  20436
Facsimile:  202-205-2158

name (optional)

company/firm (optional)

**Alternatively, you may cut and paste this form and e-mail your response to 337.OUII.OUII@USITC.GOV.**