UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD, ) | |
| ROCHE DIAGNOSTICS GMBH, ) | |
| AND HOFFMANN-LA ROCHE INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' OPPOSITION TO AMGEN INC.'S JULY 27, 2006,
MOTION TO FILE A DOCUMENT UNDER SEAL**

Defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc. (collectively "Roche") respectfully submit this opposition to Amgen's motion of July 27, 2006, seeking to file under a seal a pending Amgen motion before the International Trade Commission ("ITC") for leave to file a proposed reply brief on its petition for review of the ALJ's decision dismissing Amgen's allegation of patent infringement. Roche objects because Amgen has not received permission to file a reply from the ITC, whose rules prohibit reply papers without an order from the ITC. Significantly, the ITC has routinely rejected reply briefs on petitions for review. Because Amgen's reply brief may never see the light of day in the ITC, it should be of no moment to this case. Moreover, there is no need for Amgen to inundate this Court with the pleadings from the ITC — the only significant document from that proceeding so far is the ALJ decision itself, which this Court can consider as it wishes in connection with Roche's pending motion to dismiss this case premised on the very issue resolved by the ALJ.

31301954.DOC

The rules of the ITC permit only a petition for review and a response and bar further submissions.  Commission Rule 210.43(2) provides that, "[t]he Commission shall decide whether to grant a petition for review, based upon the petition and response thereto, *without oral argument or further written submissions* unless the Commission shall order otherwise."  19 C.F.R. §210.43(2) (emphasis added).  The ITC is loathe to accept further written submissions and has frequently rejected efforts to file replies to responses for review.[1]  Because Amgen provided no compelling reason for a reply — and, indeed, merely rehashes arguments made in its initial petition — Roche opposed Amgen's motion to file a reply in the ITC.  As of today, the ITC has not granted Amgen leave to file its reply.

Beyond the fact that Amgen's motion to file a reply may not be granted, Amgen's motion should be denied because the record in this case need not be burdened with further briefing of the parties before the ITC.  The Court can read the ALJ decision and determine for itself what import it has regarding Roche's motion to dismiss.  Neither Amgen's Petition for Review (which it filed under seal in this case), nor Roche's Response to the Petition (which Roche has moved to file under seal to put Amgen's arguments in context), nor Amgen's rehased arguments in its proposed reply, are necessary for the Court to understand the ALJ decision.

---

[1]    *See*, *e.g.*, Appendix A, *Certain Ammonium Octamolybdate Isomers*, Inv. No. 337-TA-477, Notice of Commission Decision to Review a Final Initial Determination at 2 (June 30, 2003), *available at* http://www.usitc.gov/secretary/fed_reg_notices/337/I0701AA1.PDF (rejecting a reply filed after the responses to the petitions had been filed); *Certain Network Interface Cards and Access Points for Use in Direct Sequence Spread Spectrum Wireless Local Area Networks and Products Containing Same*, Inv. No. 337-TA-455, Commission Order at 2, ¶3 (Dec. 18, 2001), *available at* http://edisweb.usitc.gov/edismirror/337-455/Violation/63451/63451/191/1F90E.pdf (rejecting a reply to responses to petitions for interlocutory review); *Certain Plastic Molding Machines With Control Systems Having Programmable Operator Interfaces Incorporating General Purpose Computers And Components Thereof*, Inv. No. 337-TA-462, Order (Nov. 30, 2001), *available at* http://edisweb.usitc.gov/edismirror/337-462/Violation/64897/64897/3db/21988.pdf (rejecting a reply to responses to petitions for review of a partial summary determination).

Thus, Roche respectfully requests that the Court deny Amgen's motion to for leave to file its as-yet-unauthorized Reply to Respondents' Opposition to Complainant's Petition for Review of Initial Determination.

DATED:  Boston, Massachusetts
        July 31, 2006

                F. HOFFMANN-LA ROCHE LTD,
                ROCHE DIAGNOSTICS GMBH, and
                HOFFMANN-LA ROCHE INC.

                By its attorneys,

                /s/ Julia Huston
                Lee Carl Bromberg (BBO# 058480)
                Julia Huston (BBO# 562160)
                Keith E. Toms (BBO# 663369)
                BROMBERG & SUNSTEIN LLP
                125 Summer Street
                Boston, MA 02110
                Tel. (617) 443-9292
                jhuston@bromsun.com

                Principal Counsel:

                Leora Ben-Ami (*pro hac vice*)
                Patricia A. Carson (*pro hac vice*)
                Thomas F. Fleming (*pro hac vice*)
                Howard Suh (*pro hac vice*)
                Peter Fratangelo (BBO# 639775)
                KAYE SCHOLER LLP
                425 Park Avenue
                New York, NY 10022
                Tel: (212) 836-8000

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                                                 /s/ Julia Huston
                                                 Julia Huston

03099/501 529227