# APPENDIX A

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C. 20436

|  |  |
|---|---|
| In the Matter of | ) |
|  | ) |
| **CERTAIN AMMONIUM OCTAMOLYBDATE ISOMERS** | ) Inv. No. 337-TA-477 |
|  | ) |

**NOTICE OF COMMISSION DETERMINATION TO REVIEW A FINAL INITIAL DETERMINATION FINDING NO VIOLATION OF SECTION 337; SCHEDULE FOR FILING WRITTEN SUBMISSIONS ON THE ISSUES UNDER REVIEW AND ON REMEDY, THE PUBLIC INTEREST, AND BONDING**

**AGENCY:** U.S. International Trade Commission.

**ACTION**: Notice.

**SUMMARY**: Notice is hereby given that the U.S. International Trade Commission has determined to review in its entirety the final initial determination (ID) issued by the presiding administrative law judge (ALJ) on May 15, 2003, finding no violation of section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, in the above-captioned investigation.

**FOR FURTHER INFORMATION CONTACT**: Wayne Herrington, Esq., Office of the General Counsel, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 205-3090. Copies of the ALJ's ID and all other nonconfidential documents filed in connection with this investigation are or will be available for inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone 202-205-2000. General information concerning the Commission may also be obtained by accessing its Internet server (*http://www.usitc.gov*). The public record for this investigation may be viewed on the Commission's electronic docket (EDIS) at *http://edis.usitc.gov*. Hearing-impaired persons are advised that information on this matter can be obtained by contacting the Commission's TDD terminal on 202-205-1810.

**SUPPLEMENTARY INFORMATION**:   The Commission instituted this investigation on August 20, 2002, based on a complaint filed by Climax Molybdenum Company  ("Climax") against one respondent, Molychem LLC. (Molychem).  67 *Fed. Reg*. 53966.  In that complaint, as supplemented, Climax alleged violations of section 337 in the importation into the United States, sale for importation, and/or sale within the United States after importation of certain ammonium octamolybdate isomers by reason of infringement of claim 1 of Climax's U.S. Patent No. 5,985,236.  Subsequently, the complaint and notice of investigation were amended to add four additional respondents to the investigation: Anhui Wonder Trade Co., Ltd.; Pudong Trans USA, Inc. (Pudong); John S. Conner, Inc. (Conner); and Chem-Met International, Inc.  One of these respondents, Conner, was eventually terminated from the investigation as the result of a settlement agreement.

On May 15, 2003, the ALJ issued his final ID on violation and his recommended determination on remedy and bonding.  The ALJ found no violation of section 337 because he concluded that claim 1 of the '236 patent was invalid on the basis of an on-sale bar under 35 U.S.C. § 102(b).  In his ID, the ALJ noted that the '236 patent is currently the subject of a reissue proceeding in the United States Patent and Trademark Office (PTO).  Complainant Climax filed a petition for review on May 27, 2003.  On May 30 and June 3, 2003, respectively, respondent Molychem and the Commission investigative attorney each filed a response to the petition for review.  On June 10, 2003, Climax filed a motion for leave to file a reply to the response of the Commission investigative attorney, including its proposed reply.  On June 11, 2003, Molychem filed a motion to strike Climax's motion for leave.

Having examined the record in this investigation, including the ALJ's final ID, the petition for review, and the responses thereto, the Commission has determined to review the final ID in its entirety. The Commission has also determined to deny Climax's request for oral argument. In addition, the Commission has determined to deny Climax's motion for leave to file a reply and to deny Molychem's motion to strike without prejudice to renewing any pertinent arguments in their written submissions in the course of the Commission's review of the final ID.

