# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>F. HOFFMANN-LAROCHE LTD., )<br>ROCHE DIAGNOSTICS GmbH, and )<br>HOFFMANN LAROCHE INC., )<br>)<br>Defendants. )<br>)<br>) | Civil Action No.: 05 Civ. 12237 WGY |

## [PROPOSED] PROTECTIVE ORDER

It appears that certain information, documents, and things of the parties (or a non-party) subject to discovery in this action may be claimed to be or contain a trade secret or other confidential research, development, or commercial information (hereinafter collectively referred to as "confidential information"), and in the interest of expediting discovery and permitting the same to proceed without delay occasioned by possible disputes regarding such claims of confidential information, Plaintiff AMGEN INC., and Defendants F. HOFFMANN-LAROCHE LTD., ROCHE DIAGNOSTICS GmbH, and HOFFMANN-LA ROCHE INC. (hereinafter "the Parties"), hereby agree that the following Stipulated Protective Order be entered to provide access by the parties to such confidential information, subject to certain protective provisions set forth herein.

**IT IS HEREBY ORDERED:**

1.      This Stipulated Protective Order shall apply to all confidential information subject to discovery in this action, including information produced by non-parties (*e.g.*, information

433905_1

produced or disclosed in response to a subpoena). Production or disclosure of confidential information under the provisions of this Order shall be solely for the purpose of resolving this action (and/or any related investigation involving Amgen and any of the Defendants herein before the United States International Trade Commission) and shall not be used for any other purpose.

2. All such confidential information, whether produced for inspection, produced by providing copies, or otherwise disclosed, shall to the extent possible bear unique identifying number on each page or on each thing produced. Discovery materials as to which a party or non-party has an interest and as to which confidentiality is asserted, upon designation as described herein shall be treated pursuant to the provisions of this Order. For purposes of this Order, designating non-parties shall have the same rights and obligations as a designating party.

3. Documents and other discovery materials shall be designated confidential prior to production by labeling such documents and materials in a visible manner with the CONFIDENTIAL legend (or comparable notice, such as CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER). If a party or non-party thereafter determines that it inadvertently failed to designate materials as CONFIDENTIAL, it may do so by giving notice to all parties, who shall thereafter treat the materials pursuant to the provisions of this Order.

4. Any party or non-party may designate deposition or other testimony in whole or in part as containing confidential information by so stating on the record during the deposition, or thereafter by notifying the other party in writing of the portions of such testimony to be so designated within twenty (20) days of receipt of the transcript. If a party or non-party thereafter determines that it inadvertently failed to designate testimony as containing confidential information, it may do so by giving notice to all parties, who shall thereafter treat the materials

pursuant to the provisions of this Order. Any transcript portion that contains testimony so designated shall be labeled in a visible manner with the CONFIDENTIAL legend (or comparable notice).

5. This Stipulated Protective Order permits a party or non-party to refuse to disclose information properly subject to the attorney-client privilege or the attorney work product doctrine. To that end, each party or non-party may produce its documents in redacted form, redacting only information which is irrelevant or is subject to a claim of attorney-client privilege or work-product immunity. The party or non-party so producing a document in redacted form shall make the notation "REDACTED" (or comparable notice) on each redacted portion of the document. In addition, each "REDACTED" (or comparable) notation must include a separate notation identifying the basis for that redaction (*i.e.*, privilege or relevance). If redactions are made on any basis other than attorney-client privilege or work-product immunity as provided for herein, the producing party shall be obliged upon reasonable request to provide a general description of the redacted material to opposing counsel, solely for the purpose of allowing inspecting counsel to determine whether to challenge the propriety of the redaction.

6. Inspecting counsel shall not have the right to custody of the original un-redacted documents or a copy thereof. In the event of disagreement, inspecting counsel shall identify those redacted areas of the documents which should not be redacted and shall state why such areas should not be redacted. In the event the producing party or non-party continues to refuse to produce the document(s) in unredacted form, counsel of the inspecting party may seek a determination by the Court that such documents or portions thereof should be produced in unredacted form.

7. If a party or non-party produces documents for inspection before producing copies of the documents, the documents shall be inspected only by counsel identified in

paragraph 8(a) and (b), below.  If a copy of any inspected document not previously redacted is requested, the document may be redacted only as provided for in paragraph 5 above.

8. Access to all materials designated with the CONFIDENTIAL legend (or comparable notice), and disclosure of the information contained in such materials, shall be restricted solely to:

**(a)** the attorneys and agents working on this action in the law firms representing the parties (or a non-party producing information under the provisions of this Order) as outside counsel (and secretarial and support personnel assisting such counsel);

**(b)** no more than six in-house attorneys for each party who are admitted *pro hac vice* in this action (and their secretarial and support personnel);

**(c)** independent experts (and their secretarial and support personnel) retained specifically for this action as consulting or testifying experts and who have signed the form agreement attached as Exhibit A hereto, as contemplated by paragraph 10, below, of this Order;

**(d)** the Court and its personnel; and,

**(e)** court reporters and translators.

9. Any material designated with the CONFIDENTIAL legend (or comparable notice) and the information contained in such material (including extracts and summaries derived from such material) shall not be revealed to anyone other than those encompassed by paragraph 8 above, unless the party or non-party producing the confidential material assents in writing to the disclosure or unless the Court otherwise directs.

