UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05-12237 WGY |
| v. ) | |
| ) | |
| F. HOFFMANN-LAROCHE ) | |
| LTD., a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company and HOFFMANN LAROCHE ) | |
| INC., a New Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### Declaration of Wendy A. Whiteford

1.  I am an attorney in good standing with the State Bar of California and have applied for admission *pro hac vice* to this Court. I am employed by Amgen, Inc. as Senior Associate General Counsel in the Intellectual Property and Litigation Group of Amgen's Law Department. I joined Amgen in August 1996 and report to Stuart Watt. Mr. Watt, who is also a lawyer, has the position of Vice President Law and Intellectual Property Officer and leads Amgen's Intellectual Property and Litigation Group.

2.  I submit this declaration in support of my access to confidential information produced by Defendants or third parties under the terms of a protective order in this case.

3.  In addition to the courts of California, I am admitted to practice law before the United States District Courts for the Central and Southern Districts of California and the Western District of Wisconsin, the United States Court of Appeals for the Federal Circuit and the Ninth Circuit, United States Supreme Court, and the United States Patent and Trademark Office.

4.   Before joining Amgen, I was an attorney with the law firm of Pretty, Schroeder, Brueggemann & Clark in Los Angeles, California for six years where I was involved in patent and trademark litigations. I graduated from the University of California, Hastings College of Law in 1990 and was admitted to practice to the State Bar of California in 1990. Since that time and up to the present, I have continuously been a member in good standing with the State Bar of California.

5.   In my role as in-house counsel with Amgen, I have direct responsibility for supporting and supervising the work of outside trial counsel retained by Amgen to represent its interests in various intellectual property disputes, including the enforcement of Amgen's patents-in-suit in this litigation. I have been involved in patent litigation concerning the patents-in-suit and related U.S. and foreign patents since I joined Amgen in 1996.

6.   As in-house counsel, my responsibilities include the day-to-day supervision of Amgen's present litigation against the Defendants. I am responsible for evaluating the issues in this case, evaluating and directing the work and strategies of trial counsel, determining which issues merit greater or lesser allocation of resources, and evaluating and authorizing assignment of resources, both human and capital, to the issues of the case. In consultation with my supervisor, Stuart Watt, I am responsible for Amgen's decisions in this case, risk evaluation, costs, and I assist with Amgen's compliance with its public disclosure obligations as it relates to this case. In addition, I supervise other attorneys and in-house paralegals assigned to support and assist Amgen's outside counsel in the evaluation, preparation and presentation of Amgen's claims and defenses in this and other disputes. I also represent and advise Amgen management regarding other patent litigation and intellectual property matters.

7.   My responsibilities at Amgen are legal, not business or commercial, in nature. I do not have responsibility for and do not participate in "competitive decision making," such as pricing, clinical trial design, regulatory proceedings, and the like. Within Amgen, responsibility for the legal support of the business functions engaged in such "competitive decision making"

resides within Amgen's Business Law Group, which is a separate organization reporting to a separate vice president in Amgen's Law Department.

8. In order to perform my professional responsibilities to Amgen, I believe I must have full access to the documents and information produced in this litigation, subject to the terms of the protective order proposed by Amgen's counsel. Such access is needed not only to discuss this action intelligently with Amgen's trial counsel, but also to give input and direction to trial counsel, and to assess accurately whether Amgen's interests in this litigation are adequately and appropriately represented.

9. Based on my experience with the protective order in the ITC proceeding, where Defendants' confidential information was denied to in-house counsel, I do not believe that I would be able to make an informed evaluation of the issues or merits of this dispute, provide proper direction to trial counsel, or advise Amgen with respect to the appropriate conduct of this litigation without the access Amgen has requested for in-house counsel. For example, in being denied access to Defendants' documents that characterized their peg-EPO product and the process by which it is made, including Defendants' Biologics License Application and Investigational New Drug Applications, I could not independently assess the merits of Defendants' assertions, as set forth in their Answer in the ITC proceeding, that they did not infringe Amgen's patents-in-suit. Nor could I assess which claims should be pursued against Defendants.

10. If I am permitted access to confidential information under the terms of a protective order in this case, I agree to be bound by the terms of such an order and will abide by its terms.

11. In my position at Amgen, and in my previous experience as outside counsel, I have received confidential and highly sensitive information of opposing parties subject to the provisions of many protective orders entered in various proceedings in different jurisdictions, including the protective order entered by the court in *Amgen v. Elanex, et al.*, and the protective order entered by this Court in the *Amgen v. HMR/TKT*. I have understood and complied with my

obligations of confidentiality under these protective orders. No one has ever raised a complaint about my compliance with the terms of a protective order.

       12.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: October 23, 2006              /s/ Wendy A. Whiteford
                                             Wendy A. Whiteford

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on October 23, 2006.

                                                 /s/ Michael R. Gottfried
                                                  Michael R. Gottfried