# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| AMGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 05 Civ. 12237 WGY |
| | ) | |
| F. HOFFMANN-LAROCHE LTD., ROCHE | ) | |
| DIAGNOSTICS GmbH, and HOFFMANN | ) | |
| LAROCHE INC., | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**[PROPOSED SINGLE-TIER] PROTECTIVE ORDER**

**WHEREAS**, documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which relate to trade secrets or other confidential research, development or commercial information, the Court finds that good cause exists for the entry of the following protective order in this action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to provide access by the parties to such confidential information, subject to certain protective provisions set forth herein. The parties to this action are Plaintiff AMGEN INC. ("Amgen"), and Defendants F. HOFFMANN-LAROCHE LTD., ROCHE DIAGNOSTICS GmbH, and HOFFMANN-LA ROCHE INC. ("Defendants") (hereinafter, collectively "the Parties").

**IT IS HEREBY ORDERED THAT:**

1.    This Protective Order shall apply to all confidential information, including but not limited to deposition testimony, documents and things subject to discovery and produced by or otherwise obtained from either a party or non-party in discovery in this action ("Discovery

ws667.tmp

Materials"). For purposes of this Protective Order, any party or non-party producing Discovery Materials in this case shall be known as a "Supplier."

2.      Discovery Materials that contain confidential business information may be designated as "Confidential Material." Confidential Material may include information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, communications or apparatus, or to the research and development, production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing harm to the Supplier.

3.      Any Discovery Materials submitted, either voluntarily or pursuant to order, in this action, which are asserted by any Supplier to contain or constitute Confidential Material shall be so designated by such Supplier, as set forth in subparagraphs (a)–(d) below and shall be segregated from other information being submitted.

    a.    Documents designated as Confidential Material shall be clearly and prominently marked on their face with the legend **"CONFIDENTIAL"** or a comparable notice.

    b.    Interrogatory answers or other responses to written discovery and information contained therein shall be designated as Confidential Material by means of a statement at the conclusion of each answer specifying the Confidential Material contained therein or by other means that clearly indicate what portion of the answer or information is considered Confidential Material and by placing the legend referenced in subpart (a) above on the front of any set of interrogatory answers containing such Confidential Material.

    c.    Deposition testimony and transcripts including exhibits attached thereto shall be treated as Confidential Material for a period of five (5) days following the receipt of the transcript by counsel for the deponent. Counsel may designate all or portions of the transcript and exhibits used therein as Confidential at any time during period of the five (5) day period,

after such time undesignated testimony and exhibits shall be deemed Non-Confidential.

d.    In the event that a Supplier produces or discloses Confidential business information without designating it as Confidential Material prior to or contemporaneously with such production or disclosure, and thereafter determines that it inadvertently failed to designate Discovery Material as Confidential, it may do so by giving notice to all receiving parties, who thereafter shall treat the Confidential Material as such pursuant to the provisions of this Order.

4.    When any Confidential Material is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "**[Supplier], CONFIDENTIAL MATERIAL, SUBJECT TO PROTECTIVE ORDER.**" Before a court reporter receives any such Confidential, he or she shall have first read this Order and shall have agreed in writing to be bound by the terms thereof. Alternatively, he or she shall sign the agreement included as Attachment B hereto. Copies of each such signed agreement shall be provided to the Supplier of the Discovery Materials at issue.

5.    Any Discovery Materials designated as Confidential Material are to be treated as such until and unless the parties agree in writing to the contrary or there is a final ruling by the Court pursuant to a challenge to the designation pursuant to Paragraph 6 below.

6.    If a party to this Order disagrees, in full or in part, with a Supplier's designation of Confidential Material, such party may notify the Supplier, who shall state the basis for the designation and confer in good faith as to the designation of the Discovery Material. If the parties are unable to reach agreement on the proper designation of the Discovery Material, either party may move to de-classify Confidential Material pursuant to the terms of this Order.

