# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC.,<br><br>  Plaintiff,<br><br>v.<br><br>F. HOFFMANN-LA ROCHE LTD., a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company and HOFFMANN LA ROCHE INC., a New Jersey Corporation,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.: 05-12237 WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF AMGEN INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OR CLARIFICATION OF THE NOVEMBER 6, 2006 ORDER

Amgen Inc. v. F. Hoffmann-LaRoche LTD et al  Doc. 159

*[Handwritten annotation:]* November 30, 2006, The motion for reconsideration is denied. In clarification, the court makes the remarks noted below:

490165_2

## TABLE OF CONTENTS

PAGE NO.

I. INTRODUCTION ................................................................................................. 1

II. THE COURT SHOULD RECONSIDER ITS ORDER ENDORSING A
TWO-TIER PROTECTIVE ORDER. ................................................................... 3

    A.    A Two-Tier Protective Order Will Be Abused By Roche. .............................. 4

    B.    A Single-Tier Protective Order Adequately Protects Roche's
Commercial Interests. ....................................................................................... 6

    C.    Amgen's In-House Counsel Should Have Access to Confidential
Materials For This Litigation And Have Undertaken The Steps
Necessary To Protect Roche's Confidential Information. ................................. 7

III. IN THE ALTERNATIVE, AND IN ADDITION, AMGEN MOVES
FOR CLARIFICATION OF THE COURT'S NOVEMBER 6, 2006
ORDER. ................................................................................................................ 11

    A.    If A Two-Tier Protective Order Is Adopted In This Case, It
Should Include Amgen's Proposed Definitions For Those Tiers. .................. 11

    B.    Amgen Seeks the Court's Clarification on In-House Counsel's
Access to the BLA and INDs. ......................................................................... 13

    C.    Roche's Proposal Also Places Unreasonable Restrictions on the
Access to and Use of its BLA and INDs. ....................................................... 14

        1.    The Parties' Treatment of the BLA and INDs in the ITC
Proceeding Places Unreasonable Restrictions on the
Access and Use of Such Documents Without Justification. ............... 15

        2.    Roche Has Not Fulfilled its Obligation to Produce Fully
Searchable or Complete Copies of its BLA and INDs. ....................... 16

    D.    Roche's Proposal Regarding the Filing of Confidential
Information Is Unworkable. ............................................................................ 18

    E.    Roche's Proposal Places Unwarranted Restrictions on the
Definition of Experts and Consultants and is Unnecessary in
Light of Other Provisions in the Protective Order. ......................................... 18

IV. CONCLUSION ................................................................................................... 20

490165_2

*Handwritten annotations by Judge William G. Young:*

- (A) "so ordered"
- (B) "Amgen in house counsel may have access to BLA and INDs"
- (1) "denied — this is a discovery issue, not appropriate for clarification"
- (D) "be no documents shall be filed in Court under seal absent allowance in a particular case which would be allowed only if the filing would reveal trade secret. This litigation is public."
- "this dispute is not amenable to resolution on a motion for clarification."
- Signed: *William G. Young, District Judge*