Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

**I.     ROCHE SHOULD PRODUCE DOCUMENTS AND THINGS REGARDING THE STRUCTURE AND ACTIVITY OF THE EPO CONTAINED IN ITS ACCUSED PRODUCT.**

**Amgen's Request for Production No. 45:**
Documents and things sufficient to show the respective role and responsibility of each ROCHE team, group and/or third party involved in proposing, reviewing or executing any preparation for or launch of ROCHE's commercial sale of MIRCERA in the United States, including the manufacture, importation, advertising, promotion, marketing, training, pricing, sale, offer to sell, distribution or reimbursement of MIRCERA.

**Roche's Response to Amgen's Request for Production No. 45:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation, distribution and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, pricing, marketing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 46:**
All documents and things generated by or for ROCHE management or any ROCHE organization, group or team since January 1, 2003 that reference or relate to preparations for or the commercial launch, supply, commercialization, promotion, clinical development, current or future pricing, sale or reimbursement of MIRCERA in the United States, including all goals, budgets, forecasts, milestones, minutes, agendas, presentations, tasks lists, schedules and plans of action.

**Roche's Responses to Amgen's Request No. 46:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche

Dockets.Justia.com

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to supply and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, pricing, marketing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 47:**
All documents and things related to any communication with current or prospective employees of ROCHE, members of any ROCHE advisory board, current or prospective customers of ROCHE, or any reimbursement authority or agency regarding the date(s) by which ROCHE expects or plans to obtain FDA approval to sell MIRCERA in the United States.

**Roche's Response to Amgen's Request for Production No. 47:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) and imminence of FDA approval and commercial launch that were the subject of ITC Investigation No. 337-TA-568. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 48:**
All documents and things related to any communication with current or prospective employees of ROCHE, members of any ROCHE advisory board, current or prospective customers of ROCHE, or any reimbursement authority or agency regarding the date(s) by which ROCHE expects or plans to commence the sale of MIRCERA in the United States.

**Roche's Response to Amgen's Request for Production No. 48:**
Roche incorporates herein by reference its Response to Request No. 47 above.

**Amgen's Request for Production No. 49:**
All documents and things relating to any forecast, plan, study or estimate the date(s), package type(s) and amounts of MIRCERA to be imported into the United States for commercial sale at any time during 2006, 2007, 2008 and 2009.

**Roche's Response to Amgen's Request for Production No. 49:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 50:**
All documents and things relating to any forecast, plan or study of the time required to commence distribution or sale of MIRCERA in the United States following FDA approval.

**Roche's Response to Amgen's Request for Production No. 50:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) and imminence of FDA approval and commercial launch that were the subject of ITC Investigation No. 337-TA-568. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 51:**
All documents and things that comprise or relate to ROCHE's marketing plan for MIRCERA in the United States.

**Roche's Response to Amgen's Request for Production No. 51:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to marketing, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 52:**
All documents and things that comprise or relate to the 2006, 2007 and 2008 marketing budget and plan in the United States, including all goals, budgets, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**Roche's Response to Amgen's Request for Production No. 52:**
Roche incorporates herein by reference its Response to Request No. 51 above.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

**Amgen's Request for Production No. 53:**

All documents and things generated by or for ROCHE management, marketing or sales since January 1, 2005 that reference or relate to preparations for or the commercial launch, supply, commercialization, clinical development, promotion, pricing, sale or reimbursement of MIRCERA in the United States, including all goals, budgets, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**Roche's Response to Amgen's Request for Production No. 53:**

Roche objects that this Request is duplicative of Request No. 46. Roche incorporates herein by reference its Response to Request No. 46 above.

**Amgen's Request for Production No. 54:**

All documents and things generated by or for ROCHE management, marketing or sales since January 1, 2005 that reference or relate to current or future use of MIRCERA in the United States, including all goals, budgets, studies, clinical trials, protocols, forecasts, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**Roche's Response to Amgen's Request for Production No. 54:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche also objects to this Request as duplicative and cumulative over other Requests herein.  In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to marketing and sales, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 55:**

All documents and things generated by or for ROCHE management, marketing or sales since January 1, 2005 that reference or relate to the current or future cost or reimbursement of MIRCERA use in the United States, including all goals, budgets, studies, clinical trials, protocols, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**Roche's Response to Amgen's Request for Production No. 55:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to cost and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 56:**
All documents and things generated by or for ROCHE management, marketing or sales regarding projected customers, sales, dosing, pricing, reimbursement, or use of MIRCERA in the United States at any time during 2006, 2007, 2008 and/or 2009, including all reports, analyses, presentations, spreadsheets, minutes, agendas, task lists, and plans of action of each team or group involved therein.

**Roche's Response to Amgen's Request for Production No. 56:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche also objects to this Request as duplicative and cumulative over other Requests herein.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to projected customers, marketing, pricing, reimbursement and sales, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 57:**
All documents and things relating to any analysis or evaluation of customers who may purchase or use MIRCERA in the United States at any time during 2006, 2007 and/or 2008.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

**Roche's Response to Amgen's Request for Production No. 57:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.  In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to projected customers, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 58:**
All documents and things related to any form of DDD report ordered or obtained by ROCHE regarding MIRCERA or any other ESP (including EPOGEN ®, ARANESP® and PROCRIT®).

**Roche's Response to Amgen's Request for Production No. 58:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as vague and ambiguous with respect to the undefined term "DDD report."

**Amgen's Request for Production No. 59:**
All documents and things related to DDD reports ordered or purchased by ROCHE regarding the nephrology or chronic renal failure markets.

**Roche's Response to Amgen's Request for Production No. 59:**
Roche incorporates herein by reference its Response to Request No. 58 above.

**Amgen's Request for Production No. 60:**
All documents and things that comprise any analysis, agreement, plan or draft of contract terms for sale, reimbursement or use of MIRCERA in the United States during 2006, 2007 and/or 2008 or any portion thereof, including each pro forma or draft contract for purchase or sale of MIRCERA by any category of prospective customer.

**Roche's Response to Amgen's Request for Production No. 60:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.  In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to projected customers, sales, reimbursement or marketing, that bear no relevance to any claim or defense in

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 61:**
All documents and things relating to any analysis or evaluation of pricing of MIRCERA for sale or use in the United States, including any analysis or evaluation of discounts, rebates or other incentives for purchase or use of MIRCERA with patients.

**Roche's Response to Amgen's Request for Production No. 61:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.  In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to projected customers, sales and pricing, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 62:**
All documents and things that comprise any forecast or projection of MIRCERA pricing in the United States during 2006, 2007 and/or 2008, including all documents forecasting pricing by any use, customer, or customer segment.

**Roche's Response to Amgen's Request for Production No. 62:**
Roche incorporates herein by reference its Response to Request No. 61 above.

**Amgen's Request for Production No. 63:**
All documents and things relating to any analysis or evaluation of the dosing of MIRCERA for use in the United States, including any analysis or evaluation of the dose per patient, availability of overfill, use of overfill, and/or price per dose.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

**Roche's Response to Amgen's Request for Production No. 63:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request to the extent the use or availability of "overfill" lacks relevance to any claim or defense in this action.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to pricing, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 64:**
All documents and things that comprise any forecast or projection of MIRCERA dosing in the United States during 2006, 2007 and/or 2008, including all documents forecasting dosing by any use, customer, customer segment or patient category.

