# Exhibit 29

## Rule 34. Production of Documents, <u>Electronically Stored Information,</u> and Things and Entry Upon Land for Inspection and Other Purposes

* * * * *

(a) **Scope.** Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect, ~~and~~ copy, <u>test, or sample</u> any designated documents <u>or electronically stored information</u> ~~−~~ ~~(~~including writings, drawings, graphs, charts, photographs, <u>sound recordings, images</u> ~~phonorecords~~, and other <u>data or</u> data compilations <u>stored in any medium</u> from which information can be obtained<del>;</del> <u>−</u> translated, if necessary, by the respondent ~~through detection devices~~ into reasonably usable form<del>)</del>, or to inspect, and copy, test, or sample any <u>designated</u> tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

(b) **Procedure.** The request shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. <u>The request may specify the form or forms in which electronically stored information is to be produced.</u> Without leave of court or written stipulation, a request may not be served before the time specified in Rule 26(d).

The party upon whom the request is served shall serve a written response within 30 days after the service of the request. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, <u>including an objection to the requested form or forms for producing electronically stored information,</u> ~~in which event~~ <u>stating</u> the reasons for the objection ~~shall be stated~~. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. <u>If objection is made to the requested form or forms for producing electronically stored information - or if no form was specified in the request -</u>

17

the responding party must state the form or forms it intends to use. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

Unless the parties otherwise agree, or the court otherwise orders:

(i) A̶a party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.̶;

(ii) if a request does not specify the form or forms for producing electronically stored information, a responding party must produce the information in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable; and

(iii) a party need not produce the same electronically stored information in more than one form.

* * * * *

### Committee Note

Subdivision (a). As originally adopted, Rule 34 focused on discovery of "documents" and "things." In 1970, Rule 34(a) was amended to include discovery of data compilations, anticipating that the use of computerized information would increase. Since then, the growth in electronically stored information and in the variety of systems for creating and storing such information has been dramatic. Lawyers and judges interpreted the term "documents" to include electronically stored information because it was obviously improper to allow a party to evade discovery obligations on the basis that the label had not kept pace with changes in information technology. But it has become increasingly difficult to say that all forms of electronically stored information, many dynamic in nature, fit within the traditional concept of a "document." Electronically stored information may exist in dynamic databases and other forms far different from fixed expression on paper. Rule 34(a) is amended to confirm that discovery of electronically stored information stands on equal footing with discovery of paper documents. The change clarifies that Rule 34 applies to information that is fixed in a tangible form and to information that is stored in a medium from which it can be retrieved and examined. At the same time, a Rule 34 request for production of "documents" should be understood to encompass, and the response should include, electronically stored information unless discovery in the action has clearly distinguished between electronically stored information and "documents."

Discoverable information often exists in both paper and electronic form, and the same or similar information might exist in both. The items listed in Rule 34(a) show different ways in which information may be recorded or stored. Images, for example, might be hard-copy

documents or electronically stored information. The wide variety of computer systems currently in use, and the rapidity of technological change, counsel against a limiting or precise definition of electronically stored information. Rule 34(a)(1) is expansive and includes any type of information that is stored electronically. A common example often sought in discovery is electronic communications, such as e-mail. The rule covers- either as documents or as electronically stored information - information "stored in any medium," to encompass future developments in computer technology. Rule 34(a)(1) is intended to be broad enough to cover all current types of computer-based information, and flexible enough to encompass future changes and developments.

References elsewhere in the rules to "electronically stored information" should be understood to invoke this expansive approach. A companion change is made to Rule 33(d), making it explicit that parties choosing to respond to an interrogatory by permitting access to responsive records may do so by providing access to electronically stored information. More generally, the term used in Rule 34(a)(l) appears in a number of other amendments, such as those to Rules 26(a)(1), 26(6)(2), 26(b)(5)(B), 26(f), 34(b), 37(f), and 45. In each of these rules, electronically stored information has the same broad meaning it has under Rule 34(a)(1). References to "documents" appear in discovery rules that are not amended, including Rules 30(f), 36(a), and 37(c)(2). These references should be interpreted to include electronically stored information as circumstances warrant.

The term "electronically stored information" is broad, but whether material that falls within this term should be produced, and in what form, are separate questions that must be addressed under Rules 26(b), 26(c), and 34(b).

