**EXHIBIT C**

# McDermott Will & Emery

Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

William G. Gaede III
Attorney at Law
wgaede@mwe.com
650.813.5035

December 13, 2006

**VIA E-MAIL AND FACSIMILE**

Howard Suh, Esq.
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022-3598

> Re:  *Amgen v. F. Hoffman-LaRoche LTD, et al.*
> Case No. 05 Civ. 12237 WGY

Dear Howard:

I write to follow up on our meet and confer of Monday afternoon, December 11, on Amgen's responses to Roche's First Set of Document Request Nos. 1-123. At the outset, we note that Roche's requests in general are overbroad, unduly burdensome, and beyond the scope of Rule 26. Further, it bears emphasis that Amgen has already produced over 1.5 million pages of documents at considerable expense and burden. Your comments during our call reflected a fundamental lack of knowledge of what Amgen has produced, and your theories of relevance were based on hypothetical and strained conjectures of relevance that appear to us to be an attempt to simply burden Amgen with producing unnecessary documents. With that in mind, we turn to the issues and requests we discussed.

**General Objection No. 6**: We confirmed that Amgen has produced the foreign counterparts to the Lin patents-in-suit.

**General Objection No. 7**: You acknowledged that you understood the basis of our position on the identified requests as subject to the pending motion to dismiss the antitrust counterclaims. You stated that you were "fine" with this position.

**Request for Production No. 9**: You stated that you are seeking production of documents (contemporaneous in time with the prosecution of the patents-in-suit) relating to experiments performed with EPO. We stated that this encompasses a lengthy time frame (at least 19 years). You stated that if, for example, there are documents concerning experiments performed to

Howard Suh, Esq.
December 13, 2006
Page 2

support a declaration filed in prosecution of the Lin patents-in-suit or a foreign counterpart thereof, that they should be produced. Since you have reviewed the prosecution histories, if there is a specific declaration for which you believe Amgen has not produced documents concerning experiments performed to support it, please identify it and we will consider the request. However, we believe that Amgen has already produced the documents you generally describe.

**Request for Production No. 11**: We confirmed that the requested documents have been produced.

**Request for Production Nos. 19-21, 24, 27-28, 31-32, 34-35, 41-43**: You identified these requests as seeking, among other things, production of Aranesp documents. In general, Roche's requests aimed at fishing through Amgen's files on Aranesp are overbroad, are unduly burdensome and requesting documents outside of Rule 26's permissible scope. Your comments that Aranesp is important to the construction of the Lin patents do not justify wholesale production of all of Amgen's documents on Aranesp. Nonetheless, in an effort to move past this issue, without waiving its objections or agreeing to their admissibility, Amgen is willing to produce the following Aranesp documents:

- Documents relating to Amgen's statements regarding whether Aranesp falls within the scope of the patents-in-suit.

- Documents sufficient to show the structure of the active ingredient in Aranesp, the pharmaceutical composition of Aranesp as it is sold in the U.S., FDA approved methods of use for Aranesp, and manufacture of Aranesp.

The foregoing should objectively and sufficiently address the relevance you articulated without burdening Amgen with producing in excess of one million pages of documents encompassed by the breadth of the requests. We remain willing to discuss further any specific issue you may have on Aranesp and its relevance to issues in this Lin patent case, but certainly your limited articulated theory of relevance does not justify the sweeping and burdensome requests on Aranesp that Roche has propounded.

**Request for Production Nos. 19-20, 27-28, 32, 34-35**: These requests generally seek all documents relating to any pegylated compound. As you know, we have produced and, to the extent any further documents are found after a reasonable investigation, will produce peg-EPO documents. By your own admission, you are seeking documents on proteins not implicated in the asserted Lin patents. You generally hypothesized that Amgen may have made comments in the course of researching these non-EPO proteins as to their characteristics if pegylated. You further hypothesized that such comments somehow would be relevant to whether Roche's peg-EPO protein CERA purportedly does not infringe the asserted Lin patents. Your offer to limit these requests to peg-GCSF and peg-MGDF was effectively no compromise because your requests still implicate hundreds of thousands of pages of documents (if not more) and you did

not articulate any theory of relevance other than your speculation about what such documents might show. We disagree that such documents are relevant under Rule 26, and it is clear that Roche is not just fishing, but is unmoored and trolling, and would place considerable burdens on Amgen to comply with the breadth of the requests. We of course are willing to discuss this further should you articulate a specific relevance to a request.

**Request for Production No. 24**: In addition to the above issues, you also stated that you want all internal Amgen communications concerning all submissions to the FDA regarding EPO regardless of their relevance. We responded by inviting you to narrow this to a specific communication based on your review of the actual FDA communications on EPO that Amgen already has produced and we would consider the narrowed request.

**Request for Production No. 31**: As we confirmed, we are producing the file histories of the patents-in-suit and the foreign counterparts thereof and also the U.S. file history for the '298 Strickland patent and the '835 Gabriel patent. We question the relevance of the '298 patent and the '835 patent to the CERA product or this litigation. Certinly, these documents may not be used for any purpose outside of this litigation.

**Request for Production No. 32**: In addition to the issues discussed above generally on Aranesp and pegylated compounds, your offer to restrict the request to publication nos. 2-4, 7-17, 21, 22, 24-34, and 36-40 is unacceptable as the requests continue to seek research and development documents of proteins not at issue. You did not point to any statement in any of the publications as justifying the discovery requested. In light of this, and for the general reasons stated above on Aranesp and other pegylated compounds, we stand on our objection.

**Request for Production Nos. 38-44**: You understand our objections to production of documents subject to a protective order to which Amgen remains bound. We confirmed that we are withholding confidential HMR/TKT documents from the HMR-TKT litigation because we do not have their permission to produce their confidential information and Amgen remains bound by the protective order. Regarding the Chugai and Genetics Institute litigations, documents those parties produced to Amgen and which did not become public during the course of those litigations were returned to those parties or destroyed in accordance with protective orders issued by the courts in those litigations. You asked whether Amgen would agree to produce third party confidential documents in Amgen's possession if Roche obtain the third party's consent. We said we would consider that.

**Request for Production Nos. 61-63**: You wanted to know why we limited our responses to January 1, 2005. We stated that we picked that date because Roche's date going back to 1980 would be overly broad. You asked whether we would consider a different time restriction. We responded that we would consider a different reasonable time restriction.

Howard Suh, Esq.
December 13, 2006
Page 4


**Request for Production No. 66**: You wanted to know why we picked 2007 as a cut-off date. We stated that this was because the request was un-bounded in time. You asked whether we would consider a different time restriction. We responded that we would consider a different time restriction so long as reasonable.

During our meet and confer, you did not raise any other document requests as being at issue and the subject of our meet and confer. You will recall that you decided to end the call after having discussed the above requests. We understand that you either have no specific issues with respect to Request Nos. 67-123 or that you intend to continue the meet and confer process at a later date. To respond to any inquiry Roche has on these document requests, please direct all correspondence to Michele Moreland's attention.

Very truly yours,

William G. Gaede, III

cc: Mike Gottfried, Esq.
Krista Carter, Esq.
Sandip H. Patel, Esq.