**REQUEST FOR PRODUCTION NO. 51:**

All Documents, Electronic Data and Communications Concerning any animal model for anemia, chronic kidney disease or end-stage renal disease.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of documents and

electronic data concerning "any animal model for anemia, chronic kidney disease or end-stage

renal disease," it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has

produced and will produce relevant, responsive, non-privileged documents. Amgen is willing to

negotiate with Defendants regarding narrowing this Request to a reasonable scope of documents

relevant to a claim or defense in this action.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents and Electronic Data Concerning and/or sufficient to identify the organization of and the responsibilities of officers and Employees of Amgen, Including the names, job titles and departments of all custodians of documents produced and to be produced by Amgen in this litigation.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: Amgen objects to this request as being overly broad, unduly

burdensome, and calling for the production of documents not reasonably calculated to lead to the

discovery of admissible evidence. For example, the Request would require Amgen to identify

essentially every officer and employee (and their respective responsibilities) since 1980.

Subject to and without waiver of the General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce documents sufficient to identify the name, job title, and department for each custodian from whom documents are being produced in this action to the extent that Defendants agree to do the same as requested in Amgen's pending Request for Production No. 140.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents and Electronic Data sufficient to identify all files or repositories in which any document responsive to these Requests is maintained in the normal course of business, and each index, key, code or other means of accessing and locating documents within such files or repositories.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents and electronic data "sufficient to identify all files or repositories in which any document responsive to these Requests is maintained," it is overly broad, vague and ambiguous, unduly burdensome, irrelevant to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will meet and confer with Roche in good faith to reach mutual agreement on the exchange of custodial and file source information for the production of documents.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents and Electronic Data Concerning and/or sufficient to identify Amgen's policies and procedures for the custodial retention and/or destruction of documents.

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are

incorporated herein by reference, Amgen responds as follows: Amgen has produced and will

produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Electronic Data Concerning any collaboration, joint venture,
agreement or communication, Including any written or oral discussions and correspondence, and
any drafts of the same, between Amgen and any third parties, Including Amgen's Affiliates and
partners, Concerning any effort or attempt, successful or otherwise, to license or grant rights
under Amgen's EPO patents, related Patents or related Patent Applications.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of documents and

electronic data concerning "any collaboration, joint venture, ... between Amgen and any third

parties ... Concerning any effort or attempt ... to license or grant rights under Amgen's EPO

patents, related Patents or related Patent Applications," it is overly broad, vague and ambiguous,

and not reasonably calculated to lead to the discovery of admissible evidence. Amgen also

objects to this request to the extent that it seeks production of documents and electronic data

subject to an agreement of confidentiality with any third parties.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has

produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents and Electronic Data Concerning any collaboration, joint venture,
agreement or communication, Including any written or oral discussions and correspondence, and
any drafts of the same, between Amgen and any third parties, Including Amgen's Affiliates and
partners, Concerning any ESA or related methods or processes.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of, for example, "All Documents and Electronic Data Concerning any ... communication ... between Amgen and any third parties ... Concerning any ESA," it encompasses every communication Amgen has ever had with third parties relating to Epogen® and Aranesp®. It is thus extraordinarily over broad (e.g., Amgen enters into tens of thousands of agreements with third parties every year regarding Epogen® and Aranesp®), unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Amgen is prohibited from disclosing information concerning those agreements to third parties by the terms of the agreements.

Subject to and without waiver of these Specific Objections and General Objections set forth above which are incorporated herein by reference, Amgen responds as follows: To the extent Amgen has not already done so, Amgen will produce documents sufficient to identify collaboration and joint venture agreements and the like between Amgen and any third parties concerning erythropoietin. Amgen will produce additional non-privileged documents responsive to this Request that contain information relevant to a claim or defense in this action, and is willing to negotiate with Defendants regarding narrowing this Request to a reasonable scope.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents and Electronic Data Concerning any covenants not to sue, demands made against any person to cease activities alleged to infringe Amgen's EPO Patents or any U.S. or foreign counterparts, or releases from charges of infringement or conveyances that Amgen has granted that involves any claim of Amgen's EPO Patents.

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents and Electronic Data Concerning any agreement between Roche and Amgen that refers or relates to any ESA, G-CSF, and/or any pegylated derivatives thereof.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents and electronic data concerning products other than erythropoietin, such as "any ESA, G-CSF, and/or any pegylated derivatives thereof," it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Amgen also objects to this request to the extent that it seeks production of documents and electronic data equally available and accessible to Roche as to Amgen.

