Exhibit 4
Part 3 of 3

Dockets.Justia.com

otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 152:**

Documents and things sufficient to identify each person employed by or affiliated with ROCHE who has or had responsibility relating to peg-EPO, by name, title, employment duties, and area of responsibility, including organizational charts showing the titles, employment duties, and relationships between and among such persons, and any analysis or evaluation relating to the performance of such persons while employed by or affiliated with ROCHE.

**RESPONSE TO REQUEST NO. 152:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as overly broad, indeterminate and of unreasonable scope in its reference to each person "affiliated with ROCHE." Moreover, Roche objects to this Request as any "analysis or evaluation relating to the performance of such persons" bears no relevance to any claim or defense in this action.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 153:**

An electronic copy of any software tool or database that identifies the name, title, responsibility and/or location of each ROCHE employee, contractor and/or consultant whose duties relate in any way to the clinical development, manufacture, supply, inventory, pricing, marketing, advertising, reimbursement, sale or medical support of peg-EPO (including MIRCERA).

**RESPONSE TO REQUEST NO. 153:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request's use of the term "software tool or database" to the extent it is vague, ambiguous and undefined. Moreover, Roche objects to this Request as overly broad, indeterminate and of unreasonable scope in its reference to each "contractor and/or consultant."

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, pricing, marketing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 154:**

Documents and things sufficient to identify and describe the goals, milestones, budgets and tasks, for each quarterly and annual period from 2001 through 2008, of each team or group within ROCHE involved in the preclinical, clinical, regulatory or technical development, manufacture and supply of MIRCERA for sale in the United States.

**RESPONSE TO REQUEST NO. 154:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request to the extent it seeks documents and things relating to ongoing clinical trials post-dating Roche's filing of its BLA No. STN 125164/0. In order to avoid unnecessarily delaying or disrupting these trials, Roche will provide relevant documents relating to these trials only upon their completion, if any.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 155:**

Documents and things sufficient to identify and describe the goals, milestones, budgets and tasks, for each quarterly and annual period from 2001 through 2008, of each team or group within ROCHE involved in the marketing, commercial launch, brand strategy, reimbursement, promotion, or medical education of MIRCERA use in the United States.

**RESPONSE TO REQUEST NO. 155:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to marketing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To

the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to

supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant,

non-cumulative documents responsive to this Request which are in Roche's possession, custody

or control and which are not subject to a claim of privilege or work product immunity or

otherwise protected from disclosure, will be produced or made available for inspection and

copying.

**REQUEST NO. 156:**

Documents and things sufficient to show every URL, directory, website structure and
home page view of each internal ROCHE website containing any information relating to the
clinical development, manufacture, inventory, transfer, marketing, sale, pricing, reimbursement
or distribution of peg-EPO (including MIRCERA).

**RESPONSE TO REQUEST NO. 156:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague,

ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche

objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.

In particular, Roche objects to this Request as overly broad, vague, ambiguous, harassing and

oppressive to the extent it seeks documents and things relating to "every URL, directory, website

structure and home page view of each internal ROCHE website." Roche also objects to this

Request as seeking documents and information relevant only to issues relating to 35 U.S.C.

§ 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue

in this action to the extent it refers to inventory, distribution and related areas. To the extent any

of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's

production from the ITC investigation for documents responsive to this Request.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, pricing, marketing and reimbursement, that bear no relevance to any claim or defense in this action.

## REQUEST NO. 157:

Documents and things sufficient to show all directories and menus of MIRCERA-related documents, files and electronic links accessible via ROCHE's internal computer network to each of Phillippe Van der Auwera, Frank C. Dougherty, Michael Jarsch, George Abercrombie, Ute Dugan, Lars Birgerson, Dick Hinson, Barbara Senich, Chrys Kokino, Ken Miller, John Keefe, and George Esgro.

## RESPONSE TO REQUEST NO. 157:

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. In particular, Roche objects to this Request as overly broad, vague, ambiguous, harassing and oppressive to the extent it seeks documents and things relating to "all directories and menus."

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

## REQUEST NO. 158:

Documents and things sufficient to identify, describe and explain ROCHE'S use of enterprise resource planning (ERP) and product lifecycle management (PLM) software and databases in connection with its manufacture, packaging, labeling, inventory, transfer, importation, distribution and sale of peg-EPO in the United States (including MIRCERA).

**RESPONSE TO REQUEST NO. 158:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to inventory, importation, distribution and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 159:**

Documents and things sufficient to identify and explain all material master numbers assigned or used by ROCHE to track or record the manufacture, packaging, labeling, inventory, transfer, importation, distribution and sale of peg-EPO (including MIRCERA) in the United States.

**RESPONSE TO REQUEST NO. 159:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to the use of the term "material master numbers" as it is vague, ambiguous and undefined. Roche also objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to inventory, transfer, importation, distribution and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**REQUEST NO. 160:**

Documents and things sufficient to show all locations throughout the world at which ROCHE maintains any inventory of peg-EPO and the most current stock levels of peg-EPO (including MIRCERA) at each location by vial or syringe size and quantity.

**RESPONSE TO REQUEST NO. 160:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request as overly broad and harassing as it relates to inventory and stock levels "throughout the world" and therefore seeks documents and things bearing no

relevance to any claim or defense in this action. Roche also objects to this Request as seeking

documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the

subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the

extent it refers to stock levels and inventory and related areas. To the extent any of these areas

are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the

ITC investigation for documents responsive to this Request.

