# Exhibit 30

# KAYE SCHOLER LLP

Howard S. Suh
212 836-8562
Fax 212 836-6352
hsuh@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

December 13, 2006

**VIA EMAIL & FAX**

Deborah E. Fishman, Esq.
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd, Suite 400
Cupertino, California 95014

        *Re:*   *Amgen, Inc. v. F. Hoffmann-La Roche, Ltd., et al.*

Dear Deborah:

I write in response to your letter of 12/11/06 regarding our conference earlier that day concerning Roche's Responses to Amgen's First Set of Requests for Production of Documents and Things. While we confirm some of your characterizations, some of them require further elaboration or correction.

**Roche's General Objections**

With respect to Roche's General Response and Objection ¶ 3, to the extent that Roche withholds any documents based on any privilege or work product immunity, Roche will identify the document and state its basis for withholding the document on a privilege log.

With respect to Roche's General Response and Objection ¶5, Roche maintains its objections to any Request that seeks third party information protected by a third party confidentiality agreement or protective order entered in a prior litigation. Roche recognizes that both parties in this case will work to reach agreement with third parties in possession of responsive and relevant documents or information, that are subject to confidentiality obligations or protective orders, in order to secure the release of these materials for production. In fact, Mr. Gaede indicated in his conference call with us yesterday regarding Amgen's Responses to Roche's First Set of Requests for Production of Documents and Things that Amgen had attempted to secure the release of such documents from TKT and would continue to attempt to do so from similarly situated third parties. Roche will produce documents in response to Requests seeking third party protected confidential information, including Requests Nos. 100-109, only in accordance with an agreement with the affected third party, and subject to the applicable general and specific objections.

31381307_V2.DOC

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   LONDON   SHANGHAI

# KAYE SCHOLER LLP

Deborah E. Fishman, Esq.                    2                    December 7, 2006

Roche maintains its General Responses and Objections concerning information already identified in Roche's Initial Disclosures (See ¶ 7) and concerning duplicative and cumulative Requests (See ¶ 10), but will not withhold documents based on these objections except to the extent that certain documents are duplicative of the production in the ITC, such as Roche's BLA, which will not be re-produced. Roche also maintains its General Response and Objection ¶ 13 regarding the terms "EPO component," "DNA sequence encoding EPO" and "DNA encoding EPO," but will not withhold documents based on this general objection.

**Roche's Objections to Amgen's Definitions and Instructions**

Roche maintains its objection to Amgen's definition of the term "EPO" but will only use this general objection as a basis for withholding documents to the extent that this definition encompasses so-called "EPO analogs." However, to the extent Amgen seeks documents solely concerning "EPO," rather than the accused product, MIRCERA™, Roche may withhold documents based on a lack of relevance as set forth in Roche's specific objections to Amgen's Requests. Moreover, since you stated on the conference call that you were unable to define the term "EPO analog" as used in Amgen's Definition No. 9, we expect that Amgen will excise that term from the definition.

Roche maintains its general objections to Amgen's definitions of the terms "ESP," "PEG-EPO," and "non-PEG component of PEG-EPO," but will not withhold documents based on these general objections, subject to Roche's specific objections that it may not produce documents solely concerning "EPO," rather than the accused product, MIRCERA™, based on a lack of relevance.

With respect to Roche affiliates that are not named parties to this case, Roche maintains its objections to Amgen's Definition No. 20 as overly broad and unduly burdensome. However, Roche will conduct a reasonable search and produce documents from affiliates that possess responsive and relevant information. Thus far, this includes documents at least from Roche Labs as well as Carolina Roche, Inc. To the extent that responsive and relevant documents exist within the possession of other Roche affiliates, Roche will continue its diligent collection efforts and update its production.

Roche maintains its position that it will not produce documents created after April, 18, 2006, except completed amendments, supplements or updates to its BLA, or other correspondence relating to MIRCERA™, that have actually been submitted to the FDA, as well as relevant and responsive documents concerning completed clinical trials. As stated in Roche's Responses to Amgen's Document Requests, production of other documents post-dating the filing of Roche's BLA is irrelevant, unnecessary and particularly disruptive in the context of unfinished or future clinical trials from which no conclusions concerning the properties of MIRCERA™ can be drawn.

