UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD., ) | |
| ROCHE DIAGNOSTICS GMBH, and ) | |
| HOFFMAN-LA ROCHE INC., ) | |
| ) | |
| Defendants. ) | |

### JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER, SUBJECT TO RESOLUTION OF ONE ISSUE

Pursuant to the Court's Orders of November 6, and November 30, 2006, the parties Amgen Inc. ("Amgen") and F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc. (collectively "Roche" or "Defendants") hereby jointly move for entry of the Protective Order attached hereto as Exhibit A.

Although the Parties have achieved agreement on substantially all of the issues relating to the protective order, there remains one narrow issue relating to the provision for filing under seal on which the parties seek the guidance of the Court.

### I.   FILING UNDER SEAL

The Court has previously ruled that (1) a motion for leave must be granted by the Court before any documents can be filed under seal; (2) a motion for leave to seal will be granted only if the confidential information contains a party's trade secrets; and (3) if the motion for leave is denied, the confidential information may be filed in the public record. The parties have incorporated this language into their proposed Protective Order as follows:

>  14. No document shall be filed in Court under seal absent allowance of a particularized motion to seal that would be allowed only if the filing includes a trade secret. A party seeking to file another party's Confidential Discovery Material shall serve its papers on the Supplier and shall file a notice of service with the Court. The Supplier shall then have two (2) Court days in which to either consent to the request to file said information in the public record or to seek leave of the Court pursuant to Local Rule 7.2 to file such papers under seal as set forth above. The parties shall cooperate in good faith to obtain a prompt ruling on any motion for leave to file under seal pursuant to this paragraph, including by filing any opposition within two (2) Court days of the motion.

Exh. A, page 8 at ¶ 14.

The sole issue for the Court is how to treat Confidential Information when the Court has neither granted nor denied a motion to file under seal, and that motion is still pending after three (3) court days.



| Summary of the Parties' Positions ||
|---|---|
| **Amgen's Position** | **Roche's Position:** |
| Amgen believes that the Court has already considered and ruled on the method for filing discovery material under seal in both its November 6, 2006 and its November 30, 2006 Orders. Amgen proposes to implement in the parties' Protective Order the language of the Court's November 6 Order that states, "Designating party must seek leave of court for opposition's papers to be filed under seal; burden on court to grant leave within 3 [court] days or documents will be made public." | Roche opposes the inclusion of this sentence, which was not explicitly entered by the Court and is not sufficiently clear or accurate for purposes of a Protective Order, as it believes that the parties should await the Court's ruling on the motion to seal before trade secret information is disclosed on the public record. This is the procedure set forth in Local Rule 7.2, and the radical departure proposed by Amgen creates an unacceptable risk that a party will be stripped of its trade secrets through no fault of its own if the Court is unavailable to rule on a party's motion to seal. |

### A.     Amgen's Position

Amgen's proposed language implements this Court's November 6, 2006 Order, which adopted Amgen's proposal that the "Designating party must seek leave of Court for opposition's papers to be filed under seal; **burden on Court** to grant leave to file under seal within 3 days or documents will be made public" (emphasis in original). The Court again addressed this issue in its November 30, 2006 Order: "NO DOCUMENTS Shall Be Filed in the Court Under Seal Absent Allowance of a Particularized Motion to Seal Which Would Be Allowed ONLY if the Filing Would Reveal a Trade Secret. THIS LITIGATION IS PUBLIC."

Amgen is mindful of this Court's repeated admonition that this is a public proceeding, and its proposed language attempts to balance the public's right to access with the parties' interest in protecting trade secret information. The presumption should be that all filings will be public, absent a very particularized showing that trade secret information would be disclosed. Given the expedited nature of these proceedings and the need to ensure pleadings are submitted to the Court on a timely basis, Amgen expects that the Court would typically rule on such motions to seal within three court days. However, if the Court did not rule on a pending motion to seal within three court days, then the presumption would be that the information did not constitute a trade secret, and could be publicly filed with the Court.

The advantage of this approach is that it sets clear deadlines for the parties to make public submissions to the Court. Under the proposed Protective Order, a party would initially serve, but not file with the Court, motion papers that contain the other party's confidential information, allowing the supplier of the confidential information to identify any claimed trade secret information and file a motion to seal with the Court. But until the Court ruled on the motion to seal, the Court would not have received the underlying motion papers. By filing a motion to

seal, a party could therefore delay the Court's receipt and consideration of its opponent's underlying motion for relief, prejudicing a request for expedited relief or burdening the Court by shortening the time to review the substantive motion papers. Given the expedited trial schedule in this case, such delays could be extremely disruptive to both the litigants and the Court.

Therefore, Amgen seeks inclusion of its proposed language in the Protective Order in accordance with this Court's November 6 Order.

### B. Roche's Position

The law abhors a forfeiture, and rightly so. In this case, the forfeiture of Roche's pharmaceutical trade secrets, which are worth millions, if not billions, of dollars, is at stake. Amgen's proposal, which would effectively result in the forfeiture of trade secrets in the event that the Court is unavailable to rule on a motion to seal within a mere three (3) days (because, for example, the presiding judge is on vacation, traveling, or has more pressing matters) is so draconian and irrational as to raise due process concerns. The Court's prior Orders do not explicitly address this issue and cannot be reasonably interpreted to require this result.[1]

The Local Rules of this district address the treatment of material claimed to be confidential, and provide:

> Motions for impoundment must be filed <u>and ruled upon</u> prior to submission of the actual material sought to be impounded, unless the court orders otherwise. . . . A motion for impoundment must be presented each time a document or group of documents is to be filed.

