**EXHIBIT1**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| AMGEN INC.,<br><br>Plaintiff,<br><br>v.<br><br>F. HOFFMANN-LA ROCHE LTD, a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company, and HOFFMANN-LA ROCHE INC., a New Jersey Corporation,<br><br>Defendants. | ) | Civil Action No.: 05-12237 WGY |

**ROCHE'S RESPONSES AND OBJECTIONS TO AMGEN'S FIRST SET OF <u>REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1 TO 224)</u>**

Pursuant to Fed. R. Civ. P. 26 and 34, Defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH and Hoffmann-La Roche Inc. (collectively "Roche") respond as follows to Amgen's First Set of Requests for the Production of Documents and Things.

## <u>GENERAL RESPONSES AND OBJECTIONS</u>

The following general responses and objections apply to each individual response to Amgen's Requests as if fully set forth therein.

1. The following responses are based on Roche's current knowledge, understanding and belief and the information and documents available to it. These responses thus only constitute a preliminary position. Discovery in this action has only just begun. Roche anticipates that as this action proceeds, Roche may discover further facts and documents. Pursuant to Federal Rule of Civil Procedure 26(e), Roche reserves the right to supplement, modify, alter or otherwise change any of their responses to these Requests as this matter

continues, whether as a result of subsequent investigation, later acquired information or otherwise.

2. Roche objects to Amgen's First Set of Requests for the Production of Documents and Things to the extent Amgen seeks to impose any obligation on Roche greater than those imposed by relevant Federal Rules of Civil Procedure and all applicable Local Rules. Fed. R. Civ. P. 26(b)(1) precludes discovery beyond matters relevant to the claims or defenses of the parties.

3. Roche objects to Amgen's First Set of Requests for the Production of Documents and Things to the extent they seek documents and things protected by the attorney-client privilege, attorney work product immunity, the investigative privilege, the witness statement privilege, the party-communication privilege or any other protective doctrine. Such documents or things shall not be produced in response to Amgen's Requests, and any inadvertent production thereof shall not be deemed a waiver of any privilege with respect to such documents or information or of any work product immunity or other protective doctrine which may attach thereto, and Amgen shall return such inadvertently produced documents immediately upon request.

4. Roche objects to Amgen's First Set of Requests for the Production of Documents and Things as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant information, including, without limitation, by seeking "all" documents relating to a given subject or documents identifying "each" person or "all" persons involved in any given activity.

5. Roche objects to Amgen's First Set of Requests for the Production of Documents and Things and the instructions and definitions therein to the extent they seek documents and things that are protected from disclosure by third party confidentiality agreements or obligations.

6. Roche objects to Amgen's First Set of Requests for the Production of Documents and Things to the extent they seek documents that are not in the possession, custody or control of Roche, or documents from individuals or entities over which Roche has no control.

7. Roche objects to Amgen's First Set of Requests for the Production of Documents and Things to the extent they seek the production of documents that have previously been disclosed and identified in Roche's Rule 26(a)(1) Initial Disclosures as available for inspection and/or copying by Amgen's counsel subject to entry of an appropriate protective order. Roche also objects to these Requests to the extent they seek information and documents duplicative of or cumulative to information and documents already provided by Roche in discovery, including, without limitation, information and documents already produced In the Matter of Certain Products and Pharmaceutical Compositions Containing Recombinant Human Erythropoietin, ITC Investigation No. 337-TA-568.

8. To the extent Roche responds to any Request, such response does not constitute a concession that information produced pursuant to such Request is relevant to this action. Roche reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence, in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever, of any document or thing identified or provided in response to these Requests for Production of Documents and Things. A partial response to any Request to which Roche has objected, in whole or in part, does not constitute a waiver of any objection. The mere recital of an objection or response does not constitute a concession that Roche possesses any

information or documents responsive to such Request or that any documents or information provided is relevant to this litigation.

9. Roche's representation that it will produce responsive, non-privileged, non-protected, non-cumulative documents is not to be construed as an admission that any such documents exist, but rather that Roche will undertake a good faith effort to search for and identify such documents.

10. Roche objects to these Requests to the extent they are unreasonably cumulative or duplicative. Any response to an overbroad or generalized Request shall be deemed limited by a more particularized response to a further Request.

11. Roche objects to these Requests to the extent they require legal conclusions, expert opinion or construction of any of the terms of the patents-in-suit.

12. Roche objects to each and every Request to the extent it seeks information that is confidential and proprietary to Roche. All answers herein shall be subject to this objection, and no provision of information herein may act as a waiver of this objection. Information that is confidential shall be or has been provided only in accordance with any protective order that governs the disclosure and use of confidential and proprietary business information produced during discovery in this action.

13. Roche objects to these Requests' use of the undefined terms "EPO component", "DNA sequence encoding EPO" or "DNA encoding EPO" or any other terms used synonymously therewith as vague, ambiguous, indeterminate, misleading and inaccurate.

**RESPONSES AND OBJECTIONS TO AMGEN'S DEFINITIONS AND INSTRUCTIONS**

The following responses and objections to Amgen's definitions and instructions apply to each individual response to Amgen's Requests as if fully set forth therein.

1. Roche objects to Amgen's Definition No. 6 to the extent it attempts to broaden the definition of the term "document" as set forth in Rule 34 of the Federal Rules of Civil Procedure.

2. Roche objects to Amgen's Definition No. 9 regarding "EPO" as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of relevant information. Amgen's definition of the term "EPO" as including any "human erythropoietin analog" encompasses indeterminate and unlimited subject matter outside the scope of any claim or defense in this action.

3. Roche objects to Amgen's Definition No. 10 regarding "ESP" as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of relevant information. Amgen's use of the term "ESP" as meaning "any erythropoiesis-stimulating protein or polypeptide, including EPO, peg-EPO and erythropoietin purified from urine or any other source" encompasses indeterminate and unlimited subject matter outside the scope of any claim or defense in this action.

4. Roche objects to Amgen's Definition No. 13 regarding "non-peg component of peg-EPO" as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of relevant information. Roche objects to this definition as misleading and inaccurate to the extent it uses "peg-EPO" to mean Roche's MIRCERA™, whether referred to as CERA or any other internal Roche designation. Roche further objects to this definition as misleading and inaccurate to the extent it refers to a "non-peg component" as a part of the MIRCERA™ molecule. MIRCERA™ is a unique, new molecule created using a complex series of specific chemical reactions to integrate polyethylene glycol polymers into the final molecule, and differs considerably from erythropoietin in both its chemical and biological properties.

Roche further objects to this definition to the extent Amgen's definition erroneously characterizes this final molecule as a combination of discrete entities or parts that are separable into "non-peg" or other components.

5. Roche objects to Amgen's Definition No. 15 regarding "peg-EPO" for the same reasons noted above with respect to Amgen's Definition No. 13. Moreover, the term "peg-EPO" is also misleading as applied to MIRCERA™ to the extent it equates MIRCERA™ with any other molecule engineered through use of pegylation. MIRCERA™ is a distinct chemical entity with distinct properties as compared to other such molecules. Roche further objects to Definition No. 15 to the extent it erroneously implies that MIRCERA™ is an "erythropoietin" or "erythropoietin analog." MIRCERA™ is not an "erythropoietin" or "erythropoietin analog" within the meaning of Amgen's patents-in-suit. Unless otherwise noted, Roche's responses to these Requests are limited to MIRCERA™ -- whether referred to as CERA or any other internal Roche designation -- rather than "peg-EPO" and products containing "peg-EPO."

6. Roche objects to Amgen's Definition No. 17 regarding "related application" as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of relevant information to the extent it defines an application as related to another application or patent in the absence of any familial link. Roche objects to the definition of an application as related merely because it "shares subject matter with a given patent." Moreover, Roche objects to Amgen's Definition No. 17 as overly broad, unduly burdensome and seeking privileged and confidential information to the extent it encompasses documents relating to any application that is still pending before the U.S. Patent and Trademark Office.

7. Roche objects to Amgen's Definition No. 20 regarding the terms "ROCHE," "you" and "your" as overly broad, unduly burdensome, vague, ambiguous, harassing, misleading

and not reasonably calculated to lead to the discovery of relevant information to the extent they purport to include persons or entities other than the named defendants to this lawsuit, F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH and Hoffmann-La Roche Inc. Roche objects to Amgen's Definition No. 20 as including persons and entities that do not control the corporate decisions or policy-making of the named parties and possess no information bearing any relevance to any claim or defense in this action. Moreover, Roche objects to Amgen's Definition No. 20 as it seeks to place an obligation on Roche to provide documents and information from persons and entities which Roche has no control over nor access to. Roche's responses to Amgen's Requests for the Production of Documents and Things are limited to the named defendants to this lawsuit.

8. Roche objects to Amgen's Instruction No. 2 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant information to the extent it seeks documents and things that post-date Roche's filing of its Biologics License Application ("BLA") No. STN 125164/0 filed with the U.S. Food and Drug Administration ("FDA") on April 18, 2006. Amgen bases its claims of infringement solely on the proposed product described in Roche's BLA No. STN 125164/0 and currently Amgen seeks only injunctive relief and no damages. Therefore, Roche will not provide documents and things that originate after April 18, 2006, except documents and things that relate to a relevant update, supplement, amendment or continuation of its BLA No. STN 125164/0 upon completion of any ongoing studies.

9. That Roche has not lodged a particular objection to one of Amgen's definitions or instructions does not constitute a concession that any of Amgen's definitions or instructions are proper or reasonably calculated to lead to the discovery of relevant information. Roche's

individualized responses and objections to Amgen's Requests below may also reject, amend or narrow any of Amgen's definitions and instructions. Roche further reserves its right to object to the scope of any of Amgen's definitions and instructions in this and any subsequent litigation.

## RESPONSES AND OBJECTIONS TO AMGEN'S REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents and things produced by ROCHE in discovery In the Matter of Certain Products and Pharmaceutical Compositions Containing Recombinant Human Erythropoietin, ITC Investigation No. 337-TA-568, including a transcript of each deposition and each declaration of each ROCHE witness therein.

**RESPONSE TO REQUEST NO. 1:**

Roche objects to this Request as overly broad, unduly burdensome, duplicative and harassing to the extent it seeks documents and things already in Amgen's possession. For instance, Amgen is already in possession of the declarations of each Roche witness from the ITC investigation and all the transcripts of the depositions from the ITC investigation as Amgen itself requested the depositions and hired the court reporters that transcribed them and therefore Roche will not reproduce these documents. Moreover, Roche already expended great effort and expense during the ITC investigation to produce its extremely voluminous BLA No. STN 125164/0 and IND Nos. BB-IND 10158 and BB-IND 10964 related to MIRCERA™ in both hard copy and the searchable electronic format requested by Amgen and therefore Roche will not reproduce these documents.

Subject to these objections and the General Responses and Objections above, the documents produced by Roche during ITC Investigation No. 337-TA-568, excluding the depositions and declarations from that matter and Roche's BLA and INDs relating to MIRCERA™, will be produced or made available for inspection and copying in this action.

**REQUEST NO. 2:**

A representative 10 mg purified bulk sample of the EPO from which MIRCERA is produced, and such documents and things as are sufficient to identify the origin, production lot, date of production, composition, characteristics, and all analytical test results of said purified bulk EPO sample.

**RESPONSE TO REQUEST NO. 2:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Roche also objects to this Request to the extent it seeks the production of material that could constitute a non-exempt use under 35 U.S.C. § 271(e)(1) and subject Roche to potential liability. Roche refers Amgen to Roche's BLA No. STN 125164/0 already produced to Amgen in ITC Investigation No. 337-TA-568 for information concerning the production, composition, characteristics and relevant analytical test results of MIRCERA™. Roche will not produce any samples of EPO to Amgen as such samples are unnecessary and irrelevant.

**REQUEST NO. 3:**

A representative 10 mg purified bulk sample of the peg-EPO from which MIRCERA is produced, and such documents and things as are sufficient to identify the origin, production lot, date of production, composition, characteristics, and all analytical test results of said purified bulk peg-EPO sample.

**RESPONSE TO REQUEST NO. 3:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request to the extent it seeks the production of material that could constitute a non-exempt use under 35 U.S.C. § 271(e)(1) and subject Roche to potential liability.

Roche refers Amgen to Roche's BLA No. STN 125164/0 already produced to Amgen in ITC Investigation No. 337-TA-568 for information concerning the production, composition, characteristics and relevant analytical test results of MIRCERA™. Roche will not produce any samples of any substance Amgen defines as "peg-EPO" as such samples are unnecessary and irrelevant.

**REQUEST NO. 4:**

The production batch records of the EPO and peg-EPO samples produced in response to Requests 2 and 3, above.

**RESPONSE TO REQUEST NO. 4:**

Roche incorporates herein by reference its Responses to Request Nos. 2 and 3 above.

**REQUEST NO. 5:**

Documents and things sufficient to characterize accurately the amino acid sequence, molecular weight, structure, spectra, post-translational modification, glycosylation, sialylation, acetylation, phosphorylation, sulfation, proteolysis, homogeneity, integrity, purity, specific activity, *in vitro* or *in vivo* biological activity, and any other physical or functional characteristic of the EPO from which MIRCERA is produced.

**RESPONSE TO REQUEST NO. 5:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Moreover, Roche objects to this Request to the extent it uses terms that may require construction by the Court. Roche refers Amgen to Roche's BLA No. STN 125164/0 already produced to Amgen in ITC Investigation No. 337-TA-568 for information concerning the production, composition, characteristics and relevant analytical test results of MIRCERA™.

**REQUEST NO. 6:**

Documents and things sufficient to characterize accurately the amino acid sequence, molecular weight, structure, spectra, post-translational modification, glycosylation, sialylation, acetylation, phosphorylation, sulfation, proteolysis, homogeneity, integrity, purity, specific activity, *in vitro* or *in vivo* biological activity, and any other physical or functional characteristic of MIRCERA.

