**EXHIBIT6**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action
No. 05-12237-WGY

* * * * * * * * * * * * * * * * *

AMGEN, INC.,

Plaintiff,

v. — MOTION HEARING

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GmbH and
HOFFMANN-LA ROCHE, INC.,

Defendants.

* * * * * * * * * * * * * * * * *

BEFORE: The Honorable William G. Young,
District Judge

APPEARANCES:

DUANE MORRIS LLP (By Michael R. Gottfried, Esq.), 470 Atlantic Avenue, Suite 500, Boston, Massachusetts 02210
- and -
DAY CASEBEER MADRID & BATCHELDER LLP (By Lloyd R. Day, Jr., Esq. and Stuart Watt, Esq.) 20300 Stevens Creek Boulevard, Suite 400, Cupertino, California 95014, on behalf of the Plaintiff

1 Courthouse Way
Boston, Massachusetts

May 10, 2006

aa3a2aef-4d20-433e-be60-8c90aac53c54

MS. BEN-AMI: Your Honor, Roche U.S. is the sponsor of the U.S. BLA. And there is no serious dispute about that. They're looking at a website and misreading it. And I think that in fairness to open up discovery of a Swiss company for harassment of huge amounts of discovery where it is clear that Roche U.S. is --

THE COURT: Well, I wouldn't open it for huge amounts of discovery. How about -- would you undertake the burden of describing, I don't mean here this afternoon in open court, but among yourselves, the corporate arrangements and who's doing what?

MS. BEN-AMI: I think that would be manageable. We could give the sponsor page, the page that says this is being sponsored by Roche U.S. to Mr. Day.

THE COURT: All right. Now, I'm not asking you to concede in any way jurisdiction, but I find that helpful.

Now, on personal jurisdiction what do you say?

MS. BEN-AMI: As to Switzerland, your Honor, there are no continuous and systematic contacts, and they really do not have anything to do with this state. And it really does matter what state you're talking about. They're not in this state. They're not necessary to this case. So I'll focus on Germany, your Honor.

The Germans are similarly not involved with Massachusetts. And we did tell the Court that they had,



their predecessor company had purchased a cell line, but that is no longer the company. The company Roche has not made payments to Massachusetts since 2003.

And it's important to think about that because it does tie into the motion to dismiss on subject matter jurisdiction. If this -- if Roche gets approved, and if it gets approved in two years, say, who knows what the contacts will be with this state in two years. It may be that there will be fewer contacts. There may be more contacts. And because this case is not ripe now, the Court should dismiss for personal jurisdiction now. And if there comes a point in time when the case is ripe, then the Court can look at the contacts as they exist at the time.

Because right now the case is not ripe. And that the German company does not supply into Massachusetts for any infringing purpose, they do not do anything like that, they only provide to Roche U.S., in New Jersey, not in Massachusetts. They don't pay here.

THE COURT: I follow a practice in a variety of situations, and I did it once this afternoon with the arbitration, of administratively closing cases. And that is an administrative closure. I think it's advantageous for the proper administration of this session of the Court and the maintenance of the Court's own statistics. It has the -- it's the functional equivalent of a stay. Puts



everything on ice but disadvantages no one because if the circumstances change and someone is disadvantaged a motion can be made to reopen the case telling me why the administrative closure hurts.

Since I will not allow, at least the formal transaction costs of litigation, you can't serve interrogatories or take depositions or anything like that, your people are no worse off if I simply don't adjudicate it and administratively close the case if the corporate lineup as you sail out of the safe harbor is known at the time.

MS. BEN-AMI: If your Honor closes all the motions and doesn't decide anything then we'll be --

THE COURT: Well, my instinct is to decide what is ripe, I'm not saying I agree with you, because it's always more helpful to litigants to do the job they ask you to do than to duck them. And then as to those things that prudential value suggests I should at present duck, maybe I should duck. And everyone stays in their positions and, you know, the various commercial advantage and maybe you're discussing matters.

So you're okay with that?

MS. BEN-AMI: Except -- yes, your Honor, in general. Except that the issue of, the issue of whether there's sufficient contacts really should be decided at the time when the case is truly ripe.



THE COURT: You've made that point.

Now, I have one other point. As the -- and this is a case management point. Let's assume that I do not stay anything, or close it, and I thrash my way through, for good or ill. I let Ortho in, I keep Ortho out, I send Ortho to, and Amgen to arbitration. Of course, if I don't find personal jurisdiction over -- but that isn't going to happen because I have Roche U.S.

MS. BEN-AMI: Correct, your Honor.

THE COURT: So somebody in your team is going to be left standing, left present even if you win across the board on what you have argued here. Unless, and even if you win on what you said, subject matter jurisdiction, the most you're going to get is an administrative closure. So the case is alive. Now -- and I've got Roche U.S. If I don't administratively close the case and I've got Roche U.S., is this a jury case?

MS. BEN-AMI: I don't know, your Honor.

THE COURT: You don't know because we haven't reached it?

MS. BEN-AMI: We haven't gotten that far yet.

MR. DAY: As the claim is currently framed it's an equitable claim, it doesn't require a jury. There's no damage claim.

THE COURT: I understand that. But they haven't



aa3a2aef-4d20-433e-be60-8c90aac53c54