Exhibit A

KAYE SCHOLER LLP

Peter Fratangelo
212 836-8771
Fax 212 836-6364
pfratangelo@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

December 28, 2006

**BY FAX AND EMAIL**

Michele E. Moreland
McDermott, Will & Emery
3150 Porter Dr.
Palo Alto, CA 94304-1212

***Re: Amgen, Inc. v. F. Hoffman-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-LaRoche Inc., Civ. No. 05-CV-12237WGY, D. Mass***

Dear Michele:

We are in receipt of one CD of production documents from Amgen containing, according to your accompanying letter, production numbers AM37 014506-AM37 015498 and AM47 059974-AM47 093736. It appears that these are scans of paper documents, and you state in your letter that the CD contains a load file that contains Bates Begin, Bates End, Attachment Range, and Source fields. There are a number of problems with this first production CD from Amgen.

This CD contains a mere approximately 35,000 pages of production, a little over 4,000 documents. First, our understanding was that the parties would exchange documents on hard drives, not disks. It was Amgen that proposed using hard drives, and in the first set of production documents, you have failed to follow the agreement.

Second, many fields that the parties had agreed to exchange are missing from this CD. For example, the Source file that you reference in your letter seems to not be a Custodian field. The documents say as the source things like "Corp. Communications," "Amgen Legal," and "Investor Relations." There is no information provided for the actual individual custodian of the document, as we understood the parties would provide to each other. There is also no data at all for the Author, Date, Subject, Recipient, CC, and BCC fields, which we understood the parties would exchange.

Third, there is no OCR data provided for any of these documents. Our understanding was that the parties would exchange Full Text OCR data for the single page TIFFs for both paper documents and electronic documents.

Fourth, given the time restraints in the production schedule in this case, and the parties' agreement to begin production this week, this volume of documents at this point is simply unacceptable. We are finalizing our first production and anticipated delivering over 400,000 pages of documents to Amgen on a hard drive this week. We thought the parties had agreed to make a good faith effort to begin production of large volumes of documents this week, but given the one CD with 35,000 pages delivered yesterday, we have to question whether this was a good faith effort, or a mere token production.

Fifth, many, if not all, of the documents appear to be copies of publicly available market data, or emails exchanging publicly available data. These documents do not seem to contain any of the critical internal Amgen documents related to the claims and defenses in this case that Roche has a right to receive under the Federal Rules of Civil Procedure. Again, this does not seem like a good faith effort by Amgen to actually begin document production this week, but a mere drop off of a CD containing a few secondary, at best, documents so you can claim Amgen began production this week. This is unacceptable.

Is Amgen preparing to produce substantive documents, on a hard drive, to Roche this week, or are you expecting Roche to be the only party to make significant production this week, or in this matter at all? Please let us know as soon as possible if 1) Amgen will produce the Full Text OCR data for the documents produced on the disk yesterday, along with true Custodian, Author, Date, Subject, Recipient, CC, and BCC fields, and 2) whether Amgen is going to produce a realistic volume of actual, key documents this week on a hard drive, so we can proceed with our good faith efforts to truly advance the exchange of documents in this case.

Thank you for your cooperation in this matter.

Very truly yours,

Peter Fratangelo

cc: Deborah Fishman
Mark Israelewicz
Julia Huston
Thomas F. Fleming

31390112.DOC