Exhibit B

KAYE SCHOLER LLP

Peter Fratangelo
212 836-8771
Fax 212 836-6364
pfratangelo@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

January 3, 2007

**BY FAX AND EMAIL**

Michele E. Moreland, Esq.
McDermott, Will & Emery
3150 Porter Dr.
Palo Alto, CA 94304-1212
Fax: 650-813-5100
Email: wgaede@mwe.com

***Re:*** ***Amgen, Inc. v. F. Hoffman-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-LaRoche Inc., Civ. No. 05-CV-12237WGY, D. Mass***

Dear Michele:

I am writing regarding several issues with Amgen's production of documents or lack thereof in this matter. Given the extremely short time frame for discovery in this case, it is imperative that the parties exchange documents as soon as possible to provide for time to review these documents, so that additional written discovery, including further document requests if needed, can be propounded in the required time, and the parties can adequately prepare for and take depositions. To attempt to accomplish this, the parties agreed to begin the exchange of documents last week. While Roche takes seriously its obligation to provide discovery in this matter, it appears that Amgen does not seem to be committed to producing documents in a timely manner.

Roche produced over 400,000 pages of new documents to Amgen last week, and is endeavoring to continue production of more of the documents Amgen has requested as soon as possible. In sharp contrast, Amgen produced a single CD with a mere 35,000 pages of documents to Roche last week. When I objected to this tiny production by letter to you on Dec. 28, you replied that Amgen had produced documents in the ITC matter in addition to the 35,000 pages produced last week. This is not helpful to a good faith effort to cooperate and produce the required documents in a timely fashion. As you well know, Roche produced a very large number of documents in the ITC matter as well. The work done to produce those documents, however, was over long ago, and doesn't explain why Amgen has only produced a small number of additional documents in the current matter.

Each side has requested and is entitled to a great many documents in the present matter that were not produced in the ITC. You know that there are many specific documents requested in this action, which Amgen did not produce in the ITC, and which Amgen must produce in this action. Roche has managed to produce 400,000 pages of requested documents to Amgen, and it is simply not adequate for Amgen to say you produced a lot of stuff in the ITC, so you can delay producing required documents in the current action. Give the time frame, Amgen must make a significant production of requested documents immediately and stop its delaying tactics.

In Amgen's Objections and Responses to Defendants' First Set of Requests for the Production of Documents and Things (Nos. 1-123), and subsequent communications between the parties, Amgen stated that it would produce several documents which have not been produced to Roche yet. There is no excuse for this delay in production.

As just an example of these types of documents, with regard to Request for Production No. 21 regarding communications with Amgen scientist Steven Elliot and/or his researchers or assistants concerning the subject matter disclosed or claimed in Amgen's EPO patents, in the spirit of cooperation, during a meet and confer on Dec. 11 with your colleague William Gaede, Roche agreed to Amgen's proposal to limit this request to documents in Steve Elliot's custody or control. Despite Amgen's agreement to produce these documents, it has still failed to produce any of these documents. Please produce these documents immediately, and also produce immediately the remainder of the documents which Amgen stated it would produce in response to Roche Requests for Production.

There are other documents which Amgen has so far failed to produce, and which must be produced immediately given the tight schedule. Included among these, though not a comprehensive list, are documents relevant to Roche's "non-patent counterclaims." In Amgen General Objection No. 7, Amgen claimed that it would not produce any documents relevant to Roche's "non-patent counterclaims" until after the Court renders a decision on Amgen's motion to dismiss those counterclaims. At the Dec. 11 meet and confer, Roche informed Amgen that this was an unreasonable position, that the counterclaims were part of the case unless dismissed, and Amgen must produce discovery related to these counterclaims. In response, Mr. Gaede stated that in light of the fact that a hearing on the motion was scheduled for Dec. 20, Amgen would not produce these documents before the hearing. We don't believe this position had any validity, and in any case the hearing has occurred and Judge Young specifically denied Amgen's motion to dismiss Roche's counterclaims for Walker Process Antitrust (Count I), Tortious Interference with Prospective Business Relationships (Count VII) and Unenforceability (Count XII). Despite this, Amgen has not produced any of the requested documents related to Roche's counterclaims, which Amgen specifically said it would produce once Judge Young ruled on the issue. In addition, Judge Young has taken under advisement Amgen's motion to dismiss Roche's counterclaims for Monopolization (Counts III and IV), Unreasonable Restraints of Trade (Count V), and Violations of State Law (Counts VII-IX). Given that document production is scheduled to be completed on February 16, it is unreasonable, and completely without basis, for Amgen to withhold the documents relevant to these counterclaims until Judge Young decides Amgen's motion. These counterclaims are currently part of the case, and Roche is entitled to discovery on these counterclaims. Amgen must provide the reasonable, requested discovery

which is either relevant to these counterclaims, or reasonably calculated to lead to the discovery of admissible evidence, immediately. In light of Judge Young's order of today on Roche's motion to compel, Amgen must include in this production Aranesp® documents relating to Defendants' counterclaims, as Amgen stated it would do in opposition to the motion to compel.

