# EXHIBIT 3

DAY CASEBEER
MADRID & BATCHELDER LLP

20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

Deborah E. Fishman
(408) 342-4587
dfishman@daycasebeer.com

December 14, 2006

VIA EMAIL & FACSIMILE

Howard Suh, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

**Re:** ***Amgen Inc. v. F. Hoffmann LaRoche Ltd., et al. (05-CV-12237WGY)***

Dear Howard:

I write to clarify a few of your statements or omissions from the letter you sent me yesterday summarizing our meet and confer of Monday, December 11, 2006.

First, with respect to "EPO analogs," your letter states that I was unable to define the term as used in Amgen's definition of "EPO" (Definition #9). Your letter mischaracterizes our discussion. During our call on Monday, you objected to the term "EPO analog" as vague and ambiguous and noted that it was not defined in Amgen's First Set of Requests for Production. On that call, I offered to provide you with a definition and asked if you would therefore withdraw your objection. You declined my offer to provide you with a definition and instead indicated that you needed to consider your position on this term. I repeat my offer to provide you with a definition of "EPO analogs" if you are willing to reconsider your position on this subject.

Second, with respect to Roche affiliates and subsidiaries that are not named parties in the case, you confirmed that you would conduct a reasonable search and produce documents from affiliates that possess responsive and relevant information including but not limited to Roche Labs as well as Carolina Roche, Inc. Your letter was noticeably silent on the subject of the various Chugai entities including Chugai Pharmaceutical Co. Ltd., Chugai USA Inc., and Chugai Pharma LLC. Please confirm that your reasonable search and collection of responsive documents will include these affiliated Chugai companies.

Finally, on the topic of samples, based on our call on Monday, I understand that you will produce samples of the EPO and peg-EPO from which Mircera is made subject to Amgen's agreement not to assert infringement and to use the requested samples only for purposes of this litigation. I

believe that the enclosed non-assert agreement addresses your stated concerns and that Roche should now be in a position to produce samples and documents responsive to Amgen's Requests for Production Nos. 2-4. Please let me know immediately if this is incorrect and also let me know your position on samples of the cell line as called for by Amgen's Requests for Production Nos. 11-13.

Very truly yours,

DAY CASEBEER
MADRID & BATCHELDER LLP

Deborah E. Fishman

DEF:rlp

cc: Thomas F. Fleming, Esq.
Mark Israelewicz, Esq.
Michelle Moreland, Esq.

Enclosure (1)