# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC.,  ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05-12237 WGY |
| v. ) | |
| ) | |
| ) | |
| F. HOFFMANN-LA ROCHE ) | |
| LTD., a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company and HOFFMANN LA ROCHE ) | |
| INC., a New Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## DECLARATION OF DR. CHRISTOPHER STOMBERG IN SUPPORT OF AMGEN'S EMERGENCY MOTION TO OVERRULE ROCHE'S OBJECTIONS TO AMGEN'S DESIGNATION OF ECONOMIC EXPERTS

I, Dr. Christopher Stomberg, declare as follows:

1. I am an economist at Bates White LLC, which is a national consulting firm offering consulting services in economics, finance, and business analytics to law firms, companies, and government agencies. I am a principle of Bates White LLC and have been with the firm since August 2000. My CV is attached as Exhibit A.

2. I was retained by Amgen on December 5, 2006 as an expert consultant in this case. I have signed Attachment A to the Protective Order, evincing my agreement to be bound by the terms contained therein. A true and correct copy of my signed agreement to abide by the Protective Order in this case is attached as Exhibit B.

3. It is my understanding that, if I continue as an expert for Amgen in this case, I will be providing Amgen with consulting services on topics such as the effect of a potential peg-EPO commercial launch in the United States, the market(s) for erythropoietin stimulating agents (ESAs), and whether certain alleged Amgen actions constitute "anticompetitive acts."

4. I understand that F. Hoffman-La Roche Ltd., Roche Diagnostics GmbH, and Hoffman La Roche Inc. ("Roche") have objected to my designation under the Protective Order in this case to allow me access to Discovery Materials. I understand this objection is based on my participation in certain litigation matters whereby a large group of pharmaceutical manufacturers are defending multiple litigations regarding alleged fraudulent pricing practices with respect to the Average Wholesale Price ("AWP") of certain pharmaceuticals ("AWP litigations"). These AWP litigations include both a federal action consolidated as an MDL in the District of Massachusetts and numerous state actions around the country.

5. I have served as a consulting expert in support of the testimony of Dr. Eric Gaier in the AWP-related litigations listed in Dr. Gaier's associated declaration.

6. To the best of my knowledge, during the five months in 2004 when Hoffman-LaRoche Inc. was a listed defendant on the January 29, 2004 retention letter signed by Dr. Eric Gaier of Bates White, no Roche confidential or non-confidential information was ever provided or communicated to me.

7. To the best of my knowledge, during the pendency of the AWP-related litigations, I have never communicated with Roche or anyone claiming to represent Roche, nor have I been given any Roche confidential information or attorney work product by Roche.

8. To the best of my knowledge, no Roche confidential or attorney work product information was ever provided to Bates White LLC in relation to the AWP litigations.

9. I understand that Roche has alleged that Bates White LLC has received some compensation from them via a joint defense fund in the AWP litigations. Even though Bates White LLC has received compensation from a joint defense fund related to some of the AWP litigations, I was unaware that Roche contributed to that fund or that any of Bates White LLC's compensation was from Roche's contributions to the fund.

10. I make this declaration of my own personal knowledge. If called to testify with respect to the truth of the matters stated herein, I could and would do so competently.

Dated: January _10_, 2007                             /s/ Christopher Stromberg

                                                                  Christopher Stomberg