# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05-12237 WGY |
| v. ) | |
| ) | |
| ) | |
| F. HOFFMANN-LA ROCHE ) | |
| LTD., a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company and HOFFMANN LA ROCHE ) | |
| INC., a New Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## DECLARATION OF DR. ERIC GAIER IN SUPPORT OF AMGEN'S EMERGENCY MOTION TO OVERRULE ROCHE'S OBJECTIONS TO AMGEN'S DESIGNATION OF ECONOMIC EXPERTS

I, Dr. Eric M. Gaier, declare as follows:

1. I am an economist at Bates White LLC, which is a national consulting firm offering consulting services in economics, finance, and business analytics to law firms, companies, and government agencies. I am a partner and founding member of Bates White LLC and have been with the firm since October 1999. My CV is attached as Exhibit A.

2. I was retained by Amgen on December 5, 2006 as an expert consultant in this case. I have signed Attachment A to the Protective Order, evincing my agreement to be bound by the terms contained therein. A true and correct copy of my signed agreement to abide by the Protective Order in this case is attached as Exhibit B.

3. It is my understanding that, if I continue as an expert for Amgen in this case, I will be providing Amgen with consulting services on topics such as the effect of a potential peg-EPO commercial launch in the United States, the market(s) for erythropoietin stimulating agents (ESAs), and whether certain alleged Amgen actions constitute "anticompetitive acts."

Gaier Decl.                                                  1

4. I understand that F. Hoffman-La Roche Ltd., Roche Diagnostics GmbH, and Hoffman La Roche Inc. ("Roche") have objected to my designation under the Protective Order in this case to allow me access to Discovery Materials. I understand this objection is based on my participation in certain litigation matters whereby a large group of pharmaceutical manufacturers are defending multiple litigations regarding alleged fraudulent pricing practices with respect to the Average Wholesale Price ("AWP") of certain pharmaceuticals ("AWP litigations"). These AWP litigations include both a federal action consolidated as an MDL in the District of Massachusetts and numerous state actions around the country.

5. Amgen is a defendant in the federal MDL action in the District of Massachusetts as well as in state actions in Alabama, Arizona, California, Illinois, Kentucky, Mississippi, Montana, Nevada, Pennsylvania, and Wisconsin. Numerous other pharmaceutical companies are also defendants in different AWP-related litigations.

6. I have served as a testifying expert in several AWP-related litigations. Since February 2004, I have offered six declarations (October 2004, January 2005, February 2005, March 2006, March 2006, and July 2006), two depositions (November 2004 and April 2006), and trial testimony (November 2006) in two of the AWP litigations: *In re Pharm. Indus. Average Wholesale Price Litigation*, MDL No. 1456, C.A. No. 01-CV-12257-PBS (D. Mass.) and *Swanston v. TAP Pharm. Products*, No. CV2002-004988 (Ariz. Sup. Ct., Maricopa Co.).

7. I also have expert reports due in February of this year in two other AWP litigations: *State of Montana v. Abbott Labs., Inc.*, No. CV-02-09-H-DWM (D. Mont.) and *State of Nevada v. American Home Products Corp.*, No. CV-N-02-0202-ECR (2d Dist. Nev.).

8. Additionally, I have been approached to work on several other AWP litigations: *Commonwealth of Kentucky v. Alpharma, Inc. et al.*, No. 04-CI-1487 (Ky. Cir. Ct., Franklin Co., Div. 1), *Commonwealth of Massachusetts v. Mylan Laboratories, Inc., et al.*, No. 03-CV-11865-PBS (D. Mass.), S*tate of Alabama v. Abbott Laboratories, Inc., et al.*, No. CV-05-219 (Ala. Cir. Court, Montgomery Co.), *State of Wisconsin v. Amgen, Inc., et al.*, No. 04 CV 1709, Unclassified - Civil: 30703 (Wisc. Cir. Court., Dane Co., Branch 7), and *State of West Virginia v. Warrick Pharms. Corp.*, No. 01-C-3011 (W. Va. Cir. Ct., Kanawha Co.).

9. On January 29, 2004, I signed a retention agreement in connection with the following litigations: *In re Pharm. Indus. AWP Lit.*, MDL No. 1456, (D. Mass); *Swanston v. TAP Pharm. Prods Inc. et al.,* CV 2002-004988 (Super. Ct. Ariz.); and *State of Nevada v. Abbott*

*Laboratories, Inc., et al.*, CV 02 00260 (2d Dist. Nev.). (Exhibit C). In this retention letter, both Amgen Inc. and Hoffman-LaRoche Inc. were listed as parties retaining my consulting services. A true and correct copy of my signed January 29, 2004 Retention Letter for certain AWP litigations is attached as Exhibit C.

10. On June 30, 2004, my retention letter in these matters was revised to change the defendants retaining my consulting services. A true and correct copy of my signed June 30, 2004 Retention Letter for certain AWP litigations is attached as Exhibit D. Hoffman-LaRoche Inc. was removed from the listed defendants on the revised retention letter. Amgen, however, remained listed on the retention letter. This retention letter stated that: "your services are being retained only by the group of defendants listed above. . . . We shall inform you in the event that there are any such changes to the above list." (See Exhibit D). To the best of my knowledge, I was never provided, and have never signed, any updated retention letter, nor was I otherwise informed of changes to the defendants listed in the June 30, 2004 retention letter.

11. During the five months in 2004 when Hoffman-LaRoche Inc. was a listed defendant on the January 29, 2004 retention letter, no Roche confidential or non-confidential information was ever provided or communicated to me.

12. During the pendency of the AWP-related litigations, to the best of my knowledge, I have never communicated with Roche or anyone claiming to represent Roche, nor have I been given any Roche confidential information or attorney work product by Roche.

13. To the best of my knowledge, no Roche confidential or attorney work product information was ever provided to Bates White LLC in relation to the AWP litigations.

14. I understand that Roche has alleged that I have received some compensation from them via a joint defense fund in the AWP litigations. Even though I have received compensation from a joint defense fund related to some of the AWP litigations, I was unaware that Roche contributed to that fund or that any of my compensation was from Roche's contributions to the fund.

15. The only other case related to the AWP litigations in which I have signed a retention agreement is *State of West Virginia v. Warrick Pharms. Corp.*, No. 01-C-3011 (W. Va. Cir. Ct., Kanawha Co.). Only Abbott Laboratories, Abbott Laboratories, Inc., and Dr. Eric Gaier are named in that letter.

16. I make this declaration of my own personal knowledge. If called to testify with respect to

the truth of the matters stated herein, I could and would do so competently.


Dated: January __10__, 2007                                    _____/s/ Eric M. Gaier_____

                                                                                Eric M. Gaier