# EXHIBIT D

Dockets.Justia.com

DAY CASEBEER
MADRID & BATCHELDER LLP

20300 Stevens Creek Blvd., Suite 400
Cupertino, CA  95014
Telephone: (408) 873-0110
Facsimile:  (408) 873-0220

Deborah E. Fishman
(408) 342-4587
dfishman@daycasebeer.com

December 14, 2006

VIA EMAIL & FACSIMILE                                                    **UPDATE**

Manvin S. Mayell
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

**Re:    *Amgen Inc. v. Hoffman-LaRoche, LTD, et al.***
      **Action No. 1:05-cv-12237**

Dear Manvin:

I write in response to the concerns expressed in your December 11, 2006 letter regarding Drs. Gaier and Stomberg and Mr. Scher.

We investigated the concerns raised in your letter regarding Drs. Gaier and Stomberg and Mr. Scher's participation as experts in the joint defense of pharmaceutical pricing and price reporting cases around the country, in which both Amgen and Hoffman-La Roche were participants.  In particular, we have learned that as of June, 2004 Hoffman-La Roche had withdrawn from the joint defense that retains Drs. Gaier, Stomberg and Mr. Scher.  Attached are Dr. Gaier's retention agreements from the AWP Lit., MDL No. 1456, *Swanson v. TAP* CV 2002-004988 and *Nevada v. Abbott* CV 02 00260, dated January 29, 2004 and revised June 30, 2004, reflecting the brief period of time during which Hoffman-La Roche was part of the joint defense.  The joint defense group that retains them was revised in June 2004 to exclude Hoffman-La Roche.

It is our understanding that during the six-month period in which Hoffman-La Roche was a member of the joint defense, it provided no information – let alone confidential information – to any of Drs. Gaier, Stomberg and Mr. Scher.  Furthermore, we understand that Hoffman-La Roche provided no compensation to any of these gentlemen and any contribution made by Hoffman-La Roche to the joint expense fund was returned upon its withdrawal in June of 2004.  Beyond that, Dr. Gaier has assured us that during the interim period from January – June 2004 when Hoffman-La Roche was a member of the joint defense, neither he nor his team from Bates White spoke with anyone from Hoffman-LaRoche or anyone representing Hoffman-LaRoche.

DAY CASEBEER
MADRID & BATCHELDER LLP

Manvin S. Mayell
December 14, 2006
Page 2

We believe that these findings and the enclosed letters address the concerns expressed in your December 11 letter and we assume, accordingly, that you withdraw your objections to Drs. Gaier and Stomberg and Mr. Scher.

Please let me know immediately if this is not the case, providing with particularity any additional information that you may have forming the basis for your lingering concerns.   In addition, to the extent that your concerns are not ameliorated by this letter, please explain the basis for your statement in your December 11 letter that "issues in this action may be substantially related to issues in those [pricing and price reporting] cases."  Otherwise, we will assume that we can show Drs. Gaier and Stomberg and Mr. Scher confidential discovery materials on December 27, 2006.

Very truly yours,

DAY CASEBEER
MADRID & BATCHELDER LLP

Deborah E. Fishman

DEF:rlp

cc:    Michele Moreland, Esq.
       Mark Israselewiscz, Esq.
       Renee Dubord Brown, Esq.
       Krista Carter, Esq.

Enclosures (2)

512319_1

## DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4464

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

June 30, 2004

Re:    **Retention in Connection With AWP Litigation**

Eric M. Gaier
Bates White
2001 K Street, N.W.
Suite 700
Washington, D.C. 20006

Dear Mr. Gaier:

        The joint defense group has revised the contribution structure pursuant to which payments will be made into a joint expense fund established by defendants for payment of expert bills. All future payments to you will be made pursuant to contributions in equal proportions by the following defendants:

        Amgen, Inc.

        Astrazeneca Pharmaceuticals LP

        Aventis  Pharmaceuticals Inc.

        Bayer Corporation

        Bristol-Myers Squibb Co.

        Fujisawa Healthcare, Inc.

        Johnson & Johnson

        Novartis Pharmaceuticals Corporation

        Pfizer, Inc.

