# EXHIBIT E

# KAYE SCHOLER LLP

Manvin S. Mayell
212 836-7031
Fax 212 836-8689
mmayell@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

December 15, 2006

**BY ELECTRONIC AND U.S. MAIL**

Deborah E. Fishman, Esq.
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd.
Cupertino, CA 95014

Re: *Amgen Inc. v. F. Hoffmann La Roche Ltd, et al.*,
No. 05 CV 122237 (WGY)(D. Mass.)

Dear Deborah:

Thank you for your letter yesterday regarding Amgen's designation of Dr. Eric Gaier, Dr. Christopher Stomberg and Mr. Benjamin W. D. Scher as experts in the above-referenced action. We appreciate your recognition of the fact that the terms of their retention as joint defense experts in the pharmaceutical pricing and price reporting cases (the "AWP litigations"), precludes them from acting as experts adverse to any member of the Joint Defense Group. Because the facts as set forth in your letter regarding their retention by the Joint Defense Group are only partially complete, your conclusion that Hoffmann-La Roche is not part of the defense group currently relying on them as experts in those litigations is incorrect.

You are correct that Hoffmann La Roche withdrew in 2004 from a defense group formed to defend the private federal class actions because it was not a defendant in those actions. However, Hoffmann-La Roche *is* a defendant in various AWP-related actions brought by state Attorneys General, and a participating member in the Joint Defense Group in those cases, for which Drs. Gaier and Stomberg and Mr. Scher are currently working. As such, Hoffman-La Roche has paid substantial amounts into the fund being used to compensate Drs. Gaier and Stomberg and Mr. Scher for their assistance in the defense of those cases. Because the claims and defenses in all of those cases are substantially related, whether a particular member of the group is named in a specific case is not relevant – the Bates White team's work in any of the state cases is being done on behalf of all of the Joint Defense Group members in all of the state cases, and all members are paying their fair share for that work. As a result, each has the legitimate expectation that Drs. Gaier and Stomberg, and Mr. Scher, will do nothing to compromise the members' ability to rely on them in defense of the AWP litigations jointly or severally in the future, having paid for them to prepare for such eventuality.

31383538.DOC

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   LONDON   SHANGHAI

KAYE SCHOLER LLP

Deborah E. Fishman, Esq.                    2                    December 15, 2006

      Accordingly, Hoffmann-La Roche maintains its objection to Amgen's designation of Drs. Gaier and Stomberg and Mr. Scher, and objects to its sharing any confidential discovery information with them in this matter and to their participation in this matter in any respect.

      In addition, we have raised this issue with you at this point because Hoffmann-La Roche does not wish to embarrass Drs. Gaier and Stomberg, Mr. Scher or Bates White in the AWP Joint Defense Group by raising the issue there. Nonetheless, if they fail to recognize the impropriety of acting in a manner that would compromise Hoffmann-La Roche's ability to rely on them after having paid for them to be prepared for such reliance, we will have no choice but to raise the issue there as well. Finally, in response to the request in your letter that we provide the basis for how this action may be related to the AWP litigations, we believe that it is not in the interests of Hoffman-La Roche, or Amgen, to discuss the strategies related to expert testimony in the AWP litigations in non-privileged communications.

                                                Very truly yours,

                                                Manvin S. Mayell

Copies to   Thomas Fleming, Esq.
              Howard Suh, Esq.
              Michelle Moreland, Esq.
              Mark Israelewicz, Esq.