# EXHIBIT G

Dockets.Justia.com

DAY CASEBEER
MADRID & BATCHELDER llp

20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile:  (408) 873-0220

Deborah E. Fishman
(408) 342-4587
dfishman@daycasebeer.com

January 8, 2007

VIA EMAIL & FACSIMILE

Manvin Mayell
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

**Re:    *Amgen Inc. v. F. Hoffmann LaRoche Ltd., et al. (05-CV-12237 WGY)***

Dear Manvin:

Attached please find signed copies of the agreement to be bound by the terms of the parties' Protective Order from Drs. Gaier and Stomberg and Mr. Scher. We have investigated the concerns raised in your letter of December 15, 2006 and find them to be without merit. Most fundamentally, you do not claim that Roche has shared any information, let alone any relevant confidential information, with any of these three gentlemen. If you insist on maintaining your objections to any of these three gentlemen, I request that you immediately:

- Identify the specific litigations, by Court and case number, in which you claim each of these gentlemen have been engaged by Roche in any capacity;

- Identify the specific engagement and how it conflicts with Amgen's engagement of each of these gentlemen in this case;

- Identify the amount of money you allege Roche has paid to each;

- Provide to us any retention letter or similar agreement upon which you are relying;

- Identify the Roche-specific information you allege has been shared with these gentlemen;

- Identify each communication Roche claims to have had with each of these gentlemen; and

- Clarify the factual basis for your allegation that the litigations we have requested you identify with particularity may be "substantially related" to the current litigation at issue.

524346_1.doc

DAY CASEBEER
MADRID & BATCHELDER LLP

Manvin Mayell
January 8, 2007
Page 2

I note that we first disclosed our intention of sharing confidential discovery materials with each of these gentlemen on December 6, 2006, more than a month ago.  Needless to say, the time period for discovery and to prepare expert reports is closing rapidly.  Because time is of the essence, please provide the requested response by the close of business on January 10, 2007.  Moreover, if you do not withdraw your objections, Amgen will have no choice but to bring this matter to the Court's attention.

Very truly yours,

DAY CASEBEER
MADRID & BATCHELDER LLP

*Deborah E. Fishman*

Deborah E. Fishman

DEF:rlp

cc:    Howard Suh
       Thomas Fleming
       Michele Moreland
       Mark Israelewicz

Enclosures (3)

524346_1.doc

ATTACHMENT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 05 Civ. 12237 WGY |
| | ) | |
| F. HOFFMANN-LA ROCHE LTD, ROCHE | ) | |
| DIAGNOSTICS GmbH, and HOFFMANN- | ) | |
| LA ROCHE INC., | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### AGREEMENT TO ABIDE BY PROTECTIVE ORDER

The undersigned represents that he or she is affiliated with [Plaintiff Amgen, Inc.]

[Defendants F. Hoffman-La Roche Ltd, Roche Diagnostics GmbH, and Hoffman-LaRoche Inc.],

in the above captioned matter. The undersigned is involved in this litigation as

_Consultant_ [e.g., outside counsel, expert or consultant retained by outside counsel]. If

an attorney, the undersigned is admitted in _____ [all jurisdictions].

The undersigned has read the Protective Order issued on _11/21/06_ by the Honorable

William G. Young in this matter, and in accordance with that Order, hereby agrees:

    (1)        To be bound by the terms of the Protective Order;

    (2)        Not to reveal Confidential Discovery Material under this Protective Order

                to anyone other than another person authorized to have access to it

                pursuant to Paragraphs 9 and 10 of the Protective Order;

    (3)        To comply with the procedures set forth in Paragraph 4 of the Protective

                Order with respect to Restricted Access Confidential BLA/IND Material;

15

(4)        To use such Confidential Discovery Material solely for purposes of this

litigation, unless permission is received from the Supplier, or the Court, to

use it for other purposes.

Respectfully submitted,

Dated:

*Ben Scher*

**Name**    Ben Scher
**Employer**  Bates White, LLC
**Address**   1300 Eye St. NW
             Suite 600
             Washington DC 20005

ATTACHMENT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 05 Civ. 12237 WGY |
| | ) | |
| F. HOFFMANN-LA ROCHE LTD, ROCHE | ) | |
| DIAGNOSTICS GmbH, and HOFFMANN- | ) | |
| LA ROCHE INC., | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### AGREEMENT TO ABIDE BY PROTECTIVE ORDER

The undersigned represents that he or she is affiliated with [Plaintiff Amgen, Inc.]

[Defendants F. Hoffman-La Roche Ltd, Roche Diagnostics GmbH, and Hoffman-LaRoche Inc.],

in the above captioned matter. The undersigned is involved in this litigation as

CONSULTANT [e.g., outside counsel, expert or consultant retained by outside counsel]. If

an attorney, the undersigned is admitted in _____ [all jurisdictions].

The undersigned has read the Protective Order issued on 12/21/2006 by the Honorable

William G. Young in this matter, and in accordance with that Order, hereby agrees:

(1)     To be bound by the terms of the Protective Order;

(2)     Not to reveal Confidential Discovery Material under this Protective Order

to anyone other than another person authorized to have access to it

pursuant to Paragraphs 9 and 10 of the Protective Order;

(3)     To comply with the procedures set forth in Paragraph 4 of the Protective

Order with respect to Restricted Access Confidential BLA/IND Material;

(4)     To use such Confidential Discovery Material solely for purposes of this

litigation, unless permission is received from the Supplier, or the Court, to

use it for other purposes.

Respectfully submitted,

Dated:

Name
Employer
Address

CHRIS STOMBERG
BATES WHITE
1300 I ST NW
WASHINGTON DC, 20005

ATTACHMENT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 05 Civ. 12237 WGY |
| | ) | |
| F. HOFFMANN-LA ROCHE LTD, ROCHE | ) | |
| DIAGNOSTICS GmbH, and HOFFMANN- | ) | |
| LA ROCHE INC., | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### AGREEMENT TO ABIDE BY PROTECTIVE ORDER

The undersigned represents that he or she is affiliated with [Plaintiff Amgen, Inc.]

[Defendants F. Hoffman-La Roche Ltd, Roche Diagnostics GmbH, and Hoffman-LaRoche Inc.],

in the above captioned matter. The undersigned is involved in this litigation as

_expert_ [e.g., outside counsel, expert or consultant retained by outside counsel]. If

an attorney, the undersigned is admitted in _____ [all jurisdictions].

The undersigned has read the Protective Order issued on _12/21/06_ by the Honorable

William G. Young in this matter, and in accordance with that Order, hereby agrees:

(1)    To be bound by the terms of the Protective Order;

(2)    Not to reveal Confidential Discovery Material under this Protective Order

to anyone other than another person authorized to have access to it

pursuant to Paragraphs 9 and 10 of the Protective Order;

(3)    To comply with the procedures set forth in Paragraph 4 of the Protective

Order with respect to Restricted Access Confidential BLA/IND Material;

(4)       To use such Confidential Discovery Material solely for purposes of this

litigation, unless permission is received from the Supplier, or the Court, to

use it for other purposes.

Respectfully submitted,

Dated:

Name      Eric Gaier
Employer  Bates White, LLC
Address   1300 Eye St. NW
          Suite 600
          Washington DC  20005