# EXHIBIT H

Dockets.Justia.com

# KAYE SCHOLER LLP

Manvin S. Mayell
212 836-7031
Fax 212 836-8689
mmayell@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

January 10, 2007

**BY ELECTRONIC AND U.S. MAIL**

Deborah E. Fishman, Esq.
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd.
Cupertino, CA 95014

Re: *Amgen Inc. v. F. Hoffmann La Roche Ltd, et al.,*
    No. 05 CV 122237 (WGY)(D. Mass.)

Dear Deborah:

We respond below to your letter of January 8, 2007, regarding Amgen's designation of Dr. Eric Gaier, Dr. Christopher Stomberg and Mr. Benjamin W. D. Scher as experts in this case, to which Roche has objected since December 11, 2006. As is evident from your letter, you misapprehend the critical facts that preclude those gentlemen from serving as expert witnesses adverse to Roche in this case. The issue is not whether Roche has as yet shared confidential information with these gentlemen, or how this case and the AWP litigations may be related, but rather the terms of these gentlemen's retention in the AWP litigation as experts on behalf of a joint defense group of which we understand Roche is a paying member.[1]  While we have set forth many of these facts in our previous correspondence, I will reiterate them based on our current understanding below:

1.  Drs. Gaier and Stomberg, and Mr. Scher of Bates White were retained by members of a joint defense group formed to defend the private federal AWP class action litigation. As stated in the retention letter dated January 29, 2004, Drs. Gaier and Stomberg, and Mr. Scher agreed that they would not accept a consultation for a client "directly adverse" to any member of the joint defense group. *See* page 2 of that letter in which Bates White promised that if it consulted with clients with interests "directly adverse" to a company in the joint defense

---

[1]     This Firm does not represent Roche in the AWP litigations.

# KAYE SCHOLER LLP

Deborah E. Fishman, Esq.                    2                    January 10, 2007

group (which it would only do if the matters were not substantially related), the "team working on the other matters will be separate from the team working on this matter."

2.  When Roche won dismissal from the federal class action in March 2004, it reduced its participation in the AWP defense expert fund. Roche continued to contribute to that fund, however, to ensure its access to the work product of the experts in other AWP cases in which it was a defendant. Roche remained then, and remains today, a member of the AWP joint defense group. Our earlier assertion that Roche withdrew from the group was based on an incorrect understanding of the facts. But whether Roche withdrew or not is immaterial because, as specified below, it is currently a member of a joint defense group that has retained these experts.

3.  Roche is a defendant in various AWP actions commenced by state Attorneys General and other entities (the "State AG suits"). These cases are:

*State of Alabama v. Abbott Laboratories, Inc., et al.*
Circuit Court, Montgomery, Alabama
Civil Action No.: 2005-219-PR

*State of Hawaii v. Abbott Laboratories, Inc., et al.*
Circuit Court, First Circuit, State of Hawaii
Civil Action No.: 06-1-0720-04-EEH

[REMANDED]*State of Mississippi v. Abbott Laboratories, Inc., et al.*
Chancery Court, Hinds County, Mississippi, First Judicial District
Civil Action No.: G2005-2021

Removed on 10.11.2006 to:
United States District Court, Southern District of Mississippi, Jackson Division
Civil Action No.: 3:06CV566 HTW-LRA

Transferred to:

United States District Court, District of Massachusetts
MDL No.: 1456

*International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca PLC, et al.*
Superior Court of New Jersey, Monmouth County
Civil Action No.: MON-L-3136-06

*The City of New York v. Abbott Laboratories, Inc., et al.*
United States District Court, Southern District of New York
Civil Action No.: 04-CV-6054

# KAYE SCHOLER LLP

Deborah E. Fishman, Esq.                    3                    January 10, 2007

Transferred on 11.08.2006 to:
United States District Court, District of Massachusetts
MDL No.: 1456

