Amgen Inc v. F. Hoffmann-La Roche Ltd et al.
Civ. Action No. 05-12237

# APPENDIX A

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Electronic Data Concerning the arbitration before the America Arbitration Association, No. 51 13300242 97, between Ortho-Biotech, Inc. and Ortho-McNeil Pharmaceutical Corp. as claimants and Amgen and Kirin-Amgen, Inc. as respondents, Including all draft and final versions of forms submitted to the arbitrators, all docketed documents and official correspondence and drafts of such documents; all memoranda of law and drafts of memoranda; Including also transcripts from depositions and interviews, all discovery Including interrogatories, responses and objections to interrogatories, document requests, responses and objections to document requests, requests for answers and responses and objections to answers; expert reports; subpoenas; all Documents and other Things relied upon as demonstrative exhibits or evidence in the arbitration; all external references relied upon; and any other Document, Electronic Data, or Communication related to this action as well as any other Document, Electronic Data, or Communication related to any subsequent appeals or adjudications arising from the aforementioned arbitration.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: Because the above-identified arbitration does not relate to any claim regarding enforcement of the patents-in-suit, this Request is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Amgen further objects to this Request to the extent that the disclosure of documents responsive to this request would cause Amgen to violate a protective order entered into by an arbitrator or tribunal (the American Arbitration Association) in another judicial proceeding and to which Amgen is still bound. Amgen does not understand how the referenced arbitration concerning the interpretation of contracts is relevant to any claim or defense in this action; but, Amgen is willing to negotiate with Defendants to the extent Defendants believe otherwise in an effort to identify what, if any, subset of documents is relevant to this action.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents and Electronic Data Concerning Ortho Biotech Products, L.P. v. Amgen, Inc., Civ. A. No. 3:05-cv-04850-SRC-JJH, D.N.J., Including all draft and final versions of pleadings, all docketed documents and official correspondence and drafts of such documents; all memoranda of law and drafts of memoranda; Including also transcripts from depositions and interviews, interrogatories, responses and objections to interrogatories, document requests, responses and objections to document requests, requests for answers and responses and objections to answers; expert reports; subpoenas; all Documents and other Things relied upon as demonstrative exhibits or evidence at trial; all external references relied upon; and any other Document, Electronic Data, or

1

Amgen Inc v. F. Hoffmann-La Roche Ltd et al.
Civ. Action No. 05-12237

Communication related to this action as well as any other Document, Electronic Data, or Communication related to any subsequent appeals or adjudications arising from the aforementioned civil action.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: Because the above-identified action does not relate to any claim regarding enforcement of the patents-in-suit, this Request is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Amgen further objects to this Request to the extent that the disclosure of documents responsive to this request would cause Amgen to violate a protective order entered into by a court in another judicial proceeding and to which Amgen is still bound. Amgen does not understand how the referenced action is relevant to any claim or defense in this action; but, Amgen is willing to negotiate with Defendants to the extent Defendants believe otherwise in an effort to identify what, if any, subset of documents is relevant to this action.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents and Electronic Data Concerning Amgen's share of total sales in the United States of Erythropoietin Stimulating Agents ("ESAs") for the treatment of patients having End Stage Renal Disease who are receiving dialysis treatment ("ESRD").

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of "all" documents and electronic data concerning Amgen's share of total sales of ESAs, unbounded in time, it is overly broad and unduly burdensome. To the extent that this Request seeks production of documents and electronic data concerning Amgen's share of total sales of ESAs other thanepoetin alfa, it is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce documents sufficient to show Amgen's share of total sales of Epogen® in the United States for the treatment of chronic renal failure from January 1, 2005, to the present.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents and Electronic Data Concerning Amgen's share of the total sales in the United States of ESAs for the treatment of patients having Chronic Kidney Disease who are not receiving dialysis treatment ("CKD").

