EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) CIVIL ACTION No.: 05-CV-12237WGY<br>F. HOFFMANN-LA ROCHE LTD, )<br>ROCHE DIAGNOSTICS GmbH, and )<br>HOFFMANN-LA ROCHE INC. )<br>)<br>Defendants. )<br>) | |

## [PROPOSED] ORDER REGARDING PRODUCTION OF ROCHE'S CELL LINE AND APPLICABLE RESTRICTIONS OF USE

In light of Amgen's professed need for discovery into samples of Roche's DN2-3($\alpha$)3 cell line to determine protein production levels relevant to the '349 patent, balanced against the extremely sensitive nature of this trade secret material and the need for a heightened precautions to protect Roche's proprietary material, the Court hereby orders that Roche will produce a limited amount of sample DN2-3($\alpha$)3 cells to a mutually agreed upon third party expert solely for testing relevant to the claims and defenses in this action. In addition, the following restrictions of use and access will govern the production and handling of this material:

1.   Roche will provide a 4ml frozen vial sample of its DN2-3($\alpha$)3 cells containing approximately $3.3 \times 10^7$ cells to a designated independent third party expert qualified to render an opinion as to the properties and characteristics of such cell lines and their protein production capacities. This expert may perform all necessary experiments on the DN2-3($\alpha$)3 cells relevant to the limitations of the claims of the '349 patent or any other issue both parties stipulate is

relevant to this litigation, in all instances subject to all restrictions of use set forth elsewhere in this order.

This expert must not be in the employ of either party to this action or any parent, subsidiary or other affiliate thereof, nor receive any monetary compensation or other incentive from either party or any parent, subsidiary or other affiliate thereof outside of that related to the experiments he is authorized to perform under this order on the DN2-3($\alpha$)3 cells.

This expert must also be approved by Roche to be the recipient of the DN2-3($\alpha$)3 cells. Such approval may be withheld based on bias, incompetence or untrustworthiness of the expert or for any other legitimate reason but such approval must not be unreasonably withheld.

2. All of Roche's DN2-3($\alpha$)3 cells provided under this order must be maintained by the designated expert in a single, secured location, such as a locked laboratory or other room, access to which is restricted to the designated expert, lab assistants and members of the expert's staff, no more than two members of Amgen's outside counsel team and the Roche personnel designated in Section 14 below. Any of the aforementioned persons that will be permitted in the location in which the DN2-3($\alpha$)3 cells are kept must sign the consent form attached to this order as Appendix A.

3. Propagation of any of the DN2-3($\alpha$)3 cells produced under this order must be limited to the amount necessary to run the tests described in Section 1.

4. Neither the designated expert nor any other person with access to the cells produced under this order shall make any frozen samples of said cells.

5. The cells produced under this order must be maintained in a dedicated incubator and working area.

6. For every cell culture grown from the cells produced under this order, sufficient accounting shall be kept documenting the creation and use of such culture. On any day during which any testing or other use is conducted of either cells produced under this order or of any material derived from those cells, both the technical representative and legal representative of Roche identified in Section 14 shall have the opportunity, both at the beginning of the work day, and at the end of the work day, to inspect and review any laboratory notebooks and/or any other documentation of such testing or other use, including any data generated during the course of such testing or other use.

7. As successive cultures are produced of any of the cells produced under this order, all remaining cells must be destroyed.

8. Any cells propagated under this order shall not be grown in a bioreactor.

9. Any cells produced or propagated under this order that are no longer used in studies performed pursuant to this order or needed for propagation of cells for use in studies performed pursuant to this order must be immediately destroyed and the destruction of these cells must be accounted for in documentation.

10. Any cells provided under this order shall not be transferred to any third party or any other person not allowed access to the cells under Section 2.

11. No genetic material shall be removed or extracted from any cell produced under this order.

12. All information generated from or based upon the studies performed under this order and documentation relating to such information shall be maintained as Highly Confidential within the meaning of the Protective Order entered in this case on December 21, 2006.

13.    The cells provided under this order or any cells propagated from those cells shall not be used for any purpose other than the studies related to this litigation described in Section 1.

14.    One legal and one technical representative from Roche may be present at all times during testing or other use of the cells produced in this order.

15.    At the conclusion of this litigation all cells produced under this order and any reports, opinions, data sets or other documentation generated from or about the produced cells shall be destroyed and the destruction accounted for in documentation.

16.    To the extent not amended or modified by this order, the Protective Order entered in this case on December 21, 2006 shall otherwise govern the use of the cells produced under this order and any documentation relating to the cells produced under this order.

SO ORDERED on this ___ day of _____, 2007.

                                         SO ORDERED:

                                         _____
                                         The Honorable William G. Young
                                         United States District Court
                                         District of Massachusetts

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

...................................................................
| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | C.A. No.: 05-cv-12237WGY |
| ) | |
| F. HOFFMANN-LA ROCHE LTD, ) | |
| ROCHE DIAGNOSTICS GmbH ) | |
| AND HOFFMANN-LA ROCHE INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

...................................................................

**AGREEMENT TO ABIDE BY ORDER REGARDING PRODUCTION OF ROCHE'S CELL LINE AND APPLICABLE RESTRICTIONS OF USE**

The undersigned represents that he or she is outside counsel representing Plaintiff Amgen Inc. in the above-identified litigation. The undersigned has read the protective order issued on December 21, 2006 by the Honorable William G. Young in this matter and signed the agreement to be bound by its terms on _____. The undersigned has further read the Order Regarding Production of Roche's Cell Line and Applicable Restrictions of Use issued on _____ ("Order") by Honorable William G. Young in this matter, and in accordance with that Order, further agrees to be bound by the restrictions set forth in ¶¶ 2-16 of that Order.

Dated:

Respectfully submitted,

_____
Name
Employer
Address

**ATTACHMENT B**

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

………………………………………………………
AMGEN INC.,                                          )
                                                     )
             Plaintiff,                              )
                                                     )
vs.                                                  )      C.A. No.: 05-cv-12237WGY
                                                     )
F. HOFFMANN-LA ROCHE LTD,                            )
ROCHE DIAGNOSTICS GmbH                               )
AND HOFFMANN-LA ROCHE INC.,                          )
                                                     )
             Defendants.                             )
                                                     )
………………………………………………………

**AGREEMENT TO ABIDE BY ORDER REGARDING PRODUCTION OF ROCHE'S CELL LINE AND APPLICABLE RESTRICTIONS OF USE**

The undersigned represents that he or she is an independent third party expert, as set forth in ¶1 of the Order Regarding Production of Roche's Cell Line and Applicable Restrictions of Use issued on _____ ("Order") by Honorable William G. Young in the above-identified litigation, or a member of said designated third party expert's staff. The undersigned has read the protective order issued on December 21, 2006 by the Honorable William G. Young in this matter and signed the agreement to be bound by its terms on _____. The undersigned has further read the Order in this matter, and in accordance with that Order, further agrees to be bound by the restrictions set forth in ¶¶ 2-16 of that Order.

Dated:

                                    Respectfully submitted,

                                    _____
                                    Name
                                    Employer
                                    Address