# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>F. HOFFMANN-LA ROCHE LTD )<br>ROCHE DIAGNOSTICS GmbH )<br>and HOFFMANN-LA ROCHE INC. )<br>)<br>Defendants. )<br>) | CIVIL ACTION No.: 05-CV-12237WGY |

## [PROPOSED] STIPULATED ORDER REGARDING EXPERT DISCOVERY

Plaintiff Amgen Inc. and defendants F. Hoffmann-La Roche Ltd., Roche Diagnostics GmbH, and Hoffmann-La Roche Inc. (collectively, "the parties") stipulate and agree that, notwithstanding the provisions of Federal Rule of Civil Procedure 26 and any pertinent case law, the scope of allowable expert discovery shall be as set out below. The parties stipulate and agree that:

1.    The parties shall produce to one another their respective experts' final reports, curricula vitae, and shall also set forth their hourly rate charged in this case, information about any conflicts, date of retention, any prior expert retentions in the past 4 years in which the expert has given testimony to the extent not otherwise reflected in their CV (but the parties agree that they need not disclose their respective experts' engagement letters), and shall either identify (including by Bates number where available) or, if the document is not already in the possession of the opposing party, produce a clean copy of those documents that the experts relied on or considered in the course of preparing and rendering their opinions. Except as provided in

1

paragraphs 3 and 4 below, neither drafts, nor the content of notes or comments on any drafts, of any of the expert reports shall be discoverable, provided, however, that nothing in this agreement is intended to bar discovery of documents that are otherwise discoverable from a party or third party outside of the context of expert discovery or intended to alter the otherwise applicable rules regarding a party's ability or inability to obtain prior testimony, reports or affidavits submitted by an expert witness in other actions.

    2.    The parties shall not produce, nor shall any party seek to discover, experts' notes, drafts of expert reports, or (except as provided in paragraph 4 herein) communications with counsel in preparation for drafting expert reports.

    3.    Subject to the restrictions set forth above, the parties shall be entitled to seek discovery regarding the process generally undertaken by experts in preparing reports, such as who prepared each section of the report, how much time was spent drafting the report, how many drafts of the report were prepared, or who the expert spoke with during the course of drafting a report, and seek discovery regarding the content of any communications between any expert and any fact witness at any time in connection with preparation for this action. The parties expressly agree, however, that notwithstanding the provisions of this paragraph, they will not seek discovery into the substance of any drafts of expert reports, the substance of any comments made on drafts of expert reports, the substance of any proposed edits to expert reports, or the substance of any communications with counsel regarding the substance of the opinions expressed in the expert report, except: (1) that the parties may seek discovery regarding the substance of any legal or factual assumptions that the experts were asked to make in the course of preparing and rendering their opinions, and (2) as provided in paragraph 4 herein.

    4.    In addition to the discovery provided in paragraph 3, the parties shall produce all scientific test results and all underlying data and documents for any scientific or medical tests

performed in connection with or in furtherance of this action by, for, or on behalf of any party, or a party's expert or any other consultant where either (i) an expert relies on or refers to such a test in the expert's report or testimony, or (ii) an expert was involved in requesting, designing, planning, discussing, performing, reviewing or commenting on such a test, whether performed by that expert, another expert, or a consultant.  The parties shall also produce all other scientific or medical tests performed by the same individual(s) in connection with or in furtherance of this action who performed a test falling within either section 4(i) or 4(ii) above, as well as all underlying data and documents for any such test.  The parties shall be entitled to seek discovery regarding the substance of any communications concerning such scientific or medical tests between the testifying scientific expert and any other expert, person, or consultant who participated in the tests.  The parties shall be entitled to seek discovery of communications between counsel and such other expert or consultant relating to scientific or medical tests produced under this provision.  If such scientific or medical tests were conducted by a non-testifying expert or consultant, the parties shall make that other expert or consultant available for deposition and shall produce all data, results and documents concerning all scientific tests conducted by that other expert or consultant in connection with this litigation or otherwise relating to the subject matter of the testifying expert's testimony or report, whether or not the testifying expert relies on any or all of the scientific or medical tests.  The deposition of such other expert or consultant under this section shall not be counted against the 105 hour limitation for fact witnesses, but shall be counted under the provisions for expert witnesses under the scheduling order.

Dated: January 25, 2007
       Boston, Massachusetts

Respectfully submitted,

PLAINTIFF AMGEN INC.

*By its Attorneys,*

Of Counsel:
Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
MarySusan Howard
Kimberlin L. Morley
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
Telephone: (805) 447-5000

/s/ Michael R. Gottfried
D. Dennis Allegretti (BBO# 545511)
Michael R. Gottfried (BBO# 542156)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (617) 289-9200
Facsimile: (617) 289-9201

Lloyd R. Day, Jr. (*pro hac vice*)
David A. Madrid (*pro hac vice*)
Linda A. Sasaki-Baxley (*pro hac vice*)
Deborah E. Fishman (*pro hac vice*)
DAY CASEBEER MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

William G. Gaede III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Kevin M. Flowers (*pro hac vice*)
Thomas I. Ross (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

        DEFENDANTS F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GMBH, and HOFFMANN-LA ROCHE INC.

*By their Attorneys,*

/s/ Nicole A. Rizzo
Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
nrizzo@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

SO ORDERED on this ____ day of _____, 200_.

        SO ORDERED:

        _____

        The Honorable William G. Young
        United States District Court
        District of Massachusetts

03099/00501 606383.1

5