# EXHIBIT  1

Dockets.Justia.com

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

William G. Gaede III
Attorney at Law
wgaede@mwe.com
650.813.5035

January 8, 2007

**VIA FACSIMILE AND E-MAIL**

Peter Fratangelo, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

> **Re:**  *Amgen Inc. v. F. Hoffmann-La Roche Ltd., et al.*
> **Case No. 05 Civ. 12237 WGY**

Dear Peter:

I write to follow up on our meet and confer today on Roche's First Set of Document Requests. We agreed our meet and confer would be continued tomorrow at 2:00 pm Eastern. We discussed the following items:

1.  We discussed Roche reviewing original Amgen lab notebooks. We will make identified notebooks available for inspection at Amgen's facility in Thousand Oaks at a mutually convenient date and upon reasonable notice. Please let us know when and what notebooks Roche may wish to inspect.

2.  We discussed metadata in connection with Amgen's production of 1.5 million pages of documents several months ago in the ITC proceeding. As we explained to you, the metadata does not exist for paper documents generated many years ago. We do not agree that Amgen has any obligation to create such data and are unaware of any agreement to do so. You recollected that there were communications on this. We informed you that we were unable to locate any such letter, and asked you to forward to us the correspondence you were referring to. Please get back to us on this tomorrow during the meet and confer.

3.  You asked whether we had produced notebooks by Dr. Strickland in connection with a declaration that was submitted before the PTO and in a declaration as part of the TKT suit. (This relates to Request No. 9 and our letter of last Friday.) We informed you that we believed they had been produced, but would check to make sure.

Peter Fratangelo, Esq.
January 8, 2007
Page 2

4.      You asked whether we would provide a list identifying to whom each numbered notebook was issued to.  We will get back to you on this.

5.      You asked whether Amgen had produced documents containing TKT confidential information.  While, in our view, you did not articulate the relevance of such documents to this suit, in any event, as you know, Amgen asked TKT during the ITC proceeding whether we could produce its confidential information.  TKT denied that request.  As you requested, we are renewing this request to TKT for purposes of the District Court litigation.

6.      Roche Request No. 2.  As we discussed, and as stated in Amgen's response, Amgen has and will produce the responsive documents.

7.      Roche Request Nos. 24-26.  You could not articulate the relevance of all communications on any ESA with the FDA or other agencies that regulate biologics as framed within these three requests.  Your articulated relevance was that you were looking for documents in which Amgen allegedly disparaged or made statements to such agencies concerning CERA, expressly or impliedly.  You did not state that you were aware of any such conduct occurring.  We informed you that we would discuss the issue with our client.  We also asked you, at a minimum, to agree to restrict the scope of the three requests to such documents.

8.      Roche Request No. 55.  This request effectively seeks any information relating to any discussion, no matter how informal, that may have occurred with respect to any possible license or collaboration under the EPO Patents, related Patents or Patent Applications.  We pointed out the sweeping and burdensome scope of the request, and did not see how its scope was relevant to the counterclaims Roche has alleged.  We further stated to you that we would discuss the request further with our client and get back to you.

9.      Request No. 60.  This request involved communications with Fresenius on any agreement with Amgen on EPO or Aranesp.  We pointed out to you that Roche's subpoena to Fresenius limited the relevant timeframe of such documents to January 1, 2003, and that absent a clear articulation of relevance, we could see no justification for Roche asking for such documentation from Amgen prior to that date.  As you stated, four years of data and documents should be enough for most counterclaim issues, and as we pointed out to you, applying the same January 1, 2003 commencement date provides Roche with more than four years of documents prior to it coming on to the market, which will occur sometime in 2007.  You said you would consider this issue.  We said that our offer was a compromise to lessen the burden on Amgen.  As we made clear, however, all objections were maintained during this meet and confer, and discussions of compromise were for purposes of exploring where mutual agreement could potentially be reached.

10.     Roche Request Nos. 61-66.  These generally relate to sweeping requests aimed at Amgen's costs, market projections and plans, business plans etc. that centered around EPO and Aranesp.  We pointed out a number of issues.  Recognizing the overbreadth of its requests,

Peter Fratangelo, Esq.
January 8, 2007
Page 3

Roche had offered 1999 as a start date since allegedly this is when Roche began work on CERA. We still did not see the relevance of, *e.g.*, Amgen segment sales in 1999, to Roche's alleged antitrust injury in 2007 when it will come onto the market. Nonetheless, in light of the lack of relevance and to lessen the burden to Amgen, we informed you that we were willing to compromise on documents sufficient to show the requested information, generated after January 1, 2003. (As we discussed, for this and the other requests, this is for the United States only.) This will provide data stretching back more than four years before Roche will enter the market, and is a reasonable compromise in view of Roche's counterclaims. You said you would consider this potential compromise and will get back to us. We are double-checking with our client on Aranesp and will be prepared to discuss that issue further tomorrow. We also pointed out that, as applicable, these requests were overbroad in that they involved non-ESRD and CKD segments, including oncology. We pointed out that Roche had not alleged in its counterclaims the relevance of oncology to the counterclaims, particularly where Roche will not be on the market in this segment until 2009, if even then. You said you understood our position and would consider this issue of breadth further.

11.     Request No. 69. This request is aimed at all business, marketing, and sales documents relating to any Amgen manufactured, marketed, or licensed ESA. Pointing out the broad scope, and in light of your inability to articulate the relevance even if restricted to 1999, we stated that generally the request was subsumed into the earlier requests and that we offered the same compromise positions articulated above to reduce the burden on Amgen.

12.     Request Nos. 70-74. These relate to cost, pricing and unit sales information. We generally offered the same compromise position as articulated above, and are open to discussing reasonable pricing data discovery going further back.

At that point, you adjourned the meet and confer and agreed that you would have an antitrust lawyer on the call during the continued meet and confer tomorrow. We did not discuss any requests other than those identified above. Please confirm we may continue our discussion tomorrow at 2:00 PM Eastern.

Very truly yours,

William G. Gaede, III

cc:     Mike Gottfried, Esq.
        Krista Carter, Esq.
        Sandip H. Patel, Esq.

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

DATE:   January 8, 2007

| PLEASE DELIVER TO: | PHONE NO.: | FAX NO.: |
|---|---|---|
| **Peter Fratangelo, Esq.**<br>Kaye Scholer LLP | 212.836.7203 | 212.836.6330 |
| **cc: Krista Carter, Esq.**<br>Day Casebeer Madrid et al. | 408.873.0110 | 408.873.0220 |
| **Sandip H. Patel, Esq.**<br>Marshall Gerstein & Borun | 312.474.6300 | 312.474.0448 |
| **Michael Gottfried, Esq.**<br>Duane Morris LLP | 617.289.9212 | 617.289.9201 |

FROM:   William G. Gaede, III      PHONE: (650) 813-5035      REPLY FAX: (650) 813-5100

RE:   *Amgen Inc. v. F. Hoffman-LaRoche LTD, et al.*
      **Case No. 05 CIV 12237 WGY**

| NUMBER OF PAGES, INCLUDING COVER PAGE: | Client Number: 041925-0023 |
|---|---|
|  | Requestor #: 08364 |

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the original message to us at the below address by mail. Thank you.

**If you do not receive all of the pages, please call**
**Sender at the above-referenced phone number as soon as possible**

**U.S. practice conducted through McDermott Will & Emery LLP.**
3150 Porter Drive      Palo Alto, California  94304-1212      Telephone: 650.813.5000