# EXHIBIT 4

# McDermott Will & Emery

Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

William G. Gaede III
Attorney at Law
wgaede@mwe.com
650.813.5035

January 18, 2006

VIA FACSIMILE AND E-MAIL

Manvin S. Mayell, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Re: *Amgen Inc. v. F. Hoffmann-La Roche Ltd., et al.*
Case No. 05 Civ. 12237 WGY

Dear Manvin:

I am in receipt of your letter of yesterday evening, and understand from reading it that you intend to file a motion to compel. You asked me if any of your understandings are incorrect. They are. Please consider the following and we are prepared to discuss with you tomorrow morning any remaining issues.

Our primary objection always has been and continues to be with the breadth of the document requests. Your letter fails to propose any restriction whatsoever to the scope as drafted of Request Nos. 61-66 and 69. During our meet and confer, you never offered to limit the scope of these requests except to January 1, 2002. You further did not dispute the broad scope of the requests as articulated in my letter of January 16, 2007, and thus apparently agree with Amgen's assessment of their scope. Rule 26 is very clear that the obligation is on Roche to draft and propound document requests tailored to the issues in the case and that do not pose an undue burden on the responding party. Rule 26(b) and (g); Advisory Committee Notes 1983 and 2000. Roche fails to fulfill its obligations under Rule 26 by drafting overbroad and burdensome requests, and then in the meet and confer simply asking Amgen for what it will produce, and when dissatisfied, moving on the full scope without ever proposing that it narrow the scope.

For example, your letter states that Roche is seeking documents "concerning" certain subject matter, but never acknowledges that Roche's document requests define "concerning" to include documents "relating to" the broad subject and that Roche's requests seek all documents related thereto. Your letter indicates to us quite plainly that Roche is continuing to attempt to enforce such overbroad requests.

Your letter also shows that you are under a significant misapprehension of the facts borne by an obvious failure to review the documents Amgen has produced to date. Despite your assertions to the contrary, Amgen's document production so far has provided a meaningful response to the overbroad Roche document requests pertaining to the "key elements" of Roche's antitrust claims. Far from "refusing to undertake a search for, and produce" documents relating, for example, to the "structure or parameters of the markets or submarkets for any ESA products

U.S. practice conducted through McDermott Will & Emery LLP.
3150 Porter Drive  Palo Alto, California  94304-1212  Telephone: 650.813.5000  Facsimile: 650.813.5100  www.mwe.com

Manvin S. Mayell, Esq.
January 18, 2007
Page 2

sold in the United States," (Request 63) Amgen has searched for and produced many thousands of pages of documents relating to these matters, just as it has with respect to requests 61, 62, 63, 65, 66, and 69, including documents held by various custodians. These include e-mails and memos that you claim have never been produced. Your repeated assertion, variously stated, that "Amgen makes no commitment to look for documents" is therefore objectively baseless.

Roche's continued insistence that Amgen has not produced such documents, and indeed has refused to even look for them, evidences a disturbing lack of diligence on Roche's part in reviewing the production so far. We suggest that Roche undertake a review of the documents that have been produced with the same determination with which it seeks yet further production.

As to drafts, we are prepared to agree to produce drafts so long as Roche agrees that it too will produce drafts. Please confirm.

Finally, as to oncology, your letter ignores the fact that we agreed to produce the Hospital contracts implicating both oncology and nephrology and the negotiations surrounding them. We are further prepared to provide discovery into the documentation surrounding the implementation of the Hospital contracting program provided that Roche agree to discovery of the same scope. Please confirm.

I am happy to discuss final resolution of these issues first thing in the morning, and if any issue remains, you can then file your motion. If you decide to file a motion to compel today, please attach this letter to the motion and please inform the Court up front in your brief that we believe you are under a significant misapprehension of the facts as to what has been produced and what Amgen is willing to produce, that you have never communicated to us any disagreement about our understanding of the broad scope of the requests, and that in our view, Roche has failed to meaningfully meet and confer.

Very truly yours,

William G. Gaede, III

cc: Mike Gottfried, Esq.
Krista Carter, Esq.
Sandip H. Patel, Esq.