# EXHIBIT 7

Dockets.Justia.com



Manvin S. Mayell
212 836-7031
Fax 212 836-8689
mmayell@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

January 17, 2007

**BY ELECTRONIC AND U.S. MAIL**

William Gaede Esq.
McDermott Will & Emery
3150 Porter Dr.
Palo Alto, California 94304-1212

      Re: *Amgen Inc. v. F. Hoffmann La Roche Ltd, et al.,*
           No. 05 CV 122237 (WGY)(D. Mass.)

Dear Bill:

     I write in response to your letter dated January 16, 2007, which we received today, to Peter Fratangelo regarding the various meet and confers that we have had with respect to certain document requests to Amgen.

     We have attempted as part of the meet and confer process to narrow and focus our requests for documents to eliminate any perceived vagueness and to ease burdens on Amgen by agreeing to a narrower time period for our requests, despite the fact that we believe that the document requests are appropriate as written. As you well know, Judge Young, at the December 20, 2006 oral argument, ruled as to all claims, including the antitrust counterclaims, that "[d]iscovery should go forward hammer and tongs. Everything should be discovered." Although we have reached agreement on some points, there are certain aspects of your position on document production that prevent us from reaching agreement, and force us to burden the Court with issues that normally should be resolved between parties litigating antitrust claims

     The most significant issue is Amgen's refusal to produce documents that concern or relate to the key elements of our antitrust claims. Without going into a point-by-point refutation of your largely self-serving letter, an example is Amgen's refusal to undertake a search for, and produce, documents concerning the "structure or parameters of the markets or submarkets for any ESA products sold in the United States," including documents related to "actual or potential substitutes." (Request 63). Amgen's response that it will produce documents "sufficient to show" (in Amgen's own judgment), the information Roche seeks by providing produce final --

31399275

KAYE

William Gaede, Esq.          2          January 17, 2007

not draft --business and strategic plans is plainly unacceptable. No rational antitrust litigant could agree to a resolution such as this in which rafts of relevant information, including emails and internal correspondence are not even searched to find responsive documents.

Similar problems infect Amgen's unwillingness to even look for documents "concerning" the business and strategic plans (requests 65, 66, and 69), or "concerning" Amgen's share of sales in the ESRD and CKD channels (requests 61 and 62). Indeed, while you have agreed to produce some data on Amgen's sales in the relevant markets we allege in the counterclaims, you have not agreed to produce documents regarding Amgen's share of total sales in those markets. Similarly, Amgen makes no commitment to look for documents concerning entry barriers (Request 64), other than claiming that final business plans will have all the information on that topic we would need. Documents covered by these requests obviously go to the heart of the antitrust claims. At this juncture, with Amgen refusing to commit to even looking for responsive documents, we are compelled to seek the Court's assistance.

We are also constrained to seek the Court's assistance regarding Amgen's refusal to provide documents regarding sales of ESAs in the oncology market. As we explained, documents about the oncology market are relevant to market definition, which right now is a matter of dispute between the parties. In addition, activity in the oncology market is directly relevant to our claims of market foreclosure based on Amgen's bundling of discounts across product lines and to our claim that Amgen has a dangerous probability of achieving market power in the CKD market.

As I noted at the outset of this letter, there are some areas on which we have reached agreement and, consistent with the expedited schedule for this case and the Court's "hammer and tongs" directive, we request that Amgen produce immediately materials it has agreed to produce under the agreements reached our meet and confer process. So that our understandings match, set forth below is a list of the information we understand Amgen is willing to produce. If that understanding is incorrect, or if Amgen is not willing to produce this information as soon as possible, please inform me immediately.

- Request 60, 104: subject to obtaining permission from Fresenius Medical Care ("Fresenius"), Amgen will produce documents relating to Amgen's contracts to supply Epogen and Aranesp to Fresenius from January 1, 2003 to the present.

- Requests 61 and 62: Amgen will produce documents sufficient to show Epogen and Aranesp sales in the ESRD and CKD channels (as defined in the counterclaims), generated since January 1, 2002.

- Request 64: Amgen will produce its competitive intelligence documents on CERA.

- Requests, 65, 66, and 69: Amgen will produce final business plans, marketing plans, pricing plans, strategic plans, pricing analyses, market projections, sales

**KAYE**

William Gaede, Esq.                           3                           January 17, 2007

- plans, and sales projections for the nephrology market from January 1, 2002 forward.

- Requests 70-74: Amgen will produce documents sufficient to show on a yearly basis the cost, pricing and sales information for Epogen and Aranesp from January 1, 2000.

- Request 114: Amgen will produce contracts for the supply of Epogen and Aranesp since January 1, 2003 with dialysis, nephrology and hospital customers, including documents concerning the negotiations of those contracts with the customers or any group purchasing organization representing those customers.

- Request 115: Amgen will produce documents as stated in its written response to Roche's request.

- Request 116: Amgen will produce documents as stated in its written response to Roche's request from January 1, 2004 forward.

- Request 117, 118 and 120: Amgen will produce documents sufficient to identify clinical trials and grants since January 1, 2005, including the terms.

- Request 119: Amgen agrees to produce documents as stated in its written response to Roche's request related to CERA.

- Request Nos. 24-26: Amgen will produce any document submitted to the FDA or EMEA that refers to CERA, by any name or by implication. For documents related to communications with the FDA or EMEA regarding any ESA, you will produce any documents which refer to an unmet medical need for an ESA.

- Request No. 55: We understand that Amgen will produce all documents related to communications and internal Amgen documents concerning or discussing any offers, to or from Amgen, to license the EPO patents, inquiries to or from third parties regarding the possibility of licensing the patents, discussions wit potential licensees, whether successful or not, regarding potential or actual licenses of the patents, and documents concerning or discussing the terms of any license or potential license, including a complete copy of the agreements between Ortho and Amgen, with the exception of material transfer agreements, which you claim would be an undue burden.

31399275

NEW YORK    CHICAGO    LOS ANGELES    WASHINGTON, D.C.    WEST PALM BEACH    FRANKFURT    LONDON    SHANGHAI

**Kaye**

William Gaede, Esq.                        4                              January 17, 2007

       If any of the above understandings are incorrect, please let me know at once.  Also, if Amgen changes its position with respect to its responses to our document requests, especially concerning its efforts to produce all document concerning matters at issue regarding our antitrust claims, and documents concerning the oncology market, please let me know at once, so we can avoid burdening the Court with additional motion practice.

                                               Very truly yours,

                                               /s/
                                               Manvin S. Mayell