# Exhibit 5

Dockets.Justia.com

**KAYE SCHOLER** LLP

Thomas F. Fleming
212 836-7515
Fax 212 836-6345
tfleming@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

February 9, 2007

*Via Email and Facsimile*

Deborah E. Fishman, Esq.
Day Casebeer Madrid
    & Batchelder LLP
20300 Stevens Creek Blvd.
Suite 400
Cupertino, CA 95014

Re:    *Amgen, Inc. v F. Hoffmann LaRoche Ltd, et al. (05-CV-12237WGY)*

Dear Deborah:

I think that your February 8, 2007 letter does not fairly reflect our conversation yesterday regarding Roche's position with regard to FDA communications after the date of the filing of the BLA for MIRCERA. Roche has stated its position clearly that it will not produce communications with the FDA, written or oral, after the date of the BLA, with the exception of data related to then ongoing clinical trials, and then only when those trials are completed and provided to the FDA. This position was most recently stated clearly in Roche's opposition to Amgen's motion for "clarification", in which Amgen made the same arguments requesting the same materials, and which the Court denied.

The only position Amgen has articulated for its alleged need for this other information relating to communications with the FDA is that this information, you contend, is related to the "permanent injunction" issue. As I expressed yesterday, the only materials post BLA that could possibly relate to that issue would be the final action taken by the FDA on the MIRCERA™ application. Until then, there is no ability to market in the United States and no basis or relevance at all to any potential Amgen application for an injunction.

However, I did offer to expand what Roche would be willing to produce on this issue, in an effort to reach some accommodation, to include data submitted to the FDA on the structure or composition of MIRCERA™, should there be any that is different from what was in the CMC section of the BLA. I did state that we would be willing to produce such data as that would at least arguably go to an issue in the case.

KAYE SCHOLER LLP

2                                                                    February 9, 2007

    In our call the other day, I did complain that Amgen has not even produced its BLA for Aranesp® in any format. Given that Amgen maintains that Aranesp® is covered by the claims in the patents in suit (and you agreed that Amgen would supplement its interrogatory responses today on that issue identifying which claims and why this is so), and that your statement that comparisons in structure and composition and mechanism of action of Aranesp® is relevant to issues in the case, and further that Amgen will argue that Aranesp® is relevant to any application for a permanent injunction, it was incomprehensible to us that Amgen continued to refuse to produce this highly relevant information re Aranesp®.

    We are committed to continuing to try to work with you on this issue.

Very truly yours,

Thomas F. Fleming

TFF/jm

cc:    Leora Ben-Ami
        Patricia Carson