# Exhibit 11

Dockets.Justia.com

# KAYE SCHOLER LLP

Thomas F. Fleming
212 836-7515
Fax 212 836-6345
tfleming@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

February 2, 2007

**BY FAX and EMAIL**

Deborah Fishman
Day, Casebeer, Madrid & Batchelder LLP
20300 Stevens Creek Blvd.
Suite 400
Cupertino, CA 95014

      Re:    *Amgen, Inc. v. F. Hoffman-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-LaRoche Inc., Civ. No. 05-CV-12237WGY, D. Mass*

Dear Deborah:

      We discussed your January 23 letter during our meet and confer on January 25, and as you recall, I told you then in detail the reasons for our disagreement with your interpretation of Judge Young's December 29 order.

      As further explanation, and to respond to your January 31 letter, Roche has complied with its obligations in discovery, as well as the directions from the Court. Through today, Roche has produced over 1.7 million pages of documents to Amgen, in addition to its production in the ITC matter. This week alone we have made two separate productions. Amgen has been particularly delinquent in its obligations, which you contend that you cannot address since you only deal with "offensive discovery." In your letter you correctly acknowledge that Roche's continued production to Amgen on January 29, 2007 included documents "in response to the Court's Order of December 29, 2006." That production not only contained those documents but also other documents on different topics that are further responsive requests for documents in this case. I remind you that Roche has previously produced documents in this litigation, and in the ITC production, which are also responsive to the categories of documents contained in the Court's Dec. 29 order. Roche believes that it has complied with the Court's order. Nonetheless, I will address the specific issues you raise in your letter, many of which have nothing to do with the Court's order.

      You claim that Roche has failed to produce its ongoing communications with the FDA regarding its pending BLA on MIRCERA™. Roche has already produced an incredibly large volume of documents related to the completed clinical trials for MIRCERA™, including its full BLA and INDs (produced yet again in native electronic form earlier than required to

NEW YORK    CHICAGO    LOS ANGELES    WASHINGTON, D.C.    WEST PALM BEACH    FRANKFURT    LONDON    SHANGHAI

**KAYE SCHOLER** LLP

2 February 2, 2006

accommodate your request as a courtesy) and numerous other documents related to the conduct and findings of these trials. With regard to ongoing communications with the FDA after the date of the BLA submission of April 18, 2006, in its Dec. 29 Order, the Court clearly denied Amgen's motion to compel with respect to Amgen document requests 37-40 relating to submissions to and communications with the FDA. The Court instead adopted Roche's compromise position on this subject which concerns data of completed clinical trials submitted to the FDA. Furthermore, on January 22, 2007 the Court specifically denied Amgen's motion for clarification of the Court's Dec. 29 Order in which Amgen argued, and the Court rejected the position, that Roche must produce documents dated after April 18, 2006.

With respect to producing BLA filings in native electronic format submitted to the FDA, for what we were required to produce that was already done. Amgen's prior requests dealt with the BLA and INDs for MIRCERA™ which Roche had already provided and which Roche then agreed to re-produce in native format.

I would also note that Amgen has refused to produce data related to sales, pricing and market issues to Roche in native format, and my understanding is that Amgen maintains this position despite the Court stating that native format for these documents is preferable in its order of January 29. Amgen refuses to produce this data in native format, but now requests that Roche do so and then for documents not even called for in discovery. Please let us know if Amgen maintains its objection to producing relevant sales, marketing and pricing documents in native format.

You next complain that Roche has failed to produce its most "current" marketing, sales, pricing, and reimbursement plans for MIRCERA™. This is false. Roche has produced a large amount of documents sufficient to show the proffered areas of projected sales figures for MIRCERA™; projected market share for MIRCERA™; potential customers, etc. Roche has taken a far more liberal attitude with regard to the scope of documents sufficient to show a particular subject than Amgen has, and your criticism is not only unfounded but inconsistent with your client's own actions. Indeed, of these "marketing-type" documents, Roche's production included documents going beyond the April 2006 date. As Amgen knows, the accused product is not yet approved for sale, and as such it is in a far different position from Amgen, which still stalls in making its complete production. To date, Amgen can not represent that it has completed a substantial amount of its requisite production. Roche has done far better even without awaiting Amgen's required completed production. As an example only, Roche directs Amgen to documents produced by Roche on the 29th including:

| | | | |
|---|---|---|---|
| R001517701-821 | R001517534-700 | R001441838 - 39 | R001441874 |
| R001442005-06 | R001448658-740 | R001476564-91 | R001476592 |
| R001476596-622 | R001476632-37 | R001477435-60 | R001477461 |
| R001477462-67 | R001402353-400 | R001402555-59 | R001402560-64 |
| R001402565-71 | R001478860 | R001479436-40 | R001479441-44 |
| R001479915 | R001479922 | R001479984-97 | R001480286-90 |
| R001441879-92 | R001441977-97 | R001480321-333 | R001480377-78 |
| R001480402-09 | R001480412 | R001488249-64 | R001498231-366 |

31412430.DOC

KAYE SCHOLER LLP

3                                                                              February 2, 2006

Roche believes that this production and prior productions have satisfied the Court's order.

With respect to further marketing and financial documents beyond the compromise position, in its December 29th order, the Court denied Amgen's motion, and required Amgen to first produce its marketing and financial documents from its own files. Despite this order allowing Roche to wait until after Amgen has produced all of its marketing and financial documents, Roche has in fact already produced a great deal of relevant marketing and financial documents to Amgen. As you acknowledge in your letter, Amgen has agreed to produce certain categories of marketing and financial documents. You do not claim that Amgen has actually produced these yet, and our review of the documents produced by Amgen so far indicates that Amgen has not yet completely produced these documents. Additionally, on January 29, the Court granted Roche's motion to compel production of numerous categories of marketing and financial documents. It does not appear that Amgen has completed the ordered production of these documents. On balance, Roche has more than met its obligations, while Amgen clearly has not.

Very truly yours,

Thomas F. Fleming

cc:     Michele E. Moreland, Esq.
        Mark Izraelewicz, Esq.
        Julia Huston, Esq.