# EXHIBIT 2

DAY CASEBEER
MADRID & BATCHELDER LLP

20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

Deborah E. Fishman
(408) 342-4587
dfishman@daycasebeer.com

February 1, 2007

VIA EMAIL & FACSIMILE

Pat Carson, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

**Re:    *Amgen Inc. v. F. Hoffmann La-Roche Ltd., et al. (05-CV-12237 WGY)***

Dear Pat:

I write to follow up on the discussion that I had with Tom and you earlier today regarding the production of Roche's cell line. You have taken the position that Roche will not produce its EPO-producing cell line unless and until (1) it receives Amgen's agreement to produce its own EPO-producing cell line; and (2) the parties agree upon handling and usage restrictions for the production of such cell lines. In Tom's words, Amgen's agreement to produce its own cell-line is a "fundamental precondition" of the Judge's Order of January 23, compelling Roche to produce its EPO-producing cell lines used in the manufacture of Mircera. In any event, you informed me that Roche will not be producing its EPO-producing cell line to Amgen by tomorrow, February 2, 2007.

As we discussed on the call, I disagree strongly with your interpretation of the Judge's Order. The Court ordered Roche to produce its EPO-producing cell line on January 23 and nothing in that order suggests that Roche can withhold this production until Amgen produces its EPO-producing cell line.

Your interpretation requiring bilateral production ignores the tremendous disparity in the timing of each party's discovery requests seeking such production. As you know, Amgen's requests for Roche to produce the EPO-producing cell line used to make Mircera have been pending since October 30, 2006. By contrast, Roche's Requests that arguably seek production of Amgen's EPO-producing cell line were not propounded until little more than a week ago and no response is even due by Amgen until February 26. Moreover, in reviewing the requests that you have identified as calling for such production (RFP Nos. 378-380), these requests do not seek production of a cell line ***unless*** "documents sufficient do not exist."

Amgen does not agree that reciprocal discovery per the Court's Order requires Amgen to produce its EPO-producing cell line. However, in the spirit of compromise and working toward a mutual solution, I agreed to continue consultation with my client about producing to Roche its

DAY CASEBEER
MADRID & BATCHELDER LLP

Pat Carson
February 1, 2007
Page 2

EPO-producing cell line. To be clear, we do not view the production of an Aranesp-producing cell line as properly within the scope of the Court's order nor do we understand the relevance of such production. Moreover, any agreement by Amgen to provide its EPO-producing cell line to Roche is not a precondition to Roche's own production that has been ordered by the Court.

Likewise, your second requirement – reaching agreement on usage and handling restrictions – cannot fairly be understood to be part of the Court's Order. Roche argued in its Opposition to Amgen's Motion to Compel that, instead of the Protective Order protections proposed by Amgen, the Court should adopt more restrictive usage and handling restrictions submitted by Roche. The Court rejected Roche's proposal and ordered that Roche produce its cell line "subject to the extant Protective Order."

As I told you on our call today, I am happy to work with you to put in place reasonable restrictions on the usage and handling of the cell lines, but I do not believe that such an agreement should be used to delay production. Given your estimation that importation and customs issues will require at least three days, I suggested that you initiate the process and that we work on the appropriate safeguards in the meantime. You declined. I urge you to reconsider. While I have agreed to revisit and revise your proposal in consultation with my client, I reiterate our position that it is completely inappropriate for Roche to delay its production until the parties reach agreement on the usage and handling restrictions.

Finally, I understand that you have withdrawn your objection to Amgen's designation of Dr. McLawhon as the recipient for Roche's EPO-producing cell line and that your prior objection to him forms no basis of your current refusal to produce your cells.

Very truly yours,

DAY CASEBEER
MADRID & BATCHELDER LLP

Deborah E. Fishman

DEF:rlp

DAY CASEBEER
MADRID & BATCHELDER LLP

Pat Carson
February 1, 2007
Page 3


cc:     Howard Suh, Esq.
        Thomas Fleming, Esq.
        Michele Moreland, Esq.
        Mark Israelewicz, Esq.

585333_1