UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GMBH, and HOFFMANN-LA ROCHE INC., | ) |
| Defendants. | ) |

**DEFENDANTS' CROSS MOTION TO COMPEL PRODUCTION
OF AMGEN'S CELL LINES AND RELATED DOCUMENTS**

Defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc. (collectively "Roche") respectfully move the Court to compel production of Amgen's cell lines and related documents. In support of this cross motion, Roche relies upon the accompanying Opposition to Amgen's Motion To Enforce The Court's Order And Memorandum In Support Of Defendants' Cross Motion To Compel Production Of Amgen's Cell Lines And Related Documents.

On January 23, 2007, the Court issued the following Order regarding the production of cell lines by the parties:

> Upon Careful Consideration All Of The Submissions, the Court Allows Amgen's Motion to Compel Subject To The Extant Protective Order.
> <u>Naturally, The Court Expects Amgen Will Afford Reciprocal Discovery Without The Necessity of a Motion.</u>

(emphasis added). Amgen's blatant disregard of the Court's Order has brought about the very necessity the Court was concerned about, and indeed, has resulted in the filing of not one, but two separate motions. After repeated efforts to reach a resolution with Amgen, Roche is left

with no alternative but to seek an order compelling Amgen to produce: (1) a sample of the cell lines it uses to produce its commercial products Epogen® and Aranesp®; (2) a sample of any erythropoietin-producing cell line that Amgen had in its possession as of the effective filing date of the patents-in-suit; and (3) the declarations submitted by Ronald McLawhon in *Amgen v. Hoechst Marion Roussel, Inc. & Transkaryotic Therapies, Inc.*, D. Mass. Civ. A. No. 97-10814-WGY, and any documents he considered in their preparation. These requests are reasonably calculated to lead to relevant evidence. As explained in the accompanying memorandum, testing of the requested cell lines may lead to evidence supporting Roche's invalidity defenses including obviousness, indefiniteness, nonenablement and lack of written description. Therefore Roche respectfully requests the Court's intervention and seeks an order compelling Amgen to produce the defined materials. A proposed order is attached hereto as Exhibit A.

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and that no agreement was reached.

DATED: Boston, Massachusetts
February 26, 2007

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

By their Attorneys,

 /s/ Nicole A. Rizzo
Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO # 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 443-9292
nrizzo@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Tel: (212) 836-8000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

 /s/ Nicole A. Rizzo
Nicole A. Rizzo

03099/00501 623800.1