UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC.,<br><br>  Plaintiff,<br><br>v.<br><br>F. HOFFMANN-LA ROCHE LTD,<br>ROCHE DIAGNOSTICS GMBH,<br>and HOFFMANN-LA ROCHE INC.,<br><br>  Defendants. | CIVIL ACTION No.: 05-CV-12237WGY |

EXHIBIT A

**[PROPOSED] ORDER REGARDING PRODUCTION OF THE PARTIES' CELL LINES AND APPLICABLE RESTRICTIONS OF USE**

In light the Court's January 23, 2007 Order for reciprocal discovery into samples of the parties' cell lines, and given both parties' recognition of the sensitive nature of this material and the need for heightened precautions to protect such proprietary material, the Court hereby orders that both parties produce a sample of each of the requested cell lines to a disclosed third party expert solely for testing relevant to the claims and defenses in this action. The Court further orders that Amgen produce the declarations of Ronald McLawhon in *Amgen v. TKT* and any documents he considered in their preparation.

In addition, the following restrictions of use and access will govern the production and handling of both parties' cell lines:

1. The Protective Order entered in this case on December 21, 2006 shall govern the use of the cells produced under this order and any documentation relating to the cells. The cells produced under this order and any documentation relating to the cells shall not be used for any purpose other than for this litigation.

2. All samples of cell lines and cells produced under this order shall be maintained as Highly Confidential within the meaning of the December 21, 2006 Protective Order entered in this case.

3. Access to the cell lines and produced cells shall further be restricted to the designated expert, lab assistants and members of the expert's staff, and the receiving party's outside counsel team, with access to such materials tracked in a lab notebook.

4. All information generated from or based upon the studies performed under this order and documentation relating to such information shall be maintained as Confidential within the meaning of the December 21, 2006 Protective Order entered in this case.

5. All cells provided under this order must be maintained by the designated expert in a secured location and in a dedicated and secured incubator. For every cell culture grown from the cells, sufficient accounting shall be kept in a lab notebook documenting the creation and use of such culture.

6. Propagation of any cells produced under this order must be limited to the amount necessary to run the tests in furtherance of this litigation.

7. At such time as either: (1) the cells produced or propagated under this order are no longer used in studies, or needed for propagation of cells for use in studies, performed pursuant to this order; or (2) the lawsuit has concluded, the cells shall be destroyed and the destruction shall be accounted for in documentation provided to the supplying party.

SO ORDERED on this ___ day of _____, 2007

SO ORDERED:

_____
The Honorable William G. Young
United States District Court
District of Massachusetts

03099/00501 624145.1