Amgen Inc. v. F. Hoffmann-LaRoche LTD et al                    DAY CASEBEER MADRID                            Doc. 297 Att. 6
02/05/2007 20:33 FAX                                                                                              ☒002/005
         Case 1:05-cv-12237-WGY   Document 297-7   Filed 02/26/2007   Page 1 of 5

# DAY CASEBEER
## MADRID & BATCHELDER LLP

20300 Stevens Creek Blvd., Suite 400                                    Deborah E. Fishman
Cupertino, CA 95014                                                        (408) 342-4587
Telephone: (408) 873-0110                                      dfishman@daycasebeer.com
Facsimile:  (408) 873-0220

February 5, 2007

VIA EMAIL & FACSIMILE

Pat Carson, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Re:   *Amgen Inc. v. F. Hoffmann La-Roche Ltd., et al. (05-CV-12237 WGY)*

Dear Pat:

I write in response to your letter to me of this morning, in which you grossly mischaracterized our meet and confer on February 2.

To be clear on Amgen's position, Amgen did *not* agree to produce its EPO-producing cell line. Absolutely nothing was said during the meet and confer on February 1 that could be interpreted as an agreement by Amgen to produce any of its cell lines, and Amgen rejects Roche's efforts to confuse the issue now. During our discussion on Friday, I agreed to consult with my client to determine whether it would be willing to go above and beyond what was required to meet the Judge's January 23 Order, which I will continue to do. However, as we have stated on numerous occasions, Amgen does not agree with Roche's interpretation that the Order for reciprocal production requires Amgen to produce its cell-line.

As I stated on the call, Amgen has already produced reciprocal discovery through the production of documents relating to its own EPO-producing cell line, as described in my letter to you of January 26. Amgen's production also satisfied Roche's document requests, which do not even seek any of Amgen's cell lines unless documents do not exist. The discovery produced to Roche regarding the EPO production levels of Amgen's cell lines is the very same discovery Roche has refused to produce with respect to its own EPO-producing cell line, necessitating the motion to compel. Roche has been ordered to produce its cell line because it refused to reach a stipulation regarding the RIA values and documents that would demonstrate such RIA values were not produced.

In light of Amgen's document production, it is unclear to Amgen why Roche still demands production of its cell lines. Amgen does not understand how its EPO-producing cell lines are relevant to any of Roche's defenses or counterclaims. I understand your contention that Roche purportedly cannot determine how Amgen's documents show how its cells satisfy the '349 claim 1 limitation regarding RIA values. However, I have confirmed that the documents cited in my

587926_1

DAY CASEBEER
MADRID & BATCHELDER LLP

Pat Carson
February 5, 2007
Page 2

January 26 letter do, in fact, contain all the discovery necessary to make this determination. We urge you to go back to those documents again and perform the simple math necessary to determine the RIA values for Amgen's cell line.

Even though the parties agreed that issues of reasonable reciprocity should not delay discovery, Roche is now acting in bad faith by using safeguards on the handling and use of its cells as a basis to delay the production of its cell line. Roche has confirmed that it will deprive Amgen of the discovery it has been ordered to produce absent Amgen's agreement to produce its own EPO-producing cell line and until the parties agree on special handling restrictions. Nothing in the Court's Order permits Roche's to condition or delay the production of its cell line on either Amgen's agreement to produce its own EPO producing cell line or on the parties' reaching agreement on special handling restrictions for such cells.

The Court's Order explicitly rejected Roche's proposed special handling requirements and deemed the provisions of the Protective Order adequate to protect the produced cell line and cells. Even so, in the spirit of cooperation, Amgen will agree to the special handling restrictions in the attached proposed order. While Amgen does not concede that it will be producing any of its cell lines, Amgen would expect reciprocal treatment of its cell lines in the event they are produced.

Very truly yours,

DAY CASEBEER
MADRID & BATCHELDER LLP

*Deborah E. Fishman* (signature)
Deborah E. Fishman

Enclos.

cc:   Howard Suh, Esq.
      Thomas Fleming, Esq.
      Michele Moreland, Esq.
      Mark Israelewicz, Esq.

