Amgen Inc v. F. Hoffmann-LaRoche LTD et al                                                                           Doc. 297 Att. 7
12/29/2006 19:06 FAX        DAY CASEBEER MADRID        ☒002/004
Case 1:05-cv-12237-WGY   Document 297-8   Filed 02/26/2007   Page 1 of 3

# DAY CASEBEER
## MADRID & BATCHELDER LLP

20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

Deborah E. Fishman
(408) 342-4587
dfishman@daycasebeer.com

December 29, 2006

VIA EMAIL & FACSIMILE

Pat Carson, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Re: *Amgen Inc. v. F. Hoffmann LaRoche Ltd., et al. (05-CV-12237WGY)*

Dear Pat:

I write to confirm our conversation of earlier today regarding Roche's Responses to Amgen's First Set of Requests for Admission (Nos. 1-22). During our call, I expressed Amgen's concern that Roche has failed to provide a meaningful answer to any of Amgen's Requests for Admission (RFAs). In response to each of Amgen's RFAs, Roche has objected and denied the requests, but has failed to provide the basis for its denial. Your suggestion that Roche provided a fulsome answer by referring Amgen to portions of its BLA (that seem to admit the substance of Amgen's Requests) is little solace since Roche nonetheless denied each request in its entirety.

Based on our discussion today, I understand it to be Roche's position that it need not provide a basis for its denials in response to Amgen's Request for Admissions. Instead, you stated that Amgen must propound a separate interrogatory to understand the basis for Roche's denial with respect to each Request. Needless to say, we disagree. Fed. R. Civ. Pro. 36 requires that "a denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Roche has failed to meet its obligation both to admit that which your responses suggest should be admitted and to provide denials that fairly meet the substance of each requested admission.

### *The Accused Product*

Roche has objected to each Amgen RFA that uses the term "RO-0503821" as vague and ambiguous (Nos. 1-3, 5-15, 17, and 21). As I stated on our call, Roche's objection lacks merit since Amgen has provided a definition for the term "RO-0503821" in its Requests based on Roche's own use of the term throughout its BLA. Roche made the same vague and ambiguous

511348_1

Dockets.Justia.com

DAY CASEBEER
MADRID & BATCHELDER LLP

Pat Carson, Esq.
December 29, 2006
Page 2

objections with respect to Amgen's use of the term "EPO," which is also defined in Amgen's Requests based on Roche's use of the term in its BLA. Likewise, Roche objected to the use of the term "comprises" in Amgen's RFA Nos. 1, 3-4,6-8, and 18-20 as vague and misleading, notwithstanding the fact that "comprises" is also expressly defined by Amgen in its Requests. I asked you to withdraw your objection to each Amgen RFA on this basis (namely, RFA Nos. 1-15 and 17-22) and to provide a fulsome answer to each of these requests. You agreed to let me know by Wednesday of next week.

### *Application of Law to Facts*

Roche has objected to virtually each Amgen Request for Admission (Nos. 2-15 and 17-22) based on the fact that these Requests incorporate terms or phrases contained in Amgen's patent claims. During our call, you took the position that these requests were inappropriate Requests for Admission because they require legal conclusions. I disagreed and instructed that Roche should give each term in Amgen's requests its ordinary meaning and respond to each request accordingly (as instructed by Amgen's Instruction #3) and if Roche believes the term or phrase should be given a meaning other than its plain and ordinary meaning, Roche should supply that meaning and fully answer the Request (also instructed by Instruction #3 to Amgen's Requests). In either case, Amgen's requests seek an admission of fact and/or the application of law to fact, both of which are expressly authorized by Rule 36. You agreed to let me know whether Roche will withdraw its objection and provide fulsome answers to these requests by Wednesday of next week.

### *Samples of Cell Line Used to Make Roche's Accused Product*

On our call, I raised in particular Roche's responses to Amgen's RFAs 18-21. Amgen's Requests 18-21 each seek admissions about the characterization of the cell line used by Roche to make the EPO in its accused product. Roche has denied each of these RFAs. At the same time, in response to Amgen's pending Requests for Production Nos. 11-13, Roche has refused to produce samples of the cell line that it uses to produce the EPO in its accused product. As you can appreciate, this effectively deprives Amgen of relevant discovery and also precludes Amgen from testing the basis of Roche's denial. I asked that you reconsider your position on these RFAs by Wednesday.

During my December 11 meet and confer with your colleague, Howard Suh, he assured me that he would consult with your client that very day to reach an accommodation on the production of Roche's cell lines in response to Amgen's RFP Nos. 11-13. By letter dated December 13, he once again confirmed that he was discussing the production of samples responsive to Amgen's Request for Production Nos. 11-13 with your client, subject to an appropriate non-assert agreement. On December 14, I sent a letter to Howard seeking confirmation that the cell lines

511195_1

**DAY CASEBEER**
**MADRID & BATCHELDER LLP**

Pat Carson, Esq.
December 29, 2006
Page 3

would be produced, enclosing a non-assert agreement from Amgen. It has been more than two weeks and I have heard nothing from Roche with respect to producing its cell line(s). By this letter, I am copying Howard and request a response by Wednesday of next week as to whether Roche will produce samples in response to Amgen's Requests for Production Nos. 11-13.

Please let me know immediately if I have inaccurately summarized our conversation of earlier today.

Very truly yours,

**DAY CASEBEER**
**MADRID & BATCHELDER LLP**

*Deborah E. Fishman*

Deborah E. Fishman

DEF:rlp

cc:  Howard Suh, Esq.
     Thomas Fleming, Esq.
     Michele Moreland, Esq.
     Mark Israelewicz, Esq.

511195_1