# KAYE SCHOLER LLP

Patricia Carson
212 836-7466
Fax 212 836-6355
pcarson@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

February 23, 2007

**VIA EMAIL & FAX**

Deborah E. Fishman, Esq.
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd, Suite 400
Cupertino, California 95014
email: dfishman@daycasebeer.com

      Re:    *Amgen, Inc. v. F. Hoffmann-La Roche, Ltd., et al.*

Dear Deborah,

I write to follow up on our meet and confer today regarding the stipulation that we have been negotiating over the past several weeks to relieve both parties of their obligations to produce their respective cell lines per Judge Young's order dated January 23, 2007.

Amgen has stated and confirmed on several occasions that Amgen is seeking Roche's cell line for the sole purpose of establishing whether it meets the EPO production levels of Amgen's '349 Patent claims. As you know, as of February 7th both parties agreed in principle to a stipulation wherein Roche provided the desired admission. As I informed you at the time, based on its understanding that an agreement had been reached, Roche reasonably discontinued its efforts to navigate the governmental red-tape required to import its cell line. Based on our recent correspondence and our discussion today, I understand that despite the fact that Roche is willing to stipulate that its cell line meets the '349 claim limitation, this is no longer sufficient to satisfy Amgen. As you acknowledged during our discussion today, Amgen seeks not only to use the stipulation as evidence of infringement, but insists that it must be free to use the stipulation in any way it sees fit, including as evidence to rebut Roche's defense that the '349 claim language is indefinite. Roche engaged in this negotiation in a good faith effort to preserve the security of its most valued trade secret while at the same time, providing Amgen with the evidence that it purports to need. Roche certainly did not foresee that Amgen would seek to pervert this effort to generate evidence that it could use for other purposes.

You informed me today that unless Roche can confirm by 4 pm EST today that its cell line will be in the hands of Amgen's expert no later than Friday, March 2nd, Amgen will file a motion

31424762.DOC

# KAYE SCHOLER LLP

Deborah Fishman, Esq.                           2                         February 23, 2007

with the Court. As I informed you today, Roche understands its obligations under the Court's order and will produce its cell line. We will ship it promptly from Penzberg however, we are at the mercy of at minimum, U.S. Customs and cannot tell you with certainty that the cell line will be in Amgen's expert's hands on Friday. Amgen's threatened motion is unnecessary and constitutes harassment.

During our call, you confirmed that Amgen is now taking the position that it is under no obligation to produce any of Amgen's cell lines. As we have explained in writing and during several meetings with you (i) both Amgen's EPO and Aranesp cell lines are relevant to Roche's claims and defenses in this case; (ii) it is our view that Amgen is obligated by the Court's order to produce its cell lines; and (iii) the documents produced by Amgen do not provide the information that Roche needs or is entitled to. We urge you to reconsider Amgen's position and let us know no later than Monday whether Amgen will be producing its cell lines.

Very truly yours,

Patricia Carson

cc:   Thomas F. Fleming, Esq.
      Howard S. Suh, Esq.
      Julia Huston, Esq.
      Michele Moreland, Esq.
      Mark Izraelewicz, Esq.