## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**AMGEN INC,**

        **Plaintiff,**

        v.           **CIVIL ACTION No. 05-cv-12237-WGY**

**F. HOFFMAN-LA ROCHE LTD.,**
**ROCHE DIAGNOSTICS GmbH, and**
**HOFFMAN-LA ROCHE INC.**

        **Defendants.**

### MOTION FOR PROTECTIVE ORDER BY NON-PARTY FRESENIUS

Now comes Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America ("Fresenius") and moves pursuant to Fed. R. Civ. P. 26(c) for an Order extending the time to produce certain materials containing Fresenius' confidential and proprietary information by Plaintiff Amgen, Inc. ("Amgen") by one week from March 2, 2007 to and including March 9, 2007. The additional time is needed to permit Fresenius to review the information that Amgen intends to produce and determine whether Fresenius needs to apply to the Court in order to further protect its confidential and proprietary information. Fresenius did not learn of the specific documents that Amgen intends to produce until March 1, 2007, only one day prior to the deadline for production. A single day is not a sufficient amount of time for Fresenius to review the documents and determine whether it needs further relief from this Court.

**1.**    <u>**Background**</u>

Fresenius is not a party to this action.

Fresenius is a major supplier of products and services for individuals with chronic kidney failure. Fresenius operates more than 1,500 outpatient dialysis clinics in the U.S., and is also a major supplier of a variety of dialysis products and equipment, including dialysis machines, dialyzers and other dialysis-related supplies.

As part of its business, Fresenius is a customer of Amgen and purchases Epogen from Amgen for use in treating patients.

2. **Fresenius Should be Given a Reasonable Opportunity to Protect its Confidential and Proprietary Information**

By letters dated January 12, 2007, Amgen wrote to Fresenius and many of its affiliates advising that it was in possession of Fresenius' confidential and proprietary information which it intended to produce in this action unless written objection was provided by January 26, 2007. (Exhibits A, B). By the deadline set by Amgen, Fresenius objected to the production of its confidential and proprietary information. (Exhibit C). Fresenius also requested that it be provided with copies of the subject documents in advance of their production to determine whether it needed to seek any further relief. (*Id.*) Fresenius repeated its requests for advance review of the documents prior to their production several times, including in correspondence on February 16, 2007, February 22, 2007 and February 28, 2007 (Exhibits D-F) as well as in several telephone calls.

Amgen initially resisted Fresenius' requests to provide the documents for advance inspection. (Exhibit G). Eventually, Amgen did provide the documents to Fresenius, but the documents were not received until March 1, 2007, only one day prior to the deadline for their production. The documents provided by Amgen comprise approximately 300 documents, most of which are quite lengthy. Accordingly, it is unreasonable to expect Fresenius to review all of these documents in just a single day.

Without reviewing the documents, all Fresenius knows is that they contain information which Amgen has identified as confidential and proprietary to Fresenius. Fresenius needs an opportunity to review these documents in order to determine whether it needs to apply to the Court for any further relief, *e.g.*, for an order that some of the documents not be produced as completely irrelevant to the issues in this case, or for an order that some of the documents only be produced under certain terms and conditions. *See Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) ("[T]he fact of nonparty status may be

2

considered by the court in weighing the burdens imposed in the circumstances."); *see also Allen v. Howmedica Leibinger, GmhH*, 190 F.R.D. 518, 525–26 (W.D. Tenn. 1999) (shielding confidential information of non-party from discovery). Alternatively, after review, it may turn out that Fresenius has no objection to this production.

Fresenius respectfully submits that the requested one week extension is reasonable under the circumstances.

**3.** **Conclusion**

In view of the foregoing, Fresenius respectfully requests an extension of the time to produce materials containing Fresenius' confidential and proprietary information by Plaintiff Amgen, Inc. ("Amgen") by one week from March 2, 2007 to and including March 9, 2007, in order to permit Fresenius to review the information that Amgen intends to produce and determine whether Fresenius needs to apply to the Court to further protect its confidential and proprietary information.

Respectfully submitted,

Dated: March 2, 2007         By:    /s/ Mark J. Hebert
                                    Mark J. Hebert (BBO No. 546,712)
                                    FISH & RICHARDSON P.C.
                                    225 Franklin Street
                                    Boston, MA 02110-2804
                                    Telephone: (617) 542-5070
                                    Facsimile: (617) 542-8906
                                    Counsel for Non-Party Fresenius Medical
                                    Care Holdings, Inc.

**Certification Pursuant to Local Rule 7.1(a)(2)**

Undersigned counsel certifies that on March 1, 2007 he discussed the subject of this motion with counsel for Amgen (Krista Carter, Esq. and Deborah Fishman, Esq.) and with counsel for Roche (Julian Brew, Esq. and Manvin Mayell, Esq.). While counsel for Amgen was willing to assent to this motion, counsel for Roche was not. Instead, counsel for Roche was

willing to agree to a shorter extension, but only upon certain conditions that Fresenius was not sure that it could meet. Accordingly, while the filing of this motion is necessary to protect Fresenius' rights, counsel for Fresenius intends to continue discussions with counsel for Roche in an effort to resolve this matter.

          /s/ Mark J. Hebert_____
          Mark J. Hebert

### Certificate of Service

I hereby certify that this Motion for Protective Order and the attached exhibits filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

          /s/ Mark J. Hebert
          Mark J. Hebert

21573573.doc