Amgen Inc. v. F. Hoffmann-LaRoche LTD et al   Doc. 306 Att. 4
Case 1:05-cv-12237-WGY   Document 306-5   Filed 03/02/2007   Page 1 of 2

Exhibit D

# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

225 Franklin Street
Boston, Massachusetts
02110-2804

Telephone
617 542-5070

Facsimile
617 542-8906

Web Site
www.fr.com

BY FACSIMILE

February 16, 2007

Krista M. Carter, Esq.
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014

Re: *Amgen, Inc. v. F. Hoffmann-La Roche Ltd. et al.*
    Civil Action No. 05 CV 12237 WGY (D. Mass.)



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Dear Ms. Carter:

I am in receipt of your letter sent after the close of business on February 9, 2007 responding, in part, to my letter of January 26, 2007 to Sandip Patel. Unfortunately, we do not consider your letter to be a satisfactory response.

In my letter to Mr. Patel I objected to the production of any documents that Amgen believes should be produced in this case which contain information which is confidential or proprietary to FMCNA or any of its affiliated entities (this would include all of the entities listed in your letter or in the 23 page long attachment to your letter), unless Amgen provides the documents to us for prior review and approval.

In your letter, you acknowledge our request that Amgen provide any such documents to us for review in advance of production, but have not said whether Amgen will or will not provide those documents for our prior review. Instead, you ask that we advise what "content" we would like Amgen to identify, and say that you will "consider" whether or not Amgen can segregate the documents for our review.

This response is completely unsatisfactory. We have already identified such "content," namely "information which is confidential or proprietary to FMCNA or any of its affiliated entities" as set forth in my letter of January 26, 2007. Furthermore, we do not understand what is at all difficult about our request, or why Amgen would even "consider" not complying with the request. Indeed, we think that in order to make sure that it was complying with its confidentiality obligations in its agreements with FMCNA (such as the Sourcing and Supply Agreement, Agreement No. 200600447) Amgen would want to make sure that it had FMCNA's consent prior to producing this information.

Accordingly, we must insist that Amgen provide its assurance, no later than the close of business (eastern time) on Tuesday February 20, 2007 that it will indeed promptly provide all documents which contain information which is confidential or proprietary to FMCNA or any of its affiliated entities (including all of the entities listed in your

FISH & RICHARDSON P.C.

Krista M. Carter, Esq.
February 16, 2007
Page 2

letter or in the 23 page long attachment to your letter) sufficiently in advance of production to provide us with a reasonable opportunity to review the documents prior to their production. Otherwise, we will need to take the matter up with the appropriate court.

I look forward to your response.

Very truly yours,

Mark J. Hebert

cc/fax:  Ronald C. Castle, Esq., FMCNA
         Jules Jay Morris, Esq., FMCNA
         Kimberlin Morley, Esq., Amgen
         Cantrell Bernau, Esq., Amgen
         Scott Larsen, Esq., Amgen
         Sandip H. Patel, Esq.

21563347.doc