UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC.,<br><br>Plaintiff,<br><br>vs.<br><br>F. HOFFMANN-LA ROCHE LTD<br>ROCHE DIAGNOSTICS GmbH<br>HOFFMANN-LA ROCHE INC.<br><br>Defendants | CIVIL ACTION No.: 05-CV-12237WGY |

### DEFENDANTS' CROSS MOTION TO COMPEL THIRD PARTY FRESENIUS MEDICAL CARE NORTH AMERICA TO COMPLY WITH SUBPOENA AND AGREEMENT TO PRODUCE

Defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc. (collectively "Roche") respectfully bring this cross-motion to compel Third Party Fresenius Medical Care North America ("Fresenius") to comply with the subpoena issued by Roche on January 15, 2007, and Fresenius's written agreement to produce several categories of documents requested by the subpoena as set forth in Exhibits G, H, I and J to the Declaration of Julian Brew filed concurrently herewith. Despite agreeing on January 21, 2007 to produce responsive documents, Fresenius has still failed to produce a single document and has refused to provide even a date on which it intends to produce documents.

This motion is based on the Declaration of Julian Brew and Roche's Opposition to the Motions for Protective Orders filed by Fresenius and Plaintiff Amgen, Inc. ("Amgen") on March 2, 2007. As set forth in Roche's Opposition to Motions for Protective Orders and Memorandum in Support of its Cross Motion to Compel Third Party Fresenius Medical Care North America to Comply with Subpoena and Agreement to Produce, filed concurrently herewith, documents from

Fresenius concerning its exclusive dealing agreement with Amgen and other Fresenius documents relating to the dialysis market and ESA purchases are of central importance to Roche's antitrust counter-claims. On January 5, 2007, Roche served a subpoena on Fresenius for these documents. After meeting and conferring, Fresenius finally agreed on February 21, 2007 to produce several categories of responsive documents, as confirmed in Exhibits G, H, I, and J to the Brew Declaration. In reliance on Fresenius's agreement to produce certain documents, Roche did not previously file a motion to compel against Fresenius.

As set forth in Paragraphs 15-21 and Exhibits K, L, and M to the Brew Declaration, since Fresenius agreed to produce documents, Roche has repeatedly requested a date for Fresenius to produce document in compliance with its agreement and the subpoena, but Fresenius has failed to do so. It is now less than one month before the deadline for completion of all discovery in this case and depositions are beginning. Yet, Fresenius has not produced a single document, and has now filed a motion to prevent even Amgen from producing relevant documents.

Roche has bent over backwards to accommodate Fresenius and avoid burdening the Court with a motion to compel. Roche agreed to significant limitations on the scope of its subpoena, and did not file a motion to compel in reliance on Fresenius's agreement to produce documents in those narrowed categories. Yet, having induced Roche not to file a motion to compel by promising to produce these documents, Fresenius still has not produced any documents or given a date when production will begin. Fresenius's refusal to comply with its agreement, despite knowing the importance of these documents and the imminent deadline for completion of discovery, causes Roche significant prejudice, while protecting its contracting partner Amgen from discovery concerning Amgen's anti-competitive practices and their impact.

Fresenius was served with the subpoena more than two months ago, and agreed to production of several categories of documents nearly two weeks ago. Fresenius has had ample time to gather and produce the responsive documents, but has not done so. Roche respectfully requests that the Court order Fresenius to produce responsive documents as set forth in its written agreement with Roche, on or before March 9, 2007.

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

Dated: March 5, 2007
Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By its Attorneys*

/s/  Keith E. Toms
Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                                           /s/ Keith E. Toms
                                           Keith E. Toms

3099/501 628487