UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD ) | |
| ROCHE DIAGNOSTICS GmbH ) | |
| HOFFMANN-LA ROCHE INC. ) | |
| ) | |
| Defendants ) | |
| ) | |

**DEFENDANTS' OPPOSITION TO MOTIONS FOR PROTECTIVE ORDER
AND
MEMORANDUM IN SUPPORT OF DEFENDANTS' CROSS MOTION TO COMPEL
THIRD PARTY FRESENIUS MEDICAL CARE NORTH AMERICA TO COMPLY
WITH SUBPOENA AND AGREEMENT TO PRODUCE**

Defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc. (collectively "Roche") respectfully submit this memorandum in opposition to the Motions for Protective Order filed by both Third Party Fresenius Medical Care North America ("Fresenius") and Plaintiff Amgen, Inc. ("Amgen") on March 2, 2007.

### I.  INTRODUCTION

The twin motions for protective orders filed by Amgen and Fresenius on the day this Court set as the deadline for production of the documents at issue -- and only a month before the deadline for completion of all discovery in this case -- appear calculated to cause the maximum possible prejudice to Roche, not to mention to this Court's schedule. These documents are of critical importance to Roche's claims, and this Court ordered production of these documents more than a month ago. Any further delay now, less than a month before all discovery closes and five weeks before expert reports are due, would severely prejudice Roche.

628489_1

The motions do not tell the whole story, omitting relevant history showing that this is all part of a concerted effort to deny Roche critical discovery on its antitrust and tort claims, all in direct violation of this Court's January 29 Order compelling Amgen to produce all documents relating to its contract with Fresenius, and in contravention of Fresenius's written agreement to produce similar documents in response to a Roche subpoena. These motions should both be denied, and both Amgen and Fresenius should be ordered to immediately produce their documents.

## II.  BACKGROUND

In October 2006, Amgen entered into a long-term sole source agreement for its Epogen® product with Fresenius, which is the single largest buyer of ESA products for dialysis patients. That exclusive dealing agreement is a central part of Roche's antitrust and tort counter-claims against Amgen in this litigation. (Declaration of Julian Brew ("Brew Dec.") Para. 3). Since at least October, 2006, Roche has been trying to get a copy of the final agreement and related documents, both through a request for production directed to Amgen and a subpoena directed to Fresenius. Fresenius and Amgen have frustrated these efforts at every turn.

Roche served requests for production on Amgen for these documents in October 2006. Despite their clear relevance, Amgen objected to producing documents related to its contracts, forcing Roche to move to compel. On January 29, this Court Ordered Amgen to produce all documents relating to this and other contracts for sale of Epogen® and Amgen's other ESA product Aranesp®, within thirty (30) days.[1] Those 30 days expired on February 28, 2007. That

---

[1]  A copy of the Minute Order, followed by the specific Request that the Order required Amgen to comply with, are attached to the Brew Declaration as Exhibit A.

very day, Amgen asked for two additional days to comply, which Roche, in good faith and as a courtesy, granted with the expectation production would follow. (Brew Dec. Para. 16).

In the meantime, on January 8, 2007, Roche served a subpoena on Amgen's contracting partner, Fresenius. Like Amgen, Fresenius responded with blanket objections, and refused to produce any documents, including relating to its contract. Repeated efforts to meet and confer with Fresenius were met with delays.[2] Finally, when Roche was on the brink of filing a motion to compel, Fresenius agreed, on February 21, to produce several categories of documents, including its contract and related documents. (Brew Dec., Paras. 12-15 & Exs. G-K). Since then, Roche has repeatedly requested a date for Fresenius to comply with its agreement to produce responsive documents, with no response. (Id., Paras. 15-21 & Exs. K, L. M).

