**EXHIBIT A**


Julian Brew/LA/US/KSFHH
03/04/2007 01:51 PM
Phone: (310) 788-1147

To
cc
bcc
Subject  Fw: Activity in Case 1:05-cv-12237-WGY Amgen Inc. v. F. Hoffmann-LaRoche LTD et al "Order on Motion to Compel"


ECFnotice@mad.uscourts.gov
01/29/2007 01:47 PM

To  CourtCopy@mad.uscourts.gov
cc
Subject  Activity in Case 1:05-cv-12237-WGY Amgen Inc. v. F. Hoffmann-LaRoche LTD et al "Order on Motion to Compel"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Paine, Matthew entered on 1/29/2007 at 1:46 PM EST and filed on 1/29/2007
**Case Name:**          Amgen Inc. v. F. Hoffmann-LaRoche LTD et al
**Case Number:**        [1:05-cv-12237](1:05-cv-12237)
**Filer:**
**Document Number:**

**Docket Text:**
Judge William G. Young : Electronic ORDER entered re [254] MOTION to Compel the Production of Documents. "Motion ALLOWED as to Requests 61-64, 114-116 But Only Back To January 1, 2000, Requests 70-72, 74 But Not Necessarily In Native Format Although That Would Be Helpful. DENIED as to Requests 42-43, DENIED without Prejudice as to Requests 65,66,69 as Overbroad. Further Discovery is to Be Furnished Within 30 Days of the Date of This Order." (Paine, Matthew)

The following document(s) are associated with this transaction:

**1:05-cv-12237 Notice will be electronically mailed to:**

Peter M. Acton    pacton@mwe.com

Leora Ben-Ami    lbenami@kayescholer.com

Michael F. Borun    MBorun@marshallip.com

Lee C. Bromberg    lbromberg@bromsun.com, jcreedon@bromsun.com

Patricia A. Carson    pcarson@kayescholer.com

Nicole A. Colby    ncolby@mwe.com

Daniel A. Curto    dcurto@mwe.com

Lloyd R. Day , Jr    daylr@daycasebeer.com

Vladimir Drozdoff    vdrozdoff@kayescholer.com

David L. Ferrera    dferrera@nutter.com, jberry@nutter.com

Thomas F. Fleming    tfleming@kayescholer.com, maodma@kayescholer.com

Kevin M Flowers    KFlowers@marshallip.com, mgreene@marshallip.com; dgerou@marshallip.com

James M. Fraser    jfraser@mwe.com

William G. Gaede , III    wgaede@mwe.com

Michael R. Gottfried    mrgottfried@duanemorris.com, vlweeks@duanemorris.com

Julia Huston    jhuston@bromsun.com, chiggins@bromsun.com

Mark Izraelewicz    mizraelewicz@marshallip.com

Michael Kendall    mkendall@mwe.com

Manvin Mayell    mmayell@kayescholer.com

Michelle E. Moreland    mmoreland@mwe.com, pdeneen@mwe.com; gdrozario@mwe.com; sguess@mwe.com; mscordino@mwe.com

Joshua A. Munn    jmunn@mwe.com

Matthew C. Nielsen     MNielsen@marshallip.com, mkipley@marshallip.com

Sandip H. Patel     SPatel@marshallip.com

Mark S. Popofsky     mpopofsky@kayescholer.com

Heather B. Repicky     hrepicky@nutter.com

Patricia R. Rich     prich@duanemorris.com, vlweeks@duanemorris.com

Nicole A. Rizzo     nrizzo@bromsun.com, lburns@bromsun.com

Thomas I. Ross     tross@marshallip.com

Linda Sasaki-Baxley     lbaxley@daycasebeer.com

Howard Suh     hsuh@kayescholer.com, maodma@kayescholer.com

Keith E. Toms     ktoms@bromsun.com, kreed@bromsun.com

Steven A. Zalesin     sazalesin@pbwt.com, mcolitigation@pbwt.com

**1:05-cv-12237 Notice will not be electronically mailed to:**

Firasat Ali
McDermott Will & Emery
3150 Porter Drive
Palo Alto, 94304

D. Dennis Allegretti
Duane Morris LLP
470 Atlantic Avenue
Suite 500
Boston, MA 02110-2600

Adam Arthur Bier
Day Casebeer Madrid & Batchelder, LLP
20300 Stevens Creek Blvd.
Suite 400
Cupertino, CA 95014

