JAN. 15. 2007  4:06PM  (3) FISH & RICHARDSON 6175428906  NO. 7455  P. 1

# FISH & RICHARDSON P.C.

**EXHIBIT C**

225 Franklin Street
Boston, Massachusetts
02110-2804

Telephone
617 542-5070

Facsimile
617 542-8906

Web Site
www.fr.com

| | |
|---|---|
| **Date** | January 15, 2007 |
| **To** | Howard Suh, Esq.<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, NY 10022<br>Telephone: (212) 836-8000 |
| **Facsimile number** | (212) 836-8689 |
| **From** | Mark J. Hebert, Esq. |
| **Re** | AMGEN V. ROCHE |
| **Number of pages including this page** | 5 |
| **Message** | |

NOTE: This facsimile is intended for the addressee only and may contain privileged or confidential information. If you have received this facsimile in error, please immediately call us collect at 617 542-5070 to arrange for its return. Thank you.

Dockets.Justia.com

# FISH & RICHARDSON P.C.

225 Franklin Street
Boston, Massachusetts
02110-2804

Telephone
617 542-5070

Facsimile
617 542-8906

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

## VIA FACSIMILE & FIRST CLASS MAIL

January 15, 2007

Howard Suh, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

Re:   *Amgen, Inc. v. F. Hoffmann-La Roche Ltd. et al.*
      Civil Action No. 05 CV 12237 WGY (D. Mass.)

Dear Mr. Suh:

We represent Fresenius Medical Care North America ("FMCNA") in connection with a subpoena that you served on FMCNA on or about January 4, 2007. FMCNA's objections to the matters set forth in Schedule A to the subpoena are as follows:

FMCNA objects to the definition of "AMGEN" as being overly broad, and vague and indefinite. FMCNA understands that of the various entities listed, only Amgen, Inc. is a party to the subject lawsuit, and will interpret the term "AMGEN" to refer to such corporation.

FMCNA objects to the definition of "ROCHE" as being overly broad, and vague and indefinite. FMCNA understands that of the various entities listed, only F. Hoffmann-La Roche Ltd., Roche Diagnostics GmbH, and Hoffmann-La Roche, Inc. are parties to the subject lawsuit, and will interpret the term "ROCHE" to refer to such corporations.

FMCNA objects to the definition of "FRESENIUS" as being overly broad, and vague and indefinite. FMCNA is the only entity that the subject subpoena was served upon, and FMCNA will accordingly interpret the term "FRESENIUS" to refer to FMCNA.

FMCNA objects to the term "ORTHO" as being overly broad, and vague and indefinite. FMCNA understands that of the various entities listed, only Ortho Biotech Products, L.P. filed an appearance in the subject lawsuit, and will interpret the term "ORTHO" to refer to such party.

FMCNA objects to the term "AFFILIATE" as being overly broad, and vague and indefinite. FMCNA also objects to the term "AFFILIATE" as unduly burdensome to the extent it would require FMCNA to undertake an investigation to determine whether a particular entity was being controlled or not with respect to any particular activity.

FISH & RICHARDSON P.C.

Howard Suh, Esq.
January 15, 2007
Page 2

FMCNA objects to the term "CONCERNING," particularly as it is applied in each of
the Requests, as being overly broad and unduly burdensome, and expanding the scope
of the Requests such that they do not seek the production of specific documents and
things that are identified and described with reasonable particularity.

FMCNA objects to the definition of the terms "ESA" and "Erythropoiesis Stimulating
Agent" as being overly broad, and vague and indefinite. FMCNA further objects to
the definition of these terms to the extent that it requires FMCNA to undertake any
investigation or analysis to determine whether a particular chemical fits within the
definition as unduly burdensome. FMCNA understands that the products identified in
the subject lawsuit are Epogen, Aranesp, Procrit, Cera and MirCera and will interpret
the term "ESA" to refer to such products.

FMCNA objects to the definition of the term "Amgen's EPO Patents" as being overly
broad, and vague and indefinite. FMCNA understands that the patents in suit in the
subject lawsuit are U.S. Patent Nos. 5,441,868, 5,547,933, 5,618,698, 5,621,080,
5,756,349, and 5,955,422 and will interpret the term "Amgen's EPO Patents" to refer
to such patents.

FMCNA objects to the Requests and the subpoena, in its entirety, as being premature
and not relevant to any claim or defense that is presently at issue in the subject
lawsuit. FMCNA understands and believes that Defendants served such Requests in
connection with their proposed antitrust counterclaims. FMCNA further understands
that such proposed counterclaims are subject to a pending motion to dismiss, that has
been taken under advisement by the Court in the lawsuit. Accordingly, FMCNA
believes that it is premature and inappropriate for Defendants to seek such discovery
from FMCNA, particularly given the burden of the Requests, until at least such time
that the Court has decided that it will allow Defendants to pursue such counterclaims.

