EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>)<br>F. HOFFMANN-LAROCHE )<br>LTD., a Swiss Company, ROCHE )<br>DIAGNOSTICS GmbH, a German )<br>Company and HOFFMANN LAROCHE )<br>INC., a New Jersey Corporation, )<br>)<br>Defendants. )<br>) | Civil Action No.: 05-12237 WGY |

## PLAINTIFF AMGEN INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS (NOS. 1-15)

Plaintiff Amgen Inc. ("Amgen"), pursuant to Fed. R. Civ. P. 33 and L.R. 33.1, requests that Defendants Roche Holding Ltd., F. Hoffmann-La Roche Ltd., Roche Diagnostics GmbH, and Hoffmann La Roche Inc. answer the following interrogatories fully and separately under oath, pursuant to Fed. R. Civ. P. 33(a)(1), and where applicable, produce and make available for inspection and copying each of the documents and things specified below at the offices of Amgen's counsel, in accordance with the Definitions and Instructions set forth below.

### DEFINITIONS

Amgen incorporates by reference the Definitions set forth in Amgen's October 30, 2006 First Set of Requests for Production of Documents and Things.

### INSTRUCTIONS

1.  If Roche contends that any of the following interrogatories is objectionable in whole or in part, Roche shall state with particularity each objection, the basis for it, and the

510936_1                                    1

(c)     each document (excluding only patient-specific information) recording or reflecting any communication, agreement, or understanding between each such individual or entity and Roche or its agents or attorneys regarding such use; and

(d)     each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory including the nature and substance of each such person's knowledge or information; and

(e)     the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory, stating the nature and substance of each such person's knowledge or information.

**INTERROGATORY NO. 9**

Separately, in claim chart form for each claim of Amgen's patents-in-suit that you contend in your Fifth and Sixth Affirmative Defenses or Tenth Counterclaim is invalid, identify:

(a)     on a limitation-by-limitation basis, the legal and factual grounds on which you contend that such claim is invalid;

(b)     the level of skill of a person having ordinary skill in the art to which the subject matter of the patents-in-suit pertains at the time of the claimed inventions;

(c)     all evidence on which you rely in support of each contention, including all documents, testimony, prior knowledge, or public uses tending to support your contention(s), every test, experiment, and/or data upon which you rely in support of each contention that a claim is invalid;

(d)     each person, other than counsel, who furnished information or was consulted regarding Roche's response to this interrogatory including the nature and substance of each such person's knowledge or information; and

(e)     the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory, stating the nature and substance of each such person's knowledge or information.

**INTERROGATORY NO. 10**

Separately, in claim chart form for each claim of Amgen's patents-in-suit that you contend is invalid under 35 U.S.C. § 102, identify and describe on a limitation-by-limitation basis for each claim:

(a)     where, on a limitation-by-limitation basis, you contend each claim limitation is disclosed in the prior art;

(b)     how each such limitation is disclosed in the prior art, including specific references to pages, claims, columns and/or line numbers (if applicable) in each document supporting such contention;

(c)     all evidence on which you rely in support of each contention, including all documents, testimony, prior knowledge, or public uses tending to support your contention(s), and every test, experiment, and/or data upon which you rely in support of each contention that a claim is invalid;

(d)     each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory including the nature and substance of each such person's knowledge or information; and

(e)     the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory, stating the nature and substance of each such person's knowledge or information.

## INTERROGATORY NO. 11

Separately, in claim chart form for each claim of Amgen's patents-in-suit that you contend is invalid under 35 U.S.C. § 103 or for double patenting, identify and describe for each claim and for each asserted defense:

(a) where, on a limitation-by-limitation basis, you contend each claim limitation is found or disclosed in the prior art or earlier Lin patent claims;

(b) why the claim would have been obvious, including where the motivation to combine prior art disclosures or earlier Lin patent claims may be found;

(c) why 35 U.S.C. § 121 does not bar the application of the doctrine of obviousness-type double patenting;

(d) all evidence on which you rely in support of each contention, including all documents, testimony, prior knowledge, or public uses tending to support your contention(s), every test, experiment or data upon which you rely to support your contention(s);

(e) each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory including the nature and substance of each such person's knowledge or information; and

(f) the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory, stating the nature and substance of each such person's knowledge or information.

## INTERROGATORY NO. 12

Separately, for each patent-in-suit that you contend in your Second and Eighth Affirmative Defenses is unenforceable due to patent misuse or unclean hands, specifically describe separately as to each patent:

Respectfully submitted,

AMGEN INC.,
By its attorneys,

*/s/ Patricia R. Rich*

D. DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R. GOTTFRIED (BBO#542156)
PATRICIA R. RICH (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
Telephone:   (617) 289-9200
Facsimile:    (617) 289-9201

Of Counsel:

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
MARYSUSAN HOWARD
KIMBERLIN L. MORLEY
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA   91320-1789
(805) 447-5000

LLOYD R. DAY, JR.
DAVID M. MADRID
LINDA A. SASAKI-BAXLEY
DEBORAH E. FISHMAN
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA  95014
Telephone:   (408) 873-0110
Facsimile:    (408) 873-0220

WILLIAM GAEDE III
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:   (650) 813-5000
Facsimile:    (650) 813-5100

MICHAEL F. BORUN
KEVIN M. FLOWERS
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:   (312) 474-6300
Facsimile:    (312) 474-0448

December 11, 2006

## CERTIFICATE OF SERVICE

I, Patricia R. Rich, hereby certify that I have served a copy of the foregoing document on counsel of record listed below, this 11th day of December, 2006, as follows:

**VIA OVERNIGHT MAIL TO:**

Leora Ben-Ami, Esquire
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

**VIA HAND-DELIVERY TO:**

Keith E. Toms, Esquire
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA 02110

_/s/ Patricia R. Rich_
Patricia R. Rich

510936_1                                15