EXHIBIT 3

DAY CASEBEER
MADRID & BATCHELDER LLP

20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

Deborah E. Fishman
(408) 342-4587
dfishman@daycasebeer.com

January 17, 2007

VIA EMAIL & FACSIMILE

Pat Carson, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Re:  *Amgen Inc. v. F. Hoffmann LaRoche Ltd., et al. (05-CV-12237WGY)*

Dear Pat:

I write regarding Roche's Responses and Objections to Amgen's First Set of Interrogatories (Nos. 1-15). Even upon initial review, it is clear that your responses fail to meet the standard required by Fed. R. Civ. Pro. 33 that each interrogatory be answered "separately and fully" and, to the extent objected to, the objecting party shall answer to the extent the interrogatory is not objectionable. While the deficiencies in Roche's Responses are legion, I have highlighted a few of our concerns below.

### *Incomplete and Partial Responses*

Throughout its Responses to Amgen's First Set of Interrogatories, Roche fails to provide any response whatsoever to certain of Amgen's requests. For instance, Amgen's Interrogatories Nos. 2 and 3 ask Roche to provide the basis for its non-infringement contentions for the patents-in-suit including identifying individuals (other than counsel) who provided information for each response and, additionally, individuals who are knowledgeable about the subject matter of the interrogatories. By its response, Roche simply ignores these requests and fails to identify any individuals with knowledge in response to either interrogatory.

Likewise, Roche ignores Amgen's instructions in its Interrogatories Nos. 1-3, 9-11 and 14-15 to provide a claim chart setting forth its contentions on a limitation-by-limitation basis. Instead, Roche provides only partial and incomplete responses as described more fully below. At the same time, Roche offers no objection that might explain its numerous omissions. Under F.R.C.P. 33, then, Roche is required to provide a complete answer to Amgen's interrogatories.

511348_1

**DAY CASEBEER**
**MADRID & BATCHELDER LLP**

Pat Carson
January 17, 2007
Page 2

### *Claim Construction and Infringement*

In addition to the general incompleteness of Roche's responses, your response to Amgen's Interrogatory No. 1 is woefully inadequate. Amgen's Interrogatory No. 1 asks Roche to provide its proposed claim construction on a limitation-by-limitation basis for each claim of Amgen's patents-in-suit that Roche contends (in both its Third Affirmative Defense and Eleventh Counterclaim) is not being and will not be infringed by Mircera. In response, Roche fails to address each of the limitations of Amgen's asserted patents-in-suit, notwithstanding Roche's allegation in its Eleventh Counterclaim that none of the claims of any of the asserted patents-in-suit are infringed.

Instead, Roche states in its responses that "in light of the fact that Amgen only notified Defendants two days ago that it would be asserting additional claims (claims 7 and 8 of the '933 Patent), Defendants have not addressed these claims in their response to this interrogatory" notwithstanding the fact that more than two months ago – in Defendants' Answer and Counterclaims – Roche asserted that it did not infringe any claim of any of the asserted patents-in-suit. Assuming that Roche had information and belief on which to file its Answer, Roche should be able to promptly supplement its Interrogatory Responses to provide fulsome answers with respect to Claims 7 and 8 of the '933 Patent.

For those claims that Roche does address, it fails to proffer a construction for each limitation of each claim and likewise fails to identify the evidence it intends to rely on to support its proposed construction – let alone all of the evidence on which it will rely. In fact, Roche's response provides proposed constructions for only six claim terms and fails to include proposed constructions for the very claim limitations that form the basis for its non-infringement contentions as set forth in response to Amgen's Interrogatory No. 2. For example, in response to Amgen's Interrogatory No. 2, Roche states that its Mircera product does not infringe the claim of the '868 or '698 patents-in-suit because Mircera is not a "glycosylated erythropoietin polypeptide," however, Roche fails to provide any construction for this term in its response to Interrogatory No. 1. The same is true with respect to the claim limitations "glycoprotein product of the expression in a mammalian host cell" ('933 Patent), non-naturally occurring erythropoietin glycoprotein" ('080 Patent), and "pharmaceutical composition comprising a therapeutically effective amount of human erythropoietin" ('422 Patent).

How can Roche contend that Mircera does not infringe if it does not know what these claim terms mean? Roche cannot have it both ways. If Roche contends that these claim terms provide a basis for a non-infringement argument, it must supplement its responses to Amgen's Interrogatory No. 1 to set forth the definition of the claim that it uses to arrive at that result. Please supplement your responses to Amgen's Interrogatories Nos. 1 and 2 to provide, as

DAY CASEBEER
MADRID & BATCHELDER LLP

Pat Carson
January 17, 2007
Page 3

requested, a proposed construction for each limitation of each claim of Amgen's patents-in-suit that you contend is not infringed.

Likewise, Amgen's Interrogatories Nos. 7 and 8 seek information about Roche's supply of peg-EPO (including Mircera) as well as the use to which such peg-EPO has been put within the United States. In its response, Roche suggests that the Court already ruled on the relevance of the requested information in denying Amgen's motion to compel production of document requests seeking similar information. Roche's objection is revisionist in nature since the Court ordered Roche to produce documents responsive to Amgen's Requests for Production Nos. 137-138 and 158-160. In particular, the Court ordered Roche to produce documents responsive to Amgen's RFP 160:

> **Amgen's Request for Production No. 160**: Documents and things sufficient to show all locations throughout the world at which Roche maintains any inventory of peg-EPO and the must current stock levels of peg-EPO (including MIRCERA) at each location by vial or syringe size and quantity.

