EXHIBIT 5

Dockets.Justia.com

# DAY CASEBEER
## MADRID & BATCHELDER LLP

20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

Deborah E. Fishman
(408) 342-4587
dfishman@daycasebeer.com

February 14, 2007

VIA EMAIL & FACSIMILE

Thomas F. Fleming
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

**Re:** *Amgen Inc. v. F. Hoffmann LaRoche Ltd., et al. (05-CV-12237WGY)*

Dear Tom:

I write to address a number of serious deficiencies in Roche's Supplemental Interrogatory
Responses, served on Amgen Saturday, February 10, and to request an immediate meet and confer
on Roche's responses for later this week. As you know, I wrote to Ms. Carson, your colleague, on
January 19, 2007 providing a detailed list of the deficiencies in Roche's interrogatory responses.
Then, on January 25, we discussed those deficiencies and you agreed that Roche would provide
supplemental responses to address a number of Amgen's concerns. Nonetheless, having reviewed
Roche's Supplemental Responses, they remain riddled with problems despite Roche's
supplementation. These myriad deficiencies are identified in detail in the accompanying Appendix
A-1. I highlight for your attention below a few of the most concerning and prejudicial deficiencies
in order to have a meaningful discussion in an attempt to resolve or narrow these issues later this
week.

## Interrogatory No. 1:

More than two weeks ago, I requested that Roche supplement its response to this interrogatory by
setting forth its proposed construction for each limitation of each asserted claim as called for by
Amgen's Interrogatory No. 1. You agreed that Roche would supplement its response. While
Roche's supplemental response now identifies 42 claim terms that Roche contends require
construction, Roche fails to provide a proposed construction for each of those terms. In fact, as we
had previously discussed, Roche failed to provide a proposed construction even for the claim terms
that form the basis of its non-infringement contentions in response to Amgen's Interrogatory No. 2.
Notably, you had agreed to supplement Roche's response to Interrogatory No. 1 to provide this
information, but failed to do so. Instead, Roche states in its supplemental response that its proposed
claim constructions will be revealed in its *Markman* brief.

DAY CASEBEER
MADRID & BATCHELDER LLP

Thomas F. Fleming
February 14, 2007
Page 2

As we have discussed, the parties' will exchange their opening claim construction briefs on March 5. Providing fulsome responses to claim construction interrogatories will enable the parties to narrow and focus their submissions to those claim terms that are actually in dispute. On this score, Amgen has already provided Roche with its proposed construction for each claim limitation of each asserted claim that Amgen believes requires construction.

By contrast, Roche is hiding the ball by refusing to set forth its proposed claim constructions, thereby requiring Amgen to brief a number of claim limitations that may not really be in dispute. Roche's concealment also unfairly advantages Roche in the preparation of *Markman* briefs since Roche now knows each party's proposed construction and can focus its claim construction efforts accordingly while Amgen is left to guess at which claim terms are legitimately in dispute and will undoubtedly be required to devote time and attention to briefing claim terms where the parties may very well be in agreement or would otherwise be able to reach agreement.

In order for Roche's proposed construction to be of any utility to narrowing issues in dispute for purposes of *Markman* briefing, Roche must provide those constructions to Amgen on or before February 23, 2007. Please let me know immediately if Roche is willing to supplement its interrogatory responses to provide proposed constructions for each of its identified claim terms by that date.

**Interrogatory No. 2:**

You also agreed to supplement Roche's response to provide each limitation on which Roche bases it non-infringement contention. Given your failure to supplement, we understand that Roche's non-infringement contentions are limited to those identified in response to Amgen's Interrogatory No. 2.

**Interrogatory No. 3:**

You had agreed to supplement Roche's response to this interrogatory to include every test, experiment, or data that Roche relies on in support of its contention that MIRCERA is "materially changed." Based on your failure to supplement, we understand that Roche is limited to the tests, experiments, and data disclosed in Roche's original Response to support its contention that MIRCERA is "materially changed."

