EXHIBIT 6

# DAY CASEBEER
## MADRID & BATCHELDER LLP

20300 Stevens Creek Blvd., Suite 400  
Cupertino, CA 95014  
Telephone: (408) 873-0110  
Facsimile:  (408) 873-0220

Deborah E. Fishman  
(408) 342-4587  
dfishman@daycasebeer.com

February 23, 2007

VIA EMAIL & FACSIMILE

Thomas F. Fleming  
Kaye Scholer LLP  
425 Park Avenue  
New York, NY 10022-3598

Re:   *Amgen Inc. v. F. Hoffmann LaRoche Ltd., et al. (05-CV-12237WGY)*

Dear Tom:

I have not heard back from you regarding the myriad deficiencies in Roche's supplemental interrogatory responses or my request for an immediate meet and confer on the subject (See 2/14/07 D. Fishman letter to T. Fleming).

Among the issues raised in my letter was the fact that Roche supplemented its Response to Amgen's Interrogatory No. 1 regarding claim construction to proffer 42 terms that Roche contends require construction, but failed to supply its proposed construction for those terms, despite Amgen's request of nearly a month ago that Roche do so. As you know, the parties' will exchange their opening claim construction briefs on March 5. By hiding the ball and refusing to set forth its proposed claim constructions, Roche is requiring Amgen to brief a number of claim limitations that may not really be in dispute. By contrast, Amgen supplied Roche with its proposed construction for each limitation of each asserted claim more than a month ago.

In my letter of last week, I notified you that in order for Roche's proposed constructions to be of utility to narrowing issues in dispute for purposes of *Markman* briefing, Roche must provide those constructions to Amgen on or before February 23, 2007. Given Roche's failure to supplement its responses by today to provide its proposed constructions, I write to request that Roche limit the claim terms for which it seeks construction.

As I have mentioned in the past, it is neither reasonable nor advisable for either party to require the Court to construe 42 claim terms. Unless Roche is concealing the claim terms it believes are truly in dispute in order to unfairly gain an advantage Roche in the preparation of *Markman* briefs (since Roche now knows each party's proposed construction and can focus its claim construction efforts accordingly while Amgen is left to guess at which claim terms are legitimately in dispute), it should

598082_1

DAY CASEBEER
MADRID & BATCHELDER LLP

Thomas F. Fleming
February 23, 2007
Page 2

be willing to significantly reduce the number of claim terms it puts at issue for purposes of *Markman* briefing. Please let us know by Monday, February 26 (one week before initial *Markman* briefs are due) the claim terms Roche is willing to withdraw from dispute and eliminate from its claim construction briefing.

Very truly yours,

DAY CASEBEER
MADRID & BATCHELDER LLP

*[signature]*

Deborah E. Fishman

DEF:rlp

cc:   Peter Fratangelo, Esq.
      Michele Moreland, Esq.
      Mark Israelewicz, Esq.
      Pat Carson, Esq.

598082_1