EXHIBIT 7



| | | |
|---|---|---|
| **William Gaede /SVY/MWE**<br>03/13/2007 11:31 AM | To | tfleming@kayescholer.com, jhuston@bromsun.com |
| | cc | pcarson@kayescholer.com, HHeckel@kayescholer.com, dfishman@daycasebeer.com, pfrantangelo@kayescholer.com, hsuh@kayescholer.com |
| | bcc | |
| | Subject | Amgen Motion to Compel Further Responses to Amgen Interrogatory Nos. 9-11. |

Dear Tom and Julia:

Amgen intends to file a motion today to compel based on Roche's failure to provide complete responses to Amgen's Interrogatory Nos. 9-11. This has been the subject of numerous meet and confers both in writing and verbally over the last two months between the parties. The latest includes letters from Deborah Fishman of February 14 and February 23 that have not been responded to in any meaningful fashion on these interrogatories. Further, I understand from Deborah Fishman of Day Casebeer that Tom Fleming verbally informed her that Roche would not provide supplemental responses to these requests. Given that, and given the record over the past two months of numerous meet and confers, we will be filing the motion. If our understanding is incorrect, and Roche is prepared to provide the following supplement by this Friday, March 16, 2007, please immediately let me know and in no event later than by 5:00 pm Eastern today that Roche will:

Provide, on a claim-by-claim and limitation-by-limitation basis, the grounds that allegedly support Roche's assertion that the patents-in-suit are invalid for double patenting and/or with respect to 35 U.S.C. §§ 102 (a-e) and 103 (Interrogatory 9);

- Identify where each claim limitation is disclosed in each piece of prior art that allegedly anticipates any of the asserted claims (Interrogatory 10);

- Identify where each claim limitation is disclosed in the prior art and/or earlier Lin patent claims, how the references are to be combined in order to render each asserted claim obvious, where the motivation to combine the references may be found, and why there would be a reasonable expectation of success in combining the references (Interrogatory 11);

- Identify and describe, on a claim-by-claim and limitation-by-limitation basis, why one of ordinary skill in the art would have found claims in the patents-in-suit obvious in light of earlier claims; and

- Identify and describe, on a claim-by-claim basis, why 35 U.S.C. § 121 does not bar the application of obviousness-type double patenting.

If I do not hear from you by 5:00 pm Eastern today on this, we will proceed with filing.

Thank you,

Bill Gaede

Bill Gaede
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304
wgaede@mwe.com
Phone:  650-813-5035
Fax:      650-813-5100

*********************************************************************************************
*****************

IRS Circular 230 Disclosure:  To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

_____

_____

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.  Thank you.
*********************************************************************************************
*****************

Please visit http://www.mwe.com/ for more information about our Firm.