UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: 05 Civ. 12237 WGY |
| ) | |
| F. HOFFMANN-LA ROCHE LTD, ROCHE ) | |
| DIAGNOSTICS GmbH, and HOFFMANN- ) | |
| LA ROCHE INC., ) | |
| Defendants. ) | |
| ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO
COMPEL DEPOSITION TESTIMONY UNDER RULE 30(b)(6)**

Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292

*Counsel for*
*F. HOFFMANN-LA ROCHE LTD,*
*ROCHE DIAGNOSTICS GMBH,*
*and HOFFMANN-LA ROCHE INC.*

March 15, 2007

I.   **INTRODUCTION**

Roche respectfully asks that the Court compel Amgen to designate witnesses to testify on topics 1-4, 6-10, and 26-27, as set forth in Roche's Rule 30(b)(6) deposition notice.

Amgen is engaged in an inexcusable pattern of stonewalling behavior in an effort to thwart Roche from obtaining relevant testimony on topics essential to Roche's defense. Roche served its Rule 30(b)(6) notice on February 9, 2007, and to this date, Amgen has refused to definitively designate a competent witness for topics 1-4, 6-10 and 26-27. In some instances, Amgen has limited the testimony of its designated witnesses so as to render the testimony useless to Roche's defense. Amgen's objections are unsupported in fact and unfounded in law, as Roche's 30(b)(6) deposition notice lists topics that are tailored to discover admissible evidence relevant both to Amgen's claims and Roche's defenses and counterclaims. Amgen has sought no protective order, and its objections, whatever their legitimacy, provide no proper basis for refusing to designate a competent witness.

Amgen is well aware that the close of fact discovery, on April 2, 2007, is drawing very near, and is using improper means to avoid giving complete testimony, and thus to impair Roche's preparation of its expert reports and trial presentation.

Roche asks that the Court see Amgen's behavior for what it is, an unjust attempt to gain advantage, and order Amgen to provide witnesses knowledgeable on all deposition topics identified by Roche.

1

II.   **STATEMENT OF FACTS**

Roche served its Rule 30(b)(6) notice on February 9, 2007, listing 29 topics for which Amgen was to produce knowledgeable witnesses on February 27, 2007. Ex. A.

In response, Amgen counsel William Gaede stated that Amgen would not produce witnesses on February 27 due to its objections. Ex. B, 2/16/2007 letter. On February 23, Amgen served its objections to Roche's 30(b)(6) notice. Ex. C. For starters, Amgen declined to identify a witness on topics 1-10, 13, 15, 25, and 29, offering only to "discuss a reasonable and particularized scope that meets the requirements of Rule 30(b)(6)" as a condition to providing a witness. With respect to topics 11-12, 14, 26, and 27, Amgen was yet more obstructionist, pointing to its interrogatory answers and its responses to Roche's requests for admission as apparent substitutes for designating a witness. *Id.*

In attempting to justify its refusal to cooperate, Amgen relied on boilerplate allegations that Roche's topics were "overbroad," "unduly burdensome," and failed to recite the subject matter with "reasonable particularity." *See, e.g.,* Ex. C at 12. Amgen further announced that a number of topics sought contentions and were thus not suited to 30(b)(6) testimony. *See, e.g., id.* at 13.

Focusing on the deposition topics at issue in this motion: Following a meet-and-confer on February 26 and related correspondence, Amgen designated witnesses for topics 1-8. Exs. D-G, letters from W. Gaede of 2/28, 3/6, 3/9 and 3/13. These designations fall short of adequacy, in that Amgen imposes strict limitations on witness testimony at its whim. For example, although Amgen admits that further information exists with respect to topics 1 and 8, it refuses to designate any witness beyond Dr. Thomas Strickland, and thereby limit testimony to the narrow portion of those topics for

which he possesses personal knowledge. (Ex. G, Gaede 3/13 letter) Similarly, with respect to topics 6 and 7, Amgen offers a witness to discuss only a small fraction of the topic, apparently corresponding to that witness's personal knowledge, instead of offering witnesses whose collective knowledge addresses the entire topic. *Id.*

As further illustration, although topics 3 and 4 properly seek information regarding Amgen's scientific endeavors related to the asserted patents, Amgen unilaterally limits the proffered testimony to a narrow subset of that information. *Id.*

Similarly, Amgen unilaterally limits its proffered testimony with respect to topic 2. Here, Amgen offers a witness to testify with respect only to the "identity and general role" of individuals involved in prosecution while refusing to offer any witness to address Amgen's conflicting statements and contentions characterizing recombinant EPO made throughout the prosecution of its patents in the U.S. and abroad.[1] *Id.*

Further, Amgen disputes the relevance of topics 9 and 10 for seeking information on Aranesp and refuses to provide a witness for either of these topics. In this Court's order of January 3, 2007, the Court accepted Amgen's compromise position with respect to Aranesp, which required production of documents relating to the structure, activity, method of production and method of use of Aranesp, plus documents related to whether Aranesp is covered by Amgen's asserted patents and by Amgen's requested injunctive relief, among other things. *See* Amgen's Opposition to Roche's Motion to Compel of Dec. 29, 2006 (D.N. 201), at page 12, and Jan. 3, 2007 Order on Roche's Motion to Compel.

