UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. NO.: 05-12237-WGY |
| v. ) | |
| ) | |
| F. HOFFMANN-LAROCHE ) | |
| LTD., a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company and HOFFMANN LAROCHE ) | |
| INC., a New Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF AMGEN INC.'S OPPOSITION TO ROCHE'S
MOTION TO AMEND ITS SIXTH AFFIRMATIVE DEFENSE**

Amgen Inc. ("Amgen") opposes Roche's Motion to Amend its Sixth Affirmative Defense because Roche has no reasonable basis for not including the new allegations of its proposed amended Sixth Affirmative Defense in its original answer or its First Amended Answer attached as Exhibit A to Roche's Motion for Leave to File an Amended Answer and Counterclaim, which was filed on January 19, 2007.[1]

The patents upon which Roche now seeks to rely in support of its obviousness-type double patenting defense are neither new patents nor newly discovered patents. Indeed, as Roche asserts, two of the patents are already the subject of this litigation, and the third is a 1987 issued patent cited in the prosecution histories of some of the patents that are the subject of this litigation. Therefore, Roche was aware of these patents long before it filed both its Answer and First Amended Answer and could have included these allegations at either time. Without even

---

[1] On February 2, 2007, Amgen filed an opposition to Roche's Motion for Leave to File an Amended Answer and Counterclaim. The Court has not yet ruled on this motion.

DM1\760395.1

any attempted justification or reasoning for this amendment proposed in the midst of fact discovery and over a year after this suit began, Roche's motion should be denied.

If, however, the Court is inclined to grant Roche's motion and allow amendment of Roche's Sixth Affirmative Defense, Amgen respectfully requests that the allowance be conditioned upon precluding Roche from seeking additional time for discovery. Roche argues as a basis for allowing its motion that the amendment will not prejudice Amgen because it will not prolong the discovery period in this case. Roche should be held to this position. Therefore, in the event this Court denies Amgen's opposition and grants Roche's motion to amend, Amgen respectfully requests that the Court's Order include a provision that precludes Roche from extending the discovery period for purposes of pursing discovery on this newly raised affirmative defense.

DM1\760395.1

Dated: March 16, 2007

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
MarySusan Howard
Kimberlin L. Morley
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-5000

Respectfully Submitted,

AMGEN INC.,
By its attorneys,

/s/ Patricia R. Rich
D. Dennis Allegretti (BBO#545511)
Michael R. Gottfried (BBO# 542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (857) 488-4200
Facsimile: (857) 488-4201

Lloyd R. Day, Jr.
DAY CASEBEER, MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

William Gaede III
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Michael F. Borun
Kevin M. Flowers
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

DM1\760395.1

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on March 16, 2007.

                                                        /s/ Patricia R. Rich
                                                            Patricia R. Rich