EXHIBIT 11

Dockets.Justia.com



William Gaede/SVY/MWE
03/15/2007 01:45 PM

To PFratangelo@kayescholer.com

cc dfishman@daycasebeer.com, HHeckel@kayescholer.com, JHuston@bromsun.com, jleeman@bromsun.com, PCarson@kayescholer.com

Subject Re: Motion to Compel on Roceh 30(b)(6)

Dear Peter:

 I am in receipt of your e-mail of approximately 3:23 Eastern today asking for a response by 5:15 Eastern today.  What are your grounds for moving to compel since Roche has not responded to my letter of March 13, 2007, to your colleague, Vladimir Drozdoff?  I assume you are attaching my March 13 letter as an exhibit to your motion, and I have received no response, either verbally or in writing from Roche, until your e-mail below.

I understand from your e-mail that you are seeking to compel the full scope of the Roche Rule 30(b)(6) topics as phrased since your e-mail references the "full scope" of the topics 1-4, 6-10,  26 and 27.  As we have pointed out and discussed in our original February 27 meet and confer, the drafted full scope is overbroad, lacks reasonable particularity, calls for irrelevant information, and is an improper contention deposition.  Nonetheless, as set forth in my previous correspondence, Amgen has made a good faith effort to provide Roche with testimony (and in two cases, supplemental interrogatory responses) that meets these categories.

With respect to topics 1-4, 6-10, below are the contents of my March 13, 2007, letter to Mr. Drozdoff that is unresponded to by Roche demonstrating Amgen's efforts to reasonably comply with these vague topics.  I further set forth below our response of March 8, 2007, that address topics 26 and 27.   In your motion, please make sure to expressly direct the Court to this e-mail.

Finally, I also don't see how this course of conduct satisfies the local rules.  Indeed, in some instances, Roche verbally advised us that it was reserving on certain topics when we had our meet and confer of February 27.  If you wish to discuss, please call.  Otherwise, I cannot prevent your intended course of action to seek to compel the full scope

Thank you,

Bill

Contents From March 13 letter

• **Topic 1**

 Roche stated that this topic requires a witness on all characterizations relied upon (even if

not expressly referred to), discussed, or referred to in the Amgen EPO prosecution histories or opposition proceedings in Europe. As I told Roche in my March 7 letter, Amgen cannot prepare a witness to testify on characterizations that are not stated or referred to anywhere in the prosecution histories or oppositions. Moreover, given that the volume of materials exceeds over 120,000 pages of material, the issue as framed is lacking reasonable particularity.

Your letter acknowledges this burden and breadth, but does little to address it, demanding that Amgen simply designate someone. Your letter failed to address our good faith efforts to reach a meaningful compromise on this point. First, we designated Dr. Strickland and he appeared as a Rule 30(b)(6) witness on the characterization of any human erythropoietin relied on, discussed or referred to in his experiments and his declaration that were submitted in the U.S. prosecution or opposition proceedings. Second, we asked Roche to identify any other specific documents from the 120,000 pages at issue addressing specific characterizations, and, assuming reasonable designations and particularity as could be performed with Dr. Strickland, we may be in a position to designate a witness(es). Please reconsider the unreasonableness of your position of refusing to identify the documents that you wish testimony upon, particularly where you acknowledge the volume of material at issue.

• **Topic 2**

This topic relates to the role of any Amgen employee in the prosecution of the EPO patents in the United States, in Europe, and foreign oppositions in Europe. The request is so broad that it even asks for Amgen to prepare a witness on any "statements" by any such individual(s) regarding the characterization of human EPO.

Your letter did not dispute Ms. Carson's earlier representation that Roche would reserve on the issue pending Mr. Borun's deposition. Thus, the first time Roche is raising an issue on this Topic is in your letter of March 8. The delay here is on Roche, not on Amgen. Moreover, the volume of material at issue exceeds over 120,000 pages of materials, and this represents a volume and breadth of material that fails to satisfy the reasonable particularity requirement.

