# Exhibit H

Dockets.Justia.com

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D C

Strategic alliance with MWE China Law Offices (Shanghai)

William G Gaeda III
Attorney at Law
wgaeda@mwe.com
650 813 5035

March 6, 2007

VIA FACSIMILE AND E-MAIL

Patricia A. Carson, Esq.
Thomas Fleming, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Re:   *Amgen Inc. v. F. Hoffmann-La Roche Ltd., et al.*
      **Case No. 05 Civ. 12237 WGY**

Dear Pat and Tom:

I write to follow up on our meet and confer on February 26 and to further address Amgen's objections to particular topics in Roche's First Rule 30(b)(6) Deposition Notice. I note that in particular, during our meet and confer of today, Roche was unaware of a number of the witnesses that Amgen had identified and dates that had been offered in my letter to Tom of March 1, 2007. Likewise, it seems that Tom disregarded the representations made by Pat during our meet and confer of last week that Roche would simply reserve on some topics, as discussed below. So the record is clear, we address topic by topic the requested depositions.

• **Topic 1**

Roche stated that this topic requires a witness on all characterizations relied upon (even if not expressly referred to), discussed, or referred to in the Amgen EPO patent prosecution histories or opposition proceedings in Europe

Amgen cannot prepare a witness to testify on characterizations that are not stated or referred to anywhere in the prosecution histories or oppositions. Moreover, given the volume of material (well over 120,000 pages) and the more than 20 years over which these various proceedings unfolded, the issue as framed is lacking reasonable particularity.

As a compromise, Amgen has identified for you last night that it will produce Dr. Strickland on the experiments he performed and declarations he submitted in the US prosecution or opposition proceedings. Further, Amgen proposes that Roche identify any other similar specific documents that Roche is interested in, and if reasonable in volume and particularity, Amgen will further designate a witness on such topic.

U.S. practice conducted through McDermott Will & Emery LLP

28 State Street Boston Massachusetts 02109-1775  Telephone: 617.535.4000  Facsimile: 617.535 3800  www.mwe.com
3150 Porter Drive Palo Alto California 94304-1212 Telephone: 650 813 5000 Facsimile: 650.813.5100  www.mwe.com

Patricia A. Carson, Esq.
Thomas Fleming, Esq.
March 6, 2007
Page 2

• **Topic 2**

Roche stated during our February 26 call that the deposition of Michael Borun on March 2 would go a long way toward providing testimony on this topic. Roche therefore opted to reserve testimony on this topic for the time being. We have not heard from you specifically in this regard since our meet and confer of February 26.

• **Topic 3**

Roche stated that it wants testimony on this topic regarding all successful and failed attempts, or alternative strategies, to express human EPO in any cell line with any construct up to 1995, excluding production of EPO.

We do not understand the relevance of such broad subject matter up to 1995 to the issues in the case. We are prepared to provide a deponent on the examples described in the specification of the Asserted Patents that relate to the expression of human EPO as Amgen can then prepare a witness to testify on that subject. Please confirm.

• **Topic 4**

With this topic Roche is seeking testimony on efforts by Amgen to express a glycoprotein prior to January 1, 1985. We are prepared to provide a deponent on the examples described in the specification of the Asserted Patents that relate to the expression of human EPO as Amgen can then prepare a witness to testify on that subject. Please confirm.

• **Topic 5**

Roche agreed that the subject matter of Amgen's non-ESA pegylated proteins are not at issue under Judge Young's January 3, 2007 Order, and withdrew the topic in this regard. However, Roche seeks a witness on the development of peg-EPO and peg-Aranesp, as well as any other ESA at any point in time.

Amgen does not agree that development of peg-Aranesp or peg-ESAs (other than peg-EPO) is relevant to any claim or defense in this case. Roche has not provided a cogent explanation to the contrary. Nor has Roche provided a cogent explanation of the issues in this case on research and development of peg-EPO. Nonetheless, per the letter of Deborah Fishman, we offer Dr. Strickland to testify on peg-Epo subject matter. We are ascertaining whether another short deposition by another deponent in this area will be required, and if so, will notify you promptly.

