# Exhibit I

# KAYE SCHOLER LLP

Hank Heckel
212 836-8748
Fax 212 836-6349
hheckel@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

March 19, 2007

William G. Gaede III
McDermott, Will & Emery
3150 Porter Dr.
Palo Alto, CA 94304-1212
Fax: 650-813-5100
Email: wgaede@mwe.com

    Re:   *Amgen, Inc. v. F. Hoffman-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-LaRoche Inc., Civ. No. 05-CV-12237WGY, D. Mass*

**VIA FAX AND EMAIL**

Dear Bill:

I write in response to your letters of March 14, 2007 to Peter Fratangelo and Patricia Carson regarding the production of Amgen documents relating respectively to pegylated compounds and the designation by Amgen of a witness for Roche's 30(b)(6) Topic 5 regarding pegylated compounds. We understand your representation that all relevant documents relating to pegylated EPO and attempts at pegylating EPO from Amgen's files have been searched and produced and we take this to mean you are not withholding any such responsive documents or "cherry-picking" among such documents. However, your position that pegylation and attempted pegylation of EPO analogues and Aranesp are not relevant subject matter for document production and the designation of an appropriate Amgen 30(b)(6) witness is unacceptable, especially given Amgen's asserted positions in this case. Your position misreads the Court's January 3, 2007 Order in an effort to obstruct legitimate discovery into matters which Amgen has put squarely at issue in this case. Amgen has contended in its interrogatory responses since the Court's Order that its Aranesp ESA product is covered by one or more of the claims in Amgen's EPO patents-in-suit. If Aranesp is covered by Amgen's EPO patents as Amgen claims then the pegylation of Aranesp falls within the scope of the Court's Order which unequivocally states that "Pegylated EPO" is discoverable.

Also Amgen claims that MIRCERA™ which it refers to as "PEG-EPO" is covered by one or more claims of the patents-in-suit. How can Amgen claim that Aranesp is covered by the patents-in-suit and that Roche's pegylated product is covered by the patents-in-suit but that pegylated Aranesp is not relevant to this case? If, as Amgen claims, Aranesp is covered by the patents-in-suit then Roche is entitled to discovery regarding the characteristics of pegylated

31437563.DOC

**KAYE SCHOLER** LLP

2                                                                March 19, 2007

Aranesp or attempts to pegylate Aranesp in order to test Amgen's contentions regarding Roche's pegylated product vis a vis the patents-in-suit. Discovery of this subject matter including comparisons between any pegylated NESP molecules and MIRCERA™ is clearly relevant to this case.

Moreover, Amgen has already conceded the relevance of Aranesp, as noted in the Court's January 3rd Order and produced certain related documents; its attempts to withhold production of documents relating to the pegylation of that product are mere stonewalling.

Pat Carson's letter of March 12, 2007 requested a meet and confer on March 13th on the issue of Amgen's production of documents relating to pegylated NESP among other issues which Amgen has so far ignored. Should Amgen continue to withhold legitimate discovery into Amgen's attempts at pegylating NESP, including fulsome production of related documents and the designation of an appropriate Amgen 30(b)(6) witness on this topic, we will be forced to seek the Court's intervention. Given the limited time left in the tight discovery schedule we propose a meet and confer on these issues for today. Please let us know when you will be available today.

Very truly yours,

Hank Heckel

Hank Heckel

cc:   Deborah Fishman
      Mark Izraelewicz
      Julia Huston
      Thomas Fleming

31437563.DOC

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   LONDON   SHANGHAI