# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., <br><br> Plaintiff, <br><br> vs. <br><br> F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GmbH, AND HOFFMANN-LA ROCHE INC., <br><br> Defendants. | CIVIL ACTION No.: 05-cv-12237WGY |

### PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1-12)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff/Counter Defendant Amgen Inc. ("Amgen") hereby supplements its objections and responses to Defendants' First Set of Interrogatories (Nos. 1-12).

### PRELIMINARY STATEMENT

1. Amgen's responses to Defendants' First Set of Interrogatories are made to the best of Amgen's present knowledge, information and belief. Amgen's responses are subject to amendment and supplementation should future investigation indicate that amendment or supplementation is necessary. Amgen undertakes no obligation, however, to supplement or amend these responses other than as required by the Federal Rules of Civil Procedure of the Local Rules of the United States District Court for the District of Massachusetts.

2. Amgen's responses to Defendants' First Set of Interrogatories are made according to information currently in Amgen's possession, custody and control.

3. To the extent that Amgen responds to Defendants' First Set of Interrogatories by stating information that private, confidential, highly confidential, proprietary, trade secret or otherwise protected from disclosure, Amgen will respond pursuant to the terms of the Protective Order in this case.





00353671-00353672,   00353715-00353720,   00353723-00353724,   00353727-00353739,

00353750-00353751,   00353790-00353792,   00357278-00357496,   00357676-00357810,

00357821-00357830,   00357997-00358107,   00359464-00359669,   00359863-00359998,

00360008-00360017,   00360222-00360332,   00360582-00360716,   00360726-00360735,

00360813-00361018,   00361633-00361683,   00361684-00361786,   00361913-00362124,

00406150-00406869,   00430258-00430259,   00431544-00431548,   00572691-00572696,

00572697-00572708,   00572697-00572708,   00572709-00572721,   00587385-00587386,

00587404-00587405,   00922413-00922414,   00995660-00995684,   00998212-00998213,

01006600-01006604, 01024074-01024076, 01024705-01024706.

**INTERROGATORY NO. 5:**

Describe any basis and/or evidence that Amgen contends demonstrates that by September 1984, once one of skill in the art of the patents-in-suit had possession of the DNA sequence encoding human EPO, why the claimed subject matter would not have been obvious, including without limitation any basis and/or evidence for why it would not have been routine and/or obvious for that person to express the DNA sequence encoding human EPO in mammalian host cells to produce a glycosylated protein and to isolate the resulting EPO protein to make an in vivo biologically active product, and identify all documents and things that support or otherwise refute Amgen's response to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this interrogatory: Amgen specifically objects to this interrogatory on the grounds that it is unduly burdensome and lacks relevance under Rule 26 in that it seeks information regarding non-obviousness before Roche has specified any basis that purportedly would make such information discoverable. As the claimed inventions are presumed valid per 35 U.S.C. § 282, Roche has the burden to specify its contentions, and the bases therefore, that any of the Asserted Claims are purportedly invalid for obviousness. Roche's Interrogatory No. 5 is therefore overly broad and unduly burdensome to the extent that it requires Amgen to anticipate

all arguments and provide "all document and things" before Roche has specified its contentions and the bases underlying such contentions. When Roche fully and fairly answers Amgen's Interrogatories Nos. 9, 10, and 11, Amgen will be in position to fully respond to Roche's Interrogatory No. 5. Amgen further objects to this interrogatory to the extent that it prematurely calls for the opinions of Amgen's expert witnesses, which by the Court's order will be provided in the form of report(s) on April 27, 2007.

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its rights to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen provides the following response to this interrogatory:

The subject matter as a whole of each Asserted Claim would not have been obvious at the time the inventions were made to a person having ordinary skill in the art to which said subject matter pertains, and in possession of the DNA sequence encoding EPO (but without the benefit of Dr. Lin's patent specification). Documents and evidence supporting this conclusion have been produced and include the prosecution histories of the patents-in-suit, the interference records of the interferences involving the patents-in-suit, and the depositions and trial testimony of various witnesses in the interferences and litigations involving the patents-in-suit. These documents have been produced to defendants.

**INTERROGATORY NO. 6:**

Describe whether Amgen contends that in the event that Roche sells MIRCERA™ in the U.S. during the pendency of this lawsuit, Amgen will be seeking monetary damages in this case, and the nature and extent of these monetary damages.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this interrogatory: Amgen objects to this interrogatory on the grounds that it calls for speculation as to what may happen. Amgen's intention is that its complaint for patent

ITC 00991045-080; AM-ITC 00991081-083; AM-ITC 01004923-929; AM-ITC 01006613-756; AM-ITC 01006920-923; and AM-ITC 01007030-037.

Further information relevant to the failure of the work of Goldwasser is set forth in the published decisions regarding Dr. Lin's U.S. patents. The pleadings and Amgen's document production from each of these actions, including Dr. Lin's testimony and that of other relevant Amgen employees, have been provided to Roche in response to Roche's First Set of Requests for the Production of Documents and Things in the ITC proceeding.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its right to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen incorporates by reference its previous response and provides the following supplemental response to this interrogatory:

The Goldwasser experiment did not demonstrate that Dr. Goldwasser's preparation constituted a "therapeutically effective amount of human erythropoietin" because, for example, it did not establish that erythropoietin in Dr. Goldwasser's preparation as administered to the three human subjects caused an increase in hematocrit levels, erythrocyte mass changes, reticulocyte response, and/or ferrokinetic effects.

February 10, 2007

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Kimberlin
Darrell Dotson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
Telephone: (805) 447-5000

AMGEN INC.,

By its attorneys,

_/s/ William G. Gaede III_
WILLIAM G. GAEDE III (pro hac vice)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

D. DENNIS ALLEGRETTI (BBO#545511)

MICHAEL R. GOTTFRIED (BBO#542156)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephones: (617) 289-9200
Facsimile:  (617) 289-9201

LLOYD R. DAY, JR. (*pro hac vice*)
DAVID M. MADRID (*pro hac vice*)
LINDA A. BAXLEY (*pro hac vice*)
DAY CASEBEER MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile:  (408) 873-0220

MICHAEL F. BORUN (*pro hac vice*)
KEVIN M. FLOWERS (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone: (312) 474-6300
Facsimile:  (312) 474-0448