# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-CV-12237WGY |
| v. ) | |
| ) | |
| F. HOFFMANN-LA ROCHE LTD, ) | |
| ROCHE DIAGNOSTICS GmbH, ) | |
| and HOFFMANN-LA ROCHE INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL CONTINUED DEPOSITION OF DR. THOMAS STRICKLAND AND PRODUCTION OF RELATED DOCUMENTS

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff (*pro hac vice*)
David L. Cousineau (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292

*Counsel for*
*F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GMBH,*
March 28, 2007                                          *and HOFFMANN-LA ROCHE INC.*

I.      **INTRODUCTION**

Roche respectfully asks that the Court compel Amgen to produce Dr. Thomas Strickland for continued deposition as a fact witness, and to produce related documents prior to the date of the continued deposition. Amgen is engaged in an inexcusable pattern of efforts to thwart Roche from obtaining relevant testimony on topics essential to Roche's defense, and its refusal to cooperate in scheduling a continued deposition of Dr. Strickland is a prime example of this conduct.

Amgen identified Dr. Strickland's areas of relevant knowledge only on the eve of his deposition, impeded the questioning itself with literally hundreds of speaking objections, and refused to cooperate in scheduling the continuation of Dr. Strickland's deposition, despite acknowledging Roche's right to further questioning. With an April 2 fact discovery deadline looming, Amgen has forced Roche to seek the Court's intervention.[1]

II.     **STATEMENT OF FACTS**

In its Initial Disclosures served upon Roche on November 6, 2006, Amgen stated that Dr. Strickland, an Amgen employee, is a person with discoverable information on the issues of "research and development leading to the inventions described and claimed in Amgen's patents-in-suit" and "urinary erythropoietin." *See* Exhibit A. Amgen also disclosed that Dr. Strickland had given testimony relating to the patents-at-issue in two prior litigations. *See id.* Roche seeks to obtain this valuable information from Dr. Strickland, and Roche noticed its intent to take Dr. Strickland's deposition. *See* Exhibit B. The deposition was eventually scheduled for Friday, March 9, 2007.

---

[1] Nicole A. Rizzo, for Roche, conferred with William Gaede, III, for Amgen, on the instant motion on March 28, 2007 and no agreement was reached.

1

Three days prior to the scheduled deposition, Amgen designated Dr. Strickland as a 30(b)(6) witness and invited Roche to designate the laboratory notebooks it would like Amgen to bring to the deposition. *See* Exhibit C, 3/6/07 Letter from D. Fishman to T. Fleming. Amgen indicated that Dr. Strickland would be prepared to testify about "the experiments and declarations in the U.S. prosecution or opposition proceedings performed or provided by Dr. Strickland," "the experiments concerning pegylation of EPO that were performed by Dr. Strickland or at his direction," and "the relationship between Dr. Goldwasser and Dr. Strickland acting on Amgen's behalf." *See id.*

In anticipation of the need for more than one day of deposition time due to this last-minute designation, Roche requested that the deposition be continued on a mutually agreeable date if it could not be completed on March 9. *See* Exhibit D, 3/7/07 Letter from V. Wiles to D. Fishman. In this letter, Roche's counsel stated that the following Monday, March 12, would not be a potential date for the continued deposition. *See id.* Roche also requested that at the deposition, Amgen provide the original version of all laboratory notebooks collected or used to prepare Dr. Strickland for his testimony as both a 30(b)(6) and a fact witness, and several other categories of documents related to the deposition. *See id.*

Amgen did not respond to this letter. However, on March 8, the evening prior to the deposition, Amgen served upon Roche its Supplemental Disclosures in which it identified, for the first time, Dr. Strickland as a person with knowledge regarding "Amgen's efforts to express erythropoietin, characterize erythropoietin, or produce peg-EPO." *See* Exhibit E. Clearly, this last-minute disclosure was intended to hamstring Roche's questioning on this topic. Due to these late-hitting tactics, Roche's counsel had

2

only three days' notice to prepare to question Dr. Strickland as a 30(b)(6) witness on several topics, and only a few hours on the additional topic of "peg-EPO."

