# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., <br><br> Plaintiff, <br><br> v. <br><br> F. HOFFMANN-LA ROCHE LTD, a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN LA ROCHE INC., a New Jersey Corporation, <br><br> Defendants. | Civil Action No.: 1:05-cv-12237 WGY |

### AMGEN INC.'S MOTION TO DEEM DOCUMENTS AND MEMORANDUM CONFIDENTIAL THAT DEFENDANTS' FILED WITH THEIR MOTION TO COMPEL PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD ON GROUNDS OF PRIVILEGE

Pursuant to Local Rule 7.2 and Paragraph 14 of the Amended Protective Order, Amgen Inc., moves for the court to seal confidential Appendices A, B (Exhibits 1, 3, 6, 7, and 8), C and Confidential Memorandum in Support of Defendants' Motion to Compel Production of Documents Improperly Withheld on Grounds of Privilege that Defendants' served on the Court March 28, 2007.

The Court should order that Appendix A, Appendix B (Exhibits 1, 3, 6, 7, and 8) ("Appendix B"), Appendix C and the Confidential Memorandum in Support of Defendants' Motion to Compel Production of Documents Improperly Withheld on Grounds of Privilege ("Memo") are confidential and shall be filed under seal. Appendix A is a chart that Roche's counsel prepared containing summaries of confidential information from Appendix B, which contains pages of deposition transcripts which were designated confidential in prior proceedings and/or in this proceeding. Appendix C is a log of privileged communications that Amgen prepared for in the ITC litigation which was designated confidential. The Memo is confidential because it contains excerpts of deposition testimony that is confidential pursuant to the protective order and has been properly designated as confidential.

In general, the information in the exhibits is confidential on two grounds. First and perhaps more importantly, Roche claims that there is a waiver of the attorney-client privilege through the actual testimony given. In other words, Roche contends that attorney-client confidences were revealed. While Amgen disagrees, but if so, such communications, which have an expectation of confidentiality, should have that confidentiality preserved by filing the documents under seal. At a minimum, the Court should defer ruling on whether the testimony should be made public until it has determined the predicate of whether attorney-client communications are at issue. Second, the information and testimony is subject to Protective Orders in two other prior proceedings, namely (1) *In re the Matter of Certain Recombinant Erythropoietin*, Inv. No. 337-TA-281 (United States International Trade Commission instituted investigation on February 10, 1988), and (2) *Amgen Inc. v. Hoechst Marion Roussel, Inc. and Transkaryotic Therapies, Inc.*, No. 97-10814-WGY. Filing the information publicly will undermine the integrity of those protective orders. Amgen is currently preparing and will timely file its opposition memorandum.

In addition to the foregoing, the following reasons establish that Appendices A, B, C and the Memo are confidential and should be filed under seal:

- Appendix A is a chart that Roche's counsel prepared. The chart contains summaries of excerpts from confidential deposition testimony. The chart information derived from the confidential transcript excerpts it summarizes as well as quotes to the confidential excerpts. (Gaede Decl., ¶ 4).

- Appendix B, Exhibit 1 contains confidential transcript pages from Michael F. Borun's May 17, 1988 deposition in the ITC action, *In re the Matter of Certain Recombinant Erythropoietin*, Inv. No. 337-TA-281 and was also produced and designated "Confidential" in another proceeding. (Gaede Decl., ¶ 5).

- Appendix B, Exhibit 3 contains transcript pages from Michael F. Borun's November 23, 1999 deposition in *Amgen Inc., v. Hoescht Marion Roussel, Inc. and Transkaryotic Therapies, Inc*., No. 97-10814-WGY. The transcript was designated "Confidential Pursuant to Protective Order" at the time of the deposition. The transcript was also produced in a subsequent litigation and was again designated "Confidential Subject to Protective Order." (Gaede Decl., ¶ 6).

- Appendix B, Exhibit 6 contains transcript pages from Joan Christine Egrie's November 10, 1999 deposition in *Amgen Inc., v. Hoescht Marion Roussel, Inc*. *and Transkaryotic Therapies, Inc*, No. 97-10814-WGY. The transcript was designated "Confidential Pursuant to Protective Order" at the time of the deposition. The transcript was also produced in subsequent litigation where it was again designated "Confidential Subject to Protective Order." (Gaede Decl., ¶ 7).

- Appendix B, Exhibit 7 contains transcript pages from Michael F. Borun's March 2, 2007 deposition in the present action and was "designated confidential as per section 5(c) of the Amended Protective Order" at the time of the deposition. (Gaede Decl., ¶ 8).

- Appendix B, Exhibit 8 contains transcript pages from Thomas W. Strickland's September 13, 1999 deposition in *Amgen Inc., v. Hoescht Marion Roussel, Inc*. *and Transkaryotic Therapies, Inc*, No. 97-10814-WGY. The transcript was designated "Confidential Pursuant to Protective Order" at the time of the deposition. The transcript was also produced in subsequent litigation where it was again designated "Confidential Subject to Protective Order." (Gaede Decl., ¶ 9).

- Appendix C contains selected pages from Amgen's privileged documents list which were designated "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" in the ITC action, *In the Matter of Certain Products and Pharmaceutical Compositions Containing Recombinant Human Erythopoietin*, U.S. Int'l Trade Comm'n Inv. No. 337-TA-568. (Gaede Decl., ¶ 10).

- The Confidential Memorandum in Support of Defendants' Motion to Compel Production of Documents Improperly Withheld on Grounds of Privilege contains excerpts from the confidential transcripts listed above. (Gaede Decl., ¶ 11).

Amgen respectfully requests the court to order Appendices A, B (Exhibits 1, 3, 6, 7, and 8), C and the Memo as confidential under the protective order and filed under seal.

April 2, 2007

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
Kimberlin L. Morley
Erica S. Olson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-5000

Respectfully Submitted,
AMGEN INC.,

*/s/ Michael R. Gottfried*
D. Dennis Allegretti (BBO# 545511)
Michael R. Gottfried (BBO# 542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (617) 289-9200
Facsimile: (617) 289-9201

Lloyd R. Day, Jr. (*pro hac vice*)
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

William G. Gaede III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Kevin M. Flowers (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL  60606
Telephone:  (312) 474-6300
Facsimile:  (312) 474-0448

4

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the Plaintiff has attempted to confer with counsel for the Defendants, F. Hoffman-LaRoche Ltd., Hoffman LaRoche Inc. and Roche Diagnostics GmbH, in an attempt to resolve the issues presented by this motion and that no agreement could be reached.

>*/s/ Michael R. Gottfried*
> Michael R. Gottfried

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

>*/s/ Michael R. Gottfried*
> Michael R. Gottfried