

EXHIBIT B

Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

William G. Gaede III
Attorney at Law
wgaede@mwe.com
650.813.5035

February 7, 2007

VIA FACSIMILE AND E-MAIL

Manvin S. Mayell, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Re:  *Amgen Inc. v. F. Hoffmann-La Roche Ltd., et al.*
     Case No. 05 Civ. 12237 WGY

Dear Manvin:

I write in response to your letter of January 31, 2007, on Amgen's continuing production of documents following Judge Young's order. In general, I believe we have agreement on many issues. I respond as follow, and any offer is subject to our reaching agreement on all points.

**Requests 61 and 62 (Documents Concerning Amgen's Share of ESAs)**

The requests are limited to the CKD and the ESRD segments, and as represented in our opposition, we have collected the documents from the sources identified and will produce them as of January 1, 2002

**Request 63 (Documents Concerning the structure or Parameters of ESA Markets)**

I agree with your proposal consistent with what Amgen represented to the Court, but note again, that the request was limited to the CKD and ESRD segments

**Request 64 (Documents Concerning Market Entrants and Barriers to Entry)**

I hope we can reach agreement to use a standard January 1, 2002 date. These are for forward looking documents on market barriers. Roche will not be on the market until 2007. Let me know.

I understand your position on scope, but Judge Young denied Roche's requests to produce documents from oncology as set forth in Request Nos. 69 and 43, including all business and

Manvin S. Mayell, Esq.
February 7, 2007
Page 2

strategic plans that would contain such information called for here, as well as the documents from the oncology clinic channel that had been produced in the Ortho litigation. We need not debate the issue as to the apparent conflict in Judge Young's Order if we can agree to the oncology related documents as set forth in the other parts of this letter that distinguish specifically between the clinic channel and the Hospital channel, with Amgen likewise providing the higher level, strategic documents for oncology in general that potentially may discuss such subject matter.

### Requests 65, 66, and 69 (Business and Strategic Plans)

Judge Young denied the motion to compel these requests. Nonetheless, in the spirit of complying with the other requests, as I confirmed, we are producing such documents generated since January 1, 2002 in the CKD and ESRD segments and will produce the high level business, strategic, marketing and projections plans generated since January 1, 2002, in oncology, assuming we have agreement as stated in this letter.

### Requests 70-72, 74 (Sales, Profit, Cost and Price Data)

We are collecting this data, and it will have related data on sales, price and profit in the oncology sector as well. As to native format, we are prepared to provide native format for ASP modeling and basic sales, price, profit and cost data if Roche is as well. Please confirm.

### Request 114 (Documents Concerning Amgen's ESA Contracts)

We agree to your letter with the one caveat that as we earlier informed you, we have notified customers so that they can object on any confidentiality grounds. It is possible that a customer may object, and if so, we will raise it with you. The bundling issue will be reflected in the contracts, to my understanding, and as we represented to the Court, we will also provide the negotiation documents, if any, surrounding those contracts as well as the internal documents surrounding the formulation of the Hospital contracting program.

### Request 115 (Documents Concerning Amgen Communications Re: CERA)

These documents are being produced.

### Request 116 (Documents Concerning the Effect of Reimbursement on ESA Sales and Markets)

We are producing the documents generated since January 1, 2004, as reflected in our opposition.

Manvin S. Mayell, Esq.
February 7, 2007
Page 3

**Oncology Documents**

With respect to the points you raise, we respond as follow, again, subject to our overall agreement:

1. The data information on oncology sales, prices, profits and costs since January 1, 2000, will be provided.

2. The high-level business and strategic plans on oncology since January 1, 2002, will be provided.

3. You ask for documents discussing any effects on Amgen's sales of ESA products, or on the share of any market or submarket for ESA products, of any linkage, bundling or tying of discounts on Neulasta and/or Neupogen to purchases of Aranesp and/or Epogen in any ESA market, submarket or channel. We are producing any such documents in the Hospital segment, which involves oncology. I'm not clear how a specific document, if any, in the clinical oncology channel discussing the effects on Amgen's sales of ESA products that are allegedly linked, tied or bundled with Neulasta and/or Neupogen in that specific channel is relevant to Roche's articulated claims. Roche cannot lawfully enter that channel, and will not be able to, until at least 2009, if not later. We do not see that consistent with the Order's denial of certain document requests, we are required to search for such documents. Delineating between the Hospital channel and the clinic channel specifically, along with Amgen's general business plans for oncology overall, if any, is consistent with the Court's Order and Roche's articulated relevance as framed in its counterclaims.

4. Your letter asks for complaints or concerns on bundling specifically in the oncology clinic channel. For the reasons stated in number 3, we do not understand that such documents, if any, are called for under the Court's Order. Also, we do not understand that a specific request in the Court's order is even arguably implicated by such subject matter. We will be producing such documents, if any, in the Hospital channel.

Please get back to me as soon as possible to confirm we have agreement.

Very truly yours,

William G. Gaede, III

cc: Mike Gottfried, Esq.
Krista Carter, Esq.
Sandip H. Patel, Esq.