EXHIBIT G

# KAYE SCHOLER LLP

Hank Heckel
212 836-8748
Fax 212 836-6349
hheckel@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

March 30, 2007

Mario Moore
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd, Suite 400
Cupertino, California 95014

> Re:    *Amgen, Inc. v. F. Hoffman-La Roche Ltd, Roche Diagnostics GmbH, and*
> *Hoffmann-LaRoche Inc., Civ. No. 05-CV-12237WGY, D. Mass*

**VIA FAX AND EMAIL**

Dear Mario:

I write in response to your letter of March 29, 2007 requesting to depose Ms. Graf, Ms. Duncan, Mr. Kokino and Mr. Keefe again and for additional time outside Amgen's Court allotted time in which to do so. Your request is untenable; Amgen had all the time it wished to depose these individuals on a range of topics and provides no justification for its wish to have a second deposition with these witnesses. Your complaint regarding Roche's March 16 production is baseless and a mere pretext for Amgen to get a second bite at the apple with these depositions and obtain extra time outside the Court ordered schedule that Amgen requested. None of the files you mention as "referencing" these witnesses are custodial docs from Ms. Graf, Ms. Duncan, Mr. Kokino or Mr. Keefe nor authored by them. These files are cumulative to documents already produced to Amgen and to the topics on which Amgen had an opportunity to depose these witnesses including a range of 30(b)(6) topics relating to sales, marketing, and financial subjects for which these witnesses were well prepared.

Roche had produced over 14 million pages of responsive documents before March 9, 2007 and this included over 80,000 marketing and financial documents. It is utterly ridiculous for Amgen to claim that Roche's document discovery on these issues has been anything less than fulsome and that Amgen did not have all the relevant marketing and financial information it requested and required for the depositions of Ms. Graf, Ms. Duncan, Mr. Kokino and Mr. Keefe. Moreover, Roche has responded to countless letters from Amgen requesting updated production on these issues by undertaking updated searches from the relevant personnel well into 2007 - more than Amgen has done.

It is evident that the miscellaneous and unspecified documents "referencing" the witnesses are a red herring. It is clear Amgen is focused instead on the "MIRCERA WAC Pricing and

31445721.DOC

Dockets.Justia.com

KAYE SCHOLER LLP

2                                                                March 30, 2007

Contracting Strategies Review Meeting" which is the only document you specifically identify and which you called me yesterday about to request a new copy (which we produced to you promptly last night). This pricing document was produced days *in advance* of the deposition of Sonders Beimfohr, Roche's designated 30(b)(6) witness on pricing issues. Moreover, Mr. Beimfohr testified about the meeting referenced in the document and testified about the current new price proposed for MIRCERA. That Amgen received the document before the deposition and chose not to review the document and use it is not the responsibility of Roche. However, it is consistent with Amgen's practice of demanding marketing and financial documents which have already been produced but Amgen failed to search for. (See Letter of Hand to Fratangelo, March 14, 2007; Letter of Fratangelo to Hand, March 19, 2007). Nor can Amgen claim prejudice with respect to this document as it received testimony from Mr. Beimfohr specifically about the document and its substance. Furthermore, this document was generated on February 27, only about 2 weeks before its production. The extent to which Roche has endeavored to update its production with current documents continuously as discovery has progressed certainly exceeds anything Amgen has done with respect to its production.

Amgen should consider its own conduct before it makes such unreasonable demands upon Roche. I note that Amgen itself has produced over 127,000 pages of documents after March 9. In particular, Amgen has produced documents referencing Ms. Torley, Mr. Lyons, Mr. Strickland and Mr. Azelby *including custodial files* all after their depositions in this case. Specifically, Amgen has produced 133 documents referencing Ms. Torley, 35 documents referencing Mr. Lyons, 34 documents referencing Mr. Azelby and 19 documents referencing Mr. Strickland all after their depositions. Further, Amgen refused to provide additional deposition time for Mr. Strickland despite his designation as a 30(b)(6) witness and this refusal is now the subject of a motion to compel before the Court.

Additionally, just this week, Amgen produced a Rule 30(b)(6) witness with respect to the licensing agreement with Ortho who remarkably testified that he did not "believe" he had even seen the agreement before. (Daly Tr. 14). Amgen's attorney then stated that in the "meet and confers" it was agreed that "there was going to be a very high level discussion of the Licensing Agreement" at the deposition (Id.). Even if that were true (which it is not), no matter what "level" a witness is testifying on with respect to an agreement, it goes without saying that the witness must at least have read the document. The same day, Mr. Marinelli testified at his deposition that his personal files contain "plan forecast and actual documents," "supporting analyses that reflect the results of operations," and maybe "a profit or loss or controllable margin statement." (Marinelli Tr. 36-37). These documents are clearly responsive to Roche's document request, yet neither these nor any other document -- not a single document -- was produced from Mr. Marinelli's files. (See Letter of Fratangelo to Fishman, March 12, 2007; Letter of Gaede to Fratangelo, March 14, 2007). Given this behavior by Amgen, and its other conduct during discovery, which is far too extensive to summarize here, if ever there were a case of the pot calling the kettle black, this is it.

Amgen had ample time and ample documentation with which to question Roche's witnesses Ms. Graf, Ms. Duncan, Mr. Kokino and Mr. Keefe and must be accountable for its use of those

31445721.DOC

# KAYE SCHOLER LLP

March 30, 2007

3

resources.  Moreover, Amgen's own conduct during discovery completely undermines Amgen's credibility in asking for additional deposition time.  Further this request is completely at odds with the discovery schedule advocated by Amgen and ordered by the Court.  Roche will not agree to further deposition of these witnesses nor will it countenance a request for more hours beyond Amgen's budgeted time.

Finally, we are putting you on notice that we expect Amgen to cooperate in providing discovery with respect to its reply to Roche's counterclaim, which, given Judge Young's ruling today, is due on April 19.  See Fed. R. Civ. P. 12(a)(2).

Very truly yours,

Hank Heckel

cc:  Michelle Moreland
     Mark Izraelewicz
     Julia Huston
     Thomas Fleming

3144572 I.DOC

NEW YORK    CHICAGO    LOS ANGELES    WASHINGTON, D.C.    WEST PALM BEACH    FRANKFURT    LONDON    SHANGHAI