# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
AMGEN INC.,                         )
                                    )
        Plaintiff,              ) Civil Action No. 05-CV-12237WGY
v.                                  )
                                    )
F. HOFFMANN-LA ROCHE LTD,           )
ROCHE DIAGNOSTICS GmbH,             )
and HOFFMANN-LA ROCHE INC.,         )
                                    )
        Defendants.             )
_____)

### DEFENDANTS' OPPOSITION TO AMGEN INC.'S MOTION TO DEEM DOCUMENTS AND MEMORANDUM CONFIDENTIAL THAT DEFENDANTS' FILED WITH THEIR MOTION TO COMPEL PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD ON GROUNDS OF PRIVILEGE

Amgen's Motion to Deem Documents and Memorandum Confidential is in flagrant disregard of the Orders and procedures established by this Court. The Court has made it abundantly clear on numerous occasions that this litigation is public and that no documents shall be filed under seal unless they contain trade secrets. Indeed, Amgen fails to comply even with the Court's Protective Order to which Amgen itself stipulated. Amended Protective Order of 2/7/07 at ¶ 14 (Docket No. 274) ("No document shall be filed in Court under seal absent allowance of a particularized motion to seal that would be allowed only if the filing includes a <u>trade secret</u>.").

Amgen's motion makes no mention of the trade secret status of its documents, is not accompanied by a supporting memorandum, and is not supported by a declaration from a scientist or other company insider who can attest to the trade secret status of the documents at issue. This is not particularly surprising, since the documents sought to be sealed are Amgen's own privilege log and certain deposition testimony about events that

occurred decades ago in connection with the prosecution of patents that have already issued.  The deposition testimony sought to be sealed, which is summarized in the Appendix A submitted to the Court *in camera*, relates to events that occurred during the prosecution of Amgen's patents between 10 and 25 years ago – this ancient history regarding patents that issued long ago is not even confidential, much less a trade secret.  While disregarding this Court's directive that only trade secrets may be filed under seal, Amgen has practically made a sport of filing Roche's confidential information under seal, causing Roche to spend tens of thousands of dollars to prepare detailed submissions to the Court.  Amgen's current failure to comply with the Protective Order is part of a pattern of conduct which should be condemned by this Court.  Accordingly, Roche requests that the Court deny Amgen's motion and enter appropriate sanctions against Amgen.

## I. AMGEN HAS DISREGARDED THIS COURT'S ORDER THAT ONLY DOCUMENTS CONTAINING TRADE SECRETS MAY BE FILED UNDER SEAL

On numerous occasions, the Court has informed the parties that no documents will be filed under seal unless they contain a trade secret.  The Court clearly pronounced this position in its order of November 30, 2006 (Docket No. 159) in which it stated, "NO DOCUMENTS Shall Be Filed in the Court Under Seal Absent Allowance of a Particularized Motion to Seal Which Would Be Allowed ONLY if the Filing Would Reveal A Trade Secret.  THIS LITIGATION IS PUBLIC."  (emphasis in original).

During a motion hearing on December 20, 2006, the Court explained to the parties the importance of the public nature of this litigation and the way in which they should proceed if they deemed it necessary to file a document under seal.  The Court painstakingly laid out its instructions:

> This is public patent litigation.  Everything that gets filed in court, and this is consistent with what I've said all along, everything that gets filed in court gets filed publicly.  The only things I will consider sealing are trade secrets.  And then -- I'm just repeating myself -- upon a motion properly made and supported by a detailed brief, which I will review with the utmost skepticism, all of which, both motion and supporting papers, are themselves completely public. . . . I don't want to know what counsel say.  Counsel always think everything's confidential or not confidential.  You're the advocate.  I want the scientists.  I want the sales manager who says nobody knows anything about this and here's why . . . And that's all public.

In its motion, however, Amgen does not even <u>allege</u> that the documents it seeks to file under seal contain trade secrets.  Moreover, it did not file a memorandum in support of its motion and thus could not have complied with the Court's order that any party moving to seal submit a "particularized" motion and "detailed brief."  Amgen's only support for its motion is a declaration from one of its outside counsel, William G. Gaede III, which directly contradicts the Court's decree that it did not "want to know what counsel say" but instead wanted to hear from company insiders as to why the documents at issue contain trade secrets.

