# KAYE SCHOLER LLP

Patricia A. Carson
212 836-7466
Fax 212 836-6335
pcarson@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

February 5, 2007

**VIA EMAIL & FAX**
Deborah E. Fishman, Esq.
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd, Suite 400
Cupertino, California 95014
email: dfishman@daycasebeer.com

Re:   *Amgen, Inc. v. F. Hoffmann-La Roche, Ltd., et al.*

Dear Deborah:

I write in response to your letter of February 1st, which purports to summarize your discussion with me and Tom Fleming that day regarding production of Roche's cell line.

During our February 1st discussion you agreed that the Court's order of January 30th compels both parties to produce their production cell lines. You disputed only whether Judge Young's order included the production of the cell line for Aranesp, notwithstanding the fact that Amgen takes the position (without explanation) that Aranesp is covered by one of more of the patents in suit. As we explained during our call, since Roche bears the burden to prove different claims and defenses, additional Amgen cell lines, including the cell line used to produce Aranesp and any ESA producing cell lines used by Lin at the time the Lin patents were filed are relevant. To move matters forward we agreed to temporarily defer the discussion of Amgen's production of its Aranesp cell lines (recognizing that Roche still fully expects the production of this and other cell lines) and we focused our negotiations on production of Amgen's cell line used to produce EPO and Roche's cell line used to produce Neorecormon as a means of discussing logistics concretely. As Tom Fleming said, Roche was interested in discussing a process so that there would be "reasonable reciprocity" around the parameters for the parties' respective production of their cell lines. You even agreed that your client would want restrictions on the handling of the cell lines it produced.

Based on your letter, it now appears that Amgen even disputes that the Court's order calls for any reciprocal production of cell lines. This position directly contradicts your stated position during our call. While we continue to determine how can bring the Neorecormon cell line into the United States properly, Roche continues to believe that we need a clear agreement setting out what each party will respectively produce and the conditions and restrictions that are to be in place surrounding the handling of this admittedly highly sensitive, confidential and proprietary materials. As we stated in the call, Amgen has now had several weeks to coordinate the

31413830.DOC

**KAYE SCHOLER** LLP

Deborah Fishman                                       2                                    February 5, 2007

compliance with the Court's directive to produce its cell lines (particularly those which have been the focus of other litigation), and any continuing argument that Amgen needs more time just doesn't ring true. Amgen's materials are all located in the United States, but the same is not true for Roche, and we explained the logistical and legal difficulties with which Roche must comply.

Amgen's shifting position only underscores our need to have an agreement in writing that Amgen will abide by the Court's order and produce its cell lines. As I pointed out during our call, Roche is not refusing to produce its cell line or insisting on a simultaneous exchange. Rather, Roche is moving forward to determine how to bring the cell line into the United States. The purported "disparity in the timing of each party's discovery requests" referred to in your letter is a red-herring. As of the date of the Court's order, both parties have been under an obligation to produce their respective cell lines. In fact, the day after that order issued, I immediately wrote to you offering to discuss the specifics of the exchange. Amgen, not Roche chose to engage in unproductive letter writing, rather than agreeing to a discussion to facilitate transfer of the party's cell lines. Only after I had made two follow-up requests for a conference to discuss production, did you agree to our call on February 1st. As you know from that call, since receiving the Court's order we have been working with Roche to determine the applicable import restrictions and necessary permits required to import Roche's cell line from Europe. In contrast, it is clear from our discussion and your letter that Amgen has done nothing to initiate the production process.

Your suggestion that agreement on usage and handling restrictions can wait until after production, fails to take into account the fact that before Roche can import its cell line, it must comply with United States Department of Agriculture ("USDA") importation guidelines. Materials derived from all animals are potentially subject to USDA regulations and must be cleared by USDA inspectors at the port of arrival before entry into the U.S. is authorized. We are in the process of investigating whether the proposed importation falls under an exemption or whether a permit will be required. If a permit is required, certain information regarding inter alia, the amount, proposed use and disposal of the imported material must be provided.

Moreover, as we discussed the other day, it is in both of our clients' interest to agree to appropriate restrictions regarding the handling of their respective trade secret material prior to production. For that reason we suggested that you review with Amgen the proposed order that Roche submitted with its opposition and determine which provisions Amgen would like to have in place, along with any additional suggestions that your client might have. You informed us during our call on February 1st, that this could not be accomplished before today, February 5th. We therefore look forward to receiving your client's views today or shortly thereafter.

Very truly yours,

*Pat Carson/ym*

Patricia Carson

cc:     Thomas F. Fleming, Esq.
        Howard S. Suh, Esq.
        Julia Huston, Esq.
        Patricia R. Rich

31413830.DOC

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   LONDON   SHANGHAI

# KAYE SCHOLER LLP

From: Patricia A. Carson
212 836-7466
Fax 212 836-6355
pcarson@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

# FAX

DATE: February 5, 2007

Total number of pages including this cover sheet:

| DELIVER TO: | PRIMARY FAX NUMBER: | TELEPHONE NUMBER: |
| --- | --- | --- |
| Deborah Fishman | 408-873-0220 | 408-873-0110 |
| Michele Moreland | 650-813-5100 | 650-813-5000 |
| Mark Israelewicz | 312-474-0448 | 312-474-6300 |
| Patricia R. Rich | 617-289-9201 | 617-289-9290 |
| Julia Huston | (617) 443-0004 | (617) 443-9292 |

If primary fax number is unreachable, contact the addressee's telephone number for alternate fax number? Y/N   n

**IF YOU DO NOT RECEIVE ALL THE PAGES INDICATED ABOVE,
PLEASE CALL US BACK AS SOON AS POSSIBLE AT: (212) 836-7466**

NOTE:

This facsimile transmission contains confidential and/or legally privileged information from the law firm Kaye Scholer LLP intended only for the use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for the return of the documents to us at no cost to you.

31401034.DOC            User #:0999            Client/Matter #: 34484/0002