# KAYE SCHOLER LLP

Patricia A. Carson
212 836-7466
Fax 212 836-6335
pcarson@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

February 16, 2007

**VIA EMAIL & FAX**
Deborah E. Fishman, Esq.
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd, Suite 400
Cupertino, California 95014
email: dfishman@daycasebeer.com

Re:   *Amgen, Inc. v. F. Hoffmann-La Roche, Ltd., et al.*

Dear Deborah:

I write in response to your letter of yesterday regarding attempts to reach a stipulation regarding the parties' cell lines. I am both puzzled and disappointed at your rejection of the draft stipulation I proposed on February 13, 2007. Contrary to your claim that this proposed stipulation is drastically different in substance and spirit than the agreement the parties have been negotiating and contemplating, our proposed stipulation is consistent with our discussions and prior drafts. Amgen's proposed draft, on the other hand, raises several questions of Amgen's intent and seems to contradict the purpose of this stipulation.

We started down this road because your letter dated February 5th stating that "Roche has been ordered to produce its cell line because it refused to reach a stipulation regarding the RIA values and documents that would demonstrate that such RIA values were not produced" indicated that a stipulation to this effect would satisfy Amgen's needs. In the current draft of the stipulation and prior drafts, Roche stipulates as to production levels of its cell line. I fail to understand why Amgen refuses to accept our proposed language precluding Amgen from using the stipulation as evidence related to any other issue other than infringement of the '349 claim element in question, when previously and even in your current proposal you agree that the stipulation does not affect Roche's ability to assert that the claims of the '349 patent are invalid. If Amgen is truly agreeing to this position rather than hiding behind word games, Amgen should accept this language in our proposed stipulation. I can only assume that Amgen is planning a technical loophole in the language to argue that the stipulation somehow has a different meaning than the agreement we are attempting to reach with Amgen now.

Amgen's insistence on inserting the word "new" in paragraph 3 of your latest draft also indicates that Amgen is acting in other than good faith, and suggest that it is planning on attempting to

**KAYE SCHOLER** LLP

Deborah Fishman     2     February 16, 2007

compel production of Roche's cell line despite the stipulation while trying to preserve an ability to refuse to produce Amgen's relevant cell lines to Roche.

Given these positions taken by Amgen, we cannot agree to your latest proposed stipulation. If Amgen continues to play word games to craft a stipulation that it can then later argue is different than the spirit, substance and intent (at least expressed intent in Amgen's case) of the parties' agreement, then it seems we will be unable to enter into a stipulation. I am open to discussing Amgen's reasoning regarding the disputed language and to discuss mutually acceptable revisions. If you wish to discuss further, please let me know. Alternatively, we will need to resume discussions regarding appropriate safeguards for production of Amgen's relevant cell lines, including its Aranesp line, and importation and production of Roche's cell line.

Very truly yours,

Patricia Carson

cc: Thomas F. Fleming, Esq.
      Howard S. Suh, Esq.
      Julia Huston, Esq.
      Patricia R. Rich