Amgen Inc. v. F. Hoffmann-LaRoche LTD et al Doc. 371

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

AMGEN INC.,

Plaintiff,

v.

F. HOFFMANN-LA ROCHE LTD, a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN LA ROCHE INC., a New Jersey Corporation,

Defendants.

Civil Action No.: 1:05-cv-12237 WGY

**AMGEN INC.'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL CONTINUED DEPOSITION OF DR. THOMAS STRICKLAND AND PRODUCTION OF RELATED DOCUMENTS**

Dockets.Justia.com

# TABLE OF CONTENTS

Page

I. INTRODUCTION ....... 1

II. SUMMARY OF FACTS ....... 1

III. ARGUMENT ....... 3

A. The Court's November 7, 2006 Scheduling Order Did Not Excuse Roche From Complying With the Good Cause Requirement for Additional Deposition Time Under Rule 30(d)(2) ....... 3

B. Roche Has Not Shown Good Cause To Depose Dr. Strickland Again ....... 4

1. Roche Has Not Shown What Further Questioning Is Necessary To Warrant Deposing Dr. Strickland for More Than Seven and One-Half Hours ....... 4

2. Roche Had Ample Time and Notice To Prepare for Dr. Strickland's Deposition ....... 5

3. Roche Had Indicated That Additional Deposition Time Was Needed Only on the Last Rule 30(b)(6) Topic (Topic 5) ....... 6

4. Amgen Acted in Good Faith and a Cooperative Manner To Provide Roche a Full and Fair Opportunity To Depose Dr. Strickland ....... 6

5. Additional Time Is Not Warranted Given the Lack of Focus to the Questioning ....... 8

C. Better Quality Copies of the Requested Documents Were Either Already Produced or Do Not Exist ....... 10

IV. CONCLUSION ....... 11

# TABLE OF AUTHORITIES

**Page**

**OTHER AUTHORITIES**

7 James Wm. Moore, et al.
MOORE'S FEDERAL PRACTICE, § 30.45 (3d. ed. 2006) ........................................................ 3, 4

**RULES**

Fed. R. Civ. P. 26(a) ........................................................................................................ 2, 5

Fed. R. Civ. P. 30 ......................................................................................................... 1, 4, 7

Fed. R. Civ. P. 30(b)(6) ............................................................................... 1, 3, 4, 5, 6, 7, 8

Fed. R. Civ. P. 30(d)(2) ..................................................................................... 1, 3, 4, 9

Fed. R. Civ. P. 30(d)(4) ............................................................................................................ 4

## I. INTRODUCTION

Roche deposed Dr. Thomas Strickland on March 9, 2007, from 9 A.M. to 7 P.M., obtaining close to 400 pages of testimony. Having failed to conduct an organized, efficient, well-planned deposition, Roche now wants Dr. Strickland compelled to submit to further questioning. But Roche does not justify this request by making a proper showing of good cause for additional deposition time under Rule 30(d)(2). Nowhere in Roche's motion does it establish good cause by articulating additional specific areas of questioning that it could not complete in his March 9 deposition. Instead, Roche resorts to a number of inaccurate accusations about Amgen that simply do not withstand scrutiny, ignores the legitimate right under Rule 30 to state an objection and its grounds, and ignores Roche's unreasonable behavior.

Finally, more than ten months ago Amgen produced both of the documents requested in Roche's motion. Roche requested and received a first generation color copy of one page of the first document (the "May 19th Declaration") a full week before Dr. Strickland's deposition. The original of the other document is itself a photocopy and after a reasonable search, no better copy has been found. There has been no "stonewalling" as Roche asserts – a better color copy of the documents requested is not possible. Roche has not been prejudiced. There is nothing more for Amgen to produce.

