# EXHIBIT 3

DAY CASEBEER
MADRID & BATCHELDER LLP

20300 Stevens Creek Blvd., Suite 400　　　　　　　　　　　　　　　　　　　Deborah E. Fishman
Cupertino, CA 95014　　　　　　　　　　　　　　　　　　　　　　　　　　　　(408) 342-4587
Telephone: (408) 873-0110　　　　　　　　　　　　　　　　　　　　　dfishman@daycasebeer.com
Facsimile:  (408) 873-0220

March 8, 2007

VIA EMAIL & FACSIMILE

Veronica Wiles, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Re:   *Amgen Inc. v. F. Hoffmann-La Roche Ltd., et al. (05-CV-12237 WGY)*

Dear Veronica:

I write in response to your letter of late last night regarding the deposition of Dr. Strickland.

First, in response to your demand that we provide all notebooks collected or produced to prepare Dr. Strickland as a fact witness, we decline your invitation to waive work product immunity.

Second, your demand that Amgen's counsel bring more 103 separate laboratory notebooks to Dr. Strickland's deposition is the proverbial taking a mile. As a courtesy to you, and given the fact that Roche has insisted that Amgen's witnesses travel many miles (and, in traffic, over an hour) away, we offered to bring a number of Dr. Strickland's original lab notebooks (that would otherwise be at Amgen) to the deposition in Los Angeles. Instead, you demand that Amgen's counsel transport 100+ laboratory notebooks to an off-site deposition. These original laboratory notebooks are fragile, valuable, and irreplaceable. It is inconceivable that counsel for Roche could use (or even mark) all such notebooks during the course of a 7-hour examination. If Roche wishes to inspect such notebooks, it has been invited to inspect laboratory notebooks at Amgen. To demand Amgen's counsel to transport more than 100 laboratory notebooks outside of Amgen to a deposition in which they will most certainly not be used is both unreasonable and abusive.

Finally, and most importantly, if Roche is unwilling to complete Dr. Strickland's deposition as it is currently scheduled, then it will be postponed. The subject matter of Dr. Strickland's 30(b)(6) designation is squarely within the scope of what you undoubtedly will be covering in his personal deposition. We have offered to extend the deposition by a few hours or even to Monday to permit additional time if required. Your refusal to complete Dr. Strickland's deposition on Monday and your suggestion that you will have another go at his deposition at a later date frustrates our ability to conduct and complete deposition discovery in a timely fashion and is unduly burdensome to Dr. Strickland. Moreover, Roche is not entitled to two bites at the apple. Let me know immediately and no later than noon P.S.T. today whether Roche will complete the depositions of Dr. Strickland as currently scheduled. If not, we will need to discuss alternate dates.

609761

DAY CASEBEER
MADRID & BATCHELDER LLP

Veronica Wiles
March 8, 2007
Page 2


Sincerely,

DAY CASEBEER
MADRID & BATCHELDER LLP

*Deborah E. Fish* (signature)

Deborah E. Fishman

DEF:sr

cc: Tom Fleming, Esq.
    Pat Carson, Esq.
    Michele Moreland, Esq.
    Mark Izraelewicz, Esq.

609761