EXHIBIT 6

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., <br><br>    Plaintiff, <br><br>vs. <br><br>F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GmbH, AND HOFFMANN-LA ROCHE INC., <br><br>    Defendants. | CIVIL ACTION No.: 05-cv-12237WGY |

### PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1-12)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff/Counter Defendant Amgen Inc. ("Amgen") hereby supplements its objections and responses to Defendants' First Set of Interrogatories (Nos. 1-12).

### PRELIMINARY STATEMENT

1. Amgen's responses to Defendants' First Set of Interrogatories are made to the best of Amgen's present knowledge, information and belief. Amgen's responses are subject to amendment and supplementation should future investigation indicate that amendment or supplementation is necessary. Amgen undertakes no obligation, however, to supplement or amend these responses other than as required by the Federal Rules of Civil Procedure of the Local Rules of the United States District Court for the District of Massachusetts.

2. Amgen's responses to Defendants' First Set of Interrogatories are made according to information currently in Amgen's possession, custody and control.

3. To the extent that Amgen responds to Defendants' First Set of Interrogatories by stating information that private, confidential, highly confidential, proprietary, trade secret or otherwise protected from disclosure, Amgen will respond pursuant to the terms of the Protective Order in this case.

infringement is adjudicated before Roche attempts to sell any product in the United States. As the facts currently appear, Roche is not likely to have FDA approval prior to the close of fact discovery in this case. Amgen's response, if made at this time, would be unduly speculative, as it would be based on sales which Roche asserts have yet to be made.

Amgen's Amended Complaint seeks a declaratory judgment of infringement under 28 U.S.C. §§ 2201 and 2202, and "such other and further relief as the Court deems proper." If damages accrue prior to the trial and decision in this action, Amgen may or may not seek damages in this action or in a separate action. Based upon discovery of Roche's action provided to date, Amgen states that it is not seeking monetary damages for any past acts, but Amgen is not forfeiting its right to a claim for future damages based on future infringing acts of Roche and does not contend that it will never seek such a claim.

**INTERROGATORY NO. 7:**

Describe any attempts by Amgen to modify EPO or G-CSF proteins, including attempts successful or otherwise to create pegylated compounds using EPO or G-CSF such that the chemical, physical, pharmacological and/or pharmacokinetic properties of the chemically modified compound differs from the EPO or G-CSF starting material and identify all documents and things that support Amgen's response to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this interrogatory: Amgen objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and lacks relevance under Rule 26 to the extent that it seeks an identification of "any attempts by Amgen to modify EPO or G-CSF," "all documents and things," and "the chemical, physical, pharmacological and/or pharmacokinetic properties of the chemically modified compound differs from the EPO or G-CSF starting material." Amgen further objects to this interrogatory to the extent it seeks information relating to pegylation of G-CSF on the grounds that it is not relevant under Rule 26 to any issue in this proceeding, under the

Court's January 3, 2007 Order. Accordingly, Amgen will limit its response to this interrogatory to pegylated EPO.

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its rights to supplement or amend its response to this interrogatory after the claims have been construed and any additional necessary discovery has been received, Amgen provides the following response to this interrogatory:

Amgen identifies below documents which contain information relevant to Amgen's efforts to create pegylated EPO and from which the answer to the interrogatory may be derived or ascertained under Rule 33 (d): AM-ITC 00576260 - AM-ITC 00576266; AM-ITC 00088595 - AM-ITC 00088599; AM-ITC 00546389 - AM-ITC 00546400; AM-ITC 00556529 - AM-ITC 00556541; AM-ITC 00556542 - AM-ITC 00556548; AM-ITC 00556587 - AM-ITC 00556601; AM-ITC 00558618 - AM-ITC 00558620; AM-ITC 00575499 - AM-ITC 00575508; AM-ITC 00575535 - AM-ITC 00575544; AM-ITC 00576214 - AM-ITC 00576225; AM-ITC 00577727 - AM-ITC 00577738; AM-ITC 00591872 - AM-ITC 00591877; AM-ITC 00591878 - AM-ITC 00591879; AM-ITC 00594217 - AM-ITC 00594218; AM-ITC 00932275 - AM-ITC 00932277; AM-ITC 01009711 - AM-ITC 01009713; AM-ITC 01089076 - AM-ITC 01089096; and AM-ITC 01091945 - AM-ITC 01092002.

