EXHIBIT 9

```
 1              UNITED STATES DISTRICT COURT
 2               DISTRICT OF MASSACHUSETTS
 3
    AMGEN, INC.,
 4
                    Plaintiff,
 5
          v.                              Civil Action No.
 6                                        05-CV-12237-WGY
    F. HOFFMANN-LA ROCHE, LTD.,
 7  a Swiss Company, ROCHE
    DIAGNOSTICS GmbH, a German
 8  Company, and HOFFMANN LA
    ROCHE, INC., a New Jersey
 9  Corporation,
10                  Defendants.
    ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
11
12
13              CONFIDENTIAL VIDEOTAPED
14      DEPOSITION OF THOMAS WAYNE STRICKLAND
15                     VOLUME I
16            LOS ANGELES, CALIFORNIA
17                  MARCH 9, 2007
18
                (This transcript is
19          designated CONFIDENTIAL as per
            Section 5(c) of the Amended
20          Protective Order.  Please treat
            the entire transcript in
21          accordance with the protective
            order.)
22
23
24  Reported by: Harry Alan Palter, C.S.R. NO. 7708
25
```

```
 1    Appearances:
 2
 3        For Plaintiffs:
 4              Day Casebeer Madrid & Batchelder
                By:  Jonathan Loeb, Ph.D., Esq.
 5              20300 Stevens Creek Boulevard
                Suite 400
 6              Cupertino, California 95014
                408.342.4578   Fax 408.873.0220
 7              E-mail:  jloeb@daycasebeer.com
 8              Amgen
                By:  Wendy A. Whiteford, Esq.
 9              One Amgen Center Drive
                Thousand Oaks, California
10              91320-1799
                805.447.1008   Fax 805.447.1090
11              E-mail:  wendy@amgen.com
12
          For Defendants:
13
                Kaye Scholer LLP
14              By:  Christopher T. Jagoe, Esq.
                     Graham Pechenik, Esq.
15              425 Park Avenue
                New York, New York 10022-3598
16              212.836.7203   Fax 212.836.8689
                E-mail:
17                   cjagoe@kayescholer.com
                     gpechenik@kayescholer.com
18
19
20
21
22
23
24
25
```

**Strickland, Thomas (Confidential)**

```
 1   Appearances:
 2
 3       For Defendants:
 4            Bromberg Sunstein LLP
              By:  Timothy M. Murphy, Esq.
 5            125 Summer Street
              Boston, Massachusetts 02110-1618
 6            617.443.9292   Fax 617.443.0004
              E-mail: tmurphy@bromsun.com
 7
 8       Also Present:
 9            Adriane Castro, Videographer
10
11
12
13
14
15
16
17
18
19      VIDEOTAPED DEPOSITION OF THOMAS WAYNE
20   STRICKLAND, Volume I, taken at 1999 Avenue of
21   the Stars, 16th Floor, Los Angeles, California,
22   on Friday, March 9, 2007, from 9:10 a.m. to
23   7:00 P.M., before Harry Alan Palter, Certified
24   Shorthand Reporter No. 7708, in and for the
25   State of California.
```

```
 1              THOMAS WAYNE STRICKLAND,
 2   having been duly administered an oath in
 3   accordance with California Code of Civil
 4   Procedure Section 2094, was examined and
 5   testified as follows:
 6
 7
 8              THE VIDEOGRAPHER:  Please begin.
 9
10                    EXAMINATION
11   BY MR. JAGOE:
12       Q    Can you please state your full name
13   for the record.
14       A    Thomas Wayne Strickland.
15       Q    And you are --
16            DR. LOEB:  Before you get started,
17   just a couple housekeeping points I'd like to
18   make, if you don't mind.
19              First of all, as you know, we have
20   offered Dr. Strickland both in his personal
21   capacity and as to some limited 30(b)(6)
22   topics.  Because of the 30(b)(6), we've offered
23   to continue the deposition for more than seven
24   hours.
25              You've suggested that you'll make
```

1  your best effort to finish this evening.  We're
2  willing to go past 5:00 o'clock, certainly.
3           If absolutely necessary, we can
4  continue for a couple hours tomorrow.  But
5  having offered these accommodations, we've made
6  perfectly clear that we will not provide
7  Dr. Strickland again later in the month.
8           I understand that you wish to begin
9  with Dr. Strickland's personal deposition.
10 That's fine, with the understanding that
11 Dr. Strickland is not speaking for Amgen, until
12 you've indicated that you're moving to a
13 30(b)(6) deposition.
14          Lastly, your request, we have brought
15 25 Amgen lab notebooks with us today.  You're
16 free to look at those as you wish.  You may
17 examine them, but you may not remove them from
18 this room, nor may you tamper with the
19 redactions that are present on some of the lab
20 notebooks.  You can ask for a specific lab
21 notebook, and we'd be glad to give it to you at
22 any time, but we'll take it back before we give
23 you another one.
24          Note also that Roche has requested,
25 and we have provided, more than a week ago, at

