EXHIBIT 11

# McDermott Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

William G. Gaede III
Attorney at Law
wgaede@mwe.com
650.813.5035

March 19, 2007

**VIA FACSIMILE AND E-MAIL**

Christopher Jagoe, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Re:   *Amgen Inc. v. F. Hoffmann-La Roche Ltd., et al.*
      Case No. 05 Civ. 12237 WGY

Dear Christopher:

This letter is in response to your letters of March 13 and today to Jonathan Loeb regarding your proposal to depose Dr. Strickland a second time. As you know, Roche took Dr. Strickland's deposition on March 9, 2007 from 9 a.m. to 7 p.m. With breaks, Dr. Strickland testified for seven and one half hours. Jonathan offered to continue the deposition the following morning (Saturday) or the following Monday, but you refused, giving no reason.

At the end of his deposition you maintained that Dr. Strickland would have to appear again for deposition on the last of the Rule 30(b)(6) topics for which he was designated. Amgen had designated Dr. Strickland as its witness on Topics 1, 5, and 8 of Roche's first Rule 30(b)(6) deposition notice. Dr. Strickland testified extensively on Topics 1 and 8. Amgen has withdrawn him as its witness on Topic 5; instead, Tom Boone will testify on that topic on March 30. Thus there are no outstanding topics requiring Dr. Strickland's testimony and Roche's deposition of Dr. Strickland has concluded.

You spent well over an hour questioning Dr. Strickland on who he met with and what he did to prepare for his deposition. Of course you are entitled to conduct your depositions in the manner you choose. That said, you are not entitled to more time with a witness simply because your own choices prevented you from asking the questions you now wish you had asked.

Your March 13 letter also requests numerous samples of erythropoietin. I can find no Roche request for production that calls for such samples. Please identify any such requests for production that apply to your request for samples.

In addition, your March 13 letter requests a "first-generation color copy of the May 19th Declaration, including all exhibits." I assume you are referring to Dr. Strickland's declaration produced as AM-ITC 0031220 – AM-ITC 00312270, which you marked as Exhibit 13 at his

Christopher Jagoe, Esq.
March 19, 2007
Page 2

deposition. With that understanding, and although you had no complaints regarding the copy you used at Dr. Strickland's deposition, Amgen will forward a color copy of AM-ITC 00312270, which is the only page containing gels.

We are investigating you request for a "first-generation color copy of the complete document entitled 'Amgen Inc. Response to FDA Questions – 8/10/88,' including all attached figures."

Finally, you have requested a copy of a binder prepared by Amgen counsel containing affidavit's and declarations of Dr. Strickland. As Jonathan Loeb explained at Dr. Strickland's deposition, everything in the binder has been produced to Roche, so we see no need to provide Roche with duplicates. Moreover, the selection of documents to include in the binder is covered by work product protection.

Very truly yours,

William G. Gaede, III

cc: Mike Gottfried, Esq.
Krista Carter, Esq.
Sandip H. Patel, Esq.