UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

AMGEN INC., )
)
        Plaintiff, ) Civil Action No. 05-CV-12237WGY
v. )
)
F. HOFFMANN-LA ROCHE LTD, )
ROCHE DIAGNOSTICS GmbH, )
and HOFFMANN-LA ROCHE INC., )
)
        Defendants. )
_____)

### DEFENDANTS' OPPOSITION TO AMGEN INC.'S MOTION FOR LEAVE TO FILE A REPLY TO DEFENDANTS' REPLY BRIEF REGARDING CLAIM CONSTRUCTION

While Roche does not object to Amgen's submission of a brief addressing solely the legal questions raised in the Court's Order of March 30, 2007 regarding the precedential effect of prior claim construction, Roche opposes Amgen's attempt to get in the last word as to the specific claim construction issues currently before the Court. After having told this Court that further briefing is not required, having had Defendants' Reply brief for over two weeks, and then waiting until expert reports were finalized and served, Amgen now at the last moment foists what is in essence a sur-reply brief attached to a seemingly innocuous submission regarding the prior claim construction question raised by the Court. Throughout this litigation, and particularly in connection with the Markman briefing, Amgen has repeatedly manipulated the schedule established by the Court to its own unfair advantage and to Roche's detriment.  Roche has objected to Amgen's conduct, and in an effort to level the playing field and comply with the Court's Order requiring the simultaneous exchange of Markman briefs. Toward that end, Roche specifically proposed to Amgen that the parties simultaneously file any reply briefs on an agreed date well in

advance of the Markman hearing. Amgen rejected this request on the grounds that it did not believe any further briefing on Markman issues would be necessary. Thus, Amgen's belated attempt to file a reply (really a sur-reply) now, on the eve of the Markman hearing and over two weeks after Roche filed its reply brief, is made in bad faith and should be denied.

Prior to Roche's filing of its Motion For Leave To Reply In Opposition To Amgen Inc.'s Claims Construction Brief (Docket No. 339), Roche contacted Amgen regarding the filing of replies, and suggested that both parties simultaneously file their proposed reply briefs, thus ensuring fairness by preventing one party from gaining the unfair advantage of reviewing the other party's brief and then filing a responsive brief at a later time. This was particularly important because Amgen had already engaged in this tactic to Roche's detriment – Amgen's opening Markman brief was practically devoid of substance, and by waiting until its responsive Markman brief to make its claim construction arguments on the terms Amgen knew were in dispute, Amgen deprived Roche of an opportunity to address those issues except by way of reply. This did not meet the spirit of the Court's Scheduling Order, which required the parties to file their opening briefs on the same date, and to then file their responsive briefs on the same date.

Roche accordingly proposed to Amgen on March 26, 2007 that the parties file replies simultaneously, and Roche was prepared to file its reply as of that date. Amgen did not respond immediately, and over the course of the next three days, Roche reminded Amgen that the issue needed to be resolved and that Roche would continue to wait to file its reply if Amgen needed more time to prepare its reply, but that "obviously we don't want to wait too long in light of the upcoming Markman hearing." *See* Exhibit A (3/27/07 E-mail from Julia Huston to Michael Gottfried).

Amgen ultimately rejected Roche's offer to file simultaneous reply briefs. On March 28, 2007, at 12:05 p.m., Amgen's counsel, Michael Gottfried, communicated to Roche's counsel, Julia Huston, that Amgen did not want to simultaneously file a reply brief because "<u>Amgen does not believe that any more Markman briefing is necessary</u>." Thus, Roche's good faith attempt to confer and coordinate with Amgen as to the timely filing of Markman reply briefs was met first with delay and ultimately a refusal to cooperate. As such, in Roche's motion for leave to file its own reply, Roche explicitly stated that "in the event Amgen should move the Court for leave to respond to Roche's proposed reply, that motion would be in bad faith and should be denied." *See* Docket No. 339. Amgen's instant attempt to move the Court for leave to file a reply to Roche's reply brief regarding claim construction is in bad faith because it is in direct contradiction to its stated reason for refusing to file its reply brief simultaneously with Roche, and is a part of a larger pattern of manipulating these proceedings and undermining this Court's Orders.

Further, Amgen's motion comes nearly two weeks after Roche filed its reply brief, and on the eve of the Markman hearing, which has been scheduled for months. Amgen's refusal to cooperate was undoubtedly intended to guarantee that Amgen would have the last word on claim construction, and its eleventh-hour filing of its reply is further evidence of this strategy. In the instant motion, Amgen states that it seeks to file this reply in order to address "certain factual and legal assertions raised for the first time by Roche in its reply brief regarding claim construction." *See* Docket No. 370. This argument is disingenuous in light of the parties' past communications on the issue of reply briefing – the factual and legal assertions were raised for the first time by Roche in its reply brief only because Amgen coerced Roche to file its reply brief first! Had Amgen filed its own reply brief simultaneously with Roche, it would not now be in a position to effectively file a sur-reply

and thereby have the last word before the Markman hearing. This Court should not countenance Amgen's repeated attempts to subvert the Court's schedule and substitute its own schedule, with the intent to manipulate and control this litigation. Amgen's motion is both untimely and unfair, and should be denied. Should Amgen wish to submit a separate brief addressing solely the legal questions raised in the Court's Order of March 30, 2007 regarding the precedential effect of prior claim construction, Roche would have no objection, provided that Roche may also submit such a brief outlining its own position.

Dated: April 12, 2007
      Boston, Massachusetts

Respectfully submitted,
F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their attorneys,*

/s/ Nicole A. Rizzo
Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO # 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 443-9292
nrizzo@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff (*pro hac vice*)
David L. Cousineau (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                                                                    /s/ Nicole A. Rizzo
                                                                      Nicole A. Rizzo

03099/00501 650862.1