# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-CV-12237WGY |
| ) | |
| v. ) | |
| ) | |
| F. HOFFMANN-LA ROCHE LTD, ) | |
| ROCHE DIAGNOSTICS GmbH, ) | |
| and HOFFMANN-LA ROCHE INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS' OPPOSITION TO AMGEN INC.'S MOTION TO DEEM ITS OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD ON GROUNDS OF PRIVILEGE AND EXHIBIT 1 TO THE OPPOSITION CONFIDENTIAL

This is Amgen's second motion to seal documents made in connection with Roche's motion to compel the production of documents as to which the privilege has been waived by virtue of the testimony of Amgen's employees and attorneys.[1] As in its first motion, Amgen does not allege that the testimony sought to be sealed is confidential, and certainly does not argue that the testimony divulges Amgen's trade secrets. Indeed Amgen could not make such an argument in good faith, since the testimony addresses matters that occurred between 10 and 25 years ago which have been extensively litigated and could in no way be considered to be confidential (much less trade secret material) at this point in time. Amgen is flaunting the Orders of this Court, which have repeatedly and clearly stated

---

[1] Amgen's first motion was filed on April 2, 2007 (Docket No. 345), to prevent Roche from publicly filing certain information in support of Roche's motion. Roche opposed Amgen's motion that same day (Docket No. 351). The Court denied Amgen's motion to seal as to Amgen's own privilege log, but took the motion under advisement as to the deposition testimony which Roche contends effected the waiver of privilege. *See* Court's Order of April 4, 2007. The instant motion was filed by Amgen on April 10, 2007 (Docket No. 366), and seeks leave for Amgen to file under seal its own references to the deposition testimony in question and related matters which are cited in Amgen's opposition to Roche's motion to compel the production of documents as to which the privilege has been waived. Roche opposes the motion to seal.

that this litigation is public and a party seeking to file information under seal must show that the information constitutes a trade secret. Amgen's motion should be denied, and Roche should be permitted to make a full public record as to the basis for its position that a waiver has occurred.

The documents at issue are an opposition memorandum and a chart which reference deposition transcripts of Amgen witnesses, in large part from prior proceedings. However, as described in detail in Roche's opposition to Amgen's first motion to seal (Docket No. 351) this Court has made it abundantly clear on numerous occasions that this litigation is public and that no documents shall be filed under seal unless they contain trade secrets. *See* Docket No. 351. Amgen has made no showing that the documents at issue contain trade secrets, and thus fails to comply with the Court's Protective Order to which Amgen itself stipulated. Amended Protective Order of 2/7/07 at ¶ 14 (Docket No. 274) ("No document shall be filed in Court under seal absent allowance of a particularized motion to seal that would be allowed only if the filing includes a trade secret.").

After Roche opposed Amgen's first motion to seal, Amgen for the first time raised the argument that it believes that the Protective Order and this Court's rulings on the issue of motions to seal somehow do not apply to this situation, because they do not contemplate documents that may be privileged. This argument is completely without foundation, however, as (1) this Court has been clear that in any context only trade secrets will be filed under seal; (2) Amgen has never asserted (and still does not assert) that the deposition testimony at issue revealed privileged communications; (3) any privilege that may have once existed was waived as a result of the disclosure, and therefore cannot be considered confidential on that basis; and (4) it is Amgen's burden to show that the material it seeks to

seal constitutes trade secrets, and Amgen has utterly failed in meeting that burden. If Amgen was actually arguing that the documents at issue here – deposition testimony about events that occurred decades ago in connection with the prosecution of patents that have already issued – were privileged, perhaps it would have a basis to shield those documents from public filing. But Amgen is contending the opposite. In its recently filed Opposition to Defendant's Motion to Compel Production of Documents Improperly Withheld on Grounds of Privilege, Amgen forcefully argues that none of the documents at issue are now, or were ever, privileged. *See* Docket No. 371. Thus, Amgen cannot possibly ask the Court in good faith to seal documents which it does not even contend are privileged, confidential, or trade secret.

For the reasons set forth above and in Roche's prior briefing on this issue, Amgen's Motion To Deem Its Opposition To Defendants' Motion To Compel Production Of Documents Improperly Withheld On Grounds Of Privilege should be denied. Roche also reiterates its request, made in its opposition to Amgen's first motion to seal (Docket No. 351), that the Court enter sanctions against Amgen for its repeated abuse of the Protective Order and violation of the Court's Orders regarding the filing of materials under seal in this case. At a minimum, such sanctions would appropriately include revocation of the *pro hac vice* admissions of the attorneys who have repeatedly failed to comply with this Court's orders, including Amgen's in-house counsel, and the removal of Amgen's in-house counsel from the list of people who have access to Roche's Highly Confidential Material and Restricted Access Confidential BLA/IND Material pursuant to the Protective Order.

Dated:  April 12, 2007
       Boston, Massachusetts

Respectfully submitted,
F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their attorneys,*

 /s/ Nicole A. Rizzo
Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
nrizzo@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff (*pro hac vice*)
David L. Cousineau (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

 /s/ Nicole A. Rizzo
Nicole A. Rizzo

03099/00501 646421.2