EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., | ) |
| Plaintiff, | ) Civil Action No. 05-CV-12237WGY |
| v. | ) |
| F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GmbH, and HOFFMANN-LA ROCHE INC., | ) |
| Defendants. | ) |

## DEFENDANTS' [PROPOSED] REPLY TO AMGEN INC.'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL CONTINUED DEPOSITION OF DR. THOMAS STRICKLAND AND PRODUCTION OF DOCUMENTS

The Court's disposition of Roche's motion to compel the continued deposition of Dr. Thomas Strickland can rightly turn on two simple facts. First, the parties agreed, before Dr. Strickland's deposition, at the deposition, and after the deposition, that Dr. Strickland would be available for deposition a second day. Second, Dr. Strickland alone possesses knowledge of topics—some for which he was designated at the eleventh hour-- that are key to Roche's defense.

In its opposition, Amgen does not even dispute that it had repeatedly promised to produce Dr. Strickland for continued deposition. Instead, Amgen labors, vainly but at remarkable length, to conjure up doubts as to Roche's right to continue Dr. Strickland's deposition, despite Amgen's recent continual acknowledgement of that right. Under the Court's Scheduling Order, which permits a total of 105 hours to be allocated to the various depositions as a party chooses, and under Fed. R. Civ. Pro. 30(d)(2), which permits extended deposition time if fairness so requires, Roche is entitled to continue Dr. Strickland's deposition.

Roche anticipates needing no more than a half day to complete the deposition. This motion springs from little more than Amgen's surprising refusal to negotiate a mutually convenient date to complete Dr. Strickland's testimony. The Court should hold Amgen to its promise to produce Dr. Strickland for continued deposition.

Amgen inaccurately alleges that Roche has not established good cause to continue the deposition. Roche has consistently stated that Dr. Strickland is one of its most important witnesses and will likely provide key testimony to support Roche's defenses and counterclaims. According to Amgen's supplemental disclosures, Dr. Strickland is a person with discoverable information on issues of "research and development leading to the inventions described and claimed in Amgen's patents-in-suit" and "urinary erythropoietin." *See* Docket No. 341, Exhibit A. Amgen also designated Dr. Strickland as a witness to testify to the 30(b)(6) topics of "the experiments and declarations in the U.S. prosecution or opposition proceedings performed or provided by Dr. Strickland," "the experiments concerning pegylation of EPO that were performed by Dr. Strickland or at his direction," and "the relationship between Dr. Goldwasser and Dr. Strickland acting on Amgen's behalf." *See* Docket No. 341, Exhibit C. Amgen designated Dr. Strickland for certain critical topics only hours before the deposition occurred, which alone made it impossible to complete his questioning that day.

While Roche is seeking to continue Dr. Strickland's deposition only in his personal capacity, he surely has knowledge regarding these 30(b)(6) topics which he may testify to in his personal capacity.[1] Because Roche learned of Dr. Strickland's knowledge on these

---

[1] Indeed, although Roche subsequently deposed Amgen's 30(b)(6) witness, Mr. Thomas Boone, on the topic for which Dr. Strickland was de-designated following the March 9 deposition, Mr. Boone was unable to answer several questions regarding Strickland's work, and indicated that Dr. Strickland would be better able to answer such questions. For example, Mr. Boone was asked questions about the reaction between LSA-EPO with SS-PEG 5000. Boone testified that he did not know whether this reaction converted an amine of

2

topics only on the eve of his March 9 deposition, Roche was unable to complete its questioning in these areas in 7.5 hours of deposition time. Dr. Strickland provided testimony on his own work on pegylating EPO while at Amgen in the first hour of his deposition but Amgen now seeks to withdraw him rather than allow Roche's continued questioning on this subject. Moreover, Roche did not have a sufficient opportunity to question Dr. Strickland about his experiments to characterize EPO and how such experiments were used in the prosecution of the patents-in-suit and opposition proceedings in Europe. Dr. Strickland's representations about these characterizations, particularly as they relate to comparisons between recombinant EPO and urinary EPO form the basis for some of Roche's inequitable conduct allegations in this case. Thus, Roche has more than met its burden under Rule 30(d)(2) of showing good cause to continue Dr. Strickland's deposition, and Roche still has time remaining in its 105 total hours of deposition time.

Moreover, Amgen advances no reason for reneging on its undertaking to produce Dr. Strickland for continued deposition. Indeed, Amgen admits that "in advance of the deposition Amgen offered to extend Dr. Strickland's deposition by a few hours or to continue the deposition the morning following or the beginning of the following week to cover both the personal and the Rule 30(b)(6) topics." *See* Docket No. 371 at page 1.

Amgen's Opposition attaches all the letters, both before and after the March 9 deposition, in which Amgen offered Roche additional time to depose Dr. Strickland. *Id*. Why would Amgen suddenly now have a change of heart and retract its offer? Amgen has offered no explanation. Thus, the parties have always agreed that Dr. Strickland would be deposed further, and it has only been a matter of scheduling the continued deposition.

---

EPO to an amide and suggested that Dr. Strickland might know, but since Mr. Boone had not discussed the issue with Dr. Strickland in preparation of the deposition, Roche would have to ask Dr. Strickland himself. (3/30/07 Boone Depo. Tr. 70:9 - 71:1).

3

Roche has continually expressed its willingness to negotiate a mutually convenient date, and it respectfully requests that this Court order Amgen to work with Roche toward this end.

Dated: April 13, 2007
      Boston, Massachusetts

Respectfully submitted,
F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their attorneys,*

/s/ Nicole A. Rizzo_____
Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
nrizzo@bromsun.com

Leora Ben-Ami *(pro hac vice)*
Mark S. Popofsky *(pro hac vice)*
Patricia A. Carson *(pro hac vice)*
Thomas F. Fleming *(pro hac vice)*
Howard S. Suh *(pro hac vice)*
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff *(pro hac vice)*
David L. Cousineau *(pro hac vice)*
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

        /s/ Nicole A. Rizzo
        Nicole A. Rizzo

03099/00501 651715.2