# EXHIBIT 25

**From:** TFleming@kayescholer.com
**Sent:** Wednesday, March 28, 2007 2:51 PM
**To:** Fishman, Deborah
**Cc:** Carter, Krista; Moore, Mario; Gottfried, Michael; Platt, Rachelle L.
**Subject:** RE: DaVita

I did respond, and you understand the scope, Thank You,

Tom Fleming
tfleming@kayescholer.com
212-836-7515

---

"Fishman, Deborah" <dfishman@daycasebeer.com>

03/28/2007 05:48 PM

To <TFleming@kayescholer.com>
cc "Carter, Krista" <KCarter@daycasebeer.com>; "Moore, Mario" <MMoore@daycasebeer.com>; "Gottfried, Michael" <mrgottfried@duanemorris.com>; "Platt, Rachelle L." <rplatt@daycasebeer.com>
Subject RE: DaVita

---

Dear Tom,

You didn't answer my question regarding the two studies (ML20336 and ML20338) that you have instructed DaVita to withhold from its production.

In order to avoid unnecessary motion practice, can you please do so?

Thanks,
Deborah


Deborah Fishman
Day Casebeer Madrid Batchelder, LLP
fishmand@daycasebeer.com

---

**From:** TFleming@kayescholer.com [mailto:TFleming@kayescholer.com]
**Sent:** Wednesday, March 28, 2007 2:42 PM
**To:** Fishman, Deborah
**Cc:** Carter, Krista; Moore, Mario; Gottfried, Michael; Platt, Rachelle L.
**Subject:** RE: DaVita

Deborah:  Amgen's post-hoc attempts at justifying its conduct are unpersuasive.  Once you knew of the Court's restrictions, any efforts to circumvent the proscriptions of that ruling should have ceased.  We did not expect Amgen to violate the Court's ruling, but once we learned of this activity we acted immeidately.  I am not about to debate with you the clear scope of the Judge's order or the scope of protected activities under the law.   I think our position is clear.
Thank You,

Tom Fleming
tfleming@kayescholer.com
212-836-7515

| | | |
|---|---|---|
| **"Fishman, Deborah" <dfishman@daycasebeer.com>** | To | <TFleming@kayescholer.com> |
| 03/28/2007 05:37 PM | cc | "Moore, Mario" <MMoore@daycasebeer.com>; "Platt, Rachelle L." <rplatt@daycasebeer.com>; "Gottfried, Michael" <mrgottfried@duanemorris.com>; "Carter, Krista" <KCarter@daycasebeer.com> |
| | Subject | RE: DaVita |

Dear Tom,

First of all, Amgen served its subpoena for documents on DaVita on January 12 and you have had a copy of it for more than two months.  If you had objection to the scope of the discovery sought therein, you could have raised it with me before now or could have moved for protective order.  You did neither.  Instead, you chose to instruct a third party to withhold responsive information that it had already agreed to produce.  This was totally inappropriate.

More importantly, our agreement with DaVita was to provide a summary of any agreements between DaVita and Roche regarding studies on peg-EPO.  Such information would include the protocol number and title of any on-going or planned study.  Your instruction to withhold this information from production makes it impossible for Amgen to ascertain whether such studies are fairly characterized as clinical studies in support of registration (which Roche represented it would produce upon completion and submission to FDA) or a non-exempt current act of infringement.  Clearly the latter was not the subject of Judge Young's Order or even within the scope of your "compromise position" which was premised on the burden of interfering with the conduct of studies in support of registration.  It is hard to imagine how a third party providing a summary of extant agreements with Roche is a burden on Roche or interferes with the conduct of any of its ongoing studies.

Do you represent that studies ML20336 and ML20338 have been or will be submitted to FDA in support of Roche's current BLA on Mircera?

