# KAYE SCHOLER LLP

Vladimir Drozdoff
212 836-7629
Fax 212 836-6337
vdrozdoff@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

March 8, 2007

**BY EMAIL AND FAX**

William G. Gaede, III, Esq.
McDermott, Will & Emery
3150 Porter Dr.
Palo Alto, CA 94304-1212
Fax: 650-813-5100
Email: wgaede@mwe.com

     Re:   *Amgen, Inc. v. F. Hoffman-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-LaRoche Inc., Civ. No. 05-CV-12237WGY, D. Mass*

Dear Bill:

     I write regarding your March 6, 2007 letter to Tom Fleming and Pat Carson regarding Roche's First Rule 30(b)(6) Deposition Notice. In particular, I write regarding Amgen's continuing refusal to provide witnesses and dates for most of Roche's 30(b)(6) topics relating to liability issues. (This letter addresses the liability topics only. We will address the other topics in a separate letter).

     As you are aware, it is almost one month since Amgen received Roche's Deposition notice on February 9, 2007, which was noticed for February 27, 2007. Since that time, Roche has repeatedly attempted to reach an agreement with Amgen about witnesses and deposition dates. A meet and confer was held on February 26, on Roche's understanding that Amgen would make a good faith effort to designate witnesses on Roche's 30(b)(6) topics. Amgen has yet to designate witnesses on numerous topics and provide dates for its deponents.

     Notably, you mischaracterize your March 6, 2007 call with Tom Fleming as an additional meet and confer on this matter. All that was discussed were dates for certain witnesses and Tom complained of Amgen's continued refusal to provide dates in response to Roche's notice. His complaint did not yield dates, but more bluster and unfortunate rancor from you. Your only

**KAYE SCHOLER** LLP

| | | |
|---|---|---|
| William G. Gaede, III Esq. | 2 | March 8, 2007 |

substantive comment is whether Roche would produce witnesses on topics from Amgen's notice which you conceded called for "legal contentions".

Moreover, you misrepresent Pat Carson's statements during the February 26, 2007 meet and confer that Roche was willing to "simply reserve on some topics." In particular, with respect to the various liability topics mentioned in your March 6 letter, we note the following:

Topic 1

Amgen's "compromise" to designate a single witness, Dr. Strickland, to testify only about the experiments and declarations that he performed or provided in the US prosecution or in opposition proceedings fails to address in any substantive manner the discovery sought by this topic. As an initial matter, the request seeks discovery relating to both US and foreign prosecution of Amgen's EPO patents. More importantly, this request seeks discovery, not just of Dr. Strickland's work but of any experimental data about EPO generated by or on behalf of Amgen that Amgen relied upon in prosecution of, or in opposition proceedings relating to its Lin EPO patents. Clearly, the information Amgen relied upon in these proceedings is all in Amgen's files. Amgen's excuse that the volume of material relating to the various prosecutions and oppositions is voluminous only confirms that Amgen is in a far better position to identify this information than Roche. At minimum, Roche seeks discovery on the data Amgen relied on, referred to or discussed to demonstrate any distinction in any physical, biological or chemical property between any recombinant human EPO and human urinary EPO, including any evidence to the contrary that Amgen considered. We are awaiting Amgen's designation of a witness on this topic.

Topic 2

At his March 2 deposition, Mr. Borun failed to provide information on a substantial portion of the topics which were covered at his deposition, due to *inter alia,* his apparent inability, in view of his extended 20 year legal representation of Amgen to separate the non-privileged information he knew of from privileged information about which he was instructed not to answer. We therefore are awaiting Amgen's designation of a witness on this topic.

