# Exhibit 9

Dockets.Justia.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., <br><br> Plaintiff, <br><br> vs. <br><br> F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GmbH, AND HOFFMANN-LA ROCHE INC., <br><br> Defendants. | CIVIL ACTION No.: 05-cv-12237WGY |

## DEFENDANTS' OBJECTIONS TO AMGEN'S FOURTH NOTICE OF DEPOSITION PURSUANT TO FRCP 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche, Inc. (collectively "Roche" or "Defendants") hereby object to Amgen's Fourth Notice of Deposition to Defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche, Inc. Pursuant to FRCP 30(b)(6) dated March 7, 2007 ("Amgen's Notice"), served by Plaintiff Amgen, Inc. ("Amgen") as follows:

### GENERAL RESPONSE

Defendants object to Amgen's Notice because it is not "reasonable notice" as required by Fed. R. Civ. P. 30(b)(1). For the reasons set forth below, Amgen's Deposition Topics are overly broad, vague, and unduly burdensome. In addition, they comprise 30 topics with over 45 subtopics of highly complex subject matter. Moreover, Amgen has already served 68 topics for 30(b)(6) depositions covering similarly complex and overreaching subject matter with their own

31435113_V4.DOC

myriad subtopics. As stated in more detail below, Amgen's Notice comprises topics that are unrelated and may require the designation of numerous witnesses. Designation of witnesses under Rule 30(b)(6) requires additional commitment and resources. In view of this, Defendants propose that the parties will need to negotiate the availability of particular individuals for specific topics, as well as the location of certain individual depositions.

## GENERAL OBJECTIONS

Roche makes the following general objections, whether or not separately set forth in response to each Deposition Topic, to each and every instruction, definition, and Deposition Topic.

1.      Defendants repeat and reiterate the General Objections set forth in their prior responses to all previous discovery requests from Amgen, including responses to Interrogatories, Requests for Documents and Requests for Admission, which General Objections are incorporated herein and apply as if asserted in response to the Deposition Topics in Amgen's Notice. Defendants further object to Amgen's Notice to the extent that it violates the Orders of this Court restricting the scope of permissible discovery in this action.

2.      Defendants object to the Definitions to Amgen's Notice and Deposition Topics to the extent said definitions enlarge, expand, or alter in any way the plain meaning and scope of any specific topic on the ground that such enlargement, expansion or alteration renders said request vague, ambiguous, unintelligible, unduly broad, and uncertain.

3.      Defendants object to each Deposition Topic to the extent they are vague, ambiguous, overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendants object to Amgen's Notice to the extent that the Deposition Topics are unrelated to issues in this action or the subject matter of this lawsuit.

5.      Defendants object to each Deposition Topic insofar as they seek information on, identification of, or the production or disclosure of documents or information protected by the attorney-client privilege or the work product doctrine, the joint defense privilege or any other privilege or protection, for which Defendants have not explicitly, and on a very limited basis, waived.  Such information shall not be disclosed in response to Amgen's Deposition Topics, and any inadvertent production thereof shall not be deemed a waiver of any privilege with respect to information or documents, or of any work product doctrine which may attach thereto.

6.      Defendants object to each of these Deposition Topics to the extent they seek to impose duties or obligations on them beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or the rules of this Court.

7.      Defendants object to each of these Deposition Topics to the extent they seek legal conclusions and/or expert opinions.

## RESPONSES AND OBJECTIONS TO AMGEN'S DEFINITIONS

The following responses and objections to Amgen's definitions and instructions apply to each individual response to Amgen's Topics as if fully set forth therein.

1.      Defendants object to Amgen's Definition No. 8 regarding "human EPO" as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of relevant information.  Amgen's definition of the term "human EPO" as including "any naturally occurring or recombinantly produced human erythropoietin, including epoetin alfa, epoetin beta, and endogenous gene activated EPO" encompasses indeterminate and unlimited subject matter outside the scope of any claim or defense in this action.

2.      Defendants object to Amgen's Definition No. 9 regarding "pegylated human EPO" as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of relevant information.  Amgen's use of the term "pegylated human EPO" as meaning "any human EPO that has been pegylated, including the drug substance RO0503821" encompasses indeterminate and unlimited subject matter outside the scope of any claim or defense in this action.  Defendants objects to this definition as misleading and inaccurate to the extent it uses "pegylated human EPO" to mean Roche's MIRCERA™, whether referred to as CERA or any other internal Roche designation, including RO0503821, to the extent it equates MIRCERA™ with any other molecule engineered through use of pegylation.  MIRCERA™ is a unique, new molecule created through chemical synthesis which differs considerably from erythropoietin or "human EPO" in both its chemical and biological properties.  Defendants further object to Definition No. 9 to the extent it erroneously implies that MIRCERA™ is a "human EPO".  MIRCERA™ is not a "human EPO" within the meaning of Amgen's patents-in-suit.  Unless otherwise noted, Defendants' testimony in response to Amgen's Notice shall be limited to MIRCERA™ -- whether referred to as CERA or any other internal Roche designation -- rather than "pegylated human EPO" and products containing "pegylated human EPO."

3.      Defendants object to Amgen's Definition No. 10 regarding "ESP" as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of relevant information.   Amgen's use of the term "ESP" as meaning "any erythropoiesis-stimulating protein or polypeptide, including epoetin alfa, epoetin beta, darbepoetin, and endogenous gene activated EPO" encompasses indeterminate and unlimited subject matter outside the scope of any claim or defense in this action.

