# Exhibit 10

Dockets.Justia.com

DAY CASEBEER
MADRID & BATCHELDER LLP

20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile:  (408) 873-0220

Deborah E. Fishman
(408) 342-4587
dfishman@daycasebeer.com

March 23, 2007

VIA EMAIL & FACSIMILE

Pat Carson, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Re:    *Amgen Inc. v. F. Hoffmann-La Roche Ltd., et al.* (05-CV-12237 WGY)

Dear Pat:

I write regarding Roche's continuing failure and refusal to provide full and timely discovery responses concerning its invalidity and inequitable conduct defenses—matters on which Roche bears the burden of proof at trial.  Roche's recent response to Amgen's Interrogatory No. 26 regarding Roche's contention of inequitable conduct exemplifies the larger problem of Roche withholding the bases for its invalidity and inequitable conduct contentions from Amgen with no legitimate purpose other than to frustrate, if not preclude altogether, Amgen from taking discovery within the designated period and from preparing its case.

Roche has at each turn delayed and avoided revealing the bases for its invalidity and inequitable conduct contentions and with each passing day, the prejudice to Amgen is mounting:

- On October 30, 2006, fact discovery commenced;

- On November 6, 2006, Roche deficiently pled its Answer, defenses and counterclaims;

- On November 27, 2006, Amgen moved to strike Roche's inequitable conduct and (invalidity defenses) based on Roche's failure to plead with particularity;

- On December 8, 2006, Roche moved to amend its Answer to include additional (though still incomplete) bases for its inequitable conduct defense;

- On December 11, 2006, Amgen served its First Set of Interrogatories seeking, among other things, the factual bases for Roche's invalidity contentions;

621237_1

DAY CASEBEER
MADRID & BATCHELDER LLP

Pat Carson
March 23, 2007
Page 2

- On January 11, 2007, Roche served its woefully deficient responses to Amgen's First Set of Interrogatories failing to set forth the legal and factual bases for its invalidity contentions;

- On January 17, 2007, Amgen wrote to Roche cataloguing the myriad deficiencies in Roche's Responses and requesting a meet and confer (1/17/07 D. Fishman letter to P. Carson);

- On January 19, 2007, Roche once again moved to amend its Answer and Counterclaims, again providing insufficient detail for its inequitable conduct defense;

- By February 1, Roche had retained and disclosed 14 experts to Amgen;

- On February 14, 2007, notwithstanding the pleading requirement of Rule 9(b), Amgen served Interrogatory 26 seeking the factual bases for Roche's Seventh Affirmative Defense of Inequitable Conduct;

- By February 15, Roche had retained and disclosed 20 experts to Amgen;

- On February 27, 2007, Roche served supplemented responses to Amgen's First Set of Interrogatories but still refused to provide the legal and factual bases for its invalidity defenses, failing even to specify the correspondence between its cited prior art references and Amgen's asserted claims;

- By March 1, Roche had retained and disclosed 39 experts to Amgen;

- On March 2, 2007, Roche moved to amend its Sixth Affirmative Defense to add U.S. Patent No. 4.667,016 to it double patenting defense (even though it had failed to provide this information in response to Amgen's pending Interrogatories on invalidity);

- On March 14, 2007, with only two weeks remaining in the fact discovery period, Roche served its Response to Amgen's Interrogatory 26 providing factual bases not present in its amended pleadings;

- By March 19, 2007, Roche had retained and disclosed 47 experts to Amgen.

Roche's Response to Interrogatory No. 26 includes more than 33 pages of multiple, new inequitable conduct allegations. These entirely new allegations include alleged omissions or misrepresentations regarding the state of the prior art, COS-produced recombinant EPO, and

621237_1

DAY CASEBEER
MADRID & BATCHELDER LLP

Pat Carson
March 23, 2007
Page 3


CHO-produced recombinant EPO, none of which were included in Roche's original Answer, 12/8/06 [Proposed] Amended Answer, 1/19/07 [Second Proposed] Amended Answer, or even in their 3/2/07 [Third Proposed] Amended Answer.  In addition, Roche added entirely new factual bases for its molecular weight and double-patenting arguments that likewise were not present in any of its pleadings.

Even so, Roche's Response to Interrogatory No. 26 perpetuates Roche's failure and refusal to provide full and fair answers to Amgen's Interrogatories, falling short of even the pleading requirement of Fed. R. Civ. Pro. Rule 9(b).  For example, Roche contends that "Amgen also failed to disclose inconsistent arguments made during the following proceedings in Europe…" but fails to specify facts regarding purported omissions concerning those European litigations.[1] Likewise, Roche makes the vague allegation that "Amgen also exploited the fact that multiple examiners were responsible for the examination of that applications leading to the patents-in-suit" but omits information about who did what, when, or how such actions or omissions contributed to Roche's inequitable conduct defense.[2]  Roche's Response is replete with such conclusory statements uncorroborated by the factual bases needed to support its inequitable conduct defense.  Absent a particularized statement of Roche's fraud-based defense, Amgen is prejudiced in its ability to conduct effective and relevant discovery and in its ability to prepare responsive expert reports.

