# Exhibit 15

Dockets.Justia.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AMGEN INC.,<br><br>       Plaintiff,<br><br>v.<br><br>F. HOFFMANN-LA ROCHE<br>LTD, a Swiss Company, ROCHE<br>DIAGNOSTICS GmbH, a German<br>Company, and HOFFMANN-LA ROCHE<br>INC., a New Jersey Corporation,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.:  05-12237 WGY<br>(Pending in the District of<br>Massachusetts) |

### OBJECTIONS OF NON-PARTY FRANKLIN M. GAYLIS, M.D
### TO AMGEN'S SUBPOENA DUCES TECUM

Pursuant to Fed. R. Civ. P. 45, Franklin M. Gaylis, M.D. (Dr. Gaylis), a non-party

to the above captioned action, objects to the subpoena issued by Plaintiff Amgen, Inc.

("Amgen") dated March 23, 2007 ("the Subpoena") as follows:

### GENERAL RESPONSES AND OBJECTIONS

The following general responses and objections apply to each individual response

to the Subpoena as if fully set forth therein.

1.      The following responses and objections are based on Dr. Gaylis' current

knowledge, understanding and belief and the information and documents available to

him.

1

2.      Dr. Gaylis objects to the Subpoena on the grounds that it is unduly burdensome and would subject Dr. Gaylis, who is neither a party nor party officer, to undue burden and significant expense.

3.      Dr. Gaylis objects to the Subpoena to the extent that it seeks the disclosure of trade secrets and other confidential information of Third Parties.

4.      Dr. Gaylis objects to the Subpoena to the extent Amgen seeks to impose any obligation on Dr. Gaylis greater than those imposed by the relevant Federal Rules of Civil Procedure, applicable Local Rules or seeks discovery beyond what the parties have agreed to produce in the underlying action.

5.      Dr. Gaylis objects to the Subpoena to the extent that it seeks information that is neither relevant to the underlying action nor reasonably calculated to lead to the discovery of admissible evidence.

6.      Dr. Gaylis objects to the Subpoena to the extent that it is vague and ambiguous.

7.      Dr. Gaylis objects to the Subpoena to the extent that it seeks information and/or documents that are publicly available, already in the possession of Amgen or which can be obtained from another source, including but not limited to the parties to the underlying action.

8.      Dr. Gaylis objects to the Subpoena to the extent that the Requests set forth therein are not limited to any particular time period as overbroad and unduly burdensome.

9.      Dr. Gaylis objects to the Subpoena to the extent that it seeks information and/or documents that are not in the possession custody or control of Dr. Gaylis.

2

10.    Dr. Gaylis objects to the Subpoena to the extent that it seeks documents and things protected by the attorney-client privilege, attorney work product immunity, the investigative privilege, the witness statement privilege, the party-communication privilege or any other privilege or immunity.

11.    Dr. Gaylis objects to the Subpoena to the extent that it seeks information and documents duplicative of or cumulative to information and documents already provided by Roche or Amgen in discovery.

12.    A partial response to any Request to which Dr. Gaylis has objected, in whole or in part, does not constitute a waiver of any objection.  The mere recital of an objection or response does not constitute a concession that Dr. Gaylis possesses any information or documents responsive to such Request or that any documents or information provided is relevant to this litigation.

13.    Dr. Gaylis' representation that he will produce responsive, non-privileged, non-protected, non-cumulative documents is not to be construed as an admission that any such documents exist, but rather that Dr. Gaylis will undertake a good faith effort to search for and identify such documents.

14.    Dr. Gaylis objects to the Subpoena's Requests to the extent they are unreasonably cumulative or duplicative.  Any response to an overbroad or generalized Request shall be deemed limited by a more particularized response to a further Request.

15.    Dr. Gaylis objects to the Subpoena on the grounds that it fails to provide sufficient time for Dr. Gaylis to comply with its terms.  The Subpoena has a return date of April 2, 2007.  Given the overly broad scope of the document requests, even if production were appropriate, demanding production in such a short time frame is unduly

burdensome on Dr. Gaylis. Dr. Gaylis will produce documents, if at all, on a date and at a location to be mutually agreed upon by counsel.

