# Exhibit 16

Dockets.Justia.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 05-12237 WGY |
| ) | (Pending in the District of |
| F. HOFFMANN-LA ROCHE ) | Massachusetts) |
| LTD, a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company, and HOFFMANN-LA ROCHE ) | |
| INC., a New Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## OBJECTIONS OF NON-PARTY DR. JAMES FISHER
## TO AMGEN'S SUBPOENA DUCES TECUM

Pursuant to Fed. R. Civ. P. 45, Dr. James Fisher ("Dr. Fisher"), a non-party to the above captioned action, objects to the subpoenas issued by Plaintiff Amgen, Inc. ("Amgen") dated March 16, 2007 and March 21, 2007 ("the Subpoenas") as follows:

### GENERAL RESPONSES AND OBJECTIONS

The following general responses and objections apply to each individual response to the Subpoenas as if fully set forth therein.

1. The following responses and objections are based on Dr. Fisher's current knowledge, understanding and belief and the information and documents available to him.

2. Dr. Fisher objects to the Subpoenas to the extent that they are unduly burdensome and would subject Dr. Fisher, who is neither a party nor party officer, to undue burden and significant expense.

1

3. Dr. Fisher objects to the Subpoenas to the extent that they seek the disclosure of trade secrets and other confidential information of Third Parties.

4. Dr. Fisher objects to the Subpoenas to the extent Amgen seeks to impose any obligation on Dr. Fisher greater than those imposed by the relevant Federal Rules of Civil Procedure, applicable Local Rules or seeks discovery beyond what the parties have agreed to produce in the underlying action.

5. Dr. Fisher objects to the Subpoenas to the extent that they seek information that is neither relevant to the underlying action nor reasonably calculated to lead to the discovery of admissible evidence.

6. Dr. Fisher objects to the Subpoenas to the extent that they are vague and ambiguous.

7. Dr. Fisher objects to the Subpoenas to the extent that they seek information and/or documents that are publicly available, already in the possession of Amgen or which can be obtained from another source, including but not limited to the parties to the underlying action.

8. Dr. Fisher objects to the Subpoenas to the extent that they seek information and/or documents that are not in the possession custody or control of Dr. Fisher.

9. Dr. Fisher objects to the Subpoenas to the extent that they seek documents and things protected by the attorney-client privilege, attorney work product immunity, the investigative privilege, the witness statement privilege, the party-communication privilege or any other privilege or immunity.

10. Dr. Fisher objects to the Subpoenas to the extent that they seek information and documents duplicative of or cumulative to information and documents already provided by Roche or Amgen in discovery, or produced by Dr. Fisher in response to the subpoena issued to him in this case by Roche.

11. A partial response to any Request to which Dr. Fisher has objected, in whole or in part, does not constitute a waiver of any objection. The mere recital of an objection or response does not constitute a concession that Dr. Fisher possesses any information or documents responsive to such Request or that any documents or information provided is relevant to this litigation.

12. Dr. Fisher's representation that he will produce responsive, non-privileged, non-protected, non-cumulative documents is not to be construed as an admission that any such documents exist, but rather that Dr. Fisher will undertake a good faith effort to search for and identify such documents.

13. Any response to an overbroad or generalized Request shall be deemed limited by a more particularized response to a further Request.

14. Dr. Fisher objects to the dates noticed for the production of documents. Dr. Fisher will produce documents on a date and at a location to be mutually agreed upon by counsel.

### RESPONSES AND OBJECTIONS TO AMGEN'S DEFINITIONS AND INSTRUCTIONS

The following responses and objections to Amgen's Definitions and Instructions apply to each individual response to Amgen's Requests as if fully set forth therein.

3

1.   Dr. Fisher objects to each one of the Instructions and Definitions to the extent that they attempt to impose any obligation on Dr. Fisher greater than those imposed by relevant Federal Rules of Civil Procedure or applicable Local Rules.

2.   That Dr. Fisher has not lodged a particular objection to one of Amgen's Definitions or Instructions does not constitute a concession that any of Amgen's Definitions or Instructions is proper or reasonably calculated to lead to the discovery of admissible evidence. Dr. Fisher's individualized responses and objections to Amgen's Requests below may also reject, amend or narrow any of Amgen's Definitions and Instructions.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

### REQUEST NO. 1:

All Documents and Electronic data from 1981 through 1985 in your possession concerning EPO-producing renal carcinomas and production of EPO from human renal carcinoma cell primary cultures, which is described in part in Hagiwara *et al.*, Erythropoietin production in a primary culture of human renal carcinoma cells maintained in nude mice, Blood 63:828-835 (1984); Hagiwara *et al.*, Role of Endogenous Prostaglandin $E_2$ in Erythropoietin Production and Dome Formation by Human Renal Carcinoma Cells in Culture, J. Clin. Invest. 74: 1252-1261 (1984); and Katsuoka *et al*, Erythropoietin Production in Human Renal Carcinoma Cells Passaged in Nude Mice and In Tissue Culture, Gann 74: 534-541 (1983), including but not limited to all laboratory notebooks, data, communications, grant applications, presentations, slides, articles and/or abstracts concerning EPO-producing renal carcinomas and production of EPO from human renal carcinoma cell primary cultures.

### RESPONSE TO REQUEST NO. 1:

Dr. Fisher specifically objects to this Request to the extent that it seeks documents and things protected by the attorney-client privilege, attorney work product immunity, the investigative privilege, the witness statement privilege, the party-communication privilege or any other privilege or immunity. Subject to and without waiver of the

4

foregoing general and specific objections, Dr. Fisher states that he has produced all responsive documents in his possession, custody or control.

Respectfully submitted,

*[signature: Thomas Fleming /gef]*

Leora Ben-Ami
Patricia A. Carson
Thomas F. Fleming
Howard S. Suh
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

*Attorneys for Non-Party Dr. James Fisher*

March 27, 2007

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served upon the attorneys of record for the plaintiff (as listed below) via federal express overnight delivery and Facsimile on March 27, 2007.

Lloyd R. Day, Jr. (*pro hac vice*)
David A. Madrid (*pro hac vice*)
Linda A. Sasaki-Baxley (*pro hac vice*)
Adam Arthur Bier
DAY CASEBEER MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220
Emails: daylr@daycasebeer.com
    madriddm@daycasebeer.com
    baxleyls@daycasebeer.com
    abier@daycasebeer.com

D. Dennis Allegretti (BBO#545511)
Michael R. Gottfried (BBO#542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (617) 289-9200
Facsimile: (617) 289-9201
Emails: ddallegretti@duanemorris.com
    mrgottfried@duanemorris.com
    prich@duanemorris.com

William G. Gaede, III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100
Email: wgaede@wme.com

Kevin M. Flowers (*pro hac vice*)
Thomas I. Ross (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448
Emails: kflowers@marshallip.com
    tross@marshallip.com

6