UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD, ) | |
| ROCHE DIAGNOSTICS GMBH, ) | |
| and HOFFMANN-LA ROCHE INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ROCHE'S OPPOSITION TO AMGEN'S AMENDED MOTION TO COMPEL ROCHE TO PRODUCE WITNESSES FOR DEPOSITION UNDER RULE 30(b)(6)

### Introduction

Amgen presents its motion as if Rule 30(b)(6) depositions are a fitting means to elicit Roche's legal contentions regarding the invalidity and unenforceability of Amgen's patents. In fact, such depositions are an inappropriate, if not improper, vehicle for exploring legal contentions, particularly when they seek interpretation of evidence that is largely in the control of Amgen or of third parties. Amgen's motion is all the more uncalled-for in light of Roche's sixteen expert reports, comprising over 750 pages, served on Amgen on April 6, 2007, which fully disclose Roche's legal contentions on the invalidity and unenforceability of Amgen's patents. These reports apply the construed claim terms to the prior art disclosed by Roche, a highly technical exercise for which experts--not 30(b)(6) witnesses--are uniquely suited.

In addition, Roche has already set forth, in great detail, its bases for challenging the validity of each of the asserted patents and will be further supplementing its interrogatory responses on invalidity and unenforceability issues within 30 days after the Court's completion

of claim construction pursuant to the Court's Order of March 28, 2007. Amgen cannot claim to be anything but fully informed regarding Roche's invalidity and unenforceability defenses. Roche respectfully asks that the Court deny Amgen's motion in its entirety.

### Statement of Facts

Amgen's Fourth Notice of Deposition to Roche pursuant to Fed. R. Civ. P. 30(b)(6) ("the Notice") openly seeks testimony on "topics directed to the contentions and factual bases supporting the patent invalidity and unenforceability defenses alleged by Roche . . . ." Amgen's Memorandum In Support Of Its Amended Motion To Compel Roche To Produce Witnesses For Deposition Under Rule 30(b)(6) at 1; *see also* Izraelewicz Declaration, Docket No. 348-1, at Exh. 1, Amgen's Fourth Notice of Deposition. Roche objected to the topics in the Notice on the grounds that, *inter alia*, Amgen improperly sought to elicit expert testimony and opinion and inappropriately sought Roche's legal contentions. *Id.*, at Exh. 2, Defendants' Objections To Amgen's Fourth Notice of Deposition.

Roche has responded to and supplemented its responses to Amgen's interrogatories regarding invalidity and unenforceability several times. For example, Roche responded to Amgen's Interrogatory No. 26 regarding patent unenforceability due to inequitable conduct with a response of more than 50 pages, setting forth Roche's position in great detail and containing numerous cites to the evidentiary record. *See* Defendants' Responses and Objections to Plaintiff Amgen Inc.'s Third Set of Interrogatories to Defendants (No. 26), March 14, 2007.[1] Roche voluntarily supplemented its response to this interrogatory as additional evidence was developed, providing Amgen with nearly 70 pages of information regarding its inequitable conduct

---

[1] Roche has not submitted its interrogatory responses to the Court for review because they incorporate information which Amgen may consider confidential. Roche does not wish to burden the Court with these voluminous documents or a potential motion to file under seal. If the Court wishes to review these documents in order to rule on this motion, Roche will make them available pursuant to the Court's procedures for *in camera* review.

contentions. *See* Defendants' Supplemental Responses and Objections to Plaintiff Amgen Inc.'s Third Set of Interrogatories to Defendants (No. 26), April 2, 2007. [2]

Likewise, Roche's existing interrogatory responses set out, in detail, its contentions of invalidity based on obviousness, anticipation, lack of written description and enablement, lack of inventorship, indefiniteness, and double patenting, sorted by the statute or doctrine under which Roche makes its contention. *See* Defendants' Responses and Objections to Amgen's First Set of Interrogatories, Jan. 11, 2007. As discovery has progressed, Roche has voluntarily supplemented these contentions. *See* Defendants' First Supplemental Responses and Objections, Feb. 9, 2007; Roche's Second Supplemental Responses, Feb. 26, 2007. Roche anticipates further supplementing its invalidity-related interrogatory responses after the Court completes the construction of claims.

In a March 28 meet-and-confer telephone conference, Amgen stated that its present Rule 30(b)(6) notice seeks a witness on Roche's "positions" on invalidity. Roche responded that such a designation would neither be appropriate under the rules nor necessary in light of the impending exchange of expert reports and interrogatory response supplementation in accordance with the Court's Order of March 28, 2007. During this meeting, Amgen conceded that expert reports and supplemental interrogatory responses were the appropriate avenues for providing information regarding invalidity contentions. *See* Exh. A, 4/2/07 letter from T. Fleming to T. Ross, at 2. Nevertheless, Amgen filed the instant motion on April 2, 2007, the last day of fact discovery.

