

# KAYE SCHOLER LLP

Thomas F. Fleming
212 836-7515
Fax 212 836-6345
t fleming@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

April 2, 2007

**VIA EMAIL & FAX**
Thomas Ross, Esq.
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
Chicago, Illinois 60606

*Re:   Amgen, Inc. v. F. Hoffmann-La Roche, Ltd., et al.*

Dear Tom:

     I received today your letter from late Saturday, and I am quite disappointed with both your tone and your inaccurate and quite honestly self-serving characterization of our meet and confer from March 28. It is absolutely correct that Pat Carson and Krista Rycroft were also on the phone, but your rendition of what occurred is just plain wrong.

     As you may recall, we began the conference by discussing the topics relating to scientific issues, which included topics 1-11. As to those topics, you agreed that the testimony already provided by Roche from Rule 30b6 witnesses Drs. Haselbach and Stern, as well as from Mr. Jarsch, covered these topics. In addition, Amgen cancelled the schedule Rule 30(b)6 deposition of Roche witness Dr. Adrienne Farid.

     The talk quickly turned to Amgen's questions about Roche's legal theories on invalidity. You stated that you wanted a 30b6 witness on Roche's legal contentions, in your word "positions" on invalidity. I told you that Roche felt that such issues, legal contentions or legal "positions", were not appropriate for a Rule 30b6 witness, and that clearly Amgen agreed since it has taken the same position in this litigation in response to Roche's 30b6 Deposition Notices. I did say that the parties would soon be exchanging expert reports on the invalidity issues, and that the Court had ordered Roche to supplement its interrogatories on invalidity issues and that would be the best source for obtaining Roche's legal positions on this subject. We talked about how proffering company witnesses who were unfamiliar with the parties' legal theories was unhelpful. You specifically brought up the upcoming Genentech production, and asked whether Roche would take the position that the Genentech work was invalidating material. I explained that not having received the Genentech production, I was unable to comment on this. Id did say, that in any event, it would be the lawyers who developed this legal "position" not any fact witness, and you agreed with this.

     I take issue with the hyperbole in your letter concerning your alleged expressed "exasperation and frustration" as it did not happen. Again, the only issue you raised, as you do

**KAYE SCHOLER** LLP

Thomas I. Ross, Esq.                                2                                April 2, 2007

in your letter, was with contentions or "positions" on invalidity issues. In fact, we recall that we left the call very amicably and in agreement that there would be no further witness from Roche on this Notice. You specifically agreed that Interrogatory answers and expert reports were the appropriate avenues for providing this information on invalidity contentions. Apparently, for reasons that can only be due to some posturing, Amgen has changed its mind and now this revisionist letter follows.

You fail to mention, but must certainly recall, that I tried to discuss Roche's third Notice of Deposition to Amgen under Rule 30b6 and you acknowledged that no objections were filed to that notice. We also discussed, and you said you would look into, Amgen preparing an interrogatory answer to Roche's topic on secondary indicia of non-obviousness as a way of responding rather than through a witness. This is consistent with the tenor and substance of our conversation as to both parties' Notices.

Your rhetoric about stonewalling and refusals to comply have no basis in reality, that is of course unless you mean to address Amgen's conduct. But pursuing this line of argument is not constructive. Needless to say we disagree with your characterizations and baseless *ad hominem* attacks.

The balance of your letter and really the essence of your letter goes to Roche's invalidity contentions. While we disagree with the level of detail provided in Roche's interrogatory answers, the Court found that supplementation in accordance with its Order is appropriate notice and we intend to comply with the Court's Order. As to the vast majority of Roche's invalidity contentions, Roche will serve its expert reports this Friday, and you may expect detail in those reports on Roche's contentions. Roche continues to believe that a Rule 30b6 deposition of a Corporate fact witness is not an appropriate vehicle for eliciting a parties' legal contentions or "positions."

Very truly yours,

*[signature]*

Thomas F. Fleming

cc: Patricia A. Carson
     Krista Rycroft
     Julia Huston
     Patricia R. Rich
     Deborah Fishman