# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 1:05-cv-12237 WGY |
| v. ) | |
| ) | |
| F. HOFFMANN-LA ROCHE LTD, a ) | |
| Swiss Company, ROCHE DIAGNOSTICS ) | |
| GMBH, a German Company, and ) | |
| HOFFMANN LA ROCHE INC., a New ) | |
| Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE
THE COURT'S MARCH 27, 2007 ORDER AND
TO COMPEL DEPOSITION TESTIMONY UNDER RULE 30(b)(6)**

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ............................................................................................................1

II.     ARGUMENT ..................................................................................................................5

        A.      Amgen Expeditiously Provided Prepared 30(b)(6) Witnesses for Roche's
                Deposition Topics Addressed by the Court's March 27, 2007, Order Prior
                to the Close of Fact Discovery ...........................................................................5

                1.      Roche Must Show Clearly and Convincingly Amgen's Lack of
                        Substantial Compliance With the Court's March 27 Order ........................5

                2.      Topic 1: Amgen Has Provided Fulsome Testimony on Its Efforts
                        To Characterize EPO and References to Such Work in the
                        Prosecution Histories and Opposition Proceedings ....................................6

                3.      Topic 2: Mr. Watt Responded Fully and Completely to Roche's
                        Questions Within the Scope of Topic 2 and Roche's Examples to
                        the Contrary Rest on Questions Directed to his Personal
                        Knowledge Not Implicated Under Rule 30(b)(6) ........................................6

                4.      Topic 3: Dr. Fu-Kuen Lin's and Mr. Thomas Boone's Rule
                        30(b)(6) Testimony Regarding Amgen's Expression of and Cell
                        Lines Producing Erythropoietin Was Full and Complete ............................8

                5.      Topic 4: Mr. Boone and Dr. Lin Provided Full and Complete
                        Testimony on Efforts by Amgen To Express Biologically Active
                        Glycosylated Protein or Polypeptide in any Mammalian Cell
                        Before 1985................................................................................................10

                6.      Topics 6-7: Dr. Lin Provided Fulsome Testimony on the Research
                        and Development Work That Resulted in the Patent Applications ...........11

                7.      Topic 8: Amgen Has Provided Testimony on Its Communications
                        With Dr. Goldwasser .................................................................................11

                8.      Topics 9-10: Amgen Has Provided Extensive Testimony on the
                        Subject Matter of These Topics Regarding Aransep® ..............................12

                9.      Topics 26-27: These Topics Relate to Roche's Sham Litigation
                        Counterclaim That Has Been Dismissed ...................................................13

        B.      Granting Roche an Additional Round of 30(b)(6) Depositions After the
                Discovery Cutoff Will Prejudice Amgen's Efforts To Prepare for Expert
                Discovery and the Request for Fees and Costs Should Be Denied........................14

III.    CONCLUSION..............................................................................................................15

# TABLE OF AUTHORITIES

Page

**CASES**

*Brazos River Authority v. GE Ionics, Inc.*
   469 F.3d 416 (5th Cir. 2006) ............................................................................................... 9

*Langton v. Johnston*
   928 F.2d 1206 (1st Cir. 1991) ............................................................................................. 5

*Project B.A.S.I.C. v. Kemp*
   947 F.2d 11 (1st Cir. 1991) ................................................................................................. 5

*Sprint Communications, Co. v. Theglobe.com, Inc.*
   236 F.R.D. 524 (D. Kan. 2006) ......................................................................................... 10

*Sunbeam Corp. v. Black & Decker Inc.*
   151 F.R.D. 11 (D.R.I. 1993) ............................................................................................... 5

*Wilson v. Lakner*
   228 F.R.D. 524 (D. Md. 2005) ........................................................................................... 9

**STATUTES**

35 U.S.C. § 121 ............................................................................................................................ 8

**RULES**

Fed. R. Civ. P. 30(b)(6) ................................................................................................ 6, 9, 10, 13

