Exhibit B

# KAYE SCHOLER LLP

Howard S. Suh
212 836-8562
Fax 212 836-6352
hsuh@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

December 7, 2006

**VIA EMAIL & FAX**

Deborah E. Fishman, Esq.
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd, Suite 400
Cupertino, California 95014

      Re:    *Amgen, Inc. v. F. Hoffmann-La Roche, Ltd., et al.*

Dear Deborah:

      I am writing to request that you reconsider several positions taken in Amgen Inc.'s Objections and Responses to Defendants' First Set of Requests for the Production of Documents and Things (Nos. 1-123), which have the effect of denying Roche critical discovery which relates to several issues in the case, particularly to Roche's defenses and counterclaims. Without this discovery, Roche will be prejudiced in its efforts to defend itself fairly and adequately against Amgen's charges of infringement and to prove the allegations of Roche's counterclaims.

      Among the many positions taken by Amgen which would deny relevant, necessary discovery to Roche are the following:

- Amgen's refusal to produce documents relating to its U.S. and foreign patents and applications not asserted in this action nor formally related to any asserted patent;

- Amgen's refusal to produce documents relating to erythropoeisis stimulating agents (ESAs) other than erythropoietin, including darbepoetin alpha (Aranesp®);

- Amgen's refusal to produce documents concerning pegylated compounds other than pegylated erythropoietin, including PEG-GCSF and pegylated versions of darbepoetin alpha;

- Amgen's refusal to produce documents that evince communications with governmental agencies, including the FDA, concerning products other than epoetin alfa, such as darbepoetin alpha (Aranesp®);

# KAYE SCHOLER LLP

Deborah E. Fishman, Esq.  2  December 7, 2006

- Amgen's refusal to produce documents relating to Roche's non-patent counterclaims as premature, even though, without dismissal, those counterclaims are currently included in the litigation and production of relevant information is proper;

- Amgen's arbitrary cut-off dates for producing documents related to, for example, costs, pricing, sales and marketing of Epogen®, Aranesp® and other ESAs; and

- Amgen's refusal to produce documents, communications or information subject to confidentiality agreements or court order for which Amgen can properly seek waiver given the protective order that the parties are negotiating and which will be entered in this action.

This list of Amgen's positions and objections is far from complete but is a sample of Amgen's positions which would deny Roche proper discovery in this action. Subject to these and other sweeping objections, Amgen's constant refrain that it "has produced and will produce relevant, responsive, non-privileged documents" rings hollow, and provides Roche with no specific guidance regarding non-objectionable documents Amgen will produce. Each of these objections individually and collectively deprive Roche of its right to relevant information pursuant to Fed. R. Civ. P. 26(b)(1).

I am in receipt of your letters of December 5 and 6, 2006 requesting a conference to discuss the positions Roche has taken in its Responses and Objections to Amgen's First Set of Requests for Production. We are happy to discuss these issues with you, together with the positions that Amgen has taken in its objections and responses, a sample of which are discussed above. I suggest Monday, December 8 at 4:00 pm EST for a phone call to discuss our mutual issues. Please let me know if this time works for you as well. I look forward to speaking with you then.

Very truly yours,

Howard S. Suh

cc: Leora Ben-Ami, Esq.
    Thomas F. Fleming, Esq.