Exhibit F

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 1:05-cv-12237 WGY |
| v. | ) | |
| | ) | |
| F. HOFFMANN-LA ROCHE LTD, a | ) | |
| Swiss Company, ROCHE | ) | |
| DIAGNOSTICS GMBH, a German | ) | |
| Company, and HOFFMANN LA ROCHE | ) | |
| INC., a New Jersey Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS'
## FIRST NOTICE OF DEPOSITION PURSUANT TO RULE (30)(b)(6)

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiff Amgen Inc. ("Amgen" or "Plaintiff") hereby responds to Defendants' First Notice of Deposition to Amgen Pursuant to Fed. R. Civ. P. 30(b)(6):

### GENERAL OBJECTIONS AND OBJECTIONS TO DEFINITIONS

Amgen makes the following General Objections, whether or not separately set forth below in response to a specific topic, to each and every topic set forth in the Notice served by Defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hofmann-La Roche, Inc. (collectively "Roche" or "Defendants").

1.      Amgen objects to each and every deposition topic to the extent it purports to impose burdens and duties that exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, or purport to impose obligations on Amgen that exceed those authorized by the Rules.

2.      Amgen objects to each and every deposition topic to the extent that such deposition topic seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable law, privilege, protection, or doctrine.  Such

information shall not be disclosed and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or work product doctrine with respect to such information.

3.     Amgen objects to each and every deposition topic to the extent that such deposition topic seeks information that is no longer in existence or not in Amgen's possession, custody or control on the grounds that such deposition topic is overly broad, would subject Amgen to undue annoyance, oppression, burden and expense, and seeks to impose upon Amgen obligations to investigate information from third parties or services that are equally accessible to Roche.

4.     Amgen objects to each and every deposition topic to the extent that such deposition topic seeks information that requires further investigation and discovery.

5.     Amgen objects to the definitions to the extent that such definitions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific deposition topic on the grounds that such enlargement, expansion, or alteration renders said deposition topic vague, ambiguous, unintelligible, unduly broad, and uncertain.

6.     Amgen objects to each and every deposition topic to the extent it seeks information not relevant to any claim or defense asserted in this case, not reasonably calculated to lead to the discovery of admissible evidence, or otherwise beyond the scope of permissible discovery in this case, and to the extent such topic is not limited in time or seeks information related to a period of time not relevant to this case.

7.     Amgen objects to each and every deposition topic to the extent that it is vague, ambiguous, and/or indefinite.

8.     Amgen objects to each and every deposition topic to the extent it prematurely seeks contentions, legal conclusions, expert testimony, or otherwise purports to require Amgen to identify all facts or evidence with respect to a particular topic or issue without benefit of sufficient discovery, investigation and evaluation.

9.      Amgen objects to each and every deposition topic to the extent a request is aimed at expert discovery in this case as it calls prematurely for the disclosure of expert testimony under the Scheduling Order issued by the Court.

10.     Amgen objects to each and every deposition topic to the extent it seeks information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Amgen has entered into or is subject to with respect to any past or present litigation.

11.     Amgen objects to each and every deposition topic to the extent that it seeks information that is confidential or proprietary to, or the trade secrets of, any third parties, and which Amgen is contractually obligated to maintain as confidential information.  Amgen will provide such information only subject to the approval of those third parties or as ordered by the Court.

12.     Amgen objects to each and every deposition topic to the extent it seeks information that could be more expeditiously and efficiently obtained through other methods and/or sources, and/or to the extent it seeks information already within Roche's knowledge or control, or equally or more easily available to Roche, on the grounds that it is unduly burdensome or oppressive.

13.     Amgen objects to each and every topic in the Notice, to the extent it is duplicative of discovery already propounded by Roche.

14.     Amgen objects to definition number 1 of "Amgen" on the grounds that such definition is vague, ambiguous, and overly broad.  In particular, Amgen objects to the definition to the extent that it includes former officers, directors, or employees.  Amgen further objects to the definition as it includes subsidiaries or "all other individuals or business entities in the employ of or otherwise acting or purporting to act on behalf of on behalf of" Amgen.  Said definition is overly broad and encompasses entities or persons over whom Amgen has no direction or control and may call for information that is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

15.    Amgen objects to definition number 2 of "Roche" on the grounds that such definition is overly broad, vague, and ambiguous.  Said definition may call for information that is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

16.    Amgen objects to definition number 6 of "Patent Application" on the grounds that such definition is overly broad, vague, and ambiguous, unduly burdensome and/or oppressive, and may call for information that is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

17.    Amgen objects to definition number 13 of "Erythropoiesis Stimulating Agent" or "ESA" defining "Erythropoiesis Stimulating Agent" or "ESA" as "any substance, drug or pharmaceutical composition that is capable of stimulating the production of red blood cells by bone marrow," and to each Topic reciting those terms or adopting that definition.  To the extent that definition and those Topics seek to encompass information concerning substances, drugs or pharmaceutical compositions that are not within the subject matter claimed in the patents which Amgen asserts in this action, the prior art, or Defendants' definition of any alleged market, it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Insofar as Roche attempts to rely on its definition of "ESA" to expand a Topic to concern any substance, agent, or protein outside the scope of the subject matter of the litigation defined by Judge Young's January 3, 2007, Order, it is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Consequently, in every instance where Roche uses the term "ESA," however modified, Amgen will respond to the Topic as if the term were limited to the scope of the subject matter of the litigation defined by Judge Young's Order of January 3, 2007.

