# McDermott
# Will&Emery

Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

William G. Gaede III
Attorney at Law
wgaede@mwe.com
650.813.5035

January 24, 2007

VIA FACSIMILE AND E-MAIL

Hank Heckel, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

      Re: *Amgen Inc. v. F. Hoffmann-La Roche Ltd., et al.*
           Case No. 05 Civ. 12237 WGY

Dear Hank:

    I write in response to your letter of January 24, 2007 regarding Amgen's Response to Roche's First Set of Interrogatories (Nos. 1-13). Your letter is in error. Please see my letter of last night to Tom Fleming (misdated January 22). I am going to disregard your letter on the issues you raise. If you have any issues after reading our letter of yesterday, please send them to me in a new letter.

                                              Very truly yours,

                                              William G. Gaede, III

cc:    Mike Gottfried, Esq.
        Krista Carter, Esq.
        Sandip H. Patel, Esq.

U.S. practice conducted through McDermott Will & Emery LLP.
3150 Porter Drive Palo Alto California 94304-1212 Telephone: 650.813.5000 Facsimile: 650.813.5100 www.mwe.com

# McDermott Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

William G. Gaede III
Attorney at Law
wgaede@mwe.com
650.813.5035

January 22, 2007

VIA E-MAIL AND FACSIMILE

Thomas F. Fleming
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022-3598

Re: *Amgen v. F. Hoffman-LaRoche LTD, et al.*
Case No. 05 CIV 12237 WGY

Dear Tom:

This letter follows up on our meet and confer of Friday afternoon. We discussed and Amgen further responds as follows:

**Interrogatory No. 1**

Amgen will supplement Interrogatory Response No. 1 to address the issue of why Amgen contends the issue of equivalents has not been fully adjudicated on the '080 Patent. Amgen further will provide supplementation on the contention of why Defendants have induced others to infringe. We do not read the interrogatory as requiring Amgen to identify with specificity on an element by element basis the intrinsic and extrinsic evidence that supports Amgen's construction. Certainly, there is no express language in Roche's interrogatory directed to such evidence. Please reconsider your position.

You also had a few minor questions about the claim chart that I am looking into. As to pharmaceutical composition, it was a typo and we will supplement. I am looking into the other issue on suitable nutrients that you raised and will respond to shortly.

**Interrogatory No. 3**

You did not disagree with our analysis under the Federal Circuit law that Roche bears the burden of proof on invalidity, including on lack of prior conception and reduction to practice. You also

Thomas F. Fleming, Esq.
January 22, 2007
Page 2

did not dispute that Roche has failed to identify on a limitation-by-limitation basis its Section 102 and Section 103 invalidity defenses as requested in Amgen's pending interrogatories. In light of this failure, as we discussed on our call, we do not see the relevance of the information that Roche has requested regarding conception and reduction to practice. Nonetheless, assuming Roche supplements its responses to Amgen's pending interrogatories regarding its asserted Section 102 and 103 defenses, Amgen will then be in a position to supplement further its interrogatory response regarding conception and reduction to practice and will agree to do so promptly.

**Interrogatory No. 4**

This request asks for Dr. Lin's contribution to the invention of the Asserted Claims. Amgen has stated that he contributed in full to the conception, and has provided a recitation of the documents demonstrating that fact. However, if more information comes to our attention, we will supplement the response.

**Interrogatory No. 5**

You asked us for more detail in response to this interrogatory. The interrogatory asks for the basis and/or evidence for Amgen's contention that by September 1984, it would not have been obvious to one of skill in the art that had possession of the DNA sequence encoding human EPO to express and isolate an in vivo biologically active product. We fail to see the relevance of the specific request. However, if you point us to the specific invalidity defense to which this is relevant, and provide the limitation-by-limitation analyses that currently are lacking for such defense, we should be able to supplement our response to the extent possible, recognizing that the request is essentially premature as it calls primarily for expert testimony.

**Interrogatory No. 6**

While we discussed this response on Amgen's damages position, you did not identify any lack of clarity to our response, and we will stand on our response.

**Interrogatory No. 7**

We will supplement our response with the identification of further documents.

**Interrogatory No. 8**

We will supplement our response.

Thomas F. Fleming, Esq.
January 22, 2007
Page 3

**Interrogatory No. 9**

This interrogatory asks for the basis of Amgen's contention that CERA is not materially changed under 35 U.S.C. Section 271(g) from "human erythropoietin." We provided a detailed response. You asked us to supplement our second sentence of the response, which states: "The addition of one or more peg molecules to the EPO does not alter the molecule in any relevant manner." As I pointed out to you, as I read the response, the sentences following that second sentence provide the detail. As such, we see no reason to supplement our written response.

You further asked whether the long list of documents we identified constituted "all" documents that relate to this issue. Given that Roche has recently produced over 1 million pages of documents, it is unduly burdensome to require Amgen to identify all documents. Suffice it to say, we are aware of our obligation to supplement responses, and will do so as reasonably appropriate to this request.

**Interrogatory No. 10**

This request is aimed at obviousness type double patenting -- an issue on which Roche bears the burden of proof. You asked us to identify from the Asserted Claims those claims that we contend are exempt by action of 35 U.S.C. Section 121. We will supplement on this issue. You also asked us whether the documents cited constitute all of the documents on this issue. The file history citations do constitute the documentation, which is germane to your question. Of course, we reserve the right to supplement, particularly once Roche's position is fully stated.

**Interrogatory No. 11**

Amgen will supplement its response to this interrogatory.

**Interrogatory No. 12**

You asked whether Amgen would supplement what it meant by its statement that "Goldwasser's work did not demonstrate a therapeutically effective amount of human erythropoietin as its results were at best inconclusive." We will supplement our response on this point.

**Interrogatory No. 13**

Amgen will supplement its response to this interrogatory.

Thomas F. Fleming, Esq.
January 22, 2007
Page 4

**Verifications**

You also asked about verification of Amgen's interrogatory responses. Please be advised that Roche has also not provided a verification to its responses. We suggest that you contact Deborah Fishman to arrange a mutually agreeable date for the exchange of the parties' verifications.

    Please call me to discuss further the foregoing.

                      Very truly yours,

                      William G. Gaede, III

cc:   Mike Gottfried, Esq.
       Krista Carter, Esq.
       Sandip H. Patel, Esq.

MPK 121164-1.041925.0023