# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., <br><br> Plaintiff, <br><br> vs. <br><br> F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GmbH, AND HOFFMANN-LA ROCHE INC., <br><br> Defendants. | CIVIL ACTION No.: 05-cv-12237WGY |

### PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1-12)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff/Counter Defendant Amgen Inc. ("Amgen") hereby supplements its objections and responses to Defendants' First Set of Interrogatories (Nos. 1-12).

### PRELIMINARY STATEMENT

1. Amgen's responses to Defendants' First Set of Interrogatories are made to the best of Amgen's present knowledge, information and belief. Amgen's responses are subject to amendment and supplementation should future investigation indicate that amendment or supplementation is necessary. Amgen undertakes no obligation, however, to supplement or amend these responses other than as required by the Federal Rules of Civil Procedure of the Local Rules of the United States District Court for the District of Massachusetts.

2. Amgen's responses to Defendants' First Set of Interrogatories are made according to information currently in Amgen's possession, custody and control.

3. To the extent that Amgen responds to Defendants' First Set of Interrogatories by stating information that private, confidential, highly confidential, proprietary, trade secret or otherwise protected from disclosure, Amgen will respond pursuant to the terms of the Protective Order in this case.

related to Amgen's infringement contentions. Until such time as Amgen has received such discovery, it cannot provide a complete response to this interrogatory. In particular, Amgen's ability to identify persons, documents, and things, including Roche's peg-EPO product, within Roche's possession, custody or control that relate to the subject matter of this interrogatory is limited by Roche's failure to provide complete responses to Amgen's outstanding discovery requests. Amgen also objects that it cannot provide a complete response at this time because the Court has not yet construed all of the claim terms that Defendants may contest. Amgen further objects to this interrogatory to the extent that it prematurely calls for the opinions of Amgen's expert witnesses, which by the Court's order will be provided in the form of report(s) on April 27, 2007. Amgen objects that the interrogatory is overly broad and unduly burdensome to identify "all documents and things that support or otherwise refute Amgen's response to this interrogatory."

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its right to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen provides the following response to this interrogatory:

Amgen will assert at trial that Roche has directly infringed or will directly infringe the following claims of the patents-in-suit: claims 1-2 of U.S. Patent No. 5,441,868 ("the '868 patent"); claims 4-9 of U.S. Patent of U.S. Patent No. 5,618,698 ("the '698 patent"); claim 7 of U.S. Patent No. 5,756,349 ("the '349 patent"); claim 1 of U.S. Patent No. 5,955,422 ("the '422 patent"); claims 3, 7-9, 11-12, and 14 of U.S. Patent No. 5,547,933 ("the '933 patent"); and claims 3-4 and 6 of U.S. Patent No. 5,621,080 ("the '080 patent") (collectively "the Asserted Claims").

Amgen contends that Defendants literally infringe each and every one of the Asserted Claims, with the sole exception of '080 claims 3-4 and 6. As to those three asserted claims of the '080 patent, at the time Amgen filed its complaint, the '080 claims were construed to literally

## CERTIFICATE OF SERVICE VIA
## ELECTRONIC MAIL

I, William Martinez, hereby declare:

I am a citizen of the United States and a resident of the State of California. I am over the age of eighteen years, and not a party to the within action. My business address is McDermott Will & Emery LLP, 3150 Porter Drive, Palo Alto, California 94304-1212.

On February 10, 2007, I served a copy of **PLAINTIFF'S SUPPLEMENTAL RESPONSE TO FIRST SET OF INTERROGATORIES (NOS. 1-12)** by electronic transmission by attaching the referenced documents to an electronic mail and transmitting the same to the e-mail addresses indicated below:

| | |
|---|---|
| Leora Ben-Ami, Esd.<br>Patricia A. Carson, Esq.<br>Thomas F. Fleming, Esq.<br>Howard Suh, Esq.<br>Peter Fratangelo, Esq.<br>KAYE SCHOLER LLP<br>425 Park Avenue<br>New York, NY 10022<br>Tel: (212) 836-8000<br><br>lbenami@kayescholer.com<br>pcarson@kayescholer.com<br>tfleming@kayescholer.com<br>hsuh@kayescholer.com<br>pfratangelo@kayescholer.com | Lee Carl Bromberg, Esq.<br>Julia Huston, Esq.<br>Keith E. Toms, Esq.<br>BROMBERG & SUNSTEIN LLP<br>125 Summer Street<br>Boston, MA 02110<br>Tel. (617) 443-9292<br><br>lbromberg@bromsun.com<br>jhuston@bromsun.com<br>ktoms@bromsun.com |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed at Palo Alto, California on February 9, 2007.

*/s/ William Martinez*
William Martinez