# Exhibit A

Dockets.Justia.com

# DAY CASEBEER
## MADRID & BATCHELDER LLP

20300 Stevens Creek Blvd., Suite 400  
Cupertino, CA 95014  
Telephone: (408) 873-0110  
Facsimile:  (408) 873-0220

Lloyd R. Day  
(408) 342-4561  
lrday@daycasebeer.com

May 15, 2006

VIA FACSIMILE & ELECTRONIC MAIL

Leora Ben-Ami, Esq.  
Kaye Scholer LLP  
425 Park Avenue  
New York, NY 10022-3598

Re:   *Amgen Inc. v. F. Hoffman-Roche, Ltd., et al.*  
        Civil Action No: 05-12237-WGY

Dear Leora:

As you know, on April 6 Roche served reports of 16 different experts relating to its allegations of patent invalidity and/or inequitable conduct, necessitating a response by Amgen to the issues raised by Roche, many of which have been previously litigated. Since then, Roche has served still more expert reports "supplementing" and expanding the validity and enforceability issues it seeks to put in dispute. To date, in total, Roche has served reports of 30 different experts, and Amgen has served reports of 22 experts.

Needless to say, I strongly doubt that 52 experts will be called to testify at trial. I also doubt the Court will entertain the plethora of issues Roche apparently seek to advance through its expert reports. I see little point in wasting the parties' resources deposing expert witnesses who will never be called to testify at trial, or contesting issues that are highly marginal at best, and hopefully Roche agrees. I also doubt that either party can depose or defend the depositions of this number of experts by June 8, the date currently set by the Court for close of expert discovery. In such circumstances, there is no reason to waste resources and limited time deposing and defending experts who will not testify at trial.

Accordingly, I propose that Roche and Amgen reach agreement on the number of experts each party will be allowed to present at trial, and that we identify now who those experts will be so that they may be deposed in accordance with the Court's discovery schedule. I propose that Amgen and Roche each offer no more than ten (10) expert witnesses to testify at trial, inclusive of all issues now framed by the pleadings. Based on the Court's pretrial rulings, the number of experts for trial may actually prove to be less.

434257

DAY CASEBEER
MADRID & BATCHELDER LLP

Leora Ben-Ami
May 15, 2006
Page 2

Obviously, it is essential that the parties cooperate to ensure that, between now and June 8, Amgen and Roche both have the opportunity to depose each of the opposing parties' experts who will testify at trial. At the very least, I propose that both parties agree to limit the number of experts each party may call at trial, and to disclose, by May 18, the names of those experts each party intends to present at trial. This will enable Roche and Amgen to better determine which experts should be deposed while helping to eliminate unnecessary depositions.

I am available at your convenience to discuss how we can achieve a mutually agreeable solution that ensures avoidance of further delay in the Court's schedule without impairing either party's opportunity and right to depose those experts who will actually be called to testify at trial.

Sincerely yours,

DAY CASEBEER
MADRID & BATCHELDER LLP

Lloyd R. Day, Jr.

LRD: sr