# EXHIBIT 11

# KAYE SCHOLER LLP

Thomas F. Fleming
212 836-7515
Fax 212 836-6345
tfleming@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

May 23, 2007

**VIA FAX AND EMAIL**

Krista Carter, Esq.
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd, Suite 400
Cupertino, California 95014

   Re:   *Amgen, Inc. v. F. Hoffman-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-LaRoche Inc., Civ. No. 05-CV-12237WGY, D. Mass*

Dear Krista:

   I write to respond to your May 22, 2007 letter regarding Roche's Supplemental Interrogatory Responses and Expert Reports. This is a short response so you know Roche's position, and we will elaborate further when the need and opportunity arises for us to do so.

   Your letter completely ignores my earlier correspondence (see letter of May 4, 2007) and numerous conversations with Deborah Fishman on this topic. You were not privy to those conversations, so perhaps she did not share with you the scope of our discussions. Amgen and Roche specifically agreed to amend the Court's schedule to allow for supplementation of contentions as allowed by the Court, and also to permit Amgen time to respond in its expert reports. We also agreed to extend the time for expert discovery for the same reason. We also have worked to cooperate in scheduling and arranging expert depositions to accommodate the experts' and attorneys' particular requirements. In light of this, Amgen's positions in your letter yesterday are unfounded and unfair. Keep in mind, that as far back as April 20, when the parties further agreed to amend the schedule in this case, I expressly told Deborah, and she acknowledged, that it was Roche's position that it could amend its interrogatories and its reports in any way it deemed appropriate. (See our email exchange on April 20, 2007). In fact, the Court allowed Roche to provide supplemental interrogatory answers and supplemental responses to Amgen Requests for Admissions as late as May 17. Roche provided its responses much earlier than the Court deadline on May 1, 2007, expressly with the understanding and acknowledgement from Amgen that it could respond to them. Amgen's position and arguments in your letter are contrary to the facts.

   In the spirit of cooperation, and to permit Amgen time to address issues, Roche agreed to amend its interrogatories relating to invalidity by May 1, 2007 (16 days earlier than the Court

deadline). Moreover, we told Amgen that "Given the Judge's March 28 Ruling, and Rule 26(e), there is no restriction on Roche's ability to supplement its interrogatory answers and that is why Amgen was offered two weeks on rebuttal reports from the supplement."[1] Roche did what it promised to do, as allowed by the Court, and that is why the schedule was amended as it was. Amgen has since had more than three weeks to respond to these reports. On May 11, 2007 Amgen submitted <u>21 additional rebuttal expert reports</u>, covering the issues you address, amounting to several hundreds of pages of text and tremendous amounts of attachments. Amgen responded to what it chose to respond to in those submissions. It is clear from your letter that Amgen now regrets the schedule that it insisted upon, and Amgen is not prepared to live according to that schedule. We have tried at every turn to accommodate Amgen's scheduling requests, even to the point of adhering to Mr. Day's suggestion of canceling some depositions, as we have with at least Dr. Nunberg and Dr. Strickland. We have also accommodated other personal issues of Amgen's experts as well.[2]

What Amgen suggests in your letter would completely undermine the schedule in this action, and make the Court's September trial date impossible to complete. There are too many additional obligations, such as summary judgment motions and the submission of a pretrial order, that are fast approaching. To upset the deposition schedule that we have substantially already agreed to for the next weeks at this point will preclude the timely completion of all these tasks. For Amgen to purport to announce now that it may at some unspecified point in the future supplement its expert reports for witnesses who are already scheduled for deposition just days away (and we note were scheduled without any indication from Amgen that it was harboring the expectation of further reports) is nothing less than duplicitous and prejudicial. The schedule arranged so far was on the representation by Amgen that the depositions would be taken on the reports as submitted to date by these experts. In no way will Roche be held to waive anything if these experts should attempt to submit further reports after their depositions were already scheduled. Amgen had its chance and more than enough time to respond to Roche's contentions, which judging by Amgen's 21 expert reports from May 11, Amgen has done. Roche's reports are timely served as endorsed by the Court. For Amgen to try to submit further reports now without substantially altering the Court's schedule now is insupportable.

Moreover, Amgen's protests of prejudice are meritless. Amgen has had over three weeks to submit its rebuttal reports, and no serious expert discovery has taken place. Indeed, Amgen's key witnesses underlying Amgen's inequitable conduct weren't even produced until the end of

---

[1] As you well know, Roche's supplemental interrogatory responses do more than just incorporate the expert reports. Roche's supplementation in both its interrogatories and its reports were entirely appropriate and consistent with what the Court allowed, what Roche informed Amgen it would do, as well as Roche's positions in this case. Roche at every turn informed Amgen of its theories and contentions as they were developed.

[2] Amgen announces that it may submit an additional report from Dr. Kolodner. Roche already completed this witnesses' deposition last week as scheduled by Amgen, contending he had no other time, and Amgen did not give any indication or suggestion that they were considering a further report from that witness.

**KAYE SCHOLER** LLP

fact discovery in this case; and Mr. Odre on the last day of discovery -- the same day that Roche served amended interrogatory responses on inequitable conduct. Moreover, Amgen continues to dole out even now documents and testimony that should have been produced months ago, in many instances withholding documents that are relied on in expert reports, long after those reports were served. (*See* recent production of Wyeth documents referenced in Amgen's reports). It is Roche that was denied meaningful discovery on Amgen's inequitable conduct and invalidity. What Amgen is undoubtedly unhappy about is that it did not think to provide for sur-rebuttal reports in the Court's scheduling order.

      Your contentions and mischaracterizations of Roche's properly and timely served rebuttal non-infringement reports are equally misguided. These reports were entirely appropriate given the discovery in the case, the Court's *Markman* hearing, and more importantly, Amgen's own opening expert reports which raised issues, made assertions, advanced positions and theories, with differing permutations that relied on evidence never presented before, and which required Roche to respond appropriately. It is curious that Amgen now contends that it cannot address Roche's non-infringement positions since, without protest, Amgen has scheduled and completed the deposition of Dr. William Jorgenson who presented many of the issues your letter purportedly complains of, and then also scheduled and separately noticed the deposition of Dr. Klibanov as well. Clearly, Amgen was fully able to prepare for and proceed with those depositions.

      Amgen's proposal for upsetting and extending the deposition schedule under the current Court schedule is unworkable. In any event, Roche contends that its interrogatory responses and expert reports are appropriate and proper and we decline your request to withdraw them. I have not attempted to provide an exhaustive discussion of these issues in this letter, rather just to touch on a few salient points.

      We are always prepared to discuss matters about the administration of this case with you.

Very truly yours,

*Thomas F. Fleming* /H.H.

Thomas F. Fleming

cc:    Michelle Moreland
        Mark Izraelewicz
        Deborah Fishman
        Julia Huston
        Patricia Carson
        Leora Ben-Ami