# EXHIBIT 12

# KAYE SCHOLER LLP

Thomas F. Fleming
212 836-7515
Fax 212 836-6345
tfleming@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

April 27, 2007

**VIA FAX AND EMAIL**

Deborah E. Fishman, Esq.
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd, Suite 400
Cupertino, California 95014

      *Re:*    *Amgen, Inc. v. F. Hoffman-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-LaRoche Inc., Civ. No. 05-CV-12237WGY, D. Mass*

Dear Deborah:

      I write to respond to your May 3, 2007 letter regarding Roche's Supplemental Interrogatory Responses and Expert Reports. You may recall that as far back as April 20, when the parties agreed to amend the schedule in this case, I told you, and you acknowledged, that it was Roche's position that it could amend its interrogatories and its reports in any way it deemed appropriate. (See our email exchange on April 20, 2007). Roche agreed to amend its interrogatories by May 1, 2007 (16 days earlier that the Court had allowed) and we told you that "Given the Judge's March 28 Ruling, and Rule 26(e), there is no restriction on Roche's ability to supplement its interrogatory answers and that is why Amgen was offered two weeks on rebuttal reports from the supplement." For example, Roche's supplemental interrogatory responses do more than just incorporate the expert reports, in material respects, inter alia, those responses set out the theories in the expert reports, which in part account for their length. Roche's supplementation in both its interrogatories and its reports were entirely appropriate and consistent with what the Court allowed, what Roche informed Amgen it would do, as well as Roche's positions in this case.

      Moreover, Amgen's protests of prejudice are meritless. Amgen has not yet provided its rebuttal reports, nor has any expert discovery taken place. Indeed, Amgen's key witnesses underlying Amgen's inequitable conduct weren't even produced until the end of fact discovery this case; and Mr. Odre on the last day of discovery -- the same day that Roche served amended interrogatory responses on inequitable conduct. Moreover, Amgen continues to dole out even now documents and testimony that should have been produced months ago. It is Roche that was denied meaningful discovery on Amgen's inequitable conduct. We are hard pressed to understand what discovery Amgen did not have concerning its own conduct.

FishmanLetter5-1.DOC

NEW YORK    CHICAGO    LOS ANGELES    WASHINGTON, D.C.    WEST PALM BEACH    FRANKFURT    LONDON    SHANGHAI

**KAYE SCHOLER** LLP

2                                                                                           May 4, 2007

In any event, Roche contends that its interrogatory responses and expert reports are appropriate and proper and we decline your request to withdraw them. I have not attempted to provide an exhaustive discussion of these issues in this letter, rather just to touch on a few salient points.

We are always prepared to discuss matters about the administration of this case with you.

Very truly yours,

Thomas F. Fleming

cc:     Michelle Moreland
        Mark Izraelewicz
        Julia Huston
        Patricia Carson
        Leora Ben-Ami

FishmanLetter5-1.DOC