# EXHIBIT
# 13

Dockets.Justia.com

DAY CASEBEER
MADRID & BATCHELDER LLP

20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile:  (408) 873-0220

Deborah E. Fishman
(408) 342-4587
dfishman@daycasebeer.com

May 3, 2007

VIA E-MAIL & FACSIMILE

Thomas F. Fleming
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022-3598

Re:    *Amgen Inc. v. F. Hoffman-LaRoche Ltd., et al. (05-CV-12237 WGY)*

Dear Tom:

I write regarding Roche's supplemental interrogatory responses and five supplemental expert reports received late Monday night.  The supplemental expert reports from Mr. Sofocleous and Drs. Lowe, Flavell, Spinowitz, and Kadesch total 93 pages.  The supplemental responses to Interrogatory Nos. 9-11 and 26 total 161 pages.  No Court Order or agreement between Roche and Amgen permits Roche to disregard the Court's Amended Scheduling Order and belatedly submit these voluminous supplemental expert reports and interrogatory responses.

While Roche was permitted by the Court to supplement its responses to Interrogatory Nos. 9-11, Roche's supplemental responses go far beyond what the Court contemplated and even beyond what Roche itself requested in opposition to Amgen's motion to compel supplementation.  By waiting four and a half weeks after the discovery cut-off, and four weeks after the deadline for submission of its invalidity and inequitable conduct expert reports to disclose its latest theories of invalidity and inequitable conduct, Roche not only violates the Court's scheduling order but, in so doing, severely prejudices Amgen.  As Judge Young has said, discovery is not a game.  Nor is Roche free to ignore the Court's scheduling orders at its whim.

In particular, nothing in the Court's prior orders or the parties' agreement authorizes Roche to supplement its response to Interrogatory No. 26 regarding inequitable conduct.  Under F.R.C.P 9(b), Roche was required to plead its inequitable conduct allegations with particularity.  Roche did not do so.  Instead, nearly six months after the submission of its Answer, without leave of the Court and without any agreement from Amgen, Roche unilaterally seeks to supplement its Answer and its interrogatory responses to add at least four new allegations of inequitable conduct that should have been pleaded in Roche's Answer and disclosed in its prior interrogatory responses. Offering no reason why Roche's latest allegations were not pleaded in its Answer and disclosed in its prior

657560v1

DAY CASEBEER
MADRID & BATCHELDER LLP

Thomas F. Fleming
May 3, 2007
Page 2

interrogatory responses or its April 6 expert reports, Roche simply acts as though it is free to ignore
the Court's scheduling order to Amgen's prejudice.  It is not.

While Amgen is prepared to discuss a mutual arrangement whereby each party may supplement its
expert reports to respond to newly raised arguments or circumstances that could not have been
known prior to the close of fact discovery – such as FDA's impending decision on Roche's BLA
submission – we do not agree to Roche's unilateral expansion of its allegations or arguments.
Please confirm whether Roche will withdraw the "supplemental" expert reports served on Amgen
on May 2, and whether Roche will withdraw its supplemental responses to interrogatories regarding
its inequitable conduct allegations.

Very truly yours,

DAY CASEBEER
MADRID & BATCHELDER LLP

Deborah E. Fishman

DEF:rlp

cc:    Michele Moreland
       Peter Fratangelo
       Mark Izraelewicz

657560v1