# EXHIBIT
# 15

Dockets.Justia.com

DAY CASEBEER
MADRID & BATCHELDER LLP

20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

Krista M. Carter
(408) 342-4534
kcarter@daycasebeer.com

May 22, 2007

VIA E-MAIL & FACSIMILE

Tom Fleming
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

**Re:    *Amgen Inc. v. F. Hoffmann –La Roche Ltd., et al. (05-CV-12237WGY)***

Dear Tom:

I write to follow-up on Mario Moore's May 10 letter to you regarding Roche's belatedly disclosed invalidity and unenforceability contentions. As you know, the Court ordered that both parties exchange their opening expert reports by no later than April 6, 2007. Ignoring this Order, Roche submitted six supplemental expert reports on May 1, and then again on May 8, improperly expanding the scope of its invalidity and inequitable conduct arguments weeks after such reports were due and less than 10 days before the parties' deadline to submit rebuttal reports. Apparently conceding that it had not provided Amgen notice of these new arguments in their previous discovery responses, Roche also submitted its supplemental interrogatory responses in the same time frame to reflect its newly raised arguments. Because these submissions were clearly untimely, Amgen requested that Roche withdraw its supplemental reports. Roche refused.

To preserve its rights in the event that Roche's witnesses are allowed to testify on this new matter, Amgen will be submitting rebuttal reports to Roche's supplemental expert reports. While Amgen is still evaluating which experts will be submitting supplemental reports, Amgen expects to submit reports by some combination of Mr. Kunin and Drs. Lodish, Varki, Orkin, Kolodner, Wall, and Berk for the purpose of responding to the untimely arguments raised in Roche's supplemental reports. We will inform Roche of the specific experts as soon as a determination is made but, in any event, no later than Thursday, May 24.

As to the Amgen expert witnesses who will be submitting a second rebuttal expert report, we assume that Roche will want to depose these experts as to their new rebuttal opinions. Understanding that these witnesses should not be prejudiced or inconvenienced by Roche's untimely supplemental reports, and working under the principle that experts should be only subject to one deposition, except in extraordinary circumstances, Amgen is willing to postpone the depositions of the experts

681375_1

DAY CASEBEER
MADRID & BATCHELDER LLP

Thomas F. Fleming
May 22, 2007
Page 2

submitting supplemental reports until after June 8. Alternatively, if Roche wishes to take the depositions of these experts as presently scheduled and offered and waive any right to take their further deposition, we are prepared to go forward as scheduled. Please let us know no later than the end of the day Thursday, May 24, how Roche would like to proceed with the depositions of such experts.

I also write regarding the "rebuttal" non-infringement reports of at least Drs. Flavell, Longmore, Imperiali and Klibanov. In these reports, Roche again unilaterally and belatedly attempts to expand the issues in this case well beyond the metes and bounds of the arguments raised in Roche's discovery responses. Again, Roche's disregard for the discovery process, as well as the Court's scheduling order, severely prejudices Amgen by lodging new non-infringement contentions well after Roche served its non-infringement contention interrogatories and seven weeks after the close of fact discovery. Amgen served Interrogatory Nos. 1 – 3 seeking Roche's non-infringement contentions and, in particular, Roche's contentions and factual bases for its defense that Mircera is materially changed. Roche's responses to those interrogatories were due on January 11 – more than four months ago. Despite the fact that Roche thrice supplemented its responses to those interrogatory requests (on February 9, February 26, April 2), it failed to allege or provide bases during the fact discovery period for a myriad of non-infringement allegations specifically disclosed for the first time in Roche's "rebuttal" reports of May 11. By way of example, the new non-infringement contentions Roche now apparently seeks to argue include:

- peg-EPO is materially changed because the epoetin beta it contains has lost a single positive charge with the conversion of an amine to an amide (Klibanov Rebuttal Report at ¶¶ 130, 131, 135, 137, 236-237)

- peg-EPO is materially changed because the epoetin beta it contains has a different carbohydrate composition than EPO (Klibanov Rebuttal Report at ¶¶ 150-152; Flavell Rebuttal Report at ¶¶ 77-80)

- Purification of epoetin beta from "crude EPO isolate" constitutes a material change (Longmore Rebuttal Report at ¶¶ 103-107; Flavell Rebuttal Report at ¶¶ 77-80; Klibanov Rebuttal Report at ¶¶ 112-22)

- Purification of peg-EPO after pegylation materially changes the pegylated EPO from the crude harvest (Klibanov Rebuttal Report at ¶¶ 132-133)

- peg-EPO is materially changed because it has a different amino acid sequence than EPO (Klibanov Rebuttal Report at ¶¶ 134, 138, 229, 238, 301-302)

- peg-EPO is materially changed from EPO because the intracellular signaling following EPO-R binding is different (Flavell Rebuttal Report at ¶¶ 76, 113-117, 130)

- peg-EPO does not infringe Amgen's claims because Aranesp doe not infringe Amgen's claims (Klibanov Rebuttal Report at ¶¶ 132-133)

DAY CASEBEER
MADRID & BATCHELDER LLP

Thomas F. Fleming
May 22, 2007
Page 3

- peg-EPO does not infringe because it is not an "obligate glycoprotein" (Imperiali Rebuttal Report at ¶¶ 112-144; Flavell Rebuttal Report at ¶¶ 165-175)

- peg-EPO and EPO are not produced using cells that are "transformed or transfected with isolated EPO DNA" because protoplast fusion was used to introduce such DNA into Roche's cells (Flavell Rebuttal Report at ¶¶ 61-75)

- Neither peg-EPO nor epoetin beta are not "non-naturally occurring" because their glycosylation does not differ from naturally occurring human EPO such as urinary EPO. (Imperiali Rebuttal Report at ¶¶ 73-115; Flavell Rebuttal Report at ¶¶ 153-59)

Roche has offered no basis to conclude that it has the right to inject these new contentions a month after the close of fact discovery. Roche's submissions prejudice Amgen not only by expanding the set of issues in dispute for trial, but also by greatly constricting Amgen's opportunity and time to respond to them.

Accordingly, please agree that Roche will withdraw the untimely non-infringement contentions made for the first time in its rebuttal reports and limit the scope of its arguments to those properly disclosed in its interrogatory responses on infringement. Otherwise, Amgen will be seeking the Court's intervention to strike Roche's belated non-infringement arguments or, in the alternative, provide Amgen the opportunity to respond with its own supplemental infringement reports by at least Drs. Lodish, Bradshaw, Torchilin, Katre and Varki, again limited in scope to rebuttal of Roche's untimely arguments. During the pendency of its motion, Amgen will also be moving for Protective Order to delay the depositions of the Amgen experts submitting supplemental reports so as not to subject these experts to the possibility of two depositions. However, Amgen will agree to proceed with depositions as currently scheduled or offered if Roche agrees not to seek second depositions in the event that the Court provides Amgen the opportunity to submit supplemental infringement reports. Please let us know by 1 pm (PDT) tomorrow whether Roche withdraws these belated non-infringement contentions.

Sincerely,

DAY CASEBEER
MADRID & BATCHELDER LLP

Krista M. Carter

681375_1

DAY CASEBEER
MADRID & BATCHELDER LLP

Thomas F. Fleming
May 22, 2007
Page 4

cc:     Michele Moreland
        Howard Suh
        Pat Carson