UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD, | ) |
| ROCHE DIAGNOSTICS GMBH, | ) |
| AND HOFFMANN-LA ROCHE INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DECLARATION OF DR. HANS KOLL IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS CONTAINING DEFENDANTS' TRADE SECRETS AND SUBMITTED IN CONNECTION WITH AMGEN'S MOTION TO STRIKE ROCHE'S NON-INFRINGEMENT, INVALIDITY, AND INEQUITABLE CONDUCT ALLEGATIONS DISCLOSED AFTER THE CLOSE OF FACT DISCOVERY OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO SUPPLEMENT AMGEN'S EXPERT REPORTS AND MOTION FOR PROTECTIVE ORDER TO POSTPONE DEPOSITIONS OF CERTAIN WITNESSES**

I, Hans Koll, Ph.D., hereby declare under penalty of perjury that:

1. I am a research leader at defendant Roche Diagnostics GmbH ("Roche") laboratories in Penzberg, Germany. I have been an employee at Roche since 1992, and have been in my current position of research leader since 2004. I am a biologist, and I graduated from the University of Munich (LMU).

2. I make this declaration based upon my own personal knowledge and company information.

3. I have been asked to examine two documents which correspond to Exhibits 9 and 10 ("the Exhibits") of Amgen Inc.'s Declaration of Mario Moore in Support of Plaintiff

Amgen Inc.'s Motion to Strike Roche's Non-Infringement, Invalidity, and Inequitable Conduct Allegations Disclosed After the Close of Fact Discovery or, in the Alternative, Motion for Leave to Supplement Amgen's Expert Reports and Motion for Protective Order to Postpone Depositions of Certain Witnesses (Docket No. 447) and which were submitted to the Court for *in camera* review on May 24, 2007. I have been asked to review these documents to determine whether they contains information regarded as trade secret based upon my work at Roche. In the paragraphs below I set forth a detailed description of the information contained in the Exhibits.

4.     Exhibit 9 is an excerpt from the expert report of Dr. Richard Flavell, submitted by Roche in connection with the present litigation on May 11, 2007. This report contains highly confidential information which is internal to Roche and is not made public. This is particularly true of paragraphs 167 and 168, which contain highly confidential and trade secret information about internal Roche studies for which I was involved in the planning and supervision of the preparation and analytical investigation of the material. These studies were conducted for the purpose of characterizing the biological activity of CERA and were conducted at the time for internal Roche scientific use only. To the extent of my knowledge, compositions and testing methods used in these studies are internal to Roche and have never been publicly disclosed. Public disclosure of the details of these studies provided in paragraphs 167 and 168 would be extremely harmful to Roche if revealed because, for example, the information could be used by a competitor to develop competing products. This information constitutes a trade secret which must not be disclosed in the public record.

5.      Exhibit 10 is an excerpt from the expert report of Dr. Barbara Imperiali, submitted by Roche in connection with the present litigation on May 11, 2007.  This report contains highly confidential information which is internal to Roche and is not made public.  This is particularly true of paragraphs 128-130, 133-137, 139-144 and 179, which contain highly confidential and trade secret information about internal Roche studies for which I was involved in the planning and supervision of the preparation and analytical investigation of the material.  These studies were conducted for the purpose of characterizing the biological activity of CERA and were conducted at the time for internal Roche scientific use only.  To the extent of my knowledge, compositions and testing methods used in these studies are internal to Roche and have never been publicly disclosed.  Public disclosure of the details of these studies provided in paragraphs 128-130, 133-137, and 139-144 would be extremely harmful to Roche if revealed because, for example, the information could be used by a competitor to develop competing products.  This information constitutes a trade secret which must not be disclosed in the public record.

Signed under the pains and penalties of perjury this 4th day of June, 2007.

/s/ Dr. Hans Koll
Dr. Hans Koll

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 5, 2007.

                                                  /s/ Nicole A. Rizzo
                                                  Nicole A. Rizzo

03099/00501 677970.1