# EXHIBIT 5

# KAYE SCHOLER LLP

Michael M. Pomerantz
212 836-7735
Fax 212 836-6610
mpomerantz@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

April 27, 2007

<u>Via Email and U.S. Mail</u>

Mario Moore, Esq.
Day, Casebeer, Madrid & Batchelder LLP
20300 Stevens Creek Blvd, Suite 400
Cupertino, CA 95014

   Re: *Amgen Inc. v. F. Hoffman LaRoche Ltd., et al.*
     **(05-CV-12237 WGY) privilege logs**

Dear Mr. Moore:

  I write in response to your letters dated March 30, 2007 and April 13, 2007, which take issue with certain entries on Roche's privilege log. Having reviewed the issues you raise, as well as Amgen's own privilege log, we are surprised, to say the least, at the positions you appear to advance.

  In your April 13 letter, you take issue with Roche's designation of privilege with respect to communications with three Monitor employees. Contrary to your supposition, Roche is not claiming that it has entered into a joint defense agreement with Monitor. Rather, it is Roche's position that privileged communications reflecting legal advice that were transmitted to Monitor (and other third party consultants that worked closely with Roche and were necessarily exposed to privileged material in order to enable Roche's lawyers to render legal advice to Roche or to faciliate their ability to consult) retain their privilege (*see, e.g., In re Copper Market Antitrust Litigation*, 200 F.R.D. 213 (S.D.N.Y. 2001); *FTC v. GlaxoSmithKline*, 294 F.3d 141, 147 (D.C. Cir. 2002). In any event, Amgen has made numerous claims of privilege with respect to documents received by third parties (*e.g.*, George Barnett, Amit Barve, Connie Chui, Lynn Dorsey-Bleil, Mariam Eghbal-Ahmadi, Jennifer Levinson, Dan Mendelson, and Donald Moran, to name just a few). Particularly ironic is the fact that Amgen has claimed privilege over communications with Mr. Barnett, *a Monitor employee*. If you intend to press this position, please confirm that Amgen will produce all communications listed on its privilege logs where third parties are listed as authors or recipients.

  In your March 30 letter, you compile a lengthy list of documents from Roche's privilege log where no attorney is listed as an author or recipient. You then ask Roche to "confirm" that it will withdraw its claim of privilege with respect to those documents and any others whose log

31458549.WPD

NEW YORK CHICAGO LOS ANGELES WASHINGTON, D.C. WEST PALM BEACH FRANKFURT LONDON SHANGHAI

KAYE SCHOLERLLP

Mario Moore, Esq. 2 April 27, 2007

entries do not list an attorney. Again, Amgen's own log is replete with the same type of entries where no attorney is listed as either an author or recipient (a list of examples from Amgen's log comparable in size to your list from Roche's log is attached to this letter). Of course, it is hardly surprising that both parties have identified documents as privileged that do not list an attorney, given that the attorney-client privilege extends to communications made within a corporation by non-attorneys if those communications are made for the purpose of securing legal advice or reflect legal advice (*see, e.g., Williams v. Sprint/United Management Company*, 238 F.R.D. 633, 638-40 (D. Kan. 2006) (citing cases)). If you intend to press this position, please confirm that Amgen will produce all communications listed on its privilege logs where no attorney is identified as an author or recipient.

In addition, in the course of reviewing Amgen's logs, we discovered a number of names that appear in log entries but are not identified in any of Amgen's Lists of Persons Named on Its Privileged Documents, including the following:

| | |
|---|---|
| Errol Malta | Olivera Tirnanic |
| Graham Molineux | Alex Lyons |
| Helen Torley | Wendy Whiteford |
| Claes Hornstrand | Jeff Andresen |
| Bonnie Tucker | Jim Wortner |
| Mark H. Hopkins | Michelle Hoban |
| Matthew Knight | Neal Birkett |
| Diane Hoey | Vanessa Huang |
| Jonas Pedersen | Lynn Jurss |
| Omar Gaja | Paula Boultbee |

Obviously, it is impossible for us to assess whether documents between or among these individuals fall into either category of the documents that you challenge in your letters. Accordingly, please identify which, if any, of these individuals are attorneys, and please provide the names of any additional attorneys that you have not previously identified. If you intend to press your contention with respect to third party consultants, please also indicate which, if any, of these individuals are third party consultants.

Finally, in your March 30 letter, you challenge Roche's assertion of work product protection with respect to materials from 1995, 2001, 2002, and early 2003. As an initial matter, please note that work product protection applies in litigation other than the litigation that was actually anticipated when the document was created (*see, e.g., In re Grand Jury Subpoena*, 220 F.R.D. 130, 148-51 (D. Mass. 2004)). Thus, it is proper for Roche to claim work product protection in this case over material prepared in anticipation of other litigation. With respect to material prepared in anticipation of this litigation, however, Roche asserts the right to claim work product protection over material generated in 2001 and thereafter. We will review any pre-2001 documents in Roche's log over which work product protection is claimed, and we will withdraw the claim of work product protection unless we determine the document was prepared in anticipation of a

KAYE SCHOLER LLP

Mario Moore, Esq.                                3                                April 27, 2007

different litigation. We will advise you of any supplemental production resulting from our review within a reasonable period of time.

       I look forward to hearing from you.

                                    Sincerely,

                                    Michael M. Pomerantz

**Selection of Amgen Privilege Log Entries Where No Attorney Appears to Be Listed**

99 026403 - 99 026404
99 029903 - 99 029938
99 030057 - 99 030094
99 030834 - 99 030835
99 030841 - 99 030842
99 030960 - 99 030989
99 031037 - 99 031043
99 031044 - 99 031050
99 031051 - 99 031052
99 031144 - 99 031144
99 031175 - 99 031176
99 031177 - 99 031224
99 031225 - 99 031247
99 031614 - 99 031615
99 031621 - 99 031679
99 031700 - 99 031701
99 031715 - 99 031718
99 031821 - 99 031829
99 031839 - 99 031863
99 031959 - 99 031982
99 032060 - 99 032063
99 032098 - 99 032100
99 032101 - 99 032102
99 032133 - 99 032133
99 032143 - 99 032143
99 032150 - 99 032150
99 032154 - 99 032155
99 032156 - 99 032157
99 032159 - 99 032159
99 032160 - 99 032168
99 032171 - 99 032171
99 032172 - 99 032173
99 032174 - 99 032174
99 032175 - 99 032176
99 032177 - 99 032192
99 032193 - 99 032218
99 032219 - 99 032293
99 032293 - 99 032293
99 032294 - 99 032304

31463577.WPD