UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> F. HOFFMANN-LA ROCHE LTD, a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company and HOFFMANN-LA ROCHE INC., a New Jersey Corporation, <br><br> Defendants. | Civil Action No. 05-12237 WGY <br><br> U.S. District Judge Young <br><br> ORAL ARGUMENT REQUESTED |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT THAT CLAIM 10 OF THE '933 PATENT IS INVALID ON THE GROUNDS OF FAILURE TO COMPLY WITH CLAIM DIFFERENTIATION UNDER § 112, ¶ 4

Defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche, Inc. (collectively "Roche") respectfully move for summary judgment that claim 10 of U.S. Patent No. 5,547,933 ("the '933 patent") is invalid under 35 U.S.C. § 112 because it fails to comply with claim differentiation under ¶ 4 of that section. As tentatively construed by the Court, dependent claim 10 has a broader scope than claim 9, which is not permitted under the statute.

Roche moves here for summary judgment that claim 10 of the '933 patent is invalid pursuant to 35 U.S.C. § 112, ¶ 4 under the Courts tentative current claim construction, dated April 17, 2007. On April 17, 2007, this Court tentatively construed the term "a pharmaceutical composition comprising" to mean "a composition suitable for administration to <u>humans</u> containing a diluent, adjuvant or carrier." (Suh Decl., Ex. B at pp. 76:24-77:4 (emphasis added)). Claim 10 is dependent on claim 9, reciting "[a] method of providing erythropoietin therapy to a <u>mammal</u> comprising administering an effective amount of a pharmaceutical

composition of claim 9." (Suh Decl., Ex. A, column 39, ll.5-7). As currently construed, claim 10 is broader than claim 9 because therapy to <u>mammals</u> covers a larger scope than therapy to <u>humans.</u>

To comply with § 112 ¶ 4, claim 10 must incorporate all limitations of claim 9 and further limit the subject matter of claim 9. However, dependent claim 10 broadens the scope of the subject matter claimed in claim 9 in violation of § 112 ¶ 4. A dependent claim should be no broader in scope than the independent claim from which it depends." *See AK Steel Corp.*, 344 F.3d at 1242.

Roche recognizes that the Court's claim construction was only tentative. However, as set forth by the Court, at least claim 10 of the '933 should be invalidated under 35 U.S.C. § 112 ¶ 4 should the Court decide not to revisit its tentative claim construction.

Based on the foregoing, Roche respectfully requests that its motion for summary judgment of invalidity of claim 10 of the '933 patent is granted. In support of this motion, Roche submits the accompanying memorandum of law, the Declaration of Howard S. Suh including exhibits, and a Rule 56.1 Statement of Undisputed Material Facts.

Dated: June 11, 2007
    Boston, Massachusetts

Respectfully submitted,
F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

By its attorneys,

/s/ Keith E. Toms
Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
Krista M. Rycroft (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

and

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

/s/ Keith E. Toms
Keith E. Toms