## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC.,<br><br>       Plaintiff,<br><br>  v.<br><br>F. HOFFMANN-LA ROCHE LTD, a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company and HOFFMANN-LA ROCHE INC., a New Jersey Corporation,<br><br>       Defendants. | Civil Action No. 05-12237 WGY<br><br>U.S. District Judge Young<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF CLAIM 1 OF PATENT NO. 5,955,422 AND CLAIMS 9 AND 12 OF PATENT NO. 5,547,933**

Defendants F. Hoffmann-La Roche LTD, Roche Diagnostics GmbH and Hoffmann-La Roche, Inc. ("Roche") respectfully move for summary judgment that asserted claim 1 of U.S. Patent 5,955,422 ("the '422 patent") and claims 9 and 12 of U.S Patent No. 5,547,933 (the '933 patent) owned by Plaintiff Amgen Inc. ("Amgen"), are not infringed by Roche's importation and sale of MIRCERA™.

This motion addresses the specific limitation common to the claims at issue, "[a] pharmaceutical composition comprising. .. . a pharmaceutically acceptable diluent, adjuvant or carrier."  In filing this motion, Roche does not concede that its product MIRCERA™ meets any of the other limitations of the claims at issue.  CERA, the active pharmaceutical ingredient in MIRCERA™, *inter alia,* (i) is not, and does not contain "human erythropoietin" or its equivalent, (ii) does not contain a "therapeutically effective amount of human erythropoeitin" (iii) is not "purified from mammalian cells grown in culture," and (iv) does not contain a

"glycoprotein product of the expression in a mammalian host cell of an exogenous DNA sequence comprising a DNA sequence encoding human erythropoietin."

For the purposes of this motion it is not necessary to consider whether MIRCERA™ meets any of these limitations. Infringement of '422 patent claim 1 and '933 patent claims 9 and 12 can be disposed of by looking at the single limitation, "[a] pharmaceutical composition comprising. . . . a pharmaceutically acceptable diluent, adjuvant or carrier." This Court has construed this phrase to mean "a composition suitable for administration to humans containing a diluent, adjuvant or carrier." Under the Federal Circuit's holding in *Abbott Labs. v. Baxter Pharm. Prods., Inc.*, 334 F.3d 1274, 1280 (Fed. Cir. 2003), the limitation as construed embraces a closed Markush group. As such, the claim encompasses *only* pharmaceutical compositions containing one and only one of the specified alternatives, i.e., a diluent, adjuvant, or carrier.

The undisputed evidence in this case establishes that MIRCERA™ is not such a pharmaceutical composition because it contains *multiple* diluents and carriers and Amgen's expert admits that MIRCERA™ contains more than one diluent, adjuvant or carrier. The relevant claim language of '422 claim 1 and '933 claims 9 and 12, as construed by this Court, thus does not encompass pharmaceutical compositions such as MIRCERA™. Consequently, there are no issues of fact.

Accordingly, Roche respectfully requests that this Court grant its motion for summary judgment that claim 1 of the '422 patent and claims 9 and 12 of the '933 patent are not infringed by Roche's importation and sale of MIRCERA™. In support of this motion, Roche submits the accompanying memorandum of law, the Declaration of Howard S. Suh including exhibits, and a Rule 56.1 Statement of Undisputed Material Facts.

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and that no agreement could be reached.

DATED:   Boston, Massachusetts
         June 11, 2007                        Respectfully submitted,

                                              F. HOFFMANN-LA ROCHE LTD,
                                              ROCHE DIAGNOSTICS GMBH, and
                                              HOFFMANN-LA ROCHE INC.

                                              *By their Attorneys,*


                                               /s/ Nicole A. Rizzo
                                              Lee Carl Bromberg (BBO# 058480)
                                              Julia Huston (BBO# 562160)
                                              Keith E. Toms (BBO# 663369)
                                              Nicole A. Rizzo (BBO # 663853)
                                              BROMBERG & SUNSTEIN LLP
                                              125 Summer Street
                                              Boston, MA 02110
                                              Tel: (617) 443-9292
                                              nrizzo@bromsun.com

                                              Leora Ben-Ami (*pro hac vice*)
                                              Mark S. Popofsky (*pro hac vice*)
                                              Patricia A. Carson (*pro hac vice*)
                                              Thomas F. Fleming (*pro hac vice*)
                                              Howard S. Suh (*pro hac vice*)
                                              Peter Fratangelo (BBO# 639775)
                                              KAYE SCHOLER LLP
                                              425 Park Avenue
                                              New York, NY 10022
                                              Tel: (212) 836-8000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                                              /s/ Nicole A. Rizzo  
                                              Nicole A. Rizzo

03099/00501 684834.1