**EXHIBIT 4**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2003 AUG 18 P 2:20

U.S. DISTRICT COURT
DISTRICT OF MASS.

AMGEN INC.,
    Plaintiff,

v.

HOECHST MARION ROUSSEL, INC.
and
TRANSKARYOTIC THERAPIES, INC.,
    Defendants.

Civil Action
No. 97-10814-WGY

**AMGEN INC.'S POST-HEARING MEMORANDUM IN SUPPORT
OF ITS FED. R. CIV. P. 52(C) MOTION THAT '080 CLAIMS 2-4 ARE
INFRINGED UNDER THE DOCTRINE OF EQUIVALENTS**

# TABLE OF CONTENTS

                                                                        PAGE NO.

I.   INTRODUCTION ........................................................................................... 1

II.  AMGEN HAS REBUTTED THE PRESUMPTION OF ESTOPPEL UNDER
     THE CORRECT *FESTO* STANDARDS ............................................................ 3

     A.   The particular equivalent in question was indisputably not foreseeable at
          the time of the application................................................................... 4

     B.   The rationale underlying Amgen's amendment was not related to the
          particular equivalent in question........................................................... 9

     C.   There is "some other reason" suggesting that Amgen could not
          reasonably be expected to have described the 1-165 amino acid
          equivalent........................................................................................ 14

III. CONCLUSION............................................................................................ 16

# TABLE OF AUTHORITIES

**CASES**                                                                                                     PAGE No.

*Amgen Inc. v. Hoechst Marion Roussel, Inc. and Transkaryotic Therapies, Inc.*,
  126 F. Supp. 2d 69, 135 (D. Mass. 2001) *aff'd in part, vacated in part,*
  314 F.3d 1313 (Fed. Cir. 2003) .............................................................. 10, 14

*Application of Ahlbrecht*,
  435 F.2d 908 (C.C.P.A. 1971) ........................................................................ 6

*Application of Lukach*,
  442 F.2d 967 (C.C.P.A. 1971) ........................................................................ 6

*Application of Smith*,
  458 F.2d 1389 (C.C.P.A. 1972) ...................................................................... 8

*Bigham v. Godtfredsen*,
  857 F.2d 1415 (Fed. Cir. 1988) ...................................................................... 6

*Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*,
  93 F.3d 1572 (Fed. Cir. 1996) ........................................................................ 8

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki,*
  535 U.S. 722 (2002) .............................................................................. passim

*Forssmann v. Matsuo*,
  23 U.S.P.Q.2d 1548 (Bd. Pat. App. & Int. 1992) ........................................... 7

*Fujikawa v. Wattanasin*,
  93 F.3d 1559 (Fed. Cir. 1996) ........................................................................ 6

*In re Ruschig,*
  379 F.2d 990 (C.C.P.A. 1967) ........................................................................ 6

*In re Vickers,*
  141 F.2d 522 (C.C.P.A. 1944) ........................................................................ 8

*In re Vogel,*
  422 F.2d 438 (C.C.P.A. 1970) ...................................................................... 13

*In re Wako Pure Chem. Indus. Ltd.,*
  4 Fed. Appx. 853 (Fed. Cir. 2001) ................................................................. 6

*Quad Envtl. Techs. Corp. v. Union Sanitary Dist.,*
  946 F.2d 870 (Fed. Cir. 1991) ...................................................................... 14

08/18/2003 15:08 FAX 6172899201          DUANE MORRIS BOSTON                    ☒007

## TABLE OF AUTHORITIES (cont'd)

PAGE NO.

*Yamada v. Aggarwal*,
   57 U.S.P.Q.2d 2002 (Bd. Pat. App. & Int. 2000) ................................................................. 7

**STATUTES**

35 U.S.C. § 101 ..................................................................................................................... 13

35 U.S.C. § 120 ....................................................................................................................... 5

**OTHER AUTHORITIES**

Manual of Patent Examining Procedure § 2163 ...................................................................... 5

Manual of Patent Examining Procedure § 608 ........................................................................ 5

-iii-

AM670067895                                                                          AM-ITC 00852562

## I. INTRODUCTION

Prosecution history estoppel does not bar Amgen's claims for infringement of its '080 patent under the Doctrine of Equivalents. Amgen "could not reasonably be expected to have described the insubstantial substitute in question," either in its application as originally filed or in any claim amendment. In addition, the rationale underlying Amgen's amendment of its claims — to avoid a double-patenting rejection over the EPO glycoprotein claims in its '933 patent — bears "no more than a tangential relation" to the particular 165 amino acid equivalent in question. Finally, the record demonstrates that Amgen did not intend the sequence amendment to exclude or distinguish over EPO having the 1-165 amino acid sequence of Figure 6 ("165 human EPO"). For all of these reasons, the presumption of estoppel has been rebutted.

During the July 28 hearing, the Court questioned whether Amgen could have amended its '080 claims to expressly recite the 1-165 amino acid sequence of Figure 6.[1] As Amgen's counsel stated at the hearing, the answer to that question is no. When Amgen drafted and filed its patent application, it was unknown and unforeseeable that the human EPO product of example 10 in the patent had 165 amino acids rather than the deduced 166 amino acid sequence shown in Figure 6. Because this fact was unknown in 1984 when the written description of Amgen's specification was drafted and submitted, the specification did not expressly recite an EPO having the 1-165 sequence. As explained more fully in Section II(A) below, the absence of an express description of that specific sequence in Amgen's application made a later claim amendment reciting that specific sequence impermissible.

---

[1] *See, e.g.*, 7/31/03 Hearing Transcript at p. 81, lines 4-9.

AM670067896                                                              AM-ITC 00852563