# Chapter 2100  Patentability

EXHIBIT 16

| | | | | |
|---|---|---|---|---|
| 2105 | Patentable Subject Matter — Living Subject Matter | | 2126 | Availability of a Document as a "Patent" for Purposes of Rejection Under 35 U.S.C. 102(a), (b), and (d) |
| 2106 | *>Patent< Subject Matter **>Eliqibility< | | 2126.01 | Date of Availability of a Patent As a Reference |
| 2106.01 | **>Computer-Related Nonstatutory Subject Matter< | | 2126.02 | Scope of Reference's Disclosure Which Can Be Used to Reject Claims When the Reference Is a "Patent" but Not a "Publication" |
| 2106.02 | **>Mathematical Algorithms< | | 2127 | Domestic and Foreign Patent Applications as Prior Art |
| 2107 | Guidelines for Examination of Applications for Compliance with the Utility Requirement | | 2128 | "Printed Publications" as Prior Art |
| 2107.01 | General Principles Governing Utility Rejections | | 2128.01 | Level of Public Accessibility Required |
| 2107.02 | Procedural Considerations Related to Rejections for Lack of Utility | | 2128.02 | Date Publication Is Available as a Reference |
| | | | 2129 | Admissions as Prior Art |
| 2107.03 | Special Considerations for Asserted Therapeutic or Pharmacological Utilities | | 2131 | Anticipation — Application of 35 U.S.C. 102(a), (b), and (e) |
| 2111 | Claim Interpretation; Broadest Reasonable Interpretation | | 2131.01 | Multiple Reference 35 U.S.C. 102 Rejections |
| | | | 2131.02 | Genus-Species Situations |
| 2111.01 | Plain Meaning | | 2131.03 | Anticipation of Ranges |
| 2111.02 | Effect of Preamble | | 2131.04 | Secondary Considerations |
| 2111.03 | Transitional Phrases | | 2131.05 | Nonanalogous >or Disparaging Prior< Art |
| 2111.04 | "Adapted to," "Adapted for," "Wherein," and "Whereby" Clauses | | 2132 | 35 U.S.C. 102(a) |
| | | | 2132.01 | Publications as 35 U.S.C. 102(a) Prior Art |
| 2112 | Requirements of Rejection Based on Inherency; Burden of Proof | | 2133 | 35 U.S.C. 102(b) |
| | | | 2133.01 | Rejections of Continuation-In-Part (CIP) Applications |
| 2112.01 | Composition, Product, and Apparatus Claims | | 2133.02 | Rejections Based on Publications and Patents |
| 2112.02 | Process Claims | | 2133.03 | Rejections Based on "Public Use" or "On Sale" |
| 2113 | Product-by-Process Claims | | 2133.03(a) | "Public Use" |
| 2114 | Apparatus and Article Claims — Functional Language | | 2133.03(b) | "On Sale" |
| | | | 2133.03(c) | The "Invention" |
| 2115 | Material or Article Worked Upon by Apparatus | | 2133.03(d) | "In This Country" |
| | | | 2133.03(e) | Permitted Activity; Experimental Use |
| 2116 | Material Manipulated in Process | | 2133.03(e)(1) | Commercial Exploitation |
| 2116.01 | Novel, Unobvious Starting Material or End Product | | 2133.03(e)(2) | Intent |
| | | | 2133.03(e)(3) | "Completeness" of the Invention |
| 2121 | Prior Art; General Level of Operability Required to Make a Prima Facie Case | | 2133.03(e)(4) | Factors Indicative of an Experimental Purpose |
| 2121.01 | Use of Prior Art in Rejections Where Operability Is in Question | | 2133.03(e)(5) | Experimentation and Degree of Supervision and Control |
| 2121.02 | Compounds and Compositions — What Constitutes Enabling Prior Art | | 2133.03(e)(6) | Permitted Experimental Activity and Testing |
| 2121.03 | Plant Genetics — What Constitutes Enabling Prior Art | | 2133.03(e)(7) | Activity of an Independent Third Party Inventor |
| 2121.04 | Apparatus and Articles — What Constitutes Enabling Prior Art | | 2134 | 35 U.S.C. 102(c) |
| | | | 2135 | 35 U.S.C. 102(d) |
| 2122 | Discussion of Utility in the Prior Art | | 2135.01 | The Four Requirements of 35 U.S.C. 102(d) |
| 2123 | Rejection Over Prior Art's Broad Disclosure Instead of Preferred Embodiments | | 2136 | 35 U.S.C. 102(e) |
| | | | 2136.01 | Status of U.S. Patent as a Reference Before and After Issuance |
| 2124 | Exception to the Rule That the Critical Reference Date Must Precede the Filing Date | | 2136.02 | Content of the Prior Art Available Against the Claims |
| 2125 | Drawings as Prior Art | | 2136.03 | Critical Reference Date |

