Amgen Inc. v. F. Hoffmann-LaRoche LTD et al    Doc. 485 Att. 23
Case 1:05-cv-12237-WGY    Document 485-24    Filed 06/11/2007    Page 1 of 5

EXHIBIT 17

# Chapter 700  Examination of Applications

| | | | |
|---|---|---|---|
| 701 | Statutory Authority for Examination | 706.02(i) | Form Paragraphs for Use in Rejections Under 35 U.S.C. 102 |
| 702 | Requisites of the Application | | |
| 702.01 | Obviously Informal Cases | 706.02(j) | Contents of a 35 U.S.C. 103  Rejection |
| 703 | "General Information Concerning  Patents" | 706.02(k) | Provisional Rejection (Obviousness) Under 35 U.S.C. 102(e)/103 |
| 704 | Search and Requirements for Information | 706.02(l) | Rejections Under 35 U.S.C. 103(a) Using Prior Art Under Only 35 U.S.C. 102(e), (f), or (g) |
| 704.01 | Search | | |
| 704.10 | Requirements for Information | 706.02(l)(1) | Rejections Under 35 U.S.C. 103(a) Using Prior Art Under 35 U.S.C. 102(e), (f), or (g); Prior Art Disqualification Under 35 U.S.C. 103(c) |
| 704.11 | What Information May Be Required | | |
| 704.11(a) | Examples of Information Reasonably Required | | |
| 704.11(b) | When May a Requirement for Information Be Made | | |
| | | 706.02(l)(2) | Establishing Common Ownership or Joint Research Agreement |
| 704.12 | Replies to a Requirement for Information | | |
| 704.12(a) | Relationship of Requirement for Information to Duty of Disclosure | 706.02(l)(3) | Examination Procedure with Respect to 35 U.S.C. 103(c) |
| | | 706.02(m) | Form Paragraphs for Use in  Rejections Under 35 U.S.C. 103 |
| 704.12(b) | What Constitutes a Complete Reply | | |
| 704.12(c) | Treatment of an Incomplete Reply | 706.02(n) | Biotechnology Process  Applications; 35 U.S.C. 103(b) |
| 704.13 | Time Periods for Reply | | |
| 704.14 | Making a Requirement for Information | 706.03 | Rejections Not Based on Prior Art |
| 704.14(a) | Format of the Requirement | 706.03(a) | Rejections Under 35 U.S.C. 101 |
| 704.14(b) | Examiner's Obligation Following Applicant's Reply | 706.03(b) | Barred by Atomic Energy Act |
| | | 706.03(c) | Rejections Under 35 U.S.C. 112, First Paragraph |
| 704.14(c) | Petitions to Requirements Under 37 CFR 1.105 | 706.03(d) | Rejections Under 35 U.S.C. 112, Second Paragraph |
| 704.14(d) | Relationship to Information Disclosure Statements | | |
| | | 706.03(k) | Duplicate Claims |
| 705 | Patentability Reports | 706.03(m) | Nonelected Inventions |
| 705.01 | Instructions re Patentability Reports | 706.03(o) | New Matter |
| 705.01(a) | Nature of P.R., Its Use and Disposal | 706.03(s) | Foreign Filing Without License |
| 705.01(b) | Sequence of Examination | 706.03(u) | Disclaimer |
| 705.01(c) | Counting and Recording P.R.s | 706.03(v) | After Interference or Public Use Proceeding |
| 705.01(d) | Duplicate Prints of Drawings | | |
| 705.01(e) | Limitation as to Use | 706.03(w) | *Res Judicata* |
| 705.01(f) | Interviews With Applicants | 706.03(x) | Reissue |
| 706 | Rejection of Claims | 706.04 | Rejection of Previously Allowed Claims |
| 706.01 | Contrasted With Objections | | |
| 706.02 | Rejection on Prior Art | 706.05 | Rejection After Allowance of Application |
| 706.02(a) | Rejections Under 35 U.S.C. 102(a), (b), or (e); Printed Publication or Patent | 706.06 | Rejection of Claims Copied From Patent |
| | | 706.07 | Final Rejection |
| 706.02(b) | Overcoming a 35 U.S.C. 102 Rejection Based on a Printed Publication or Patent | 706.07(a) | Final Rejection, When Proper on  Second Action |
| | | 706.07(b) | Final Rejection, When Proper on First Action |
| 706.02(c) | Rejections Under 35 U.S.C. 102(a) or (b); Knowledge by  Others or Public Use or Sale | 706.07(c) | Final Rejection, Premature |
| | | 706.07(d) | Final Rejection, Withdrawal of, Premature |
| 706.02(d) | Rejections Under 35 U.S.C. 102(c) | 706.07(e) | Withdrawal of Final Rejection,  General |
| 706.02(e) | Rejections Under 35 U.S.C. 102(d) | | |
| 706.02(f) | Rejections Under 35 U.S.C. 102(e) | 706.07(f) | Time for Reply to Final Rejection |
| 706.02(f)(1) | Examination Guidelines for Applying References Under 35 U.S.C. 102(e) | 706.07(g) | Transitional After-Final Practice |
| | | 706.07(h) | Request for Continued Examination (RCE) Practice |
| 706.02(f)(2) | Provisional Rejections Under 35 U.S.C. 102(e); Reference Is a Copending U.S. Patent Application | 707 | Examiner's Letter or Action |
| | | 707.01 | Primary Examiner Indicates Action for New Assistant |
| 706.02(g) | Rejections Under 35 U.S.C. 102(f) | | |
| 706.02(h) | Rejections Under 35 U.S.C. 102(g) | | |

