```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS

                                      Civil Action
                                      No. 05-12237-WGY

* * * * * * * * * * * * * * * * *
                                *
AMGEN, INC.,                    *
                                *
         Plaintiff,             *
                                *
v.                              *     MARKMAN HEARING
                                *
F. HOFFMANN-LA ROCHE LTD,       *
ROCHE DIAGNOSTICS GmbH and      *
HOFFMANN-LA ROCHE, INC.,        *
                                *
         Defendants.            *
                                *
* * * * * * * * * * * * * * * * *

         BEFORE:  The Honorable William G. Young,
                  District Judge

APPEARANCES:

         DUANE MORRIS LLP (By Michael R. Gottfried,
    Esq.), 470 Atlantic Avenue, Suite 500, Boston,
    Massachusetts 02210
         - and -
         DAY CASEBEER MADRID & BATCHELDER, LLP (By
    Lloyd R. Day, Jr., Esq., Linda A. Sasaki-Baxley,
    Esq. and Jonathan Loeb, Ph.D.) 20300 Stevens Creek
    Boulevard, Suite 400, Cupertino, California 95014
         - and -
         McDERMOTT WILL & EMERY (By William G.
    Gaede, III, Esq.), 3150 Porter Drive, Palo Alto,
    California 94304
         - and -
         WENDY A. WHITEFORD, ESQ., Of Counsel,
    Amgen, Inc., One Amgen Center Drive, Thousand
    Oaks, California 91320-1789, on behalf of the
    Plaintiff


                                      1 Courthouse Way
                                      Boston, Massachusetts

                                      April 17, 2007
```

Page 106

1  THE COURT: I heard someone say, "Yes, we are" and
2  that's about all I need hear.
3  MR. FLEMING: Well, your Honor, just for your
4  endorsement, we have agreed that Dr. Strickland would be
5  submitted for an additional deposition. It would be for two
6  hours, and of course we're trusting in Dr. Strickland's good
7  faith in responding to questions as opposed to not
8  responding, and it will be done at a mutual time and place.
9  THE COURT: Thank you. I much appreciate that.
10  Now, here's what I'm prepared to rule on which I,
11  which I hope will be helpful because there's an outstanding
12  motion about the assertion by Amgen of the attorney-client
13  privilege against Roche's claim that, especially the
14  testimony, or almost entirely the testimony of Mr. Boron, an
15  attorney, has waived the attorney-client privilege either
16  generally or to a very great extent.
17  I make the following rulings on that motion. In
18  large measure the motion is denied. The disclosures made by
19  Mr. Boron in previous and other litigation do not and cannot
20  be taken as generally waiving the attorney-client privilege.
21  My touchstone, though it's not directly applicable in this
22  case, and is a First Circuit decision in any event, is In re
23  XYZ Corporation, a First Circuit decision written by Judge
24  Selya out of an appeal from this Court which I found very
25  instructive. The fact that some things may be revealed does

Page 107

1  not reveal all.
2  I also call to your attention, and I downloaded
3  this just over the luncheon recess, that the Advisory
4  Committee on Civil Rules, wrestling with the issue of
5  selective waiver, has drafted language dealing with
6  selective waiver as a proposed Rule 502, or an amendment
7  thereto, but at the suggestion of the congress that has
8  proved, the congress has proved interested substantively in
9  issues of privilege, has referred that language to the
10  congress without an expression of an opinion aye or nay.
11  That's just because it's in the area and the Advisory
12  Committee notes are in the area.
13  All right. I said it was generally denied. But,
14  when I look at items 49 and 50, I do think, given the
15  matters at issue in this case, that Boron's testimony in the
16  respects set forth, and I will say I think Amgen's rebuttal
17  has accurately characterized that testimony, and I'm relying
18  upon that having checked those out with some care, I think
19  that does open up the following. I think Roche is entitled
20  to know where Mr. Boron got that information and when. And
21  if he got that information as to items 49 and 50 from
22  another Amgen attorney, which may well be the case, Roche is
23  entitled to know where that attorney got his information and
24  when. Not the substance of the communications, just from
25  whom and when. To that extent the motion is allowed and in

Page 108

1  all other respects it's denied.
2  I think that brings to an end the things that --
3  excuse me. I do apologize. -- the things that I'm prepared
4  to do and are ripe for doing this afternoon.
5  Are there other matters? Ms. Ben-Ami first.
6  MS. BEN-AMI: I think there's a housekeeping-like
7  matter, your Honor. You gave Amgen an extension on an
8  expert report to April 30th.
9  THE COURT: I did. Yes.
10  MS. BEN-AMI: But you didn't give us any time to
11  reply.
12  THE COURT: We'll give you some time to reply, two
13  weeks after that.
14  MS. BEN-AMI: I think under the normal reports we
15  had three weeks.
16  THE COURT: You may have. Now you have two. We're
17  getting closer. Look at all these people.
18  MR. DAY: Your Honor?
19  THE COURT: Two weeks is fine.
20  MS. BEN-AMI: Your Honor, this --
21  THE COURT: If you want quick rulings you'll get
22  them. That's my ruling.
23  Anything else?
24  MR. DAY: Yes, your Honor. Two things, if I may,
25  two very brief things.

Page 109

1  First of all, your Honor granted Roche a 30 day
2  extension in which to respond to supplement their answers to
3  interrogatories on Amgen's invalidity and you timed that
4  from the date of the Markman ruling. And it would seem to
5  me that we've had that ruling today, but the Court may
6  disagree, and I would like to get a determination as to when
7  Roche is required to respond to that.
8  THE COURT: Thirty days from today.
9  MR. DAY: Okay.
10  THE COURT: Even though I took one thing under
11  advisement, I was thinking of the hearing. I'm sensitive --
12  this is on the running trial list for September?
13  MR. DAY: Yes, sir.
14  THE COURT: October? September. September it is.
15  MR. DAY: The second item, and the second item is
16  very similar to the point that Ms. Ben-Ami just raised.
17  Amgen filed a motion last week after we had received 16
18  expert reports from Roche detailing their invalidity
19  defenses.
20  THE COURT: Yes. I'm not, I'm not going to accept
21  argument on discovery motions. And I only ruled on her
22  request because I had it very much in mind what I had done.
23  These, I've got these here. And with respect to other
24  pending motions, I have to sort through them.
25  MR. DAY: I appreciate that. The only thing I want