125 SUMMER STREET  BOSTON MA 02110-1618
T 617 443 9292  F 617 443 0004  WWW.BROMSUN.COM

BROMBERG ✶ SUNSTEIN LLP

EXHIBIT F

NICOLE A. RIZZO
T 617 443 9292 X 354
NRIZZO@BROMSUN.COM

May 3, 2007

**Via E-mail**

Kevin M. Flowers, Esq.
Marshall Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606

Re   *Amgen, Inc. v. F. Hoffmann-La Roche Ltd*, et al, C.A. 05-12237
     Our File   3099/501

Dear Kevin:

As you know, at the April 17, 2007 hearing, the Court granted in part Roche's Motion to Compel the Production of Documents Improperly Withheld on Grounds of Privilege (Docket No. 336). *See* Court's Order of April 17, 2007. Specifically, the Court found that given the important issues raised in Mr. Borun's testimony referenced in Appendix A at summary numbers 49 and 50, "Roche is entitled to know where Mr. Borun got that information and when." Markman Hearing Transcript at 107 (April 17, 2007). Also, if the information came from another Amgen attorney, "where that attorney got his information and when . . . from whom and when." *Id.* Thus, Roche seeks to schedule a mutually convenient time to resume Mr. Borun's deposition in order to permit further questioning as ordered by the Court.

The testimony referenced in number 49 and 50 concerns the issue of Amgen's withholding of material data relating to glycosylation differences between recombinant and human urinary erythropoietin in its 1984 submission to the USPTO. Mr. Borun's trial testimony in *Amgen, Inc v. Hoechst Marion Roussel, Inc.* and in *Hoechst v. Kirin-Amgen* (summarized in Appendix A of Roche's motion at numbers 49 and 50, respectively) revealed that he learned at least in 1990 that the 1984 submission of the hexose value of the recombinant product was most likely incorrect and that the 1984 submission of the fucose value for the recombinant and the urinary product was also likely incorrect. *See Amgen v. Hoechst* Tr. Trans. Vol. 21, p. 2854, 12-20; *Hoechst v. Kirin-Amgen* Tr. Trans., 450. Mr. Borun had received a package of information from Dr. Joan Egrie in November 1984 which reported that these EPOs have

Kevin M. Flowers, Esq.
Marshall Gerstein & Borun LLP
May 3, 2007
Page 2

the same molecular weight and that the recombinant EPO is glycosylated to the same extent as the urinary EPO.

He further testified that despite becoming aware of this information in 1990 in connection with the *Fritsch v. Lin* Interferences, he decided to file a continuation application, including the information he then knew to be incorrect, for the purpose of preserving the original filing date. *Amgen v. Hoechst* Tr. Trans. Vol. 21, p. 2856, 18-21. Mr. Borun further testified that, upon hearing that the data in the patent specification was incorrect, "South African counsel . . . said take it out," and "the European Board of Appeals said: well, get it out of there." *Amgen v. Hoescht*, Tr. Trans., Vol. 21, p. 2858, 5-11.

The Court has ordered that Roche is entitled to know the circumstances leading up to Mr. Borun's knowledge of this information and to that end, Roche accordingly will continue Mr. Borun's deposition for additional questioning on this topic.

Please contact me as soon as possible to discuss possible dates for scheduling Mr. Borun's resumed deposition. Thank you for your attention to this matter.

Sincerely,

Nicole A. Rizzo

NAR/

cc: Deborah E. Fishman, Esq.
Thomas F. Fleming, Esq.
Patricia A. Carson, Esq.
Krista M. Rycroft, Esq.
Lee C. Bromberg, Esq.

03099/00501 658862.1