# McDermott Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

William G. Gaede III
Attorney at Law
wgaede@mwe.com
650.813.5035

May 16, 2007

RECEIVED
MAY 1 8 2007
Bromberg & Sunstein, LLP

**VIA E-MAIL AND FEDERAL EXPRESS**

Nicole A. Rizzo
Bromberg Sunstein LLP
125 Summer Street
Boston, MA 02110

Re: *Amgen Inc. v. F. Hoffmann-La Roche Ltd., et al.*
Case No. 05 Civ. 12237 WGY

Dear Nicole:

I write in response to your May 3, 2007 letter seeking to schedule a deposition with Mr. Borun concerning items 49 and 50 of Appendix A of Roche's Motion to Compel Production of Documents Improperly Withheld on Grounds of Privilege. We disagree with your position that Roche is entitled to depose Mr. Borun further, and that the Court's Order entitles Roche "to know the circumstances leading up to Mr. Borun's knowledge of this information," as your letter states. Indeed, there is no statement by the Court to that effect, and Amgen will not make Mr. Borun available for a deposition.

As you know, Roche broadly moved for the Court to declare that Amgen had waived the attorney-client privilege and must produce the withheld documents. Roche's Motion further stated that Amgen "must submit to further depositions with respect to documents" that would be ordered produced. The Court denied Roche's motion in entirety except to a very limited extent.

First, the Court did not order that a single withheld document be produced, or that Amgen must provide further deposition testimony. Your contentions of entitlement to a further deposition founder on this ground alone.

Second, the Court ruled as to Items 49 and 50 that Roche is entitled to "know where Mr. Borun got that information and when[,]" and if the information came from an Amgen attorney, "where that attorney got his information and when . . . from who and when." Markman Hearing Transcript at 107 (April 17, 2007). Importantly, the Court further stated that Roche is entitled to know "not the substance of the communications, just from whom and when." Nothing in this

Nicole A. Rizzo
May 16, 2007
Page 2

description states that Roche is entitled to know the circumstances leading up to Mr. Borun's knowledge, and certainly nothing entitles Roche to a further deposition of Mr. Borun to examine such circumstances.

Amgen has queried Mr. Borun and has further performed an investigation analogous to a Rule 30(b)(6) witness due diligence investigation to identify from whom, and when, Mr. Borun learned of the information disclosed in the testimony at issue:

- **Item No. 49.** Mr. Borun's cited to testimony for Item No. 49 reflects what Mr. Borun recalls as to when he got the information. Mr. Borun cannot identify anything more specific than that and cannot identify from whom he received the information. Amgen has been unable to reconstruct when and from whom Mr. Borun may have learned this information, including whether he learned of it from an Amgen attorney.

- **Item No. 50.** Mr. Borun's cited to testimony for Item No. 49 reflects what Mr. Borun recalls as to when he got the information. Mr. Borun cannot identify anything more specific than that and cannot identify from whom he received the information. Amgen has been unable to reconstruct when and from whom Mr. Borun may have learned this information, including whether he learned of it from an Amgen attorney.

The above satisfies the Court's Order. Please contact me to discuss if you have any further questions consistent with the scope of the Court's Order.

Very truly yours,

William G. Gaede, III

cc:   Deborah E. Fishman, Esq.
      Thomas F. Fleming, Esq.
      Patricia A. Carson, Esq.
      Krista M. Rycroft, Esq.
      Lee C. Bromberg, Esq.