# McDermott Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

William G. Gaede III
Attorney at Law
wgaede@mwe.com
650.813.5035

May 31, 2007

**VIA FACSIMILE AND E-MAIL**

Nicole A. Rizzo
Bromberg Sunstein LLP
125 Summer Street
Boston, MA 02110

　　Re:　*Amgen Inc. v. F. Hoffmann-La Roche Ltd., et al.*
　　　　Case No. 05 Civ. 12237 WGY

Dear Nicole:

　　I am in receipt of your letter of Friday, May 25, that addresses my letter of May 16 complying with the Court's Order of April 17 on Roche's Motion to Compel. Your letter agrees that the Court largely denied Roche's Motion to Compel at the April 17 hearing, but contends that the Court ordered a continued deposition of Mr. Borun. We do not agree on several grounds that I raised in my letter of May 16 that your letter fails to address.

　　First, your letter does not point us to any statement on the record where the Court expressly ordered Mr. Borun's deposition to be reopened and testimony pursued.

　　Second, your letter does not dispute that Roche only sought the relief of a deposition *if* the Court ordered the production of further documents. The Court did not order Amgen to produce a single document. As Roche well understood, it would require further deposition only if the substance of privileged communications were at issue through privileged documents being ordered produced. Roche did not request the Court to order a further deposition if Amgen was required to provide information analogous to that of a privilege log, namely, the date and source of the communication.

　　Third, your letter did not dispute that the Court was clear that Roche is entitled to know "not the substance of the communications, just from whom and when" Mr. Borun obtained the information.

Nicole A. Rizzo
May 31, 2007
Page 2

       Your letter attempts to paint a picture of noncompliance, but this is not true. Amgen forthrightly answered in my letter of May 16 the question the Court posed to the extent possible given that these are events from many years ago. As clearly stated in my letter, Mr. Borun has been unable to ascertain any more precisely when he learned of the information in question other than as stated in his testimony, namely, around the time of the interference proceeding. This is not surprising because the events in question occurred more than 15 years ago.

       Further, Mr. Borun and Amgen have been unable to ascertain whether Mr. Borun learned of the information in question from an Amgen attorney, or from a non-attorney, as my letter plainly states. We employed a procedure similar to that of preparing a witness under Rule 30(b)(6) to assure Roche that we had looked into the issue and cannot provide more information in this area. Our letter complied with the Court's directive.

       Moreover, it bears emphasis that given this written record, and the very limited question that the Court posed, any deposition would be remarkably short unless you were intending to question Mr. Borun beyond the simple scope of when and from whom he learned the information. You have the information the Court ordered us to produce, and you have not articulated how this information does not satisfy the Court's Order.

       We remain willing to discuss a mutual resolution to this issue, but do not see any legitimate basis for Roche's claim of entitlement to continue Mr. Borun's deposition, particularly when Amgen has already provided to you the information in compliance with the Court's Order.

Very truly yours,

William G. Gaede, III

cc:     Deborah E. Fishman, Esq.
          Thomas F. Fleming, Esq.
          Patricia A. Carson, Esq.
          Krista M. Rycroft, Esq.
          Lee C. Bromberg, Esq.

MPK 127448-1.041925.0023

# McDermott Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

**DATE:** May 31, 2007

| PLEASE DELIVER TO: | PHONE NO.: | FAX NO.: |
|---|---|---|
| Nicole A. Rizzo, Esq. <br> cc: Lee Carl Bromberg, Esq. <br> Bromberg & Sunstein LLP | 617.443.9292 | 617.443.0004 |
| Patricia A. Carson, Esq. <br> Thomas F. Fleming, Esq. <br> Kaye Scholer LLP | 212.836.8000 | 212.836.8689 |
| Deborah E. Fishman, Esq. <br> Krista M. Rycroft, Esq. <br> Day Casebeer Madrid et al. | 408.873.0110 | 408.873.0220 |

**FROM:** William G. Gaede, III     **PHONE:** (650) 813-5035     **REPLY FAX:** (650) 813-5100

**RE:** *Amgen Inc. v. F. Hoffman-LaRoche LTD, et al.*
Case No. 05 CIV 12237 WGY

| NUMBER OF PAGES, INCLUDING COVER PAGE:  3 | Client Number: 041925-0023 |
|---|---|
| | Requestor #: 08364 |

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the original message to us at the below address by mail. Thank you.

**If you do not receive all of the pages, please call
Sender at the above-referenced phone number as soon as possible**

U.S. practice conducted through McDermott Will & Emery LLP.
3150 Porter Drive     Palo Alto, California 94304-1212     Telephone: 650.813.5000