# EXHIBIT O

Moore Decl to Motion for SJ re ODP - Public

Dockets.Justia.com

CONTAINS CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., </br></br>  Plaintiff, </br></br> v. </br></br> F. HOFFMANN-LAROCHE LTD., a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company and HOFFMANN LAROCHE INC., a New Jersey Corporation, </br></br>  Defendants. | Civil Action No.: 05-12237 WGY |

**PLAINTIFF AMGEN INC.'S RESPONSES TO DEFENDANT'S
THIRD SET OF INTERROGATORIES TO PLAINTIFF (NOS. 19-40)**

Pursuant to Fed. R. Civ. P. 26 and 33, Plaintiff/Counter Defendant Amgen Inc. ("Amgen") hereby responds to "Defendants' Third Set of Interrogatories (Nos. 19-40)."

**PRELIMINARY STATEMENT**

1.   Amgen's responses to Defendants' Third Set of Interrogatories are made to the best of Amgen's present knowledge, information and belief. Amgen's responses are subject to amendment and supplementation should future investigation and discovery indicate that amendment or supplementation is necessary. Amgen undertakes no obligation, however, to supplement or amend these responses other than as required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Massachusetts.

2.   Amgen's responses to Defendants' Third Set of Interrogatories are made according to information currently in Amgen's possession, custody and control.

1

CONTAINS CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER

3. To the extent that Amgen responds to Defendants' Third Set of Interrogatories by stating information that is private, confidential, highly confidential, proprietary, trade secret or otherwise protected from disclosure, Amgen will respond pursuant to the terms of the Protective Order in this case.

4. Amgen reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of any information, document or thing produced in response to Defendants' Interrogatories as evidence in any subsequent proceeding, hearing, or trial in this or any other action for any purpose whatsoever.

## GENERAL OBJECTIONS

Amgen makes the following objections to each and every instruction, definition, and interrogatory in Defendants' Third Set of Interrogatories:

1. Amgen incorporates by reference the General Objections set forth in Amgen's responses to Defendants' Requests for Production of Documents and Things.

2. Roche has produced over 5,000,000 pages of documents since March 1, 2007. Amgen reserves the right to supplement or amend its responses to these interrogatories after it has had an adequate amount of time to review Roche's voluminous new production and that of any third parties.

3. To the extent that Roche's interrogatories call for expert opinion, Amgen will provide such opinion when it is due under the Court's scheduling order.

## INTERROGATORIES

**INTERROGATORY NO. 19:**

Separately, in claim chart form for each asserted claim of Amgen's patents-in-suit, state in complete detail and identify for each claim limitation all evidence you contend demonstrates that each limitation has adequate written description and is enabled pursuant to 35 U.S.C. § 112, including portions of the respective specifications identified by column and line number and/or

CONTAINS CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER

**INTERROGATORY NO. 40**

For each asserted claim of the patents-in-suit identified in response to Interrogatory No. 1, (i) separately describe each reason why the claim is not rendered invalid under the claims of U.S. Patent No. 4,667,016 to Lai et al. pursuant to obviousness-type double patenting, and the specific reasons for these contentions, (ii) to the extent that Amgen contends that an asserted claim is patentably distinct from the claims of U.S. Patent No. 4,667,016 to Lai et al., separately list for each asserted claim each claim element or limitation of that asserted claim allegedly not found in the claims of U.S. Patent No. 4,667,016 to Lai et al., and the specific reasons for these contentions, (iii) identify all documents and things that support, refute or otherwise relate to Amgen's response to this interrogatory; and (iv) identify all witnesses with knowledge of same.

**RESPONSE TO INTERROGATORY NO. 40:**

In addition to the General Objections, Amgen makes the following Specific Objections to this interrogatory: Amgen objects to this interrogatory because it is overly broad, unduly burdensome, and lacks relevance under Rule 26 because it seeks Amgen's rebuttals to Roche's obviousness-type double patenting arguments before Roche has explained its arguments with the particularity required by Amgen's Interrogatory Nos. 9 and 11. The Court has granted Amgen's motion to compel Roche to provide complete responses to Amgen's Interrogatory Nos. 9, 10, and 11, which seek detailed explanations of Roche's invalidity contentions.[10] As explained in the motion, the claimed inventions are presumed valid under 35 U.S.C. § 282, and Roche has the burden to set forth with particularity its arguments regarding the validity of the claims-in-suit. Roche's Interrogatory No. 40 is therefore overly broad and unduly burdensome because it requires Amgen to anticipate all arguments Roche *might* raise and provide all relevant supporting evidence before Roche has clearly specified its contentions and the bases underlying such contentions. Roche's allegation that the Lai et al. '016 patent renders all of the claims of the patents-in-suit invalid for obviousness-type double patenting is not even mentioned, much less described with particularity, in its responses to Amgen's Interrogatory Nos. 9 and 11. The

