# EXHIBIT P-1

# MANUAL OF PATENT EXAMINING PROCEDURE

Original Fifth Edition, Dated August 1983

U.S. DEPARTMENT OF COMMERCE

Patent and Trademark Office

The Patent and Trademark Office does not handle the sale of the Manual, distribution of notices and revisions or change of address of those on the subscription list.

Correspondence relating to any of the above items should be sent to the Superintendent of Documents at the following address:

    Superintendent of Documents
    Mail List Section
    Washington, D.C. 20402

Inquiries relating to subscriptions should be directed to:

    Superintendent of Documents
    United States Government Printing Office
    Washington, D.C. 20402

Orders for reproduced copies of individual replacement pages not amounting to a complete revision of the Manual should be sent to the following address:

    Commissioner of Patents and Trademarks
    Attn: Customer Services Division
    Washington, D.C. 20231

The cost per page will be 30¢ (see 37 CFR 1.13(a), 1.21(b) and 1.21(t)).

Charges may be made to deposit accounts if the requester is an account holder in good standing at the time the request is received. Checks or money orders should be made payable to the Commissioner of Patents and Trademarks. Requests must identify the specific pages required and the number of copies of each page.

Employees of the Patent and Trademark Office should direct their requests for the Manual, replacement pages, notices, and revisions to the Scientific Library.

First Edition, November 1949
Second Edition, November 1953
Third Edition, November 1961
Fourth Edition, June 1979
Fifth Edition, August 1983

2. Insert one or more of the following reasons in the bracket:
"the petition has not been diligently filed" (explanation required).;
"the petition lacks the statement required under 37 CFR 1.48(b)(1)";
"it lacks the required fee under 37 CFR 1.17(h)".

¶ 2.13.2 *Correction of Inventorship under 37 CFR 1.48(c), Insufficient*

The petition to correct the inventorship in this application under 37 CFR 1.48(c) requesting addition of an inventor(s) is deficient because [1]

**Examiner Note:**
See paragraph 2.13

¶ 2.14 *Correction of Inventorship Sufficient*
In view of the papers filed [1], it has been found that this application, as filed, through error and without any deceptive intent, improperly set forth the inventorship, and accordingly, this application has been corrected in compliance with 37 CFR 1.48. The inventorship of this application has been changed by [2].

**Examiner Note:**
In bracket 2, insert explanation of correction made, including addition or deletion of appropriate names.

For correction of inventorship in a patent, see 37 CFR 1.324.

### 37 CFR 1.48(b)

37 CFR 1.48(b) provides for deleting the names of persons originally properly included as inventors, but whose invention is no longer being claimed in the application. Such a situation would arise where claims have been amended or deleted because they are unpatentable or as a result of a requirement for restriction of the application to one invention, or for other reasons. A petition under 37 CFR 1.48(b) to delete an inventor would be appropriate prior to an action by the examining group where it is decided not to pursue particular aspects of an invention attributable to some of the original named inventors. However, a petition under 37 CFR 1.48(b) is not an available means to avoid execution of the application as originally filed under 37 CFR 1.53(b) situations. Public Law 98-622 and 37 CFR 1.48(b) change the result reached in *Ex parte Lyon*, 146 USPQ 222, 1965 C. D. 362 (Bd. App. 1964). 37 CFR 1.48(b) requires only a petition and fee with the petition including a statement identifying each named inventor who is being deleted and acknowledging that the inventor's invention is no longer being claimed in the application. The amendment would have to be diligently made under 37 CFR 1.48(b). The statement may be signed by applicant's registered attorney or agent who then takes full responsibility for ensuring that the inventor is not being improperly deleted from the application.

