UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EXHIBIT K, Part 1

| | |
|---|---|
| AMGEN INC., <br><br> Plaintiff, <br><br> vs. <br><br> F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GmbH, AND HOFFMANN-LA ROCHE INC., <br><br> Defendants. | CIVIL ACTION No.: 05-cv-12237WGY |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1-12)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff/Counter Defendant Amgen Inc. ("Amgen") hereby supplements its objections and responses to Defendants' First Set of Interrogatories (Nos. 1-12).

**PRELIMINARY STATEMENT**

1. Amgen's responses to Defendants' First Set of Interrogatories are made to the best of Amgen's present knowledge, information and belief. Amgen's responses are subject to amendment and supplementation should future investigation indicate that amendment or supplementation is necessary. Amgen undertakes no obligation, however, to supplement or amend these responses other than as required by the Federal Rules of Civil Procedure of the Local Rules of the United States District Court for the District of Massachusetts.

2. Amgen's responses to Defendants' First Set of Interrogatories are made according to information currently in Amgen's possession, custody and control.

3. To the extent that Amgen responds to Defendants' First Set of Interrogatories by stating information that private, confidential, highly confidential, proprietary, trade secret or otherwise protected from disclosure, Amgen will respond pursuant to the terms of the Protective Order in this case.

4.  Amgen reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of any information, document or thing produced in response to Defendants' Interrogatories as evidence in any subsequent proceeding, hearing, or trial in this or any other action for any purpose whatsoever.

## GENERAL OBJECTIONS

Amgen makes the following objections to each and every instruction, definition, and interrogatory made in Defendants' First Set of Interrogatories: Amgen incorporates by reference the General Objections set forth in Amgen's responses to Defendants' First Set of Requests for Production of Documents and things. Moreover, Roche has produced approximately 1,000,000 pages of documents since December 29, 2006. Amgen reserves the right to supplement or amend its responses to these interrogatories after it has had an adequate amount of time to review Roche's voluminous new production.

### INTERROGATORY NO. 1:

Separately for each claim of each of the patents-in-suit, identify whether Amgen alleges that Roche makes, uses, offers to sell or sells a product that Amgen contends infringes that claim and explain whether the claim is contented to be infringed literally, by the doctrine of equivalents, directly, contributorily, or by inducement; and explain in claim chart form, the particular element or elements of each claim that Amgen contends are present in Roche's accused product or processes for making the Roche product and the construction of each claim element; and identify the person or persons likely to have discoverable information regarding this interrogatory; and all documents and things that support or otherwise refute Amgen's response to this interrogatory.

### RESPONSE TO INTERROGATORY NO. 1:

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this interrogatory: Amgen objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and premature in that Amgen has only received limited discovery from Defendants, and that Defendants have refused to produce relevant evidence that is directly

related to Amgen's infringement contentions. Until such time as Amgen has received such discovery, it cannot provide a complete response to this interrogatory. In particular, Amgen's ability to identify persons, documents, and things, including Roche's peg-EPO product, within Roche's possession, custody or control that relate to the subject matter of this interrogatory is limited by Roche's failure to provide complete responses to Amgen's outstanding discovery requests. Amgen also objects that it cannot provide a complete response at this time because the Court has not yet construed all of the claim terms that Defendants may contest. Amgen further objects to this interrogatory to the extent that it prematurely calls for the opinions of Amgen's expert witnesses, which by the Court's order will be provided in the form of report(s) on April 27, 2007. Amgen objects that the interrogatory is overly broad and unduly burdensome to identify "all documents and things that support or otherwise refute Amgen's response to this interrogatory."

