ITC-R-BLA-00022366–ITC-R-BLA-00039498; ITC-R-BLA-00039875–ITC-R-BLA-00039889; ITC-R-BLA-00047373–ITC-R-BLA-00118973; ITC-R-BLA-00118975–ITC-R-BLA-00151977; ITC-R-BLA-00045320–ITC-R-BLA-00045328; ITC-R-BLA-00045330–ITC-R-BLA-00045373; ITC-R-BLA-00000029–ITC-R-BLA-00000193; ITC-R-BLA-00000692–ITC-R-BLA-00006253; and ITC-R-00091296-309.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its right to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen incorporates by reference its previous response and provides the following supplemental response to this interrogatory:

Additional documents supporting Amgen's response to this interrogatory include: ITC-R-00095645-53; ITC-R-00095939-42; the June 13, 2006 "CERA preliminary draft summary report" produced by Dr. Veng-Pedersen during his deposition (no bates number provided); ITC-R-00095886-895; and ITC-R-BLA-00007247.

**INTERROGATORY NO. 10:**

As to each asserted claim of the patents-in-suit identified in response to Interrogatory No. 1, describe the reasons why each claim is not rendered invalid under the claims of U.S. Patent No. 4,703,008 pursuant to obviousness-type double patenting, the reasons for this contention, including whether 35 U.S.C. § 121 applies as a defense to obviousness-type double patenting, and the identity of all documents and things that support or otherwise refute Amgen's response to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this interrogatory: Amgen specifically objects to this interrogatory on the grounds that it is unduly burdensome and lacks relevance under Rule 26 in that it seeks information regarding non-double patenting before Roche has specified any basis that purportedly would

make such information discoverable. As the claimed inventions are presumed valid per 35 U.S.C. § 282, Roche has the burden to specify its contentions, and the bases therefore, that the Asserted Claims are purportedly invalid for obviousness-type double patenting. Roche's Interrogatory No. 10 is therefore overly broad and unduly burdensome to the extent that it requires Amgen to anticipate all arguments and provide "all document and things" before Roche has specified its contentions and the bases underlying such contentions. When Roche fully and fairly answers Amgen's Interrogatories Nos. 9, 10, and 11, Amgen will be in position to fully respond to Roche's Interrogatory No. 10. Amgen further objects to this interrogatory to the extent that it prematurely calls for the testimony of Amgen's expert witnesses, which by the Court's order will be provided in the form of report(s) on April 27, 2007.

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its rights to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen provides the following response to this interrogatory:

The Asserted Claims are each patentably distinct from the claims of U.S. Patent No. 4,703,008. Specifically, the subject matter as a whole of each Asserted Claim would not have been obvious at the time the inventions were made to a person having ordinary skill in the art to which said subject matter pertains, in light of any particular claim of U.S. Patent No. 4,703,008. Moreover, many of the patents in suit are exempt by action of 35 U.S.C. § 121 because later issued claims were subject to a restriction requirement during the prosecution of the application which issued as U.S. Patent No. 4,703,008, and the later issued claims are consonant with the examiner's restriction requirement. Evidence establishing such exemption can be found in the file histories of Dr. Lin's patents. *See, e.g.*, AM-ITC 00472894-473612; AM-ITC 00460619-465061; AM-ITC 00445844-446192; AM-ITC 00465062-465750; AM-ITC 00474086-474458; AM-ITC 00518308-518591; AM-ITC 00446193-446637; AM-ITC 00473613-474085; AM-ITC 00477099-477563; AM-ITC 00453884-460618; AM-ITC 00508113-508400; AM-ITC

00508847-509548; and AM-ITC 00519544-519809. In addition, the issue of double patenting was raised and addressed in the prosecution of one or more of the patents-in-suit as reflected in the prosecution histories of those patents. Double patenting does not apply to these patents at least for the reasons cited therein.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its right to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen incorporates by reference its previous response and provides the following supplemental response to this interrogatory:

U.S. Patents Nos. 5,547,933, 5,621,080, 5,756,349, 5,618,698, and 5,955,422 are exempt by action of 35 U.S.C. § 121 because later issued claims were subject to a restriction requirement during the prosecution of the application which later issued as U.S. Patent No. 4,703,008 and the later issued claims are consonant with the examiner's restriction requirement.

