# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC. | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| F. HOFFMAN-LA ROCHE LTD., a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company, and HOFFMAN-LA ROCHE INC., a New Jersey Corporation | ) C.A. No. 05-12237-WGY |
| | ) |
| | ) |
| | ) |
|       Defendants. | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF AMGEN'S MOTION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS CONTAINING AMGEN'S TRADE SECRETS AND SUBMITTED IN CONNECTION WITH AMGEN'S MOTION FOR SUMMARY JUDGMENT ON ROCHE'S ANTITRUST AND STATE LAW COUNTERCLAIMS

Pursuant to Local Rule 7.2 and the protective order, Plaintiff Amgen, Inc. ("Amgen") submits this memorandum and accompanying declaration in support of its motion to file under seal documents which contain Amgen's confidential and trade secret information.

The confidential information Amgen seeks to file under seal is very limited and specific, and includes: the value of discounts and rebates Amgen provides a large customer, Amgen's cost of goods sold for Aranesp®, and Amgen's actual and estimated gross profit margins for Epogen® from 2005 through 2009. As set forth in the accompanying declaration of Fred Manak ("Manak Declaration"), Amgen's Executive Director of Trade, Pricing, and Contract Management, Amgen considers this type of information extremely confidential and has protected it from public disclosure. Indeed, the continued secrecy of this information is critical as disclosure in the public record would cause Amgen financial and competitive damage. As this information constitutes a trade secret it should not be disclosed in the public record.

Dockets.Justia.com

**I.     The Information At Issue Is Confidential, Not Publicly Available, And Would Cause Harm to Amgen If Revealed.**

    **A.     Exhibit 4 to the Fraser Declaration**

Exhibit 4 is a declaration of Mats Wahlstrom of Fresenius ("Wahlstrom Declaration"), a large Amgen customer.  The Wahlstrom Declaration describes the Amgen/Fresenius supply agreement entered in 2006, which is confidential by its terms.  Fresenius, a non-party to this litigation, has designated the Wahlstrom Declaration highly confidential in its entirety.  Through this motion, Amgen is seeking confidential treatment of its information contained in that declaration.

In particular, Amgen contends that paragraph 8 of the Wahlstrom Declaration reveals Amgen's confidential information regarding the value of discounts and rebates Amgen has agreed to provide to Fresenius in connection with the supply agreement.  Amgen considers the discount structure of the supply agreement to be confidential and has not made such information public.  Public disclosure of the discount terms of the Amgen/Fresenius supply agreement would be extremely harmful to Amgen as other customers could use this information to their advantage in negotiations with Amgen, and competitors could use this information in formulating pricing and other competitive strategies.  This information should not be made public. [1]

    **B.     Exhibits 5 and 11 to the Fraser Declaration**

Exhibit 5 is an excerpt from the expert report of David J. Teece, Ph.D., Amgen's economic expert.  Footnote 322 on page 93 of Exhibit 5 reveals Amgen's cost of goods sold for Aranesp®.  Exhibit 11 is a copy of Exhibit 14 from Professor Teece's expert report which also contains Amgen's cost of goods sold for Aranesp®.  Amgen considers its cost of good sold

---

[1] Specifically, Amgen requests that the two number figures in line four of paragraph 8 in the Wahlstrom Declaration be redacted.

specific to a drug to be confidential and it does not make such information public. Were this information to be publicly disclosed, it could be used by Amgen's competitors in formulating competitive strategies and by customers in future negotiations relating to Aranesp®. This information should not be made public.[2]

### D.     Exhibit 13 to the Fraser Declaration

Exhibit 13 is an excerpt from the expert report of Lauren J. Stiroh, Roche's damages expert. Paragraph 78 and footnote 174 of Stiroh's report contains Amgen's actual and estimated gross profit margins for Epogen® from 2005 through 2009. Amgen treats its Epogen® profit margins as confidential information and does not publicly disclose these figures. Were this information to be publicly disclosed, it could be used by Amgen's competitors in developing strategies to compete with Amgen and by customers in future negotiations. The disclosure of Amgen's Epogen® profit margins would be extremely harmful to Amgen. This information should not be made public. [3]

## II.     The Information At Issue Constitutes Trade Secrets Under Massachusetts Law

Under Massachusetts law, a trade secret is defined as "anything tangible or intangible or electronically kept or stored, which constitutes, represents, evidences or records a secret scientific, technical, merchandising, production or management information, design, process, procedure, formula invention or improvement." Mass. Gen. Laws ch. 255, § 30(4). A trade secret may consist of "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not

---

[2] Specifically with regard to Exhibit 5: Amgen requests that the percentage number provided in the first line of footnote 322 be redacted. With regard to Exhibit 11: Amgen requests that the percentage number provided in the title of the top half of the table be redacted.

