# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMGEN, INC. | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 05-12237-WGY |
| F. HOFFMAN-LA ROCHE LTD., a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company, and HOFFMAN-LA ROCHE INC., a New Jersey Corporation | ) ) ) ) ) | |
| Defendants. | ) ) | |

**DECLARATION OF FRED MANAK IN SUPPORT OF AMGEN'S MOTION
FOR LEAVE TO FILE UNDER SEAL DOCUMENTS CONTAINING
AMGEN'S TRADE SECRETS AND SUBMITTED IN CONNECTION
WITH AMGEN'S MOTION FOR SUMMARY JUDGMENT ON ROCHE'S
ANTITRUST AND STATE LAW COUNTERCLAIMS**

I, Fred Manak, hereby declare that:

1.      I am the Executive Director of Trade, Pricing, and Contract Management at Amgen Inc. ("Amgen"). I have been an employee at Amgen since February 2003 and have been in my current position since March 2006.

2.      I make this declaration based upon my own personal knowledge, information that has been disclosed to me as described below, and my understanding of Amgen company information.

3.      I have been asked about certain Amgen information that I have been told is included in four documents that are being filed in connection with Amgen's motion for summary judgment. I understand the documents in question correspond to Exhibits 4, 5, 11, and 13 ("the Exhibits") of the Declaration of James M. Fraser In Support of Amgen Inc.'s Motion for Summary

Dockets.Justia.com

Judgment On Roche's Antitrust and State Law Counterclaims and which have been submitted to the Court for *in camera* review. I have not personally reviewed these documents because I understand, based on counsel who is able to review those materials, that they are expert reports or other confidential materials that are not accessible to me pursuant to the protective order. Based on information provided to me about those exhibits, I have sought to determine whether they contain information regarded as trade secrets based upon my work at Amgen. I set forth my evaluation and a detailed description of the information contained in the Exhibits in the paragraphs below.

4.     I understand that Exhibit 4 is a declaration by Mats Wahlstrom of Fresenius, an Amgen customer. I have been told by counsel that Paragraph 8 of Exhibit 4 reveals information on the value of discounts and rebates Amgen has agreed to provide to Fresenius in connection with a supply contract that was signed in 2006. The discount structure of that supply agreement is highly confidential information which has been protected by Amgen and not been made public by Amgen. The supply agreement is confidential by its terms and I believe Fresenius has not publicly revealed the terms of the supply agreement either. Public disclosure of the discount terms of the Fresenius supply agreement would be extremely harmful to Amgen if revealed because it would reveal information that could be used by customers and payers in negotiations with Amgen relating to purchase of Amgen's products. Competitors also could use this information in formulating pricing and other competitive strategies, to Amgen's detriment. This information constitutes a trade secret which should not be disclosed in the public record.

5.     I have been told by counsel that Exhibit 5 is an excerpt from the expert report of David J. Teece, Ph.D. (Amgen's economics expert) in the above-captioned case. I understand that footnote 322 of Exhibit 5 reveals Amgen's cost of goods sold for Aranesp®. Aranesp®'s cost of goods sold is, highly confidential information which is internal to Amgen and is not public.

Public disclosure of the details of Amgen's cost of goods sold would be harmful to Amgen if revealed. Amgen does not publicly disclose its cost of goods sold, and protects that as confidential information in the ordinary course of business. Disclosure of this information publicly would be detrimental because it would reveal information that could be used by customers and payers in negotiations with Amgen relating to Aranesp®. Competitors also could use this information in formulating competitive strategies, to Amgen's detriment. This information constitutes a trade secret which should not be disclosed in the public record.

6.    I have been told by counsel that Exhibit 11 is a copy of Exhibit 14 contained in the expert report of David J. Teece, Ph.D. This document also contains Amgen's cost of goods sold for Aranesp®. This is the same information as described in paragraph 5, and is confidential, and should not be disclosed in the public record, for the same reasons as described in Paragraph 5.

7.    I have been told by counsel that Exhibit 13 is an excerpt from the expert report of Lauren J. Stiroh (Roche's damages expert) in the above-captioned case. I understand that Paragraph 78 and footnote 174 of that report contains Amgen's actual and estimated gross profit margins for Epogen® from 2005 through 2009. Amgen's gross profit margins for Epogen® are highly confidential information which is internal to Amgen and is not made public. Public disclosure of Amgen's Epogen® margins would be extremely harmful to Amgen if revealed because it would reveal information that could be used by customers and payers in negotiations with Amgen. Competitors also could use this information in formulating competitive strategies, to Amgen's

detriment. This information constitutes a trade secret which should not be disclosed in the public record.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: June 15, 2007.

Fred Manak

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Michael R. Gottfried*
Michael R. Gottfried

BST99 1544532-1.041925.0056