# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05-12237 WGY |
| v. ) | |
| ) | |
| ) | |
| F. HOFFMANN-LA ROCHE ) | |
| LTD., a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company and HOFFMANN-LA ROCHE ) | |
| INC., a New Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### AMGEN INC.'S MOTION FOR SUMMARY JUDGMENT
### THAT DR. LIN'S ASSERTED CLAIMS ARE DEFINITE, ADEQUATELY DESCRIBED AND ENABLED

For the reasons set forth in its supporting Memorandum, filed herewith, Plaintiff Amgen Inc. ("Amgen") respectfully submits this motion for summary judgment of Validity as to Definiteness, Written Description and Enablement. In particular, Amgen respectfully requests that the Court grant summary judgment in Amgen's favor that:

(1)   Dr. Lin's claims to the "non-naturally occurring" glycoprotein products set forth in Claims 3, 7-9, 11-12, and 14 of U.S. Patent No. 5,547,933 are definite because one of ordinary skill in the art could readily distinguish between EPO products that naturally occur in nature and those that are produced only though human

intervention.

(2) Dr. Lin's claim to a process for producing erythropoietin using cells that are "capable upon growth in culture of producing erythropoietin in the medium of their growth in excess of 100 U of erythropoietin per $10^6$ cells in 48 hours, as determined by radioimmunoassay," as set forth at claim 7 of U.S. Patent No. 5,756,349, is definite because an ordinarily skilled artisan would understand this term to require:

   (a) The use of cells that produce in excess of 100 U of erythropoietin per $10^6$ cells in 48 hours; and

   (b) A radioimmunoassay results in which one type of antibody and EPO sample are calibrated against a known EPO standard.

(3) Dr. Lin's asserted claims that refer to "human erythropoietin," as that term appears in the various asserted claims of U.S. Patent Nos. 5,547,933; 5,955,422; 5,756,349; 5,441,868; and 5,618,698 are definite because an ordinarily skilled artisan would understand this term to refer to all of the allelic variants of the human erythropoietin amino acid sequence, including EPO products that are produced according to Example 10 of Dr. Lin's patents.

(4) Dr. Lin's claims are described and enabled, because as a matter of law, Dr. Lin must enable one of ordinary skill in the art the full scope of his claimed invention, not how to make pegylated erythropoietin.

## *Request for Oral Argument*

Amgen respectfully requests that the Court hear oral argument regarding this motion.

Dated: June 20, 2007

Respectfully Submitted,
AMGEN INC.,
By its attorneys,

*/s/ Michael R. Gottfried*
Of Counsel:                                   D. DENNIS ALLEGRETTI (BBO#545511)

| | |
|---|---|
| STUART L. WATT | MICHAEL R. GOTTFRIED (BBO# 542156) |
| WENDY A. WHITEFORD | PATRICIA R. RICH (BBO# 640578) |
| MONIQUE L. CORDRAY | DUANE MORRIS LLP |
| DARRELL G. DOTSON | 470 Atlantic Avenue, Suite 500 |
| KIMBERLIN L. MORLEY | Boston, MA 02210 |
| ERICA S. OLSON | Telephone: (857) 488-9200 |
| AMGEN INC. | Facsimile: (857) 488-4201 |
| One Amgen Center Drive | LLOYD R. DAY, JR. (*pro hac vice*) |
| Thousand Oaks, CA 91320-1789 | DAY CASEBEER |
| (805) 447-5000 | MADRID & BATCHELDER LLP |
| | 20300 Stevens Creek Boulevard, Suite 400 |
| | Cupertino, CA 95014 |
| | Telephone: (408) 873-0110 |
| | Facsimile: (408) 873-0220 |

WILLIAM GAEDE III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

KEVIN M. FLOWERS (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

/s/ *Michael R. Gottfried*
Michael R. Gottfried

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants.

/s/ *Michael R. Gottfried*
Michael R. Gottfried