# EXHIBIT 20

Casebeer Decl to Motion for SJ re IC - Public

Dockets.Justia.com



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO |
|---|---|---|---|
| 07313,478 | 10/23/87 | Lin | D-823 |

MICHAEL F. BORUN, ESQ.
MARSHALL, O'TOOLE, GERSTEIN, MURRAY &
BICKNELL
TWO FIRST NATIONAL PLAZA
CHICAGO, IL 60603

EXAMINER: Kushan
ART UNIT: 186
PAPER NUMBER: 21
DATE MAILED: 02/09/90

Please find below a communication from the EXAMINER in charge of this application.

Commissioner of Patents.

See attached.

HOWARD E. SCHAIN
PATENT EXAMINER
GROUP 180 ART UNIT 186

*Howard E. Schain* (signature)

PTOL-90 (REV. 6/84)

1-Patent Application File Copy

274

Serial No. 07/113,178                                              - 2 -

The amendment filed January 11, 1990, has been reviewed and is deemed to overcome the final rejection of claims 76-83 based on the first and second paragraphs of 35 U.S.C. § 112. The rejection based on obviousness-type double patenting, however, has not been overcome, because a terminal disclaimer has not been filed. See Ex parte Stern, 13 U.S.P.Q.2d 1379, 1383 (Bd.Pat.App. & Int. 1989).

Notwithstanding the outstanding obviousness-type double patenting rejection, prosecution in this application is suspended and this application is being forwarded to the Board of Patent Appeals and Interferences for declaration of an interference. An interference will be declared notwithstanding the outstanding obviousness-type double patenting rejection because it is in the public interest that resolution of a priority dispute which exits between this application and another be determined at the same time priority is determined in Patent Interference No. 102,096 and Patent Interference No. 102,097. More particularly, Interference No. 102,096 involves a host cell and a DNA sequence encoding EPO. Interference No. 102,097 involves a method of using the host cell to make rEPO. The new interference will involve rEPO. While the subject matter of the three interferences is deemed to be patentably distinct, that subject matter is nevertheless related. Determination of priority in all three interferences at essentially the same time is in the public interest because it

AM670156559                                                    AM-ITC 00941226

Serial No. 07/113,178                                                    - 3 -

will permit the public to know the true inventor of all three related inventions at the same time and resources of the Patent and Trademark Office at the Board of Patent Appeals and Interferences will be conserved by consolidated consideration of all interferences simultaneously. Moreover, the obviousness-type double patenting issue may be resolved <u>inter partes</u> in the new interference via a motion under 35 U.S.C. § 1.633(a).

To the extent that there exists more than six (6) months between the effective filing date of this application and the other application to be placed in the interference, a Rule 608(b) affidavit in Interference No. 102,096 establishes that the other applicant <u>prima facie</u> made the invention which will be the subject of the new interference prior to the effective filing date of this application.

Approved (MPEP 2303 [5th ed., Rev. 13, Nov. 1989]):

_[signature]_
John Kittle, Director
Patent Examining Group 180

Approved (37 CFR § 1.603; 37 CFR § 1.183):

_[signature]_
Jeffrey M. Samuels
Acting Commissioner of Patents
  and Trademarks

HOWARD E. SCHAIN
PATENT EXAMINER
GROUP 180-ART UNIT 18
_[signature]_

AM670156560                                                      AM-ITC 00941227