# EXHIBIT 22

Casebeer Decl to Motion for SJ re IC - Public

Dockets.Justia.com

**LIN OPPOSITIONS**
Interference Nos. 102,096 and 102,097

## OPPOSITION G—TO MOTION TO COMBINE INTERFERENCE NO. 102,097 WITH THE INSTANT INTERFERENCE

The party Lin opposes the motion of Fritsch et al. (Fritsch) to combine the subject interference with Interference No. 102,097. The motion should be denied for the reasons herein.

Actually, Lin does not understand what Fritsch really means when they say to "combine" the interferences. They are presently being handled concurrently and Lin has no objection to this. In fact, the present separate but concurrent handling of the two interferences is the most effective way of proceeding. All of the advantages relating to judicial economy and administration of justice as listed by Fritsch are presently available as the interferences are set up and functioning. "Combining" the interferences at this stage in some other way would do nothing but complicate matters and make a determination of the real priority issue more difficult. Furthermore, such a "combining" would only serve to prolong the present conflict, a result Fritsch would no doubt find most welcome, and necessitate the filing of additional preliminary motions and preliminary statements as respect to any new count and the issues presented thereby.

Whatever reasons are given by Fritsch in support of its motion to combine the two interferences, it is apparent from reading Fritsch's other motions that the <u>real</u> reason is that Fritsch wants the present two interference counts replaced with a single count <u>not</u> truly definitive of <u>either</u> of the current counts or the inventions represented thereby. The completely inappropriate nature of the proposed count is set forth in detail

79

AM 17 005059
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00332107

**LIN OPPOSITIONS**
Interference Nos. 102,096 and 102,097

in Lin's response to Fritsch's motion to substitute counts (Fritsch Exhibit D). The reasons for opposing that motion are incorporated herein by reference.

Fritsch admits that the Commissioner has already indicated that the present two interferences should be handled simultaneously. The Board has often coordinated the schedules of separate interferences to accommodate common witnesses, evidence, exhibits, discovery and even records and briefs. The Board does not need consolidation to a single interference to effect this.

Fritsch fails to point out in its statement of facts that Fritsch's assignee Genetics Institute, Inc. (G.I.) filed a Protest Under 37 CFR §1.291 (a) and Request for Interference Under 37 CFR §1.604 during the prosecution of Lin's application Serial No. 113,179, the Lin application involved in Interference No. 102,097. In that paper (copy received in the file of Serial No. 113,179 on September 6, 1988), G.I. describes its attempt to get into an interference with Lin, U.S. Patent 4,703,008 (the '008 patent) and the count G.I. has proposed, i.e., "A purified and isolated DNA sequence consisting essentially of a DNA sequence encoding human erythropoietin" (EPO) which is the present count of this interference. G.I. pointed out in its protest that its application also discloses process claims for producing human EPO which correspond to those being prosecuted in the pending Lin continuation application (Serial No. 113,179). G.I. requested an interference based on a process count.

G.I. specifically asked (at page 7) that the requested interference on the process be merged with and incorporated into the interference to be declared with the Lin '008 patent on the DNA sequence count on what G.I. contended was "intimately related

AM 17 005060
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00332108

**LIN OPPOSITIONS**
Interference Nos. 102,096 and 102,097

subject matter." G.I. also stated that the interference with the Lin '008 patent "should include all relevant applications and patents corresponding to the count(s)". G.I. concluded its paper (at pages 8 and 9) with the statement:

> A declaration between Lin's parent application (now U.S. 4,703,008) and Protestor's application is believed imminent. In these circumstances, it is both expedient and in conformity with the new interference rules, to conclude the conflicting subject matter of the pending Lin application and Protestor's application in the <u>same interference</u> (emphasis added).

Thus, Fritsch and its assignee G.I. pressed repeatedly for a combined interference before the interferences were even declared. In spite of all the arguments, the Examiner and the Board declared the present two separate interferences. Fritsch is merely replowing old ground on this motion.

Fritsch contends on page 86 of its motion:

> The interferences in terms of subject matter are essentially the same and the interference counts are different manifestations of the same "invention".

Fritsch has the burden of proof in support of its motion and the allegations made therein. Since Fritsch does not even attempt to supply any argument or evidence in support of the bare allegation of "same invention", it is apparent that it was not a serious contention. Suffice it to say that Lin contends that the two counts are <u>not</u> to the "same invention".

Should Fritsch in its reply offer arguments or evidence in support of its allegation of "same invention, Lin requests that such arguments or evidence should be stricken and disregarded since Lin has no fair opportunity to respond thereto. Should the Examiner decide to give any regard to such belated arguments or evidence, Lin should be accorded the opportunity to respond.

81

AM 17 005061
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00332109

**LIN OPPOSITIONS**
Interference Nos. 102,096 and 102,097

The Examiner and the Board have previously considered the action requested in this motion and refused to grant it. Fritsch has offered no good reasons why that action was incorrect. The Fritsch motion to combine the interferences should be denied.

82

AM 17 005062
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00332110

**LIN OPPOSITIONS**
Interference Nos. 102,096 and 102,097

The Examiner and the Board have previously considered the action requested in this motion and refused to grant it. Fritsch has offered no good reasons why that action was incorrect. The Fritsch motion to combine the interferences should be denied.

82

AM 17 005062
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00332110