# EXHIBIT 25



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/202,874 | 02/28/94 | Lin | 1100931956 |

| EXAMINER |
|---|
| Martinell |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1805 | 39 |

DATE MAILED:

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) Mr. Watt         (3) Mr. Odre

(2) Mr. Borun        (4) Exr. Martinell

Date of interview: 09/07/94

Type: ☐ Telephonic  ☒ Personal (copy is given to ☐ applicant ☒ applicant's representative).

Exhibit shown or demonstration conducted. ☐ Yes ☒ No. If yes, brief description: None.

Agreement ☐ was reached with respect to some or all of the claims in question. ☒ was not reached.

Claims discussed: All.

Identification of prior art discussed: Sugimoto et al

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
Applicant argued that Sugimoto et al method of making EPO producing hybrid cells is unreproducible and hence is not enabled. Applicants intend to submit arguments and/or evidence into the record regarding same. The duplicate claim issue was discussed. Applicant intends to amend "enhancing" as suggested. Applicant intends to submit declaration evidence to show that r-EPO differs in glycosylation from any of the naturally occurring EPOs known as of the effective filing date of the instant application and even from the naturally occurring EPOs known since.

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1–7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

PTOL-413 (REV. 1-84)                            Examiner's Signature

485

```
546650   FVIIIC         57006
607805   ASSAY          4766062
652218   920
684308   920
688622   Abandoned, EPO (4/16/86)
693258   430 - interference
729504   assays         920 - Abn 3/13/87
777657   assay          920  4725537
781130   pulmon surfact prot Abn
809971   assay  920 Abn
811034   assay  4818680 (4/4/89)
824688   Epo process  18C suspended, Sherry Nolan
877323   cooling machine
938201   assay, FC, pending no claims + EPO
058284   cooker —
100392   pul surfact  4882422
136478   isolating mammalian gene, 15B Director
271293   shock absorber
862640   FVIII production  18X (chambers) no action
386280   sharon nolan 18C, no action
277796   pat 4725536 (2/16/88) assay
         → Tannenholtz
```

486