# EXHIBIT 26

Casebeer Decl to Motion for SJ re IC - Public

Dockets.Justia.com



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/113179 | 10/23/87 | Lin | D-8272 |

| EXAMINER |
|---|
| Martinell |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1805 | 42 |

DATE MAILED:

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) Mr. Watt   (3) Mr. Odre

(2) Mr. Borun   (4) Exr. Martinell

Date of interview: 09/07/94

Type: ☐ Telephonic  ☒ Personal (copy is given to ☐ applicant ☒ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☒ No. If yes, brief description: None.

Agreement ☐ was reached with respect to some or all of the claims in question. ☒ was not reached.

Claims discussed: 70, 72-75

Identification of prior art discussed: Lin and Yokota et al

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: Applicant intends to amend claims as suggested by exr. Applicant argued that the obviousness double patenting rejection should be withdrawn because: (a) Process claims are not obvious over host claims because of necessary proper glycosylation of EPO for activity. Applicant indicated that documentation to this effect is in the record. (b) Product, host, and process claims were involved in separate interferences in PTO, hence claims are patentably distinct. Exr. did not comment on patentability of claims.

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1-7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

PTOL-413 (REV 1-84)   Examiner's Signature

AM-ITC000425