UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMGEN INC.,

    Plaintiff,

v.      CIVIL ACTION No. : 05-CV-12237-WGY

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GmbH,
and HOFFMANN-LA ROCHE INC.,

    Defendants.

**MEMORANDUM IN SUPPORT OF NON-PARTY FRESENIUS' ASSENTED-TO MOTION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS CONTAINING FRESENIUS' TRADE SECRETS WHICH WERE SUBMITTED BY AMGEN IN CONNECTION WITH AMGEN'S MOTION FOR SUMMARY JUDGMENT ON ROCHE'S ANTITRUST AND STATE LAW COUNTERCLAIMS**

Non-Party Fresenius Medical Care Holdings, Inc., d/b/a Fresenius Medical Care North America ("Fresenius"), hereby submits this Memorandum, and accompanying Declaration, in support of its Assented-To Motion for Leave to File Under Seal Documents Containing Non-Party Fresenius' Trade Secrets Which Were Submitted by Amgen in Connection With Amgen's Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims, pursuant to Local Rule 7.2 and the protective order in effect in this case. The confidential information Fresenius seeks to file under seal is very limited and specific, and includes two sentences related to discounts Fresenius obtained from Amgen. As set forth in the accompanying Declaration of Robert J. McGorty ("McGorty Declaration"), Fresenius' Vice President of Finance and Administration for Fresenius Medical Services Division, Fresenius considers this information extremely confidential and has protected it from public disclosure as a trade secret. Indeed, the continued secrecy of this information is critical and disclosure in the public record would cause

Fresenius financial and competitive damage. This information constitutes Fresenius' trade secrets, and therefore it should not be disclosed in the public record.

I.   **Background**

Fresenius is not a party to this action.

Fresenius is a major supplier of products and services for individuals with chronic kidney failure. Fresenius operates more than 1,500 outpatient dialysis clinics in the U.S., and is also a major supplier of a variety of dialysis products and equipment, including dialysis machines, dialyzers and other dialysis-related supplies. As part of its business, Fresenius is a customer of Amgen Inc. ("Amgen") and purchases Epogen™ from Amgen for use in treating patients. The prices at which Fresenius purchases Epogen™ from Amgen is governed by a Sourcing and Supply Agreement between the two entities. The Sourcing and Supply Agreement that sets the price at which Fresenius currently purchases Epogen™ from Amgen, including the discounts available to Fresenius, was executed in October of 2006 ("2006 Epogen™ Sourcing & Supply Agreement").

II.  **The Information in Exhibit 4 to the Fraser Declaration Is Confidential and Trade Secret Information, Not Publicly Available, And Would Cause Harm to Fresenius If Revealed**

Exhibit 4 of the Declaration of James M. Fraser in Support of Amgen's Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims filed by Amgen on June 15, 2007 ("Fraser Decl. Exhibit 4"), (Docket No. 521) is a declaration of Mats Wahlstrom ("Wahlstrom Declaration"), President of Fresenius Medical Care's Services Division in North America. The Wahlstrom Declaration describes certain terms of the 2006 Epogen™ Sourcing & Supply Agreement between Amgen and Fresenius. Fresenius designated the Wahlstrom Declaration highly confidential in its entirety. Fresenius is now seeking the further confidential treatment of the trade secret information contained in that declaration.

In particular, Fresenius contends that certain information in paragraph 8 of the Wahlstrom Declaration reveals Fresenius' confidential information regarding the value of discounts available to it under the 2006 Epogen™ Sourcing & Supply Agreement with Amgen. Fresenius considers the discount structure of the 2006 Epogen™ Sourcing & Supply Agreement to be confidential and has taken pains to ensure that such information is not made public. *See* accompanying Declaration of Robert J. McGorty at ¶¶ 4-8 ("McGorty Declaration"). Public disclosure of the discount terms of the 2006 Epogen™ Sourcing & Supply Agreement would be extremely harmful to Fresenius as competitors could use this information to their advantage in negotiations with Amgen and in formulating pricing and other competitive strategies. This information should not be made public[1].

### III. The Information At Issue Constitutes Fresenius' Trade Secrets Under Massachusetts Law

Under Massachusetts law, a trade secret is defined as:

> anything tangible or intangible or electronically kept or stored, which constitutes, represents, evidences or records a secret scientific, technical, merchandising, production or management information, design, process, procedure, formula invention or improvement.

Mass. Gen. Laws ch. 255, § 30(4). A trade secret may consist of "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *CVD, Inc. v. Raytheon Co.*, 769 F.2d 842, 850 (1st Cir. 1985)(citing *Eastern Marble Products Corp. v. Roman Marble, Inc.*, 372 Mass. 835, 364 N.E.2d 799, 801 (1977)). The information at issue here is a "compilation of information," allowing Fresenius to obtain an advantage over its competitors who do not have access to the information. *See* McGorty Declaration at ¶ 6.

This type of information has been protected as trade secrets by courts. *United Rug Auctioneers, Inc. v. Araslen*, 2003 WL 21527545 (Mass Super. Ct. 2003) (finding pricing

---

[1] Specifically, Fresenius seeks leave of this Court to protect the third and fourth sentences of Paragraph 8 of the Wahlstrom Declaration by redaction.

information and finances confidential and trade secrets); *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1260 (3d Cir. 1985) (noting internal information related to pricing and profit margin "is not information that is readily obtainable by anyone in the industry" and thus "qualifies for trade secret protection"); *Corporate Relocation, Inc. v. Martin*, 2006 U.S. Dist. LEXIS 69098, at *61 (D. Tex. Sept. 12, 2006) (holding pricing and profit information warrant protection from public disclosure); *J.W.S. Delavau Co. v. Lederman*, 26 Phila. 338, 348 (Pa. C.P. 1991) (finding cost of goods sold, among other information, to constitute trade secrets entitled to protection).

Moreover, the power of a trade secret is built upon its secrecy. *CVD, Inc.*, 769 F.2d at 850. In other words, the party seeking to protect certain information must be able to demonstrate that reasonable steps have been taken to keep the information secret. *Trent Partners & Assocs. v. Digital Equip. Corp.*, 120 F. Supp. 2d 84, 111 (D. Mass. 1999). Here, Fresenius has kept confidential the value of discounts and rebates it received under the supply agreement with Amgen. *See* McGorty Declaration at ¶¶ 7-8. Fresenius has taken steps to keep this information out of the public domain and keep the information confidential. *Id.* at ¶¶ 5, 7-8.

Finally, trade secret law is intended to maintain and promote standards of commercial ethics and fair dealing. *CVD, Inc.*, 769 F.2d at 850. If the information at issue was released into the public domain, Fresenius expects it would be used by its competitors to unfairly gain an advantage by informing their negotiation positions with Amgen and instructing the formulation of pricing and other competitive strategies.

### IV.     Conclusion

For the foregoing reasons, Fresenius respectfully requests that its assented-to motion to file under seal the two specific sentences contained in Fraser Decl. Exhibit 4 that are discussed above and in the accompanying McGorty Declaration be granted.

Respectfully submitted,

Dated: June 26, 2007

By: /s/Mark J. Hebert_____
Mark J. Hebert (BBO No. 546,712)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906
Counsel for Non-Party Fresenius
Medical Care Holdings, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Mark J. Hebert_____
Mark J. Hebert