## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**AMGEN, INC.**

       **Plaintiff,**

v.                     CIVIL ACTION No.: 05-CV-12237-WGY

**F. HOFFMAN-LA ROCHE LTD.,
ROCHE DIAGNOSTICS GmbH,
and HOFFMAN-LA ROCHE INC.,**

       **Defendants.**

---

**DECLARATION OF ROBERT J. MCGORTY IN SUPPORT OF NON-PARTY FRESENIUS' ASSENTED-TO MOTION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS CONTAINING NON-PARTY FRESENIUS' TRADE SECRETS WHICH WERE SUBMITTED BY AMGEN IN CONNECTION WITH AMGEN'S MOTION FOR SUMMARY JUDGMENT ON ROCHE'S ANTITRUST AND STATE LAW COUNTERCLAIMS**

---

I, Robert J. McGorty, hereby declare as follows:

1. I am the Vice President of Finance and Administration for the Fresenius Medical Services Division of Fresenius Medical Care Holdings, Inc., d/b/a Fresenius Medical Care North America ("Fresenius"). I have more than 20 years of experience with Fresenius in finance and administration.

2. I make this declaration based upon my own personal knowledge.

3. My duties include responsibility for all financial and accounting activities related to the medical services division of Fresenius, including, but not limited to, procuring and negotiating pharmaceuticals contracts with Amgen, preparing budgets including purchasing costs of pharmaceuticals, and preparing financial statements. In 2006, I was part of the negotiating team that entered into the Sourcing and Supply Agreement between Amgen and Fresenius for the supply of Epogen™ ("2006 Epogen™ Sourcing & Supply

Agreement") in October of 2006. In connection with such negotiations, my responsibilities included determining the financial ramifications of the agreement.

4. I am submitting this declaration in support of Fresenius' Assented-To Motion to File Under Seal Documents Containing Non-Party Fresenius' Trade Secrets Which Were Submitted by Amgen in Connection with Amgen's Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims. In particular, I am submitting this declaration in support of Fresenius' assertion that certain information contained in Paragraph 8 of Exhibit 4 of the Declaration of James M. Fraser in Support of Amgen's Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims filed by Amgen on June 15, 2007 ("Fraser Decl. Exhibit 4") (Docket No. 521) constitutes Fresenius' confidential and trade secret information.

5. Fraser Decl. Exhibit 4 is a Declaration of Mats Wahlstrom, President of Fresenius Medical Care's services division in North America. ("the Wahlstrom Declaration"). The terms described in paragraph 8 therein contain highly confidential and trade secret information of Fresenius, relating to the discounts for which Fresenius is eligible under the 2006 Epogen™ Sourcing & Supply Agreement. I am familiar with this information because I was part of the negotiating team for the final 2006 Epogen™ Sourcing and Supply Agreement. I am also familiar with these terms of the agreement in my role as Vice President of Finance. The information in paragraph 8 of the Wahlstrom Declaration is maintained by Fresenius in strict confidence as a trade secret in the highly competitive dialysis services industry in the United States. This trade secret information is basic to Fresenius' ability to compete and succeed in its business and gives it an advantage in the marketplace.

6. The discount information contained in paragraph 8 of the Wahlstrom Declaration (Fraser Decl. Exhibit 4) contains highly sensitive and confidential information related to the pricing and cost structures employed by Fresenius. This highly sensitive, confidential information was the result of lengthy negotiation and strategic positioning by

Fresenius with Amgen.  It is at the core of Fresenius' business as a major supplier of dialysis products and services.  This information gives Fresenius a competitive advantage over its competitors in the market for dialysis services.  Such valuable information in the hands of a competitor provider of dialysis services, would allow them to gain immediate leverage to demand the same or similar rates as Fresenius from Amgen, and would negatively impact Fresenius' competitive advantage in the marketplace.  In other words, the disclosure of this information would destroy the trade secret status of this sensitive information, and irreparably harm Fresenius in the highly competitive dialysis services industry.  In order to arrive at the terms disclosed in the 2006 Epogen™ Sourcing & Supply Agreement, Fresenius expended considerable effort in negotiating the complex terms of this agreement.  The discount terms that resulted from this negotiation as reflected in paragraph 8 of the Wahlstrom Declaration represent a significant advantage for Fresenius in the marketplace.

7.     Fresenius has maintained the secrecy of these terms.  The discount terms were the subject of a confidentiality clause in the 2006 Epogen™ Sourcing & Supply Agreement.  Fresenius did not release the discount terms with press releases related to the 2006 Epogen™ Sourcing & Supply Agreement.

8.     In the highly competitive dialysis services industry, it is common company practice to maintain the confidentiality of trade secrets and proprietary information, such as the discount information set forth in paragraph 8 of the Wahlstrom Declaration (Fraser Decl. Exhibit 4) discussed above.

9.     Fresenius would be severely disadvantaged and harmed by the disclosure of the above-referenced highly confidential, trade secret information in the public record where it would be available to all without restriction or limitation, including Fresenius' competitors.

I declare, on June 25, 2007, under penalty of perjury that the foregoing is true and correct.

Robert J. McGorty    6/25/07

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Mark Hebert
Mark Hebert

4