# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 1:05-cv-12237 WGY |
| v. ) | |
| ) | |
| F. HOFFMANN-LA ROCHE LTD, a ) | |
| Swiss Company, ROCHE DIAGNOSTICS ) | |
| GMBH, a German Company, and ) | |
| HOFFMANN LA ROCHE INC., a New ) | |
| Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |

**AMGEN INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL CONTINUED DEPOSITION OF MICHAEL BORUN**

MPK 128190-1.041925.0023

Dockets.Justia.com

I.  **INTRODUCTION**

In March 2007, Defendants sought to pierce Amgen's privilege on inventorship, patentability, prior art, prosecution strategy, infringement, and claim construction as it alleged that Amgen waived its privilege in ninety-three instances. Defendants requested that the Court order Amgen to produce documents allegedly withheld on improper grounds of privilege and to make witnesses available for depositions on the documents ordered produced. On April 17, 2007, the Court ruled that Amgen did not waive its privilege and denied Defendants' motion and requested relief. For two of the items that Defendants raised in their motion, Item Nos. 49 and 50, the Court ruled that Defendants were "entitled to know" who provided the information to Amgen's patent prosecutor, Mr. Borun, and "when" that information was provided, but "not the substance of the communications."[1] Item Nos. 49 and 50 are excerpts of Mr. Borun's trial testimony in 2000 and 2002 about the carbohydrate data. He testified in those prior proceedings that he learned about the carbohydrate data in 1990/1991.

After the Court's ruling, Amgen diligently investigated for the information that the Defendants are "entitled to know." Amgen questioned Mr. Borun for the "who" and "when." Mr. Borun could not recall who provided him the information and when exactly the information was provided other than as already reflected in his prior testimony. Amgen further conducted an internal investigation to assess whether it could identify with more specificity from whom and when Mr. Borun obtained the information. Amgen was unable to uncover any additional information. Amgen informed Defendants of the results of the investigation by letter.

Defendants' current motion to compel is about how Amgen should have delivered the information that Defendants are "entitled to know," rather than whether Amgen failed to in fact tell Defendants of what they were "entitled to know." Mr. Borun should not be subjected to an additional deposition because: (1) Amgen provided Defendants the information of who provided Mr. Borun the information and when it was provided to Mr. Borun for Item Nos. 49 and 50; (2)

---

[1] Roche Ex. A (Apr. 17, 2007 Hearing Tr. at 107:17-25).

the Court did not order Amgen to make Mr. Borun available for a deposition; and (3) fact discovery has been closed for over two months.

Further, Defendants' motion is also about correcting their own mistakes. Defendants want to depose Mr. Borun because Defendants failed to explore Item Nos. 49 and 50 during Mr. Borun's March 2, 2007 deposition.

Finally, deposing Mr. Borun has been rendered moot because the Court has denied Defendants' request to plead new allegations of inequitable conducting relating to Item Nos. 49 and 50.[2] Accordingly, the Court should deny Defendants' motion to compel Mr. Borun's deposition.

## II.   STATEMENT OF FACTS

### A.   DEFENDANTS' MARCH 2007 MOTION TO COMPEL DOCUMENTS IMPROPERLY WITHHELD ON GROUNDS OF PRIVILEGE

On March 21, 2007, Defendants moved to compel Amgen to produce all documents relating to "inventorship, patentability, prior art, prosecution strategy, infringement, and claim construction" that had been withheld on ground of attorney-client and/or work-product privilege. Defendants alleged ninety-three (93) instances in which testimony at either a deposition or trial resulted in a waiver of Amgen's privilege.[3] Defendants requested that the Court "order *Amgen to produce all document*s relating to inventorship, patentability, prior art, prosecution strategy, and claim construction that have been improperly withheld on grounds of privilege and work product*, and to make available witnesses to testify <u>regarding these documents</u>*."[4] Amgen disagreed and explained that it had not waived because the alleged instances waiver were either:

> (1) a description of factual subject matter involved in the communication without revealing the actual contents of the privileged communications itself; (2) non-

