# EXHIBIT B

Godfrey Decl. in Support of Amgen's Memorandum to it's Motion for Summary Judgment of No Obvious Type Double Patenting

Dockets.Justia.com

*Patents MN3ep*

# Manual of
# PATENT
# EXAMINING
# PROCEDURE

Original Fifth Edition, August 1983
Latest Revision October 1989

  

**U.S. DEPARTMENT OF COMMERCE**
Patent and Trademark Office



AUG 17 1990

KAYE, SCHOLER, FIERMAN, HAYS & HANDLER
LAW LIBRARY
425 PARK AVENUE
NEW YORK, N.Y. 10022

Rev. 13, Nov. 1989

The Patent and Trademark Office does not handle the sale of the Manual, distribution of notices and revisions or change of address of those on the subscription list.

Correspondence relating to any of the above items should be sent to the Superintendent of Documents at the following address:

>Superintendent of Documents
>Mail List Section
>Washington, D.C. 20402

Inquiries relating to subscriptions should be directed to:

>Superintendent of Documents
>United States Government Printing Office
>Washington, D.C. 20402

Orders for reproduced copies of individual replacement pages not amounting to a complete revision of the Manual should be sent to the following address:

>Commissioner of Patents and Trademarks
>Attention: Customer Services Division
>Washington, D.C. 20231

The cost for each 30 pages or a fraction thereof is $10.00 (See 37 CFR 1.13(a) and 1.19(a)(3)).

Charges may be made to Deposit Accounts if the requester is an account holder in good standing at the time the request is received. Checks or money orders should be payable to the Commissioner of Patents and Trademarks. Requests must identify the specific pages required and the number of copies of each page.

Employees of the Patent and Trademark Office should direct their requests for the Manual, replacement pages, notices, and revisions to the Patent Academy.

>First Edition, November 1949
>Second Edition, November 1953
>Third Edition, November 1961
>Fourth Edition, June 1979
>Fifth Edition, August 1983
>>Revision 1, October 1985
>>Revision 2, December 1985
>>Revision 3, May 1986
>>Revision 4, October 1986
>>Revision 5, July 1987
>>Revision 6, October, 1987
>>Revision 7, December, 1987
>>Revision 8, May 1988
>>Revision 9, September 1988
>>Revision 10, January 1989
>>Revision 11, April 1989
>>Revision 12, July 1989
>>Revision 13, November 1989

# Chapter 100   Secrecy,* Access>, National Security and Foreign Filing<

101   General
102   Information as to Status of an Application
103   Right of Public to Inspect Patent Files and Some Application Files
104   Power to Inspect Application
105   Disbarred Attorney Cannot Inspect
106   Control of Inspection by Assignee
106.01   Rights of Assignee of Part Interest
110   Confidential Nature of International Applications
115   Review of Applications for National Security and Property Rights Issues
120   Secrecy Orders
121   Handling of Applications and Other Papers Bearing Security Markings
130   Examination of Secrecy Order Cases
140   Foreign Filing Licenses
150   Statements to DOE and NASA
151   Content of the Statements

## 101   General [R-9]

*35 U.S.C. 122. Confidential status of applications.*

Applications for patents shall be kept in confidence by the Patent and Trademark Office and no information concerning the same given without authority of the applicant or owner unless necessary to carry out the provisions of any Act of Congress or in such special circumstances as may be determined by the Commissioner.

*18 U.S.C. 2071. Concealment, removal, or mutilation generally.*

(a) Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined not more than $2,000 or imprisoned not more than three years, or both.

(b) Whoever, having the custody of any such record, proceeding, map, book, document, paper, or other thing, willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined not more than $2,000 or imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States.

*37 CFR 1.14. Patent application preserved in secrecy.*

(a) Except as provided in § 1.11(b) pending patent applications are preserved in secrecy. No information will be given by the Office respecting the filing by any particular person of an application for a patent, the pendency of any particular case before it, or the subject matter of any particular application, nor will access be given to or copies furnished of any pending application or papers relating thereto, without written authority in that particular application from the applicant or his assignee or attorney or agent of record, unless the application has been identified by serial number in a published patent document or the United States of America has been indicated as a Designated State in a published international application, in which case status information such as whether it is pending, abandoned or patented may be supplied, or unless it shall be necessary to the proper conduct of business before the Office or as provided by this part. Where an application has been patented, the patent number and issue day may also be supplied.

*****

All Patent and Trademark Office employees are legally obligated to preserve pending applications for patents in confidence. 35 U.S.C. 122 and 18 U.S.C. 2071 impose statutory requirements which cover the handling of patent applications and related documents. Suspension, removal, and even criminal penalties may be imposed for violations of these statutes.

In order to provide prompt and orderly service to the public, application files must be readily available to authorized Patent and Trademark Office employees at all times. Accordingly, in carrying or transporting applications and related papers, care must be exercised by Patent and Trademark Office employees, especially in corridors and elevators, to insure that applications and related papers are always under employee surveillance and control. Application files must not be displayed or handled so as to permit perusal or inspection by any unauthorized member of the public.

