UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., | ) |
|  | ) |
| Plaintiff and Counterclaim-Defendant, | ) |
|  | ) |
| v. | ) |
|  | ) CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD, | ) |
| ROCHE DIAGNOSTICS GMBH, | ) |
| AND HOFFMANN-LA ROCHE INC., | ) |
|  | ) |
| Defendants and Counterclaim-Plaintiffs. | ) |

**DECLARATION OF CHRYS KOKINO IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS CONTAINING DEFENDANTS' TRADE SECRETS SUBMITTED IN CONNECTION WITH AMGEN'S MOTION FOR SUMMARY JUDGMENT ON ROCHE'S ANTITRUST AND STATE LAW COUNTERCLAIMS AND ROCHE'S OPPOSITION THERETO**

I, Chrys Kokino, hereby declare under penalty of perjury that:

1.      I am the Vice President of Anemia Products at Roche Laboratories Inc., a wholly-owned subsidiary of Hoffmann-La Roche Inc. ("Roche").

2.      I make this declaration based upon my own personal knowledge and company information.

3.      I have been asked to examine documents which correspond to Exhibits 2, 5, 14, 17, 18, 26, 28, 30, 33, and 41 (the "Amgen Exhibits") of the Declaration of James M. Fraser in Support of Amgen Inc.'s Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims, and which were submitted to the Court for *in camera* review on June 15, 2007.  I have also been asked to examine documents which correspond to Exhibits 8, 12, 21, 27, 43, 45, 46, 47, 48, 78, 79, 80, 81, 82, 84, 85, 122, 124, 125, 126, 139, 157, 162, 163, 167, 185, 219, 220, 222, 232, 244, 245, 249, 250, 253,

1

Dockets.Justia.com

and Exhibit A to the Declaration of Susan Graf, dated June 19, 2007 (the "Roche Exhibits") of the Declaration of David Cousineau in Support of Roche's Opposition to Amgen Inc.'s Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims, and which will be submitted to the Court for *in camera* review on June 29, 2007.  I have been asked to review these documents (collectively, the "Exhibits") to determine whether they contain information regarded as trade secret by Roche.  In the paragraphs below, I set forth a detailed description of the information contained in the Exhibits.

4.    The Exhibits all include highly sensitive, confidential trade secret information belonging to Roche, including highly confidential information relating to Roche's proprietary business plans, including its market assumptions, forecasts, and pricing and marketing strategy for Mircera®.  Pursuant to Roche company policy, the documents, the information contained in the documents, and any communications involving the documents and their information are maintained in confidence and secrecy.

5.    Disclosure of the Exhibits in the public record would destroy the trade secret status of the information contained therein and irreparably harm Roche in the highly competitive pharmaceutical industry.

6.    If Roche's sensitive trade secret information contained in the Exhibits, which includes market assumptions, forecasting, pricing, and marketing strategies, were made public, Roche's competitors would be able to adjust their own strategies before Roche even enters the market, which could have a strong negative impact on Roche's future sales.  Giving this confidential information to Roche's rivals would thus cause a great deal of harm to Roche.

7.    With access to invaluable knowledge of the precise markets and customers Roche intends to target, Roche's competitors would likely focus their energies on securing dominance in those areas by entering into agreements with their current customers that would significantly, if not completely, prevent Roche from entering the market.

8.    In addition, the public release of the sensitive confidential information contained in the Exhibits would harm Roche's bargaining position in its contract negotiations with potential customers.  If Roche's customers are armed with detailed knowledge regarding Roche's profit margin and the potential discounts that are built into its pricing strategy, they would have undue leverage when negotiating their purchasing contracts with Roche, which would unfairly prejudice Roche's competitive position in the marketplace.

9.    Given the severe harm that would befall Roche if this sensitive pricing and market forecasting information were released to the public, the Exhibits should not be disclosed in the public record.

10.   I have reviewed the Exhibits in detail, and in the paragraphs below I have set forth a particularized description of the highly sensitive information contained therein that is confidential and trade secret to Roche.

11.   Amgen Exhibit 2 is an excerpt from Defendants' Responses and Objections to Plaintiff Amgen Inc.'s Fourth Set of Interrogatories (Nos. 27-38), which contain confidential information regarding Roche's business strategy for Mircera®.  In particular, page 16 of this excerpt contains the details of Roche's plans for manufacturing and packaging Mircera®, including its projected annual output.  This information has not

3

been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

12.     I understand that Amgen Exhibit 5 is an excerpt from the Expert Report of Professor David J. Teece, Ph.D., submitted by Amgen in connection with the present litigation on May 11, 2007.  I further understand that this document contains both Amgen confidential information (which is not accessible to me under the protective order) and Roche confidential information.  Based on what I understand is the Roche confidential information in the report, I have determined that this document contains highly confidential information regarding Roche's business and marketing strategy for Mircera®.  For example, paragraph 170 contains information regarding Roche's market forecasts for Mircera®, specifically, the customers Roche expects to target and obtain at particular points in time.  This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

