UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMGEN INC. | ) | |
| Plaintiff, | ) ) ) ) | |
| v. | ) ) | ) CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GmbH, and HOFFMANN-LA ROCHE INC. | ) ) ) ) | |
| Defendants. | ) ) | |

**DECLARATION OF STEVE PLATT IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS CONTAINING DEFENDANTS' TRADE SECRETS AND SUBMITTED IN CONNECTION WITH AMGEN'S MOTION FOR SUMMARY JUDGMENT ON ROCHE'S ANTITRUST AND STATE LAW COUNTERCLAIMS**

I, Steve Platt, declare as follows:

1. I am Senior Financial Manager at Hoffmann-La Roche Inc. ("Roche"). I have been an employee of Roche since January 1991. My educational background includes a BS in Industrial Engineering from the New Jersey Institute of Technology, and an MBA from Seton Hall.

2. I make this declaration based upon my own personal knowledge and company information.

3. I have been asked to examine documents which correspond to Exhibits 5, 8, 9, 11, 12, and 29 ("the Exhibits") that correspond to the Declaration of James M. Fraser in Support of Amgen's Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims, and which were submitted to the Court for *in camera* review on June 15, 2007. I have been

1

asked to review these documents to determine whether they contain information regarded as trade secret based upon my work at Roche.

4.      The Exhibits contain highly sensitive, confidential trade secret information belonging to Roche, including information from confidential internal Roche documents regarding Roche's Mircera® profit and cost structure. Pursuant to Roche company policy, the documents, the information contained in the documents, and those communications involving the documents and information are maintained in confidence and secrecy. Disclosure of the Exhibits in the public record would destroy the trade secret status of the information contained therein and irreparably harm Roche in the highly competitive pharmaceutical industry. In the paragraphs below I set forth a detailed description of the information contained in the Exhibits and the reasons the Exhibits should not be disclosed publicly.

5.      Exhibit 29 is a copy of Roche's 2006 Operating Profit After Capital Charge ("OPAC") Statement, which is an internal document generated by Roche. The figures in Exhibit 29 as well as the allocation methods used to produce this data have never been publicly disclosed. The information in Exhibit 29 includes highly sensitive, confidential elements of Roche's business strategy which could, if revealed in the public record, be extremely harmful to Roche in several ways.

6.      OPAC statements are created to provide Roche management an estimate of the economic value associated with particular brands. The OPAC Statement in Exhibit 29 has been created for Mircera® based on projections of sales and costs. The OPAC statements for Mircera® are subdivided into statements for the dialysis market, and the non-dialysis market based upon allocations of, as applicable, budgeted, actual and anticipated costs and revenues.

7. A competitor with access to Roche's OPAC Statement would have the ability to use this information against Roche in the market by tailoring its own pricing and marketing strategies based on Roche's internal figures. Because competitors will be privy to Roche's pricing and marketing strategies if this document is revealed publicly, they will be able to make adjustments to their own pricing and marketing strategies before Roche enters the market, which will have a strong negative effect on Roche's future sales. Placing this confidential information in the hands of Roche's competitors would therefore be extremely harmful to Roche.

8. Roche would further be harmed if Roche's OPAC Statement were revealed in the public record because it would interfere with Roche's contractual and business relations. More specifically, Roche will lose its basic ability to negotiate if its customers have access to information such as Roche's cost, pricing, and discounting strategies.

9. Accordingly, the information contained in Exhibit 29 is crucial to Roche's competitive advantage and its public record disclosure would be extremely destructive to Roche's success in the market. Exhibit 29 must therefore be protected from public disclosure.

10. I understand that Exhibit 5 is an excerpt from the Expert Report of Professor David J. Teece, Ph.D., submitted by Amgen in connection with the present litigation on May 11, 2007. I further understand that this document contains both Amgen confidential information (which is not accessible to me under the protective order) and Roche confidential information. Based on my review of the Roche confidential information only, I have determined that this document contains information regarding Roche's production costs, which is highly confidential information that has never been made public. This is particularly true of the information contained in page 72 at footnote 241 and page 94 at footnote 323, which is highly confidential and trade secret information about internal Roche price and cost figures, most of which is taken

3

directly from Roche's 2006 OPAC Statement. For the reasons discussed in paragraphs 7 and 8 above, this information is highly confidential and would be destructive to Roche's success in the market if disclosed. Thus, Exhibit 5 must be protected from public disclosure.

11.  Exhibit 8 is a graphical representation of Roche's planned costs compared to its sales revenue (as cited in the Expert Report of David J. Teece, Ph.D., dated May 11, 2007), and was generated using the data in Roche's 2005 OPAC Statement. This chart contains highly confidential information which is internal to Roche and has never been made public. For the reasons discussed in paragraphs 7 and 8 above, this information is highly confidential and would be destructive to Roche's success in the market if disclosed. Thus, Exhibit 8 must be protected from public disclosure.

12.  Exhibit 9 is a graphical representation of Roche's costs, including costs of goods sold and marketing and distribution costs, as a share of its peak sales revenue (as cited in the Expert Report of David J. Teece, Ph.D., dated May 11, 2007), and was generated using the data in Roche's 2005 and 2006 OPAC Statements. This chart contains highly confidential information which is internal to Roche and has never been made public. For the reasons discussed in paragraphs 7 and 8 above, this information is highly confidential and would be destructive to Roche's success in the market if disclosed. Thus, Exhibit 9 must be protected from public disclosure.

13.  I understand that Exhibit 11 is an exhibit from the Expert Report of David J. Teece, Ph.D, dated May 11, 2007. I further understand that this document contains both Amgen confidential information (which is not accessible to me under the protective order) and Roche confidential information. Based on my review of the Roche confidential information only. Based on my review of the Roche confidential information only, I have determined that this

document contains information from the OPAC statement regarding Roche's incremental costs. This highly confidential information has never been made public. Public disclosure of this information would be extremely harmful to Roche if revealed because, as discussed in paragraphs 7 and 8 above, it would give competitors access to Roche's internal profitability metrics, enabling them to tailor their own metrics in a manner to disadvantage Roche. Disclosure of the cost to sales ratio would also damage Roche for the reasons above in paragraphs 7-8.

14. Exhibit 12 is an excerpt from the Expert Report of Professor Einer Elhauge, submitted by Roche in connection with the present litigation on April 6, 2007. This report contains highly confidential information which is internal to Roche and has never been made public. This is particularly true of paragraph 171 and footnotes 343 and 344, which contain highly confidential and trade secret information about internal Roche strategies relating to marketing costs and sales projections. Public disclosure of this information would be extremely harmful to Roche if revealed because, as discussed in paragraph 15 above, it would give competitors access to Roche's internal profitability metrics, enabling them to tailor their own metrics in a manner to disadvantage Roche. Disclosure of the cost to sales ratio would also damage Roche for the reasons above in paragraphs 7-8.

15. Roche deems it necessary to maintain the confidentiality of such information, as detailed above, in order to safeguard its trade secrets and competitive business information and to avoid giving competitive advantage to competitors or others who might use the information to the detriment of Roche's business.

16. Roche would be severely disadvantaged and harmed by the disclosure of the above-referenced highly confidential, trade secret information in the public record where it

would be available to all without restriction or limitation, including its competitors and others. Accordingly, it is of critical importance that the Exhibits, which contain Roche's highly confidential, trade secret information, not be disclosed in the public record.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of June 2007 at Nutley, New Jersey

/s/ Steve Platt_____
Steve Platt

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 29, 2007.

/s/ Keith E. Toms_____
Keith E. Toms

03099/00501 689007.1