EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMGEN INC., )
)
Plaintiff, )   CIVIL ACTION No.: 05-cv-12237WGY
)
vs. )
)
F. HOFFMANN-LA ROCHE LTD, ROCHE )
DIAGNOSTICS GmbH, AND HOFFMANN-LA )
ROCHE INC., )
)
Defendants. )

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO
DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1-12)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff/Counter Defendant Amgen Inc. ("Amgen") hereby supplements its objections and responses to Defendants' First Set of Interrogatories (Nos. 1-12).

**PRELIMINARY STATEMENT**

1. Amgen's responses to Defendants' First Set of Interrogatories are made to the best of Amgen's present knowledge, information and belief. Amgen's responses are subject to amendment and supplementation should future investigation indicate that amendment or supplementation is necessary. Amgen undertakes no obligation, however, to supplement or amend these responses other than as required by the Federal Rules of Civil Procedure of the Local Rules of the United States District Court for the District of Massachusetts.

2. Amgen's responses to Defendants' First Set of Interrogatories are made according to information currently in Amgen's possession, custody and control.

3. To the extent that Amgen responds to Defendants' First Set of Interrogatories by stating information that private, confidential, highly confidential, proprietary, trade secret or otherwise protected from disclosure, Amgen will respond pursuant to the terms of the Protective Order in this case.

4.  Amgen reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of any information, document or thing produced in response to Defendants' Interrogatories as evidence in any subsequent proceeding, hearing, or trial in this or any other action for any purpose whatsoever.

## GENERAL OBJECTIONS

Amgen makes the following objections to each and every instruction, definition, and interrogatory made in Defendants' First Set of Interrogatories: Amgen incorporates by reference the General Objections set forth in Amgen's responses to Defendants' First Set of Requests for Production of Documents and things. Moreover, Roche has produced approximately 1,000,000 pages of documents since December 29, 2006. Amgen reserves the right to supplement or amend its responses to these interrogatories after it has had an adequate amount of time to review Roche's voluminous new production.

**INTERROGATORY NO. 1:**

Separately for each claim of each of the patents-in-suit, identify whether Amgen alleges that Roche makes, uses, offers to sell or sells a product that Amgen contends infringes that claim and explain whether the claim is contented to be infringed literally, by the doctrine of equivalents, directly, contributorily, or by inducement; and explain in claim chart form, the particular element or elements of each claim that Amgen contends are present in Roche's accused product or processes for making the Roche product and the construction of each claim element; and identify the person or persons likely to have discoverable information regarding this interrogatory; and all documents and things that support or otherwise refute Amgen's response to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this interrogatory: Amgen objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and premature in that Amgen has only received limited discovery from Defendants, and that Defendants have refused to produce relevant evidence that is directly

related to Amgen's infringement contentions. Until such time as Amgen has received such discovery, it cannot provide a complete response to this interrogatory. In particular, Amgen's ability to identify persons, documents, and things, including Roche's peg-EPO product, within Roche's possession, custody or control that relate to the subject matter of this interrogatory is limited by Roche's failure to provide complete responses to Amgen's outstanding discovery requests. Amgen also objects that it cannot provide a complete response at this time because the Court has not yet construed all of the claim terms that Defendants may contest. Amgen further objects to this interrogatory to the extent that it prematurely calls for the opinions of Amgen's expert witnesses, which by the Court's order will be provided in the form of report(s) on April 27, 2007. Amgen objects that the interrogatory is overly broad and unduly burdensome to identify "all documents and things that support or otherwise refute Amgen's response to this interrogatory."

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its right to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen provides the following response to this interrogatory:

Amgen will assert at trial that Roche has directly infringed or will directly infringe the following claims of the patents-in-suit: claims 1-2 of U.S. Patent No. 5,441,868 ("the '868 patent"); claims 4-9 of U.S. Patent of U.S. Patent No. 5,618,698 ("the '698 patent"); claim 7 of U.S. Patent No. 5,756,349 ("the '349 patent"); claim 1 of U.S. Patent No. 5,955,422 ("the '422 patent"); claims 3, 7-9, 11-12, and 14 of U.S. Patent No. 5,547,933 ("the '933 patent"); and claims 3-4 and 6 of U.S. Patent No. 5,621,080 ("the '080 patent") (collectively "the Asserted Claims").

Amgen contends that Defendants literally infringe each and every one of the Asserted Claims, with the sole exception of '080 claims 3-4 and 6. As to those three asserted claims of the '080 patent, at the time Amgen filed its complaint, the '080 claims were construed to literally