IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC.<br><br>                        Plaintiff,<br><br>     v.<br><br>F. HOFFMANN-LA ROCHE, LTD,<br>ROCHE DIAGNOSTICS GMBH, and<br>HOFFMANN-LA ROCHE INC.<br><br>                      Defendants. | Civil Action No. 05 CV 12237 WGY<br><br>U.S. District Judge William G. Young<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT THAT AMGEN IS ESTOPPED FROM ASSERTING INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS OF THE ASSERTED CLAIMS OF THE '933 AND '422 PATENTS**

Defendants F. Hoffmann-La Roche, Ltd, Roche Diagnostics GmbH and Hoffmann-La Roche Inc. (collectively, "Roche") respectfully move for summary judgment that Amgen is estopped from asserting that the terms "a DNA sequence encoding human erythropoietin" and "product of the expression in a mammalian host cell of an exogenous DNA sequence" in claims 3, 7-9, 11-12 and 14 of U.S. Patent No. 5,547,933 (the '933 patent) and the term "purified from mammalian cells grown in culture" in claim 1 of U.S. Patent No. 5,955,422 (the '422 patent) are infringed by Roche under the doctrine of equivalents.

The '933 patent, which claims non-naturally occurring glycoproteins made using "a DNA sequence encoding human erythropoietin" issued after narrowing amendments made in response to rejections of claims which encompassed erythropoietin fragments, analogs and synthetic polypeptides. Having narrowed the claims specifically to overcome those rejections, Amgen should be estopped from arguing that the term "DNA sequence encoding human erythropoietin" encompasses such molecules under the doctrine of equivalents.

31486023.DOC                                                 1

Dockets.Justia.com

During prosecution, the applicant amended the claims of the '933 patent, to overcome prior art, by defining the claimed glycoprotein as the "product of the expression in a mammalian host cell of any exogenous DNA sequence." Having thus relied on the recited process to distinguish the claims of the '933 patent over the prior art, Amgen should be estopped from claiming that the phrase "expression in a mammalian host cell of an exogenous DNA sequence" is met under the doctrine of equivalents.

The phrase "purified from mammalian cells grown in culture" was added to the claims of the '422 patent to overcome prior art by limiting the source of erythropoietin. Having thus narrowed the claims in view of the prior art, Amgen should be estopped from asserting that the term "purified from mammalian cells grown in culture" is satisfied under the doctrine of equivalents.

Thus, Roche respectfully asks this Court to grant its motion for summary judgment that Amgen is estopped from asserting that the terms "a DNA sequence encoding human erythropoietin" and "product of the expression in a mammalian host cell of an exogenous DNA sequence" in the claims of the '933 patent and the term "purified from mammalian cells grown in culture" in the claims of the '422 patent are met under the doctrine of equivalents.

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and that counsel for Amgen does not assent.

Dated: July 3, 2007
      Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE, LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

By their attorneys,

/s/ Keith E. Toms
Lee Carl Bromberg (BBO# 058480)
Timothy M. Murphy (BBO# 551926)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA  02110
Tel:  (617) 443-9292
ktoms@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Tel: (212) 836-8000

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                                                        /s/ Keith E. Toms
                                                        Keith E. Toms

3099/501  698224.1