Exhibit 22

08/18/2003 15:08 FAX 6172899201          DUANE MORRIS BOSTON                    ☒004

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 AUG 18 P 2: 20

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| AMGEN INC., | ) |
| Plaintiff, | ) )  Civil Action<br>)  No. 97-10814-WGY |
| v. | ) ) |
| HOECHST MARION ROUSSEL, INC.<br>and<br>TRANSKARYOTIC THERAPIES, INC., | ) ) ) |
| Defendants. | ) ) |

## AMGEN INC.'S POST-HEARING MEMORANDUM IN SUPPORT OF ITS FED. R. CIV. P. 52(C) MOTION THAT '080 CLAIMS 2-4 ARE INFRINGED UNDER THE DOCTRINE OF EQUIVALENTS

AM670067892                                          AM-ITC 00852559

08/18/2003 15:08 FAX 6172899201                    DUANE MORRIS BOSTON                                    ☒005

## TABLE OF CONTENTS

PAGE No.

I.      INTRODUCTION ....................................................................................................1

II.     AMGEN HAS REBUTTED THE PRESUMPTION OF ESTOPPEL UNDER
        THE CORRECT *FESTO* STANDARDS ....................................................................3

        A.      The particular equivalent in question was indisputably not foreseeable at
                the time of the application...................................................................................4

        B.      The rationale underlying Amgen's amendment was not related to the
                particular equivalent in question ........................................................................9

        C.      There is "some other reason" suggesting that Amgen could not
                reasonably be expected to have described the 1-165 amino acid
                equivalent...........................................................................................................14

III.    CONCLUSION......................................................................................................16

-i-

AM670067893                                                                      AM-ITC 00852560

08/18/2003 15:08 FAX 6172899201          DUANE MORRIS BOSTON                                    ☒006

# TABLE OF AUTHORITIES

CASES                                                                                      PAGE NO.

*Amgen Inc. v. Hoechst Marion Roussel, Inc. and Transkaryotic Therapies, Inc.,*
    126 F. Supp. 2d 69, 135 (D. Mass. 2001) *aff'd in part, vacated in part,*
    314 F.3d 1313 (Fed. Cir. 2003) ....................................................................................... 10, 14

*Application of Ahlbrecht,*
    435 F.2d 908 (C.C.P.A. 1971) ....................................................................................... 6

*Application of Lukach,*
    442 F.2d 967 (C.C.P.A. 1971) ....................................................................................... 6

*Application of Smith,*
    458 F.2d 1389 (C.C.P.A. 1972) ..................................................................................... 8

*Bigham v. Godtfredsen,*
    857 F.2d 1415 (Fed. Cir. 1988) .................................................................................... 6

*Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.,*
    93 F.3d 1572 (Fed. Cir. 1996) ..................................................................................... 8

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki,*
    535 U.S. 722 (2002).......................................................................................... passim

*Forssmann v. Matsuo,*
    23 U.S.P.Q.2d 1548 (Bd. Pat. App. & Int. 1992) ........................................................ 7

*Fujikawa v. Wattanasin,*
    93 F.3d 1559 (Fed. Cir. 1996) ..................................................................................... 6

*In re Ruschig,*
    379 F.2d 990 (C.C.P.A. 1967) ..................................................................................... 6

*In re Vickers,*
    141 F.2d 522 (C.C.P.A. 1944) ..................................................................................... 8

*In re Vogel,*
    422 F.2d 438 (C.C.P.A. 1970) ..................................................................................... 13

*In re Wako Pure Chem. Indus. Ltd.,*
    4 Fed. Appx. 853 (Fed. Cir. 2001)................................................................................ 6

*Quad Envtl. Techs. Corp. v. Union Sanitary Dist.,*
    946 F.2d 870 (Fed. Cir. 1991) ..................................................................................... 14

-ii-

AM670067894                                                                          AM-ITC 00852561

# TABLE OF AUTHORITIES (cont'd)

PAGE NO.

*Yamada v. Aggarwal,*
   57 U.S.P.Q.2d 2002 (Bd. Pat. App. & Int. 2000) ............................................................................... 7

**STATUTES**

35 U.S.C. § 101 ....................................................................................................................... 13

35 U.S.C. § 120 ......................................................................................................................... 5

**OTHER AUTHORITIES**

Manual of Patent Examining Procedure § 2163 ......................................................................... 5

Manual of Patent Examining Procedure § 608 ........................................................................... 5

-iii-

AM670067895                                                         AM-ITC 00852562

08/18/2003 15:08 FAX 6172899201                    DUANE MORRIS BOSTON                              ☑008

## I.      INTRODUCTION

Prosecution history estoppel does not bar Amgen's claims for infringement of its '080 patent under the Doctrine of Equivalents. Amgen "could not reasonably be expected to have described the insubstantial substitute in question," either in its application as originally filed or in any claim amendment. In addition, the rationale underlying Amgen's amendment of its claims — to avoid a double-patenting rejection over the EPO glycoprotein claims in its '933 patent — bears "no more than a tangential relation" to the particular 165 amino acid equivalent in question. Finally, the record demonstrates that Amgen did not intend the sequence amendment to exclude or distinguish over EPO having the 1-165 amino acid sequence of Figure 6 ("165 human EPO"). For all of these reasons, the presumption of estoppel has been rebutted.

During the July 28 hearing, the Court questioned whether Amgen could have amended its '080 claims to expressly recite the 1-165 amino acid sequence of Figure 6.[1] As Amgen's counsel stated at the hearing, the answer to that question is no. When Amgen drafted and filed its patent application, it was unknown and unforeseeable that the human EPO product of example 10 in the patent had 165 amino acids rather than the deduced 166 amino acid sequence shown in Figure 6. Because this fact was unknown in 1984 when the written description of Amgen's specification was drafted and submitted, the specification did not expressly recite an EPO having the 1-165 sequence. As explained more fully in Section II(A) below, the absence of an express description of that specific sequence in Amgen's application made a later claim amendment reciting that specific sequence impermissible.

---

[1] *See, e.g.*, 7/31/03 Hearing Transcript at p. 81, lines 4-9.

-1-

AM670067896                                                        AM-ITC 00852563

08/18/2003 15:11 FAX 6172899201          DUANE MORRIS BOSTON                              ☐025

## CERTIFICATE OF SERVICE

I, Michael R. Gottfried, hereby certify that on August 18, 2003, I caused a copy of the following document:

a)    Amgen Inc.'s Post-Hearing Memorandum in Support of its Fed. R. Civ. P. 52(C) Motion that '080 Claims 2-4 are Infringed Under the Doctrine of Equivalents.

to be served upon all counsel of record and in the manner indicated below:

**By Hand:**                              **By Overnight Delivery:**
Robert S. Frank, Jr., Esq.               Herbert F. Schwartz, Esq.
Choate, Hall & Stewart                   Fish & Neave
Exchange Place                           1251 Avenue of the Americas
53 State Street                          New York, NY 10020
Boston, MA 02109


Michael R. Gottfried (BBO# 54216)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210-2205
(617) 289-9200

-18-

677891v5

AM670067913                                              AM-ITC 00852580