UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GmbH, AND HOFFMANN-LA ROCHE INC.,<br><br>        Defendants. | CIVIL ACTION No.: 05-cv-12237WGY |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1-12)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff/Counter Defendant Amgen Inc. ("Amgen") hereby supplements its objections and responses to Defendants' First Set of Interrogatories (Nos. 1-12).

**PRELIMINARY STATEMENT**

1. Amgen's responses to Defendants' First Set of Interrogatories are made to the best of Amgen's present knowledge, information and belief. Amgen's responses are subject to amendment and supplementation should future investigation indicate that amendment or supplementation is necessary. Amgen undertakes no obligation, however, to supplement or amend these responses other than as required by the Federal Rules of Civil Procedure of the Local Rules of the United States District Court for the District of Massachusetts.

2. Amgen's responses to Defendants' First Set of Interrogatories are made according to information currently in Amgen's possession, custody and control.

3. To the extent that Amgen responds to Defendants' First Set of Interrogatories by stating information that private, confidential, highly confidential, proprietary, trade secret or otherwise protected from disclosure, Amgen will respond pursuant to the terms of the Protective Order in this case.

related to Amgen's infringement contentions. Until such time as Amgen has received such discovery, it cannot provide a complete response to this interrogatory. In particular, Amgen's ability to identify persons, documents, and things, including Roche's peg-EPO product, within Roche's possession, custody or control that relate to the subject matter of this interrogatory is limited by Roche's failure to provide complete responses to Amgen's outstanding discovery requests. Amgen also objects that it cannot provide a complete response at this time because the Court has not yet construed all of the claim terms that Defendants may contest. Amgen further objects to this interrogatory to the extent that it prematurely calls for the opinions of Amgen's expert witnesses, which by the Court's order will be provided in the form of report(s) on April 27, 2007. Amgen objects that the interrogatory is overly broad and unduly burdensome to identify "all documents and things that support or otherwise refute Amgen's response to this interrogatory."

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its right to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen provides the following response to this interrogatory:

Amgen will assert at trial that Roche has directly infringed or will directly infringe the following claims of the patents-in-suit: claims 1-2 of U.S. Patent No. 5,441,868 ("the '868 patent"); claims 4-9 of U.S. Patent of U.S. Patent No. 5,618,698 ("the '698 patent"); claim 7 of U.S. Patent No. 5,756,349 ("the '349 patent"); claim 1 of U.S. Patent No. 5,955,422 ("the '422 patent"); claims 3, 7-9, 11-12, and 14 of U.S. Patent No. 5,547,933 ("the '933 patent"); and claims 3-4 and 6 of U.S. Patent No. 5,621,080 ("the '080 patent") (collectively "the Asserted Claims").

Amgen contends that Defendants literally infringe each and every one of the Asserted Claims, with the sole exception of '080 claims 3-4 and 6. As to those three asserted claims of the '080 patent, at the time Amgen filed its complaint, the '080 claims were construed to literally

encompass polypeptides having 166 amino acids and encompass within the doctrine of equivalents polypeptides having the amino acid sequence of positions 1-165 of Figure 6. Since Amgen's complaint was filed, the Federal Circuit limited the equivalents that could be covered by the '080 claims. This issue has not been finally adjudicated. Roche has refused to produce its peg-EPO product and thus Amgen has been unable to fully characterize that product to determine whether any of Roche's peg-EPO product infringes the '080 claims literally or under the doctrine of equivalents.

Based upon the Court's prior claim construction orders with respect to the patents-in-suit and Amgen's proposed constructions, Amgen currently believes it will not be necessary to prove infringement at trial under the doctrine of equivalents with respect to the remainder of the Asserted Claims. However, if the Court adopts a claim construction that would cause Defendants' peg-EPO product or process to not literally satisfy a limitation of the Asserted Claims, Amgen will prove at trial that Defendants' peg-EPO product or process satisfies such limitation under the doctrine of equivalents because any differences between Defendants' product and processes and the claimed products and processes are insubstantial.

Amgen further contends that Defendants have induced or will induce others to infringe each and every one of the Asserted Claims by making, using, selling, offering to sell, or importing Defendants' peg-EPO. Based upon the provided discovery of Roche's actions to date, Amgen does not currently contend that Defendants are liable for contributory infringement of the Asserted Claims.

In response to Defendants' request that Amgen "explain in claim chart form, the particular element or elements of each claim that Amgen contends are present in Roche's accused product or processes for making the Roche product and the construction of each claim element," Amgen incorporates by reference the chart attached hereto as Exhibit A.

In response to Defendants' request that Amgen "identify the person or persons likely to have discoverable information regarding this interrogatory," Amgen identifies the following persons:

ITC 00991045-080; AM-ITC 00991081-083; AM-ITC 01004923-929; AM-ITC 01006613-756; AM-ITC 01006920-923; and AM-ITC 01007030-037.

Further information relevant to the failure of the work of Goldwasser is set forth in the published decisions regarding Dr. Lin's U.S. patents. The pleadings and Amgen's document production from each of these actions, including Dr. Lin's testimony and that of other relevant Amgen employees, have been provided to Roche in response to Roche's First Set of Requests for the Production of Documents and Things in the ITC proceeding.

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its right to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen incorporates by reference its previous response and provides the following supplemental response to this interrogatory:

The Goldwasser experiment did not demonstrate that Dr. Goldwasser's preparation constituted a "therapeutically effective amount of human erythropoietin" because, for example, it did not establish that erythropoietin in Dr. Goldwasser's preparation as administered to the three human subjects caused an increase in hematocrit levels, erythrocyte mass changes, reticulocyte response, and/or ferrokinetic effects.

February 10, 2007

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Kimberlin
Darrell Dotson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
Telephone: (805) 447-5000

AMGEN INC.,

By its attorneys,

_____
WILLIAM G. GAEDE III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

D. DENNIS ALLEGRETTI (BBO#545511)

MICHAEL R. GOTTFRIED (BBO#542156)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephones: (617) 289-9200
Facsimile:   (617) 289-9201

LLOYD R. DAY, JR. (*pro hac vice*)
DAVID M. MADRID (*pro hac vice*)
LINDA A. BAXLEY (*pro hac vice*)
DAY CASEBEER MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile:   (408) 873-0220

MICHAEL F. BORUN (*pro hac vice*)
KEVIN M. FLOWERS (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone: (312) 474-6300
Facsimile:   (312) 474-0448