# Exhibit 53

to the Declaration of Cullen N. Pendleton in Support of Amgen's Opposition to Roche's Motion for Summary Judgment that Claim 7 of the '349 Patent is Invalid Under 35 USC §112 and is Not Infringed

⟨Roche⟩
Diagnostics

Via facsimile (without encl.) / confirmation by courier

Dr. Richard D. Kolodner, Professor
Ludwig Institute of Cancer Research,
UC San Diego School of Medicine
13468 Kibbings Road
San Diego, CA 92130
USA

Penzberg, March 19, 2007 SR/mw
Amgen, Inc. v. F. Hoffmann-La Roche Ltd. et al.
(C.A. No. 05 CV 12237 WGY) - U.S. District Court, D. Mass.
Transfer of A Sample Of Roche's Production Working Cell Bank

Dear Dr. Kolodner:

Roche herewith transmits to you a sample of defendant Roche's production working cell bank designated DN2-3(a)3 (WCB EPO CHO DN2 3α3, dated 29.04.93), which is enough to produce r-EPO in a total of 10,000 liter cell culture volume.

This shipment is being made by courier from Roche's facility at Penzberg, Germany, on March 20, 2007, and, thus, receipt should be expected on March 21, 2007 at your laboratory at the Ludwig Institute of Cancer Research, UC San Diego School of Medicine at the above address.

The sample is in the form of a 4.5 ml vial containing approx. 4ml with at least approx. $3 \times 10^7$ cells. As you are aware, the sample needs to be kept at deep-freeze temperatures, preferably in the vapour phase of liquid nitrogen for long term storage. For short term storage the sample can be stored in a freezer at -80°C or lower for four weeks to assure continued viability.

As to destruction of the cells once the work is done, we suggest that destruction be accomplished by autoclave treatment of all cells, and any material derived therefrom, and including waste liquids, cell pellets, and the like, by autoclaving for at least 30 min at a temperature of at least 121°C.

This sample is being delivered to you pursuant to the Protective Order dated February 27, 2007 entered by the Court in the above referenced litigation (copy appended) which provides secrecy protection for this cell line and limits its use as stated therein.

*CERA 070319 Letter Production Working Cell Bank.doc*

**Roche Diagnostics GmbH**    Werk Penzberg         Sitz der Gesellschaft:         Geschäftsführung:
                              Nonnenwald 2           Mannheim                       Dr. Jürgen Schwiezer, Vorsitzender
                              D-82377 Penzberg       Registergericht Mannheim       Dr. Manfred Baier

Please sign the bottom of this letter to (1) acknowledge receipt of this sample and (2) to confirm that you and the involved members of your staff will abide by provisions set forth in the attached Protective Order in this case. If you will be unavailable during the time that receipt of the sample should be expected (March 21, 2007), please designate another individual in your lab who could take receipt. In this case, a copy of this cover letter attaching the Protective Order should be signed by such person as well.

Very truly yours,

Roche Diagnostics GmbH
ppa.            i.V.

*[signatures]*

Dr. Schreiner    Dr. Franze

Attachment:
Order Regarding Production of Roche's Cell Line and Applicable Restrictions of Use

Acknowledged by me, this 21 day of March, 2007

*[signature]*

Dr. Richard Kolodner

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>F. HOFFMANN-LA ROCHE LTD, )<br>ROCHE DIAGNOSTICS GMBH, )<br>and HOFFMANN-LA ROCHE INC., )<br>)<br>Defendants. )<br>) | CIVIL ACTION No.: 05-CV-12237WGY |

*WAY modified*

~~[PROPOSED]~~ ORDER REGARDING PRODUCTION OF THE PARTIES' CELL LINES
AND APPLICABLE RESTRICTIONS OF USE

In light the Court's January 23, 2007 Order for reciprocal discovery into samples of the parties' cell lines, and given both parties' recognition of the sensitive nature of this material and ~~the need for heightened precautions to protect such proprietary material, the Court hereby orders~~ that both parties produce a sample of each of the requested cell lines to a disclosed third party expert solely for testing relevant to the claims and defenses in this action. ~~The Court further orders that Amgen produce the declarations of Ronald McLawhon in *Amgen v. TKT* and any documents he considered in their preparation.~~ *Denied w/o prejudice. WAY*  *This order resolves the cross-motions, docket nos. 273 and 296. WAY*

In addition, the following restrictions of use and access will govern the production and handling of both parties' cell lines:

1. The Protective Order entered in this case on December 21, 2006 shall govern the use of the cells produced under this order and any documentation relating to the cells. The cells produced under this order and any documentation relating to the cells shall not be used for any purpose other than for this litigation.

2. All samples of cell lines and cells produced under this order shall be maintained as Highly Confidential within the meaning of the December 21, 2006 Protective Order entered in this case.

3. Access to the cell lines and produced cells shall further be restricted to the designated expert, lab assistants and members of the expert's staff, and the receiving party's outside counsel team, with access to such materials tracked in a lab notebook.

4. All information generated from or based upon the studies performed under this order and documentation relating to such information shall be maintained as Confidential within the meaning of the December 21, 2006 Protective Order entered in this case.

5. All cells provided under this order must be maintained by the designated expert in a secured location and in a dedicated and secured incubator. For every cell culture grown from the cells, sufficient accounting shall be kept in a lab notebook documenting the creation and use of such culture.

6. Propagation of any cells produced under this order must be limited to the amount necessary to run the tests in furtherance of this litigation.

7. At such time as either: (1) the cells produced or propagated under this order are no longer used in studies, or needed for propagation of cells for use in studies, performed pursuant to this order; or (2) the lawsuit has concluded, the cells shall be destroyed and the destruction shall be accounted for in documentation provided to the supplying party.

8. *Such discovery shall be furnished within 30 days of the date of this order*

SO ORDERED on this 27TH day of February, 2007

SO ORDERED:

_____
The Honorable William G. Young
United States District Court
District of Massachusetts

03099/00501 624145.1

⟨Roche⟩

Diagnostics

Amgen, Inc. v. F. Hoffmann-La Roche Ltd. et al.
(C.A. No. 05 CV 12237 WGY) - U.S. District Court, D. Mass.
Transfer of A Sample Of Roche's Production Working Cell Bank

<u>Annex to letter of March 19, 2007</u>

Procedure for confirming the receipt of our letter of March 19, 2007 in the above-referenced matter:

1. Please date and sign, on page 2, one copy of our letter of March 19, 2007.

2. Please telefax this signed copy to our Patent Department at the following facsimile number: +49 (8856) 60 3451.

3. Please send the original signed copy to the following address:

    Roche Diagnostics GmbH
    Attn.: Dr. Siegfried Schreiner
    Patent Department (TR-E)
    P.O.Box 11 52
    D-82372 Penzberg, Germany

Thank you very much for your kind assistance.

Very truly yours,

Roche Diagnostics GmbH
ppa.                i.V.

Dr. Schreiner       K.-H. Betke

*CERA 070319 Letter Production Working Cell Bank.doc*