UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------- x
AMGEN INC.,

         Plaintiff,      Civil Action No. 05-12237 WGY

   v.            U.S. District Judge Young

F. HOFFMANN-LA ROCHE, LTD, a Swiss  **ORAL ARGUMENT REQUESTED**
Company, ROCHE DIAGNOSTICS GmbH, a
German Company and HOFFMANN-LA ROCHE
INC., a New Jersey Corporation,

         Defendants.
------------------------------------- x

**DEFENDANTS' MEMORANDUM PURSUANT TO FED. R. CIV. P. 56(f) FOR RELIEF
FROM AMGEN INC.'S MOTION FOR SUMMARY JUDGMENT THAT DR. LIN'S
<u>ASSERTED CLAIMS ARE DEFINITE, ADEQUATELY DESCRIBED AND ENABLED</u>**

**INTRODUCTION**

   Defendants F. Hoffmann-La Roche, Ltd, Roche Diagnostics GmbH and Hoffmann-La

Roche Inc. (collectively "Roche"), hereby respectfully move this Court under FED. R. CIV. P.

56(f) for an order providing for the opportunity for Roche to supplement its Opposition to

Plaintiff Amgen Inc.'s Motion for Summary Judgment that Dr. Lin's Asserted Claims are

Definite, Adequately Described and Enabled[1] at such time as the transcript of Amgen's expert

Dr. Harvey Lodish is made available for citation.

   As detailed in the Declaration of Jeanna Wacker, Esq. submitted in support of this

Motion for Relief, one of Amgen's most important invalidity experts, Dr. Harvey Lodish,

submitted six expert reports in this case, spanning 463 pages and covering each of the issues

---

[1]  *See* Roche's Opposition to Amgen's Motion for Summary Judgment that Dr. Lin's Asserted Claims are Definite, Adequately Described and Enabled, filed 6/5/07.

1

involved in Amgen's Motion. However, Amgen did not make Dr. Lodish available until July 3rd – just two days (and only one business day) before Roche's Opposition was due. Consequently, a final certified transcript of Dr. Lodish's deposition testimony was not available for citation at the time Roche's Opposition was filed. At his deposition, Dr. Lodish made numerous material statements regarding the invalidity of the asserted claims of Amgen's patents under 35 U.S.C. § 112 – information that is highly relevant to Roche's Opposition. Thus, the requested relief under FED. R. CIV. P. 56(f) is appropriate.

## SUMMARY AND ARGUMENT

**A. DEFENDANTS HAVE MET THE STANDARD FOR GRANTING A MOTION FOR DISCOVERY PURSUANT TO FED. R. CIV. P. 56(f)**

Before granting summary judgment, the Court must first ensure that there is no reasonable version of the material disputed facts under which the non-movant could prevail and that judgment is correct as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Because of the dispositive nature of such motions, the First Circuit has noted the critical importance of the need for discovery in the context of summary judgment motions. *See e.g. Carmona v. Toledo*, 215 F.3d 124, 132-133 (1st Cir. 2000); *see also Celetex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In order to protect parties against "judges swinging the summary judgment axe too hastily," FED. R. CIV. P. 56(f) provides parties with a safety valve where they are genuinely in need of further time to marshal the facts essential to their opposition to a summary judgment motion. *Resolution Trust Corp. v. North Bridge Assoc's, Inc.*, 22 F.3d 1198, 1204 (1st Cir. 1994). Specifically, the Rule provides:

> **(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition,

> the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

In patent cases, the law of the regional circuit applies to procedural matters not unique to patent law and thus the law of the First Circuit provides guidance on the application of the Rule in this case. *Vivid Tech., Inc. v. American Science & Eng'g, Inc.*, 200 F.3d 795, 807 (Fed. Cir. 1999).

According to First Circuit precedent, there are four criteria for the granting of relief under Rule 56(f): authoritativeness and timeliness, good cause, utility and materiality. *Morrissey v. The Boston Five Cents Savings Bank*, 54 F.3d 27, 35 (1st Cir. 1995); *Resolution Trust*, 22 F.3d at 1203. Although it may not be necessary to demonstrate all four requirements, the satisfaction of all four give rise to a strong presumption in favor of relief. *Reid v. State of New Hampshire*, 56 F.3d 332, 341 (1st Cir. 1995); *Resolution Trust*, 22 F.3d at 1203.

