## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

------------------------------------- x

AMGEN INC.,

                         Plaintiff,

                v.

F. HOFFMANN-LA ROCHE, LTD, a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company and HOFFMANN-LA ROCHE INC., a New Jersey Corporation,

                       Defendants.

Civil Action No. 05-12237 WGY

U.S. District Judge Young

**ORAL ARGUMENT REQUESTED**

------------------------------------- x

### DECLARATION OF JEANNA WACKER, ESQ. IN SUPPORT OF DEFENDANTS' MEMORANDUM PURSUANT TO FED. R. CIV. P. 56(f) FOR RELIEF FROM AMGEN INC.'S MOTION FOR SUMMARY JUDGMENT THAT DR. LIN'S ASSERTED CLAIMS ARE DEFINITE, ADEQUATELY DESCRIBED AND ENABLED

I, Jeanna Wacker, Esq., pursuant to 28 U.S.C. § 1746, declare as follows:

1.    I am an associate at the law firm of Kaye Scholer LLP, attorneys for Defendants F. Hoffmann-La Roche, Ltd, Roche Diagnostics GmbH and Hoffmann-La Roche Inc. (collectively "Roche"). I am familiar with the facts stated herein and submit this declaration in support of Defendants' Motion pursuant to Fed. R. Civ. P. 56(f) seeking relief from Plaintiff Amgen Inc.'s Motion for Summary Judgment that Dr. Lin's Asserted Claims are Definite, Adequately Described and Enabled ("Amgen's Motion").

2.    In its Opposition,[1] Roche has asserted, *inter alia*, that: (1) the Claim Limitation "non-naturally occurring" renders the asserted claims of the '933 patent indefinite; (2) the claim limitation "human erythropoietin" as construed by the court is indefinite when read in light of the

---

[1] *See* Roche's Opposition to Amgen's Motion for Summary Judgment that Dr. Lin's Asserted Claims are Definite, Adequately Described and Enabled, filed 6/5/07.

1

specification of the patents-in-suit; (3) claim 7 of the '349 patent is invalid as a matter of law on grounds of indefiniteness, lack of written description and lack of enablement; and (4) Amgen's claims cannot validly encompass analogs, derivatives or other new molecules.

3. Amgen's expert, Dr. Harvey Lodish submitted six expert reports in this case, spanning 463 pages, and covering each of the issues involved in Amgen's Motion: an April 6th infringement report, an April 30th "addendum" report, a May 11th rebuttal report, and three supplemental reports, submitted on June 4th, 20th, and 25th.

4. Critical to Roche's Opposition therefore is the ability to present statements made by Dr. Lodish during his testimony in this case.

5. However, Amgen did not make Dr. Lodish available until July 3rd – just two days (and only one business day) before Roche's Opposition was due. Consequently, a final certified transcript of Dr. Lodish's deposition testimony was not available for citation at the time Roche's Opposition was filed.

6. At his deposition, Dr. Lodish made numerous material statements regarding the invalidity of the asserted claims of Amgen's patents under 35 U.S.C. § 112. Therefore, such information is highly relevant to Roche's Opposition.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 5th day of July, 2007 in New York, New York.

/s/ Jeanna Wacker
Jeanna Wacker

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

>/s/ Nicole A. Rizzo
>Nicole A. Rizzo

03099/00501 699199.1