## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
AMGEN INC.,                                    :
                                               :
                        Plaintiff,             :   Civil Action No. 05-12237 WGY
                                               :
              v.                               :   U.S. District Judge Young
                                               :
F. HOFFMANN-LA ROCHE, LTD, a Swiss             :
Company, ROCHE DIAGNOSTICS GmbH, a             :
German Company and HOFFMANN-LA ROCHE           :
INC., a New Jersey Corporation,                :
                                               :
                        Defendants.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

### DECLARATION OF THOMAS F. FLEMING, ESQ. IN SUPPORT OF ROCHE'S MOTION PURSUANT TO FED. R. CIV. P. 56(f) FOR RELIEF FROM AMGEN INC.'S MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT

I, Thomas F. Fleming, declare under penalty of perjury as follows:

1. I am a partner at the law firm of Kaye Scholer LLP, attorneys for Defendants F. Hoffmann-La Roche, Ltd, Roche Diagnostics GmbH and Hoffmann-La Roche Inc. (collectively "Roche"). I am familiar with the facts stated herein and submit this declaration in support of Roche's Motion pursuant to Fed. R. Civ. P. 56(f) seeking relief from Amgen Inc.'s Motion For Summary Judgment of No Inequitable Conduct.

2. Amgen has moved for summary judgment to dismiss all of Roche's allegations regarding inequitable conduct. (Docket No. 545). Among Roche's allegations, as plead in its Amended Answer, is that Amgen and/or its representatives knowingly misstated to the Patent Office the structural differences between urinary erythropoietin ("uEPO") (which was in the prior art) and recombinant erythropoietin ("rEPO") (which was then being claimed). *See* Roche's Opposition to Amgen's Motion For Summary Judgment, at 9-14 (Docket No. 633).

1

3. On July 5, 2007, the Court entered its Order compelling Amgen to produce within 14 days the continued deposition of Mr. Borun on topics 49 and 50 of Roche's Appendix A to its motion to compel. Topics 49 and 50 relate to data within the patent specification which allegedly shows structural differences in glycosylation between uEPO and rEPO. There is reason to believe, however, that this data within the patent is false, as indicated by the published decision, *Fritsch v. Lin*, Interference No. 102,334, 21 U.S.P.Q.2d 1739, 1741 (Bd. Pat. App. & Interf. 1992) ("Lin concedes that the hexose value reported...is probably incorrect.").

4. At the April 17, 2007 Markman Hearing, and as reiterated in the July 5, 2007 Order, the Court permitted Roche the opportunity to examine Mr. Borun regarding the circumstances of this data within the patent, including when it was generated and its source. ("I think Roche is entitled to know where Mr. Borun got that information and when. And if he got that information as to items 49 and 50 from another Amgen attorney, which may be the case, Roche is entitled to know here that attorney got his information and when.") (Markman Hearing, April 17, 2007, at 107, attached as Ex. A to Roche Motion To Compel (Docket 496)).

5. The Court's July 5, 2007 electronic Order stated that Roche would be allowed a 7 hour deposition of Mr. Borun on topics 49-50.

6. Mr. Borun's deposition will likely provide material and useful information regarding Roche's allegations of inequitable conduct. As stated above, Roche contends that Amgen knowingly misrepresented the structural differences between uEPO and rEPO as a means of overcoming prior art, which contained references to uEPO. Roche has developed through discovery in this case its theory that Amgen exaggerated these differences, even when Amgen knew that there was other data which suggested that these differences were not significant. Topics 49 and 50 are central to this theory because they relate to data within the patent which

2

allegedly shows structural differences in glycosylation between uEPO and rEPO. As stated above, this data is probably false. If through Mr. Borun's deposition, Roche can establish that Amgen knowingly relied upon false data during the prosecution of the patents in order to overcome prior art, then Roche can create issues of material fact regarding materiality and intent that should defeat Amgen's motion for summary judgment.

Dated: July 6, 2007
      New York, New York

                                                                  __/s/_Thomas F. Fleming_____
                                                                  Thomas F. Fleming

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                                                                 /s/  Thomas F. Fleming_____
                                                                Thomas F. Fleming