# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**AMGEN INC.,**

      **Plaintiff,**

v.                                          CIVIL ACTION No. : 05-CV-12237-WGY

**F. HOFFMANN-LA ROCHE LTD.,**
**ROCHE DIAGNOSTICS GmbH, and**
**HOFFMANN-LA ROCHE INC.,**

      **Defendants.**

---

### DECLARATION OF DENNIS KOGOD IN SUPPORT OF NON-PARTY DAVITA'S ASSENTED-TO MOTION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS CONTAINING NON-PARTY DAVITA'S TRADE SECRETS THAT WERE SUBMITTED BY ROCHE

---

I, Dennis Kogod, hereby declare as follows:

1. I am the Group President for the Western Operating Group for DaVita Inc. ("DaVita"). I have held this position since approximately October 2005.

2. I make this declaration based upon my personal knowledge.

3. My duties include, but are not limited to, negotiating pharmaceutical purchase contracts with Amgen USA Inc. ("Amgen"), and analyzing the financial aspects of such purchase contracts. I am a member of the team that negotiates with Amgen regarding the purchase of Epogen™ for use by patients receiving dialysis services from DaVita. Discussions between Amgen and DaVita related to executing a new Epogen™ supply agreement have taken place intermittently since August 2006.

4. I am submitting this declaration in support of DaVita's Assented-To Motion to File Under Seal Documents Containing Non-Party DaVita's Trade Secrets That Were Submitted

by Roche in connection with Roche's Opposition to Amgen's Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims. Certain of the deposition testimony and documents submitted *in camera* by Roche in support of its Opposition to Amgen's Motion for Summary Judgment constitute DaVita's confidential and trade secret information, and for that reason, DaVita seeks to keep this information under seal.

5. Specifically, the information contained in: (1) lines 13-20 of page 61 and lines 9-10 and 24-25 of page 64 of my April 2, 2007, deposition testimony, submitted by Roche as Exhibit 73[1] (hereafter, the "Kogod Testimony"); and (2) Roche Exhibit 210, a document that was produced by DaVita pursuant to a subpoena issued by Roche and which bears the Bates number DVA-ROCHE0000338, constitutes DaVita's trade secret.

6. The information contained on page 61 of the Kogod Testimony reveals the discount terms requested by DaVita in connection with ongoing highly confidential contract negotiations with Amgen.

7. The information contained on page 64 of the Kogod Testimony relates to highly confidential discussions between Amgen and DaVita regarding the extant Dialysis Organization Agreement and to certain confidential terms contained therein.

8. At my deposition on April 2, 2007, my counsel designated my testimony as "Highly Confidential." Under the terms of the protective order in effect in this case, designating the testimony as such limited its disclosure to the outside counsel involved in this case. I gave my deposition testimony in reliance on that designation and in reliance on DaVita's rights,

---

[1] The exhibit numbers referenced herein are derived from the Declaration of David L. Cousineau in Support of Roche's Opposition to Amgen's Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims (Docket #589), filed by Roche on June 29, 2007.

2

pursuant to the protective order, to move to keep my testimony under seal, to the extent that such testimony revealed DaVita's trade secrets.

9. The information contained in Exhibit 210 reflects terms being requested by DaVita for inclusion in a prospective Epogen™ supply agreement with Amgen.

10. The information in the Kogod Testimony (Exhibit 73) and Exhibit 210 is maintained by DaVita in strict confidence as a trade secret in the highly competitive dialysis services industry in the United States. This trade secret information is basic to DaVita's ability to compete and succeed in its business and gives it an advantage in the marketplace.

11. Information relating to DaVita's negotiations with Amgen regarding Epogen™ is highly sensitive and is a significant aspect of DaVita's business as a supplier of dialysis services. Should a competitor become privy to information regarding the negotiations between DaVita and Amgen, that competitor could use this information to its advantage, and inherently to DaVita's disadvantage, in the competitor's own negotiations with Amgen. In other words, the disclosure of this information would destroy the trade secret status of this sensitive information, and irreparably harm DaVita in the highly competitive dialysis services industry.

12. DaVita has maintained the secrecy of these terms. The Epogen™ discount terms are the subject of a confidentiality clause in the current Epogen™ supply agreement and are redacted from public filings, and the substance of ongoing negotiations with Amgen is not disclosed beyond a small number of DaVita's management employees.

13. In the highly competitive dialysis services industry, it is common practice for DaVita to maintain the confidentiality of trade secrets and proprietary information, such as the information contained in the Kogod Testimony and Exhibit 210.

14. DaVita would be severely disadvantaged and harmed by the disclosure of the above-referenced highly confidential, trade secret information in the public record where it would be available to all without restriction or limitation, including DaVita's competitors.

I declare, on July 6, 2007, under penalty of perjury, that the foregoing is true and correct.

/s/ Dennis Kogod  
DENNIS KOGOD

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

    /s/ Peter L. Mello
    Peter L. Mello