# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05 CV 12237 WGY |
| ) | |
| F. HOFFMANN-LA ROCHE, LTD., ) | |
| ROCHE DIAGNOSTICS GMBH, and ) | |
| HOFFMANN-LA ROCHE, INC. ) | |
| ) | |
| Defendants. ) | |

### AMGEN INC.'S MOTION TO STRIKE
### THE DECLARATION OF DR. SVEN-MICHAEL CORDS

Pursuant to Fed. R. Civ. P. 37(a)(2), L.R. 37.1 and the Court's Stipulated Order Regarding Expert Discovery (Dkt. No. 267), Amgen respectfully submits this motion to strike the declaration of Dr. Cords (Dkt. No. 600), which Roche submitted in support of its opposition to Amgen's motion for summary judgment of infringement of claim 1 of the '422 patent, claim 4 of the '933 patent, and claim 6 of the '698 patent (Dkt. No. 588). Dr. Cords's declaration refers to and relies on the results of a test that Roche designed and had him perform in an attempt to emphasize a purported difference between the behavior of EPO and Roche's PEG-EPO product under the test's conditions.

Although the Cords declaration is entirely irrelevant to the question of whether Roche infringes Amgen's patent claims as construed by the Court, the Court should nonetheless strike the declaration for the simple reason that Roche withheld from discovery the complete test protocol that it had Dr. Cords follow.[1] Incredibly, with little more than one hour remaining in his

---

[1] The declaration of Dr. Cords (attached as Exhibit A to the Declaration of Matthew C. Nielsen, filed herewith) and the expert report of Dr. Cords (dated May 11, 2007, which was the subject of his deposition on May 30, 2007) both refer to and rely on the same tests and the same data and are virtually identical in all respects.

deposition, counsel for Roche produced a *redacted* copy of the test protocol. When Amgen questioned Dr. Cords about the substance of the redaction, Roche's counsel instructed him not to answer those questions. Roche cannot on the one hand rely on tests that it devised and had Dr. Cords perform and testify about, and on the other hand deny Amgen discovery of the complete test protocol. Consequently, the Cords declaration should be stricken.

I. **THE STIPULATED ORDER REGARDING EXPERT DISCOVERY REQUIRED ROCHE TO PRODUCE THE COMPLETE PROTOCOL FOR THE CORDS TESTS**

"[I]nformation considered by the [expert] witness in forming the [witness's] opinions" is generally discoverable under FED. R. CIV. P. 26(a)(2)(B). In this action, however, the parties agreed to and the Court entered a Stipulated Order Regarding Expert Discovery (Dk. No. 267). The Stipulated Order provides a limited exception, shielding "discovery into the substance of any drafts of expert reports, the substance of any comments made on drafts of expert reports, the substance of any proposed edits to expert reports, or the substance of any communications with counsel regarding the substance of the opinions expressed in the expert report . . . ."[2]

Despite that limited exception, the Stipulated Order unambiguously establishes that each party is entitled to discovery of documents underlying scientific or medical tests that an expert refers to or relies in an expert report or in testimony:

> In addition to the discovery provided in paragraph 3, ***the parties shall produce all scientific test results and all underlying data and documents for any scientific or medical tests performed in connection with or in furtherance of this action by***, for, or on behalf of any party, or a party's expert or any other consultant ***where either (i) an expert relies on or refers to such a test in the expert's report or testimony***, or (ii) an expert was involved in requesting, designing, planning, discussing, performing, reviewing or commenting on such a test, whether performed by that expert, another expert, or a consultant.[3]

---

[2] Dkt. No. 267 at 2.

[3] *Id*. at 2-3 (emphasis added)

The unavoidable consequence of the mutually-agreed upon Stipulated Order is that Roche cannot rely on tests performed by Dr. Cords to support its noninfringement arguments, while simultaneously denying Amgen discovery of the complete testing protocol which Dr. Cords followed. Indeed, the Stipulated Order *prohibits Roche from withholding that document*.

