# EXHIBIT C

## Matthew Nielsen

**From:** Matthew Nielsen
**Sent:** Wednesday, May 30, 2007 6:16 AM
**To:** HHeckel@kayescholer.com
**Cc:** kcarter@daycasebeer.com; MMoreland@mwe.com; TFleming@kayescholer.com; JHuston@bromsun.com
**Subject:** RE: Cords deposition

Hank,

Thank you for your response.

Separately producing documents while failing to identify which of those documents an expert considered or generated does not comply with either Fed. R. Civ. P. 26(a)(2)(B) or the Stipulated Order Regarding Discovery (Docket No. 126) in this case. Nor does waiting until one business day before a deposition to identify or produce those documents cure those deficiencies.

Matt

---

**From:** HHeckel@kayescholer.com [mailto:HHeckel@kayescholer.com]
**Sent:** Tue 5/29/2007 4:38 PM
**To:** Matthew Nielsen
**Cc:** kcarter@daycasebeer.com; MMoreland@mwe.com; TFleming@kayescholer.com; JHuston@bromsun.com
**Subject:** Cords deposition

Dear Matthew,

This is in response to your letter that we just received today regarding the production of documents relevant to the report of Dr. Cords. We disagree with your characterization that Amgen has been prejudiced. Amgen already received over 300 pages relating to the work described in the Cords report on May 10. In particular, the only specific document which you identify in your letter - the protocol which Dr. Cords applied in the experimentation described in his report - was among the May 10 production and can be found at R008890792-93. On May 25, we produced some additional documents in a timely response to Mario Moore's letter of May 22, most of which are duplicative of information you already have. In short we have already produced, in advance of the expert report, the protocol you specifically seek in your letter and you have failed to articulate any particular deficiency in the Cords related production.

Thank you,

Hank

*   *   *   *

IRS CIRCULAR 230 DISCLOSURE:   To ensure compliance with Treasury Department regulati

7/6/2007