# EXHIBIT
# 6

Dockets.Justia.com

**17**

AM670168022

AM-ITC 00952689

RECEIVED
JUN 20 1987

MARSHALL O'TOOLE



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 06/839,298 | 11/30/84 | LIN | 7162 |

HERSCHEL, MARSHALL & DICKNELL
TWO FIRST NATL. PLAZA, STE. 2100
20 SOUTH CLARK ST.
CHICAGO, IL 60603

| EXAMINER |
| MARTINELL, P.M |

| ART UNIT | PAPER NUMBER |
|---|---|
| | 17 |

DATE MAILED: 08/24/87

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

— 14.

[ ] This application has been examined  [X] Responsive to communication filed on **3/12/87**  [ ] This action is made final.

A shortened statutory period for response to this action is set to expire **3** month(s), ~~days~~ from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I**    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. [X] Notice of References Cited by Examiner, PTO-892.
2. [ ] Notice re Patent Drawing, PTO-948.
3. [X] Notice of Art Cited by Applicant, PTO-1449.
4. [ ] Notice of Informal Patent Application, Form PTO-152.
5. [ ] Information on How to Effect Drawing Changes, PTO-1474.
6. [ ] _____

**Part II**    SUMMARY OF ACTION

1. [ ] Claims **1-13,16, 37-57, 59,60 and 73-103** are pending in the application.

   Of the above, claims **1-13,16, 37-57, 59 and 60** are withdrawn from consideration.

2. [ ] Claims _____ have been cancelled.

3. [ ] Claims _____ are allowed.

4. [X] Claims **73-103** are rejected.

5. [ ] Claims _____ are objected to.

6. [ ] Claims _____ are subject to restriction or election requirement.

7. [ ] This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. [ ] Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. [ ] The corrected or substitute drawings have been received on _____. These drawings are [ ] acceptable; [ ] not acceptable (see explanation).

10. [ ] The [ ] proposed drawing correction and/or the [ ] proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been [ ] approved by the examiner. [ ] disapproved by the examiner (see explanation).

11. [ ] The proposed drawing correction, filed _____, has been [ ] approved. [ ] disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.

12. [ ] Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [ ] been received [ ] not been received [ ] been filed in parent application, serial no. _____ ; filed on _____.

13. [ ] Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. [ ] Other

**AM 27 008492**

AM-ITC 00448325

Serial No. 675,298                                    2

Art Unit  127

    The sequences on pages 38-40 designated as Table V; on pages 43-47 designated as Table VI; on page 50 as Table VII; on page 67 as Table IX; on page 69 as Table XI; on page 71 as Table XIII; on page 72 as Table XIV; on page 77 as Table XVI; on page 79 as Table XVIII; on page 81 as Table XX and on page 82 as Table XXI are not in fact Tables but drawings. As such they should be presented as official drawings and applicant is so required. In this regard it should be noted that Tables V VI submitted as part of an Exhibit are not official drawings since an exhibit is an improper way of presenting drawings. They should be submitted separately. Moreover, the designation on drawings that they are also Tables is improper and inaccurate. Note that in conforming to this requirement applicant should renumber the remaining Tables.

    The previously approved citation of Documents A13, A15 and A16 has been withdrawn since those documents have not been submitted.

    Claims 73-102 are rejected under 35 U.S.C. 112, first and second paragraphs, as the claimed invention is not described in such full, clear, concise and exact terms as to enable any person skilled in the art to make and use the same, and/or for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. The recitation of markush member (c) in claim 73

375

AM670168017                                    AM-ITC 00952684

Serial No. 675,298                      3

Art Unit 127


        is indefinite and unduly broad. It is not
clear what is meant by the recitation "but for the dege-
neracy of the genetic code." Also the language "would
hybridize ..." is permissive and thus not an absolute
limitation. Further the Markush member (c), and the
sequence of claim 77 and 96 appear to embrace substan-
tially all known DNA sequences since the isolated DNA
sequence is not designated as encoding for erythro-
poietin. One that encodes for a protein having "a"
therapeutic activity of erythropoietin is not the same
thing. In order to embrace the subject matter of that
Markush member (c) a separate claim drawn to an isolated
DNA sequence encoding an erythropoietin selected from
the group consisting of human and monkey erythropoeitin
would be acceptable. The embodiments of claims 77 and
96 could properly be expressed as for example an iso-
lated DNA sequence consisting of a DNA sequence encoding
a polypeptide having the structure sufficiently duplica-
tive of that of a naturally-occurring erythropoietin to
allow possession of the biological properties of being
able to cause bone marrow cells to increase hemoglobin
synthesis and iron uptake and stimulate reticulocyte
response. Claim 74 appears to read on naturally
occurring erythropoeitin producing cells. Claims 84, 86,
87, 89, 90 and 99 are redundant of claim 77 or claim 96
since the DNA sequence has no memory of its creation.


                            376

AM670168018                                AM-ITC 00952685

Serial No. 675,298                    4

Art Unit   127


Claim 100 absent the designation "isolated" reads on

naturally occurring mutant erythropoietin sequences.

