**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

**AMGEN, INC.,**

      **Plaintiff,**

**v.**                         **CIVIL ACTION No.: 05-CV-12237-WGY**

**F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GmbH, and
HOFFMANN-LA ROCHE INC.,**

      **Defendants.**

---

**DAVITA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO RECONSIDER
JULY 9, 2007, ORDER DENYING DAVITA'S MOTION TO SEAL, OR IN THE
ALTERNATIVE, TO STAY THE ORDER PENDING APPEAL**

---

Non-party DaVita Inc. ("DaVita") respectfully requests that the Court reconsider its July 9, 2007, order denying DaVita's Assented-to Motion for Leave to File Under Seal Documents Containing DaVita's Trade Secrets (the "Order"). DaVita asks the Court to reconsider its decision, give due consideration to DaVita's rights and the public interest in the protection of trade secrets, and grant DaVita's Motion to Seal. Because the Order makes no reference to DaVita's status as a non-party *compelled* by process to participate in this lawsuit and fails to address the extraordinary prejudice to DaVita that would arise as a result of the disclosure of its trade secrets, DaVita respectfully submits that the Order reflects manifest error and should be reconsidered. To the extent the Court declines to reconsider the Order, DaVita requests the Court stay the Order pending appeal to preserve the status quo and prevent irreparable harm to DaVita.

## STATEMENT OF FACTS

1. On March 27, March 30, March 31, and April 2, 2007, pursuant to a subpoena issued by Hoffman-LaRoche Inc. ("Roche"), DaVita produced approximately 605 pages of documents to Roche. Pursuant to its rights under the protective order governing this case, DaVita designated these documents as "Highly Confidential," which limited their disclosure to outside counsel retained by Amgen and Roche.

2. On April 2, 2007, pursuant to subpoenas issued by both Amgen and Roche, Dennis Kogod, Vice President for the Western Operating Group of DaVita, gave deposition testimony. This deposition testimony was also designated as "Highly Confidential" pursuant to the protective order.

3. On June 29, 2007, in support of its opposition to Amgen's Motion for Summary Judgment on Roche's Antitrust and State Law Claims, Roche submitted for the Court's *in camera* review certain pages of the documents provided by DaVita (hereafter, the "DaVita Documents") and certain pages of Mr. Kogod's April 2, 2007, testimony (hereafter, the "Kogod Testimony"). The DaVita Documents are found in Exhibits 208 and 210 of the exhibits presented by Roche in support of its opposition, and the Kogod Testimony is contained in Exhibit 73.[1]

4. On July 6, 2007, DaVita filed its Assented-To Motion for Leave to File Under Seal Documents Containing Non-Party DaVita's Trade Secrets That Were Submitted by Roche (the "Motion") (docket # 659). The Motion sought the redaction of lines 13-20 of page 61 and lines 9-10 and 24-25 of page 64 of the Kogod Testimony (Exhibit 73), and the exclusion of

---

[1] The exhibit numbers referenced herein are derived from the Declaration of David L. Cousineau in Support of Roche's Opposition to Amgen's Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims (Docket #589), which was filed by Roche on June 29, 2007.

2

Exhibit 210 from documents filed in the public record, on the basis that these portions of the Exhibits contained DaVita's trade secrets.

5.      On July 9, 2007, the Court denied the Motion in an electronic order. In denying the motion, the Court noted only that "[b]y Seeking Injunctive Relief Amgen Has Waived The Confidentiality Of Its Pricing Decisions."

**ARGUMENT**

**I.      THE ORDER SHOULD BE RECONSIDERED.**

A motion for reconsideration serves a limited function, "to correct manifest errors of law of fact or to present newly discovered evidence." *Reyes Canada v. Hernandez,* 224 F.R.D. 46, 48 (D.P.R. 2004); *Bull HN Information Sys. Inc. v. Hutson*, 184 F.R.D. 19, 22 (D. Mass. 1999). Here, non-party DaVita respectfully submits that the Order contains a manifest error—specifically, a failure to weigh and consider either the prejudice to DaVita or the general harm to the public interest in protecting trade secrets that would both arise from disclosure of DaVita's trade secrets.

