UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC.,<br><br>  Plaintiff,<br><br>v.<br><br>F. HOFFMANN-LA ROCHE LTD<br>ROCHE DIAGNOSTICS GmbH<br>and HOFFMANN-LA ROCHE INC.<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION No.: 05-CV-12237WGY<br>)<br>)<br>)<br>)<br>)<br>) |

### ROCHE'S EMERGENCY MOTION TO STRIKE PORTIONS OF EIGHT EXHIBITS CONTAINING ROCHE MANUFACTURING TRADE SECRETS THAT ARE NOT NECESSARY FOR AMGEN'S INFRINGEMENT MOTIONS OR IN THE ALTERNATIVE TO SEAL THESE SELECT EXHIBITS

Defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc. respectfully request that the Court strike portions of eight (8) exhibits filed in connection with Amgen's infringement summary judgment papers because they contain critical Roche trade secret manufacturing information that is <u>irrelevant</u> and <u>unnecessary</u> to the Court's ruling. In particular, Exhibits 5, 8, 9, 43, 45, 55, and 63 to the Scott Declaration[1], and Exhibit 1 to the Galvin Declaration[2], (collectively, "the Exhibits") contain <u>hundreds of pages</u> of technical manufacturing information that is of great value to Roche, which would allow competitors to duplicate, among other things, Roche's cell lines, its proprietary growth media, and its process

---

[1] Declaration of Katie J.L. Scott in Support of Amgen Inc.'s Motion for Summary Judgment of Infringement of '422 Claim 1, '933 Claim 3, and '698 Claim 4 (Docket No. 514). These exhibits were submitted for *in camera* review on June 15, 2007.

[2] Declaration of Robert M. Galvin in Support of Amgen Inc.s Reply in Support of Its Motion for Summary Judgment of Infringement of '422 Claim 1, '933 Claim 3, and '698 Claim 4 (Docket No. 665). These exhibits were submitted for *in camera* review on July 9, 2007.

for synthesizing and purifying CERA.  Amgen only cites to <u>a couple of pages</u> from each document, and even then only to support general propositions that are already supported by other documents which do not contain the level of detail that would destroy Roche's trade secrets in its proprietary manufacturing process.

Roche has a great deal of valuable trade secret information that is implicated by this lawsuit. Unlike Amgen, however, Roche's participation isn't voluntary.  Although Roche understands that, due to the public nature of this proceeding, some of its sensitive internal information may inevitably be disclosed, it would be fundamentally unfair to destroy the value of these most sensitive trade secrets when they are not even relevant or necessary to the motions before the Court.

Accordingly, Roche seeks an order striking the following pages from the confidential versions of the Exhibits previously submitted to the Court *in camera* <u>before</u> the Exhibits are accepted for filing in the public record.

| | |
|---|---|
| Scott Ex. 5 | Entire document except ITC-R-BLA-00004178 and ITC-R-BLA-00004200 |
| Scott Ex. 8 | Entire document except ITC-R-BLA-00004667 |
| Scott Ex. 9 | Entire document except ITC-R-BLA-00004987 |
| Scott Ex. 43 | Entire document except R000081253, R000081258 |
| Scott Ex. 45 | ITC-R-00050628–50639, R000466990–991 |
| Scott Ex. 55 | ITC-R-00050551–50580 |
| Scott Ex. 63 | Tables 11, 12 and Figure 13 from ITC-R-00091007–00091009 |
| Galvin Ex. 1 | Pages 213, 215–17 |

In the alternative, if the Court determines that any portions listed above are necessary for its decision on the underlying summary judgment motions, Roche respectfully requests that the Court accept these Exhibits for filing under seal for the reasons set forth in Roche's motion to

2

seal (Docket No. 559) and the accompanying declarations of Susan Batcha (Docket No. 563), Krishnan Viswanadhan (Docket No. 562), and Michael Jarsch (Docket No. 561).[3]

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement could be reached.

Dated:  July 13, 2007
        Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys*

/s/ Keith E. Toms
Lee Carl Bromberg (BBO# 058480)
Timothy M. Murphy (BBO# 551926)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

---

[3] Roche requests reconsideration only for select portions of a small subset of documents from its initial motion to seal, which the Court previously denied without comment on July 5, 2007.  Furthermore, Roche notes that sealing any of these pages will not require redactions in the parties' substantive papers.

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                                           /s/ Keith E. Toms
                                           Keith E. Toms

702179 3099/501