# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC.,                              )<br><br>     Plaintiff,                      )<br><br>v.                                       )<br><br>F. HOFFMANN-LAROCHE<br>LTD., a Swiss Company, ROCHE<br>DIAGNOSTICS GmbH, a German<br>Company and HOFFMANN LAROCHE<br>INC., a New Jersey Corporation,          )<br><br>     Defendants.                    ) | Civil Action No.: 05-12237 WGY |

**DECLARATION OF DEBORAH E. FISHMAN IN SUPPORT OF
AMGEN INC.'S OPPOSITION TO ROCHE'S EMERGENCY MOTION
TO STRIKE PORTIONS OF EIGHT EXHIBITS RELIED ON IN SUPPORT OF
AMGEN'S MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT**

I, Deborah E. Fishman, declare as follows:

1.      I am a partner at the law firm of Day Casebeer Madrid & Batchelder LLP, counsel

for plaintiff Amgen Inc. I am admitted to practice law before this Court (*pro hac vice)* and all of

the Courts of the State of California.

2.      I make this declaration of my own personal knowledge.  If called to testify as to

the truth of the matters stated herein, I could and would testify competently.

3.      On July 3, 2007, the Court denied each party's motion to seal.

4.      On July 5, 2007, I was contacted by Julia Huston, counsel for Roche, who wanted

to discuss reaching a mutual agreement to reduce the amount of confidential information filed in

the public docket in support of the parties' summary judgment motions.   A true and correct copy

Dockets.Justia.com

of an e-mail from Julia Huston, counsel from Roche, seeking to confer on the Court's denial of the motions to seal is attached hereto as Exhibit 1.

5.      From July 5, 2007 until Friday, July 13, 2007, I met and conferred with counsel for Roche on a near-daily basis to try to reach agreement on limiting the disclosure of Roche confidential information.  Throughout negotiations, while I agreed to consider any reasonable proposal I made Amgen's position clear that it did not want to limit the proof or undermine the summary judgment motions that had been filed with the Court.

6.      On the evening of July 10, I received a written proposal from Roche's counsel regarding its proposed redactions and reductions to Amgen's exhibits filed in support of its motion for summary judgment of infringement.  A true and correct copy of that letter is attached hereto as Exhibit 2.

7.       The following day, I began the process of reviewing Roche's written proposal and met and conferred regarding that proposal for the next several days.  That process was delayed in part by the fact that Roche's written proposal was incomplete and provided only a partial identification of the uses to which each exhibit was put.  A true and correct copy of an e-mail from myself to Julia Huston reporting this difficulty is attached hereto as Exhibit 3.

8.      On July 13, I provided written assurance to Roche's counsel that in the event we couldn't reach final agreement, Amgen would refrain from filing Roche's confidential information publicly without advance notice and an opportunity to file a motion for reconsideration.  A true and correct copy of an e-mail from myself to Keith Toms is attached hereto as Exhibit 4.

9.      On that same date, I offered to meet and confer with a detailed response to Roche's written proposal.  Pursuant to the meet and confer, Amgen agreed that Exhibit 5 could

be reduced to six pages. I specifically told counsel for Roche (Keith Toms), I noted that irrespective of whether the parties could reach agreement, Amgen would make the changes to Exhibit 5 to the Scott Declaration (Docket No. 514).

10.     When Amgen refused to withdraw virtually the entirety of Scott Declaration, Exhibits 8 and 9, Roche's counsel called off negotiations. Roche's counsel threatened to file a motion to strike on the eight documents in question. In response, I noted that a motion for reconsideration to seal the documents in question was more appropriate since it wasn't fair to characterize the documents at issue as irrelevant. I also offered that should Roche file a motion for reconsideration rather than a motion to strike (which would prejudice Amgen), Amgen would not oppose Roche's motion. I asked Roche's counsel to let me know how they were going to proceed. At approximately 6:30 p.m. on Friday, July 13, 2007, Roche's counsel phoned to let me know that Roche was going to file a motion strike, which they did within an hour of our conversation.

11.     Notably, Roche's motion failed to mention the fact that Amgen agreed to withdraw all but six pages of Exhibit 5 and made a number of unsupported allegations and arguments on that basis. Based on this omission, I asked Roche's counsel to file a corrected version of its motion to strike. To my knowledge and at the time of this filing, Roche has failed to do so.

Signed this 16th day of July, 2007.


By: _____/s/ Deborah E. Fishman_____
                    Deborah E. Fishman