# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 05-12237 WGY |
| v. | ) | |
| | ) | |
| | ) | |
| F. HOFFMANN-LAROCHE | ) | |
| LTD., a Swiss Company, ROCHE | ) | |
| DIAGNOSTICS GmbH, a German | ) | |
| Company and HOFFMANN LAROCHE | ) | |
| INC., a New Jersey Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————————— | ) | |

## DECLARATION OF TERESA E. GARCIA IN SUPPORT OF AMGEN INC.'S OPPOSITION TO ROCHE'S EMERGENCY MOTION TO STRIKE PORTIONS OF EIGHT EXHIBITS RELIED ON IN SUPPORT OF AMGEN'S MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT

I, Teresa E. Garcia, declare as follows:

1.      I am a paralegal at the law firm of Day Casebeer Madrid & Batchelder LLP, counsel for plaintiff Amgen Inc.

2.      I make this declaration of my own personal knowledge.  If called to testify as to the truth of the matters stated herein, I could and would testify competently.

3.      I participated in the preparation of the exhibits attached to the Declaration of Katie J.L. Scott in Support of Amgen Inc.'s Motion for Summary Judgment of Infringement of '422 Claim 1, '933 Claim 3, and '698 Claim 6, June 14, 2007, (Docket No. 514) (herein "Scott Declaration").

Dockets.Justia.com

4.      As the Draft Papers for Amgen Inc.'s Motion for Summary Judgment of
Infringement of '422 Claim 1, '933 Claim 3, and '698 Claim 6, June 14, 2007, (Docket Nos.
510, 512, 513, 514) (herein "Draft Papers"), came to near final drafts, I prepared and compiled
the exhibits in support of that motion.  The motion papers as originally drafted cited more than
90 separate exhibits.

5.      Together with attorneys working on the summary judgment of infringement
motion, we undertook an effort to reduce duplication and eliminate unnecessary exhibits.  From
the original set of over 90 exhibits and through several iterations, we were able to eliminate
more than 20 exhibits.

6.      In addition to removing exhibits in their entirety, we also tried to pin-point the
passages and portions of the exhibits we were relying on and eliminate additional
extraneous/unnecessary information, particularly where that information contained confidential
discovery materials.  Through this effort we were able to reduce a number of very voluminous
documents (*e.g.*, 700 page documents) to more manageable documents (*e.g.*, less than 15
pages).  Scott Declaration, Exhibit 63, which originally spanned ITC-R-00090517 - ITC-R-
00091295.

7.      Our effort to reduce and eliminate unnecessary or irrelevant information is
reflected in the fact that many of the exhibits are an amalgamation of multiple discrete passages
of the same document.

8.      For example, Scott Declaration, Exhibit 8 (ITC-R-BLA-00004662 - ITC-R-BLA-
00004709), originally more than 40 pages was reduced to the 9 pages submitted to the Court.

9.      Another example, Scott Declaration, Exhibit 9 (ITC-R-BLA-00004710 - ITC-R-
BLA-00005169) spans more than 400 pages, but we reduced that document to less than 70

pages, which is reflected in the six different production number passages included within the span of Exhibit 9.

10.    Also, Scott Declaration, Exhibit 22 (ITC-R-BLA-00068807 - ITC-R-BLA-00075600), originally more that 6,000 pages in its original form, was reduced to the 2 pages submitted to the Court.

**Step-By-Step Process for Preparing the Exhibits attached to the Scott Declaration**

11.    The following are the steps I undertook in order to prepare the exhibits attached to the Scott Declaration:

(a)    I received the Draft Papers for Amgen Inc.'s Motion for Summary Judgment of Infringement.

(b)    I indexed the documents cited in all of the Draft Papers of Amgen's Motion for Summary Judgment of Infringement.

(c)    I began to pull each document cited in all the Draft Papers of Amgen's Motion for Summary Judgment of Infringement and assigned exhibit numbers to the documents cited.

(d)    Once each exhibit cited was pulled in its entirety; the number of exhibits was assessed, as well as each exhibit's volume.  It was determined at that point which exhibits would be eliminated from the Draft Papers, as well as whether the exhibits would be submitted to the Court in their entirety

(e)    As a result of this assessment, over twenty exhibits originally cited in the Draft Papers were removed.

(f)     As the Draft Papers came to near final drafts, the exhibits were prepared by compiling each voluminous exhibit as follows: Cover page, followed by pages cited in the Draft Papers of Amgen's Motion for Summary Judgment of Infringement.  Exhibits containing BLA/IND Confidential information were also taken into consideration and these documents were also treated as the voluminous exhibits were.

(g)     Numerous exhibits were limited to only a subset of pages base on this review. For example:

- Scott Declaration, Exhibit 3 (ITC-R-BLA-00000194 - ITC-R-BLA-00000691), originally over 400 pages reduced to 16 pages;

- Scott Declaration, Exhibit 9 (ITC-R-BLA-00004710 - ITC-R-BLA-00005169), originally over 400 pages reduced to 9 pages;

- Scott Declaration, Exhibit 22 (ITC-R-BLA-00068807 - ITC-R-BLA-00075600), originally over 6,000 pages reduced to 2 pages;

- Scott Declaration, Exhibit 63 (ITC-R-00090517 - ITC-R-00091295), originally over 700 pages reduced to 11 pages.

(h)     As filing approached, this process was repeated to further reduce the number and length of exhibits.

12.     As I have described above, a concerted effort was made by myself and the attorneys I was working with to reduce the quantity of Roche confidential information cited in the record and to include only the necessary and relevant information.

I declare under penalty of perjury under the laws of the United States of America that foregoing is true and correct.

Signed this 16th day of July, 2007.

By:  _____/s/ Teresa E. Garcia_____
                Teresa E. Garcia