UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC.,<br><br>      Plaintiff,<br><br>vs.<br><br>F. HOFFMANN-LA ROCHE LTD;<br>ROCHE DIAGNOSTICS GmbH; and<br>HOFFMANN-LA ROCHE INC.<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION No.: 05-CV-12237WGY<br>)<br>)<br>)<br>)<br>)<br>) |

**ROCHE'S MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO
PRECLUDE TESTIMONY FROM AMGEN'S BELATEDLY DISCLOSED FACT
WITNESSES**

Dockets.Justia.com

I.    **INTRODUCTION**

Roche respectfully moves the Court for an order precluding trial testimony from fact witnesses who Amgen has belatedly disclosed on untimely Rule 26(a) supplemental disclosure statements submitted after the fact discovery cutoff.  Since fact discovery closed on April 2, 2007, Amgen has submitted two supplemental Rule 26(a) supplemental disclosure statements adding seven new witnesses who Amgen omitted from their original initial disclosure statement without any apparent justification.  As Amgen frequently points out it has previously litigated four of the five patents currently in suit and therefore it has been very familiar with the individuals possessing relevant information at least to issues concerning validity.  Thus, Amgen was undoubtedly well aware of the identity of the witnesses in its untimely Rule 26 disclosures and of their knowledge relevant to the case at least from the time Amgen submitted its first of now *four* initial disclosure statements.  Amgen was obligated under Rule 26 to disclose them then, but instead chose to wait until after fact discovery, in some instances up until the second week of July, months after the end of fact discovery after the end of expert discovery and summary judgment briefing and less than two months from the trial date, to disclose them.  Two of these witnesses have been Amgen employees and  others previously served as Amgen experts in the TKT litigation so it strains credulity for Amgen to argue that it was not aware that these witnesses possessed relevant information at the time it made its Rule 26 disclosures during fact discovery.  With fact discovery long over, and the trial fast approaching, Roche is now prejudiced by its inability to  address these belatedly disclosed individuals as fact witnesses and seek their documents to determine the scope of their knowledge which Amgen claims is relevant to the issues to be tried in this case.  Amgen's inexcusable delay in disclosing these witnesses

defies the letter and spirit of Rule 26(a) initial disclosure requirements and amounts to trial by ambush.

## II.    ARGUMENT

FRCP 26(a)(1)(E) provides that "a party *must* make its initial disclosures based on the information then reasonably available to it."  If a party fails to comply with this mandate FRCP Rule 37(c)(1) states that "a party that without substantial justification, fails to disclose information required by rule 26(a)(1) or 26(e)(1) ... , unless such failure is harmless, [is not] permitted to use as evidence any witness or evidence not so disclosed."  When Amgen originally made its Rule 26(a) initial disclosures in this case it omitted seven factual witnesses,  Arnold Berk, Joseph Eschbach (whom Amgen has since withdrawn) , Stuart Orkin, Axel Ullrich, Dennis Fenton, Eli Friedman and Nancy Spaeth, of whom Amgen either had actual knowledge or should have had knowledge.  Amgen's later disclosure of these witnesses after fact discovery is without substantial justification, in direct violation of Rule 26(a)(1)(E).  Roche is prejudiced by its inability to procure discovery regarding these witnesses and respectfully submits that preclusion of fact testimony by these witnesses at trial is an appropriate remedy.  With both the pretrial order, trial preparation and the trial just weeks away, it is unfair to Roche to allow late disclosures as Amgen proposes.

