# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 05-12237 WGY |
| v. | ) |
| | ) |
| | ) |
| F. HOFFMANN-LA ROCHE | ) |
| LTD., a Swiss Company, ROCHE | ) |
| DIAGNOSTICS GmbH, a German | ) |
| Company and HOFFMANN-LA ROCHE | ) |
| INC., a New Jersey Corporation, | ) |
| | ) |
| Defendants. | ) |

## AMGEN INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO AMGEN'S MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT OF '422 CLAIM 1, '933 CLAIM 3, AND '698 CLAIM 6

Amgen opposes Roche's motion for leave to file an 18-page sur-reply and a new declaration in response to Amgen's motion for summary judgment of infringement. *All* of the arguments and evidence submitted in connection with Roche's sur-reply could have been submitted with its opposition.

In a transparent effort to stave off summary judgment by submitting "new" arguments and "new facts" after the close of the briefing schedule set by the Court, Roche asserts that the Court's July 3 claim construction order justifies its submission of a sur-reply. (Defendants' Motion for Leave to File Sur-Reply at 1). But the Court's July 3, 2007 claim construction order merely affirmed the very same preliminary construction of "human erythropoietin" that Roche addressed in its opposition. Roche's belated effort to raise issues of fact in a sur-reply by

pointing to the chemistry by which it attaches peg to the amino acid sequence of EPO could – and should – have been included in its opposition.  Nothing Roche points to justifies waiting until the eve of hearing, after Amgen's briefing is complete, to submit further briefing on this issue.

Roche also claims that its sur-reply is necessary to respond to "new points" in Amgen's reply that Roche "has not yet had an opportunity to address."  (*Id.*).  But Roche fails to identify what "new points" Amgen supposedly raised in its reply that Roche was unable to address in its opposition.

The Court set a briefing schedule for summary judgment motions that did not provide for sur-reply briefs.  Roche has not demonstrated that its lengthy proposed submission is necessary or justified.  While Roche's sur-reply does not establish any genuine issue of material fact that would preclude summary judgment or overcome the arguments that Amgen made in its motion paper and reply, Roche should not be rewarded for gaming the briefing on summary judgment to avoid page limits on briefs or to secure the "last word" as the non-moving party.

Dated:  July 16, 2007

Respectfully submitted,

AMGEN INC.,
By its attorneys,

*/s/  Michael R. Gottfried*
 D. Dennis Allegretti (BBO#545511)
 Michael R. Gottfried (BBO# 542156)
 Patricia R. Rich (BBO# 640578)
 DUANE MORRIS LLP
 470 Atlantic Avenue, Suite 500
 Boston, MA 02210
 Telephone: (857) 488-4204
 Facsimile: (857) 488-4201

Of Counsel:

STUARY L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789

(805) 447-5000

Lloyd R. Day, Jr. *(pro hac vice)*
DAY CASEBEER, MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

William Gaede III *(pro hac vice)*
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Kevin M. Flowers *(pro hac vice)*
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Michael R. Gottfried*
Michael R. Gottfried