UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 05-12237 WGY |
| v. | ) | |
| | ) | |
| | ) | |
| F. HOFFMANN-LAROCHE | ) | |
| LTD., a Swiss Company, ROCHE | ) | |
| DIAGNOSTICS GmbH, a German | ) | |
| Company and HOFFMANN LAROCHE | ) | |
| INC., a New Jersey Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**AMGEN INC.'S OPPOSITION TO ROCHE'S MEMORANDUM IN SUPPORT
OF MOTION FOR LEAVE TO AMEND ITS PLEADINGS TO CONFORM
TO THE EVIDENCE**

**I.     INTRODUCTION**

Roche's motion to amend the pleadings to conform to the evidence is nothing more than a request for a do-over of this Court's June 7, 2007 denial of Roche's motion to amend. Although Roche has dropped its request as to several of the more egregious theories it sought to add via its Second Amended Answer, the substantive reasons for denying Roche's motion remain the same, and Roche's motion should be denied.

In May 2007, Roche sought leave under Fed. R. Civ. P 15(a) to amend its Answer to add multiple new theories and allegations of inequitable conduct.  That motion was brought against the background that many of the new inequitable conduct allegations that Roche sought to add to its pleadings had not been disclosed to Amgen until April 2, 2007, ***the last day of fact discovery.*** Other such allegations had not been disclosed until ***after*** the close of fact discovery.

Amgen objected to the proposed amendment on the grounds of unwarranted and prejudicial late disclosure, and on June 7, 2007, this Court denied Roche's motion to amend.

Now, little more than a month later, Roche is back with yet ***another*** motion to amend its Answer, seeking to add many of the ***same theories and allegations*** of inequitable conduct that were included in its rejected motion to amend.

Roche does not purport to move for reconsideration of the June 7 order, presumably because there are no new facts or circumstances that would justify reconsideration.  Every fact and argument in Roche's current motion was before the Court when it was considering Roche's previous motion to amend, so there are no grounds for reconsideration.

Instead, Roche pursues a ***disguised*** motion for reconsideration, by moving under a different rule than Rule 15(a).  This time, Roche relies on Fed. R. Civ. P. 15(b), which permits pleadings to be conformed to the evidence when issues not previously raised by the pleadings are "***tried***" by express or implied consent.  Roche attempts to shoehorn its motion to fit within Rule

15(b) by arguing that Amgen "consented" to the proposed amendment. As discussed below, Amgen never consented and does not consent to any amendment, but in any event, Rule 15(b) is inapplicable on its face, since nothing has as yet been "tried."

Roche does not argue that this Court erred when it denied Roche's Rule 15(a) motion to amend, yet it never explains how virtually the same motion, not warranted under 15(a), could be warranted under 15(b). In fact, Roche pays little attention to the Court's previous Rule 15(a) denial, acting as though it never happened.

Roche's motion should also be denied because it comes too late. Roche's Rule 15(a) motion to amend was denied on June 7, but Roche did nothing about it until it filed its current motion on July 5, some 28 days later. Only Roche can explain its motives for the delay, but two facts are evident. First, the deadline for filing dispositive motions was July 3, two days *before* Roche file its motion to amend, thus precluding Amgen from moving for summary judgment on the new claims if the "motion to conform the pleadings" were granted. Second, Roche made liberal use of its presently *unpleaded* allegations of inequitable conduct in its July 5 opposition to Amgen's Motion for Summary Judgment of No Inequitable Conduct, a tactic that would not have been available to it had it promptly filed and lost its "motion to conform the pleadings."

In summary, Roche's "motion to conform the pleadings," should be denied for the following reasons:

(1) Roche is seeking leave to amend to add many of the same theories and allegations that it sought to add to its Answer by way of a motion to amend just last month, which was denied. Yet Roche's articulated basis for this motion---Rule 15(b)---is inapplicable on its face, and there are no grounds for reconsideration of the earlier order. The Court's June 7, 2007 Order is the law of the case.

