# EXHIBIT 2

CONTAINS CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., <br><br> Plaintiff, <br><br> v. <br><br> F. HOFFMANN-LAROCHE LTD., a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company and HOFFMANN LAROCHE INC., a New Jersey Corporation, <br><br> Defendants. | Civil Action No.: 05-12237 WGY |

## PLAINTIFF AMGEN INC.'S RESPONSES TO DEFENDANT'S THIRD SET OF INTERROGATORIES TO PLAINTIFF (NOS. 19-40)

Pursuant to Fed. R. Civ. P. 26 and 33, Plaintiff/Counter Defendant Amgen Inc. ("Amgen") hereby responds to "Defendants' Third Set of Interrogatories (Nos. 19-40)."

### PRELIMINARY STATEMENT

1.  Amgen's responses to Defendants' Third Set of Interrogatories are made to the best of Amgen's present knowledge, information and belief. Amgen's responses are subject to amendment and supplementation should future investigation and discovery indicate that amendment or supplementation is necessary. Amgen undertakes no obligation, however, to supplement or amend these responses other than as required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Massachusetts.

2.  Amgen's responses to Defendants' Third Set of Interrogatories are made according to information currently in Amgen's possession, custody and control.

1

CONTAINS CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER

or information; and identify the three individuals, other than counsel or person employed by the PTO, most knowledgeable regarding the subject matter of this Interrogatory, stating the nature and substance of each such person's knowledge or information.

**RESPONSE TO INTERROGATORY NO. 20:**

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this Interrogatory: Amgen objects to this interrogatory because it seeks communications and materials subject to the attorney-client privilege and attorney work product doctrine. Amgen objects to this interrogatory because it prematurely calls for the opinions of Amgen's expert witnesses, which by the Court's order will be provided in the form of report(s) on April 27, 2007. Amgen objects to this interrogatory because Roche has failed to plead its inequitable conduct allegations with particularity as required under Fed. R. Civ. P. 9(b).[3] As described in Amgen's November 27, 2006 Motion To Strike Roche's Affirmative Defenses Nos. 2, 7, 8, 10, and 12, Roche's allegations in its Answer are wholly inadequate and deficient under Rule 9(b). Since Amgen filed its Motion to Strike, on November 27, 2006, 21 days after Roche's Answer was pled, Roche filed a Proposed Amended Complaint that included over 22 pages of new allegations. As the Court has not yet entered this Proposed Amendment, it currently has no legal effect. Moreover, on March, 14, 2007, 4 months after Roche filed its Answer, and only 19 days before the close of fact discovery, and only 23 days before Amgen's initial set of expert reports are due, Roche served more than 33 pages of multiple, new inequitable conduct allegations. Consequently, Amgen has been directly and materially prejudiced by Roche's belated additions of new inequitable conduct allegations. These complex allegations have significantly hampered both Amgen's ability to conduct timely, effective, and relevant fact discovery and its ability to identify, retain, and prepare experts for its case. Under

---

[3] *See Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003); *Davidson v. Yihai Cao*, 211 F. Supp. 2d 264, 285 (D. Mass. 2002).