Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AMGEN INC.,

                         Plaintiff,

          v.

F. HOFFMANN-LA ROCHE LTD, a Swiss            Civil Action No.: 05-12237 WGY
Company, ROCHE DIAGNOSTICS GmbH, a
German Company and HOFFMANN-LA ROCHE
INC., a New Jersey Corporation,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF AMGEN INC.'S THIRD SET OF INTERROGATORIES TO DEFENDANTS (NO. 26)

Defendants and Counterclaim-plaintiffs F. Hoffmann-La Roche Ltd., Roche Diagnostics

GmbH, and Hoffmann-La Roche Inc. (collectively "Roche") hereby object and respond to

Plaintiff and Counterclaim-defendant Amgen Inc.'s ("Amgen") Third Set of Interrogatories (No.

26).

### GENERAL OBJECTIONS

The following general objections apply to all of Roche's responses and shall be

incorporated in each response as if fully set forth therein ("General Objections"). To the extent

specific General Objections are cited in response to a specific interrogatory, those specific

General Objections are provided because they are believed to be particularly applicable to the

specific interrogatory and are not to be construed as waiver of any other General Objections

applicable to the interrogatory.

31446182_V4.DOC

acknowledged that its process and resulting *in vivo* biologically active erythropoietin was merely an obvious and inherent result of expressing the DNA sequence encoding human erythropoietin in a host cell: "the particular type of glycosylation linkages was simply a result of the type of host cell used to produce the recombinant erythropoietin." (EP 411 678 Opposition Proceedings, Statement of Grounds submitted by Amgen 10/8/1992).[*] Amgen's consistent pattern of failing to apprise the United States examiners of material information from European proceedings is similarly shown through its failure to disclose arguments that were raised during the opposition proceedings to its Kirin-Amgen European Patent Application No. 0 148 605 regarding the high materiality of errors in the data corresponding to Example 10 of its US patent application. (European Tech. Board of Appeals 11/21/1994 ("[A]s admitted by the Respondents, the carbohydrate analysis performed in Example 10 was erroneous."); *see also* 9/6/2000 Borun Trial Tr. 2854:9-25 (incorrect hexose/fucose values in U.S. Patents)).

Amgen also asserted that it was inappropriate for the examiner to consider prior art (the Yokota 4,695,542 patent) in conjunction with the claims of the '008 patent to show that the pending claims were obvious arguing that "as noted in the decisional authorities, [double patenting] must be determined through consideration of the *claims* of the pending application and issued patent -- and not with reference to the prior art." (AM-

---

[*]     In addition, Amgen also failed to disclose inconsistent arguments made during the following proceedings in Europe: (1) Ortho Pharmaceutical Corp. v. Boehringer Mannheim GmbH (Landgericht Dusseldorf (4 O 150/91)) (Patent infringement action for E 0 148 605), (2) Boehringer Mannheim GmbH v. Janssen-Cilag GmbH (4 O 229/91, Landgericht Dusseldorf) (Cilag I), EP 0 205 564 (3) Boehringer Mannheim GmbH v. Janssen-Cilag GmbH (4 O 58/92, Landgericht Dusseldorf) (Cilag II), EP 0 411 678; (4) Boehringer Mannheim GmbH v Kirin-Amgen, (3 Ni 32/93, Bundespatentgericht (BPG)) and appeals therefrom and (5) Kirin-Amgen and Ortho Pharmaceuticals v. Boehringer Mannheim GmbH and Boehringer Mannheim UK Ltd., The High Court Of Justice Chancery Division, Patents Court (CH 1993-K-No. 937).

demonstration that all of the carbohydrate structures in r-HuEPO are also found in u-EPO.");
AM-ITC 00092884; AM-ITC 00092981-83). Nor did Amgen explain to the examiner(s) that
purported differences in glycosylation and carbohydrate composition were not due to differences
between CHO rEPO and urinary EPO, but because of different purification techniques in certain
instances and variability and error in testing techniques. These documents and information were
not submitted to the examiners.

Furthermore, after Amgen learned of the error in its reporting of the carbohydrate
analysis of CHO rEPO and urinary EPO in example 10 ('933 patent 28:51-67), it did not make
that error known to the various examiners or the public by disclosing the mistake in any response
or amendment in the file history. But for Amgen's misconduct conduct at least claims 1, 2 and 6
of the '933 patent and claim 1 of the '080 patent would not have issued. Accordingly, the '933
patent and the related '080 patents are unenforceable for inequitable conduct.

**Amgen's Affirmative Misrepresentations and Omissions Regarding Molecular Weight**

In addition to the information outlined above regarding COS rEPO and CHO rEPO
(hereby incorporated), in 1995 Mr. Borun presented for the first time a claim requiring that "said
product has a higher molecular weight than human urinary EPO as measured by SDS-PAGE."
(AM-ITC 00941545), and the claim was allowed without a rejection or any amendment. ('933
patent). Relevant literature, as well as Lin's specification, acknowledged that human urinary
erythropoietin is a glycoprotein with a molecular weight of approximately 34,000 daltons (*e.g.*
'933, col. 5:48-52 ("Erythropoietin, an acidic glycoprotein of approximately 34,000 dalton
molecular weight, may occur in three forms: $\alpha$, $\beta$ and asialo. The $\alpha$ and $\beta$ forms differ slightly
in carbohydrate components, but have the same potency, biological activity and molecular
weight."); AM-ITC 00987639-49 ("The human asialo hormone has an apparent molecular

*et al.*, "Inducible Production of Erythropoietin by a Human Yolk Sac Tumor Cell Line", *Am. Fed. Clin. Res.* 31:307A (1983) ("We have identified a human yolk sac tumor-derived cell line (1411H) which can be induced to produce significant amounts of Ep."); Ascensao *et al.*, "Erythropoietin Production by a Human Testicular Germ Cell Line", *Blood* 62(5):1132-34 (1983) ("We have identified a human testis germ cell line 1411-H, that produces significant amounts of Ep. The erythropoietic activity was demonstrated by the ability of cell-free supernatants to stimulate erythropoiesis in exhypoxic polycythemic mice.")).

Amgen's inequitable conduct in securing the '008 claims infects all the patents-in-suit, rendering each unenforceable.

No individual affiliated with Roche, other than counsel, furnished information or is "most knowledgeable regarding the subject matter of this Interrogatory."

Roche expressly reserves the right to amend and/or supplement its interrogatory response as fact discovery and expert discovery progresses (including the availability of finalized deposition transcripts with errata).

DATED:      April 2, 2007

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.


By its attorneys,


/s/ Thomas F. Fleming

Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue

31446182_V4.DOC                    68

New York, NY 10022
Tel: (212) 836-8000

and

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292

CERTIFICATE OF SERVICE

I hereby certify that a copy of DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF AMGEN INC.'S THIRD SET OF INTERROGATORIES TO DEFENDANTS (NO. 26) was served upon the attorneys of record for the plaintiff (as listed below) by email on the above date.

Lloyd R. Day, Jr. (*pro hac vice*)
David A. Madrid (*pro hac vice*)
Linda A. Sasaki-Baxley (*pro hac vice*)
DAY CASEBEER MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

D. Dennis Allegretti (BBO#545511)
Michael R. Gottfried (BBO#542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (617) 289-9200
Facsimile: (617) 289-9201

William G. Gaede III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Kevin M. Flowers (*pro hac vice*)
Thomas I. Ross (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

/s/ Denise F. Lopez
Denise F. Lopez