UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD ROCHE DIAGNOSTICS GmbH and HOFFMANN-LA ROCHE INC. | ) ) ) ) |
| Defendants. | ) ) ) |

### ROCHE'S PROPOSED REPLY IN FURTHER SUPPORT OF ITS EMERGENCY MOTION TO STRIKE PORTIONS OF EIGHT EXHIBITS CONTAINING ROCHE MANUFACTURING TRADE SECRETS THAT ARE NOT NECESSARY FOR AMGEN'S INFRINGEMENT MOTIONS OR IN THE ALTERNATIVE TO SEAL THESE SELECT EXHIBITS

Defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc. (collectively "Roche") respectfully submit this proposed reply to address arguments made by Amgen's contention that the trade secret portions of the eight documents at issue are necessary for its pending motions for summary judgment. Although Amgen correctly represented in its opposition that, by Friday evening, it had agreed to unilaterally limit its submission of Exhibit 5 to certain pages (some of which Roche agreed may be publicly filed), Amgen failed to also mention that, during the parties' negotiations, Amgen agreed that as part of a negotiated resolution it would file redacted versions of Scott Exhibits 43, 45, 55, and Galvin Exhibit 1 so that Roche's trade secrets would not be disclosed. *See* Toms Decl. ¶ 2.[1] Even

---

[1] Declaration of Keith E. Toms in Support of Roche's Reply in Support of its Emergency Motion to Strike Eight Exhibits, submitted concurrently herewith.

Dockets.Justia.com

though the parties were unable to reach agreement as to all of the exhibits, Roche remains willing for these redacted versions to be filed in the public record. Thus, there is really no dispute that the unredacted versions of Scott Exhibits 43, 45, 55, and Galvin Exhibit 1 are not necessary for the disposition of Amgen's motion.

Furthermore, with respect to all the documents at issue, Amgen provides no rationale as to why it requires these highly detailed trade secret documents to support general propositions that can be and are supported by any number of other documents. As stated in Roche's initial memorandum, these eight documents (and in particular Scott Exhibits 5, 8, and 9) are extremely sensitive because of the extreme level of <u>detail</u> they contain regarding Roche's manufacturing process. This detail is not necessary to support Amgen's motion. Indeed, if Roche's motion to strike is granted, no redactions to any of the parties motion papers (including memoranda of law, 56.1 statements, and declarations) will be necessary. Thus, Roche respectfully requests that these unnecessary exhibits be struck to protect Roche's trade secret manufacturing process, in which case Amgen may still publicly file the redacted versions proposed to Amgen by Roche.

Dated: July 16, 2007
      Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys*

/s/  Keith E. Toms
Lee Carl Bromberg (BBO# 058480)
Timothy M. Murphy (BBO# 551926)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

/s/  Keith E. Toms
Keith E. Toms

705044.1 3099/501