**EXHIBIT 1**
**to the**
**Declaration of Manvin S. Mayell in Support of Roche's Motion for Leave**
**to File Under Seal Defendants' Trade Secret Contained in Amgen Inc.'s**
**Reply Memorandum of Law in Support of Amgen's Motion for Summary**
**Judgment on Roche's Antitrust and State Law Counterclaims**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., )<br>)<br>Plaintiff and Counterclaim-Defendant, )<br>)<br>v. )<br>) CIVIL ACTION No.: 05-CV-12237WGY<br>F. HOFFMANN-LA ROCHE LTD, )<br>ROCHE DIAGNOSTICS GMBH, )<br>AND HOFFMANN-LA ROCHE INC., )<br>)<br>Defendants and Counterclaim-Plaintiffs. )<br>) | |

**DECLARATION OF SONDERS BEIMFOHR IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS CONTAINING DEFENDANTS' TRADE SECRETS SUBMITTED IN CONNECTION WITH AMGEN'S MOTION FOR SUMMARY JUDGMENT ON ROCHE'S ANTITRUST AND STATE LAW COUNTERCLAIMS AND ROCHE'S OPPOSITION THERETO**

I, Sonders Beimfohr, hereby declare under penalty of perjury that:

1. I am the Director of Strategic Pricing at Roche Laboratories, Inc., a wholly-owned subsidiary of Hoffmann-La Roche Inc. ("Roche").

2. I make this declaration based upon my own personal knowledge and company information.

3. I have been asked to examine documents which correspond to Exhibits 5, 13, 15, 16, 17, 25, 27, 35, 36, and 37 of the Declaration of James M. Fraser in Support of Amgen Inc.'s Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims, and which were submitted to the Court for *in camera* review on June 15, 2007. I have also been asked to examine documents which correspond to Exhibits 9, 10, 11, 12, 21, 27, 31, 32, 34, 40, 49, 64, 84, 85, 126, 214 & 215 of the Declaration of David

1

Cousineau in Opposition to Amgen, Inc's Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims, which were submitted to the Court for *in camera* review on June 29, 2007. I have been asked to review these documents (collectively, the "Exhibits") to determine whether they contain information regarded as trade secrets by Roche.

4. In general, the Exhibits all include highly sensitive, confidential trade secret information belonging to Roche, including highly confidential information relating to Roche's proprietary pricing strategy for MIRCERA®. Prior to FDA approval, Roche's anticipated price, and the strategy by which it sets that price, is a closely guarded secret because price competition is one of Roche's chief competitive weapons for gaining a foothold in the marketplace. Thus, pursuant to Roche company policy, the documents, the information contained in the documents, and any communications involving the documents and their information are maintained in confidence and secrecy.

5. One of the significant elements in Roche's pricing strategy is its proprietary pricing model, which includes a mathematical representation of the market. The pricing model is, in effect, a compilation of Roche's entire corporate knowledge regarding the market for its product. Roche expends significant effort and resources designing and testing this proprietary model, including the substantial time and effort it spends conducting market and branding research.

6. Roche's competitive position would severely be harmed if any of the sensitive trade secret information contained in the Exhibits were available to Roche's competitors in the highly competitive pharmaceutical industry. Were Roche's competitors to know the price of Mircera before Roche received FDA approval, they

would be able to initiate specific, concrete steps in relation to their own price and marketing efforts to blunt Roche's entry into the market, which would potentially cost Roche millions of dollars. Thus, it is imperative that information regarding Roche's pricing strategy not be revealed in the public record.

7. In addition, Roche would be harmed if competitors had access to Roche's proprietary pricing model, including the assumptions used to design and create that model and its output. With its pricing model, competitors could derive Roche's highly sensitive price for Mircera. Moreover, the pricing model contains Roche's internal analysis and research regarding the marketplace.

8. Furthermore, the public disclosure of Roche's pricing model would also destroy the competitive advantage that Roche gains from the proprietary trade secret methodology it uses to create its pricing model. Roche's approach to pricing, which is used across the company for other products in addition to Mircera provides to Roche a significant advantage in the highly competitive markets in which it competes. The disclosure of its proprietary pricing models would teach competitors how to construct similar pricing models, thereby destroying Roche's advantage.

