UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**AMGEN INC.,**

    Plaintiff,

v.                                                             CIVIL ACTION No. : 05-CV-12237-WGY

**F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GmbH,
and HOFFMANN-LA ROCHE INC.,**

    Defendants.

---

**NON-PARTY FRESENIUS' MEMORANDUM IN SUPPORT OF ITS ASSENTED-TO MOTION TO RECONSIDER THIS COURT'S JULY 5, 2007 ORDER DENYING NON-PARTY FRESENIUS' MOTION TO SEAL, OR IN THE ALTERNATIVE, TO STAY THE ORDER PENDING APPEAL**

---

Non-Party Fresenius Medical Care Holdings, Inc., d/b/a Fresenius Medical Care North America ("Fresenius"), respectfully requests that the Court reconsider its July 5, 2007 Order denying Docket No. 549, *i.e.*, Non-Party Fresenius' Assented-to Motion for Leave to File Under Seal Documents Containing Non-Party Fresenius' Trade Secrets Which Were Submitted by Amgen in Connection with Amgen's Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims (the "Order").

Fresenius asks the Court to reconsider its decision, give due consideration to Fresenius' rights in the protection of its trade secrets, and grant Fresenius' Motion to Seal. Because the Order makes no reference to Fresenius' trade secrets and fails to address the extraordinary prejudice to Fresenius that would arise as a result of the disclosure of its trade secrets, Fresenius respectfully submits that the Order reflects manifest error and should be reconsidered. To the extent the Court declines to reconsider the Order, Fresenius requests the Court stay the Order pending appeal to preserve the status quo and prevent irreparable harm to Fresenius.

**Statement of Facts**

1. On May 31, 2007 on behalf of non-party Fresenius Medical Care Holdings, Inc., d/b/a Fresenius Medical Care North America ("Fresenius"), Mats Wahlstrom, President of Fresenius Medical Care's Services Division in North America, executed a Declaration (the "Wahlstrom Declaration"). The Wahlstrom Declaration describes certain terms of the 2006 Epogen™ Sourcing & Supply Agreement between Amgen Inc. ("Amgen") and Fresenius, including certain pricing information. The Wahlstrom Declaration was designated, by Fresenius, "CONFIDENTIAL; CONTAINS PROPRIETARY BUSINESS INFORMATION; OUTSIDE ATTORNEY'S EYES ONLY", limiting its exposure to only outside counsel of Amgen and Roche.

2. On June 15, 2007, in support of its Motion for Summary Judgment on Roche's Antitrust and State Law Claims, Amgen submitted for the Court's *in camera* review certain pages of the documents provided by Fresenius (hereafter, the "Fresenius Documents"), including the Wahlstrom Declaration, as exhibits to the Declaration of James M. Fraser (docket # 521). The Wahlstrom Declaration was filed as Exhibit 4 to the Declaration of James M. Fraser.

3. On June 15, 2007, Amgen filed a Motion to Seal Documents Containing Amgen's Trade Secrets and Submitted in Connection with Amgen's Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims by Amgen Inc. (docket # 523). One of the documents that Amgen sought to file under seal was the ***entirety*** of the Wahlstrom Declaration. Amgen also sought to file several other documents under seal as well.

4. On June 26, 2007, Fresenius filed its Assented-To Motion for Leave to File Under Seal Documents Containing Fresenius' Trade Secrets Which Were Submitted by Amgen in Connection with Amgen's Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims (the "Motion") (docket # 549). The Motion sought the redaction of ***only sentences 3 and 4 from Paragraph 8*** of the Wahlstrom Declaration on the basis that these portions of the Declaration contained Fresenius's trade secrets.

5. On July 5, 2007, the Court denied Fresenius' Motion in an electronic order. In denying the motion, the Court referred to its July 3 Order on Amgen's Motion to Seal Documents Containing Amgen's Trade Secrets and Submitted in Connection with Amgen's Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims. The July 3 Order stated only that "The Data Sought To Be Excluded Goes To The Heart of the Issue Whether it is in the Public Interest to Grant An Injunction In This Case. By Seeking An Injunction, Amgen Cannot Litigate Out of the Public View".

## Argument

### I. The Order Should Be Reconsidered

A motion for reconsideration serves a limited function, "to correct manifest errors of law of fact or to present newly discovered evidence." *Reyes Canada v. Hernandez*, 224 F.R.D. 46, 48 (D.P.R. 2004); *Bull HN Information Sys. Inc. v. Hutson*, 184 F.R.D. 19, 22 (D. Mass. 1999). Here, non-party Fresenius respectfully submits that the Order contains a manifest error -- specifically, a failure to weigh and consider the prejudice to Fresenius that would arise from disclosure of Fresenius' trade secrets.

