UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**AMGEN INC.,**

    **Plaintiff,**

v.                                                    CIVIL ACTION No. : 05-CV-12237-WGY

**F. HOFFMANN-LA ROCHE LTD.,**
**ROCHE DIAGNOSTICS GmbH, and**
**HOFFMANN-LA ROCHE INC.,**

    **Defendants.**

---

**DECLARATION OF DENNIS KOGOD IN SUPPORT OF NON-PARTY
DAVITA'S SECOND ASSENTED-TO MOTION FOR LEAVE TO FILE UNDER SEAL
DOCUMENTS CONTAINING NON-PARTY DAVITA'S TRADE SECRETS THAT
WERE SUBMITTED BY ROCHE**

---

    I, Dennis Kogod, hereby declare as follows:

    1.    I am the Group President for the Western Operating Group for DaVita Inc. ("DaVita"). I have held this position since approximately October 2005.

    2.    I make this declaration based upon my personal knowledge.

    3.    My duties include, but are not limited to, negotiating pharmaceutical purchase contracts with Amgen USA Inc. ("Amgen"), and analyzing the financial aspects of such purchase contracts. I am a member of the team that negotiates with Amgen regarding the purchase of Epogen™ for use by patients receiving dialysis services from DaVita. Discussions between Amgen and DaVita related to executing a new Epogen™ supply agreement have taken place intermittently since August 2006.

    4.    I am submitting this declaration in support of DaVita's Second Assented-To Motion to File Under Seal Documents Containing Non-Party DaVita's Trade Secrets That Were

Submitted by Roche in connection with Roche's Opposition to Amgen's Motion to Exclude the Expert Testimony of Dr. Lauren J. Stiroh.  Certain of the deposition testimony submitted by Roche in support of its Opposition to Amgen's Motion for to Exclude constitute DaVita's confidential and trade secret information, and for that reason, DaVita seeks to keep this information under seal.

5. Specifically, the information contained in lines 7-10 of page 17 of my April 2, 2007, deposition testimony (the "Kogod Testimony"), submitted by Roche in support of its Opposition, constitutes DaVita's trade secret.

6. The information contained on page 17 of the Kogod Testimony reveals significant rebate terms contained in DaVita's current contract with Amgen for the purchase of Epogen™.

7. At my deposition on April 2, 2007, my counsel designated my testimony as "Highly Confidential."  Under the terms of the protective order in effect in this case, designating the testimony as such limited its disclosure to the outside counsel involved in this case.  I gave my deposition testimony in reliance on that designation and in reliance on DaVita's rights, pursuant to the protective order, to move to keep my testimony under seal, to the extent that such testimony revealed DaVita's trade secrets.

8. The information in the Kogod Testimony is maintained by DaVita in strict confidence as a trade secret in the highly competitive dialysis services industry in the United States.  This trade secret information is basic to DaVita's ability to compete and succeed in its business and gives it an advantage in the marketplace.

9. Information relating to DaVita's contractual arrangements with Amgen regarding Epogen™ is highly sensitive and is a significant aspect of DaVita's business as a supplier of dialysis services.  Should a competitor become privy to information regarding this information,

that competitor could use this information to its advantage, and inherently to DaVita's disadvantage, in the competitor's negotiations with Amgen. In other words, the disclosure of this information would destroy the trade secret status of this sensitive information, and irreparably harm DaVita in the highly competitive dialysis services industry.

10. DaVita has maintained the secrecy of these terms. The Epogen™ discount terms are the subject of a confidentiality clause in the current Epogen™ supply agreement and are redacted from public filings.

11. In the highly competitive dialysis services industry, it is common practice for DaVita to maintain the confidentiality of trade secrets and proprietary information, such as the information contained in the Kogod Testimony.

12. DaVita would be severely disadvantaged and harmed by the disclosure of the above-referenced highly confidential, trade secret information in the public record where it would be available to all without restriction or limitation, including DaVita's competitors.

I declare, on July __, 2007, under penalty of perjury, that the foregoing is true and correct.

/s/ Dennis Kogod
DENNIS KOGOD

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

                                                /s/ Peter L. Mello
                                                PETER L. MELLO