# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 05-12237 WGY |
| v. | ) |
| | ) |
| F. HOFFMANN-LA ROCHE LTD., | ) |
| ROCHE DIAGNOSTICS GmbH, | ) |
| HOFFMANN-LA ROCHE INC., | ) |
| | ) |
| Defendants. | ) |

**AMGEN INC.'S RESPONSE TO ROCHE'S MOTION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS SUBMITTED IN CONNECTION WITH THE PENDLETON AND GALVIN DECLARATIONS**

Dockets.Justia.com

## I. AMGEN DOES NOT OPPOSE ROCHE'S MOTION TO FILE PORTIONS OF THE DOCUMENTS UNDER SEAL

Amgen does not oppose Roche's Motion to file portions of Pendleton Exhibits 36 and 48[1] and Galvin Exhibit 1[2] under seal.[3] Permitting Roche to file Pendleton Exhibits 36 and 48 under seal will protect certain details regarding the cell-culture media compositions and cell culture conditions that Roche uses to make the EPO in its peg-EPO product without prejudicing this Court's ability to consider the unredacted documents in ruling on the pending motions for summary judgment.

While Amgen does not oppose Roche's motion to file portions of Exhibits 36 and 48 under seal, Amgen does dispute an assertion in Roche's moving papers.[4] In both its Memorandum and in the supporting Batcha Declaration, Roche states that "many of the ingredients in Roche's media are not commonly found in other cell growth media."[5] Roche's

---

[1] Exhibits 36 and 48 are attached to the Declaration of Cullen N. Pendleton in Support of Amgen's Opposition to Roche's Motion for Summary Judgment that Claim 7 of the '349 Patent is Invalid under 35 U.S.C. § 112 and is not Infringed (Docket No. 634).

[2] Attached to the Declaration of Robert M. Galvin in Support of Amgen Inc.'s Reply in Support of its Motion for Summary Judgment of Infringement of '422 Claim 1, '933 Claim 3, and '698 Claim 6 (Docket No. 665). In its Order of July 17, 2007, this Court already granted Roche's request to file Galvin Exhibit 1 under seal.

[3] Amgen's agreement that Roche should be permitted to file these documents under seal for purposes of the Court's consideration of the pending summary judgment motions should not be considered to limit Amgen's right to offer and rely upon these documents in open court at trial.

[4] Amgen and Roche conferred regarding whether Roche would submit a corrected memo to narrow issues in dispute. While Roche has agreed to consider whether it should withdraw the statement at issue, due to the unavailability of Ms. Batcha, Roche could not make such a determination before to the deadline set under the parties' protective order for Amgen to file its response to Roche's instant motion.

[5] Memorandum in Support of Roche's Motion for Leave to File under Seal Documents Containing Defendants' Trade Secrets Submitted in Connection with the Pendleton and Galvin Declarations (Docket No. 728) at 3 and Declaration of Susan Batcha in Support of Roche's Motion for Leave to File under Seal Documents Containing Defendants' Trade Secrets Submitted in Connection with the Pendleton and Galvin Declarations (Docket No. 729) at ¶ 7.

statements are incorrect because the overwhelming majority of the ingredients in Roche's cell-culture medium are found in standard media, including DMEM/F12 on which Roche's medium is based. In fact Roche's cell culture media contains only 5 components (out of a total of 56 components) that are not also found in the standard DMEM/F12 medium.[6]

## II. AMGEN OPPOSES ROCHE'S ALTERNATIVE PROPOSAL TO FILE REDACTED VERSIONS OF THE DOCUMENTS

Should this Court nevertheless deny Roche's motion to file these documents under seal, however, Amgen opposes Roche's alternative proposal to substitute selectively redacted versions of these documents for the documents originally submitted and relied upon by Amgen. Much of the information that Roche proposes to redact from Exhibits 36 and 48 is directly relevant to rebutting arguments and disputed facts that Roche and its experts have injected into this case regarding Amgen's infringement evidence.[7]

Roche cannot be allowed to argue that it does not infringe Claim 7 of the '349 patent based on alleged differences between its own cell-culture medium and that used by Amgen's expert, Dr. Kolodner, and at the same time argue that the details of its cell culture conditions and media are unnecessary for the Court's consideration of Roche's own motion for summary judgment of non-infringement. Roche put its own cell culture process and media at issue by moving for summary judgment of non-infringement based on alleged differences. Amgen is entitled to point to evidence rebutting these alleged differences. Having put this issue squarely

---

[6] *See* Exh. 49 (at ¶¶ 12-13) and Exh. 50 (at p. 2) to the Declaration of Cullen N. Pendleton in Support of Amgen's Opposition to Roche's Motion for Summary Judgment that Claim 7 of the '349 Patent is Invalid under 35 U.S.C. § 112 and is not Infringed (Docket No. 634).

[7] *See*, *e.g.*, Roche's Motion For Summary Judgment That Claim 7 Of The '349 Patent Is Invalid Under 35 U.S.C. 112 And Is Not Infringed (Docket No. 540), at 19-20; Roche's Reply To Amgen's Opposition To Roche's Motion for Summary Judgment That Claim 7 Of The '349 Patent Is Invalid Under 35 U.S.C. 112 And Is Not Infringed (Docket No. 695), at 14-16.

in dispute, Roche should not be permitted to excise or eliminate the very information that underlies this dispute from the Court's review of Exhibits 36 and 48.

### III. CONCLUSION

Because Exhibits 36 and 48 to the Pendleton Declaration are relevant to and necessary for the Court's consideration of Amgen's Opposition to Roche's motion for summary judgment of non-infringement, Amgen does not oppose Roche's motion to file portions of Exhibits 36 and 48 under seal, but does oppose any effort by Roche to excise or replace portions of these two exhibits.

Respectfully Submitted,
AMGEN INC.,
By its attorneys,


___/s/ *Patricia R. Rich*_____

| | |
|---|---|
| Of Counsel: | D. DENNIS ALLEGRETTI (BBO#545511) |
| | MICHAEL R. GOTTFRIED (BBO#542156) |
| STUART L. WATT | PATRICIA R. RICH (BBO#640578) |
| WENDY A. WHITEFORD | DUANE MORRIS LLP |
| MONIQUE L. CORDRAY | 470 Atlantic Avenue, Suite 500 |
| DARRELL G. DOTSON | Boston, MA  02210 |
| KIMBERLIN L. MORLEY | Telephone:    (857) 488-4200 |
| ERICA S. OLSON | Facsimile:     (857) 488-4201 |
| AMGEN INC. | |
| One Amgen Center Drive | LLOYD R. DAY, JR. (*pro hac vice*) |
| Thousand Oaks, CA   91320-1789 | DAY CASEBEER |
| (805) 447-5000 | MADRID & BATCHELDER LLP |
| | 20300 Stevens Creek Boulevard, Suite 400 |
| | Cupertino, CA  95014 |
| | Telephone:    (408) 873-0110 |
| | Facsimile:     (408) 873-0220 |

WILLIAM GAEDE III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:    (650) 813-5000
Facsimile:     (650) 813-5100

KEVIN M. FLOWERS (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:    (312) 474-6300
Facsimile:     (312) 474-0448

July 18, 2007

737577_1                                              4

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                                                */s/ Patricia R. Rich*
                                                 Patricia R. Rich