# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>F. HOFFMANN-LAROCHE )<br>LTD., a Swiss Company, ROCHE )<br>DIAGNOSTICS GmbH, a German )<br>Company and HOFFMANN LAROCHE )<br>INC., a New Jersey Corporation, )<br>)<br>Defendants. )<br>_____) | **C.A. No.: 05-12237 WGY** |

## MOTION FOR ADMISSION PRO HAC VICE

Plaintiff Amgen Inc. respectfully requests, under LR 83.5.3(b), that this Court admit *pro hac vice* Raphael V. Lupo, of the law firm McDermott Will & Emery. In support of this motion, Amgen submits the Certificate of Mr. Lupo. In further support of this motion, Amgen submits herewith the declaration of Raphael V. Lupo and states as follows:

1.  Pursuant to L.R. 7.1 and in connection with filing this motion, counsel for Amgen contacted counsel for Roche to inquire if Roche would assent to Mr. Lupo's *pro hac vice* admission request. Roche's counsel indicated that Roche objected to Mr. Lupo's admission. Specifically, Roche indicated that it believed that the ethical screen agreed to between Roche and McDermott Will & Emery in certain waiver letters dated December 22, 2004 was a geographical screen between McDermott Will & Emery's Washington, D.C. office and its Silicon Valley office, and that because Mr. Lupo resided in McDermott Will & Emery's Washington D.C. office he was precluded from working for Amgen on this matter. Roche's position fails, however, because it ignores the clear language of the waiver letter, which is confirmed by the

fact that Roche did not object to the admission of four other lawyers from McDermott Will & Emery's Washington office.

2. As set forth in the declaration of Raphael V. Lupo, filed herewith and provided to Roche in advance of the filing of this Motion, Mr. Lupo understands and has and will abide by "ethical wall between those attorneys providing tax, regulatory, employment or other advice to Roche . . . ."  See Lupo Dec. at ¶ 4.

3. As with any such ethical wall, the intended purpose of the wall, as expressly stated in the waiver letters, is to screen the attorneys that have access to Roche information from the work they perform for Roche from the attorneys that do no have access to such information, and, this is exactly what the ethical wall has been and will continue to be even with the admission of Mr. Lupo.  While at the time the waiver letters were executed a geographical separation existed, as the McDermott Will & Emery attorneys representing Amgen were located in the Silicon Valley office and the attorneys representing Roche were located in the Washington D.C. office, such a geographical separation was not intended nor necessary, again as confirmed by Roche's failure to object to the admission of four other lawyers from McDermott Will & Emery's Washington, D. C. office.

4. Indeed, Mr. Lupo has never had access to any confidential information of Roche in connection with the firm's representation of Roche.  Id. at 5.  He has not performed work for Roche, nor does he perform legal duties with respect to tax, regulatory or employment practices of the firm.  Id.

Based on the foregoing, and in light of Mr. Lupo's declaration submitted herewith, Roche's objection to the admission *pro hac vice* of Mr. Lupo in this matter is without merit. Accordingly, this Court should grant Mr. Lupo's request for admission *pro hac vice*.

Dated: July 24, 2007                                        Respectfully Submitted,

                                                AMGEN INC.,
                                                By its attorneys,

Of Counsel:                                                 */s/ Michael R. Gottfried*

Stuart L. Watt                                              D. Dennis Allegretti (BBO#545511)
Wendy A. Whiteford                                          Michael R. Gottfried (BBO# 542156)
Monique L. Cordray                                          Patricia R. Rich (BBO# 640578)
Darrell G. Dotson                                           DUANE MORRIS LLP
Kimberlin L. Morley                                         470 Atlantic Avenue, Suite 500
Erica S. Olson                                              Boston, MA 02210
AMGEN INC.                                                  Telephone: (857) 488-4200
One Amgen Center Drive                                      Facsimile: (857) 488-4201
Thousand Oaks, CA 91320-1789
(805) 447-5000                                              Lloyd R. Day, Jr. (*pro hac vice*)
                                                  DAY CASEBEER, MADRID &
                                                  BATCHELDER LLP
                                                  20300 Stevens Creek Boulevard, Suite 400
                                                  Cupertino, CA 95014
                                                  Telephone: (408) 873-0110
                                                  Facsimile: (408) 873-0220

                                                  William G. Gaede, III (*pro hac vice*)
                                                  McDERMOTT WILL & EMERY
                                                  3150 Porter Drive
                                                  Palo Alto, CA 94304
                                                  Telephone: (650) 813-5000
                                                  Facsimile: (650) 813-5100

                                                  Kevin M. Flowers (*pro hac vice*)
                                                  MARSHALL, GERSTEIN & BORUN LLP
                                                  233 South Wacker Drive
                                                  6300 Sears Tower
                                                   Chicago, IL 60606
                                                  Telephone: (312) 474-6300
                                                  Facsimile: (312) 474-0448

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the plaintiff attempted to confer with counsel for the defendants, F. Hoffman-LaRoche Ltd., Hoffman LaRoche Inc. and Roche Diagnostics GmbH, in an effort to resolve or narrow the issues presented by this motion but were unsuccessful in their attempt.

*/s/ Michael R. Gottfried*
Michael R. Gottfried

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Michael R. Gottfried*
Michael R. Gottfried