# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: 05 Civ. 12237 WGY |
| ) | |
| F. HOFFMANN-LA ROCHE LTD, ROCHE ) | |
| DIAGNOSTICS GmbH, and HOFFMANN- ) | |
| LA ROCHE INC., ) | |
| Defendants. ) | |
| ) | |
| ) | |

## DEFENDANTS' OPPOSITION DUE TO ETHICAL WALL TO PLAINTIFF'S MOTION FOR PRO HAC VICE OF RAPHAEL V. LUPO, ESQ.

Defendants (collectively "Roche") respectfully oppose the motion by Amgen, Inc. ("Amgen") for *pro hac vice* of Raphael V. Lupo, Esq. of McDermott Will & Emery LLP (the "McDermott firm"). Roche has not previously opposed any of the scores of applications for *pro hac vice* of Amgen's attorneys, and has extended every courtesy in these proceedings concerning such applications. In this instance, there are somewhat unique circumstances due to an ethical wall and a prior challenge of a conflict.

In litigation between the parties before the International Trade Commission ("ITC"), Amgen alleged infringement against Roche of the same patents-in-suit at issue in this case. During that ITC investigation, Roche raised with Amgen the conflict of interest between Amgen's counsel of record, McDermott Will & Emery LLP (the "McDermott firm") and Roche. In particular, Roche advised Amgen that the McDermott firm undertook certain corporate and tax matters for Roche, and that some of these

1

transactions could fall within the scope of discoverable subject matter in that ITC investigation, and thus constitute a substantially related matter (Ex. A at 9)[1].

Rather than attempting to resolve this matter, on June 8, 2006, Amgen preemptively filed a motion to declare no conflict of interest. *Id.* Roche opposed on June 16, 2006 and cross-moved to disqualify the McDermott firm. *Id.* In opposing Roche's cross-motion, Mr. Lupo, a partner in the McDermott firm's Washington, D.C. office, submitted a declaration stating that (1) his only involvement with the ITC investigation would be for the "limited purpose of responding to the disqualification issue raised by Roche"; (2) that he did not have access to Roche confidential information and that he would only review "confidential information submitted in connection with and required...to respond to Roche's cross-motion to disqualify"; and (3) that he would "observe the ethical wall governing the firm's representation of Amgen and Roche." (Ex. C).

That ethical and geographical wall was necessary since Amgen's patent lawyers were seeking, as evidence against Roche in the patent infringement case, the very documents created by the McDermott firm for its client Roche. As part of that ethical wall, Amgen submitted in its motion to declare no conflict that:

> The work for Amgen on the ITC investigation and the work for Roche on tax and other matters <u>has been segregated in different offices</u>. The <u>legal for Amgen in this Investigation has been performed out of McDermott's Silicon Valley Office's Intellectual Property Department</u>, and the tax work in question has been performed out of other offices, primarily out of McDermott's Washington, D.C. Tax Department [internal citations omitted]. McDermott erected an ethical wall, and the McDermott lawyers in the Silicon Valley Office have not had any communications

---

[1] The parties' briefs on this issue, which were filed in the ITC, are attached hereto as Exhibits A and B, respectively.

2

> with the McDermott lawyers working on Roche matters on any issue relating to the representation in this particular case for Amgen on the subject of the differing representations [internal citations omitted]. Such efforts are sufficient to ensure that a duty of confidentiality is preserved. *See Visa*, 241 F. Supp.2d at 1110.

(Ex. C at 16) (emphasis added). Thus, Amgen specifically relied upon the geographical distance between its Silicon Valley and Washington, D.C. offices relating to the Roche patent matters as part of the ethical wall ensuring that the duty of confidentiality afforded to Roche was not breached.

Before this issue could be resolved by the ITC, on August 31, 2006, the Administrative Law Judge ("ALJ") issued his Initial Determination to terminate the investigation in favor of Roche. On September 6, 2006, the ITC rejected Amgen's appeal and decided not to review the ALJ decision and terminated the investigation (Ex. D).

On October 20, 2006, the Court denied Roche's motion to dismiss the Complaint (DI 121) and set this case for trial. At that time, the ethical wall relating to the Roche patent matters remained in place between McDermott's Silicon Valley and Washington, D.C. offices.

Now, with the case just a little more than one month from trial, the McDermott firm seeks to change its agreement and re-configure its ethical wall. Again, the Amgen patent lawyers appear to seek, as evidence in the patent case, the very documents created for Roche by the McDermott firm. Had Roche understood that patent lawyers from the McDermott firm's DC office would appear and participate in the patent case, then Roche would probably have moved to disqualify the McDermott firm. This case is ready to go to a jury trial now.

3

Amgen's current motion to *pro hac vice* Mr. Lupo into this case changes the landscape. The problem arises due to both the McDermott firm's representation of Roche, and Mr. Lupo's declaration, since this would jeopardize the duty and protections of confidentiality relied on by Roche. As a result, Roche respectfully opposes Amgen's motion for *pro hac vice* of Raphael V. Lupo, Esq..

Dated: July 24, 2007
Boston, Massachusetts

    Respectfully submitted,

    F. HOFFMANN-LA ROCHE, LTD,
    ROCHE DIAGNOSTICS GMBH, and
    HOFFMANN-LA ROCHE INC.

    By their attorneys,

    Thomas F. Fleming /s/

    Leora Ben-Ami (*pro hac vice*)
    Patricia A. Carson (*pro hac vice*)
    Thomas F. Fleming (*pro hac vice*)
    Howard S. Suh (*pro hac vice*)
    KAYE SCHOLER LLP
    425 Park Avenue
    New York, NY 10022
    Tel: (212) 836-8000

    Lee Carl Bromberg (BBO# 058480)
    Timothy M. Murphy (BBO# 551926)
    Julia Huston (BBO# 562160)
    Keith E. Toms (BBO# 663369)
    Nicole A. Rizzo (BBO# 663853)
    BROMBERG & SUNSTEIN LLP
    125 Summer Street
    Boston, MA 02110
    Tel: (617) 443-9292
    nrizzo@bromsun.com

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                                              /s/ Thomas F. Fleming
                                              Thomas F. Fleming