its three law firms can provide. For example, in the Boston district court litigation, Amgen has already retained the Day Casebeer firm, Duane Morris LLP, and the Marshall law firm. In contrast, Roche will suffer real prejudice from the negative effect on its ability to freely and openly consult McDermott lawyers from whom it has been receiving important advice for years.[8]

Roche promptly notified Amgen that it objected to McDermott's appearance immediately after being informed of it. Roche diligently investigated the issues surrounding the relationship between the two representations and sought to meet and confer with Amgen about the dispute. Furthermore, the fact, much relied on by Amgen, that Roche has not raised McDermott's disqualification in the Boston federal case is not significant. In the Boston action, issue was never joined because instead of filing an answer to the Complaint, Roche filed pre-answer motions to dismiss for failure to state a claim and lack of subject matter jurisdiction. These motions are still pending. Therefore, there has been no pre-trial conference and discovery in that case, in which the only cause of action is for declaratory judgment that if CERA is approved and sold, it will infringe Amgen's patents. Additionally, Roche's counsel in the Boston action has informed Amgen's counsel that a conflict may arise in that action should Amgen change its claims to mirror those in this investigation. (Ben-Ami Decl. ¶ 10.)

In contrast, the ITC Investigation allows discovery requests to commence upon the publication of the Notice of Investigation. Roche has answered the Complaint in this ITC. As a result, the parties have conducted large-scale discovery over the past several weeks. And, as demonstrated by its discovery requests within the ITC, Amgen has deemed relevant to that issue

---

[8] As the substantial relationship between this matter and McDermott's representation of Roche shows, this motion is not submitted for tactical purposes. Indeed, it is Amgen that is engaged in tactical maneuvers on this issue. While Roche was investigating the facts surrounding McDermott's conflict, including awaiting critical information from McDermott about its negotiations with Mr. Gaede, Amgen peremptorily filed this declaratory motion.

20

all facts and circumstances regarding the manner in which different Roche entities transfer pharmaceuticals among themselves. Because Roche quickly moved to dismiss the federal proceeding, and there was no scheduling conference or discovery, McDermott's appearance there did not raise the same concerns as here about the relationship between the matters in which it represents Roche and Amgen. Now that McDermott has appeared here and has focused on matters as to which it represents Roche, its disqualification is required in order to prevent prejudice to Roche, without any significant harm to Amgen.

## IV.   CONCLUSION

Based on the foregoing, Roche respectfully requests that the ITC (1) deny Amgen's motion to declare no conflict of interest; and (2) grant Roche's cross-motion to disqualify McDermott.

Dated: June 16, 2006

Respectfully submitted,

V. James Adduci, II
Maureen F. Browne
Sarah E. Hamblin
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

Kent R. Stevens
MORGAN & FINNEGAN, LLP
1775 Eye Street, N.W., Suite 400
Washington, DC 20006
Telephone: (202) 857-7887
Facsimile: (202) 857-7929

Bartholomew Verdirame
Michael P. Dougherty
Tony V. Pezzano
John C. Vassil
MORGAN & FINNEGAN, LLP
3 World Financial Center

New York, New York 10281
Telephone: (212) 415-8700
Facsimile: (212) 415-8701

Leora Ben-Ami
Patricia A. Carson
Thomas F. Fleming
Howard S. Suh
Peter Fratangelo
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

*Counsel for Roche Holding Ltd., F. Hoffmann-La Roche, Ltd., Roche Diagnostics GmbH and Hoffmann La Roche, Inc.*

RO701106