# EXHIBIT A

MPK 130016-1.041925.0023

DM1\1163808.1

Dockets.Justia.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMGEN INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>F. HOFFMANN-LAROCHE )<br>LTD., a Swiss Company, ROCHE )<br>DIAGNOSTICS GmbH, a German )<br>Company and HOFFMANN LAROCHE )<br>INC., a New Jersey Corporation, )<br>)<br>Defendants. )<br>_____) | **C.A. No.: 05-12237 WGY** |

**[PROPOSED] REPLY IN SUPPORT OF MOTION FOR ADMISSION *PRO HAC VICE***

Defendants' Opposition represents nothing more than an attempt to hinder Plaintiff's choice of counsel and deprive it of a renowned attorney. Defendants' Opposition ignores the plain language of the waiver letter between Roche and McDermott that stated that a geographical separation of attorneys would be maintained where "practicable," not for all purposes. Indeed, Defendants have already agreed to the *pro hac vice* admission of four attorneys from McDermott's Washington, D.C. office in this matter, where Mr. Lupo is based. Roche's objection should be overruled on several grounds.

First, Roche ignores the plain language of its waiver letter with the McDermott firm. This letter, executed in December 2004, states that an ethical wall will be put in place; it did not require that a strict geographical division be maintained:

> ***More specifically, by this letter we seek your waiver of conflicts*** arising from our engagement ***on behalf of Amgen*** in matters ***that are or might be adverse to Hoffmann-La Roche including litigation, and including matters that actually or arguably are substantially related to the subject matter of services that we provided to you*** or

> are providing to you, providing that we establish and maintain an ethical wall between those attorneys providing tax, regulatory, employment or other advice to Hoffmann-La Roche and those attorneys engaged by Amgen to provide any services which are or may be adverse to Hoffmann-La Roche.[1]

The waiver letter requires that there be an ethical wall, and that the wall be maintained. Mr. Lupo's declaration shows that he is aware of the wall and that it has been maintained. Indeed, Mr. Lupo's declaration makes clear that Roche has no legitimate concern and therefore, its objection must be seen for what it is -- a tactical move.

Second, as to geographic separation, the waiver letter further provides that "wherever *practicable*, [McDermott] will seek to staff the adverse engagements from offices different from those engaged to provide services on behalf of Hoffmann-La Roche." Thus, a strict geographical separation of McDermott attorneys' is not required.

Third, Roche has already acknowledged that it is proper for McDermott attorneys from its Washington, D.C. office to be before this Court, as four *pro hac vice* applications have been unopposed, stretching back to January 2007. *See* Docket Nos. 216, 217, 432 and 431. Roche's motion does not dispute that it acceded to four attorneys from McDermott's Washington, D.C. office being admitted *pro hac vice* in this matter. Its earlier failure to object underscores the lack of merit to Roche's objection to a fifth attorney from Washington, D.C., namely, Mr. Lupo, from being admitted, as somehow now putting in peril the ethical wall. Indeed, it is meritless to suggest that Mr. Lupo, a renowned and honored attorney who has argued over 200 appeals before the Federal Circuit, will do nothing less than zealously maintain the ethical wall.

Fourth, Mr. Lupo in 2006 stated in his declaration before the ITC[2] that:

---

[1] *See* Defendant's Opposition Due to Ethical Wall to Plaintiff's Motion for Pro Hac Vice of Raphael V. Lupo, Exhibit B at page 5 [771].

[2] Roche's argument that Amgen did not attempt to resolve the matter before bringing the issue before the ITC is incorrect. Rather, counsel at McDermott had numerous conversations with

>I have had no substantive involvement in this Investigation, which is staffed out of the firm's Silicon Valley office. I have been asked to participate in this litigation of [sic] the limited purpose of responding to the disqualification issue raised by Roche. Prior to my execution of the Protective Order's confidentiality undertaking, I have had no access to Roche confidential information and will review only that confidential information submitted in connection with and required for me to respond to Roche's cross-motion to disqualify. I understand and will observe the ethical wall governing the firm's representation of Amgen and Roche.[3]

Defendants have not shown how they could have relied upon this limited representation to infer that Mr. Lupo for all purposes was representing that he would not be involved in this District Court proceeding, pending since November 2005. The alleged reliance is simply attorney argument, and, in any event, is unreasonable given the plain language of Mr. Lupo's limited declaration.

Fifth, this matter has been pending since November 2005. McDermott has been of record since that time, and beginning in January 2007, McDermott attorneys from Washington, D.C. have been admitted *pro hac vice* and have been communicating with Roche attorneys. At no time until the eve of trial has Roche raised any objection. The contention that McDermott is seeking to reconfigure its ethical wall is wrong and is belied by the very waiver language that Roche's opposition steadfastly ignores.

Based on the foregoing, and in light of Mr. Lupo's declaration submitted acknowledging to being bound by the ethical wall, Roche's objection to the admission *pro hac vice* of Mr. Lupo in this matter is without merit. Accordingly, this Court should grant Mr. Lupo's request for admission *pro hac vice*.

---

Roche's counsel, including having Bill Schuman, the Head of McDermott's Professional Responsibility group, speak with Roche's counsel to try to resolve the issue without bringing the matter before the ITC. *See* Defendant's Opposition Due to Ethical Wall to Plaintiff's Motion for Pro Hac Vice of Raphael V. Lupo, Exhibit B at page 8-11 [771].

[3] *See* Defendant's Opposition Due to Ethical Wall to Plaintiff's Motion for Pro Hac Vice of

Dated: July 25, 2007                                Respectfully Submitted,

                                                 AMGEN INC.,
                                                 By its attorneys,

Of Counsel:                                         */s/ Patricia R. Rich*
                                                D. Dennis Allegretti (BBO#545511)
Stuart L. Watt                                      Michael R. Gottfried (BBO# 542156)
Wendy A. Whiteford                                  Patricia R. Rich (BBO# 640578)
Monique L. Cordray                                  DUANE MORRIS LLP
Darrell G. Dotson                                   470 Atlantic Avenue, Suite 500
Kimberlin L. Morley                                 Boston, MA 02210
Erica S. Olson                                      Telephone: (857) 488-4200
AMGEN INC.                                          Facsimile: (857) 488-4201
One Amgen Center Drive
Thousand Oaks, CA 91320-1789                        Lloyd R. Day, Jr. (*pro hac vice*)
(805) 447-5000                                      DAY CASEBEER, MADRID &
                                                 BATCHELDER LLP
                                                 20300 Stevens Creek Boulevard, Suite 400
                                                 Cupertino, CA 95014
                                                 Telephone: (408) 873-0110
                                                 Facsimile: (408) 873-0220

                                                 William G. Gaede, III (*pro hac vice*)
                                                 McDERMOTT WILL & EMERY
                                                 3150 Porter Drive
                                                 Palo Alto, CA 94304
                                                 Telephone: (650) 813-5000
                                                 Facsimile: (650) 813-5100

                                                 Kevin M. Flowers (*pro hac vice*)
                                                 MARSHALL, GERSTEIN & BORUN LLP
                                                 233 South Wacker Drive
                                                 6300 Sears Tower
                                                 Chicago, IL 60606
                                                 Telephone: (312) 474-6300
                                                 Facsimile: (312) 474-0448

---

Raphael V. Lupo, Exhibit C at page 2 [771].

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants.

                                              */s/ Patricia R. Rich*
                                              Patricia R. Rich