UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**AMGEN, INC.,**

       **Plaintiff,**

v.                                                        CIVIL ACTION No.:  05-CV-12237-WGY

**F. HOFFMAN-LA ROCHE LTD.,
ROCHE DIAGNOSTICS GmbH,
and HOFFMAN-LA ROCHE INC.,**

       **Defendants.**

---

### DECLARATION OF MARK J. HEBERT

---

I, Mark J. Hebert, hereby declare as follows:

1. I am an attorney admitted to the bar of this court, and to the Supreme Judicial Court of the Commonwealth of Massachusetts. I am a member of the firm of Fish & Richardson P.C. My office address is 225 Franklin Street, Boston, MA 02110.

2. I am an attorney of record representing non-party Fresenius Medical Care Holdings, Inc., d/b/a Fresenius Medical Care North America ("Fresenius") in connection with this action.

3. Attached hereto as Exhibit A is a true and correct copy of a letter I sent to Julian Brew, of Kaye Scholer, counsel for Roche, on March 6, 2007. I sent a similar letter to counsel for Amgen. These letters were sent in connection with document subpoenas that had been served on Fresenius by both Roche and Amgen. In the letter, as a condition of producing the requested documents, I was seeking assurances regarding the confidentiality of Fresenius' documents. In particular, I was seeking Roche's agreement to treat documents which included Fresenius' pricing information as "Highly Confidential," and to treat them with a higher level of confidentiality than that required by the Protective Order that has been entered in this action. I

dockets.Justia.com

also sought Roche's assurance to provide advance notice prior to filing any Fresenius confidential information with the Court.

4. Attached hereto as Exhibit B is a true and correct copy of a letter I received from Roche's counsel Mr. Brew on March 6, 2007. In that letter, Roche agreed to the terms set forth in Exhibit A. I also received a similar letter from Amgen agreeing to the same terms.

5. On Tuesday, July 24, 2007, I had a conversation with Amgen's attorney Dan Curto of McDermott, Will & Emery. During that conversation, Mr. Curto advised me that on July 16, 2007 Roche filed two documents that appeared to include Fresenius' trade secret information. Although the documents contain Fresenius' trade secrets and confidential information, Roche had not given Fresenius prior notice of the filing of this material. The particular documents at issue are Exhibits 257 and 259 to the Supplemental Declaration of David L. Cousineau in Further Support of Roche's Opposition to Amgen's Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims (docket no. 745). That declaration does not identify the exhibits except by the production numbers that were placed on the documents by Amgen.

6. On July 25, 2007 I received partially-redacted copies of Roche Exhibits 257 and 259. I was advised that the only information that was redacted consisted of annotations that had been added by Amgen. This was the first time that either I or Fresenius were able to review Roche Exhibits 257 and 259 for the purpose of determining their trade secret status.

7. Based on that review, I understand that Roche Exhibits 257 and 259 are related to Fresenius' negotiations with Amgen for an agreement for the supply of Epogen. During negotiations with Amgen, Fresenius sent these documents to Amgen, attached to cover letters which clearly reflected that the documents were sent by Fresenius. I am advised that Amgen added its own annotations, and subsequently produced these documents, including the cover letters from Fresenius, to Roche in the course of this lawsuit, bearing Amgen production numbers. I understand that the versions of the documents which bear Amgen's annotations are Roche Exhibits 257 and 259.

8.  Fresenius also produced versions of these documents (without the Amgen annotations) to Roche. I understand that all of that document production was completed in March 2007. Fresenius produced these documents marked with the legend: "Contains FMCNA Highly Confidential Information -- Outside Counsel's Eyes Only." For example, a document produced by Fresenius bearing production nos. FMCNA 002475-76 corresponds to Roche Exhibit 257, and a document produced by Fresenius bearing production nos. FMCNA 002594-95 corresponds to Roche Exhibit 259. Moreover, I understand that except for the annotations that were added by Amgen, Roche Exhibit 259 is the same document as Exhibit 4 to the deposition of Fresenius' employee Robert McGorty, which was taken by Roche's counsel David Cousineau of Kaye Scholer on March 30, 2007.

9.  In view of the foregoing, I believe that Roche should have realized that its Exhibits 257 and 259, although produced by Amgen, actually contained Fresenius' Highly Confidential information, and should have contacted Fresenius prior to filing these documents.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 25, 2007

_____
Mark J. Hebert

21696467.doc

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 30th day of July, 2007.

/s/ Nicole E. Gage
Nicole E. Gage

# EXHIBIT A

# FISH & RICHARDSON P.C.

225 Franklin Street
Boston, Massachusetts
02110-2804

Telephone
617 542-5070

Facsimile
617 542-8906

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

BY FACSIMILE

March 6, 2007

Julian Brew, Esq.
Kaye Scholer LLP
1999 Avenue of the Stars
Suite 1700
Los Angeles, CA 90067-6048

Re:   *Amgen, Inc. v. F. Hoffmann-La Roche Ltd. et al.*
      Civil Action No. 05 CV 12237 WGY (D. Mass.)

Dear Julian:

With respect to the production of Fresenius documents to Roche:

1.   We would appreciate it if you could provide your Federal Express account no. that we may use when producing documents.

2.   Please confirm Roche's agreement that Fresenius may designate documents containing particularly sensitive information, such as pricing information, as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" under the Amended Protective Order entered in this action on February 7, 2007, and that Roche will treat such documents as "Highly Confidential Material," including by precluding access by its in-house counsel, without regard to whether such documents technically fall within the scope of paragraph 3 of the Amended Protective Order.

3.   Please confirm that Roche will agree to provide Fresenius with advance notice prior to filing any documents containing Fresenius "Confidential" or "Highly Confidential" information in Court, and also that Roche will agree to provide Fresenius with a reasonable opportunity to seek further protection for such documents including any necessary extension of the time permitted to seek leave to file trade secret material under seal as set forth in paragraph 14 of the Amended Protective Order.

Very truly yours,

Mark J. Hebert

cc by fax: Fresenius Medical Care North America

21578508.doc

# EXHIBIT B

# KAYE SCHOLER LLP

1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067-6048
(310) 788-1000
Fax (310) 788-1200
www.kayescholer.com

Julian Brew
(310) 788-1147
Fax (310) 229-1947
jbrew@kayescholer.com

March 6, 2007

BY FACSIMILE

Mark J. Hebert, Esq.
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, Massachusetts 02110-2804

Re: Amgen, Inc. v. Hoffmann-La Roche Ltd., et al.
Civil Action No. 05 CV 12237 WGY (D. Mass.)

Dear Mark:

I am responding to your letter of today.

1. Our Federal Express account number is 1322-8176-9. The documents should be sent to Manvin Mayell in our New York office. The address is 425 Park Avenue, New York, New York 10022-3598.

2. I confirm that we will treat the documents as stated in Paragraph 2 of your letter.

3. We also agree to the terms set forth in Paragraph 3 of your letter.

Please let me know when Fresenius will produce the documents, so that we can notify the Court, and\or take our cross-motion off calendar.

Thank you.

Sincerely,

Julian Brew

Julian Brew

JB:dgc

23214575.DOC

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   LONDON   SHANGHAI