# EXHIBIT 6

Fishman Decl. to Amgen's Opp to Motion to Preclude Testimony from Amgen's Belated Disclosed Fact Witnesses  - Public

Dockets.Justia.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Western DISTRICT OF Washington

Amgen, Inc.
    Plaintiff

V.

F. Hoffman-La Roche Ltd et. al.
    Defendant

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-12237-WGY (pending D. Mass)

TO: Joseph W. Eschbach
515 Minor Avenue, # 300
Seattle, WA 98104

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION SCHWABE WILLIAMSON & WYATT, 1420 5th Ave, Suite 3010, Seattle, WA 98101 (Will be recorded by video and/or stenographic means) | DATE AND TIME 3/29/2007 9:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Schedule B

| PLACE SCHWABE WILLIAMSON & WYATT, U.S Bank Centre, 1420 Fifth Ave, Suite 3010, Seattle, WA 98101 (Att: Renea I. Saade). | DATE AND TIME 3/23/2007 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Patricia A. Carson* | DATE 3/12/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patricia A. Carson, Kaye Scholer LLP, 425 Park Avenue, New York, NY 10022-3598

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                     DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
        (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
        (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
        (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
        (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
        (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## Definitions and Instructions

1. The term "AMGEN" includes plaintiff Amgen Inc., any predecessor company or companies, present and past divisions, subsidiaries, joint ventures, parent companies or other legal entities which are wholly or partially owned or controlled by Amgen Inc., and each of their respective present or former directors, officers, employees, agents, consultants, experts, representatives, and attorneys, as well as all other individuals or business entities in the employ of or otherwise acting or purporting to act on behalf of Amgen Inc.

2. The term "AFFILIATE" means a person or entity that, directly or indirectly, through one or more intermediates, controls, is controlled by, or is under common control with the person or entity specified.

3. The term "DOCUMENT" is used in its customary and broad sense, and includes without limitation the broadest possible scope given in Fed. R. Civ. P. 34(a) and the Local Rules of this Court. Consistent with those rules, the term "DOCUMENT" includes but is not limited to electronic data. A draft or non-identical copy is a separate document within the meaning of the term.

4. The term "ELECTRONIC DATA" includes, but is not limited to, originals and all copies of electronic mail ("e-mail") and associated attachments or information, any and all information contained in any form of retrievable storage medium, whether magnetic, optical or electronic.

5. The term "COMMUNICATION" is used in its broadest sense, and means any transmission of information from one person or entity to another through any means.

6. The term "PERSON" shall include but is not limited to, any natural person, business or corporation (whether for-profit or not-for-profit), firm, partnership, sole proprietorship,

university or other non-corporate business organization, or employee, agent or representative of the foregoing.

7. The term "CONCERNING" means relating to, referring to, describing, evidencing, constituting, or mentioning in any way.

8. As used herein, the words "AND" and "OR" shall be construed both conjunctively and disjunctively; the singular shall be deemed to refer to the plural and vice-versa; and any reference to the male gender shall include the female gender.

9. If any information is withheld under a claim of privilege, state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid.

## SCHEDULE A

### Deposition Topics

1. Any matter concerning the subject matter of Request Nos. 1 through 10 of Schedule B, irrespective of the existence of any document(s) concerning that subject matter, including without limitation any document provided in accordance with this notice.

2. Any other permissible subject in accordance with the Federal Rules of Civil Procedure and any applicable rule of the Court.

## SCHEDULE B

### Document Requests

**1.** All documents and electronic data, including notes, laboratory notebooks, patient charts, abstracts, reports, manuscripts, publications or presentations, concerning any administration of human erythropoietin derived or otherwise purified from urine to humans or animals.

**2.** All documents and electronic data, including notes, laboratory notebooks, patient charts, abstracts, reports, manuscripts, publications or presentations, concerning any clinical use or trial in which you participated that was conducted prior to December 31, 1985 involving the administration of recombinant erythropoietin to humans or animals excluding only clinical use or trial conducted solely on Amgen's recombinant erythropoietin molecule.

**3.** All documents and electronic data, including notes, laboratory notebooks, patient charts, abstracts, reports, manuscripts, publications or presentations, concerning your administration of erythropoietin rich human plasma to humans or animals at any time.

**4.** All documents and electronic data concerning any communications with the National Institute of Health prior to December 31, 1985 regarding the administration of human erythropoietin derived from any source, including recombinant human erythropoietin, to humans or animals.

**5.** All documents and electronic data related to grant applications whether submitted or not to the National Institute of Health prior to December 31, 1987 regarding the administration of

human erythropoietin derived from any source, including recombinant human erythropoietin, to humans or animals.

6.  All documents and electronic data, including notes, laboratory notebooks, patient charts, abstracts, reports, manuscripts, publications or presentations, concerning any research you conducted related to administration of erythropoietin to humans or animals between 1979 and 1985.

7.  All documents and electronic data, including notes, laboratory notebooks, patient charts, abstracts, reports, manuscripts, publications or presentations, concerning any communications with Amgen prior to December 31, 1985 concerning any administration of human erythropoietin derived from any source, including recombinant human erythropoietin, to humans or animals.

8.  All documents and electronic data, including reports, manuscripts, publications or presentations, concerning any communications with Amgen or anyone other than Amgen between January 1, 1984 to December 31, 1987 concerning any clinical trial planning information, establishing clinical trial benchmarks, clinical trial dosing, clinical trial endpoints, suggested analyses to be performed on the tested compound, commentary to clinical trial protocols, concerning administration of human erythropoietin derived from any source, including recombinant human erythropoietin, to humans or animals.

9.  All documents and electronic data, including notes, laboratory notebooks, patient charts, abstracts, reports, manuscripts, publications or presentations, concerning communications other than Amgen prior to December 31, 1987 concerning any administration of human erythropoietin derived from any source, including recombinant human erythropoietin, to humans or animals.

**10.** All documents and electronic data, including notes, meeting minutes or agendas, or other correspondence reflecting communications with Amgen or any of its attorneys concerning preparation of your expert reports, or preparation for deposition or trial testimony related thereto in connection any Amgen v. TKT trial proceedings.