# EXHIBIT 10

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION No.: 05-cv-12237WGY |
| vs. | ) | |
| | ) | |
| F. HOFFMANN-LA ROCHE LTD, ROCHE | ) | |
| DIAGNOSTICS GmbH, AND HOFFMANN- | ) | |
| LA ROCHE INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' SECOND SET OF REQUESTS FOR THE
## PRODUCTION OF DOCUMENTS AND THINGS TO AMGEN, INC. (NOS. 124–315)

Pursuant to Federal Rule of Civil Procedure 34(a)(1), Defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche, Inc. (collectively "Roche") request that Plaintiff Amgen, Inc. ("Amgen") produce for their inspection and copying all documents and tangible things described below in accordance with the Definitions and Instructions set forth below at the offices of their counsel, Kaye Scholer LLP, 425 Park Avenue, New York, New York within thirty (30) days of service hereof. Each of the following document requests is continuing in nature, such that if Amgen obtains additional documents and things at a later date, such documents and things are to be made available to Roche for inspection and copying.

Defendants further request that Amgen serve Roche with a written response to this Second Set of Requests for the Production of Documents and Things within thirty (30) days of service hereof in accordance with Fed. R. Civ. Proc. 34.

31390734.DOC

## **DEFINITIONS**

The following definitions are intended solely for use in this Second Set of Requests for the Production of Documents and Things, and any other discovery document in which they are expressly incorporated, and the definitions have no applicability otherwise.

**1.**   The term "Amgen" includes plaintiff Amgen, Inc., any predecessor company or companies, present and past divisions, subsidiaries, joint ventures, parent companies or other legal entities which are or wholly or partially owned or controlled by Amgen, Inc., and each of their respective present or former directors, officers, Employees, agents, consultants, experts, representatives, and attorneys, as well as all other individuals or business entities in the employ of or otherwise acting or purporting to act on behalf of Amgen, Inc.

**2.**   The term "Roche" includes defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche, Inc., any predecessor company or companies, present and past divisions, subsidiaries, joint ventures, parent companies or other legal entities which are wholly or partially owned or controlled by F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, or Hoffmann-La Roche, Inc., and each of their respective present or former directors, officers, Employees, agents, consultants, experts, representatives, and attorneys, as well as all other individuals or business entities in the employ of or otherwise acting or purporting to act on behalf of F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, or Hoffmann-La Roche, Inc.

**3.**   The term "Affiliate" means a person or Entity that, directly or indirectly, through one or more intermediates, controls, is controlled by, or is under common control with the person or Entity specified.

**4.**  The term "Entity" means any individual and any other cognizable entity, Including corporations, proprietorships, partnerships, joint ventures, businesses, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

**5.**  The term "Amgen's EPO Patents" means the following patents and any foreign counterparts of any of them, considered individually, in groups of two or more, and collectively:

   a.  United States Patent No. 4,703,008 issued October 27, 1987, to Fu-Kuen Lin entitled "DNA Sequences Encoding Erythropoietin" ("the '008 patent"), the application from which it issued United States Patent Application No. 06/675,298, and all related United States Patent Applications Including United States Patent Application Nos. 06/655,841; 06/582,185; and 06/561,024; and

   b.  United States Patent No. 5,441,868 issued August 15, 1995, to Fu-Kuen Lin entitled "Production of Recombinant Erythropoietin" ("the '868 patent"), the application from which it issued United States Patent Application No. 07/113,179, and all related United States Patent Applications Including United States Patent Application Nos. 06/675,298; 06/655,841; 06/582,185; and 06/561,024; and

   c.  United States Patent No. 5,547,933 issued August 20, 1996, to Fu-Kuen Lin entitled "Production of Erythropoietin" ("the '933 patent"), the application from which it issued United States Patent Application No. 08/487,774, and all related United States Patent Applications Including United States Patent Application Nos. 07/202,874; 07/113,179; 06/675,298; 06/655,841; 06/582,185; and 06/561,024; and

   d.  United States Patent No. 5,618,698 issued April 8, 1997, to Fu-Kuen Lin entitled "Production of Erythropoietin" ("the '698 patent"), the application from which it

issued United States Patent Application No. 08/468,381, and all related United States Patent Applications Including United States Patent Application Nos. 07/113,179; 06/675,298; 06/655,841; 06/582,185; and 06/561,024; and

e.  United States Patent No. 5,621,080 issued April 15, 1997, to Fu-Kuen Lin entitled "Production of Erythropoietin" ("the '080 patent"), the application from which it issued United States Patent Application No. 08/468,556, and all related United States Patent Applications Including United States Patent Application Nos. 07/202,874;  07/113,179; 06/675,298; 06/655,841; 06/582,185; and 06/561,024; and

f.  United States Patent No. 5,756,349 issued May 26, 1998, to Fu-Kuen Lin entitled "Production of Erythropoietin" ("the '349 patent"), the application from which it issued United States Patent Application No. 08/468,369, and all related United States Patent Applications Including United States Patent Application Nos. 07/113,179; 06/675,298; 06/655,841; 06/582,185; and 06/561,024; and

g.  United States Patent No. 5,955,422 issued September 21, 1999, to Fu-Kuen Lin entitled "Production of Erythropoietin" ("the '422 patent"), the application from which it issued United States Patent Application No. 08/100,197, and all related United States Patent Applications Including United States Patent Application Nos. 07/957,073; 07/609,744; 07/113,179; 06/675,298; 06/655,841; 06/582,185; and 06/561,024.

6.  The term "Patent Application" means all parent, continuation application, continuation-in-part application, divisional application, file-wrapper continuation, reexamination proceeding, reissue application, provisional application or abandoned application and other

applications, Including applications from which an issued patent claims priority in whole or in part, regardless of whether the patent application issued as a patent, was abandoned, or is currently pending, and regardless of whether the patent application was filed in the United States Patent and Trademark Office or any foreign patent office or both..

**7.**  The term "PTO" means the United States Patent and Trademark Office.

**8.**  The term "Document" is used in its customary and broad sense, and includes without limitation the broadest scope given in Fed. R. Civ. P. 34(a), and specifically includes electronic data Including electronic mail, computer files, backup media, and databases; files and file folders; books and their contents, whether printed or recorded or reproduced by hand or any other mechanical process, or written or reproduced by hand or any other mechanical process; and all other tangible manifestations of communications whether or not claimed to be privileged or confidential or personal; namely, agreements, communications, Including intra-company communications, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations; diaries; forecasts; statistical statements; graphs, laboratory and engineering reports and notebooks, changes, plans, drawings, graphs, samples prototypes and tangible Things, photographs, films, pictures, and videotapes; minutes or records of meetings, Including directors' meetings, minutes or records of conferences; expressions of statements or policy; lists of persons attending minutes or records of conferences; reports and/or summaries of interviews or investigations; opinions or reports of consultants' patent appraisals; opinions of counsel; records, reports or summaries of negotiations; brochures, pamphlets, advertisements, circulars, trade letters, packing material and notices, press releases; and litigation files and databases, Including drafts of any document, revisions of drafts of any document, original and preliminary notes and marginal comments appearing on any document.

A comment or notation appearing on any document, and not a part of the original document, is considered a separate document. A draft or non-identical copy is a separate document within the meaning of the term.

**9.** The term "Thing" means each item, sample, specimen, concrete or tangible object.

**10.** The term "Electronic Data" includes, but is not limited to, originals and all copies of electronic mail ("e-mail"); activity listings of electronic mail receipts and/or transmittals; voice-mail; audio or video recordings of any kind; computer programs (whether private, commercial, or a work-in-progress); programming notes or instructions; output resulting from the use of any software program, Including word processing documents, spreadsheets, database files, charts, graphs, and outlines; operating systems; source code of all types; image files Including JPG or JPEG, TIFF, PICT, and BMP; PDF files, batch files in any format, Including ASCII, XML or CSV format; and all miscellaneous electronic files and/or file fragments, regardless of the media on which they are stored and regardless of whether the data resides in an active file, deleted file, or file fragments. Electronic data includes any and all information stored in or on hard disks, floppy disks, CD and DVD disks, external hard drives or their equivalent, portable storage devices Including USB or FireWire drives; magnetic tapes of all kinds, and computer chips (Including EPROM, PROM and ROM). Electronic data also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data.

**11.** The term "Communication" is used in its broadest sense, and means any transmission of information from one person or Entity to another, by any means, Including oral conversations, telephone calls, written correspondence, memoranda or notes, email, facsimile transmissions, meetings, video conferences, or document transmittals.

**12.** The term "Including" means "including but not limited to."

13.     The term "Person" shall include but is not limited to, any natural person, alive or deceased, business or corporation (whether for-profit or not-for-profit), firm, partnership, sole proprietorship, or other non-corporate business organization, or Employee, agent or representative of the foregoing.

14.     The term "Employee" means any director, trustee, officer, employee, partner, corporate parent, subsidiary, affiliate or servant of the designated Entity, whether active or retired, full-time or part-time, current or former, and compensated or not.

15.     The term "Concerning" or "Concern" means relating to, referring to, describing, evidencing, constituting, or mentioning in any way.

16.     The term "Erythropoiesis Stimulating Agent" or "ESA" means any substance, drug or pharmaceutical composition that is capable of stimulating the production of red blood cells by bone marrow Including human erythropoietin or erythropoietin from any mammalian species, epoetin alfa, epoetin beta, darbepoetin alfa, and any fragment, mimetic or variant thereof, sold under any brand name, Including Epogen®, Procrit®, Eprex®, NeoRecormon® and Aranesp®.

17.     The term "Pegylated Compounds" means any substance, drug or pharmaceutical incorporating into its chemical structure one or more polyethylene glycol polymers of any weight, size, shape, means of attachment, or degree of branching, and shall include without limitation any of erythropoietin, darbepoetin, brain-derived neurotrophic factor ("BDNF"), granulocyte colony stimulating factor ("G-CSF"), interleukin 2 ("IL-2"), megakaryocyte growth and differentiation factor ("MGDF"), stem cell factor ("SCF"), granulocyte macrophage colony stimulating factor ("GM-CSF"), and tumor necrosis factor ("TNF") chemically modified by pegylation.

