# EXHIBIT 15

Fishman Decl. to Amgen's Opp to Motion to Preclude Testimony from Amgen's Belated Disclosed Fact Witnesses  - Public

Dockets.Justia.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 05 Civ. 12237 WGY |
| v. | ) |
| | ) |
| F. HOFFMANN-LAROCHE LTD., | ) |
| ROCHE DIAGNOSTICS GMBH, AND | ) |
| HOFFMANN LAROCHE INC., | ) |
| | ) |
| Defendants. | ) |

**AMGEN'S NOTICE OF DEPOSITION AND SUBPOENA *DUCES TECUM* TO GENENTECH, INC.**

TO ALL PARTIES HERETO AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30 and 45, plaintiff Amgen Inc. will take the deposition upon oral examination of a corporate representative of Genentech, Inc. regarding the Deposition Topic in Schedule A attached hereto, commencing on March 29, 2007 at 10:00 a.m. at the offices of Duane Morris LLP, One Market, Spear Tower, Suite 2000, San Francisco, CA 94105, and continuing from day to day thereafter, excluding weekends and holidays, until completed. The deposition will be recorded by a videographer and a certified court reporter.

PLEASE TAKE FURTHER NOTICE that Genentech, Inc. is required, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, and in accordance with the Definitions and Instructions set forth in Schedule A, to produce and permit the inspection and copying of all documents and other tangible things described in Schedule A attached hereto which are in Genentech, Inc.'s possession, custody or control, or that of any agent, attorney, accountant, employee, designee, or representative thereof, on March 26, 2007 at 10:00 a.m. at the law offices of Marshall, Gerstein & Borun LLP, 233 S. Wacker Drive, Suite 6300, Chicago, Illinois 60606.

Respectfully Submitted,
AMGEN INC.,
By its attorneys,

*[signature]*

| | |
|---|---|
| Of Counsel: | D. DENNIS ALLEGRETTI (BBO#545511) |
| | MICHAEL R. GOTTFRIED (BBO#542156) |
| STUART L. WATT | DUANE MORRIS LLP |
| WENDY A. WHITEFORD | 470 Atlantic Avenue, Suite 500 |
| MONIQUE L. CORDRAY | Boston, MA  02210 |
| DARRELL G. DOTSON | Telephone:    (617) 289-9200 |
| KIMBERLIN L. MORLEY | Facsimile:     (617) 289-9201 |
| AMGEN INC. | |
| One Amgen Center Drive | LLOYD R. DAY, JR. (*pro hac vice*) |
| Thousand Oaks, CA   91320-1789 | DAY CASEBEER |
| (805) 447-5000 |   MADRID & BATCHELDER LLP |
| | 20300 Stevens Creek Boulevard, Suite 400 |
| | Cupertino, CA  95014 |
| | Telephone:    (408) 873-0110 |
| | Facsimile:     (408) 873-0220 |
| | |
| | WILLIAM GAEDE III (*pro hac vice*) |
| | McDERMOTT WILL & EMERY |
| | 3150 Porter Drive |
| | Palo Alto, CA 94304 |
| | Telephone:    (650) 813-5000 |
| | Facsimile:     (650) 813-5100 |
| | |
| | KEVIN M. FLOWERS (*pro hac vice*) |
| | MARSHALL, GERSTEIN & BORUN LLP |
| | 233 South Wacker Drive |
| | 6300 Sears Tower |
| | Chicago IL 60606 |
| | Telephone:    (312) 474-6300 |
| | Facsimile:     (312) 474-0448 |

March 13, 2007

2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 05 Civ. 12237 WGY |
| v. | ) | |
| | ) | |
| F. HOFFMANN-LAROCHE LTD., | ) | |
| ROCHE DIAGNOSTICS GMBH, AND | ) | |
| HOFFMANN LAROCHE INC., | ) | |
| | ) | |
| Defendants. | ) | |

## SCHEDULE A

## **DEFINITIONS**

1. As used herein, "all" means "any and all"; "any" means "any and all."

2. As used herein, "and" and "or" encompass both "and" and "or," and references shall be construed either as singular or plural, as necessary to bring within the scope of these requests any information or documents and things that might otherwise be construed to be outside their scope.

3. As used herein, "concerning" means referring to, describing, evidencing, or constituting.

4. As used herein, "including" means "including but not limited to."

5. As used herein, "document" shall have the same meaning as specified in Fed. R. Civ. P. 34(a), including any written, printed, typed, recorded, digital, magnetic, punched, copied, graphic or other tangible thing in, through, or from which information may be embodied, translated, conveyed, stored or obtained (including electronic mail, personal productivity software, databases, spreadsheets, group or collaboration servers and software, websites, electronic bulletin boards, electronic discussion boards, video recordings, audio recordings, digital recordings, computer tapes, computer disks, microfilm, microfiche and all other media from which information can be obtained. Pursuant to District of Massachusetts Local Rule 26.5(c)(2), drafts or non-identical copies are considered separate documents within the meaning of this term.

