UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**AMGEN INC.,**

    **Plaintiff,**

v.                                                          CIVIL ACTION No. : 05-CV-12237-WGY

**F. HOFFMANN-LA ROCHE LTD.,**
**ROCHE DIAGNOSTICS GmbH, and**
**HOFFMANN-LA ROCHE INC.,**

    **Defendants.**

---

**DECLARATION OF DENNIS KOGOD**
**IN SUPPORT OF NON-PARTY DAVITA'S THIRD UNOPPOSED MOTION FOR**
**LEAVE TO FILE UNDER SEAL DOCUMENTS CONTAINING NON-PARTY**
**DAVITA'S TRADE SECRETS THAT WERE SUBMITTED BY ROCHE,**
**OR IN THE ALTERNATIVE, FOR A STAY PENDING APPEAL**

---

I, Dennis Kogod, hereby declare as follows:

1.    I am the Group President for the Western Operating Group for DaVita Inc. ("DaVita"). I have held this position since approximately October 2005.

2.    I make this declaration based upon my personal knowledge.

3.    My duties include, but are not limited to, negotiating pharmaceutical purchase contracts with Amgen USA Inc. ("Amgen"), and analyzing the financial aspects of such purchase contracts. I am a member of the team that negotiates with Amgen regarding the purchase of Epogen® for use by patients receiving dialysis services from DaVita. Discussions between Amgen and DaVita related to executing a new Epogen® supply agreement have taken place intermittently since August 2006.

4.    I am submitting this declaration in support of DaVita's Third Assented-To Motion to File Under Seal Documents Containing Non-Party DaVita's Trade Secrets That Were

Submitted by Roche, or in the Alternative, for a Stay Pending Appeal, in connection with Roche's Opposition to Amgen's Motion for Summary Judgment. Certain of the exhibits submitted by Roche in support of its Opposition contain DaVita's confidential and trade secret information, and for that reason, DaVita seeks to keep this information under seal.

5. Specifically, the information contained in: (1) footnote 224 ("Footnote 224") of Einer Elhauge's report submitted by Roche as Exhibit 85[1] (the "Elhauge Report"); and (2) Roche Exhibit 209, a document that, upon information and belief, was created by Amgen and reflects price negotiations between Amgen and DaVita.

6. The information contained in footnote 224 of the Elhauge Report reveals key proposed terms discussed during confidential negotiations between DaVita and Amgen regarding a new Epogen® supply agreement including the potential percentage of total discount and rebate opportunities under the contract.

7. Any information regarding prices that Amgen offered to DaVita during the current negotiations, which have been ongoing since August 2006, are considered highly confidential by DaVita, and are only known by a small number of DaVita employees.

8. At my deposition on April 2, 2007 my counsel designated my testimony as "Highly Confidential." Under the terms of the protective order in effect in this case, designating the testimony as such limited its disclosure to the outside counsel involved in this case. I gave my deposition testimony in reliance on that designation and in reliance on DaVita's rights pursuant to the protective order, to move to keep my testimony under seal, to the extent that such testimony revealed DaVita's trade secrets. The documents that DaVita produced to Roche and

---

[1] The exhibit numbers referenced herein are derived from the Declaration of David L. Cousineau in Support of Roche's Opposition to Amgen's Motion for Summary Judgment on Roche's Antitrust and State Law Counterclaims (Docket #589), filed by Roche on June 29, 2007.

Amgen were also designated "Highly Confidential," and produced in reliance on the protections of the protective order.

9. Information relating to DaVita's contractual arrangements and negotiations with Amgen regarding Epogen® is highly sensitive and is a significant aspect of DaVita's business as a supplier of dialysis services. Should a competitor become privy to information regarding this information, that competitor could use this information to its advantage, and inherently to DaVita's disadvantage, in the competitor's negotiations with Amgen. In other words, the disclosure of this information would destroy the trade secret status of this sensitive information, and irreparably harm DaVita in the highly competitive dialysis services industry.

10. DaVita has maintained the secrecy of these terms. The substance of ongoing negotiations with Amgen are not disclosed beyond a small number of DaVita's management employees.

11. In the highly competitive dialysis services industry, it is common practice for DaVita to maintain the confidentiality of trade secrets and proprietary information, such as the information regarding ongoing negotiations contained in Einer Elhauge's report, and Roche Exhibit 209.

12. DaVita would be severely disadvantaged and harmed by the disclosure of the above-referenced highly confidential, trade secret information in the public record where it would be available to all without restriction or limitation, including DaVita's competitors.

I declare on July 27, 2007, under penalty of perjury, that the foregoing is true and correct.

/s/ Dennis Kogod
DENNIS KOGOD

## CERTIFICATE OF SERVICE

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


                /s/ Peter L. Mello
                PETER L. MELLO