UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC.,<br><br>    Plaintiff,<br><br>       v.<br><br>F. HOFFMANN-LA ROCHE, Ltd, a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company and HOFFMANN-LA ROCHE INC., a New Jersey Corporation,<br><br>    Defendant. | Civil Action No. 05-12237 WGY<br><br>U.S. District Judge Young |

### ROCHE'S REPLY IN SUPPORT OF ITS MOTION PURSUANT TO FED. R. CIV. P. 56(f) FOR RELIEF FROM AMGEN'S MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836 8000

Lee Carl Bromberg (BBO# 058480)
Timothy M. Murphy (BBO# 551926)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292

*Counsel for Defendants
F. Hoffmann-La Roche Ltd,
Roche Diagnostics GmbH, and
Hoffmann-La Roche Inc.*

Dated: New York, New York
        July 31, 2007

ws85.tmp

Amgen's opposition to Roche's Rule 56(f) motion plainly ignores the facts and procedural history of this case, and is yet another attempt by Amgen to evade the orders of this Court and preclude the continued deposition of Mr. Borun on factual issues that this Court has ruled Roche is entitled to discover. Amgen contends that issues relating to the erroneous hexose and fucose values in Example 10 were never part of Roche's inequitable conduct case and, therefore, the continued deposition of Mr. Borun on these matters has no consequence to Amgen's Motion for Summary Judgment of No Inequitable Conduct. Amgen, once again, has not been forthright with this Court.

Amgen argues that "[d]espite having full knowledge of this issue, Roche chose not to pursue it. There are no allegations of inequitable conduct surrounding the monosaccharide values in Roche's Answer, First Amended Answer, or even its proposed Second Amended Answer (which this Court denied in any event)." (Amgen's Opp. 3). Amgen's position is plainly and unequivocally wrong.

Roche's First Amended Answer, filed on March 30, 2007, during fact discovery, clearly states that

> Amgen's consistent pattern of failing to apprise the United States examiners of material information from European proceedings is similarly shown through its failure to disclose arguments that were raised during the opposition proceedings to its Kirin-Amgen European Patent Application No. 0 148 605 regarding the high materiality of errors in the data corresponding to Example 10 of its US patent application.

(Roche's First Amended Answer (Docket No. 344) ¶ 49). Furthermore, Roche's March 14, 2007 response to Amgen's Interrogatory No. 26 as well as its April 2, 2007 supplemental response, both served upon Amgen before the end of fact discovery, disclose identical information. (Ex. 1, Defendants' Responses and Objections to Plaintiff Amgen Inc.'s Third Set of Interrogatories to

Defendants (No. 26) at 10; Ex. 2, Defendants' Supplemental Responses and Objections to Plaintiff Amgen Inc.'s Third Set of Interrogatories to Defendants (No. 26) at 8).[1]

Additionally, both the March 14 and April 2 interrogatory responses stated that "after Amgen learned of the error in its reporting of the carbohydrate analysis of CHO rEPO and urinary EPO in example 10 ('933 patent 28:51-67), it did not make that error known to the various examiners or the public by disclosing the mistake in any response or amendment in the file history." (Ex. 1, Defendants' Responses and Objections to Plaintiff Amgen Inc.'s Third Set of Interrogatories to Defendants (No. 26) at 40; Ex. 2, Defendants' Supplemental Responses and Objections to Plaintiff Amgen Inc.'s Third Set of Interrogatories to Defendants (No. 26) at 50; *see also* Roche's Rule 56.1 Statement of Facts in Support of Its Opposition to Amgen's Motion for Summary Judgment of No Inequitable Conduct (Docket No. 648 filed July 5, 2007) ¶ 202).

Amgen's contentions are particularly egregious in light of the fact that it responded to these very allegations in at least two sections of its April 2, 2007 response to Roche's interrogatory. (Ex. 4, Plaintiff Amgen Inc.'s Responses to Defendant's Third Set of Interrogatories to Plaintiff (Nos. 19-40), Interrogatory Response No. 20 at 15-16, 29). This only highlights the baseless nature of Amgen's current opposition. In short, Amgen knew that its erroneous data in example 10 is relevant to Roche's inequitable conduct defense -- these facts were adequately pled and disclosed during fact discovery, have been maintained by Roche ever since and were responded to by Amgen during fact and expert discovery.

Amgen's persistent contentions of prejudice and unfair surprise relating to Roche's inequitable conduct defenses repeatedly ignores the procedural history of this case. Every fact that

---

[1] "Ex. __" as used herein refers to the Declaration of Thomas F. Fleming, Esq. In Support of Roche's Reply In Support of Its Motion Pursuant to Fed. R. Civ. P. 56(f) for Relief from Amgen Inc.'s Motion for Summary Judgment of No Inequitable Conduct submitted concurrently herewith.

Roche relies on to support its inequitable conduct defenses was disclosed during fact discovery in its April 2, 2007 interrogatory response. Amgen cannot contend otherwise. Furthermore, Amgen's expert, Mr. Kunin, responded to each of these factual allegations in painstaking detail in his 280-plus page expert reports submitted on May 11, 2007 and June 1, 2007, including the very issue that Amgen now claims was never part of Roche's inequitable conduct defense. (Ex. 3, May 11, 2007 Expert Report of Stephen G. Kunin ¶¶ 441-42).

In sum, Amgen's opposition, riddled with affirmative factual misrepresentations, is yet another attempt to evade this Court's July 5, 2007 Order that Mr. Borun shall be produced for a deposition on topics pertinent to Roche's inequitable conduct defenses. As Amgen's only argument is based on factual inaccuracies, and for the reasons stated in Roche's Motion Pursuant to Fed. R. Civ. P. 56(f) for Relief From Amgen's Motion for Summary Judgment of No Inequitable Conduct filed on July 5, 2007, this Court should grant relief under Rule 56(f) and deny Amgen's Motion for Summary Judgment.

3

Dated: July 31, 2007
       Boston, Massachusetts

Respectfully submitted,

F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc.

By their Attorneys,

/s/  Keith E. Toms
Lee Carl Bromberg (BBO# 058480)
Timothy M. Murphy (BBO# 551926)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA  02110
Tel. (617) 443-9292
ktoms@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
Kaye Scholer LLP
425 Park Avenue
New York, New York  10022
Tel. (212) 836-8000

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

/s/ Keith E. Toms
Keith E. Toms

03099/00501 713642.1