UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GMBH, AND HOFFMANN-LA ROCHE INC., | ) ) ) ) |
| Defendants. | ) ) |

**DECLARATION OF KEITH E. TOMS IN SUPPORT OF ROCHE'S REPLY IN FURTHER SUPPORT OF ITS EMERGENCY MOTION TO STRIKE PORTIONS OF EIGHT EXHIBITS CONTAINING ROCHE MANUFACTURING TRADE SECRETS THAT ARE NOT NECESSARY FOR AMGEN'S INFRINGEMENT MOTIONS OR IN THE ALTERNATIVE TO SEAL THESE SELECT EXHIBITS**

I, Keith E. Toms, hereby declare under pains an penalties of perjury that:

1.  I am an attorney with the law firm of Bromberg & Sunstein LLP, and am outside counsel for F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc. (collectively "Roche") in the present lawsuit. I make this declaration of my own personal knowledge.

2.  Over the course of the last week, I engaged in several telephone conference with Ms. Deborah Fishman from the law firm of Day Casebeer Madrid & Batchelder LLP, who is counsel for Amgen, regarding the parties' negotiations over the eight exhibits at issue in Roche's motion to strike. By Friday night, Amgen had agreed to unilaterally limit is submission of Exhibit 5 to certain pages (some but not all of which Roche agreed may be publicly filed). Amgen also agreed, as part of a negotiated

resolution, to limit its public filing to redacted versions of Scott Exhibit 43, 45, 55 and Galvin Exhibit 1. With respect to Scott Exhibits 43, 45, and 55, Amgen would agree to limit its submission to the pages it cited (which were the pages offered in Roche's proposal of July 10, 2007, a copy of which is attached as Exhibit 2 to the Declaration of Deborah E. Fishman [Docket No. 723]). Furthermore, with respect to the Galvin Exhibit 1, it was my understanding that Amgen would agree to redact the specific trade secret data contained on page 213, and 215–217 if it could keep the titles and headings to the various pages. I explained to Ms. Fishman that, even with the modifications to Galvin Exhibit 1, we would likely be able to reach an agreement with respect to these four exhibits.

3. When it became apparent that an agreement would be unlikely as to the other exhibits, the parties explored narrowing the issues on the motion to strike by limiting Scott Exhibits 43, 45, 55, and Galvin Exhibit 1 to exclude Roche's trade secrets because we were in agreement on these exhibits. Although Amgen would not agree to narrow the issues at that time, Roche remains willing for redacted versions of these exhibits to be filed in the public record.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  July 16, 2007         /s/ Keith E. Toms
                                    Keith E. Toms

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 31, 2007.

                                                  /s/ Keith E. Toms
                                                  Keith E. Toms

03099/00501 713615.1