Amgen Inc. v. F. Hoffmann-LaRoche LTD et al    Doc. 803 Att. 11
Case 1:05-cv-12237-WGY   Document 803-12   Filed 08/10/2007   Page 1 of 12

Exhibit 4, Part 6

FRITSCH ET AL. v. LIN
Interference Nos. 102,097

> be precisely and universally reproducible. See *In re Gay*, 309 F.2d 769, 773, 135 USPQ 311, 316 (CCPA 1962).

Regarding Lin's deposits, the Court noted (at 1026):

> *Defendants finally argue that Lin's failure to deposit the transfected cells notwithstanding the fact that he was willing to deposit essentially worthless cell material was evidence of deliberate concealment. We have already stated that deposit of the host cells containing the rEPO gene was not necessary to satisfy the best mode requirement of Section 112. The best mode was disclosed and a deposit was not necessary to carry it out. Therefore, the fact that some cells were deposited, but not others, is irrelevant.*

Thus, each and every point argued in the Fritsch et al brief regarding Lin's best mode has already been fully dealt with and determined in Lin's favor by the District Court and Federal Circuit. There is <u>no</u> evidence, as pointed out by the District Court and affirmed by the Federal Circuit, that Lin held back or concealed information necessary for the practice of his invention as disclosed in each of his applications. To show that best mode requirements have not been satisfied, there must be clear evidence that the preferred mode contemplated by the inventor at the time of filing of the patent application was held back or concealed. There is no such evidence here.

As the Court stated in <u>Hybritech, Inc. v. Monoclonal Antibodies, Inc.</u>, 231 USPQ 81, 94 (Fed.Cir. 1986):

> *Because not complying with the best mode requirements amounts to <u>concealing the preferred mode contemplated by applicant at the time of filing</u>, in order to find that the best mode requirement is not satisfied, it must be shown that the <u>applicant knew of and concealed a better mode than he disclosed</u>. (emphasis supplied)*

52

AM 17 010658
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00337704
Dockets.Justia.com

<u>FRITSCH ET AL. v. LIN</u>
Interference Nos. 102,097

The Federal Circuit and District Court found Lin's Example 10 satisfied best mode requirements.[19] Lin viewed the Example 10 host cells as his best mode and Fritsch has offered <u>no</u> evidence that Lin contemplated a <u>better mode</u> of practicing or carrying out his invention than that disclosed in Example 10. Lin has satisfied best mode requirements, and Fritsch et al have not at all met their burden of establishing the contrary.[20]

### (d)   <u>Lin's Claims Are Patentable Under 35 USC 103</u>

The Fritsch argument (FB 44-51) is also, in essence, nothing more than a re-hash of the arguments against Lin's DNA and host cell claims advanced by Fritsch's assignee and dismissed by the Courts. The record before the Board is no different than that which prompted the District Court and the Federal Circuit to find that Lin's DNA and host cell inventions were unobvious. It is noteworthy that the Fritsch et al brief presents exactly the same argument on obviousness of the present count as was presented in its

---

[19]   The 11 clones developed as candidates for Amgen's prospective master working cell bank were from the CHO B11 3.1 cell strain, and Lin's knowledge as to these, was included in the Court's consideration. See District Court review (page 1772).

[20]   Attention is also called to the footnote 5 of the Federal Circuit decision (18 USPQ2d at 1023) which reads:

> *Defendants assert that all the claims should be invalid for failure to disclose the best mode. We perceive that the best mode issue only relates to the host cell claims 4, 6, 23-27 and 29. Absent inequitable conduct, a best mode defense only affects those claims covering subject matter the practice of which has not been disclosed in compliance with the best mode requirement. See <u>Northern Telecom, Inc. v. Datapoint Corp.</u>, 908 F2d 931, 940, 15 USPQ 2d 1321, 1328 (Fed. Cir.) <u>cert. denied</u> ___ U.S. ___, 111 S.Ct. 296 (1990).*

AM 17 010659
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00337705

FRITSCH ET AL. v. LIN
Interference Nos. 102,097

arguyment in the 102,096 interference except for two sentences beginning at the bottom of FB 49 and another two sentences in the penultimate paragraph of FB 49. The cryptic reference at FB 47 to "General Finding 2-3 et seq." simply invites attention to proposed findings III-36 to III-44 concerning Lin's prosecution. The FB 49 citation to proposed finding III-49 is an attempt to invest the Toole et al patent with significance.

