UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMGEN INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GMBH, AND HOFFMANN-LA ROCHE INC., | ) ) ) ) | |
| Defendants | ) ) ) | |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF AMGEN INC. FROM ASSERTING OUTCOMES OF PRIOR LITIGATIONS CONCERNING THE VALIDITY AND INFRINGEMENT OF CERTAIN CLAIMS OF THE PATENTS-IN-SUIT AS EVIDENCE AND ATTORNEY ARGUMENT**

Defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc. (collectively "Roche") respectfully submit this Motion *In Limine* to preclude Plaintiff Amgen Inc. ("Amgen") from relying on the outcome of prior litigations concerning validity and infringement as evidence and argument at the upcoming jury trial. Some of the claims of the patents-in-suits have at various instances been held valid and/or infringed in prior litigation before this and other courts to which Amgen has been a party, but not Roche. Amgen seeks to assert these outcomes as evidence and attorney argument in this case. Permitting Amgen to communicate this to the jury would be unfairly prejudicial to Roche. Roche has not had, as is its right under due process law, its own full and fair opportunity to present evidence about or argue the validity or infringement of the patents-in-suit. There is no probative value in the outcome of prior litigation and is therefore surely outweighed by the enormous potential for jury confusion, as to the unfair and undue prejudice against Roche that prior decisions issuing from this and

other Courts can have. Allowing such evidence and argument is tantamount to binding Roche, a *stranger* to the prior litigation involving different accused products, to the evidence and arguments offered by an unrelated defendant in an entirely separate litigation involving different accused products as to the issues of validity and infringement.

Accordingly, Roche respectfully requests that Amgen be precluded from relying on the outcome of prior litigations concerning validity and infringement as evidence and argument at the upcoming jury trial. In support of this motion, Roche relies on the accompanying Memorandum of Law and Declaration of Kimberly J. Seluga.

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion. No agreement was reached.

Dated: August 10, 2007
Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys*

/s/ Kimberly J. Seluga
Lee Carl Bromberg (BBO# 058480)
Robert L. Kann (BBO# 258025)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kimberly J. Seluga (BBO# 667655)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
kseluga@bromsun.com

>Leora Ben-Ami (*pro hac vice*)
>Mark S. Popofsky *(pro hac vice)*
>Patricia A. Carson (*pro hac vice*)
>Thomas F. Fleming (*pro hac vice*)
>Howard S. Suh (*pro hac vice*)
>Peter Fratangelo (BBO# 639775)
>Vladimir Drozdoff (*pro hac vice*)
>David L. Cousineau (*pro hac vice*)
>KAYE SCHOLER LLP
>425 Park Avenue
>New York, New York 10022
>Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

>/s/ Kimberly J. Seluga
>Kimberly J. Seluga

03099/00501 722243.1