UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC.,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>F. HOFFMANN-LA ROCHE LTD  )<br>ROCHE DIAGNOSTICS GmbH  )<br>and HOFFMANN-LA ROCHE INC.  )<br>  )<br>Defendants.  )<br>  ) | CIVIL ACTION No.: 05-CV-12237WGY |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF AMGEN INC. FROM ASSERTING OUTCOMES OF PRIOR LITIGATIONS CONCERNING THE VALIDITY AND INFRINGEMENT OF CERTAIN CLAIMS OF THE PATENTS-IN-SUIT AS EVIDENCE AND ATTORNEY ARGUMENT**

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Timothy M. Murphy (BBO# 551926)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kimberly J. Seluga (BBO# 667655)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts  02110
Tel. (617) 443-9292

Dated:  Boston, Massachusetts
August 10, 2007

*Counsel for Defendants*
*F. Hoffmann-La Roche Ltd,*
*Roche Diagnostics GmbH, and*
*Hoffmann-La Roche Inc.*

**I.     INTRODUCTION**

Defendants (collectively "Roche") respectfully submit this memorandum in support of their motion to preclude Plaintiff Amgen Inc. ("Amgen") from relying on the outcome of prior litigations concerning validity and infringement as evidence and argument at the upcoming jury trial. Some of the claims of the patents-in-suits have at various instances been held valid and/or infringed in prior litigation before this and other courts to which Amgen has been a party, but not Roche. Amgen seeks to assert these outcomes as evidence and attorney argument in this case. Permitting Amgen to communicate this to the jury would be unfairly prejudicial to Roche. Roche has not had, as is its right under due process law, its own full and fair opportunity to present evidence about or argue the validity or infringement of the patents-in-suit. There is no probative value in the outcome of prior litigation and is therefore surely outweighed by the enormous potential for jury confusion, as to the unfair and undue prejudice against Roche that prior decisions issuing from this and other Courts can have. Allowing such evidence and argument is tantamount to binding Roche, a *stranger* to the prior litigation involving different accused products, to the evidence and arguments offered by an unrelated defendant in an entirely separate litigation involving different accused products as to the issues of validity and infringement.

**II.    ARGUMENT**

Over the past several years, Amgen has been a party to several legal proceedings concerning certain of the claims of the patents-in-suit. This Court and the Federal Circuit have held certain claims of the '422, '698, '349 patents valid and/or infringed. *See Amgen v. Hoechst Marion Roussel, Inc.*, 126 F. Supp.2d 69 (D. Mass. 2001); *Amgen v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313 Fed. Cir. 2003); *Amgen v. Hoechst Marion Roussel, Inc.*, 287 F. Supp.2d 126

(D. Mass. 2003); *Amgen v. Hoechst Marion Roussel, Inc.*, 339 F. Supp.2d 202 (D. Mass. 2004); *Amgen v. Hoechst Marion Roussel, Inc.*, 457 F.3d 1293 (Fed. Cir. 2006) (collectively "TKT decisions"). Moreover, Amgen has been involved in foreign proceedings where related but different patents were found to be valid and infringed. Roche was not a party to any of these proceedings. Furthermore, Roche has had no opportunity to present arguments or offer evidence as to the invalidity or noninfringement of the patents-in-suit.

Under FRE 403, the outcome of prior litigation "may be excluded if its probative value is substantially outweighed by possible prejudice to one's opponent, due *inter alia to the possibility of jury confusion.*" *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1569-70, n.3 (Fed. Cir. 1993). (emphasis added). Furthermore, the existence of a prior opinion should not be evidence to the jury, but at best, information the court may consider when reaching a legal conclusion, and not evidence of the disputed facts. *Id*. at 1569-1670.

