# Exhibit C
# Amgen's Legal Standards and Burden of Proof

VI. **ISSUES OF LAW, INCLUDING EVIDENTIARY QUESTIONS, TOGETHER WITH SUPPORTING AUTHORITY**

    A.    **Amgen's Position**

        1.    **Legal Standards and Burden of Proof**[1]

**Infringement.** Amgen must prove, by a preponderance of the evidence, that Roche's manufacture, use, sale, offer to sell, or importation of glycosylated recombinant human erythropoietin, glycosylated recombinant human erythropoietin-containing products, "RO0503821," "Ro 050-3821," "R744," "Continuous Erythropoiesis Receptor Activator," "CERA," "pegserepoetin alfa," "methoxy polyethylene glycol-epoetin beta," or "MIRCERA®" (hereinafter referred to as "peg-EPO") will satisfy every limitation of the claims-in-suit either literally or under the Doctrine of Equivalents. *See* 35 U.S.C. § 271; *Cross Med. Prods. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005).

**Invalidity.** The patents-in-suit are presumed valid. *See* 35 U.S.C. § 282. Roche must prove, by clear and convincing evidence, that the patents-in-suit are invalid. *See Robotic Vision Sys. V. View Eng'g, Inc.*, 189 F.3d 1370, 1377 (Fed. Cir. 1999). Section 282 states: "Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims . . ." Therefore, the invalidity of each claim must be proved independently, and "a party challenging the validity of a claim . . . must submit evidence supporting a conclusion of invalidity of each claim the challenger seeks to destroy."

---

[1] Amgen disagrees with numerous mischaracterizations of the law in Roche's Issues of Law statement. Amgen intends to file bench memos identifying and correcting these mischaracterizations.

*Shelcore, Inc. v. Durham Indus., Inc.*, 745 F.2d 621, 625 (Fed. Cir. 1984); *see also Dayco Prods., Inc. v. Total Containment, Inc.*, 329 F.2d 1358, 1370-1371 (Fed. Cir. 2003).

**Unenforceability.** To establish that the patents-in-suit are unenforceable based on inequitable conduct, Roche must prove, by clear and convincing evidence, the misrepresentation or withholding of a material fact from the Patent Office with an intent to deceive. *See FMC Corp. v. Manitowoc Co.*, 835 F.2d 1411, 1415 (Fed. Cir. 1987); *Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867, 872 (Fed. Cir. 1988).