On review, the Commission requests briefing based on the evidentiary record.  While the Commission has determined to review the final ID in its entirety, it is particularly interested in briefing on the issues of personal jurisdiction over respondent Pudong, claim construction, invalidity of claim 1 of the '236 patent for anticipation by the Tytko article, and unenforceability of the '236 patent for inequitable conduct, and especially in receiving answers to the following questions:

1. What is the meaning of the term "octamolybdate" in claim 1 of the '236 patent?  In particular, the Commission wishes the parties to address whether the term refers to a single polyanion containing eight molybdenum and twenty-six oxygen atoms.

2

    2.      Whether (a) the Raman spectrum shown in Figure 1(f) of the Tytko article (second from the top) falls within the Raman spectrum set out in Claim 1 of the '236 patent, and (b) whether the Tytko article contains sufficient enabling disclosure with respect to the composition represented by that spectrum so as to be available as prior art.

    3.      The legal foundation and record support for the existence or non-existence of the specific offer for sale or sale found by the ALJ in his final ID in connection with his finding of the existence of an on-sale bar.

The Commission has also determined to order complainant Climax to file and serve with its main review brief a copy of the file for the reissue application for the '236 patent which is currently pending in the PTO, as well as the files of any other proceedings in the PTO relating to the '236 patent, the reissue application, or the original application for the '236 patent. Complainant Climax is also ordered to file and serve any additions to such files as they are made in the PTO.

In connection with the final disposition of this investigation, the Commission may (1) issue an order that could result in the exclusion of the subject articles from entry into the United States, and/or (2) issue one or more cease and desist orders that could result in respondents being required to cease and desist from engaging in unfair acts in the importation and sale of such articles. Accordingly, the Commission is interested in receiving written submissions that address the form of remedy, if any, that should be ordered. If a party seeks exclusion of an article from entry into the United States for purposes other than entry for consumption, the party should so indicate and provide information establishing that activities involving other types of entry either are adversely affecting it or likely to do so. For background, see *In the Matter of Certain Devices for Connecting Computers via Telephone Lines*, Inv. No. 337-TA-360, USITC Pub. No. 2843 (December 1994) (Commission Opinion).

If the Commission contemplates some form of remedy, it must consider the effects of that remedy upon the public interest. The factors the Commission will consider include the effect that an exclusion order and/or cease and desist orders would have on (1) the public health and welfare, (2) competitive conditions in the U.S. economy, (3) U.S. production of articles that are like or directly competitive with those that are subject to investigation, and (4) U.S. consumers. The Commission is therefore interested in receiving written submissions that address the aforementioned public interest factors in the context of this investigation.

If the Commission orders some form of remedy, the President has 60 days to approve or disapprove the Commission's action. During this period, the subject articles would be entitled to enter the United States under a bond, in an amount determined by the Commission and prescribed by the Secretary of the Treasury. The Commission is therefore interested in receiving submissions concerning the amount of the bond that should be imposed.

**WRITTEN SUBMISSIONS**: The parties to the investigation are requested to file written submissions on the issues under review.  The submissions should be concise and thoroughly referenced to the record in this investigation.  Parties to the investigation, interested government agencies, and any other interested parties are encouraged to file written submissions on the issues of remedy, the public interest, and bonding.  Such submissions should address the May 15, 2003, recommended determination by the ALJ on remedy and bonding.  Complainant and the Commission investigative attorney are also requested to submit proposed remedial orders for the Commission's consideration.  The written submissions and proposed remedial orders must be filed no later than close of business on July 14, 2003.  Reply submissions must be filed no later than the close of business on July 21, 2003.  No further submissions on these issues will be permitted unless otherwise ordered by the Commission.

      Persons filing written submissions must file the original document and 14 true copies thereof on or before the deadlines stated above with the Office of the Secretary.  Any person desiring to submit a document (or portion thereof) to the Commission in confidence must request confidential treatment unless the information has already been granted such treatment during the proceedings.  All such requests should be directed to the Secretary of the Commission and must include a full statement of the reasons why the Commission should grant such treatment.  *See* section 201.6 of the Commission's Rules of Practice and Procedure, 19 C.F.R. § 201.6.  Documents for which confidential treatment by the Commission is sought will be treated accordingly.  All nonconfidential written submissions will be available for public inspection at the Office of the Secretary.