10. Each independent expert who is to be given access to the confidential information of an opposing or non-party shall be identified in writing to opposing counsel at least ten (10) business days before being given such access.  Such written identification shall include a current curriculum vitae and a detailed description of all former and current employment and consulting

relationships.  Prior to being given access to such confidential information, such expert shall be provided with a copy of this Stipulated Protective Order, shall agree in writing (per Exhibit A attached hereto) to be bound by the terms and conditions of this Stipulated Protective Order, and shall agree to subject himself or herself to the jurisdiction of the Court for the purpose of enforcing the terms and conditions of this Order.  Should the producing party object to the disclosure of its confidential information to an identified independent expert within such ten (10) day period, no such confidential information shall be disclosed to the independent expert for a twenty (20) day period beginning on the date when the expert was identified in writing to opposing counsel (and opposing counsel was provided with the detailed descriptions of all former and current employment and consulting relationships for the expert).  If within that twenty (20) day period, the producing party files a motion for an order barring or limiting the independent expert's access to such confidential information, no such confidential information shall be disclosed to the independent expert until the motion has been resolved by the parties or the Court.  The terms of this paragraph shall also apply to any necessary assistant of an independent expert.

      11.    In the event that a party shall desire to provide access to confidential information of an opposing party or non-party to any person or category or persons not included in paragraph 8 above, that party shall provide written notice to the producing party at least ten (10) business days before giving access to such persons.  If the producing party or the non-party objects thereto, the party may move the Court for an order that such person or category of persons may have access to the confidential information provided that such person or persons have agreed in writing before such access is given to be bound by the terms of this Order by signing the form Exhibit A attached hereto, a copy of which shall be filed with the Court.

12. Confidential information previously produced by any party herein in the course of the proceeding before the United States International Trade Commission (ITC) entitled "In re Certain Products and Pharmaceutical Compositions Containing Recombinant Human Erythropoietin," Inv. No. 337-TA-568, instituted on May 9, 2006, is to be considered as having been produced in this proceeding in accordance with this Order without losing its confidential status under "Order No. 2: Protective Order" entered on May 12, 2006 by the ITC in Inv. No. 337-TA-568..

13. This Order shall not preclude counsel for any party or non-party from using in the course of depositions or submitting to the Court for any purpose any document or material designated with the CONFIDENTIAL legend (or comparable notice) by an opposing party or non-party, provided that adequate steps are taken to preserve the confidentiality of such material, and provided further that during the course of any deposition such material may be disclosed only to an employee or agent of the party or non-party providing such material, or a person who is referenced in, or who was or is indicated to be the author, direct recipient or copy recipient of such material, or another person qualified under the terms of this Order.

14. Nothing in this Stipulated Protective Order shall be deemed to place any restrictions on any party or non-party or its attorneys with respect to access, use, or disposition of its own confidential information.

15. Confidential information identified in accordance with paragraphs 1 and 2, above, may be disclosed in testimony at the trial of this action or offered in evidence at the trial of this action, subject to the rules of evidence and subject to such further order as the Court may enter.

16. Cognizant of the public interest in all Court proceedings, each party designating information as confidential under this order shall comply with Local Rule 7.1 (A)(2) in order to minimize any need to show good cause for leave of Court to file papers under seal. If a

designating party does not consent to an opposing party's request to file the designating party's confidential information except under seal, the party seeking to file such information shall serve its papers on the designating party and shall file a notice of service with the Court. The designating party shall thereupon have two (2) Court days in which to seek leave of Court pursuant to Local Rule 7.2 to file such papers under seal. Unless leave of Court is obtained by the designating party to file such papers under seal within three (3) court days, the designating party shall promptly file said papers in the Court's public file.

17. A party shall not be obligated to challenge the propriety of a designation of a document or information as confidential at the time made, and failure to do so shall not preclude subsequent challenge to the designation or constitute any admission of confidentiality. In the event that any party to this litigation objects at any stage of these proceedings to the propriety of a designation of any information as confidential information, the parties shall first try to resolve such disagreement in good faith on an informal basis. If the disagreement cannot be thus resolved, the objecting party may seek appropriate relief from the Court, and the designating party shall have the burden of proving that the information for which confidentiality is claimed is in fact confidential information and thus subject to the restrictions of this Order. Pending such determination by the Court, material designated by a party as CONFIDENTIAL shall be treated as provided in this Order.