7.    In the absence of written permission from the Supplier or an order by the Court, any Confidential Material **shall not be disclosed to any person** other than:

a.     outside counsel of record for parties to this action, including necessary paralegal, litigation support (including outside document management and courtroom graphics consultants), secretarial and clerical personnel assisting such counsel;

b.     qualified persons translating, recording or transcribing testimony involving Confidential Material and necessary stenographic and clerical personnel thereof;

c.     experts, consultants, and their staff who are employed by outside counsel under ¶ 7 (a) for the purposes of this litigation (provided they are not employed by a party to this proceeding or by a licensee of a party to this proceeding); and

d.     the Court and the Court's staff, in accordance with the Court's rules, procedures and orders for handling confidential information.

e.     the following four (4) Amgen in-house counsel who have each made an appearance in this action (and their paralegal, litigation support, secretarial and clerical personnel):

1. XXX

2. XXX

3. XXX

4. XXX

f.     the following four (4) Defendants in-house counsel who have each made an appearance in this action (and their paralegal, litigation support, secretarial and clerical personnel):

5. XXX

6. XXX

7. XXX

8. XXX

8.     Confidential Material shall not be made available to any individual identified in paragraphs 7 (a) and (c) unless he or she has first read and agreed in writing (as set forth in Attachment A) to be bound to terms of this Order.

9.      Each outside counsel seeking access to confidential business information shall agree in writing (per Attachment A) to be bound by the terms of the Protective Order. Outside counsel's clerical and support personnel (other individuals identified in Paragraph 7 (e) and (f) except any outside litigation support) need not sign. Each in-house counsel who wishes to have access to Confidential Materials shall review and agree in writing (per Attachment AA) to be bound by the Protective Order. All agreements to be bound by the terms of this Protective Order shall be served on all non-parties who have theretofore produced Confidential Material.

10.     Not less than ten (10) business days before the initial disclosure of any Confidential Material or Confidential Material to a proposed expert or consultant in accordance with paragraph 7 (c) above, the party proposing to disclose designated information to said expert or consultant shall notify the Supplier in writing of the name of the expert or consultant and provide a copy of the agreement of the expert or consultant to abide by this Order and a current curriculum vitae of the expert or consultant. If, within 10 days of such notice, the Supplier objects to the disclosure of such Confidential Material to the proposed expert or consultant, it shall notify the other party in writing of its objection and the grounds therefor. The parties will meet and confer in good faith to resolve the dispute within 3 days of notification by the Supplier. If the parties are unable to reach agreement, the party proposing to disclose designated information to the expert or consultant may seek a ruling from the Court permitting such disclosure.

11.     Roche shall produce one complete hard copy and ten (10) fully searchable electronic copies of its Biological License Application ("BLA") and Investigational New Drug Applications ("INDs") for CERA, to be maintained in accordance herewith on non-networked computers.

12.      Any party seeking to file an opposing party's Confidential Material with the Court shall meet and confer with the opposing party pursuant to L.R. 7.2 in an effort to reach agreement on the appropriate method and manner for filing such papers with the Court. Failing such agreement, the moving party shall serve its papers on the Supplier and shall file a notice of service with the Court. The Supplier shall then have two (2) Court days in which to either consent to the request to file said information in the public file or to seek leave of Court pursuant to Local Rule 7.2 to file such papers under seal. Unless leave of Court is obtained by the Supplier to file such Confidential Material under seal within three (3) Court days, the opposing party may file said papers in the public file of the Court.

13.      If Confidential Material is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Supplier and, without prejudice to other rights and remedies of the Supplier, make every effort to prevent further disclosure by it and by the person who was the recipient of such information.