**Roche's Response to Amgen's Request for Production No. 64:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.  In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to projected customers, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 65:**
All documents and things relating to any analysis or evaluation of the intravenous and/or subcutaneous dose(s) and dosing regimen of MIRCERA that are equivalent or comparable to the doses and dosing regimen of any other ESP (including EPOGEN ®, ARANESP® and

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

PROCRIT® for use in treatment of any patient category, including any analysis or evaluation of the dose conversion ratio between MIRCERA and EPOGEN ®, ARANESP® and PROCRIT®.

**Roche's Response to Amgen's Request for Production No. 65:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "dosing regimen" to the extent it is vague, ambiguous and undefined.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 66:**
All documents and things relating to any communication, presentation or meeting between ROCHE and any third party (including FDA, the Centers for Medicare & Medicaid Services (CMS), the Government Accounting Office ("GAO"), any purchaser or provider of ESP products) regarding any analysis or comparison of the intravenous and/or subcutaneous dose(s) and dosing regimen of MIRCERA and the dose(s) and dosing regimen of any other ESP (including EPOGEN®, ARANESP® and PROCRIT® for use in treatment of any patient category, including any analysis or evaluation of the dose conversion ratio between MIRCERA and EPOGEN®, ARANESP® and PROCRIT®.

**Roche's Response to Amgen's Request for Production No. 66:**
In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to reimbursement and pricing, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request. Roche incorporates herein by reference its Response to Request No. 65 above.

**Amgen's Request for Production No. 69:**
All documents and things relating to any current or projected effect of MIRCERA pricing on any large dialysis organization, small dialysis organization, hospital, nephrology clinic, physician, the Veterans Administration, pharmacies, wholesalers or retailers, including any effect on such entities' purchasing, consumption, use, reimbursement or profitability.

**Roche's Responses to Amgen's Request for Production No. 69:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.  In light of Amgen's current position that it does not seek relief in the form of damages, this Request

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

is of unreasonable scope and seeks documents and things, relating particularly to pricing, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 70:**
All documents and things relating to any current or projected effect of ROCHE's pricing of MIRCERA on the average wholesale price, the wholesale acquisition cost or the average selling price of any other ESP (including EPOGEN ®, ARANESP® and PROCRIT®).

**Roche's Response to Amgen's Request for Production No. 70:**
Roche objects to this Request's use of the terms "wholesale price," "wholesale acquisition cost' 'and "average selling price" to the extent they are vague, ambiguous and undefined. Roche incorporates herein by reference its Response to Request No. 69 above.

**Amgen's Request for Production No. 71:**
All documents and things relating to any current or projected effect of ROCHE's pricing of MIRCERA on the pricing, sales or use of any ESP for treatment of oncology patients.

**Roche's Response to Amgen's Request for Production No. 71:**
Roche incorporates herein by reference its Response to Request No. 69 above.

**Amgen's Request for Production No. 72:**
All documents and things that comprise or relate to any budget or plan of ROCHE medical affairs relating to MIRCERA in the United States, including all goals, budgets, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**Roche's Response to Amgen's Request for Production No. 72:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, such as sales and costs, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 73:**
All documents and things generated by or for ROCHE medical affairs since January 1, 2005 that reference or relate to preparations for or the commercial launch, supply, commercialization, clinical development, promotion, pricing, sale or reimbursement of MIRCERA in the United States, including all goals, budgets, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**Roche's Response to Amgen's Request for Production No. 73:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request to the extent it seeks documents and things relating to ongoing clinical trials post-dating Roche's filing of its BLA No. STN 125164/0. In order to avoid unnecessarily delaying or disrupting these trials, Roche will provide relevant documents relating to these trials only upon their completion, if any.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, such as sales, costs, pricing, marketing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 74:**
All documents and things generated by or for ROCHE medical affairs since January 1, 2005 that reference or relate to current or future use of MIRCERA in the United States, including all goals, budgets, studies, clinical trials, protocols, forecasts, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**Roche's Response to Amgen's Request for Production No. 74:**
Roche incorporates herein by reference its Response to Request No. 73 above.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

**Amgen's Request for Production No. 75:**
All documents and things generated by or for ROCHE medical affairs since January 1, 2005 that reference or relate to the current or future cost or reimbursement of MIRCERA use in the United States, including all goals, budgets, studies, clinical trials, protocols, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**Roche's Response to Amgen's Request for Production No. 75:**
Roche incorporates herein by reference its Response to Request No. 73 above.

**Amgen's Request for Production No. 76:**
All documents and things that comprise or relate to any budget or plan of ROCHE governmental affairs relating to MIRCERA in the United States, including all goals, budgets, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**Roche's Response to Amgen's Request for Production No.76:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, such as sales and costs, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 77:**
All documents and things generated by or for ROCHE governmental affairs since January 1, 2005 that reference or relate to preparations for or the commercial launch, supply, commercialization, clinical development, promotion, pricing, sale or reimbursement of MIRCERA in the United States, including all goals, budgets, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**Roche's Response to Amgen's Request for Production No.77:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request to the extent it seeks documents and things relating to ongoing clinical

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

### APPENDIX A

trials post-dating Roche's filing of its BLA No. STN 125164/0. In order to avoid unnecessarily delaying or disrupting these trials, Roche will provide relevant documents relating to these trials only upon their completion, if any.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, such as sales, costs, pricing, marketing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 78:**
All documents and things generated by or for ROCHE governmental affairs since January 1, 2005 that reference or relate to current or future use of MIRCERA in the United States, including all goals, budgets, studies, clinical trials, protocols, forecasts, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**Roche's Response to Amgen's Request for Production No. 78:**
Roche incorporates herein by reference its Response to Request No. 77 above.

**Amgen's Request for Production No. 79:**
All documents and things generated by or for ROCHE governmental affairs since January 1, 2005 that reference or relate to the current or future cost or reimbursement of MIRCERA use in the United States, including all goals, budgets, studies, clinical trials, protocols, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**Roche's Response to Amgen's Request for Production No. 79:**
Roche incorporates herein by reference its Response to Request No. 77 above.

**Amgen's Request for Production No. 80:**
All documents and things relating to any analysis or evaluation of any reimbursement rate, plan or policy for future MIRCERA use in the United States, including average selling price, discounts, rebates or other incentives for purchase or use of MIRCERA with patients.

**Roche's Response to Amgen's Request for Production No. 80:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

objects to this Request's use of the term "average selling price" to the extent it is vague, ambiguous and undefined.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, particularly relating to pricing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 81:**
All documents that comprise or relate to any plan, forecast or projection of Medicare, Medicaid and/or private reimbursement rates or policies for MIRCERA use in the United States at any time during 2006, 2007, 2008 and/or 2009.

**Roche's Response to Amgen's Request for Production No. 81:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, particularly relating to pricing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 82:**
All documents and things relating to any analysis, evaluation or presentation regarding the pharmaco-economics of MIRCERA use in anemic renal dialysis patients and/or anemic renal patients not on dialysis.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

**Roche's Response to Amgen's Request for Production No. 82:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request because the term "pharmaco-economics" is vague, ambiguous and undefined.