The Rule 34(a) requirement that, if necessary, a party producing electronically stored information translate it into reasonably usable form does not address the issue of translating from one human language to another. *See In re Puerto Rico Elect. Power Auth.*, 687 F.2d 501, 504-510 (1st Cir. 1989).

Rule 34(a)(1) is also amended to make clear that parties may request an opportunity to test or sample materials sought under the rule in addition to inspecting and copying them. That opportunity may be important for both electronically stored information and hard-copy materials. The current rule is not clear that such testing or sampling is authorized; the amendment expressly permits it. As with any other form of discovery, issues of burden and intrusiveness raised by requests to test or sample can be addressed under Rules 26(b)(2) and 26(c). Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy. The addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems.

19

Rule 34(a)(1) is further amended to make clear that tangible things must - like documents and land sought to be examined - be designated in the request.

**Subdivision (b).** Rule 34(b) provides that a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond with the categories in the discovery request. The production of electronically stored information should be subject to comparable requirements to protect against deliberate or inadvertent production in ways that raise unnecessary obstacles for the requesting party. Rule 34(b) is amended to ensure similar protection for electronically stored information.

The amendment to Rule 34(b) permits the requesting party to designate the form or forms in which it wants electronically stored information produced. The form of production is more important to the exchange of electronically stored information than of hard-copy materials, although a party might specify hard copy as the requested form. Specification of the desired form or forms may facilitate the orderly, efficient, and cost-effective discovery of electronically stored information. The rule recognizes that different forms of production may be appropriate for different types of electronically stored information. Using current technology, for example, a party might be called upon to produce word processing documents, e-mail messages, electronic spreadsheets, different image or sound files, and material from databases. Requiring that such diverse types of electronically stored information all be produced in the same form could prove impossible, and even if possible could increase the cost and burdens of producing and using the information. The rule therefore provides that the requesting party may ask for different forms of production for different types of electronically stored information.

The rule does not require that the requesting party choose a form or forms of production. The requesting party may not have a preference. In some cases, the requesting party may not know what form the producing party uses to maintain its electronically stored information, although Rule 26(f)(3) is amended to call for discussion of the form of production in the parties' prediscovery conference.

The responding party also is involved in determining the form of production. In the written response to the production request that Rule 34 requires, the responding party must state the form it intends to use for producing electronically stored information if the requesting party does not specify a form or if the responding party objects to a form that the requesting party specifies. Stating the intended form before the production occurs may permit the parties to identify and seek to resolve disputes before the expense and work of the production occurs. A party that responds to a discovery request by simply producing electronically stored information in a form of its choice, without identifying that form in advance of the production in the response required by Rule 34(b), runs a risk that the requesting party can show that the produced form is not reasonably usable and that it is entitled to production of some or all of the information in an additional form. Additional time might be required to permit a responding party to assess the appropriate form or forms of production.

20

If the requesting party is not satisfied with the form stated by the responding party, or if the responding party has objected to the form specified by the requesting party, the parties must meet and confer under Rule 37(a)(2)(B) in an effort to resolve the matter before the requesting party can file a motion to compel. If they cannot agree and the court resolves the dispute, the court is not limited to the forms initially chosen by the requesting party, stated by the responding party, or specified in this rule for situations in which there is no court order or party agreement.

If the form of production is not specified by party agreement or court order, the responding party must produce electronically stored information either in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable. Rule 34(a) requires that, if necessary, a responding party "translate" information it produces. into a "reasonably usable" form. Under some circumstances, the responding party may need to provide some reasonable amount of technical support, information on application software, or other reasonable assistance to enable the requesting party to use the information. The rule does not require a party to produce electronically stored information in the form it which it is ordinarily maintained, as long as it is produced in a reasonably usable form. But the option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation. If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature.

Some electronically stored information may be ordinarily maintained in a form that is not reasonably usable by any party. One example is "legacy" data that can be used only by superseded systems. The questions whether a producing party should be required to convert such information to a more usable form, or should be required to produce it at all, should be addressed under Rule 26(b)(2)(B).

Whether or not the requesting party specified the form of production, Rule 34(b) provides that the same electronically stored information ordinarily need be produced in only one form.