**REQUEST FOR PRODUCTION NO. 59:**

All documents and Electronic Data reflecting plans, agreements, meetings or Communications with or about Roche Concerning pegylation of G-CSF or importation of a pegylated G-CSF product into the United States, Including communications involving Kevin Sharer, Art Brauer, Larry Souza, Robin Campbell or George Morstyn.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents and electronic data concerning products other than erythropoietin, such as "pegylation of G-CSF or importation of a pegylated G-CSF product," it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Amgen also objects to this request to the extent that it seeks production of documents electronic data equally available and accessible to Roche as to Amgen.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents and Electronic Data Concerning any agreement between Amgen and Fresenius Medical Care to supply Epogen® or Aranesp®.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of "all" documents and electronic data concerning any agreement with Frensius Medical Care to supply Epogen® or Aranesp®, it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Amgen further specifically objects to the extent this Request seeks production of documents and electronic data concerning any agreement with Frensius Medical Care to supply Aranesp®, on the ground that it is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Amgen also objects to the extent this Request seeks production of documents and electronic data subject to an agreement of confidentiality with Fresenius Medical Care.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen has produced and will produce relevant, responsive, and non-privileged documents that are not confidential to Fresenius Medical Care. In addition, Amgen will notify Fresenius Medical Care of this request and seek its permission to produce whatever documents Amgen may possess that are responsive to this request, but subject to Amgen's confidentiality agreement with Fresenius Medical Care.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents and Electronic Data Concerning Amgen's share of total sales in the United States of Erythropoietin Stimulating Agents ("ESAs") for the treatment of patients having End Stage Renal Disease who are receiving dialysis treatment ("ESRD").

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of "all" documents

and electronic data concerning Amgen's share of total sales of ESAs, unbounded in time, it is

overly broad and unduly burdensome. To the extent that this Request seeks production of

documents and electronic data concerning Amgen's share of total sales of ESAs other than

epoetin alfa, it is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to

lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen

will produce documents sufficient to show Amgen's share of total sales of Epogen® in the

United States for the treatment of chronic renal failure from January 1, 2005, to the present.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents and Electronic Data Concerning Amgen's share of the total sales in the United States of ESAs for the treatment of patients having Chronic Kidney Disease who are not receiving dialysis treatment ("CKD").

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of "all" documents

and electronic data concerning Amgen's share of total sales of ESAs, unbounded in time, it is

overly broad and unduly burdensome.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce documents sufficient to show Ortho's share of total sales of Procrit® in the United States for the treatment of Chronic Kidney Disease patients not on dialysis from January 1, 2005, to the present to the extent those documents are not subject to any contractual obligation of confidentiality that would otherwise prohibit its disclosure.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents and Electronic Data Concerning the structure or parameters of the markets and submarkets for any ESA products sold in the United States Including Documents or Electronic Data Concerning actual or potential substitutes for ESAs in the treatment of ESRD or CKD and/or potential customers and patients in such markets or submarkets.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: Amgen objects to this Request as overly broad and unduly burdensome as this request is not bounded in time and calls for the production of all documents in Amgen's possession.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant, responsive, non-privileged documents sufficient to show the "the structure or parameters of the markets and submarkets" for recombinant human erythropoietin dating back to January 1, 2005.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents and Electronic Data Concerning the entry or potential entry of any ESA products into the markets and/or submarkets for any ESA products, Including Documents or Electronic Data discussing or reflecting costs of or barriers to entry, such as, for example, FDA approval and business relationships with potential or existing customers.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents and electronic data concerning information unrelated to activities in the United States, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Amgen further objects to this Request as being overly broad and unduly burdensome because it is not bounded in time and calls for the production of <u>all</u> documents in Amgen's possession.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 65:**

All business plans, marketing plans, sales or market projections, market analyses, market share projections, pricing plans, pricing analyses, sales plans or projections for the sale or license of Aranesp® and/or Epogen® for treatment of patients with ESRD.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents and electronic data concerning information unrelated to activities in the United States, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant, responsive, non-privileged documents regarding 2007 and thereafter.

**REQUEST FOR PRODUCTION NO. 66:**

All business plans, marketing plans, sales or market projections, market analyses, market share projections, pricing plans, pricing analyses, sales plans or projections for the sale or license of Aranesp® and/or Epogen® for treatment of patients with CKD.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of documents and

electronic data concerning information unrelated to activities in the United States, it is overly

broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen

will produce relevant, responsive, non-privileged documents regarding 2007 and thereafter.

**REQUEST FOR PRODUCTION NO. 67:**

Unredacted copies of all documents identified on the "Index to Exhibits" to Amgen's SEC Form 10Q for the quarter ended December 31, 1985, including the "Technology and License Agreement dated September 30, 1985, between Kirin-Amgen, Inc. and Ortho Pharmaceutical Corporation," the "Product License Agreement dated September 30, 1985, between Kirin-Amgen, Inc. and Ortho Pharmaceutical Corporation," Amendment No. 1 dated March 19, 1985, to Shareholders' Agreement of Kirin-Amgen, Inc. dated May 11, 1984," Amendment No. 2 dated July 29, 1985, to Shareholders' Agreement of Kirin-Amgen, Inc. dated May 11, 1984," Amendment No. 3 dated December 19, 1985, to Shareholders' Agreement of Kirin-Amgen, Inc. dated May 11, 1984," and the Agreement dated May 10, 1985 between Amgen and Arbor Acres Farm, Inc., including unredacted copies of any Exhibits to these Agreements.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of documents and

electronic data regarding products other than erythropoietin, it is overly broad, and not

reasonably calculated to lead to the discovery of admissible evidence. Amgen further objects to

this request to the extent that it seeks production of documents and electronic data subject to an

agreement of confidentiality with a third party.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has

produced and will produce relevant, responsive, non-privileged documents.