## REQUEST NO. 161:

Documents and things sufficient to identify, describe and explain ROCHE'S use of
software database systems, including any SAP or PMX system used to track transfers and
shipments of peg-EPO to and within the United States.

## RESPONSE TO REQUEST NO. 161:

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous,

harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche

objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.

Roche also objects to this Request as seeking documents and information relevant only to issues

relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that

are no longer in issue in this action to the extent it refers to transfers and shipments and related

areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers

Amgen to Roche's production from the ITC investigation for documents responsive to this

Request.

Moreover, Roche objects to this Request as relating to the use of software database

systems and therefore seeking documents and things bearing no relevance to any claim or

defense in this action.

**REQUEST NO. 162:**

Documents and things sufficient to identify, describe and explain every tabulation of EPO and peg-EPO imported into the United States.

**RESPONSE TO REQUEST NO. 162:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**REQUEST NO. 163:**

Documents and things sufficient to account for the transfer or shipment into the United States and ultimate disposition of all EPO and peg-EPO imported into the United States.

**RESPONSE TO REQUEST NO. 163:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that

are no longer in issue in this action to the extent it refers to transfer[s], shipment[s], importation

and related areas.  To the extent any of these areas are still relevant to any issue in this action,

Roche refers Amgen to Roche's production from the ITC investigation for documents responsive

to this Request.

## REQUEST NO. 164:

For each instance of importation into the United States of any EPO product, including
(without limitation) peg-EPO, EPO, or any non-PEG component of peg-EPO, documents and
things sufficient to separately describe and account for each importation of such product,
including (without limitation):

(a)     The location(s) where the EPO or peg-EPO is manufactured;

(b)     The date(s) of each importation;

(c)     The ROCHE entity that contracted to ship the product to the United States;

(d)     The commercial carrier for each importation;

(e)     The ROCHE entity that delivered the product to such carrier;

(f)     The unit(s) and volume(s) of product(s) imported;

(g)     Any customs agent or broker for such importation;

(h)     The ROCHE entity receiving the imported product(s);

(i)     The port of entry for the imported product(s);

(j)     The disposition of all imported product(s) after importation, including (without
limitation) identifying each recipient of such product(s), the unit(s) and volume(s) of such
product(s) provided to each recipient, the date(s) such product(s) was provided to each recipient,
and all purposes for which such product was provided to each recipient;

(k)     All uses of such product(s) including the date(s) of use and the unit(s) and
volume(s) used; and

(l)     All documents recording or reflecting any purpose(s) and use(s) for which any
product was consumed or used by ROCHE or any recipient.

**RESPONSE TO REQUEST NO. 164:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Moreover, Roche objects to this Request as compound and duplicative. Roche further objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation, shipments and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**REQUEST NO. 165:**

All documents and things relating to the location(s) and amount(s) of all EPO and peg-EPO in the United States.

**RESPONSE TO REQUEST NO. 165:**

Roche objects to this Request as overly broad, duplicative, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Roche further objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to "the location(s) and

amount(s) of all EPO and peg-EPO in the United States" and related areas. To the extent any of

these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's

production from the ITC investigation for documents responsive to this Request.

## REQUEST NO. 166:

Documents and things sufficient to show the quarterly and monthly volume of peg-EPO, EPO or any non-peg component of peg-EPO ROCHE plans to import into the United States at any time through December 31, 2008, including United States sales forecasts, manufacturing requirement forecasts (either worldwide or for the United States), and manufacturing schedules and plans.

## RESPONSE TO REQUEST NO. 166:

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous

and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to

this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also

objects to this Request as seeking materials and information that have no relevance to any claim

or defense in this action as EPO is not the accused product in this case. Moreover, Roche objects

to this Request as overly broad and harassing as it relates to sales and manufacturing forecasts

"worldwide" and "at any time through December 31, 2008" and therefore seeks documents and

things bearing no relevance to any claim or defense in this action.

In light of Amgen's current position that it does not seek relief in the form of damages,

this Request is of unreasonable scope and seeks documents and things, particularly relating to

sales and manufacturing forecasts, that bear no relevance to any claim or defense in this action.

Roche will therefore produce such documents only to the extent they relate to the factors

considered in a preliminary or permanent injunction determination should those issues arise. To

the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to

supplement its response to this Request.

Roche further objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 167:**

Documents and things sufficient to show how ROCHE plans to use the EPO, peg-EPO, or any non-peg component of peg-EPO to be imported into the United States from January 1, 1995 through December 31, 2008.

**RESPONSE TO REQUEST NO. 167:**

Roche objects to this Request as overly broad, duplicative, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Moreover, Roche objects to this Request as overly broad and harassing as it relates to importation and use "through December 31, 2008" and therefore seeks documents and things bearing no relevance to any claim or defense in this action. Roche further objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of

ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers

to importation and related areas. To the extent any of these areas are still relevant to any issue in

this action, Roche refers Amgen to Roche's production from the ITC investigation for documents

responsive to this Request.

Subject to these objections and the General Responses and Objections above, relevant,

non-cumulative documents responsive to this Request which are in Roche's possession, custody

or control and which are not subject to a claim of privilege or work product immunity or

otherwise protected from disclosure, will be produced or made available for inspection and

copying.