In addition, wherever Roche agrees to make available responsive and relevant documents in response to Amgen's requests, Roche will produce the documents to Amgen, absent special

31381307_V2.DOC

NEW YORK    CHICAGO    LOS ANGELES    WASHINGTON, D.C.    WEST PALM BEACH    FRANKFURT    LONDON    SHANGHAI

# KAYE SCHOLER LLP

Deborah E. Fishman, Esq.                    3                    December 7, 2006

circumstances such as those potentially surrounding samples or other sensitive materials that may necessitate inspection instead.

**Roche's Responses to Amgen's Requests for Production**

*Roche's BLA*

As set forth in Roche's Responses to Amgen's Request No. 37 and related requests, Roche will not re-produce its BLA already produced to Amgen in both hard copy and fully searchable OCRed electronic form during the ITC investigation. As I stated in our conference call, to the extent Amgen identifies any missing pages from that BLA, Roche will produce the proper documents to fill those gaps. However, Roche will not accept Amgen's blanket statement that Amgen cannot know the scope of what is missing, since Amgen has clearly already identified pages it believes to be missing. Any missing pages are not the result of any intentional omission by Roche and Amgen may not use these small gaps as an excuse to prod Roche into producing the *entirety* of this very voluminous and sensitive document over again.

As Roche has stated, Roche produced its BLA in the electronic OCR form initially requested by Amgen and this form is incompatible, from a software perspective, with Amgen's current wish to have hyperlinks to facilitate its review of this document. These hyperlinks are mere tools that enable one to navigate the document in different ways and do not alter the content of the document. Moreover, these hyperlinks do not afford any tenable way to Bates stamp the hyperlinked material or to apply the proper confidentiality designation. Therefore, Roche reiterates its position that it will not re-produce its BLA again but will fill in any pages identified as missing.

*Structure and Activity*

Roche maintains its position that it will not produce any samples of MIRCERA™, or EPO or any cell lines under the current circumstances. With respect to samples of MIRCERA™ and EPO, it may be possible for Roche to provide such samples subject to the parties reaching agreement on a non-assert agreement from Amgen that also provides certain restrictions on the use of the requested material. With respect to samples of cell lines, we are still consulting with our client regarding the feasibility of such a production and will get back to you when we have Roche's final position. In any event, such production would also have to be the subject of a proper non-assert and use-restriction agreement.

Roche maintains its objections to Amgen's Requests Nos. 5 and 13-15 and will not produce documents relating solely to EPO and not to the accused MIRCERA™ product, on the grounds that such Requests are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of information relevant to any claim or defense in this action.

Roche also maintains its objections to Amgen's Requests Nos. 218-220 and will not produce documents relating to Roche's choosing of the trade name for the accused product on the

# KAYE SCHOLER LLP

Deborah E. Fishman, Esq.                    4                    December 7, 2006

grounds that the naming of the accused product has no possible relevance to whether it meets the limitations of the asserted claims or to any other issue in this case.

### Comparisons of MIRCERA™ to Other "ESP's"

To clarify your characterization of this issue, Roche agrees to produce only responsive, relevant and otherwise non-objectionable documents regarding comparisons between MIRCERA™ and erythropoietin or Aranesp.

### "Failed Attempts"

Roche maintains its objection to Amgen's Requests Nos. 16-24 and will not produce documents relating to any materials, cell lines, or processes considered or evaluated, but not actually used to create the MIRCERA™ product described in Roche's BLA on the grounds that such documents lack relevance to any claim or defense in this action.

### Marketing, Sales and Pricing Documents

Roche maintains its position, set forth in response to numerous Amgen Requests, that documents concerning only Roche's marketing, sales, pricing, importation, distribution and other related areas are relevant only in the context of damages or injunctive relief. As Amgen still refuses to definitively state the type of relief it seeks in this action, Roche is unable to ascertain what if any relevance these documents have to any claim or defense in this action. Thus, unless and until Amgen adds a claim for damages or moves for a preliminary injunction, Roche will not produce such documents.

Very truly yours,

*/s/ Howard S. Suh /HH*

Howard S. Suh

cc:    Leora Ben-Ami, Esq.
       Thomas F. Fleming, Esq.

31381307_V2.DOC

NEW YORK    CHICAGO    LOS ANGELES    WASHINGTON, D.C.    WEST PALM BEACH    FRANKFURT    LONDON    SHANGHAI