---

[1] In its Order of November 6, 2006, the Court did not explicitly address the mechanics of how motions to seal would be addressed, beyond crossing out a certain proposal made by Roche, and Ordered the parties to "settle the final form of the order and submit it to the Court." In crossing out Roche's proposed language, the Court rejected Roche's proposal that a party seeking to file the other party's confidential materials under seal shall be responsible for filing a motion, and must confer three (3) days in advance of filing the motion. Amgen's proposal, by contrast, provided that the other party would be the one responsible for making the motion (*i.e.* the motion would be made not by the filing party, but by the party seeking to establish that the materials were confidential). Roche accepts the Court's ruling on this issue, and the Protective Order submitted by the parties accordingly provides that motions shall be made by the party asserting confidentiality. It is not a fair reading of the Court's Order, however, to require confidential material to be made public by default if the Court is not available to rule on a motion to seal for three (3) days, as this issue was not addressed at all in the portion crossed out by the Court.

4

Local Rule 7.1(d)-(e) (emphasis added). There is no good reason to depart from this fundamental rule, and indeed Amgen's proposal presupposes that the Court will fail to do its job by allowing the motion to sit undecided for a lengthy period of time and/or by failing to rule on the motion to seal prior to deciding the underlying motion. This assumption is incorrect and indeed offensive, as this Court has always ruled on such motions promptly, and there is no reason to believe the Court will be derelict in carrying out its responsibilities in the future. In addition, the parties have explicitly agreed to language requiring all parties to cooperate in securing a prompt ruling on a motion to file under seal (see last sentence of parties' proposed Paragraph 14).

By providing that a party's trade secrets are effectively forfeited by being subject to filing in the pubic record if the Court has not ruled on a motion to seal within three (3) days, Amgen's proposal is a radical departure from the Local Rules and the usual procedures followed in litigation. There is simply no reason to adopt such a draconian rule in this case, as neither party will suffer harm if the motion to seal is decided in the ordinary course. Quite the opposite is true, however, as the "3 day forfeiture" sought by Amgen would deprive a party of some of the most valuable property it owns—its trade secrets—through no fault of the party and through no considered action by the Court. Amgen's proposal is reckless at best and is a disaster waiting to happen at worst. By depriving the Court of an opportunity to do its job, and depriving the parties of an opportunity to seek the Court's ruling on the treatment of their trade secrets as contemplated by the rules, Amgen's proposal is not consistent with due process.

Accordingly, Roche requests that the Court exclude Amgen's proposed sentence from the Protective Order entered in this case.

Date: December 19, 2006

| | |
|---|---|
| AMGEN INC.<br>By its attorneys, | F. HOFFMANN-LA ROCHE LTD.,<br>ROCHE DIAGNOSTICS GMBH, and<br>HOFFMAN-LA ROCHE INC.,<br>By their attorneys, |
| /s/ Michael R. Gottfried<br>Michael R. Gottfried (BBO# 542156)<br>D. Dennis Allegretti (BBO# 545511)<br>DUANE MORRIS LLP<br>470 Atlantic Avenue, Ste 500<br>Boston, MA 02210<br>Tel. (617) 289-9222 | |
| Deborah Fishman<br>Lloyd R. Day, Jr.<br>David M. Madrid<br>Linda A. Baxley<br>DAY CASEBEER<br>MADRID & BATCHELDER LLP<br>20300 Stevens Creek Boulevard, Ste 400<br>Cupertino, CA 95014<br>Tel. (408) 873-0110<br>dfishman@daycasebeer.com | /s/ Julia Huston<br>Lee Carl Bromberg (BBO# 058480)<br>Julia Huston (BBO# 562160)<br>Keith E. Toms (BBO# 663369)<br>BROMBERG & SUNSTEIN LLP<br>125 Summer Street<br>Boston MA, 02110<br>Tel. (617) 443-9292<br>jhuston@bromsun.com |
| William Gaede III<br>MCDERMOTT WILL & EMERY<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>Tel. (650) 813-5000 | Leora Ben-Ami *(pro hac vice)*<br>Patricia A. Carson *(pro hac vice)*<br>Thomas F. Fleming *(pro hac vice)*<br>Howard Suh *(pro hac vice)*<br>Peter Fratangelo (BBO# 639775)<br>KAYE SCHOLER LLP<br>425 Park Avenue<br>New York, NY 10022<br>(212) 836-8000 |
| Michael F. Borun<br>Kevin M. Flowers<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>6300 Sears Tower<br>Chicago IL 60606<br>Tel. (312) 474-6300 | |

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
MarySusan Howard
Kim Morley
AMGEN INC.
One Amgen Center Dr.
Thousand Oaks, CA 91320-1789
(805) 447-5000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

/s/ Julia Huston
Julia Huston

03099/00501 590004.1