**RESPONSE TO REQUEST NO. 6:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Roche objects to this Request to the extent it uses terms that may require construction by the Court. Roche refers Amgen to Roche's BLA No. STN 125164/0 already produced to Amgen in ITC Investigation No. 337-TA-568 for information concerning the production, composition, characteristics and relevant analytical test results of MIRCERA™.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 7:**

All documents and things relating to any comparison of the amino acid sequence, molecular weight, structure, spectra, post-translational modification, glycosylation, sialylation, acetylation, phosphorylation, sulfation, proteolysis, homogeneity, integrity, purity, specific activity, *in vitro* or *in vivo* biological activity, and any other physical or functional characteristic of the EPO from which MIRCERA is produced with the corresponding characteristic(s) of any other ESP, including MIRCERA or any ESP made or sold by Amgen or its licensee(s).

**RESPONSE TO REQUEST NO. 7:**

Roche incorporates herein by reference its Response to Request No. 5 above.

**<u>REQUEST NO. 8</u>:**

All documents and things relating to any comparison of the amino acid sequence, molecular weight, structure, spectra, post-translational modification, glycosylation, sialylation, acetylation, phosphorylation, sulfation, proteolysis, homogeneity, integrity, purity, specific activity, *in vitro* or *in vivo* biological activity, and any other physical or functional characteristic of MIRCERA with those of any other ESP, including any ESP made or sold by Amgen or its licensee(s).

**<u>RESPONSE TO REQUEST NO. 8</u>:**

Roche incorporates herein by reference its Response to Request No. 6 above.

**<u>REQUEST NO. 9</u>:**

All documents and things relating to any characterization, testing or analysis of the amino acid sequence, molecular weight, structure, spectra, post-translational modification, glycosylation, sialylation, acetylation, phosphorylation, sulfation, proteolysis, homogeneity, integrity, purity, specific activity, *in vitro* or *in vivo* biological activity, and any other physical or functional characteristic of any ESP other than MIRCERA, including any ESP made or sold by Amgen or its licensee(s).

**<u>RESPONSE TO REQUEST NO. 9</u>:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as relating only to products and substances other than the accused product in this case and therefore seeking documents and information bearing no relevance to any claim or defense in this action. Moreover, Roche objects to this Request to the extent it uses terms that may require construction by the Court. Roche further objects to this Request to the extent it calls for a legal conclusion.

**<u>REQUEST NO. 10</u>:**

All documents and things relating to any comparison of the amino acid sequence, glycosylation, biological activity and/or other physical, *in vitro* or *in vivo* attributes of MIRCERA or any EPO component thereof with any claim in any patent-in-suit.

**RESPONSE TO REQUEST NO. 10:**

Roche objects to this Request as seeking information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche also objects to this Request's use of the term "EPO component" as misleading, inaccurate and undefined. Moreover, Roche objects to this Request to the extent it uses terms that may require construction by the Court. Roche further objects to this Request to the extent it calls for a legal conclusion.

**REQUEST NO. 11:**

A viable sample of each cell line used by ROCHE to produce the EPO component of MIRCERA (including the "DN2-3α3" cell line), and such documents and things as are sufficient to identify the origin, DNA composition, the growth characteristics and the quantity of EPO produced by each such cell line, including all results of all analytical tests performed on each such sell line.

**RESPONSE TO REQUEST NO. 11:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Roche also objects to this Request's use of the term "EPO component" as misleading, inaccurate and undefined. Roche also objects to this Request to the extent it seeks production of material that could constitute a non-exempt use under 35 U.S.C. § 271(e)(1) and subject Roche to potential liability. Roche refers Amgen to Roche's BLA No. STN 125164/0 already produced to Amgen in ITC Investigation No. 337-TA-568 for information concerning the production, composition, characteristics and relevant analytical test results of MIRCERA™. Roche will not produce any samples of cell lines to Amgen as such samples are unnecessary and irrelevant.

**REQUEST NO. 12:**

The production record of each cell line produced in response to Request 11, above.

**RESPONSE TO REQUEST NO. 12:**

Roche incorporates herein by reference its Response to Request No. 11 above.

**REQUEST NO. 13:**

For each cell line used by ROCHE to produce the EPO component of peg-EPO (including DN2-3α3 cells), documents and things sufficient to show how ROCHE stores and cultures each such cell line to produce the EPO component of MIRCERA, including all directions, materials and instructions needed to store, thaw, prepare culture media, and culture each such cell line.

**RESPONSE TO REQUEST NO. 13:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Roche also objects to this Request's use of the term "EPO component" as misleading, inaccurate and undefined. Roche also objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request to the extent it seeks information regarding cell lines other than those used to create Roche's MIRCERA™ product for which commercial approval is sought in Roche's BLA No. STN 125164/0. Roche refers Amgen to Roche's BLA No. STN 125164/0 already produced to Amgen in ITC Investigation No. 337-TA-568 for information concerning the cell lines used to produce MIRCERA™.

**REQUEST NO. 14:**

For each cell line used by ROCHE to produce the EPO component of peg-EPO (including DN2-3α3 cells), all documents and things sufficient to show the amount of EPO produced in culture over 24 hours by each such cell line as measured by radioimmunoassay ("RIA") or comparable means, including documents sufficient to show the methods and materials by which such measurement or calculation is made.

**RESPONSE TO REQUEST NO. 14:**

Roche objects to this Request to the extent it calls for Roche to perform experiments or analysis for the benefit of Amgen and to the extent it may call for expert opinion. Roche incorporates herein by reference its Response to Request No. 13 above.

**REQUEST NO. 15:**

All documents and things relating to the comparability or non-comparability of estimates of the amount of EPO in a sample based on RIA and enzyme-linked immunosorbent ("ELISA") assays.

**RESPONSE TO REQUEST NO. 15:**

Roche objects to this Request as vague, ambiguous and indeterminate with respect to its use of the terms "comparability or non-comparability" and "the amount of EPO in a sample." This Request does not identify a particular sample nor does it identify what that sample should be compared to. See Responses to Request Nos. 13 and 14 above.

**REQUEST NO. 16:**

Documents sufficient to show each cell line considered, evaluated and/or used by ROCHE to produce the EPO component of peg-EPO.

**RESPONSE TO REQUEST NO. 16:**

Roche incorporates herein by reference its Response to Request No. 13 above.

**REQUEST NO. 17:**

All documents and things relating to any comparison of each cell line used to produce the EPO component of MIRCERA with any claim in any patent-in-suit.

**RESPONSE TO REQUEST NO. 17:**

Roche objects to this Request as seeking information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Roche further objects to this Request to the extent it calls for a legal conclusion. Roche incorporates herein by reference its Response to Request No. 13 above.

**REQUEST NO. 18:**

All documents and things relating to any comparison of each process used to produce the EPO component of MIRCERA with any claim in any patent-in-suit.

**RESPONSE TO REQUEST NO. 18:**

Roche incorporates herein by reference its Responses to Request Nos. 13 and 17 above.

**REQUEST NO. 19:**

All documents and things relating to any analysis of the DNA sequence encoding EPO in each cell line (including the "DN2-3α3" cell line) used to produce the EPO component of MIRCERA, including documents sufficient to show the methods and materials by which each such determination is made.

**RESPONSE TO REQUEST NO. 19:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Roche also objects to this Request's use of the term "EPO component" as misleading, inaccurate and undefined. Moreover, Roche objects to the phrase "DNA sequence encoding EPO" as vague, ambiguous, misleading, inaccurate, and requiring claim construction and/or expert opinion. Roche further objects to this Request to the extent it seeks information regarding cell lines and DNA sequences other than those used to create Roche's CERA or MIRCERA™ product for which commercial approval is sought in Roche's BLA No. STN 125164/0.

Roche refers Amgen to Roche's BLA No. STN 125164/0 already produced to Amgen in ITC Investigation No. 337-TA-568 for information concerning the DNA sequence used to produce MIRCERA™.

**REQUEST NO. 20:**

All documents and things relating to any analysis of the DNA sequence that regulates or controls transcription and/or expression of EPO DNA in each cell line (including the "DN2-3α3" cell line) used to produce the EPO component of MIRCERA, including documents sufficient to show the methods and materials by which each such determination is made.

**RESPONSE TO REQUEST NO. 20:**

Roche incorporates herein by reference its Response to Request No. 19 above.

**REQUEST NO. 21:**

Documents sufficient to show all methods and materials considered, evaluated or used by ROCHE to express DNA encoding EPO in cells for use in producing peg-EPO.

**RESPONSE TO REQUEST NO. 21:**

Roche incorporates herein by reference its Response to Request No. 19 above.

**REQUEST NO. 22:**

Documents and things sufficient to show all methods and materials considered, evaluated or used by ROCHE to operatively link a regulatory DNA segment (*e.g.*, a promoter and/or enhancer) to DNA encoding EPO in a cell for use in producing peg-EPO.

**RESPONSE TO REQUEST NO. 22:**

Roche incorporates herein by reference its Response to Request No. 19 above.

**REQUEST NO. 23:**

All documents and things relating to any analysis of the copy number per cell of the DNA sequence encoding EPO in each cell line (including the "DN2-3α3" cell line) used to produce the EPO component of MIRCERA, including documents sufficient to show the methods and materials by which each such measurement or calculation is made.

**RESPONSE TO REQUEST NO. 23:**

Roche incorporates herein by reference its Response to Request No. 19 above.

**REQUEST NO. 24:**

Documents sufficient to show all methods and materials considered, evaluated or used by ROCHE to amplify DNA encoding EPO in a cell for use in producing peg-EPO.

**RESPONSE TO REQUEST NO. 24:**

Roche incorporates herein by reference its Response to Request No. 19 above.

**REQUEST NO. 25:**

All documents and things (including laboratory notebooks) of Pascal Bailon, each employee of ROCHE, and/or each third party working or collaborating with Pascal Bailon, relating to any work relating to any ESP, including peg-EPO.

**RESPONSE TO REQUEST NO. 25:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 26:**

All documents and things relating to the research and development of peg-EPO including research papers, experiments, and studies conducted to develop peg-EPO.

**RESPONSE TO REQUEST NO. 26:**

Roche incorporates herein by reference its Response to Request No. 25 above.

**REQUEST NO. 27:**

All documents and things relating to each decision to approve or fund development of the RO0503821 drug substance, including process development, manufacturing, non-clinical pharmacology, toxicity, formulation, product characterization, formulation, and clinical development.

**<u>RESPONSE TO REQUEST NO. 27</u>:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "each decision" as overly broad, unduly burdensome and harassing.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**<u>REQUEST NO. 28</u>:**

All documents and things relating to any comparison of peg-EPO to any non-pegylated ESP.

**<u>RESPONSE TO REQUEST NO. 28</u>:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as cumulative and duplicative of other Requests herein. Moreover, Roche objects to this Request to the extent it seeks information regarding products or molecules other than Roche's CERA or MIRCERA™ product for which commercial approval is sought in Roche's BLA No. STN 125164/0.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or

otherwise protected from disclosure, will be produced or made available for inspection and copying.

**<u>REQUEST NO. 29</u>:**

All documents and things relating to any difference between peg-EPO and any non-pegylated ESP.

**<u>RESPONSE TO REQUEST NO. 29</u>:**

Roche incorporates herein by reference its Response to Request No. 28 above.

**<u>REQUEST NO. 30</u>:**

All documents and things relating to any investigation or study by ROCHE or any third party of any interaction between peg-EPO and the erythropoietin receptor, including the *in vitro* or *in vivo* erythropoietin receptor binding activity of peg-EPO, the *in vitro* or *in vivo* affinity of peg-EPO for the erythropoietin receptor, the internalization of peg-EPO by cells, studies of Kd, Smax, or Bmax, on- and off-binding rates, structure-activity studies, modeling and analyses.

**<u>RESPONSE TO REQUEST NO. 30</u>:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request to the extent it seeks information regarding products or molecules other than Roche's CERA or MIRCERA™ product for which commercial approval is sought in Roche's BLA No. STN 125164/0. Moreover, Roche objects to this Request to the extent it calls for expert opinion.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 31:**

All documents and things relating to any comparison by ROCHE or any third party between (a) the interaction of peg-EPO with erythropoietin receptors, and (b) the interaction of any other ESP with erythropoietin receptors.

**RESPONSE TO REQUEST NO. 31:**

Roche incorporates herein by reference its Response to Request No. 30 above.

**REQUEST NO. 32:**

All documents and things relating to any communication between ROCHE or its attorneys and any third party regarding any study or investigation of any interaction of peg-EPO with erythropoietin receptors, the interaction of any other ESP with erythropoietin receptors, or any comparison between the interaction of peg-EPO with erythropoietin receptors and the interaction of any other ESP with erythropoietin receptors.

**RESPONSE TO REQUEST NO. 32:**

Roche objects to this Request as seeking information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Roche incorporates herein by reference its Response to Request No. 30 above.

**REQUEST NO. 33:**

All documents and things relating to any comparison of the pharmacokinetics, pharmacodynamics, clearance, receptor binding activity, stimulation of intracellular responses, elevation or maintenance of hemoglobin levels, safety, antigenicity and/or immunogenicity of peg-EPO with the corresponding properties on any other ESP (including non-pegylated EPO).

**RESPONSE TO REQUEST NO. 33:**

Roche refers Amgen to Roche's BLA No. STN 125164/0 already produced to Amgen in ITC Investigation No. 337-TA-568 for information responsive to this Request. Roche incorporates herein by reference its Response to Request No. 30 above.

**REQUEST NO. 34:**

All documents and things relating to any communication between ROCHE or its attorneys and any third party regarding any study or investigation to compare the pharmacokinetics, pharmacodynamics, clearance, receptor binding activity, stimulation of intracellular responses, elevation or maintenance of hemoglobin levels, safety, antigenicity

and/or immunogenicity of peg-EPO with the corresponding properties of any other ESP (including non-pegylated EPO).

**RESPONSE TO REQUEST NO. 34:**

Roche objects to this Request as seeking information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Roche incorporates herein by reference its Responses to Request Nos. 30 and 33 above.

**REQUEST NO. 35:**

All documents and things relating to any investigation or study of the mechanism of action and/or the pharmacodynamic and/or pharmacokinetic properties of peg-EPO upon administration to animals (including humans), including documents sufficient to describe the materials and methods by which each such study was made.