As further example of the types of documents which Amgen has thus far not produced to Roche, and to which Roche is clearly entitled, are documents responsive to Defendants' Request for Production No. 9. Request No. 9 requests laboratory notebooks, data, internal memoranda, meeting minutes, and correspondence concerning the subject matter claimed in Amgen's EPO patents including the specific examples disclosed in those patents. These are documents clearly relevant to this matter, and at least relevant specifically to Roche's defenses and counterclaims of non-infringement, invalidity, unenforceability, and Walker Process antitrust. As you well know, documents related to the prosecution and contents of the patents in suit are key documents and must be produced. In a letter of Dec. 13, Mr. Gaede suggests that Roche identify specific declarations for which Amgen has not produced documents for experiments used to support it. This is unacceptable. Roche is not required to identify specific declarations or the documents concerning the work that underlies those declarations - in many cases it may be impossible to identify without having the full documents. It is Amgen's obligation to produce the documents related to the patents in suit, particularly in light of Roche's defenses and counterclaims of non-infringement, invalidity, unenforceability, and Walker Process antitrust. As I have previously stated, the fact that many of the experiments or underlying documents were created over 19 years ago does not excuse Amgen from having to produce these documents related to the prosecution and contents of the patents in suit. Amgen is asserting patents in the present matter which are based on work done at least 19 years ago, and Amgen cannot escape production of the documents related to their prosecution or contents just because the work was done very long ago. Amgen must produce these documents immediately.

Also, at Amgen's invitation, Roche proposed that Amgen produce sales, costs, pricing, and marketing documents using 1997 forward as a cutoff for these documents. This affects at least Request Nos. 61-63, 65, 66, 69-72, 74, 116, 119, and 120. This is more than a reasonable compromise by Roche, especially in view of the fact that Amgen started marketing EPO in the U.S as early as 1988. As a further compromise, Roche is willing to use 1999 as an effective cut-off date for these types of documents. Roche needs these documents at least from 1999 forward because this period is relevant to many of Roche's counterclaims, including those for Walker Process antitrust, monopolization, unreasonable restraints of trade, tortious interference, the state law claims, and the affirmative defenses of patent misuse, inequitable conduct, file wrapper estoppel, and prosecution laches estoppel. After all, 1999 is the last date of issuance of the patents-in-suit. Moreover, as our document production demonstrates, 1999 is about the time when Roche began work on molecules that eventually led to the development of MIRCERA™. The actions that form the basis of Roche's counterclaims and affirmative defenses listed above could date back to this time period of the late-1990's when this work was beginning. These documents are thus relevant or reasonably calculated to lead to the discovery of admissible evidence.

Also, in light of Judge Young's order today on Roche's motion to compel, we expect Amgen to immediately produce the Aranesp® documents which Amgen stated it would produce in its opposition to the motion to compel, including (1) Aranesp® documents relating to whether Aranesp® is a commercial embodiment within the scope of any of the claims of the Lin Patents, (2) documents sufficient to show Aranesp®'s structure, activity, method of production and method of use, (3) Aranesp® documents related to Amgen's request for injunctive relief, and (4) Aranesp® documents relating to Defendants' counterclaims, as mentioned above. In light of this position, and the Judge's order, please identify which Requests for Production Amgen believes are satisfied by its production.

This letter is not meant to be a comprehensive list of the documents to which Roche is entitled and which have not yet been produced by Amgen, but is meant to list certain particular documents and certain examples of types of documents which Amgen is required to produce and should produce immediately, particularly in light of the expedited discovery schedule in this case. Please begin producing these documents, and all other documents to which Roche is entitled, immediately.

Very truly yours,

Peter Fratangelo

cc: Deborah Fishman
Mark Izraelewicz
Julia Huston
Thomas F. Fleming

31391881.DOC