        Schering-Plough Corporation; Warrick Pharmaceuticals

        SmithKlineBeecham Corporation, d/b/a GlaxoSmithKline

Mr. Gaier                          2                     June 30, 2004

TAP Pharmaceutical Products Inc.; Abbott Laboratories; Takeda Chemical Industries, Ltd.

The above list supersedes the list appended to your original letter of retention as Attachment A. Accordingly, your services are being retained only by the group of defendants listed above. In the future, additional defendants may seek to becoming retaining defendants and fund expert contributions to gain access to expert testimony or analysis. We shall inform you in the event that there are any such changes to the above list.

Other than as noted, the terms of your retention remain fully in effect. Please signal your agreement to this amendment to the terms of your retention by signing and returning a copy of this letter.

Sincerely

D. Scott Wise

Signature: _____
For:        Bates White, LLC
Dated:      7/1/04

• • • B A T E S • W H I T E • • •

January 29, 2004

Mr. D. Scott Wise, Esq.
Davis Polk & Wardwell
450 Lexington Ave.
New York, NY 10017

Re: In re: Pharm. Indus. AWP Lit., MDL No. 1456 (D. Mass.); Swanston v. TAP Pharm.
Prods. Inc., et al., CV 2002-004988 (Super. Ct. Ariz.); State of Nevada v. Abbott
Laboratories, Inc., et al., CV 02 00260 (2d Dist. Nev.)

Dear Scott:

This is to confirm our retention by the companies identified in Attachment A (the
"Companies") in connection with the above-captioned actions and related matters. It is
understood that our work will be directed by a steering committee formed by the Companies
or by such persons as the steering committee may designate. Unless otherwise agreed in
writing, our work will be deemed privileged and confidential information designed to assist
the attorneys representing the Companies in actual or anticipated litigation.

It is understood that one or more of the Companies may want one or more persons from
our firm to testify in litigation. If that happens, the terms of this letter shall apply to that
engagement. It is understood, however, that our work will remain privileged and
confidential unless it is considered by a witness in connection with the expert's testimony
and is required to be produced. For that reason, all of our work will be marked "Privileged
and Confidential: Prepared for Attorney in Connection with Litigation", and confidential
information from the Companies will not be shown to a testifying expert unless it is
necessary for that expert's testimony and it cannot otherwise be made available to the
testifying expert in aggregated form. Furthermore, our work will not be disclosed to any
person other than counsel for the Companies unless: (a) counsel for the Companies permit
such disclosure; (b) a court or governmental agency orders such disclosure; or (c) the
information is otherwise in the public domain.

Mr. D. Scott Wise, Esq.
January 29, 2004
Page 2 of 6

If our firm is retained to provide services for an adversary of any of the Companies in other litigation, the persons working on this engagement will not work on that engagement, and steps will be taken to ensure that confidential information relating to this engagement is not disclosed to the persons working on that engagement.

It is understood that our fees shall be paid from a joint expense fund established by the Companies to which the Companies are contributing in varying amounts. We will submit monthly statements to a person designated by the Companies and will look first to the joint expense fund to pay our fees. In the event that any portion of our fees remains unpaid, we will have the right to seek payment from the Companies in accordance with their proportionate share.

We are aware that some of the companies involved in the above-mentioned litigation have declined to participate in this retention. It is understood that we will not perform any services for those companies in connection with these matters unless the Companies agree in writing. It is further understood that if any of those companies should decide to become a participant in this retention, it shall be pursuant to such terms and conditions as the Companies establish.

Our fees and expenses will be billed to you in accordance with the billing and payment policies set forth in Attachment B. It is understood that we will work with the Companies to develop a work plan and try to keep our fees and expenses within the parameters of that plan. It is also understood that our fees and expenses are not contingent on the opinions and analyses we provide.

The present agreement to provide consulting services to the Companies is limited to this matter described above, for which you have engaged us. As you are aware we are a large consulting firm and we consult to many other companies and individuals. It is possible that some of our present or future clients will have disputes or other dealings with the Companies or their affiliates during the time that we are consulting to the Companies in the current matter. You agree that we may continue to consult to, or may undertake in the future to consult to, existing or new clients in any matter, including litigation and other legal proceeding, that is not substantially related to our work for the Companies in this matter, even if the interests of our clients in those other matters are directly adverse to the Companies, or any of their affiliates. Under such circumstances, the team working on the other matters will be separate from the team working on this matter. In particular, the separately constituted projects teams will not, under any circumstances, exchange any data or information that might compromise the strictures of confidentiality governing each project.