*The County of Erie v. Abbott Laboratories, Inc., et al.*
Supreme Court of the State of New York, County of Erie
Index No.: I2005-2439

Removed to 10.11.2006 to:
United States District Court, Western District of New York
Civil Action No.: 06-CV-6505-MAT

*The County of Oswego v. Abbott Laboratories, Inc., et al.*
Supreme Court of the State of New York, County of Oswego
Index No.: 06-0697

Removed to 10.11.2006 to:
United States District Court, Northern District of New York
Civil Action No.: 5:06-CV-1240-GLS/RFT

*The County of Schenectady v. Abbott Laboratories, Inc., et al.*
Supreme Court of the State of New York, County of Schenectady
Index No.: 2006-886

Removed to 10.11.2006 to:
United States District Court, Northern District of New York
Civil Action No.: 1:06-CV-1239-GLS/RFT

There are also several related state actions in which Roche is not a defendant.

4.   Roche, along with almost every other defendant named in any State AG case, participates in the AWP defense expert fund. The joint defense group (a group that includes all participants in the AWP defense expert fund) retained Drs. Gaier and Stomberg, and Mr. Scher pursuant to the terms of the January 29, 2004 retention agreement and pays them out of the AWP defense expert fund. As we understand it, because the assignment grew out of Bates White's original work for the AWP joint defense group, there is no separate retention letter between Bates White and the participants in the AWP defense expert fund for work related to the State AG cases. Thus, the terms of the January 29, 2004 retention letter from Bates White apply to the consultation by Bates White on behalf of all manufacturers in the AWP joint defense group, be they federal defendants, State AG defendants or both. This most certainly is the understanding of Roche, and, presumably, every other AWP defendant in the joint defense group, including Amgen, not to mention Bates White itself.

# KAYE SCHOLER LLP

Deborah E. Fishman, Esq.                    4                    January 10, 2007

5.  We understand that the AWP defense expert fund is administered by Adeel Mangi of Patterson Belknap Webb & Tyler on behalf of the group. To our knowledge, Roche has paid at least $172,000 into that fund.

6.  At this moment, the AWP defense expert fund has been paying Drs. Gaier and Stomberg, and Mr. Scher to prepare reports in cases brought by Montana and Nevada. While Roche is not a named defendant in those actions, the issues there are substantially the same as those in the other State AG cases in which Roche is named. Thus, the money Roche is paying is an investment in future Bates White reports and Dr. Gaier's testimony to be provided on behalf of Roche and others in these cases.

Because Drs. Gaier and Stomberg, and Mr. Scher are experts for a group that includes Roche pursuant to a retainer that bars them from representing another client directly adverse to Roche they may not consult for either side in this case, regardless of whether confidential Roche information has been exchanged or whether there is a substantial relationship between the litigations. As noted in previous correspondence, discussing confidential information given to experts, or the relationship between the work Drs. Gaier and Stomberg, and Mr. Scher are doing for the State AG defendants and this case in a non-privileged communication, or in Court, jeopardizes the position of Roche, Amgen, and potentially every other member of the AWP joint defense group. Because of this concern, we suggest that you seek the guidance of Amgen's counsel in the AWP cases to verify the two dispositive facts that preclude Drs. Gaier and Stomberg, and Mr. Scher from being adverse to either Roche or Amgen during the pendency of the State AG suits, which are (at the risk of being repetitive):

1.  That Roche is a paying member of the AWP defense expert fund.

2.  That the AWP joint defense group has retained Drs. Gaier and Stomberg, and Mr. Scher to consult on behalf of its members regarding each of the State AG suits, and this retention is pursuant under the terms of the January 29, 2004 retention letter.

Thank you.

Very truly yours,

Manvin S. Mayell

Copies to   Thomas Fleming, Esq.
            Howard Suh, Esq.
            Michelle Moreland, Esq.
            Mark Israelewicz, Esq.

31395581.DOC