Amgen Inc v. F. Hoffmann-La Roche Ltd et al.
Civ. Action No. 05-12237

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of "all" documents and electronic data concerning Amgen's share of total sales of ESAs, unbounded in time, it is overly broad and unduly burdensome.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce documents sufficient to show Ortho's share of total sales of Procrit® in the United States for the treatment of Chronic Kidney Disease patients not on dialysis from January 1, 2005, to the present to the extent those documents are not subject to any contractual obligation of confidentiality that would otherwise prohibit its disclosure.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents and Electronic Data Concerning the structure or parameters of the markets and submarkets for any ESA products sold in the United States Including Documents or Electronic Data Concerning actual or potential substitutes for ESAs in the treatment of ESRD or CKD and/or potential customers and patients in such markets or submarkets.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: Amgen objects to this Request as overly broad and unduly burdensome as this request is not bounded in time and calls for the production of all documents in Amgen's possession.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant, responsive, non-privileged documents sufficient to show the "the structure or parameters of the markets and submarkets" for recombinant human erythropoietin dating back to January 1, 2005.

**REQUEST FOR PRODUCTION NO. 64**:

All Documents and Electronic Data Concerning the entry or potential entry of any ESA products into the markets and/or submarkets for any ESA products, Including Documents or Electronic Data discussing or reflecting costs of or barriers to entry, such as, for example, FDA approval and business relationships with potential or existing customers.

Case 1:05-cv-12237-WGY    Document 255-2    Filed 01/19/2007    Page 4 of 9

Amgen Inc v. F. Hoffmann-La Roche Ltd et al.
Civ. Action No. 05-12237

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents and electronic data concerning information unrelated to activities in the United States, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Amgen further objects to this Request as being overly broad and unduly burdensome because it is not bounded in time and calls for the production of all documents in Amgen's possession. Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant, responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 65:**

All business plans, marketing plans, sales or market projections, market analyses, market share projections, pricing plans, pricing analyses, sales plans or projections for the sale or license of Aranesp® and/or Epogen® for treatment of patients with ESRD.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents and electronic data concerning information unrelated to activities in the United States, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant, responsive, non-privileged documents regarding 2007 and thereafter.

**REQUEST FOR PRODUCTION NO. 66:**

All business plans, marketing plans, sales or market projections, market analyses, market share projections, pricing plans, pricing analyses, sales plans or projections for the sale or license of Aranesp® and/or Epogen® for treatment of patients with CKD.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents and electronic data concerning information unrelated to activities in the United States, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4

Case 1:05-cv-12237-WGY     Document 255-2     Filed 01/19/2007     Page 5 of 9

Amgen Inc v. F. Hoffmann-La Roche Ltd et al.
Civ. Action No. 05-12237

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant, responsive, non-privileged documents regarding 2007 and thereafter.

**REQUEST FOR PRODUCTION NO. 69:**

All business plans, marketing plans, sales or market projections, market analyses, market share projections, pricing plans, pricing analyses, sales plans or projections for the sale or license of any ESA designed, developed, produced, manufactured, marketed or licensed by Amgen or any third party.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents and electronic data concerning information unrelated to activities in the United States, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. To the extent that this Request seeks production of documents and electronic data concerning information without limitation to any field of customers, it is overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant, responsive, non-privileged documents regarding 2007 and thereafter.

**REQUEST FOR PRODUCTION NO. 70:**

Documents concerning prices reported by Amgen to government entities, Including the average sale price, best price, average wholesale price and average acquisition cost for Epogen®, Aranesp®, Neulasta® and Neupogen® between 1985 and the present.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: Amgen objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks production of documents unrelated to activities in the United States, and includes products not relevant to any claim or defense.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant, responsive, non-privileged documents

5

Case 1:05-cv-12237-WGY   Document 255-2   Filed 01/19/2007   Page 6 of 9

Amgen Inc v. F. Hoffmann-La Roche Ltd et al.
Civ. Action No. 05-12237

sufficient to show prices that Amgen reported to government entities for Epogen® and Aranesp® dating back to January 1, 2005.

**REQUEST FOR PRODUCTION NO. 71:**

Documents concerning the costs associated with Amgen's Epogen® and Aranesp® products between 1985 and the present, Including manufacturing costs, marketing costs, material costs, sales costs, general overhead, administrative costs, packaging costs, legal costs, research costs and rebates.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents concerning information unrelated to activities in the United States, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant. responsive, non-privileged documents sufficient to show costs dating back to January 1, 2005.