587926_1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>F. HOFFMANN-LA ROCHE )<br>LTD., a Swiss Company, ROCHE )<br>DIAGNOSTICS GmbH, a German )<br>Company and HOFFMANN LAROCHE )<br>INC., a New Jersey Corporation, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No.: 05-12237 WGY |

**[PROPOSED] ORDER REGARDING PRODUCTION OF ROCHE'S CELL LINE AND APPLICABLE RESRICTIONS OF USE**

In light Amgen's need for discovery into samples of Roche's cell line to determine the protein production levels relevant to the '349 patent, balanced against the sensitive nature of this material and the need for heightened precautions to protect proprietary material, the Court hereby orders that Roche produce a sample of its DN2-3($a$)3 cells to a disclosed third party expert solely for testing relevant to the claims and defenses in this action. In addition, the following restrictions of use and access will govern the production and handling of this material:

1.    The Protective Order entered in this case on December 21, 2006 shall govern the use of the cells produced under this order and any documentation relating to the cells. The cells produced under this order and any documentation relating to the cells shall not be used for any purpose other than for this litigation.

2.    All samples of cell lines and cells produced under this order shall be maintained as Highly Confidential within the meaning of the December 21, 2006 Protective Order entered in

587820_1                                              1

this case. Access to cell line and produced cells shall further be restricted to the designated expert, lab assistants and members of the expert's staff, and the receiving party's outside counsel team, with access to such materials tracked in a lab notebook.

3. All information generated from or based upon the studies performed under this order and documentation relating to such information shall be maintained as Confidential within the meaning of the December 21, 2006 Protective Order entered in this case.

4. All cells provided under this order must be maintained by the designated expert in a secured location and in a dedicated and secured incubator. For every cell culture grown from the cells, sufficient accounting shall be kept in a lab notebook documenting the creation and use of such culture.

5. Propagation of any cells produced under this order must be limited to the amount necessary to run the tests in furtherance of this litigation.

6. At such time as either: (1) the cells produced or propagated under this order are no longer used in studies, or needed for propagation of cells for use in studies, performed pursuant to this order; or (2) the lawsuit has concluded, the cells shall be destroyed and the destruction shall be accounted for in documentation provided to the supplying party.

SO ORDERED on this ___ day of _____, 2007

                      SO ORDERED:

                      _____
                      The Honorable William G. Young
                      United States District Court
                      District of Massachusetts

# DAY CASEBEER
## MADRID & BATCHELDER LLP

20300 Stevens Creek Blvd., Suite 400      Telephone: (408) 873-0110
Cupertino, California 95014      Facsimile: (408) 873-0220

## FACSIMILE TRANSMISSION

**DATE:** FEBRUARY 5, 2007      **NO. OF PAGES:** 5

**PLEASE DELIVER TO:**

**PATRICIA CARSON**
KAYE SCHOLER LLP

PHONE NO. (212) 836-8000      FAX NO. (212) 836-8689

**CC:**
**HOWARD SUH**
KAYE SCHOLER LLP

PHONE NO. (212) 836-8000      FAX NO. (212) 836-6352

**CC:**
**THOMAS FLEMING**
KAYE SCHOLER LLP

PHONE NO. (212) 836-8000      FAX NO. (212) 836-8689

**CC:**
**MICHELE MORELAND**
MCDERMOTT WILL & EMERY LLP

PHONE NO. (650) 813-5000      FAX NO. (650) 813-5100

**CC:**
**MARK ISRAELEWICZ**
MARSHALL, GERSTEIN & BORUN LLP

PHONE NO. (312) 474-6300      FAX NO. (312) 474-0448

THIS FACSIMILE AND THE INFORMATION IT CONTAINS ARE INTENDED TO BE A CONFIDENTIAL COMMUNICATION ONLY TO THE PERSON OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE NOTIFY THE SENDER. THANK YOU.