On March 1, the day before Amgen's extended date to comply with the Court's Order, Fresenius's lawyer contacted Roche with a stunning request: Apparently, that day -- more than a *month* after this Court ordered Amgen to produce the documents -- Amgen sent Fresenius a set of the responsive documents to seek its *permission* to comply with this Court's Order. Fresenius wanted Roche to grant Amgen a one week extension for Fresenius to review the documents and decide whether it would give *permission* or seek a protective Order. (Brew Dec., Paras. 17-18). No explanation was given for why this request was being made this late.[3]

---

[2] While Roche ultimately reached an agreement with Fresenius on the scope of the subpoena, it was only after a lengthy and frustrating meet and confer process, punctuated by lengthy delays by Fresenius's counsel, as described in Paragraphs 5-15 of the Brew Declaration. Incredibly, Fresenius's counsel makes no mention of those discussions or Roche's repeated requests for a production date, in its motion.

[3] The correspondence attached to Fresenius's motion shows that there had been ongoing discussions about these documents between Amgen and Fresenius as early as January 2007, raising further questions about why they still have not been produced.

Despite the fact that Amgen and Fresenius were essentially seeking permission to violate this Court's Order, and despite the overwhelming prejudice to Roche, Roche responded that it was willing to give Amgen five (5) additional days to complete production, but only if Amgen immediately produced at least its contract with Fresenius, and if Fresenius agreed to complete its production of documents in response to Roche's subpoena -- as agreed -- within seven (7) days, to mitigate some of the prejudice from the delay. Roche made clear it did not agree that Amgen could disobey this Court's Order even if Fresenius objected. (Brew Dec., Ex. L).

Incredibly, Fresenius does not attach Roche's letter setting forth this proposal. Nor does Fresenius provide its e-mailed response rejecting Roche's proposal (but still providing no date on which it would produce its documents), nor Roche's response once again requesting a date for completion of production, which again did not receive the courtesy of a response. Therefore, these documents are attached to the Brew Declaration as Exhibit M. Fresenius and Amgen now want more time for Amgen to decide whether to comply with this Court's January 29 Order, while Fresenius simultaneously refuses to even give a date when it will produce its documents it represented to Roche would be produced in response to Roche's subpoena.

Fresenius and Amgen rejected Roche's reasonable accommodations, and, despite a further request for *some* date when Fresenius would produce its documents, Fresenius still did not respond. Therefore, despite agreeing to produce these documents, Fresenius (1) still has not produced a single document in response to Roche's subpoena and its agreement, and (2) refuses even to give Roche a date on which it proposes to complete -- or even begin -- production. Instead, Fresenius moved for a protective order stopping Amgen's production as well. Unsurprisingly, Amgen, which is Fresenius's partner in an exclusive, anticompetitive agreement, supports this position.

Fresenius's motion seeks again to stop the Court-ordered production of 300 documents Amgen sent Fresenius on March 1 for review. Fresenius requests a full week until March 9, leaving only three weeks before the close of discovery. Even then, Fresenius asserts that it may object to some or all of the production, despite this Court's Order. Not content to deny Roche just the documents that are the subject of the Fresenius motion, Amgen then filed its own motion seeking an order delaying production of additional *internal* Amgen documents that this Court ordered it to produce, and that Fresenius has not even moved to block. Meanwhile, Roche still has no date when Fresenius will produce its own documents.

## III.  DISCUSSION

As the above demonstrates, Amgen -- now in conjunction with its contracting partner Fresenius -- is engaging in what can only be described as a calculated effort to deny Roche central evidence for its antitrust and tort counter-claims.

*First*, both Amgen (in response to Requests for Production) and Fresenius (in response to a subpoena) objected to producing documents relating to their exclusive dealing agreement, despite knowing that agreement was expressly challenged by Roche's antitrust counterclaims and that other documents Roche sought from Fresenius are also relevant to Roche's claims

*Second*, Amgen forced Roche to bring a motion to compel, which Amgen then opposed, resulting in an Order of this Court on January 29, 2007, to produce these documents within thirty days, i.e., February 28, 2007.

*Third*, despite knowing it had been ordered to produce these documents by February 28, Amgen astonishingly waited until March 1 to send a set of the documents to Fresenius, only then inviting Fresenius to object or bring a motion for protective order. Amgen did this after first taking advantage of Roche's courtesy in granting an extra two days to comply.