Michael F. Borun
Marshall, O'Toole, Gerstein, Murray & Borun
6300 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6402

Michael F. Borun
Marshall, O'Toole, Gerstein, Murray & Borun
6300 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606-6402

Mary Boyle
McDermott Will & Emery
3150 Porter Drive
Palo Alto, CA 94304

Julian Brew
Kaye Scholer LLP
1999 Avenue of the Stars
Suite 1700
Los Angeles, CA 90067-6048

Renee DuBord Brown
Day Casebeer Madrid & Batchelder, LLP
20300 Stevens Creek Blvd.
Suite 400
Cupertino, CA 95014

Krista M. Carter
Day Casebeer Madrid & Batchelder, LLC
20300 Stevens Creek Blvd.
Suite 400
Cupertino, CA 95014

Andy H. Chan
Day Casebeer Madrid & Batchelder, LLP
20300 Steven Creek Blvd.
Suite 400
Cupertino, CA 95014

Monique L. Corday
Amgen Inc.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789

Nancy DiLella
Hoffmann-La Roche Inc.
Law Department
340 Kingsland Street
Nutley, NJ 07110

William Diaz
McDermott Will & Emery LLP
18191 Von Karman Avenue
Suite 500
Irvine, CA 92612

Darrell G. Dotson
Amgen Inc
One Amgen Center Drive
Thousand Oaks, CA 91320-1789

Jon B. Dubrow
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005

Deborah E. Fishman
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd.
Suite 400
Cupertino, CA 95014

Jennifer E. Flory
Marshall Gerstein & Borun LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606

Robert M. Galvin
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd.
Suite 400
Cupertino, CA 95014

Eugene M. Gelernter
Patterson, Belknap, Webb & Tyler
1133 Avenue of the Americas
New York, NY 10036

Geoffrey M. Godfrey
Day Casebeer Madrid & Batchelder, LLP
20300 Stevens Creek Blvd.
Suite 400
Cupertino, CA 95014

Berrie R. Goldman
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd.
Suite 400
Cupertino, CA 95014

Aaron R. Hand
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd.
Suite 400
Cupertino, CA 95014

Richard O. Jackson
Patternson, Belknap, Webb & Tyler, LLP
133 Avenue of the Americas
New York, NY 10036

Raymond A. Jacobsen
McDermott Will & Emery LLP
600 13th Street N.W.
Washington, DC 20005

George W. Johnston
Hoffmann-La Roche Inc.
Law Department
340 Kingsland Street
Nutley, NJ 07110

Susan M. Krumplitsch
Day Casebeer Madrid & Batchelder, LLP
20300 Stevens Creek Blvd.
Suite 400
, CA 95014

Andrew Kumamoto
McDermott Will & Emery
3150 Porter Drive
Palo Alto, CA 94304

Jonathan D. Loeb
Day Casebeer Madrid & Batchelder, LLP
20300 Stevens Creek Blvd.
Suite 400
Cupertino, CA 95014

David M. Madrid

Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd.
Suite 400
Cupertino, CA 95014

Mario Moore
Day Casebeer Madrid & Batchelder
Suite 400
20300 Stevens Creek Blvd
Cupertino, CA 95014

Kimberlin L. Morely
Amgen Inc.
One Amgen Center Dirve
Thousand Oaks, CA 91320-1789

Darcy A. Paul
Day Casebeer Madrid & Batchelder, LLP
20300 Stevens Creek Blvd.
Suite 400
Cupertino, CA 95014

Cullen N. Pendleton
Marshall Gerstein & Borun LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606

Jeremy D. Protas
Marshall Gerstein & Borun LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606

Patricia Rocha-Tramaloni
Hoffmann-La Roche Inc.
Law Department
340 Kingsland Street
Nutley, NJ 07110

Katie J.L. Scott
Day Casebeer Madrid & Batchelder, LLP
20300 Stevens Creek Blvd.
Suite 400
Cupertino, CA 95014