FMCNA also objects to the Requests as being irrelevant to the extent they seek
production of documents and things that are not relevant to any claim or defense in
the present litigation.

FMCNA objects to the Requests as being overly broad and unduly burdensome to the
extent that they seek the production of documents or things that are already in the
possession of the Defendants or are available to Defendants from other, less
burdensome sources. FMCNA notes, for example, that Request Nos. 1, 2, 6, and 8
appear to be directed to documents that are in the possession of Amgen, who is the
plaintiff in the lawsuit, and it would be far less burdensome to FMCNA for
Defendants to seek such documents from Amgen.

FMCNA also objects to the Requests as being overly broad and unduly burdensome
to the extent they seek production of documents or things which are cumulative or

FISH & RICHARDSON P.C.

Howard Suh, Esq.
January 15, 2007
Page 3

duplicative of information that is already in the possession of Defendants or are
available to Defendants from other, less burdensome sources.

FMCNA objects to the Requests to the extent they seek production of confidential
and/or trade secret information, documents or things.

FMCNA objects to the Requests to the extent they seek production of documents or
things which are subject to any obligation of confidentiality to any other party.

FMCNA objects to the Requests to the extent they seek production of confidential
patient information, documents or things, and/or information which is subject to
HIPPA.

FMCNA objects to the Requests to the extent they seek production of documents or
things that are protected by the attorney-client privilege, the work product doctrine, or
any other applicable privilege.

FMCNA also objects to the Requests to the extent they are vague, indefinite,
ambiguous, and/or unintelligible.

FMCNA also objects to the Requests as being overly broad and unduly burdensome
in that they seek production of "all" documents "concerning" the listed broad
categories of information, and do not seek production of specific documents and
things that are identified and described with reasonable particularity.

FMCNA also objects to the Requests to the extent they seek production of documents
or things which are outside of its possession, custody, or control and/or pertain to
matters outside of its knowledge.

FMCNA also objects to the Requests as being overly broad and unduly burdensome
to the extent they seek production of documents or things that are in the public
domain because it is equally convenient for Defendants to obtain such documents or
things.

FMCNA also objects to the Requests as being overly broad, unduly burdensome, and
vague and indefinite to the extent that they seek production of documents or things
relating to market share and/or competition in any markets other than the specific
markets identified in Defendants' proposed antitrust counterclaims.

FMCNA further specifically objects to Request Nos. 4 and 6 as being overly broad
and unduly burdensome as they seek production of documents and things that are far
outside the scope of any matter that is potentially relevant to the issues in the lawsuit.

FISH & RICHARDSON P.C.

Howard Suh, Esq.
January 15, 2007
Page 4


FMCNA further objects to the deadline for production of documents and things as unduly burdensome and unreasonable, particularly given the broad scope of the Requests.

FMCNA also objects to the Requests to the extent they attempt to impose any obligations different from or in addition to those imposed by the Federal Rules of Civil Procedure or the Local Rules of the U.S. District Court for the District of Massachusetts.

Please give me a call if you have any questions or would like to discuss any of the foregoing.

Very truly yours,

Mark J. Hebert

MJH/amc

cc (by fax):  Fresenius Medical Care North America
              Lloyd R. Day, Jr., Esq

21533089.doc

**EXHIBIT D**

# KAYE SCHOLER LLP

1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067–6048
(310) 788–1000
Fax (310) 788–1200
www.kayescholer.com

Julian Brew
(310) 788–1147
Fax (310) 229–1947
jbrew@kayescholer.com

February 8, 2007

BY FACSIMILE

Mark J. Hebert, Esq.
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, Massachusetts 02110-2804

> Re:    Amgen, Inc. v. Hoffmann-La Roche Ltd., et al.
>         Civil Action No. 05 CV 12237 WGY (D. Mass.)

Dear Mark:

This letter confirms our conversation a few days ago concerning your objections to the subpoena served by our client Hoffman-La Roche Ltd. ("Roche") on your client Fresenius Medical Care North America ("Fresenius") in connection with the above-referenced lawsuit. During that call, I indicated that, in an effort to resolve the objections, Roche is willing to agree to narrow and limit the scope of the subpoena in several respects. This letter sets forth our proposed resolution. This confirms that Roche is willing to accept the following more limited categories of documents from January 1, 2003 to the present, in exchange for Fresenius's agreement to produced these categories of documents within a reasonable time period.

    1.  All contracts with Amgen (or any other ESA supplier, such as Ortho) relating to ESA products or clinical trials.  (My understanding is these are likely to be annual centralized contracts, production of which should not be burdensome.)