This Request for Production, specifically ordered by the Court, is substantially related to the subject matter of Amgen's Interrogatory No. 7. Thus, Roche's suggestion that Interrogatories Nos. 7 and 8 have been found to be irrelevant is simply misleading.

Moreover, Roche's blanket reliance on all of its interrogatory responses in the related ITC proceeding – many of which sought information other than stockpiling and use in the United States – does not satisfy the requirement of Rule 33 to make a good faith effort to provide fulsome responses to Amgen's Interrogatories in this case. Roche's reliance on its ITC responses is particularly troubling where Amgen notified Roche on multiple occasions in that proceeding about the myriad deficiencies in its responses and even filed a motion to compel more fulsome responses. (5/31/06 D. Fishman to K. Stevens; 6/8/06 M. Moore to H. Suh; 6/6/06 Amgen's Motion to Compel Responses and Production; 6/27/06 Amgen's Renewed Motion to Compel Responses and Production). Finally, even if Roche's responses in the ITC proceeding were not inherently flawed, those responses have not been updated since June of 2006 and as such, they are stale and fail to fully respond to Amgen's Interrogatories 7 and 8 that seek information up through the date of Roche's response and impose a continuing obligation to update and supplement such responses (See Amgen's Instruction No. 6).

*Invalidity Interrogatories*

Roche's response to Amgen's Interrogatories Nos. 9-11, seeking the bases for Roche's invalidity contentions, is likewise deficient. In response to Interrogatory No. 9, Roche failed to provide a

511195_1

DAY CASEBEER
MADRID & BATCHELDER LLP

Pat Carson
January 17, 2007
Page 4

claim chart or identify on a limitation-by-limitation basis the legal and factual grounds for its invalidity contentions and utterly failed to detail the legal and factual grounds and all supporting evidence underlying Roche's invalidity contentions as requested by the interrogatory.

As a specific example of Roche's failure, Roche alleges invalidity based on double patenting but fails to (1) identify any claim it contends renders the asserted claims invalid for obviousness-type double patenting; (2) state which of the asserted claims, if any, Roche contends are invalid for same invention double patenting, and provide the bases for such a contention; and (3) identify any basis or support for its contention that § 121 does not apply to continuation applications.

As a further example of Roche's failure to respond, Roche's contentions concerning its allegations of obviousness are also wholly deficient. In answering Amgen's interrogatories, Roche only provides references it states *may* constitute prior art, and as such it has not provided Amgen with its factual bases for its contentions of obviousness, including the specific combinations of references it alleges would render obvious particular claims, any motivation to combine such references, and any bases for a reasonable expectation of success in practicing such combination.

Roche has also failed to identify the level of skill of an ordinarily skilled artisan at the time of the claimed inventions as requested in Interrogatory 9. In addition, Roche failed to identify the three individuals most knowledgeable about the subject matter of the response and also failed to identify the individuals who were consulted about Roche's response to the interrogatory.

The prejudice to Amgen resulting from Roche's deficient response is compounded by the fact that Roche relies on its response to Interrogatory No. 9 to constitute its Response to Interrogatories Nos. 10 and 11. Not surprisingly, then, Roche's responses to Interrogatories Nos. 10 and 11 contain the same deficiencies as Roche's response to Interrogatory No. 9, plus the added deficiencies that Roche fails to address various subparts unique to each of Interrogatory No. 10 and 11.

Roche's response to Amgen's Interrogatory 12 merely points generally to its [Proposed] First Amended Answer and Counterclaims. The cited paragraphs provide no statement regarding Roche's allegation beyond a recitation of unclean hands as an affirmative defense. As such, Roche's response fails to provide any further elaboration of legal and factual grounds and all supporting evidence requested by the interrogatory.

Similarly, Roche puts forth no particular legal or factual grounds nor any evidence in response to Amgen's Interrogatory 15, providing instead only general statements that Amgen unreasonably delayed prosecution of its patents by filing continuations.

511195_1

DAY CASEBEER
MADRID & BATCHELDER LLP

Pat Carson
January 17, 2007
Page 5

Roche's refusal to provide detailed responses is particularly egregious on these issues where Roche has the burden of proof. It is impossible for Amgen to formulate its response to Roche's interrogatories before Roche has provided detailed contentions on its affirmative defenses and counterclaims.

### *Injunction*

Roche's response to Interrogatory No. 13 is also insufficient. Rather than providing "all legal and factual grounds" on which Roche contends that injunction would be contrary to public health and welfare (as alleged in Roche's Ninth Affirmative Defense), Roche provided on a single alleged advantage – less frequent dosing. Roche also fails to identify a single individual that was consulted in preparing this response and likewise fails to identify the three individuals most knowledgeable on the subject as requested in this Interrogatory. Finally, rather than identifying all evidence on which Roche intends to, it provides instead only the vacuous empty that "Roche will rely on documentary and testimonial evidence produced…during the course of fact discovery and at trial to support its Ninth Affirmative Defense." On its face, this does not appear to be a good faith effort to provide a fulsome response to Amgen's Interrogatory No. 13.

Please let me know immediately whether Roche will supplement its responses to Amgen's First Set of Interrogatories. I am available to discuss Roche's responses and the deficiencies therein this week at your earliest convenience.

Very truly yours,

DAY CASEBEER
MADRID & BATCHELDER LLP

*Deborah Fishman* /rlp

Deborah E. Fishman

DEF:rlp

cc:  Howard Suh
     Thomas F. Fleming
     Michele Moreland
     Mark Israelewicz

511195_1