**Interrogatory No. 4:**

With respect to this interrogatory regarding Roche's EPO-producing cell lines, you stated that you did not understand the relevance of the requested information to the issues in this case and refused to supplement. The date on which each clone of Roche's EPO producing cell-line or a predecessor cell from which the cell line was derived was transported from or to the United States is relevant to

DAY CASEBEER
MADRID & BATCHELDER LLP

Thomas F. Fleming
February 14, 2007
Page 3

the issue of infringement.  To the extent that such cells were transported to or from the U.S. after
the issuance of Amgen's patents-in-suit, such transfers were acts of infringement of one or more of
Amgen's patents-in-suit.  Please let me know immediately if Roche agrees to supplement its
interrogatory response to provide the date on which each clone of Roche's EPO producing cell line
and any progenitor cell lines were transferred to or from the United States and, if so, please identify
a date certain for this supplementation.

**Interrogatory Nos. 9-11:**

Amgen's Interrogatories Nos. 9-11 seek the legal and factual bases for Roche's invalidity defenses.
Roche's supplemental responses remain woefully deficient.

With respect to Roche's alleged prior art defenses, Roche has failed to identify on a claim-by-claim
and limitation-by-limitation basis the prior art that it contends invalidates the asserted claims of
Amgen's patents-in-suit.

For Roche's anticipation defense, it must contend that a single prior art reference contains each
limitation of an asserted claim.   Yet, Roche has failed to identify each prior art reference it
contends anticipates each claim of Amgen's asserted claims, let alone providing a correlation
between the limitations of the asserted claim and the prior art reference.  Without this
supplementation, Roche has failed to provide the factual bases for its § 102 defense on which it
bears the burden of proof.

Likewise, for Roche's obviousness defense, it must contend that, taken together, a combination of
prior art references contain each limitation of an asserted claim and that one of ordinary skill in the
art would have had a motivation to combine such references as well as a reasonable expectation of
success in practicing the combination of references.  For each asserted claim that Roche contends is
obvious, Roche's supplemental responses fail to identify the combination of prior art references that
contain each limitation of each claim, let alone providing a correlation between the asserted claim
and the prior art references.  Roche also fails to provide the factual bases for its contentions
regarding motivation to combine and reasonable expectation of success.  Moreover, despite your
prior agreement to do so, Roche has not confirmed that its list of references on which it bases its
obviousness defense is complete, despite using the open-ended language of "may rely on at least the
following prior art."  Roche's responses therefore fail to identify the factual bases for its §103
defense on which it bears the burden of proof.

As to Roche's double-patenting allegations, during our prior conversations, you had agreed that
Roche would supplement its interrogatory responses to:  (1) identify each claim of Amgen's
patents-in-suit that Roche contends is invalid for same invention type double patenting; (2) identify
each claim of Amgen's patents-in-suit that Roche contends is invalid for obviousness-type double

585750_2.doc

DAY CASEBEER
MADRID & BATCHELDER LLP

Thomas F. Fleming
February 14, 2007
Page 4

patenting; and (3) explain how and why Amgen's traversal of the same attack during prosecution of its '868 Patent is not dispositive here. However, Roche's supplemental responses fail to provide this information.

Roche's supplemental responses do not separately identify each claim of Amgen's patents-in-suit that it contends is invalid for same invention type double patenting as distinguished from obviousness-type double patenting, but instead Roche lumps all of "double patenting/§101" together in its response. Roche's supplemental response does not address how and why Amgen's traversal of the same attack during prosecution of its '868 Patent is not dispositive here. Roche's supplemental response does not confirm the completeness of the factual bases for Roche's obviousness contentions, nor could it given Roche's failure to identify with particularity the factual bases for Roche's § 103 defenses.

The foregoing is merely a sampling of the myriad deficiencies in Roche's supplemental response to Interrogatories Nos. 9-11 as is evident from the accompanying Attachment A-1. Amgen is entitled to fulsome supplementation sufficient to each of the deficiencies identified in Attachment A-1.

Please let me know immediately and with specificity whether Roche will address each of these deficiencies by further supplementation. In particular, please let me know if Roche is willing to supplement its responses to provide on a limitation-by-limitation basis the prior art that Roche contends invalidates each of Amgen's asserted claims and the complete factual bases for its § 103 defense, on which Roche bears the burden of proof. If Roche is willing to supplement its responses to Amgen's Interrogatories 9-11, please provide me with a date certain for this supplementation.