---

[1] Roche also believes that testimony on topic 5 should not be limited to PEG-EPO as insisted by Amgen. This issue will be the subject of a separate motion.

3

Topics 9 and 10 fall squarely within these areas of inquiry that the Court has already ordered. For example, topic 9 seeks, inter alia, characterization of the active drug substance in Aranesp. This is clearly a 30(b)(6) topic that falls within the Court's order that Amgen produce documents related to the structure, activity, method of production and method of use of Aranesp, which Amgen itself acknowledged was relevant and agreed to produce related documents. Topic 10, in turn, seeks a witness on any comparisons of the active drug substance in Aranesp to recombinant human erythropoietin or other ESAs including Roche's accused product. This is clearly relevant to the structure, activity, method of production and method of use of Aranesp, and to Amgen's request for injunctive relief against Roche's accused product, also ordered by the Court to be produced in the January 3 order. In light of this Court's order accepting Amgen's position on Aranesp, which Amgen is apparently now trying to change, Roche believes that this issue is settled and that it is entitled to the full scope of testimony requested by Topics 9 and 10.

In addition to refusing to produce a witness to testify with respect to topics 9 and 10, Amgen refuses to provide any witness for topics 26 and 27. These topics, which seek the basis for Amgen's assertion of certain claims, are relevant to Roche's sham litigation claims. For these, Amgen suggests, untenably, that its interrogatory answers or responses to requests for admission are valid substitutes for live testimony. Ex. E at 4 and 7-8.

Amgen's correspondence (Exs. D-G) represents a campaign of niggling concessions calculated to offer Roche only a fraction of the testimony to

4

which it is entitled. Without the Court's intervention, Amgen's conduct will prevent Roche from completing proper discovery before the April 2 deadline.

The close of fact discovery, on April 2, is fast approaching. Roche needs the testimony from Amgen's designated witness in order to prepare its expert witnesses in time for expert discovery and to prepare for trial.

### III.   ARGUMENT

#### A.   AMGEN IS REQUIRED TO PRODUCE WITNESSES KNOWLEDGEABLE ON EACH OF ROCHE'S DEPOSITION TOPICS

Amgen's refusal to produce knowledgeable witnesses on all topics listed by Roche is a violation of its obligations to make a "conscientious, good faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999).

Further, the scope of discovery is limited only by Fed. R. Civ. P. 26(b)(1), which states that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party," and that such relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Because Amgen has, one month after receiving its notice of 30(b)(6) deposition, still not designated witnesses for all listed topics (*see, e.g.,* Ex. G at 4-5, re topics 9 and 10, and Ex. C at 20-21 re topics 26-27), it has failed to meet its requirement under the rule, and is subject to a motion to compel discovery and possible sanctions under Rule 37(a)(2)(B). Amgen cannot, as it has done here, use its objections as an excuse to evade its responsibilities to designate a witness.

Further, Amgen's attempts to impose testimonial limits are likewise a breach of Rule 30(b)(6). *In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94 C 897, 1998 WL 808989, *2-3 (N.D. Ill. Nov. 17, 1998) (granting motion to compel where plaintiff unilaterally limited scope of 30(b)(6) inquiries). Amgen cannot decide for itself how it will answer Roche's topics, as it has done here. *See, e.g.,* Ex. E at 2 (attempting to limit the designation on topic 5 to testimony concerning pegylated EPO).

### B. AMGEN'S OBJECTIONS ARE BASELESS AND ARE AN ILLEGITIMATE MEANS TO AVOID DESIGNATING WITNESSES

Amgen's objections to the deposition topics, which are largely repeated from topic to topic with little variation or support, are not supported by the facts and cannot be used to justify its continued evasion and delay.

#### 1. ROCHE'S DEPOSITION TOPICS ARE STATED WITH PARTICULARITY AND TAILORED TO ELICIT RELEVANT EVIDENCE

Amgen has used a blanket objection to almost every topic as "overbroad, vague and ambiguous" and as "failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify." *See, e.g.,* Ex. C at 8. Such objections are themselves vague, and do not state with specificity what is objectionable or what harm would arise if Amgen had to answer such questions. *See Doe v. Dist. of Columbia*, 230 F.R.D. 47, 52 (D.D.C. 2005) (denying motion for protective order on the basis of overbreadth because movant stated no good cause, *e.g.,* what harm would come from allowing the topic).