On Friday, Roche requested the deposition of Stuart Watt for March 29, 2007. Per my letter of yesterday, we confirmed this date. We will designate Mr. Watt to further testify on this Topic in that he will be prepared to discuss the identity and general role (subject to privilege) of individuals involved in the relevant patent proceedings. Given Roche's failure to identify specific documents at issue (*See* Topic 1), it is not possible to prepare Mr. Watt, or any other witness, on subsection d, which, as drafted, relates to any representation or "statements" by an Amgen Employee or Agent on the characterization of EPO absent Roche identifying specific and a limited set of documents.

• **Topic 3**

Roche stated that it wants testimony on this topic on all successful and failed attempts, or alternative strategies, to express human EPO in any cell line with any construct up to 1995, excluding production of EPO, and attempts to identify a source for EPO.

As stated in my letter of March 7, we do not understand the relevance up to 1995 to the issues in the case. Your letter does nothing to address the issue as to why the timeframe up to 1995 is relevant given that the patent applications at issue relate back to the 1983-1984 filings. Amgen proposed as a reasonable compromise that we provide testimony on those examples in the specification as it reflects specific work done prior to the Asserted Patents' priority date. Nonetheless, Thomas Boone will testify as a Rule 30(b)(6) witness on post-1984 expression in cell lines other than Amgen's cell line developed for production purposes.

As to pre-1985, we are prepared to designate Dr. Lin on the examples in the Specification of the Asserted Patents as well as efforts to identify cells or tissue expressing or secreting erythropoietin. We note that if your intent is to question Dr. Lin on the very specifics performed by Amgen scientists that is set forth in the voluminous quantity of notebooks we have produced, then you should depose any such individual because preparing a witness on this quantity of material is unreasonably burdensome and lacks particularity.

• **Topic 4**

With this Topic Roche is seeking testimony on efforts by Amgen to express glycoproteins prior to January 1, 1985. Our letter of March 7 stated that we were prepared to provide a deponent on the examples described in the specification of the Asserted Patents that relate to the recombinant expression of EPO as a glycoprotein as Amgen can then prepare a witness to testify on that subject. Your letter proposes that the deposition topic be limited to "obligate glycoproteins." Mr. Boone will be the Rule 30(b)(6) witness on the recombinant expression of glycoproteins other than EPO prior to 1985. Dr. Lin will testify as a 30(b)(6) witness on the specific examples disclosed in the Asserted Patents that relate to the recombinant expression of EPO as a glycoprotein as discussed in Topics 3 and 6

• **Topic 6**

Though not addressed in your letter, we are still confirming that Dr. Lin will be Amgen's deponent on the work disclosed in the specification of the Asserted Patents. We note that if your intent is to question Dr. Lin on the very specifics performed by Amgen scientists that is set forth in the voluminous quantity of notebooks we have produced, then you should depose any such individual because preparing a witness on this quantity of material is unreasonably burdensome and lacks particularity.

• **Topic 7**

This topic seeks testimony on the earliest effective filing date of each of the asserted claims in Amgen's EPO patents, and surrounding facts and circumstances. Roche acknowledged that this is a contention deposition. Roche earlier stated that it wants testimony on whether Amgen is going to deviate from the positions taken in the interferences and the bases therefore.

Your letter changes that position, and states that you are seeking a deposition on the underlying subject mater that was included in the Lin Application "that Amgen may use as support for various possible filing dates." Again, if you want to understand further the facts underlying the examples disclosed in the Specification in addition to those set forth in Amgen's detailed Supplemental Response to Roche Interrogatory No. 3, consistent with the scope of Mr. Lin's anticipated deposition on Topic 6, we are prepared to have him testify, assuming we can confirm on this point. If you still seek contentions, as the quoted language from your letter indicates you may still be seeking, then we will object at the deposition and instruct not to answer as such questioning will be beyond our agreed scope. Please confirm.

**• Topic 8**

This topic addresses the relationship between Eugene Goldwasser and Amgen, including communications and the transfer, exchange, provision or supply of information, know-how, or things between them, concerning erythropoietin in several forms, erythropoietin radioimmunoassays, purification methods, and antibodies. Roche stated that it will limit the time frame of this topic to prior to 1996.