Patricia A. Carson, Esq.
Thomas Fleming, Esq.
March 6, 2007
Page 3

• **Topic 6**

Roche is requesting a witness on the contribution of anyone to Lin's inventions. This topic inherently addresses Amgen's contentions with respect to conception and reduction to practice. Amgen has provided a detailed interrogatory response stating that Lin is the sole inventor and identifying specific key dates. Such a contention deposition is improper under *McCormack*, particularly in view of Roche's failure to set forth its Section 102 and 103 defenses. It bears emphasis that Amgen has already provided to Roche a detailed time line of events that resulted in the filing of the Lin applications. *See* Amgen's Response to Roche Interrogatory No. 3.

Nonetheless, Amgen believes it will designate Dr. Lin on this topic to discuss the underlying facts he directed on the work disclosed in the specification of the Asserted Patents. However, as discussed today and in my letter of last week, Dr. Lin is out of the country, and we cannot at this time confirm, but will do so after his return.

• **Topic 7**

This topic seeks testimony on the earliest effective filing date of each of the asserted claims in Amgen's EPO patents, and surrounding facts and circumstances. Roche acknowledged that this essentially is a contention deposition. Roche stated that it wants testimony on whether Amgen is going to deviate from the positions taken in the interferences and the bases therefore.

Validity of the patents in suit is presumed and it is Roche's burden to prove invalidity. To date, Roche has not disclosed the bases for its §§ 102 and 103 invalidity positions. Once Roche complies with its discovery obligations in this regard, Amgen will further supplement its Response to Roche Interrogatory No. 3.

• **Topic 8**

This topic addresses the relationship between Eugene Goldwasser and Amgen, including communications and the transfer, exchange, provision or supply of information, know-how, or things between them, concerning erythropoietin in several forms, erythropoietin radioimmunoassays, purification methods, and antibodies. Roche stated that it will limit the time frame of this topic to prior to 1996.

Per Deborah Fishman's letter of last night, Dr. Strickland will be providing testimony on this topic. Amgen is currently ascertaining whether another deponent will be required as well to meet its obligation, and if so, will notify you promptly.

Patricia A. Carson, Esq.
Thomas Fleming, Esq.
March 6, 2007
Page 4

• **Topic 9**

Roche acknowledged that Amgen has provided the characterization information sought by this topic for EPOGEN®, but still seeks characterization information for Aranesp®. Roche indicated that it will reconsider this topic since it is getting Amgen cell lines. Amgen reiterated its position that characterization information for Aranesp® is not relevant. Roche has not informed Amgen of its reconsideration on this issue, and we understand that arrangements are being made for the cell line to be transferred.

• **Topic 10**

Topic 10 concerns any comparisons performed by or for Amgen on the active drug product in Aranesp® to any recombinant human erythropoietin. Roche stated its position that this topic is an injunction issue, warranting the broad scope. Amgen disagrees, and as framed, will not provide a witness on this topic.

• **Topic 11**

This topic seeks facts and circumstances concerning the contention by Amgen that Aranesp® or its active drug product is covered or falls within any claim of any patent in suit. Roche stated that it was entitled to test Amgen's supplemental interrogatory response on this subject.

The issue is not relevant to the issues of the Asserted Claims, and this contention deposition is improper. Amgen further has provided a response in the form of its Response to Roche Interrogatory No. 8.

• **Topic 12**

With this topic, Roche requests a witness on all facts and circumstances known to Amgen supporting any Amgen contention that Roche has infringed the patents in suit. Roche stated that this topic is proper, as Amgen has asked for a deposition on the same subject.