At the beginning of the deposition, however, Amgen's counsel stated that because Dr. Strickland would be testifying in both his personal capacity and in his capacity as a 30(b)(6) witness, "we've offered to continue the deposition for more than seven hours."[2] Counsel went on to say that if necessary, the deposition could be continued on Saturday, March 10, but that it would not be continued to any later date. Roche's counsel responded that, due to Amgen's last-minute designation of Dr. Strickland as a 30(b)(6) witness and identification of Dr. Strickland as a person with knowledge in certain areas, Roche would need to resume the deposition at some later date.

Throughout the deposition, Amgen's counsel interjected numerous times with long, speaking objections and repeated requests for breaks. These tactics were intended to delay and waste time, and indeed, by the end of the day, Roche had not finished questioning Dr. Strickland in either his 30(b)(6) capacity or his personal capacity. Roche's counsel requested that the deposition be resumed at some mutually agreeable time, but Amgen's counsel insisted that Dr. Strickland would only be made available either Saturday, March 10, or the following Monday, March 12. Although Roche had already made its position clear that neither of those dates would work, and requested a

---

[2] The transcript of Dr. Strickland's deposition is designated on its face as confidential, although Roche does not believe that this document is necessarily confidential or that the excerpts quoted and/or summarized herein are confidential. In any event, Roche does not feel it is necessary at this time for the Court to review this document, as Roche summarizes the information it contains that is relevant to the present motion. If Amgen wishes to contest Roche's characterization of the substance of this document, however, Roche will assent to Amgen's motion to file it under seal for further review by the Court.

3

mutually convenient time to reconvene, Amgen's counsel and Dr. Strickland simply walked out of the deposition.

Following the deposition, Amgen purported to withdraw Dr. Strickland as a designated 30(b)(6) witness on the remaining topic that had not been covered in the deposition. *See* Exhibit F, 3/13/07 Letter from W. Gaede to V. Drozdoff. Under the Court's Scheduling Order, however, the parties are each allowed 105 hours of total deposition testimony, and Roche has not reached its allowance. *See* Docket No. 143. Roche is seeking to continue Dr. Strickland's deposition in his <u>personal capacity only</u>, and to obtain the documents Amgen failed to produce at Dr. Strickland's March 9 questioning. Roche proposed the date of March 22 to continue Dr. Strickland's deposition in his personal capacity. *See* Exhibit G, 3/13/07 Letter from C. Jagoe to J. Loeb. Amgen did not respond, and on March 19, Roche again requested the continuation of the deposition on March 22 and invited Amgen to propose alternative dates. *See* Exhibit H, 3/19/07 Letter from C. Jagoe to J. Loeb.

Amgen has not responded to any of Roche's requests to work together to schedule a mutually convenient date, despite its original offer to extend Dr. Strickland's deposition beyond one day and despite the fact that it can easily exert control over its employee's schedule. Amgen has apparently taken the position that Roche has "waived" its right to continue Dr. Strickland's deposition when it did not accept Amgen's proposed dates. This argument has no legal or practical basis  - there is no such thing as "waiving" one's right to a deposition. Roche has a right to take any fact witness's deposition within the 105-hour limit imposed by the Court, and Amgen's refusal to cooperate does not diminish Roche's right to allocate additional deposition hours to Dr. Strickland.

4

Without the Court's intervention, Amgen's conduct will prevent Roche from completing proper discovery before the April 2 deadline. The close of fact discovery, on April 2, is fast approaching. Roche needs testimony from Dr. Strickland in order to prepare its expert witnesses in time for expert discovery and to prepare for trial, and Amgen's attempts to prevent Roche from doing so should not be tolerated.

On March 27, weeks after Dr. Strickland's deposition, Amgen produced a December 20, 1989 memorandum naming Dr. Strickland as co-head of a "new EPO team which will deal specifically with developing new EPO products which do not fall within Claim 1 of the '195 patent." *See* Exhibit I. The memorandum underscores the importance of Dr. Strickland as a deposition witness.

### III.  ARGUMENT

####  A.  Amgen Is Required To Produce A Particular Fact Witnesses For As Many Hours as Roche Requests Within the Overall Hour Allowance.