Moreover, pursuant to the Court's Order outlined above, the parties entered into a Protective Order that encompasses the procedure for complying with the Court's directive in filing motions to seal.  The Protective Order, which was entered by the Court, provides that "No document shall be filed in Court under seal absent allowance of a particularized motion to seal that would be allowed only if the filing includes a trade secret."  *See* Amended Protective Order of 2/7/07 at ¶ 14 (Docket No. 274).  Amgen does not even pretend to comply with the Protective Order or the Court's Order in its present motion to seal.

Amgen has repeatedly violated the Protective Order with its numerous attempts to file Roche's confidential and trade secret documents in the public record, forcing Roche to expend tens of thousands of dollars to comply with the Court's directive to prove that the

3

documents at issue are trade secrets, where such documents were irrelevant and unnecessary to the disposition of the underlying motion. The Court first noted the impropriety of Amgen's conduct in its Order of January 22, 2007, in which it disposed of the underlying motion without the need to refer to the confidential documents at issue and proclaimed that "This Whole Business of Filing Allegedly Confidential Documents Anent Discovery Motions Is Proving A Massive Waste of Time." Yet, only a few weeks later, Amgen ignored the Court's statement and proceeded to attempt to file Roche's confidential and trade secret documents in the public record once again. The Court made its position on this conduct abundantly clear in its Order of February 28, 2007, in which it stated, "This Ruling Has Been Made Without Any Reference to the So-Called Confidential Documents, A Procedure Which - It Is Becoming Increasingly Apparent - Is Being Employed Solely to Harass and Embarrass An Opposing Litigant and Cause Waste of Resources. This Court Will Not Continue to Tolerate Such Litigation Conduct." Amgen should not be allowed to abuse the Protective Order by repeatedly attempting to harass Roche by filing its confidential documents in the public record, and then violate the Court's Orders with a frivolous motion to seal documents which Amgen doesn't even allege to contain trade secrets. In light of the extent to which Amgen's abuse of this Court's Orders has burdened Roche and this Court, Amgen's motion to seal should be denied and appropriate sanctions should be entered.

**II. THE DOCUMENTS AMGEN SEEKS TO FILE UNDER SEAL ARE NEITHER CONFIDENTIAL NOR TRADE SECRETS AND SHOULD BE FILED IN THE PUBLIC RECORD**

It is clear that the documents are neither confidential nor trade secrets and should therefore be filed in the public record. Amgen's attempt to file its own privilege log under seal is particularly outrageous, and would be wholly unjustified under Local Rule 7.2 even

4

in the absence of the Court's specific directives in this case. The other documents Amgen seeks to seal are excerpts of testimony given by Michael Borun, the outside attorney for Amgen who prosecuted the patents-in-suit, and two Amgen employees who participated in Amgen's development of the patented technology. These individuals testified as to the inventorship of the Amgen patents and other matters, thereby waiving the attorney-client privilege as to that subject matter. Notably, the Amgen patents are based on applications that Borun filed on behalf of Amgen in 1983 and 1984 – nearly 25 years ago. The first patent based on those applications issued in 1987, and the last one issued in 1999. These events of long ago regarding issued patents clearly cannot constitute trade secrets in this day and age, and Amgen's failure to allege their trade secret status is telling.

### III.     CONCLUSION

For the reasons set forth above, Amgen's Motion To Deem Documents And Memorandum Confidential That Defendants' Filed With Their Motion To Compel Production Of Documents Improperly Withheld On Grounds Of Privilege should be denied in full. Roche further requests that the Court enter sanctions against Amgen for its repeated failure to comply with the directives of the Court regarding the filing of information under seal.

Dated:  April 2, 2007
   Boston, Massachusetts

Respectfully submitted,
F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their attorneys,*

 /s/ Nicole A. Rizzo_____
Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
nrizzo@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff (*pro hac vice*)
David L. Cousineau (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

 I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                 /s/ Nicole A. Rizzo
                Nicole A. Rizzo

03099/00501 645707.1