## II. SUMMARY OF FACTS

Dr. Strickland's personal deposition was set for March 9, 2007. Three days in advance of the deposition Amgen identified Dr. Strickland as its Rule 30(b)(6) witness on three limited topics that would address Dr. Strickland's specific work within the scope of the topics. (Declaration of Jonathan Loeb ("Loeb Decl."), Ex. 1.) (On occasion, in this fast-moving case, Roche has provided Amgen less than 24 hours notice that a witness would also be Roche's 30(b)(6) witness on specific topics.) (Loeb Decl., Ex. 2.) Also in advance of the deposition Amgen offered to extend Dr. Strickland's deposition by a few hours or to continue the deposition the morning following or the beginning of the following week to cover both the personal and Rule 30(b)(6) Topics. (Loeb Decl., Ex. 3.) Roche refused all such offers out-of-hand. (Loeb

Decl., Ex. 4.) On March 8 Amgen notified Roche that Dr. Strickland's deposition would be rescheduled if Roche would not commit to completing it on March 9 (with the additional time offered). (Loeb Decl., Ex. 3.) Roche did not respond to Amgen's letter, and Amgen and Dr. Strickland arrived at Roche's counsel's offices anticipating that Roche would complete the deposition as scheduled. (Loeb Decl., ¶ 7.) Dr. Strickland lives and works in Colorado, and had traveled to California for his deposition to accommodate Roche. (Loeb Decl., ¶ 8.)

On March 8, 2007, Amgen supplemented its Rule 26(a) Disclosures. (Loeb Decl., Ex. 5.) In part, Amgen's supplemental disclosures identified Dr. Strickland as one of seven people with knowledge about Amgen's efforts to express or characterize erythropoietin, or to produce peg-EPO. (Loeb Decl., Ex. 5 at 3-4.) Amgen had produced Dr. Strickland's laboratory notebooks disclosing this information some nine months earlier. (Loeb Decl., ¶ 10.) Amgen had also previously identified Dr. Strickland's laboratory notebook pages on his specific work on peg-EPO in a January 9, 2007, interrogatory response. (Loeb Decl., Ex. 6.) Further, in response to Roche's requests, Amgen re-produced in the form of high-quality color copies over 100 pages from Dr. Strickland's laboratory notebooks. (Loeb Decl., Ex. 7.)

In the weeks before Dr. Strickland's deposition Amgen made repeated offers to allow Roche to inspect Dr. Strickland's and other laboratory notebooks where they are kept at Amgen's headquarters. (Loeb Decl., Ex. 8.) Roche refused all such opportunities, giving no explanation. (Loeb Decl., ¶ 14.) Instead, Roche demanded that Amgen transport 103 original laboratory notebooks to Roche's counsel's office for Dr. Strickland's deposition. (Loeb Decl., Ex. 4.) Noting that transporting so many notebooks would be impractical and that it would be impossible for Roche to question Dr. Strickland on all 103 notebooks requested, Amgen offered to bring a more reasonable number to the deposition. (Loeb Decl., Ex. 3.) Roche then identified 25 notebooks, and Amgen made them available at the deposition. (Loeb Decl., ¶ 15.) In the end, Roche questioned Dr. Strickland on only six of the notebooks. (Loeb Decl., ¶ 16.)

Dr. Strickland's deposition on March 9, 2007, went from 9 A.M. to 7 P.M. During that ten hour period, Amgen's counsel requested a total of five breaks. (Loeb Decl., Ex. 9, ¶ 18.) At the

deposition Amgen repeated its earlier offer to continue the deposition the following morning (Saturday) or the following Monday; Roche once again refused, without reason or explanation. (Loeb Decl., Ex. 9, pp. 11-13.)

At 7 P.M. Amgen's counsel, noting that "ten hours in one day is enough for any witness," again offered to continue the deposition the following morning (Saturday) or the following Monday. (Loeb Decl., Ex. 9, pp. 376-377.) Roche's counsel merely said, "I can't agree to that . . . [w]e'll have to meet again for the final topic of your 30(b)(6) deposition," which related to Rule 30(b)(6) Topic 5 on Amgen experiments to pegylate EPO. (Loeb Decl., Ex. 9, pp. 377-378.) Amgen subsequently withdrew Dr. Strickland as its Rule 30(b)(6) witness on the referenced remaining topic of pegylating EPO, and identified Tom Boone to testify on that and other subject matter. (Loeb Decl., Ex. 10.)