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its right to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen incorporates by reference its previous response and provides the following supplemental response to this interrogatory:

AM77000300 - AM77000350; AM77000414 - AM77000450; AM77000492 - AM77000511; AM77000521 - AM77000564; AM440003873 - AM440003874; AM440003876; AM440003877 - AM440003878; AM440003879; AM440003880 - AM440003883; AM440003890 -

AM440003894; AM440230707; AM440230737 - AM440230767; AM6701078325 - AM6701078330; AM6701078334 - AM6701078340; AM6701078341 - AM6701078343; AM6701078344 - AM6701078350; AM6701078351 - AM6701078355; AM6701078356 - AM6701078362; AM6701078363 - AM6701078371; AM6701078372 - AM6701078375; AM6701078376; AM6701078377; AM-ITC00552143 - AM-ITC00552145; AM-ITC00565466 - AM-ITC00565495; AM-ITC00565497 - AM-ITC00565509; AM-ITC00565510 - AM-ITC00565537; AM-ITC00592546 - AM-ITC00592558; AM-ITC00592737 - AM-ITC00592747; AM-ITC00592757; AM-ITC00593196 - AM-ITC00593197; AM-ITC00817100 - AM-ITC00817137; AM-ITC01091372 - AM-ITC01091387; AM77002299 - AM77002305; AM77002316 - AM77002341

**INTERROGATORY NO. 8:**

Separately for each claim of the patents-in-suit, identify whether Amgen contends that the making, using, offering to sell or selling of ARANESP® is covered by any or all of the claims of the patents-in-suit, explain whether the making, using, offering to sell or sale is contended to be covered literally or by the doctrine of equivalents, and identify all documents and things that support or otherwise refute Amgen's response to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this interrogatory: Amgen objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, and lacks relevance under Rule 26. Amgen's ARANESP product is not accused of infringement in this action.

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its right to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen provides the following response to this interrogatory:

ITC 00991045-080; AM-ITC 00991081-083; AM-ITC 01004923-929; AM-ITC 01006613-756; AM-ITC 01006920-923; and AM-ITC 01007030-037.

Further information relevant to the failure of the work of Goldwasser is set forth in the published decisions regarding Dr. Lin's U.S. patents. The pleadings and Amgen's document production from each of these actions, including Dr. Lin's testimony and that of other relevant Amgen employees, have been provided to Roche in response to Roche's First Set of Requests for the Production of Documents and Things in the ITC proceeding.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its right to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen incorporates by reference its previous response and provides the following supplemental response to this interrogatory:

The Goldwasser experiment did not demonstrate that Dr. Goldwasser's preparation constituted a "therapeutically effective amount of human erythropoietin" because, for example, it did not establish that erythropoietin in Dr. Goldwasser's preparation as administered to the three human subjects caused an increase in hematocrit levels, erythrocyte mass changes, reticulocyte response, and/or ferrokinetic effects.

February 10, 2007

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Kimberlin
Darrell Dotson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
Telephone: (805) 447-5000

AMGEN INC.,

By its attorneys,

_____
WILLIAM G. GAEDE III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

D. DENNIS ALLEGRETTI (BBO#545511)

MICHAEL R. GOTTFRIED (BBO#542156)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephones: (617) 289-9200
Facsimile:  (617) 289-9201

LLOYD R. DAY, JR. (*pro hac vice*)
DAVID M. MADRID (*pro hac vice*)
LINDA A. BAXLEY (*pro hac vice*)
DAY CASEBEER MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile:  (408) 873-0220

MICHAEL F. BORUN (*pro hac vice*)
KEVIN M. FLOWERS (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone: (312) 474-6300
Facsimile:  (312) 474-0448