1  significant expense and effort, excellent color
2  copies of many pages of Dr. Strickland's lab
3  notebooks.  And so you have had a chance to
4  review very good copies for quite a while now
5  and, therefore, we think that you've had an
6  adequate opportunity to review Dr. Strickland's
7  materials before this deposition.
8           MR. JAGOE:  Well, I'll just make a
9  quick response.  Not that one is necessary, but
10 it should be known that Dr. Strickland was
11 noticed for deposition several weeks ago, and
12 it was only on March 6th when you identified
13 him as a 30(b)(6) witness, and it was only last
14 night when you supplemented your Rule 26
15 disclosures, identifying Dr. Strickland as a
16 person having certain knowledge in certain
17 areas.
18          And we agreed yesterday we would try
19 to finish today.  If we don't finish today, we
20 will continue at another time.
21          It's not Amgen's decision whether or
22 not Dr. Strickland will appear.  That will be
23 decided by the Court, if an agreement can't be
24 reached.
25          So we'll proceed with the deposition.

```
 1  than one notebook -- they weren't actual
 2  physical -- physically different entities.
 3            And the -- with the subject matter of
 4  the -- the pegylation of EPO.
 5            DR. LOEB:  Chris, I don't mean to
 6  interrupt, but you're getting into talking
 7  about the 30(b)(6) preparation.  Seems to me
 8  just for organizational purposes, why don't you
 9  leave that until you do a 30(b)(6) deposition.
10  Otherwise we're going to be going back and
11  forth between --
12            MR. JAGOE:  Well, I think this way,
13  it will work out all right.
14            If you see a big problem in the
15  record that I'm making, then let me know.  But
16  I think this record will be clear.
17  BY MR. JAGOE:
18       Q    So you reviewed certain
19  photocopies -- excerpts of some of your lab
20  notebooks; correct?
21       A    The meeting with Mr. Gaede?
22       Q    Right.
23       A    Yes.
24       Q    All these questions now are directed
25  to your preparation, as the 30(b)(6) witness,
```

1    A    The -- the meeting with Mr. Gaede?
2    Q    Mr. Gaede and Mr. Loeb.
3    A    Well, there was -- there were --
4    there were other parts of the day other than
5    that meeting, that were in preparation for
6    the --
7    Q    Okay.
8         Let's talk about just the part of the
9    meeting that was in preparation for the
10   30(b)(6) deposition.
11        DR. LOEB:  Chris, before you
12   continue, I want to point out that when you
13   started asking Dr. Strickland about the subject
14   matter of pegylation, it's now become unclear
15   and ambiguous whether you're in 30(b)(6) mode
16   or his personal mode.  And that's what I don't
17   want to have answered.
18        MR. JAGOE:  Do you want that answer
19   being on behalf of Amgen?
20        DR. LOEB:  I'm comfortable with that
21   answer being on behalf of Amgen.  But I would
22   prefer it if you made a clear separation
23   between the 30(b)(6) and the personal
24   deposition.
25        If you would prefer to do the