-Deborah

Deborah Fishman

Day Casebeer Madrid Batchelder, LLP
fishmand@daycasebeer.com

---

**From:** TFleming@kayescholer.com [mailto:TFleming@kayescholer.com]
**Sent:** Wednesday, March 28, 2007 2:13 PM
**To:** Fishman, Deborah
**Cc:** Moore, Mario; Platt, Rachelle L.; PFratangelo@kayescholer.com; Alfred Heckel; pcarson@kayescholer.com; PFratangelo@kayescholer.com
**Subject:** Re: DaVita


Deborah:  You have not accurately portrayed our conversation regarding the discovery from Davita regarding Mircera.  We have just learned that Amgen has been speaking to Davita and other third parties about potential ongoing clinical trials without informing those third parties of the Court's prohibition on Amgen obtaining discovery about such trials.  It is clear that Amgen is trying to circumvent the Court's clear Order by withholding this key information from witnesses in a deliberate and contumnacious fashion.  Be advised, we have informed the third parties of the Court's restriction, and the basis for this restriction on Amgen's discovery, and have requested that they honor the Court's direction.  If Amgen proceeds to disregard the Court's ruling and continues to mislead third parties and subvert the Court's ruling, we will take necessary action and seek relief from the Court including requesting appropriate sanctions against those involved. Thank You,

Tom Fleming
tfleming@kayescholer.com
212-836-7515

| "Fishman, Deborah" <dfishman@daycasebeer.com> | | |
|---|---|---|
| | To | <TFleming@kayescholer.com> |
| 03/28/2007 04:37 PM | cc | "Moore, Mario" <MMoore@daycasebeer.com>; "Platt, Rachelle L." <rplatt@daycasebeer.com> |
| | Subject | DaVita |


Dear Tom,

This is to confirm our discussion that you instructed DaVita to withhold from production information about its on-going studies with Roche re peg-EPO.  As we discussed, it is our view that your instruction is entirely inappropriate, particularly where the third party does not itself object to the production and where neither you nor the third party have sought a protective order for this information.  Please let me know immediately if you will withdraw your instruction to DaVita.

Thank you,
Deborah

Deborah Fishman
Day Casebeer Madrid Batchelder, LLP
fishmand@daycasebeer.com

```
**********************************************************************
Confidentiality Notice
This message is being sent by or on behalf of a lawyer.  It is
intended exclusively for the individual or entity to which it is
addressed.  This communication may contain information that
is proprietary, privileged or confidential or otherwise legally
exempt from disclosure.  If you are not the named addressee,
you are not authorized to read, print, retain, copy or
disseminate this message or any part of it.  If you have
received this message in error, please notify the sender
immediately by email and delete all copies of the message.
**********************************************************************


                                       *   *   *   *


IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury
Department regulations, we inform you that any U.S. federal tax
advice contained in this correspondence (including any attachments)
is not intended or written to be used, and cannot be used for the
purpose of (i) avoiding penalties that may be imposed under the U.S.
Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.

**********************************************************************
Confidentiality Notice
This message is being sent by or on behalf of a lawyer.  It is
intended exclusively for the individual or entity to which it is
addressed.  This communication may contain information that
is proprietary, privileged or confidential or otherwise legally
exempt from disclosure.  If you are not the named addressee,
you are not authorized to read, print, retain, copy or
disseminate this message or any part of it.  If you have
received this message in error, please notify the sender
immediately by email and delete all copies of the message.
**********************************************************************


                                       *   *   *   *


IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury
Department regulations, we inform you that any U.S. federal tax
advice contained in this correspondence (including any attachments)
is not intended or written to be used, and cannot be used for the
purpose of (i) avoiding penalties that may be imposed under the U.S.
Internal Revenue Code or (ii) promoting, marketing or recommending to
```

another party any transaction or matter addressed herein.

****************************************************************
Confidentiality Notice
This message is being sent by or on behalf of a lawyer.  It is
intended exclusively for the individual or entity to which it is
addressed.  This communication may contain information that
is proprietary, privileged or confidential or otherwise legally
exempt from disclosure.  If you are not the named addressee,
you are not authorized to read, print, retain, copy or
disseminate this message or any part of it.  If you have
received this message in error, please notify the sender
immediately by email and delete all copies of the message.
****************************************************************

                              *   *   *   *

IRS CIRCULAR 230 DISCLOSURE:   To ensure compliance with Treasury Department regulati