Topic 3

This topic seeks discovery relating to Amgen's research with both recombinant, as well as non-recombinant cells expressing erythropoietin, excluding Amgen's cell line used for its commercial production. With respect to recombinant cells, Roche has indicated it will agree to limit the topic to Amgen's activities up to 1995. Amgen's position in previous litigations that its claims encompass expression of human EPO in any mammalian cell establishes the relevance of the scope of discovery sought by this topic. Amgen's decision to limit testimony to the examples described in the patent specification cannot be justified in view of its previous litigation positions. Roche does not agree to this limitation. Further, this topic seeks discovery of any efforts by Amgen relating to its efforts to characterize any non-recombinant human EPO, including identification and characterization of any non-recombinant cells producing human

**KAYE SCHOLER** LLP

| William G. Gaede, III Esq. | 3 | March 8, 2007 |

EPO, including any such cell lines that Amgen knew of as of the filing date of its EPO patents. In an effort to facilitate a compromise, Roche will again agree to limit this discovery to include Amgen's activities up to 1995. Roche awaits Amgen's designation of an appropriate witness.

Topic 4

Amgen's unilateral decision to limit the scope of discovery to the specific examples in the patent specification has no basis, given Amgen's position in previous litigations that its claims are not limited to the specific examples in its patent. In an attempt to facilitate agreement on this topic, Roche will agree to limit the scope of this topic to encompass any of Amgen's efforts before 1985 to express any obligate glycoprotein, including but not limited to EPO. We await Amgen's designation of a witness.

Topic 5

While you indicate that Amgen has designated Dr. Strickland to testify on this topic, Ms. Fishman's letter suggests that Amgen will limit the scope of his testimony. If Amgen intends to limit Dr. Strickland's testimony, Roche expects Amgen to promptly designate a suitable deponent to address any remaining subject matter that Dr. Strickland is unable to address.

Topic 7

With respect to Amgen's assertions that the subject matter of some of Roche's 30(b)(6) topics relate to contentions that are not proper 30(b)(6) deposition topics, without agreeing to Amgen's characterization, we assume that Amgen's rule about contentions will apply to Amgen as well as Roche. Notwithstanding, Roche is entitled to fact discovery as to the subject matter that was included in the Lin patent applications that Amgen may use as support for the various possible filing dates. As Amgen intends to designate Dr. Lin on topic 6, Roche expects that Dr. Lin will also be made available to testify on behalf of Amgen in this regard.

Topic 8

While you indicate that Amgen has designated Dr. Strickland to testify on this topic, Ms. Fishman's letter suggests that Amgen will limit the scope of his testimony. If Amgen intends to limit Dr. Strickland's testimony, Roche expects Amgen to promptly designate a suitable deponent to address any remaining subject matter that Dr. Strickland is unable to address.

Topic 9

Contrary to your mischaracterization that this topic is not relevant, the Court's order confirms the relevance of characterization information for Aranesp®. In view of the time constraints on depositions and the short period of time remaining for fact discovery, Roche will agree to take a 30(b)(6) witness on categories (j) through (o). Please confirm that Amgen will designate a suitable witness.

**KAYE SCHOLER** LLP

William G. Gaede, III Esq.                4                March 8, 2007

Topic 10

       Amgen has not disputed the relevance of this topic. Amgen improperly refuses to designate any witness on this topic solely on grounds that the scope is overbroad. If Amgen insists on improperly impeding discovery in this manner, we will need to seek the Court's assistance.

       As you are well aware, there is only a short period of time remaining before the deadline for fact discovery. Amgen's refusal to cooperate in discovery is at odds with Amgen's representation in its Objections to Roche's 30(b)(6) notice that Amgen was "willing to provide a witness" on all these topics. Amgen's delay serves no purpose other than to impede discovery. We are concerned that this tactic will deny Roche essential discovery on facts in Amgen's possession and severely prejudice Roche's ability to address these matters at trial. For this reason, as Mr. Fleming informed Mr. Gaede on their March 6 call, unless Amgen promptly provides us with witnesses and deposition dates for all remaining topics, we will be forced to seek the Court's assistance, including a request to move the trial date to allow Roche ample opportunity to complete discovery.

                                                       Sincerely,

                                                       Vladimir Drozdoff

cc:      Deborah Fishman, Esq
         Mark Izraelewicz, Esq.
         Michele Moreland, Esq.
         Krista Carter, Esq.
         Rachelle Platt, Esq.
         Julia Huston, Esq.
         Patricia Carson, Esq.