4.      Defendants object to Amgen's Definition No. 15 regarding the terms "ROCHE," "you" and "your" as overly broad, unduly burdensome, vague, ambiguous, harassing, misleading and not reasonably calculated to lead to the discovery of relevant information to the extent they purport to include persons or entities other than the named defendants to this lawsuit, F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH and Hoffmann-La Roche Inc.  Defendants object to Amgen's Definition No. 18 as including persons and entities that do not control the corporate decisions or policy-making of the named parties and possess no information bearing any relevance to any claim or defense in this action.  Moreover, Defendants object to Amgen's Definition No. 18 as it seeks to place an obligation on Defendants to provide information regarding persons and entities which Defendants have no control over nor access to.  Any testimony in response to Amgen's Notice shall be limited to the named Defendants to this lawsuit.

5.      Defendants object to Amgen's Definition No. 16 regarding the terms "characterize", "efforts to characterize", and "analyze" as overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of relevant information to the extent they purport to include without limitation myriad distinct structural, qualitative and functional properties.

6.      That Defendants have not lodged a particular objection to one of Amgen's definitions or instructions does not constitute a concession that any of Amgen's definitions or instructions are proper or reasonably calculated to lead to the discovery of relevant information. Roche's individualized responses and objections to Amgen's Requests below may also reject, amend or narrow any of Amgen's definitions and instructions.  Defendants further reserve its

right to object to the scope of any of Amgen's definitions and instructions in this and any subsequent litigation.

## OBJECTIONS TO DEPOSITION TOPICS

1.    Roche's planned or executed efforts (specifically including the efforts of its predecessors-in-interest Boehringer Mannheim GmbH, Genetics Institute, and Chugai Pharmaceutical Co. Ltd.) to characterize any human EPO that was relied on or referred to in opposition proceedings in Europe to Genetics Institute's European patents EP 411 678 ("the '678 patent") and EP 209 539 ("the '539 patent"), opposition proceedings in Europe involving Amgen's European patent EP 148 605 ("the '605 patent"), proceedings before the Federal Court of Australia in No. VG 868 of 1995 between Genetics Institute Inc. and Kirin-Amgen Inc., or proceedings before the Federal Court of Canada in T-2784-97 between Kirin-Amgen Inc. and Janssen-Ortho Inc and Hoffman-La Roche Ltd.

## OBJECTIONS TO TOPIC 1

Defendants object to this Topic as overly broad, unduly burdensome and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Defendants also object to this Topic as vague and ambiguous with respect to its use of the term "planned or executed efforts". Defendants also object to this Topic as compound and comprising multiple subparts. Defendants also object to this Topic to the extent it seeks information protected by the attorney client privilege, work product immunity or any other applicable protective doctrine. Defendants further object to this Topic to the extent it encompasses Boehringer Mannheim GmbH, Genetics Institute or Chugai Pharmaceutical Co. Ltd. as predecessors in interest to Roche which is inaccurate and harassing. Defendants also object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis of the characterization of "human EPO" described therein. Such discovery is premature and impermissibly seeks discovery of expert opinion. Such information shall be disclosed during expert discovery in

accordance with the Court's Amended Scheduling Order, dated November 7, 2006. Defendants further object to this Topic's use of the term "characterize" as unreasonably broad, excessively burdensome and harassing especially in light of the definitions provided in Amgen's Definitions Nos. 14 and 16 which encompass a panoply of distinct and unrelated structural, qualitative and functional characteristics. Subject to the foregoing general and specific objections, Defendants are willing to negotiate an appropriately narrowed scope that meets the requirements of Rule 30(b)(6) and to provide a witness (or witnesses) on the agreed topic limited to Roche's "planned or executed efforts".

2.    Roche's planned or executed efforts (specifically including the efforts of its predecessors-in-interest Boehringer Mannheim GmbH, Genetics Institute, and Chugai Pharmaceutical Co. Ltd.) to characterize any human EPO purified, isolated or otherwise derived from human urine, plasma or blood at any time from 1984 to the present, including any comparison between such human EPO and any recombinant human EPO.

**OBJECTIONS TO TOPIC 2**

Defendants object to this Topic as overly broad, unduly burdensome and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Defendants also object to this Topic as vague and ambiguous with respect to its use of the term "planned or executed efforts". Defendants also object to this Topic to the extent it seeks information protected by the attorney client privilege, work product immunity or any other applicable protective doctrine. Defendants further object to this Topic to the extent it encompasses Boehringer Mannheim GmbH, Genetics Institute or Chugai Pharmaceutical Co. Ltd. as predecessors in interest to Roche which is inaccurate and harassing. Defendants also object to this Topic as not reasonably calculated to lead to the discovery of information relevant to any claim or defense in this action to the extent it refers to "any human EPO purified, isolated or otherwise derived from human urine, plasma or blood at any time from 1984". It is unduly

burdensome for a corporate representative to testify with respect to subject matter of such an unreasonably broad and poorly defined scope. Defendants also object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis of the characterization of "human EPO" described therein. Such discovery is premature and impermissibly seeks discovery of expert opinion. Such information shall be disclosed during expert discovery in accordance with the Court's Amended Scheduling Order, dated November 7, 2006. In addition, Defendants object to the Topic as unduly burdensome to the extent that it calls for testimony duplicative of information contained in a substantial number of documents which have been produced to Amgen during fact discovery. Defendants further object to this Topic's use of the term "characterize" as unreasonably broad, excessively burdensome and harassing especially in light of the definitions provided in Amgen's Definitions Nos. 14 and 16 which encompass a panoply of distinct and unrelated structural, qualitative and functional characteristics. Subject to the foregoing general and specific objections, Defendants are willing to negotiate an appropriately narrowed scope that meets the requirements of Rule 30(b)(6) and to provide a witness (or witnesses) on the agreed topic limited to Roche's "planned or executed efforts".