Roche's new allegations come more than 128 days after its Answer, 96 days after its 12/8/06 [Proposed] Amended Answer, and 54 days after its 1/19/07 [Second Proposed] Amended Answer.  Roche should have timely disclosed this information underlying its fraud-based claim to Amgen in its pleadings.  See Fed. R. Civ. Pro. Rule 9(b).  Roche's failure to promptly and fully disclose its allegation has directly prejudiced Amgen.  Had Roche properly pled such allegations in its Answer, Amgen would have had 128 days in the fact discovery period in which to design and propound appropriate discovery.  But Roche did not.  Had Roche provided such information in response to Amgen's First Set of Interrogatories, Amgen would have had 62 days in the fact discovery period to conduct discovery pertinent to such defenses.  But Roche did not. And yet, while Roche failed and refused to comply with its pleading and discovery obligations, Roche has had plenty of time to retain over 20 experts on subjects that appear to relate to precisely those invalidity and inequitable conduct defenses.  Amgen, on the other hand, has been precluded from doing so by Roche's failure to disclose its defenses and counterclaims and the alleged facts underlying them.

Moreover, Roche's response to Amgen's Interrogatory No. 26 stands in stark contrast to Roche's

---

[1] *See* Roche's Response to Interrogatory 26 at 9-10, fn *.

[2] *See* Roche's Response to Interrogatory 26 at 33.


621237_1

DAY CASEBEER
MADRID & BATCHELDER LLP

Pat Carson
March 23, 2007
Page 4

wholly inadequate responses to Interrogatory Nos. 9-11. As you know, Roche's refusal to provide the factual and legal bases underlying its invalidity defenses (on which it bears the burden of proof) in response to Amgen's Interrogatories Nos. 9-11 prompted Amgen's pending motion to compel. By contrast to its 52-page response to Interrogatory 26, Roche spent less than 20 pages total responding to Amgen's three interrogatories seeking the bases for Roche's invalidity contentions. Without re-treading the numerous deficiencies in Roche's interrogatory responses, suffice it to say that by refusing to explain its §§ 102, 103, 112, and obviousness-type double patenting defenses with the requested detail, Roche has prejudiced Amgen during the discovery period and is prejudicing Amgen's ability to respond to Roche's expert reports on invalidity.

For example, Roche's failure to provide its invalidity contentions prevents Amgen from determining whether certain witnesses have information that Amgen may rely upon at trial in this case. In your letter to me of March 12, you asked whether Amgen intends to call George Rathmann at trial. Your question is premature because without adequate disclosure of Roche's invalidity contentions, Amgen has no way of knowing whether it will be required to call Mr. Rathmann in order to rebut Roche's allegations. The same can be said for many of the individuals identified in Amgen's Supplemental Rule 26(a) disclosure. Likewise, your March 12 letter stated that Roche intended to subpoena and depose Dr. Judith Sherwood. Amgen is truly sympathetic to Dr. Sherwood's recent tragedy and will of course accommodate her schedule as necessary. Having said that, however, we do not understand why Roche insists on subpoenaing Dr. Sherwood or how her testimony is relevant to Roche's defenses. Without that understanding, Amgen cannot agree a priori to postponing Dr. Sherwood's deposition beyond the fact discovery cut-off, as doing so may implicate a number of other case deadlines (expert reports, expert rebuttal reports, depositions, dispositive motions) that may be related to the subject of her deposition. We are willing to discuss this with you in order to understand the relevance of any such discovery and to accommodate Dr. Sherwood.

Finally, Roche's refusal to provide the bases for its invalidity contentions is continuing to prejudice Amgen's ability to prepare its responses to Roche's affirmative defenses and counterclaims. Based on Roche's protective order disclosures to date, it appears that Roche has employed a legion of experts to advocate its invalidity and inequitable conduct case. If Amgen learns of Roche's invalidity contentions for the first time through expert reports submitted on April 6, it will have less than three weeks to find, retain, and work with the relevant experts in order to respond to Roche's untimely disclosures. This would require superhuman effort and would work a severe prejudice on Amgen. At this point, even if the Court rules in favor of Amgen's pending motion to compel, Roche will have succeeded in depriving Amgen of its right to use this valuable time to find and retain experts to address Roche's myriad invalidity and inequitable conduct contentions. Therefore, in that event that Roche first discloses facts or arguments in support of its validity or inequitable conduct defenses in its expert reports, Amgen

621237_1

DAY CASEBEER
MADRID & BATCHELDER LLP

Pat Carson
March 23, 2007
Page 5


reserves the right to call or recall any fact witness for deposition needed to rebut Roche's new allegations, extend the time to prepare and serve rebuttal reports on those subjects, move to preclude or strike such new allegations, as well as any further relief that is just and appropriate.


Very truly yours,

DAY CASEBEER
MADRID & BATCHELDER, LLP

Deborah E. Fishman

DEF:rlp

cc:     Tom Fleming, Esq.
        Mark Israelewicz, Esq.
        William Gaede, Esq.