16.    Dr. Gaylis objects to Amgen's request for a deposition. Amgen's subpoena directed to Dr. Gaylis improperly seeks confidential attorney-client/work product information and/or documents, and information and/or documents that have absolutely no relevance to the underlying action.

### RESPONSES AND OBJECTIONS TO AMGEN'S DEFINITIONS AND INSTRUCTIONS

The following responses and objections to Amgen's Definitions and Instructions apply to each individual response to Amgen's Requests as if fully set forth therein.

1.    Dr. Gaylis objects to Amgen's Definition No. 2 from its Subpoena regarding the term "ROCHE," as overly broad and not reasonably calculated to lead to the discovery of relevant information to the extent it purports to include persons or entities other than the named defendants to the underlying action, F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH and Hoffmann-La Roche Inc. Dr. Gaylis's responses to Amgen's Subpoena are limited to the named defendants to this lawsuit.

2.    Dr. Gaylis objects to each one of the Instructions and Definitions to the extent that they attempt to impose any obligation on Dr. Gaylis greater than those imposed by relevant Federal Rules of Civil Procedure or applicable Local Rules.

3.    That Dr. Gaylis has not lodged a particular objection to one of Amgen's Definitions or Instructions does not constitute a concession that any of Amgen's Definitions or Instructions is proper or reasonably calculated to lead to the discovery of admissible evidence. Dr. Gaylis's individualized responses and objections to Amgen's

Requests below may also reject, amend or narrow any of Amgen's Definitions and Instructions.

**RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS**

## REQUEST NO. 1:

All DOCUMENTS concerning any testimony given by YOU in a judicial proceeding, administrative proceeding, arbitration, or other proceeding where YOU testified on behalf of ROCHE, and all DOCUMENTS referred to, relied upon or reviewed by YOU in a connection with forming and giving those opinions and testimony.

## RESPONSE TO REQUEST NO. 1:

Dr. Gaylis specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, harassing and on the grounds that it seeks documents and information that have no relevance to any claim or defense in the underlying action. Dr. Gaylis also objects to this Request on the grounds that it seeks documents and things protected by the attorney-client privilege, attorney work product immunity, the investigative privilege, the witness statement privilege, the party-communication privilege or any other privilege or immunity. Dr. Gaylis specifically objects to this Request to the extent that it seeks documents and information that are publicly available or accessible from the parties to the underlying action. Subject to and without waiver of the foregoing general and specific objections, Dr. Gaylis states that he is not in possession of any responsive documents.

## REQUEST NO. 2:

All copies of transcripts or reports of any opinions, whether written or oral, and or any testimony give by YOU, whether at deposition or before a fact-finder, in a judicial proceeding, administrative proceeding, arbitration, or other proceeding where YOU testified on behalf of ROCHE, including paper copies of such transcripts as well as electronic versions of such transcripts, including all electronic searchable versions of such transcripts.

**RESPONSE TO REQUEST NO. 2:**

Dr. Gaylis specifically objects to this Request as vague, ambiguous, overly broad,

unduly burdensome, harassing and on the grounds that it seeks documents and

information that have no relevance to any claim or defense in the underlying action.  In

particular, Dr. Gaylis objects to Amgen's request for multiple copies of the same

documents as harassing and unduly burdensome.  Dr. Gaylis also objects to this Request

on the grounds that it seeks documents and things protected by the attorney-client

privilege, attorney work product immunity, the investigative privilege, the witness

statement privilege, the party-communication privilege or any other privilege or

immunity.  Dr. Gaylis specifically objects to this Request to the extent that it seeks

documents and information that are publicly available or accessible from the parties to

the underlying action.  Subject to and without waiver of the foregoing general and

specific objections, Dr. Gaylis states that he is not in possession of any responsive

documents.

**REQUEST NO. 3:**

All DOCUMENTS concerning any opinions, whether written or oral, and or any
testimony given by YOU in a judicial proceeding, administrative proceeding, arbitration,
or other proceeding concerning AMGEN'S EPO Patents.