On April 6, Roche served on Amgen sixteen expert reports, comprising over 750 pages of detailed exposition, that address exhaustively the patent validity and enforceability topics

---

[2]   Amgen filed this document in the public record. See Docket No. 388, at Exh. 8.

3

identified in Amgen's 30(b)(6) notice. These reports cover issues of indefiniteness, anticipation, obviousness, enablement, and double patenting.[3] That these expert reports abundantly detail Roche's validity and enforceability defenses is explicitly acknowledged in Amgen's pending motion for more time to answer them [Docket No. 386].

Despite Roche's extensive and ongoing proffer of its positions regarding its invalidity and unenforceability defenses, Amgen has filed the present motion, demanding that Roche produce 30(b)(6) witnesses for deposition on these highly scientific legal topics.

## Argument

**A.   Courts Recognize That It Is Inappropriate to Elicit Legal Contentions Through 30(b)(6) Deposition Testimony**

Courts have frequently held that contention interrogatories, rather than Rule 30(b)(6) depositions, are the most appropriate means for pre-trial disclosure of a parties' legal contentions or its bases for those contentions. *See*, *e.g.*, *McCormick-Morgan, Inc. v. Teledyne Industries, Inc.*, 134 F.R.D. 275, 286 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F. Supp. 611 (N.D. Cal. 1991) (granting patentee's motion for a protective order prohibiting use of 30(b)(6) depositions for purposes of setting forth bases for legal contentions); *Goss Int'l Americas, Inc. v. Man Roland, Inc.*, 2006 WL 1134930, at * 1 (D. N.H. April 28, 2006) (denying motion to compel 30(b)(6) testimony on the subject of patentee's positions on claim construction because "legal contentions are not a proper subject for factual discovery"); *Smithkline Beecham Corp. v. Apotex Corp.*, 2004 WL 739959, at *2 (E.D. Pa. March 23, 2004) ("[A] party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately

---

[3]   By way of example, nine of the reports find patent invalidity on grounds of obviousness, five on the basis of double patenting, six for lack of enablement, four for lack of written description, two by reason of anticipation. The expert reports are not attached, because they are voluminous and contain material designated confidential by one or both parties. If the Court wishes to see these reports in order to rule on this motion, Roche will arrange for their submission.

discoverable through contention interrogatories."); *JPMorgan Chase Bank v. Liberty Mutual Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("[D]epositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means.").

There are several rationales for utilizing contention interrogatories rather than 30(b)(6) depositions. Courts have determined that contention interrogatories, which are traditionally prepared by lawyers, are likely to yield more accurate information regarding a party's legal contentions than the testimony of a corporate fact witness in a Rule 30(b)(6) deposition. *See Exxon Research and Engineering Co. v. U.S.*, 44 Fed. Cl. 597, 601-602 (Fed. Cl. 1999) (holding that contention interrogatories rather than 30(b)(6) deposition would address claim construction issues because they yield the same information, are less expensive and invasive, and because it would be difficult for a non-lawyer deponent to address the complex issues involved); *Lance, Inc. v. Ginsburg*, 32 F.R.D. 51, 53 (E.D. Pa. 1962) (denying plaintiff's motion to compel deposition answers in trademark infringement case where information could be "more expeditiously and more intelligently obtained by written interrogatories"). Contention interrogatories are also more cost-effective and less burdensome on the parties. *See McCormick-Morgan*, 134 F.R.D. at 286 (finding that contention interrogatories would "yield most reliably and in the most cost-effective, least burdensome manner information that is sufficiently complete to meet the needs of the parties.").

These concepts of common sense and efficiency have particularly resonated in patent cases.  A Rule 30(b)(6) witness in a patent case "cannot be expected to have the range of understanding of patent law or of proceedings in the patent office to reliably identify and

accurately articulate all of the predicates for their legal positions." *McCormick-Morgan*, 134 F.R.D. at 286. Non-lawyer deponents "might have great knowledge about the products in issue . . . but be quite ill-equipped to reason reliably about the legal implications of the relationship between those products, or their components and the various claims of the patent in suit or of other patents or prior art." *Id.*

**B.     The Rule 30(b)(6) Topics of Amgen's Motion to Compel Inappropriately Seek Deposition Testimony Regarding Roche's Legal Contentions**

The topics in the Notice seek Roche's legal contentions and its bases for such contentions on the topics of invalidity and unenforceability. Rule 30(b)(6) depositions regarding these topics are inappropriate. In fact, Amgen concedes that the "Notice contain[s] topics directed to the contentions and factual bases supporting the patent invalidity and unenforceability defenses alleged by Roche . . . ." *See* Amgen's Memorandum In Support Of Its Amended Motion To Compel Roche To Produce Witnesses For Deposition Under Rule 30(b)(6), at 1.