**I.     INTRODUCTION**

Roche's motion to enforce the Court's March 27, 2007, Order ("the Court's Order") and to compel further 30(b)(6) depositions after the April 2, 2007, discovery cutoff fails to separate fact from overzealous advocacy, and ignores the 1000-plus pages of testimony that Amgen has provided to Roche in compliance with the Court's Order. At its core, Roche was provided meaningful and detailed testimony that complied with the Court's Order in the four business days that ensued between the issuance of the Court's March 27 Order and the close of fact discovery on April 2. Tellingly, Roche never raised with Amgen before filing the motion the alleged deficiencies in the testimony that it raises with the Court. Equally telling, Roche's motion is entirely devoid of any showing of how the alleged deficiencies impacted on any opinion expressed in Roche's 750 pages of invalidity and inequitable conduct expert reports served on April 6.

The question this motion presents is whether Amgen substantially complied with the Court's March 27 Order. It is Roche's burden to demonstrate that Amgen did not do so by clear and convincing evidence. Once the rhetoric is stripped away, and the specific deposition testimony examined, close examination of Roche's allegations show that it (1) rests on testimony not within the scope of the topics, (2) mischaracterizes the deponent's answer, (3) ignores earlier communications from Amgen designating its corporate witnesses, (4) ignores the substantial and good faith testimony that was provided, and (5) ignores that Roche is seeking discovery on sham litigation issues dismissed by the Court's subsequent March 30 Order.

As addressed in this opposition, in the single isolated instance where Amgen did fail to designate Dr. Steven Elliott (the inventor of Aranesp®) as Amgen's Rule 30(b)(6) witness on Topics 9 and 10 that address Aranesp®, no prejudice inured to Roche because Dr. Elliott provided on March 29 approximately 85 pages of testimony addressing the subject matter. The failure to officially identify Dr. Elliott as Amgen's representative was due to a miscommunication between counsel in the midst of the crush of depositions during the closing

days of fact discovery, rather than a knowing failure to comply with the Court's Order. To rectify, Amgen designates Dr. Elliott's testimony as its Rule 30(b)(6) testimony on these topics.

The remainder of the allegations does not withstand scrutiny. Below is a chart summarizing Roche's unsubstantiated complaints about each 30(b)(6) topic and Amgen's response.

| Roche 30(b)(6) Topic | Roche's Complaint re: Amgen's Compliance | Roche Lacks Clear and Convincing Evidence of Substantial Compliance |
|---|---|---|
| Topic 1 – Efforts to characterize erythropoietin | • Dr. Strickland deposition was cut an hour short by Amgen and he was not prepared<br>• Dr. Lin was not identified as a designee until the morning of his March 28 deposition | • Roche cites no evidence that Dr. Strickland was unprepared.<br>• Roche cites no evidence that it has not been provided fulsome discovery on the topic.<br>• Dr. Lin was identified as a designee no later than by March 23 in Amgen's opposition brief to Roche's original motion to compel. (Docket #328) |
| Topic 2 – Prosecution of erythropoietin patents | • Mr. Stuart Watt used lack of personal knowledge or scope of employment to avoid answering 30(b)(6) questions<br>• Amgen instructed Mr. Watt not to testify in response to a single 30(b)(6) question | • Roche cited five excerpts where Mr. Watt responded to questions directed to his personal knowledge and not to Amgen's knowledge. Such subject matter was not within the scope of his Rule 30(b)(6) capacity and instead was in his personal capacity or was a proper reflection of his individual recollection.<br>• The instruction not to answer was issued in response to a question outside of the Topic and was necessary to preserve privilege. |