18.    Amgen objects to definition number 14 of "Pegylated Compounds" to the extent Defendants' definition of "Pegylated Compounds" encompasses "any substance, drug or pharmaceutical incorporating into its chemical structure one or more polyethylene glycol polymers," and is not limited to pegylated EPO.  This definition and each Topic incorporating

this definition therefore seeks discovery of subject matter outside the scope of the subject matter of the litigation defined by Judge Young's January 3, 2007 Order and is thus irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   Consequently, in every instance where Roche uses the term "ESA," however modified, Amgen will respond to the Topic as if the term were limited to the scope of the subject matter of the litigation defined by Judge Young's Order of January 3, 2007.

19.     Amgen objects to definition number 16 of "characterization" and "comparison" as it is vague and ambiguous and calls for speculation, particularly as it relates to "a description of assumptions made and conclusions made."

20.     Amgen objects to definition number 17 of "Health Care Provider" to the extent Defendants' definition encompasses any "person or Entity involved in providing health services to the public" and any "distributors, purchasing groups, doctors or clinics" to the extent the Topic is not limited to the specific area as framed by Defendants' counterclaims, particularly insofar as it seeks specific discovery into the channel of oncology clinics.   Such definition is overbroad, unduly burdensome, calls for the discovery of subject matter not reasonably calculated to lead to the discovery of admissible evidence, and involved subject matter outside of the scope defined in Judge Young's Order of January 29, 2007.

21.     These General Objections are made without waiving any rights or objections or admitting the relevance, materiality, or admissibility into evidence of the subject matter or facts contained in any deposition topic or Amgen's response thereto.

## SPECIFIC OBJECTIONS TO TOPICS OF INQUIRY

The following responses are made subject to, and without waiver of, the foregoing General Objections, and with all General Objections incorporated into each of the following responses:

## Topic No. 1:

All efforts by Amgen through 1987, either planned and/or carried out, to characterize any human erythropoietin, but also including all efforts after 1987 where Amgen relied on, discussed, or referred to such characterization in connection with the prosecution of any of Amgen's EPO

patents, opposition proceedings in Europe to Genetics Institute's European patents EP 411 678 ("the '678 patent") and EP 209 539 ("the '539 patent"), opposition proceedings in Europe involving Amgen's European patent EP 148 605 ("the '605 patent"), including:

a.  characterization of any human erythropoietin purified, isolated or otherwise derived from any mammalian cell or cell culture;

b.  characterization of any erythropoietin purified, isolated or otherwise derived from human urine, plasma or blood, including any obtained through any collaboration with Eugene Goldwasser, or from any source material provided by Eugene Goldwasser;

c.  characterization of any recombinant human erythropoietin purified, isolated or otherwise derived from any mammalian host cell;

d.  characterization of any physical, chemical or biological property including structure, conformation, amino acid composition, carbohydrate composition, glycosylation, sialic acid content, number, and disposition, actual or apparent molecular weight, biological activity, interaction with the human erythropoietin receptor (including the equilibrium constant, disassociation constant, association rate constant, change in free energy), pharmacodynamics, internalization and recycling by cells, immunogenicity and/or antigenicity, manner of clearance;

e.  any comparison of a recombinant human erythropoietin product produced through mammalian cell expression with any erythropoietin isolated from, or present in any human source, including plasma or urine, including any comparison or analysis of data from separate studies or experiments;

f.  all personnel involved in planning, conducting or supervising such efforts, including their titles, roles and activities;

g.  the experimental techniques, approaches and methods considered or used by Amgen in connection with such efforts;

h.  all memoranda, reports, summaries and/or other documentation of such efforts including any published articles and abstracts;

i.  any communication, at any time, of such efforts to any individual involved in prosecution of Amgen's EPO Patents.

## OBJECTIONS TO TOPIC NO. 1:

Amgen objects to this Topic as overbroad, unduly burdensome, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic in so far as it seeks contentions that are not properly the subject of Rule 30(b)(6) deposition testimony. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.,* 134 F.R.D. 275, 287 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F. Supp. 611 (N.D. Cal. 1991). Subject to the foregoing general and specific objections, Amgen is

willing to discuss a reasonable and particularized scope that meets the requirements of Rule

30(b)(6) and to provide a witness on the agreed Topic. *See* letter of February 16, 2007, from

William Gaede to Patricia Carson.