AM-KUN-ERB001986

Dockets.Justia.com

*In re Fredericksen* 213 F.2d 547, 102 USPQ 35 (CCPA 1954). The more recent cases have tended to accept a limitation such as "an effective amount" as being definite when read in light of the supporting disclosure and in the absence of any prior art which would give rise to uncertainty about the scope of the claim. In *Ex parte Skuballa*, 12 USPQ2d 1570 (Bd. Pat. App. & Inter. 1989), the Board held that a pharmaceutical composition claim which recited an "effective amount of a compound of claim 1" without stating the function to be achieved was definite, particularly when read in light of the supporting disclosure which provided guidelines as to the intended utilities and how the uses could be effected.

## 2173.05(d) Exemplary Claim Language ("for example," "such as") [R-1]

Description of examples or preferences is properly set forth in the specification rather than the claims. If stated in the claims, examples and preferences >may< lead to confusion over the intended scope of a claim. In those instances where it is not clear whether the claimed narrower range is a limitation, a rejection under 35 U.S.C. 112, second paragraph should be made. The examiner should analyze whether the metes and bounds of the claim are clearly set forth. Examples of claim language which have been held to be indefinite because the intended scope of the claim was unclear are:

(A) "R is halogen, for example, chlorine";

(B) "material such as rock wool or asbestos" *Ex parte Hall*, 83 USPQ 38 (Bd. App. 1949);

(C) "lighter hydrocarbons, such, for example, as the vapors or gas produced" *Ex parte Hasche*, 86 USPQ 481 (Bd. App. 1949); and

(D) "normal operating conditions such as while in the container of a proportioner" *Ex parte Steigerwald*, 131 USPQ 74 (Bd. App. 1961).

>The above examples of claim language which have been held to be indefinite are fact specific and should not be applied as *per se* rules. See MPEP § 2173.02 for guidance regarding when it is appropriate to make a rejection under 35 U.S.C. 112, second paragraph.<

## 2173.05(e) Lack of Antecedent Basis [R-5]

A claim is indefinite when it contains words or phrases whose meaning is unclear. The lack of clarity could arise where a claim refers to "said lever" or "the lever," where the claim contains no earlier recitation or limitation of a lever and where it would be unclear as to what element the limitation was making reference. Similarly, if two different levers are recited earlier in the claim, the recitation of "said lever" in the same or subsequent claim would be unclear where it is uncertain which of the two levers was intended. A claim which refers to "said aluminum lever," but recites only "a lever" earlier in the claim, is indefinite because it is uncertain as to the lever to which reference is made. Obviously, however, the failure to provide explicit antecedent basis for terms does not always render a claim indefinite. If the scope of a claim would be reasonably ascertainable by those skilled in the art, then the claim is not indefinite. >*Energizer Holdings Inc. v. Int'l Trade Comm'n*, 435 F.3d 1366, 77 USPQ2d 1625 (Fed. Cir. 2006)(holding that "anode gel" provided by implication the antecedent basis for "zinc anode");< *Ex parte Porter*, 25 USPQ2d 1144, 1145 (Bd. Pat. App. & Inter. 1992) ("controlled stream of fluid" provided reasonable antecedent basis for "the controlled fluid"). Inherent components of elements recited have antecedent basis in the recitation of the components themselves. For example, the limitation "the outer surface of said sphere" would not require an antecedent recitation that the sphere has an outer surface. See *Bose Corp. v. JBL, Inc.*, 274 F.3d 1354, 1359, 61 USPQ2d 1216, 1218-19 (Fed. Cir 2001) (holding that recitation of "an ellipse" provided antecedent basis for "an ellipse having a major diameter" because "[t]here can be no dispute that mathematically an inherent characteristic of an ellipse is a major diameter").

### EXAMINER SHOULD SUGGEST CORRECTIONS TO ANTECEDENT PROBLEMS

Antecedent problems in the claims are typically drafting oversights that are easily corrected once they are brought to the attention of applicant. The examiner's task of making sure the claim language complies with the requirements of the statute should be carried out in a positive and constructive way, so that minor problems can be identified and easily

AM-KUN-ERB002203