4. Where an essential component or step of the invention is not recited in the claims, use form paragraph 7.33.01.

<

Form paragraph 7.31.03 should be used when it is the examiner's position that something within the scope of the claims is enabled but the claims are not limited to that scope.

*¶ 7.31.03 Rejection, 35 U.S.C. 112, 1st Paragraph: Scope of Enablement*

Claim **[1]** rejected under 35 U.S.C. 112, first paragraph, because the specification, while being enabling for **[2]**, does not reasonably provide enablement for **[3]**. The specification does not enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to **[4]** the invention commensurate in scope with these claims. **[5]**

**Examiner Note:**
1. This rejection must be preceded by form paragraph 7.30.01 or 7.103.
2. This form paragraph is to be used when the scope of the claims is not commensurate with the scope of the enabling disclosure.
3. In bracket 2, identify the claimed subject matter for which the specification is enabling. This may be by reference to specific portions of the specification.
4. In bracket 3, identify aspect(s) of the claim(s) for which the specification is not enabling.
5. In bracket 4, fill in only the appropriate portion of the statute, i.e., one of the following: --make--, --use--, or --make and use--.
6. In bracket 5, identify the claimed subject matter for which the specification is not enabling. Also explain why the specification is not enabling, applying the factors set forth in *In re Wands*, 858 F.2d 731, 737, 8 USPQ2d 1400, 1404 (Fed. Cir. 1998) as appropriate. See also MPEP § 2164.01(a) and § 2164.04. The explanation should include any questions posed by the examiner which were not satisfactorily resolved and consequently raise doubt as to enablement.

*¶ 7.31.04 Rejection, 35 U.S.C. 112, 1st Paragraph: Best Mode Requirement*

Claim **[1]** rejected under 35 U.S.C. 112, first paragraph, because the best mode contemplated by the inventor has not been disclosed. Evidence of concealment of the best mode is based upon **[2]**.

**Examiner Note:**
1. This rejection must be preceded by form paragraph 7.30.01 or 7.103.
2. In bracket 2, insert the basis for holding that the best mode has been concealed, e.g., the quality of applicant's disclosure is so poor as to effectively result in concealment.
3. Use of this form paragraph should be rare. See MPEP §§ 2165- 2165.04.

Form paragraph 7.33.01 should be used when it is the examiner's position that a feature considered critical or essential by applicant to the practice of the claimed invention is missing from the claim.