---

[10] 3/28/07 Order Granting Amgen Inc.'s 3/13/07 Motion to Compel from Roche a Complete

only statement that Roche has made regarding obviousness-type double patenting regarding the Lai and Strickland patent is stated in Roche's March 2, 2007 Motion to Amend Their Sixth Affirmative Defense, which merely states:

> 37. The claims of the '868, '933, '698, '080, '349 and '422 patents are invalid for double patenting over claims of Amgen's earlier issued and now expired U.S. Patent No. 4,703,088 [sic] ("the '008 patent") **and U.S. Patent No. 4,667,016**; and the claims of the '349, '933, '080, '422 patents are invalid for double patenting over the claims of the '868 and '698 patents.[11]

*Nowhere* (including in their just-filed First Amended Answer) has Roche actually alleged that any of the claims of the patents-in-suit are invalid for obviousness-type double patenting. The statement in Roche's motion quoted above (which is the same statement they make in their First Amended Answer) is not an adequate response to Amgen's pending interrogatories, and it does not come close to satisfying the requirement that Roche make out a prima facie case to overcome the U.S.C. § 282 presumption of validity. Therefore, Amgen is under no current obligation to respond to this interrogatory. Should Roche comply with the Court's Order and fully and fairly answer Amgen's Interrogatory Nos. 9-11, Amgen will be in position to fully respond to Roche's Interrogatory No. 40. Amgen objects to this interrogatory because it calls for the disclosure of attorney-client privileged communications and attorney work product. Amgen objects to this interrogatory because it prematurely calls for the opinions of Amgen's expert witnesses, which by the Court's order will be provided in the form of report(s) on April 27, 2007.

Subject to and without waiver of these Specific Objections and the General Objections set forth above, which are incorporated herein by reference, and with reservation of its rights to supplement or amend its response to this interrogatory after the claims have been construed and

---

Response to Amgen Interrogatories 9, 10, And 11.

[11] Defendants' March 2, 2007 Motion to Amend Their Sixth Affirmative Defense.

the Court–ordered discovery has been received, Amgen provides the following response to this interrogatory:

The obviousness-type double patenting analysis requires a determination of whether a *claim* in an issued patent or in a patent application under review defines merely an obvious variation of a *claim* in a prior-issued patent or application. Stated another way, to avoid a finding of obviousness-type double patenting, the attacked claim must be deemed "patentably distinct" over the *claim* that is being used as the basis for the obviousness-type double patenting attack. The "two-way test" for obviousness-type double patenting applies if the earlier-issued claims stemmed from a later-filed application, and the delay in prosecution was not the fault of the patent applicant.

The "two-way" test applies to any obviousness-type double patenting analysis of the asserted claims of the patents-in-suit over the Lai and Strickland '016 patent. But even under the one-way test, there is no basis for an obviousness-type double patenting attack on the asserted claims of the patents-in-suit on the basis of the Lai and Strickland '016 patent claims.

The claims of the Lai and Strickland '016 patent are to a process for the *purification* of erythropoietin, while the asserted claims of the patents-in-suit are to processes for *making* (i.e., producing) an in vivo biologically active recombinant erythropoietin, or various in vivo biologically active erythropoietin *products*. There cannot be any legitimate argument that **any** of the purification processes claimed in the Lai and Strickland '016 patent, combined with anything in the prior art to the patents-in-suit, can render **any** of the claims in the patents-in-suit obvious. Nor can there be any legitimate argument that any of the process or product claims in the patents-in-suit, combined with anything in the applicable prior art, can render any of the purification claims in the Lai and Strickland '016 patent obvious. Consequently, the patents-in-

suit cannot be viewed as an unjustified time-wise extension of the Lai and Strickland '016 patent or *vice versa*.

Amgen overcame rejections for obviousness-type double-patenting over the Lai and Strickland '016 patent in the application leading to the '868, '349 and '698 patents (see application Serial No. 113,179) as well as the application that led to the '933 and '080 patents (see application Serial No. 113,178). Thus, the examiners of the patents-in-suit agreed that any obviousness-type double-patenting rejection was improper. Where, as here, the applicant overcame this type of rejection in the Patent Office (a rejection which was erroneous to begin with), Roche bears an even heavier burden in proving obviousness-type double patenting than under the standard presumption of validity.

Dated: April 2, 2007

Respectfully submitted,

AMGEN INC.,
By its attorneys,

_____
D. Dennis Allegretti (BBO# 545511)
Michael R. Gottfried (BBO# 542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (857) 488-4204
Facsimile: (857) 488-4201

Lloyd R. Day, Jr. *(pro hac vice)*
DAY CASEBEER, MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

William Gaede III *(pro hac vice)*

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
Kimberlin L. Morley
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-5000