### 37 CFR 1.48(c)

37 CFR 1.48(c) provides for the situation where an application discloses unclaimed subject matter by an inventor or inventors not named in the application as filed. In such a situation, the application may be amended pursuant to 37 CFR 1.48(a) to add claims to the subject matter and also to name the correct inventors for the application. The claims would be added by an amendment and, in addition, an amendment pursuant to 37 CFR 1.48(a) would be required to correct the inventors named in the application. Any claims added to the application must be supported by the disclosure as filed and cannot add new matter.<

## 201.04  Parent Application

The term "parent" is applied to an earlier application of an inventor disclosing a given invention. Such invention may or may not be claimed in the first application. Benefit of the filing date of copending parent application may be claimed under 35 U.S.C. 120.

## 201.04(a)  Original Application

"Original" is used in the patent statute and rules to refer to an application which is not a reissue application. An original application may be a "first" filing or a continuing application.

## 201.05  Reissue Application

A reissue application is an application for a patent to take the place of an unexpired patent that is defective in some one or more particulars. A detailed treatment of reissues will be found in chapter 1400.

## 201.06  Division Application [R-11]

A later application for a distinct or independent invention, carved out of a pending application and disclosing and claiming only subject matter disclosed in the earlier or parent application, is known as a divisional application or "division". >It may be filed pursuant to 37 CFR 1.53, 1.60 or 1.62.< Both must >have at least one common<** applicant. ** The divisional application should set forth only that portion of the earlier disclosure which is germane to the invention as claimed in the divisional application.

In the interest of expediting the processing of newly filed divisional applications, filed as a result of a restriction requirement, applicants are requested to include the appropriate Patent and Trademark Office classification of the divisional application and the status and location of the parent application, on the papers submitted. The appropriate classification for the divisional application may be found in the Office communication of the parent case wherein the requirement was made. It is suggested that this classification designation be placed in the upper right hand corner of the letter of transmittal accompanying these divisional applications.

Use Form Paragraph 2.01 to remind applicant of possible division status.

**¶ 2.01 Definition of division**

This application appears to be a division of application Serial No. [1] filed [2]. A later application for a distinct or independent invention, carved out of a pending application and disclosing and claiming only subject matter disclosed in the earlier or parent application, is known as a divisional application or "division". The divisional application should set forth only that portion of the earlier disclosure which is germane to the invention as claimed in the divisional application.

**Examiner Note:**
[1] In bracket 1, insert the serial No. of parent application.
[2] In bracket 2, insert the filing date of parent application.

A design application >may<** be considered to be a division of a utility application, and is * entitled to the filing date thereof >if<** the drawings of the earlier filed utility application show the same article as that in the design application >sufficiently to comply with 35 U.S.C. 112, first paragraph. However, such a divisional design application may only be filed under the procedure set forth in 37 CFR 1.53, not under 37 CFR 1.60 or 1.62. See MPEP § 1504.20.<.**

While a divisional application may depart from the phraseology used in the parent case there may be no departure therefrom in substance or variation in the disclosure that would amount to "new matter" if introduced by amendment into the parent case. Compare >MPEP< §§ 201.08 and 201.11.

** For notation to be put on the file wrapper by the examiner in the case of a divisional application see >MPEP< § 202.02.

## 201.06(a)  Division-Continuation Program [R-11]

*37 CFR 1.60. Continuation or divisional application for invention disclosed in a prior application*

>(a)< A continuation or divisional application (filed under the conditions specified in 35 U.S.C. 120 or 121 >and § 1.78(a)<), >naming as inventors the same or less than all the inventors named in the prior application and< which discloses and claims only subject matter disclosed in a prior application may be filed as a separate application before the patenting or abandonment of or termination of proceedings on the prior application.