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its right to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen provides the following response to this interrogatory:

Amgen will assert at trial that Roche has directly infringed or will directly infringe the following claims of the patents-in-suit: claims 1-2 of U.S. Patent No. 5,441,868 ("the '868 patent"); claims 4-9 of U.S. Patent of U.S. Patent No. 5,618,698 ("the '698 patent"); claim 7 of U.S. Patent No. 5,756,349 ("the '349 patent"); claim 1 of U.S. Patent No. 5,955,422 ("the '422 patent"); claims 3, 7-9, 11-12, and 14 of U.S. Patent No. 5,547,933 ("the '933 patent"); and claims 3-4 and 6 of U.S. Patent No. 5,621,080 ("the '080 patent") (collectively "the Asserted Claims").

Amgen contends that Defendants literally infringe each and every one of the Asserted Claims, with the sole exception of '080 claims 3-4 and 6. As to those three asserted claims of the '080 patent, at the time Amgen filed its complaint, the '080 claims were construed to literally

encompass polypeptides having 166 amino acids and encompass within the doctrine of equivalents polypeptides having the amino acid sequence of positions 1-165 of Figure 6. Since Amgen's complaint was filed, the Federal Circuit limited the equivalents that could be covered by the '080 claims. This issue has not been finally adjudicated. Roche has refused to produce its peg-EPO product and thus Amgen has been unable to fully characterize that product to determine whether any of Roche's peg-EPO product infringes the '080 claims literally or under the doctrine of equivalents.

Based upon the Court's prior claim construction orders with respect to the patents-in-suit and Amgen's proposed constructions, Amgen currently believes it will not be necessary to prove infringement at trial under the doctrine of equivalents with respect to the remainder of the Asserted Claims. However, if the Court adopts a claim construction that would cause Defendants' peg-EPO product or process to not literally satisfy a limitation of the Asserted Claims, Amgen will prove at trial that Defendants' peg-EPO product or process satisfies such limitation under the doctrine of equivalents because any differences between Defendants' product and processes and the claimed products and processes are insubstantial.

Amgen further contends that Defendants have induced or will induce others to infringe each and every one of the Asserted Claims by making, using, selling, offering to sell, or importing Defendants' peg-EPO. Based upon the provided discovery of Roche's actions to date, Amgen does not currently contend that Defendants are liable for contributory infringement of the Asserted Claims.

In response to Defendants' request that Amgen "explain in claim chart form, the particular element or elements of each claim that Amgen contends are present in Roche's accused product or processes for making the Roche product and the construction of each claim element," Amgen incorporates by reference the chart attached hereto as Exhibit A.

In response to Defendants' request that Amgen "identify the person or persons likely to have discoverable information regarding this interrogatory," Amgen identifies the following persons:

Amgen

Dr. Steven Elliott
c/o Amgen Inc.
One Amgen Center Drive
Thousand Oaks, California 91320-1799

Dr. Fu-Kuen Lin
c/o Amgen Inc.
One Amgen Center Drive
Thousand Oaks, California 91320-1799
(805) 447 1000

Dr. Thomas W. Strickland
c/o Amgen Inc.
One Amgen Center Drive
Thousand Oaks, California 91320-1799
(805) 447 1000

Helen Torley
c/o Amgen Inc.
One Amgen Center Drive
Thousand Oaks, California 91320-1799
(805) 447 1000

Robert Brenner
c/o Amgen Inc.
One Amgen Center Drive
Thousand Oaks, California 91320-1799
(805) 447 1000

Leslie Mirani
c/o Amgen Inc.
One Amgen Center Drive
Thousand Oaks, California 91320-1799
(805) 447 1000

Josh Ofman
c/o Amgen Inc.
One Amgen Center Drive
Thousand Oaks, California 91320-1799
(805) 447 1000