**INTERROGATORY NO. 11:**

Describe whether Amgen contends that claim 1 of U.S. Patent No. 5,955,422 is not a "product by process claim"[1] and any basis and/or evidence for that contention.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this interrogatory: Amgen specifically objects to this interrogatory on the grounds that it lacks relevance under Rule 26 in that it seeks to label '422 claim 1 into some generic claim category. As the claimed inventions are presumed valid per 35 U.S.C. § 282, Roche has the burden to come forward and specify whether and how any of the claims at issue are purportedly invalid, including claim 1 of the '422 patent referenced in this interrogatory by making specific evidentiary showing and not by some general classification. Subject to and without waiver of

---

[1] For "product by process claims," reference should be made to M.P.E.P. Section 2113.

these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its rights to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen provides the following response to this interrogatory:

Amgen states that the scope of '422 claim 1 is defined by the limitations recited in the claim. A product infringes this claim if it has all the elements of the claim. Similarly, this claim can only be held invalid if all the limitations of the claim as a whole are found to be in the prior art.

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its right to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen incorporates by reference its previous response and provides the following supplemental response to this interrogatory:

Amgen's response to this interrogatory is further supported by the decision of the Federal Circuit in *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1329-30 (Fed. Cir. 2003), in which the court stated:

> [W]e are not convinced that the source limitations in the asserted claims convert the claims into anything other than product claims. . . . As to the '422 patent, the limitation "purified from mammalian cells grown in culture" in claim 1 clearly limits the source of the EPO used in the claimed "pharmaceutical composition." The limitation only speaks to the source of the EPO and does not limit the process by which the EPO is expressed. Rather, the claim is broadly drawn to a "pharmaceutical composition" having certain elements, one of those being EPO "purified from mammalian cells in culture." This reading is in line with the district court's construction and, again, TKT directs us to no error. n5
>
> n5 We do not hold that these limitations lack meaning, only that they mean just what they say. Accordingly, they limit only the source from which the EPO is obtained, not the method by which it is produced.

Accordingly, Amgen contends that Claim 1 is defined by all of its limitations for both infringement and validity.

**INTERROGATORY NO. 12:**

Describe whether Amgen contends that the work of Goldwasser[2] demonstrated a "therapeutically effective amount of human erythropoietin" as these terms were construed in *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, Appeal No. 05-1157 (Fed. Cir. August 3, 2006), any basis and/or evidence for that contention, and the identity of all documents and things that support or otherwise refute Amgen's response to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this interrogatory: Amgen specifically objects to this interrogatory on the ground that the panel decision referenced in the interrogatory is not final. Amgen further objects to this interrogatory on the grounds that it is unduly burdensome and lacks relevance under Rule 26 in that it seeks information apparently as to the validity of '422 claim 1 before Roche has specified any basis that purportedly would make such information discoverable. As the claimed inventions are presumed valid per 35 U.S.C. § 282, Roche has the burden to specify its contentions, and the bases therefore, that any of the Asserted Claims are purportedly invalid. Roche's Interrogatory No. 12 is therefore overly broad and unduly burdensome to the extent that it requires Amgen to anticipate all arguments and provide "all document and things" before Roche has specified its contentions and the bases underlying such contentions. When Roche fully and fairly answers Amgen's Interrogatories Nos. 9, 10, and 11, Amgen will be in position to fully respond to Roche's Interrogatory No. 12. Amgen further objects to this interrogatory to the extent that it prematurely calls for the opinions of Amgen's expert witnesses, which by the Court's order will be provided in the form of report(s) on April 27, 2007.