[3] Specifically, Amgen requests that the second to last sentence of paragraph 78 in Exhibit 13 be redacted and that the percentage numbers provided in footnote 174 also be redacted.

know or use it." <u>CVD, Inc. v. Raytheon Co.</u>, 769 F.2d 842, 850 (1st Cir. 1985), citing <u>Eastern</u>

<u>Marble Products Corp. v. Roman Marble, Inc.</u>, 372 Mass. 835, 364 N.E.2d 799, 801 (1977).  The

information at issue here falls into the category of a "compilation of information" and allows

Amgen to obtain an advantage over its competitors who do not have access to the information.  <u>See</u>

Manak Declaration ¶¶ 5-7.  This type of information has been protected as trade secrets by courts.

<u>SI Handling Sys., Inc. v. Heisley</u>, 753 F.2d 1244, 1260 (3d Cir. 1985) (noting internal information

related to pricing and profit margin "is not information that is readily obtainable by anyone in the

industry" and thus "qualifies for trade secret protection"); <u>Corporate Relocation, Inc. v. Martin</u>,

2006 U.S. Dist. LEXIS 69098, at *61 (D. Tex. Sept. 12, 2006) (holding pricing and profit

information warrant protection from public disclosure); <u>J.W.S. Delavau Co. v. Lederman</u>, 26 Phila.

338, 348 (Pa. C.P. 1991) (finding cost of goods sold, among other information, to constitute trade

secrets entitled to protection).

Moreover, the cornerstone of a trade secret is secrecy.  <u>CVD, Inc.</u>, 769 F.2d at 850.  In

other words, the party seeking to protect certain information must be able to demonstrate that

reasonable steps have been taken to keep the information secret.  <u>Trent Partners & Assocs. v.</u>

<u>Digital Equip. Corp.</u>, 120 F. Supp. 2d 84, 111 (D. Mass. 1999).  Here, Amgen has kept

confidential the value of discounts and rebates it provides Fresenius, its cost of goods sold for

Aranesp®, and its actual and estimated gross profit margins for Epogen®.  <u>See</u> Manak

Declaration ¶¶ 4-7.  Amgen has taken steps to keep this information out of the public domain and

keep the information confidential.  <u>Id.</u>

Finally, trade secret law is intended to maintain and promote standards of commercial

ethics and fair dealing.  <u>CVD, Inc.</u>, 769 F.2d at 850.  If the information at issue was released into

the public domain, Amgen expects it would be used by Amgen's competitors, as it would inform

their strategies, and customers to unfairly gain an advantage in contract negotiations and elsewhere.

**III.    Conclusion**

For the foregoing reasons, Amgen respectfully requests that its motion to file under seal the specific information contained in Exhibits 4, 5, 11, and 13, and specified in footnotes 1, 2 and 3 of this memorandum, be granted.

Dated:  June 15, 2007                        Respectfully Submitted,


                                             AMGEN INC.,
                                             By its attorneys,


Of Counsel:                                  */s/ Michael R. Gottfried*
                                             D. Dennis Allegretti (BBO#545511)
Stuart L. Watt                               Michael R. Gottfried (BBO# 542156)
Wendy A. Whiteford                           Patricia R. Rich (BBO# 640578)
Monique L. Cordray                           DUANE MORRIS LLP
Darrell G. Dotson                            470 Atlantic Avenue, Suite 500
Kimberlin L. Morley                          Boston, MA 02210
Erica S. Olson                               Telephone: (857) 488-4204
AMGEN INC.                                   Facsimile: (857) 488-4201
One Amgen Center Drive
Thousand Oaks, CA 91320-1789                 Michael Kendall (BBO#544866)
(805) 447-5000                               McDERMOTT WILL & EMERY
                                             28 State Street
                                             Boston, MA 02109
                                             Telephone: (617) 535-4000
                                             Facsimile: (617) 535-3800


                                             Jon B. Dubrow (*pro hac vice*)
                                             McDERMOTT WILL & EMERY
                                             600 13th Street, N.W.
                                             Washington, DC 20005
                                             Telephone: (202) 756-8000
                                             Facsimile: (202) 756-8087


                                             Lloyd R. Day, Jr. (*pro hac vice*)
                                             DAY CASEBEER, MADRID &
                                             BATCHELDER LLP
                                             20300 Stevens Creek Boulevard, Suite 400
                                             Cupertino, CA 95014
                                             Telephone: (408) 873-0110
                                             Facsimile: (408) 873-0220


                                             Kevin M. Flowers (*pro hac vice*)
                                             MARSHALL, GERSTEIN & BORUN LLP
                                             233 South Wacker Drive
                                             6300 Sears Tower
                                             Chicago, IL 60606
                                             Telephone: (312) 474-6300
                                             Facsimile: (312) 474-0448

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants.


*/s/ Michael R. Gottfried*
Michael R. Gottfried

BST99 1544551-1.041925.0056