---

[2] As to the old allegations of inequitable conduct for Item Nos. 49 and 50, Defendants failed to exercise their opportunity to do so by not exploring it during Mr. Borun's March 2, 2007 deposition. *See also* Docket No. 445.
[3] Docket No. 368, Ex. 1 (Amgen's rebuttal chart to Summary Nos. 1-93).
[4] Roche Memorandum in Support of Its Motion To Compel Production of Documents Improperly Withheld on Grounds of Privilege (Docket No. 338) at 19 (emphasis added).

privileged facts, such as what work an individual performed, that do not become privileged through their communication to an attorney and/or (3) positions and/or contentions that Amgen publicly advanced.[5]

For Item Nos. 49 and 50, subject of the current dispute, Defendants alleged Mr. Borun's trial testimony in two previous proceedings waived Amgen's privilege for prosecution strategy and patentability. Item No. 49 is an excerpt of Mr. Borun's 2000 trial testimony in *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, Civil Action No. 97-10814-WGY concerning carbohydrate data. Mr. Borun testified that no later than 1990/1991 he learned more information about the carbohydrate data submitted to the PTO in 1984.[6] Item No. 50 is an excerpt of Mr. Borun's 2002 testimony in *Hoechst Marion Roussel, Inc. v. Kirin-Amgen* in the United Kingdom concerning carbohydrate data.[7] The factual circumstances surrounding these two items have been explored in great detail in Amgen's prior litigations. Amgen's production to Defendants includes documents and transcripts covering the subject matter of Item Nos. 49 and 50. These items were produced to Defendants more than a year ago (June 2006). Further, prior to the close of fact discovery, Defendants deposed Mr. Borun, but chose not to explore the topics of Item Nos. 49 and 50.

### B. THE COURT'S APRIL 17, 2007 RULING

On April 17, 2007, the Court ruled that Amgen did not waive privilege in each of the ninety-three instances alleged by Defendants. The Court denied Defendants request that Amgen produce documents.

The Court allowed Defendants limited information when it ruled that the Defendants are "**entitled to know where** Mr. Borun got the information and **when**. And if he got that information as to items 49 and 50 from another Amgen attorney, which may very well be the

---

[5] Amgen's Opposition to Roche's Motion to Compel Production of Documents Improperly Withheld on Grounds of Privilege (Docket No. 367) at 1.
[6] Roche Ex. C (September 6, 2000 Trial Tr.) at p. 2854, ll. 16-20.
[7] *See* Docket No. 368, Ex. 1 (Amgen's rebuttal chart to Summary Nos. 1-93); Roche Ex. D (February 6, 2002 Trial Tr. at 450.

case, Roche is entitled to know where that attorney got his information and when. *Not the substance of the communications just from who and when*."[8] (emphasis added)

Although the Court ruled that Defendants are "entitled to know" who and "when" for Item Nos. 49 and 50, the Court did not rule that Defendants are "entitled to depose" Mr. Borun. Amgen was not ordered to make Mr. Borun available for another deposition. For Item Nos. 49 and 50, the Court stated it thought that "Amgen's rebuttal ha[d] accurately characterized that testimony."[9] Amgen argued in its opposition that Mr. Borun revealed non-privileged facts for these items.[10]

### C. AMGEN DILIGENTLY INVESTIGATED AND COMPLIED WITH THE COURT'S ORDER

After the Court's April 17, 2007 Order, Amgen asked Mr. Borun to identify who gave him the information and when for Item Nos. 49 and 50 (events that took place fifteen plus years ago).[11] Mr. Borun has no recollection as to who provided him the information and when exactly the information was provided to him other than as reflected in his prior testimony. Amgen also conducted an investigation analogous to a Rule 30(b)(6) witness due diligence investigation for Item Nos. 49 and 50.[12] Amgen searched documents and asked employees to identify the information but Amgen too was not able to reconstruct what happened more than 15 years ago.

On May 3, 2007, Defendants demanded that Amgen make Mr. Borun available for a deposition on Item Nos. 49 and 50. On May 16, 2007, after concluding its investigation, Amgen provided Defendants with the information specified per the Court's order. Amgen did not make Mr. Borun available for another deposition because the Court's April 17 Order did not order Amgen to make Mr. Borun available. Amgen provided Defendants with the following:

---

[8] Roche Ex. A (Apr. 17, 2007 Hearing Tr. at 107:19-24).
[9] Roche Ex. A (Apr. 17, 2007 Hearing Tr. at 107:13-17).
[10] *See* Docket No. 368, Ex. 1 (Amgen's rebuttal chart to Summary Nos. 1-93).
[11] Roche Ex. G (May 16, 2007 letter from W. Gaede to N. Rizzo).
[12] Roche Ex. G (May 16, 2007 letter from W. Gaede to N. Rizzo).