Interoffice mail must be sent in appropriate envelopes.

No part of any application or paper related thereto should be reproduced or copied except for official purposes.

No patent application or related document may be removed from the premises occupied by the Patent and Trademark Office, except for handling as required by the issue process, unless specifically authorized by the Commissioner. If such authorization is given, the employee having custody will be responsible for maintaining confidentiality and otherwise conforming with the requirements of law.

Applications must not be placed in desk drawers or other locations where they might be easily overlooked or are not visible to authorized personnel.

Whenever an application is removed from the operating area having custody of the file, a charge on the PALM system must be properly and promptly made.

Papers arriving within the groups must be properly and promptly placed within the appropriate files. If papers are received with faulty identifications, this should be corrected at once. If papers are received at a destination for which they are not intended due to faulty identification or routing, appropriate corrective action should be taken at once to insure the prompt receipt thereof at the intended destination. See >MPEP< §§ 508.01 and 508.03.

All Patent and Trademark Office employees should bear in mind at all times the critical importance of insuring the confidentiality and accessibility of patent application files and related documents, and in addition to the specific procedures referred to above, should take all appropriate action to that end.

Examiners, classifiers and other Patent and Trademark Office employees who assist public searchers by outlining or indicating a field of search, should also bear in mind the critical importance of insuring the confidentiality of information revealed by a searcher when requesting field of search assistance. See >MPEP< § 713.02. Statutory requirements and curbs regarding the use of information obtained by an employee through Government employment are imposed by 15 U.S.C. 15(b) and 18 U.S.C. 1905.

Examiners, while holding interviews with attorneys and applicants, should be careful to prevent exposures of files and drawings of other applicants.

Extreme care should be taken to prevent inadvertent disclosure of the filing date or serial number of any application filed by another party. This applies not only to Office actions but also to notes (usually in pencil) in the file wrapper.

A number of lithographic and drafting firms in the Washington, D.C. area file bonds each year with the Patent and Trademark Office for the privilege of temporarily withdrawing certain drawings from the Office in order that drawings may be corrected or copies prepared for foreign filing.

Patent and Trademark Office employees are authorized to release drawings to representatives of these firms provided they: (1) Have an unexpired identification card, (2) Present an order signed by a party of record in the application, and (3) Leave a receipt which can be filed as a charge card.

Normally, drawings will be returned within three days. Any drawings which have not been returned within five days or which are returned in damaged condition should be reported immediately to the Office of Publications (557-3794).

## 102 Information as to Status of an Application [R-9]

Status information of an application means only the following information:
1. that the application is abandoned, or
2. that the application is pending, or
3. that the application was issued as a patent and the patent number, issue date and classification of such patent.

### PATENTED

If an application on which status information is requested has matured into a patent, the fact that the application is patented and the patent number, issue date and classification relative to the application may be given to anyone.

### PENDING OR ABANDONED, NO REFERENCE

If an application is in pending or abandoned status and has not been referred to by number and date in a United States or foreign patent or printed application, status information indicating only that the application is pending or abandoned may be given only to Patent and Trademark Office employees and parties of record such as:
   (a) The applicant.
   (b) The attorney or agent *of record* in the application.
   (c) The assignee of *record* in the Patent and Trademark Office.
   (d) Anyone who has and furnishes written authority from a, b, or c.

### REFERENCED APPLICATION

If an application has been referred to by number and date in a United States or foreign patent or *>published< application, status information may be given to Patent and Trademark Office employees and to anyone who furnishes the Patent and Trademark Office with a written request citing the application in question by serial number and date of filing. The source document (a United States or foreign patent or *>published< application) must be identified in the written request by the country, number and date of such patent or application.

### REFERENCED APPLICATION, SOURCE DOCUMENT NOT PRESENTED

If a written request for status information is presented without a copy of the source document, Patent and Trademark Office employees will check to see that the source document and the application in question are properly identified and that the source document refers to the application in question before supplying the status information. Requests for information not accompanied with a copy of the source document may require the Office to obtain a copy of the source document for verification before status information can be supplied. This may result in some delay before the desired status information can be forwarded to the requester.

### * >REFERENCED< APPLICATION, SOURCE DOCUMENT PRESENTED

If a copy of the source document is presented, the Office will verify that the United States application in question is cited therein. After checking, status information may be immediately given and the source document copy may be returned to the requester. In either case, at the time the status information is supplied, the person supplying the status information marks the request "Information furnished", the date and his or her name. The request is then placed in the file wrapper or forwarded to the appropriate area (group art unit, abandoned files, etc.) for inclusion in the file wrapper as part of the official record of the application. The applicant is not consulted. See >MPEP< § 203.08

### STATUS LOCATION INFORMATION FOR OFFICE PERSONNEL

When it is desired to determine the current location or status of an application, office personnel should use their PALM terminal.

However, inasmuch as all 60 series applications prior to 714,000 are not currently in the PALM system, Office personnel requesting status/location information on those applications determined not to be in the PALM system will be requested to contact the Record Services Branch at 557-3181 where the numerical index records of the above mentioned applications are maintained.