13.     Amgen Exhibit 14 and Roche Exhibit 8 are excerpts from the deposition testimony of George Abercrombie, dated March 22, 2007, which contain confidential information regarding Roche's future business plans for Mircera®.  For example, pages 48, 49, and 55 contain information relating to Roche's internal forecasts regarding potential customers, including forecasts of sales to specific customers as well as information on Roche's pricing strategy for Mircera®.  This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

14.     I understand Amgen Exhibit 17 is an excerpt of the transcript of the deposition of Einer R. Elhauge, dated May 25, 2007, which contains confidential and

highly sensitive information relating to Roche's pricing, marketing, and general business strategies for Mircera®. For example, pages 141 and 146-150 contain specific information relating to Roche's marketing expenditures on Mircera® and its internal profitability metrics related thereto. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

15.     Amgen Exhibit 18 and Roche Exhibit 84 are excerpts of the transcript of my deposition, dated March 15, 2007, which contain a great deal of confidential and highly sensitive information relating to Roche's pricing, marketing, and general business strategies for Mircera®. For example, pages 59, 160-162, and 179 contain specific information relating to Roche's plans for launching Mircera®, Roche's pricing forecasts in relation to contracting with particular customer segments, and Roche's forecasted position with respect to competitors in particular segments. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

16.     I understand Amgen Exhibit 26 and Roche Exhibit 245 are excerpts of the deposition of Lauren J. Stiroh, Ph.D., dated May 31, 2007, which contain confidential and highly sensitive information relating to the details of Roche's market assumptions related to Mircera®. For example, pages 19-20 contain confidential information concerning Roche's anticipated timing of its product launch, while pages 66 and 342 contain confidential information regarding Roche's market assumptions as they relate to Roche's forecasts of its sales and additional expenditures on marketing Mircera® as a result of Amgen's presence and conduct in the market. This information has not been

disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

17.    Amgen Exhibit 28 and Roche Exhibit 185 are excerpts from an internal Roche presentation regarding its 2007 Mircera® business plan, which contain confidential and trade secret information regarding all aspects of Roche's business model for Mircera®. In particular, this exhibit contains information on Roche's forecasts and assumptions for its planned launch of Mircera®, including Roche's competitive pricing strategy for Mircera® in relation to Amgen's Aranesp.[1] The information in this document has not been made public, and specifically carries the notation that it is "CONFIDENTIAL." Its disclosure would severely harm Roche for the reasons detailed above.

18.    Amgen Exhibit 30 is an excerpt from an internal Roche presentation regarding Roche's plans for launching Mircera®, which contains confidential information relating to the customer groups Roche has assessed and preliminarily determined to be attractive opportunities for future sales. This document is marked "CONFIDENTIAL" and has not been disclosed to the public in any form. Its disclosure would severely harm Roche for the reasons detailed above.

19.    Amgen Exhibit 33 is an excerpt from an internal Roche presentation regarding its 2006 management review for Mircera®, which contains confidential information relating to Roche's ESA market assumptions, market forecast methodology, and pricing strategy, including projected discounts for Mircera®. This document is

---

[1] I understand that my colleague Sonders Beimfohr is also submitting a declaration further detailing the sensitivity of the pricing information.

marked "CONFIDENTIAL" and has not been disclosed to the public in any form.  Its disclosure would severely harm Roche for the reasons detailed above.

20.    Amgen Exhibit 41 is a copy of a consulting agreement between Roche and a business consultant, which contains confidential information related to Roche's business plans and strategy, including the identity of a party with whom Roche has consulted, the compensation which Roche has agreed to provide this third party, and the nature of the consulting services.  Indeed, this consulting agreement contains an express confidentiality clause and has not been disclosed to the public in any form.  Its disclosure would severely harm Roche for the reasons detailed above.

21.    Roche Exhibit 12 is the declaration of Sonders Beimfohr, dated June 25, 2007, which contains Roche's confidential and highly sensitive market assumptions related to Mircera® sales in the hospital market.  In particular, paragraphs 8-10 contain Roche's internal competitive assessment of the determinants of hospital ESA purchasing decisions.  This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

22.    I understand that Roche Exhibit 21 contains excerpts from the Rebuttal Report of B. Douglas Bernheim, Ph.D., submitted by Amgen in connection with the present litigation on May 11, 2007.  I further understand that this document contains both Amgen confidential information (which is not accessible to me under the protective order) and Roche confidential information.  Based on what I understand is the Roche confidential information in the report, I have determined that this document contains confidential and highly sensitive information regarding sales of Mircera® to a specific segment of the ESA markets.  For example, paragraph 26 discusses Roche's competitive

strategy with identified potential customers. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