Courts should further construe motions under FED. R. CIV. P. 56(f) generously, and unless the court reasonably concludes that the motion is a stalling tactic or an exercise in futility it should be treated liberally. *Resolution Trust*, 22 F.3d at 1203; *United States v. One Lot of U.S. Currency ($68,0000)*, 927 F.2d 30, 33-34 (1st Cir. 1991). Indeed, as long as such a proffer rises sufficiently above mere speculation, the First Circuit sets a liberal standard in allowing an opposing party to explain why it is not yet able to file a full-fledged opposition. Even in the case where parties have already conducted substantial discovery, "evaluating the potential significance of unknown facts in regard to unadjudicated issues is something of a metaphysical exercise. Consequently, the threshold of materiality at this stage of a case is necessarily low." *Resolution Trust*, 22 F.3d at 1207. It is therefore respectfully submitted that Plaintiffs' motion meets the requisite standard for the granting of the relief requested.

**1.      Defendants' Motion is Authoritative and Timely**

A FED. R. CIV. P. 56(f) motion is authoritative when it is support by an affidavit signed by a person who possesses firsthand knowledge and who is competent to address the specifics of the matters discussed. *Resolution Trust*, 22 F.3d at 1204. Such affidavit may acceptably take the form of written representations of counsel. *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 988 (1st Cir. 1988). Plaintiffs respectfully refer to the Court to the attached Declaration of Jeanna Wacker, Esq. as support for this motion.

There is no fixed time limit for filing a motion under Rule 56(f). Accordingly, the First Circuit has held that such motions must be filed within a reasonable time following receipt of a motion for summary judgment. *Resolution Trust*, 22 F.3d at 1204. Roche has not been dilatory in filing this motion, but has acted promptly as soon as being made aware that a certified version of Dr. Lodish's transcript would not be available for citation by June 5th, the time when Roche's Opposition to Amgen's Motion was due. Accordingly, Plaintiffs' motion has been filed at the earliest convenient moment and should be considered timely.

**2.      Defendants' Motion is for Good Cause**

The good cause requirement is readily satisfied here. Amgen's Motion asks this Court to make substantial evidentiary findings before Roche has the opportunity to provide the Court with the testimony of one of Amgen's most important expert witnesses. As detailed in the Declaration of Jeanna Wacker, Esq., the testimony of Dr. Lodish is highly relevant to the substantial evidentiary issues implicated in Amgen's motion.

**3.      Defendants' Motion has Utility and is Material**

The utility requirement tests whether the moving party has presented a plausible basis for a belief that discoverable evidence exists that would likely suffice to raise a genuine issue of

4

material fact, and thus defeat summary judgment. *Resolution Trust*, 22 F.3d at 1206. Here, clearly, such evidence exists, as Dr. Lodish's deposition has already taken place. Roche merely seeks the opportunity to present this evidence to the Court.

Further, materiality for the purposes of Rule 56(f) means material to the issues raised on summary judgment. *Id.* at 1207. As the Declaration of Jeanna Wacker, Esq. sets out, the deposition transcript of Amgen's expert Dr. Harvey Lodish will provide substantial evidence in support of Defendants' position regarding the invalidity of the asserted claims of Amgen's patents under 35 U.S.C. § 112, at issue in Amgen's Motion and Roche's Opposition. *See Vivid Tech.*, 200 F.3d at 809 ("The First Circuit has explained the burden under Rule 56(f) as follows: In short, the facts that the movant seeks to discover must be foreseeably capable of breathing life into his claim or defense.").

## CONCLUSION

For the foregoing reasons, and for the grounds set forth in the accompanying Declaration of Jeanna Wacker, Esq., Roche submits that it has satisfied the requirements for relief under FED. R. CIV. P. 56(f). Accordingly, it is respectfully requested that the Court provide for the opportunity for Roche to supplement its Opposition to Plaintiff Amgen Inc.'s Motion for Summary Judgment that Dr. Lin's Asserted Claims are Definite, Adequately Described and Enabled at such time as the transcript of Amgen's expert Dr. Harvey Lodish is made available for citation.

Dated: July 5, 2007
      Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys,*

/s/ Nicole A. Rizzo
Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kimberly J. Seluga (BBO# 667655)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
nrizzo@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky *(pro hac vice)*
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff (*pro hac vice*)
David L. Cousineau (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

/s/ Nicole A. Rizzo
Nicole A. Rizzo

03099/00501 699202.1