## II.   ROCHE WITHHELD PART OF THE COMPLETE PROTOCOL FOR THE CORDS TESTS AND INSTRUCTED DR. CORDS NOT TO ANSWER RELATED DEPOSITION QUESTIONS

Yet that is precisely what Roche has done, and Amgen has had to go to significant efforts to obtain even a redacted copy of the test protocol. Those efforts began when Roche failed to produce the protocol (or any documents underlying the tests Dr. Cords performed) when it served Dr. Cords's expert report on May 11, 2007. On May 26 (only one business day before the deposition of Dr. Cords), Amgen received a handful of those documents from Roche, most of which were in the German-language and unaccompanied by any English-language translation. Amgen notified Roche that it had not produced a copy of the test protocol.[4] Roche responded that it had already done so, and held to that position even when Dr. Cords's answers in deposition suggested otherwise.[5] After Dr. Cords admitted that he performed the protocol that Roche gave to him and told him to follow[6] and that it was not among the documents produced by Roche, it became indisputable (even to counsel defending Dr. Cords) that Roche had indeed failed to produce the document.[7] Roche finally produced a copy of the requested document

---

[4] *See* Exhibit B (Nielsen letter to Heckel, dated May 29, 2007) to the Declaration of Matthew C. Nielsen, filed herewith.

[5] *See* Exhibit C (email correspondence between Heckel and Nielsen, dated May 29-30, 2007) to Nielsen Decl; Exhibit D to Nielsen Decl. (pertinent portions of Transcript of May 30, 2007 Deposition of Dr. Cords), at 121-124.

[6] *See* Exhibit D (Cords Depo. Trans.) at 120-121.

[7] *See id.* at 130-131 & 143-146.

toward the end of the deposition. Incredibly though, Roche had redacted it,[8] and claimed that the redacted portion was privileged.[9] Amgen's counsel questioned Dr. Cords about the substance of the redacted portion, and in each instance, Roche's counsel instructed Dr. Cords not to answer the question.[10] In an extended meet and confer on the record, Amgen's counsel explained that Roche has no basis to either redact and withhold from discovery any portion of the test protocol which Roche sent to Dr. Cords and had him follow, or instruct Dr. Cords not to answer related questions. Ultimately, Roche's counsel made it clear that Roche would not budge from its position.[11]

### III. ROCHE CANNOT BOTH RELY ON THE CORDS TESTS AND DENY AMGEN DISCOVERY OF THE COMPLETE PROTOCOL FOR THOSE TESTS

Roche should not be allowed to have it both ways here. Roche violated the Stipulated Order by denying Amgen its right to obtain discovery of the facts and circumstances underlying the tests which Dr. Cords performed and referred to and relied on in both his expert report and declaration. Having made a calculated decision to withhold that information from Amgen and violate the Stipulated Order, Roche should not be allowed to get away with relying on Dr. Cords's tests to support its noninfringement arguments. For these reasons, the only appropriate relief is to strike the Cords declaration.

---

[8] *See* Exhibit E (Cords Exhibit 11) to Nielsen Decl., at C0015.

[9] *See* Exhibit D (Cords Depo. Trans.) at 143-155.

[10] *See id*.

[11] *See id*. Not that it would have a legitimate basis to do so, but Roche has not identified the withheld portion of the Cords protocol on a privilege log.

4

### IV. CONCLUSION

WHEREFORE, for the foregoing reasons, Amgen respectfully requests that the Court:

(a) strike the declaration of Dr. Cords and exclude it from evidence; and

(b) grant any other relief this Court deems appropriate and just.

Dated: July 9, 2007

Respectfully Submitted,

AMGEN INC.,
By its attorneys,

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
Kimberlin L. Morley
Erica S. Olson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-5000

/s/ Patricia R. Rich
D. Dennis Allegretti (BBO#545511)
Michael R. Gottfried (BBO# 542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (857) 488-4204
Facsimile: (857) 488-4201

Lloyd R. Day, Jr. (*pro hac vice*)
DAY CASEBEER, MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

William G. Gaede, III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Kevin M. Flowers (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

## CERTIFICATE PURSUANT TO LOCAL RULES 7.1 & 37.1

I certify that on May 30, 2007, counsel for the parties conferred during the deposition of Dr. Cords in an attempt to resolve or narrow the issues presented by this motion, and no agreement was reached. Counsel for Amgen again attempted to confer with counsel for Roche on these issues on July 9, 2007, but was again unable to resolve or narrow the issues.

Dated: July 9, 2007                                       /s/ Patricia R. Rich
                                                          Patricia R. Rich

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, on the above date.

Dated: July 9, 2007                                       /s/ Patricia R. Rich
                                                          Patricia R. Rich