The following is a quotation of the appropriate
paragraphs of 35 U.S.C. 102 that form the basis for the
rejections under this section made in this Office
action:

A person shall be entitled to a patent unless-

(a)the invention was known or used
by others in this country, or
patented or described in a printed
publication in this or a foreign
country, before the invention
thereof by the applicant for
patent.

The following is a quotation of 35 U.S.C. 103 which

forms the basis for all obviousness rejections set forth

in this Office action:

A patent may not be obtained though
the invention is not identically
disclosed or described as set forth
in section 102 of this title, if the
differences between the subject
matter sought to be patented and the
prior art are such that the subject
matter as a whole would have been
obvious at the time the invention
was made to a person having ordinary
skill in the art to which said sub-
ject matter pertains. Patentability
shall not be negatived by the manner
in which the invention was made.

Subject matter developed by another
person, which qualifies as prior art
only under subsection (f) and (g) of
section 102 of this title, shall not
preclude patentability under this
section where the subject matter and
the claimed invention were, at the
time the invention was made, owned
by the same person or subject to an
obligation of assignment to the same
person.

397

384

AM670168019                                          AM-ITC 00952686

Serial No. 675,298                                    5

Art Unit   127


    Claims 73-79, 81, 84, 85, 88 and 91-99 are rejected
under 35 U.S.C. 102 (b) as anticipated by or, in the
alternative, under 35 U.S.C. 103 as obvious over
Talmadge et al who disclose the expression of a mam-
malian protein using recombinant DNA transformed
microorganisms.  In view of the rejections under 35 USC
112 supra, the claims are deemed to embrace the recom-
binant materials disclosed by Talmadge et al.

    Claims 73-103 are rejected under 35 U.S.C. 103 as
being unpatentable over any of Goldwasser et al (US
4,558,005) of record, Weiss et al (PNAS Vol. 79) of
record and Egrie (US 4,558,006) taken in view of either
Young et al or Broome et al and in further view of
Ullrich et al or Martial et al. Goldwasser, Weiss et al
and Egrie teach the preparation of a monoclonal antibody
to human erythropoietin.  Young et al and Broome et al
teach a process of isolating genes using antibody pro-
bes.  More specifically, Young et al teach isolating
unknown foreign antigenic proteins encoded by antigen
producing clones of a lambda gt11 recombinant cDNA
library by using antibody probes.  The foreign gene is
inserted into the galactosidase gene of the lamba phage
so as to result in a fused protein.  Ullrich et al and
Martial teach a basic process for isolating mRNA and
converting it into a cDNA library for use in cloning and
expressing mammalian genes.  It would be obvious to pre-
pare erythropoietin as  a fused peptide by extracting

398

AM670168020                                    AM-ITC 00952687

Serial No. 675,298                    6

Art Unit   127


the messenger RNA for erythropoietin from kidney cells
known to be rich therein and converting that mRNA to a
cDNA library in the manner taught by Ullrich et al or
Martial.  If desired, substituting the lambda gt 11
phage library vector of Young et al for its advantages
would be an obvious choice.  It would further be obvious
to use the Young et al or Broome et al gene isolating
technique together with erythropoietin antibody of the
primary references as a probe for isolating a clone pro-
ducing erythropoietin.  At best only routine genetic
engineering techniques would be involved.



ATaneholtz/klc
703/557-3920
6-18-87


ALVIN E. TANENHOLTZ
PRIMARY EXAMINER
ART UNIT 127



399                                   386

AM670168021                                   AM-ITC 00952688

70008825

| Form PTO-1449 (REV. 2-82) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO. 7183 | SERIAL NO. 675,298 | Sheet 2 of 11 |
|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** (Use several sheets if necessary) | | APPLICANT FU-KUEN LIN | | |
| | | FILING DATE Nov. 30, 1984 | GROUP 127 | |

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| *(init)* | A12 | 4 4 6 5 6 2 4 | 8/14/84 | Chiba, et al. | | | |
| *(init)* | A13 | 4 6 3 7 2 4 | | Egrie (not enclosed) | See, B5 | | |
| *(init)* | A14 | 4 8 3 4 5 1 | 4/15/83 | Alton, et al. (not enclosed) | See, B11 | | |
| *(init)* | A15 | 4 8 7 7 5 3 | | Bitter (not enclosed) | See, B9 | | |
| *(init)* | A16 | 6 3 6 7 2 7 | | Morris (not enclosed) | See, B12 | | |
| *(init)* | A17 | 4 4 6 8 4 6 8 | 8/28/84 | Cohen et al. | | | |
| *(init)* | A18 | 4 5 0 3 1 5 1 | 3/5/85 | Paddock | | | |
| *(init)* | A19 | 4 4 4 2 2 0 5 | 4/10/84 | Hamer et al | | | |
| *(init)* | A20 | 4 4 1 1 9 9 4 | 10/25/83 | Gilbert et al. | | | |
| *(init)* | A21 | 4 3 3 8 3 9 7 | 7/6/82 | Gilbert et al. | | | |
| *(init)* | A22 | 4 5 6 8 4 8 8 | 2/4/86 | Lee-Huang | | | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| *(init)* | B6 | 0 1 1 7 0 5 8 | 8/29/84 | European Patent Office | | | | |
| *(init)* | B7 | 0 1 1 7 0 5 9 | 8/29/84 | European Patent Office | | | | |
| *(init)* | B8 | 0 1 1 7 0 6 0 | 8/2/84 | European Patent Office | | | | |
| *(init)* | B9 | 0 1 2 3 2 9 4 | 4/19/84 | European Patent Office | | | | |
| *(init)* | B10 | 2 0 8 5 8 8 7 | 5/6/82 | United Kingdom | | | | |