**A.      The Order Gave No Rationale for Not Sealing Those Parts of the Kogod Testimony That Are Not Cited in Roche's Motion.**

In its Motion, DaVita asked the Court to seal certain parts of the Kogod Testimony that were not cited by Roche. As explained more fully in the memorandum supporting the Motion (the "Memo") (docket # 660), to the extent that a court does not rely on materials in determining a litigant's substantive rights, the presumption of public access to documents and testimony produced in discovery does not apply. *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408 (1st Cir. 1987). Because the information in lines 9-10 and 24-25 of page 64 of the Testimony are not germane to the subject matter of Amgen's motion or Roche's opposition, these lines of testimony should have been sealed as a matter of course. In summarily denying this aspect of the

3

Motion, however, the Court failed to correctly apply Rule 26 of the Federal Rules of Civil Procedure ("Rule 26") and the cases applying it.

### B. The Order Did Not Address DaVita's Trade Secret Interest or the Public Interest As Required by the Rule.

In its order denying the Motion, the Court simply stated that "[b]y Seeking Injunctive Relief *Amgen* Has Waived The Confidentiality Of Its Pricing Decisions" (emphasis added). Absent is any discussion of DaVita's interest, and the Order does not reflect the requisite balancing of DaVita's interests in maintaining confidentiality of its trade secrets and the public interest in protecting trade secrets against the public's presumptive right to know the contents of court filings.

DaVita does not take issue with the Court's view that Amgen, by filing suit against a potential competitor, has waived its right to keep confidential its current pricing for the drug in question. The Court's finding with respect to Amgen, however, should have no bearing on the resolution of the Motion, because the Motion addresses DaVita's *separate* and *independent* interest in maintaining the confidentiality of the current and prospective terms of its contractual agreement with Amgen. Moreover, the fact that Amgen may have waived its rights is simply not relevant to a determination of DaVita's rights. DaVita is a non-party that has taken no voluntary act but that nevertheless is now threatened with exposure of its secret business information and negotiating positions. These are the factors that must be taken into account in resolving the Motion.

Courts have held that, under Rule 26, a "trial court is required to balance the burden of proposed discovery against the likely benefit."[2]  *Gill v. Gulfstream Park Racing Ass'n, Inc.*, 399

---

[2] As explained in DaVita's Memo, Rule 26 is not only applicable to protective orders sought to prevent disclosure of materials during discovery, but to protective orders sought to prevent the public filing of documents

F.3d 391, 400 (1st Cir. 2005). The burden at issue in the Motion is *DaVita's,* not Amgen's. A court abuses its discretion when *"[1] a relevant factor that should have been given significant weight is not considered, [2] when an irrelevant or improper factor is considered and given significant weight,* or [3] *when all proper and no improper factors are considered, but the court in weighing those factors commits a clear error of judgment." Id.* at 400-01, 403 (emphasis added) (on third party's interlocutory appeal, vacating and remanding district court's refusal to grant protective order where court ruled that it had no need to engage in any balancing of competing interests).

Here, as in the First Circuit *Gill* case, DaVita's motion struck multiple themes—the privacy interests of DaVita, a non-party, and the societal goal and policy of protecting trade secrets, as embodied in federal and state law. *See Gill*, 399 F. 3d at 401. (See, *also*, Memo at 4-8). The Court's order did not address these matters, and referred only to an implicit waiver by *Amgen* regarding the confidentiality of its pricing decisions. DaVita respectfully submits that the interests to have been considered by the Court were not Amgen's but rather the rights of DaVita and the public. DaVita's vested interests in keeping from its competitors highly sensitive pricing information concerning a major expense in DaVita's operating budget were set forth fully in the Motion and the Memo, as was the societal interest in protecting trade secrets.

By addressing only Amgen's purported interests and implicit waiver, the Court's Order did not consider *significant relevant factors* as required by *Gill*, and, in fact, appears to have considered "irrelevant or improper factors." *See id.* at 401. Thus, DaVita respectfully submits that it is entitled to have the Order reconsidered.

---

previously disclosed. *See In re Gabapentin Patent Lit.*, 312 F. Supp. 2d 653, 664, 666 (D.N.J. 2004); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.,*, 529 F. Supp. 866, 901 (E.D. Pa. 1981).