### A.    Amgen Has Surprised Roche with the Untimely Disclosures of Seven Fact Witnesses After the Fact Discovery Period

On November 6, 2006 Amgen served its first Rule 26(a)(1) initial disclosure statement identifying a total of 14 individuals as witnesses with discoverable information on various topics including "research and development leading to the inventions described and claimed in the

patents-in-suit" and "urinary erythropoietin."[1]  Then, during fact discovery, on March 8, 2007,

Amgen served a supplemental disclosure statement pursuant to Rule 26(a)(1), adding several

new witnesses.[2]  Fact discovery proceeded at a rapid pace with document production in the

millions of pages and a total of over 50 depositions taken by both parties. Most of the witnesses

deposed by Roche were individuals disclosed by Amgen in its first two Rule 26 statements.[3]

Fact discovery closed on April 2, 2007 and then expert discovery commenced with the initial

round of burden based expert reports exchanged on April 6.

As expert discovery was proceeding, without any explanation, on May 7, Amgen served a

second supplemental disclosure statement, ostensibly pursuant to Rule 26(a)(1), which listed for

the first time as witnesses possessing discoverable information: Arnold Berk, Joseph Eschbach,

Stuart Orkin and Axel Ullrich.[4]  Four days later, on May 11, rebuttal expert reports were due

and Roche received expert reports from only some of these witnesses.  Now, after an extended

expert discovery period including numerous supplemental expert reports and over 45 expert

depositions, Amgen served, on July 10, a Third Supplemental Disclosure Statement adding for

the first time Eli Friedman, Nancy Spaeth and Dennis Fenton as knowledgeable fact witnesses.[5]

---

[1] See Exhibit A to the Declaration of Alfred H. Heckel in Support of Defendants' Motion to Preclude
Testimony From Amgen's Belatedly Disclosed Fact Witnesses ("Heckel Decl."), Amgen's Initial
Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1), 11/6/07.

[2] See Heckel Decl., Exhibit B, Plaintiff Amgen's Supplemental Disclosures Pursuant to Fed.R.Civ.P.
26(a)(1), 3/8/07.

[3]  For instance, Roche took the depositions of disclosed witnesses Fu-Kuen Lin, Thomas Strickland, Joan
Egrie, Thomas Boone, Steven Elliot, Daniel Vapnek, Eugene Goldwasser, Joseph Baron, Robert Brenner,
Michael Borun, Steven Odre, Stuart Watt, Bob Azelby, James Daley, Phil Marinelli, Leslie Mirani, and
Helen Torley.

[4] See Heckel Decl., Exhibit C, Plaintiff Amgen's Second Supplemental Disclosures Pursuant to
Fed.R.Civ.P. 26(a)(1), 5/7/07.

[5] See Heckel Decl., Exhibit D, Plaintiff Amgen's Third Supplemental Disclosures Pursuant to
Fed.R.Civ.P. 26(a)(1), 7/10/07.

With discovery closed and trial scheduled for September 4, Amgen has prejudiced Roche with its untimely disclosures and left Roche without the opportunity to depose these witnesses in their factual capacity and to seek comprehensive document discovery relating to the relevant information which Amgen concedes these witnesses possess. Amgen's purported disclosure of the knowledge of these witnesses is wholly general and lacking in any meaningful specificity. Further, Amgen's delay in disclosing these witnesses is completely unjustified. Arnold Berk and Dennis Fenton have both been Amgen employees. Dr. Berk was a member of the Scientific Advisory Board at Amgen during the time period in the early 1980's when Dr. Lin was working on cloning the EPO gene and has stated that he suggested techniques to Dr. Lin on how to accomplish that task. Based on the small number of documents Amgen produced mentioning Dennis Fenton, he appears to have been one of the original 15 employees of Amgen when it started. Roche has been unable to determine much additional information about Fenton since Amgen has not produced any documents from his files and Roche did not know of him in time to take his deposition. Mr. Fenton's address is listed as Amgen's address on Amgen's disclosure statement and thus he is presumably still employed there. Both Fenton and Berk are listed on Amgen's disclosure statement as having discoverable information relating to "research and development leading to the inventions described and claimed in the patents-in-suit", clearly a major issue in the case, relevant at least to Roche's §102 and §103 counterclaims. Thus, both Dr. Berk and Mr. Fenton were involved in relevant factual matters and neither of them are new to Amgen. Therefore, there is no reasonable excuse why Amgen did not disclose these individuals in its first Rule 26 disclosure statement.