(3)     Roche's heavy reliance on Amgen's supposed "consent" is both wrong and irrelevant, since such allegations provide no basis for asking this Court to change its mind on its previous denial, based on no new facts or circumstances. Beyond that, Amgen never consented to Roche amending the pleadings; rather, in opposing Roche's earlier motion to amend, it focused its request for relief on the most egregious aspect of Roche's motion, asking the court to deny the motion *at least* as to the new allegations that first surfaced after the close of discovery. That focus certainly did not amount to consent as to the other improper new allegations Roche sought to add, allegations to which Amgen expressly objected.

(4)     Amgen would be prejudiced were new theories and allegations of inequitable conduct now permitted to be added to the case, for the same reasons discussed in it opposition filed in advance of the Court's June 7 Order denying Roche's motion to amend. But now the prejudice would be even greater. Were Roche permitted to add new claims now, not only would Amgen be foreclosed from seeking fact discovery, but Roche's 28 day delay in filing its disguised reconsideration motion would also leave Amgen with no ability to address and eliminate those theories through summary judgment.

Beyond that, Roche's tactic has been to dribble out more and more theories and allegations of inequitable conduct as the case has progressed, with the bulk of those theories and allegations being disclosed for the first time at the end of fact discovery. There is no excuse for that tactic, especially since Roche has for the most part parroted the baseless inequitable conduct charges leveled against Amgen in the *TKT* litigation, which Roche has known about for years.

That "moving target" tactic is especially unfair to Amgen now. As this case approaches the pre-trial conference and trial, Amgen is making final decisions as to which fact and expert witnesses it will call, which deposition designations it will use, and which exhibits and

4

demonstratives it will present. All of that has been done in light of the time budgets and witness limitations that will apply. Forcing Amgen to deal with multiple new theories of inequitable conduct, deciding on and preparing the additional witnesses that would be necessary, and marshalling the new evidence that would be required, would present a huge and unfair burden now, less than 60 days before trial.

Amgen urges the Court to re-affirm its previous ruling and deny Roche's untimely and baseless attempt at a second bite at the apple.

## II.   BACKGROUND

Roche first asserted inequitable conduct in its original Answer on November 6, 2006, almost a year to the date after the Complaint had been filed and months after discovery had been provided by Amgen through the parallel ITC proceedings. When Amgen moved to strike Roche's original Answer and Counterclaims on the grounds of lack of particularity, Roche cross-moved for leave to amend its Answer on December 8, 2006. Amgen opposed Roche's motion for leave to amend on the grounds that the proposed answer still lacked sufficient particularity. After further proceedings, Roche ultimately filed a First Amended Answer on March 30, 2007, adding new allegations of inequitable conduct.

Roche first responded to Amgen's interrogatories seeking the bases for Roche's claims of inequitable conduct on March 14, 2007. Then, on April 2, 2007, the last day of fact discovery, Roche served a supplemental response adding new theories and allegations of inequitable conduct. On May 1, 2007, fully one month *after* the close of fact discovery, Roche served yet another supplemental response to Amgen's interrogatories regarding inequitable conduct, again adding new charges of inequitable conduct.

Roche has never offered an explanation as to why, only three days after it filed a First Amended on March 30, 2007, it filed interrogatory responses that disclosed many more new

5

allegations of inequitable conduct that were not contained in the First Amended Answer. It is highly unlikely that Roche discovered those new theories for the first time within that three-day window; and even if it had, it could have sought to add them by amendment at that point. The clear implication is that Roche has either been cavalier in its attitude to the pleading requirements of the Federal Rules or was intentionally manipulating the process in an attempt to gain an advantage.

In May 2007, Roche move again to amend its Answer to plead numerous new claims of inequitable conduct. Amgen opposed the motion on the grounds that the new allegations were disclosed too late, especially in view of the fact that the vast majority of them had been known to Roche for months or even years prior to the end of discovery.