9. Finally, the public release of the sensitive confidential information contained in the Exhibits would harm Roche's business relationships with potential customers. If Roche's customers were armed with detailed knowledge of Roche's profit margin and the anticipated discounts built into its pricing strategy, they would have undue leverage when negotiating their purchasing contracts with Roche.

10. Because of the harm that would result from the public disclosure of its confidential information, including its pricing model, Roche takes great pains to protect

3

the secrecy of that information. For example, documents that include confidential information are marked with a "confidential" legend to alert recipients to the document's sensitive status. In addition, the circulation of confidential information within the company is restricted.

11. I have conducted a detailed review the Exhibits, and in the paragraphs below I have set forth a detailed description of the highly sensitive information that Roche considers a confidential trade secret.

12. I understand that Amgen Exhibit 5 and Roche Exhibit 64 contain excerpts from the Expert Report of Professor David J. Teece, Ph.D., submitted by Amgen in connection with the present litigation on May 11, 2007. I further understand that this document contains both Amgen confidential information (which is not accessible to me under the protective order) and Roche confidential information. Based on what I understand is the Roche confidential information in the report, I have determined that it contains confidential Roche trade secrets regarding the pricing strategy and marketing strategy for Mircera. For example, I can attest that paragraph 76 contains information regarding Roche's projected profit margin for Mircera, paragraph 111 contains information regarding expected sales levels, costs and profitability, and paragraph 170 contains information regarding the cost and sales projections for Mircera. In addition, paragraphs 174 and 175 contain information regarding the price, profit margin, and incremental cost of Mircera. This information is protected from public disclosure, and in fact has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

13. I understand that Amgen Exhibit 13 and Roche Exhibit 126 contain excerpts from the expert report of Lauren J. Stiroh, which was produced in the course of the present litigation on May 11, 2007. I further understand that this document contains both Amgen confidential information (which is not accessible to me under the protective order) and Roche confidential information. Based on what I understand is the Roche confidential information in the Report, I have determined that it contains sensitive information and figures regarding pricing forecasts and anticipated profit margins for Mircera. For example, page 44-45 of the Report contain discussion of a table showing estimated Mircera prices and profit margins by individual sales channel. This information is protected from public disclosure, and in fact has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

14. Amgen Exhibit 15 and Roche Exhibit 11 are excerpts from the transcript of my deposition taken in the course of the present litigation, dated March 20, 2007, which contains a great deal of confidential and highly sensitive information relating to Roche's pricing and marketing strategies. At the deposition, I was asked extensively about Roche's proprietary pricing model and the assumptions we made about the market during its design. For example, this highly sensitive excerpt contains specific information relating to Roche's anticipated pricing and profit margins, including the projected sales price for Mircera, the factors Roche considered in calculating the price of Mircera, and future events which could impact Roche's pricing strategy for Mircera. It also includes sensitive information regarding the strategy for marketing Mircera to specific customer segments, as well as our analysis and projections regarding Mircera's

competitive strengths in comparison with Amgen's Aranesp®. This information is protected from public disclosure, and in fact has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

15. Amgen Exhibit 16 and Roche Exhibit 10 are excerpts of the deposition transcript of Susan Duncan from the present litigation, dated March 13, 2007, which contain confidential and highly sensitive information relating to Roche's pricing strategy and proprietary pricing model. These excerpts contain information relating to Roche's competitive pricing analysis for best positioning Mircera against Amgen's Aranesp®. For example, pages 160-161 contain confidential information concerning the ultimate aim of Roche's pricing strategy, while pages 262-63 contain discussion of the specific anticipated launch price of Mircera. This information is protected from public disclosure, and in fact has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

16. Amgen Exhibit 17 and Roche Exhibit 49 contain excerpts from the deposition transcript of Einer R. Elhauge from the present litigation, dated May 25, 2007, which I understand contains confidential and trade secret information relating to Roche's pricing strategy. For example pages 110–11 and 148–51 contain confidential and sensitive information that has not been made public regarding Roche's proprietary pricing model and underlying assumptions, as well as Roche internal policies regarding sales and marketing expenses. In addition, these pages contain Roche's internal projections of this litigation's impact on the market and pricing of Mircera. This information is protected from public disclosure, and in fact has not been disclosed to the

public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

17.  Amgen Exhibit 25 is an excerpt from the deposition transcript of Barbara Senich from the present litigation dated March 30, 2007, which contains confidential information relating to Roche's pricing and discount strategy, including the highly confidential projected price of Mircera. This information is protected from public disclosure, and in fact has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