#### A. The Order Did Not Address Fresenius' Trade Secret Interests

In its Order denying Fresenius' Motion, the Court simply referred to its earlier Order, dated July 3, 2007, in which it denied a Motion that was *filed by Amgen*, who is the plaintiff in this case. In that July 3 Order denying Amgen's Motion, the Court simply stated: "The Data Sought To Be Excluded Goes To The Heart of the Issue Whether it is in the Public Interest to Grant An Injunction In This Case. By Seeking An Injunction, Amgen Cannot Litigate Out of the Public View." The Court gave no other reason for its July 5 Order denying Fresenius' separate motion to seal.

Amgen's motion was *far broader* than the motion that was filed by Fresenius. The motion filed by Fresenius only sought to protect *two sentences* of paragraph 8 of the Declaration of Mats Wahlstrom, President of Fresenius Medical Services Division in North America, setting forth specific discount terms that Fresenius had negotiated for its purchases of Epogen from

3

Amgen. The Court's reasoning in denying Amgen's Motion to Seal is not applicable to Fresenius' Motion to Seal. Certainly, the two sentences regarding the *specific amount* of Fresenius' discounts do not "go to the heart of the issue" regarding an injunction in this case. Accordingly, Fresenius respectfully submits that it was error for the Court to apply the same reasoning that it used in denying Amgen's Motion to Seal to also deny Fresenius' far narrower Motion to Seal.

Fresenius has obtained less-redacted versions of the briefing material filed by both Amgen and Roche, which refer to information obtained from Fresenius.[1] Significantly, a review of that briefing material shows that the *specific amount* of Fresenius' discounts is not a factor which is relied on by either Amgen or Roche. Although Amgen refers to the discounts, the only relevant argument made by Amgen is the fact that Fresenius received discounts as part of its Supply Agreement with Amgen.[2] Similarly, Roche does not rely on the extent of the discounts. Instead, the *only* argument that Roche makes is that the discounts are not relevant to its antitrust claim: "First, paying customers for exclusivity does not absolve a monopolist of liability or show efficiencies."[3] Thus, it is clear that the *specific amount* of Fresenius' discounts is not relevant to the issues in this case, and certainly not at "the heart of" any issue. Instead, it is only necessary to disclose the fact that Fresenius received discounts for the public to fully understand the arguments made by both Amgen and Roche. There is no need for the public to also know the *specific amount* of those discounts.

---

[1] That briefing material includes Roche's Memorandum in Opposition to Amgen's Motion for Summary Judgment on Roche's Anti-trust and State Law Counterclaims (pages 5 and 9); Roche's Response to Amgen's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 (pages 20-25, 41, 63-64, and 67); Amgen's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 In Support of Amgen's Motion for summary Judgment on Roche's Antitrust and state Law Counterclaims (page 3) and Amgen's Memorandum of Law in Support of Amgen's Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims (page 4).

[2] Amgen's Memorandum of Law in Support of Amgen's Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims at 3.

[3] Roche's Memorandum in Opposition to Amgen's Motion for Summary Judgment on Roche's Anti-trust and State Law Counterclaims at 9.

Notably absent from the Court's Orders of both July 3 and July 5 is any discussion of Fresenius' interests, and the Order does not reflect the requisite balancing of Fresenius' interests in maintaining confidentiality of its trade secrets and the public's presumptive right to know the contents of court filings.  Courts have held that, under Rule 26, a "trial court is required to balance the burden of proposed discovery against the likely benefit."[4]  *Gill v. Gulfstream Park Racing Ass'n, Inc.*, 399 F.3d 391, 400 (1st Cir. 2005).  A court abuses its discretion when "[1] a relevant factor that should have been given significant weight is not considered, [2] when an irrelevant or improper factor is considered and given significant weight, or [3] when all proper and no improper factors are considered, but the court in weighing those factors commits a clear error of judgment."  *Id*. at 400-01, 403 (emphasis added) (on third party's interlocutory appeal, vacating and remanding district court's refusal to grant protective order where court ruled that it had no need to engage in any balancing of competing interests).

Here, Fresenius' motion was very narrow -- directed to only two sentences -- that represented Fresenius' own trade secret interests.  The Court's Order did not address this issue, and referred only to the fact that since ***Amgen*** was seeking an injunction, it cannot litigate out of the public view.  Fresenius respectfully submits that in connection with the Motion filed by Non-Party Fresenius, the interests that the Court should have considered were not Amgen's, but rather the rights of Fresenius.  Fresenius' vested interests in keeping from its competitors highly sensitive discount information was set forth fully in Fresenius' Motion to Seal and Supporting Memorandum.