18.     As used herein, the words "and" and "or" shall be construed either conjunctively and disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed as being outside of its scope; the singular shall be deemed to refer to the plural and vice-versa; and any reference to the male gender shall include the female gender.

19.     As used herein, the term "Testimony" refers to any sworn or unsworn testimony contained in any format, including a transcript, tape recording, declaration or affidavit, plus any exhibits thereto.  Such testimony includes, but is not limited to, all testimony before a court of law, an administrative tribunal, a patent interference, opposition or prosecution proceeding, a deposition and all foreign equivalents.

20.     The term "Health Care Provider" means any person or Entity involved in providing health services to the public, Including Large Dialysis Organizations (e.g., Fresenius and DaVita), small or medium chain dialysis centers, non-profit dialysis centers, independent dialysis centers, hospitals, distributors, purchasing groups, doctors or clinics, Including their affiliated Entities, parents, subsidiaries (for example, DaVita Clinical Research), related companies, and companies merged or acquired (for example, Renal Care Group, Inc. and Gambro Healthcare).

## INSTRUCTIONS

1.   You are to produce the original and each non-identical copy of each document or other tangible Thing requested herein which is in Amgen's possession, custody or control, or that of Amgen's officers, directors, Employees, agents, representatives, successors, assigns and attorneys and all persons acting or purporting to act on behalf of Amgen or who are in possession of or who may have obtained information for or on behalf of Amgen in regard to the requested subject matter or any matter pertinent to this case.

2.   Each Request shall be answered fully unless it is in good faith objected to, in which event the reasons for your objection shall be stated in detail.  If an objection pertains only to a portion of a Request, or a word phrase, or clause contained within it, you are required to state your objection to that portion only and to respond to the remainder of the Request, using your best efforts to do so.

3.   Whenever a Request calls for information which is not available to Amgen in the form requested, but is available in another form or can be obtained, at least in part, from other data in Amgen's possession, so state and either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

4.   In the event that any English translation exists, either in part or in full, of any document produced in response to any Request for any document or other tangible Thing herein, Amgen shall produce the original and each non-identical copy of such translation which is in Amgen's possession, custody or control, or that of Amgen's agents, attorneys, accountants, Employees or representatives.

**5.**   If a Request is silent as to the time period for which production of documents and Things is sought, you are to produce all documents originated in whole or in part and of all Things within your possession, custody, or control at any time during the period of 1980 through the date of your production.

**6.**   This Request is continuing in nature.  Amgen shall supplement its responses to this Request, as and when additional responsive documents become known or available to Amgen, or when so requested by Roche prior to trial.

**7.**   If Amgen contends that any document requested to be produced is protected from discovery by attorney-client privilege, attorney work product doctrine or any other ground of privilege, then Amgen shall identify for each such document:

  (a)   the name (title or position of the authors) of the document;

  (b)   the existence and identity of any attachments to the document;

  (c)   the name and title or position of all persons designated as addressees or otherwise receiving copies of the document;

  (d)   the general subject matter of the document;

  (e)   the date of the document;

  (f)   the medium (e.g., electronic or paper), type (e.g., memorandum, letter, email report, etc.) and length of the document;

  (g)   the specific grounds for withholding the document, Including the specific facts upon which Amgen will rely to establish the asserted attorney-client privilege, work product doctrine, or other ground of privilege.

If an attachment to a document is also being withheld on the grounds of privilege, in addition to being identified as required by subpart (b), above, such attachment shall be identified in the privilege log as a separate document.

**8.**  All requested documents produced to Roche shall be organized either to correspond to the categories in these requests, or as they are kept in the ordinary course of business.  In either case, all documents produced shall:

(a)    be produced with all associated file labels, file headings, and file folders together with the responsive documents from each file, and each file shall be identified as to its owner or custodian; for any document originally stored in electronic media, the file name, path and directory information for each such documents shall also be provided;

(b)    if produced in hard copy, all pages now stapled or fastened together shall be produced stapled or fastened together, and shall include all attachments currently or previously appended to each document, regardless of whether such attachments themselves are responsive to these requests;

(c)    all documents that cannot be legibly copied shall be produced in original form.

**9.**  If any document responsive to this request once existed but has been destroyed, lost, discarded or is otherwise not available for production, Amgen shall identify in writing each such document, Including the date of the document's creation, a description of the document's subject matter, the name and address of each person who prepared, received, viewed, or had possession, custody or control of the document or otherwise had knowledge of its subject matter, and a statement of the circumstances under which the document was destroyed, lost, discarded or why such document is not otherwise available for production.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 124:**

All Documents and Electronic Data Concerning the market in the United States for the sale of ESAs for the treatment of End Stage Renal Disease (i.e., dialysis), Including all products that are approved for use and/or otherwise available for the treatment of anemia in patients with End Stage Renal Disease ("ESRD").

**REQUEST FOR PRODUCTION NO. 125:**

All Documents and Electronic Data Concerning the market in the United States for the sale of ESAs for the treatment of Chronic Kidney Disease (i.e., non-dialysis), Including all products that are approved for use and/or otherwise available for the treatment of anemia in patients with Chronic Kidney Disease ("CKD").

**REQUEST FOR PRODUCTION NO. 126:**

All Documents and Electronic Data Concerning contracts, agreements, negotiations or discussions between Amgen and Fresenius between 1999 and the present Concerning the purchase, manufacture, source or supply of any ESA product, Including Epogen®, Procrit®, Aranesp® or CERA.

**REQUEST FOR PRODUCTION NO. 127:**

All Documents and Electronic Data Concerning contracts, agreements, negotiations or discussions between Amgen and DaVita between 1999 and the present Concerning the purchase, manufacture, source or supply of any ESA product, Including Epogen®, Procrit®, Aranesp® or CERA.

**REQUEST FOR PRODUCTION NO. 128:**

All Documents and Electronic Data Concerning contracts, agreements, negotiations or

discussions between Amgen and Dialysis Clinic, Inc. between 1999 and the present Concerning the purchase, manufacture, source or supply of any ESA product, including Epogen®, Procrit®, Aranesp® or CERA.

**REQUEST FOR PRODUCTION NO. 129:**

All Documents and Electronic Data Concerning contracts, agreements, negotiations or discussions between Amgen and Gambro Healthcare, Gambro Renal Products, or any related Person or Entity, between 1999 and the present Concerning the purchase, manufacture, source or supply of any ESA product, including Epogen®, Procrit®, Aranesp® or CERA.

**REQUEST FOR PRODUCTION NO. 130:**

All Documents and Electronic Data Concerning contracts, agreements, negotiations or discussions between Amgen, Ortho Biotech, L.P. and/or any small or medium chain dialysis center, non-profit dialysis center, independent dialysis center, hospital, distributor, purchasing group, doctor or clinic between 1999 and the present Concerning the purchase, manufacture, source or supply of any ESA product.

**REQUEST FOR PRODUCTION NO. 131:**

All Documents and Electronic Data Concerning any barriers or potential barriers Amgen competitors must overcome before entering the ESA market (or markets) related to the treatment of anemia in patients with ESRD or CKD, Including all documents concerning any action taken by Amgen or any third party to prevent or delay entry of any product into these markets.

**REQUEST FOR PRODUCTION NO. 132:**

All Documents and Electronic Data Concerning costs to providers of ESA in the ESRD and CKD markets associated with switching from Amgen ESA products to any other ESA

product or potential ESA product.

**REQUEST FOR PRODUCTION NO. 133:**

Documents and Electronic Data sufficient to determine the total sales of Epogen®, Aranesp® and Procrit®, Including the number of units sold for each product size and total sales in United States dollars, for the treatment of anemia associated with ESRD between 1999 and the present.

**REQUEST FOR PRODUCTION NO. 134:**

Documents and Electronic Data sufficient to determine the total sales of Epogen®, Aranesp® and Procrit®, Including the number of units sold for each product size and total sales in United States dollars, for the treatment of anemia associated with CKD between 1999 and the present.

**REQUEST FOR PRODUCTION NO. 135:**

All Documents and Electronic Data Concerning government reimbursement of ESA providers between 1999 and the present, Including the amount of reimbursement, how reimbursement is calculated, effects of each reimbursement scheme on Amgen market share, revenues and/or profit, effects of each reimbursement scheme on ESA provider revenues and/or profits, and effects of Amgen pricing, discounts and rebates on ESA provider revenues and/or profits.

**REQUEST FOR PRODUCTION NO. 136:**

All Documents and Electronic Data Concerning resources for conducting clinical trials related to ESA drugs between 1999 and the present, Including the availability of clinical investigator sites, patients needed or desired for clinical trials or other research contemplated or

being conducted by Amgen, clinical trials or other research related to CERA.

**REQUEST FOR PRODUCTION NO. 137:**

All Documents and Electronic Data that form the basis for Amgen's contention that CERA infringes the '080 patent.

**REQUEST FOR PRODUCTION NO. 138:**

All Documents and Electronic Data, Including laboratory notebooks, raw data, reports, memoranda, meeting minute notes, research proposals and requests for proposals and correspondence Concerning Amgen's attempts, whether successful or not, to pegylate any mammalian erythropoietin, Including human erythropoietin.

**REQUEST FOR PRODUCTION NO. 139:**

All Documents and Electronic Data, Including laboratory notebooks, raw data, reports, memoranda, meeting minute notes, research proposals and requests for proposals and correspondence Concerning the design, development, production, and manufacture by Amgen of any mammalian erythropoietin, Including human erythropoietin, that has been chemically modified by pegylation.

**REQUEST FOR PRODUCTION NO. 140:**

All Documents and Electronic Data, Including laboratory notebooks, raw data, reports, memoranda, meeting minute notes, research proposals and requests for proposals and correspondence Concerning the testing of any mammalian erythropoietin, Including human erythropoietin, that has been chemically modified by pegylation.