6. As used herein, "person" means any natural person and any other cognizable entity, including corporations, proprietorships, partnerships, joint ventures, businesses, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders, consistent with the definition set forth at District of Massachusetts Local

Rule 26.5(c)(6).

7. As used herein, "relating to" shall mean relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, depicting, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or part), as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8. As used herein, "employee" means any director, trustee, officer, employee, partner, corporate parent, subsidiary, affiliate or servant of the designated entity, whether active or retired, full-time or part-time, current or former, and compensated or not.

9. As used herein, "EPO" means any naturally occurring, recombinantly produced, or chemically synthesized form of human erythropoietin.

10. As used herein, "PEG-EPO" mean any erythropoietic protein or polypeptide having at least one attached moiety comprising polyethylene glycol and any other form of erythropoietin or erythropoietin analog having at least one attached moiety comprising polyethylene glycol. References to PEG-EPO include without limitation the Roche product comprising epoetin beta conjugated to one polyethylene glycol moiety, and which has been referred to by Roche as "MIRCERA," "CERA" and "Ro 50-3821."

11. As used herein, "Genentech" means Genentech, Inc., which is a Delaware corporation with its primary place of business at 1 DNA Way, South San Francisco, CA 94080, and its predecessor(s) or successor(s) in interest, parent(s), subsidiaries, related and affiliated person or entities, or any person employed by or for any or all of these entities, officers and directors of any or all of these entities, and agents or representatives of any or all of these entities.

2

12.     As used herein, "Roche" means Defendant(s) Hoffmann-La Roche Inc., F. Hoffman-La Roche Ltd., or Roche Diagnostics GmbH, and their directors, officers, employees, attorneys, accountants, consultants, representatives, agents, divisions, parents, subsidiaries, or affiliates, past or present (including without limitation Boehringer Mannheim GmbH and Chugai Pharmaceuticals Co., Ltd.), any partnership, and any joint venture to which they are a party, and all others acting on their behalf.

**DEPOSITION TOPIC**

The authenticity of all documents produced in response to the Document Requests set out below.

**DOCUMENT REQUESTS**

1. All documents concerning the identification, isolation, cloning or expression of a gene encoding EPO.

2. All documents concerning the identification, isolation, purification and analysis (including without limitation sequence determination) of EPO.

3. All documents concerning the use of any radioimmunoassay relating to EPO.

4. All documents concerning the induction of EPO production in any organism, including without limitation the induction of EPO production in an organism exposed to low oxygen conditions and/or by exposure to phenyl hydrazine.

5. All documents concerning EPO produced by the Chinese Hamster Ovary (CHO) cell line known or referred to as "DN2-3α3."

6. All documents concerning PEG-EPO.

7. All agreements with Roche concerning EPO or PEG-EPO.

8. All documents authored by Dr. Axel Ullrich (or any person working for or with him) concerning EPO, including without limitation laboratory notebook pages.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

**AMGEN INC.**,

                Plaintiff,

v.

**F. HOFFMANN-LA ROCHE LTD., ROCHE DIAGNOSTICS GmbH and HOFFMANN-LA ROCHE INC.**,

                Defendants.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 05 CV 12237 WGY

PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

TO:     **Genentech, Inc.**
          1 DNA Way
          South San Francisco, California 94080-4990

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Duane Morris LLP, One Market, Spear Tower, Suite 2000, San Francisco, CA 94105<br><br>The deposition will be recorded by a videographer and a certified court reporter. | DATE AND TIME   March 29, 2007 at 10 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents and objects):

**See Schedule A (attached)**

| PLACE   Marshall, Gerstein & Borun LLP, 233 S. Wacker Drive; Ste. 6300; Chicago, Illinois 60606 | DATE AND TIME   March 26, 2007 at 10 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Amgen Inc.<br><br>*[signature]* | DATE<br><br><br><br>March 13, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kevin F. Flowers, Marshall, Gerstein & Borun LLP, 233 S. Wacker Drive, ste. 6300, Chicago, Illinois 60606

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                               SIGNATURE OF SERVER

                                                     _____
                                                     ADDRESS OF SERVER

                                                     _____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

   (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.

   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect the person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of this document was served upon the attorneys of record for the defendants (as listed below) via federal express overnight delivery and electronic mail on the above date.

Leora Ben-Ami *(pro* hac vice)
Patricia A. Carson *(pro* hac vice)
Thomas F. Fleming *(pro* hac vice)
Howard Suh *(pro* hac vice)
Peter Fratangelo (BBO#639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Tel: (212) 836-8000

and

Lee Carl Bromberg (BBO#058480)
Julia Huston (BBO#562160)
Keith E. Toms (BBO#663369)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292

Mark H. Izraelewicz