Fritsch et al state (FR 46) that *if* the cloning approach was "obvious to try" and there was a reasonable chance of success, then the preparation of the host cells would be obvious. However, the Federal Circuit rejected this argument and affirmed that the EPO DNA sequence and host cells transformed therewith are not obvious from the prior art, including the Toole et al patent. Thus, the Federal Circuit, in agreeing with the District Court's position that the Lin '008 patent claims were valid over the prior art, including the Toole patent, stated (1022):

> *The district court specifically found that, as of 1983, none of the prior art references "suggest[s] that the probing strategy of using two fully-redundant [sic] sets of probes, of relatively high degeneracy [sic], to screen a human genomic library would be likely to succeed in pulling out the gene of interest." 13 USPQ2d at 1768. While it found that defendants had shown that these procedures were "obvious to try", the references did not show that there was a reasonable expectation of success. See In re O'Farrell, 853 F.2d 894, 903-04, 7 USPQ2d 1673, 1680-81 (Fed. Cir. 1988).*
>
> *Defendants challenge the district court's determination, arguing that, as of September 1983, one of ordinary skill in the art would have had a reasonable expectation of success in screening a gDNA library by Lin's method in order to obtain EPO. We agree with the district court's conclusion, which was supported by convincing testimony. One witness, Dr. Davies of Biogen, another biotechnology company that had worked on EPO, stated that he could not say whether Biogen scientists would have succeeded in isolating the EPO gene if Biogen had the EPO fragments that were available to Lin in 1983.*

54

AM 17 010660
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00337706

FRITSCH ET AL. v. LIN
Interference Nos. 102,097

> Dr. Wall, a professor at UCLA, testified that it would have been "difficult" to find the gene in 1983, and that there would have been no more than a fifty percent chance of success. He said, "you couldn't be certain where in the genomic DNA your probe might fall". The court found that no one had successfully screened a genomic library using fully-degenerate probes of such high redundancy as the probes used by Lin. In the face of this and other evidence on both sides of the issue, it concluded that defendants had not shown by clear and convincing evidence that the procedures used by Lin would have been
> obvious in September 1983. We are not persuaded that the court erred in its decision.

The Federal Circuit then summarized its opinion on the obviousness issue as follows:

> Hindsight is not a justifiable basis on which to find that ultimate achievement of a long sought and difficult scientific goal was obvious. The district court thoroughly examined the evidence and the testimony. We see no error in its result. Moreover, if the DNA sequence was not obvious, host cells containing such sequence, as claimed in claims 4 and 6, could not have been obvious. We conclude that the district court did not err in holding that the claims of the patent are not invalid under Section 103.

Clearly, in the circumstances, there is no merit whatsoever in the Fritsch argument under Section 103. The Primary Examiner recognized that the subject matter at issue was patentable and quite properly so. Significantly, Fritsch et al do not say that the process is unpatentable to them, only to Lin, and it is evident that their arguments are pitched primarily on the idea that obtaining the EPO DNA sequence was obvious (FB 47, 48). However, the Federal Circuit decision clearly confirms that the Fritsch et al position is incorrect and, in light of the Federal Circuit holding that the DNA sequence and host cells transfected therewith are unobvious, it follows that Lin's process claims should also define unobvious and patentable subject matter. The DNA sequence and host cells

55

AM 17 010661
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00337707

transformed or transfected therewith were not available in the prior art and the process at issue could not be performed. Furthermore, it was not obvious that in vivo biologically active recombinant human EPO could be made by the claimed process. Until Lin obtained the sequence, Browne used it in expression and Egrie with Dukes found the product had in vivo biological activity, the process at best was only a wish.

While it is probably unnecessary to do so, it is noted for emphasis that the Toole et al patent (U.S. 4,757,006), on which Fritsch relies, is concerned with a fundamentally different protein (Factor VIII) and says nothing about EPO. The Toole patent was considered by the District Court on the arguments presented by Fritsch et al at, for example, FB 51 and properly dismissed. It is further noted that Fritsch et al were not able to isolate the EPO gene and prepare recombinant EPO without a great deal of work independent of, and notwithstanding, the availability of the Toole et al disclosure. All of this, of course, underscores the unobviousness of the invention.