Allowing Amgen to present such evidence would result in significant prejudice to Roche as a new defendant never previously heard by the court or a jury on the issues of validity and infringement. First, the probative value of prior litigation outcomes as evidence is extremely low. A patent is not held valid for all purposes but rather, not invalid *on the record before the court*." *Id*. at 1571 (citing *Shelcore Inc. v. Durham Indus., Inc*., 745 F.2d 621, 627 (Fed. Cir. 1984)) (emphasis added). In the prior litigations, TKT and others presented evidence on the question of validity of the patents-in-suit it believed to be probative at that time in that court. Roche has its own set of evidence with respect to the validity of the patents-in-suit, which constitutes an entirely new record before the court. Moreover, as Roche was never a party to those litigations, none of these findings can be binding upon Roche. *Baker by Thomas v.*

*General Motors Corp.*, 522 U.S. 222, 250 (1998).  Thus a finding concerning validity in prior litigation has little to no probative value as evidence.

Crucially, the little to no probative value this evidence may have is certainly outweighed by the jury confusion likely to result in extreme prejudice to Roche.  A lay jury is quite likely to give special weight to the TKT and foreign proceedings merely because they are judicial findings, some of which were made by this Court.  *See Faigin v. Kelly*, 184 F.3d 67, 80 (1st Cir. 1999); *Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993) (limiting instruction was not enough to cure the likely prejudice to defendant due to jury's undue weighting of a prior judicial order).  Juries assume the previous decision is entitled to as much weight as the trial court's instructions or that such prior litigation evidence intrinsically has more weight than other evidence presented.  *Mendenhall*, 5 F.3d at 1573.  To permit Amgen to present prior litigation evidence and argument on validity and infringement is to allow a legal decision to inappropriately influence the jury's fact-finding mission and handicap Roche from the outset.  It is practical to decline granting any evidentiary effect to the prior outcomes concerning validity and infringement because the jury will most likely have difficulty weighing this evidence against whatever contrary evidence Roche wishes to present.

Roche's concerns that Amgen seeks to introduce the prior decisions as evidence and attorney argument are not unfounded.  In fact, Amgen has insisted on placing the prior *TKT* decisions as trial exhibits in the case.  *See e.g.,* Ex. A[1], Temporary Ex. Nos. 2543, 2545-2550, 2553, 2554, 2564-2568.  Moreover, Amgen's experts, in their statements of expected testimony, have repeatedly relied upon these prior decisions as authority for challenging Roche's invalidity defenses.  For example, Dr. Lodish, in his Rebuttal Expert Report, dated May 11, 2007, devotes

---

[1] "Ex." refers to exhibits attached to this motion.

an entire section of his report, where he reproduces for several pages excerpts of the prior TKT decisions as evidence of validity of certain claims of the patents-in-suit. *See e.g.,* Ex. B, Lodish Rebuttal Report at 218-222. Thus, Amgen's intentions are clear.

Allowing the prior outcomes to be heard by the jury would have the unfair practical effect of binding Roche, a stranger to the prior litigations, to the arguments and evidence presented by unrelated defendants in those prior cases  The law of due process is well-settled that each new defendant in a patent suit is entitled to make its own defense. *Blonder-Tongue Labs v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971). While Roche could still put on evidence concerning the invalidity and noninfringement of the patents-in-suit, the jury is likely to afford undue weight to prior findings of a judge. Effectively, Roche would be deprived of its full and fair opportunity to present a defense and litigate the issues of validity and infringement. Amgen should not be permitted to use the outcome of the *TKT* and foreign decisions concerning validity and infringement as attorney argument and evidence of disputed facts which will confuse the jury and unfairly prejudice Roche.

### III.    CONCLUSION

Based on the foregoing, Roche respectfully requests that the Court preclude Amgen's use of prior litigation outcomes concerning validity and infringement as evidence and attorney argument which pose a significant threat of unfair prejudice to Roche. Amgen should be precluded from mentioning these outcomes during opening and closing arguments, as well as during the evidentiary part of the case through its attorneys and fact and expert witnesses. Moreover, Amgen should not be allowed to introduce into evidence, or show through demonstrative exhibits, any portion of the prior *TKT* and foreign decisions.

5

Dated:  August 10, 2007
       Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys*

/s/ Kimberly J. Seluga
Lee Carl Bromberg (BBO# 058480)
Robert L. Kann (BBO# 258025)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kimberly J. Seluga (BBO# 667655)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
kseluga@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky *(pro hac vice)*
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff (*pro hac vice*)
David L. Cousineau (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                                        /s/ Kimberly J. Seluga
                                        Kimberly J. Seluga

03099/00501 722199.1