      The authority for the Commission's determination is contained in section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), and in sections 210.43-.44 of the Commission's Rules of Practice and Procedure (19 C.F.R. §§ 210.43-.44).

      By order of the Commission.

_____
Marilyn R. Abbott
Secretary to the Commission

Issued: June 30, 2003

4

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

In the Matter of

Certain Network Interface Cards and
Access Points for Use in Direct
Sequence Spread Spectrum Wireless
Local Area Networks and Products
Containing Same

Inv. No. 337-TA-455

## ORDER

The Commission instituted this investigation on April 9, 2001, based on a complaint filed by Proxim, Inc. ("Proxim") against 14 entities. The complaint alleges violations of section 337 of the Tariff Act of 1930 (19 U.S.C. §1337) in the importation into the United States, the sale for importation, and/or the sale within the United States after importation of certain wireless network interface cards and access points by reason of infringement of certain claims of Proxim's U.S. Letters Patents Nos. 5,077,753, 5,809,060, and 6,075,812.

On June 11, 2001, non-party Symbol Technologies, Inc. ("Symbol") moved the presiding administrative law judge ("ALJ") for leave to intervene for the limited purpose of seeking to disqualify the law firm of Burns Doane Swecker & Mathis LLP, counsel for complainant Proxim. On July 9, 2001, Symbol's motion to intervene was granted. On July 16, 2001, Symbol filed its motion to disqualify counsel for Proxim. On August 2, 2001, the ALJ denied Symbol's motion to disqualify (Order No. 26).

On August 7, 2001, Symbol moved, pursuant to Commission rule 210.24, 19 C.F.R. §210.24, for leave of the ALJ to apply to the Commission for interlocutory review of Order No. 26. On August 27, 2001, the ALJ granted this motion (Order No. 28). On August 24, 2001, Symbol filed its application for interlocutory review of Order No. 26 with the Commission.

On August 31, 2001, Proxim filed its opposition to Symbol's application for review of Order 26. On the same day the Commission investigative attorney (IA) filed his response to Symbol's application for review of Order No. 26. On September 10, 2001, Symbol filed a request for leave to file a reply to: (1) Proxim's opposition to Symbol's application for review of Order No. 26, and (2) the response of the IA to the same

Having reviewed the record in this investigation, including the ALJ's Orders Nos. 26 and 28, and the written submissions of Symbol, Proxim, and the IA, the Commission hereby **ORDERS THAT**:

1. Symbol's application for interlocutory review of the ALJ's Order No. 26 is granted.

2. Order No. 26 is affirmed.

3. Symbol's motion for leave to file a reply to: (a) Proxim's opposition to Symbol's application for review of Order No. 26, and (b) the response of the IA to the same is denied.

4. The Secretary shall serve copies of this Order upon each party of record in this investigation including intervenor Symbol.

2

By Order of the Commission.

Donna R. Koehnke
Secretary

Issued: December 18, 2001

CERTAIN NETWORK INTERFACE CARDS AND ACCESS    337-TA-455
POINTS FOR USE IN DIRECT SEQUENCE SPREAD SPECTRUM
WIRELESS LOCAL AREA NETWORKS AND PRODUCTS
CONTAINING SAME

## PUBLIC CERTIFICATE OF SERVICE

I, Donna R. Koehnke, hereby certify that the attached **Order.**, was served upon all parties via first class mail and air mail where necessary on December 18, 2001.