18. If a party or non-party inadvertently produces or discloses information that is subject to attorney-client privilege and/or attorney-work product immunity, it may request in writing within ten (10) days of learning of such inadvertent production or disclosure that the information inadvertently produced or disclosed be returned or destroyed. The request must state the nature of the privilege and/or immunity claimed for the inadvertently produced or disclosed information. Upon receipt of such request, the party or non-party in receipt of such information

shall in good faith attempt to retrieve all copies of such information and shall return or destroy the information (and shall to the extent possible destroy any notes relating to the information subject to the request). No party or non-party that received the inadvertently produced or disclosed information under the provisions of this Order may argue that the privilege or immunity has been waived as a result of the inadvertent production or disclosure. If the receiving party or non-party wishes to challenge the propriety of the claim of privilege or immunity, it may do so only after fully complying with the requirements of this paragraph.

19. Upon settlement or final termination of this action, including all appeals, the attorneys for each party, upon request, shall assemble and destroy or return to the designating party or non-party all documents and things containing confidential information produced by that party, and shall destroy all copies thereof made subsequent to production which are in their possession, custody or control.  The persons identified in paragraphs 8(a) and (b), above, shall be entitled to retain all litigation documents including exhibits, transcripts of testimony, court filings, and their own correspondence and memoranda containing confidential information, but such documents shall be used only for the purpose of preserving a file on the action, and shall not, without the written permission of the designating party or an order of the Court or another court of competent jurisdiction, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Order, during the course of this action.

20. The Court retains jurisdiction for purposes of enforcing the terms of this Order at any time.

|  | PLAINTIFF AMGEN INC.<br>By its attorneys, |
|---|---|
| Of Counsel: | D. Dennis Allegretti (BBO#545511)<br>Michael R. Gottfried (BBO#542156) |
| Stuart L. Watt | Patricia R. Rich (BBO# 640578) |
| Wendy A. Whiteford | DUANE MORRIS LLP |
| Monique L. Cordray | 470 Atlantic Avenue, Suite 500 |
| Darrell G. Dotson | Boston, MA 02210 |
| MarySusan Howard | Telephone: (617) 289-9200 |
| Kimberlin L. Morley | Facsimile: (617) 289-9201 |
| AMGEN INC. |  |
| One Amgen Center Drive | Lloyd R. Day, Jr. (*pro hac vice*) |
| Thousand Oaks, CA 91320-1789 | David A. Madrid (*pro hac vice*) |
| Telephone:   (805) 447-5000 | Linda A. Sasaki-Baxley (*pro hac vice*)<br>DAY CASEBEER MADRID & BATCHELDER LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, CA 95014<br>Telephone:   (408) 873-0110<br>Facsimile:   (408) 873-0220 |
|  | William G. Gaede III (*pro hac vice*)<br>McDERMOTT WILL & EMERY<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>Telephone:   (650) 813-5000<br>Facsimile:   (650) 813-5100 |
|  | Kevin M. Flowers (*pro hac vice*)<br>Thomas I. Ross (*pro hac vice*)<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>6300 Sears Tower<br>Chicago IL 60606<br>Telephone:   (312) 474-6300<br>Facsimile:   (312) 474-0448 |

        DEFENDANT _____

        By its attorneys,

        _____

        *FIRST LAST*, Esq.
        *FIRM NAME*
        *STREET*
        *CITY, STATE ZIP*

SO ORDERED on this \_\_\_\_\_ day of _____, 200\_\_.

        _____

        William G. Young
        United States District Judge

702072

EXHIBIT A

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMGEN INC., | ) |
|   | ) |
| Plaintiff, | ) |
|   | ) |
| v. | ) |
|   | ) |
| F. HOFFMANN-LAROCHE LTD., | )   Civil Action No.: 05-12237 WGY |
| ROCHE DIAGNOSTICS GmbH, and | ) |
| HOFFMANN LAROCHE INC., | ) |
|   | ) |
| Defendants. | ) |
|   | ) |

**UNDERTAKING OF:** _____

| STATE OF | } |
| | } ss.: |
| COUNTY OF | } |

1. My address is _____.

2. My present employer is and the address of my present employment is
_____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order in this action.

5. I have carefully read and understand the provisions of the Stipulated Protective Order in this action.

      **6.**     I will comply with all of the provisions of the Stipulated Protective Order in this action.

      **7.**     I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order in this action, and will use only for purposes of this action, any confidential information which is disclosed to me.  I acknowledge that termination of the litigation does not release me from the obligations set out in this paragraph.

      **8.**     I will return all confidential information which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

      **9.**     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.

Name: _____

Address: _____

_____

_____

SUBSCRIBED and SWORN to before me this \_\_\_\_\_ day of _____, 20\_\_.

_____
Notary Public

My Commission Expires:

_____