14.      This Protective Order does not affect the right of any party or non-party to refuse to disclose information properly subject to the attorney-client privilege or the attorney work product doctrine. To that end, each party or non-party may produce its documents in redacted form, redacting only information which is irrelevant or is subject to a claim of attorney-client privilege or work-product immunity. The party or non-party so producing a document in redacted form shall make the notation "REDACTED" (or comparable notice) on each redacted portion of the document. In addition, each "REDACTED" (or comparable) notation must include a separate notation identifying the basis for that redaction (*i.e.,* privilege or relevance). Receiving counsel shall not have the right to custody of the original un-redacted documents or a

copy thereof. In the event of disagreement, receiving counsel shall identify those redacted areas of the documents which should not be redacted and shall state why such areas should not be redacted. In the event the producing party or non-party continues to refuse to produce the document(s) in unredacted form, counsel of the receiving party may seek a determination by the Court that such documents or portions thereof should be produced in unredacted form.

15.     If a party or non-party inadvertently produces or discloses information that is subject to attorney-client privilege and/or attorney-work product immunity, or other applicable privilege, it may request in writing within ten business (10) days of learning of such inadvertent production or disclosure that the information inadvertently produced or disclosed be returned or destroyed. Such inadvertent production shall not constitute or be construed as a waiver of any applicable privilege either to the information or subject matter of the disclosure. The request must state the nature of the privilege and/or immunity claimed for the inadvertently produced or disclosed information. Upon receipt of such request, the party or non-party in receipt of such information shall in good faith attempt to retrieve all copies of such information and shall return or destroy the information (and shall to the extent possible destroy any notes relating to the information subject to the request). No party or non-party that received the inadvertently produced or disclosed information under the provisions of this Order may argue that the privilege or immunity has been waived as a result of the inadvertent production or disclosure, nor may that party use any information contained in or obtained from such inadvertent production in this action or for any purpose. If the receiving party or non-party wishes to challenge the propriety of the claim of privilege or immunity, it may do so only after first fully complying with the requirements of this paragraph.

16.    Nothing in this Order shall be deemed to place any restrictions on any party, non-party or its attorneys with respect to access and use and disposition of a party's own confidential business information, nor abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Discovery Material designated as Confidential Material.  In addition, nothing in this Order shall place a restriction on either party or its attorneys with respect to sharing a Supplier's Confidential Material with a Supplier's employees or any author or recipient of such documents.

17.    Upon final termination of this action, including any appeal thereof, each party that is subject to this Order shall destroy or return to the Supplier within thirty (30) days all Confidential Material designated in accordance with paragraph 3 above, including all copies of such materials or information which may have been made.  Copies of all pleadings or other papers filed under seal containing or disclosing Confidential Material shall be destroyed; provided however, that outside counsel of record for each of the parties may retain one (1) paper and one (1) electronic copy of such pleadings or other papers solely for the purpose of preserving a file in this matter.  If destroyed rather than returned, the party destroying shall so verify in writing.  Receipt of material returned to the Supplier shall be acknowledged in writing.

18.    Within thirty (30) days of the final termination of the action, including any appeal thereof, copies of Confidential Material that is in the hands of experts or consultants under ¶ 7 (c) must be retrieved or destroyed.

19.    The Court retains jurisdiction for purposes of enforcing the terms of this Order at any time.

20.    The parties may move to amend this Order for good cause shown at any time.

PLAINTIFF AMGEN INC.
By its attorneys,

Of Counsel:
Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
MarySusan Howard
Kimberlin L. Morley
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
Telephone: (805) 447-5000

_____
D. Dennis Allegretti (BBO#545511)
Michael R. Gottfried (BBO#542156)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (617) 289-9200
Facsimile: (617) 289-9201

Lloyd R. Day, Jr. (*pro hac vice*)
David A. Madrid (*pro hac vice*)
Linda A. Sasaki-Baxley (*pro hac vice*)
Deborah E. Fishman (*pro hac vice*)
DAY CASEBEER MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

William G. Gaede III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Kevin M. Flowers (*pro hac vice*)
Thomas I. Ross (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

DEFENDANT, by its attorneys,

_____

_FIRST LAST_, Esq.
_FIRM NAME_
_STREET_
_CITY, STATE ZIP_


SO ORDERED on this _____ day of _____, 200_.