**Amgen's Request for Production No. 83:**

All documents and things relating to any comparison of the pharmaco-economics of MIRCERA use in anemic patients with the pharmaco-economics of the use of any other ESP in anemic patients, including EPOGEN®, ARANESP® and PROCRIT®.

**Roche's Response to Amgen's Request for Production No. 83:**

Roche incorporates herein by reference its Response to Request No. 82 above.

**Amgen's Request for Production No. 85:**

All documents and things relating to any communication, meeting, presentation or proposal between ROCHE and any representative of any public or private reimbursement authority or agency in the United States (including the CMS, GAO, any state Medicaid authority or any private reimbursement or health maintenance organization) relating to the current or future sale, use, efficacy, safety, cost-effectiveness, reimbursement or pricing of any ESP, including MIRCERA.

**Roche's Response to Amgen's Request for Production No. 85:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as overly broad and seeking information not relevant to any claim or defense in this action to the extent it refers to "any ESP" other than MIRCERA.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, particularly relating to future sale, cost-effectiveness, reimbursement and pricing, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

# APPENDIX A

**Amgen's Request for Production No. 88:**
All documents and things relating to any current or projected effect of the sale of MIRCERA in the United States on government reimbursement of ESP use in the United States, including the effect on reimbursement of EPOGEN ®, ARANESP® and PROCRIT®.

**Roche's Response to Amgen's Request for Production No. 88:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 89:**
All documents and things that comprise or relate to ROCHE's 2006, 2007 and 2008 sales budget and plan for MIRCERA in the United States, including all goals, budgets, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**Roche's Response to Amgen's Request for Production No. 89:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales budgets, forecasts and milestones, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

# APPENDIX A

## Amgen's Request for Production No. 90:

All documents and things that comprise or relate to any forecast or projection of MIRCERA sales in the United States during 2006, 2007 and/or 2008 or any portion thereof, including all documents forecasting sales by territory, patient use or customer segment.

## Roche's Response to Amgen's Request for Production No. 90:

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales forecasts and projections, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

## Amgen's Request for Production No. 91:

All documents and things relating to any solicitation, recruitment or hiring of sales personnel, medical liaisons or reimbursement specialists whose duties include promotion or support of MIRCERA, including any budget, plan, or forecast of hiring positions and levels.

## Roche's Response to Amgen's Request for Production No. 91:

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales and reimbursement, that bear no relevance to any claim or defense in this action. Moreover, Roche objects to this Request as any solicitation, recruitment and hiring of sales personnel, medical liaisons and reimbursement specialists bears no relevance to any claim or defense in this action.

## Amgen's Request for Production No. 92:

All documents and things relating to any training or instruction of sales personnel, medical liaisons or reimbursement specialists regarding the forecasting, budget, marketing, promotion, contracting, use, pricing, dosing, and/or reimbursement of MIRCERA, including all such instructional materials provided to or used with such individuals.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

**<u>Response to Amgen's Request for Production No. 92:</u>**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, forecasting, budgeting, marketing, pricing and reimbursement, that bear no relevance to any claim or defense in this action. Moreover, Roche objects to this Request as any training and instruction of sales personnel, medical liaisons and reimbursement specialists bears no relevance to any claim or defense in this action.

**<u>Amgen's Request for Production No. 93:</u>**
All manuals, sales forms, sales contact forms, forecasts, quotas, and tracking documents used by ROCHE to train its personnel to market, sell and/or obtain reimbursement of MIRCERA in the United States.

**<u>Roche's Response to Amgen's Request for Production No. 93:</u>**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, forecasts and quotas, that bear no relevance to any claim or defense in this action. Moreover, Roche objects to this Request as any training and instruction of sales, marketing and reimbursement personnel bears no relevance to any claim or defense in this action.

**<u>Amgen's Request for Production No. 94:</u>**
All documents and things relating to any training or instruction of physicians, nurses, patients, clinic administrators, reimbursement authorities or other customers regarding the promotion, contracting, training, use, pricing, dosing, and/or reimbursement of MIRCERA use, including all such instructional materials provided to or used with such individuals.

**<u>Roche's Response to Amgen's Request for Production No. 94:</u>**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to pricing, promotion and reimbursement, that bear no relevance to any claim or defense in this action. Moreover, Roche objects to this Request as any training and instruction of physicians, nurses, patients, clinic administrators, reimbursement authorities and other customers bears no relevance to any claim or defense in this action.

**<u>Amgen's Request for Production No. 95:</u>**
All documents and things relating to any communication, meeting, presentation or solicitation between ROCHE and any purchaser or consumer of ESP products (including any dialysis care

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

organizations, hospitals, nephrology clinics, nephrologists, dialysis nurses, group purchasing organizations, the Veterans Administration, the Department of Defense and other governmental organizations) relating to the current or future purchase, pricing, use or reimbursement of peg-EPO or MIRCERA in the United States.

**Roche's Response to Amgen's Request for Production No. 95:**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing, duplicative, cumulative and not reasonably calculated to lead to the discovery of admissible evidence. Roche also objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to pricing and reimbursement, that bear no relevance to any claim or defense in this action.

**Amgen's Request for Production No. 96:**
All documents and things relating to any monthly or other report or summary of activities relating to MIRCERA during any period since October 1, 2005 of any ROCHE sales director, sales manager, sales representative, medical liaison, or member of any marketing, sales, brand, medical affairs or governmental affairs team or group.

**Roche's Response to Amgen's Request for Production No. 96:**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales and marketing, that bear no relevance to any claim or defense in this action.

**Amgen's Request for Production No. 97:**
Documents and things sufficient to show the most current quota or forecast of MIRCERA sales by month, quarter and year for each sales territory and region in the United States and its possessions during 2006, 2007 and 2008.

**Roche's Response to Amgen's Request for Production No. 97:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales quotas and forecasts, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 98:**
Documents and things sufficient to show the most current quota or forecast of MIRCERA sales by month, quarter and year for each customer in the United States and its possessions during 2006, 2007 and 2008.

**Roche's Response to Amgen's Request for Production No. 98:**
Roche incorporates herein by reference its Response to Request No. 97 above.

**Amgen's Request for Production No. 99:**
Documents and things sufficient to show the policy and method by which sales of MIRCERA in the United States will affect the compensation of members of ROCHE's sales force, medical liaison, and medical affairs personnel.

**Roche's Response to Amgen's Request for Production No. 99:**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, that bear no relevance to any claim or defense in this action. Moreover, Roche objects to this Request as the compensation of members of ROCHE's sales force, medical liaison and medical affairs personnel bears no relevance to any claim or defense in this action.

**Amgen's Request for Production No. 100:**
All documents and things relating to any customer or potential customer for peg-EPO, including large dialysis organizations, small dialysis organizations, group purchasing organizations, hospital-based dialysis centers, government pharmacies, individual clinics, and/or individual physicians, but excluding patient specific information, relating to the importation, use, offer for sale, sale or reimbursement of peg-EPO in the United States.