## REQUEST FOR PRODUCTION NO. 68:

All Documents and Electronic Data Concerning any of the Agreements Listed on the
"Index to Exhibits" to Amgen's SEC Form 10Q for the quarter ended December 31, 1985,
including the "Technology and License Agreement dated September 30, 1985, between Kirin-
Amgen, Inc. and Ortho Pharmaceutical Corporation," the "Product License Agreement dated
September 30, 1985, between Kirin-Amgen, Inc. and Ortho Pharmaceutical Corporation,"
Amendment No. 1 dated March 19, 1985, to Shareholders' Agreement of Kirin-Amgen, Inc.
dated May 11, 1984," Amendment No. 2 dated July 29, 1985, to Shareholders' Agreement of
Kirin-Amgen, Inc. dated May 11, 1984," Amendment No. 3 dated December 19, 1985, to
Shareholders' Agreement of Kirin-Amgen, Inc. dated May 11, 1984," and the Agreement dated
May 10, 1985 between Amgen and Arbor Acres Farm, Inc, Concerning the infringement,
validity, enforceability, or subject matter of Amgen's EPO patents, and/or interpretation of any
claim of Amgen's EPO patents, including any communications between Amgen and any person
or Entity Concerning any of the above Agreements.

## RESPONSE:

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of documents and

electronic data regarding products other than erythropoietin, it is overly broad, and not

reasonably calculated to lead to the discovery of admissible evidence. To the extent that this

Request seeks production of documents and electronic data regarding "any communications

between Amgen and any person or Entity Concerning any of the Above Agreements," it is

irrelevant, overly broad, and not reasonably calculated to lead to the discovery of admissible

evidence. Amgen further objects to this request to the extent that it seeks production of

documents and electronic data subject to an agreement of confidentiality with a third party.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has

produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 69:**

All business plans, marketing plans, sales or market projections, market analyses, market
share projections, pricing plans, pricing analyses, sales plans or projections for the sale or license
of any ESA designed, developed, produced, manufactured, marketed or licensed by Amgen or
any third party.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of documents and

electronic data concerning information unrelated to activities in the United States, it is overly

broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence. To the extent that this Request seeks production of documents

and electronic data concerning information without limitation to any field of customers, it is

overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen

will produce relevant, responsive, non-privileged documents regarding 2007 and thereafter.

**REQUEST FOR PRODUCTION NO. 70:**

Documents concerning prices reported by Amgen to government entities, Including the
average sale price, best price, average wholesale price and average acquisition cost for Epogen®,
Aranesp®, Neulasta® and Neupogen® between 1985 and the present.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: Amgen objects to this request as overly broad, unduly burdensome,

and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it

seeks production of documents unrelated to activities in the United States, and includes products

not relevant to any claim or defense.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen

will produce relevant, responsive, non-privileged documents sufficient to show prices that

Amgen reported to government entities for Epogen® and Aranesp® dating back to January 1,

2005.

**REQUEST FOR PRODUCTION NO. 71:**

Documents concerning the costs associated with Amgen's Epogen® and Aranesp®
products between 1985 and the present, Including manufacturing costs, marketing costs, material
costs, sales costs, general overhead, administrative costs, packaging costs, legal costs, research
costs and rebates.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of documents

concerning information unrelated to activities in the United States, it is overly broad, vague and

ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen

will produce relevant, responsive, non-privileged documents sufficient to show costs dating back to January 1, 2005.

**REQUEST FOR PRODUCTION NO. 72:**

Documents concerning Amgen's sales of Epogen® and Aranesp® between 1995 and the present, Including the number of units sold for each product and unit size and total sales in U.S. dollars, and sales by Health Care Providers.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents concerning information unrelated to activities in the United States, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant, responsive, non-privileged documents sufficient to show Amgen's sales dating back to January 1, 2005.

**REQUEST FOR PRODUCTION NO. 73:**

Documents concerning the price of Epogen® and Aranesp® between 1985 and the present.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents concerning information unrelated to activities in the United States, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant, responsive, non-privileged documents sufficient to show price.

**REQUEST FOR PRODUCTION NO. 74:**

Documents concerning any profits and/or losses by Amgen for the sale of Epogen® and Aranesp® between 1989 and the present.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request:  To the extent that this Request seeks production of documents concerning information unrelated to activities in the United States, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant, responsive, non-privileged documents sufficient to show any profits and/or losses by Amgen for sales dating back to January 1, 2005.

**REQUEST FOR PRODUCTION NO. 75:**

Documents referring or relating to any alleged, supposed, or actual reasonably [*sic*, reasonable] royalty for the alleged use made of the invention (as this phrase is used in 35 U.S.C. § 284, paragraph 1) of each patent-in-suit by or for defendant.