**REQUEST NO. 168:**

All documents and things relating to the manufacture and use by Nektar Therapeutics
and/or its subsidiary Shearwater of polyethylene glycol that has been or will be used to make
peg-EPO including any contract(s), agreement(s), proposal(s), and/or plan(s) relating thereto.

**RESPONSE TO REQUEST NO. 168:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous

and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to

this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.

Subject to these objections and the General Responses and Objections above, relevant,

non-cumulative documents responsive to this Request which are in Roche's possession, custody

or control and which are not subject to a claim of privilege or work product immunity or

otherwise protected from disclosure, will be produced or made available for inspection and

copying.

**REQUEST NO. 169:**

All documents and things relating to polyethylene glycol ordered or supplied to ROCHE
in the United States (including but not limited to ROCHE's facilities in Nutley, New Jersey) that
has been or will be used to manufacture peg-EPO.

**RESPONSE TO REQUEST NO. 169:**

Roche incorporates herein by reference its Response to Request No. 168 above.

**REQUEST NO. 170:**

All documents and things relating to EPO ordered or supplied to ROCHE in the United States (including but not limited to ROCHE's facilities in Nutley, New Jersey) after 1995.

**RESPONSE TO REQUEST NO. 170:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 171:**

All documents and things relating to the manufacture or attempted manufacture of peg-EPO or EPO by or on behalf of ROCHE in the United States after 1995.

**RESPONSE TO REQUEST NO. 171:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 172:**

Documents and things sufficient to show the volume and units of peg-EPO or EPO manufactured in the United States by or for ROCHE after 1995, including the volume and units of peg-EPO or EPO manufactured at ROCHE's facilities in Nutley, New Jersey.

**RESPONSE TO REQUEST NO. 172:**

Roche incorporates herein by reference its Response to Request No. 171 above.

**REQUEST NO. 173:**

All documents and things relating to the peg-EPO or EPO manufacturing, production or purification process developed or refined by or for ROCHE in the United States.

**RESPONSE TO REQUEST NO. 173:**

Roche incorporates herein by reference its Response to Request No. 171 above.

**REQUEST NO. 174:**

All documents and things relating to the transfer of Roche's peg-EPO manufacturing, production or purification process, including transfer of EPO products, from any facility in the United States (including but not limited to ROCHE's facilities in Nutley, New Jersey) to any ROCHE facility outside the United States.

**RESPONSE TO REQUEST NO. 174:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case.

Roche objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to transfers of MIRCERA™ and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**REQUEST NO. 175:**

All documents and things relating to any contract or agreement between any of the ROCHE defendants or between any of the ROCHE defendants and any third party regarding the importation or transfer of peg-EPO or any non-peg component of peg-EPO in the U.S.

**RESPONSE TO REQUEST NO. 175:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements. Roche further objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation, transfer and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**REQUEST NO. 176:**

All documents and things relating to any existing or proposed understanding or agreement relating to peg-EPO between ROCHE and any person that is not a party to this lawsuit regarding the importation or transfer of peg-EPO or any non-peg component of peg-EPO in the U.S.

**RESPONSE TO REQUEST NO. 176:**

Roche incorporates herein by reference its Response to Request No. 175 above.

**REQUEST NO. 177:**

All documents and things relating to any existing or proposed understanding or agreement relating to peg-EPO between or among any of the ROCHE Defendants, including by or between any of the Roche subsidiaries, affiliates, divisions, parents, and/or otherwise related persons, including any existing or proposed understanding or agreement regarding the transfer of peg-EPO between or among such entities.

**RESPONSE TO REQUEST NO. 177:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous,

harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche

objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.

Roche also objects to this Request as seeking documents and information relevant only to issues

relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that

are no longer in issue in this action to the extent it refers to the transfer of MIRCERA™ and

related areas. To the extent any of these areas are still relevant to any issue in this action, Roche

refers Amgen to Roche's production from the ITC investigation for documents responsive to this

Request.

**REQUEST NO. 178:**

All documents and things relating to any agreement or contract between or among any of the ROCHE defendants or any of their affiliates regarding the manufacture, use, sale, offer for sale, reimbursement, or transfer of peg-EPO or any component of peg-EPO intended for use in the United States.

**RESPONSE TO REQUEST NO. 178:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous,

harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche

objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, particularly relating to sales and reimbursement, that bear no relevance to any claim or defense in this action.

Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to the transfer of MIRCERA™ and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

Moreover, Roche objects to this Request as agreements or contracts between or among any of the ROCHE defendants or any of their affiliates bear no relevance to any claim or defense in this action.

## REQUEST NO. 179:

All documents and things relating to the transfer price of peg-EPO between or amongst the ROCHE Defendants or their subsidiaries, affiliates, parents, agents, and/or otherwise related persons.

## RESPONSE TO REQUEST NO. 179:

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, particularly relating to "transfer price," that bear no relevance to any claim or defense in this action.

Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-

568 that are no longer in issue in this action to the extent it refers to the transfer of MIRCERA™

and related areas. To the extent any of these areas are still relevant to any issue in this action,

Roche refers Amgen to Roche's production from the ITC investigation for documents responsive

to this Request.

## REQUEST NO. 180:

Documents and things sufficient to identify and describe each transfer of peg-EPO
between or among the ROCHE Defendants or their subsidiaries, affiliates, parents, agents, and/or
otherwise related persons.