**RESPONSE TO REQUEST NO. 35:**

Roche incorporates herein by reference its Responses to Request Nos. 30 and 33 above.

**REQUEST NO. 36:**

All documents and things relating to any comparison of the mechanism of action and/or the pharmacodynamic and/or pharmacokinetic properties of peg-EPO upon administration to animals (including humans) with the corresponding properties of any other ESP (including non-pegylated EPO), including documents sufficient to describe the materials and methods by which each such study was made.

**RESPONSE TO REQUEST NO. 36:**

Roche incorporates herein by reference its Responses to Request Nos. 30 and 33 above.

**REQUEST NO. 37:**

A copy of each electronic submission of ROCHE to the FDA relating to or comprising its Biologics License Application and/or Investigational New Drug Applications (IND) for peg-EPO (in the electronic form and data format provided to FDA with all embedded links intact and operable), including all communications, updates, supplements and patient data related thereto.

**RESPONSE TO REQUEST NO. 37:**

Roche objects to this Request as overly broad, unduly burdensome, duplicative and harassing to the extent it seeks documents and things already in Amgen's possession. Roche also objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.

Roche refers Amgen to Roche's BLA No. STN 125164/0, IND No. BB-IND 10158 and IND No. BB-IND 10964 and documents related thereto previously produced In the Matter of Certain Products and Pharmaceutical Compositions Containing Recombinant Human Erythropoietin, ITC Investigation No. 337-TA-568, which are to be treated as duly produced in this case, for documents responsive to this Request. During the ITC investigation, Roche went to great lengths to produce its extremely voluminous BLA and INDs in both hard copy and the OCR'ed searchable electronic format then specifically requested by Amgen. This electronic format is not compatible with the embedded hyperlink format Amgen now requests. The information contained in the BLA and INDs in both these formats is the same and Roche will not reproduce these documents solely based on Amgen's changing whims. Moreover, in light of the Court's recent decision denying Amgen's motion for reconsideration of the restrictions placed on the use of the BLA and INDs, Roche will not change the format of these documents. See D.I. 159.

Subject to these objections and the General Responses and Objections above, relevant, non-duplicative, non-cumulative documents relating to any completed communications, updates, amendments or supplements to Roche's BLA No. STN 125164/0 and INDs Nos. BB-IND 10158 and BB-IND 10964 and the final results of any completed studies or protocols underlying these submissions, which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 38:**

All INDs filed with the FDA relating to peg-EPO, including the original IND filed by ROCHE with FDA in November 2001 and all communications with the FDA related thereto, including any amendment, supplement or update thereto.

**RESPONSE TO REQUEST NO. 38:**

Roche incorporates herein by reference its Response to Request No. 37 above.

**REQUEST NO. 39:**

All documents and things comprising or relating to any supplement or amendment to ROCHE's Biologics License Application for peg-EPO since April 19, 2006, including all communications, updates, analyses and patient data related thereto.

**RESPONSE TO REQUEST NO. 39:**

Roche incorporates herein by reference its Response to Request No. 37 above.

**REQUEST NO. 40:**

All documents and things comprising or relating to any communication, meeting or exchange of information between ROCHE and FDA regarding peg-EPO or EPO since April 19, 2006.

**RESPONSE TO REQUEST NO. 40:**

Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Roche incorporates herein by reference its Response to Request No. 37 above.

**REQUEST NO. 41:**

Documents and things sufficient to configure correctly and execute properly each electronic copy of submissions made to FDA produced in response to Requests 37-40, above.

**RESPONSE TO REQUEST NO. 41:**

Roche incorporates herein by reference its Responses to Request Nos. 37 and 40 above.

**REQUEST NO. 42:**

All documents and things comprising or relating to any communication, meeting or exchange of information between ROCHE and any third party regarding ROCHE's Biologics License Application for peg-EPO and/or FDA's review or approval thereof.

**RESPONSE TO REQUEST NO. 42:**

Roche incorporates herein by reference its Response to Request No. 37 above.

**REQUEST NO. 43:**

All documents and things relating to any submission of information relating to peg-EPO to any governmental agency or body anywhere in the world.

**RESPONSE TO REQUEST NO. 43:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche objects to this Request as oppressive and of unreasonable scope as it seeks documents and things concerning foreign governmental agencies and bodies that have no relevance to any claim or defense in this action.

**REQUEST NO. 44:**

All documents and things relating to any communication, meeting or exchange of information relating to peg-EPO between ROCHE and any governmental agency or body anywhere in the world.

**RESPONSE TO REQUEST NO. 44:**

Roche incorporates herein by reference its Response to Request No. 43 above.

**REQUEST NO. 45:**

Documents and things sufficient to show the respective role and responsibility of each ROCHE team, group and/or third party involved in proposing, reviewing or executing any preparation for or launch of ROCHE's commercial sale of MIRCERA in the United States, including the manufacture, importation, advertising, promotion, marketing, training, pricing, sale, offer to sell, distribution or reimbursement of MIRCERA.

**RESPONSE TO REQUEST NO. 45:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation, distribution and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, pricing, marketing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 46:**

All documents and things generated by or for ROCHE management or any ROCHE organization, group or team since January 1, 2003 that reference or relate to preparations for or the commercial launch, supply, commercialization, promotion, clinical development, current or future pricing, sale or reimbursement of MIRCERA in the United States, including all goals, budgets, forecasts, milestones, minutes, agendas, presentations, tasks lists, schedules and plans of action.

**RESPONSE TO REQUEST NO. 46:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to supply and related areas. To the extent any

of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, pricing, marketing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 47:**

All documents and things related to any communication with current or prospective employees of ROCHE, members of any ROCHE advisory board, current or prospective customers of ROCHE, or any reimbursement authority or agency regarding the date(s) by which ROCHE expects or plans to obtain FDA approval to sell MIRCERA in the United States.

**RESPONSE TO REQUEST NO. 47:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) and imminence of FDA approval and commercial launch that were the subject of ITC Investigation No. 337-TA-568. To the extent any of these areas are still relevant

to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 48:**

All documents and things related to any communication with current or prospective employees of ROCHE, members of any ROCHE advisory board, current or prospective customers of ROCHE, or any reimbursement authority or agency regarding the date(s) by which ROCHE expects or plans to commence the sale of MIRCERA in the United States.

**RESPONSE TO REQUEST NO. 48:**

Roche incorporates herein by reference its Response to Request No. 47 above.

**REQUEST NO. 49:**

All documents and things relating to any forecast, plan, study or estimate the date(s), package type(s) and amounts of MIRCERA to be imported into the United States for commercial sale at any time during 2006, 2007, 2008 and 2009.

**RESPONSE TO REQUEST NO. 49:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 50:**

All documents and things relating to any forecast, plan or study of the time required to commence distribution or sale of MIRCERA in the United States following FDA approval.

**RESPONSE TO REQUEST NO. 50:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) and imminence of FDA approval and commercial launch that were the subject of ITC Investigation No. 337-TA-568. To the extent any of these areas are still relevant

to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 51:**

All documents and things that comprise or relate to ROCHE's marketing plan for MIRCERA in the United States.

**RESPONSE TO REQUEST NO. 51:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to marketing, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary

or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 52:**

All documents and things that comprise or relate to the 2006, 2007 and 2008 marketing budget and plan in the United States, including all goals, budgets, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**RESPONSE TO REQUEST NO. 52:**

Roche incorporates herein by reference its Response to Request No. 51 above.

**REQUEST NO. 53:**

All documents and things generated by or for ROCHE management, marketing or sales since January 1, 2005 that reference or relate to preparations for or the commercial launch, supply, commercialization, clinical development, promotion, pricing, sale or reimbursement of MIRCERA in the United States, including all goals, budgets, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**RESPONSE TO REQUEST NO. 53:**

Roche objects that this Request is duplicative of Request No. 46. Roche incorporates herein by reference its Response to Request No. 46 above.

**REQUEST NO. 54:**

All documents and things generated by or for ROCHE management, marketing or sales since January 1, 2005 that reference or relate to current or future use of MIRCERA in the United

States, including all goals, budgets, studies, clinical trials, protocols, forecasts, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**RESPONSE TO REQUEST NO. 54:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche also objects to this Request as duplicative and cumulative over other Requests herein.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to marketing and sales, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 55:**

All documents and things generated by or for ROCHE management, marketing or sales since January 1, 2005 that reference or relate to the current or future cost or reimbursement of MIRCERA use in the United States, including all goals, budgets, studies, clinical trials, protocols, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**RESPONSE TO REQUEST NO. 55:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to cost and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 56:**

All documents and things generated by or for ROCHE management, marketing or sales regarding projected customers, sales, dosing, pricing, reimbursement, or use of MIRCERA in the United States at any time during 2006, 2007, 2008 and/or 2009, including all reports, analyses, presentations, spreadsheets, minutes, agendas, task lists, and plans of action of each team or group involved therein.

**RESPONSE TO REQUEST NO. 56:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche also objects to this Request as duplicative and cumulative over other Requests herein.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to projected customers, marketing, pricing, reimbursement and sales, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 57:**

All documents and things relating to any analysis or evaluation of customers who may purchase or use MIRCERA in the United States at any time during 2006, 2007 and/or 2008.

**RESPONSE TO REQUEST NO. 57:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to projected customers, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent

Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 58:**

All documents and things related to any form of DDD report ordered or obtained by ROCHE regarding MIRCERA or any other ESP (including EPOGEN®, ARANESP® and PROCRIT®).

**RESPONSE TO REQUEST NO. 58:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as vague and ambiguous with respect to the undefined term "DDD report."

**REQUEST NO. 59:**

All documents and things related to DDD reports ordered or purchased by ROCHE regarding the nephrology or chronic renal failure markets.

**RESPONSE TO REQUEST NO. 59:**

Roche incorporates herein by reference its Response to Request No. 58 above.

**REQUEST NO. 60:**

All documents and things that comprise any analysis, agreement, plan or draft of contract terms for sale, reimbursement or use of MIRCERA in the United States during 2006, 2007 and/or 2008 or any portion thereof, including each pro forma or draft contract for purchase or sale of MIRCERA by any category of prospective customer.

**RESPONSE TO REQUEST NO. 60:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to projected customers, sales, reimbursement or marketing, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 61:**

All documents and things relating to any analysis or evaluation of pricing of MIRCERA for sale or use in the United States, including any analysis or evaluation of discounts, rebates or other incentives for purchase or use of MIRCERA with patients.

**RESPONSE TO REQUEST NO. 61:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to projected customers, sales and pricing, that bear no relevance to any claim or defense in this

action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 62:**

All documents and things that comprise any forecast or projection of MIRCERA pricing in the United States during 2006, 2007 and/or 2008, including all documents forecasting pricing by any use, customer, or customer segment.

**RESPONSE TO REQUEST NO. 62:**

Roche incorporates herein by reference its Response to Request No. 61 above.

**REQUEST NO. 63:**

All documents and things relating to any analysis or evaluation of the dosing of MIRCERA for use in the United States, including any analysis or evaluation of the dose per patient, availability of overfill, use of overfill, and/or price per dose.

**RESPONSE TO REQUEST NO. 63:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request to the extent the use or availability of "overfill" lacks relevance to any claim or defense in this action.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to

pricing, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 64:**

All documents and things that comprise any forecast or projection of MIRCERA dosing in the United States during 2006, 2007 and/or 2008, including all documents forecasting dosing by any use, customer, customer segment or patient category.

**RESPONSE TO REQUEST NO. 64:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to projected customers, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 65:**

All documents and things relating to any analysis or evaluation of the intravenous and/or subcutaneous dose(s) and dosing regimen of MIRCERA that are equivalent or comparable to the doses and dosing regimen of any other ESP (including EPOGEN®, ARANESP® and PROCRIT®) for use in treatment of any patient category, including any analysis or evaluation of the dose conversion ratio between MIRCERA and EPOGEN®, ARANESP® and PROCRIT®.

**RESPONSE TO REQUEST NO. 65:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "dosing regimen" to the extent it is vague, ambiguous and undefined.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 66:**

All documents and things relating to any communication, presentation or meeting between ROCHE and any third party (including FDA, the Centers for Medicare & Medicaid Services (CMS), the Government Accounting Office ("GAO"), any purchaser or provider of ESP products) regarding any analysis or comparison of the intravenous and/or subcutaneous dose(s) and dosing regimen of MIRCERA and the dose(s) and dosing regimen of any other ESP (including EPOGEN®, ARANESP® and PROCRIT®) for use in treatment of any patient

category, including any analysis or evaluation of the dose conversion ratio between MIRCERA and EPOGEN®, ARANESP® and PROCRIT®.

**RESPONSE TO REQUEST NO. 66:**

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to reimbursement and pricing, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request. Roche incorporates herein by reference its Response to Request No. 65 above.

**REQUEST NO. 67:**

All documents and things relating to any analysis or evaluation of the ability of MIRCERA to regulate patient hemoglobin, including any analysis or evaluation of any relationship between dosing and hemoglobin.

**RESPONSE TO REQUEST NO. 67:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 68:**

All documents and things that comprise any forecast or projection of the hemoglobin levels of patients who receive MIRCERA in the United States during 2006, 2007 and/or 2008,

including all documents forecasting hemoglobin by any dose level, use, customer, customer segment or patient category.

**RESPONSE TO REQUEST NO. 68:**

Roche incorporates herein by reference its Response to Request No. 67 above.

**REQUEST NO. 69:**

All documents and things relating to any current or projected effect of MIRCERA pricing on any large dialysis organization, small dialysis organization, hospital, nephrology clinic, physician, the Veterans Administration, pharmacies, wholesalers or retailers, including any effect on such entities' purchasing, consumption, use, reimbursement or profitability.

**RESPONSE TO REQUEST NO. 69:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to pricing, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 70:**

All documents and things relating to any current or projected effect of ROCHE's pricing of MIRCERA on the average wholesale price, the wholesale acquisition cost or the average selling price of any other ESP (including EPOGEN®, ARANESP® and PROCRIT®).