Mr. D. Scott Wise, Esq.
January 29, 2004
Page 3 of 6

Except in the case of gross negligence or intentional wrongdoing, the firm's liability shall be limited to fees received by the firm under this agreement. In no event shall the firm be liable for special, incidental, consequential, punitive or similar damages in connection with this engagement.

If the foregoing is acceptable to you, please indicate that by signing below.

Sincerely,

Eric M. Gaier, Ph.D.
Partner

Agreed and accepted this _4th_ day of _Feb._ 2004.

By: _____

D. Scott Wise, Esq.

Mr. D. Scott Wise, Esq.
January 29, 2004
Page 4 of 6

## Attachment A

Full Share

 **AstraZeneca** – Zeneca, Inc., AstraZeneca U.S., AstraZeneca Pharmaceuticals L.P., AstraZeneca, PLC

 **The Aventis Group** – Aventis Pharmaceuticals, Inc., Hoechst Marion Roussel, Inc., Aventis Behring L.L.C.

 **The BMS Group** – Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., Apothecon, Inc.

 **The GSK Group** – GlaxoSmithKline, P.L.C., SmithKline Beecham Corporation, GlaxoWellcome, Inc.

 **The Johnson & Johnson Group** – Johnson & Johnson, Centocor, Inc., Janssen Pharmaceutica Products, LP, McNeil-PPC, Inc., Ortho Biotech

 **Amgen Inc. and Immunex Corporation**

 **Hoffman-LaRoche, Inc.**

 **The Schering-Plough Group** – Schering-Plough Corporation, Warrick Pharmaceuticals Corporation

Half Share

 **Bayer** – Bayer Corporation, Bayer AG

 **The Boehringer Group** – Boehringer Ingelheim Corp., Ben Venue Laboratories, Inc., Bedford Laboratories

 **Braun** – B. Braun of America, Inc., B. Braun Melsunger Aktiengesellschaft, McGaw, Inc., B. Braun McGaw

 **The Fujisawa Group** – Fujisawa Healthcare, Inc., Fujisawa USA, Inc.

 **Novartis Pharmaceuticals Corporation**

 **The Pharmacia Group** – Pharmacia Corporation, Pharmacia & Upjohn, Inc.

 **The Sicor Group** – Sicor, Inc., Gensia, Inc., Gensia Sicor Pharmaceuticals, Inc.

 **Watson Pharmaceuticals, Inc.**

 **Wyeth Pharmaceuticals**

Mr. D. Scott Wise, Esq.
January 29, 2004
Page 5 of 6


Quarter Share

Merck & Co., Inc.

Mr. D. Scott Wise, Esq.
January 29, 2004
Page 6 of 6

## Attachment B

Our fees are based upon the time actually spent by each assigned staff member at their standard billing rate, on an hourly basis. Our current rates by staff classification range from $125 per hour for Project Assistants to $660 per hour for our most senior economists. Rates are adjusted at least annually to reflect changes. Furthermore, rates of individuals are adjusted based on promotion to more senior levels within our organizations. In addition to the professional fees, our bills will include reasonable out of pocket expenses, such as travel and case-specific materials that we incur on your behalf. We will send invoices monthly that reflect our professional fees and expenses. Invoices will be due upon presentation. In addition, our firm's policies require that all outstanding invoices be paid prior to our giving deposition or courtroom testimony.

Our project team will be led by Eric Gaier and will include other professional and administrative staff resources as required. Dr. Gaier's current billing rate is $450 per hour. It may be necessary for us to assign additional staff to this project in order to match properly experience and training with the project's requirements. Our hourly billing rates are summarized below.

**Table 1. Bates White Professional Rates**

| Position | Hourly Rate |
|---|---|
| Sr. Partner | $500 - $660 |
| Partner | $400 - $500 |
| Principal | $300 - $400 |
| Manager | $250 - $300 |
| Sr. Consultant | $200 - $250 |
| Consultant | $150 - $200 |
| Project Assistant | $125 |