**REQUEST FOR PRODUCTION NO. 72:**

Documents concerning Amgen's sales of Epogen® and Aranesp® between 1995 and the present, Including the number of units sold for each product and unit size and total sales in U.S. dollars, and sales by Health Care Providers.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents concerning information unrelated to activities in the United States, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant, responsive, non-privileged documents sufficient to show Amgen's sales dating back to January 1, 2005.

**REQUEST FOR PRODUCTION NO. 73:**

Documents concerning the price of Epogen® and Aranesp® between 1985 and the present.

Amgen Inc v. F. Hoffmann-La Roche Ltd et al.
Civ. Action No. 05-12237

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents concerning information unrelated to activities in the United States, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant, responsive, non-privileged documents sufficient to show price.

**REQUEST FOR PRODUCTION NO. 74:**

Documents concerning any profits and/or losses by Amgen for the sale of Epogen® and Aranesp® between 1989 and the present.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents concerning information unrelated to activities in the United States, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant, responsive, non-privileged documents sufficient to show any profits and/or losses by Amgen for sales dating back to January 1, 2005.

**REQUEST FOR PRODUCTION NO. 114:**

All Documents and Electronic Data Concerning contracts, agreements, negotiations or discussions between Amgen and any third party, Including any Health Care Provider, concerning the purchase, manufacture, source or supply of any ESA product, Including requirements contracts, exclusive dealing arrangements, discounts, bundled discounts across product lines, rebates and/or pricing.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: Amgen objects to this Request because, to the extent that it seeks, for example, production of "All Documents and Electronic Data Concerning contracts, agreements, negotiations or discussions between Amgen and any third party ... concerning the purchase, manufacture, source or supply of any ESA," it encompasses

7

Case 1:05-cv-12237-WGY   Document 255-2   Filed 01/19/2007   Page 8 of 9

Amgen Inc v. F. Hoffmann-La Roche Ltd et al.
Civ. Action No. 05-12237

every contract, agreement, negotiation or discussion Amgen has ever had with a third party relating to the purchase, manufacture, source or supply of Epogen® and Aranesp®. It is thus extraordinarily over broad (e.g., Amgen enters into tens of thousands of agreements with third parties every year regarding Epogen® and Aranesp®), unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Amgen is prohibited from disclosing information concerning those agreements to third parties by the terms of those agreements. Amgen further objects to this Request as being overly broad and unduly burdensome because it is not bounded in time. Amgen is willing to negotiate with Defendants regarding narrowing this Request to a reasonable scope of documents relevant to a claim or defense in this action.

**REQUEST FOR PRODUCTION NO. 115:**

All Documents and Electronic Data Concerning communications with Health Care Providers regarding CERA.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: Amgen objects to this request to the extent that it seeks production of documents and electronic data concerning information unrelated to activities in the United States and concerning non-Amgen communications as being overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these Specific Objections and General Objections set forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen has produced and will produce relevant, responsive, non-privileged documents to the extent that any exist.

**REQUEST FOR PRODUCTION NO. 116:**

All Documents and Electronic Data Concerning the effect of government or private insurance reimbursement of Health Care Providers for the use of ESAs on the prices, sales or market shares of Aranesp®, Epogen•D, Procrit® and/or other products of any actual or potential competitors.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: To the extent that this Request seeks production of documents concerning information unrelated to activities in the United States, and unbounded it time, it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. To the extent that this Request seeks production of documents and electronic data concerning information without limitation to any field of customers, it is overly broad and calls for the production of documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these Specific Objections and General Objections set

Amgen Inc v. F. Hoffmann-La Roche Ltd et al.
Civ. Action No. 05-12237

forth above, which are incorporated herein by reference, Amgen responds as follows: Amgen will produce relevant, responsive, non-privileged documents dating back to January 1, 2005.

03099/00501 603722.1

Case 1:05-cv-12237-WGY    Document 255-2    Filed 01/19/2007    Page 9 of 9

Amgen Inc v. F. Hoffmann-La Roche Ltd et al.
Civ. Action No. 05-12237

9