*Fourth*, Fresenius repeatedly delayed efforts to meet and confer on its subpoena response, until Roche was literally on the brink of filing a motion to compel, at which time Fresenius finally agreed to produce documents relating to its Amgen contract.

*Fifth*, despite agreeing on February 21 to produce these documents, Fresenius still has not done so, and has ignored repeated requests that it provide a date for production. Indeed, even now -- less than a month before the close of discovery -- Fresenius still refuses to provide a date by which it will complete -- or even begin -- production of its own documents.

*Sixth*, on the day set for production under the Court's Order, despite Fresenius's agreement to produce its own contract-related documents, both Fresenius and Amgen filed motions for protective orders to *further* delay, if not deny, production (and given the current discovery schedule, with depositions to which the withheld documents may be relevant already scheduled, delay may equal the denial of this key evidence altogether). They likewise assert a right to refuse to comply with the Court's Order altogether if they unilaterally conclude the documents contain unspecified "confidential" Fresenius information, despite an order protecting confidentiality, and an order compelling Amgen to produce them.[4] Incredibly, Amgen asserts a right to withhold critical internal documents regarding the Fresenius contract that cannot contain any purported "confidential" Fresenius information.[5] Amgen does not even commit to a date by

---

[4] Amgen and Roche agreed that the Protective Order in this case was sufficient to protect the confidentiality of vast amounts of highly confidential documents in this patent and antitrust case. The Protective Order, and not refusal to produce, is the appropriate way to protect any confidential material. Moreover, Roche has agreed to allow "Highly Confidential" designations for any particularly sensitive Fresenius documents.

[5] Amgen admits that it has not provided its internal documents to Fresenius for its confidentiality review. Amgen's refusal to produce these internal documents to Roche by the March 2 deadline based on Fresenius's "due process" rights is without any factual support or authority and is spurious.

which it will produce these documents, demonstrating that Amgen's goal in its 12th-hour motion is solely to stymie and prejudice Roche.

The prejudice to Roche from this conduct is extreme: Depositions are about to begin, and the deadline for completion of *all* discovery -- including depositions -- is April 2. Yet, Roche still does not have any of these document, which are related to a central issue with respect to its counter-claims. The deadline for Roche's expert reports also is April 6, and those experts also need this evidence in order to complete their work in connection with this case.

Roche has done everything it could have been expected to do to obtain discovery from Fresnenius, and has bent over backwards to try to reach compromises and avoid burdening the Court. Roche filed a motion to compel and obtained a Court Order for production. Amgen is now in violation of the Order issued more than a month ago that it produce these documents. Roche issued a subpoena to Fresenius, and, to avoid a motion to compel, accepted Fresenius's agreement to limit the subpoena's scope. Fresenius is now in violation of the subpoena and its express, written agreement, after meeting and conferring, to produce the withheld documents, and will not even give a date for compliance. Neither Amgen nor Fresenius should be allowed to further delay, let alone deny, production of plainly relevant and important evidence.

## IV. REQUESTED RELIEF

While nothing will eliminate the prejudice Roche has already suffered, the only outcome that provides any measure of justice for the refusal of Amgen and Fresenius to produce these key documents is another Order from this Court:

(1) compelling Amgen to comply (within 24 hours) with this Court's January 29 Order to produce documents relating to its contracts with Fresenius or face evidentiary and issue sanctions for contempt, and

(2) compelling Fresenius to comply with its written agreement to produce documents in response to Roche's subpoena, with production to be completed and the documents in Roche's possession by March 9, 2007.

If Amgen continues to refuse to comply with this Court's Order, Amgen should be held in contempt of Court and appropriate issue and evidentiary sanctions should be imposed to mitigate some of the prejudice caused by its conduct.

Dated:  March 5, 2007
        Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By its Attorneys*

/s/  Keith E. Toms
Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky *(pro hac vice)*
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                                        /s/ Keith E. Toms
                                        Keith E. Toms

3099/501 628489.1