Rebecca J. Wais
Day Casebeer Madrid & Batchelder, LLP
20300 Stevens Creek Blvd.
Suite 400
Cupertino, CA 95014

Stuart L. Watt
Amgen Inc.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789

Wendy A. Whiteford
Amgen Inc
One Amgen Center Drive
Thousand Oaks, CA 91320-1789

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., <br><br> Plaintiff, <br><br> v. <br><br> F. HOFFMANN-LA ROCHE LTD., a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company and HOFFMANN LA ROCHE INC., a New Jersey Corporation, <br><br> Defendants. | Civil Action No.: 05-12237 WGY |

**AMGEN INC.'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-123)**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff/Counterdefendant Amgen Inc. ("Amgen") hereby responds to "Defendants' First Set of Requests for the Production of Documents and Things to Amgen, Inc. (Nos. 1-123)."

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: Amgen objects to this Request as being unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 114:**

All Documents and Electronic Data Concerning contracts, agreements, negotiations or discussions between Amgen and any third party, Including any Health Care Provider, concerning the purchase, manufacture, source or supply of any ESA product, Including requirements contracts, exclusive dealing arrangements, discounts, bundled discounts across product lines, rebates and/or pricing.

**RESPONSE:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this request: Amgen objects to this Request because, to the extent that it seeks, for example, production of "All Documents and Electronic Data Concerning contracts, agreements, negotiations or discussions between Amgen and any third party ... concerning the purchase, manufacture, source or supply of any ESA," it encompasses every contract, agreement, negotiation or discussion Amgen has ever had with a third party relating to the purchase, manufacture, source or supply of Epogen® and Aranesp®. It is thus extraordinarily over broad (e.g., Amgen enters into tens of thousands of agreements with third parties every year regarding Epogen® and Aranesp®), unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Amgen is prohibited from disclosing information concerning those agreements to third parties by the terms of those agreements. Amgen further objects to this Request as being overly broad and unduly burdensome because it is not bounded in time. Amgen is willing to negotiate with Defendants regarding narrowing this Request to a reasonable scope of documents relevant to a claim or defense in this action.

PUBLISHER, NYC 10013

# EXHIBIT B

UNITED STATES DISTRICT COURT
COURT    DISTRICT OF MASSACHUSETTS

COUNTY OF _____

Index No. 05 CV 12237 WGY

AMGEN INC.,

Plaintiff(s)

against

F. HOFFMANN-LA ROCHE LTD, ET AL.,

Defendant(s)

**AFFIDAVIT OF
SERVICE OF SUBPOENA
IN A CIVIL CASE**

STATE OF ~~NEW YORK~~ MASSACHUSETTS COUNTY OF MIDDLESEX   SS: The undersigned, being duly sworn, deposes and says: deponent is not a party herein, is over 18 years of age and resides at  WALTHAM, MASSACHUSETTS

That on  1/4/07   at  2:00P. M.. at  920 WINTER STREET, WALTHAM, MA 02451

deponent served the within subpoena on   FRESENIUS MEDICAL CARE NORTH AMERICA   witness therein named.

IN A CIVIL CASE

INDIVIDUAL
1. ☐   by delivering a true copy to said witness personally: deponent knew the person so served to be the witness described in said subpoena.

CORPORATION
2. ☒   a  DOMESTIC   corporation, by delivering thereat a true copy to  MALEIO ALLAN   personally. deponent knew said corporation so served to be the corporation witness and knew said individual to be  MANAGING AGENT   thereof.

SUITABLE AGE PERSON
3. ☐   by delivering thereat a true copy to   a person of suitable age and discretion. Said premises is witness'—actual place of business—dwelling place—usual place of abode—within the state.

AFFIXING TO DOOR, ETC.
4. ☐   by affixing a true copy to the door of said premises, which is witness'—actual place of business—dwelling place—usual place of abode—within the state. Deponent was unable, with due diligence to find witness or a person of suitable age and discretion thereat, having called there

MAILING TO RESIDENCE
USE WITH 3 OR 4
5A. ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to witness at witness' last known residence, at   and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

MAILING TO BUSINESS
USE WITH 3 OR 4
5B. ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to witness at witness' actual place of business, at   in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the witness.