    2.  All written communications with Amgen (and documents reflecting oral communications with Amgen) on the following subjects:

            a.  Roche or its ESA products.

            b.  Negotiation of contracts with Amgen for ESA products.

            c.  Any exclusivity provisions in Amgen's contracts or other provisions restricting or penalizing purchase of ESA products from another supplier.

# KAYE SCHOLER LLP

Mark J. Hebert, Esq.
February 8, 2007
Page 2

       d.  Any discount or rebates under Amgen's contracts, including whether those discounts or rebates would be available if Fresenius purchased ESA products from another supplier or purchased less than specified amounts of ESA products from Amgen.

       3.  Documents sufficient to show (a) Fresenius's purchases of ESA products (volume, price, discounts and rebates), and (b) Fresenius's market share.

       4.  Documents concerning Fresenius's consideration of purchase of Roche's ESA products or other substitutes for Amgen's ESA products.

       5.  In lieu of other documents relating to the downstream market, we would agree to limit the various other requests to Fresenius's final business plans for the downstream market. (Note that these may contain the market share information requested above).

       Finally, we did not specifically discuss this, but Roche also needs documents relating to the importance of discounts on ESA purchases to its economics. This mainly falls within the other categories, but we may need to separately address this element, and I am open to discussion about the specific documents that would cover this.

       Please give me a call to discuss this proposal or any other suggested changes. We would propose that production begin on a rolling basis as soon as possible given the tight discovery schedule in this case.

       I look forward to hearing from you.

                      Sincerely,

                      Julian Brew

JB:dgc

23214248.DOC

**EXHIBIT E**

# KAYE SCHOLER LLP

1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067-6048
(310) 788-1000
Fax (310) 788-1200
www.kayescholer.com

Julian Brew
(310) 788-1147
Fax (310) 229-1947
jbrew@kayescholer.com

February 14, 2007

BY FACSIMILE

Mark J. Hebert, Esq.
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, Massachusetts 02110-2804

> Re:    Amgen, Inc. v. Hoffmann-La Roche Ltd., et al.
>          Civil Action No. 05 CV 12237 WGY (D. Mass.)

Dear Mark:

    I have called several times to follow up on our client's subpoena to Fresenius, but have not heard back from you. Our initial discussion suggested that we may be able to reach a resolution concerning the scope of the subpoena, but time is rapidly passing and the current schedule requires us either to reach a resolution that provides us with the documents we need from Fresenius, or bring a motion to compel. Please give me a call Thursday to discuss this matter and to respond to our proposed resolution. We continue to believe an amicable resolution is in everyone's interest, but if we cannot make significant progress this week, the schedule will give us little choice but to file a motion to compel compliance with the subpoena.

    I look forward to hearing from you.

Sincerely,

*Julian Brew*

Julian Brew

JB:dgc

23214575.DOC

NEW YORK    CHICAGO    LOS ANGELES    WASHINGTON, D.C.    WEST PALM BEACH    FRANKFURT    LONDON    SHANGHAI

**EXHIBIT F**

# KAYE SCHOLER LLP

1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067-6048
(310) 788-1000
Fax (310) 788-1200
www.kayescholer.com

Julian Brew
(310) 788-1147
Fax (310) 229-1947
jbrew@kayescholer.com

February 20, 2007

BY FACSIMILE

Mark J. Hebert, Esq.
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, Massachusetts 02110-2804

> Re:   Amgen, Inc. v. Hoffmann-La Roche Ltd., et al.
>       Civil Action No. 05 CV 12237 WGY (D. Mass.)

Dear Mark:

It is now almost the close of business in Los Angeles, and I still have not received a letter from you setting forth Fresenius's position on the subpoena. Nor have you in the weeks that have passed since the subpoena was served -- including the more than two weeks that passed between our initial conversation and your phone call Monday -- offered any proposal for production of any documents, or even a response to our written proposal to narrow the scope of the subpoena.

As I told you in our call yesterday, under the current discovery schedule, Roche cannot allow any more time to pass without either an agreement to produce documents that is acceptable to Roche or a motion to compel. Therefore, unless I receive from you a concrete proposal for production of documents by Fresenius by tomorrow, we will have no choice but to file a motion to compel. To be clear, this must be a proposal for production, not simply questions about our proposal.

If we are forced to bring a motion to compel, we reserve the right to seek documents beyond those in my latest proposal, which was made in an effort to compromise and avoid having to file a motion to compel. I look forward to receiving your proposal.