**Interrogatory No. 13:**

Amgen's Interrogatory No. 13 seeks the legal and factual bases for Roche's Ninth Affirmative Defense, on which it bears the burden of proof, that the issuance of an injunction is contrary to public health and welfare. In its Response to Interrogatory No. 13, Roche has identified less frequent dosing intervals as the sole advantage of its CERA product over other products currently available. Likewise, Roche asserts in its response that "CERA presents much needed competition into the monopoly and near monopoly ESA markets" but fails to identify how that competition is a benefit to public health and welfare.

As you know, depositions are proceeding in the next few weeks and will be completed in less than two months. Without full disclosure of each of the factual bases of Roche's affirmative defense, Amgen will be prejudiced in its ability to take this discovery. If Roche fails to identify other claimed advantages of its CERA product, or fails to articulate how competition is a benefit to public health and welfare in advance of deposition discovery, Amgen will move to preclude Roche from raising and relying on other factual bases in support of its defense.

DAY CASEBEER
MADRID & BATCHELDER LLP

Thomas F. Fleming
February 14, 2007
Page 5

Please let me know immediately if Roche intends to supplement its response to this Interrogatory
and if so, please provide a date certain for your supplementation on or before February 23, 2007.

### Interrogatories Nos. 12, 14, and 15:

During our meet and confer, you agreed that Roche would identify each claim that contends is
barred by file wrapper estoppel in response to Interrogatory No. 14, but Roche did not supplement
its response to Interrogatory No. 14 at all.  As with Interrogatory 13 discussed above,
Interrogatories Nos. 12, 14, and 15 each relate to Roche's affirmative defenses on which Roche
bears the burden of proof.  Depositions will be proceeding in the next few weeks and without a full
disclosure of each of the factual bases of each such defense, Amgen will be prejudiced in its ability
to take this discovery.  If Roche fails to disclose all factual bases underlying its defenses before
depositions commence, Amgen will seek to preclude supplementation thereafter.  Please let me
immediately if Roche intends to supplement its response to this Interrogatory and if so, please
provide a date certain for your supplementation on or before February 23, 2007.

Please let me know your availability to discuss these issues either tomorrow or Friday of this week.

Very truly yours,

DAY CASEBEER
MADRID & BATCHELDER LLP

*Deborah E. Fishman*

Deborah E. Fishman

DEF:rlp

Enclos.

cc:    Peter Fratangelo, Esq.
       Michele Moreland, Esq.
       Mark Israelewicz, Esq.
       Pat Carson, Esq.

**ATTACHMENT A-1**

| Amgen's Interrogatories | Deficiencies in Roche's Response |
|---|---|
| **INTERROGATORY NO. 1**<br><br>Separately, in claim chart form for each asserted claim of Amgen's patents-in-suit that you contend in your Third Affirmative Defense or Eleventh Counterclaim will not be infringed by the manufacture, importation, offer for sale, sale, and/or use of MIRCERA in the U.S. after FDA approval, state in complete detail what construction you contend the Court should apply to each limitation of each claim and identify all evidence on which you rely in support of your proposed construction of each claim limitation, including all documents, prior court rulings and/or testimony upon which you rely in support of each construction. | • Fails to set forth claim construction for each claim on a limitation-by-limitation basis;<br>• Fails to identify any documents and testimony in support of each construction;<br>• Fails to set forth claim constructions for limitations that provide the basis for non-infringement contention in Interrogatory No. 2 below. |
| **INTERROGATORY NO. 2**<br><br>Separately, in claim chart form for each asserted claim of Amgen's patents-in-suit that you contend in your Third Affirmative Defense or Eleventh Counterclaim will not be infringed by the manufacture, importation, offer for sale, sale, and/or use of MIRCERA in the U.S. after FDA approval:<br><br>(a)   state, on a claim-by-claim basis, whether you contend that you do not infringe each claim literally or under the doctrine of equivalents, and whether you do not infringe each such claim directly or indirectly and for each claim that you contend you do not infringe, identify by claim limitation each and every limitation on which you base such contention;<br><br>(b)   state, on a limitation-by-limitation basis, the factual basis for each contention that MIRCERA does not embody each such claim limitation; | • Fails to state on a claim-by-claim basis whether its non-infringement contention is based on direct or indirect infringement;<br>• Fails to identify each and every limitation on which Roche bases its non-infringement contentions;<br>• Fails to identify each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory. |