Amgen's objections to topic 10, for example, are not made with any specificity as to what is objectionable. While this topic, seeking evidence of comparative experimental

6

studies of Amgen, is extensive, it is painstakingly detailed as to its subject matter. Ex. C at 12-13. There is no doubt as to the intended subject matter, and Amgen's rote invocation of "reasonable particularity" rings very hollow.

Further, all of Roche's topics are designed to elicit relevant, admissible evidence. For example, topic 1 is targeted, with great detail, to address the validity and enforceability of Amgen's United States patents. Ex. C at 5-6. Roche is allowed discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Thus, Amgen's contentions that Roche's topics are "overbroad" mean little, in the absence of explanation as to why Roche's topics lack relevance or would overburden Amgen.

### 2. ROCHE'S DEPOSITION TOPICS SEEK FACTS BEHIND AMGEN'S CAUSES OF ACTION, NOT AMGEN'S LEGAL CONTENTIONS

Roche's deposition notice seeks facts from fact witnesses, and does not entail any inquiry into Amgen's contentions, contrary to Amgen's common refrain, made without any specificity, that the deposition topics seek "contentions that are not properly the subject of Rule 30(b)(6) deposition testimony." *See, e.g.*, Ex. C at 13 (objections to topics No. 10 and 11).

There is nothing improper about Roche seeking deposition testimony on facts underlying the plaintiff's case, even if similar discovery could be found using other means. *Security Ins. Co. v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003) ("[N]othing precludes a deposition either in lieu of or in conjunction with [contention] interrogatories."). Amgen is in no position to opine on the appropriateness of 30(b)(6) depositions versus, say, contention interrogatories. There is no doubt that deposition questions can properly elicit factual testimony, even if such testimony may support a

particular legal conclusion. *Protective Nat'l Ins. Co. v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 282 (D. Neb. 1989) (finding that an accountant can adequately testify on facts known to accountants, even if such facts lead to a legal conclusion); *similarly, U.S. E.E.O.C. v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 434-35 (D. Nev. 2006) (where deposition topics cover facts underlying claims and do not inherently call for privileged information, deposition is a proper means).

By the same token, where the facts sought by Roche's deposition notice can be elicited from scientists and other Amgen employees with no legal training, the Rule 30(b)(6) deposition is an appropriate discovery tool that cannot be disabled by boilerplate reference to contentions.

Roche's notice in reality seeks only facts underlying Amgen's claims, not Amgen's contentions. For example, topic 10, seeking information on comparisons between two products, can be answered by Amgen researchers and developers without an understanding of Amgen's contentions. Ex. C at 12. Even where a legal contention of Amgen is implicated, the deposition topics seek only related facts that are known to Amgen personnel. Ex. C at 20 (seeking, in topic 26, facts underlying Amgen's assertion of the '080 patent claims. As such, it is not necessary for such answers to be drafted by attorneys, nor do such topics threaten to impinge upon Amgen's attorney-client privileged or work product-protected information.

### C. AMGEN'S CONTINUED STONEWALLING IN DESIGNATING 30(B)(6) WITNESSES HAS PREJUDICED ROCHE

Amgen is well aware that discovery closes on April 2, 2007. Roche must have testimony from Amgen in order to adequately prepare its experts, prepare any summary judgment motions that may be appropriate, and prepare its case for trial. Because of

Amgen's non-compliance with its obligations, Roche is deprived of essential information. Facts relating to the earliest effective filing date for the asserted patent claims, as outlined in topic 7, is but one of many examples.

Amgen may claim that its objections to the testimony sought by Roche are legitimate. If Amgen genuinely believed the scope of discovery was illegitimate, it could have procured a protective order limiting the scope of its testimony and proceeded with the deposition subject to such an order. Amgen's failure to do this suggests that it has no true basis for resisting discovery, and that Amgen's conduct is calculated, for tactical reasons, to foil Roche's legitimate discovery objectives.

Regardless of Amgen's motives, its actions have severely impeded Roche's attempts to support its defenses and counterclaims. A motion to compel Amgen to designate its witnesses is amply justified under these circumstances.

## IV.   CONCLUSION

For the reasons set forth above, the Court should order Amgen to designate witnesses for Roche's deposition topics 1-4, 6-10 and 26-27, and to fully prepare said witnesses as requested in Roche's Rule 30(b)(6) deposition notice.

Dated:  March 15, 2007
        Boston, Massachusetts

Respectfully submitted,
F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH,
and HOFFMANN-LA ROCHE INC.

By its attorneys,

/s/ Julia Huston
Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

/s/ Julia Huston

3099/501  635489