Dr. Strickland has testified on this Topic for Amgen. Beyond what Dr. Strickland testified to, Amgen is unable to identify a current employee of Amgen who has knowledge beyond that provided by Dr. Strickland and otherwise recorded in the documents produced and prior testimony of Amgen employees. Accordingly, Amgen's production of witnesses on this Topic is complete.

**• Topic 9**

Your letter does not dispute our understanding from our February 27, 2007, meet and confer set forth in my March 7 letter that (a) "Roche acknowledged that Amgen has provided the characterization information sought by this topic for EPOGEN®, but still seeks characterization information for Aranesp®" and (b) "Roche indicated that it will reconsider this topic since it is getting Amgen cell lines."

The first communication from Roche on this Topic that it believed that receipt of the cell lines was insufficient was in your March 8, 2007 letter. Again, any delay is due to Roche, not Amgen, on this Topic.

Now that you are raising the issue, we still fail to see the relevance of sub-topics j-o to the issues in the litigation. These sub-topics request Amgen's knowledge on Aranesp's interaction with the Epo receptor, pharmacodynamics, pharmacokinetics, immunogenicity and/or antigenicity, internalization and recycling by cells, and manner of clearance.

Aranesp is not an accused product. Any attempt to compare products, and justify discovery thereon, rests on an improper infringement analysis. An infringement liability analysis requires the application of the Asserted Claims to the accused Roche product and methods. Your letter does not explain the relevance of the information sought, and we do not see how such

subject matter on Aranesp generally comports with the Court's previous Order.

• **Topic 10**

Topic 10 concerns any comparisons performed by or for Amgen on the active drug product in Aranesp® to any recombinant human erythropoietin. Your letter failed to articulate the liability issue that such comparisons are relevant to. Further, as discussed on Topic No. 9, any such comparison rests on an improper infringement analysis. To the extent Roche may contend that some of such subtopics are potentially relevant to an injunction, Amgen's witnesses will be testifying on facts relevant to an injunction in response to Topic 13. We understand from your letter that Roche intends to seek Court assistance on this Topic, and see no basis to justify such a request.

**Contents from March 8 letter**

• **Topic 26**

This topic requests a witness on Amgen's basis for asserting against Roche claims of the '080 patent related to the mature erythropoietin amino acid sequence. Roche stated that this topic is addressed to sham litigation, not infringement. Amgen's position is that its response and supplemental response to Roche's Interrogatory No. 1 is sufficient to address this contention deposition topic.

• **Topic 27**

This topic is directed to Amgen's basis for asserting the '933 patent against Roche. Roche stated that this topic is addressed to sham litigation, not infringement. Amgen stated that this is a contention topic and not appropriate for a Rule 30(b)(6) deposition.

Amgen is willing to further supplement its response to Roche's Interrogatory No. 1 with respect to the '933 patent.

Bill Gaede
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304
wgaede@mwe.com
Phone: 650-813-5035
Fax:     650-813-5100
PFratangelo@kayescholer.com



PFratangelo@kayescholer.com
03/15/2007 12:23 PM

To   WGaede@mwe.com

cc   dfishman@daycasebeer.com, PCarson@kayescholer.com, HHeckel@kayescholer.com, JHuston@bromsun.com,



jleeman@bromsun.com
Subject  Motion to Compel on Roceh 30(b)(6)

Dear Bill,

With respect to Roche's 30(b)(6) deposition notices to Amgen, Roche intends to file a motion to compel witnesses today on Topics 1-4, 6-10, 26 and 27. Please let Pat Carson or I know by 5:15pm eastern if Amgen agrees to timely provide witnesses for the full scope of these topics or we will be forced to file the motion.

Peter Fratangelo
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
(212) 836-8771

＊        ＊        ＊        ＊

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

*******************************************************************************************
IRS Circular 230 Disclosure:  To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.  Thank you.
*******************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

*******************************************************************************************
IRS Circular 230 Disclosure:  To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under

the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

---

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.  Thank you.
*********************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.


*********************************************************************************************************
IRS Circular 230 Disclosure:  To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

---

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.  Thank you.
*********************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.