Roche objected to Amgen's similar deposition topic and refused to provide a witness to testify. Amgen previously provided a detailed interrogatory response on the subject matter of this topic. Amgen will provide Helen Torley (March 20) as a witness on the underlying non-privileged and non-work product factual information that resulted in Amgen filing suit. *See also* Topics 24 and 25, *infra*.

Patricia A. Carson, Esq.
Thomas Fleming, Esq.
March 6, 2007
Page 5

• **Topic 13**

This topic concerns all facts and circumstances known to Amgen that support any contention that Amgen is entitled to seek injunctive relief against Roche in this case. Roche stated that this topic is directed toward Amgen's business perspective on irreparable harm and why monetary damages are insufficient. Amgen views this topic as overbroad and seeking a contention deposition.

Amgen will provide Helen Torley (previously identified to Roche), Joshua Ofman, and either Mahesh Krishnan or Robert Brenner as the deponents on this topic.

• **Topic 14**

Here Roche requests a witness on all facts and circumstances known to Amgen supporting any contention that Amgen is or may be entitled to damages, and details of such damages. Roche stated that it is entitled to a witness on Amgen's basis for *not* asserting damages, as well as what possible past damages might be.

Again, Amgen has not claimed damages and this topic requires Amgen to speculate about damages it has not claimed. Amgen will not provide a witness on this topic.

• **Topic 15**

Topic 15 concerns markets and submarkets in the United States for ESA products, including Amgen's market share and competition with Amgen's ESA products. Roche agreed to limit the time frame of this topic to January 1, 2002 and later. Roche stated that it is not seeking testimony on the specifics of the Amgen/Ortho agreement, but only on the general breakdown of sales into various segments under the agreement. Roche does not require testimony on the specifics of the clinical oncology market.

Amgen has previously identified Jim Daly (March 27) as the deponent on this topic.

• **Topic 16**

This topic is addressed to actual or potential substitutes for ESA products for the treatment of anemia in ESRD patients and CKD patients. Roche agreed to limit the time frame of this topic to January 1, 2002 and later.

Amgen previously identified Helen Torley (March 20) as the deponent on this topic.

Patricia A. Carson, Esq.
Thomas Fleming, Esq.
March 6, 2007
Page 6

• **Topic 17**

  This topic concerns factors used by Amgen to determine prices for ESA products in the U.S. Roche agreed to limit the time frame of this topic to January 1, 2002 and later.

  Amgen previously identified Fred Manak (March 23) as the deponent on this subject.

• **Topic 18**

  Roche seeks a witness on government and private insurance reimbursement for ESA products in the U.S., the effect of such reimbursement on Amgen sales and marketing strategies for ESA products, and the potential consequences of new ESA products on reimbursement. Roche agreed to limit the time frame of this topic to January 1, 2002 and later.

  Amgen previously identified Helen Torley as the deponent on this topic. Amgen further identifies Fred Manak (March 23), and Joshua Ofman on this topic.

• **Topic 19**

  Amgen's business and marketing plans and sale strategies for ESA products in the U.S. are the subject of this topic. Roche agreed to limit the time frame of this topic to January 1, 2002 and later. With respect to Amgen's plans and strategies for the clinical oncology market, as discussed, Amgen will provide testimony only on a high level.

  Amgen previously identified Bob Azelby as the deponent on this subject and Roche has requested a new deposition date other than the March 14th date that Amgen offered.

• **Topic 20**

  Topic 20 concerns Amgen's analyses of projected sale, market share, or other consequences of the entry of MIRCERA™ into any U.S. market for ESA products. Roche agreed to limit the time frame of this topic to January 1, 2002 and later.

  Amgen previously identified Bob Azelby as the deponent on this subject and Roche has requested a new deposition date other than the March 14th date that Amgen offered.