Amgen must produce Dr. Strickland as a fact witness if Roche so requests, as long as Roche does not exceed its overall hour limitation. Indeed, in the parties' Amended 16.1(D) Joint Statement, Amgen's position on the appropriate number and method for calculating deposition discovery was that each party should receive 105 hours of total deposition testimony, including third parties, and argued forcefully against Roche's proposal that a 30(b)(6) witness should not be deposed for more than seven hours. The Court adopted Amgen's position in its Order, however, and Amgen cannot now shrink from its proposal and unilaterally limit the time that any particular witness may be deposed. *See* Court's Order of November 7, 2007, Docket No. 143. Thus, Roche is completely within its rights under the Court's Order on deposition discovery to continue

5

to take Dr. Strickland's deposition, especially in light of the important information this witness may offer.

Moreover, Amgen has already agreed to continue Dr. Strickland's deposition in his personal capacity. At the beginning and end of the deposition, Amgen's counsel offered to continue the deposition on either March 10 or March 12. In its letter of March 7, Roche's counsel made clear that March 12 would not be a possible date to continue the deposition, yet Amgen insisted that either this date, or the Saturday following the deposition, were the only dates they would produce Dr. Strickland. *See* Exhibit D, 3/7/07 Letter from V. Wiles to D. Fishman. Proposing only two dates, one of which was already ruled out and the other of which was on a weekend, is a transparent effort to obstruct Roche from completing its deposition of this key witness. Amgen's unexplained refusal to cooperate on scheduling this continued deposition has forced Roche to resort to formal discovery procedures and is contrary to the spirit of Local Rule 26.1(A)(1)[3] regarding cooperative discovery.

Indeed, Dr. Strickland is Amgen's employee, which means that Amgen should have even more incentive to cooperate and exert its control over his schedule. If Dr. Strickland were a third party, Amgen could resort to the argument that it could not find a mutually agreeable time to produce the witness. But that is not the case here. Although the parties agreed at the beginning of the deposition to attempt to stay late to finish the deposition, Amgen's counsel simply stood up at 7 p.m. – with less than seven and one

---

[3] Rule 26.1(A)(1) provides that "The judicial officer should encourage cost effective discovery by means of voluntary exchange of information among litigants and their attorneys. This may be accomplished through the use of (1) informal, cooperative discovery practices in which counsel provide information to opposing counsel without resort to formal discovery procedures."

6

half hours on the deposition clock – and walked out of the deposition, instructing Dr. Strickland to do the same. Amgen's counsel stated that any time after Saturday or Monday would be "inconvenient" for Dr. Strickland. It is clear that Dr. Strickland can appear for his continued deposition whenever Amgen's counsel needs him to, within reason, and Roche has repeatedly offered to negotiate on dates. *See, e.g.*, Exhibit H, 3/19/07 Letter from C. Jagoe to J. Loeb. Amgen should be compelled to produce Dr. Strickland for continued deposition at a date prior to the close of fact discovery.

### B. Amgen Has Continuously Engaged In Tactics To Delay, Waste Time, And Frustrate Roche's Ability To Complete Dr. Strickland's Deposition.

Amgen has continuously attempted to thwart Roche's efforts to take a complete and comprehensive deposition of one of its key witnesses, Dr. Strickland. Roche noticed Dr. Strickland for deposition weeks prior to his scheduled deposition date, yet it was only 3 days prior that Amgen identified Dr. Strickland as a 30(b)(6) witness, and less than 24 hours prior that Amgen identified Dr. Strickland as a person with knowledge on the topic of "peg-EPO." Amgen's eleventh-hour designation of Dr. Strickland as a 30(b)(6) witness and identification as a person with knowledge on certain critical topics are undoubtedly tactics designed to prevent Roche from obtaining information crucial to its defense.