Roche contends that Amgen did not respond to its letters after the deposition requesting new dates and a meet and confer. That is not true. Amgen informed Roche on March 19, 2007, that it considered the personal deposition of Dr. Strickland concluded and further made clear that it was withdrawing Dr. Strickland as a company representative on Rule 30(b)(6) Topic 5. (Loeb Decl., Ex. 11.) Roche did not respond until March 28, when it gave Amgen two hours notice to meet and confer before filing this motion. (Loeb Decl., Ex. 12.)

## III. ARGUMENT

### A. THE COURT'S NOVEMBER 7, 2006 SCHEDULING ORDER DID NOT EXCUSE ROCHE FROM COMPLYING WITH THE GOOD CAUSE REQUIREMENT FOR ADDITIONAL DEPOSITION TIME UNDER RULE 30(d)(2)

Rule 30(d)(2) provides that "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours." Fed. R. Civ. P. 30(d)(2). Roche already has deposed Dr. Strickland for more than seven hours, and thus is not entitled to further time absent a showing of good cause. 7 James Wm. Moore, et al., MOORE'S FEDERAL PRACTICE, § 30.45 (3d. ed. 2006).

Seeking to avoid the good cause requirement, Roche argues that the Court's November 7, 2006, Rule 16 Scheduling Order imposing an overall limitation of 105 hours of fact depositions

per side somehow negated the protection of Rule 30's seven hour time limitation for any single deponent. (Roche Mem. at 5; Docket No. 143.) Thus, under Roche's theory, it would have been entitled to depose a single witness for up to 105 hours, if it chose to spend its time in that manner, free from the requirements of Rule 30(d)(2). Nothing in the Court's Scheduling Order setting an overall deposition time limitation states or implies that the Court vacated Rule 30(d)(2)'s protections for any single deponent.

### B. ROCHE HAS NOT SHOWN GOOD CAUSE TO DEPOSE DR. STRICKLAND AGAIN

If a party seeks a court order to extend the time for examination, it must show good cause to justify such an order. 7 James Wm. Moore, et al., MOORE'S FEDERAL PRACTICE, § 30.45 (3d. ed. 2006). Further, if a deposition is being conducted in bad faith or in a way to unreasonably annoy, embarrass, or oppress the deponent or party, the Rules envision that a court can limit a deposition in scope or manner. *See* Fed. R. Civ. P. 30(d)(4). Separating fact from advocacy shows that Roche has not established good cause for continuing the deposition of Dr. Strickland past the Rule 30 seven hour limitation, that its allegations of bad faith against Amgen are unfounded, and that Roche conducted its questioning in an unreasonable manner.

#### 1. Roche Has Not Shown What Further Questioning Is Necessary To Warrant Deposing Dr. Strickland for More Than Seven and One-Half Hours

Roche's motion fails to articulate the specific subject matter for questioning that justifies additional time under Rule 30(d)(2). As to his personal deposition, Roche's motion fails to explain what areas of Dr. Strickland's personal knowledge require more questioning and why Roche was unable to address these topics in the time allotted. The failure to so articulate areas for further inquiry in Dr. Strickland's personal capacity highlights the lack of good cause here.

Roche's motion does not contend that its questioning on two of the three Rule 30(b)(6) topics was truncated or not completed. For the third Rule 30(b)(6) topic, namely Topic 5 on peg-EPO, Amgen withdrew Dr. Strickland as a company Rule30(b)(6) designee, and thus no

testimony is to be had on this topic from this witness.[1] Roche has failed to demonstrate the additional subject matter that constitutes good cause to re-open Dr. Strickland's deposition.