 1  30(b)(6) first, I don't have a problem with
 2  that, either.  Just do one or the other.
 3         MR. JAGOE:  I'm not going to break up
 4  the deposition total 30(b)(6), total personal.
 5  I think the questions now are clearly directed
 6  to 30(b)(6) topics in preparation for 30(b)(6)
 7  topics, and I -- it's my intention that all the
 8  questions right now go to that topic.
 9         So if you think that I'm asking
10  something that's not included in the 30(b)(6)
11  topic you've designated him for, then you can
12  make your statement, or save it for some other
13  time to tell the judge.  But I think my record
14  is clear, and I can make my record the way I
15  want.
16  BY MR. JAGOE:
17     Q   So I'm talking now about the meeting
18  that you had, in preparation for your 30(b)(6)
19  topics, with Mr. Gaede and Mr. Loeb that
20  occurred yesterday.
21         And you're telling me what documents
22  you've reviewed.
23         And other than what you've already
24  identified, can you recall reviewing any other
25  documents?

```
 1                 If you think my question is unclear,
 2      then you can ask me to clarify, if I'm using a
 3      term that you don't think is -- you understand
 4      or is fitting, then please ask me to fix it
 5      before you answer the question.
 6           A    Yes.
 7           Q    Is there any reason that you can't
 8      give full and truthful answers today?
 9           A    No.
10           Q    Are you under any medication?
11                Are you taking any medication?
12           A    No.
13           Q    And do you have any medical or
14      emotional problems that would prevent you from
15      testifying honestly today?
16           A    No.
17           Q    Now, you received a Ph.D. in 1981?
18                DR. LOEB:  Okay.
19                Now I need to stop you.
20                Are we talking about his fact
21      deposition or his 30(b)(6) deposition?
22                MR. JAGOE:  Fact.
23                You received a Ph.D. --
24                DR. LOEB:  I'm going to assume you're
25      taking his fact deposition, until you tell me
```

```
 1  Amgen units and not international units for
 2  in vivo activity?
 3              DR. LOEB:  Objection.
 4              Calls for speculation.  Assumes facts
 5  not in evidence.
 6              THE WITNESS:  I -- I don't have any
 7  specific recollection of that.
 8              MR. JAGOE:  Let's mark this document
 9  as Strickland exhibit -- what are we up to?
10              THE REPORTER:  19.
11              MR. JAGOE:  19?
12              (Exhibit 19 marked)
13              DR. LOEB:  Chris, I'm afraid to say,
14  it's 7:00 o'clock, and it's time for us to
15  leave.
16              What time do you want to start
17  tomorrow morning?
18              MR. JAGOE:  I told you, we're not
19  starting tomorrow morning.  We're staying until
20  we finish today.
21              DR. LOEB:  No.  We're leaving.
22              It's been 10 hours.
23              We arrived at 9:00 A.M., sharp, as
24  you have requested.
25              And we have, very patiently, sat
```

```
 1  through the questions.  But 10 hours in one day
 2  is enough for any witness.
 3          So --
 4          MR. JAGOE:  You said you would stay
 5  late to finish and go beyond 7 hours.  We
 6  haven't -- only been 7 hours on the record yet.
 7          DR. LOEB:  I don't know how many
 8  hours we've been on the record, but we've been
 9  here for 10 hours.
10          MR. JAGOE:  How many hours have we
11  been on the record?
12          DR. LOEB:  Would you like to start
13  again on Monday morning?
14          MR. JAGOE:  I can't agree to that.
15          THE VIDEOGRAPHER:  7 hours and
16  23 minutes.
17          MR. JAGOE:  We have another hour to
18  go now.  I'm willing to finish now.
19          DR. LOEB:  I'm sorry.
20          We can't.  It's been too long.
21          MR. JAGOE:  Then we'll have to
22  schedule another time.
23          Do you have any problems staying for
24  another hour, Dr. Strickland?
25          DR. LOEB:  Tom, it's time to go.
```

1    Take your microphone off.
2    THE WITNESS:  If they're leaving, I'm
3    going with them.
4    MR. JAGOE:  We'll have to meet again
5    for the final topic of your 30(b)(6)
6    deposition, then.
7    THE VIDEOGRAPHER:  Are we going off
8    the record, Counsel?
9    MR. JAGOE:  Did you say how many
10   hours we were on the record?
11   DR. LOEB:  He did.
12   THE VIDEOGRAPHER:  7 hours and about
13   25 minutes now.
14   MR. JAGOE:  Okay.
15   We'll stay on the record, 'cause I'm
16   going to ask some more questions.
17   DR. LOEB:  You can ask them to an
18   empty chair.
19   MS. WHITEFORD:  Want to take the
20   exhibits?
21   DR. LOEB:  Yes.
22   These are for us.
23   (Mumbling)
24   THE REPORTER:  I can't hear what
25   you're saying.

```
 1   7:03 P.M.
 2          (The deposition concluded at 7:03 P.M.)
 3
 4                     *    *    *
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1         DECLARATION UNDER PENALTY OF PERJURY
 2
 3         I, Thomas Wayne Strickland, do hereby
 4   certify under penalty of perjury that I have
 5   read the foregoing transcript of my deposition
 6   taken March 9, 2007; that I have made such
 7   corrections as appear noted herein, in ink,
 8   initialed by me; that my testimony as contained
 9   herein, as corrected, is true and correct.
10         DATED this _____ day of
11   _____, 20____, at _____,
12   California.
13
14
15                         _____
16                         Thomas Wayne Strickland
17
18
19
20
21
22
23
24
25
```

**Strickland, Thomas (Confidential)**

| | |
|---|---|
| 1 | REPORTER'S CERTIFICATION |
| 2 | |
| 3 | I, Harry Alan Palter, Certified |
| 4 | Shorthand Reporter, in and for the State of |
| 5 | California, do hereby certify: |
| 6 | |
| 7 | That the witness named in the |
| 8 | foregoing deposition was, before the |
| 9 | commencement of the deposition, duly |
| 10 | administered an oath in accordance with Code of |
| 11 | Civil Procedure Section 2094; that the |
| 12 | testimony and proceedings were reported |
| 13 | stenographically by me and later transcribed |
| 14 | into computer-aided transcription under my |
| 15 | direction; that the foregoing is a true record |
| 16 | of the testimony and proceedings taken at that |
| 17 | time. |
| 18 | |
| 19 | IN WITNESS WHEREOF, I have subscribed |
| 20 | my name this 11th day of March, 2007. |
| 21 | |
| 22 | |
| 23 | _____ |
| 24 | Harry Alan Palter, CSR No. 7708 |
| 25 | |