3.      Roche's planned or executed efforts (specifically including the efforts of its predecessors-in-interest Boehringer Mannheim GmbH, Genetics Institute, and Chugai Pharmaceutical Co. Ltd.) to characterize any recombinant human EPO produced by a mammalian cell grown in culture at any time from 1984 to the present, including any comparison between such recombinant human EPO and human EPO purified, isolated or otherwise derived from human urine, plasma or blood.

## OBJECTIONS TO TOPIC 3

Defendants object to this Topic as overly broad, unduly burdensome and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Defendants also object to this Topic as vague and ambiguous with respect to its use of the term

"planned or executed efforts". Defendants also object to this Topic to the extent it seeks information protected by the attorney client privilege, work product immunity or any other applicable protective doctrine. Defendants further object to this Topic to the extent it encompasses Boehringer Mannheim GmbH, Genetics Institute or Chugai Pharmaceutical Co. Ltd. as predecessors in interest to Roche which is inaccurate and harassing. Defendants also object to this Topic as not reasonably calculated to lead to the discovery of information relevant to any claim or defense in this action to the extent it refers to "any recombinant human EPO produced by a mammalian cell grown in culture at any time from 1984 to the present". It is unduly burdensome for a corporate representative to testify with respect to subject matter of such an unreasonably broad and poorly defined scope. Defendants also object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis of the characterization of recombinant EPO described therein. Such discovery is premature and impermissibly seeks discovery of expert opinion. Such information shall be disclosed during expert discovery in accordance with the Court's Amended Scheduling Order, dated November 7, 2006. In addition, Defendants object to the Topic as unduly burdensome to the extent that it calls for testimony duplicative of information contained in a substantial number of documents which have been produced to Amgen during fact discovery. Defendants further object to this Topic's use of the term "characterize" as unreasonably broad, excessively burdensome and harassing especially in light of the definitions provided in Amgen's Definitions Nos. 14 and 16 which encompass a panoply of distinct and unrelated structural, qualitative and functional characteristics. Subject to the foregoing general and specific objections, Defendants are willing to negotiate an appropriately

narrowed scope that meets the requirements of Rule 30(b)(6) and to provide a witness (or witnesses) on the agreed topic limited to Roche's "planned or executed efforts".

4.      Roche's planned or executed efforts (specifically including the efforts of its predecessors-in-interest Boehringer Mannheim GmbH, Genetics Institute, and Chugai Pharmaceutical Co. Ltd.) to identify, characterize or analyze any cell or tissue expressing, secreting and/or otherwise producing erythropoietin (other than the cells used to make the active drug product in Recormon, NeoRecormon, or Mircera), including (a) any characterization of human EPO produced by any such cell or tissue, (b) the source of any such cell or tissue, (c) any comparison between any human EPO produced by any such cell or tissue with any other human EPO; and (d) any communication by Roche with any third party concerning such efforts.

## OBJECTIONS TO TOPIC 4

Defendants object to this Topic as overly broad, unduly burdensome and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Defendants also object to this Topic as vague and ambiguous with respect to its use of the term "planned or executed efforts". Defendants also object to this Topic to the extent it seeks information protected by the attorney client privilege, work product immunity or any other applicable protective doctrine. Defendants further object to this Topic to the extent it encompasses Boehringer Mannheim GmbH, Genetics Institute or Chugai Pharmaceutical Co. Ltd. as predecessors in interest to Roche which is inaccurate and harassing. Defendants also object to this Topic as not reasonably calculated to lead to the discovery of information relevant to any claim or defense in this action to the extent it is not limited to the accused product and refers "to any cell or tissue expressing, secreting and/or otherwise producing erythropoietin (other than the cells used to make the active drug product in Recormon, NeoRecormon, or Mircera)." It is unduly burdensome for a corporate representative to testify with respect to subject matter of such an unreasonably broad and poorly defined scope. Defendants also object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis of the

characterization or analysis of "any cell or tissue expressing, secreting and/or otherwise producing erythropoietin" described therein. Such discovery is premature and impermissibly seeks discovery of expert opinion. Such information shall be disclosed during expert discovery in accordance with the Court's Amended Scheduling Order, dated November 7, 2006. In addition, Defendants object to the Topic as unduly burdensome to the extent that it calls for testimony duplicative of information contained in a substantial number of documents which have been produced to Amgen during fact discovery. Defendants further object to this Topic's use of the term "characterize" as unreasonably broad, excessively burdensome and harassing especially in light of the definitions provided in Amgen's Definitions Nos. 14 and 16 which encompass a panoply of distinct and unrelated structural, qualitative and functional characteristics. Subject to the foregoing general and specific objections, Defendants are willing to negotiate an appropriately narrowed scope that meets the requirements of Rule 30(b)(6) and to provide a witness (or witnesses) on the agreed topic limited to Roche's "planned or executed efforts".

5.    All facts and circumstances known to Roche concerning any effort by Edward Fritsch or those working with him to identify, clone, isolate, or express a DNA encoding human EPO, including specifically any publicly available information relied upon by him in that effort, and his conception and reduction to practice of any subject matter(s) described and/or claimed in U.S. patent applications Serial Nos. 06/688,622 and 06/693,258 or in any related application or related patent.