**RESPONSE TO REQUEST NO. 3:**

Dr. Gaylis specifically objects to this Request as vague, ambiguous, overly broad

and unduly burdensome.  Dr. Gaylis also objects to this Request on the grounds that it

seeks documents and things protected by the attorney-client privilege, attorney work

product immunity, the investigative privilege, the witness statement privilege, the party-

communication privilege or any other privilege or immunity. Dr. Gaylis specifically

objects to this Request to the extent that it seeks documents and information that are

publicly available or accessible from the parties to the underlying action. Subject to and

without waiver of the foregoing general and specific objections, Dr. Gaylis states that he

is not in possession of any responsive documents.

**REQUEST NO. 4:**

      All copies of transcripts or reports of any opinions, whether written or oral, and or
any testimony given by YOU, whether at deposition or before a fact-finder, in a judicial
proceeding, administrative proceeding, arbitration, or other proceeding concerning
AMGEN'S EPO Patents, including paper copies of such transcripts as well as electronic
versions of such transcripts, including all electronic searchable versions of such
transcripts.

**RESPONSE TO REQUEST NO. 4:**

      Dr. Gaylis specifically objects to this Request as vague, ambiguous, overly broad

and unduly burdensome. Dr. Gaylis also objects to this Request on the grounds that it

seeks documents and things protected by the attorney-client privilege, attorney work

product immunity, the investigative privilege, the witness statement privilege, the party-

communication privilege or any other privilege or immunity. Dr. Gaylis specifically

objects to this Request to the extent that it seeks documents and information that are

publicly available or accessible from the parties to the underlying action. Subject to and

without waiver of the foregoing general and specific objections, Dr. Gaylis states that he

is not in possession of any responsive documents.

**REQUEST NO. 5:**

      All DOCUMENTS concerning any payments or potential payments to YOU or
YOUR laboratory from ROCHE including payments related to work by YOU as an
expert, witness for ROCHE.

**RESPONSE TO REQUEST NO. 5:**

Dr. Gaylis specifically objects to this Request as vague, ambiguous, overly broad,

unduly burdensome, harassing and on the grounds that it seeks documents and

information that have no relevance to any claim or defense in the underlying action.

Dr. Gaylis also objects to this Request to the extent that it seeks documents and things

protected by the attorney-client privilege, attorney work product immunity, the

investigative privilege, the witness statement privilege, the party-communication

privilege or any other privilege or immunity.  Dr. Gaylis specifically objects to this

Request to the extent that it seeks documents and information that the parties have

stipulated are immune from discovery in this case.  Subject to and without waiver of the

foregoing general and specific objections, Dr. Gaylis states that he is not in possession of

any responsive documents.

## REQUEST NO. 6:

All DOCUMENTS concerning funding of any research or other work done by
YOU or YOUR laboratory from ROCHE including all agreements with ROCHE
concerning such research or other work, including any agreements related to
confidentiality or intellectual property rights in such research or other work.

## RESPONSE TO REQUEST NO. 6:

Dr. Gaylis specifically objects to this Request as vague, ambiguous, overly broad,

unduly burdensome, harassing and on the grounds that it seeks documents and

information that have no relevance to any claim or defense in the underlying action.  Dr.

Gaylis also objects to this Request to the extent that it seeks documents and things

protected by the attorney-client privilege, attorney work product immunity, the

investigative privilege, the witness statement privilege, the party-communication

privilege or any other privilege or immunity.  Dr. Gaylis specifically objects to this

8

Request to the extent that it seeks documents and information that the parties have

stipulated are immune from discovery in this case. Subject to and without waiver of the

foregoing general and specific objections, Dr. Gaylis states that he is not in possession of

any responsive documents.

## REQUEST NO. 7:

All DOCUMENTS concerning the paper "Production of Erythropoietin by a
Human Yolk Sac Tumor Cell Line,": Ascensao JL, Gaylis F, Bronson D, Fraley EE,
Zanjani ED, American Federation Clinical Research 31: 307 A, 1983, including all
original data, analysis, notes, documents related to experiments and models described in
the paper, abstracts, presentations, lab notebooks, memos and COMMUNICATIONS
including documents concerning related experiments that were not included in the
published paper.