The following representative examples illustrate the wholesale impropriety of the Notice. Topic 27 reads:

> All facts and circumstances known to Roche on which it may rely to support any contention by Roche that Amgen's Patents are unenforceable by reason of inequitable conduct before the U.S. Patent & Trademark Office.

Amgen's Fourth Notice, at 10. This topic inappropriately seeks Roche's legal contentions regarding its inequitable conduct defense. Calling for a witness to make legal conclusions regarding inequitable conduct is not the fact-gathering that Rule 30(b)(6) is meant to serve. Further, posing to a *Roche* employee questions regarding the acts of *Amgen* and its agents which allegedly gave rise to "inequitable conduct" before the U.S. Patent and Trademark Office would be an illogical undertaking.

Topic 24 covers "[a]ll prior art (including the specific combination thereof) on which Roche will rely to support its 35 U.S.C. § 102 and 103 defenses." Amgen's Fourth Notice, at 9. This topic not only seeks Roche's legal contentions, but would require one of Roche's agents or employees to make legal conclusions regarding 35 U.S.C. § 102 and 103, an exercise which the courts recognize as inappropriate to Rule 30(b)(6) discovery. Moreover, the sheer breadth of a topic that seeks knowledge of "all prior art" is oppressive in and of itself, in light of the number of such references addressed in Roche's expert reports.

Topic 5 seeks deposition testimony regarding:

> All facts and circumstances known to Roche concerning any effort by Edward Fritsch or those working with him to identify, clone, isolate, or express a DNA encoding human EPO, including specifically any publicly available information relied upon by him in that effort, and his conception and reduction to practice of any subject matter(s) described and/or claimed in U.S. patent applications Serial Nos. 06/688,622 and 06/693,258 or in any related application or related patent.

Amgen's Fourth Notice, at 7. Mr. Fritsch has never been a Roche employee, and a Roche representative cannot be expected to have special knowledge of a third party's scientific efforts. Furthermore, testimony from a Roche corporate witness regarding "conception and reduction to practice" of an invention is inappropriate subject matter under Rule 30(b)(6), as it requires the witness both to draw legal conclusions regarding the notions of conception and reduction to practice and to make the legal determination whether, in fact, an invention was conceived and reduced to practice.

As the foregoing demonstrates, to try satisfying the Notice topics at issue through Rule 30(b)(6) depositions would mean distorting the purpose of that rule. Interrogatories are the proper means through which Amgen should obtain the information, as statements regarding Roche's legal positions would come from a more reliable source, in a more efficient manner.

7

Although fact discovery is now over, Roche will supplement its interrogatory responses regarding these topics, which further demonstrates the lack of necessity for Amgen to conduct 30(b)(6) depositions on the same topics. In addition, as discussed below, Amgen is now in possession of Roche's expert reports, which provide Amgen with the information it seeks regarding Roche's positions on patent invalidity and unenforceability in great detail.

**C.     Because Roche's Expert Reports Have Already Been Served, Any 30(b)(6) Depositions Regarding Roche's Positions On Patent Invalidity and Unenforceability Would Be Unreasonably Duplicative And Unduly Burdensome**

Courts shall limit discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). In addition to properly objecting to the substance of the notice topics under Rule 30(b)(6), Roche has provided Amgen with ample information in its expert reports regarding its patent invalidity and unenforceability contentions. Any supplementation beyond that already ordered by the Court would be unreasonably duplicative and unduly burdensome.

Since Amgen filed the instant motion, Roche has provided Amgen with hundreds of pages of detailed information with respect to its invalidity and unenforceability contentions in sixteen expert reports, which were served on April 6, 2007. Roche's positions regarding obviousness and anticipation are discussed in detail in these reports. One entire report is dedicated to a discussion of Roche's position that all of the asserted claims of the patents-in-suit are invalid under 35 U.S.C. § 103 as obvious, based on the combination of the Miyake and Alton references and known methods of expressing proteins in CHO cells. Similarly, another expert report offers detailed explanations as to how the isolation of human urinary EPO anticipates or

8

renders obvious all the relevant limitations of United States Patent Nos. 5,621,080, 5,955,422, and 5,547,933.

Roche has also explained its legal contention regarding double patenting of the asserted claims over U.S. Patent No. 4,703,008 ("the '008 patent"), namely, that the isolation of the EPO gene disclosed in the '008 patent claims renders obvious Amgen's other patents arising from that application. This contention is addressed in multiple expert reports, many of which provide claim-by-claim analysis. Likewise, Roche's position that the asserted claims of the patents-in-suit are anticipated by or obvious for double patenting over claim 10 of U.S. Patent No. 4,667,016 patent ("the '016 patent") is analyzed claim-by-claim in another of its expert reports.