| Roche 30(b)(6) Topic | Roche's Complaint re: Amgen's Compliance | Roche Lacks Clear and Convincing Evidence of Substantial Compliance |
|---|---|---|
| Topic 3 – Efforts to identify any tissue expressing erythropoietin | • Amgen limited the scope of the testimony<br>• Dr. Lin was not prepared<br>• Mr. Boone was not prepared | • Between Mr. Boone and Dr. Lin, Amgen's designations fairly met the scope of Topic 3.<br>• Roche cites just one excerpt where Dr. Lin did not know details of an employee's work over 20 years ago.<br>• Roche cites just one excerpt from Mr. Boone's deposition where he was unable to answer a question beyond the scope of his Rule 30(b)(6) designation. |
| Topic 4 – Amgen's efforts to express active glycosylated proteins in any mammalian cell | • Mr. Boone was not prepared and the deposition was obstructed<br>• Dr. Lin was not prepared | • The questions Roche refers to relate to efforts *by others*, *not Amgen*, and were outside the scope of the Topic. No question asked was not answered.<br>• Roche cites one excerpt where Dr. Lin did not know details of an employee's work over 20 years ago in *E. coli*, which is outside the scope of the Topic directed to mammalian cells. |
| Topics 6-7 – Contribution of any employee cloning human erythropoietin and claimed subject matter in specification of Amgen's EPO patents | • Dr. Lin was not prepared | • Roche cites two Dr. Lin excerpts where he was unable to name a specific employee on the project from over 20 years ago. (Topic 6).<br>• Roche cites no evidence showing that Dr. Lin was unprepared for Topic 7. |

| Roche 30(b)(6) Topic | Roche's Complaint re: Amgen's Compliance | Roche Lacks Clear and Convincing Evidence of Substantial Compliance |
|---|---|---|
| Topic 8 – Dr. Goldwasser's relationship with Amgen | • Dr. Strickland's deposition was cut short | • Roche does not contend that Dr. Strickland's testimony was lacking in this area.<br>• Dr. Strickland will confirm Amgen's representation to the Court in its March 23 opposition brief that Amgen has no further knowledge on the subject other than as reflected in the documents and testimony already produced in the litigation. |
| Topics 9-10 – Related to Aranesp® | • Amgen failed to designate anyone | • Dr. Steven Elliot, inventor of Aranesp®, has testified at length on subject matter within the scope of Topics 9 and 10, and Amgen designates such testimony as its Rule 30(b)(6) testimony. |
| Topics 26-27 – Basis for asserting 080 and 933 patents | • Mr. Watt was not prepared | • The Topics relate to sham litigation, which was dismissed by the Court on March 30.<br>• Mr. Watt did provide testimony on the subject, but as Amgen's corporate designee, did not and could not testify as to the contents of information that Roche has designated as confidential under the Protective Order because such information is outside the scope of Amgen's knowledge. |

Accordingly, Amgen requests that the Court deny Roche's motion to enforce.

## II.    ARGUMENT

### A.    AMGEN EXPEDITIOUSLY PROVIDED PREPARED 30(b)(6) WITNESSES FOR ROCHE'S DEPOSITION TOPICS ADDRESSED BY THE COURT'S MARCH 27, 2007, ORDER PRIOR TO THE CLOSE OF FACT DISCOVERY

#### 1.    Roche Must Show Clearly and Convincingly Amgen's Lack of Substantial Compliance With the Court's March 27 Order

Roche must establish by clear and convincing evidence that Amgen failed to achieve substantial compliance with the Court's Order in order to prevail on its motion. *Langton v. Johnston*, 928 F.2d 1206, 1220 (1st Cir. 1991); *see also Sunbeam Corp. v. Black & Decker Inc.*, 151 F.R.D. 11, 15 (D.R.I. 1993). A finding of contempt requires that a party "must have violated a clear and unambiguous order that left no reasonable doubt as to what behavior was expected and who was expected to behave in the indicated fashion." *Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 17 (1st Cir. 1991). In other words, "[a]ny ambiguities or uncertainties in [the] court order must be read in a light favorable to the person charged with contempt." *Id*. at 16.

In *Sunbeam*, the court found that the complainant had failed to show that the defendant violated a specific court order. *Sunbeam Corp.*, 151 F.R.D. at 16. There, the court had ordered that Sunbeam produce a witness for deposition on several Rule 30(b)(6) topics. *Id*. The court's order, as here, did not interpret the Rule 30(b)(6) topics or specifically define the scope of testimony required. *Id*. The parties dispute revolved around the scope of a Rule 30(b)(6) topic. *Id*. The court denied a subsequent motion for contempt, finding that Sunbeam substantially complied with its order because Sunbeam produced the requested witness who testified to the topics as ordered by the court. *Id*. As in *Sunbeam*, when the facts are separated from Roche's misplaced advocacy, Amgen substantially complied, and Roche has not shown clearly and convincingly to the contrary.