**Topic No. 2:**

The role of any Amgen Employee or Agent having any involvement in the prosecution of Amgen's EPO Patents in the United States, in (1) the prosecution of any of Amgen's EPO Patents in Europe or the United Kingdom (including but not limited to Amgen's EP 0 148,605) or (2) in connection with any opposition proceeding or litigation in Europe or the United Kingdom involving any of Amgen's EPO Patents (including but not limited to Amgen's EP 0 148,605), or (3) in connection with any opposition proceeding or litigation involving Genetics Institute's EP 0 411 678 and EP 0 209 539, including:

    a.    the identity of any such Employee or Agent;

    b.    the periods of time during which such Employee or Agent was involved in prosecution of Amgen's EPO Patents in the United States, and the matters for which that Employee or Agent was responsible;

    c.    the periods of time during which such Employee or Agent was involved in the prosecution of, or in connection with any opposition proceeding or litigation in Europe or the United Kingdom involving any of Amgen's EPO Patents; and the matters for which that Employee or Agent was responsible;

    d.    any representations, contentions or other statements by that Employee or Agent regarding the characterization of any recombinant human erythropoietin produced through mammalian cell expression, including any comparison of such a recombinant human erythropoietin with any erythropoietin isolated from, or present in any human source, including plasma or urine, including any comparison or analysis of data from different studies or experiments.

**OBJECTIONS TO TOPIC NO. 2:**

Amgen objects to this Topic as overbroad, unduly burdensome, vague and ambiguous,

and failing to recite with reasonable particularity the subject matter on which the witness is being

asked to testify. Amgen further objects to this Topic in so far as it seeks contentions that are not

properly the subject of Rule 30(b)(6) deposition testimony. *See McCormick-Morgan, Inc. v.*

*Teledyne Indus., Inc.,* 134 F.R.D. 275, 287 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F.

Supp. 611 (N.D. Cal. 1991). Subject to the foregoing general and specific objections, Amgen is

willing to discuss a reasonable and particularized scope that meets the requirements of Rule

30(b)(6) and to provide a witness on the agreed Topic. *See* letter of February 16, 2007, from William Gaede to Patricia Carson.

**Topic No. 3:**

All efforts by Amgen, either planned and/or carried out, concerning any attempts to identify, and/or conduct any analysis of, any cell or tissue expressing, secreting and/or otherwise producing erythropoietin, (apart from any such characterization of cells used to make the active drug product in Epogen®) or of any erythropoietin purified, isolated or otherwise derived from human urine, plasma, blood or other body fluid, including (a) any characterization of erythropoietin produced by any such cell or tissue, (b) the source of any such cell, tissue or erythropoietin, (c) any comparison between any human erythropoietin purified, isolated or otherwise derived from any non-recombinant source (cell, tissue or body fluid) with any recombinant human erythropoietin produced through mammalian cell expression, and (d) any communications by Amgen with any third party concerning such efforts.

**OBJECTIONS TO TOPIC NO. 3:**

Amgen objects to this Topic as overbroad, unduly burdensome, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic in so far as it seeks contentions that are not properly the subject of Rule 30(b)(6) deposition testimony. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.,* 134 F.R.D. 275, 287 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F. Supp. 611 (N.D. Cal. 1991). Subject to the foregoing general and specific objections, Amgen is willing to discuss a reasonable and particularized scope that meets the requirements of Rule 30(b)(6) and to provide a witness on the agreed Topic. *See* letter of February 16, 2007, from William Gaede to Patricia Carson.

**Topic No. 4:**

All efforts by Amgen prior to 1985, either planned and/or carried out, to express any biologically active glycosylated protein or polypeptide in any mammalian cell, including:

    a.    all personnel involved in planning, conducting or supervising such efforts;

    b.    all experimental techniques, approaches and methods considered or used by Amgen in connection with such efforts;

    c.    the identity of each cell or cell line considered and/or used in connection with such efforts;

    d.    all memoranda, reports, summaries and/or other documentation of such efforts;

    e.    all communication, at any time, of such efforts to any individual involved in prosecution of Amgen's EPO Patents.

**OBJECTIONS TO TOPIC NO. 4:**

Amgen objects to this Topic as overbroad, unduly burdensome, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Subject to the foregoing general and specific objections, Amgen is willing to discuss a reasonable and particularized scope that meets the requirements of Rule 30(b)(6) and to provide a witness on the agreed Topic. *See* letter of February 16, 2007, from William Gaede to Patricia Carson.

**Topic No. 5:**

Research, development and evaluation of Pegylated Compounds by Amgen, including attempts by Amgen to modify EPO proteins or any ESA, including attempts successful or otherwise to create Pegylated Compounds using EPO or any ESA such that any chemical, physical, pharmacological and/or pharmacokinetic properties of the chemically modified compound differs from the EPO or ESA, and including attempts by Amgen to chemically modify the EPO protein such that its pharmacologic and/or pharmacokinetic profile is different from the active drug product in Epogen®, including increased half life and different erythropoiesis activity.