*¶ 7.33.01 Rejection, 35 U.S.C. 112, 1st Paragraph, Essential Subject Matter Missing From Claims (Enablement)*

Claim **[1]** rejected under 35 U.S.C. 112, first paragraph, as based on a disclosure which is not enabling. **[2]** critical or essential to the practice of the invention, but not included in the claim(s) is not enabled by the disclosure. See *In re Mayhew*, 527 F.2d 1229, 188 USPQ 356 (CCPA 1976). **[3]**

**Examiner Note:**
1. This rejection must be preceded by form paragraph 7.30.01 or 7.103.
2. In bracket 2, recite the subject matter omitted from the claims.
3. In bracket 3, give the rationale for considering the omitted subject matter critical or essential.
4. The examiner shall cite the statement, argument, date, drawing, or other evidence which demonstrates that a particular feature was considered essential by the applicant, is not reflected in the claims which are rejected.

## 706.03(d)  Rejections Under 35 U.S.C. 112, Second Paragraph [R-3]

Rejections under 35 U.S.C. 112, second paragraph, are discussed in MPEP § 2171 - § 2174. Form paragraphs 7.30.02 and 7.34 through 7.35.01 should be used to reject under 35 U.S.C. 112, second paragraph.

*¶ 7.30.02 Statement of Statutory Basis, 35 U.S.C. 112, Second Paragraph*

The following is a quotation of the second paragraph of 35 U.S.C. 112:

The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

**Examiner Note:**
1. The statute is no longer being re-cited in all Office actions. It is only required in first actions on the merits and final rejections. Where the statute is not being cited in an action on the merits, use paragraph 7.103.
2. Paragraphs 7.30.01 and 7.30.02 are to be used ONLY ONCE in a given Office action.

*¶ 7.34 Rejection, 35 U.S.C. 112, 2nd Paragraph, Failure To Claim Applicant's Invention*

Claim **[1]** rejected under 35 U.S.C. 112, second paragraph, as failing to set forth the subject matter which applicant(s) regard as their invention. Evidence that claim **[2]** fail(s) to correspond in

scope with that which applicant(s) regard as the invention can be found in the reply filed **[3]**. In that paper, applicant has stated **[4]**, and this statement indicates that the invention is different from what is defined in the claim(s) because **[5]**.

**Examiner Note:**
1.   This rejection must be preceded by form paragraph 7.30.02 or 7.103.
2.   This paragraph is to be used only where applicant has stated, somewhere other than in the application, as filed, that the invention is something different from what is defined in the claim(s).
3.   In bracket 3, identify the submission by applicant (which is not the application, as filed, but may be in the remarks by applicant, in the brief, in an affidavit, etc.) by the date the paper was filed in the USPTO.
4.   In bracket 4, set forth what applicant has stated in the submission to indicate a different invention.
5.   In bracket 5, explain how the statement indicates an invention other than what is being claimed.

\*\*>

**¶ 7.34.01 Rejection, 35 U.S.C. 112, 2nd Paragraph, Failure To Particularly Point out and Distinctly Claim (Indefinite)**

Claim **[1]** rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

**Examiner Note:**
1.   This rejection must be preceded by form paragraph 7.30.02 or 7.103.
2.   This form paragraph should be followed by one or more of the following form paragraphs 7.34.02 - 7.34.11, as applicable. If none of these form paragraphs are appropriate, a full explanation of the deficiency of the claims should be supplied. Whenever possible, identify the particular term(s) or limitation(s) which render the claim(s) indefinite and state why such term or limitation renders the claim indefinite. If the scope of the claimed subject matter can be determined by one having ordinary skill in the art, a rejection using this form paragraph would not be appropriate.  See MPEP §§ 2171 - 2174 for guidance.  See also form paragraph 7.34.15 for *pro se* applicants.

<

**¶ 7.34.02 Terminology Used Inconsistent with Accepted Meaning**

Where applicant acts as his or her own lexicographer to specifically define a term of a claim contrary to its ordinary meaning, the written description must clearly redefine the claim term and set forth the uncommon definition so as to put one reasonably skilled in the art on notice that the applicant intended to so redefine that claim term. *Process Control Corp. v. HydReclaim Corp.*, 190 F.3d 1350, 1357, 52 USPQ2d 1029, 1033 (Fed. Cir. 1999). The term "**[1]**" in claim **[2]** is used by the claim to mean "**[3]**", while the accepted meaning is "**[4]**."  The term is indefinite because the specification does not clearly redefine the term.