>(b)< An applicant may omit signing of the oath or declaration in a continuation or divisional application if (1) the prior application was a complete application as set forth in in § 1.51(a), (2) applicant files a true copy of the prior complete application as filed including the specification (including claims), drawings, oath or declaration showing the signature or an indication it was signed, and any amendments referred to in the oath or declaration filed to complete the prior application, and (3) the inventors named in the continuation or divisional application are the same or less than all the inventors named in the prior application. The copy of the prior application must be< accompanied by a statement ** that the application papers >filed are<* a true copy of the prior application >and that no amendments referred to in the oath or declaration filed to complete the prior application introduced new matter therein<. Such statement must be >by the applicant or applicant's attorney or agent and must be< a verified statement if made by a person not registered to practice before the Patent and Trademark Office. Only amendments reducing the number of claims or adding a reference to the prior application (§ 1.78(a)) will be entered before calculating the filing fee and granting of the filing date. >If the continuation or divisional application is filed by less than all the inventors named in the prior application a statement must accompany the application when filed requesting deletion of the names of the person or persons who are not inventors of the invention being claimed in the continuation or divisional application.<

>37 CFR<* 1.60 PRACTICE

The >37 CFR< 1.60 practice was developed to provide a procedure for filing a continuation or divisional application where hardships existed in obtaining the signature of the inventor on such an application during the pendency of the prior application. It is suggested that the use of the >37 CFR< 1.60 practice be limited to such instances in view of the additional work required by the Office to enter preliminary amendments. >If no hardship exists in obtaining the signature of the inventor, the application should be filed under 37 CFR 1.53, not under 37 CFR 1.60. It is pointed out that a continuation or divisional application may be filed under 37 CFR 1.53, 1.60 or 1.62.<

>37 CFR<* 1.60 practice permits persons having authority to prosecute a prior copending application to file a continuation or divisional application without requiring the inventor to again execute an oath or declaration under 35 U.S.C. 115, if the continuation or divisional application is an exact copy of the prior application as executed and filed. It is not necessary to file a new oath or declaration which includes a reference to the non-filing of an application for an inventor's certificate in >37 CFR< 1.60 applications filed after May 1, 1975. Likewise, it is not necessary to have the inventor sign a new oath or declaration merely to include a reference to the duty of disclosure if the parent application was filed prior to January 1, 1978 or to indicate that the inventor has reviewed and understands the contents of the application if the parent application was filed prior to October 1, 1983. Where the immediate prior application was not signed (for example, where it was filed under the former >37 CFR< 1.147 or current >37 CFR< 1.60 or >37 CFR< 1.62 practice), a copy of the most recent application having a signed oath or declaration in the chain of copending prior applications under 35 U.S.C. 120 must be used.

The basic concept of >37 CFR< 1.60 practice is that since the inventor has already made the affirmation required by 35 U.S.C. 115, it is not necessary to make another affirmation in a later application that discloses and claims only the same subject matter. It is for this reason that a >37 CFR< 1.60 application must be an exact duplicate of an earlier application executed by the inventor. It is permissible to retype pages to provide clean copies.

>37 CFR<* 1.60 APPLICATION CONTENT

As mentioned previously, a >37 CFR< 1.60 application must consist of a copy of an executed application as filed (specification, claims, drawings and oath or declaration). The use of transmittal form 3.54 is urged since it acts as a checklist for both applicant and the Office. >If an application is filed under 37 CFR 1.60, all requirements of that rule must be met.<



Although a copy of all original claims in the prior application must appear in the >37 CFR< 1.60 application, some of the claims may be canceled by request in the >37 CFR< 1.60 application in order to reduce the filing fee >,however, one original must remain at the time of granting the filing date< (see form 3.54, item >6<*). Any preliminary amendment presenting additional claims (claims not in the prior application as filed) should accompany the request for filing an application under >37 CFR< 1.60, but such an amendment will not be entered until after the filing date has been granted. Any claims added by amendment should be numbered consecutively beginning with the number next following the highest numbered original claim in the prior executed application. Amendments made in the prior application do not carry over into the >37 CFR< 1.60 application. Any preliminary amendment should accompany the >37 CFR< 1.60 application and be directed to "the accompanying >37 CFR< 1.60 application" and not to the prior application.

All application copies must comply with 37 CFR 1.52 and must be on paper which permits entry of amendments thereon in ink.