Roche

| George Abercrombie<br>Hoffmann-La Roche Inc.<br>340 Kingsland Street<br>Nutley, New Jersey 07110 | Pascal Sebastian Bailon<br>21 Woodbine Road<br>Florham Park, NJ 07932 |
|---|---|

| | |
|---|---|
| George R. Aranoff<br>615 South Preston Street,<br>Louisville, Kentucky | Anatole Besarab<br>Division of Nephrology and Hypertension<br>Henry Ford Hospital, CFP-511<br>2799 West Grand Boulevard<br>Detroit, Michigan 48202 |
| Ulrich Beyer<br>Pharma Development<br>F. Hoffmann-La Roche Ltd.<br>Grenzacherstrasse 124<br>CH-4070 Basel, Switzerland | Ute Dugan<br>F. Hoffmann-La Roche Ltd.<br>Grenzacherstrasse 124<br>CH-4070 Basel, Switzerland |
| Lars Birgerson<br>F. Hoffmann-La Roche Ltd.<br>Grenzacherstrasse 124<br>CH-4070 Basel, Switzerland | George Esgro<br>Hoffmann-La Roche Inc.<br>340 Kingsland Street<br>Nutley, New Jersey 07110 |
| Michael Brandt<br>Roche Diagnostics GmbH<br>Pharma Research Penzberg<br>Nonnenwaldstrasse 2<br>82372 Penzberg, Germany | Steven Fishbane<br>Winthrop-University Hospital<br>Department of Medicine<br>200 Old Country Rd.<br>Suite 135<br>Mineola, NY 11501 |
| Josef Burg<br>Roche Diagnostics GmbH<br>Pharma Research Penzberg<br>Nonnenwaldstrasse 2<br>82372 Penzberg, Germany | Anton Haselbeck<br>Roche Diagnostics GmbH<br>Pharma Research Penzberg<br>Nonnenwaldstrasse 2<br>82372 Penzberg, Germany |
| William M. Burns<br>Hoffmann-La Roche Inc.<br>340 Kingsland Street<br>Nutley, New Jersey 07110 | Bernd Hilger<br>Roche Diagnostics GmbH<br>Pharma Research Penzberg<br>Nonnenwaldstrasse 2<br>82372 Penzberg, Germany |
| Bernard Canaud<br>Hospital Lapayronie<br>Montpellier, France | Dick Hinson<br>Hoffmann-La Roche Inc.<br>340 Kingsland Street<br>Nutley, New Jersey 07110 |
| Frank C. Dougherty<br>Pharma Development<br>F. Hoffmann-La Roche Ltd.<br>Grenzacherstrasse 124<br>CH-4070 Basel, Switzerland | Eduard Holdener<br>Head Global Pharma Development<br>F. Hoffmann-LaRoche, Ltd.<br>Grenzacherstrasse 124, CH-4070<br>Basel, Switzerland |

In response to Defendants' request to "all documents and things that support or otherwise refute Amgen's response to this interrogatory," in addition to the documents identified in Exhibit A, Amgen also identifies the patents-in-suit, the prosecution histories of the patents-in-suit, Roche's IND (ITC-R-IND-00000001 to ITC-R-IND-00122491), and Roche's BLA (ITC-R-BLA-00000001 to ITC-R-BLA-00152682). Discovery is continuing.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1**

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its right to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen incorporates by reference its previous response and provides the following supplemental response to this interrogatory:

As set forth in Amgen's January 26, 2007, Application for Extension of Time Within Which To File a Petition For Writ of Certiorari to the United States Court of Appeals for the Federal Circuit, Amgen intends to file a Petition for Certiorari to the United States Supreme Court to appeal the aspect of the Federal Circuit's opinion regarding the '080 Patent.

As discovery is ongoing, it is premature to identify each and every person or entity which Defendants have induced or will induce to infringe the Asserted Claims. Amgen preliminarily asserts that Defendants have induced or will induce those persons and entities involved in making, using, offering to sell, or importing Defendants' peg-EPO, including Kuehne + Nagel and other entities involved in distributing Defendants' peg-EPO in the United States, customers who will commercially sell or use Defendants' peg-EPO upon product approval by the FDA, and those entities who are involved in Defendants' current "seeding" and other pre-marketing studies.

**INTERROGATORY NO. 2:**

Identify all current and former employees of Amgen likely to have knowledge of facts in connection to Amgen's assertions within its Amended Complaint to this action, dated April 25,