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its rights to

---

[2] This refers to Goldwasser's work relating to the Clinical Study of Purified Human Erythropoietin (H-EPO), as described in *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, Appeal No. 05-1157 (Fed. Cir. August 3, 2006)

supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen provides the following response to this interrogatory:

The Goldwasser work did not demonstrate a "therapeutically effective amount of human erythropoietin" as its results were at best inconclusive. Amgen identifies below documents it has located to date after a reasonable search which contain information relevant to the failure of the work of Goldwasser to demonstrate a "therapeutically effective amount of human erythropoietin." Amgen's investigation and search for relevant information continues, and Amgen reserves the rights to supplement or amend its response to this interrogatory as its investigation and discovery proceed in this matter. Amgen also reserves the rights to supplement or amend its response to this interrogatory after Roche provides a full and fair response to Amgen's Interrogatories Nos. 9, 10, and 11.

Among the evidence relevant to the failure of the work of Goldwasser to demonstrate a "therapeutically effective amount of human erythropoietin" are documents with the following production number ranges: AM-ITC 01033797; AM-ITC 01033822-823; AM-ITC 01033913-915; AM-ITC 00853544-608; AM-ITC 00838348; AM-ITC 00841480-481; AM-ITC 00842600; AM-ITC 00842603; AM-ITC 00841156; AM-ITC 00842629; AM-ITC 00842342-350; AM-ITC 00854003-024; AM-ITC 00853698-700; AM-ITC 00853736-739; AM-ITC 00853745-747; AM-ITC 00853394-449; AM-ITC 00853470-515; AM-ITC 00843615-624; AM-ITC 00842811; AM-ITC 00853640-642; AM-ITC 00853764-769; AM-ITC 01032931-963; AM-ITC 00536203-264; AM-ITC 00854454-462; AM-ITC 00854487-499; AM-ITC 00854795-797; AM-ITC 00854909-912; AM-ITC 00854903-906; AM-ITC 00940780-863; AM-ITC 00941164-172; AM-ITC 00943209-215; AM-ITC 00944709-715; AM-ITC 00944790-794; AM-ITC 00944858-863; AM-ITC 00944864-872; AM-ITC 00947246-255; AM-ITC 00949333-335; AM-ITC 00951524-543; AM-ITC 00951694-792; AM-ITC 00951793-798; AM-ITC 00951808-813; AM-ITC 00951814-818; AM-ITC 00951819-829; AM-ITC 00951962-2048; AM-ITC 00952049-072; AM-ITC 00952073-096; AM-ITC 00987639-649; AM-ITC 00991032-042; AM-ITC 00991043-044; AM-

ITC 00991045-080; AM-ITC 00991081-083; AM-ITC 01004923-929; AM-ITC 01006613-756; AM-ITC 01006920-923; and AM-ITC 01007030-037.

Further information relevant to the failure of the work of Goldwasser is set forth in the published decisions regarding Dr. Lin's U.S. patents. The pleadings and Amgen's document production from each of these actions, including Dr. Lin's testimony and that of other relevant Amgen employees, have been provided to Roche in response to Roche's First Set of Requests for the Production of Documents and Things in the ITC proceeding.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12**

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its right to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen incorporates by reference its previous response and provides the following supplemental response to this interrogatory:

The Goldwasser experiment did not demonstrate that Dr. Goldwasser's preparation constituted a "therapeutically effective amount of human erythropoietin" because, for example, it did not establish that erythropoietin in Dr. Goldwasser's preparation as administered to the three human subjects caused an increase in hematocrit levels, erythrocyte mass changes, reticulocyte response, and/or ferrokinetic effects.

February 10, 2007

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Kimberlin
Darrell Dotson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
Telephone: (805) 447-5000

AMGEN INC.,

By its attorneys,

_____
WILLIAM G. GAEDE III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

D. DENNIS ALLEGRETTI (BBO#545511)

MICHAEL R. GOTTFRIED (BBO#542156)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephones: (617) 289-9200
Facsimile:  (617) 289-9201

LLOYD R. DAY, JR. (*pro hac vice*)
DAVID M. MADRID (*pro hac vice*)
LINDA A. BAXLEY (*pro hac vice*)
DAY CASEBEER MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile:  (408) 873-0220

MICHAEL F. BORUN (*pro hac vice*)
KEVIN M. FLOWERS (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone: (312) 474-6300
Facsimile:  (312) 474-0448