>Mr. Borun's cited testimony for Item No. 49 reflects what Mr. Borun recalls as to when he got the information. Mr. Borun cannot identify anything more specific than that and cannot identify from whom he received the information. Amgen has been unable to reconstruct when and from whom Mr. Borun may have learned this information, including whether he learned of it from an Amgen attorney.[13]

Although Defendants received the above information, Defendants renewed their demand that Amgen make Mr. Borun available for a deposition.[14] Defendants have not disputed that Amgen provided it with the information of "who" and "when" for Item Nos. 49 and 50. Instead, Defendants' qualm lies with how the information should be delivered insisting, that they are "entitled to depose" Mr. Borun.

### III.   ARGUMENT

The Court ruled that Defendants are "entitled to know" who and when but "not the substance of the communications" for Item Nos. 49 and 50. This information that Amgen is required to provide is very analogous to that of a privilege log providing the information of who the communication was with, when the communication was made, and what was the general topic of the communication. Defendants already possess the "what" and the Court's ruling required Amgen to provide more specific information as to "who" and "when."

Amgen fully complied with the Court's April 17, 2007 Order when it provided Defendants with the information of "who" and "when" for Item Nos. 49 and 50. Amgen asked Mr. Borun to identify who provided him the information and when the information was provided to him. Mr. Borun is unable to identify who provided him with the information more than 15 years ago and is unable to identify a more specific date than the 1990/1991 time frame that he testified to at the 2000 trial. Amgen also conducted an investigation similar to that of a 30(b)(6) witness due diligence investigation. Amen searched documents and asked its employees for the information. Amgen could not reconstruct the events that happened more than 15 years ago.

---

[13] Roche Ex. G (May 16, 2007 letter from W. Gaede to N. Rizzo).
[14] Roche Ex. H (May 25, 2007 letter from N. Rizzo to W. Gaede).

Defendants do not dispute that Amgen provided it with this information.[15] Rather, Defendants' qualm is that the information should have been delivered to them by another round of depositions with Mr. Borun rather than in Amgen's May 16 letter.[16] Defendants are not entitled to another deposition.

First, Defendants tied their right to a deposition to the production of documents.[17] The Court did not order Amgen to produce documents. Because the Court denied Defendants' requested relief, Defendants' right to depositions never materialized. Second, the Court did not order Amgen to make Mr. Borun available for a deposition on Item Nos. 49 and 50. Third, Defendants chose not to depose Mr. Borun for factual information about Item Nos. 49 and 50 during Mr. Borun's March 2, 2007 deposition. Finally, the Court's recent Order denying Defendants' motion to amend its answer to include additional allegations of inequitable conduct based on Item Nos. 49 and 50, renders Defendants' attempt to depose Mr. Borun moot.[18] Mr. Borun's deposition would serve no purpose other than to harass Amgen. The Defendants have not provided good cause for reopening fact discovery.

Defendants mischaracterize the record. Defendants allege that Amgen is rewriting the Federal Rules of Civil Procedure by refusing to submit Mr. Borun to a "resumed deposition."[19] On the contrary, Amgen has abided by the Federal Rules of Civil Procedure when it made Mr. Borun available for deposition on March 2, 2007. As to the "resumed deposition," fact discovery is closed and has been closed for more than two months. Amgen is under no obligation under the Federal Rules to make Mr. Borun available again when the Court's ruling, made after the close of fact discovery, did not order Amgen to do so.

---

[15] Roche Ex. F (May 3, 2007 letter from N. Rizzo to K. Flowers), Ex. H (May 25, 2007 letter from N. Rizzo to W. Gaede); Roche Memo at 5.
[16] Roche Ex. G (May 16, 2007 letter from W. Gaede to N. Rizzo); Roche Motion at 1.
[17] Roche Memorandum In Support of Its Motion To Compel Production of Documents Improperly Withheld on Grounds of Privilege (Docket No. 338) at 20.
[18] June 7, 2007 Order denying Docket No. 445.
[19] Roche Memo at 1.