23. I understand that Roche Exhibit 27 contains excerpts from the Expert Report of B. Douglas Bernheim, Ph.D., submitted by Amgen in connection with the present litigation on April 6, 2007. I further understand that this document contains both Amgen confidential information (which is not accessible to me under the protective order) and Roche confidential information. Based on what I understand is the Roche confidential information in the report, I have determined that this document contains confidential and highly sensitive information regarding sales of Mircera® to a specific segment of the ESA markets. For example, page 117 discusses Roche's competitive strategy with specific potential customers. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

24. Roche Exhibit 43 is an excerpt from an internal Roche financial report which contains Roche's confidential projections of Mircera® sales by market segment. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

25. Roche Exhibit 45 is a declaration of Steven Platt, dated June 18, 2007, which contains confidential and highly sensitive information relating to Roche's internal financial analysis for Mircera®. For example, paragraphs 2-8 contain confidential information concerning the individual components of Roche's costs and Roche's internal budgeting process. This information is extremely confidential because if competitors are

aware of Roche's internal cost and budgeting process they can adjust their strategies based on that knowledge to negatively affect Roche's position in the market as to all its products. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

26. Roche Exhibit 46 is a declaration of Susan Graf, dated June 19, 2007, which contains confidential and highly sensitive information relating to Roche's internal financial analysis for Mircera®. For example, paragraphs 12-20 contain confidential information concerning the individual components of Roche's costs and internal budgeting process, as well as Roche's actual marketing expenditures for Mircera® in 2006. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

27. Roche Exhibit 47 are excerpts of the deposition of Richard Hinson, dated March 30, 2007, which contain confidential and highly sensitive information regarding Roche's sales and marketing projections for Mircera®. For example, pages 99-100 and 138-39 contain Roche's confidential projections for marketing expenditures through 2009 and Roche's target ratios for marketing costs and sales across its entire portfolio of products. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

28. Roche Exhibit 48 is a copy of an excerpt from Defendant's First Supplemental Responses and Objections to Plaintiff Amgen Inc.'s Second Set of Interrogatories, dated March 29, 2007, which contain confidential and highly sensitive information regarding Roche's sales and marketing projections for Mircera®. For example, page 21 contains Roche's confidential projections for marketing expenditures

through 2010 and Roche's target ratios for marketing costs and sales across its entire portfolio of products. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

29.     Roche Exhibit 78 is internal Roche minutes from a meeting with an identified potential Roche customer, which contains confidential impressions and an assessment of the customer's interest in working with Roche and some specific actions Roche might take to develop the relationship. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

30.     Roche Exhibit 79 is an internal Roche presentation of options in dealing with potential customers, which illustrates various options that Roche is considering in structuring relationships with potential customers. This document is marked "CONFIDENTIAL" and has not been disclosed to the public in any form. Its disclosure would severely harm Roche because it would provide customers with Roche's internal deliberations as to Roche strategies for customer relations, and for other reasons detailed above.

31.     Roche Exhibit 80 is an internal Roche profile of an identified potential Roche customer, which contains confidential information relating to how it might meet the customer's strategic goals. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche because it would provide customers with Roche's internal deliberations as to Roche strategies for customer relations, and for the reasons detailed above.

32.     Roche Exhibit 81 is an internal Roche document regarding Roche's objectives and negotiating stance with an identified potential customer. This document is marked "CONFIDENTIAL" and has not been disclosed to the public in any form. Its disclosure would severely harm Roche because it would provide customers with Roche's internal deliberations as to Roche strategies for customer relations, and for the reasons detailed above.

33.     Roche Exhibit 82 is an excerpt from an internal Roche Forecast Management Review for its anemia products NeoRecormon® and Mircera®, which contains confidential Roche sales forecasts under different scenarios, including sales to identified potential customers. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

34.     I understand that Roche Exhibit 85 contains excerpts from the Expert Report of Einer R. Elhauge, J.D., submitted by Roche in connection with the present litigation on April 6, 2007. I further understand that this document contains both Amgen confidential information (which is not accessible to me under the protective order) and Roche confidential information. Based on what I understand is the Roche confidential information in the report, I have determined that this document contains confidential and highly sensitive information regarding Roche's economies of scale and projected profitability for Mircera®. For example, pages 30, 39, and 89-92 contain confidential Roche figures for marketing expenditures and profitability for Mircera®, and confidential Roche forecasts of Mircera® sales revenues and marketing costs. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

35.     Roche Exhibit 122 is an excerpt from an internal Roche Management Review for Mircera®, which contains Roche's confidential sales forecasts through 2016. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

36.     Roche Exhibit 124 is an excerpt from an internal Roche 2007 Business Plan Calendar for Mircera®, which contains confidential Roche projections of "customer uptake" of Mircera® through 2012, and an analysis of how certain factors affect those projections. This document is marked "CONFIDENTIAL" and has not been disclosed to the public in any form. Its disclosure would severely harm Roche for the reasons detailed above.