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| *(init)* | C4 | Baron, et al., Cell, 28, pp. 395-404 (1982) |
| *(init)* | C5 | Beaucage, et al., Tetrahedron Letters, 22, pp. 1859-1862 (1981) |
| *(init)* | C6 | Billat, et al., Expt.Hematol., 10(1) 133-140 (1982) |

| EXAMINER *Joanne M. Giesser* | DATE CONSIDERED *June 2, 1986* |
|---|---|

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

AM 27 008498

AM-ITC 00448331

| Form PTO-1449 | | | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | | ATTY. DOCKET NO. 7183 | | | SERIAL NO. 675,29R | | Sheet 1 of 1 |
|---|---|---|---|---|---|---|---|---|---|---|

**SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT BY APPLICANT**
*(Use several sheets if necessary)*

APPLICANT: FU-KUEN LIN

FILING DATE: November 30, 1984    GROUP: 127

### U.S. PATENT DOCUMENTS

| *EXAMINER INITIAL | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES / NO |
|---|---|---|---|---|---|---|---|
| NL | B15 | 85 0 1 9 6 1 | 5/9/85 | PCT | — | — | |
| MC | B16 | 86 0 3 5 2 0 | 6/19/86 | PCT | — | — | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### OTHER DOCUMENTS *(Including Author, Title, Date, Pertinent Pages, Etc.)*

| | | |
|---|---|---|
| N | C 135 | Lin, et al., Exp.Hematol., 12, 357 (1984) |
| M | C 136 | Lee-Huang, Blood, 56, 620-624 (1980) |
| | | |

EXAMINER: [signature]

DATE CONSIDERED: 5/1/87

*EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

3B2

390

TO SEPARATE, ,, TOP AND BOTTOM EDGES, SNAP–APART AND ʳ ARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 675298 | GROUP ART UNIT 127 | ATTACHMENT TO PAPER NUMBER |
|---|---|---|---|---|
| NOTICE OF REFERENCES CITED | | APPLICANT(S) *Lin* | | |

## U.S. PATENT DOCUMENTS

| * | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| A | 4 5 5 8 0 0 6 | 12/10/85 | Egrie | 435 | 70 | 2/4/83 |
| B | | | | | | |
| C | | | | | | |
| D | | | | | | |
| E | | | | | | |
| F | | | | | | |
| G | | | | | | |
| H | | | | | | |
| I | | | | | | |
| J | | | | | | |
| K | | | | | | |

## FOREIGN PATENT DOCUMENTS

| * | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PG. SHTS. DWG. |
|---|---|---|---|---|---|---|---|
| L | | | | | | | |
| M | | | | | | | |
| N | | | | | | | |
| O | | | | | | | |
| P | | | | | | | |
| Q | | | | | | | |

## OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| R | Young, et al., PNAS vol 80 pp 1194–1198 March 1983 |
|---|---|
| S | Broome, et al., PNAS vol 75 pp 2746–2749 June 1978 |
| T | Ullrich et al., Science vol 196 pp 1313–1319 June 17 1977 |
| U | Martial et al., Science vol 205 pp 602–606 Aug. 10 1979 |

| EXAMINER *Tanenholt* | DATE 6/17/87 | |
|---|---|---|

A copy of this reference is not being furnished with this office action. (See Manual of Patent Examining Procedure, section 707.05 (a).)

3 60
388

AM670168024                                          AM–ITC 00952691

TO SEPARATE HOLD TOP AND BOTTOM EDGES, SNAP–APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3–78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 675298 | GROUP ART UNIT 122 | ATTACHMENT TO PAPER NUMBER |
|---|---|---|---|---|
| | **NOTICE OF REFERENCES CITED** | APPLICANT(S) Lin | | |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | | | | | | |
| | B | | | | | | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| * | R | Bennetzen et al, 1982 "Codon Selection in Yeast" J. Biol Chem v257(6) 3026-31 |
| | S | Lewin Genes A8 5 John Wiley & Sons p 307 |
| | T | |
| | U | |

| EXAMINER Jeanne M. Giesser | DATE 6/2/86 | |
|---|---|---|

389

* A copy of this reference is not being furnished with this office action. (See Manual of Patent Examining Procedure, section 707.05 (a).)

381

AM670168025                                                    AM-ITC 00952692