5

**II.     BARRING RECONSIDERATION OF THE ORDER, DAVITA IS ENTITLED TO A STAY PENDING APPEAL.**

Because the public disclosure of the documents would irreparably harm DaVita and divulge its trade secrets to its competitors, non-party DaVita intends to appeal the Order should this Court not reconsider it. Consequently, as alternative relief, DaVita asks the Court to stay the Order pending review by the Circuit Court of Appeals.[3]

In determining whether to grant a stay pending appeal, a court should consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Canterbury Liquors & Pantry v. Sullivan*, 999 F. Supp. 144, 149 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Here, consideration of these factors weighs in favor of granting DaVita's requested stay.

**A.     DaVita Has Presented a Substantial Case on the Merits.**

With regard to the first prong of the *Hilton* test, a moving party need not show an "absolute probability of success" on its claim. *Providence Journal Co. v. Federal Bureau of Investigation,* 595 F.2d 889, 890 (1st Cir. 1979). A movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay. *Canterbury Liquors,* 999 F. Supp. at 149. Here, as set forth in the Motion and Memo, DaVita has a substantial case in favor of allowing its proprietary and highly sensitive trade secret to remain out of the view of its competitors.

---

[3] As a third party that does not have control over the documents sought to be disclosed, DaVita can seek immediate appellate review of the Court's interlocutory order under the collateral order doctrine or the *Perlman* rule. *See Gill*, 399 F.3d at 397-400.

### B.   DaVita Will Be Irreparably Injured Absent a Stay, and Others Will Only Be Marginally Affected.

In determining whether to grant a stay, courts give paramount consideration to whether the applicant will be irreparably injured by a failure to grant the stay and whether other parties will suffer any harm. *See Canterbury Liquors,* 999 F. Supp. at 150; *Providence Journal*, 595 F.2d at 890. Typically, where a court finds the risk to the movant to be outweighed by the harm to other parties and the public, the stay will be granted.

*Providence Journal* is particularly relevant and instructive here. There, the First Circuit considered a request for a stay pending the appellate review of the district court's order requiring the disclosure of certain government documents to the plaintiff newspaper.[4] In granting the stay, the Court noted that:

> [f]ailure to grant a stay will entirely destroy appellants' rights to secure meaningful review. On the other hand, the granting of a stay will be detrimental to the Journal (and to the public's interest in disclosure) only to the extent that it postpones the moment of disclosure assuming the Journal prevails by whatever period of time may be required for us to hear and decide the appeals. Weighing this latter hardship against the *total and immediate divestiture of appellants' rights* to have effective review in this court, we find the balance of hardship to favor the issuance of a stay.

*Providence Journal Co.*, 595 F.2d at 890 (emphasis added).

The circumstances presented here are analogous to those in *Providence Journal* and the result should be the very same. Here, as explained herein and in the Memo, the receipt of pricing information by DaVita's competitors will seriously undermine DaVita's ability to perform in the highly competitive dialysis industry. On the other hand, neither Roche nor Amgen has opposed DaVita's motion to keep the documents under seal. With respect to the public's interest in viewing the documents, the only harm arising from the imposition of a stay would be, as

---

[4] Only a temporary stay had been granted by the district court.

explained in *Providence Journal*, a "postpone[ment] of the moment of disclosure," assuming the Court's Order is affirmed by the appellate court.  Given these circumstances, where a denial of the stay request would "utterly destroy the status quo" and irreparably harm DaVita, the Court should grant the request.

## CONCLUSION

For the foregoing reasons, DaVita requests that the Court reconsider the Order and grant the Motion.  Alternatively, DaVita asks that the Court stay enforcement of the Order pending appeal.

    Respectfully submitted,

**DAVITA INC.**

By: /s/ Christopher J. Petrini
Christopher J. Petrini (BBO# 556848)
Peter L. Mello (BBO# 659680)
Petrini & Associates, P.C.
The Meadows
161 Worchester Road, Suite 304
Framingham, MA 01701
Telephone: (508) 665-4310
Facsimile: (508) 665-4313

Christian T. Kemnitz
Michelle McGuinness
Katten Muchin Rosenman LLP
525 W. Monroe
Chicago, IL 60661
Telephone: (312) 902-5200
Facsimile: (312) 902-1061

*Counsel for Non-Party DaVita Inc.*

Dated: July 13, 2007

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

                       /s/ Peter L. Mello
                       Peter L. Mello