Dr. Orkin was a witness for Amgen in the prior TKT litigation involving the '422, '933, '349 and '698 patents. Dr. Orkin submitted an expert report in the TKT litigation regarding the

cloning of the EPO gene and was deposed in that case.  Amgen listed Dr.  Orkin on its recent

Third Supplemental Rule 26 statement for the topic of the "state of the relevant art before, as of,

and after Dr. Lin's inventions and objective evidence of the non-obviousness of Dr. Lin's

inventions."   There is no reason for Amgen not to have timely disclosed this witness.

While Roche deposed Drs. Berk and Orkin during expert discovery, the possibility of

seeking their relevant personal documents through discovery was foreclosed by that time.  Also,

Roche's ability to depose them as to their factual knowledge which Amgen identified as relevant

was limited by the seven hour time limit, much of which was taken up by the contents of their

expert reports, which from Dr. Berk total to nearly 150 pages and from Dr. Orkin total to nearly

100 pages.  After fact discovery, Amgen also disclosed in its Second Supplemental Rule 26

statement, Dr. Axel Ullrich, as a witness with knowledge of "the state of the erythropoietin art as

of the date of Lin's inventions."Amgen has produced no documents from Dr. Ullrich and Roche

was unable to take Dr. Ullrich's deposition or seek his documents after the close of fact

discovery.  After submitting a report from Dr. Eschbach, Amgen informed Roche that Dr.

Eschbach would no longer be able to participate in the litigation and that Dr. Eschbach would

have to be replaced.  Roche accommodated Amgen and agreed to wait for a substitute to adopt

Dr. Eschbach's opinions before Roche filed a response from its own expert on those opinions.

Roche continued to wait through the end of expert discovery until Amgen finally informed

Roche[6] that it would be replacing Dr. Eschbach not with one expert, but with two experts, Dr. Eli

Friedman and Dr.  Carlo Brugnara  and, inexplicably, one fact witness, registered nurse Nancy

Spaeth.[7]  In reference to Ms. Spaeth and her purported relevant knowledge, Amgen cited to a

---

[6] See Heckel Decl., Exhibit E, Madrid Letter to Fleming, 7/5/07.

[7] Roche has yet to receive any report or declaration from any of these individuals.

third supplemental Rule 26 statement even though at that time, Amgen had not provided such a statement.[8]  Finally, five days later, Amgen served its Third Supplemental Rule 26 statement listing Ms. Spaeth and Dr. Friedman as fact witnesses again for the vague category of "state of the relevant art before, as of, and after Dr. Lin's inventions and objective evidence of the non-obviousness of Dr. Lin's inventions."[9]  This is the only information Roche has been given by Amgen about these belatedly disclosed fact witnesses.  In all of the millions of pages of documents produced in this case, Amgen has not provided Roche with any documents from Ms. Spaeth or Dr. Friedman.

**B.      Amgen Does Not Have Substantial Justification for its Untimely Disclosures**

Amgen has not and indeed cannot proffer any justification to excuse its untimely disclosure of seven fact witnesses well after the close of fact discovery.  Courts have found that the non-disclosing party cannot demonstrate substantial justification when the untimely disclosed witnesses are employees.  In *Wright v. Aargo Sec. Servs, Inc.*, No. 99 CIV. 9115(CSH), 2001 WL 1035139 (S.D.N.Y. Sep 07, 2001), at * 2 the court noted that when the witnesses are employees "'there can be no surprise that the ... individuals named in the supplemental interrogatory responses had relevant knowledge of this matter."  Instead the failure to disclose represents a lack of diligence. *Id.*  Thus, Amgen cannot excuse the failure to timely disclose Dr. Berk and Mr. Fenton as fact witnesses when they were both employees at Amgen in the early

---

[8] See Heckel Decl., Exhibit E.