By Order dated June 7, 2007, this Court denied Roche's motion to amend. On July 5, 2007, Roche filed the current motion. This motion was filed two days after the last day established by the Court for filing dispositive motions and 28 days after denial of the previous motion to amend.

## III. RULE 15(B) PROVIDES NO BASIS TO AMEND

### A.  Rule 15(B) Applies Only to Unpleaded Issues That Are Tried

Rule 15(b) provides in relevant part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects s if they had been raised in the pleadings. Such amendments of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment….[1]

---

[1] Fed. R. Civ. P. 15(b).

6

Roche's current motion, coming after the Court's denial of its Rule 15(a) motion and before trial, finds no support under Rule 15(b). Since no issues have been "tried by express or implied consent," there is nothing to which to conform the pleadings. Nor is Roche's position supported by applicable case law. In *Robinson v. Twin Falls Highway Dist.*,[2] plaintiffs sued for unlawful termination of employment. After summary judgment proceedings, but before trial, plaintiffs moved under Rule 15(b) to amend their complaint to add a previously unpleaded punitive damages claim, in order to conform the pleadings to the evidence.[3] In denying the motion, the court stated: "[B]y its terms, *Rule 15(b)* concerns conforming the pleadings to the evidence on unpled issues where the evidence is presented during *trial* and with the express or implied consent of the parties. While the Ninth circuit has applied *Rule 15(b)* to *pretrial* motions, it has done so only in cases where the unpled issues have, in fact, been argued during pre-trial motions."[4] Obviously, none of that has occurred here since there has been no trial and the merits of the unpleaded issues certainly have not been argued, without objection, during pretrial motions.

The authority cited by Roche for the application of Rule 15(b) here does not support Roche's arguments. Roche cites *Lynch v. Dukakis* for the proposition that "A court should

---

[2] *Robinson v. Twin Falls Highway Dist.,* 233 F.R.D. 670, 671 (D. Idaho 2006).

[3] *Id.* at 672.

[4] *Id.* (The court cites the following cases as exceptions: "*Bobrick Corp. v. American Dispenser Co.*, 377 F.3d 334 (9th Cir. 1967) (recognizing applicability of *Rule 15(b)* to motion to quash where unpleaded issue was argued before district judge who apparently thought the issue was before him); *Save Lake Washington v. Frank*, 641 F.2d 1330, 1340 (9th Cir. 1981) (recognizing that *Bobrick* applied *Rule 15(b)* to issues raised in pretrial motions but finding district court had discretion to deny motion to amend on grounds of delay and prejudice); *Smith v. CMTA-IAM Pension Trust*, 654 F.2d 650 (9th Cir. 1981) (citing *Bobrick*, treating pleadings as amended for purposes of appellate review of unpleaded ERISA and state claims that had been briefed and argued on summary judgment.).

DM1\1159622.1

permit the amendment of a pleading to conform to the evidence if the nonmoving party has given 'express or implied consent' and has adequate notice or should otherwise have expected that the claim…would be litigated."[5]  But Roche neglects to say that the case involved a motion to amend *following judgment,* based upon the proof at trial.  The court in *Lynch* stated:

> "The purpose of an amendment to conform the proof is to bring the pleadings in line with the actual issues *upon which the case was tried*.  Therefore, an amendment after judgment is not permissible if it brings in some entirely extrinsic issue or changes the theory on which the case was actually tried, even though there is some evidence in the record – introduced as relevant to some other issue – that would support the amendment.  The test of consent by implication to the trial of claims not set forth in the complaint is whether a party did not object to the introduction of evidence or introduced evidence himself that was relevant *only* to that issue."[6]

Rule 15(b) on its face makes clear that it authorizes amendments to pleadings only when unpleaded matters were "tried" without objection.  Roche points to no authority authorizing such a motion here, where no issues have been tried or argued in pretrial motions without objection.[7]

### B. Amgen Never Consented to The Proposed Amendment or to Any Part of It

Roche's "implied consent" argument is likewise baseless.  It claims that Amgen consented in part to Roche's previous motion to amend because, in its opposition papers,

---

[5] *Lynch v. Dukakis*, 719 F.2d 504, 508 (1st Cir. 1983).