18.  Amgen Exhibit 27 and Roche Exhibit 40 are excerpts of a draft of an internal presentation entitled *MIRCERA: Pricing and Contracting Recommendation*, dated November 6, 2006. This document was prepared in connection with a presentation I gave to the US Pricing Committee, which is an executive level internal Roche committee. Contained in this document is an overview of Roche's entire pricing and marketing strategy, which includes highly sensitive information regarding Roche's preliminary pricing recommendations and Roche's specific strategy for countering competitor responses to Roche's pricing strategy. In addition, this document contains extensive information regarding the assumptions underlying the proprietary pricing model for Mircera, including Roche's sales projections, profit projections, marking costs, and costs of goods sold. This document also contains the results of marketing research concerning the price sensitivity of individual customer segments. This information is protected from public disclosure, and in fact has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

19. Amgen Exhibit 35 is a draft of an internal presentation entitled *MIRCERA Pricing Update*. This document was prepared by Chris Schneider and me for the US Pricing Committee. This confidential document contains detailed information regarding the development and design of Roche's proprietary pricing model for Mircera. It also contains Roche's confidential analysis of the market for Mircera, and Roche's strategies for entering into purchasing contracts with its customers. This information is protected from public disclosure, and in fact has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

20. Amgen Exhibit 36 is a confidential document entitled *MIRCERA Price Optimization Model*, dated October 6, 2006. This document was prepared in connection with a presentation that was given by my colleague Chris Schneider to the US Pricing Committee. It contains detailed information regarding the design and assumptions underlying Roche's proprietary pricing model. This document also contains Roche's detailed analysis regarding the market segmentation and market strategy for Mircera. This information is protected from public disclosure, and in fact has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

21. Amgen Exhibit 37 and Roche Exhibit 9 both contain excerpts from a draft document entitled *MIRCERA® WAC Pricing and Contracting Strategies Review Meeting*, which contains confidential Roche information regarding the projected price of Mircera and Roche's pricing strategy for Mircera. For example, page 249 of the document contains confidential Roche information regarding the anticipated final price for Mircera, and a comparison of Mircera's price to Amgen's Aranesp and Epogen, and

8

Ortho's Procrit. In addition, page 191 of the document contains information related to Roche's pricing strategy for Mircera, including the information considered in calculating the anticipated launch price of Mircera, while pages 283 and 284 contain information regarding potential provider contract discounts by market segment. As stated above, Roche's anticipated price for Mircera is a highly sensitive trade secret that would cause severe harm to Roche if released. This information is protected from public disclosure, and in fact has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above. Indeed, this document specifically bears the notation that it is "[f]or limited internal distribution" only.

22.     Roche Exhibit 12 is my declaration from the present litigation, dated June 25, 2007, which contains a great deal of confidential information related to Roche's pricing strategy for Mircera. In particular, paragraphs 3-6 of my declaration contain confidential information concerning the factors which Roche considers when setting prices for its products. In addition, paragraph 7 contains confidential information concerning Roche's contracting practices with its customers. This information is protected from public disclosure, and in fact has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

23.     I understand that Roche Exhibit 21 is an excerpt from the Rebuttal Expert Report of Dr. Douglass Bernheim, submitted by Amgen in the current litigation on May 11, 2007. I further understand that this document contains both Amgen confidential information (which is not accessible to me under the protective order) and Roche confidential information. Based on what I understand is the Roche confidential information in the report, I have determine that this document contains confidential

9

information regarding Roche's pricing strategy. In particular, paragraph 120 contains a discussion of Roche's pricing strategy, as well as Roche's projections of competitors' responses to Mircera pricing strategies. This information is protected from public disclosure, and in fact has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