By addressing only Amgen's purported interest in obtaining an injunction, the Court's Order did not consider **_significant relevant factors_** as required by *Gill*, and, in fact, appears to

---

[4] Rule 26 is not only applicable to protective orders sought to prevent disclosure of materials during discovery, but to protective orders sought to prevent the public filing of documents previously disclosed.  *See In re Gabapentin Patent Lit.*, 312 F. Supp. 2d 653, 664, 666 (D.N.J. 2004); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 901 (E.D. Pa. 1981).

5

have considered "irrelevant or improper factors." *See id*. at 400. Thus, Fresenius respectfully submits that it is entitled to have the Order reconsidered.

## II. Barring Reconsideration of the Order, Fresenius is Entitled to a Stay Pending Appeal

Because the public disclosure of the two sentences from the Wahlstrom Declaration would irreparably harm Fresenius and divulge its trade secrets to its competitors, non-party Fresenius intends to appeal the Order should this Court not reconsider it. Consequently, as alternative relief, Fresenius asks the Court to stay the Order pending review by the Circuit Court of Appeals.[5]

In determining whether to grant a stay pending appeal, a court should consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Canterbury Liquors & Pantry v. Sullivan*, 999 F. Supp. 144, 149 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Here, consideration of these factors weighs in favor of granting Fresenius' requested stay.

### A. Fresenius has Presented a Substantial Case on the Merits

With regard to the first prong of the *Hilton* test, a moving party need not show an "absolute probability of success" on its claim. *Providence Journal Co. v. Federal Bureau of Investigation*, 595 F.2d 889, 890 (1st Cir. 1979). A movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay. *Canterbury Liquors*, 999 F. Supp. at 149. Here, Fresenius has shown that it has a substantial case in favor of allowing its proprietary and highly sensitive trade secrets to remain out of the view of its competitors.

---

[5] As a third party that does not have control over the documents sought to be disclosed, Fresenius can seek immediate appellate review of the Court's interlocutory order under the collateral order doctrine or the *Perlman* rule. *See Gill*, 399 F.3d at 397-400.

**B.    Fresenius Will Be Irreparably Injured Absent a Stay, and Others Will Only Be Marginally Affected**

In determining whether to grant a stay, courts give paramount consideration to whether the applicant will be irreparably injured by a failure to grant the stay and whether other parties will suffer any harm. *See Canterbury Liquors*, 999 F. Supp. at 150; *Providence Journal*, 595 F.2d at 890. Typically, where a court finds the risk to the movant to be outweighed by the harm to other parties and the public, the stay will be granted.

*Providence Journal* is particularly relevant and instructive here. There, the First Circuit considered a request for a stay pending the appellate review of the district court's order requiring the disclosure of certain government documents to the plaintiff newspaper.[6] In granting the stay, the Court noted that:

> [f]ailure to grant a stay will entirely destroy appellants' rights to secure meaningful review. On the other hand, the granting of a stay will be detrimental to the Journal (and to the public's interest in disclosure) only to the extent that it postpones the moment of disclosure assuming the Journal prevails by whatever period of time may be required for us to hear and decide the appeals. Weighing this latter hardship against the ***total and immediate divestiture of appellants' rights*** to have effective review in this court, we find the balance of hardship to favor the issuance of a stay.

*Providence Journal Co.*, 595 F.2d at 890 (emphasis added).

The circumstances presented here are analogous to those in *Providence Journal* and the result should be the very same. Here, as explained above and in connection with Fresenius' Motion to Seal, the receipt of pricing information by Fresenius' competitors will seriously undermine Fresenius' ability to perform in the highly competitive dialysis services industry. On the other hand, neither Roche nor Amgen has opposed Fresenius' motion to keep the documents under seal. With respect to the public's interest in viewing the documents, the only harm arising from the imposition of a stay would be, as explained in *Providence Journal*, a "postpone[ment] of the moment of disclosure," assuming the Court's Order is affirmed by the appellate court. Given these circumstances, where a denial of the stay request would "utterly destroy the status quo" and irreparably harm Fresenius, the Court should grant the request.

---

[6] Only a temporary stay had been granted by the district court.

**Conclusion**

For the foregoing reasons, Fresenius requests that the Court reconsider the Order and grant Fresenius' Motion to Seal (Docket No. 549).  Alternatively, Fresenius asks that the Court stay enforcement of the Order pending appeal.

Respectfully submitted,

Dated:  July 17, 2007     By:  /s/Mark J. Hebert_____
Mark J. Hebert (BBO No. 546,712)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906
Counsel for Non-Party Fresenius
Medical Care Holdings, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Mark J. Hebert_____
Mark J. Hebert

21688800.doc