**REQUEST FOR PRODUCTION NO. 141:**

All Documents and Electronic Data, Including laboratory notebooks, raw data, reports,

memoranda, meeting minute notes, research proposals and requests for proposals and correspondence Concerning any comparison between attempts (whether successful or not) to pegylate any mammalian erythropoietin, Including human erythropoietin, and attempts (whether successful or not) to pegylate G-CSF.

## REQUEST FOR PRODUCTION NO. 142:

All laboratory notebooks used by Steven Elliott and/or his researchers or assistants, that Concern the subject matter disclosed or claimed in Amgen's EPO Patents.

## REQUEST FOR PRODUCTION NO. 143:

All Documents and Electronic Data Concerning any communications by or to Steven Elliott and/or his researchers or assistants, that Concern the prosecution of Amgen's EPO Patents.

## REQUEST FOR PRODUCTION NO. 144:

All Documents and Electronic Data, Including raw data, reports, memoranda, meeting minute notes, and research proposals by Steven Elliott and/or his researchers or assistants, that Concern the examples in Amgen's EPO Patents.

## REQUEST FOR PRODUCTION NO. 145:

All Documents and Electronic Data Concerning any communications with Steven Elliott and/or his researchers or assistants, that Concern the subject matter disclosed or claimed in Amgen's EPO Patents, and that are in the custody or control of Steven Elliott.

## REQUEST FOR PRODUCTION NO. 146:

All Documents and Electronic Data Concerning any communications between or Concerning Amgen and Leroy Hood and/or his pre-doctoral, postdoctoral and professional

researchers, or his colleagues, collaborators or assistants, that Concern the subject matter

disclosed or claimed in Amgen's EPO Patents.

**REQUEST FOR PRODUCTION NO. 147:**

All Documents and Electronic Data Concerning Amgen and Leroy Hood and/or his pre-

doctoral, postdoctoral and professional researchers, or his colleagues, collaborators or assistants,

that that Concern the subject matter disclosed or claimed in Amgen's EPO Patents.

**REQUEST FOR PRODUCTION NO. 148:**

All Documents and Electronic Data Concerning any communications between or

Concerning Amgen and Eugene Goldwasser and/or his pre-doctoral, postdoctoral and

professional researchers, or his colleagues, collaborators or assistants, that Concern the subject

matter disclosed or claimed in Amgen's EPO Patents.

**REQUEST FOR PRODUCTION NO. 149:**

All Documents and Electronic Data Concerning Amgen and Eugene Goldwasser and/or

his pre-doctoral, postdoctoral and professional researchers, or his colleagues, collaborators or

assistants, that Concern the subject matter disclosed or claimed in Amgen's EPO Patents.

**REQUEST FOR PRODUCTION NO. 150:**

All Documents and Electronic Data Concerning any communications with The University

of Chicago, Including any affiliated researchers, clinicians, technicians or assistants, that refer to

or relate to funding or administration of any research projects Concerning the subject matter

disclosed or claimed in Amgen's EPO Patents which Amgen either commissioned, sponsored,

sanctioned, participated or supported in any way, Including the provision of any financial or

material support.

**REQUEST FOR PRODUCTION NO. 151:**

All Documents and Electronic Data Concerning The University of Chicago, Including any affiliated researchers, clinicians, technicians or assistants, that refer to or relate to funding or administration of any research projects Concerning the subject matter disclosed or claimed in Amgen's EPO Patents which Amgen either commissioned, sponsored, sanctioned, participated or supported in any way, Including the provision of any financial or material support.

**REQUEST FOR PRODUCTION NO. 152:**

All Documents and Electronic Data that are public or otherwise not protected from disclosure by an applicable protective order Concerning Amgen, Inc. v. Chugai Pharm. Co., Ltd. and Genetics Institute, Inc., Civ. A. No. 87-2617-Y, D. Mass, Including all draft and final versions of pleadings, all docketed documents and official correspondence and drafts of such documents; all memoranda of law and drafts of memoranda; Including also transcripts from depositions and interviews, interrogatories, responses and objections to interrogatories, document requests, responses and objections to document requests, requests for answers and responses and objections to answers; expert reports; subpoenas; all Documents and other Things relied upon as demonstrative exhibits or evidence at trial; all external references relied upon; and any other Document, Electronic Data, or Communication related to this action as well as any other Document, Electronic Data, or Communication related to any subsequent appeals or adjudications arising from the aforementioned civil action.

**REQUEST FOR PRODUCTION NO. 153:**

All Documents and Electronic Data that are public or otherwise not protected from disclosure by an applicable protective order Concerning Amgen, Inc., et al. v. Genetics Institute, Inc., Civ. A. No. 94-11818-WGY, D. Mass, Including all draft and final versions of pleadings,

all docketed documents and official correspondence and drafts of such documents; all

memoranda of law and drafts of memoranda; Including also transcripts from depositions and

interviews, interrogatories, responses and objections to interrogatories, document requests,

responses and objections to document requests, requests for answers and responses and

objections to answers; expert reports; subpoenas; all Documents and other Things relied upon as

demonstrative exhibits or evidence at trial; all external references relied upon; and any other

Document, Electronic Data, or Communication related to this action as well as any other

Document, Electronic Data, or Communication related to any subsequent appeals or

adjudications arising from the aforementioned civil action.

**REQUEST FOR PRODUCTION NO. 154:**

       All Documents and Electronic Data that are public or otherwise not protected from

disclosure by an applicable protective order Concerning <u>Amgen, Inc., v. Hoechst Marion</u>

<u>Roussel, Inc. and Transkaryotic Therapies, Inc.</u>, Civ. A. No. 97-10814-WGY, D. Mass,

Including all draft and final versions of pleadings, all docketed documents and official

correspondence and drafts of such documents; all memoranda of law and drafts of memoranda;

Including also transcripts from depositions and interviews, interrogatories, responses and

objections to interrogatories, document requests, responses and objections to document requests,

requests for answers and responses and objections to answers; expert reports; subpoenas; all

Documents and other Things relied upon as demonstrative exhibits or evidence at trial; all

external references relied upon; and any other Document, Electronic Data, or Communication

related to this action as well as any other Document, Electronic Data, or Communication related

to any subsequent appeals or adjudications arising from the aforementioned civil action.

**REQUEST FOR PRODUCTION NO. 155:**

All Documents and Electronic Data that are public or otherwise not protected from

disclosure by an applicable protective order Concerning Amgen, Inc., v. Thomas Scully and

Tommy Thompson, Civ. A. No. 1:02CV02259, D.D.C., Including all draft and final versions of

pleadings, all docketed documents and official correspondence and drafts of such documents; all

memoranda of law and drafts of memoranda; Including also transcripts from depositions and

interviews, interrogatories, responses and objections to interrogatories, document requests,

responses and objections to document requests, requests for answers and responses and

objections to answers; expert reports; subpoenas; all Documents and other Things relied upon as

demonstrative exhibits or evidence at trial; all external references relied upon; and any other

Document, Electronic Data, or Communication related to this action as well as any other

Document, Electronic Data, or Communication related to any subsequent appeals or

adjudications arising from the aforementioned civil action.

**REQUEST FOR PRODUCTION NO. 156:**

All Documents and Electronic Data that are public or otherwise not protected from

disclosure by an applicable protective order Concerning the arbitration before the America

Arbitration Association, No. 51 13300242 97, between Ortho-Biotech, Inc. and Ortho-McNeil

Pharmaceutical Corp. as claimants and Amgen and Kirin-Amgen, Inc. as respondents, Including

all draft and final versions of forms submitted to the arbitrators, all docketed documents and

official correspondence and drafts of such documents; all memoranda of law and drafts of

memoranda; Including also transcripts from depositions and interviews, all discovery Including

interrogatories, responses and objections to interrogatories, document requests, responses and

objections to document requests, requests for answers and responses and objections to answers;

expert reports; subpoenas; all Documents and other Things relied upon as demonstrative exhibits or evidence in the arbitration; all external references relied upon; and any other Document, Electronic Data, or Communication related to this action as well as any other Document, Electronic Data, or Communication related to any subsequent appeals or adjudications arising from the aforementioned arbitration.

## REQUEST FOR PRODUCTION NO. 157:

All Documents and Electronic Data that are public or otherwise not protected from disclosure by an applicable protective order Concerning <u>Ortho Biotech Products, L.P. v. Amgen, Inc.</u>, Civ. A. No. 3:05-cv-04850-SRC-JJH, D.N.J., Including all draft and final versions of pleadings, all docketed documents and official correspondence and drafts of such documents; all memoranda of law and drafts of memoranda; Including also transcripts from depositions and interviews, interrogatories, responses and objections to interrogatories, document requests, responses and objections to document requests, requests for answers and responses and objections to answers; expert reports; subpoenas; all Documents and other Things relied upon as demonstrative exhibits or evidence at trial; all external references relied upon; and any other Document, Electronic Data, or Communication related to this action as well as any other Document, Electronic Data, or Communication related to any subsequent appeals or adjudications arising from the aforementioned civil action.

## REQUEST FOR PRODUCTION NO. 158:

All Documents and Electronic Data that are public or otherwise not protected from disclosure by an applicable protective order Concerning proceedings Concerning recombinant human erythropoietin in the United Kingdom Including <u>Kirin-Amgen, Inc. v. Hoechst Marion Roussel Ltd</u>, EWCA Civ 1096 (2002), <u>Kirin-Amgen, Inc. v. Hoechst Marion Roussel Ltd</u>, IP &

T 694 Civ 1096 (2003), and <u>Kirin-Amgen, Inc. v. Hoechst Marion Roussel Ltd</u>, UKHL 46

(2004), Including all draft and final versions of pleadings, all docketed documents and official

correspondence and drafts of such documents; all memoranda of law and drafts of memoranda;

Including also transcripts from depositions and interviews, interrogatories, responses and

objections to interrogatories, document requests, responses and objections to document requests,

requests for answers and responses and objections to answers; expert reports; subpoenas; all

Documents and other Things relied upon as demonstrative exhibits or evidence at trial; all

external references relied upon; and any other Document, Electronic Data, or Communication

related to this action as well as any other Document, Electronic Data, or Communication related

to any subsequent appeals or adjudications arising from the aforementioned civil action.