Finally, it is noted that while the District Court addressed the Factor VIII work at GI in the context of representation in the Toole et al patent, the status of the patent as a 102(e)/103 prior art reference against Lin has not been established. The undisputed finding of the District Court was that, with respect to Lin, "[T]he successful cloning of the EPO gene took place in September or early October, 1983" (relying on the testimony and laboratory notebooks of Lin). The Toole et al patent, on the other hand is based on an application filed October 28, 1983, and has an effective date for purposes of 35 U.S.C. 102(e) after Lin's reduction to practice of the EPO gene. Hence, the Toole

56

AM 17 010662
SUBJECT TO CONFIDENTIAL PROTECTIVE ORDER

AM-ITC 00337708

FRITSCH ET AL. v. LIN
Interference Nos. 102,097

et al patent is not citable as prior art.[21] Fritsch et al's references to the alleged September, 1983, dates of cloning work at GI are not relevant to obviousness of Lin's invention because the secret work on Factor VIII is not prior art to Lin.

### (e) Lin Is the True Inventor of the Process At Issue

Lin is the true inventor of the process defined by the count and his claims corresponding to the count. Fritsch admits as much when he states in his brief (FB 24) that "as in the '096 interference, priority turns upon the first conception of the purified and isolated EPO gene". Clearly, priority and inventorship go hand-in-hand. Thus, if Lin is the first to conceive the purified and isolated gene, as the Federal Circuit has affirmed, priority and inventorship of the count of this interference, and the invention represented thereby go to Lin.

Fritsch et al argue that Lin is not the inventor of the process involving expression of recombinant EPO because Lin did not presently carry out any of the process steps (culturing and isolating). However, this argument clearly has no merit. It is not essential for the inventor himself to carry out the steps involved. Furthermore, by the acknowledgement of Fritsch et al,

and Lin's inventorship with regard to the sequence has not been challenged.

---

[21] The Examiner-in-Chief visualized this possibility in his decision on motions (Paper No. 35) and the reference back to motion A in Interference No. 102,096 in the discussions regarding Fritsch et al motion H.

57

AM 17 010663
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00337709

The Lin record shows that the expression of EPO in mammalian cells (293 cells, COS cells and CHO cells) using the DNA sequence isolated by Dr. Lin was carried out by Dr. Jeff Browne at Dr. Lin's request (LR 3, 10, 41). Clearly, the whole purpose of isolating the DNA sequence was to use the sequence in expression to obtain in vivo biologically active recombinant EPO. Dr. Lin provided the DNA sequence which he had isolated to Dr. Browne for such expression (LR 3) and the recombinant EPO obtained by Dr. Browne was determined by Dr. Egrie to have in vivo biological activity (LR 4, 10, 67, 68). The production process is not obvious but the process is properly attributable to Lin as the one who succeeded in isolating the DNA sequence and requested its use in expression to give recombinant human EPO. The expression and isolation of the recombinant EPO did not involve separate inventive input by anyone other than Lin. Clearly, Lin is the true inventor since he obtained the sequence to use in the production of recombinant human EPO.

As for the isolating step, there is clearly nothing separately inventive in this. Fritsch et al again try to equate isolation with purification but, as noted earlier, these two are not the same, as Fritsch et al obviously recognized when they referred to their own disclosure for support for their claims corresponding to the count.

### (f) The Fritsch et al Motion to Correct Inventorship Should be Denied

With regard to the Fritsch argument that he is the sole inventor (FB 32-34), Lin submits that Fritsch should not be permitted to correct the inventorship of the Fritsch

AM 17 010664
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00337710

FRITSCH ET AL. v. LIN
Interference Nos. 102,097

et al application and the Fritsch et al preliminary statement for the reasons noted in the Lin opposition to the Fritsch et al motion to correct (Paper Nos. 63, 64), the Lin opposition being incorporated herein by reference. In brief, Fritsch et al have not shown that the alleged misjoinder of the latecomers Hewick and Jacobs occurred through error and without deceptive intent. They also have not shown how the error occurred nor have they adequately demonstrated when the error was discovered or that they proceeded diligently when the error was discovered.

The Lin opposition to the Fritsch et al motion, to correct inventorship points out in detail how, prior to the Fritsch et al motion, Fritsch et al attested that they were joint inventors of the subject matter disclosed and claimed in the Fritsch et al '258 and '688[22] applications at least ten times. Many of these attestations overlapped in time with arguments which were being advanced by his assignee's trial counsel in the District Court litigation to the effect that Edward F. Fritsch alone ("Fritsch sole") was the inventor of this subject matter. Inventorship was discussed with trial counsel in a context from which it is clear that at least Dr. Fritsch considered himself the sole inventor. See, FR 2787-2794, especially at 2790 and 2793. However, Fritsch et al took no action herein to correct inventorship until 10 months after the District Court decision. No newly discovered facts have been presented as forming the basis of this determination. No

---

[22] The '258 application (Serial No. 693,258) is the subject of the motions to correct inventorship filed by Fritsch et al in Interference Nos. 102,096 and 102,097. The '688 application (Serial No. 824,688) is involved in motion to correct filed in Interference No. 102,334.