*Donna R. Koehnke*
Donna R. Koehnke, Secretary
**U.S. International Trade Commission**
500 E Street, S.W., Room 112
Washington, D.C. 20436

**ON BEHALF OF PROXIM, INC:**

Frederick G. Michaud, Esq.
**Burns, Doane, Swecker and Mathis, LLP**
1737 King Street
Alexandria, VA 22314-2727

Cecilia H. Gonzalez, Esq.
**Howrey Simon Arnold and White LLP**
1299 Pennsylvania Avenue, NW
Washington, DC 20004

**ON BEHALF OF D-LINK SYSTEMS, INC., AND D-LINK CORPORATION:**

Donald R. Dunner, Esq.
**FINNEGAN, HENDERSON, FARABOW,
    GARRETT AND DUNNER, LLP**
1300 I Street, NW
Washington, DC 20005-3315

Richard L. Rainey, Esq.
**FINNEGAN, HENDERSON, FARABOW,
    GARRETT AND DUNNER LLP**
3200 SunTrust Plaza
Atlanta, GA 30308

S. J. Christine Yang
**LAW OFFICE OF S. J. CHRISTINE YANG**
Plaza Del Lago
17220 Newhope Street
Suite 101 and 102
Fountain Valley, CA 92708

Duncan Palmatier
530 South Asbury Street
Suite 5
Moscow, Idaho 83843

**ON BEHALF OF ADDTRON TECHNOLOGY COMPANY, LTD:**

Richard V. Vasquez, Esq.
**Morgan Miller and Blair**
1676 N. California Blvd.
Suite 200
Walnut Creek, CA 94596

**ON BEHALF OF ACER AMERICA CORPORATION, CABLETON SYSTEMS, INC., ENTERASYS NETWORKS INC., MELCO INC., BUFFALO TECHNOLOGY (USA), INC., AND TECHWORKS, INC:**

George F. Pappas, Esq.
**Venable, Baetjer, Howard and Civiletti, LLP**
1201 New York Avenue, NW
Suite 1000
Washington, DC 20005

CERTAIN NETWORK INTERFACE CARDS
AND ACCESS POINTS FOR USE IN
DIRECT SEQUENCE SPREAD SPECTRUM
WIRELESS LOCAL AREA NETWORKS
AND PRODUCTS CONTAINING SAME

337-TA-455

PUBLIC CERTIFICATE OF SERVICE

Page Two

ON BEHALF OF THE LINKSYS GROUP,
INC., AND AMBICOM, INCORPORATED:

Jeffrey C.P. Wang, Esq.
**The Law Offices of Jeffrey C.P. Wang**
1201 Dove Street, Suite 485
Newport Beach, CA 92660

Donald R. Dunner, Esq.
**Finnegan Henderson Farabow Garrett and
    Dunner LLP**
1300 I Street, NW
Washington, DC 20005-3315

ON BEHALF OF ACERWEB
CORPORATION:

Kevin M. O'Brien, Esq.
**Baker and McKenzie**
815 Connecticut Avenue, NW
Washington, DC 20006-4078

ON BEHALF OF COMMISSION:

Jeffrey R. Whieldon, Esq.
**Office of Unfair Import Investigations**
500 E Street, S.W.
Room 401-H
Washington, D.C. 20436

Tim Yaworski, Esq.
**Office of the General Counsel**
500 E Street, S.W.
Room 707
Washington, D.C. 20436

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

| | |
|---|---|
| In the Matter of<br><br>CERTAIN PLASTIC MOLDING MACHINES<br>WITH CONTROL SYSTEMS HAVING<br>PROGRAMABLE OPERATOR INTERFACES<br>INCORPORATING GENERAL PURPOSE<br>COMPUTERS AND COMPONENTS<br>THEREOF (II) | Investigation No. 337-TA-462 |

**DOCKET**

ORDER

On November 1, 2001, the presiding administrative law judge issued an initial determination (ID) (Order No. 9) granting Milacron's motion for summary determination that the economic prong of the domestic industry requirement had been met. Respondents Dr. Boy Gmbh and Boy Machines (Boy) filed a petition for review of the ID on November 13, 2001. On November 14, 2001, complainant Milacron filed a motion to strike Boy's petition as untimely.