SO ORDERED:

_____

The Honorable William G. Young
United States District Court
District of Massachusetts

ATTACHMENT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 05 Civ. 12237 WGY |
| | ) |
| F. HOFFMANN-LAROCHE LTD., ROCHE | ) |
| DIAGNOSTICS GmbH, and HOFFMANN | ) |
| LAROCHE INC., | ) |
| Defendants. | ) |
| | ) |
| | ) |

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

The undersigned represents that he or she is affiliated with [Plaintiff Amgen, Inc.]

[Defendants F. Hoffman-LaRoche Ltd, Roche Diagnostics GmbH, and Hoffman LaRoche Inc.],

in the above captioned matter.  The undersigned is involved in this litigation as

_____[*e.g.*, outside counsel, expert or consultant retained by outside counsel].  If

an attorney, the undersigned is admitted in _____[all jurisdictions].

The undersigned has read the Protective Order issued on _____ by the Honorable

William G. Young in this matter, and in accordance with that Order, hereby agrees:

    (1)        To be bound by the terms of the Protective Order;

    (2)        Not to reveal Confidential Material under this Protective Order to anyone

                other than another person designated in paragraph 7 of the Protective

                Order;

(3)    To use such Confidential Material solely for purposes of this litigation, unless permission is received from the Supplier, or the Court, to use it for other purposes; and

(4)    If the undersigned is an expert or consultant retained by outside counsel, to provide a listing of any current consulting agreements.

Respectfully submitted,

Dated:

_____
Name
Employer
Address

ATTACHMENT AA

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 05 Civ. 12237 WGY |
| | ) | |
| F. HOFFMANN-LAROCHE LTD., ROCHE | ) | |
| DIAGNOSTICS GmbH, and HOFFMANN | ) | |
| LAROCHE INC., | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## IN-HOUSE COUNSEL AGREEMENT TO ABIDE BY PROTECTIVE ORDER

The undersigned represents that he or she is affiliated with [Plaintiff Amgen, Inc.] [Defendants F. Hoffman-LaRoche Ltd, Roche Diagnostics GmbH, and Hoffman LaRoche Inc.], in the above captioned matter. The undersigned is involved in this litigation as an attorney and is admitted to practice in _____[all jurisdictions]. The undersigned has read the Protective Order issued on _____ by the Honorable William G. Young in this matter, and in accordance with that Order, hereby agrees:

(1)    To be bound by the terms of the Protective Order;

(2)    Not to reveal Confidential Material under this Protective Order to anyone other than another person designated in paragraph 7 of the Protective Order;

(3)    To use such Confidential Material solely for purposes of this litigation, unless permission is received from the Supplier, or the Court, to use it for other purposes; and

(4)   Not to participate in or supervise patent prosecution or engage in any

competitive decision-making with respect to any ESP (any erythropoiesis-

stimulating protein, including EPO, peg-EPO, and EPO analog) for one

year after the conclusion of the lawsuit.

         Respectfully submitted,

Dated:

         _____

         Name
         Employer
         Address

ATTACHMENT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 05 Civ. 12237 WGY |
| | ) | |
| F. HOFFMANN-LAROCHE LTD., ROCHE | ) | |
| DIAGNOSTICS GmbH, and HOFFMANN | ) | |
| LAROCHE INC., | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

NONDISCLOSURE AGREEMENT FOR REPORTER/STENOGRAPHER/TRANSLATOR

I, _____, do solemnly swear that I will not divulge any information communicated to me in any confidential portion of the action or hearing in the above action except as permitted in the Protective Order issued in this case. I will not directly or indirectly use, or allow the use of such information for any purpose other than that directly associated with my official duties in this case.

Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature of content of any information communicated during any confidential portion of the action or hearing in this case.

I also affirm that I do not hold any position or official relationship with any of the participants in said action.

Signed_____
Dated_____
Firm or affiliation
_____
_____