**Roche's Response to  Amgen's Request for Production No. 100:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements. Moreover, Roche objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation and related areas. To the extent any of these

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

areas are relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 101:**
All documents and things relating to any communication between ROCHE and any customer or potential customer for peg-EPO, including large dialysis organizations, small dialysis organizations, group purchasing organizations, hospital-based dialysis centers, government pharmacies, individual clinics, and/or individual physicians, but excluding patient specific information, relating to the importation, use, offer to sell, sale or reimbursement of peg-EPO in the United States.

**Roche's Response to Amgen's Request for Production No. 101:**
Roche incorporates herein by reference its Response to Request No. 100 above.

**Amgen's Request for Production No. 102:**
All documents and thing relating to any negotiation between ROCHE and any customer or potential customer for peg-EPO, including large dialysis organizations, small dialysis organizations, group purchasing organizations, hospital-based dialysis centers, government pharmacies, individual clinics, and/or individual physicians relating to the importation, use, offer to sell, sale or reimbursement of peg-EPO in the United States.

**Roche's Response to Amgen's Request for Production No. 102:**
Roche objects to this Request's use of the term "negotiation" as vague and ambiguous. Roche incorporates herein by reference its Response to Request No. 100 above.

**Amgen's Request for Production No. 103:**
All documents and things relating to any agreement or contract between ROCHE and any customer or potential customer for peg-EPO in the United States, including but not limited to large dialysis organizations, small dialysis organizations, group purchasing organizations, hospital-based dialysis centers, government pharmacies, individual clinics, and/or individual

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

physicians, relating to the importation, use, offer to sell, sale, or reimbursement of peg-EPO in the United States.

**Roche's Response to Amgen's Request for Production No. 103:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements. Moreover, Roche objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation and related areas. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales and reimbursement, that bear no relevance to any claim or defense in this action. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

To Roche's current knowledge, no documents or things responsive to this Request exist.

**Amgen's Request for Production No. 111:**
All documents and things relating to any executed or proposed understanding or agreement between ROCHE and any third party relating to any past, current or future use of peg-EPO or EPO in the United States.

**Roche's Response to Amgen's Request for Production No. 111:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking documents and things that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Moreover, Roche objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating potentially to licenses or assignments, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 113:**

All documents and things relating to any offer to provide peg-EPO or EPO for use in the United States to any person or entity for any purpose or use that is not related to the development and submission of information to FDA under a federal law regulates the manufacture, use, or sale of erythropoietin products.

**Roche's Response to Amgen's Request for Production No. 113:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking documents and things that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Moreover, to Roche's current knowledge, no documents or things responsive to this Request exist.

**Amgen's Request for Production No. 114:**

All documents and things relating to any offer to sell peg-EPO or EPO to any person or entity for any use in the United States not related to the development and submission of information to FDA under a federal law that regulates the manufacture, use, or sale of peg-EPO or EPO products.

**Roche's Response to Amgen's Request for Production No. 114:**

Roche incorporates herein by reference its Response to Request No. 113 above.

**Amgen's Request for Production No. 115:**

All documents and things relating to any agreement or understanding to sell, supply or provide peg-EPO or EPO for use in the United States at any time after FDA approval of ROCHE's pending BLA.

**Roche's Response to Amgen's Request for Production No. 115:**

Roche incorporates herein by reference its Response to Request No. 113 above.

**Amgen's Request for Production No. 116:**

All documents and things related to the recruitment, solicitation or hiring of any Amgen employee by ROCHE since January 1, 2004.

**Roche's Response to Amgen's Request for Production No. 116:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as relating to the recruitment, solicitation and hiring of Amgen employees by Roche and therefore seeking documents and things bearing no relevance to any claim or defense in this action.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

**Amgen's Request for Production No. 117:**
All documents and things related to any plan or budget of ROCHE to recruit, solicit or hire Amgen sales personnel, medical liaisons, reimbursement specialists or marketing personnel.

**Roche's Response to Amgen's Request for Production No. 117:**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, marketing and reimbursement, that bear no relevance to any claim or defense in this action. Moreover, Roche objects to this Request as relating to the recruitment, solicitation and hiring of Amgen employees by Roche and therefore seeking documents and things bearing no relevance to any claim or defense in this action.

**Amgen's Request for Production No. 118:**
All documents and things related to any communication between ROCHE and any third party regarding recruitment, solicitation or hiring of any Amgen employee for employment by ROCHE since January 1, 2004.

**Roche's Response to Amgen's Request for Production No. 118:**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements. Moreover, Roche objects to this Request as relating to the recruitment, solicitation and hiring of Amgen employees by Roche and therefore seeking documents and things bearing no relevance to any claim or defense in this action.

**Amgen's Request for Production No. 119:**
All documents and things related to any listing, directory or other information of Amgen regarding its employees, business dealings, customers or internal organization.

**Roche's Response to Amgen's Request for Production No. 119:**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as relating to the employees, customers and internal organization of Amgen and therefore seeking documents and things bearing no relevance to any claim or defense in this action.

**Amgen's Request for Production No. 120:**
All documents and things related to any listing, directory or other information of Amgen regarding its employees, business dealings, customers or internal organization.

**Roche's Response to Amgen's Request for Production No. 120:**

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

Roche incorporates herein by reference its Response to Request No. 119 above.

**Amgen's Request for Production No. 121:**
All documents and things relating to information of Amgen regarding its instruction, training, organization, supervision or compensation of its employees, including manuals, directories, forms, reports and spreadsheets.

**Roche's Response to Amgen's Request for Production No. 121:**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as relating to the instruction, training, organization, supervision and compensation of Amgen employees and therefore seeking documents and things bearing no relevance to any claim or defense in this action.

**Amgen's Request for Production No. 122:**
All documents and things relating to information of Amgen regarding its instruction, training or support of customers or reimbursement personnel.

**Roche's Response to Amgen's Request for Production No. 122:**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to reimbursement, that bear no relevance to any claim or defense in this action. Moreover, Roche objects to this Request as relating to the instruction, training or support of Amgen customers and reimbursement personnel and therefore seeking documents and things bearing no relevance to any claim or defense in this action.

**Amgen's Request for Production No. 123:**
Documents and things sufficient to identify and describe all activities sponsored by ROCHE since January 1, 2005 to enhance the competitive profile of peg-EPO.

**Roche's Response to Amgen's Request for Production No. 123:**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche objects to this Request's use of the term "enhance the competitive profile" as it is vague, ambiguous and undefined.

**Amgen's Request for Production No. 124:**
Documents and things sufficient to identify and describe each clinical use or study of peg-EPO in the United States (excluding patient-specific information) after April 19, 2006, including the identity and location of each facility, the sponsor administering drug and the clinical protocol pursuant to which such administration was, is or will be made.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

**Roche's Response to Amgen's Request for Production No. 124:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche refers Amgen to Roche's No. STN 125164/0 and IND Nos. BB-IND 10158 and BB-IND 10964, already produced to Amgen in ITC Investigation No. 337-TA-568, for information concerning the clinical use and study of MIRCERA TM.