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents to the extent any exist.

**REQUEST FOR PRODUCTION NO. 76:**

Documents referring or relating to any of the following factors:

1.     the royalties received by the patent owner for the licensing of the patent-in-suit, proving or tending to prove an established royalty;

2.     the nature and scope of the license for the patents-in-suit, as exclusive or nonexclusive, or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold;

3.     the licensor's (Amgen's) established policy and marketing program to maintain its patent monopoly by not licensing others to use the invention or by granting licenses under special conditions to preserve that monopoly;

4.     the commercial relationship between Amgen and Roche, such as whether they are competitors in the same territory in the same line of business;

5.     the effect of selling the patented specialty in promoting sales of other products of the licensor (Amgen); the existing value of the invention to the licensor as a generator of sales of its non-patented items, and the extent of such derivative or convoyed sales;

6.     the duration of the patent and the term of the license;

7.     the established profitability of the products made under the patent, its commercial success, and its current popularity;

8.     the utility and advantages of the patent property over old modes or devices, if any, that had been used for working out similar results;

9.     the nature of the patented invention, the character of the commercial embodiment of it as owned and produced by the licensor, and the benefits to those who have used the invention;

10.     the portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention of analogous invention;

11.     the portion of the realizable profit that should be credited to the invention as distinguishable from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the alleged infringer.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of documents

concerning information unrelated to activities in the United States, it is overly broad, vague and

ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence. Amgen further objects to this Request as being overly broad and unduly

burdensome because it is not bounded in time.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents regarding Amgen's EPO Patents.

**REQUEST FOR PRODUCTION NO. 77:**

Documents referring or relating to Amgen's practice and/or policy of marking products that are covered by the patents-in-suit.

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents sufficient to show Amgen's practice and/or policy.

**REQUEST FOR PRODUCTION NO. 78:**

All minutes of and notes from Amgen's board of directors or committee meetings, or any other Amgen meeting Concerning the research, development, and marketing of any ESA designed, developed, produced, manufactured, marketed or licensed by Amgen.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of "All minutes of and notes from ... or any other Amgen meeting Concerning the research, development, and marketing of any ESA designed, developed, produced, manufactured, marketed or licensed by Amgen," it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Amgen further objects to this Request as being overly broad and unduly burdensome because it is not bounded in time. Amgen also

objects to this Request on the grounds that it is duplicative of other requests propounded by the

Defendants. *See, e.g.*, Request Nos. 9, 22, 23

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has

produced and will produce relevant, responsive, non-privileged documents regarding

erythropoietin.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents and Electronic Data sufficient to identify all persons employed by Amgen
with responsibility for the development or commercialization of any ESA designed, developed,
produced, manufactured, marketed or licensed by Amgen.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request:  To the extent that this Request seeks production of documents

concerning information unrelated to activities in the United States, it is overly broad, vague and

ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to and without waiver of the General Objections set forth above, which are

incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant,

responsive, non-privileged documents sufficient to show persons employed by Amgen with

responsibility for the development and commercialization of Epogen®, and sufficient to show

persons employed by Amgen with responsibility for the commercialization of Aranesp®.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents and Electronic Data prepared by or for Amgen Concerning the activities
of its competitors on the expression or production of erythropoietin or ESAs, Including Roche

and Johnson & Johnson and any of their Affiliates, and any analysis, opinion, report, memorandum, discussion, evaluation, or otherwise of the same.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents concerning information unrelated to activities in the United States, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence  Amgen also objects to this Request to the extent that it seeks production of documents electronic data equally available and accessible to Roche as to Amgen.  Amgen further objects to this Request to the extent that it seeks production of documents and electronic data subject to an agreement of confidentiality with "Johnson & Johnson and any of their Affiliates."

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents and Electronic Data Concerning Amgen's knowledge of Roche's activities in research, patenting, development, and manufacturing of Roche's continuous erythropoiesis receptor activator (CERA).

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 82:**

All Documents and Electronic Data Concerning any forewarning, notice or communication from or on behalf of Amgen to Roche of the claims, substance, content or the issuance of Amgen's EPO Patents.

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are

incorporated herein by reference, Amgen responds as follows: Amgen has produced and will

produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 83:**

All Documents and Electronic Data Concerning any analysis or testing done by or on behalf of Amgen of any product or material produced by Roche which Amgen contends contains or is derived from erythropoietin, regardless of whether the analysis or test results support Amgen's contention.

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are

incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant,

responsive, non-privileged documents to the extent that any exist.

**REQUEST FOR PRODUCTION NO. 84:**

All Documents and Electronic Data Concerning any efforts to compare (i) the DNA sequence of any gene used by Roche which codes for erythropoietin with (ii) any DNA sequence claimed in Amgen's EPO Patents.

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are

incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant,

responsive, non-privileged documents to the extent that any exist.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents and Electronic Data sufficient to identify Amgen's understanding, knowledge, and participation in the use of international "units" for human erythropoietin instead of specific weight quantities (Including nanograms, micrograms, and milligrams).