## RESPONSE TO REQUEST NO. 180:

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous,

harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche

objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.

Roche also objects to this Request as seeking documents and information relevant only to issues

relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that

are no longer in issue in this action to the extent it refers to the transfer of MIRCERA™ and

related areas. To the extent any of these areas are still relevant to any issue in this action, Roche

refers Amgen to Roche's production from the ITC investigation for documents responsive to this

Request.

## REQUEST NO. 181:

All documents and things concerning any document, product, composition, method or
event considered by ROCHE to be, to have been, or to relate to prior art to any claim in Amgen's
patents-in-suit under 35 U.S.C. §§ 102 or 103.

## RESPONSE TO REQUEST NO. 181:

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous

and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to

this Request as seeking documents, things and information protected by a claim of privilege or

work product immunity. Moreover, Roche objects to this Request to the extent it calls for a legal conclusion.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 182:**

All documents and things comprising or relating to any communication made at any time since 1978 involving Shin Ashida, Joseph Baron, Shyozo Chiba, Harald Conradt, Dale Cumming, R.E. Gaines Das, Margaret Smith Dordal, Dimitrios Emmanouel, Allan Erslev, Joaquin Espada, James Fisher, Edward Fritsch, Minoru Fukuda, Eugene Goldwasser, Masaki Goto, Masamichi Hagiwara, Ken Hayashibara, Yasushi Hayashibara, Rodney Hewick, Hajime Hiratani, Nobuo Imai, Akira Kobata, Charles Kung, Por Lai, Takaji Miyake, Manfred Nimtz, Ryuzo Sasaki, Judith Sherwood, Daniel Shouval, P.L. Storring, Kaname Sugimoto, Makoto Takeuchi, Kenji Takezawa, Keisuke Toyama or Shin-Ichi Yanagawa relating to erythropoietin.

**RESPONSE TO REQUEST NO. 182:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as erythropoietin is not the accused product in this case. Moreover, Roche objects to this Request's use of the term "documents and things comprising or relating to any communication made at any time since 1978 . . . relating to erythropoietin" as overly broad, unduly burdensome and harassing.

**REQUEST NO. 183:**

All documents and things comprising or relating to any communication made at any time since 1983 involving any current or former employee of Genetics Institute or any of its successors-in-interest regarding erythropoietin.

**RESPONSE TO REQUEST NO. 183:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as erythropoietin is not the accused product in this case. Roche also objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements. Roche further objects to this Request as vague, ambiguous and indeterminate as it refers to "any communication" between undefined parties.

**REQUEST NO. 184:**

All documents and things comprising or relating to any communication made at any time since 1983 involving any current or former employee of Chugai Pharmaceutical Co., Ltd., or any of its successors-in-interest regarding erythropoietin.

**RESPONSE TO REQUEST NO. 184:**

Roche incorporates herein by reference its Response to Request No. 183 above.

**REQUEST NO. 185:**

All documents and things comprising or relating to any communication made at any time since 1983 involving any current or former employee of Amgen or Kirin-Amgen regarding erythropoietin.

**RESPONSE TO REQUEST NO. 185:**

Roche incorporates herein by reference its Response to Request No. 183 above.

**REQUEST NO. 186:**

All documents and things comprising or relating to any communication made at any time since 1983 involving any current or former employee of Johnson & Johnson or any of its affiliates regarding erythropoietin.

**RESPONSE TO REQUEST NO. 186:**

Roche incorporates herein by reference its Response to Request No. 183 above.

**REQUEST NO. 187:**

All documents and things concerning any attempt to reproduce, test, or characterize any product, composition, and/or method that ROCHE contends constitutes or relates to prior art to any claim in Amgen's patents-in-suit under 35 U.S.C. §§ 102 or 103.

**RESPONSE TO REQUEST NO. 187:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking documents, things and information protected by a claim of privilege or work product immunity. Moreover, Roche objects to this Request to the extent it calls for a legal conclusion.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 188:**

All documents and things relating to any proposal, plan or attempt to obtain or purify erythropoietin from human urine.

**RESPONSE TO REQUEST NO. 188:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as erythropoietin is not the accused product in this case. Roche further objects to this Request as seeking documents, things and information protected by a claim of privilege or work product immunity.

Subject to these objections and the General Responses and Objections above, relevant,

non-cumulative documents responsive to this Request which are in Roche's possession, custody

or control and which are not subject to a claim of privilege or work product immunity or

otherwise protected from disclosure, will be produced or made available for inspection and

copying.

**REQUEST NO. 189:**

A representative 10 mg purified bulk sample of any ESP obtained from human urine, and
such documents and things as are sufficient to identify the origin, production lot, date of
production, composition, characteristics, and all analytical test results of said purified bulk ESP
sample.

**RESPONSE TO REQUEST NO. 189:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous,

harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche

objects to this Request to the extent it seeks information regarding products or molecules other

than Roche's CERA or MIRCERA™ product for which commercial approval is sought in

Roche's BLA No. STN 125164/0. Roche further objects to this Request's use of the term "any

ESP" as overly broad, unduly burdensome and harassing.

Roche also objects to this Request to the extent it seeks production of material that could

constitute a non-exempt use under 35 U.S.C. § 271(e)(1) and subject Roche to potential liability.

Roche refers Amgen to Roche's BLA No. STN 125164/0 already produced to Amgen in ITC

Investigation No. 337-TA-568 for information concerning the production, composition,

characteristics and relevant analytical test results of MIRCERA™. Roche will not produce any

such samples to Amgen as they are unnecessary and irrelevant.