**RESPONSE TO REQUEST NO. 70:**

Roche objects to this Request's use of the terms "wholesale price," "wholesale acquisition cost" and "average selling price" to the extent they are vague, ambiguous and undefined. Roche incorporates herein by reference its Response to Request No. 69 above.

**REQUEST NO. 71:**

All documents and things relating to any current or projected effect of ROCHE's pricing of MIRCERA on the pricing, sales or use of any ESP for treatment of oncology patients.

**RESPONSE TO REQUEST NO. 71:**

Roche incorporates herein by reference its Response to Request No. 69 above.

**REQUEST NO. 72:**

All documents and things that comprise or relate to any budget or plan of ROCHE medical affairs relating to MIRCERA in the United States, including all goals, budgets, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**RESPONSE TO REQUEST NO. 72:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, such as sales and costs, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 73:**

All documents and things generated by or for ROCHE medical affairs since January 1, 2005 that reference or relate to preparations for or the commercial launch, supply, commercialization, clinical development, promotion, pricing, sale or reimbursement of MIRCERA in the United States, including all goals, budgets, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**RESPONSE TO REQUEST NO. 73:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request to the extent it seeks documents and things relating to ongoing clinical trials post-dating Roche's filing of its BLA No. STN 125164/0. In order to avoid unnecessarily delaying or disrupting these trials, Roche will provide relevant documents relating to these trials only upon their completion, if any.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, such as sales, costs, pricing, marketing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 74:**

All documents and things generated by or for ROCHE medical affairs since January 1, 2005 that reference or relate to current or future use of MIRCERA in the United States, including all goals, budgets, studies, clinical trials, protocols, forecasts, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**RESPONSE TO REQUEST NO. 74:**

Roche incorporates herein by reference its Response to Request No. 73 above.

**REQUEST NO. 75:**

All documents and things generated by or for ROCHE medical affairs since January 1, 2005 that reference or relate to the current or future cost or reimbursement of MIRCERA use in the United States, including all goals, budgets, studies, clinical trials, protocols, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**RESPONSE TO REQUEST NO. 75:**

Roche incorporates herein by reference its Response to Request No. 73 above.

**REQUEST NO. 76:**

All documents and things that comprise or relate to any budget or plan of ROCHE governmental affairs relating to MIRCERA in the United States, including all goals, budgets, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**RESPONSE TO REQUEST NO. 76:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, such as sales and costs, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 77:**

All documents and things generated by or for ROCHE governmental affairs since January 1, 2005 that reference or relate to preparations for or the commercial launch, supply, commercialization, clinical development, promotion, pricing, sale or reimbursement of MIRCERA in the United States, including all goals, budgets, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**RESPONSE TO REQUEST NO. 77:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request to the extent it seeks documents and things relating to ongoing clinical trials post-dating Roche's filing of its BLA No. STN 125164/0. In order to avoid unnecessarily delaying or disrupting these trials, Roche will provide relevant documents relating to these trials only upon their completion, if any.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, such as sales, costs, pricing, marketing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 78:**

All documents and things generated by or for ROCHE governmental affairs since January 1, 2005 that reference or relate to current or future use of MIRCERA in the United States, including all goals, budgets, studies, clinical trials, protocols, forecasts, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**RESPONSE TO REQUEST NO. 78:**

Roche incorporates herein by reference its Response to Request No. 77 above.

**REQUEST NO. 79:**

All documents and things generated by or for ROCHE governmental affairs since January 1, 2005 that reference or relate to the current or future cost or reimbursement of MIRCERA use in the United States, including all goals, budgets, studies, clinical trials, protocols, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**RESPONSE TO REQUEST NO. 79:**

Roche incorporates herein by reference its Response to Request No. 77 above.

**REQUEST NO. 80:**

All documents and things relating to any analysis or evaluation of any reimbursement rate, plan or policy for future MIRCERA use in the United States, including average selling price, discounts, rebates or other incentives for purchase or use of MIRCERA with patients.

**RESPONSE TO REQUEST NO. 80:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "average selling price" to the extent it is vague, ambiguous and undefined.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, particularly relating to pricing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 81:**

All documents that comprise or relate to any plan, forecast or projection of Medicare, Medicaid and/or private reimbursement rates or policies for MIRCERA use in the United States at any time during 2006, 2007, 2008 and/or 2009.

**RESPONSE TO REQUEST NO. 81:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, particularly relating to pricing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 82:**

All documents and things relating to any analysis, evaluation or presentation regarding the pharmaco-economics of MIRCERA use in anemic renal dialysis patients and/or anemic renal patients not on dialysis.

**RESPONSE TO REQUEST NO. 82:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request because the term "pharmaco-economics" is vague, ambiguous and undefined.

**REQUEST NO. 83:**

All documents and things relating to any comparison of the pharmaco-economics of MIRCERA use in anemic patients with the pharmaco-economics of the use of any other ESP in anemic patients, including EPOGEN®, ARANESP® and PROCRIT®.

**RESPONSE TO REQUEST NO. 83:**

Roche incorporates herein by reference its Response to Request No. 82 above.

**REQUEST NO. 84:**

All documents and things relating to any analysis, evaluation or presentation regarding the hemoglobin and/or dose response of anemic patients receiving MIRCERA therapy.

**RESPONSE TO REQUEST NO. 84:**

Roche objects to this Request as cumulative of Request No. 67. Roche incorporates herein by reference its Response to Request No. 67 above.

**REQUEST NO. 85:**

All documents and things relating to any communication, meeting, presentation or proposal between ROCHE and any representative of any public or private reimbursement authority or agency in the United States (including the CMS, GAO, any state Medicaid authority or any private reimbursement or health maintenance organization) relating to the current or future sale, use, efficacy, safety, cost-effectiveness, reimbursement or pricing of any ESP, including MIRCERA.

**RESPONSE TO REQUEST NO. 85:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as overly broad and seeking information not relevant to any claim or defense in this action to the extent it refers to "any ESP" other than MIRCERA.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, particularly relating to future sale, cost-effectiveness, reimbursement and pricing, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they

relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 86:**

All documents and things relating to any communication, meeting, presentation or proposal between ROCHE and any representative of any public or private reimbursement authority or agency in the United States (including the CMS, GAO, any state Medicaid authority or any private reimbursement or health maintenance organization) relating to any analysis, evaluation or presentation regarding the hemoglobin and/or dose response of anemic patients receiving ESP therapy.

**RESPONSE TO REQUEST NO. 86:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as overly broad and seeking information not relevant to any claim or defense in this action to the extent it is not limited to anemic patients receiving MIRCERA™.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**<u>REQUEST NO. 87</u>:**

All documents and things relating to the "White Paper" attached hereto as Exhibit A, including communications within ROCHE or between ROCHE and any third party regarding the White Paper, any draft of the White Paper or communications referenced in the White Paper.

**<u>RESPONSE TO REQUEST NO. 87</u>:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**<u>REQUEST NO. 88</u>:**

All documents and things relating to any current or projected effect of the sale of MIRCERA in the United States on government reimbursement of ESP use in the United States, including the effect on reimbursement of EPOGEN®, ARANESP® and PROCRIT®.

**<u>RESPONSE TO REQUEST NO. 88</u>:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 89:**

All documents and things that comprise or relate to ROCHE's 2006, 2007 and 2008 sales budget and plan for MIRCERA in the United States, including all goals, budgets, forecasts, milestones, minutes, agendas, presentations, task lists, schedules and plans of action of each team or group involved therein.

**RESPONSE TO REQUEST NO. 89:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales budgets, forecasts and milestones, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 90:**

All documents and things that comprise or relate to any forecast or projection of MIRCERA sales in the United States during 2006, 2007 and/or 2008 or any portion thereof, including all documents forecasting sales by territory, patient use or customer segment.

**RESPONSE TO REQUEST NO. 90:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales forecasts and projections, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 91:**

All documents and things relating to any solicitation, recruitment or hiring of sales personnel, medical liaisons or reimbursement specialists whose duties include promotion or support of MIRCERA, including any budget, plan, or forecast of hiring positions and levels.

**RESPONSE TO REQUEST NO. 91:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales and reimbursement, that bear no relevance to any claim or defense in this action. Moreover, Roche objects to this Request as any solicitation, recruitment and hiring of sales personnel, medical liaisons and reimbursement specialists bears no relevance to any claim or defense in this action.

**REQUEST NO. 92:**

All documents and things relating to any training or instruction of sales personnel, medical liaisons or reimbursement specialists regarding the forecasting, budget, marketing, promotion, contracting, use, pricing, dosing, and/or reimbursement of MIRCERA, including all such instructional materials provided to or used with such individuals.

**RESPONSE TO REQUEST NO. 92:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, forecasting, budgeting, marketing, pricing and reimbursement, that bear no relevance to any claim or defense in this action. Moreover, Roche objects to this Request as any training and instruction of sales personnel, medical liaisons and reimbursement specialists bears no relevance to any claim or defense in this action.

**REQUEST NO. 93:**

All manuals, sales forms, sales contact forms, forecasts, quotas, and tracking documents used by ROCHE to train its personnel to market, sell and/or obtain reimbursement of MIRCERA in the United States.

**RESPONSE TO REQUEST NO. 93:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, forecasts and quotas, that bear no relevance to any claim or defense in this action. Moreover, Roche objects to this Request as any training and instruction of sales, marketing and reimbursement personnel bears no relevance to any claim or defense in this action.

**REQUEST NO. 94:**

All documents and things relating to any training or instruction of physicians, nurses, patients, clinic administrators, reimbursement authorities or other customers regarding the promotion, contracting, training, use, pricing, dosing, and/or reimbursement of MIRCERA use, including all such instructional materials provided to or used with such individuals.

**RESPONSE TO REQUEST NO. 94:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to pricing, promotion and reimbursement, that bear no relevance to any claim or defense in this action. Moreover, Roche objects to this Request as any training and instruction of physicians, nurses, patients, clinic administrators, reimbursement authorities and other customers bears no relevance to any claim or defense in this action.

**REQUEST NO. 95:**

All documents and things relating to any communication, meeting, presentation or solicitation between ROCHE and any purchaser or consumer of ESP products (including any dialysis care organizations, hospitals, nephrology clinics, nephrologists, dialysis nurses, group purchasing organizations, the Veterans Administration, the Department of Defense and other

governmental organizations) relating to the current or future purchase, pricing, use or reimbursement of peg-EPO or MIRCERA in the United States.

**RESPONSE TO REQUEST NO. 95:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing, duplicative, cumulative and not reasonably calculated to lead to the discovery of admissible evidence. Roche also objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to pricing and reimbursement, that bear no relevance to any claim or defense in this action.

**REQUEST NO. 96:**

All documents and things relating to any monthly or other report or summary of activities relating to MIRCERA during any period since October 1, 2005 of any ROCHE sales director, sales manager, sales representative, medical liaison, or member of any marketing, sales, brand, medical affairs or governmental affairs team or group.

**RESPONSE TO REQUEST NO. 96:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales and marketing, that bear no relevance to any claim or defense in this action.

**REQUEST NO. 97:**

Documents and things sufficient to show the most current quota or forecast of MIRCERA sales by month, quarter and year for each sales territory and region in the United States and its possessions during 2006, 2007 and 2008.

**RESPONSE TO REQUEST NO. 97:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales quotas and forecasts, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 98:**

Documents and things sufficient to show the most current quota or forecast of MIRCERA sales by month, quarter and year for each customer in the United States and its possessions during 2006, 2007 and 2008.

**RESPONSE TO REQUEST NO. 98:**

Roche incorporates herein by reference its Response to Request No. 97 above.

**REQUEST NO. 99:**

Documents and things sufficient to show the policy and method by which sales of MIRCERA in the United States will affect the compensation of members of ROCHE's sales force, medical liaison, and medical affairs personnel.

**RESPONSE TO REQUEST NO. 99:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, that bear no relevance to any claim or defense in this action. Moreover, Roche objects to this Request as the compensation of members of ROCHE's sales force, medical liaison and medical affairs personnel bears no relevance to any claim or defense in this action.

**REQUEST NO. 100:**

All documents and things relating to any customer or potential customer for peg-EPO, including large dialysis organizations, small dialysis organizations, group purchasing organizations, hospital-based dialysis centers, government pharmacies, individual clinics, and/or individual physicians, but excluding patient specific information, relating to the importation, use, offer for sale, sale or reimbursement of peg-EPO in the United States.

**RESPONSE TO REQUEST NO. 100:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements. Moreover, Roche objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation and related areas. To the extent any of these areas are relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 101:**

All documents and things relating to any communication between ROCHE and any customer or potential customer for peg-EPO, including large dialysis organizations, small dialysis organizations, group purchasing organizations, hospital-based dialysis centers, government pharmacies, individual clinics, and/or individual physicians, but excluding patient specific information, relating to the importation, use, offer to sell, sale or reimbursement of peg-EPO in the United States.

**RESPONSE TO REQUEST NO. 101:**

Roche incorporates herein by reference its Response to Request No. 100 above.

**REQUEST NO. 102:**

All documents and thing relating to any negotiation between ROCHE and any customer or potential customer for peg-EPO, including large dialysis organizations, small dialysis organizations, group purchasing organizations, hospital-based dialysis centers, government pharmacies, individual clinics, and/or individual physicians relating to the importation, use, offer to sell, sale or reimbursement of peg-EPO in the United States.

**RESPONSE TO REQUEST NO. 102:**

Roche objects to this Request's use of the term "negotiation" as vague and ambiguous. Roche incorporates herein by reference its Response to Request No. 100 above.

**REQUEST NO. 103:**

All documents and things relating to any agreement or contract between ROCHE and any customer or potential customer for peg-EPO in the United States, including but not limited to large dialysis organizations, small dialysis organizations, group purchasing organizations, hospital-based dialysis centers, government pharmacies, individual clinics, and/or individual physicians, relating to the importation, use, offer to sell, sale, or reimbursement of peg-EPO in the United States.

**RESPONSE TO REQUEST NO. 103:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements. Moreover, Roche objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation and related areas.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales and reimbursement, that bear no relevance to any claim or defense in this action. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

To Roche's current knowledge, no documents or things responsive to this Request exist.