DESCRIPTION
USE WITH 1,2, OR 3
☒

☐ Male       ☒ White Skin      ☐ Black Hair    ☐ White Hair    ☐ 14-20 Yrs.   ☐ Under 5'      ☐ Under 100 Lbs
☒ Female     ☐ Black Skin      ☐ Brown Hair    ☐ Balding       ☒ 21-35 Yrs.   ☐ 5'0"-5'3"     ☒ 100-130 Lbs.
             ☐ Yellow Skin     ☒ Blonde Hair   ☐ Mustache      ☐ 36-50 Yrs.   ☒ 5'4"-5'8"     ☐ 131-160 Lbs.
             ☐ Brown Skin      ☐ Gray Hair     ☐ Beard         ☐ 51-65 Yrs.   ☐ 5'9"-6'0"     ☐ 161-200 Lbs.
             ☐ Red Skin        ☐ Red Hair      ☐ Glasses       ☐ Over 65 Yrs. ☐ Over 6'       ☐ Over 200 Lbs.

Other identifying features:

At the time of said service, deponent paid (tendered) in advance $ NO FEE   the authorized traveling expenses and one day's witness f.

Sworn to before me on  JANUARY 4, 2007
IN AND FOR THE COMMONWEALTH OF MASSACHUSETTS

_Barbara A. Monty-Butler_
BARBARA A. MONTY-BUTLER  NOTARY PUBLIC
MY COMMISSION EXPIRES: 8/17/2012

_Paul L. Maillet_
PAUL L. MAILLET

License No. _____

| UNITED STATES DISTRICT COURT |
|:---:|
| DISTRICT OF MASSACHUSETTS |

| | |
|---|---|
| **AMGEN INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GmbH, and HOFFMANN-LA ROCHE INC.,**<br><br>Defendants. | SUBPOENA IN A CIVIL CASE<br><br>CIVIL ACTION NO. 05 CV 12237 WGY<br><br>PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS |

TO:

FRESENIUS MEDICAL CARE NORTH AMERICA
95 Hayden Ave. (Ledgemont Center)
Lexington, MA 02420-9192

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at your place of business, on the date and time specified below (list documents or objects):

**See Schedule A (attached)**

| PLACE<br>FRESENIUS MEDICAL CARE NORTH AMERICA, 95 Hayden Ave. (Ledgemont Center), Lexington, MA 02420-9192 | DATE AND TIME<br>January 16, 2007<br>10 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>_/s/_____, Attorney for Defendants | DATE<br>January 3, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Howard Suh, Kaye Scholer LLP, 425 Park Avenue, New York, NY 10022, (212) 836-7031

31391598.DOC

|  | PROOF OF SERVICE |  |
|---|---|---|
|  | DATE | PLACE |
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                   DATE                                                     SIGNATURE OF SERVER

                                                                            _____
                                                                            ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

These items will be inspected and may be copied at the time specified on the face of this subpoena. You will not be required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.

31391598.DOC

## SCHEDULE A

### Definitions and Instructions

1. The term "AMGEN" includes plaintiff Amgen, Inc. and its affiliate Kirin-Amgen, Inc. any predecessor company or companies, present and past divisions, subsidiaries, joint ventures, parent companies or other legal entities which are wholly or partially owned or controlled by Amgen, Inc. or Kirin-Amgen, Inc., and each of their respective present or former directors, officers, employees, agents, consultants, experts, representatives, and attorneys, as well as all other individuals or business entities in the employ of or otherwise acting or purporting to act on behalf of Amgen, Inc. or Kirin-Amgen, Inc.

2. The term "ROCHE" includes defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc., either individually or collectively, any predecessor company or companies, present and past divisions, subsidiaries, joint ventures, parent companies or other legal entities which are wholly or partially owned or controlled by Roche, and each of their respective present or former directors, officers, employees, agents, consultants, experts, representatives, and attorneys, as well as all other individuals or business entities in the employ of or otherwise acting or purporting to act on behalf of F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc..