Sincerely,

Julian Brew

JB:dgc
23214920.DOC

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   LONDON   SHANGHAI

# FISH & RICHARDSON P.C.

**EXHIBIT G**

225 Franklin Street
Boston, Massachusetts
02110-2804

Telephone
617 542-5070

Facsimile
617 542-8906

Web Site
www.fr.com

Date     February 20, 2007

To       Julian Brew, Esq.
         Kaye Scholer LLP
         1999 Avenue of the Stars
         Suite 1700
         Los Angeles, CA 90067-6048
         Telephone: (310) 788-1000

Facsimile number   18196-00653531 / (310) 788-1200

From     Mark J. Hebert, Esq.

Re       *Amgen, Inc. v. Hoffmann-La Roche Ltd. et al.*
         Civil Action No. 05 CV 12237 WGY (D. Mass.)
         Our Ref.: 18196-006LL1

Number of pages     4
including this page

         Message

NOTE: This facsimile is intended for the addressee only and may contain privileged or confidential
information. If you have received this facsimile in error, please immediately call us collect at
617 542-5070 to arrange for its return. Thank you.

# FISH & RICHARDSON P.C.

225 Franklin Street
Boston, Massachusetts
02110-2804

Telephone
617 542-5070

Facsimile
617 542-8906

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

BY FACSIMILE

February 20, 2007

Julian Brew, Esq.
Kaye Scholer LLP
1999 Avenue of the Stars
Suite 1700
Los Angeles, CA 90067-6048

Re:   *Amgen, Inc. v. F. Hoffmann-La Roche Ltd. et al.*
      Civil Action No. 05 CV 12237 WGY (D. Mass.)



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Julian:

I am writing to follow up on our conversation of yesterday. During our conversation we discussed various ways to narrow the scope of the subpoena that Roche served on FMCNA. Based on that discussion, I understand that Roche is willing to narrow the subpoena to the following topics:

1.   Contracts:

   a.   Contracts for the supply of Epogen or Aranesp from Amgen to FMCNA since January 1, 2003;

   b.   Contracts for the supply of Procrit from Ortho/J&J to FMCNA since January 1, 2003 (if any); and

   c.   Documents relating to contracts between FMCNA and either Amgen or Ortho/J&J for clinical trials of Epogen, Aranesp or Procrit, since January 1, 2003, sufficient to show:

      i.   when the clinical trial took place;

      ii.   the number of patients involved; and

      iii.   whether the contract included any terms that would prevent FMCNA from conducting other clinical trials with thos patients.

2.   Written communications (and documents reflecting oral communications) between Amgen and FMCNA, since January 1, 2003, on the following subjects:

FISH & RICHARDSON P.C.

Julian Brew, Esq.
February 20, 2007
Page 2

       a.     Roche's Cera and MirCera products; and

       b.     Negotiations of the following terms (if any) in contracts for the supply of Epogen or Aranesp from Amgen to FMCNA:

           i.     price;

           ii.     any exclusivity provisions or other provisions restricting or penalizing FMCNA from purchasing ESA products from another supplier; and

           iii.     any discount or rebates, including whether such discounts or rebates would be impacted by either the volume of Epogen or Aranesp purchased by FMCNA from Amgen, or if FMCNA purchased ESA products from another supplier.

3.     Documents sufficient to show:

       a.     FMCNA's purchases since January 1, 2003 of Epogen or Aranesp from Amgen and of Procrit from Ortho/J&J, if any (volume, price, discounts and rebates); and

       b.     FMCNA's estimate of its share in the market for dialysis patients in the U.S. for each year since January 1, 2003, to the extent such estimates exist.

4.     Documents reflecting any consideration by FMCNA, since January 1, 2003, to purchase Cera or MirCera from Roche or Procrit from Ortho/J&J as substitutes for Amgen's Epogen or Aranesp products.

5.     The relevant portions (which are to be determined) of the final annual business plan for that portion of FMCNA relating to providing dialysis services, for each year since January 1, 2003, relating to the business of operating dialysis centers in the U.S.

6.     Any documents, since January 1, 2003, linking the discounts on purchases of Epogen or Aranesp from Amgen or Procrit from Ortho/J&J to medicare/medicaid reimbursements.

Please confirm that this list of topics is satisfactory to Roche. Once I hear back from you, I will determine whether these topics are sufficiently narrow to FMCNA.

FISH & RICHARDSON P.C.

Julian Brew, Esq.
February 20, 2007
Page 3

Finally, this will also confirm that you advised me that Roche is willing to agree to an amendment of the protective order so that certain of FMCNA's documents could receive a higher level of protection than that provided by the present protective order.

I look forward to your response.