ATTACHMENT A-1

| Amgen's Interrogatories | Deficiencies in Roche's Response |
|---|---|
| (c)    identify all evidence on which you rely in support of each contention in 2(a) and (b) above, including all documents, tests, experiments, and/or data upon which you rely in support of each contention; and<br><br>(d)    identify each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory, stating the nature and substance of each such person's knowledge or information; and<br><br>(e)    identify the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory, stating the nature and substance of each such person's knowledge or information.<br><br>**INTERROGATORY NO. 3**<br><br>Separately, in claim chart form for each asserted claim of Amgen's patents-in-suit that you contend will not be infringed under 35 U.S.C. § 271(g) by the manufacture, importation, offer for sale, sale, or use of MIRCERA in the U.S. after FDA approval, and to the extent not stated in response to Interrogatory No. 2, describe the factual basis for each such contention, including:<br><br>(a)    the factual basis for any contention that MIRCERA is "materially changed" from the product described in such claim;<br><br>(b)    the factual basis for any contention that EPO is a "trivial and nonessential component" of MIRCERA; | • Fails to identify each document and the relevant pages that supports or refutes or mentions non-infringement contention based on 35 U.S.C. § 271(g);<br><br>• Fails to identify each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory. |

2

543280_3.doc

ATTACHMENT A-1

| Amgen's Interrogatories | Deficiencies in Roche's Response |
|---|---|
| (c)    each document and the relevant page(s) and statements therein that tend to support or refute your contention(s) as well as all documents relating to, mentioning, or concerning the bases for such contention(s); | |
| (d)    every test, experiment, and/or data upon which you rely in support of your contention that a product of a process claimed in Amgen's patents-in-suit is "materially changed" or is "a trivial and nonessential component" of MIRCERA; and | |
| (e)    identify each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory including the nature and substance of each such person's knowledge or information; and | |
| (f)    identify the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory, stating the nature and substance of each such person's knowledge or information. | |
| **INTERROGATORY NO. 4**<br><br>Identify the EPO-producing cell line used in the manufacturing process for MIRCERA, including the name of the cell line, the originator(s) of the cell line, the date(s) on which each clone of the cell line and/or the predecessor cells from which the cell line was derived were transported from or to the United States, each location where the cell line or cells derived from the cell line are currently stored, each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory, the nature and substance of each such person's knowledge or information; and the three individuals affiliated | • Fails to identify the date(s) on which each clone of the cell line and/or the predecessor cells from which the cell line was derived were transported from or to the United States;<br>• Fails to identify each location where the cell line or cells derived from the cell line are currently stored;<br>• Fails to identify each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory. |

543280_3.doc

3

**ATTACHMENT A-1**

| Amgen's Interrogatories | Deficiencies in Roche's Response |
|---|---|
| with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory, stating the nature and substance of each such person's knowledge or information. | |
| **INTERROGATORY NO. 5** | |
| Describe the identity and structure of each ESP made, considered or investigated by Roche to stimulate erythropoiesis in vivo, including its amino acid sequence, the position(s) of attachment and structure(s) of any carbohydrate(s) attached to the ESP, and the position(s) of attachment and structure(s) of any polyethylene glycol attached to the ESP and identify each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory, the nature and substance of each such person's knowledge or information and the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory, stating the nature and substance of each such person's knowledge or information. | • Fails to identify by name or other designation a list of each ESP made, considered, or investigated by Roche;<br>• Fails to identify each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory. |
| **INTERROGATORY NO. 6** | |
| List separately each study or analysis of the mechanism of action of MIRCERA, the pharmacodynamic ("PD") and/or pharmacokinetic ("PK") properties of MIRCERA, and/or any comparison of the mechanism of action or PK/PD properties of MIRCERA with those of EPO (including epoetin alfa, epoetin beta, RECORMON®, NEORECORMON®, EPOGEN®, EPREX®, and/or PROCRIT®), and for each such study or analysis identify the study investigator(s), all tests and/or experiments performed in the study, the results of the study or analysis, each person, other than counsel, who furnished information or analysis, each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory including | • Fails to identify any study or analysis of the mechanism of action of MIRCERA, the pharmacodynamic ("PD") and/or pharmacokinetic ("PK") properties of MIRCERA, and/or any comparison of the mechanism of action or PK/PD properties of MIRCERA with those of EPO other than those included in Roche's FDA submissions;<br>• Fails to identify each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory. |