• **Topic 21**

  Roche requests a witness on structure, parameters, or characteristics of U.S. markets or submarkets in which Neulastra® or Neupogen® is sold, including Amgen's market share, the extent of competition, and barriers to entry of new products. Amgen agreed to provide a witness on this topic as it relates to any alleged bundling of Neulasta® or Neupogen® with EPOGEN®

Patricia A. Carson, Esq.
Thomas Fleming, Esq.
March 6, 2007
Page 7

and/or Aranesp® in the Hospital segment. Roche stated that additional information on the Neulasta® or Neupogen® markets is relevant. The parties did not reach agreement on this particular issue.

Amgen previously identified Jim Daly (March 27) as the deponent on this subject.

• **Topic 22**

This topic is directed to Amgen's plans, strategies, or actions for contracting with Health Care Providers in U.S. markets or submarkets for ESA products, including communications with such providers concerning actual or potential purchase of MIRCERA™ or other potential market entrants. Roche agreed to limit the time frame of this topic to January 1, 2002 and later.

Amgen previously identified Helen Torley (March 20) on this subject.

• **Topic 23**

This topic seeks a witness on actual or contemplated linkage in a contract or agreement by Amgen or discount on a non-ESA Amgen product to a customer's purchase of an ESA product. Roche agreed to limit the time frame of this topic to January 1, 2002 and later. This topic is limited to contracts or agreements with Hospitals.

Amgen previously identified Fred Manak (March 23) on this topic.

• **Topics 24 and 25**

Topic 24 concerns Amgen's basis for instituting and maintaining its case against Roche before the ITC regarding MIRCERA™. Topic 25 concerns Amgen's communications with anyone, including an attorney, on which Amgen relies to show that its intent in instituting the ITC case against Roche was not an attempt to directly interfere with Roche's business by using the proceeding as a competitive weapon. Roche stated that these topics seek a witness on whether Amgen will use an advice of counsel defense to Roche's allegation of sham litigation, which was dismissed.

Helen Torley (March 20) will be the witness on these topics as it relates to non-privileged facts as of the filing date of the ITC Complaint.

• **Topic 26**

This topic requests a witness on Amgen's basis for asserting against Roche claims of the '080 patent related to the mature erythropoietin amino acid sequence. Roche stated that this topic is addressed to sham litigation, not infringement. Amgen's position is that its response and

Patricia A. Carson, Esq.
Thomas Fleming, Esq.
March 6, 2007
Page 8

supplemental response to Roche's Interrogatory No. 1 is sufficient to address this contention deposition topic.

• **Topic 27**

This topic is directed to Amgen's basis for asserting the '933 patent against Roche. Roche stated that this topic is addressed to sham litigation, not infringement. Amgen's position is that this is a contention topic and not appropriate for a Rule 30(b)(6) deposition.

Amgen is willing to further supplement its response to Roche's Interrogatory No. 1 with respect to the '933 patent.

• **Topic 28**

The subject of this topic is Amgen's gross revenue and variable or incremental costs associated with U.S. sales of any Amgen ESA product, and Amgen's calculations of its profits on sales of any ESA product. Roche agreed to limit the time frame of this topic to January 1, 2004 to the present.

Amgen previously identified Phil Martinelli (March 27) and Jeff Parkhurst (March 30) on this topic.

• **Topic 29**

Topic 29 requests a witness on any communications with anyone, including an attorney, that Amgen relies on to show it did not intend to mislead the PTO during prosecution of the EPO patents or interference proceedings. Amgen relies on all of its communications in response to the subject matter of this topic and as such, Amgen objects that the deposition topic as framed is overbroad, vague and ambiguous, lacks reasonable particularity and is an improper contention deposition. We note also that Roche recently propounded an interrogatory on this issue.

Patricia A. Carson, Esq.
Thomas Fleming, Esq.
March 6, 2007
Page 9

     I look forward to resolving these issues as soon as possible.

               Very truly yours,

               William G. Gaede, III

cc:    Mike Gottfried, Esq.
       Krista Carter, Esq.
       Sandip H. Patel, Esq.
       Manvin Mayell, Esq.