Further, Amgen's counsel engaged in repeated and continuous long, speaking objections and requests for breaks that were likewise calculated to stall the taking of Dr. Strickland's testimony. Amgen's counsel demanded an incredible number of breaks throughout the day. More egregiously yet, Amgen's counsel objected approximately 380 times, nearly all with lengthy explanations, and refused repeated requests to stipulate to a

7

standing objection. Additionally, Amgen's counsel inappropriately instructed his client not to answer Roche's counsel's questions more than 10 times, which further wasted time during the deposition. Amgen's pattern of conduct leading up to, during, and following Dr. Strickland's deposition evidences its bad-faith intent to obstruct Roche's ability to extract vital information from this important witness, and Amgen should be compelled to produce Dr. Strickland for a continued deposition.

### C. Amgen Has An Obligation To Produce All Relevant Documents In Connection With Dr. Strickland's Deposition.

In its letter of March 7, 2007, counsel for Roche requested that at the deposition, Amgen provide the original version of all laboratory notebooks related to Dr. Strickland's testimony as both a 30(b)(6) and a fact witness, whether or not they belonged to Dr. Strickland, all declarations and expert reports of Dr. Strickland in all other proceedings, and any original notebooks that contained information related to the data results and procedures in any declaration or expert report executed by Dr. Strickland. *See* Exhibit D. Amgen refused to bring all of the laboratory notebooks Roche requested, and instead brought only 25 of the 105 notebooks, allowing Roche's counsel to examine them only in the deposition room. Not only did this procedure needlessly waste deposition time, it did not satisfy Amgen's obligation to produce all documents relevant to the deposition.

Specifically, Amgen should be ordered to produce:

1. A first-generation color copy of the May 19th Declaration, including all exhibits; and

2. A first-generation color copy of the complete document entitled "Amgen Inc. Response to FDA Questions - 8/10/88," including all attached figures. For your convenience in locating this document, a partial copy with undecipherable gels has been produced at AM-ITC 00339546.

8

Both of these documents are encompassed within one or another of Roche's requests for production of documents and therefore Amgen should be ordered to produce them prior to Dr. Strickland's continued deposition.

### D. Amgen's Stonewalling In Continuing Dr. Strickland's Deposition And Producing Documents Has Prejudiced Roche.

Amgen is well aware that discovery closes on April 2, 2007. Roche must have testimony from Dr. Strickland in order to adequately prepare its experts, prepare any summary judgment motions that may be appropriate, and prepare its case for trial. Because of Amgen's non-compliance with its obligations, Roche is deprived of essential information. Amgen's actions have severely impeded Roche's attempts to support its defenses and counterclaims. A motion to compel Amgen to produce Dr. Strickland for further deposition and the related documents is amply justified under these circumstances.

### IV. CONCLUSION

For the reasons set forth above, the Court should order Amgen to produce Dr. Strickland for his continued deposition as a fact witness and to produce the documents specified in Section III, subsection C above, before the date of the deposition.

| | |
|---|---|
| Dated:  March 28, 2007<br>         Boston, Massachusetts | Respectfully submitted,<br>F. HOFFMANN-LA ROCHE LTD,<br>ROCHE DIAGNOSTICS GMBH,<br>and HOFFMANN-LA ROCHE INC.<br><br>*By their attorneys,*<br><br> /s/ Nicole A. Rizzo_____<br>Lee Carl Bromberg (BBO# 058480)<br>Julia Huston (BBO# 562160)<br>Keith E. Toms (BBO# 663369)<br>Nicole A. Rizzo (BBO# 663853)<br>BROMBERG & SUNSTEIN LLP<br>125 Summer Street<br>Boston, MA 02110<br>Tel. (617) 443-9292<br>nrizzo@bromsun.com<br><br>Leora Ben-Ami (*pro hac vice*)<br>Mark S. Popofsky (*pro hac vice*)<br>Patricia A. Carson (*pro hac vice*)<br>Thomas F. Fleming (*pro hac vice*)<br>Howard S. Suh (*pro hac vice*)<br>Peter Fratangelo (BBO# 639775)<br>Vladimir Drozdoff (*pro hac vice*)<br>David L. Cousineau (*pro hac vice*)<br>KAYE SCHOLER LLP<br>425 Park Avenue<br>New York, New York 10022<br>Tel. (212) 836-8000 |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

 /s/ Nicole A. Rizzo
Nicole A. Rizzo

03099/00501 641700.1