**2. Roche Had Ample Time and Notice To Prepare for Dr. Strickland's Deposition**

Unable to articulate further areas of specific questioning, Roche makes vague arguments of an inability to prepare for and depose Dr. Strickland or that Amgen somehow agreed to give Roche additional time for Dr. Strickland's deposition. The record does not support these contentions.

Roche had a full and fair opportunity to prepare for Dr. Strickland's personal deposition. In fact, his notebooks and related documents were produced nine months ago, and color copies of specific laboratory notebooks pages that Roche requested were provided a week before the deposition.

As to his Rule 30(b)(6) testimony, Roche complains that it had only three days' notice to prepare to question Dr. Strickland. While technically true, in this fast paced litigation, it ignores the substance of Dr. Strickland's proffered testimony as the company representative: Amgen designated Dr. Strickland as its Rule 30(b)(6) witness on ***his own work*** that fell within the scope of the three Rule 30(b)(6) topics. (Roche Mem. at 2-3.) Amgen's identification of him placed no new or untoward burden on Roche and implicated no new subject matter to cover at the deposition: He was merely going to testify as a Rule 30(b)(6) witness on his work as an Amgen scientist that had been disclosed months earlier to Roche.

Roche attributes improper purposes to Amgen's supplementation of its Rule 26(a) Disclosures the day before Dr. Strickland's deposition, suggesting that Amgen's identification of Dr. Strickland as one of seven people with discoverable knowledge of Amgen's efforts to express and/or characterize erythropoietin, or produce peg-EPO "was intended to hamstring Roche's questioning" of Dr. Strickland and permitted counsel only a few hours to prepare to

---

[1] Notably, Roche subsequently did depose Amgen's Rule 30(b)(6) witness (Mr. Boone) on Topic 5 addressing Amgen's knowledge of its peg-EPO work, and has not claimed to Amgen or to this Court that it was afforded anything less than a full opportunity to exhaust Amgen's knowledge on peg-EPO.

question him on these subjects. (Roche Mem. at 2.) This is not true. If Roche had done *any* preparation for Dr. Strickland's deposition, it well knew that he played a role in these efforts, particularly as his documents, laboratory notebooks, and prior deposition testimony from earlier cases had been produced months earlier. Further, the laboratory notebook pages relating to his limited peg-EPO work had been identified in an interrogatory response two months earlier. (Loeb Decl., Ex. 6.) There is no prejudice here that constitutes good cause to re-open the deposition.

**3. Roche Had Indicated That Additional Deposition Time Was Needed Only on the Last Rule 30(b)(6) Topic (Topic 5)**

At the end of the deposition, Roche stated *only* that it still had questions for Dr. Strickland on the third of the three Rule 30(b)(6) topics for which he was designated – "We'll have to meet again for the final topic of your 30(b)(6)." (Loeb Decl., Ex. 9, p. 378.) Not until after Amgen withdrew Dr. Strickland as its Rule 30(b)(6) witness on that topic, designating Tom Boone instead who was providing 30(b)(6) testimony on other topics, did Roche raise its desire to continue the deposition of Dr. Strickland in his personal capacity. (Loeb Decl., Ex. 10.) Realizing that it cannot demand Dr. Strickland back as a Rule 30(b)(6) witness Roche continues to portray itself as desperately needing more time with him in his personal capacity. (Roche Mem. at 4.) Roche completed its personal deposition of Dr. Strickland on March 9. And even if it had not, Roche's unreasonable approach to the deposition does not warrant burdening Dr. Strickland and Amgen with another deposition. *See* Section III.B.5, *infra*.

**4. Amgen Acted in Good Faith and a Cooperative Manner To Provide Roche a Full and Fair Opportunity To Depose Dr. Strickland**

Both before and during Dr. Strickland's deposition, Amgen sought Roche's cooperation to conduct it at a time and in a manner that would allow Roche to have a fulsome opportunity to depose the witness while accommodating the schedules of the witness and counsel for both parties. Amgen offered Roche several options: (1) to start the deposition on March 9 and continue it the following day (Saturday); (2) to start the deposition on March 9 and continue it on the following Monday; (3) to start the deposition earlier or stay later on March 9; or (4) to

postpone the deposition until it was convenient for all to conduct the deposition on two consecutive days. Roche chose to continue the deposition longer on March 9.