## OBJECTIONS TO TOPIC 5

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Defendants also object to this Topic as not reasonably calculated to lead to the discovery of admissible evidence as Roche's current knowledge of any work done by Edward Fritsch is not relevant to any claim or defense in this action. Defendants also object to this Topic

to the extent it seeks information protected by the attorney client privilege, work product immunity or any other applicable protective doctrine. Defendants also object to this Topic as unduly burdensome, harassing and improper under the Federal Rules to the extent it seeks a corporate witness from Roche to testify with respect to work done outside of Roche by one or more third parties and outside the purview of knowledge of Roche employees. Moreover, Defendants object to this topic because it impermissibly calls for a designated witness to draw legal conclusions with respect to "conception and reduction to practice" by a third party. Defendants also object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis of work performed by Edward Fritsch. Such discovery is premature and impermissibly seeks discovery of expert opinion. Such information shall be disclosed during expert discovery in accordance with the Court's Amended Scheduling Order, dated November 7, 2006. Subject to the foregoing general and specific objections, Defendants are willing to negotiate an appropriately narrowed scope that meets the requirements of Rule 30(b)(6) and to the extent there is anyone within Roche possessing non-privileged information on this subject matter Roche will provide a witness (or witnesses) on the agreed topic.

6.    All facts and circumstances known to Roche concerning any effort (whether or not successful) by any person other than Fu-Kuen Lin and Edward Fritsch (including, for example, any effort by any person affiliated with Biogen, Genentech, New York University, Harvard University, or the University of Washington) to identify, clone, isolate, sequence, or express a DNA encoding human EPO prior to November 30, 1984.

## OBJECTIONS TO TOPIC 6

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Defendants also object to this Topic as not reasonably calculated to lead to the

discovery of admissible evidence as Roche's current knowledge of work done by third parties concerning EPO is not relevant to any claim or defense in this action. Defendants also object to this Topic to the extent it seeks information protected by the attorney client privilege, work product immunity or any other applicable protective doctrine. Defendants also object to this Topic as unduly burdensome, harassing and improper under the Federal Rules to the extent it seeks a corporate witness from Roche to testify with respect to work done outside of Roche by one or more third parties and outside the purview of knowledge of Roche employees. Defendants also object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis of work performed by third parties concerning EPO. Such discovery is premature and impermissibly seeks discovery of expert opinion. Such information shall be disclosed during expert discovery in accordance with the Court's Amended Scheduling Order, dated November 7, 2006. Subject to the foregoing general and specific objections, Defendants are willing to negotiate an appropriately narrowed scope that meets the requirements of Rule 30(b)(6) and to the extent there is anyone within Roche possessing non-privileged information on this subject matter Roche will provide a witness (or witnesses) on the agreed topic.

7. All facts and circumstances known to Roche concerning the structural, immunological, and biological properties of any preparation of urinary human EPO.

## OBJECTIONS TO TOPIC 7

Defendants object to this Topic as overly broad, unduly burdensome and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Defendants also object to this Topic as vague and ambiguous with respect to the phrase "structural, immunological, and biological properties". Defendants also object to this Topic as indefinite as to time. Defendants also object to this Topic to the extent it seeks information

protected by the attorney client privilege, work product immunity or any other applicable protective doctrine. Defendants also object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis of "any preparation of urinary human EPO". Such discovery is premature and impermissibly seeks discovery of expert opinion. Such information shall be disclosed during expert discovery in accordance with the Court's Amended Scheduling Order, dated November 7, 2006. Subject to the foregoing general and specific objections, Defendants are willing to negotiate an appropriately narrowed scope that meets the requirements of Rule 30(b)(6) and to the extent there is anyone within Roche possessing non-privileged information on this subject matter Roche will provide a witness (or witnesses) on the agreed topic.

8.     All facts and circumstances known to Roche concerning any effort (whether or not successful) by any person to characterize any human EPO (including sequencing any EPO polypeptide or fragment thereof) before November 30, 1984.

## OBJECTIONS TO TOPIC 8

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Defendants also object to this Topic as unduly burdensome, harassing and improper under the Federal Rules to the extent it seeks a corporate witness from Roche to testify with respect to work done outside of Roche by one or more third parties and outside the purview of knowledge of Roche employees. Defendants also object to this Topic to the extent it seeks information protected by the attorney client privilege, work product immunity or any other applicable protective doctrine. Defendants also object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis of "any human EPO". Such discovery is

premature and impermissibly seeks discovery of expert opinion. Such information shall be disclosed during expert discovery in accordance with the Court's Amended Scheduling Order, dated November 7, 2006. Defendants further object to this Topic's use of the term "characterize" as unreasonably broad, excessively burdensome and harassing especially in light of the definitions provided in Amgen's Definitions Nos. 14 and 16 which encompass a panoply of distinct and unrelated structural, qualitative and functional characteristics. Subject to the foregoing general and specific objections, Defendants are willing to negotiate an appropriately narrowed scope that meets the requirements of Rule 30(b)(6) and to the extent there is anyone within Roche possessing non-privileged information on this subject matter Roche will provide a witness (or witnesses) on the agreed topic.

9.    All facts and circumstances known to Roche concerning the administration of any human EPO to any human being before November 30, 1984.

**OBJECTIONS TO TOPIC 9**

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Defendants also object to this Topic as unduly burdensome, harassing and improper under the Federal Rules to the extent it seeks a corporate witness from Roche to testify with respect to work done outside of Roche by one or more third parties and outside the purview of knowledge of Roche employees. Defendants also object to this Topic to the extent it seeks information protected by the attorney client privilege, work product immunity or any other applicable protective doctrine. Defendants also object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis "concerning the administration of any human EPO". Such discovery is premature and impermissibly seeks discovery of expert opinion. Such

information shall be disclosed during expert discovery in accordance with the Court's Amended

Scheduling Order, dated November 7, 2006.    Subject to the foregoing general and specific

objections, Defendants are willing to negotiate an appropriately narrowed scope that meets the

requirements of Rule 30(b)(6) and to the extent there is anyone within Roche possessing non-

privileged information on this subject matter Roche will provide a witness (or witnesses) on the

agreed topic.