## RESPONSE TO REQUEST NO. 7:

Dr. Gaylis specifically objects to this Request as vague, ambiguous, overly broad

and unduly burdensome. Dr. Gaylis also objects to this Request to the extent that it seeks

documents and things protected by the attorney-client privilege, attorney work product

immunity, the investigative privilege, the witness statement privilege, the party-

communication privilege or any other privilege or immunity. Subject to and without

waiver of the foregoing general and specific objections, Dr. Gaylis states that he has

produced all responsive documents.

## REQUEST NO. 8:

All DOCUMENTS concerning the paper "Production of Erythropoietin by a
Human Testicular Yolk Sac Tumor Cell Line,": Zanjani ED, Fraley EE, 1984 National
Student Research Forum - Galveston, Texas, including all original data, analysis, notes,
documents related to experiments and models described in the paper, abstracts,
presentations, lab notebooks, memos and COMMUNICATIONS including documents
concerning related experiments that were not included in the published paper.

## RESPONSE TO REQUEST NO. 8:

Dr. Gaylis specifically objects to this Request as vague, ambiguous, overly broad and unduly burdensome. Dr. Gaylis also objects to this Request to the extent that it seeks documents and things protected by the attorney-client privilege, attorney work product immunity, the investigative privilege, the witness statement privilege, the party-communication privilege or any other privilege or immunity. Subject to and without waiver of the foregoing general and specific objections, Dr. Gaylis states that he has produced all responsive documents.

**REQUEST NO. 9:**

All DOCUMENTS concerning the paper "Erythropoietin Production by a Human Testicular Yolk Sac Tumor Cell Line,": Ascensao JL, Gaylis FD, Bronson DL, Fraley EE, Zanjani ED, Blood, 62:1132-1134, 1983, including all original data, analysis, notes, documents related to experiments and models described in the paper, abstracts, presentations, lab notebooks, memos and COMMUNICATIONS including documents concerning related experiments that were not included in the published paper.

**RESPONSE TO REQUEST NO. 9:**

Dr. Gaylis specifically objects to this Request as vague, ambiguous, overly broad and unduly burdensome. Dr. Gaylis also objects to this Request to the extent that it seeks documents and things protected by the attorney-client privilege, attorney work product immunity, the investigative privilege, the witness statement privilege, the party-communication privilege or any other privilege or immunity. Subject to and without waiver of the foregoing general and specific objections, Dr. Gaylis states that he has produced all responsive documents.

**REQUEST NO. 10:**

All DOCUMENTS and ELECTRONIC DATA in your possession from 1981 to 1986 concerning the 1411-H cell line, which is described in "Erythropoietin Production by a Human Germ Cell Line," Ascensao JL, Gaylis FD, Bronson DL, Fraley EE, Zanjani ED, 1984 National Student Research Forum - Galveston, Texas, including all original data, analysis, notes, documents related to experiments and models described in the

paper, abstracts, presentations, lab notebooks, memos and COMMUNICATIONS
including documents concerning related experiments that were not included in the
published paper.

**RESPONSE TO REQUEST NO. 10:**

Dr. Gaylis also objects to this Request to the extent that it seeks documents and

things protected by the attorney-client privilege, attorney work product immunity, the

investigative privilege, the witness statement privilege, the party-communication

privilege or any other privilege or immunity.  Subject to and without waiver of the

foregoing general and specific objections, Dr. Gaylis states that he has produced all

responsive documents.

**REQUEST NO. 11:**

All DOCUMENTS concerning any COMMUNICATIONS between YOU and
any PERSON concerning the product for which Biologic License Application (BLA)
STN 125 164/0 was submitted to the United States Food and Drug Administration on
April 18, 2006 by Roche, known as MIRCERA$^{TM}$, or its active drug ingredient whether
referred to as CERA, RO-0503821 or by any other name.