Roche also served Amgen with expert reports addressing the secondary factors of non-obviousness under 35 U.S.C. § 103, namely, satisfaction of a long-felt need and the commercial success of a product attributable to the claimed invention.

The foregoing is a sample of the detailed analyses regarding the topics at issue which Roche has provided Amgen since the instant motion was filed. Amgen cannot possibly complain that it lacks complete information, because Roche's expert reports thoroughly lay out its positions regarding invalidity and unenforceability, including numerous prior art references, as well as claim-by-claim opinion analyses. With this information in hand, it is nonsensical for Amgen to argue that it is ill-equipped to prepare its rebuttal reports without the benefit of also deposing Roche's agents or employees regarding Roche's positions on patent invalidity and unenforceability.[4]

---

[4] Amgen contends that it is necessary to depose Roche employees because, "[r]egardless of completeness of the Roche expert reports, counter-factual information learned by Roche which could not be discovered through the Amgen 30(b)(6) depositions will presumably not be divulged in the expert reports." Amgen's Memorandum In Support Of Its Amended Motion To Compel Roche To Produce Witnesses For Deposition Under Rule 30(B)(6) at 8-9. As an example of the type of information Amgen seeks to discover from a Roche employee, Amgen refers to its need to discover how Roche will establish that a claim is anticipated by prior art under 35 U.S.C. § 102 and how a

Contrary to Amgen's assertions, the topics in Amgen's Notice of Deposition are not mirror images of those listed in Roche's 30(b)(6) notice of deposition. Further, to the extent that Roche's notice contained any topics potentially calling for Amgen's legal contentions, the circumstances here are distinguishable, in at least two ways: First, as plaintiff, Amgen is expected to proffer corporate witnesses regarding its legal contentions with respect to its infringement allegations, as Amgen corporate employees or agents made the decision to file the lawsuit in the first place and are presumably knowledgeable and prepared to testify on the subject. *See AMP Inc. v. Melox Inc.*, 227 U.S.P.Q. 172, 172 (N.D. Ill. 1985) (stating that "the court doubts that no non-expert representative could testify [about the basis for the plaintiff's infringement claims], since plaintiff's agents and representatives made the decision to file this lawsuit").

Second, Roche's contentions regarding the invalidity and unenforceability of Amgen patents are not based principally on first-hand knowledge of Roche representatives or employees but largely on evidence supplied by Amgen or by third parties, whereas Amgen's contentions stem from evidence within its own possession. Accordingly, factual inquiry of Roche representatives as to the company's contentions is destined to be a fruitless, albeit time-consuming, activity.

Amgen will not be prejudiced if its motion is denied. Roche has provided more than sufficient disclosure in its expert reports of its contentions of invalidity and unenforceability, as well as its bases for those contentions, such that Amgen can adequately prepare its expert rebuttal reports. This information appears not only in Roche's expert reports, but in its

---

claim is invalidated as obvious under 35 U.S.C. § 103. *Id.* Such an exercise would be a misuse of Rule 30(b)(6) discovery, as discussed above; it also defies logic and common sense to present such issues to a Roche employee when such issues have already been heavily briefed and served on Amgen.

supplemental interrogatory responses pursuant to the Court's March 28, 2007 Order. Amgen's demand that Roche additionally designate Rule 30(b)(6) witnesses regarding its invalidity and unenforceability contentions after the close of fact discovery is thus unwarranted.

Amgen has already taken abundant 30(b)(6) discovery pursuant to its first, second and third 30(b)(6) notices. Indeed, Roche has already submitted to about 40 hours of 30(b)(6) deposition questioning by Amgen. Amgen's service of yet a fourth 30(b)(6) notice, on March 7, suggests that increasing the burden on Roche is a principal objective, one that the Court should not endorse.

Since Amgen cannot show that it is proper or sensible to compel Roche to designate Rule 30(b)(6) witnesses regarding its invalidity and unenforceability contentions, Amgen's motion to compel should be denied.

## Conclusion

For all the foregoing reasons, Roche respectfully requests that Amgen's motion be denied.

DATED:   Boston, Massachusetts
         April 16, 2007

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their attorneys,*

/s/ Nicole A. Rizzo
Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO # 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 443-9292
nrizzo@bromsun.com

>Leora Ben-Ami (*pro hac vice*)
>Mark S. Popofsky *(pro hac vice)*
>Patricia A. Carson (*pro hac vice*)
>Thomas F. Fleming (*pro hac vice*)
>Howard S. Suh (*pro hac vice*)
>Peter Fratangelo (BBO# 639775)
>Vladimir Drozdoff (*pro hac vice*)
>David L. Cousineau (*pro hac vice*)
>KAYE SCHOLER LLP
>425 Park Avenue
>New York, New York 10022
>Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on the above date.

>/s/ Nicole A. Rizzo
>Nicole A. Rizzo

03099/00501 648807.2