2.  **Topic 1: Amgen Has Provided Fulsome Testimony on Its Efforts To Characterize EPO and References to Such Work in the Prosecution Histories and Opposition Proceedings**

Roche portrays Amgen as having only offered Dr. Strickland and Dr. Lin to testify under Topic 1 at the last minute, and not providing substantial testimony on the topic.[1]  Not so.

On March 6, 2007, prior to the Court's Order, Amgen designated Dr. Strickland for Topic 1, because his experiments had been discussed in the relevant patent documents.[2]  Roche deposed Dr. Strickland on this topic on March 9, 2007.  Roche has never contended that Dr. Strickland's testimony was incomplete.

In addition to designating Dr. Strickland for Topic 1, Amgen also designated Dr. Lin for Topic 1 as a corporate designee on this topic.  Roche contends Amgen did so for the first time on the morning of Dr. Lin's March 28 deposition.  That is wrong.  The topic encompasses Amgen efforts to characterize EPO, which includes the work disclosed in the Lin patents, and references thereto in the prosecution history.  Amgen informed Roche and the Court in its March 23 opposition to the motion to compel that Dr. Lin would be providing testimony in these areas as well for this topic.[3]  Dr. Strickland and Dr. Lin have provided fulsome testimony on the topic.

Roche's motion fails to identify any further questioning on the Lin patent prosecution and opposition documents at issue.  Having had sufficient time to prepare for the depositions, and having failed to show how the provided testimony did not fairly meet the scope of the Topic, Roche's motion for further depositions on this Topic should be denied.

3.  **Topic 2: Mr. Watt Responded Fully and Completely to Roche's Questions Within the Scope of Topic 2 and Roche's Examples to the Contrary Rest on Questions Directed to his Personal Knowledge Not Implicated Under Rule 30(b)(6)**

Roche's allegations that Mr. Watt used a lack of personal knowledge of the file history and the timing of his tenure at Amgen to avoid answering questions within the scope of Topic 2 do not withstand scrutiny.[4]

---

[1] Roche Br. at 11-12.
[2] Ex. 1.
[3] Docket 328 at 7 n.8.
[4] *See* Roche Br. at 6.

Roche exploits its inartful questioning by portraying Mr. Watt's inability to answer questions seeking his personal knowledge as though they were questions calling for Amgen's knowledge.[5] Close examination of the two cites from his deposition Roche raises where Mr. Watt admitted to lacking personal knowledge show that Mr. Watt was responding to Roche's questions calling for his *personal knowledge and not Amgen's knowledge*.[6] For example:

> BY MR. SUH:
>
> Q    Mr. Watt, Exhibit 6 is the prosecution file history of the '868 patent. Were *you* involved at one point in the prosecution of the '868 patent?
>
> A    Yes.
>
> Q    Okay. And by virtue of *your* involvement in the prosecution of the '868 patent, did you become familiar with the file history?
>
> MR. FLOWERS:    Objection; vague and ambiguous.
>
> A    Well, I certainly was familiar with the parts that I was involved with. If you are asking did I go back and look at the complete file history from the beginning, *I don't remember that I did*. I may have, but I don't remember that I did.[7]

The questions and answers all implicate Mr. Watt's personal recollection, and not Amgen's knowledge. Roche has not pointed to a single question seeking *Amgen's* knowledge that Mr. Watt did not answer fully and completely.

Likewise, Amgen did not attempt to "avoid discovery by circumscribing a subject matter's scope of time to the duration of its sole designee's employment."[8] In the three excerpts cited by Roche where Mr. Watt referred to the timing of his tenure at Amgen, Mr. Watt was responding to argumentative questions as to his *personal view* of what documents in Amgen's patent files meant, not Amgen's view of those documents.[9] Where Roche questioned Mr. Watt

---

[5] During the deposition, Roche's counsel interposed questions to Mr. Watt in his personal capacity and his corporate capacity, without delineating, leaving the parties confused as to whether Amgen's or Mr. Watt's knowledge was being sought. (Ex. 2, Watt Depo Tr. 56:14-25; 60:12-61:1; 72:9-18.)