**OBJECTIONS TO TOPIC NO. 5:**

Amgen objects to this Topic as overbroad, unduly burdensome, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic in so far as it seeks testimony outside the scope of Judge Young's Order of January 3, 2007. Subject to the foregoing general and specific objections, Amgen is willing to discuss a reasonable and particularized scope that meets the requirements of Rule 30(b)(6), Judge Young's January 3 Order, and to provide a witness on the agreed Topic. *See* letter of February 16, 2007, from William Gaede to Patricia Carson.

**Topic No. 6:**

The contribution of any Amgen Employee or other Person of which Amgen is aware, including Dr. Fu-Kuen Lin, (a) to cloning of the human erythropoietin gene, (b) to developing any method for expressing DNA encoding human EPO in mammalian host cells, including without limitation identifying and developing any vectors, host cells, and/or protocols or procedures for transforming host cells, culturing host cells, glycosylating the EPO protein so expressed and/or isolating the resulting EPO protein to make a product having biological activity *in vivo*, (c) to developing the subject matter disclosed in the specification of Amgen's EPO Patents and (d) to the claimed subject matter of Amgen's EPO Patents, including without

limitation the date of any contribution, including the conception and/or reduction to practice of (a)-(d), and including the conception and reduction to practice of each claim element of the asserted claims of Amgen's EPO Patents.

### OBJECTIONS TO TOPIC NO. 6:

Amgen objects to this Topic as overbroad, unduly burdensome, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic in so far as it seeks testimony outside the scope of Judge Young's Order of January 3, 2007. Amgen further objects to this Topic in so far as it seeks contentions that are not properly the subject of Rule 30(b)(6) deposition testimony. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.,* 134 F.R.D. 275, 287 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F. Supp. 611 (N.D. Cal. 1991). Subject to the foregoing general and specific objections, Amgen is willing to discuss a reasonable and particularized scope that meets the requirements of Rule 30(b)(6) and to provide a witness on the agreed Topic. *See* letter of February 16, 2007, from William Gaede to Patricia Carson.

### Topic No. 7:

The earliest effective filing date for each of the asserted claims of Amgen's EPO Patents including all facts and circumstances known to Amgen supporting such contention.

### OBJECTIONS TO TOPIC NO. 7:

Amgen objects to this Topic as overbroad, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic in so far as it seeks contentions that are not properly the subject of Rule 30(b)(6) deposition testimony. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.,* 134 F.R.D. 275, 287 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F. Supp. 611 (N.D. Cal. 1991). Subject to the foregoing general and specific objections, Amgen is willing to discuss a reasonable and particularized scope that meets the requirements of Rule 30(b)(6) and to provide a witness on the agreed Topic. *See* letter of February 16, 2007, from William Gaede to Patricia Carson.

**Topic No. 8:**

The relationship between Eugene Goldwasser and Amgen, including Communications between Dr. Goldwasser and Amgen, further including the transfer, exchange, provision or supply of information, know-how, or Things to Dr. Goldwasser from Amgen (or from Amgen to Dr. Goldwasser) concerning erythropoietin, crude or purified human urinary erythropoietin, erythropoietin radioimmunoassays, iodinated erythrypoietin, erythropoietin purification methods, and antibodies to erythropoietin.

## OBJECTIONS TO TOPIC NO. 8:

Amgen objects to this Topic as overbroad, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic in so far as it seeks testimony outside the scope of Judge Young's Order of January 3, 2007.  Subject to the foregoing general and specific objections, Amgen is willing to discuss a reasonable and particularized scope that meets the requirements of Rule 30(b)(6) and to provide a witness on the agreed Topic.  *See* letter of February 16, 2007, from William Gaede to Patricia Carson.

**Topic No. 9:**

Characterizations of the active drug product in Epogen® and of the active drug product in Aranesp®, including:

     a.      structure

     b.      composition

     c.      conformation

     d.      glycosylation

     e.      carbohydrate structure

     f.      sialic acid content, number, and disposition

     g.      actual or apparent molecular weight

     h.      positional isomers

     i.      biological activity

     j.      interaction with the human erythropoietin receptor (including the equilibrium constant, disassociation constant, association rate constant, change in free energy)

      k.     pharmacodynamics

      l.     pharmacokinetics

      m.    immunogenicity and/or antigenicity

      n.     internalization and recycling by cells

      o.     manner of clearance

## OBJECTIONS TO TOPIC NO. 9:

Amgen objects to this Topic as overbroad, unduly burdensome, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic in so far as it seeks testimony outside the scope of Judge Young's Order of January 3, 2007. Subject to the foregoing general and specific objections, Amgen is willing to discuss a reasonable and particularized scope that meets the requirements of Rule 30(b)(6) and to provide a witness on the agreed Topic. *See* letter of February 16, 2007, from William Gaede to Patricia Carson.