**Examiner Note:**
1.   In bracket 3, point out the meaning that is assigned to the term by applicant's claims, taking into account the entire disclosure.
2.   In bracket 4, point out the accepted meaning of the term. Support for the examiner's stated accepted meaning should be provided through the citation of an appropriate reference source, e.g., textbook or dictionary. See MPEP § 2173.05(a).
3.   This paragraph must be preceded by form paragraph 7.34.01.
4.   This paragraph should only be used where the specification does not clearly redefine the claim term at issue.

**¶ 7.34.03 Relative Term - Term of Degree Rendering Claim Indefinite**

The term "**[1]**" in claim **[2]** is a relative term which renders the claim indefinite.  The term "**[1]**" is not defined by the claim, the specification does not provide a standard for ascertaining the requisite degree, and one of ordinary skill in the art would not be reasonably apprised of the scope of the invention. **[3]**

**Examiner Note:**
1.   In bracket 3, explain which parameter, quantity, or other limitation in the claim has been rendered indefinite by the use of the term appearing in bracket 1.
2.   This form paragraph must be preceded by form paragraph 7.34.01.

\*\*>

**¶ 7.34.04 Broader Range/Limitation And Narrow Range/Limitation in Same Claim**

A broad range or limitation together with a narrow range or limitation that falls within the broad range or limitation (in the same claim) is considered indefinite, since the resulting claim does not clearly set forth the metes and bounds of the patent protection desired. See MPEP § 2173.05(c). Note the explanation given by the Board of Patent Appeals and Interferences in *Ex parte Wu*, 10 USPQ2d 2031, 2033 (Bd. Pat. App. & Inter. 1989), as to where broad language is followed by "such as" and then narrow language. The Board stated that this can render a claim indefinite by raising a question or doubt as to whether the feature introduced by such language is (a) merely exemplary of the remainder of the claim, and therefore not required, or (b) a required feature of the claims. Note also, for example, the decisions of *Ex parte Steigewald*, 131 USPQ 74 (Bd. App. 1961); *Ex parte Hall*, 83 USPQ 38 (Bd.App. 1948); and *Ex parte Hasche*, 86 USPQ 481 (Bd. App. 1949). In the present instance, claim **[1]** recites the broad recitation **[2]**, and the claim also recites **[3]** which is the narrower statement of the range/limitation.

**Examiner Note:**
1.   In bracket 2, insert the broader range/limitation and where it appears in the claim; in bracket 3, insert the narrow range/limitation and where it appears. This form paragraph may be modified to fit other instances of indefiniteness in the claims.
2.   This form paragraph must be preceded by form paragraph 7.34.01.

<

**¶ 7.34.05 Lack of Antecedent Basis in the Claims**

Claim **[1]** recites the limitation **[2]** in **[3]**. There is insufficient antecedent basis for this limitation in the claim.

**Examiner Note:**

1. In bracket 2, insert the limitation which lacks antecedent basis, for example --said lever-- or --the lever--.

2. In bracket 3, identify where in the claim(s) the limitation appears, for example, --line 3--, --the 3rd paragraph of the claim--, --the last 2 lines of the claim--, etc.

3. This form paragraph should ONLY be used in aggravated situations where the lack of antecedent basis makes the scope of the claim indeterminate. It must be preceded by form paragraph 7.34.01.

**¶ 7.34.06 Use Claims**

Claim **[1]** provides for the use of **[2]**, but, since the claim does not set forth any steps involved in the method/process, it is unclear what method/process applicant is intending to encompass. A claim is indefinite where it merely recites a use without any active, positive steps delimiting how this use is actually practiced. Claim **[3]** is rejected under 35 U.S.C. 101 because the claimed recitation of a use, without setting forth any steps involved in the process, results in an improper definition of a process, i.e., results in a claim which is not a proper process claim under 35 U.S.C. 101. See for example *Ex parte Dunki*, 153 USPQ 678 (Bd. App. 1967) and *Clinical Products, Ltd.* v. *Brenner*, 255 F. Supp. 131, 149 USPQ 475 (D.D.C. 1966).