>A copy<* of the application must be prepared and submitted by the applicant, or his >or her< attorney or agent, and >include a statement that it is a true copy<**. The copy of the oath or declaration need not show a copy of the inventor's or notary's signature provided that all other data is shown and an indication is made >on the oath or declaration< that the oath or declaration has been signed. >For example, if the inventor's or notary's signature is not shown on the copy of the oath or declaration, the notation "/s/" may be added to the copy of the oath or declaration on the line provided for the signature to indicate that the original oath or declaration was signed.<

In order to obtain a filing date under >37 CFR< 1.60 a copy of all pages of the application, including description, claims, any drawings and oath or declaration, are required to be submitted. If all pages are not submitted, remedy is by way of petition under >37 CFR< 1.183 and payment of the fee under >37 CFR< 1.17(h).

Claims for priority rights under 35 U.S.C. 119 must be made in >37 CFR< 1.60 applications if it is desired to have the foreign priority data appear on the issued patent. *In re Van Esdonk*, 187 USPQ 671 (Comm'r Pat. 1975). Reference should be made to certified copies filed in a prior application if reliance thereon is made.

If the claims presented by amendment in a >37 CFR< 1.60 application are directed to matter shown and described in the prior application but not substantially embraced in the statement of invention or claims originally presented, the applicant should file a supplemental oath or declaration under >37 CFR< 1.67 as promptly as possible.

In view of the fact that >37 CFR< 1.60 applications are limited to continuations and divisions, no new matter may be introduced in a >37 CFR< 1.60 application, 35 U.S.C. 132.

A statement to the effect that the ** submitted copy >is believed< to be a true copy of the prior application as filed to the best of his or her information and belief is a sufficient *, if an explanation is made as to why the statement must be based only on belief.

If the inventorship shown on the original oath or declaration has been changed and approved during the prosecution of the prior application, the >37 CFR< 1.60 application papers must indicate such a change has been made >by providing a copy of the petition for correction of inventorship under 37 CFR 1.48.< and approved in order that the changed inventorship may be indicated in the >37 CFR< 1.60 application. The >37 CFR< 1.60 application papers should also include any additions or changes in an inventor's citizenship, residence or post office address made and approved in the prior application.

If small entity status has been established in a parent application, it is not necessary to again file a verified statement under >37 CFR< 1.27 if the small entity status is desired in a >37 CFR< 1.60 application. The >37 CFR< 1.60 application must however include a reference to the verified statement in the parent application if the small entity, status is still proper and desired (37 CFR 1.28(a)).

>If the parent application was filed by other than the inventor under 37 CFR 1.47, a copy of the petition under 37 CFR 1.47 must also be filed.<

FORMAL DRAWINGS REQUIRED

Formal drawings are required in >37 CFR< 1.60 applications as in other applications. Transfer of drawings from abandoned applications is permitted. >However, a request to transfer drawings from a prior application does not relieve the applicant from the obligation to file a copy of the drawings originally filed in the prior application.< If informal drawings are filed with the application papers, >the examiner should< use Form Paragraph 2.02 for formal drawing requirement.

¶ 2.02 *37 CFR 1.60 Drawing Requirement*
This application, filed under 37 CFR 1.60, lacks formal drawings. The informal drawings filed in this application are acceptable for examination purposes. When the application is allowed, applicant will be required either to submit new formal drawings or to request transfer of the formal drawings from the abandoned parent application.

Any drawing corrections requested but not made in the prior application should be repeated in the >37 CFR< 1.60 application if such changes are still desired. If the drawings were changed during the prosecution of the prior application, such drawings may be transferred, however, a copy of the drawings as originally filed must be included in the >37 CFR< 1.60 application papers to indicate the original content.

Use Form Paragraph 2.04 for instructions to applicant where drawing corrections have been requested in the parent application.