Defendants' implication that this current motion to compel a deposition arose out Mr. Borun's March 2, 2007 deposition is misleading.[20] Defendants imply that Mr. Borun's deposition should resume because of his conduct during the March 2007 deposition. However, Item Nos. 49 and 50 are excerpts of Mr. Borun's testimony in 2000 and 2002 concerning events that happened over fifteen years ago in 1990/1991. Thus, the current dispute has nothing to do with Mr. Borun's March 2007 deposition.

Defendants' argument that the topics of Items Nos. 49 and 50 are important for its affirmative defense of inequitable conduct in order to justify another deposition with Mr. Borun is without merit.[21] Defendants chose not to depose Mr. Borun about these two items. Moreover, the Court denied Defendants attempt to amplify inequitable conduct allegations for Item Nos. 49 and 50.[22] Thus, Mr. Borun's deposition serves no legitimate purpose.

Finally, *Travelers Rental Co., Inc., v. Ford Motor Co.*, 116 F.R.D. 140 (D. Mass. 1987) does not support Defendants' position that Mr. Borun should be made available for another deposition. *Travelers* allowed the noticing party to depose witnesses properly noticed during the fact discovery period. There, the Court ruled that the claimed lack of knowledge by the noticed witnesses was not sufficient to support a motion to quash the noticed deposition.[23] The party noticing depositions sought to obtain information from high level officials only after depositions with corporate officials lower down the corporate ladder failed to provide the information that noticing party was seeking. The Court deferred to the judgment of the noticing party and permitted the deposition of four high level officials to take place. The *Travelers* decision to allow a party that diligently sought discovery in a non-intrusive manner (sought to obtain the information from high-level corporate officials as a last resort after attempts to obtain the information low-level corporate officials was not fruitful) does not support Defendants' endeavor

---

[20] Roche Memo at 2.

[21] Roche Memo at 2 and 4. Defendants alleged that Mr. Borun made false statements. The transcripts of the 2000 and 2002 litigations supports an opposite finding. Mr. Borun explained that at the time of the 1984 filing the information filed in the patent application to the best of his knowledge was correct. See Roche Ex. C at 2857:24-2858:1.

[22] Docket No. 445.

[23] *Travelers*, 116 F.R.D. at 141-42.

for another round of depositions with Mr. Borun to cure its mistake (failing to depose Mr. Borun on these items when fact discovery was still open).[24]

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion to compel Mr. Borun's deposition.

---

[24] Defendants footnote citations to other cases also do not support its position. These cases like *Travelers* involve a discovery dispute when fact discovery was still open. Roche Memo at 7, n.2.

In *Ierardi v. Lorillard, Inc.*, Civil Action No. 90-7049, 1991 U.S. Dist. LEXIS 11320, *1 (E.D. Pa. Aug. 13, 1991), with fact discovery still open, the Court found the claim of lack of personal knowledge was insufficient to support entry of protective order to prevent a 30(b)(6) deposition because with 30(b)(6) depositions deponents need not have personal knowledge.

In *Balfour Beatty Rail, Inc. v. Vaccarello*, Case No. 3:06-cv-551-J-20MCR, 2007 U.S. Dist. LEXIS 19525 (M.D. Fla. Mar. 20, 2007), with fact discovery still open, the Court permitted the deposition of high-level of executives.

In *Parkhurst v. Kling*, 266 F. Supp. 780 (E.D. Pa. 1967), with fact discovery still open, the court denied the request to enter a protective order finding there was no good cause under rules 26 and 30(b) from the taking of the deposition even if the noticed deponent claims lack of knowledge.

Dated:  June 27, 2007

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
Kimberlin L. Morley
Erica S. Olson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-5000

Respectfully Submitted,

 AMGEN INC.,
 By its attorneys,

/s/ Patricia R. Rich
D. Dennis Allegretti (BBO#545511)
Michael R. Gottfried (BBO# 542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (857) 488-4204
Facsimile: (857) 488-4201

Lloyd R. Day, Jr. (*pro hac vice*)
DAY CASEBEER, MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

William G. Gaede, III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Kevin M. Flowers (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
 Chicago, IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

MPK 128190-1.041925.0023

- 10 -

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants.

                                                    */s/ Patricia R. Rich*
                                                    Patricia R. Rich