37.     Roche Exhibit 125 is an excerpt from an internal Roche presentation regarding the Marketing Plan of Action for Mircera®, which contains Roche's confidential ESA forecast of Mircera's market share through 2011 in the ESA markets, as well as the forecasted price at which Mircera® would be sold. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

38.     I understand that Roche Exhibit 126 contains excerpts from the Expert Report of Lauren Stiroh, Ph.D., submitted by Roche in connection with the present litigation on April 6, 2007. I further understand that this document contains both Amgen confidential information (which is not accessible to me under the protective order) and Roche confidential information. Based on what I understand is the Roche confidential information in the report, I have determined that this document contains confidential and highly sensitive information regarding the profitability of Mircera®. For example, pages

45, 51, and 52 contain confidential information concerning Roche's anticipated profit margins, lost profits, and marketing expenditures. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

39.     Roche Exhibit 139 is an excerpt from an internal Roche comparison of ESA product labels, which contains confidential and highly sensitive information relating to Roche's competitive product positioning. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

40.     Roche Exhibit 157 is an excerpt from an internal Roche presentation regarding the Dialysis Launch Strategy and Plan of Action for Mircera®, which contains Roche's confidential assessment of market dynamics and its launch plans, including its recommended pricing strategy. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

41.     Roche Exhibit 162 is an excerpt from an internal Roche Five-Year Business Plan for Mircera®, which contains Roche's confidential growth projections for Mircera® until 2010. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

42.     Roche Exhibit 163 is an excerpt from an internal Roche update on Mircera® for the company's North American Operations Committee, which contains confidential information relating to Roche's strategic objectives in specific segments of the ESA markets. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

43.     Roche Exhibit 167 is a letter I authored for internal distribution providing confidential information relating to Roche's communications with the Food and Drug Administration.  This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

44.     Roche Exhibit 219 is an excerpt from an internal Roche Overview of the U.S. Market Analytics Plan for Mircera®, which contains Roche's confidential projections of Mircera® sales opportunities for individual customer segments of the ESA markets.  This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

45.     Roche Exhibit 220 is an internal email exchange among Roche personnel, including myself, discussing the U.S. Launch Plan for Mircera®.  This exchange contains confidential and highly sensitive information relating to Roche's manufacturing capacity and forecasted demand for Mircera®.  This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

46.     Roche Exhibit 222 is correspondence from a consulting firm retained by Roche in which the consultants provide their confidential analysis of the effect of Mircera's market entry, including forecasts of Mircera® sales.  This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

47.     Roche Exhibit 232 is an excerpt from an internal Roche presentation regarding Message Platform Testing for Mircera®, which contains confidential information relating to Roche's market and focus group research for Mircera®

messaging.  This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

48.     Roche Exhibit 244 contains excerpts of the deposition of Peter Schupbach, dated March 29, 2007, which contain confidential and highly sensitive information relating to Mircera's product launch.  For example, page 49 contains confidential information concerning Roche's anticipated timing of its launch of Mircera®.  This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

49.     Roche Exhibit 249 is an excerpt from an internal Roche financial report for Mircera®, which contains confidential information relating to Roche's costs for marketing and other items, including some costs not related to Amgen's conduct.  This document is marked "CONFIDENTIAL" and has not been disclosed to the public in any form.  Its disclosure would severely harm Roche for the reasons detailed above.

50.     Roche Exhibit 250 and Exhibit A to the Declaration of Susan Graf, dated June 19, 2007, is an internal email among Roche personnel regarding the 2006 year-end results for the marketing budget for Mircera®.  This email and attachment provide confidential financial reports for Mircera® relating to Roche's total marketing costs and an itemization of its planned marketing spending for Mircera®.  This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

51.     I understand Roche Exhibit 253 is an exhibit from the deposition of Lauren Stiroh, Ph.D., dated May 31, 2007, which presents Dr. Stiroh's calculation of damages related to Roche's lost sales.  This document contains confidential information

concerning Roche's anticipated profit margin, lost profits, and marketing expenditures. This information has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

52.    Roche deems it necessary to maintain the confidentiality of the information contained in the Exhibits in order to safeguard its trade secrets and competitive business information and to avoid giving a competitive advantage to competitors or others who might use the information to the detriment of Roche's business. Accordingly, it is of critical important that the Exhibits, which contain Roche's highly confidential trade secret information, not be disclosed in the public record.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of June 2007 at Nutley, New Jersey

/s/ Chrys Kokino
Chrys Kokino

16

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above mentioned date.

/s/  Keith E. Toms
Keith E. Toms

03099/00501  690054.1

17