[9] It is not clear why Dr. Friedman and Dr. Brugnara were identified to Roche as substitute experts for Dr. Eschbach and then Dr. Friedman (but not Dr. Brugnara) was listed as a factual witness.  Nor has Amgen explained how Ms. Spaeth is to replace Dr. Eschbach's expert opinions with factual testimony or whether Ms. Spaeth will be submitting some sort of a report or declaration or whether Dr. Friedman's expert report will also include newly disclosed factual information.  All of this only compounds the surprise and uncertainty resulting from Amgen's untimely disclosure of Ms. Spaeth and Dr. Friedman as knowledgeable fact witnesses.

1980's involved with Dr. Lin's work relating to the claimed inventions of the asserted patents. Amgen could have easily identified them as fact witnesses for these topics at the time of its Initial Disclosures and certainly before the April 2, 2007 fact discovery deadline.

Amgen's very recent and belated disclosure of Ms. Spaeth and Dr. Friedman is not excused by the unfortunate unavailability of Dr. Eschbach as an expert.  Roche has been more than patient and cooperative in accommodating Amgen's need to find a substitute for Dr. Eschbach.  However, this situation is not an opportunity for Amgen to convert one expert into two new experts and a new fact witness and to then also use one of the new experts as another belated fact witness.[10]  It is not fair for Amgen to disclose Ms. Spaeth and Dr. Friedman as fact witnesses after the close of discovery when Roche has no opportunity to obtain document discovery from them and investigate the nature and scope of their relevant knowledge which Amgen claims they possess.

Courts have frequently disapproved of the type of untimely disclosure Amgen has engaged in by excluding evidence from witnesses first disclosed to a party after the close of discovery.  For example, in *Brooks v. Stringer*, No. 2:04CV120KS-MTP, 2007 WL 43819, at *2 n.5 (S.D. Miss. Jan. 5, 2007) the court granted the defendant's motion to strike plaintiff's second supplemental disclosures because it included the names of fifteen  individuals with relevant information not previously disclosed and was filed five days after the close of discovery.  The court reasoned that these individuals had been identified to the plaintiff before the close of discovery and this late disclosure was in violation of the FRCP.[11]

---

[10] Amgen has already attempted to include both Dr. Friedman and Dr. Brugnara as "one expert" on their list of 10 trial experts disclosed to Roche.

[11] *See also Grajales-Romero v. American Airlines, Inc.*, 194 F.3d 288, 297 (1st Cir. 1999) (court affirms district court ruling excluding witnesses under Fed.R.Civ.P 37(c) not disclosed during discovery period); *Amadasu v. Mercy Franciscan Hosp.*, No. 1:01cv182, 2007 WL 1412994 (S.D. Ohio May 10, 2007)

## III.    CONCLUSION

For all the foregoing reasons, Roche respectfully submits that its motion to preclude fact

testimony from Amgen's belatedly disclosed witnesses be granted.

---

(court grants defendant's motion to strike plaintiff's supplemental disclosures of experts and lay witnesses
when the supplemental disclosure is filed identifying new experts three months after the court's deadline);
*Bronk v. Ineiche*, 54 F.3d 425, 132 (7th Cir. 1995) (court affirms trial court's exclusion of witnesses not
previously disclosed according to pretrial order in violation of Fed.R.Civ.P. 26(a)); *Carter v. Finely*, 2003
WL 22717772 (N.D. ILL. Nov. 17, 2003) (court affirms magistrates grant of plaintiff's motion to strike
the supplemental disclosures of defendant's expert witnesses when disclosures were submitted after the
close of discovery in violation of Fed. R. Civ.P. 26(a)).

Dated:  July 16, 2007
           Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys*

/s/  Keith E. Toms
Lee Carl Bromberg (BBO# 058480)
Timothy M. Murphy (BBO# 551926)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

/s/  Keith E. Toms
Keith E. Toms

03099/00501 704775.1

9