[6] *Id*. (Emphasis in original.)

[7] Roche argues that it may also amend its Answer under F.R.C.P. 16(c)(2), which addresses pretrial conferences and scheduling orders.  Under Rule 16(c)(2), at any pretrial conference, the court may consider and take appropriate action on …amending the pleadings if necessary or desirable.  But that procedural rule does not help Roche in that it does not warrant amendments that are otherwise not appropriate.  The law is clear that, under Rule 16(c)(2), the proposed amended pleading still has to conform to the requirements of an amended pleading under F.R.C.P. 15(a).  *See Copeland Motor Co. v. General Motors Corp.*, 199 F.2d 566, 567 (5th Cir. 1952) (Court applied Rule 15(a) standards to an appeal regarding a motion to amend brought forth in a pretrial conference).

it focused in particular in excluding those allegations of inequitable conduct that had been first disclosed after the close of discovery.[8] By so focusing its opposition, Roche claims, Amgen supposedly "consented" to Roche amending its Answer to include all inequitable conduct claims that had been disclosed prior to the end of discovery.

In fact, however, in that same memorandum, Amgen expressly objected to the fact that many of the new allegations that Roche sought to add to its proposed Second Amended Answer were not disclosed until the *last day of discovery,* thus foreclosing any fact discovery on those claims. Specifically, Amgen stated:

> Roche has had ample opportunity to disclose its allegations of inequitable conduct within the discovery period. Indeed, Roche first responded to Amgen's interrogatories seeking the bases for Roche's claims of inequitable conduct on March 14, 2007. Then, on April 2, 2007, the last day of fact discovery, it filed a supplemental response adding numerous new allegations of inequitable conduct.
>
> ***This conduct on Roche's part of asserting multiple new claims at the very end of the discovery process was bad enough.*** But then on May 1, fully one month after the close of fact discovery, Roche served yet another supplemental response to Amgen's interrogatories.[9]

---

[8] Roche also argues that, by submitting rebuttal expert reports on the unpleaded issues, Amgen somehow consented to those issues being in the case. To the contrary, all of Amgen's rebuttal expert reports concerning inequitable conduct were submitted before the Court denied Roche's motion to amend. Thus, in effect, Amgen was faced with a Hobson's choice: it could submit expert reports rebutting Roche's allegations at the risk that Roche would make the precise "consent" argument it now makes, or refuse to rebut the allegations because they were not plead and run the risk that Amgen would be precluded from putting on rebuttal evidence to those allegations. The latter was clearly the greater risk, so Amgen chose that prudent course. In that regard, during the deposition of Mr. Kunin, which did occur after the Court's June 7 denial of Roche's motion to amend, Amgen's counsel repeatedly asserted and preserved objections to the unpleaded allegations. *See, e.g. Gottfried* Decl. Ex. 1 (Kunin Depo. 102:7-13; 119:24-120:4; 121:16-21; 201:11-22; 210:21-25; 221:17-24).

[9] Amgen's Memorandum in Opposition to Roche's Motion for Leave to Amend its Answer, June 6, 2007, p.5 [Docket No. 468]

Amgen's opposition to the motion to amend, therefore, hardly amounted to "consent" to Roche's amending to add allegations of inequitable conduct that Amgen complained were added too late in the discovery process. Moreover, Amgen's lack of consent in that regard was further made clear in that same brief:

> Roche has not and cannot provide any legitimate reason for its late disclosure of allegations of inequitable conduct and its late proposed amended pleading. That delay, along with the prejudice to Amgen, ***warrants denial of Roche's motion for leave to amend, at least*** to the extent that it include allegations of inequitable conduct that were not revealed until after the April 2 close of fact discovery.[10]

Thus, Amgen argued that the motion for leave to amend should be denied because of the prejudice stemming from late disclosure, and that ***"at least"*** it should be denied as to the post discovery allegations. There was no consent to any amendment, implied or otherwise.