24.    I understand that Roche Exhibit 27 is an excerpt from the Expert Report of Dr. Douglass Bernheim, submitted by Amgen in the current litigation on April 6, 2007. I further understand that this document contains both Amgen confidential information (which is not accessible to me under the protective order) and Roche confidential information. Based on what I understand is the Roche confidential information in the report, I have determined that this Report includes discussion of Roche's internal projections of Mircera's sales price and market share. In particular, Paragraph 295 contains a discussion of Roche internal Mircera sales forecasts, including Roche forecasts of Mircera's market share in individual sales channels. This information is protected from public disclosure, and in fact has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

25.    Roche Exhibit 31 and Roche Exhibit 32 are excerpts from Roche's Mircera pricing model which contain confidential information concerning Roche's pricing strategy for Mircera. These documents contain information about Roche's projected prices and discounting strategies to customers. This information is protected from public disclosure, and in fact has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

26.     Roche Exhibit 34 is an excerpt from a draft document entitled *MIRCERA® Pricing and Contracting Recommendation, November Pricing Deck*, dated November 6, 2006, which contains a chart listing Roche projections of the change in price of Mircera, Epogen and Aranesp over time, and also contains information concerning Roche's assumptions concerning Amgen's competitive response to Mircera's entry. As stated above, Roche's anticipated price for Mircera is a highly sensitive trade secret that would cause severe harm to Roche if released. This information is protected from public disclosure, and in fact has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

27.     Roche Exhibit 84 is an excerpt from the deposition of Chrystopher Kokino in this matter, dated March 15, 2007, which contains confidential information concerning Roche projections of Mircera's prices. In particular, pages 249 and 250 contain confidential information concerning Roche projections of Mircera price and market share and the effect of Amgen's conduct on Mircera price and market share. This information is protected from public disclosure, and in fact has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

28.     I understand that Roche Exhibit 85 is an excerpt from the expert report of Einer Elhauge, Esq. from the current litigation, dated April 6, 2007. I further understand that this document contains both Amgen confidential information (which is not accessible to me under the protective order) and Roche confidential information. Based upon what I understand is the Roche confidential information in the report, I have determined that this document contains confidential information concerning Roche's pricing strategy for

11

Mircera. In particular, paragraphs 43 and 44 contain confidential information concerning Roche projections of Mircera's launch price for specific customer segments. This information is protected from public disclosure, and in fact has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

29.     I understand that Roche Exhibit 30 is an excerpt from the rebuttal expert report of Einer Elhauge, Esq. from the current litigation, dated May 11, 2007. I further understand that this document contains both Amgen confidential information (which is not accessible to me under the protective order) and Roche confidential information. Based upon what I understand is the Roche confidential information in the report, I have determined that this document contains confidential information concerning Roche's pricing strategy for Mircera. In particular, paragraph 82 contains confidential information concerning the anticipated responses of competitors to Mircera's pricing strategies. This information is protected from public disclosure, and in fact has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

30.     Roche Exhibit 214 is an excerpt from a document entitled FPS Variable Cost Report for the Quarter Beginning 01 July 2004 which contains Roche variable cost information regarding market formulation development & supply costs. This information is protected from public disclosure, and in fact has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

31.     Roche Exhibit 215 is an excerpt from a document entitled FPS Variable Cost Report for the Quarter Beginning 01 October 2004 which contains Roche variable

cost information regarding market formulation development & supply costs. This information is protected from public disclosure, and in fact has not been disclosed to the public in any form, and its disclosure would severely harm Roche for the reasons detailed above.

32. Roche deems it necessary to maintain the confidentiality of the information contained in the Exhibits in order to safeguard its trade secrets and competitive business information and to avoid giving a competitive advantage to competitors to competitors or other who might use the information to the detriment of Roche's business.

33. Disclosure of the Exhibits in the public record would destroy the trade secret status of the information contained therein and irreparably harm Roche in the highly competitive pharmaceutical industry. Accordingly, it is of critical importance that the Exhibits, which contain Roche's highly confidential trade secret information, not be disclosed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of June 2007 at Nutley, New Jersey

Sonders Beinfohr

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 28, 2007.

/s/ Keith E. Toms
Keith E. Toms

03099/00501 689525.1