**REQUEST FOR PRODUCTION NO. 159:**

All Testimony of experts Concerning to the subject matter disclosed and/or claimed in

Amgen's EPO patents that is public or otherwise not protected from disclosure by an applicable

protective order.

**REQUEST FOR PRODUCTION NO. 160:**

All Testimony of any person Concerning the validity, enforceability, invalidity,

unenforceability, inventorship and/or construction or scope of any claim of Amgen's EPO

patents that is public or otherwise not protected from disclosure by an applicable protective

order.

**REQUEST FOR PRODUCTION NO. 161:**

All Testimony of any person Concerning the subject matter claimed and/or disclosed in

the Amgen EPO patents that is public or otherwise not protected from disclosure by an

applicable protective order.

**REQUEST FOR PRODUCTION NO. 162:**

Documents and Electronic Data sufficient to identify all corporate entities related to Amgen, Inc., Including Kirin-Amgen, Inc. and any other foreign entities, and Including any and all parent and/or subsidiary entities that may have existed (and may not exist now) from Amgen's first incorporation to Nov. 8, 2005, Including but not limited to any corporate trees.

**REQUEST FOR PRODUCTION NO. 163:**

Documents and Electronic Data sufficient to identify any transfers, assignments, licensing agreements, research agreements, development agreements, and the like made between or among any Amgen entity(ies) (corporate or otherwise) concerning technology that embodies the disclosure or invention in the specification of Amgen's EPO patents.

**REQUEST FOR PRODUCTION NO. 164:**

All Documents and Electronic Data that identify the recording of any transfers, assignments, licensing agreements, research agreements, development agreements, and the like with the PTO, concerning Amgen's EPO patents.

**REQUEST FOR PRODUCTION NO. 165:**

All Documents and Electronic Data reflecting internal correspondence or external correspondence between Amgen and any other person or entity regarding quantification of erythropoietin biological activity.

**REQUEST FOR PRODUCTION NO. 166:**

All Documents and Electronic Data reflecting internal correspondence or external correspondence between Amgen and any other person or entity regarding an international standard for erythropoietin.

**REQUEST FOR PRODUCTION NO. 167:**

All Documents and Electronic Data, Including scientific data, lab notebooks, letters, notes, memoranda, summaries and presentations, Including drafts of said documents, further Including internal correspondence or external correspondence between Amgen and any other person or entity regarding Amgen's efforts to produce a form of erythropoietin that would not infringe any claimed invention or the claims of any application filed with the PTO by a third party, Including but not limited to Genetics Institute.

**REQUEST FOR PRODUCTION NO. 168:**

All Documents and Electronic Data Concerning testing of Amgen's recombinant human erythropoietin by the United Kingdom's National Institute for Biological Standards and Control ("NIBSC"), Including documents demonstrating the results, summaries or synopses of any scientific tests performed on Lots 502, 503, 505 and 514.

**REQUEST FOR PRODUCTION NO. 169:**

All Documents and Electronic Data Concerning assays or tests performed on Amgen's recombinant human erythropoietin by Dr. Patrick L. Storring from 1985 through 1997.

**REQUEST FOR PRODUCTION NO. 170:**

All correspondence between Amgen and Charles F. Goochee concerning glycosylation patterns on recombinantly produced polypeptides, Including but not limited to human erythropoietin, from 1988 through 1992, Including all documents concerning communications between Dr. Goochee and Boehringer Mannheim relating to glycosylation patterns on recombinantly produced polypeptides.

**REQUEST FOR PRODUCTION NO. 171:**

All Documents and Electronic Data, Including scientific data, lab notebooks, letters,

notes, memoranda, summaries and presentations, Including drafts of said documents, that reflect work done by Peter Dukes for Amgen regarding the pharmacokinetics in humans of human erythropoietin or any other erythropoiesis stimulating agent between 1980 and 1995.

**REQUEST FOR PRODUCTION NO. 172:**

All Documents and Electronic Data, Including lab notebooks, letters, notes, memoranda, reflecting Amgen's awareness of the erythropoietin supply maintained by Eugene Goldwasser at any time.

**REQUEST FOR PRODUCTION NO. 173:**

All Documents and Electronic Data, Including scientific data, lab notebooks, letters, notes, memoranda, summaries and presentations, that demonstrate studies or analyses performed on Amgen-produced or manufactured erythropoietin.

**REQUEST FOR PRODUCTION NO. 174:**

All Documents and Electronic Data, Including contracts, addenda to contracts, letters, memoranda, notes and personal correspondence, Including drafts of said documents, sufficient to demonstrate proper assignment and proper recording of said assignment of the Amgen patents between any person or entity from Dec. 13, 1983 to the present.

**REQUEST FOR PRODUCTION NO. 175:**

All Documents and Electronic Data, Including scientific data, lab notebooks, letters, notes, memoranda, summaries and presentations, Including drafts of said documents, mentioning, discussing or analyzing a 1988 manuscript by James H. Shinaberger, M.D., et al., entitled "Erythropoietin Alert: Risks of High Hematocrit," Including communications between Amgen and any other party, Including regulatory agencies, concerning said manuscript.

**REQUEST FOR PRODUCTION NO. 176:**

All internal correspondence and drafts Concerning Amgen's Oct. 28, 1987 press release titled "Amgen Awarded Patent on Human Recombinant Erythropoietin."

**REQUEST FOR PRODUCTION NO. 177:**

All Documents and Electronic Data, Including scientific data, lab notebooks, letters, notes, memoranda and presentations that concern studies performed by Amgen or any other third party to analyze the glycosylation of human erythropoietin of any source, Including purified urinary erythropoietin or recombinant erythropoietin produced from any host cell.

**REQUEST FOR PRODUCTION NO. 178:**

All Documents and Electronic Data, Including contracts, addenda to contracts, letters, memoranda, notes and personal correspondence, Including drafts of said documents, between Amgen and any other person or entity, relating to Amgen's planned or actual construction of a 40,000 sq. ft production facility near the University of Illinois Chicago campus.

**REQUEST FOR PRODUCTION NO. 179:**

All internal correspondence and drafts Concerning Amgen's May 2, 1984 press release titled "Amgen Hires Construction Manager for 40,000 Sq. Ft. Chicago Plant."

**REQUEST FOR PRODUCTION NO. 180:**

All correspondence between Amgen and Davy McKee, Inc. Concerning construction of a 40,000 sq. ft production facility near the University of Illinois Chicago campus.

**REQUEST FOR PRODUCTION NO. 181:**

All Documents and Electronic Data reflecting internal correspondence or external correspondence between Amgen and any other person or entity regarding preparation of an article titled "Comparative Studies of Natural and Recombinant Human Erythropoietin" by

Daniel Vapnek, et al., published in 1987 in volume 29 of the Banbury Report, Therapeutic

Peptides and Proteins: Assessing the New Technologies.

**REQUEST FOR PRODUCTION NO. 182:**

All Documents and Electronic Data, Including presentations and associated drafts, notes,

memoranda or texts (and drafts) of any speeches delivered, relating to an article titled

"Comparative Studies of Natural and Recombinant Human Erythropoietin" by Daniel Vapnek, et

al., published in 1987 in volume 29 of the Banbury Report, Therapeutic Peptides and Proteins:

Assessing the New Technologies.

**REQUEST FOR PRODUCTION NO. 183:**

All Documents and Electronic Data, Including scientific data, lab notebooks, letters,

notes, memoranda, summaries and presentations, Including drafts of said documents, further

Including internal correspondence or external correspondence between Amgen and any other

person or entity regarding samples of erythropoietin supplied from any person or entity in Italy,

Including but not limited to Drs. William Dowd, Giovanni Cassani, Bill Riley, Peter Lewis, Ken

Loerscher, or entities named "Dow," "Cordis-Dow," "Lepetit," or "Gruppo Lepetit, S.p.A."

**REQUEST FOR PRODUCTION NO. 184:**

All Documents and Electronic Data, Including scientific data, lab notebooks, letters,

notes, memoranda, summaries and presentations, Including drafts of said documents, further

Including internal correspondence or external correspondence between Amgen and any other

person or entity regarding Amgen's efforts to purify erythropoietin from human urine.

**REQUEST FOR PRODUCTION NO. 185**

All internal and external correspondence to or from Howell Stebbing regarding

recombinant human erythropoietin from 1981 to 1985.

**REQUEST FOR PRODUCTION NO. 186:**

All Documents and Electronic Data, Including scientific data, lab notebooks, letters, notes, memoranda, summaries and presentations, Including drafts of said documents, further Including internal correspondence or external correspondence between Amgen and any other person or entity regarding production of erythropoietin from 1411H human testicular germ cells.

**REQUEST FOR PRODUCTION NO. 187:**

All correspondence between Amgen and Franklin Gaylis Concerning human erythropoietin from 1980 through the present.

**REQUEST FOR PRODUCTION NO. 188:**

All correspondence between Amgen and Joao Ascensao Concerning human erythropoietin from 1980 through the present.

**REQUEST FOR PRODUCTION NO. 189:**

All correspondence between Amgen and Esmail Zanjani Concerning human erythropoietin from 1980 through the present.

**REQUEST FOR PRODUCTION NO. 190:**

All Documents and Electronic Data, Including scientific data, lab notebooks, letters, notes, memoranda, summaries and presentations, Including drafts of said documents, further Including internal correspondence or external correspondence between Amgen and any other person or entity regarding use of an oocyte translation system for expression of erythropoietin.

**REQUEST FOR PRODUCTION NO. 191:**

All correspondence between Amgen and Irving Weissman regarding testing, experiments or other scientific information gathering on human erythropoietin between 1980 and 1985.