59

AM 17 010665
SUBJECT TO CONFIDENTIAL PROTECTIVE ORDER

AM-ITC 00337711

FRITSCH ET AL. v. LIN
Interference Nos. 102,097

light is shed on how, in view of repeated analysis of the same facts by the originally named inventors and their counsel, there could have been so many "erroneous" declarations of joint inventorship. Instead, statements are now made to the effect that, until the motion to correct was filed, no lawyer or scientist possessed a sufficient understanding of the technology or the standards of inventorship to properly determine who "invented" the subject matter of the counts at issue here and in the related interferences. Under such circumstances, correction of inventorship designations in the Fritsch et al applications should not be permitted, particularly when the proposed correction is based on the erroneous assumption that there could be conception of the isolated EPO gene separate from its reduction to practice.

As for _when_ the error was discovered, it is manifest that the "error" could have been, and should have been, discovered when at least one of the Fritsch et al. applications was filed or at the latest when the Rule 608(b) showing was filed. The Fritsch testimony on discussions with counsel concerning the work of his co-inventors for purposes of the 608(b) showing reveals that nothing new factually was provided to counsel for purposes of the motions for correction. Compare FR 2716-2721 with 2714-2715 and 2753-2759.

The Fritsch et al attorney must have been aware of the late arrival of Jacobs on the scene (1983) when he prepared the Rule 608(b) showing. This did not require any knowledge as to biotechnology. At least as of the date when the Rule 608(b) showing was prepared, the attorney had to know, or should have known, that the Fritsch et al. inventorship was wrong _if_ the Fritsch et al. allegations as to dates of invention in the

60

AM 17 010666
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00337712

Rule 608(b) were considered reasonably based. Moreover, when the Fritsch et al attorney prepared the preliminary statement herein and in the other two interferences, he also prepared preliminary motions addressing complex issues of biotechnology and inventorship. Clearly, the attorney must have considered the Fritsch et al., "inventive contribution" evidence said to be the basis for the present motion when the preliminary statements and motions were prepared and he also had to be familiar with the litigation proceedings and the issues there involved[23]. All of this knowledge on the attorney's part clearly negates the required diligence to correct inventorship at this stage.

For all of the above reasons, it is submitted that the Fritsch et al motion to correct inventorship and the related motion to correct their preliminary statement, should be denied.

(g) **Lin Is Entitled to Priority on the Basis of His Earlier Filing Dates**

At least two of Lin's applications Serial No. 561,024, filed December 13, 1983 and Serial No. 582,185, filed February 21, 1984 are prior to any possible date

---

[23] Rule 11 of the Federal Rules of Civil Procedure mandates *inter alia* that:

> "...The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation..." (emphasis supplied)

AM 17 010667
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00337713

<u>FRITSCH ET AL. v. LIN</u>
Interference Nos. 102,097

Fritsch may rely on taking into account the Federal Circuit position regarding simultaneous conception and reduction to practice. Fritsch et al have not challenged the adequacy of these earlier applications at final hearing. Since Lin has satisfied best mode requirements, Lin is entitled to priority on the basis of his earlier applications on constructive reduction to practice.

IV. <u>CONCLUSION</u>

The Lin motion for judgment should be granted and all Fritsch et al claims should be found unpatenteable under 35 USC 102(g) in view of the Federal Circuit ruling as to Lin's prior work. Priority should be awarded to Lin for the reasons indicated herein with a holding that Lin is entitled to his claims corresponding to the count and that Fritsch et al are not entitled to their claims corresponding to the count.

AM 17 010668
SUBJECT TO CONFIDENTIAL PROTECTIVE ORDER

AM-ITC 00337714

FRITSCH ET AL. v. LIN
Interference Nos. 102,097

The Fritsch et al motion to correct inventorship should be denied.

Respectfully submitted,

CUSHMAN, DARBY & CUSHMAN

By _____
Paul N. Kokulis
Reg. No. 16,773

1615 L Street, N.W.
Washington, D. C. 20036
Phone: (202) 861-3503

63

AM 17 010669
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00337715