Commission rule 210.43(a), 19 C.F.R. § 210.43(a) requires that petitions for review be filed within five business days after issuance of an ID issued under Commission rule 210.42(c), 19 C.F.R. § 210.42(c). Since the ID at issue was filed under Commission rule 210.42(c), any petition for review was due on November 8, 2001. Thus, Boy's petition, which was filed on November 13, 2001, was not timely.

On November 21, 2001, Sidel filed a motion for leave to file a reply to Milacron's response in opposition to Sidel's petition for review of the ID. Sidel has not provided sufficient grounds for such a filing.

Accordingly, the Commission hereby **ORDERS THAT** –

1. Milacron's motion to strike Boy's petition for review is granted.

2. Sidel's motion for leave to file a reply to Milacron's opposition to Sidel's petition for review of the ID is denied.

3. The Secretary shall serve a copy of this Order upon each party to the investigation.

By order of the Commission.

*Donna R. Koehnke*
Donna R. Koehnke
Secretary

Issued: **November 30, 2001**

CERTAIN PLASTIC MOLDING MACHINES WITH                                337-TA-462
CONTROL SYSTEMS HAVING PROGRAMMABLE
OPERATOR INTERFACES INCORPORATING
GENERAL PURPOSE COMPUTERS, AND COMPONENTS
THEREOF II

## CERTIFICATE OF SERVICE

I Donna R. Koehnke, hereby certify that the attached **ORDER**, was served upon the following parties via first class mail and air mail where necessary on November 30, 2001.

*Donna R. Koehnke*
Donna R. Koehnke, Secretary
U.S. International Trade Commission
500 E Street, SW - Room 112
Washington, DC 20436

**On Behalf of Milacron Incorporated:**

Ronald J. Snyder, Esq.
**Dinsmore and Shohl LLP**
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202

Cecilia H. Gonzalez, Esq.
**Howrey Simon Arnold and White LLP**
1299 Pennsylvania Avenue, NW
Washington, DC 20004

**On Behalf of Sidel and Sidel Inc.:**

Mark Boland, Esq.
**Sughrue Mion Zinn Macpeak & Seas, PLLC**
2100 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20037

Sturgis M. Sobin, Esq.
**Miller and Chevalier, Chartered**
655 Fifteenth Street, NW
Suite 900
Washington, DC 20005

**On Behalf of Zoppas Industries S.P.A. SIPA Italia (Sociata' Industrializzazione Progettazione e Automazione), S.P.A. and SIPA North America, Inc:**

William H. Murray, Esq.
**Duane Morris and Heckscher LLP**
One Liberty Place
Philadelphia, PA 19103-7396

Anthony J. Fitzpatrick, Esq.
**Duane Morris and Heckscher LLP**
470 Atlantic Avenue
Suite 500
Boston, MA 02210

**On Behalf of Dr. Boy Gmbh and Boy Machines Inc.:**

Allen I. Rubenstein, Esq.
**Gottlieb Rackman and Reisman PC**
270 Madison Avenue
New York, NY 10016-0601

Michael J. McKeon, Esq.
**Fish and Richardson P.C.**
601 Thirteenth Street, NW
Washington, DC 20005

CERTAIN PLASTIC MOLDING MACHINES
WITH CONTROL SYSTEMS HAVING
PROGRAMMABLE OPERATOR INTERFACES
INCORPORATING GENERAL PURPOSE
COMPUTERS AND COMPONENTS THEREOF
II

337-TA-462

PUBLIC CERTIFICATE OF SERVICE

**ON BEHALF OF COMMISSION:**

Jean Jackson, Esq.
Office of the General Counsel
**U.S. International Trade Commission**
Room 707
500 E Street, SW
Washington, D.C. 20436

Spence Chubb, Esq.
Office of Unfair Import Investigations
**U.S. International Trade Commission**
Room 401
500 E Street, SW
Washington, D.C. 20436