Subject to these objections and the General Responses and Objections above, relevant, non-duplicative, non-cumulative documents relating to any completed communications, updates, amendments or supplements to Roche's BLA No. STN 125164/0 and INDs Nos. BB-IND 10158 and BB-IND 10964 and the final results of any completed studies or protocols underlying these submissions, which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 125:**
All documents and things related to any plan, study protocol, draft protocol, concept, schedule, budget or supply forecast for use of peg-EPO in humans in the United States for any study not included in ROCHE's April 19, 2006 Biologics License Application, including any "Phase IIIb/IV" study.

**Roche's Response to Amgen's Request for Production No. 125:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Subject to these objections and the General Responses and Objections above, relevant, non-duplicative, non-cumulative documents relating to any completed communications, updates, amendments or supplements to Roche's BLA No. STN 125164/0 and INDs Nos. BB-IND 10158 and BB-IND 10964, and the final results of any completed studies or protocols underlying these submissions, which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 126:**
All documents and things comprising or related to any communication or presentation after January 1, 2006 between ROCHE and any third party (including all communications with clinicians and investigational review boards) regarding any plan, study protocol, draft protocol, concept, schedule or budget to study the use of peg-EPO in anemic renal patients in the United States, including any "Phase IIIb/IV" study.

**Roche's Response to Amgen's Request for Production No. 126:**
Roche incorporates herein by reference its Response to Request No. 125 above.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

**Amgen's Request for Production No. 137:**
For each clinical trial involving peg-EPO, a copy of the study protocol, investigator brochure and material transfer agreement.

**Roche's Response to Amgen's Request for Production No. 137:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche refers Amgen to Roche's BLA No. STN 125164/0 already produced to Amgen in ITC Investigation No. 337-TA-568 for information responsive to this Request. Roche also objects to this Request to the extent it seeks documents and things relating to ongoing clinical trials postdating Roche's filing of its BLA No. STN 125164/0. In order to avoid unnecessarily delaying or disrupting these trials, Roche will provide relevant documents relating to these trials only upon their completion, if any.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 138:**
For each clinical trial involving peg-EPO, documents and things sufficient to show the peg-EPO used, the principal investigators conducting each such trial, and the clinical and safety results of each such clinical trial.

**Roche's Response to Amgen's Request for Production No. 138:**
Roche incorporates herein by reference its Response to Request No. 137 above.

**Amgen's Request for Production No. 139:**
For each clinical trial involving peg-EPO, all documents and things comprising or relating to any analysis or assessment of the safety of peg-EPO use in humans.

**Roche's Response to Amgen's Request for Production No. 139:**
Roche incorporates herein by reference its Response to Request No. 137 above.

**Amgen's Request for Production No. 146:**
All documents and things comprising or relating to any communication, presentation or proposal between ROCHE or its attorneys and any third party regarding any non-clinical study or investigation of peg-EPO, EPO, or any other ESP.

**Roche's Response to Amgen's Request for Production No. 146:**

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Roche also objects to this Request's use of the term "peg-EPO " as vague, ambiguous and misleading. Roche also objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Moreover, Roche objects to this Request to the extent it seeks documents and things in the possession, custody or control of parties other than Roche or protected from disclosure by third party confidentiality agreements. Roche further objects to this Request to the extent it seeks information regarding products or molecules other than Roche's CERA or MIRCERATM product for which commercial approval is sought in Roche's BLA No. STN 125164/0.

**Amgen's Request for Production No. 148:**
Documents and things sufficient to show the role of each ROCHE-affiliated entity in any current or future importation, distribution, sale or use of peg-EPO in the United States, including the manufacture, supply, distribution, use, marketing, sale or reimbursement of MIRCERA.

**Roche's Response to Amgen's Request for Production No. 148:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 and are no longer in issue in this action to the extent it refers to importation, distribution and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, marketing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

**Amgen's Request for Production No. 149:**
Documents and things sufficient to show the role of F. Hoffmann-La Roche Ltd. in any current or future importation, distribution, sale or use of peg-EPO in the United States, including the manufacture, supply, distribution, use, marketing, sale or reimbursement of MIRCERA.

**Roche's Response to Amgen's Request for Production No. 149:**
Roche incorporates herein by reference its Response to Request No. 148 above.

**Amgen's Request for Production No. 150:**
Documents and things sufficient to show the role of Roche Diagnostics GmbH in any current or future importation, distribution, sale or use of peg-EPO in the United States, including the manufacture, supply, distribution, use, marketing, sale or reimbursement of MIRCERA.

**Roche's Response to Amgen's Request for Production No. 150:**
Roche incorporates herein by reference its Response to Request No. 148 above.

**Amgen's Request for Production No. 154:**
Documents and things sufficient to identify and describe the goals, milestones, budgets and tasks, for each quarterly and annual period from 2001 through 2008, of each team or group within ROCHE involved in the preclinical, clinical, regulatory or technical development, manufacture and supply of MIRCERA for sale in the United States.

**Roche's Response to Amgen's Request for Production No. 154:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request to the extent it seeks documents and things relating to ongoing clinical trials post-dating Roche's filing of its BLA No. STN 125164/0. In order to avoid unnecessarily delaying or disrupting these trials, Roche will provide relevant documents relating to these trials only upon their completion, if any.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 155:**
Documents and things sufficient to identify and describe the goals, milestones, budgets and tasks, for each quarterly and annual period from 2001 through 2008, of each team or group within ROCHE involved in the marketing, commercial launch, brand strategy, reimbursement, promotion, or medical education of MIRCERA use in the United States.

**Roche's Response to Amgen's Request for Production No. 155:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to marketing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 158:**
Documents and things sufficient to identify, describe and explain ROCHE'S use of enterprise resource planning (ERP) and product lifecycle management (PLM) software and databases in connection with its manufacture, packaging, labeling, inventory, transfer, importation, distribution and sale of peg-EPO in the United States (including MIRCERA).

**Roche's Response to Amgen's Request for Production No. 158:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO " as vague, ambiguous and misleading. Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to inventory, importation, distribution and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

**Amgen's Request for Production No. 159:**

Documents and things sufficient to identify and explain all material master numbers assigned or used by ROCHE to track or record the manufacture, packaging, labeling, inventory, transfer, importation, distribution and sale of peg-EPO (including MIRCERA) in the United States.

**Roche's Response to Amgen's Request for Production No. 159:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to the use of the term "material master numbers" as it is vague, ambiguous and undefined. Roche also objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to inventory, transfer, importation, distribution and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**Amgen's Request for Production No. 160:**

Documents and things sufficient to show all locations throughout the world at which ROCHE maintains any inventory of peg-EPO and the most current stock levels of peg-EPO (including MIRCERA) at each location by vial or syringe size and quantity.

**Roche's Response to Amgen's Request for Production No. 160:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.

Moreover, Roche objects to this Request as overly broad and harassing as it relates to inventory and stock levels "throughout the world" and therefore seeks documents and things bearing no relevance to any claim or defense in this action. Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to stock levels and inventory and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**Amgen's Request for Production No. 161:**

Documents and things sufficient to identify, describe and explain ROCHE'S use of software database systems, including any SAP or PMX system used to track transfers and shipments of peg-EPO to and within the United States.

**Roche's Response to Amgen's Request for Production No. 161:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

### APPENDIX A

this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.  Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to transfers and shipments and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

Moreover, Roche objects to this Request as relating to the use of software database systems and therefore seeking documents and things bearing no relevance to any claim or defense in this action.