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are

incorporated herein by reference, Amgen responds as follows: Amgen has produced and will

produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 86:**

All Documents and Electronic Data sufficient to identify Amgen's involvement in the worldwide effort to develop the international "units" standard for human erythropoietin, further Including Documents and Electronic Data sufficient to describe any other ESA in terms of EPO "units."

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of documents and

electronic data "sufficient to identify Amgen's involvement in the worldwide effort to develop

the international 'units' standard for human erythropoietin" and "sufficient to describe any other

ESA in terms of EPO 'units'" other than erythropoietin, it is overly broad, vague and ambiguous,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has

produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 87:**

All Documents and Electronic Data, Including laboratory notebooks, raw data, reports, memoranda, meeting minute notes, research proposals and requests for proposals and correspondence sufficient to identify Amgen's attempts to characterize interactions between (a) the human EPO receptor, whether soluble or present in any cell, and (b) any ESA, Including erythropoietin of any species, or any fragment, analog, or variant thereof.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request:  To the extent that this Request seeks production of documents and

electronic data concerning products other than erythropoietin, it is overly broad, vague and

ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence.  Amgen further objects to this Request as being overly broad and unduly

burdensome because it is not bounded in time.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has

produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 88:**

All Documents and Electronic Data, including but not limited to, laboratory notebooks referring or relating to the THE EPO PROJECT.

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above which are

incorporated herein by reference, Amgen responds as follows: Amgen has produced and will

produce relevant, responsive, non-privileged documents regarding erythropoietin.

**REQUEST FOR PRODUCTION NO. 89:**

All Documents and Electronic Data referring or relating to research and/or work performed by any Person at the University of Chicago, including but not limited to Dr. Eugene Goldwasser and/or his pre-doctoral, postdoctoral and professional researchers, or his colleagues,

collaborators or assistants, referring or relating to isolation, purification and/or characterization of any mammalian erythropoietin, including but not limited to human erythropoietin.

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 90:**

All Documents and Electronic Data filed, served or lodged in any prior court or administration proceeding, including all foreign equivalents, referring or relating to the subject matter disclosed or claimed in Amgen's EPO patents.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents and electronic data regarding proceedings other than those involving the patents-in-suit or their foreign equivalents, it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Amgen also objects to this request to the extent that it seeks production of documents and electronic data that would cause Amgen to violate a protective order entered into by a court in another judicial proceeding and to which Amgen remains bound.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 91:**

All Testimony of experts referring or relating to the subject matter disclosed and/or claimed in Amgen's EPO patents.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of documents and

electronic data regarding proceedings other than those involving the patents-in-suit or their

foreign equivalents, it is overly broad, unduly burdensome, and not reasonably calculated to lead

to the discovery of admissible evidence. Amgen objects to this request to the extent that it seeks

production of documents and electronic data that would cause Amgen to violate a protective

order entered into by a court in another judicial proceeding and to which Amgen remains bound.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has

produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 92:**

All Testimony of Dr. Lin, referring or relating to the subject matter disclosed and/or
claimed in Amgen's EPO patents.

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are

incorporated herein by reference, Amgen responds as follows: Amgen has produced and will

produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 93:**

All Testimony by any person that discusses the validity, enforceability, invalidity,
unenforceability, inventorship and/or construction or scope of any claim of Amgen's EPO
patents.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: Amgen objects to this request to the extent that it seeks production of

documents and electronic data that would cause Amgen to violate a protective order entered into by a court in another judicial proceeding and to which Amgen remains bound.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 94:**

All Documents and Electronic Data referring or relating to the possible infringement by Roche of Amgen's EPO patents.

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 95:**

All Documents and Electronic Data, including art, considered by Amgen in connection with determining whether to assert against Roche the Amgen's EPO patents.

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 96:**

All Documents and Electronic Data referring or relating to any Communication on the attributes, merits, properties, characteristics, deficiencies or shortcomings of various host cells to be used to express human EPO.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of documents and

electronic data concerning "any Communication," it is overly broad and unduly burdensome.

Amgen further objects to this Request as being overly broad and unduly burdensome because it

is not bounded in time.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has

produced and will produce relevant, responsive, non-privileged documents through the filing

date of the last issued patent-in-suit.

**REQUEST FOR PRODUCTION NO. 97:**

All Documents and Electronic Data referring or relating to any studies by Amgen or
conducted on Amgen's behalf relating to glycosylation of human erythropoietin.

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are

incorporated herein by reference, Amgen responds as follows: Amgen has produced and will

produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 98:**

All Documents and Electronic Data referring or relating to research conducted at or
funded by Amgen between January 1, 1980 and November 30, 1984 regarding the isolation
and/or expression of any DNA sequence encoding EPO or a fragment thereof including but not
limited to any documents that refer or relate to research, experiments, or work that was
unsuccessful in achieving isolation and/or expression of any such DNA sequence or fragment
thereof.