**REQUEST NO. 190:**

All documents and things relating to testing, analysis, characterization or evaluation of
any ESP product or composition derived from human urine, including any characterization or

evaluation of its molecular weight, amino acid sequence, structure, spectra, post-translational modification, glycosylation, sialylation, acetylation, sulfation, phosphorylation, proteolysis, homogeneity, integrity, purity, specific activity, *in vitro* or *in vivo* biological activity, or any other physical or functional characteristic.

**RESPONSE TO REQUEST NO. 190:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request to the extent it seeks information regarding products or molecules other than Roche's CERA or MIRCERA™ product for which commercial approval is sought in Roche's BLA No. STN 125164/0. Roche further objects to this Request's use of the term "any ESP product or composition" as overly broad, unduly burdensome and harassing. Moreover, Roche objects to this Request to the extent it uses terms that may require construction by the Court.

Roche refers Amgen to Roche's BLA No. STN 125164/0 already produced to Amgen in ITC Investigation No. 337-TA-568 for information concerning the testing, analysis, characterization or evaluation of MIRCERA™.

**REQUEST NO. 191:**

All documents and things relating to any comparison between the molecular weight, amino acid sequence, structure, spectra, post-translational modification, glycosylation, sialylation, acetylation, phosphorylation, sulfation, proteolysis, homogeneity, integrity, purity, specific activity, *in vitro* or *in vivo* biological activity, or any other physical or functional characteristic of any ESP product or composition derived from human urine, and the corresponding characteristic(s) of any other ESP, including MIRCERA, NeoRecormon, or any ESP made or sold by Amgen or its licensee(s).

**RESPONSE TO REQUEST NO. 191:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request to the extent it seeks information regarding products or molecules other

than Roche's CERA or MIRCERA™ product for which commercial approval is sought in

Roche's BLA No. STN 125164/0. Roche also objects to this Request as seeking materials and

information that have no relevance to any claim or defense in this action as NeoRecormon is not

the accused product in this case. Roche further objects to this Request's use of the term "any

ESP" as overly broad, unduly burdensome and harassing. Moreover, Roche objects to this

Request to the extent it uses terms that may require construction by the Court.

Roche refers Amgen to Roche's BLA No. STN 125164/0 already produced to Amgen in

ITC Investigation No. 337-TA-568 for information concerning the characterization of

MIRCERA™.

## REQUEST NO. 192:

All documents and things concerning any activity by or for ROCHE relating to whether
any claim in Amgen's patents-in-suit is or is not enabled under 35 U.S.C. § 112.

## RESPONSE TO REQUEST NO. 192:

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous

and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to

this Request as seeking documents, things and information protected by a claim of privilege or

work product immunity. Moreover, Roche objects to this Request to the extent it calls for a legal

conclusion.

Subject to these objections and the General Responses and Objections above, relevant,

non-cumulative documents responsive to this Request which are in Roche's possession, custody

or control and which are not subject to a claim of privilege or work product immunity or

otherwise protected from disclosure, will be produced or made available for inspection and

copying.

**REQUEST NO. 193:**

All documents and things concerning any activity by or for ROCHE relating to whether any claim in Amgen's patents-in-suit is or is not adequately described under 35 U.S.C. § 112.

**RESPONSE TO REQUEST NO. 193:**

Roche incorporates herein by reference its Response to Request No. 192 above.

**REQUEST NO. 194:**

All documents and things relating to any contention that Amgen did or did not engage in inequitable conduct while prosecuting the patents-in-suit.

**RESPONSE TO REQUEST NO. 194:**

Roche incorporates herein by reference its Response to Request No. 192 above.

**REQUEST NO. 195:**

All documents and things relating to any contention that Amgen has misused or is misusing any of Amgen's patents-in-suit.

**RESPONSE TO REQUEST NO. 195:**

Roche incorporates herein by reference its Response to Request No. 192 above.

**REQUEST NO. 196:**

All documents and things relating to any contention that Amgen has acted in an anticompetitive manner in regard to its patents-in-suit.

**RESPONSE TO REQUEST NO. 196:**

Roche incorporates herein by reference its Response to Request No. 192 above.

**REQUEST NO. 197:**

All documents and things relating to any investigation, opinion, testing, evaluation, or analysis as to whether any claim of Amgen's patents-in-suit was or is or will be infringed by the manufacture, importation, use, offer for sale, or sale of peg-EPO, including but not limited to oral or written opinions of an attorney (other than investigation(s), opinion(s), testing, evaluation(s), or analysis by counsel of record in this action after ROCHE received notice that the Complaint had been filed in this action), or any other person.

**RESPONSE TO REQUEST NO. 197:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Moreover, Roche objects to this Request to the extent it calls for a legal conclusion.

**REQUEST NO. 198:**

All documents and things relating to any investigation, opinion, testing, evaluation, or analysis as to whether any claim in Amgen's patents-in-suit was or is patentable, valid, and/or enforceable, including oral or written opinions of an attorney (other than investigation(s), opinion(s), testing, evaluation(s), or analysis by counsel of record in this action after ROCHE received notice that the Complaint had been filed in this action), or any other person.

**RESPONSE TO REQUEST NO. 198:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche also objects to this Request as seeking information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Moreover, Roche objects to this Request to the extent it calls for a legal conclusion.