**REQUEST NO. 104:**

Documents and things sufficient to show all communications between ROCHE and DaVita Inc. or its affiliates relating to peg-EPO or any other ESP.

**RESPONSE TO REQUEST NO. 104:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 105:**

Documents and things sufficient to show all communications between ROCHE and Dialysis Clinic Inc. (DCI) or its affiliates relating to peg-EPO or any other ESP.

**RESPONSE TO REQUEST NO. 105:**

Roche incorporates herein by reference its Response to Request No. 104 above.

**REQUEST NO. 106:**

Documents and things sufficient to show all communications between ROCHE and Fresenius Medical Care North America or Fresenius Medical Care AG & Co. KGaA or their affiliates relating to peg-EPO or any other ESP.

**RESPONSE TO REQUEST NO. 106:**

Roche incorporates herein by reference its Response to Request No. 104 above.

**REQUEST NO. 107:**

Documents and things sufficient to show all communications between ROCHE and Gambro AG or its affiliates relating to peg-EPO or any other ESP.

**RESPONSE TO REQUEST NO. 107:**

Roche incorporates herein by reference its Response to Request No. 104 above.

**REQUEST NO. 108:**

Documents and things sufficient to show all communications between ROCHE and Renal Care Group, Inc. (RCG) or its affiliates relating to peg-EPO or any other ESP.

**RESPONSE TO REQUEST NO. 108:**

Roche incorporates herein by reference its Response to Request No. 104 above.

**REQUEST NO. 109:**

Documents and things sufficient to show all communications between ROCHE and any agency or procurement office of the United States Department of Defense, Veterans Administration or other governmental procurement office relating to peg-EPO or any other ESP.

**RESPONSE TO REQUEST NO. 109:**

Roche incorporates herein by reference its Response to Request No. 104 above.

**REQUEST NO. 110:**

All documents and things relating to any agreement, assignment, license, or transfer between ROCHE and a third party in the United States regarding any ESP potentially useful in the treatment of anemia.

**RESPONSE TO REQUEST NO. 110:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements. Roche also objects to this Request as overly broad and seeking information not relevant to any claim or defense in this action to the extent it refers to "any ESP" other than MIRCERA™.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to licenses or assignments, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 111:**

All documents and things relating to any executed or proposed understanding or agreement between ROCHE and any third party relating to any past, current or future use of peg-EPO or EPO in the United States.

**RESPONSE TO REQUEST NO. 111:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking documents and things that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Moreover, Roche objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating potentially to licenses or assignments, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 112:**

All documents and things relating to any executed or proposed understanding or agreement between any of the ROCHE entities relating to any past, current or future use of peg-EPO or EPO in the United States.

**RESPONSE TO REQUEST NO. 112:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request as seeking documents and things that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Roche further objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that

are no longer in issue in this action to the extent it relates to internal transfer of MIRCERA™ and related areas.

**REQUEST NO. 113:**

All documents and things relating to any offer to provide peg-EPO or EPO for use in the United States to any person or entity for any purpose or use that is not related to the development and submission of information to FDA under a federal law regulates the manufacture, use, or sale of erythropoietin products.

**RESPONSE TO REQUEST NO. 113:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking documents and things that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Moreover, to Roche's current knowledge, no documents or things responsive to this Request exist.

**REQUEST NO. 114:**

All documents and things relating to any offer to sell peg-EPO or EPO to any person or entity for any use in the United States not related to the development and submission of information to FDA under a federal law that regulates the manufacture, use, or sale of peg-EPO or EPO products.

**RESPONSE TO REQUEST NO. 114:**

Roche incorporates herein by reference its Response to Request No. 113 above.

**REQUEST NO. 115:**

All documents and things relating to any agreement or understanding to sell, supply or provide peg-EPO or EPO for use in the United States at any time after FDA approval of ROCHE's pending BLA.

**RESPONSE TO REQUEST NO. 115:**

Roche incorporates herein by reference its Response to Request No. 113 above.

**REQUEST NO. 116:**

All documents and things related to the recruitment, solicitation or hiring of any Amgen employee by ROCHE since January 1, 2004.

**RESPONSE TO REQUEST NO. 116:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as relating to the recruitment, solicitation and hiring of Amgen employees by Roche and therefore seeking documents and things bearing no relevance to any claim or defense in this action.

**REQUEST NO. 117:**

All documents and things related to any plan or budget of ROCHE to recruit, solicit or hire Amgen sales personnel, medical liaisons, reimbursement specialists or marketing personnel.

**RESPONSE TO REQUEST NO. 117:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, marketing and reimbursement, that bear no relevance to any claim or defense in this action. Moreover, Roche objects to this Request as relating to the recruitment, solicitation and hiring of Amgen employees by Roche and therefore seeking documents and things bearing no relevance to any claim or defense in this action.

**REQUEST NO. 118:**

All documents and things related to any communication between ROCHE and any third party regarding recruitment, solicitation or hiring of any Amgen employee for employment by ROCHE since January 1, 2004.

**RESPONSE TO REQUEST NO. 118:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements. Moreover, Roche objects to this Request as relating to the recruitment, solicitation and hiring of Amgen employees by Roche and therefore seeking documents and things bearing no relevance to any claim or defense in this action.

**REQUEST NO. 119:**

All documents and things related to any listing, directory or other information of Amgen regarding its employees, business dealings, customers or internal organization.

**RESPONSE TO REQUEST NO. 119:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as relating to the employees, customers and internal organization of Amgen and therefore seeking documents and things bearing no relevance to any claim or defense in this action.

**REQUEST NO. 120:**

All documents and things related to any listing, directory or other information of Amgen regarding its employees, business dealings, customers or internal organization.

**RESPONSE TO REQUEST NO. 120:**

Roche incorporates herein by reference its Response to Request No. 119 above.

**REQUEST NO. 121:**

All documents and things relating to information of Amgen regarding its instruction, training, organization, supervision or compensation of its employees, including manuals, directories, forms, reports and spreadsheets.

**RESPONSE TO REQUEST NO. 121:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as relating to the instruction, training, organization, supervision and compensation of Amgen employees and therefore seeking documents and things bearing no relevance to any claim or defense in this action.

**REQUEST NO. 122:**

All documents and things relating to information of Amgen regarding its instruction, training or support of customers or reimbursement personnel.

**RESPONSE TO REQUEST NO. 122:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to reimbursement, that bear no relevance to any claim or defense in this action. Moreover, Roche objects to this Request as relating to the instruction, training or support of Amgen customers and reimbursement personnel and therefore seeking documents and things bearing no relevance to any claim or defense in this action.

**REQUEST NO. 123:**

Documents and things sufficient to identify and describe all activities sponsored by ROCHE since January 1, 2005 to enhance the competitive profile of peg-EPO.

**RESPONSE TO REQUEST NO. 123:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche objects

to this Request's use of the term "enhance the competitive profile" as it is vague, ambiguous and undefined.

**REQUEST NO. 124:**

Documents and things sufficient to identify and describe each clinical use or study of peg-EPO in the United States (excluding patient-specific information) after April 19, 2006, including the identity and location of each facility, the sponsor administering drug and the clinical protocol pursuant to which such administration was, is or will be made.

**RESPONSE TO REQUEST NO. 124:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche refers Amgen to Roche's No. STN 125164/0 and IND Nos. BB-IND 10158 and BB-IND 10964, already produced to Amgen in ITC Investigation No. 337-TA-568, for information concerning the clinical use and study of MIRCERA™.

Subject to these objections and the General Responses and Objections above, relevant, non-duplicative, non-cumulative documents relating to any completed communications, updates, amendments or supplements to Roche's BLA No. STN 125164/0 and INDs Nos. BB-IND 10158 and BB-IND 10964 and the final results of any completed studies or protocols underlying these submissions, which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 125:**

All documents and things related to any plan, study protocol, draft protocol, concept, schedule, budget or supply forecast for use of peg-EPO in humans in the United States for any study not included in ROCHE's April 19, 2006 Biologics License Application, including any "Phase IIIb/IV" study.

**RESPONSE TO REQUEST NO. 125:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.

Subject to these objections and the General Responses and Objections above, relevant, non-duplicative, non-cumulative documents relating to any completed communications, updates, amendments or supplements to Roche's BLA No. STN 125164/0 and INDs Nos. BB-IND 10158 and BB-IND 10964, and the final results of any completed studies or protocols underlying these submissions, which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 126:**

All documents and things comprising or related to any communication or presentation after January 1, 2006 between ROCHE and any third party (including all communications with clinicians and investigational review boards) regarding any plan, study protocol, draft protocol, concept, schedule or budget to study the use of peg-EPO in anemic renal patients in the United States, including any "Phase IIIb/IV" study.

**RESPONSE TO REQUEST NO. 126:**

Roche incorporates herein by reference its Response to Request No. 125 above.

**REQUEST NO. 127:**

All documents and things related to the conception, development, budget, cost, funding for, work performed, results, or presentation of the information contained in Abstract Nos. TH-PO072, TH,-PO230, TH-PO359, TH-PO361, TH-PO1001, TH-PO1002, TH-PO1007, PUB376, PUB377, F-PO375, F-PO408, F-PO671, F-PO685, SA-PO019, SA-PO034, SA-PO035, SA-PO192, SA-PO197, SA-PO198, SA-PO205, SA-PO207, SA-PO208, SA-PO209, SA-PO210, SA-PO212, and SA-PO225 (attached hereto as Exhibit B), as submitted for publication in 2006 to the American Society of Nephrology.

**RESPONSE TO REQUEST NO. 127:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 128:**

All documents and things comprising or related to any communication or presentation between ROCHE and any third party (including all communications with clinicians and investigational review boards) regarding Abstract No. SA-PO205 (Exhibit C), including all drafts of the study protocol.

**RESPONSE TO REQUEST NO. 128:**

Roche incorporates herein by reference its Response to Request No. 127 above.

**REQUEST NO. 129:**

All documents and things relating to the use of control variables in the development of a case-mix adjusted payment system for dialysis systems, as described in ASN Abstract TH-PO1007 (attached hereto as Exhibit D).

**RESPONSE TO REQUEST NO. 129:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking documents and things unrelated to MIRCERA™ and having no relevance to any claim or defense in this action. Moreover, Roche objects to this Request's use of the term "case-mix adjusted payment system for dialysis systems" as vague, ambiguous,

indeterminate and seeking information irrelevant in light of Amgen's absence of any damages claim.

**<u>REQUEST NO. 130</u>:**

All documents and things relating to any communication between ROCHE and J. Wheeler, M. Turenne, R. Hirth, J. Messana, or A. Pozniak regarding any study or investigation of the use of control variables in the development of a case-mix adjusted payment system for dialysis systems, as described in the previous request for production.

**<u>RESPONSE TO REQUEST NO. 130</u>:**

Roche incorporates herein by reference its Response to Request No. 129 above.

**<u>REQUEST NO. 131</u>:**

All documents and things relating to any association between missed dialysis sessions and hemoglobin variability, as described in ASN Abstract F-PO375 (attached hereto as Exhibit E).

**<u>RESPONSE TO REQUEST NO. 131</u>:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**<u>REQUEST NO. 132</u>:**

All documents and things relating to any communication between ROCHE and Robert N. Foley, Qi Li, David T. Gilbertson, Allan J. Collins, or Stephan C. Dunning regarding any study or investigation of any association between missed dialysis sessions and hemoglobin variability, as described in the previous request for production.

**<u>RESPONSE TO REQUEST NO. 132</u>:**

Roche incorporates herein by reference its Response to Request No. 131 above.

**REQUEST NO. 133:**

All documents and things relating to any association of persistently low hemoglobin levels with medical expenditures in dialysis patients, as described in ASN Abstract F-PO408 (attached hereto as Exhibit F).

**RESPONSE TO REQUEST NO. 133:**

See Response to Request No. 131 above.

**REQUEST NO. 134:**

All documents and things relating to any communication between ROCHE and Jiannong Liu, Haifeng Guo, David T. Gilbertson, or Allan J. Collins, regarding any study or investigation of any association of persistently low hemoglobin levels with medical expenditures in dialysis patients, as described in the previous request for production.

**RESPONSE TO REQUEST NO. 134:**

Roche incorporates herein by reference its Response to Request No. 131 above.

**REQUEST NO. 135:**

All documents and things relating to any association between hemoglobin variability and mortality among dialysis patients, as described in ASN Abstract SA-PO034 or SA-PO035 (attached hereto as Exhibits G and H).

**RESPONSE TO REQUEST NO. 135:**

Roche incorporates herein by reference its Response to Request No. 131 above.

**REQUEST NO. 136:**

All documents and things relating to any communication between ROCHE and H.I. Feldman, R.K. Israni, W. Yang, S. Fishbane, or M. Joffe regarding any study or investigation of any association between hemoglobin variability and mortality among dialysis patients, as described in the previous request for production.

**RESPONSE TO REQUEST NO. 136:**

Roche incorporates herein by reference its Response to Request No. 131 above.

**REQUEST NO. 137:**

For each clinical trial involving peg-EPO, a copy of the study protocol, investigator brochure and material transfer agreement.

**RESPONSE TO REQUEST NO. 137:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche refers Amgen to Roche's BLA No. STN 125164/0 already produced to Amgen in ITC Investigation No. 337-TA-568 for information responsive to this Request. Roche also objects to this Request to the extent it seeks documents and things relating to ongoing clinical trials post-dating Roche's filing of its BLA No. STN 125164/0. In order to avoid unnecessarily delaying or disrupting these trials, Roche will provide relevant documents relating to these trials only upon their completion, if any.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 138:**

For each clinical trial involving peg-EPO, documents and things sufficient to show the peg-EPO used, the principal investigators conducting each such trial, and the clinical and safety results of each such clinical trial.

**RESPONSE TO REQUEST NO. 138:**

Roche incorporates herein by reference its Response to Request No. 137 above.

**REQUEST NO. 139:**

For each clinical trial involving peg-EPO, all documents and things comprising or relating to any analysis or assessment of the safety of peg-EPO use in humans.