3. The term "FRESENIUS" includes Fresenius Medical Care AG & Co. KGaA and its affiliate Fresenius Medical Care North America, any predecessor company or companies, present and past divisions, subsidiaries, joint ventures, parent companies or other legal entities which are wholly or partially owned or controlled by Fresenius Medical Care AG & Co. KGaA or Fresenius Medical Care North America, and each of their respective present or former directors,

officers, employees, agents, consultants, experts, representatives, and attorneys, as well as all other individuals or business entities in the employ of or otherwise acting or purporting to act on behalf of Fresenius Medical Care AG & Co. KGaA or Fresenius Medical Care North America.

4. The term "ORTHO" includes Ortho-Biotech Products, L.P. and its affiliates, Ortho-Biotech, Inc., Ortho-McNeil Pharmaceutical Corp., and Johnson and Johnson, any predecessor company or companies, present and past divisions, subsidiaries, joint ventures, parent companies or other legal entities which are wholly or partially owned or controlled by Ortho-Biotech Products, L.P., Ortho-Biotech, Inc., Ortho-McNeil Pharmaceutical Corp., or Johnson and Johnson, and each of their respective present or former directors, officers, employees, agents, consultants, experts, representatives, and attorneys, as well as all other individuals or business entities in the employ of or otherwise acting or purporting to act on behalf of Ortho-Biotech Products, L.P., Ortho-Biotech, Inc., Ortho-McNeil Pharmaceutical Corp., or Johnson and Johnson.

5. The term "AFFILIATE" means a person or entity that, directly or indirectly, through one or more intermediates, controls, is controlled by, or is under common control with the person or entity specified.

6. The term "DOCUMENT" is used in its customary and broad sense, and includes without limitation the broadest possible scope given in Fed. R. Civ. P. 34(a) and the Local Rules of this Court. Consistent with those rules, the term "DOCUMENT" includes but is not limited to electronic data. A draft or non-identical copy is a separate document within the meaning of the term.

7. The term "ELECTRONIC DATA" includes, but is not limited to, originals and all copies of electronic mail ("e-mail") and associated attachments or information, any and all

information contained in any form of retrievable storage medium, whether magnetic, optical or electronic.

8. The term "COMMUNICATION" is used in its broadest sense, and means any transmission of information from one person or entity to another through any means.

9. The term "PERSON" shall include but is not limited to, any natural person, business or corporation (whether for-profit or not-for-profit), firm, partnership, sole proprietorship, or other non-corporate business organization, or employee, agent or representative of the foregoing.

10. The term "CONCERNING" means relating to, referring to, describing, evidencing, constituting, or mentioning in any way.

11. The term "ESA" or "Erythropoiesis Stimulating Agent" means any substance, drug or pharmaceutical that is indicated for, capable of, or known to stimulate the production of red blood cells by bone marrow, including, but not limited to, Epogen®, Aranesp® and Procrit®.

12. The term "Amgen's EPO Patents" means the following patents and any foreign counterparts of any of them, considered individually, in groups of two or more, and collectively:

    a. United States Patent No. 4,703,008 issued October 27, 1987, to Fu-Kuen Lin entitled "DNA Sequences Encoding Erythropoietin" ("the '008 patent"), the application from which it issued United States Patent Application No. 06/675,298, and all related United States Patent Applications Including United States Patent Application Nos. 06/655,841; 06/582,185; and 06/561,024; and

    b. United States Patent No. 5,441,868 issued August 15, 1995, to Fu-Kuen Lin entitled "Production of Recombinant Erythropoietin" ("the '868 patent"), the application from which it issued United States Patent Application No. 07/113,179,

and all related United States Patent Applications Including United States Patent Application Nos. 06/675,298; 06/655,841; 06/582,185; and 06/561,024; and

c. United States Patent No. 5,547,933 issued August 20, 1996, to Fu-Kuen Lin entitled "Production of Erythropoietin" ("the '933 patent"), the application from which it issued United States Patent Application No. 08/487,774, and all related United States Patent Applications Including United States Patent Application Nos. 07/202,874; 07/113,179; 06/675,298; 06/655,841; 06/582,185; and 06/561,024; and