Very truly yours,

Mark J. Hebert

MJH/amc

cc by fax:  Fresenius Medical Care North America

21563599.doc

**EXHIBIT H**

# KAYE SCHOLER LLP

1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067–6048
(310) 788–1000
Fax (310) 788–1200
www.kayescholer.com

Julian Brew
(310) 788–1147
Fax (310) 229–1947
jbrew@kayescholer.com

February 20, 2007

BY FACSIMILE

Mark J. Hebert, Esq.
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, Massachusetts 02110-2804

     Re:    Amgen, Inc. v. Hoffmann-La Roche Ltd., et al.
           Civil Action No. 05 CV 12237 WGY (D. Mass.)

Dear Mark:

     I am in receipt of your letter of today's date concerning the subpoena to Fresenius from Roche. Roche is agreeable to narrowing the subpoena as described in your letter, with the following caveats (related to the following numbered items in your letter):

     2. b.  I indicated that we would consider narrowing the negotiation documents to these categories. After consideration, this is acceptable, provided that this would include any documents that relate to the topics listed as i., ii., and iii. In other words, if there is a document that talks about the negotiations, and includes discussion of the long-term exclusivity, it would not be acceptable for Fresenius to redact all other portions of that document that talk about other provisions as part of the same discussion. If the document talks about exclusivity, the entire document is produced, unredacted (except, of course, for privileged material).

     (You should understand that we view this as a significant compromise given that the Court has already ordered Amgen to produce all documents relating to its contracts, and we would expect the same result if we bring a motion here. Therefore, this and the other proposals herein are made on the condition that Fresenius agrees to promptly begin production of all categories described in your letter (as clarified herein), and, if Fresenius does not agree, we reserve the right to move to compel as to the broader categories.)

     3. a.  This is acceptable, assuming, as we understand, that Fresenius did not purchase ESA products from other suppliers. You were going to confirm that is the case.

23214936.DOC

# KAYE SCHOLER LLP

Mark J. Hebert, Esq.
February 20, 2007
Page 2

3.b.  This is acceptable, provided that the business plans (under your number 5. include market share projections.  Otherwise, we would want projections separately.

4.  During our conversation, I clarified that "consideration" of these products would include documents evaluating their expected impact on the market, including prices.  (Also, as with 3.a. above, you were going to confirm that there were no other alternative products.)

6.  I think we are conceptually talking about the same thing, but I would word this differently:  We are looking for documents discussing the importance of discounts and rebates in light of the reimbursement levels.  So, I would word this as documents discussing the rebates or discounts in relation to medicare/medicaid reimbursements.

We are agreeable to providing a higher level of protection to certain types of documents -- e.g., agreeing that they will not be shown to in-house counsel -- but you need to let us know what those documents are and what will be produced.

As my letter earlier today indicated, depositions are going to begin very shortly, so we need to conclude an agreement and begin production promptly, or get our motion on file so we can get documents in time for depositions.  I assume you have already discussed my January 8 letter with your client.  Given the length of time that has now passed since that proposal, please get back to me by the close of business tomorrow with Fresenius's response on this further narrowing so we can determine how we have to proceed.

I look forward to hearing from you.

Sincerely,

Julian Brew

JB:dgc

23214936.DOC

**EXHIBIT I**

# KAYE SCHOLER LLP

1999 Avenue of the Stars, Suite 1700
Los Angeles, California  90067-6048
(310) 788-1000
Fax (310) 788-1200
www.kayescholer.com

Julian Brew
(310) 788-1147
Fax (310) 229-1947
jbrew@kayescholer.com

February 21, 2007

BY FACSIMILE

Mark J. Hebert, Esq.
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, Massachusetts  02110-2804

      Re:    Amgen, Inc. v. Hoffmann-La Roche Ltd., et al.
             Civil Action No. 05 CV 12237 WGY (D. Mass.)

Dear Mark:

      On further review of your letter of yesterday, I realized that you omitted a category that was specifically included in my February 8 letter and that Roche is not willing to exclude from the subpoena. Specifically, while we agreed to limit documents relating to "negotiations" for Amgen contracts to the specified provisions, we also specifically included a separate category calling for all documents regarding communications about the exclusivity or rebate provisions (not just negotiations for those provisions). To be completely clear, any agreement to narrow the subpoena must include those documents, not just "negotiations" documents.

      I look forward to hearing Fresenius's position on these matters.

                      Sincerely,

                      Julian Brew

JB:dgc

23214977.DOC

FEB. 21. 2007 10:05PM    (2)-FISH&RICHARDSON_6175428906    NO. 7786    P. 2/3

**EXHIBIT J**

## FISH & RICHARDSON P.C.

225 Franklin Street
Boston, Massachusetts
02110-2804

Telephone
617 542-5070

Facsimile
617 542-8906

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Via Facsimile

February 21, 2007

Julian Brew
Kaye Scholer LLP
1999 Avenue of the Stars
Suite 1700
Los Angeles, CA 90067-6048

**FR**

ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:    *Amgen, Inc. v. F. Hoffmann-La Roche Ltd. et al.*
        Civil Action No. 05 CV 12237 WGY (D. Mass.)