543280_3.doc

4

**ATTACHMENT A-1**

| Original Interrogatories | Deficiencies in Roche's Response |
|---|---|
| the nature and substance of each such person's knowledge or information, and the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory, stating the nature and substance of each such person's knowledge or information.<br><br>**INTERROGATORY NO. 7**<br><br>Identify each individual and each entity in the United States (other than Roche) to whom Roche or its agents or attorneys have provided PEG-EPO (including MIRCERA) for any purpose at any time, stating separately for each such individual or entity:<br><br>(a)    all date(s) on which and all locations to which such product was provided;<br><br>(b)    the purpose(s) for which such product was provided;<br><br>(c)    the quantity of product provided; and<br><br>(d)    each document (excluding only patient-specific information) recording or reflecting any communication, agreement, or understanding between each such individual or entity and Roche or its agents or attorneys for the provision of such product;<br><br>(e)    each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory including the nature and substance of each such person's knowledge or information; and<br><br>(f)    the three individuals affiliated with Roche, other than | • Fails to identify each individual and each entity in the United States (other than Roche) to whom Roche or its agents or attorneys have provided PEG-EPO (including MIRCERA) for any purpose at any time;<br>• Fails to identify all date(s) on which and all locations to which such product was provided;<br>• Fails to identify the purpose(s) for which such product was provided;<br>• Fails to identify the quantity of product provided;<br>• Fails to identify each document (excluding only patient-specific information) recording or reflecting any communication, agreement, or understanding between each such individual or entity and Roche or its agents or attorneys for the provision of such product;<br>• Fails to identify each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory. |

ATTACHMENT A-1

| Amgen's Interrogatories | Defendants/Roche's Responses |
|---|---|
| counsel, most knowledgeable regarding the subject matter of this interrogatory, stating the nature and substance of each such person's knowledge or information. | |
| **INTERROGATORY NO. 8** | |
| Identify each individual (other than patients) and each entity (other than Roche) that has ever used PEG-EPO (including MIRCERA) within the United States for any purpose at any time, stating separately for each such individual or entity: | • Fails to identify each individual (other than patients) and each entity (other than Roche) that has ever used PEG-EPO (including MIRCERA) within the United States for any purpose at any time; |
|    (a)   the date(s) and all locations of each such use; | • Fails to identify the date(s) and all locations of each such use; |
|    (b)   the purpose(s) of each such use; and | • Fails to identify the purpose(s) of each such use;<br>• Fails to identify each document (excluding only patient-specific information) recording or |
|    (c)   each document (excluding only patient-specific information) recording or reflecting any communication, agreement, or understanding between each such individual or entity and Roche or its agents or attorneys regarding such use; and | reflecting any communication, agreement, or understanding between each such individual or entity and Roche or its agents or attorneys regarding such use; |
|    (d)   each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory including the nature and substance of each such person's knowledge or information; and | • Fails to identify each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory |
|    (e)   the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory, stating the nature and substance of each such person's knowledge or information. | • Fails to identify the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory. |

ATTACHMENT A-1

| Amgen's Interrogatories | Deficiencies in Roche's Response |
|---|---|
| **INTERROGATORY NO. 9**<br><br>Separately, in claim chart form for each claim of Amgen's patents-in-suit that you contend in your Fifth and Sixth Affirmative Defenses or Tenth Counterclaim is invalid, identify:<br><br>(a)  on a limitation-by-limitation basis, the legal and factual grounds on which you contend that such claim is invalid;<br><br>(b)  the level of skill of a person having ordinary skill in the art to which the subject matter of the patents-in-suit pertains at the time of the claimed inventions;<br><br>(c)  all evidence on which you rely in support of each contention, including all documents, testimony, prior knowledge, or public uses tending to support your contention(s), every test, experiment, and/or data upon which you rely in support of each contention that a claim is invalid;<br><br>(d)  each person, other than counsel, who furnished information or was consulted regarding Roche's response to this interrogatory including the nature and substance of each such person's knowledge or information; and<br><br>(e)  the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory, stating the nature and substance of each such person's knowledge or information. | • Fails to set forth the legal and factual basis for its invalidity contentions for each claim on a limitation-by-limitation basis;<br><br>• Fails to distinguish between same-invention type double patenting and obviousness-type double patenting for each claim Roche contends is invalid for double patenting/35 U.S.C. § 101.<br><br>• Fails to identify the factual bases for each claim that Roche contends is invalid for same invention double patenting;<br><br>• Fails to identify the factual bases, including all relevant evidence, concerning the state of the art for each claim that Roche contends is invalid for obviousness-type double patenting.<br><br>• Fails to set forth on a claim-by-claim basis every reference or activity that Roche alleges anticipates Amgen's patents-in-suit;<br><br>• Fails to correlate each cited reference to all limitations of each asserted claim;<br><br>• Fails to set forth factual bases for its contentions of obviousness, including the specific combinations of references Roche alleges would render obvious particular claims, any motivation to combine such references, and any bases for a reasonable expectation of success in practicing such combinations;<br><br>• Fails to correlate each combination of references to each limitation of each asserted claim along with any motivation to combine such references, and any bases for a reasonable expectation of |