Amgen has been fully cooperative, even providing a second witness to accommodate Roche's failure to pursue Rule 30(b)(6) Topic 5 with Dr. Strickland. Still Roche resorts to false accusations against Amgen when Roche failed to live up to the bargain to which it had agreed.

- *Contention*:  Amgen has not responded to any of Roche's requests to work together to schedule another deposition of Dr. Strickland. (Roche Mem. at 4.)

Amgen answered Roche's request for a second deposition, confirming Amgen's position that there were no outstanding topics requiring Dr. Strickland's testimony and that the deposition was concluded. (Loeb Decl., Ex. 11.) Amgen further informed Roche that it was withdrawing Dr. Strickland as a Rule 30(b)(6) witness on Topic 5 (peg-EPO).

- *Contention*:  Amgen made hundreds of long, speaking objections, nearly all with lengthy explanations. (Roche Mem. at 1, 3, 7.)

Attached to this memorandum is an Appendix setting out each question and objection. Even a cursory review of the Appendix shows the lack of merit to the contention. Amgen's counsel did no more in most cases than represent the witness by simply stating the objection and its summary grounds (*e.g.*, compound), which is entirely proper under Rule 30. The simple truth is that Roche's poor questioning and lack of focus necessitated Amgen's legitimate objections. Roche refused to stay on topic, wandered back and forth between questions of Dr. Strickland as an individual and questions of him as Amgen's Rule 30(b)(6) witness, and consistently tried to elicit testimony beyond the scope of Dr. Strickland's designated Rule 30(b)(6) topics.

- *Contention*:  Amgen's counsel "demanded an incredible number of breaks throughout the day." (Roche Mem. at 7.)

Review of the deposition transcript shows that Amgen's counsel requested and received *five* breaks for the witness over the course of *ten* hours.

- *Contention*:  Amgen did not satisfy its obligation to produce all documents relevant to Dr. Strickland's deposition including refusing to bring 100 laboratory notebooks requested on March 7 for Dr. Strickland's March 9 deposition. (Roche Mem. at 8.)

Amgen had produced *every* document that Roche requested for the deposition many months before. (Loeb Decl., ¶ 10.) Roche complains that Amgen failed to bring over 100 original laboratory notebooks to the deposition. It is unreasonable and onerous for Roche to demand on two days notice that Amgen comply with locating and transporting to Roche's counsel's offices over 100 original laboratory notebooks. This is particularly true where Amgen had long-before offered to allow inspection of the notebooks at Amgen and had previously provided color copies of over 100 pages from Dr. Strickland's notebooks that Roche had requested. Moreover, in good faith, Amgen did bring 25 lab notebooks. Roche specifically requested after Amgen noted the burden of bringing 100.

#### 5. Additional Time Is Not Warranted Given the Lack of Focus to the Questioning

Roche's entire conduct of the deposition is contrary to its protestations of good faith. For example, Roche's counsel questioned Dr. Strickland for *more than one hour* merely on who he met with and what he did to prepare for his depositions. (Loeb Decl., Ex. 9.) Roche is entitled to ask such questions, but cannot use this lack of focus and failure to use its time wisely to justify subjecting Dr. Strickland to further deposition.

Roche also refused to segment its questioning into Rule 30(b)(6) testimony and personal testimony, continually darting between them, resulting in repeated but necessary inquiry as to whether the question was directed to Amgen or to Dr. Strickland personally:

Mr. Loeb (Amgen counsel):

> Chris, I don't mean to interrupt, but you're getting into talking about the 30(b)(6) preparation. Seems to me just for organizational purposes, why don't you leave that until you do a 30(b)(6) deposition. Otherwise we're going to be going back and forth between –

Mr. Jagoe (Roche counsel):

> Well, I think this way, it will work out all right.