10.    All facts and circumstances known to Roche concerning each instance of the
expression of a biologically active mammalian glycoprotein by a mammalian cell transformed or
transfected with DNA encoding that protein and grown in culture before November 30, 1984.

## OBJECTIONS TO TOPIC 10

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous

and failing to recite with reasonable particularity the subject matter on which the witness is being

asked to testify. Defendants also object to this Topic as unduly burdensome, harassing and

improper under the Federal Rules to the extent it seeks a corporate witness from Roche to testify

with respect to work done outside of Roche by one or more third parties and outside the purview

of knowledge of Roche employees.  Defendants also object to this Topic to the extent it seeks

information protected by the attorney client privilege, work product immunity or any other

applicable protective doctrine.   Defendants also object to this Topic as seeking expert

information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or

conclusions involving expert or technical analysis "concerning each instance of the expression of

a biologically active mammalian glycoprotein by a mammalian cell transformed or transfected

with DNA encoding that protein and grown in culture".   Such discovery is premature and

impermissibly seeks discovery of expert opinion.  Such information shall be disclosed during

expert discovery in accordance with the Court's Amended Scheduling Order, dated November 7,

2006. Subject to the foregoing general and specific objections, Defendants are willing to negotiate an appropriately narrowed scope that meets the requirements of Rule 30(b)(6) and to the extent there is anyone within Roche possessing non-privileged information on this subject matter Roche will provide a witness (or witnesses) on the agreed topic.

11.    All facts and circumstances known to Roche concerning each instance of the isolation or purification of human EPO from mammalian cells grown in culture before November 30, 1984.

**OBJECTIONS TO TOPIC 11**

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Defendants also object to this Topic as unduly burdensome, harassing and improper under the Federal Rules to the extent it seeks a corporate witness from Roche to testify with respect to work done outside of Roche by one or more third parties and outside the purview of knowledge of Roche employees. Defendants also object to this Topic to the extent it seeks information protected by the attorney client privilege, work product immunity or any other applicable protective doctrine. Defendants also object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis "concerning each instance of the isolation or purification of human EPO from mammalian cells grown in culture". Such discovery is premature and impermissibly seeks discovery of expert opinion. Such information shall be disclosed during expert discovery in accordance with the Court's Amended Scheduling Order, dated November 7, 2006. Subject to the foregoing general and specific objections, Defendants are willing to negotiate an appropriately narrowed scope that meets the requirements of Rule

30(b)(6) and to the extent there is anyone within Roche possessing non-privileged information on this subject matter Roche will provide a witness (or witnesses) on the agreed topic.

12.    All communications with any third party (including specifically Genetics Institute and Wyeth) concerning the patentability, validity or invalidity of the subject matter(s) described and/or claimed in U.S. Patent Application Serial No. 06/675,298 or any related application or related patent.

## OBJECTIONS TO TOPIC 12

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify.  Defendants object to this topic because it impermissibly calls for a designated witness to draw legal conclusions with respect to "patentability, validity or invalidity". Defendants also object to this Topic to the extent it seeks information protected by the attorney client privilege, work product immunity or any other applicable protective doctrine.  Defendants also object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis of "the subject matter(s) described and/or claimed in U.S. Patent Application Serial No. 06/675,298 or any related application or related patent."  Such discovery is premature and impermissibly seeks discovery of expert opinion.  Such information shall be disclosed during expert discovery in accordance with the Court's Amended Scheduling Order, dated November 7, 2006.  Subject to the foregoing general and specific objections, Defendants are willing to negotiate an appropriately narrowed scope that meets the requirements of Rule 30(b)(6) and to the extent there is anyone within Roche possessing non-privileged information on this subject matter Roche will provide a witness (or witnesses) on the agreed topic.

13.    All facts and circumstances known to Roche concerning whether recombinant human EPO products have been commercially successful.

**OBJECTIONS TO TOPIC 13**

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify.  Defendants also object to this topic to the extent it calls for the designated witness to make legal conclusions regarding "commercial success", in contravention of the Federal Rules of Civil Procedure.  Defendants also object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis of "whether recombinant human EPO products have been commercially successful."  Such discovery is premature and impermissibly seeks discovery of expert opinion.  Such information shall be disclosed during expert discovery in accordance with the Court's Amended Scheduling Order, dated November 7, 2006.  Moreover, Defendants object to this Topic to the extent that it is Amgen's burden to come forward with objective evidence of secondary considerations of nonobviousness such as commercial success.  Based on the foregoing objections, Defendants will not offer a witness on this Topic.

14.    All facts and circumstances known to Roche concerning whether there was a long-felt need for recombinant human EPO products as of November 30, 1984.

**OBJECTIONS TO TOPIC 14**

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify.  Defendants also object to this topic to the extent it calls for the designated witness to make legal conclusions regarding "long-felt need", in contravention of the Federal Rules of Civil Procedure.  Defendants also object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions

involving expert or technical analysis of "whether there was a long-felt need for recombinant human EPO products as of November 30, 1984." Such discovery is premature and impermissibly seeks discovery of expert opinion. Such information shall be disclosed during expert discovery in accordance with the Court's Amended Scheduling Order, dated November 7, 2006. Moreover, Defendants object to this Topic to the extent that it is Amgen's burden to come forward with objective evidence of secondary considerations of nonobviousness such as long-felt need. Based on the foregoing objections, Defendants will not offer a witness on this Topic.