**RESPONSE TO REQUEST NO. 11:**

Dr. Gaylis specifically objects to this Request as vague, ambiguous, overly broad

and unduly burdensome.  Dr. Gaylis also objects to this Request on the grounds that it

seeks documents and things protected by the attorney-client privilege, attorney work

product immunity, the investigative privilege, the witness statement privilege, the party-

communication privilege or any other privilege or immunity.  Subject to and without

waiver of the foregoing general and specific objections, Dr. Gaylis states that he is not in

possession of any responsive documents.

**REQUEST NO. 12:**

All DOCUMENTS and ELECTRONDIC DATA concerning any
COMMUNICATIONS between YOU and any PERSON at either (1) Kaye Scholer LLP,

(2) Bromberg & Sunstein, Mastriani & Schaumberg, LLP, (4) Morgan & Finnegan, or (5) Clifford Change US LLP prior to November 8, 2005, including any DOCUMENTS and ELECTRONIC DATA received from such PERSON(s) and any DOCUMENTS and ELECTRONIC DATA relating to testimony given by YOU in any prior judicial proceeding, administrative proceeding, or arbitration.

**RESPONSE TO REQUEST NO. 12:**

Dr. Gaylis specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome and on the grounds that it seeks documents and information that have no relevance to any claim or defense in the underlying action. Dr. Gaylis also objects to this Request on the grounds that it seeks documents and things protected by the attorney-client privilege, attorney work product immunity, the investigative privilege, the witness statement privilege, the party-communication privilege or any other privilege or immunity. Subject to and without waiver of the foregoing general and specific objections, Dr. Gaylis states that he is not in possession of any responsive documents.

**REQUEST NO. 13:**

All DOCUMENTS and ELECTRONIC DATA concerning any COMMUNICATIONS between YOU, your research assistants, students or any member of your lab or office and any employee of ROCHE or AMGEN concerning EPO, including Human EPO, or any erthropoiesis stimulating agent.

**RESPONSE TO REQUEST NO. 13:**

Dr. Gaylis specifically objects to this Request as vague, ambiguous, overly broad and unduly burdensome. Dr. Gaylis also objects to this Request to the extent that it seeks documents and things protected by the attorney-client privilege, attorney work product immunity, the investigative privilege, the witness statement privilege, the party-communication privilege or any other privilege or immunity. Subject to and without waiver of the foregoing general and specific objections, Dr. Gaylis states that he is not in possession of any responsive documents.

**REQUEST NO. 14:**

All DOCUMENTS and ELECTRONIC DATA concerning EPO, including Human EPO, or any erthropoiesis stimulating agent.

**RESPONSE TO REQUEST NO. 13:**

Dr. Gaylis specifically objects to this Request as vague, ambiguous, overly broad and unduly burdensome. Dr. Gaylis also objects to this Request on the grounds that it seeks documents and things protected by the attorney-client privilege, attorney work product immunity, the investigative privilege, the witness statement privilege, the party-communication privilege or any other privilege or immunity. Subject to and without waiver of the foregoing general and specific objections, Dr. Gaylis states that he has produced all responsive documents.

Respectfully submitted,

Leora Ben-Ami
Patricia A. Carson
Thomas F. Fleming
Howard S. Suh
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

*Attorneys for Non-Party Franklin M. Gaylis, M.D.*

April 2, 2007

13

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served upon the attorneys of record for the plaintiff (as listed below) via federal express overnight delivery and Facsimile on April 2, 2007.

Lloyd R. Day, Jr. (*pro hac vice*)
David A. Madrid (*pro hac vice*)
Linda A. Sasaki-Baxley (*pro hac vice*)
Geoffrey M. Godfrey
DAY CASEBEER MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220
Emails: daylr@daycasebeer.com
      madriddm@daycasebeer.com
      baxleyls@daycasebeer.com
      ggodfrey@daycasebeer.com

D. Dennis Allegretti (BBO#545511)
Michael R. Gottfried (BBO#542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (617) 289-9200
Facsimile: (617) 289-9201
Emails: ddallegretti@duanemorris.com
      mrgottfried@duanemorris.com
      prich@duanemorris.com

William G. Gaede, III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100
Email: wgaede@wme.com

Kevin M. Flowers (*pro hac vice*)
Thomas I. Ross (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448
Emails:kflowers@marshallip.com
      tross@marshallip.com

14