[6] *See* Ex. 2, Watt Depo Tr. 41:15-24; 81:1-82:11.

[7] Ex. 2, Watt Depo Tr. 41:10-24 (emphasis added).

[8] Roche Br. at 6.

[9] *See* Ex. 2, Watt Depo Tr. 73:6-12; 75:18-76:4, 105:10-25.

about Amgen's knowledge under the scope of Topic 2, Mr. Watt offered proper responses, regardless of whether he was working at Amgen at that time or not.[10]

Finally, Roche's complaint about Amgen's counsel's instruction not to answer is similarly without merit.[11] The instruction was issued in response to questioning about Amgen's reliance in this litigation on 35 U.S.C. Section 121. Amgen's counsel legitimately objected to Roche's attempt to invade Amgen's trial strategy in this case that addressed privileged subject matter beyond the scope of Topic 2.[12] Mr. Watt further testified in detail regarding Amgen's reliance upon Section 121 during the prosecution of the patents.[13] There was nothing improper about counsel's instruction not to answer to preserve privilege in this proceeding.[14]

In sum, Roche has not provided any substantial evidence, let alone clear and convincing evidence, that supports its contention that Amgen failed to substantially comply with its duty to provide a Rule 30(b)(6) witness for Topic 2.

### 4. Topic 3: Dr. Fu-Kuen Lin's and Mr. Thomas Boone's Rule 30(b)(6) Testimony Regarding Amgen's Expression of and Cell Lines Producing Erythropoietin Was Full and Complete

Roche complains that Amgen "unilaterally limited the proffered testimony to a narrow subset of the information sought" by Roche under Topic 3.[15] Roche is wrong. The designations of Dr. Lin and Mr. Boone covered the entire scope of Topic 3.

Amgen designated Dr. Lin to discuss all pre-1985 expression of erythropoietin in the examples cited in the specification of the asserted Lin patents as well as Amgen efforts to identify cells or tissue expressing or secreting erythropoietin.[16] This covers the Topic 3 subject matter of Amgen efforts prior to January 1, 1985, to identify or analyze any cell or tissue expressing or otherwise producing erythropoietins. Post January 1, 1985, Amgen designated

---

[10] *See* Ex. 2, Watt Depo. Tr. 66:20-67:11; 106:1-21.
[11] *See* Roche Br. at 7.
[12] *See* Ex. 2, Watt Depo Tr. 20:4-6.
[13] *See* Ex. 2, Watt Depo Tr. 56:7-58:11; 60:12-61:11.
[14] *See* Ex. 2, Watt Depo Tr. 17:22-20:24.
[15] Roche Br. at 7.
[16] Ex. 3.

Mr. Boone to testify on Amgen efforts.[17] The two witnesses' areas of designation covered the scope of Topic 3's subject matter.

Roche contends that Dr. Lin was unprepared, citing just a single answer that ignores his other deposition testimony.[18] It is true that Dr. Lin was unable to recall the exact year when a cell-line that Dr. Sherwood worked on almost 25 years ago ceased producing EPO.[19] This minor and typical lapse in memory does not rise to the level of clear and convincing evidence of contempt, for Rule 30(b)(6) does not demand perfection. *Wilson v. Lakner*, 228 F.R.D. 524, 528 (D. Md. 2005); *see also, Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (the question is whether the party has shown anything less than a "conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the party noticing the deposition and to *prepare* those persons in order that they can answer fully, completely, unevasively, the questions posed as to the relevant subject matters.") If anything, it shows that Dr. Lin was diligently prepared as Roche points only to one lapse of memory in his testimony on this Topic.