## Topic No. 10:

Any comparisons, either experimental or otherwise (such as through the analysis of different studies) performed by Amgen, at the direction of, or for the benefit of Amgen of the active drug product in Aranesp® to recombinant human erythropoietin, including but not limited to comparisons to the active drug product in Epogen®, Procrit®, Eprex®, NeoRecormon® or any other ESA, including MIRCERA™, including comparisons regarding:

      a.     structure

      b.     composition

      c.     conformation

      d.     glycosylation

      e.     carbohydrate structure

      f.     sialic acid content, number, and disposition

      g.     actual or apparent molecular weight

      h.     positional isomers

      i.     biological activity

j.    interaction with the human erythropoietin receptor (including the equilibrium constant, disassociation constant, association rate constant, change in free energy)

k.    pharmacodynamics

l.    pharmacokinetics

m.    immunogenicity and/or antigenicity

n.    internalization and recycling by cells

o.    manner of clearance

## OBJECTIONS TO TOPIC NO. 10:

Amgen objects to this Topic as overbroad, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic in so far as it seeks testimony outside the scope of Judge Young's Order of January 3, 2007. Amgen further objects to this Topic in so far as it seeks contentions that are not properly the subject of Rule 30(b)(6) deposition testimony. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.,* 134 F.R.D. 275, 287 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F. Supp. 611 (N.D. Cal. 1991). Subject to the foregoing general and specific objections, Amgen is willing to discuss a reasonable and particularized scope that meets the requirements of Rule 30(b)(6) and to provide a witness on the agreed Topic. *See* letter of February 16, 2007, from William Gaede to Patricia Carson.

## Topic No. 11:

All facts and circumstances known to Amgen concerning the contention by Amgen that Aranesp® or the active drug product in Aranesp® is covered or falls within any claim of any of the patents in suit.

## OBJECTIONS TO TOPIC NO. 11:

Amgen objects to this Topic as overbroad, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic in so far as it seeks contentions that are not properly the subject of Rule 30(b)(6) deposition testimony. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.,* 134 F.R.D. 275, 287 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F. Supp. 611 (N.D.

Cal. 1991). Amgen further objects to this Topic in so far as it seeks testimony outside the scope of Judge Young's Order of January 3, 2007. Subject to and without waiving the foregoing general and specific objections, Amgen refers Defendants to Amgen's Response to Defendants' Interrogatory No. 8 and Requests for Admission Nos. 1 and 2.

**Topic No. 12:**

All facts and circumstances known to Amgen supporting any contention by Amgen that there has been any act of infringement of the patents in suit by Roche.

### OBJECTIONS TO TOPIC NO. 12:

Amgen objects to this Topic as overbroad, unduly burdensome, vague and ambiguous, failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify, and calling prematurely for expert testimony. Amgen further objects to this Topic in so far as it seeks contentions that are not properly the subject of Rule 30(b)(6) deposition testimony. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.,* 134 F.R.D. 275, 287 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F. Supp. 611 (N.D. Cal. 1991). Subject to the foregoing general and specific objections, Amgen refers Defendants to Amgen's Response to Defendants' Interrogatory No. 1 and Amgen's brief to the Court of Appeals for the Federal Circuit dated January 29, 2007.

**Topic No. 13:**

All facts and circumstances known to Amgen supporting any contention that Amgen is entitled to seek injunctive relief of any type against Roche in this action, and including that Amgen would be entitled to a permanent injunction should it succeed on the merits of the underlying action, based on the factors and relevant analysis under the decision of *eBay v. MercExchange LLC,* 126 S. Ct. 1837 (2006), or other applicable authorities, including all facts and circumstances known to Amgen supporting it position as to (1) any alleged irreparable harm it may suffer; (2) the alleged inadequacy of remedies at law including money damages; (3) how the balance of the hardships allegedly tip in its favor; and (4) how the public interest is affected.

### OBJECTIONS TO TOPIC NO. 13:

Amgen objects to this Topic as overbroad, vague and ambiguous, failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify, and calling prematurely for expert testimony. Amgen further objects to this Topic in so far as it seeks contentions that are not properly the subject of Rule 30(b)(6) deposition testimony. *See*

*McCormick-Morgan, Inc. v. Teledyne Indus., Inc.,* 134 F.R.D. 275, 287 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F. Supp. 611 (N.D. Cal. 1991). Subject to the foregoing general and specific objections, Amgen is willing to discuss a reasonable and particularized scope that meets the requirements of Rule 30(b)(6) and to provide a witness on the agreed Topic. *See* letter of February 16, 2007, from William Gaede to Patricia Carson.

**Topic No. 14:**

All facts and circumstances known to Amgen supporting any contention that Amgen is or may be entitled to damages in this action, including all facts, circumstances and data which Amgen has or knows supporting any claim for lost profits or reasonable royalty, or price erosion or any other form of damages.