**Examiner Note:**

1. In bracket 2, insert what is being used. For example, insert --the monoclonal antibodies of claim 4--, where the claim recites "a method for using monoclonal antibodies of claim 4 to purify interferon."

2. See MPEP § 2173.05(q).

3. This form paragraph must be preceded by form paragraph 7.34.01.

**¶ 7.34.07 Claims Are a Literal Translation**

The claims are generally narrative and indefinite, failing to conform with current U.S. practice. They appear to be a literal translation into English from a foreign document and are replete with grammatical and idiomatic errors.

**Examiner Note:**

This form paragraph must be preceded by form paragraph 7.34.01.

**¶ 7.34.08 Indefinite Claim Language: "For Example"**

Regarding claim **[1]**, the phrase "for example" renders the claim indefinite because it is unclear whether the limitation(s) following the phrase are part of the claimed invention. See MPEP § 2173.05(d).

**Examiner Note:**

This form paragraph must be preceded by form paragraph 7.34.01.

**¶ 7.34.09 Indefinite Claim Language: "Or The Like"**

Regarding claim **[1]**, the phrase "or the like" renders the claim(s) indefinite because the claim(s) include(s) elements not actually disclosed (those encompassed by "or the like"), thereby rendering the scope of the claim(s) unascertainable. See MPEP § 2173.05(d).

**Examiner Note:**

This form paragraph must be preceded by form paragraph 7.34.01.

**¶ 7.34.10 Indefinite Claim Language: "Such As"**

Regarding claim **[1]**, the phrase "such as" renders the claim indefinite because it is unclear whether the limitations following the phrase are part of the claimed invention. See MPEP § 2173.05(d).

**Examiner Note:**

This form paragraph must be preceded by form paragraph 7.34.01.

**¶ 7.34.11 Modifier of "Means" Lacks Function**

Regarding claim **[1]**, the word "means" is preceded by the word(s) "**[2]**" in an attempt to use a "means" clause to recite a claim element as a means for performing a specified function. However, since no function is specified by the word(s) preceding "means," it is impossible to determine the equivalents of the element, as required by 35 U.S.C. 112, sixth paragraph. See *Ex parte Klumb*, 159 USPQ 694 (Bd. App. 1967).

**Examiner Note:**

1. It is necessary for the words which precede "means" to convey a function to be performed. For example, the phrase "latch means" is definite because the word "latch" conveys the function "latching." In general, if the phrase can be restated as "means for _____," and it still makes sense, it is definite. In the above example, "latch means" can be restated as "means for latching." This is clearly definite. However, if "conduit means" is restated as "means for conduiting," the phrase makes no sense because the word "conduit" has no functional connotation, and the phrase is indefinite.

2. This form paragraph must be preceded by form paragraph 7.34.01.

**¶ 7.34.12 Essential Steps Omitted**

Claim **[1]** rejected under 35 U.S.C. 112, second paragraph, as being incomplete for omitting essential steps, such omission amounting to a gap between the steps. See MPEP § 2172.01. The omitted steps are: **[2]**

**Examiner Note:**

1. This rejection must be preceded by form paragraph 7.30.02 or 7.103.

2. In bracket 2, recite the steps omitted from the claims.

3. Give the rationale for considering the omitted steps critical or essential.

*¶ 7.34.13 Essential Elements Omitted*

Claim **[1]** rejected under 35 U.S.C. 112, second paragraph, as being incomplete for omitting essential elements, such omission amounting to a gap between the elements. See MPEP § 2172.01. The omitted elements are: **[2]**