¶ 2.04 *Correction of Drawings in 37 CFR 1.60 Cases*
The drawings in this application are objected to by the Draftsman as informal. Any drawing corrections requested but not made in the prior application should be repeated in this application if such changes are still desired. If the drawings were changed during the prosecution

of the prior application, such drawings may be transferred. However, a copy of the drawings as originally filed must be included in the 37 CFR 1.60 application papers to indicate the original content.

**Examiner Note:**
Use form paragraphs 6.39 and 6.40 with this paragraph.

### COPIES OF AFFIDAVITS

Affidavits and declarations, such as those under >37 CFR< 1.131 and 1.132 filed during the prosecution of the prior application do not automatically become a part of the >37 CFR< 1.60 application. Where it is desired to rely on an earlier filed affidavit, the applicant should make >such<* remarks of record in the >37 CFR< 1.60 application and include a copy of the original affidavit filed in the prior application.

Use Form Paragraph 2.03 for instructions to applicant concerning affidavits and declarations in the parent application.

¶ *2.03 Affidavits and Declarations in Parent Application*
Applicant refers to an affidavit filed in the parent application. Affidavits and declarations, such as those under 37 CFR 1.131 and 37 CFR 1.132, filed during the prosecution of the parent application do not automatically become a part of this application. Where it is desired to rely on an earlier filed affidavit, the applicant should make the remarks of record in the later application and include a copy of the original affidavit filed in the parent application.

### ABANDONMENT OF THE PRIOR APPLICATION

Under >37 CFR< 1.60 practice the prior application is not automatically abandoned upon filing of the >37 CFR< 1.60 application. If the prior application is to be expressly abandoned, such a paper must be signed >in accordance with 37 CFR<** 1.138. A registered attorney or agent not of record acting in a representative capacity under >37 CFR< 1.34(a) may also expressly abandon a prior application as of the filing date granted to a continuing application when filing such a continuing application.

If the prior application which is to be expressly abandoned has a notice of allowance issued therein, the prior application can become abandoned by the nonpayment of the issue fee. However, once an issue fee has been paid in the prior application, even if the payment occurs following the filing of a continuation application under >37 CFR< 1.60, a petition to withdraw the prior application from issue must be filed before the prior application can be abandoned ( >37 CFR< 1.313). The checking of box 8 on form 3.54 is not sufficient to expressly abandon an application having a notice of allowance issued therein and the issue fee submitted (see >MPEP< § 608.02(i)).

If the prior application which is to be expressly abandoned is before the Board of >Patent< Appeals >and<* Interferences, a separate notice should be forwarded by the applicant to such Board, giving notice thereof.

After a decision by the CAFC in which the rejection of all claims is affirmed, proceedings are terminated on the date of receipt of the Court's certified copy of the decision by the Patent and Trademark Office, *Continental Can Company, Inc., et al. v. Schuyler* 168 USPQ 625 (D.C.D.C. 1970). See >MPEP< § 1216.01.

### EXAMINATION

The practice relating to making first action rejections final applies also to >37 CFR< 1.60 applications, see >MPEP< § 706.07(b).

Any preliminary amendment filed with a >37 CFR< 1.60 application which is to be entered after granting of the filing date should be entered by the clerical personnel of the examining group where the application is finally assigned to be examined. Accordingly, these applications should be classified and assigned to the proper examining group by taking into consideration the claims that will be before the examiner upon entry of such a preliminary amendment.

If the examiner finds that a filing date has been granted erroneously because the application was incomplete, the application should be returned to the Application Division via the Office of the Assistant Commissioner for Patents.

**201.06(a)**                                    MANUAL OF PATENT EXAMINING PROCEDURE

Form 3.54 is designed as an aid for use by both applicant and the Patent and Trademark Office and should simplify filing and processing of applications under 37 CFR 1.60.

Form 3.54 Division-continuation program application transmittal form. 37 CFR 1.60

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Docket No.
Anticipated Classification of this application:
Class                Subclass
Prior application:
  Examiner
  Art Unit

THE COMMISSIONER OF PATENTS AND TRADEMARKS
WASHINGTON, D.C. 20231.