In support of its implied consent argument, Roche cites *Torry v. Northrop Grumman Corp.* for the proposition that a party's conduct in discovery and other pre-trial proceedings can be sufficient to support trial of an unpleaded defense.[11] The facts in *Torry*, however, were very different from those here. There, plaintiff sued her employer based on age discrimination, which was pleaded, and racial discrimination, which was not. Discovery was conducted on those grounds ***without objection***, and when defendant moved for summary judgment, plaintiff again explicitly asserted her unpleaded claims of racial discrimination. Again, defendant interposed no objection, and the Seventh Circuit found that defendant "never doubted that [racial discrimination] was in the case."[12] Defendant argued on appeal that the claim of racial

---

[10] *Id.*

[11] *Torry v. Northrop Grumman Corp.,* 399 F.3d 876, 878-879 (7th Cir. 2005).

[12] *Id.*

discrimination, not having been pleaded, should not have been tried. The Seventh Circuit disagreed on the grounds that the defendant "went through four years of discovery and pretrial maneuverings without objecting to the fact that its opponent was patently engaged in endeavoring to prove racial as well as age discrimination."[13]

Quite the opposite from the situation in *Torry,* Amgen has consistently objected to Roche's repeatedly belated disclosure of inequitable conduct claims.[14] For example, and in addition to Amgen's oppositions to Roche's motions to amend, Amgen, in its April 2, 2007 response to Roche interrogatory 20, stated:

> As described in Amgen's November 27, 2006 Motion To Strike Roche's Affirmative Defenses Nos. 2, 7, 8, 10, and 12, Roche's allegations in its Answer are wholly inadequate and deficient under Rule 9(b). Since Amgen filed its Motion to Strike, on November 27, 2006, 21 days after Roche's Answer was pled, Roche filed a Proposed Amended Complaint that included over 22 pages of new allegations. As the Court has not yet entered this Proposed Amendment, it currently has no legal effect. Moreover, on March, 14, 2007, 4 months after Roche filed its Answer, and only 19 days before the close of fact discovery, and only 23 days before Amgen's initial set of expert reports are due, Roche served more than 33 pages of multiple, new inequitable conduct allegations. Consequently, ***Amgen has been directly and materially prejudiced by Roche's belated additions of new inequitable conduct allegations. These complex allegations have significantly hampered both Amgen's ability to conduct timely, effective, and relevant fact discovery and its ability to identify, retain, and prepare experts for its case. Under Rule 9(b), Roche should have fully and promptly disclosed all allegations underlying its fraud-based claim to Amgen in its pleadings at the beginning of the case. For***

---

[13] *Id.*

[14] *See* Motion to Strike Roche's Non-Infringement, Invalidity, and Inequitable Conduct Allegations Disclosed after the Close of Fact Discovery or, in the Alternative, Motion for Leave to Supplement Amgen's Expert Reports and Motion for Protective Order to Postpone Depositions of Certain Witnesses, May 24, 2007, [Docket No. 447]; Memorandum in Support of Plaintiff Amgen, Inc.'s Motion to Strike Belatedly Disclosed Invalidity and Unenforceability Allegations and For More Time to Respond to Roche's Expert Reports, April 13, 2007; [Docket No. 386]; Declaration of Michael Gottfried, Ex. 2 (Plaintiff Amgen Inc.'s Responses to Defendants' Third Set of Interrogatories to Plaintiff, 4/2/07 at p.8).