**REQUEST FOR PRODUCTION NO. 192:**

All Documents and Electronic Data, Including scientific data, lab notebooks, letters, notes, memoranda, summaries and presentations, Including drafts of said documents, further Including internal correspondence or external correspondence between Amgen and any other person or entity regarding any attempt by Amgen to use messenger RNA to express monkey or human erythropoietin.

**REQUEST FOR PRODUCTION NO. 193:**

All internal communications, letters, memoranda, reports, presentations and summaries sufficient to describe the development of AMG 114 and its current status.

**REQUEST FOR PRODUCTION NO. 194:**

All Documents and Electronic Data relating to the use of any "sequenator," "microsequenator," "gas-liquid phase machine," or any other "gas-phase" peptide sequencing device at Amgen from 1980 through 1985.

**REQUEST FOR PRODUCTION NO. 195:**

Documents and Electronic Data sufficient to identify the origin, manufacture, design, operation and current location or status of any "sequenator," "microsequenator," "gas-liquid phase machine," or any other "gas-phase" peptide sequencing device used at Amgen from 1980 through 1985.

**REQUEST FOR PRODUCTION NO. 196:**

All correspondence between Amgen and Leroy Hood regarding protein sequencing methods between 1980 and 1984.

**REQUEST FOR PRODUCTION NO. 197:**

All correspondence between Amgen and Rodney Hewick regarding protein sequencing

methods between 1980 and 1984.

**REQUEST FOR PRODUCTION NO. 198:**

All Documents and Electronic Data Concerning Amgen's understanding of a recombinant human erythropoietin produced by Amersham.

**REQUEST FOR PRODUCTION NO. 199:**

All internal correspondence, and all correspondence between Amgen and Abbott Laboratories or any of its agents Including Eugene Goldwasser concerning human embryonic kidney cells that secrete human erythropoietin from 1980 through the present.

**REQUEST FOR PRODUCTION NO. 200:**

All Documents and Electronic Data, Including scientific data, lab notebooks, letters, notes, memoranda, summaries and presentations, Including drafts of said documents, further Including internal correspondence or external correspondence between Amgen and any other person or entity regarding use of a human embryonic kidney cell line or any cDNA library that may have been created from mRNA extracted from human embryonic kidney cells.

**REQUEST FOR PRODUCTION NO. 201:**

Documents and Electronic Data sufficient to identify each and every shipment of human erythropoietin or human erythropoietin fragments from Eugene Goldwasser to Amgen between 1980 and 1987.

**REQUEST FOR PRODUCTION NO. 202:**

All correspondence between Amgen and Marty Cline regarding alternate routes for looking for the EPO message.

**REQUEST FOR PRODUCTION NO. 203:**

All Documents and Electronic Data, Including scientific data, lab notebooks, letters,

notes, memoranda, summaries and presentations, Including drafts of said documents, further Including internal correspondence or external correspondence between Amgen and any other person or entity regarding Amgen's attempts to obtain the human erythropoietin protein sequence from 1980 through 1984.

**REQUEST FOR PRODUCTION NO. 204:**

All agendae, minutes, notes and memoranda concerning a meeting at Amgen on Tuesday, April 28, 1981 attended by Eugene Goldwasser, Including all materials distributed or presented at that meeting, further Including any personal notes taken by any attendee of that meeting.

**REQUEST FOR PRODUCTION NO. 205:**

All agendae, minutes, notes and memoranda concerning a meeting at Amgen on Friday, May 22, 1981 attended by Abbott Laboratories, Including all materials distributed or presented at that meeting, further Including any personal notes taken by any attendee of that meeting.

**REQUEST FOR PRODUCTION NO. 206:**

All agendae, minutes, notes and memoranda concerning Eugene Goldwasser's visit to Amgen on or about Friday, August 12, 1983, Including any materials distributed or presented by Eugene Goldwasser or Amgen or its employees or agents during that visit, and all documents sufficient to identify those Amgen employees or agents who may have met with Dr. Goldwasser.

**REQUEST FOR PRODUCTION NO. 207:**

All agendae, minutes, notes and memoranda relating to human erythropoietin that concern a scientific advisory board meeting at Amgen on June 16-17, 1981 Including all materials distributed or presented at that meeting, further Including any personal notes taken by any attendee of that meeting.

**REQUEST FOR PRODUCTION NO. 208:**

All Documents and Electronic Data reflecting internal correspondence or external correspondence between Amgen and any other person or entity regarding the technology embodied in U.S. Patent No. 4,179,337, or any communications regarding licensing of U.S. Patent No. 4,179,337.

**REQUEST FOR PRODUCTION NO. 209:**

Documents and Electronic Data sufficient to fully describe Amgen's specific role and responsibilities in the co-development of SD/01 with Roche.

**REQUEST FOR PRODUCTION NO. 210:**

All Documents and Electronic Data, Including laboratory notebooks, raw data, reports, memoranda, meeting minute notes, research proposals and requests for proposals and correspondence generated between January 1, 1997 and January 1, 2000 and related to Amgen's collaboration with Roche pursuant to agreement executed on or around April 10, 1997 between Roche, Kyowa, Kirin, and Amgen.

**REQUEST FOR PRODUCTION NO. 211:**

All Documents and Electronic Data, Including scientific data, lab notebooks, letters, notes, memoranda, summaries and presentations, Including drafts of said documents, sufficient to demonstrate the specific contribution of the following Amgen employees to the development of SD/01:  Aart Brouwer, Ronald Lorijn, Thomas Hecht, Maureen Graham, Julie Hartley, Wayne Pearl, Carsten Thiel, and George Morrow.

**REQUEST FOR PRODUCTION NO. 212:**

All Documents and Electronic Data, Including scientific data, lab notebooks, letters, notes, memoranda, summaries and presentations, Including drafts of said documents, concerning

Amgen's evaluation of Roche proprietary products having the name "ND28," "Ro-25-8315" or

"PEGG."

**REQUEST FOR PRODUCTION NO. 213:**

All Documents and Electronic Data, Including scientific data, lab notebooks, letters,

notes, memoranda, summaries and presentations, Including drafts of said documents,

demonstrating physical or chemical similarities between erythropoietin and any other

hematopoiesis protein.

**REQUEST FOR PRODUCTION NO. 214:**

All Documents and Electronic Data, Including scientific data, lab notebooks, letters,

notes, memoranda, summaries and presentations, Including drafts of said documents, relating to

Amgen's pegylation of a "hematopoietic protein" claimed in U.S. Patent No. 7,090,835.

**REQUEST FOR PRODUCTION NO. 215:**

All communications between Amgen AG, Amgen Lucerne, Amgen-Kirin, or Dompé and

Roche concerning development of a pegylated G-CSF product.

**REQUEST FOR PRODUCTION NO. 216:**

All Documents and Electronic Data Concerning the Amgen-Roche collaboration

"AMRO" between the years 1989 and 2002.

**REQUEST FOR PRODUCTION NO. 217:**

All Documents and Electronic Data Concerning the Amgen-Roche collaboration

"AMRO" between the years 1989 and 2002 concerning properties of various forms of pegylated

G-CSF.

**REQUEST FOR PRODUCTION NO. 218:**

All Documents and Electronic Data Concerning the Amgen-Roche collaboration

"AMRO" between the years 1989 and 2002 sufficient to identify Amgen employees and or agents participating in co-development of a pegylated G-CSF product with Roche.

**REQUEST FOR PRODUCTION NO. 219:**

All contracts, Including amendments, renewals, rescissions, and drafts, markups and redlines between Amgen and Roche concerning G-CSF or any pegylated G-CSF molecule product.

**REQUEST FOR PRODUCTION NO. 220:**

All licensing agreements, Including amendments, renewals, rescission and drafts, markups and redlines between Amgen and Roche concerning G-CSF or any pegylated G-CSF molecule or product.

**REQUEST FOR PRODUCTION NO. 221:**

All correspondence and communication between Amgen and Douglas Lauffenburger or Casim Sarkar of the Massachusetts Institute of Technology concerning interactions of pegylated proteins with receptor proteins.

**REQUEST FOR PRODUCTION NO. 222:**

All correspondence and communication between Amgen and Alec Gross or Harvey Lodish of the Massachusetts Institute of Technology concerning analyses of interactions of erythropoietin or hyperglycosylated erythropoietin and receptor proteins.

**REQUEST FOR PRODUCTION NO. 223:**

All Documents and Electronic Data reflecting internal correspondence or external correspondence between Amgen and any other person or entity regarding protein sequencing methods between 1980 and 1984.

**REQUEST FOR PRODUCTION NO. 224:**

All Documents and Electronic Data Concerning communications between Amgen and Joseph Baron that refer or relate to the clinical study of purified human erythropoietin.

**REQUEST FOR PRODUCTION NO. 225:**

All Documents and Electronic Data Concerning communications between Amgen and Dimitrios Emmanouel that refer or relate to the clinical study of purified human erythropoietin.

**REQUEST FOR PRODUCTION NO. 226:**

All Documents and Electronic Data Concerning communications between Amgen and Adrian Katz that refer or relate to the clinical study of purified human erythropoietin.

**REQUEST FOR PRODUCTION NO. 227:**

All internal correspondence and external correspondence between Amgen and any consultants, collaborators, or agents concerning the identification, presentation, analysis, or summary of the use of human erythropoietin of any origin in humans from 1980 through 1987.

**REQUEST FOR PRODUCTION NO. 228:**

All internal correspondence and external correspondence between Amgen and any consultants, collaborators, or agents concerning the identification, presentation, analysis, or summary of the use of human erythropoietin of any origin in humans to treat disease from 1980 through 1987.