**Amgen's Request for Production No. 162:**
Documents and things sufficient to identify, describe and explain every tabulation of EPO and peg-EPO imported into the United States.

**Roche's Response to Amgen's Request for Production No. 162:**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.  Moreover, Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case.  Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation and related areas.

To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**Amgen's Request for Production No. 163:**
Documents and things sufficient to account for the transfer or shipment into the United States and ultimate disposition of all EPO and peg-EPO imported into the United States.

**Roche's Response to Amgen's Request for Production No. 163:**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.  Moreover, Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case.  Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to transfer[s], shipment[s], importation and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

**Amgen's Request for Production No. 164:**

For each instance of importation into the United States of any EPO product, including (without limitation) peg-EPO, EPO, or any non-PEG component of peg-EPO, documents and things sufficient to separately describe and account for each importation of such product, including (without limitation):

(a) The location(s) where the EPO or peg-EPO is manufactured;
(b) The date(s) of each importation;
(c) The ROCHE entity that contracted to ship the product to the United States;
(d) The commercial carrier for each importation;
(e) The ROCHE entity that delivered the product to such carrier;
(f) The unit(s) and volume(s) of product(s) imported;
(g) Any customs agent or broker for such importation;
(h) The ROCHE entity receiving the imported product(s);
(i) The port of entry for the imported product(s);
(j) The disposition of all imported product(s) after importation, including (without limitation) identifying each recipient of such product(s), the unit(s) and volume(s) of such product(s) provided to each recipient, the date(s) such product(s) was provided to each recipient, and all purposes for which such product was provided to each recipient;
(k)All uses of such product(s) including the date(s) of use and the unit(s) and volume(s) used; and
(l) All documents recording or reflecting any purpose(s) and use(s) for which any product was consumed or used by ROCHE or any recipient.

**Roche's Response to Amgen's Request for Production No. 164:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.  Roche also objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Moreover, Roche objects to this Request as compound and duplicative. Roche further objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation, shipments and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**Amgen's Request for Production No. 165:**

All documents and things relating to the location(s) and amount(s) of all EPO and peg-EPO in the United States.

**Roche's Response to Amgen's Request for Production No. 165:**

Roche objects to this Request as overly broad, duplicative, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Roche further objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to "the location(s) and amount(s) of all EPO and peg-EPO in the United States" and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**Amgen's Request for Production No. 166:**
Documents and things sufficient to show the quarterly and monthly volume of peg-EPO, EPO or any non-peg component of peg-EPO ROCHE plans to import into the United States at any time through December 31, 2008, including United States sales forecasts, manufacturing requirement forecasts (either worldwide or for the United States), and manufacturing schedules and plans.

**Roche's Response to Amgen's Request for Production No. 166:**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Moreover, Roche objects to this Request as overly broad and harassing as it relates to sales and manufacturing forecasts "worldwide" and "at any time through December 31, 2008" and therefore seeks documents and things bearing no relevance to any claim or defense in this action.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, particularly relating to sales and manufacturing forecasts, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Roche further objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TH-568 that are no longer in issue in this action to the extent it refers to importation and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 167:**
Documents and things sufficient to show how ROCHE plans to use the EPO, peg-EPO, or any non-peg component of peg-EPO to be imported into the United States from January 1, 1995 through December 31, 2008.

**Roche's Response to Amgen's Request for Production No. 167:**
Roche objects to this Request as overly broad, duplicative, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Moreover, Roche objects to this Request as overly broad and harassing as it relates to importation and use "through December 31, 2008" and therefore seeks documents and things bearing no relevance to any claim or defense in this action. Roche further objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 176:**
All documents and things relating to any existing or proposed understanding or agreement relating to peg-EPO between ROCHE and any person that is not a party to this lawsuit regarding the importation or transfer of peg-EPO or any non-peg component of peg-EPO in the U.S.

**Roche's Response to Amgen's Request for Production No. 176:**
Roche incorporates herein by reference its Response to Request No. 175 above.

### A.    Roche Should be Ordered to Produce Documents Regarding its On-Going and Future Offers for Sale and Sales of its Accused Product to Third Parties.

**Amgen's Request for Production No. 47:**
All documents and things related to any communication with current or prospective employees of ROCHE, members of any ROCHE advisory board, current or prospective customers of ROCHE, or any reimbursement authority or agency regarding the date(s) by which ROCHE expects or plans to obtain FDA approval to sell MIRCERA in the United States.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

**Roche's Response to Amgen's Request for Production No. 47:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) and imminence of FDA approval and commercial launch that were the subject of ITC Investigation No. 337-TA-568. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 48:**

All documents and things related to any communication with current or prospective employees of ROCHE, members of any ROCHE advisory board, current or prospective customers of ROCHE, or any reimbursement authority or agency regarding the date(s) by which ROCHE expects or plans to commence the sale of MIRCERA in the United States.

**Roche's Response to Amgen's Request for Production No. 48:**

Roche incorporates herein by reference its Response to Request No. 47 above.

**Amgen's Request for Production No. 94:**

All documents and things relating to any training or instruction of physicians, nurses, patients, clinic administrators, reimbursement authorities or other customers regarding the promotion, contracting, training, use, pricing, dosing, and/or reimbursement of MIRCERA use, including all such instructional materials provided to or used with such individuals.

**Roche's Response to Amgen's Request for Production No. 94:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to pricing, promotion and reimbursement, that bear no relevance to any claim or defense in this action. Moreover, Roche objects to this Request as any training and instruction of physicians, nurses, patients,

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

clinic administrators, reimbursement authorities and other customers bears no relevance to any claim or defense in this action.

**Amgen's Request for Production No. 95:**

All documents and things relating to any communication, meeting, presentation or solicitation between ROCHE and any purchaser or consumer of ESP products (including any dialysis care organizations, hospitals, nephrology clinics, nephrologists, dialysis nurses, group purchasing organizations, the Veterans Administration, the Department of Defense and other governmental organizations) relating to the current or future purchase, pricing, use or reimbursement of peg-EPO or MIRCERA in the United States.

**Roche's Response to Amgen's Request for Production No. 95:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing, duplicative, cumulative and not reasonably calculated to lead to the discovery of admissible evidence. Roche also objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to pricing and reimbursement, that bear no relevance to any claim or defense in this action.

**Amgen's Request for Production No. 100:**

All documents and things relating to any customer or potential customer for peg-EPO, including large dialysis organizations, small dialysis organizations, group purchasing organizations, hospital-based dialysis centers, government pharmacies, individual clinics, and/or individual physicians, but excluding patient specific information, relating to the importation, use, offer for sale, sale or reimbursement of peg-EPO in the United States.

**Roche's Response to  Amgen's Request for Production No. 100:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements. Moreover, Roche objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation and related areas. To the extent any of these areas are relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

preliminary or permanent injunction determination should those issues arise. To the extent
Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its
response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-
cumulative documents responsive to this Request which are in Roche's possession, custody or
control and which are not subject to a claim of privilege or work product immunity or otherwise
protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 101:**
All documents and things relating to any communication between ROCHE and any customer or
potential customer for peg-EPO, including large dialysis organizations, small dialysis
organizations, group purchasing organizations, hospital-based dialysis centers, government
pharmacies, individual clinics, and/or individual physicians, but excluding patient specific
information, relating to the importation, use, offer to sell, sale or reimbursement of peg-EPO in
the United States.