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 99:**

All Documents and Electronic Data which show that the subject matter disclosed and/or claimed in the Amgen EPO patents constitute "pioneering" inventions, as Amgen claims.

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 100:**

All Documents and Electronic Data which show that the subject matter disclosed and/or claimed in the Amgen EPO patents constitute "distinct" inventions, as Amgen claims.

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 101:**

All Documents and Electronic Data referring or relating to the commercial success or lack thereof of the Amgen EPO patents.

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 102:**

All Documents and Electronic Data referring or relating to the inventorship of the subject matter claimed in the Amgen EPO patents.

**RESPONSE:**

Subject to and without waiver of its General Objections set forth above which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 103:**

All Testimony of any person concerning the subject matter claimed and/or disclosed in the Amgen EPO patents.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents and electronic data regarding proceedings other than those involving the patents-in-suit or their foreign equivalents, it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Amgen also objects to this request to the extent that it seeks production of documents and electronic data that would cause Amgen to violate a protective order entered into by a court in another judicial proceeding and to which Amgen remains bound.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 104:**

All Documents and Electronic Data Concerning any communications between or Concerning Amgen and Fresenius Medical Care Concerning Roche, Amgen's EPO Patents or any Pegylated Compound.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of "all" documents

and electronic data concerning any communications with Frensius Medical Care, it is overly

broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence. Amgen also objects to this request to the extent that it seeks production of documents

and electronic data subject to an agreement of confidentiality with Fresenius Medical Care.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, and Amgen's response to Request for Production No. 60, all of which are

incorporated herein by reference, Amgen responds as follows: Amgen has produced and will

produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 105:**

All Documents and Electronic Data, Including laboratory notebooks, raw data, reports, memoranda, meeting minute notes, research proposals and requests for proposals and correspondence Concerning the interaction between any Pegylated Compound and the EPO receptor, e.g., the in vitro or in vivo erythropoietin receptor binding activity of any Pegylated Compound, the in vitro or in vivo affinity of any Pegylated Compound for the EPO receptor, and /or the internalization by cells of any ESA that has been chemically modified by pegylation, including, but not limited to, studies of Kd, Smax, or Bmax, on and off binding rates, and/or structure-activity studies, modeling and analysis, and all documents that compare or contrast any such characteristic of any ESA that has been chemically modified by pegylation, to a characteristic of any ESA, including but not limited to epoetin alfa, epoetin beta, RECORMON®, NEORECORMON®, EPOGEN®, EPREX®, PROCRIT®, or ARANESP®.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request:  To the extent that this Request seeks production of documents and

electronic data concerning "any Pegylated Compound," "any ESA that has been chemically

modified by pegylation," or products other than erythropoietin, it is overly broad, vague and

ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has

produced and will produce relevant, responsive, non-privileged documents regarding

erythropoietin.

**REQUEST FOR PRODUCTION NO. 106:**

All Documents and Electronic Data, Including laboratory notebooks, raw data, reports,
memoranda, meeting minute notes, research proposals and requests for proposals and
correspondence Concerning any difference in the nature, magnitude, and/or duration of any
response by an animal (including but not limited to humans) to the administration of any ESA
that has been chemically modified by pegylation, compared to the administration of any ESA,
including but not limited to epoetin alfa, epoetin beta, RECORMON®, NEORECORMON®,
EPOGEN®, EPREX®, PROCRIT®, or ARANESP®.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of documents and

electronic data concerning "any ESA that has been chemically modified by pegylation," or

products other than erythropoietin, it is overly broad, vague and ambiguous, unduly burdensome,

and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents regarding erythropoietin.

**REQUEST FOR PRODUCTION NO. 107:**

All Documents and Electronic Data, Including laboratory notebooks, raw data, reports, memoranda, meeting minute notes, research proposals and requests for proposals and correspondence Concerning the properties of any ESA that has been chemically modified by pegylation, with respect to pharmacokinetics, pharmacodynamics, clearance, receptor binding activity, safety, maintenance of hemoglobin levels, antigenicity, and/or immunogenicity, including all documents that compare or contrast such properties of any ESA that has been chemically modified by pegylation, to any ESA, including but not limited to epoetin alfa, epoetin beta, RECORMON®, NEORECORMON®, EPOGEN®, EPREX®, PROCRIT®, or ARANESP®.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents and electronic data concerning "any ESA that has been chemically modified by pegylation," or products other than erythropoietin, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents regarding erythropoietin.