**REQUEST NO. 199:**

All documents and things relating to any discussion, analysis, or decision by ROCHE to seek or not to seek a license under any Amgen patent, including the patents-in-suit.

**RESPONSE TO REQUEST NO. 199:**

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to

licensing, that bear no relevance to any claim or defense in this action. Roche incorporates

herein by reference its Response to Request No. 198 above.

**REQUEST NO. 200:**

All documents and things relating to any effort of ROCHE to avoid infringement of any claim of any Amgen patent, including the patents-in-suit.

**RESPONSE TO REQUEST NO. 200:**

In light of Amgen's current position that it does not seek relief in the form of damages,

this Request is of unreasonable scope and seeks documents and things, relating particularly to

design-around, that bear no relevance to any claim or defense in this action. Roche incorporates

herein by reference its Response to Request No. 198 above.

**REQUEST NO. 201:**

All documents and things relating to any proposal or plan of ROCHE to modify or alter its manufacture, importation, sale, offer to sell, or use of any ESP, including MIRCERA, to avoid infringement of any claim of any Amgen patent, including the patents-in-suit.

**RESPONSE TO REQUEST NO. 201:**

Roche incorporates herein by reference its Responses to Request Nos. 198 and 200

above.

**REQUEST NO. 202:**

All documents and things relating to any ESP studied or evaluated by ROCHE as a potential treatment for anemia which has not been the subject of an IND or BLA filing.

**RESPONSE TO REQUEST NO. 202:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague,

ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible

evidence. Roche objects to this Request as overly broad, harassing, oppressive and seeking

documents and things bearing no relevance to any claim or defense in this action because it is not

limited to MIRCERA™.

**REQUEST NO. 203:**

All documents and things relating to any use at any time by Genetics Institute, ROCHE, any predecessor-in-interest of ROCHE, or any other person or entity of host cells (other than Chinese hamster ovary cells) to produce erythropoietin, including the selection or creation of such cells and the production, isolation, testing, analysis, or evaluation of any erythropoietin obtained from such cells.

**RESPONSE TO REQUEST NO. 203:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague,

ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible

evidence. Roche objects to this Request as overly broad, harassing, oppressive and seeking

documents and things that have no relevance to any claim or defense in this action as

erythropoietin is not the accused product in this case and the Request is not limited to

MIRCERA™. Moreover, Roche objects to this Request to the extent it seeks documents and

things in the possession, custody or control of parties other than Roche or protected from

disclosure by third party confidentiality agreements.

**REQUEST NO. 204:**

All documents and things relating to testing, analysis, characterization or evaluation of any EPO product or composition derived from cells other than CHO cells, including any characterization or evaluation of its molecular weight, amino acid sequence, structure, spectra, post-translational modification, glycosylation, sialylation, acetylation, phosphorylation, sulfation, proteolysis, homogeneity, integrity, purity, specific activity, *in vitro* or *in vivo* biological activity, or any other physical or functional characteristic.

**RESPONSE TO REQUEST NO. 204:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague,

ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible

evidence. Roche objects to this Request as overly broad, harassing, oppressive and seeking

documents and things that have no relevance to any claim or defense in this action as EPO is not

the accused product in this case and the Request is not limited to MIRCERA™. Moreover,

Roche objects to this Request to the extent it seeks documents and things in the possession,

custody or control of parties other than Roche or protected from disclosure by third party

confidentiality agreements.

**REQUEST NO. 205:**

All documents and things relating to any comparison between the molecular weight, amino acid sequence, structure, spectra, post-translational modification, glycosylation, sialylation, acetylation, phosphorylation, sulfation, proteolysis, homogeneity, integrity, purity, specific activity, *in vitro* or *in vivo* biological activity, or any other physical or functional characteristic of any EPO product or composition derived from cells other than CHO cells, and the corresponding characteristic(s) of any other ESP, including MIRCERA, NeoRecormon, or any ESP made or sold by Amgen or its licensee(s).

**RESPONSE TO REQUEST NO. 205:**

Roche incorporates herein by reference its Response to Request No. 204 above.

**REQUEST NO. 206:**

All documents and things relating to any license or agreement to which ROCHE is a party or successor-in-interest that relates to the manufacture, importation or sale of EPO or peg-EPO in the United States, including all licenses granted by Genetics Institute, Inc. and its successors-in-interest.

**RESPONSE TO REQUEST NO. 206:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous,

harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche

objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.

Roche also objects to this Request as seeking materials and information that have no relevance to

any claim or defense in this action as EPO is not the accused product in this case. Moreover,

Roche objects to this Request to the extent it seeks documents and things in the possession,

custody or control of parties other than Roche or protected from disclosure by third party

confidentiality agreements.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to licensing, that bear no relevance to any claim or defense in this action.

**REQUEST NO. 207:**

Documents and things sufficient to show by quarter and by year all payments (including royalties) made by or on behalf of ROCHE to any third party pursuant to any license or agreement that relates to the manufacture, importation or sale of EPO or peg-EPO in the United States, including all payments relating to licenses granted by Genetics Institute, Inc. and its successors-in-interest.

**RESPONSE TO REQUEST NO. 207:**

Roche incorporates herein by reference its Response to Request No. 206 above.

**REQUEST NO. 208:**

All documents and things relating to the prosecution, in any jurisdiction, of Fritsch U.S. patent applications Serial Nos. 06/688,622 and 06/693,258, and any related application or related patent.