**RESPONSE TO REQUEST NO. 139:**

Roche incorporates herein by reference its Response to Request No. 137 above.

**REQUEST NO. 140**

Documents and things sufficient to show the respective role and responsibility of each ROCHE employee, team, group and/or third party involved in any preclinical study or characterization of peg-EPO, including any comparison of any property or characteristic of peg-EPO with any other ESP(s).

**RESPONSE TO REQUEST NO. 140:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche refers Amgen to Roche's BLA No. STN 125164/0 already produced to Amgen in ITC Investigation No. 337-TA-568 for information responsive to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 141:**

All documents and things relating to any study involving the administration of peg-EPO or EPO to any non-human animal in the United States after 1995.

**RESPONSE TO REQUEST NO. 141:**

Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Roche incorporates herein by reference its Response to Request No. 140 above.

**REQUEST NO. 142:**

All documents and things that comprise or relate to the goals, budgets and tasks (including all milestones, minutes, agendas, presentations, tasks lists, plans of action, schedules and priorities) of each team or group within ROCHE involved in any preclinical study or characterization of peg-EPO at any time since January 1, 2002, including any investigation or study of peg-EPO's mechanism of action, its pharmacokinetic or pharmacodynamic properties, or any comparison of any characteristic or property of peg-EPO with those of any other ESP(s).

**RESPONSE TO REQUEST NO. 142:**

Roche incorporates herein by reference its Response to Request No. 140 above.

**REQUEST NO. 143:**

All documents and things relating to any study or investigation sponsored or funded by ROCHE or its attorneys relating to the mechanism of action of peg-EPO in relation to erythropoietin receptors.

**RESPONSE TO REQUEST NO. 143:**

Roche objects to this Request as seeking information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Roche objects to this Request as duplicative of other Requests herein. Roche incorporates herein by reference its Response to Request No. 140 above.

**REQUEST NO. 144:**

All documents and things relating to any study or investigation sponsored or funded by ROCHE or its attorneys relating to any comparison of any activity, property or characteristic of peg-EPO with the corresponding activity, properties or characteristics of any other ESP.

**RESPONSE TO REQUEST NO. 144:**

Roche incorporates herein by reference its Responses to Request Nos. 140 and 143 above.

**REQUEST NO. 145:**

All documents and things (including all communications, plans, grants, grant applications, and research contracts or related drafts) relating to any work or study of any third party regarding peg-EPO or EPO, including documents relating to comparative studies or analysis of the mechanism of action and pharmacodynamic and/or pharmacokinetic properties of peg-EPO.

**RESPONSE TO REQUEST NO. 145:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Moreover, Roche further objects to this Request to the extent it seeks documents and things in the possession, custody or control of parties other than Roche or protected from disclosure by third party confidentiality agreements. Roche further objects to this Request to the extent it seeks information regarding products or molecules other than Roche's CERA or MIRCERA™ product for which commercial approval is sought in Roche's BLA No. STN 125164/0.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 146:**

All documents and things comprising or relating to any communication, presentation or proposal between ROCHE or its attorneys and any third party regarding any non-clinical study or investigation of peg-EPO, EPO, or any other ESP.

**RESPONSE TO REQUEST NO. 146:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Roche also objects to this Request's use of the

term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Moreover, Roche objects to this Request to the extent it seeks documents and things in the possession, custody or control of parties other than Roche or protected from disclosure by third party confidentiality agreements. Roche further objects to this Request to the extent it seeks information regarding products or molecules other than Roche's CERA or MIRCERA™ product for which commercial approval is sought in Roche's BLA No. STN 125164/0.

**REQUEST NO. 147:**

Documents and things sufficient to show the relationship between and among the ROCHE Defendants and their subsidiaries, affiliates, divisions, parent(s), and/or other related companies.

**RESPONSE TO REQUEST NO. 147:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as indeterminate, harassing, oppressive and of unreasonable scope in its reference to "related companies" which potentially encompasses entities possessing no documents, things or information of any relevance to any claim or defense in this action.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 148:**

Documents and things sufficient to show the role of each ROCHE-affiliated entity in any current or future importation, distribution, sale or use of peg-EPO in the United States, including the manufacture, supply, distribution, use, marketing, sale or reimbursement of MIRCERA.

**RESPONSE TO REQUEST NO. 148:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 and are no longer in issue in this action to the extent it refers to importation, distribution and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, marketing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or

otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 149:**

Documents and things sufficient to show the role of F. Hoffmann-La Roche Ltd. in any current or future importation, distribution, sale or use of peg-EPO in the United States, including the manufacture, supply, distribution, use, marketing, sale or reimbursement of MIRCERA.

**RESPONSE TO REQUEST NO. 149:**

Roche incorporates herein by reference its Response to Request No. 148 above.

**REQUEST NO. 150:**

Documents and things sufficient to show the role of Roche Diagnostics GmbH in any current or future importation, distribution, sale or use of peg-EPO in the United States, including the manufacture, supply, distribution, use, marketing, sale or reimbursement of MIRCERA.

**RESPONSE TO REQUEST NO. 150:**

Roche incorporates herein by reference its Response to Request No. 148 above.

**REQUEST NO. 151:**

Documents and things sufficient to show the internal business organization and employee hierarchy of ROCHE from 2000 to the present with respect to the development and commercialization of peg-EPO, including the reporting relationships of officers, managing agents, and employees within ROCHE whose duties and/or responsibilities relate in any way to peg-EPO.

**RESPONSE TO REQUEST NO. 151:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or

otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 152:**

Documents and things sufficient to identify each person employed by or affiliated with ROCHE who has or had responsibility relating to peg-EPO, by name, title, employment duties, and area of responsibility, including organizational charts showing the titles, employment duties, and relationships between and among such persons, and any analysis or evaluation relating to the performance of such persons while employed by or affiliated with ROCHE.

**RESPONSE TO REQUEST NO. 152:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as overly broad, indeterminate and of unreasonable scope in its reference to each person "affiliated with ROCHE." Moreover, Roche objects to this Request as any "analysis or evaluation relating to the performance of such persons" bears no relevance to any claim or defense in this action.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 153:**

An electronic copy of any software tool or database that identifies the name, title, responsibility and/or location of each ROCHE employee, contractor and/or consultant whose duties relate in any way to the clinical development, manufacture, supply, inventory, pricing, marketing, advertising, reimbursement, sale or medical support of peg-EPO (including MIRCERA).

**RESPONSE TO REQUEST NO. 153:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request's use of the term "software tool or database" to the extent it is vague, ambiguous and undefined. Moreover, Roche objects to this Request as overly broad, indeterminate and of unreasonable scope in its reference to each "contractor and/or consultant."

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, pricing, marketing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 154:**

Documents and things sufficient to identify and describe the goals, milestones, budgets and tasks, for each quarterly and annual period from 2001 through 2008, of each team or group within ROCHE involved in the preclinical, clinical, regulatory or technical development, manufacture and supply of MIRCERA for sale in the United States.

**RESPONSE TO REQUEST NO. 154:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request to the extent it seeks documents and things relating to ongoing clinical trials post-dating Roche's filing of its BLA No. STN 125164/0. In order to avoid unnecessarily delaying or disrupting these trials, Roche will provide relevant documents relating to these trials only upon their completion, if any.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 155:**

Documents and things sufficient to identify and describe the goals, milestones, budgets and tasks, for each quarterly and annual period from 2001 through 2008, of each team or group within ROCHE involved in the marketing, commercial launch, brand strategy, reimbursement, promotion, or medical education of MIRCERA use in the United States.

**RESPONSE TO REQUEST NO. 155:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to marketing and reimbursement, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To

the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 156:**

Documents and things sufficient to show every URL, directory, website structure and home page view of each internal ROCHE website containing any information relating to the clinical development, manufacture, inventory, transfer, marketing, sale, pricing, reimbursement or distribution of peg-EPO (including MIRCERA).

**RESPONSE TO REQUEST NO. 156:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. In particular, Roche objects to this Request as overly broad, vague, ambiguous, harassing and oppressive to the extent it seeks documents and things relating to "every URL, directory, website structure and home page view of each internal ROCHE website." Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to inventory, distribution and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, pricing, marketing and reimbursement, that bear no relevance to any claim or defense in this action.

**REQUEST NO. 157:**

Documents and things sufficient to show all directories and menus of MIRCERA-related documents, files and electronic links accessible via ROCHE's internal computer network to each of Phillippe Van der Auwera, Frank C. Dougherty, Michael Jarsch, George Abercrombie, Ute Dugan, Lars Birgerson, Dick Hinson, Barbara Senich, Chrys Kokino, Ken Miller, John Keefe, and George Esgro.

**RESPONSE TO REQUEST NO. 157:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. In particular, Roche objects to this Request as overly broad, vague, ambiguous, harassing and oppressive to the extent it seeks documents and things relating to "all directories and menus."

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 158:**

Documents and things sufficient to identify, describe and explain ROCHE'S use of enterprise resource planning (ERP) and product lifecycle management (PLM) software and databases in connection with its manufacture, packaging, labeling, inventory, transfer, importation, distribution and sale of peg-EPO in the United States (including MIRCERA).

**<u>RESPONSE TO REQUEST NO. 158</u>:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to inventory, importation, distribution and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to sales, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 159:**

Documents and things sufficient to identify and explain all material master numbers assigned or used by ROCHE to track or record the manufacture, packaging, labeling, inventory, transfer, importation, distribution and sale of peg-EPO (including MIRCERA) in the United States.

**RESPONSE TO REQUEST NO. 159:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to the use of the term "material master numbers" as it is vague, ambiguous and undefined. Roche also objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to inventory, transfer, importation, distribution and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**REQUEST NO. 160:**

Documents and things sufficient to show all locations throughout the world at which ROCHE maintains any inventory of peg-EPO and the most current stock levels of peg-EPO (including MIRCERA) at each location by vial or syringe size and quantity.

**RESPONSE TO REQUEST NO. 160:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request as overly broad and harassing as it relates to inventory and stock levels "throughout the world" and therefore seeks documents and things bearing no

relevance to any claim or defense in this action. Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to stock levels and inventory and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**REQUEST NO. 161:**

Documents and things sufficient to identify, describe and explain ROCHE'S use of software database systems, including any SAP or PMX system used to track transfers and shipments of peg-EPO to and within the United States.

**RESPONSE TO REQUEST NO. 161:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to transfers and shipments and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

Moreover, Roche objects to this Request as relating to the use of software database systems and therefore seeking documents and things bearing no relevance to any claim or defense in this action.

**REQUEST NO. 162:**

Documents and things sufficient to identify, describe and explain every tabulation of EPO and peg-EPO imported into the United States.

**RESPONSE TO REQUEST NO. 162:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**REQUEST NO. 163:**

Documents and things sufficient to account for the transfer or shipment into the United States and ultimate disposition of all EPO and peg-EPO imported into the United States.

**RESPONSE TO REQUEST NO. 163:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that

are no longer in issue in this action to the extent it refers to transfer[s], shipment[s], importation and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**REQUEST NO. 164:**

For each instance of importation into the United States of any EPO product, including (without limitation) peg-EPO, EPO, or any non-PEG component of peg-EPO, documents and things sufficient to separately describe and account for each importation of such product, including (without limitation)**:**

(a) The location(s) where the EPO or peg-EPO is manufactured;

(b) The date(s) of each importation;

(c) The ROCHE entity that contracted to ship the product to the United States;

(d) The commercial carrier for each importation;

(e) The ROCHE entity that delivered the product to such carrier;

(f) The unit(s) and volume(s) of product(s) imported;

(g) Any customs agent or broker for such importation;

(h) The ROCHE entity receiving the imported product(s);

(i) The port of entry for the imported product(s);

(j) The disposition of all imported product(s) after importation, including (without limitation) identifying each recipient of such product(s), the unit(s) and volume(s) of such product(s) provided to each recipient, the date(s) such product(s) was provided to each recipient, and all purposes for which such product was provided to each recipient;

(k) All uses of such product(s) including the date(s) of use and the unit(s) and volume(s) used; and

(l) All documents recording or reflecting any purpose(s) and use(s) for which any product was consumed or used by ROCHE or any recipient.

**RESPONSE TO REQUEST NO. 164:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Moreover, Roche objects to this Request as compound and duplicative. Roche further objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation, shipments and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**REQUEST NO. 165:**

All documents and things relating to the location(s) and amount(s) of all EPO and peg-EPO in the United States.

**RESPONSE TO REQUEST NO. 165:**

Roche objects to this Request as overly broad, duplicative, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Roche further objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to "the location(s) and

amount(s) of all EPO and peg-EPO in the United States" and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**REQUEST NO. 166:**

Documents and things sufficient to show the quarterly and monthly volume of peg-EPO, EPO or any non-peg component of peg-EPO ROCHE plans to import into the United States at any time through December 31, 2008, including United States sales forecasts, manufacturing requirement forecasts (either worldwide or for the United States), and manufacturing schedules and plans.

**RESPONSE TO REQUEST NO. 166:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Moreover, Roche objects to this Request as overly broad and harassing as it relates to sales and manufacturing forecasts "worldwide" and "at any time through December 31, 2008" and therefore seeks documents and things bearing no relevance to any claim or defense in this action.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, particularly relating to sales and manufacturing forecasts, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Roche further objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 167:**

Documents and things sufficient to show how ROCHE plans to use the EPO, peg-EPO, or any non-peg component of peg-EPO to be imported into the United States from January 1, 1995 through December 31, 2008.

**RESPONSE TO REQUEST NO. 167:**

Roche objects to this Request as overly broad, duplicative, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Moreover, Roche objects to this Request as overly broad and harassing as it relates to importation and use "through December 31, 2008" and therefore seeks documents and things bearing no relevance to any claim or defense in this action. Roche further objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of

ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 168:**

All documents and things relating to the manufacture and use by Nektar Therapeutics and/or its subsidiary Shearwater of polyethylene glycol that has been or will be used to make peg-EPO including any contract(s), agreement(s), proposal(s), and/or plan(s) relating thereto.