d. United States Patent No. 5,618,698 issued April 8, 1997, to Fu-Kuen Lin entitled "Production of Erythropoietin" ("the '698 patent"), the application from which it issued United States Patent Application No. 08/468,381, and all related United States Patent Applications Including United States Patent Application Nos. 07/113,179; 06/675,298; 06/655,841; 06/582,185; and 06/561,024; and

e. United States Patent No. 5,621,080 issued April 15, 1997, to Fu-Kuen Lin entitled "Production of Erythropoietin" ("the '080 patent"), the application from which it issued United States Patent Application No. 08/468,556, and all related United States Patent Applications Including United States Patent Application Nos. 07/202,874;  07/113,179; 06/675,298; 06/655,841; 06/582,185; and 06/561,024; and

f. United States Patent No. 5,756,349 issued May 26, 1998, to Fu-Kuen Lin entitled "Production of Erythropoietin" ("the '349 patent"), the application from which it issued United States Patent Application No. 08/468,369, and all related United

States Patent Applications Including United States Patent Application Nos. 07/113,179; 06/675,298; 06/655,841; 06/582,185; and 06/561,024; and

g. United States Patent No. 5,955,422 issued September 21, 1999, to Fu-Kuen Lin entitled "Production of Erythropoietin" ("the '422 patent"), the application from which it issued United States Patent Application No. 08/100,197, and all related United States Patent Applications Including United States Patent Application Nos. 07/957,073; 07/609,744; 07/113,179; 06/675,298; 06/655,841; 06/582,185; and 06/561,024.

13.  The term "CERA" means Continuous Erythropoiesis Receptor Activator, an ESA being developed by Roche for the treatment of anemia.

14.  As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively; the singular shall be deemed to refer to the plural and vice-versa; and any reference to the male gender shall include the female gender.

15.  The time period applicable to these requests is from January 1, 2003 until the present.

## Document Requests

1.  All Documents and Electronic Data concerning contracts, agreements, negotiations or discussions between Fresenius and Amgen related to Fresenius's purchase, or potential purchase, of any Amgen ESA product.

2.  All Documents and Electronic Data concerning discussions or negotiations with Amgen regarding a sole source contract, requirements contract, or any form of exclusive dealing arrangement or similar agreement, for the sale of ESA products, including Aranesp® and Epogen®.

3. All Documents and Electronic Data concerning contracts, agreements, negotiations or discussions between Fresenius and Ortho related to Fresenius's purchase, or potential purchase, of any Ortho ESA product.

4. All Documents and Electronic Data concerning or referencing any Roche ESA product, including internal documents referencing or concerning Fresenius's potential purchase of CERA, MIRCERA™ or any other ESA product that is currently being developed by Roche.

5. All Documents and Electronic Data concerning Fresenius's purchase, or potential purchase, of any ESA product other than a Roche ESA product, Epogen®, Aranesp® or Procrit®.

6. All Documents and Electronic Data concerning Fresenius's participation, or potential participation, in any type of clinical trial, clinical research, other study sponsored or conducted by or on behalf of Amgen.

7. All Documents and Electronic Data concerning Fresenius's share of the market for providing ESA products to patients with End-Stage Renal Disease (ESRD) or otherwise undergoing dialysis.

8. All Documents and Electronic Data concerning any communications between Amgen and Fresenius concerning Roche, CERA, MIRCERA™, or Amgen's EPO Patents.

9. All Documents and Electronic Data concerning the share of the market of any entity for the purchase or sale of ESA products, including estimates or projections of future market share.

10. All Documents and Electronic Data concerning competition to Fresenius in the treatment of patients with End Stage Renal Disease (that is, patients with kidney disease who

receive dialysis) and /or Chronic Kidney Disease (that is patients with kidney disease who do not receive dialysis), including information relating to competition in the future.

11.  All Documents and Electronic Data concerning Fresenius's share of the market for the use of ESA products to treat patients with End Stage Renal Disease (that is, patients with kidney disease who receive dialysis) and /or Chronic Kidney Disease (that is patients with kidney disease who do not receive dialysis), including estimates or projections of future market share.