Dear Julian:

I believe we are very close to an agreement.

FMCNA is willing to produce documents in accordance with the scope as outlined in
my letter of February 20, 2007, and your letters of February 20 and 21, 2007, with the
following minor further clarification.

With respect to topic 2(b), we are conceptually in agreement with your request for the
entirety of documents relating to topics i, ii and iii. However, until we review these
documents, we must preserve our right to redact for lack of relevance. For example, I
can envision a document which discusses both the contract provisions that you are
interested in as well as the development of some new medical device. In such a case,
we would intend to redact the information about the new medical device that is
completely irrelevant to the issues in this lawsuit. This is a completely reasonable
position on our part. If you disagree, please give me a call so that we can talk this
through.

With respect to other products, it is my current understanding that there are no other
products. If I learn differently, I will let you know.

Finally, we request that Roche and Amgen work out an amendment to the protective
order which will allow FMCNA to produce certain documents at a level that excludes
in-house counsel. At the present time, the only documents we would expect to

FISH & RICHARDSON P.C.

Julian Brew
February 21, 2007
Page 2

produce at this higher level would be documents containing pricing information.
However, we may decide that we would want to include other particularly sensitive
information as the documents are collected for production.

Very truly yours,

Mark J. Hebert

MJH/jdb

cc by fax: Fresenius Medical Care North America

21566090.doc

**EXHIBIT K**

# KAYE SCHOLER LLP

1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067-6048
(310) 788-1000
Fax (310) 788-1200
www.kayescholer.com

Julian Brew
(310) 788-1147
Fax (310) 229-1947
jbrew@kayescholer.com

February 26, 2007

BY FACSIMILE

Mark J. Hebert, Esq.
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, Massachusetts 02110-2804

      Re:   Amgen, Inc. v. Hoffmann-La Roche Ltd., et al.
            Civil Action No. 05 CV 12237 WGY (D. Mass.)

Dear Mark:

I am in receipt of your letter of February 21, in which you confirmed Fresenius's agreement to produce documents in accordance with your letter of February 20 and my letters of February 20 and 21. Based on that agreement, we have not filed our motion to compel.

With respect to topic 2(b), we understand you are reserving the right to make certain limited redactions on relevance grounds. For the same reasons you state, we will reserve the right to revisit that issue if it appears the redactions are excessive, but, assuming you limit redactions to truly irrelevant material and it does not impede understanding of a particular document produced in response to topic 2(b).

On confidentiality, this will confirm Roche's agreement that you may designate certain highly sensitive documents as "Highly Confidential," and we will accord them that treatment under the Protective Order. I believe the Protective Order already provides that such documents cannot be shown to in-house counsel, but let me know if I am mistaken. I do not believe this is an issue that needs to involve Amgen, because the types of documents you are talking about (pricing information) would not be confidential as to Amgen.

For that reason, I do not believe an amendment to the Protective Order is necessary, and would respectfully suggest that seeking such an amendment runs the risk that the Court rules that heightened protection is not appropriate for the documents you identify. Conversely, our agreement to respect the "Highly Confidential" designation protects you. If you still want to submit something to the Court, that is fine, but it should not hold up production of documents, which we will afford the added protection pending entry of any amendment.

23215319.DOC

# KAYE SCHOLER LLP

Mark J. Hebert, Esq.
February 26, 2007
Page 2

Finally, with respect to the Business Plans, it is difficult to identify specific sections without seeing the plans, so we must reserve the right to revisit this with you, but, for the time-being, I propose that production include portions of the plans addressing the following subjects: sections discussing ESAs (including purchases, current or projected need, current or projected average sales price under various different contracting scenarios, reimbursements from private or public sources, potential new entrants, substitutes, etc.), government reimbursements generally, current and projected market share, and current and projected cost recovery.

The only remaining issue is timing. Because depositions are likely to start next week, it is critical that we begin receiving responsive documents on a rolling basis during this week. I understand that it may take longer to locate all responsive documents, especially on topics 2 and 4, but those also will need to be produced rapidly.

Please let me know when we can expect production to begin.

Sincerely,

Julian Brew

JB:dgc

**EXHIBIT L**

# KAYE SCHOLER LLP

1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067-6048
(310) 788-1000
Fax (310) 788-1200
www.kayescholer.com

Julian Brew
(310) 788-1147
Fax (310) 229-1947
jbrew@kayescholer.com

March 2, 2007

BY FACSIMILE

Mark J. Hebert, Esq.
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, Massachusetts 02110-2804

      Re:    Amgen, Inc. v. Hoffmann-La Roche Ltd., et al.
             Civil Action No. 05 CV 12237 WGY (D. Mass.)