7

543280_3.doc

**ATTACHMENT A-1**

| Amgen's Interrogatories | Deficiencies in Roche's Response |
|---|---|
| | success in practicing such combinations;
• Fails to identify any basis or support for its contention that § 121 does not apply to continuation applications;
• Fails to identify any factual or evidentiary basis for Roche's contention that consonance with restriction requirements was not maintained;
• Fails to set forth the level of skill of a person having ordinary skill in the art to which the subject matter of the patents-in-suit pertains at the time of the claimed inventions or to provide reference citation to establish the relevant state of the art;
• Fails to compare earlier and later claims and fails to provide any reasons for why an artisan of ordinary skill would have found later claims obvious in light of earlier claims;
• Fails to explain how Amgen's traversal of this exact attack during the course of the '868 prosecution is not dispositive here;
• Fails to provide any evidentiary support whatsoever for its §112 arguments or its inventorship allegation;
• Fails to explain how the *Fritsch v Lin* interferences, and *Amgen v. Chugai*, each finding priority for Lin over Fritsch are not conclusive adjudications of §102(g);
• Fails to identify evidence for each of the elements under § 102(f) to support its allegation that Lin's invention was derived from Goldwasser;
• Fails to identify any evidence supporting its |

543280_3.doc

**ATTACHMENT A-1**

| Amgen's Interrogatories | Deficiencies in Roche's Response |
|---|---|
| | allegations that Lin's specification fails to describe and enable the full scope of the claims-in-suit;<br><br>• Fails to identify any evidence supporting its allegations that "gylcosylated erythropoietin" and "Units of erythropoietin...as determined by radioimmunoassay" are indefinite;<br><br>• Fails to identify each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory;<br><br>• Fails to identify the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory. |
| **INTERROGATORY NO. 10**<br><br>Separately, in claim chart form for each claim of Amgen's patents-in-suit that you contend is invalid under 35 U.S.C. § 102, identify and describe on a limitation-by-limitation basis for each claim:<br><br>(a)   where, on a limitation-by-limitation basis, you contend each claim limitation is disclosed in the prior art;<br><br>(b)   how each such limitation is disclosed in the prior art, including specific references to pages, claims, columns and/or line numbers (if applicable) in each document supporting such contention;<br><br>(c)   all evidence on which you rely in support of each contention, including all documents, testimony, prior knowledge, or public uses tending to support your contention(s), and every test, | • Fails to set forth the legal and factual basis for its § 102 contentions for each claim on a limitation-by-limitation basis;<br><br>• Fails to correlate each cited reference to all limitations of each asserted claim;<br><br>• Fails to provide citing references for how each such limitation is disclosed in the prior art, including specific references to pages, claims, columns and/or line numbers (if applicable) in each document supporting such contention;<br><br>• Fails to provide all evidence on which you rely in support of each contention, including all documents, testimony, prior knowledge, or public uses tending to support your contention(s), and every test, experiment, and/or data upon which |