(Loeb Decl., Ex. 9.)

. . .

Mr. Loeb:

> Chris, before you continue, I want to point out that when you started asking Dr. Strickland about the subject matter of pegylation, it's now become unclear and ambiguous whether you're in 30(b)(6) mode or his personal mode. And that's what I don't want to have answered.

Mr. Jagoe:

> Do you want that answer being on behalf of Amgen?

Mr. Loeb:

> I'm comfortable with that answer being on behalf of Amgen. But I would prefer it if you made a clear separation between the 30(b)(6) and the personal deposition.
>
> If you would prefer to do the 30(b)(6) first, I don't have a problem with that, either. Just do one or the other.

Mr. Jagoe:

> I'm not going to break up the deposition total 30(b)(6), total personal. I think the questions now are clearly directed to 30(b)(6) topics in preparation for 30(b)(6) topics, and I – it's my intention that all the questions right now go to that topic.
>
> So if you think that I'm asking something that's not included in the 30(b)(6) topic you've designated him for, then you can make your statement, or save it for some other time to tell the judge. But I think my record is clear, and I can make my record the way I want.

(Loeb Decl., Ex. 9, pp. 28-29.)

Moreover, Roche did not make a good faith effort to use the available time efficiently. Roche's counsel consistently was the last to return from breaks, causing needless delay. (Loeb Decl., ¶ 18.) Further, Roche's counsel originally requested a lunch break of about an hour and a half. Amgen's counsel asked that the deposition resume in order to give Roche the time it purported to need. (Loeb Decl., ¶ 19.) Nonetheless, Amgen permitted Dr. Strickland to be deposed past the Rule 30(d)(2) seven hour requirement. Roche's conduct during the deposition does not merit further time with Dr. Strickland.

### C. BETTER QUALITY COPIES OF THE REQUESTED DOCUMENTS WERE EITHER ALREADY PRODUCED OR DO NOT EXIST

Roche's motion asks the Court to compel Amgen to produce first generation color copies of two old documents referred to as follows in Roche's motion:

1. The Strickland May 19, 1994, Declaration; and

2. "Amgen Inc. Response to FDA Questions – 8/10/88," citing AM-ITC 00339546.

With regard to the first of these, Amgen produced a copy of this document more than ten months ago. (Loeb Decl., ¶ 23.)  On March 1, 2007 Roche requested a first generation color photocopy of a specific page of the Declaration which contained a gel (AM-ITC 00312270), and Amgen produced it the following day. (Loeb Decl., ¶ 23.)  Given that Roche had the Declaration and a better quality color copy of the specific page it requested well in advance of the deposition, it is simply not the case that Roche was in any way prejudiced and an order compelling yet another copy is unwarranted.

The document Roche refers to as "Amgen Inc. Response to FDA Questions – 8/10/88" was produced to Roche more than ten months ago. (Loeb Decl., ¶ 23.)  After a good faith and thorough search, Amgen has been unable to locate a better quality copy of the document and cannot provide a better color copy than what has already been provided. (Loeb Decl., ¶ 23.)  If after yet further searching Amgen is able to locate a better copy, Amgen will promptly provide a first generation color photocopy to Roche.  There is nothing to compel here and Roche has not been prejudiced.  The motion should be denied.

## IV. CONCLUSION

Roche has not shown good cause – or good faith – warranting the burden on Dr. Strickland and Amgen of another deposition of this witness. Roche's motion should be denied.

April 11, 2007

Respectfully Submitted,

AMGEN INC.,

/s/ *Michael R. Gottfried*

D. Dennis Allegretti (BBO# 545511)
Michael R. Gottfried (BBO# 542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (857) 488-4200
Facsimile: (857) 488-4201

Lloyd R. Day, Jr. (*pro hac vice*)
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

William G. Gaede III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Kevin M. Flowers (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
Kimberlin L. Morley
Erica S. Olson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-5000

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

*/s/ Michael R. Gottfried*
Michael R. Gottfried