15. All facts and circumstances known to Roche concerning whether one of ordinary skill as of November 30, 1984 could have conjugated polyethylene glycol to a protein.

## OBJECTIONS TO TOPIC 15

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. This Topic is unreasonably broad and indeterminate to the extent it refers to the conjugation of polyethylene glycol to any protein. Defendants also object to this topic to the extent it calls for the designated witness to make legal conclusions regarding the level of ordinary skill in the art, in contravention of the Federal Rules of Civil Procedure. Defendants also object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis of "whether one of ordinary skill as of November 30, 1984 could have conjugated polyethylene glycol to a protein." Such discovery is premature and impermissibly seeks discovery of expert opinion. Such information shall be disclosed during expert discovery in accordance with the Court's Amended Scheduling Order, dated November 7, 2006. Based on the foregoing objections, particularly because this Topic seeks information that will properly be the subject of expert discovery, Defendants will not offer a witness on this Topic.

16.    All facts and circumstances known to Roche concerning whether one of ordinary skill as of November 30, 1984 could have followed the teachings of Amgen's Patents to obtain a cDNA encoding human EPO without undue experimentation.

## OBJECTIONS TO TOPIC 16

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify.  Defendants also object to this topic to the extent it calls for the designated witness to make legal conclusions regarding undue experimentation, in contravention of the Federal Rules of Civil Procedure.  Defendants also object to this Topic to the extent that it seeks contentions that are not properly the subject of deposition testimony under Rule 30(b)(6).  *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287-88 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F.Supp. 611 (N.D. Cal. 1991).  Defendants further object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis of "whether one of ordinary skill as of November 30, 1984 could have followed the teachings of Amgen's Patents to obtain a cDNA encoding human EPO without undue experimentation."  Such discovery is premature and impermissibly seeks discovery of expert opinion.  Such information shall be disclosed during expert discovery in accordance with the Court's Amended Scheduling Order, dated November 7, 2006.  Based on the foregoing objections, particularly because this Topic seeks information that will properly be the subject of expert discovery, Defendants will not offer a witness on this Topic.

17.    All facts and circumstances known to Roche concerning in vitro and in vivo assays for measuring human EPO (including standards for use therein) available as of November 30, 1984.

## OBJECTIONS TO TOPIC 17

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. The term "in vitro and in vivo assays for measuring human EPO" is vague and ambiguous because it does not identify which characteristic, property or activity of "human EPO" is being measured. Defendants also object to this Topic as unduly burdensome, harassing and improper under the Federal Rules to the extent it seeks a corporate witness from Roche to testify with respect to work done outside of Roche by one or more third parties and outside the purview of knowledge of Roche employees. Defendants also object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis of "in vitro and in vivo assays for measuring human EPO (including standards for use therein) available as of November 30, 1984." Such discovery is premature and impermissibly seeks discovery of expert opinion. Such information shall be disclosed during expert discovery in accordance with the Court's Amended Scheduling Order, dated November 7, 2006. Subject to the foregoing general and specific objections, Defendants are willing to negotiate an appropriately narrowed scope that meets the requirements of Rule 30(b)(6) and to the extent there is anyone within Roche possessing non-privileged information on this subject matter Roche will provide a witness (or witnesses) on the agreed topic.

18.    All facts and circumstances known to Roche concerning the development, availability, or use of any radioimmunoassay method for determining the amount of human EPO in a sample (including standards for use therein) as of November 30, 1984.

## OBJECTIONS TO TOPIC 18

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being

asked to testify. Defendants also object to this Topic as unduly burdensome, harassing and improper under the Federal Rules to the extent it seeks a corporate witness from Roche to testify with respect to work done outside of Roche by one or more third parties and outside the purview of knowledge of Roche employees. Defendants also object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis of "the development, availability, or use of any radioimmunoassay method for determining the amount of human EPO in a sample (including standards for use therein) as of November 30, 1984." Such discovery is premature and impermissibly seeks discovery of expert opinion. Such information shall be disclosed during expert discovery in accordance with the Court's Amended Scheduling Order, dated November 7, 2006. Subject to the foregoing general and specific objections, Defendants are willing to negotiate an appropriately narrowed scope that meets the requirements of Rule 30(b)(6) and to the extent there is anyone within Roche possessing non-privileged information on this subject matter Roche will provide a witness (or witnesses) on the agreed topic.

19.     All facts and circumstances known to Roche concerning the conception, reduction to practice, development and use of any subject matter(s) described and/or claimed in U.S. Pat. No. 4,667,016 to Lai et al.

## OBJECTIONS TO TOPIC 19

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Defendants object to this topic because it impermissibly calls for a designated witness to draw legal conclusions with respect to "conception and reduction to practice" and the scope of the subject matter described and/or claimed in the listed patent. Defendants also object to this Topic as seeking expert information pursuant to Fed. Civ. P. 26(b), to the extent it

seeks to elicit testimony or conclusions involving expert or technical analysis of the subject matter described and/or claimed in the listed patent. Such discovery is premature and impermissibly seeks discovery of expert opinion. Such information shall be disclosed during expert discovery in accordance with the Court's Amended Scheduling Order, dated November 7, 2006. Defendants further object to this Topic because it calls for Roche to designate a corporate witness to testify as to research and work performed outside of Roche, the facts and circumstances of which are readily available to Amgen. Based on the foregoing objections, particularly because this Topic seeks information that will properly be the subject of expert discovery, Defendants will not offer a witness on this Topic.