Likewise, Roche's lone citation to Mr. Boone's testimony[20] fails to support Roche's assertion that he was unprepared.[21] Mr. Boone was unable to answer a question relating to whether Amgen in 1984 had certain information about mammalian cells.[22] However, as Roche was well-aware, Mr. Boone was designated to testify on Topic 3 as it related to Amgen's knowledge ***post-1984***, ***not efforts <u>in</u> 1984***. Amgen's counsel properly lodged an objection that the question was outside the scope of his Rule 30(b)(6) testimony on this Topic.[23]

---

[17] *Id.*
[18] Roche Br. at 7-8.
[19] *See* Ex. 4, Lin Depo Tr. 27:9-28:10.
[20] *See* Ex. 5, Boone Depo Tr. 153:6-19.
[21] Underscoring his preparation, Mr. Boone testified that he spent two complete days speaking with at least four (4) Amgen scientists and three (3) Amgen attorneys in preparation for his deposition. (Ex. 5, Boone Depo Tr 8:20-10:3.)
[22] *Id.* at 139:12-140:12.
[23] *Id.* at 8:18-23, 139:21-140:11.

In the face of Amgen providing page after page of testimony on this topic, Roche's limited and misplaced complaints do not justify further deposition.

### 5. Topic 4: Mr. Boone and Dr. Lin Provided Full and Complete Testimony on Efforts *by Amgen* To Express Biologically Active Glycosylated Protein or Polypeptide *in any Mammalian Cell* Before 1985

Roche complains that Mr. Boone and Dr. Lin were unprepared to testify on Topic 4 on Amgen efforts to express biologically active glycocylated proteins in a mammalian cell. Again, Roche misrepresents the record.

First, Roche cites no evidence that Mr. Boone was unable to testify about **Amgen's efforts** to express biologically active glycosylated proteins prior to 1985, as to which Topic 4 is plainly delimited. Roche misleadingly refers to Amgen's counsel's statement that it may adjourn Mr. Boone's deposition.[24] The objection and statement were lodged in response to improper questions on efforts **by third parties, not Amgen**, that were outside the literal scope of Topic 4.[25] A statement that Roche should stay within the scope of Topic 4 and that the deposition may have to be adjourned for such abusive questioning is not an "obstructive tactic." Most importantly, the deposition was not adjourned or obstructed as an instruction not to answer was not issued. Mr. Boone answered the question.

Second, Roche's assertion that Dr. Lin was "an inappropriate witness for [Topic 4] as he portrayed himself to be uninvolved with much of the relevant substance" does not entitle Roche to further testimony on Topic 4.[26] Rule 30(b)(6) does not require a party to produce the "most knowledgeable" witness on a particular topic. *See Sprint Communications, Co. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528-29 (D. Kan. 2006) (explaining that "personal knowledge of the designated subject matter by the selected deponent is of no consequence"). A Rule 30(b)(6) witness need only be prepared in order to answer fully and completely, which Dr. Lin was and did. (*Id.*)

---

[24] Roche Br. at 8.
[25] *See* Ex. 5, Boone Depo Tr. 139:12-143:22.
[26] *See* Roche Br. at 9.

In any event, Roche's factual showing again lacks merit. Roche cites just a single answer in which Dr. Lin could not fully remember which group over 20 years ago worked on the expression of EPO in *E. coli* cells.[27] But that in no way suggests that he was unprepared to speak substantively on Topic 4: *E. coli* is not a mammalian host cell, but is a bacterial host cell, and thus he had no duty to be prepared on the expression of erythropoietin in a cell that is not mammalian.

### 6. Topics 6-7: Dr. Lin Provided Fulsome Testimony on the Research and Development Work That Resulted in the Patent Applications

Roche claims that Dr. Lin was "woefully under-prepared" to testify on Topics 6 and 7.[28] Roche cites to only two areas from Dr. Lin's 400 pages of testimony to support this baseless contention. However, the limited memory lapses Roche raises do not support the broad allegation. Both areas of testimony related to questions on sequencing. In both cases, Dr. Lin testified about the group within Amgen that performed the sequencing work, providing Roche with that information. The fact that he could not remember who had actually performed the specific work in question does not show that overall he was "woefully under-prepared."

As to the effective filing dates of Amgen's patent applications addressed in Topic 7 that Roche raises, Roche represented to the Court in its first motion to compel that it wanted discovery only on underlying facts *relevant* to those applications.[29] Dr. Lin's 400 pages of testimony show that Roche was provided that discovery. The isolated lapse of memory on specific names for sequencing in the face of the remainder of his testimony is wholly insufficient to establish lack of substantial compliance on the underlying factual information underlying Dr. Lin's patent application.