### OBJECTIONS TO TOPIC NO. 14:

Amgen objects to this Topic on the grounds that it calls for speculation as to what may happen. Amgen's intention is that its complaint for patent infringement is adjudicated before Roche attempts to sell any product in the United States. As the facts currently appear, Roche is not likely to have FDA approval prior to the close of fact discovery in this case. Testimony on this Topic, if made at this time, would be unduly speculative, as it would be based on sales which Roche asserts have yet to be made. Amgen's Amended Complaint seeks a declaratory judgment of infringement under 28 U.S.C. §§ 2201 and 2202, and "such other and further relief as the Court deems proper." If damages accrue prior to the trial and decision in this action, Amgen may or may not seek damages in this action or in a separate action.

Subject to the foregoing general and specific objections, Amgen refers Defendants to Amgen's Response to Defendants' Interrogatory No. 6 ("[b]ased upon discovery of Roche's action provided to date, Amgen states that it is not seeking monetary damages for any past acts, but Amgen is not forfeiting its right to a claim for future damages based on future infringing acts of Roche and does not contend that it will never seek such a claim").

**Topic No. 15:**

The structure, parameters, and characteristics of any market(s) or submarket(s) in the United States for ESA products, including Amgen's share of total sales in such market(s) and submarket(s), and the extent of competition, if any, to Amgen's ESA products in such market(s) and submarket(s), the barriers to entry of new ESA products into such market(s) and

submarket(s), and the terms and operation of the agreement between Amgen and Ortho Pharmaceuticals Corporation, dated September 30, 1985, and the effect of that agreement on such market(s) and submarket(s).

### OBJECTIONS TO TOPIC NO. 15:

Amgen objects to this Topic as overbroad, vague and ambiguous, calling for a legal conclusion (including as to what is a relevant antitrust market, and as to the terms of the Ortho Agreement) or expert testimony, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic in so far as it is outside the scope of Judge Young's Orders of January 3 and January 29, 2007. Amgen further objects to this Topic in so far as it seeks contentions that are not properly the subject of Rule 30(b)(6) deposition testimony. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.,* 134 F.R.D. 275, 287 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F. Supp. 611 (N.D. Cal. 1991). Subject to the foregoing general and specific objections, Amgen is willing to discuss a reasonable and particularized scope that meets the requirements of Rule 30(b)(6) and to provide a witness on the agreed Topic. *See* letter of February 16, 2007, from William Gaede to Patricia Carson.

### Topic No. 16:

Actual or potential substitutes for ESA products for the treatment of anemia in patients with end-stage renal disease on dialysis ("ESRD") and in patients with chronic kidney disease not on dialysis ("CKD") in the United States.

### OBJECTIONS TO TOPIC NO. 16:

Amgen objects to this Topic as overbroad, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Subject to the foregoing general and specific objections, Amgen will produce a witness on this Topic.

### Topic No. 17:

The factors used by Amgen to determine the prices it charges for ESA products in the United States.

**OBJECTIONS TO TOPIC NO. 17:**

Amgen objects to this Topic as overbroad, unduly burdensome, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic in so far as it is outside the scope of Judge Young's Order of January 3 and 29, 2007. Subject to the foregoing general and specific objections, Amgen will provide a witness on the Topic for the period from January 1, 2005 forward.

**Topic No. 18:**

Government and private insurance reimbursement for ESA products in the United States, the effect of such reimbursement on Amgen's sales and marketing strategies for ESA products, and the potential consequences of entry of new ESA products on reimbursement.

**OBJECTIONS TO TOPIC NO. 18:**

Amgen objects to this Topic as overbroad, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Subject to the foregoing general and specific objections, Amgen responds that it will provide a witness on this Topic as it relates to the current reimbursement system and its operation with respect to Amgen.

**Topic No. 19:**

Amgen's business plans, marketing plans, or sales strategies for ESA products in the United States, including Amgen's plans, strategies, or actions concerning, the entry of non-Amgen ESA products (including MIRCERA$^{TM}$), and Amgen's plans, strategies, or actions to compete against Procrit® in any market(s) or submarket(s) in the United States for ESA products.

**OBJECTIONS TO TOPIC NO. 19:**

Amgen objects to this Topic as overbroad, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Subject to the foregoing general and specific objections, Amgen will provide a witness on the Topic, excluding the clinical oncology segment.

**Topic No. 20:**

Amgen's analyses of projected sales, market share, or other consequence of the entry of MIRCERA$^{TM}$ into any market(s) for ESA products in the United States.

**OBJECTIONS TO TOPIC NO. 20:**

Amgen objects to this Topic as overbroad, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic in so far as it is outside the scope of Judge Young's Orders of January 3 and 29, 2007. Subject to the foregoing general and specific objections, Amgen will provide a witness on the Topic, excluding the clinical oncology segment.

**Topic No. 21:**

The structure, parameters, or characteristics of any market(s) or submarket(s) in the United States in which Neulasta® or Neupogen® is sold, including Amgen's share of total sales in such market(s) and submarket(s), the extent of competition, if any, to Neulasta® or Neupogen® in such market(s) and submarket(s), and the barriers to entry of new products into such market(s) and submarket(s).