**Examiner Note:**

1.   This rejection must be preceded by form paragraph 7.30.02 or 7.103.

2.   In bracket 2, recite the elements omitted from the claims.

3.   Give the rationale for considering the omitted elements critical or essential.

*¶ 7.34.14 Essential Cooperative Relationships Omitted*

Claim **[1]** rejected under 35 U.S.C. 112, second paragraph, as being incomplete for omitting essential structural cooperative relationships of elements, such omission amounting to a gap between the necessary structural connections. See MPEP § 2172.01. The omitted structural cooperative relationships are: **[2]**

**Examiner Note:**

1.   This rejection must be preceded by form paragraph 7.30.02 or 7.103.

2.   In bracket 2, recite the structural cooperative relationships of elements omitted from the claims.

3.   Give the rationale for considering the omitted structural cooperative relationships of elements being critical or essential.

*¶ 7.34.15  Rejection Under 35 U.S.C. 112, Pro Se*

Claim **[1]** rejected as failing to define the invention in the manner required by 35 U.S.C. 112, second paragraph.

The claim(s) are narrative in form and replete with indefinite and functional or operational language. The structure which goes to make up the device must be clearly and positively specified. The structure must be organized and correlated in such a manner as to present a complete operative device. The claim(s) must be in one sentence form only. Note the format of the claims in the patent(s) cited.

*¶ 7.35 Rejection, 35 U.S.C. 112, 2nd Paragraph, Failure To Particularly Point Out And Distinctly Claim - Omnibus Claim*

Claim **[1]** rejected under 35 U.S.C. 112, second paragraph, as being indefinite in that it fails to point out what is included or excluded by the claim language.  This claim is an omnibus type claim.

**Examiner Note:**

1.   This rejection must be preceded by form paragraph 7.30.02 or 7.103.

2.   Use this paragraph to reject an "omnibus" type claim. No further explanation is necessary.

3.   See  MPEP § 1302.04(b) for cancellation of such a claim by examiner's amendment upon allowance.

4.   An example of an omnibus claim is: "A device substantially as shown and described."

*¶ 7.35.01 Trademark or Trade Name as a Limitation in the Claim*

Claim **[1]** contains the trademark/trade name **[2]**.  Where a trademark or trade name is used in a claim as a limitation to identify or describe a particular material or product, the claim does not comply with the requirements of  35 U.S.C. 112, second paragraph.  See *Ex parte Simpson*, 218 USPQ 1020 (Bd. App. 1982). The claim scope is uncertain since the trademark or trade name cannot be used properly to identify any particular material or product.  A trademark or trade name is used to identify a source of goods, and not the goods themselves.  Thus, a trademark or trade name does not identify or describe the goods associated with the trademark or trade name.  In the present case, the trademark/trade name is used to identify/describe **[3]** and, accordingly, the identification/description is indefinite.

**Examiner Note:**

1.   In bracket 2, insert the trademark/trade name and where it is used in the claim.

2.   In bracket 3, specify the material or product which is identified or described in the claim by the trademark/trade name.

## 706.03(k)   Duplicate Claims

Inasmuch as a patent is supposed to be limited to only one invention or, at most, several closely related indivisible inventions, limiting an application to a single claim, or a single claim to each of the related inventions might appear to be logical as well as convenient. However, court decisions have confirmed applicant's right to restate (i.e., by plural claiming) the invention in a reasonable number of ways. Indeed, a mere difference in scope between claims has been held to be enough.

Nevertheless, when two claims in an application are duplicates, or else are so close in content that they both cover the same thing, despite a slight difference in wording, it is proper after allowing one claim to object to the other claim under 37 CFR 1.75 as being a substantial duplicate of the allowed claim.

Form paragraphs 7.05.05 and 7.05.06 may be used where duplicate claims are present in an application.

*¶ 7.05.05 Duplicate Claims, Warning*

Applicant is advised that should claim **[1]** be found allowable, claim  **[2]** will be objected to under  37 CFR 1.75 as being a substantial duplicate thereof.  When two claims in an application are duplicates or else are so close in content that they both cover the same thing, despite a slight difference in wording, it is proper after allowing one claim to object to the other as being a substantial duplicate of the allowed claim. See MPEP § 706.03(k).