SIR: This is a request for filing a ☐ continuation ☐ divisional application under 37 CFR 1.60, of pending prior application serial no. .........
filed on................ (date)............................ of ...............................................(inventor currently of record to prior application)...........................
for...................(title of invention)....................................................................

1. ☐ Enclosed is a complete copy of the prior application including the oath or declaration as originally filed and an affidavit or declaration verifying it as a true copy. (See items 8 and 9 for drawing requirements.)
2. ☐ A verified statement to establish small entity status under 37 CFR 1.9 and 1.27
    ☐ is enclosed
    ☐ was filed in the prior application and such status is still proper and desired (37 CFR 1.28(a)).
3. ☐ The filing fee is calculated below:

CLAIMS AS FILED IN THE PRIOR APPLICATION LESS ANY CLAIMS CANCELED BY AMENDMENT BELOW

| Fee | No. filed | No. extra | Fee for small entity Rate | Fee | OR | Fee for other than small entity Rate | Fee |
|---|---|---|---|---|---|---|---|
| Basic fee | | | | $170 | OR | | $340 |
| Total claims | −20 = | (*) | x 6= | $ | OR | x 12= | $ |
| Independent. claims | − 3 = | (*) | x 18= | $ | OR | x 36= | $ |
| Multiple Dependent Claim Presented | | | +60= | $ | OR | +120= | $ |
| Total | | | | $ | OR | Total | $ |

* If the difference in Column 1 is less than zero, enter "0" in Column 2.

4. ☐ The Commissioner is hereby authorized to charge any fees which may be required, or credit any overpayment to Account No. .................
     A duplicate copy of this sheet is enclosed.
5. ☐ A check in the amount of $........ is enclosed.
6. ☐ Cancel in this application original claims .......... of the prior application before calculating the filing fee. (At least one original independent claim must be retained for filing purposes.)
7. ☐ Amend the specification by inserting before the first line of the sentence: --- this is a
     ☐ continuation,
     ☐ division,
     ☐ of application serial no. ................, filed.....................................
8. Transfer the drawings from the prior application to this application and abandon said prior application as of the filing date accorded this application. A duplicate copy of this sheet is enclosed for filing in the prior application file. (May only be used if signed by person authorized by 37 CFR 1.138 and before payment of base issue fee.)
9. ☐ New formal drawings are enclosed.
10. ☐ Priority of application serial no. ............. filed on .......... in (country) is claimed under 35 U.S.C. 119.
     The certified copy has been filed in prior application serial no. .........., filed
11. ☐ The prior application is assigned of record to
12. ☐ The power of attorney in the prior application is to _____.
                                                (name, registration number, and address)
    a. ☐ The power appears in the original papers in the prior application.
    b. ☐ Since the power does not appear in the original papers, a copy of the power in the prior application is enclosed.
    c. ☐ Address all future communications to ...................... (May only be completed by applicant, or attorney or agent of record.)
13. ☐ A preliminary amendment is enclosed. (Claims added by this amendment have been properly numbered consecutively beginning with the number next following the highest numbered original claim in the prior application.)
14. ☐ I hereby verify that the attached papers are a true copy of prior application serial no. ................. as originally filed on ............

The undersigned declare further that all statements made herein of his or her own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

_____                                    _____
(date)                                                                  (signature)

Address of signatory:

...................................                             ☐ Inventor(s)
                                                                ☐ Assignee of complete interest
...................................                             ☐ Attorney or agent of record
                                                                ☐ Filed under § 1.34(a)

### 201.06(b)  File Wrapper Continuing Procedure [R-11]

*37 CFR 1.62 File wrapper continuing procedures*

(a) A continuation, continuation-in-part, or divisional application, which uses the specification >,<* drawings >and oath or declaration< from a prior >complete< application >(§ 1.51(a)) which is< to be abandoned, may be filed before the payment of the issue fee, abandonment of, or termination of proceedings on a prior application. The filing date of an application filed under this section is the date on which a request is filed for a application under this section including identification of the Serial Number, filing date, and applicant's name of the prior >complete< application. >If the continuation, continuation-in-part, or divisional application is filed by less than all the inventors named in the prior application a statement must accompany the application when filed requesting deletion of the names of the person or persons who are not inventors of the invention being claimed in the continuation, continuation-in-part, or divisional application.<