> *these reasons, Roche's inequitable conduct defenses beyond those stated in its original Answer should be stricken.* At minimum, Amgen should be afforded additional time in which to supplement its response(s) to this interrogatory, submit its expert reports and otherwise prepare to defend itself from Roche's ever-expanding allegations.[15]

In light of such explicit and consistent objections, there can be no reasonable argument that Amgen "consented" to Roche's proposed amendment, much less that the merits of the unpleaded issues were tried or pretried without objection.

## IV. ROCHE'S MOTION IS IN FACT A DISGUISED AND BASELESS ATTEMPT TO SEEK RECONSIDERATION, AND SHOULD BE DENIED

### A. There are No Changed Facts or Circumstances That Could Warrant Reconsideration

The current motion is nothing more than a *sub rosa* motion for reconsideration, but Roche points to no new facts, no new law, and no alleged errors in support of its request that the Court rule differently this time. It simply wants a do-over.

That desire does not provide a basis for reconsideration. This Court has expressed the appropriate standard that district courts should apply in addressing a motion for reconsideration of an interlocutory order:

> A federal district court has the discretion to reconsider interlocutory orders and revise or amend them at any time prior to final judgment. However, courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice. When faced with a <u>motion</u> for reconsideration, a district court must balance the need for finality against the duty to render just decisions. In order to accommodate these competing interests, a court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates (1) an

---

[15] Declaration of Michael Gottfried, Ex. 2 (Plaintiff Amgen Inc.'s Responses to Defendants' Third Set of Interrogatories to Plaintiff, 4/2/07, at p. 8).

intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order.[16]

Here, Roche, in support of its current motion, cites to no changes in the law, no discovery of new evidence, and no error of law. Rather, Roche makes the same arguments now as it did in May in support of its previously denied motion to amend. While some of the allegations of inequitable conduct Roche originally sought to add have been removed from Roche's current motion to amend, many remain, and no changes have been made to the text of those allegations.

In this situation, the doctrine of law of the case precludes Roche from re-raising its unpleaded allegations of inequitable conduct, since this Court has already decided the issue of whether or not Roche should be allowed to amend its pleading to add those allegations. Under the law of the case doctrine, a court must follow its own rulings made at a previous stage in the case.[17] The Court denied Roche's second motion to amend on June 7. The allegations of inequitable conduct that Roche sought to add to its Answer as of its May 23 motion to amend, including those at issue in Roche's current motion to amend, should therefore not be allowed into the case now. That was the Court's decision, it is final, and Roche must abide by it.

### B.  Amgen Would be Prejudiced If New Theories and Allegations Were Added to the Case Now

---

[16] *Davis v. Lahane,* 89 F. Supp. 2d 142, 147 (D. Mass 2000); *see also Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)( "Plaintiff improperly used a motion to reconsider to ask the Court to rethink what the Court had already thought through ... ").

[17] *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988)("Second, the law-of-the-case doctrine merely expresses the practice of courts generally to refuse to reopen what has been decided…")(internal citations omitted); *Conley v. United States*, 323 F.3d 7, 12 (1st Cir. 2003)("The law of the case doctrine has two branches: one provides that, subject to exceptions…a court must respect and follow its own rulings made at a prior state in the same case…").

Amgen has already discussed the prejudice it would suffer were this motion granted. Roche's proposed amendment would add allegations of inequitable conduct as to which Amgen (1) could not conduct fact discovery, (2) could not file dispositive motions, and (3) would have to spend inordinate and unproductive time in the remaining few weeks before trial changing its fact and expert witness lists, changing the preparation of witnesses, and marshalling the documentary evidence necessary to present at trial. All of that work, of course, would be on top of the already enormous effort required to prepare this matter for trial in early September. Since the prospect of this large burden is a result solely of Roche's unfair tactic of piecemeal disclosure and back-end loading of their inequitable conduct claims, the proposed amendment at this late date should not be allowed.[18]

Claims of inequitable conduct have become a ubiquitous part of the alleged infringer's arsenal, and are widely used for their *in terrorem* effect and the distraction they can cause in a