**REQUEST FOR PRODUCTION NO. 229:**

All correspondence between Amgen and John Adamson concerning any relevant matter to the current litigation, Including human erythropoietin of any source, use of human erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis stimulating agents other than erythropoietin, and communications regarding any of Amgen's

competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 230:**

All correspondence between Amgen and Stefan Constantinescu concerning any relevant matter to the current litigation, Including human erythropoietin of any source, use of human erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis stimulating agents other than erythropoietin, and communications regarding any of Amgen's competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 231:**

All correspondence between Amgen and Eric Gaier concerning any relevant matter to the current litigation, Including human erythropoietin of any source, use of human erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis stimulating agents other than erythropoietin, and communications regarding any of Amgen's competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 232:**

All correspondence between Amgen and Benjamin Scher concerning any relevant matter to the current litigation, Including human erythropoietin of any source, use of human erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis stimulating agents other than erythropoietin, and communications regarding any of Amgen's competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 233:**

All correspondence between Amgen and Christopher Stromberg concerning any relevant matter to the current litigation, Including human erythropoietin of any source, use of human erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis

stimulating agents other than erythropoietin, and communications regarding any of Amgen's competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 234:**

All correspondence between Amgen and Charles Weissman concerning any relevant matter to the current litigation, Including human erythropoietin of any source, use of human erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis stimulating agents other than erythropoietin, and communications regarding any of Amgen's competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 235:**

All correspondence between Amgen and John Kuriyan concerning any relevant matter to the current litigation, Including human erythropoietin of any source, use of human erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis stimulating agents other than erythropoietin, and communications regarding any of Amgen's competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 236:**

All correspondence between Amgen and Axel Ullrich concerning any relevant matter to the current litigation, Including human erythropoietin of any source, use of human erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis stimulating agents other than erythropoietin, and communications regarding any of Amgen's competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 237:**

All correspondence between Amgen and Randolph Wall concerning any relevant matter to the current litigation, Including human erythropoietin of any source, use of human

erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis stimulating agents other than erythropoietin, and communications regarding any of Amgen's competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 238:**

All correspondence between Amgen and Richard Cummings concerning any relevant matter to the current litigation, Including human erythropoietin of any source, use of human erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis stimulating agents other than erythropoietin, and communications regarding any of Amgen's competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 239:**

All correspondence between Amgen and Stuart Orkin concerning any relevant matter to the current litigation, Including human erythropoietin of any source, use of human erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis stimulating agents other than erythropoietin, and communications regarding any of Amgen's competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 240:**

All correspondence between Amgen and Lawrence Chasin concerning any relevant matter to the current litigation, Including human erythropoietin of any source, use of human erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis stimulating agents other than erythropoietin, and communications regarding any of Amgen's competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 241:**

All correspondence between Amgen and J. P. Kamerling concerning any relevant matter

to the current litigation, Including human erythropoietin of any source, use of human erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis stimulating agents other than erythropoietin, and communications regarding any of Amgen's competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 242:**

All correspondence between Amgen and Sydney Brenner concerning any relevant matter to the current litigation, Including human erythropoietin of any source, use of human erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis stimulating agents other than erythropoietin, and communications regarding any of Amgen's competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 243:**

All correspondence between Amgen and Michael Gait concerning any relevant matter to the current litigation, Including human erythropoietin of any source, use of human erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis stimulating agents other than erythropoietin, and communications regarding any of Amgen's competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 244:**

All correspondence between Amgen and Nicholas Proudfoot concerning any relevant matter to the current litigation, Including human erythropoietin of any source, use of human erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis stimulating agents other than erythropoietin, and communications regarding any of Amgen's competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 245:**

All correspondence between Amgen and Sir John Walker concerning any relevant matter to the current litigation, Including human erythropoietin of any source, use of human erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis stimulating agents other than erythropoietin, and communications regarding any of Amgen's competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 246:**

All correspondence between Amgen and Christopher Winearls concerning any relevant matter to the current litigation, Including human erythropoietin of any source, use of human erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis stimulating agents other than erythropoietin, and communications regarding any of Amgen's competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 247:**

All correspondence between Amgen and Julian Davies concerning any relevant matter to the current litigation, Including human erythropoietin of any source, use of human erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis stimulating agents other than erythropoietin, and communications regarding any of Amgen's competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 248:**

All correspondence between Amgen and Michael Heartlein concerning any relevant matter to the current litigation, Including human erythropoietin of any source, use of human erythropoietin as a therapeutic agent, mechanisms of action or clinical use of erythropoiesis stimulating agents other than erythropoietin, and communications regarding any of Amgen's

competitors in the renal anemia marketplace.

**REQUEST FOR PRODUCTION NO. 249:**

All correspondence Concerning grants awarded by Amgen to any expert witness in this case, Including but not limited to Lodish, Constantinescu and Adamson from 1981 through the present, Including all correspondence, applications, status reports, updates, presentations and contracts or agreements related to those grants.

**REQUEST FOR PRODUCTION NO. 250:**

All Documents and Electronic Data, Including scientific data, lab notebooks, letters, notes, memoranda, summaries and presentations, Including drafts of said documents, relating to Amgen's evaluation of a mutated G-CSF molecule created by Kyowa Hakko, Ltd.

**REQUEST FOR PRODUCTION NO. 251:**

All documents, including laboratory notebooks, scientific data, presentations, memoranda and research summaries, demonstrating Amgen's use of an erythropoietin radioimmunoassay, including documents sufficient to show the specific activity of erythropoietin reference sample used, source, titer and specific binding of erythropoietin antibody used, level of non-specific binding observed for each assay, and source and protocol for iodination of erythropoietin for use as a radiolabeled ligand.

**REQUEST FOR PRODUCTION NO. 252:**

All documents that would instruct one of skill in the art as of November 1984 how to test whether cultured vertebrate cells have produced erythropoietin in the medium of their growth in excess of 100 U of erythropoietin per $10^6$ cells.

**REQUEST FOR PRODUCTION NO. 253:**

All documents that relate to Amgen's use of a "erythropoietin standard" disclosed in

Example 2 of the '349 patent (col. 16, line 43) or a "naturally-occurring human EPO standard" in Example 8 of the '349 patent (col. 24, line 51) from 1980 through 1992.

**REQUEST FOR PRODUCTION NO. 254:**

All documents that demonstrate Amgen's use of any erythropoietin standard in any radioimmunoassay from 1980 through 1992, including documents sufficient to identify each standard's source and specific activity.

**REQUEST FOR PRODUCTION NO. 255:**

All documents that demonstrate Amgen's use of anti-human erythropoietin antibodies for radioimmunoassay, including documents sufficient to show the each antibody's source, purification and specific binding against human erythropoietin.

**REQUEST FOR PRODUCTION NO. 256:**

All documents that demonstrate Amgen's use or development of methods for iodinating erythropoietin from any source between 1980 and 1984.

**REQUEST FOR PRODUCTION NO. 257:**

All documents, including laboratory notebooks, scientific data, presentations, memoranda and research summaries, concerning conversion of "U erythropoietin" to erythropoietin measured by weight between 1980 and 1992.

**REQUEST FOR PRODUCTION NO. 258:**

All documents demonstrating deposition of any antibody or erythropoietin standard used in radioimmunoassays disclosed in the '349 patent specification.

**REQUEST FOR PRODUCTION NO. 259:**

All Documents and Electronic Data Concerning any research at the University of

Chicago Concerning human EPO isolated from the urine of any human subject, and/or from any

human tissue, human sample, and/or any cell, Including without limitation the isolation,

purification, enzymatic digestion, sequencing, and/or any other analysis or characterization of

such human EPO, and Including without limitation any such documents Concerning any research

conducted by Dr. Eugene Goldwasser and/or Sanford Krantz, from 1975 through 1990 inclusive.

**REQUEST FOR PRODUCTION NO. 260:**

All Documents and Electronic Data Concerning any research at the University of

Chicago Concerning any non-human EPO isolated from the urine of any animal, and/or from any

tissue, sample, or cell, Including without limitation the isolation, purification, enzymatic

digestion, sequencing, and/or any other analysis or characterization of any such non-human EPO,

and Including without limitation any such documents Concerning any research conducted by Dr.

Eugene Goldwasser and/or Sanford Krantz, from 1975 through 1985 inclusive.

**REQUEST FOR PRODUCTION NO. 261:**

All Documents and Electronic Data Concerning any agreement, collaboration,

negotiation or communication of any kind between Amgen and the University of Chicago, from

1975 to the present, concerning any human EPO, non-human EPO, and/or any EPO analogs or

mutants, Including without limitation:

> (a) collaborations, consulting agreements, research agreements and research
> grants, Including without limitation any such agreements or grants concerning Dr.
> Eugene Goldwasser;

> (b) attempts and/or negotiations to enter into any such agreement or collaboration,
> Including without limitation any such attempts and/or negotiations concerning Dr.
> Eugene Goldwasser;

> (c) compensation, grants, gifts, stock or any other form of financial remuneration
> or benefit requested, obtained or received by the University of Chicago from
> Amgen, Including without limitation any such financial remuneration or benefit
> concerning Dr. Eugene Goldwasser;

> (d) any rights to intellectual property, Including without limitation any discussions

or negotiations concerning any rights to intellectual property; Including without limitation any rights under any patent application or patent and/or any rights concerning Dr. Eugene Goldwasser.

## REQUEST FOR PRODUCTION NO. 262:

All Documents and Electronic Data Concerning any sample(s) of human EPO maintained at the University of Chicago at any point from 1975 through 1987, inclusive, Including without limitation, any communications and/or requests to the University of Chicago Concerning such samples made from 1975 through the present, any business practices or policies concerning requests for such samples and policies regarding distribution of such samples to any person.

## REQUEST FOR PRODUCTION NO. 263:

All Documents and Electronic Data Concerning research grants and any other sponsored research Concerning Eugene Goldwasser, his laboratory, and/or collaborators at the University of Chicago, obtained and/or received in part or in full from any state, federal or private agency or entity, from 1970 through 1985 inclusive, Including without limitation:

(a) any sponsored or supported research concerning EPO;

(b) any sponsored or supported research concerning any other chemical compound, either natural or synthetic, and known or thought to possess biological effects similar to EPO;

(c) any sponsored or supported research concerning any design, production, purification, isolation, or in vitro or in vivo characterization of EPO analogs or mutants, and all documents in your possession or control that refer or relate to these activities.