**Roche's Response to Amgen's Request for Production No. 101:**
Roche incorporates herein by reference its Response to Request No. 100 above.

**Amgen's Request for Production No. 102:**
All documents and thing relating to any negotiation between ROCHE and any customer or
potential customer for peg-EPO, including large dialysis organizations, small dialysis
organizations, group purchasing organizations, hospital-based dialysis centers, government
pharmacies, individual clinics, and/or individual physicians relating to the importation, use, offer
to sell, sale or reimbursement of peg-EPO in the United States.

**Roche's Response to Amgen's Request for Production No. 102:**
Roche objects to this Request's use of the term "negotiation" as vague and ambiguous. Roche
incorporates herein by reference its Response to Request No. 100 above.

**Amgen's Request for Production No. 103:**
All documents and things relating to any agreement or contract between ROCHE and any
customer or potential customer for peg-EPO in the United States, including but not limited to
large dialysis organizations, small dialysis organizations, group purchasing organizations,
hospital-based dialysis centers, government pharmacies, individual clinics, and/or individual
physicians, relating to the importation, use, offer to sell, sale, or reimbursement of peg-EPO in
the United States.

**Roche's Response to Amgen's Request for Production No. 103:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague,
ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche
objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.
Roche also objects to this Request to the extent it seeks documents, things and information

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

protected from disclosure by third party confidentiality agreements. Moreover, Roche objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation and related areas. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales and reimbursement, that bear no relevance to any claim or defense in this action. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

To Roche's current knowledge, no documents or things responsive to this Request exist.

**Amgens' Request for Production No. 104:**
Documents and things sufficient to show all communications between ROCHE and DaVita Inc. or its affiliates relating to peg-EPO or any other ESP.

**Roche's Response to Amgens' Request for Production No. 104:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence . Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements. Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 105:**
Documents and things sufficient to show all communications between ROCHE and Dialysis Clinic Inc. (DCI) or its affiliates relating to peg-EPO or any other ESP.

**Roche's Response to Amgen's Request for Production No. 105:**
Roche incorporates herein by reference its Response to Request No. 104 above.

**Amgen's Request for Production No. 106:**
Documents and things sufficient to show all communications between ROCHE and Fresenius Medical Care North America or Fresenius Medical Care AG & Co . KGaA or their affiliates relating to peg-EPO or any other ESP.

**Roche's Response to Amgen's Request for Production No. 106:**
Roche incorporates herein by reference its Response to Request No. 104 above.

**Amgen's Request for Production of Documents No. 107:**
Documents and things sufficient to show all communications between ROCHE and Gambro AG or its affiliates relating to peg-EPO or any other ESP.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

**Roche's Response to Amgen's Request for Production No. 107:**
Roche incorporates herein by reference its Response to Request No. 104 above.

**Amgen's Request for Production No. 108:**
Documents and things sufficient to show all communications between ROCHE and Renal Care Group, Inc . (RCG) or its affiliates relating to peg-EPO or any other ESP.

**Roche's Response to Amgen's Request for Production No. 108:**
Roche incorporates herein by reference its Response to Request No. 104 above.

**Amgen's Request for Production No. 109:**
Documents and things sufficient to show all communications between ROCHE and any agency or procurement office of the United States Department of Defense, Veterans Administration or other governmental procurement office relating to peg-EPO or any other ESP.

**Roche's Response to Amgen's Request for Production No. 109:**
Roche incorporates herein by reference its Response to Request No. 104 above.

**Amgen's Request for Production No. 111:**
All documents and things relating to any executed or proposed understanding or agreement between ROCHE and any third party relating to any past, current or future use of peg-EPO or EPO in the United States.

**Roche's Response to Amgen's Request for Production No. 111:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking documents and things that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Moreover, Roche objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating potentially to licenses or assignments, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 113:**
All documents and things relating to any offer to provide peg-EPO or EPO for use in the United States to any person or entity for any purpose or use that is not related to the development and submission of information to FDA under a federal law regulates the manufacture, use, or sale of erythropoietin products.

**Roche's Response to Amgen's Request for Production No. 113:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking documents and things that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Moreover, to Roche's current knowledge, no documents or things responsive to this Request exist.

**Amgen's Request for Production No. 114:**
All documents and things relating to any offer to sell peg-EPO or EPO to any person or entity for any use in the United States not related to the development and submission of information to FDA under a federal law that regulates the manufacture, use, or sale of peg-EPO or EPO products.

**Roche's Response to Amgen's Request for Production No. 114:**
Roche incorporates herein by reference its Response to Request No. 113 above.

**Amgen's Request for Production No. 115:**
All documents and things relating to any agreement or understanding to sell, supply or provide peg-EPO or EPO for use in the United States at any time after FDA approval of ROCHE's pending BLA.

**Roche's Response to Amgen's Request for Production No. 115:**
Roche incorporates herein by reference its Response to Request No. 113 above.

**B.    Roche Should be Ordered to Produce Documents Regarding its On-Going and Planned Uses of peg-EPO in the United States.**

**Amgen's Request for Production No. 72:**
All documents and things that comprise or relate to any budget or plan of ROCHE medical affairs relating to MIRCERA in the United States, including all goals, budgets, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

**Roche's Response to Amgen's Request for Production No. 72:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.  In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, such as sales and costs, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 73:**
All documents and things generated by or for ROCHE medical affairs since January 1, 2005 that reference or relate to preparations for or the commercial launch, supply, commercialization, clinical development, promotion, pricing, sale or reimbursement of MIRCERA in the United States, including all goals, budgets, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**Roche's Response to Amgen's Request for Production No. 73:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request to the extent it seeks documents and things relating to ongoing clinical trials post-dating Roche's filing of its BLA No. STN 125164/0. In order to avoid unnecessarily delaying or disrupting these trials, Roche will provide relevant documents relating to these trials only upon their completion, if any.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, such as sales, costs, pricing, marketing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

**Amgen's Request for Production No. 7**4:
All documents and things generated by or for ROCHE medical affairs since January 1, 2005 that reference or relate to current or future use of MIRCERA in the United States, including all goals, budgets, studies, clinical trials, protocols, forecasts, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**Roche's Response to Amgen's Request for Production No. 74:**
Roche incorporates herein by reference its Response to Request No. 73 above.

**Amgen's Request for Production No. 75:**
All documents and things generated by or for ROCHE medical affairs since January 1, 2005 that reference or relate to the current or future cost or reimbursement of MIRCERA use in the United States, including all goals, budgets, studies, clinical trials, protocols, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**Roche's Response to Amgen's Request for Production No. 75:**
Roche incorporates herein by reference its Response to Request No. 73 above.

**Amgen's Request for Production No. 123:**
Documents and things sufficient to identify and describe all activities sponsored by ROCHE since January 1, 2005 to enhance the competitive profile of peg-EPO.

**Roche's Response to Amgen's Request for Production No. 123:**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche objects to this Request's use of the term "enhance the competitive profile" as it is vague, ambiguous and undefined.