**REQUEST FOR PRODUCTION NO. 108:**

All Documents and Electronic Data, Including laboratory notebooks, raw data, reports, memoranda, meeting minute notes, research proposals and requests for proposals and correspondence Concerning any comparison of any ESA that has been chemically modified by

pegylation, to any ESA, including but not limited to epoetin alfa, epoetin beta, RECORMON®, NEORECORMON®, EPOGEN®, EPREX®, PROCRIT®, or ARANESP®.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of documents and

electronic data concerning "any ESA that has been chemically modified by pegylation" and "any

ESA," it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has

produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 109:**

All Documents and Electronic Data, Including laboratory notebooks, raw data, reports, memoranda, meeting minute notes, research proposals and requests for proposals and correspondence Concerning any difference between any ESA that has been chemically modified by pegylation, and any ESA, including but not limited to epoetin alfa, epoetin beta, RECORMON®, NEORECORMON®, EPOGEN®, EPREX®, PROCRIT®, or ARANESP®.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of documents and

electronic data concerning "any ESA that has been chemically modified by pegylation" and "any

ESA," it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has

produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 110:**

All Documents and Electronic Data, Including laboratory notebooks, raw data, reports, memoranda, meeting minute notes, research proposals and requests for proposals and correspondence Concerning every comparative study or analysis of the mechanism of action, the pharmacodynamic and/or pharmacokinetic properties of an ESA that has been chemically modified by pegylation, upon administration to humans relative to those of any ESA, including but not limited to epoetin alfa, epoetin beta, RECORMON®, NEORECORMON®, EPOGEN®, EPREX®, PROCRIT® and/or ARANESP® upon administration to humans, including a description of any data, tests, and/or experiments regarding such comparisons.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of documents and

electronic data concerning "an ESA that has been chemically modified by pegylation" and "any

ESA," it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has

produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 111:**

All Documents and Electronic Data, Including laboratory notebooks, raw data, reports, memoranda, meeting minute notes, research proposals and requests for proposals and correspondence Concerning any ESA that has been chemically modified by pegylation, used in any clinical trial to date, the protocol(s) for each such clinical trial, the principal investigators involved in each such clinical trial, and summaries of the results of each such clinical trial.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of documents and

electronic data concerning "any ESA that has been chemically modified by pegylation" or

products other than erythropoietin, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 112:**

All Documents and Electronic Data, Including laboratory notebooks, raw data, reports, memoranda, meeting minute notes, research proposals and requests for proposals and correspondence Concerning the timing, nature of, and reasons for any amendments to any protocol for any clinical trial in which any ESA that has been chemically modified by pegylation, has been administered to a human being.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents and electronic data concerning "any ESA that has been chemically modified by pegylation" or products other than erythropoietin, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 113:**

All Documents and Electronic Data, Including reports, memoranda, meeting minute notes, research proposals and requests for proposals and correspondence Concerning Amgen's efforts, either supporting or opposing any modification, amendment, clarification, or otherwise change to 35 U.S.C. § 271(g) or its related legislative history, including Amgen's lobbying efforts and communications with any member or body of the executive or legislative branches of the United States.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: Amgen objects to this Request as being unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 114:**

All Documents and Electronic Data Concerning contracts, agreements, negotiations or
discussions between Amgen and any third party, Including any Health Care Provider, concerning
the purchase, manufacture, source or supply of any ESA product, Including requirements
contracts, exclusive dealing arrangements, discounts, bundled discounts across product lines,
rebates and/or pricing.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request:  Amgen objects to this Request because, to the extent that it seeks, for

example, production of "All Documents and Electronic Data Concerning contracts, agreements,

negotiations or discussions between Amgen and any third party ... concerning the purchase,

manufacture, source or supply of any ESA," it encompasses every contract, agreement,

negotiation or discussion Amgen has ever had with a third party relating to the purchase,

manufacture, source or supply of Epogen® and Aranesp®.  It is thus extraordinarily over broad

(e.g., Amgen enters into tens of thousands of agreements with third parties every year regarding

Epogen® and Aranesp®), unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence.  Moreover, Amgen is prohibited from disclosing information

concerning those agreements to third parties by the terms of those agreements.  Amgen further

objects to this Request as being overly broad and unduly burdensome because it is not bounded

in time.  Amgen is willing to negotiate with Defendants regarding narrowing this Request to a

reasonable scope of documents relevant to a claim or defense in this action.

**REQUEST FOR PRODUCTION NO. 115:**

All Documents and Electronic Data Concerning communications with Health Care Providers regarding CERA.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: Amgen objects to this request to the extent that it seeks production of documents and electronic data concerning information unrelated to activities in the United States and concerning non-Amgen communications as being overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents to the extent that any exist.

**REQUEST FOR PRODUCTION NO. 116:**

All Documents and Electronic Data Concerning the effect of government or private insurance reimbursement of Health Care Providers for the use of ESAs on the prices, sales or market shares of Aranesp®, Epogen®, Procrit® and/or other products of any actual or potential competitors.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents concerning information unrelated to activities in the United States, and unbounded it time, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  To the extent that this Request seeks production of

documents and electronic data concerning information without limitation to any field of

customers, it is overly broad and calls for the production of documents not reasonably calculated

to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen

will produce relevant, responsive, non-privileged documents dating back to January 1, 2005.