**RESPONSE TO REQUEST NO. 208:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking documents and things that are public and as accessible to Amgen as they are to Roche. Roche also objects to the term "related application or related patent" as overly broad, vague, ambiguous and indeterminate to the extent it encompasses applications and patents with no familial link to the listed application(s).

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 209:**

All documents and things relating to the prosecution, in any jurisdiction, of Hewick U.S. patent application Serial No. 06/690,853 and any related application or related patent.

**RESPONSE TO REQUEST NO. 209:**

Roche incorporates herein by reference its Response to Request No. 208 above.

**REQUEST NO. 210:**

All documents and things relating to the prosecution, in any jurisdiction, of patent applications of Franze et al., U.S. Serial No. 09/555,533, and PCT No. PCT/EP98/07819, and any related application or related patent.

**RESPONSE TO REQUEST NO. 210:**

Roche incorporates herein by reference its Response to Request No. 209 above.

**REQUEST NO. 211:**

All documents and things relating to any litigation, interference, opposition, hearing, re-examination or other proceeding in any jurisdiction relating to Lin U.S. patent application Serial No. 06/675,298 or any related application or related patent, including pleadings, motions, briefs, declarations, exhibits, reports, transcripts, and produced documents.

**RESPONSE TO REQUEST NO. 211:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous

and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to

this Request as overly broad and seeking documents and things not relevant to any claim or

defense in this action in its reference to "any litigation, interference, opposition, hearing, re-

examination or other proceeding in any jurisdiction." Roche also objects to the term "related

application or related patent" as overly broad, vague, ambiguous and indeterminate to the extent

it encompasses applications and patents with no familial link to the listed application(s). Roche

objects to this Request as unduly burdensome, harassing and oppressive to the extent it seeks

documents and things that are uniquely in the possession, custody or control of Amgen itself.

Subject to these objections and the General Responses and Objections above, relevant,

non-cumulative documents responsive to this Request which are in Roche's possession, custody

or control and which are not subject to a claim of privilege or work product immunity or

otherwise protected from disclosure, will be produced or made available for inspection and

copying.

**REQUEST NO. 212:**

All documents and things relating to any litigation, interference, opposition, hearing, re-examination or other proceeding in any jurisdiction relating to Fritsch U.S. patent application Serial No. 06/688,622 or 06/693,258 or any related application or related patent, including pleadings, motions, briefs, declarations, exhibits, reports, transcripts, and produced documents.

**RESPONSE TO REQUEST NO. 212:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous

and not reasonably calculated to lead to the discovery of admissible evidence.  Roche objects to

this Request as overly broad and seeking documents and things not relevant to any claim or

defense in this action in its reference to "any litigation, interference, opposition, hearing, re-

examination or other proceeding in any jurisdiction."  Roche also objects to the term "related

application or related patent" as overly broad, vague, ambiguous and indeterminate to the extent

it encompasses applications and patents with no familial link to the listed application(s).

Subject to these objections and the General Responses and Objections above, relevant,

non-cumulative documents responsive to this Request which are in Roche's possession, custody

or control and which are not subject to a claim of privilege or work product immunity or

otherwise protected from disclosure, will be produced or made available for inspection and

copying.

**REQUEST NO. 213:**

All documents and things relating to any patent or patent application relating to peg-EPO that has been or will be filed by or on behalf of ROCHE and/or issued anywhere in the world.

**RESPONSE TO REQUEST NO. 213:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague,

ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Roche objects to this Request as seeking information protected from disclosure by the attorney-

client privilege and the attorney work product doctrine. Roche also objects to this Request's use

of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this

Request as overly broad and seeking documents and things not relevant to any claim or defense

in this action as it encompasses patents or patent applications "issued anywhere in the world."

Subject to these objections and the General Responses and Objections above, relevant,

non-cumulative documents responsive to this Request which are in Roche's possession, custody

or control and which are not subject to a claim of privilege or work product immunity or

otherwise protected from disclosure, will be produced or made available for inspection and

copying.

**REQUEST NO. 214:**

All documents and things relating to any patent or patent application relating to peg-EPO
that is or is expected to be licensed or assigned to ROCHE.

**RESPONSE TO REQUEST NO. 214:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague,

ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Roche objects to this Request as seeking information protected from disclosure by the attorney-

client privilege and the attorney work product doctrine. Roche also objects to this Request's use

of the term "peg-EPO" as vague, ambiguous and misleading.

In light of Amgen's current position that it does not seek relief in the form of damages,

this Request is of unreasonable scope and seeks documents and things, relating particularly to

licensing, that bear no relevance to any claim or defense in this action. Roche will therefore

produce such documents only to the extent they relate to the factors considered in a preliminary

or permanent injunction determination should those issues arise. To the extent Amgen seeks

remedies beyond injunctive relief, Roche reserves the right to supplement its response to this

Request.

Subject to these objections and the General Responses and Objections above, relevant,

non-cumulative documents responsive to this Request which are in Roche's possession, custody

or control and which are not subject to a claim of privilege or work product immunity or

otherwise protected from disclosure, will be produced or made available for inspection and

copying.

**REQUEST NO. 215:**

All documents and things relating to the prosecution, in any jurisdiction, of U.S. patent
applications of Bailon, Serial Nos. 09/604,938, 60/142,254, 60/150,225, 60/151,548, 60/166,151,
and any related application or related patent.