**RESPONSE TO REQUEST NO. 168:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 169:**

All documents and things relating to polyethylene glycol ordered or supplied to ROCHE in the United States (including but not limited to ROCHE's facilities in Nutley, New Jersey) that has been or will be used to manufacture peg-EPO.

**<u>RESPONSE TO REQUEST NO. 169</u>:**

Roche incorporates herein by reference its Response to Request No. 168 above.

**<u>REQUEST NO. 170</u>:**

All documents and things relating to EPO ordered or supplied to ROCHE in the United States (including but not limited to ROCHE's facilities in Nutley, New Jersey) after 1995.

**<u>RESPONSE TO REQUEST NO. 170</u>:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**<u>REQUEST NO. 171</u>:**

All documents and things relating to the manufacture or attempted manufacture of peg-EPO or EPO by or on behalf of ROCHE in the United States after 1995.

**<u>RESPONSE TO REQUEST NO. 171</u>:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 172:**

Documents and things sufficient to show the volume and units of peg-EPO or EPO manufactured in the United States by or for ROCHE after 1995, including the volume and units of peg-EPO or EPO manufactured at ROCHE's facilities in Nutley, New Jersey.

**RESPONSE TO REQUEST NO. 172:**

Roche incorporates herein by reference its Response to Request No. 171 above.

**REQUEST NO. 173:**

All documents and things relating to the peg-EPO or EPO manufacturing, production or purification process developed or refined by or for ROCHE in the United States.

**RESPONSE TO REQUEST NO. 173:**

Roche incorporates herein by reference its Response to Request No. 171 above.

**REQUEST NO. 174:**

All documents and things relating to the transfer of Roche's peg-EPO manufacturing, production or purification process, including transfer of EPO products, from any facility in the United States (including but not limited to ROCHE's facilities in Nutley, New Jersey) to any ROCHE facility outside the United States.

**RESPONSE TO REQUEST NO. 174:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case.

Roche objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to transfers of MIRCERA™ and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**REQUEST NO. 175:**

All documents and things relating to any contract or agreement between any of the ROCHE defendants or between any of the ROCHE defendants and any third party regarding the importation or transfer of peg-EPO or any non-peg component of peg-EPO in the U.S.

**RESPONSE TO REQUEST NO. 175:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements. Roche further objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to importation, transfer and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**REQUEST NO. 176:**

All documents and things relating to any existing or proposed understanding or agreement relating to peg-EPO between ROCHE and any person that is not a party to this lawsuit regarding the importation or transfer of peg-EPO or any non-peg component of peg-EPO in the U.S.

**RESPONSE TO REQUEST NO. 176:**

Roche incorporates herein by reference its Response to Request No. 175 above.

**REQUEST NO. 177:**

All documents and things relating to any existing or proposed understanding or agreement relating to peg-EPO between or among any of the ROCHE Defendants, including by or between any of the Roche subsidiaries, affiliates, divisions, parents, and/or otherwise related persons, including any existing or proposed understanding or agreement regarding the transfer of peg-EPO between or among such entities.

**RESPONSE TO REQUEST NO. 177:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to the transfer of MIRCERA™ and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**REQUEST NO. 178:**

All documents and things relating to any agreement or contract between or among any of the ROCHE defendants or any of their affiliates regarding the manufacture, use, sale, offer for sale, reimbursement, or transfer of peg-EPO or any component of peg-EPO intended for use in the United States.

**RESPONSE TO REQUEST NO. 178:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, particularly relating to sales and reimbursement, that bear no relevance to any claim or defense in this action.

Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to the transfer of MIRCERA™ and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

Moreover, Roche objects to this Request as agreements or contracts between or among any of the ROCHE defendants or any of their affiliates bear no relevance to any claim or defense in this action.

**REQUEST NO. 179:**

All documents and things relating to the transfer price of peg-EPO between or amongst the ROCHE Defendants or their subsidiaries, affiliates, parents, agents, and/or otherwise related persons.

**RESPONSE TO REQUEST NO. 179:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, particularly relating to "transfer price," that bear no relevance to any claim or defense in this action.

Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-

568 that are no longer in issue in this action to the extent it refers to the transfer of MIRCERA™ and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**REQUEST NO. 180:**

Documents and things sufficient to identify and describe each transfer of peg-EPO between or among the ROCHE Defendants or their subsidiaries, affiliates, parents, agents, and/or otherwise related persons.

**RESPONSE TO REQUEST NO. 180:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking documents and information relevant only to issues relating to 35 U.S.C. § 271(e)(1) that were the subject of ITC Investigation No. 337-TA-568 that are no longer in issue in this action to the extent it refers to the transfer of MIRCERA™ and related areas. To the extent any of these areas are still relevant to any issue in this action, Roche refers Amgen to Roche's production from the ITC investigation for documents responsive to this Request.

**REQUEST NO. 181:**

All documents and things concerning any document, product, composition, method or event considered by ROCHE to be, to have been, or to relate to prior art to any claim in Amgen's patents-in-suit under 35 U.S.C. §§ 102 or 103.

**RESPONSE TO REQUEST NO. 181:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking documents, things and information protected by a claim of privilege or

work product immunity. Moreover, Roche objects to this Request to the extent it calls for a legal conclusion.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 182:**

All documents and things comprising or relating to any communication made at any time since 1978 involving Shin Ashida, Joseph Baron, Shyozo Chiba, Harald Conradt, Dale Cumming, R.E. Gaines Das, Margaret Smith Dordal, Dimitrios Emmanouel, Allan Erslev, Joaquin Espada, James Fisher, Edward Fritsch, Minoru Fukuda, Eugene Goldwasser, Masaki Goto, Masamichi Hagiwara, Ken Hayashibara, Yasushi Hayashibara, Rodney Hewick, Hajime Hiratani, Nobuo Imai, Akira Kobata, Charles Kung, Por Lai, Takaji Miyake, Manfred Nimtz, Ryuzo Sasaki, Judith Sherwood, Daniel Shouval, P.L. Storring, Kaname Sugimoto, Makoto Takeuchi, Kenji Takezawa, Keisuke Toyama or Shin-Ichi Yanagawa relating to erythropoietin.

**RESPONSE TO REQUEST NO. 182:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as erythropoietin is not the accused product in this case. Moreover, Roche objects to this Request's use of the term "documents and things comprising or relating to any communication made at any time since 1978 . . . relating to erythropoietin" as overly broad, unduly burdensome and harassing.

**REQUEST NO. 183:**

All documents and things comprising or relating to any communication made at any time since 1983 involving any current or former employee of Genetics Institute or any of its successors-in-interest regarding erythropoietin.

**<u>RESPONSE TO REQUEST NO. 183</u>:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as erythropoietin is not the accused product in this case. Roche also objects to this Request to the extent it seeks documents, things and information protected from disclosure by third party confidentiality agreements. Roche further objects to this Request as vague, ambiguous and indeterminate as it refers to "any communication" between undefined parties.

**<u>REQUEST NO. 184</u>:**

All documents and things comprising or relating to any communication made at any time since 1983 involving any current or former employee of Chugai Pharmaceutical Co., Ltd., or any of its successors-in-interest regarding erythropoietin.

**<u>RESPONSE TO REQUEST NO. 184</u>:**

Roche incorporates herein by reference its Response to Request No. 183 above.

**<u>REQUEST NO. 185</u>:**

All documents and things comprising or relating to any communication made at any time since 1983 involving any current or former employee of Amgen or Kirin-Amgen regarding erythropoietin.

**<u>RESPONSE TO REQUEST NO. 185</u>:**

Roche incorporates herein by reference its Response to Request No. 183 above.

**<u>REQUEST NO. 186</u>:**

All documents and things comprising or relating to any communication made at any time since 1983 involving any current or former employee of Johnson & Johnson or any of its affiliates regarding erythropoietin.

**<u>RESPONSE TO REQUEST NO. 186</u>:**

Roche incorporates herein by reference its Response to Request No. 183 above.

**REQUEST NO. 187:**

All documents and things concerning any attempt to reproduce, test, or characterize any product, composition, and/or method that ROCHE contends constitutes or relates to prior art to any claim in Amgen's patents-in-suit under 35 U.S.C. §§ 102 or 103.

**RESPONSE TO REQUEST NO. 187:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking documents, things and information protected by a claim of privilege or work product immunity. Moreover, Roche objects to this Request to the extent it calls for a legal conclusion.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 188:**

All documents and things relating to any proposal, plan or attempt to obtain or purify erythropoietin from human urine.

**RESPONSE TO REQUEST NO. 188:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as erythropoietin is not the accused product in this case. Roche further objects to this Request as seeking documents, things and information protected by a claim of privilege or work product immunity.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 189:**

A representative 10 mg purified bulk sample of any ESP obtained from human urine, and such documents and things as are sufficient to identify the origin, production lot, date of production, composition, characteristics, and all analytical test results of said purified bulk ESP sample.

**RESPONSE TO REQUEST NO. 189:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request to the extent it seeks information regarding products or molecules other than Roche's CERA or MIRCERA™ product for which commercial approval is sought in Roche's BLA No. STN 125164/0. Roche further objects to this Request's use of the term "any ESP" as overly broad, unduly burdensome and harassing.

Roche also objects to this Request to the extent it seeks production of material that could constitute a non-exempt use under 35 U.S.C. § 271(e)(1) and subject Roche to potential liability. Roche refers Amgen to Roche's BLA No. STN 125164/0 already produced to Amgen in ITC Investigation No. 337-TA-568 for information concerning the production, composition, characteristics and relevant analytical test results of MIRCERA™. Roche will not produce any such samples to Amgen as they are unnecessary and irrelevant.

**REQUEST NO. 190:**

All documents and things relating to testing, analysis, characterization or evaluation of any ESP product or composition derived from human urine, including any characterization or

evaluation of its molecular weight, amino acid sequence, structure, spectra, post-translational modification, glycosylation, sialylation, acetylation, sulfation, phosphorylation, proteolysis, homogeneity, integrity, purity, specific activity, *in vitro* or *in vivo* biological activity, or any other physical or functional characteristic.

**RESPONSE TO REQUEST NO. 190:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request to the extent it seeks information regarding products or molecules other than Roche's CERA or MIRCERA™ product for which commercial approval is sought in Roche's BLA No. STN 125164/0. Roche further objects to this Request's use of the term "any ESP product or composition" as overly broad, unduly burdensome and harassing. Moreover, Roche objects to this Request to the extent it uses terms that may require construction by the Court.

Roche refers Amgen to Roche's BLA No. STN 125164/0 already produced to Amgen in ITC Investigation No. 337-TA-568 for information concerning the testing, analysis, characterization or evaluation of MIRCERA™.

**REQUEST NO. 191:**

All documents and things relating to any comparison between the molecular weight, amino acid sequence, structure, spectra, post-translational modification, glycosylation, sialylation, acetylation, phosphorylation, sulfation, proteolysis, homogeneity, integrity, purity, specific activity, *in vitro* or *in vivo* biological activity, or any other physical or functional characteristic of any ESP product or composition derived from human urine, and the corresponding characteristic(s) of any other ESP, including MIRCERA, NeoRecormon, or any ESP made or sold by Amgen or its licensee(s).

**RESPONSE TO REQUEST NO. 191:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request to the extent it seeks information regarding products or molecules other

than Roche's CERA or MIRCERA™ product for which commercial approval is sought in Roche's BLA No. STN 125164/0. Roche also objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as NeoRecormon is not the accused product in this case. Roche further objects to this Request's use of the term "any ESP" as overly broad, unduly burdensome and harassing. Moreover, Roche objects to this Request to the extent it uses terms that may require construction by the Court.

Roche refers Amgen to Roche's BLA No. STN 125164/0 already produced to Amgen in ITC Investigation No. 337-TA-568 for information concerning the characterization of MIRCERA™.

**REQUEST NO. 192:**

All documents and things concerning any activity by or for ROCHE relating to whether any claim in Amgen's patents-in-suit is or is not enabled under 35 U.S.C. § 112.

**RESPONSE TO REQUEST NO. 192:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking documents, things and information protected by a claim of privilege or work product immunity. Moreover, Roche objects to this Request to the extent it calls for a legal conclusion.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**<u>REQUEST NO. 193</u>:**

All documents and things concerning any activity by or for ROCHE relating to whether any claim in Amgen's patents-in-suit is or is not adequately described under 35 U.S.C. § 112.

**<u>RESPONSE TO REQUEST NO. 193</u>:**

Roche incorporates herein by reference its Response to Request No. 192 above.

**<u>REQUEST NO. 194</u>:**

All documents and things relating to any contention that Amgen did or did not engage in inequitable conduct while prosecuting the patents-in-suit.

**<u>RESPONSE TO REQUEST NO. 194</u>:**

Roche incorporates herein by reference its Response to Request No. 192 above.

**<u>REQUEST NO. 195</u>:**

All documents and things relating to any contention that Amgen has misused or is misusing any of Amgen's patents-in-suit.

**<u>RESPONSE TO REQUEST NO. 195</u>:**

Roche incorporates herein by reference its Response to Request No. 192 above.

**<u>REQUEST NO. 196</u>:**

All documents and things relating to any contention that Amgen has acted in an anticompetitive manner in regard to its patents-in-suit.

**<u>RESPONSE TO REQUEST NO. 196</u>:**

Roche incorporates herein by reference its Response to Request No. 192 above.

**<u>REQUEST NO. 197</u>:**

All documents and things relating to any investigation, opinion, testing, evaluation, or analysis as to whether any claim of Amgen's patents-in-suit was or is or will be infringed by the manufacture, importation, use, offer for sale, or sale of peg-EPO, including but not limited to oral or written opinions of an attorney (other than investigation(s), opinion(s), testing, evaluation(s), or analysis by counsel of record in this action after ROCHE received notice that the Complaint had been filed in this action), or any other person.

**RESPONSE TO REQUEST NO. 197:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Moreover, Roche objects to this Request to the extent it calls for a legal conclusion.