Dear Mark:

      This letter is in response to your request that Amgen have additional time to produce certain Fresenius documents Amgen has sent you that Amgen has been ordered to produce by this Friday, March 2, 2007, in connection with the above action.

      We understand that, notwithstanding the Court's Order for production, Amgen sent these documents to Fresenius to review for unspecified confidential Fresenius material. You agree that Fresenius does not and will not object to Amgen producing of any of the categories of documents Fresenius has agreed to produce in response to Roche's subpoena to Fresenius, as confirmed in my last letter to you, but Fresenius does not know what else is included and may assert a right to object to production of some other material. You also told us that, despite your repeated requests to Amgen to send you these documents earlier, Amgen did not send them until yesterday, and that you still do not know what is included in them.

      At the outset, let me make clear that it is our position that Amgen is under a Court order to produce documents related to the Fresenius contract, among others. Any further delay in production is highly prejudicial to Roche given the current discovery schedule, and it is simply unfair that Roche be prejudiced by Amgen's delay. Furthermore, we do not agree that there is a basis for Fresenius to object to Amgen's compliance with the Court's Order, nor should anything herein suggest or concede that Amgen can refuse to produce any documents. That said, you have requested a professional courtesy, and we are prepared to do the following:

      1.     We will extend to next Wednesday, March 7, the time for Amgen to produce only those documents that were sent to Fresenius yesterday. It is our position that Amgen must have

23215631.DOC

# KAYE SCHOLER LLP

Mark J. Hebert, Esq.
March 2, 2007
Page 2

completed production of those documents by the close of business that day. We do not agree to
any extension to Amgen's obligation to produce by tomorrow responsive documents related to
Fresenius that were not sent to Fresenius for review.

      2.    Amgen will begin producing documents on a rolling basis starting Monday, with
a good faith effort to produce at least a third of them each day.

      3.    Amgen will produce at a minimum the complete Fresenius contract (including all
addenda, etc.) on Monday, March 5. I note that you have already agreed to production of that
document also by Fresenius, so that should not be an issue at all.

      4.    Because this process will delay Roche receiving relevant Fresenius documents
from even Amgen, Fresenius will also complete production of its own documents in response to
the Roche subpoena by the close of business next Friday, March 9, 2007, as narrowed by our
agreement reflected in our recent correspondence.

Please let me know tomorrow whether Fresenius agrees to these conditions. Please also
understand that, if Fresenius does not intend to complete its production of documents within this
time frame, we will have no choice but to bring an emergency motion to compel immediate
compliance with the Roche subpoena served more than a month ago.

I look forward to hearing from you.

Sincerely,

Julian Brew

JB:dgc

cc: Deborah Fishman, Esq.
    Krista Carter, Esq.
    (counsel for Amgen. Inc.)

23215631.DOC

**EXHIBIT M**

| | | |
|---|---|---|
| **Julian Brew/LA/US/KSFHH** | To | "Mark Hebert" <Hebert@fr.com> |
| 03/02/2007 12:46 PM | cc | "Mark Hebert" <Hebert@fr.com>; mmayell@kayescholer.com |
| | bcc | |
| | Subject | Re: Amgen/Roche Litigation |

Mark --

I am not sure which of the conditions you find unacceptable. The only one you mentioned on our call was the date for Fresenius to produce its documents in response to Roche's subpoena.

We have briefly reviewed your motion, and note that you still do not provide a date for that production to be completed. Perhaps you could tell me when Fresenius intends to complete its production -- or even begin its production -- pursuant to our agreement. Otherwise, in our response to your motion, we will also have no choice but to ask the Court to also order Fresenius to comply with its agreements and produce its own documents by the end of next week.

Mark, while I do not live in Boston, I practice law with courtesy and respect. But courtesy is a two way street. And I do not think that courtesy is reflected in your repeated failures to respond to meet and confer efforts on our subpoena, nor is it reflected in your current refusal to even state when Fresenius intends to produce documents it has agreed to produce in response to a subpoena that was served on Fresenius nearly two months ago.

As always, I can be reached at the number below and look forward to hearing from you.