9

ATTACHMENT A-1

| Amgen's Interrogatories | Deficiencies in Roche's Response |
|---|---|
| experiment, and/or data upon which you rely in support of each contention that a claim is invalid;<br><br>(d)    each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory including the nature and substance of each such person's knowledge or information; and<br><br>(e)    the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory, stating the nature and substance of each such person's knowledge or information. | you rely in support of each contention that a claim is invalid;<br><br>• Fails to specify the factual bases for its contentions of obviousness by using open-ended language such as "may rely on at least the following prior art";<br><br>• Fails to identify each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory;<br><br>• Fails to identify the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory. |
| **INTERROGATORY NO. 11**<br><br>Separately, in claim chart form for each claim of Amgen's patents-in-suit that you contend is invalid under 35 U.S.C. § 103 or for double patenting, identify and describe for each claim and for each asserted defense:<br><br>(a)    where, on a limitation-by-limitation basis, you contend each claim limitation is found or disclosed in the prior art or earlier Lin patent claims;<br><br>(b)    why the claim would have been obvious, including where the motivation to combine prior art disclosures or earlier Lin patent claims may be found;<br><br>(c)    why 35 U.S.C. § 121 does not bar the application of the doctrine of obviousness-type double patenting; | • Fails to set forth the legal and factual basis for its § 103 contentions for each claim on a limitation-by-limitation basis;<br><br>• Fails to set forth factual bases for its contentions of obviousness, including the specific combinations of references Roche alleges would render obvious particular claims, any motivation to combine such references, and any reasonable expectation of success in practicing such combinations;<br><br>• Fails to provide any factual basis for the contention that an artisan of ordinary skill in the art would have found later claims obvious in light of earlier claims;<br><br>• Fails to identify any basis or support for its contention that § 121 does not apply to continuation applications; |

10

543280_3.doc

**ATTACHMENT A-1**

| Amgen's Interrogatories | | Deficiencies in Roche's Responses |
|---|---|---|
| (d)    all evidence on which you rely in support of each contention, including all documents, testimony, prior knowledge, or public uses tending to support your contention(s), every test, experiment or data upon which you rely to support your contention(s); | • | Fails to identify any factual or evidentiary basis for Roche's contention that consonance with restriction requirements was not maintained; |
| | • | Fails to identify all evidence in support of each contention, including all documents, testimony, prior knowledge, or public uses tending to support its §103 contention(s), including every test, experiment or data upon which Roche intends to rely; |
| (e)    each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory including the nature and substance of each such person's knowledge or information; and | • | Fails to identify each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory; |
| (f)    the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory, stating the nature and substance of each such person's knowledge or information. | • | Fails to identify the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory. |
| **INTERROGATORY NO. 12** | | |
| Separately, for each patent-in-suit that you contend in your Second and Eighth Affirmative Defenses is unenforceable due to patent misuse or unclean hands, specifically describe separately as to each patent: | • | Fails to set forth all legal and factual grounds for contention of unenforceability due to patent misuse or unclean hands on a patent-by-patent basis; |
| (a)    all legal and factual grounds on which you contend that such patent is unenforceable due to patent misuse or unclean hands (including but not limited to all legal and factual grounds pertaining to or supporting your assertions at page 15 of Roche's Memorandum in Opposition to Amgen's Motion to Strike), | • | Fails to identify all evidence on which Roche will rely to support of each contention that a patent is unenforceable due to patent misuse or unclean hands, including all documents and testimony that it contends supports each such contention; |
| | • | Fails to identify each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory; |
| (b)    all evidence on which you rely in support of each contention that a patent is unenforceable due to patent misuse or unclean hands, including all documents and testimony that you contend supports | • | Fails to identify the three individuals affiliated with Roche, other than counsel, most |

ATTACHMENT A-1

| Amgen's Interrogatory | Deficiencies in Roche's Response |
|---|---|
| each such contention; | knowledgeable regarding the subject matter of this interrogatory. |
| (c)    each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory, stating the nature and substance of each such person's knowledge or information; and | |
| (d)    the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory, stating the nature and substance of each such person's knowledge or information. | |
| **INTERROGATORY NO. 13** | • Fails to provide all legal and factual grounds on which Roche contends that an injunction with respect to such claim would be contrary to public health and welfare; |
| Separately, as to each claim of each patent-in-suit that you contend in your Ninth Affirmative Defense should not result in an injunction against your importation, making, offering for sale, sale or use of PEG-EPO (including MIRCERA) in the United States because such an injunction would be contrary to public health and welfare, specifically describe: | • Fails to identify all evidence on which Roche intends to rely in support its contentions, including all documents, analyses, studies, witnesses, tests, experiments, or data; |
| (a)    all legal and factual grounds on which you contend that an injunction with respect to such claim would be contrary to public health; | • Fails to identify each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory. |
| (b)    all legal and factual grounds on which you contend that an injunction with respect to such claim would be contrary to public welfare; | |
| (c)    all evidence on which you rely in support of each contention, including all documents, analyses, studies, witnesses, tests, | |