20.     All facts and circumstances known to Roche concerning the meaning of the terms "erythropoietin," "human erythropoietin," "glycoprotein," "glycosylated," "glycosylated erythropoietin," "erythropoietin glycoprotein," "U of erythropoietin per 106 cells in 48 hours as determined by radioimmunoassay," and "effective for erythropoietin therapy" to one of ordinary skill in the art as of November 30, 1984.

**OBJECTIONS TO TOPIC 20**

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Defendants also object to this topic to the extent it calls for the designated witness to make legal conclusions regarding the proper construction of disputed claim terms in contravention of the Federal Rules of Civil Procedure. Defendants also object to this Topic to the extent that it seeks contentions that are not properly the subject of deposition testimony under Rule 30(b)(6). *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287-88 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F.Supp. 611 (N.D. Cal. 1991). Specifically, this topic seeks contentions regarding claim construction which is properly the subject of the claim construction briefing that is currently underway and the Markman hearing to be held later

in this case. Defendants further object to this Topic as seeking expert information pursuant to

Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or

technical analysis regarding the meaning of disputed claim terms. Such discovery is premature

and impermissibly seeks discovery of expert opinion. Based on the foregoing objections,

particularly because this Topic seeks information that is properly the subject of the Markman

hearing, Defendants will not offer a witness on this Topic.

21.    All facts and circumstances concerning Roche's alleged detrimental reliance on
Amgen's public statements before November 8, 2005 concerning whether Amgen would assert
Amgen's Patents against Roche's importation, offer for sale, sale and/or use of pegylated human
EPO in the United States.

## OBJECTIONS TO TOPIC 21

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous

and failing to recite with reasonable particularity the subject matter on which the witness is being

asked to testify. Defendants also object to this topic to the extent it calls for the designated

witness to make legal conclusions regarding detrimental reliance. Defendants also object to this

Topic to the extent that it seeks contentions that are not properly the subject of deposition

testimony under Rule 30(b)(6). *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134

F.R.D. 275, 287-88 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F.Supp. 611 (N.D. Cal.

1991). Specifically, this Topic is objectionable to the extent it improperly seeks testimony

regarding Defendants' contentions with respect to estoppel. Subject to the foregoing general and

specific objections, Defendants are willing to negotiate an appropriately narrowed scope that

meets the requirements of Rule 30(b)(6) and to the extent there is anyone within Roche

possessing non-privileged information on this subject matter Roche will provide a witness (or

witnesses) on the agreed topic.

22.    All facts and circumstances concerning the transfer, and subsequent maintenance, of documents from Boehringer Mannheim GmbH or Chugai Pharmaceutical Co. Ltd. to Roche concerning human EPO and litigations concerning Genetics Institute's European patents EP 411 678 ("the '678 patent") and EP 209 539 ("the '539 patent"), Amgen's European patent EP 148 605 ("the '605 patent"), and any related patents.

## OBJECTIONS TO TOPIC 22

Defendants object to this Topic as overly broad and unduly burdensome. Defendants also object to this Topic as harassing and seeking information concerning document transfer and maintenance which bear no relevance to any claim or defense in this action. Defendants cannot provide a witness on this Topic without a more particularized showing of its relevance.

23.    All facts and circumstances concerning Roche's preparation for litigation with Amgen relating to Amgen's Patents before November 8, 2005.

## OBJECTIONS TO TOPIC 23

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Defendants particularly object to this Topic as targeted towards information that is protected by the attorney/client privilege, work product immunity or other applicable protective doctrine. Defendants also object to this Topic to the extent that it improperly seeks contention testimony. Based on the foregoing objections, Defendants will not offer a witness on this Topic.

24.    All prior art (including the specific combinations thereof) on which Roche will rely to support its 35 U.S.C. §102 and 103 defenses.

## OBJECTIONS TO TOPIC 24

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Defendants also object to this topic to the extent it calls for the designated

witness to make legal conclusions regarding 35 U.S.C. §102 and 103 in contravention of the Federal Rules of Civil Procedure. Defendants also object to this Topic to the extent that it seeks contentions that are not properly the subject of deposition testimony under Rule 30(b)(6). *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287-88 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F.Supp. 611 (N.D. Cal. 1991). Defendants further object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis regarding the prior art. Such discovery is premature and impermissibly seeks discovery of expert opinion. Based on the foregoing objections, particularly because this Topic seeks information that is properly the subject of expert discovery, Defendants will not offer a witness on this Topic.

25.    All prior art (including the specific combinations thereof) on which Roche will rely to support its obviousness-type double patenting defense(s).

## OBJECTIONS TO TOPIC 25

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Defendants also object to this topic to the extent it calls for the designated witness to make legal conclusions regarding obviousness-type double patenting in contravention of the Federal Rules of Civil Procedure. Defendants also object to this Topic to the extent that it seeks contentions that are not properly the subject of deposition testimony under Rule 30(b)(6). *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287-88 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F.Supp. 611 (N.D. Cal. 1991). Defendants further object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis regarding the prior art and obviousness-type double patenting. Such discovery is premature and impermissibly seeks

discovery of expert opinion. Based on the foregoing objections, particularly because this Topic seeks information that is properly the subject of expert discovery, Defendants will not offer a witness on this Topic.

26.     All facts and circumstances known to Roche on which it may rely to support any contention concerning the knowledge of one of ordinary skill regarding glycosylation of recombinantly expressed proteins as of November 30, 1984.