### 7. Topic 8: Amgen Has Provided Testimony on Its Communications With Dr. Goldwasser

Amgen has provided Dr. Strickland's testimony as the corporate designee on Amgen's communications with Dr. Goldwasser. Roche's complaints are further moot in light of the

---

[27] Roche Br. at 9.
[28] *See* Roche Br. at 9.
[29] Docket #320 at 8.

party's agreement before the Court on April 17 that Dr. Strickland will provide two additional hours of deposition testimony. At that deposition, Dr. Strickland will further confirm Amgen's previous representation to this Court in opposing the original motion to compel that Amgen has no further knowledge than what is disclosed in the documents and testimony already provided.[30]

### 8. Topics 9-10: Amgen Has Provided Extensive Testimony on the Subject Matter of These Topics Regarding Aransep®

Roche's assertion that Amgen technically failed to designate any witness for Topics 9 and 10 is accurate, but does not present the whole story about how Roche has had full testimony on these topics relating to Aranesp®.[31]

First, Roche deposed Dr. Elliott, inventor of Aranesp®, on March 29, 2007, prior to the April 2 discovery cutoff. However, due to miscommunication between Amgen's outside counsel following the March 27 Order, it was not announced at Dr. Elliott's scheduled March 29 deposition that he would also be Amgen's witness on the Aranesp® subject matter.[32] Nonetheless, Dr. Elliott provided Roche fulsome testimony regarding Aranesp®, comprising approximately 85 pages of testimony on Aranesp® within the scope of Roche's Topics 9 and 10. For example, Dr. Elliott specifically responded to questions regarding the structure, composition, glycosylation and carbohydrate structure of the active ingredients of Aranesp®.[33] To correct this mistake, Amgen designates Dr. Elliott's testimony as its Rule 30(b)(6) testimony, thereby providing 85 pages of testimony on the Topics.

Second, Roche, in preparing for Dr. Elliott's deposition, had the benefit of his extensive prior testimony regarding Aranesp®, wholly undercutting any argument that Roche was not prepared to examine Dr. Elliott on Aranesp®. In fact, during Dr. Elliott's deposition, Roche examined Dr. Elliott extensively relying on Dr. Elliott's 1998 arbitration hearing transcript,

---

[30] Docket #328.

[31] Topic 9 is directed to details on the composition and structure of *two* drugs: EPOGEN® and Aranesp®. Roche does not dispute that Amgen provided all of the requested information on EPOGEN®.

[32] *See* Gaede Decl., ¶ 10.

[33] *See* Ex. 6, Elliott Depo Tr. 23:2-25:24.

spanning almost 300 pages of testimony about Aranesp®.[34]  Roche referred to this 1998 transcript throughout Dr. Elliott's deposition, often requesting that Dr. Elliott read large portions of that transcript for the record.[35]

Finally, given Dr. Elliott's detailed March 29th deposition testimony and Amgen's designation of his testimony as the testimony of Amgen under Rule 30(b)(6), Roche has not been prejudiced.[36]  However, to ensure that there is no issue here, Amgen will provide Dr. Elliott for two more hours of further deposition as Amgen's Rule 30(b)(6) witness so that Roche may ask any additional questions within the scope of Topics 9 and 10 beyond that already encompassed in Dr. Elliott's 85 pages of testimony.

### 9. Topics 26-27: These Topics Relate to Roche's Sham Litigation Counterclaim That Has Been Dismissed

On March 30, 2007, this Court denied Roche's motion to file an amended answer and counterclaims to include a sham litigation counterclaim.[37]  Roche acknowledged that the relevancy of Topics 26 and 27 addressing limited Amgen infringement contentions related to its proposed sham litigation counterclaim.[38]  As this proposed counterclaim is no longer at issue, neither are Topics 26 and 27 for purposes of discovery.