**OBJECTIONS TO TOPIC NO. 21:**

Amgen objects to this Topic as overbroad, vague and ambiguous, calling for a legal conclusion or expert testimony, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic in so far as it outside the scope of Judge Young's Orders of January 3 and January 29, 2007. Subject to the foregoing general and specific objections, Amgen will provide a witness on the Topic as it relates to any alleged bundling with Epogen and/or Aranesp in the Hospital segment.

**Topic No. 22:**

Amgen's plans, strategies, or actions for contracting with Health Care Providers in any market(s) or submarket(s) in the United States for ESA products, including communications with Health Care Providers concerning the actual or potential purchase of MIRCERA$^{TM}$ or any other potential entrant into such market(s).

**OBJECTIONS TO TOPIC NO. 22:**

Amgen objects to this Topic as overbroad, unduly burdensome, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic as outside the scope of Judge Young's

Orders of January 3 and January 29, 2007.  Subject to the foregoing general and specific objections, Amgen will produce a witness on this Topic, excluding the clinical oncology segment.

**Topic No. 23:**

Any actual or contemplated linkage in a contract or agreement by Amgen of discounts on a non-ESA Amgen product to a customer's purchase of an ESA product, including the reasons or justifications for any such linkage.

**OBJECTIONS TO TOPIC NO. 23:**

Amgen objects to this Topic as overbroad, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic as outside the scope of Judge Young's Orders of January 3 and January 29, 2007.  Subject to the foregoing general and specific objections, Amgen will provide a witness on the Topic, excluding the clinical oncology segment.

**Topic No. 24:**

Amgen's basis for instituting and maintaining legal proceedings against Roche before the International Trade Commission in *In re: Certain Products and Pharmaceutical Compositions Containing Recombinant Human Erythropoietin*, filed April 11, 2006 (the "ITC Investigation").

**OBJECTIONS TO TOPIC NO. 24:**

Amgen objects to this Topic as overbroad, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic in so far as it seeks contentions that are not properly the subject of Rule 30(b)(6) deposition testimony. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.,* 134 F.R.D. 275, 287 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F. Supp. 611 (N.D. Cal. 1991).  Amgen also objects to the extent that this Topic calls for information covered by attorney-client privilege.  Subject to the foregoing general and specific objections, Amgen will provide a witness on the Topic.

**Topic No. 25:**

Any communications with any attorney or other Person on which Amgen relies to show that Amgen's intent in instituting and maintaining the ITC Investigation against Roche was not an attempt to interfere directly with Roche's business through the proceedings themselves as a competitive weapon against Roche.

**OBJECTIONS TO TOPIC NO. 25:**

Amgen objects to this Topic as overbroad, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic in so far as it seeks contentions that are not properly the subject of Rule 30(b)(6) deposition testimony. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.,* 134 F.R.D. 275, 287 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F. Supp. 611 (N.D. Cal. 1991). Amgen also objects to the extent that this Topic calls for information covered by attorney-client privilege. Subject to the foregoing general and specific objections, Amgen is willing to discuss a reasonable and particularized scope that meets the requirements of Rule 30(b)(6) and to provide a witness on the agreed Topic. *See* letter of February 16, 2007, from William Gaede to Patricia Carson.

**Topic No. 26:**

Amgen's basis for asserting against Roche claims in the '080 Patent related to the mature erythropoietin amino acid sequence of figure 6 of the patent specification.

**OBJECTIONS TO TOPIC NO. 26:**

Amgen objects to this Topic as overbroad, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic in so far as it seeks contentions that are not properly the subject of Rule 30(b)(6) deposition testimony. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.,* 134 F.R.D. 275, 287 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F. Supp. 611 (N.D. Cal. 1991). Subject to the foregoing general and specific objections, Amgen refers Defendants to Amgen's Response to Defendants' Interrogatory No. 1 and the supplement thereto.

**Topic No. 27:**

Amgen's basis for asserting against Roche claims in the '933 Patent.

## OBJECTIONS TO TOPIC NO. 27:

Amgen objects to this Topic as overbroad, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic in so far as it seeks contentions that are not properly the subject of Rule 30(b)(6) deposition testimony. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.,* 134 F.R.D. 275, 287 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F. Supp. 611 (N.D. Cal. 1991). Subject to the foregoing general and specific objections, Amgen refers Defendants to Amgen's Response to Defendants' Interrogatory No. 1, the supplement thereto, and Response to Requests for Admission Nos. 6 and 7.

## Topic No. 28:

Amgen's gross revenue and variable or incremental costs associated with the sale in the United States of any Amgen ESA product, and the amount of and manner in which Amgen calculates its profit on the sale of any Amgen ESA product, including itemization of costs subtracted from the gross revenue of that Amgen ESA product in determining the profit.

## OBJECTIONS TO TOPIC NO. 28:

Amgen objects to this Topic as overbroad, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic as outside the scope of Judge Young's Orders of January 3 and January 29, 2007. Subject to the foregoing general and specific objections, Amgen will provide a witness on the Topic for the period January 1, 2006 to the present.