(b) The filing fee for a continuation, continuation-in-part, or divisional application under this section is based on the number of claims remaining in the application after entry of any preliminary amendment and entry of any amendment under § 1.116 unentered in the prior application which applicant has requested to be entered in the continuing application.

(c) In the case of a continuation-in-part application which adds and claims additional disclosure by amendment, an oath or declaration as required by § 1.63 must also be filed. >In those situations where a new oath or declaration is required due to additional subject matter being claimed, additional inventors may be named in the continuing application.< In a continuation or divisional application which discloses and claims only subject matter disclosed in a prior application, no additional oath or declaration is required >and the application must name as inventors the same or less than all the inventors named in the prior application<.

(d) If an application which has been accorded a filing date pursuant to paragraph (a) of this section does not include the appropriate >basic< filing fee pursuant to paragraph (b) of this section, or an oath or declaration by the applicant in the case of a continuation-in-part application pursuant to paragraph (c) of this section, applicant will be so notified and given a period of time within which to file the fee, oath, or declaration and to pay the surcharge as set forth in § 1.16(e) in order to prevent abandonment of the application. The notification pursuant to this paragraph may be made simultaneously with any notification of a defect pursuant to paragraph (a) of this section.

(e) An application filed under this section will utilize the file wrapper and contents of the prior application to constitute the new continuation, continuation-in-part, or divisional application but will be assigned a new application serial number.

(f) The filing of an application under this section will be construed to include a waiver of secrecy by the applicant under 35 U.S.C. 122 to the extent that any member of the public who is entitled under the provisions of 37 CFR 1.14 to access to, or information concerning either the prior application or any continuing application filed under the provisions of this section may be given similar access to, or similar information concerning, the other application(s) in the file wrapper.

(g) The filing of a request for a continuing application under this section will be considered to be a request to expressly abandon the prior application as of the filing date granted the continuing application.

(h) The applicant is urged to furnish the following information relating to the prior >and continuing applications<* to the best of his or her ability:

(1) Title as originally filed and as last amended;
(2) Name of applicant as originally filed and as last amended;
(3) Current correspondence address of applicant;
(4) Identification of prior foreign application and any priority claim under 35 U.S.C. 119.
>(5) The title of the invention and names of the applicants to be named in the continuing application.<

(i) Envelopes containing only application papers and fees for filing under this section should be marked "Box FWC".

An applicant may file a continuation or division of a pending patent application by simply filing a request therefor >under 37 CFR 1.62 identifying the series code and serial number, or serial number and filing date of the prior complete application< and paying the necessary application filing fee. >The filing of a copy of the prior application (required under 37 CFR 1.60) is unnecessary and improper under the procedure set forth in 37 CFR 1.62.< To file a continuation-in-part application, an amendment >(not a new specification)< adding the additional subject matter and an oath or declaration relating thereto >are<* also required.

The "file wrapper continuing" (FWC) procedure is set forth in >37 CFR< 1.62. Under this simplified procedure, any continuing application such as a continuation, continuation-in-part, or divisional application may be filed.** The papers in the copending prior application, which application will become automatically expressly abandoned >will be used and any changes thereto desired when filing the FWC application must be made by amendment<. Under the FWC procedure, a new serial number is assigned and the specification, drawings and other papers in the parent application file wrapper are used as the papers in the continuing application. Changes in inventorship may be made. The "file wrapper continuing" (FWC) procedure is available for utility, design, plant, and reissue applications to >file continuing applications of the same type (utility, design, plant, reissue) as the parent application<**. Use of the FWC