---

[18] The unfairness goes beyond simply adding more and more inequitable conduct claims. In addition, Roche's claims have also morphed and changed over the course of the litigation, thus presenting another variation on the "moving target" concept. For example, when Roche first alleged inequitable conduct based on the 1994 Strickland declaration in Europe, it argued that the molecular weight of rEPO set forth therein of "about 34,000 [was] "the *same* as that of uEPO" reported in Dr. Lin's patent. *See* Defendants' First Amended Answer and Counterclaims to Plaintiff's Complaint, Docket No. 344, March 30, 2007 at ¶ 82 (emphasis added). But in its April 2 interrogatory responses, Roche argued that the Strickland declaration set forth the molecular weight of rEPO as "between 31,000 daltons and 45,000 daltons" and that "Clearly 31,000 daltons is *not a higher* molecular weight than human urinary EPO as measured by SDS-PAGE." Roche Ex. A to Heckel Declaration at p. 51 [Docket No. 656, filed *in Camera*] (Defendants' Supplemental Responses And Objections To Plaintiff Amgen Inc.'s Third Set Of Interrogatories To Defendants (No. 26), 4/2/07, at p. 51) (emphasis added). In addition, in its First Amended Complaint, Roche alleged that Amgen committed inequitable conduct by failing to disclose the TKT litigation to the Patent Office. *See* Defendants' First Amended Answer and Counterclaims to Plaintiff's Complaint, Docket No. 344, March 30, 2007 at ¶ 84. Yet, in its interrogatory answers 3 days later Roche dropped this allegation entirely, thus evidencing that not even Roche believes in the legitimacy of the positions it is taking. Roche Ex. A to Heckel Declaration [Docket No. 656, filed *in Camera*]

jury trial. As the Federal Circuit has said, such claims are disfavored,[19] and they should be especially disfavored here, given Roche's unfair and dilatory tactics.

## V.   CONCLUSION

Roche is unhappy that its tactic of gradually rolling out disclosures of more and more allegations of inequitable conduct and then back-end loading them at the close of discovery led to the denial of its improper, 11th-hour motion for leave to amend. Without citing any new facts or law, and without claiming that the Court erred in any respect, Roche simply wants a different decision.

There is no basis for such a second bite, and Roche's tactic in delaying its disguised reconsideration motion until after the summary judgment motions and on the eve of the pretrial conference should be rejected. Amgen respectfully requests that Roche's Motion for Leave to Amend its Pleadings to Conform to the Evidence be denied.

Dated: July 16, 2007                                    Respectfully Submitted,

                                                        AMGEN INC.,
                                                        By its attorneys,

---

[19] *See Burlington Industries, Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988) ("…the habit of charging inequitable conduct in almost every major patent case has become an absolute plague. Reputable lawyers seem to feel compelled to make the charge against other reputable lawyers on the slenderest grounds, to represent their client's interests adequately, perhaps. They get anywhere with the accusation in but a small percentage of the cases, but such charges are not inconsequential on that account. They destroy the respect for one another's integrity, for being fellow members of an honorable profession, that used to make the bar a valuable help to the courts in making a sound disposition of their cases, and to sustain the good name of the bar itself. A patent litigant should be made to feel, therefore, that an unsupported charge of 'inequitable conduct in the Patent Office' is a negative contribution to the rightful administration of justice.").

DM1\1159622.1

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
Kimberlin L. Morley
Erica S. Olson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-5000

*/s/ Michael R. Gottfried*
D. Dennis Allegretti (BBO#545511)
Michael R. Gottfried (BBO# 542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (857) 488-4204
Facsimile: (857) 488-4201

Lloyd R. Day, Jr. (*pro hac vice*)
DAY CASEBEER, MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

William G. Gaede, III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Kevin M. Flowers (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
 Chicago, IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

16

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants.

                                            */s/ Michael R. Gottfried*
                                            Michael R. Gottfried