## REQUEST FOR PRODUCTION NO. 264:

All Documents and Electronic Data Concerning any agreements between Amgen and Eugene Goldwasser, his laboratory and/or collaborators at the University of Chicago, regardless of subject matter, from 1975 through the present, Including without limitation any such agreements made between Amgen and the University of Chicago on behalf of Dr. Goldwasser

and/or his laboratory, and all Documents and Electronic Data Concerning any research grants

and any other sponsored research obtained and/or received in part or in full from Amgen,

Including without limitation:

> (a) any sponsored or supported research concerning EPO;
>
> (b) any sponsored or supported research concerning any other chemical compound, either natural or synthetic, and known or thought to possess biological effects similar to EPO;
>
> (c) any sponsored or supported research concerning any design, production, purification, isolation, or in vitro or in vivo characterization of EPO analogs or mutants, and all documents in your possession or control that refer or relate to these activities;
>
> (d) any other research grants, sponsorships, and equipment and reagent donations.

**REQUEST FOR PRODUCTION NO. 265:**

All Documents and Electronic Data Concerning collaboration and/or consulting

agreements, from 1975 through 1985 inclusive, between the University of Chicago and

companies other than Amgen, concerning EPO from any animal species, or any other chemical

compound, either natural or synthetic, either known or thought to possess biological effects

similar to EPO, Including without limitation any offers or proposals for such collaborations or

consulting agreements.

**REQUEST FOR PRODUCTION NO. 266:**

All Documents and Electronic Data Concerning communications from 1975 through the

present, between the University of Chicago and Amgen concerning the subject matter of

Amgen's EPO patents, Including without limitation:

> (a) the contribution of any person to that subject matter, Including without limitation, any examples in Amgen's EPO patents describing any cloning, purification, isolation and characterization of EPO;
>
> (b) the prosecution of Amgen's EPO patents;
>
> (c) licensing or enforcement by Amgen or any licensee of Amgen of any rights under Amgen's EPO patents, Including any litigation.

**REQUEST FOR PRODUCTION NO. 267:**

All Documents and Electronic Data Concerning patents or patent applications filed in the U.S. or abroad from 1975 through 1985 inclusive, and assigned to or otherwise concerning the University of Chicago, and concerning EPO from any species, or any other chemical compound, either natural or synthetic, either known or thought to possess biological effects similar to EPO.

**REQUEST FOR PRODUCTION NO. 268:**

All Documents and Electronic Data in the custody or control of Amgen Concerning any research concerning erythropoietin from any species, conducted by any undergraduate, graduate, or medical student, or postdoctoral fellow in collaboration with, or under the control or direction of Dr. Eugene Goldwasser, and/or while being advised by Dr. Goldwasser in any capacity about such research (the "student work"), Including without limitation any theses, research proposals, research summaries, papers, articles, presentations or abstracts, drafts, comments and notes Including all laboratory notebooks or data in any form concerning the "student work."

**REQUEST FOR PRODUCTION NO. 269:**

All Documents and Electronic Data in Amgen's custody or control that were received from, collected from and/or previously in the possession of Dr. Eugene Goldwasser at any time or any person under his direction and/or control, concerning erythropoietin of any species, any erythropoietin analog, any erythropoietin mutant, and/or Amgen.

**REQUEST FOR PRODUCTION NO. 270:**

All Documents and Electronic Data Including any Communications Concerning any archive or other depository of Documents Concerning Dr. Eugene Goldwasser's work on erythropoietin.

**REQUEST FOR PRODUCTION NO. 271:**

All Documents and Electronic Data Concerning any agreement, collaboration,

negotiation or communication of any kind between Amgen and Dr. Eugene Goldwasser, or

between Amgen and any other person acting on Dr. Goldwasser's behalf, Including the

University of Chicago, from 1975 through the present, Including without limitation:

> (a) collaborations, consulting agreements, research agreements and research grants concerning human EPO;
>
> (b) collaborations, consulting agreements, research agreements and research grants concerning any non-human EPO;
>
> (c) collaborations, consulting agreements, research agreements and research grants concerning any EPO analogs or mutants;
>
> (d) compensation, grants, gifts, stock or any other form of financial remuneration or benefit requested, obtained or received by Dr. Goldwasser or Dr. Goldwasser's laboratory from Amgen; and
>
> (e) attempts or negotiations to enter into any such agreement or collaboration.

**REQUEST FOR PRODUCTION NO. 272:**

All Documents and Electronic Data Concerning any communications between Dr.

Goldwasser and Amgen Concerning EPO, anemia, protein purification, cloning, compensation,

Amgen's EPO patents from 1975 through present, and/or any collaboration between Dr.

Goldwasser and Amgen concerning any of these topics.

**REQUEST FOR PRODUCTION NO. 273:**

All Documents and Electronic Data in Amgen's custody or control Concerning

communications from 1975 through the present, between Dr. Goldwasser and any person

Concerning the subject matter of Amgen's EPO patents, Including without limitation:

> (a) the contribution of any person to that subject matter, Including without limitation, any examples in Amgen's EPO patents describing any cloning, purification, isolation and characterization of EPO;
>
> (b) the prosecution of Amgen's EPO patents; and
>
> (c) licensing or enforcement by Amgen or any licensee of Amgen of any rights

under Amgen's EPO patents.

### REQUEST FOR PRODUCTION NO. 274:

All Documents and Electronic Data Concerning any sample(s) of human EPO in Dr.

Goldwasser's possession or control, or in the possession or control of any person acting on Dr.

Goldwasser's behalf, Including any such material used in Dr. Goldwasser's research, from 1975

through 1985 inclusive, Including without limitation:

> (a) all documents in your possession or control concerning such samples;

> (b) requests for any sample of such material from any person, Including communications between Dr. Goldwasser and any person concerning such requests, Including without limitation all documents in your possession or control concerning such requests; and

> (c) any policies concerning responding to any such requests made to Dr. Goldwasser, Dr. Goldwasser's laboratory or to the University of Chicago for such material, Including without limitation all documents in your possession or control concerning such policies.

### REQUEST FOR PRODUCTION NO. 275:

All Documents and Electronic Data Concerning any actual or proposed research,

development and/or analysis by Dr. Goldwasser, Including any collaboration with any other

person, Concerning EPO and Concerning:

> (a) characterization of glycosylation of human EPO of any origin, Including without limitation monosaccharide content and pattern of glycosylation;

> (b) prior to 1987, production of EPO from cultured cells of any type, variety or origin, Including without limitation the isolation, purification, quantification and in vitro and/or in vivo characterization of such material, and any communication with any person or entity regarding these activities.

### REQUEST FOR PRODUCTION NO. 276:

All Documents and Electronic Data in Amgen's custody or control Concerning research

grants and any other sponsored research, obtained or received by Dr. Goldwasser or used to

support Dr. Goldwasser's laboratory or research, from any state and federal government agencies

or entities, or private entities from 1970 through 1985 inclusive, Including without limitation:

(a) any sponsored or supported research concerning EPO;

(b) any sponsored or supported research concerning any other chemical compound, either natural or synthetic, and known or thought to possess biological effects similar to EPO; and

(c) any sponsored or supported research concerning any design, production, purification, isolation, or in vitro or in vivo characterization of EPO analogs or mutants, and all documents in your possession or control that refer or relate to these activities.

## REQUEST FOR PRODUCTION NO. 277:

All Documents and Electronic Data Concerning any actual or proposed research, development and/or analysis by Dr. Goldwasser, Including any collaboration with any other person, concerning design, production, purification, isolation, or in vitro or in vivo characterization of EPO analogs or mutants, and Including without limitation all documents in your possession or control that refer or relate to these activities.

## REQUEST FOR PRODUCTION NO. 278:

All Documents and Electronic Data in Amgen's custody or control Concerning any collaboration by Dr. Goldwasser with any person other than Amgen, or consulting by Dr. Goldwasser for any person other than Amgen, from 1975 through 1985 inclusive, Including without limitation any offers or proposals for collaborating or consulting made to or received by Dr. Goldwasser, and concerning:

(a) EPO from any animal species; and

(b) any other chemical compound, either natural or synthetic, and known or thought to possess biological effects similar to EPO.

## REQUEST FOR PRODUCTION NO. 279:

All Documents and Electronic Data Concerning any interactions and communications between Dr. Goldwasser and any person connected with University Patents, Inc., Including

without limitation Robert I. Siegel, Donald S. Sigal, and Samuel D. Golden, from 1975 through 1987 inclusive, and Including without limitation all documents in your possession or control that memorialize, evidence, or relate to any such interactions.

**REQUEST FOR PRODUCTION NO. 280:**

All Documents and Electronic Data in your possession and/or control concerning the policies and practices of the University of Chicago related to the distribution, retention, storage, archiving and destruction of any documents requested and/or provided according to this notice, Including the use of any electronic or digital means of storage such as any computer databases, disks or tapes.

**REQUEST FOR PRODUCTION NO. 281:**

All Documents and Electronic Data Concerning the article "*Efficiency of signaling through cytokine receptors depends critically on receptor orientation*" by Syed et al., Nature, 395, 1 October 1998, pp. 511-516, Including all documents related to the collaboration between Amgen and Axys Pharmaceuticals Inc. and between Amgen and the University of California at San Francisco related to the article and all documents concerning prior communications and collaborations between Amgen and Axys Pharmaceuticals Inc. and Amgen and Robert M. Stroud.

**REQUEST FOR PRODUCTION NO. 282:**

All Documents and Electronic Data Concerning the article "*NMR structure of human erythropoietin and a comparison with its receptor bound conformation*," Cheetham et al., Nature Structural Biology, vol. 5, , no. 10, October 1998, pp. 861-866.