**Amgen's Request for Production No. 124:**
Documents and things sufficient to identify and describe each clinical use or study of peg-EPO in the United States (excluding patient-specific information) after April 19, 2006, including the identity and location of each facility, the sponsor administering drug and the clinical protocol pursuant to which such administration was, is or will be made.

**Roche's Response to Amgen's Request for Production No. 124:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche refers Amgen to Roche's No. STN 125164/0 and IND Nos. BB-IND 10158 and BB-IND 10964, already produced to Amgen in ITC Investigation No. 337-TA-568, for information concerning the clinical use and study of MIRCERA TM.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

Subject to these objections and the General Responses and Objections above, relevant, non-duplicative, non-cumulative documents relating to any completed communications, updates, amendments or supplements to Roche's BLA No. STN 125164/0 and INDs Nos. BB-IND 10158 and BB-IND 10964 and the final results of any completed studies or protocols underlying these submissions, which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 125:**
All documents and things related to any plan, study protocol, draft protocol, concept, schedule, budget or supply forecast for use of peg-EPO in humans in the United States for any study not included in ROCHE's April 19, 2006 Biologics License Application, including any "Phase IIIb/IV" study.

**Roche's Response to Amgen's Request for Production No. 125:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Subject to these objections and the General Responses and Objections above, relevant, non-duplicative, non-cumulative documents relating to any completed communications, updates, amendments or supplements to Roche's BLA No. STN 125164/0 and INDs Nos. BB-IND 10158 and BB-IND 10964, and the final results of any completed studies or protocols underlying these submissions, which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 126:**
All documents and things comprising or related to any communication or presentation after January 1, 2006 between ROCHE and any third party (including all communications with clinicians and investigational review boards) regarding any plan, study protocol, draft protocol, concept, schedule or budget to study the use of peg-EPO in anemic renal patients in the United States, including any "Phase IIIb/IV" study.

**Roche's Response to Amgen's Request for Production No. 126:**
Roche incorporates herein by reference its Response to Request No. 125 above.

**Amgen's Request for Production No. 137:**
For each clinical trial involving peg-EPO, a copy of the study protocol, investigator brochure and material transfer agreement.

**Roche's Response to Amgen's Request for Production No. 137:**
Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

## APPENDIX A

Roche refers Amgen to Roche's BLA No. STN 125164/0 already produced to Amgen in ITC Investigation No. 337-TA-568 for information responsive to this Request. Roche also objects to this Request to the extent it seeks documents and things relating to ongoing clinical trials postdating Roche's filing of its BLA No. STN 125164/0. In order to avoid unnecessarily delaying or disrupting these trials, Roche will provide relevant documents relating to these trials only upon their completion, if any.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**Amgen's Request for Production No. 138:**
For each clinical trial involving peg-EPO, documents and things sufficient to show the peg-EPO used, the principal investigators conducting each such trial, and the clinical and safety results of each such clinical trial.

**Roche's Response to Amgen's Request for Production No. 138:**
Roche incorporates herein by reference its Response to Request No. 137 above.

**Amgen's Request for Production No. 139:**
For each clinical trial involving peg-EPO, all documents and things comprising or relating to any analysis or assessment of the safety of peg-EPO use in humans.

**Roche's Response to Amgen's Request for Production No. 139:**
Roche incorporates herein by reference its Response to Request No. 137 above.  Roche Should be Ordered to Produce Documents Regarding its Recruitment and Training of a Sales Force To Sell peg-EPO in the United States.

    **C.**    **Roche Should be Ordered to Produce Documents Regarding its Recruitment and Training of a Sales Force To Sell peg-EPO in the United States.**

**Amgen's Request for Production No. 91:**
All documents and things relating to any solicitation, recruitment or hiring of sales personnel, medical liaisons or reimbursement specialists whose duties include promotion or support of MIRCERA, including any budget, plan, or forecast of hiring positions and levels.

**Roche's Response to Amgen's Request for Production No. 91:**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales and reimbursement, that bear no relevance to any claim or defense in this action.  Moreover, Roche objects to this Request as any solicitation, recruitment and hiring of sales personnel,

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

# APPENDIX A

medical liaisons and reimbursement specialists bears no relevance to any claim or defense in this action.

**Amgen's Request for Production No. 116:**

All documents and things related to the recruitment, solicitation or hiring of any Amgen employee by ROCHE since January 1, 2004.

**Roche's Response to Amgen's Request for Production No. 116:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as relating to the recruitment, solicitation and hiring of Amgen employees by Roche and therefore seeking documents and things bearing no relevance to any claim or defense in this action.

**Amgen's Request for Production No. 117:**

All documents and things related to any plan or budget of ROCHE to recruit, solicit or hire Amgen sales personnel, medical liaisons, reimbursement specialists or marketing personnel.

**Roche's Response to Amgen's Request for Production No.117:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, marketing and reimbursement, that bear no relevance to any claim or defense in this action. Moreover, Roche objects to this Request as relating to the recruitment, solicitation and hiring of Amgen employees by Roche and therefore seeking documents and things bearing no relevance to any claim or defense in this action.

**Amgen's Request for Production No. 118:**

All documents and things related to any communication between ROCHE and any third party regarding recruitment, solicitation or hiring of any Amgen employee for employment by ROCHE since January 1, 2004.

**Roche's Response to Amgen's Request for Production No. 118:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements. Moreover, Roche objects to this Request as relating to the recruitment, solicitation and hiring of Amgen employees by Roche and therefore seeking documents and things bearing no relevance to any claim or defense in this action.

**Amgen's Request for Production No. 119:**

All documents and things related to any listing, directory or other information of Amgen regarding its employees, business dealings, customers or internal organization.

Amgen Inc. v. Hoffmann LaRoche, Ltd., et. al.
Case No. 05-CV-12237WGY

# APPENDIX A

**Roche's Response to Amgen's Request for Production No. 119:**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as relating to the employees, customers and internal organization of Amgen and therefore seeking documents and things bearing no relevance to any claim or defense in this action.

**Amgen's Request for Production No. 120:**
All documents and things related to any listing, directory or other information of Amgen regarding its employees, business dealings, customers or internal organization.

**Roche's Response to Amgen's Request for Production No. 120:**
Roche incorporates herein by reference its Response to Request No. 119 above.

**Amgen's Request for Production No. 121:**
All documents and things relating to information of Amgen regarding its instruction, training, organization, supervision or compensation of its employees, including manuals, directories, forms, reports and spreadsheets.

**Roche's Response to Amgen's Request for Production No. 121:**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as relating to the instruction, training, organization, supervision and compensation of Amgen employees and therefore seeking documents and things bearing no relevance to any claim or defense in this action.

**Amgen's Request for Production No. 122:**
All documents and things relating to information of Amgen regarding its instruction, training or support of customers or reimbursement personnel.

**Roche's Response to Amgen's Request for Production No. 122:**
Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to reimbursement, that bear no relevance to any claim or defense in this action. Moreover, Roche objects to this Request as relating to the instruction, training or support of Amgen customers and reimbursement personnel and therefore seeking documents and things bearing no relevance to any claim or defense in this action.