**REQUEST FOR PRODUCTION NO. 117:**

All Documents and Electronic Data Concerning communications with Health Care
Providers regarding clinical trials involving patients with anemia, Including clinical trials
conducted by Amgen, Roche or any other Amgen competitor.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of documents and

electronic data concerning information not directed to activities in the United States, unbounded

in time, and concerning products other than the accused product, it is overly broad, vague and

ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence.  To the extent that this Request seeks production of documents and

electronic data concerning information without limitation to any field of customers, it is overly

broad, and not reasonably calculated to lead to the discovery of admissible evidence.  Amgen

also objects to this request to the extent that it seeks production of documents and electronic data

subject to an agreement of confidentiality with the "Health Care Provider" regarding Amgen's

clinical trials.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has

produced and will produce relevant, responsive, non-privileged documents regarding

Defendants' accused product and regulatory filings regarding epoetin alfa marketed and sold

under the brand name Epogen®.

**REQUEST FOR PRODUCTION NO. 118:**

All Documents and Electronic Data Concerning resources for conducting clinical trials related to ESA drugs between 2000 and the present, including the availability of clinical investigators, investigation sites, and/or patients needed or desired for clinical trials or other research.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific

Objections to this request: To the extent that this Request seeks production of documents and

electronic data concerning information unrelated to activities in the United States, it is overly

broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence. To the extent that this Request seeks production of documents

and electronic data concerning information without limitation to any field of customers, it is

overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen

will produce relevant, responsive, non-privileged documents regarding Defendants' accused

product and regulatory filings regarding epoetin alfa marketed and sold under the brand name

Epogen®.

**REQUEST FOR PRODUCTION NO. 119:**

All Documents and Electronic Data Concerning Roche's effort to obtain FDA approval of CERA, Including Amgen's communications with third parties regarding that effort.

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 120:**

All Documents and Electronic Data Concerning any research grants or any other value, monetary or otherwise, provided to any Health Care Provider by, or administered by, Amgen.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents concerning information unrelated to activities in the United States, unbounded in time, and not limited to erythropoietin, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. To the extent that this Request seeks production of documents and electronic data concerning information without limitation to any field of customers, it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Amgen further objects to this request to the extent that it seeks production of documents and electronic data subject to an agreement of confidentiality with the "Health Care Provider."

Subject to and without waiver of the General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce non-privileged documents sufficient to identify research grants and the like dating back to January 1, 2005. Amgen is willing to negotiate with Defendants regarding narrowing this Request to a reasonable scope of documents relevant to a claim or defense in this action.

**REQUEST FOR PRODUCTION NO. 121:**

All Documents and Electronic Data Concerning Amgen's commencement, prosecution and maintenance of In the Matter of: Certain Products and Pharmaceutical Compositions Containing Recombinant Human Erythropoietin, filed under Section 337 of the Tariff Act of 1930 with the International Trade Commission on April 11, 2006, Including appeals, Including any effect on Roche of such litigation.

**RESPONSE:**

Subject to and without waiver of the General Objections set forth above, which are

incorporated herein by reference, Amgen responds as follows: Amgen has produced and will

produce relevant, responsive, documents not authored or received by an attorney (including, but

not limited to, Amgen's counsel of record in the ITC action and ITC staff attorneys).

**REQUEST FOR PRODUCTION NO. 122:**

All Documents and Electronic Data identified by Amgen in response to any interrogatory served on Amgen in this action.

**RESPONSE:**

Subject to the General Objections set forth above, which are incorporated herein by

reference, Amgen responds as follows: Amgen will produce relevant, responsive, non-privileged

documents.

**REQUEST FOR PRODUCTION NO. 123:**

All Documents and Electronic Data which Amgen intends to rely upon at trial in this action.

**RESPONSE:**

Subject to the General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant, responsive, non-privileged documents.

Dated: December 4, 2006

AMGEN INC.,
By its attorneys,


/s/ Michele E. Moreland
William G. Gaede III (*pro hac vice*)
Michele E. Moreland (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:    (650) 813-5000
Facsimile:    (650) 813-5100

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
MarySusan Howard
Kimberlin L. Morley
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
Telephone:    (805) 447-5000

D. Dennis Allegretti (BBO#545511)
Michael R. Gottfried (BBO#542156)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone:    (617) 289-9200
Facsimile:    (617) 289-9201

Lloyd R. Day, Jr. (*pro hac vice*)
DAY CASEBEER MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone:    (408) 873-0110
Facsimile:    (408) 873-0220

Kevin M. Flowers (*pro hac vice*)
Sandip H. Patel (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:    (312) 474-6300
Facsimile:    (312) 474-0448

## CERTIFICATE OF SERVICE

I hereby certify that a copy of **AMGEN INC.'S OBJECTIONS AND RESPONSES**

**TO DEFENDANTS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF**

**DOCUMENTS AND THINGS (NOS. 1-123)** was served upon the attorneys of record for the

Defendants (as listed below) via overnight courier and electronic mail on December 4, 2006.

Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard Suh (*pro hac vice*)
Peter Fratangelo (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone:  (212) 836-8000

and

Lee Carl Bromberg (BBO#058480)
Julia Huston (BBO#562160)
Keith E. Toms (BBO#663369)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Telephone:  (617) 443-9292

/s/ Michele E. Moreland
MICHELE E. MORELAND