**RESPONSE TO REQUEST NO. 215:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague,

ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche

objects to this Request as seeking information protected from disclosure by the attorney-client

privilege and the attorney work product doctrine. Roche also objects to this Request as seeking

documents and things that are public and as accessible to Amgen as they are to Roche.

Moreover, Roche objects to the term "related application or related patent" as overly broad,

vague, ambiguous and indeterminate to the extent it encompasses applications and patents with

no familial link to the listed application(s).

Subject to these objections and the General Responses and Objections above, relevant,

non-cumulative documents responsive to this Request which are in Roche's possession, custody

or control and which are not subject to a claim of privilege or work product immunity or

otherwise protected from disclosure, will be produced or made available for inspection and

copying.

**REQUEST NO. 216:**

All documents and things relating to the prosecution, in any jurisdiction, of U.S. patent applications of Burg et al., Serial Nos. 09/604,871, 60/142,243, 60/147,452, and 60/151,454, and any related application or related patent.

**RESPONSE TO REQUEST NO. 216:**

Roche incorporates herein by reference its Response to Request No. 208 above.

**REQUEST NO. 217:**

All documents and things relating to the prosecution, in any jurisdiction, of patent applications of Franze et al., U.S. Serial No. 09/555,533, and PCT No. PCT/EP98/07819, and any related application or related patent.

**RESPONSE TO REQUEST NO. 217:**

Roche objects to this Request as duplicative of Request No. 210. Roche incorporates

herein by reference its Response to Request No. 208 above.

**REQUEST NO. 218:**

All documents and things relating to the origin and meaning of each name by which ROCHE refers to peg-EPO, including "CERA," "MIRCERA," "Continuous Erythropoiesis Receptor Activator" and any established name or USAN.

**RESPONSE TO REQUEST NO. 218:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague,

ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche

objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.

Moreover, Roche objects to this Request as the naming of MIRCERA™ bears no relevance to

any claim or defense in this action.

**REQUEST NO. 219:**

All documents and things relating to every proprietary and non-proprietary name Roche considered for peg-EPO.

**RESPONSE TO REQUEST NO. 219:**

Roche incorporates herein by reference its Response to Request No. 218 above.

**REQUEST NO. 220:**

All documents and things relating to any communication between ROCHE and any third party (including FDA) regarding any name for peg-EPO.

**RESPONSE TO REQUEST NO. 220:**

Roche incorporates herein by reference its Response to Request No. 218 above.

**REQUEST NO. 221:**

All documents and things identified, mentioned, otherwise referred to in, or reviewed or consulted during the process of considering or responding to, any interrogatory served on ROCHE by Amgen, heretofore and in the future.

**RESPONSE TO REQUEST NO. 221:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague,

ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.  Roche

objects to this Request as seeking information protected from disclosure by the attorney-client

privilege and the attorney work product doctrine.

**REQUEST NO. 222:**

All documents and things identified, mentioned, otherwise referred to in, or reviewed or consulted during the process of considering or responding to, a request for admission served on ROCHE by Amgen, heretofore and in the future.

**RESPONSE TO REQUEST NO. 222:**

Roche incorporates herein by reference its Response to Request No. 221 above.

**REQUEST NO. 223:**

All documents and things relating to any communication between ROCHE and Ortho Biotech, Inc., Ortho Pharmaceutical Corporation, Ortho-McNeil Pharmaceutical Inc., and/or any

other person affiliated with the Johnson & Johnson Company regarding EPO, peg-EPO and/or Amgen's patents-in-suit.

## RESPONSE TO REQUEST NO. 223:

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Roche also objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects that any communication between Roche and any of the Ortho or Johnson & Johnson entities described above has no discernible relevance to any claim or defense in this action.

## REQUEST NO. 224:

Documents sufficient to show each document retention and/or destruction policy and/or practice of ROCHE in effect at any time from 1995 to the present, including the date(s) such policies or practices were in effect.

## RESPONSE TO REQUEST NO. 224:

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

Respectfully submitted,

_Howard S. Suh_ / H. H.

Leora Ben-Ami
Patricia A. Carson
Thomas F. Fleming
Howard S. Suh
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

and

Lee Carl Bromberg (BBO#058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292

*Attorneys for Defendants*
*F. Hoffmann-La Roche Ltd,*
*Roche Diagnostics GmbH, and*
*Hoffmann-La Roche Inc.*

December 4, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served upon the attorneys of record for the plaintiff (as listed below) via federal express overnight delivery and electronic mail on December 4, 2006.

Lloyd R. Day, Jr. (*pro hac vice*)
David A. Madrid (*pro hac vice*)
Linda A. Sasaki-Baxley (*pro hac vice*)
DAY CASEBEER MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220
Emails: daylr@daycasebeer.com
madriddm@daycasebeer.com
baxleyls@daycasebeer.com

William G. Gaede, III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100
Email: wgaede@wme.com

D. Dennis Allegretti (BBO#545511)
Michael R. Gottfried (BBO#542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (617) 289-9200
Facsimile: (617) 289-9201
Emails: ddallegretti@duanemorris.com
mrgottfried@duanemorris.com
prich@duanemorris.com

Kevin M. Flowers (*pro hac vice*)
Thomas I. Ross (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448
Emails: kflowers@marshallip.com
tross@marshallip.com

Odetta Cohen