**REQUEST NO. 198:**

All documents and things relating to any investigation, opinion, testing, evaluation, or analysis as to whether any claim in Amgen's patents-in-suit was or is patentable, valid, and/or enforceable, including oral or written opinions of an attorney (other than investigation(s), opinion(s), testing, evaluation(s), or analysis by counsel of record in this action after ROCHE received notice that the Complaint had been filed in this action), or any other person.

**RESPONSE TO REQUEST NO. 198:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche also objects to this Request as seeking information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Moreover, Roche objects to this Request to the extent it calls for a legal conclusion.

**REQUEST NO. 199:**

All documents and things relating to any discussion, analysis, or decision by ROCHE to seek or not to seek a license under any Amgen patent, including the patents-in-suit.

**RESPONSE TO REQUEST NO. 199:**

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to

licensing, that bear no relevance to any claim or defense in this action. Roche incorporates herein by reference its Response to Request No. 198 above.

**REQUEST NO. 200:**

All documents and things relating to any effort of ROCHE to avoid infringement of any claim of any Amgen patent, including the patents-in-suit.

**RESPONSE TO REQUEST NO. 200:**

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to design-around, that bear no relevance to any claim or defense in this action. Roche incorporates herein by reference its Response to Request No. 198 above.

**REQUEST NO. 201:**

All documents and things relating to any proposal or plan of ROCHE to modify or alter its manufacture, importation, sale, offer to sell, or use of any ESP, including MIRCERA, to avoid infringement of any claim of any Amgen patent, including the patents-in-suit.

**RESPONSE TO REQUEST NO. 201:**

Roche incorporates herein by reference its Responses to Request Nos. 198 and 200 above.

**REQUEST NO. 202:**

All documents and things relating to any ESP studied or evaluated by ROCHE as a potential treatment for anemia which has not been the subject of an IND or BLA filing.

**RESPONSE TO REQUEST NO. 202:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as overly broad, harassing, oppressive and seeking documents and things bearing no relevance to any claim or defense in this action because it is not limited to MIRCERA™.

**<u>REQUEST NO. 203</u>:**

All documents and things relating to any use at any time by Genetics Institute, ROCHE, any predecessor-in-interest of ROCHE, or any other person or entity of host cells (other than Chinese hamster ovary cells) to produce erythropoietin, including the selection or creation of such cells and the production, isolation, testing, analysis, or evaluation of any erythropoietin obtained from such cells.

**<u>RESPONSE TO REQUEST NO. 203</u>:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as overly broad, harassing, oppressive and seeking documents and things that have no relevance to any claim or defense in this action as erythropoietin is not the accused product in this case and the Request is not limited to MIRCERA™. Moreover, Roche objects to this Request to the extent it seeks documents and things in the possession, custody or control of parties other than Roche or protected from disclosure by third party confidentiality agreements.

**<u>REQUEST NO. 204</u>:**

All documents and things relating to testing, analysis, characterization or evaluation of any EPO product or composition derived from cells other than CHO cells, including any characterization or evaluation of its molecular weight, amino acid sequence, structure, spectra, post-translational modification, glycosylation, sialylation, acetylation, phosphorylation, sulfation, proteolysis, homogeneity, integrity, purity, specific activity, *in vitro* or *in vivo* biological activity, or any other physical or functional characteristic.

**<u>RESPONSE TO REQUEST NO. 204</u>:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as overly broad, harassing, oppressive and seeking documents and things that have no relevance to any claim or defense in this action as EPO is not the accused product in this case and the Request is not limited to MIRCERA™. Moreover,

Roche objects to this Request to the extent it seeks documents and things in the possession, custody or control of parties other than Roche or protected from disclosure by third party confidentiality agreements.

**REQUEST NO. 205:**

All documents and things relating to any comparison between the molecular weight, amino acid sequence, structure, spectra, post-translational modification, glycosylation, sialylation, acetylation, phosphorylation, sulfation, proteolysis, homogeneity, integrity, purity, specific activity, *in vitro* or *in vivo* biological activity, or any other physical or functional characteristic of any EPO product or composition derived from cells other than CHO cells, and the corresponding characteristic(s) of any other ESP, including MIRCERA, NeoRecormon, or any ESP made or sold by Amgen or its licensee(s).

**RESPONSE TO REQUEST NO. 205:**

Roche incorporates herein by reference its Response to Request No. 204 above.

**REQUEST NO. 206:**

All documents and things relating to any license or agreement to which ROCHE is a party or successor-in-interest that relates to the manufacture, importation or sale of EPO or peg-EPO in the United States, including all licenses granted by Genetics Institute, Inc. and its successors-in-interest.

**RESPONSE TO REQUEST NO. 206:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Roche also objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Moreover, Roche objects to this Request to the extent it seeks documents and things in the possession, custody or control of parties other than Roche or protected from disclosure by third party confidentiality agreements.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to licensing, that bear no relevance to any claim or defense in this action.

**REQUEST NO. 207:**

Documents and things sufficient to show by quarter and by year all payments (including royalties) made by or on behalf of ROCHE to any third party pursuant to any license or agreement that relates to the manufacture, importation or sale of EPO or peg-EPO in the United States, including all payments relating to licenses granted by Genetics Institute, Inc. and its successors-in-interest.

**RESPONSE TO REQUEST NO. 207:**

Roche incorporates herein by reference its Response to Request No. 206 above.

**REQUEST NO. 208:**

All documents and things relating to the prosecution, in any jurisdiction, of Fritsch U.S. patent applications Serial Nos. 06/688,622 and 06/693,258, and any related application or related patent.

**RESPONSE TO REQUEST NO. 208:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking documents and things that are public and as accessible to Amgen as they are to Roche. Roche also objects to the term "related application or related patent" as overly broad, vague, ambiguous and indeterminate to the extent it encompasses applications and patents with no familial link to the listed application(s).

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 209:**

All documents and things relating to the prosecution, in any jurisdiction, of Hewick U.S. patent application Serial No. 06/690,853 and any related application or related patent.

**RESPONSE TO REQUEST NO. 209:**

Roche incorporates herein by reference its Response to Request No. 208 above.

**REQUEST NO. 210:**

All documents and things relating to the prosecution, in any jurisdiction, of patent applications of Franze et al., U.S. Serial No. 09/555,533, and PCT No. PCT/EP98/07819, and any related application or related patent.

**RESPONSE TO REQUEST NO. 210:**

Roche incorporates herein by reference its Response to Request No. 209 above.

**REQUEST NO. 211:**

All documents and things relating to any litigation, interference, opposition, hearing, re-examination or other proceeding in any jurisdiction relating to Lin U.S. patent application Serial No. 06/675,298 or any related application or related patent, including pleadings, motions, briefs, declarations, exhibits, reports, transcripts, and produced documents.

**RESPONSE TO REQUEST NO. 211:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as overly broad and seeking documents and things not relevant to any claim or defense in this action in its reference to "any litigation, interference, opposition, hearing, re-examination or other proceeding in any jurisdiction." Roche also objects to the term "related application or related patent" as overly broad, vague, ambiguous and indeterminate to the extent it encompasses applications and patents with no familial link to the listed application(s). Roche objects to this Request as unduly burdensome, harassing and oppressive to the extent it seeks documents and things that are uniquely in the possession, custody or control of Amgen itself.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 212:**

All documents and things relating to any litigation, interference, opposition, hearing, re-examination or other proceeding in any jurisdiction relating to Fritsch U.S. patent application Serial No. 06/688,622 or 06/693,258 or any related application or related patent, including pleadings, motions, briefs, declarations, exhibits, reports, transcripts, and produced documents.

**RESPONSE TO REQUEST NO. 212:**

Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as overly broad and seeking documents and things not relevant to any claim or defense in this action in its reference to "any litigation, interference, opposition, hearing, re-examination or other proceeding in any jurisdiction." Roche also objects to the term "related application or related patent" as overly broad, vague, ambiguous and indeterminate to the extent it encompasses applications and patents with no familial link to the listed application(s).

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 213:**

All documents and things relating to any patent or patent application relating to peg-EPO that has been or will be filed by or on behalf of ROCHE and/or issued anywhere in the world.

**RESPONSE TO REQUEST NO. 213:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Roche also objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request as overly broad and seeking documents and things not relevant to any claim or defense in this action as it encompasses patents or patent applications "issued anywhere in the world."

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 214:**

All documents and things relating to any patent or patent application relating to peg-EPO that is or is expected to be licensed or assigned to ROCHE.

**RESPONSE TO REQUEST NO. 214:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Roche also objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading.

In light of Amgen's current position that it does not seek relief in the form of damages, this Request is of unreasonable scope and seeks documents and things, relating particularly to

licensing, that bear no relevance to any claim or defense in this action. Roche will therefore produce such documents only to the extent they relate to the factors considered in a preliminary or permanent injunction determination should those issues arise. To the extent Amgen seeks remedies beyond injunctive relief, Roche reserves the right to supplement its response to this Request.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 215:**

All documents and things relating to the prosecution, in any jurisdiction, of U.S. patent applications of Bailon, Serial Nos. 09/604,938, 60/142,254, 60/150,225, 60/151,548, 60/166,151, and any related application or related patent.

**RESPONSE TO REQUEST NO. 215:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Roche also objects to this Request as seeking documents and things that are public and as accessible to Amgen as they are to Roche. Moreover, Roche objects to the term "related application or related patent" as overly broad, vague, ambiguous and indeterminate to the extent it encompasses applications and patents with no familial link to the listed application(s).

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody

or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

**REQUEST NO. 216:**

All documents and things relating to the prosecution, in any jurisdiction, of U.S. patent applications of Burg et al., Serial Nos. 09/604,871, 60/142,243, 60/147,452, and 60/151,454, and any related application or related patent.

**RESPONSE TO REQUEST NO. 216:**

Roche incorporates herein by reference its Response to Request No. 208 above.

**REQUEST NO. 217:**

All documents and things relating to the prosecution, in any jurisdiction, of patent applications of Franze et al., U.S. Serial No. 09/555,533, and PCT No. PCT/EP98/07819, and any related application or related patent.

**RESPONSE TO REQUEST NO. 217:**

Roche objects to this Request as duplicative of Request No. 210. Roche incorporates herein by reference its Response to Request No. 208 above.

**REQUEST NO. 218:**

All documents and things relating to the origin and meaning of each name by which ROCHE refers to peg-EPO, including "CERA," "MIRCERA," "Continuous Erythropoiesis Receptor Activator" and any established name or USAN.

**RESPONSE TO REQUEST NO. 218:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects to this Request as the naming of MIRCERA™ bears no relevance to any claim or defense in this action.

**REQUEST NO. 219:**

All documents and things relating to every proprietary and non-proprietary name Roche considered for peg-EPO.

**RESPONSE TO REQUEST NO. 219:**

Roche incorporates herein by reference its Response to Request No. 218 above.

**REQUEST NO. 220:**

All documents and things relating to any communication between ROCHE and any third party (including FDA) regarding any name for peg-EPO.

**RESPONSE TO REQUEST NO. 220:**

Roche incorporates herein by reference its Response to Request No. 218 above.

**REQUEST NO. 221:**

All documents and things identified, mentioned, otherwise referred to in, or reviewed or consulted during the process of considering or responding to, any interrogatory served on ROCHE by Amgen, heretofore and in the future.

**RESPONSE TO REQUEST NO. 221:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking information protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

**REQUEST NO. 222:**

All documents and things identified, mentioned, otherwise referred to in, or reviewed or consulted during the process of considering or responding to, a request for admission served on ROCHE by Amgen, heretofore and in the future.

**RESPONSE TO REQUEST NO. 222:**

Roche incorporates herein by reference its Response to Request No. 221 above.

**REQUEST NO. 223:**

All documents and things relating to any communication between ROCHE and Ortho Biotech, Inc., Ortho Pharmaceutical Corporation, Ortho-McNeil Pharmaceutical Inc., and/or any

other person affiliated with the Johnson & Johnson Company regarding EPO, peg-EPO and/or Amgen's patents-in-suit.

**RESPONSE TO REQUEST NO. 223:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Roche objects to this Request as seeking materials and information that have no relevance to any claim or defense in this action as EPO is not the accused product in this case. Roche also objects to this Request's use of the term "peg-EPO" as vague, ambiguous and misleading. Moreover, Roche objects that any communication between Roche and any of the Ortho or Johnson & Johnson entities described above has no discernible relevance to any claim or defense in this action.

**REQUEST NO. 224:**

Documents sufficient to show each document retention and/or destruction policy and/or practice of ROCHE in effect at any time from 1995 to the present, including the date(s) such policies or practices were in effect.

**RESPONSE TO REQUEST NO. 224:**

Roche objects to this Request to the extent it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections and the General Responses and Objections above, relevant, non-cumulative documents responsive to this Request which are in Roche's possession, custody or control and which are not subject to a claim of privilege or work product immunity or otherwise protected from disclosure, will be produced or made available for inspection and copying.

Respectfully submitted,

Howard S. Suh /H.H.

Leora Ben-Ami
Patricia A. Carson
Thomas F. Fleming
Howard S. Suh
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

and

Lee Carl Bromberg (BBO#058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292

*Attorneys for Defendants*
*F. Hoffmann-La Roche Ltd,*
*Roche Diagnostics GmbH, and*
*Hoffmann-La Roche Inc.*

December 4, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served upon the attorneys of record for the plaintiff (as listed below) via federal express overnight delivery and electronic mail on December 4, 2006.

Lloyd R. Day, Jr. (*pro hac vice*)
David A. Madrid (*pro hac vice*)
Linda A. Sasaki-Baxley (*pro hac vice*)
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220
Emails: daylr@daycasebeer.com
madriddm@daycasebeer.com
baxleyls@daycasebeer.com

D. Dennis Allegretti (BBO#545511)
Michael R. Gottfried (BBO#542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (617) 289-9200
Facsimile: (617) 289-9201
Emails: ddallegretti@duanemorris.com
mrgottfried@duanemorris.com
prich@duanemorris.com

William G. Gaede, III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100
Email: wgaede@wme.com

Kevin M. Flowers (*pro hac vice*)
Thomas I. Ross (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448
Emails: kflowers@marshallip.com
tross@marshallip.com

Odetta Cohen