Julian Brew
Kaye Scholer LLP
Phone: (310) 788-1147
Fax: (310) 229-1947
"Mark Hebert" <Hebert@fr.com>



| | | |
|---|---|---|
| **"Mark Hebert"** **<Hebert@fr.com>** | To | <jbrew@kayescholer.com> |
| 03/02/2007 12:28 PM | cc | <mmayell@kayescholer.com>; "Mark Hebert" <Hebert@fr.com> |
| | Subject | Re: Amgen/Roche Litigation |

```
Julian - Unfortunately, we have no choice but to file a motion for protective
order to protect fresenius' rights.  I told you yesterday that we would likely
have to that .  The conditions you have raised are simply impossible.

As you know, I needed to be in federal court in NJ today, and I asked you for
the courtesy of giving us a one day extension of time until Monday to file our
motion, but this you refused to do.  Thus, we have no choice but to file our
motion today.

Frankly, I do not know why you refused this simple courtesy, but
Please be advised that this is simply not the way we practice law in Boston. -
Mark
-------------------------
Sent from my BlackBerry Wireless Device
```

----- Original Message -----
From: jbrew@kayescholer.com <jbrew@kayescholer.com>
To: Mark Hebert
Cc: mmayell@kayescholer.com <mmayell@kayescholer.com>
Sent: Thu Mar 01 18:30:12 2007
Subject: Amgen/Roche Litigation

Mark: Per your request, I am including in the text of this e-mail the text of
a letter I am faxing you this afternoon. I am available to discuss at your
earliest convenience.


Mark J. Hebert, Esq.
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, Massachusetts 02110-2804

                         Re: Amgen, Inc. v. Hoffmann-La Roche Ltd., et al.
                         Civil Action No. 05 CV 12237 WGY (D. Mass.)

Dear Mark:

This letter is in response to your request that Amgen have additional time to
produce certain Fresenius documents Amgen has sent you that Amgen has been
ordered to produce by this Friday, March 2, 2007, in connection with the above
action.

We understand that, notwithstanding the Court's Order for production, Amgen
sent these documents to Fresenius to review for unspecified confidential
Fresenius material. You agree that Fresenius does not and will not object to
Amgen producing of any of the categories of documents Fresenius has agreed to
produce in response to Roche's subpoena to Fresenius, as confirmed in my last
letter to you, but Fresenius does not know what else is included and may
assert a right to object to production of some other material. You also told
us that, despite your repeated requests to Amgen to send you these documents
earlier, Amgen did not send them until yesterday, and that you still do not
know what is included in them.

At the outset, let me make clear that it is our position that Amgen is under a
Court order to produce documents related to the Fresenius contract, among
others. Any further delay in production is highly prejudicial to Roche given
the current discovery schedule, and it is simply unfair that Roche be
prejudiced by Amgen's delay., Furthermore, we do not agree that there is a
basis for Fresenius to object to Amgen's compliance with the Court's Order,
nor should anything herein suggest or concede that Amgen can refuse to produce
any documents. That said, you have requested a professional courtesy, and we
are prepared to do the following:

1. We will extend to next Wednesday, March 7, the time for Amgen to produce
only those documents that were sent to Fresenius yesterday. It is our position
that Amgen must have completed production of those documents by the close of
business that day. We do not agree to any extension to Amgen's obligation to
produce by tomorrow responsive documents related to Fresenius that were not
sent to Fresenius for review.

2. Amgen will begin producing documents on a rolling basis starting Monday,
with a good faith effort to produce at least a third of them each day.

3. Amgen will produce at a minimum the complete Fresenius contract (including
all addenda, etc.) on Monday, March 5. I note that you have already agreed to
production of that document also by Fresenius, so that should not be an issue
at all.

4. Because this process will delay Roche receiving relevant Fresenius
documents from even Amgen, Fresenius will also complete production of its own
documents in response to the Roche subpoena by the close of business next
Friday, March 9, 2007, as narrowed by our agreement reflected in our recent
correspondence.

Please let me know tomorrow whether Fresenius agrees to these conditions.
Please also understand that, if Fresenius does not intend to complete its
production of documents within this time frame, we will have no choice but to
bring an emergency motion to compel immediate compliance with the Roche
subpoena served more than a month ago.

I look forward to hearing from you.


Sincerely,



                                              Julian Brew


JB:dgc


cc: Deborah Fishman, Esq.
Krista Carter, Esq.
(counsel for Amgen. Inc.)

Julian Brew
Kaye Scholer LLP
Phone: (310) 788-1147
Fax: (310) 229-1947
                                  *    *    *    *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department
regulations, we inform you that any U.S. federal tax advice contained in this
correspondence (including any attachments) is not intended or written to be
used, and cannot be used for the purpose of (i) avoiding penalties that may be
imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any transaction or matter addressed herein.

***************************************************************************
************************************************

This email message is for the sole use of the intended recipient(s) and may
contain confidential and privileged information. Any unauthorized use or
disclosure is prohibited. If you are not the intended recipient, please
contact the sender by reply email and destroy all copies of the original
message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this
communication (including any attachments) is not intended or written to be

used, and cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending to another
party any transaction or matter addressed herein.

*********************************************************************************
**************************************************