12

**ATTACHMENT A-1**

| Amgen's Interrogatories | Deficiencies in Roche's Response |
|---|---|
| experiments, or data upon which you rely to support your contention(s); <br><br> (d)  each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory including the nature and substance of each such person's knowledge or information; and <br><br> (e)  the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory, stating the nature and substance of each such person's knowledge or information. | |
| **INTERROGATORY NO. 14** <br><br> Separately, in claim chart form for each claim of Amgen's patents-in-suit as to which you contend in your Eleventh Affirmative Defense that Amgen is barred from enforcing against PEG-EPO (including MIRCERA) by file wrapper estoppel, identify and describe on a limitation-by-limitation basis: <br><br> (a)  what specific statement(s) or act(s) of Amgen you contend bar Amgen from asserting such claim against PEG-EPO; <br><br> (b)  how each such statement or act of Amgen bars Amgen from asserting such claim against PEG-EPO; <br><br> (c)  where each statement or act of Amgen on which you rely is found in the file wrapper of such patent; and <br><br> (d)  each person, other than counsel, who furnished information or was consulted regarding your response to this | • Fails to identify each claim Roche contends is barred by file wrapper estoppel; <br> • Fails to identify on a limitation-by-limitation basis which limitations provide a basis for file wrapper estoppel; <br> • Fails to identify which statements or acts that Roche contends are the basis for estoppel apply to which claim limitations; <br> • Fails to identify each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory; <br> • Fails to identify the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory. |

543280_3.doc

ATTACHMENT A-1

| Amgen's Interrogatories | Deficiencies in Roche's Response |
|---|---|
| interrogatory including the nature and substance of each such person's knowledge or information; and<br><br>(e)    the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory, stating the nature and substance of each such person's knowledge or information. | |
| **INTERROGATORY NO. 15**<br><br>Separately, in claim chart form for each claim of Amgen's patents-in-suit as to which you contend in your Twelfth and Thirteenth Affirmative Defenses that Amgen is estopped from asserting infringement by PEG-EPO (including MIRCERA), identify and describe:<br><br>(a)    all specific statement(s) or act(s) of Amgen you contend estop Amgen from asserting infringement of such claim by PEG-EPO (specifically including but not limited to identifying and describing all specific statements or acts pertaining to or supporting your assertions at pages 19-20 of Roche's Memorandum in Opposition to Amgen's Motion to Strike);<br><br>(b)    all evidence pertaining to Roche's purported reliance to its detriment upon such statement or act;<br><br>(c)    how each such statement or act of Amgen estops Amgen from asserting infringement of such claim by PEG-EPO;<br><br>(d)    all evidence on which Roche relies in support of each contention, including all documents, analyses, studies, witnesses, tests, experiments or data upon which you rely to support your contention(s); | • Fails to provide the legal bases for Roche's contention that Amgen is estopped from asserting infringement on the basis of prosecution laches;<br><br>• Fails to provide any factual or evidentiary basis for Roche's contention that Amgen intended "to unreasonably delay prosecution of [its] claims";<br><br>• Fails to provide any basis for Roche's contention that "intent is sufficient to support" a finding of prosecution laches estoppel;<br><br>• Fails to set forth each claim Roche contends is barred by equitable estoppel on a limitation-by-limitation basis;<br><br>• Fails to identify all statements or acts of Amgen that Roche contends estop Amgen from asserting infringement;<br><br>• Fails to identify each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory;<br><br>• Fails to identify the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory. |

543280_3.doc

14

**ATTACHMENT A-1**

| Amgen's Interrogatories | Deficiencies in Roche's Response |
|---|---|
| and<br><br>(e)    each person, other than counsel, who furnished information or was consulted regarding your response to this interrogatory including the nature and substance of each such person's knowledge or information; and<br><br>(f)    the three individuals affiliated with Roche, other than counsel, most knowledgeable regarding the subject matter of this interrogatory, stating the nature and substance of each such person's knowledge or information. | |

543280_3.doc

15