## OBJECTIONS TO TOPIC 26

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Defendants also object to this topic to the extent it calls for the designated witness to make legal conclusions regarding the knowledge of one of ordinary skill in contravention of the Federal Rules of Civil Procedure. Defendants also object to this Topic to the extent that it seeks contentions that are not properly the subject of deposition testimony under Rule 30(b)(6). *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287-88 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F.Supp. 611 (N.D. Cal. 1991). Defendants further object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis concerning "the knowledge of one of ordinary skill regarding glycosylation of recombinantly expressed proteins as of November 30, 1984." Such discovery is premature and impermissibly seeks discovery of expert opinion. Based on the foregoing objections, particularly because this Topic seeks information that is properly the subject of expert discovery, Defendants will not offer a witness on this Topic.

27.     All facts and circumstances known to Roche on which it may rely to support any contention by Roche that Amgen's Patents are unenforceable by reason of inequitable conduct before the U. S. Patent & Trademark Office.

**OBJECTIONS TO TOPIC 27**

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Defendants also object to this topic to the extent it calls for the designated witness to make legal conclusions regarding inequitable conduct in contravention of the Federal Rules of Civil Procedure. Defendants also object to this Topic to the extent that it seeks contentions that are not properly the subject of deposition testimony under Rule 30(b)(6). *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287-88 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F.Supp. 611 (N.D. Cal. 1991). Defendants further object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis regarding inequitable conduct. Such discovery is premature and impermissibly seeks discovery of expert opinion. Based on the foregoing objections, particularly because this Topic seeks information that is properly the subject of expert discovery, Defendants will not offer a witness on this Topic.

28.     All facts and circumstances known to Roche on which it may rely to support any contention that Amgen's Patents are unenforceable by reason of prosecution laches.

**OBJECTIONS TO TOPIC 28**

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Defendants also object to this topic to the extent it calls for the designated witness to make legal conclusions regarding prosecution laches in contravention of the Federal Rules of Civil Procedure. Defendants also object to this Topic to the extent that it seeks contentions that are not properly the subject of deposition testimony under Rule 30(b)(6). *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287-88 (N.D. Cal. 1991),

*rev'd on other grounds by* 765 F.Supp. 611 (N.D. Cal. 1991). Defendants further object to this

Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to

elicit testimony or conclusions involving expert or technical analysis regarding prosecution

laches. Such discovery is premature and impermissibly seeks discovery of expert opinion.

Based on the foregoing objections, particularly because this Topic seeks information that is

properly the subject of expert discovery, Defendants will not offer a witness on this Topic.

29.    All facts and circumstances known to Roche on which it may rely to support any
contention that Amgen's Patents are unenforceable by reason of unclean hands.

**OBJECTIONS TO TOPIC 29**

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous

and failing to recite with reasonable particularity the subject matter on which the witness is being

asked to testify. Defendants also object to this topic to the extent it calls for the designated

witness to make legal conclusions regarding unclean hands in contravention of the Federal Rules

of Civil Procedure. Defendants also object to this Topic to the extent that it seeks contentions

that are not properly the subject of deposition testimony under Rule 30(b)(6). *See McCormick-*

*Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287-88 (N.D. Cal. 1991), *rev'd on other*

*grounds by* 765 F.Supp. 611 (N.D. Cal. 1991). Defendants further object to this Topic as seeking

expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or

conclusions involving expert or technical analysis regarding unclean hands. Such discovery is

premature and impermissibly seeks discovery of expert opinion. Based on the foregoing

objections, particularly because this Topic seeks information that is properly the subject of expert

discovery, Defendants will not offer a witness on this Topic.

30.    All facts and circumstances known to Roche on which it may rely to support any
contention that Amgen's Patents are unenforceable by reason of patent misuse.

## OBJECTIONS TO TOPIC 30

Defendants object to this Topic as overly broad, unduly burdensome, vague, ambiguous and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Defendants also object to this topic to the extent it calls for the designated witness to make legal conclusions regarding patent misuse in contravention of the Federal Rules of Civil Procedure. Defendants also object to this Topic to the extent that it seeks contentions that are not properly the subject of deposition testimony under Rule 30(b)(6). *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287-88 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F.Supp. 611 (N.D. Cal. 1991). Defendants further object to this Topic as seeking expert information pursuant to Fed. R. Civ. P. 26(b), to the extent it seeks to elicit testimony or conclusions involving expert or technical analysis regarding patent misuse. Such discovery is premature and impermissibly seeks discovery of expert opinion. Based on the foregoing objections, particularly because this Topic seeks information that is properly the subject of expert discovery, Defendants will not offer a witness on this Topic.

DATED:        March 16, 2007

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

By its attorneys,

/s/ Patricia A. Carson
Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Tel: (212) 836-8000

and

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292

## CERTIFICATE OF SERVICE

I hereby certify that a copy of DEFENDANTS' OBJECTIONS TO AMGEN'S FIRST NOTICE OF DEPOSITION PURSUANT TO FRCP 30(b)(6) was served upon the attorneys of record for the plaintiff (as listed below) by facsimile on the above date.

Lloyd R. Day, Jr. (*pro hac vice*)
David A. Madrid (*pro hac vice*)
Linda A. Sasaki-Baxley (*pro hac vice*)
Deborah Fishman (*pro hac vice*)
DAY CASEBEER MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

D. Dennis Allegretti (BBO#545511)
Michael R. Gottfried (BBO#542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (617) 289-9200
Facsimile: (617) 289-9201

William G. Gaede III (*pro hac vice*)
Michele E. Moreland (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Kevin M. Flowers (*pro hac vice*)
Thomas I. Ross (*pro hac vice*)
Mark Izraelewicz (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

/s/ Brooke Borel
Brooke Borel

31435113_V4.DOC

33