Though not relevant in the face of the Court's subsequent March 30 Order, in fact Mr. Watt on March 29 did provide testimony on these topics.  Roche argues that Mr. Watt attempted to use the fact that he was not under the protective order as a stonewalling tactic to responding to Roche's questions.  But Amgen, the corporate entity, is not a party entitled to access Roche's confidential information, and thus Mr. Watt's statement limiting the testimony to non-confidential information as the Amgen corporate designee was appropriate.

---

[34] *See* Ex. 6, Elliott Depo Tr. 46:3-47:12.
[35] *Id.* at 46:3-50:4.
[36] Had Roche met and conferred on this issue prior to filing this motion, this issue could have been addressed without Court intervention.
[37] Docket #342.
[38] Docket #320 at 4; Ex. 1.

**B.    GRANTING ROCHE AN ADDITIONAL ROUND OF 30(b)(6) DEPOSITIONS AFTER THE DISCOVERY CUTOFF WILL PREJUDICE AMGEN'S EFFORTS TO PREPARE FOR EXPERT DISCOVERY AND THE REQUEST FOR FEES AND COSTS SHOULD BE DENIED**

The discovery cutoff passed on April 2, 2007. Since then, both Amgen and Roche have been focusing on expert discovery. On April 6, 2007, Roche filed 18 expert reports which Amgen must now respond to, many of which disclose Roche's invalidity theories for the first time. Notably, Roche's motion fails to show how any of the alleged testimony issues this motion raises impacted in any way the preparation and substance of Roche's expert reports.

Roche's motion to enforce is not borne out of a necessity for more fact discovery: Amgen has produced numerous witnesses, both personally and as corporate designees; copious amounts of prior depositions and hearing transcripts from previous litigations on the same patents; and voluminous documents relating to the topics at issue here. Roche is in possession of all the relevant, and irrelevant, facts relating to Amgen's present suit. Requiring Amgen to prepare deponents for additional testimony only serves to prejudice Amen's efforts to prepare expert invalidity rebuttal reports on patents repeatedly upheld as valid in prior proceedings.

Roche's motion does not present a record of legitimate grievance. The obvious disregard for the meet and confer requirements, the mischaracterizations of the record, and the utter failure to show how any further discovery would provide additional necessary information for the 18 invalidity reports Roche served on April 6, all show that no fees or costs should be awarded here. Indeed, Roche, not Amgen, should bear the costs for Amgen's response to this motion in light of Roche's failure to meet and confer, moving on topics relevant only to dismissed claims, and misrepresentations of the record.

### III. CONCLUSION

For all the stated reasons, Amgen requests that the motion to enforce and to compel further 30(b)(6) deposition testimony after the April 2, 2007, discovery cutoff be denied.

| | |
|---|---|
| DATED: April 27, 2007 | Respectfully Submitted, |
| Of Counsel: | AMGEN INC., |
| Stuart L. Watt<br>Wendy A. Whiteford<br>Monique L. Cordray<br>Darrell G. Dotson<br>Kimberlin L. Morley<br>Erica S. Olson<br>AMGEN INC.<br>One Amgen Center Drive<br>Thousand Oaks, CA 91320-1789<br>(805) 447-5000 | /s/ Patricia R. Rich<br>D. Dennis Allegretti (BBO# 545511)<br>Michael R. Gottfried (BBO# 542156)<br>Patricia R. Rich (BBO# 640578)<br>DUANE MORRIS LLP<br>470 Atlantic Avenue, Suite 500<br>Boston, MA 02210<br>Telephone: (617) 289-9200<br>Facsimile: (617) 289-9201 |
| | Lloyd R. Day, Jr. (*pro hac vice*)`<br>DAY CASEBEER MADRID & BATCHELDER LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, CA 95014<br>Telephone: (408) 873-0110<br>Facsimile: (408) 873-0220 |
| | William G. Gaede III (*pro hac vice*)<br>McDERMOTT WILL & EMERY<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>Telephone: (650) 813-5000<br>Facsimile: (650) 813-5100 |
| | Kevin M. Flowers (*pro hac vice*)<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>6300 Sears Tower<br>Chicago, IL 60606<br>Telephone: (312) 474-6300<br>Facsimile: (312) 474-0448 |

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                                                                                       */s/ Patricia R. Rich*
                                                                                         Patricia R. Rich