## Topic No. 29:

Any written or oral communications with any attorney or other Person on which Amgen relies to show that it did not intend to mislead the United States Patent and Trademark Office in the prosecution or defense any of the EPO Patents during any prosecution or interference proceeding.

## OBJECTIONS TO TOPIC NO. 29:

Amgen objects to this Topic as overbroad, vague and ambiguous, and failing to recite with reasonable particularity the subject matter on which the witness is being asked to testify. Amgen further objects to this Topic in so far as it seeks contentions that are not properly the

subject of Rule 30(b)(6) deposition testimony. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal. 1991), *rev'd on other grounds by* 765 F. Supp. 611 (N.D. Cal. 1991). Amgen further objects to this Topic to the extent it calls for privileged attorney-client communications. Subject to the foregoing general and specific objections, Amgen is willing to discuss a reasonable and particularized scope that meets the requirements of Rule 30(b)(6) and to provide a witness on the agreed Topic. *See* letter of February 16, 2007, from William Gaede to Patricia Carson.

DATED:      February 23, 2007                      Respectfully Submitted,

                                                   AMGEN INC.,

Of Counsel:                                        _____

Stuart L. Watt                                     William G. Gaede III (*pro hac vice*)
Wendy A. Whiteford                                 McDERMOTT WILL & EMERY
Monique L. Cordray                                 3150 Porter Drive
Darrell G. Dotson                                  Palo Alto, CA  94304
Kimberlin L. Morley                                Telephone:  (650) 813-5000
AMGEN INC.                                         Facsimile:  (650) 813-5100
One Amgen Center Drive
Thousand Oaks, CA 91320-1789                       Lloyd R. Day, Jr. (*pro hac vice*)
(805) 447-5000                                     DAY CASEBEER MADRID & BATCHELDER LLP
                                                   20300 Stevens Creek Boulevard, Suite 400
                                                   Cupertino, CA  95014
                                                   Telephone:  (408) 873-0110
                                                   Facsimile:  (408) 873-0220

                                                   D. Dennis Allegretti (BBO# 545511)
                                                   Michael R. Gottfried (BBO# 542156)
                                                   Patricia R. Rich (BBO# 640578)
                                                   DUANE MORRIS LLP
                                                   470 Atlantic Avenue, Suite 500
                                                   Boston, MA  02210
                                                   Telephone:  (617) 289-9200
                                                   Facsimile:  (617) 289-9201

                                                   Kevin M. Flowers (*pro hac vice*)
                                                   MARSHALL, GERSTEIN & BORUN LLP
                                                   233 South Wacker Drive
                                                   6300 Sears Tower
                                                   Chicago, IL  60606
                                                   Telephone:  (312) 474-6300
                                                   Facsimile:  (312) 474-0448

PLTF'S RESPONSE TO FIRST
NOTICE OF 30(B)(6) DEPOSITION
CASE NO. 05-CV-12237 WGY

**PROOF OF SERVICE VIA**
**ELECTRONIC MAIL AND VIA FEDERAL EXPRESS**

I, Cheré Robinson, hereby declare:

I am a citizen of the United States and a resident of the State of California.  I am over the age of eighteen years, and not a party to the within action.  My business address is McDermott Will & Emery LLP, 3150 Porter Drive, Palo Alto, California 94304-1212.

On February 23, 2007, I served a copy of **PLAINTIFF'S OBJECTIONS TO DEFENDANTS' FIRST NOTICE OF DEPOSITION PURSUANT TO RULE (30)(b)(6)** by electronic transmission by attaching the referenced documents to an electronic mail and transmitting the same to the e-mail addresses indicated below, and then by placing a true copy thereof, on the above-referenced date, enclosed in a sealed envelope with delivery fees prepaid, and delivering said package(s) to a Federal Express Office for hand-delivery on the next business day, addressed as follows:

| | |
|---|---|
| Leora Ben-Ami, Esd.<br>Patricia A. Carson, Esq.<br>Thomas F. Fleming, Esq.<br>Howard Suh, Esq.<br>Peter Fratangelo, Esq.<br>KAYE SCHOLER LLP<br>425 Park Avenue<br>New York, NY 10022<br>Tel: (212) 836-8000<br><br>lbenami@kayescholer.com<br>pcarson@kayescholer.com<br>tfleming@kayescholer.com<br>hsuh@kayescholer.com<br>pfratangelo@kayescholer.com | Lee Carl Bromberg, Esq.<br>Julia Huston, Esq.<br>Keith E. Toms, Esq.<br>BROMBERG & SUNSTEIN LLP<br>125 Summer Street<br>Boston, MA 02110<br>Tel. (617) 443-9292<br><br>lbromberg@bromsun.com<br>jhuston@bromsun.com<br>ktoms@bromsun.corn |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed at Palo Alto, California on February 23, 2007.

_____
Cheré Robinson

MPK 122390-1.041925.0023