**REQUEST FOR PRODUCTION NO. 283:**

All analysis and testing to determine the secondary and tertiary conformation of any EPO

product, Including Epogen®, Procrit®, Recormon®, or any modified EPO product, Including

Aranesp®, Including any attempts to characterize the structure and any failures to characterize

the structure of an EPO product or modified EPO product.

**REQUEST FOR PRODUCTION NO. 284:**

All Documents and Electronic Data Concerning testing, analysis, and modeling,

Including computer modeling, to determine the secondary and tertiary conformation of any EPO

product or modified EPO product, and any pegylated ESA, Including pegylated EPO and

pegylated NESP.

**REQUEST FOR PRODUCTION NO. 285:**

All Documents and Electronic Data Concerning testing, analysis, and modeling,

Including computer modeling, related to how EPO and CERA bind to cellular receptors, what

receptors they bind to, the binding affinity of EPO and CERA for their respective receptors and

how EPO and CERA initiate the production of red blood cells.

**REQUEST FOR PRODUCTION NO. 286:**

All Documents and Electronic Data Concerning testing, analysis, and modeling,

Including computer modeling, related to how Aranesp® binds to cellular receptors, what

receptors it binds to, the binding affinity of Aranesp® for its receptor and how Aranesp® initiates

the production of red blood cells.

**REQUEST FOR PRODUCTION NO. 287:**

All Documents and Electronic Data, Including reports and notes, Concerning

Communications between Amgen employees or agents and employees or agents of Health Care

Providers between 1999 and the present Concerning long term contracts for Epogen®, future

prices increases, most favored nation clauses, and future access to Amgen products.

**REQUEST FOR PRODUCTION NO. 288:**

All submissions by Amgen, any subsidiary, licensee or agents in proceedings before any court, administrative body or patent office related to EPO in Europe, Including Germany and the United Kingdom.

**REQUEST FOR PRODUCTION NO. 289:**

All Documents and Electronic Data Concerning Amgen's good faith basis for filing the present action, Including claim charts showing how Roche infringes every asserted claim.

**REQUEST FOR PRODUCTION NO. 290:**

All Documents and Electronic Data Concerning the construction of the all claim terms in the asserted patents, Including all documents that support Amgen's claim construction positions.

**REQUEST FOR PRODUCTION NO. 291:**

Contract templates and/or sample contracts sufficient to show the terms and conditions of agreements with Health Care Providers, or any group purchasing organizations, Concerning the purchase, manufacture, source or supply of any ESA product, Including Epogen® and/or Aranesp®, from 1999 to the present.

**REQUEST FOR PRODUCTION NO. 292:**

All contracts and agreements with Fresenius and DaVita from 1999 to the present.

**REQUEST FOR PRODUCTION NO. 293:**

Contract templates and/or sample contracts sufficient to show the terms and conditions of agreements with hospitals, or any group purchasing organizations for hospitals, in which discounts or rebates for the purchase of ESA products is linked, tied or bundled with the purchase of any other Amgen products from 1999 to the present.

**REQUEST FOR PRODUCTION NO. 294:**

All calendars and personal diaries of Leslie Mirani for 2005 and 2006.

**REQUEST FOR PRODUCTION NO. 295:**

All Documents and Electronic Data Concerning any knowledge of Amgen and/or its counsel or other representatives prior to April 2006 about any importation by Roche of CERA into the United States that did not fall within the uses protected by the safe harbor of 35 U.S.C. §271(e).

**REQUEST FOR PRODUCTION NO. 296:**

All Documents and Electronic Data Concerning any importation by Roche of CERA into the United States that did not fall within the uses protected by the safe harbor of 35 U.S.C. §271(e).

**REQUEST FOR PRODUCTION NO. 297:**

All Documents and Electronic Data Concerning any discussions or communications about whether Roche imported CERA into the United States for uses that were not protected by the safe harbor of 35 U.S.C. §271(e).

**REQUEST FOR PRODUCTION NO. 298:**

All Documents and Electronic Data Concerning the basis for Amgen's claim in the International Trade Commission in In the Matter of: Certain Products and Pharmaceutical Compositions Containing Recombinant Human Erythropoietin, filed April 11, 2006 ("ITC Investigation") that Roche's "importation and use" of CERA "in the United States infringes one or more claims" of the EPO Patents.  (See ITC Am. Compl. 1.2).

**REQUEST FOR PRODUCTION NO. 299:**

All Documents and Electronic Data Concerning  the basis for Amgen's claim in the ITC Investigation that "Roche is currently importing [CERA] for . . . imminent sale in the United States."  (ITC Am. Compl. 7.1)

**REQUEST FOR PRODUCTION NO. 300:**

All Documents and Electronic Data Concerning the basis for Amgen's claim in the ITC Investigation that "Roche is offering for sale" CERA in the United States.  (ITC Am. Compl. 7.2)

**REQUEST FOR PRODUCTION NO. 301:**

All Documents and Electronic Data Concerning the basis for Amgen's claim in the ITC Investigation that "Roche imports [CERA] for use and promotes the use of [CERA] by nephrologists and facilities that treat kidney dialysis patients  in the United States."  (ITC Am. Compl. 7.14)

**REQUEST FOR PRODUCTION NO. 302:**

All Documents and Electronic Data Concerning whether Amgen could obtain relief before the ITC absent importation by Roche of CERA into the United States that falls outside the safe harbor of 35 U.S.C. §271(e).

**REQUEST FOR PRODUCTION NO. 303:**

All Documents and Electronic Data Concerning any actual or potential sole source contract, requirements contract, or any form of exclusive dealing arrangement or similar arrangement, for the sale of any ESA product, Including Epogen® and/or Aranesp®, to any Health Care Provider, or group purchasing organization, Including internal memoranda and

emails and correspondence, from 1999 to the present.

**REQUEST FOR PRODUCTION NO. 304:**

All Documents and Electronic Data Concerning potential sales of ESA products by Roche, Including any discussions or communications Concerning the access of Roche to certain Amgen customers, or means or methods by which to dissuade, discourage or forestall any purchaser of ESA products from purchasing ESA products from Roche in the future.

**REQUEST FOR PRODUCTION NO. 305:**

All Documents and Electronic Data Concerning whether a claim, lawsuit or other legal or administrative proceeding for contributory infringement could or would be brought against a Health Care Provider, or any group purchasing organization, that purchases ESA products from Roche in the future, Including discussions or communications about Amgen informing any Health Care Provider that it could be subject to such a proceeding.

**REQUEST FOR PRODUCTION NO. 306:**

All Documents and Electronic Data Concerning any communication with a Health Care Provider, or any group purchasing organization, about whether a claim, lawsuit or other legal or administrative proceeding for contributory infringement could or would be brought against the Health Care Provider, or group purchasing organization, if it purchases ESA products from Roche in the future.

**REQUEST FOR PRODUCTION NO. 307:**

All Documents and Electronic Data Concerning any consequences (financial, access to product, or otherwise) to a Health Care Provider, or group purchasing organization, that purchases ESA products from Roche in the future, Including whether that Health Care Provider,

or group purchasing organization, would receive, or be entitled to, discounts on Amgen ESA products, whether that Health Care Provider, or group purchasing organization, would be able to purchase ESA products from Amgen, or whether there would be any other change in the terms and conditions of any agreement the Health Care Provider or group purchasing organization has or had with Amgen for the purchase of ESA products.

**REQUEST FOR PRODUCTION NO. 308:**

All Documents and Electronic Data Concerning topics or matters to be discussed with Health Care Providers, or any group purchasing organization, at any meeting of the National Renal Administrators Association held in 2006.

**REQUEST FOR PRODUCTION NO. 309:**

All Documents and Electronic Data Concerning any internal correspondence, Including emails, sent to or authored by Leslie Mirani during September to November 2006 regarding Amgen's customers for ESA products.

**REQUEST FOR PRODUCTION NO. 310:**

All Documents and Electronic Data, Including any internal Communications, memoranda, studies, charts, graphs, spreadsheets, or emails, Concerning CERA, potential sales of CERA, or any potential entry by Roche into the market (or markets) for ESA products.

**REQUEST FOR PRODUCTION NO. 311:**

All Documents and Electronic Data, Including any internal Communications, memoranda, studies, charts, graphs, spreadsheets, or emails, Concerning the potential entry of any Person or Entity other than Amgen or its Affiliates into the market (or markets) for ESA products from 1999 to the present.

**REQUEST FOR PRODUCTION NO. 312:**

All Documents and Electronic Data Concerning the reasons for linking, tying or bundling discounts or rebates for the purchase of ESA products with the purchase of any other Amgen products from 1999 to the present.

**REQUEST FOR PRODUCTION NO. 313:**

All Documents and Electronic Data Concerning the effect of any potential sales by Roche on the market (or markets) for ESA products for the treatment of patients with ESRD.

**REQUEST FOR PRODUCTION NO. 314:**

All Documents and Electronic Data Concerning the effect of any potential sales by Roche on the market (or markets) for ESA products for the treatment of patients with CKD.

**REQUEST FOR PRODUCTION NO. 315:**

All Documents and Electronic Data Concerning any relationship of government or private reimbursement for the use of ESA products to demand for, or any purchaser's willingness to procure (generally or from a particular manufacturer) those products.

DATED:      January 8, 2007

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

By its attorneys,

/s/ Patricia A. Carson
Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Tel: (212) 836-8000

and

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served upon the attorneys of record for the plaintiff (as listed below) by overnight mail on the above date.

Lloyd R. Day, Jr. (*pro hac vice*)
David A. Madrid (*pro hac vice*)
Linda A. Sasaki-Baxley (*pro hac vice*)
DAY CASEBEER MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

D. Dennis Allegretti (BBO#545511)
Michael R. Gottfried (BBO#542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (617) 289-9200
Facsimile: (617) 289-9201

William G. Gaede III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Kevin M. Flowers (*pro hac vice*)
Thomas I. Ross (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

Jay Chen