UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD<br>ROCHE DIAGNOSTICS GmbH<br>and HOFFMANN-LA ROCHE INC. | ) |
| Defendants. | ) |

**ROCHE'S MOTION *IN LIMINE* TO PRECLUDE AMGEN INC. FROM ASSERTING THAT THE GENERATION OF TRYPTIC FRAGMENTS AND DETERMINATION OF THE AMINO ACID SEQUENCE OF EPO WAS NOVEL AND NON-OBVIOUS**

Roche respectfully moves this Court for an order precluding Amgen from presenting evidence, expert testimony and arguments in support of its current assertion that, prior to Dr. Lin's invention, the generation of tryptic fragments and determination of the amino acid sequence of EPO was novel and non-obvious to a person skilled in the art.

Amgen's proposed arguments and purported evidence squarely contradict arguments and representations Amgen successfully relied upon during prosecution of the patents-in-suit. During patent prosecution, Dr. Lin and Amgen faced a protest of inventorship from Dr. Por-Hsuing Lai, who claimed that he made inventive contributions to the patents-in-suit in the form of sequencing techniques and generating tryptic fragments. Amgen defeated Dr. Lai's protest by maintaining, as it had throughout prosecution, that Dr. Lai's contributions were non-inventive and, therefore, routine and obvious. Amgen's current position -- that the generation of tryptic

fragments and determination of the amino acid sequence of EPO was novel and non-obvious -- directly contradicts its prior position. Courts, including this Court, have consistently prohibited parties from making such intentionally contradictory assertions through the application of the doctrine of judicial estoppel. To allow such intentional contradiction would offend the integrity of the judicial system and allow Amgen to play fast and loose with the court system.

Based on the foregoing, Roche respectfully requests that this Court invoke that doctrine and preclude Amgen from offering evidence, testimony or attorney argument that contradicts assertions made in procuring favorable judgments during patent prosecution, namely that Amgen should be precluded from arguing that the generation of tryptic fragments and determination of the amino acid sequence of EPO was novel and non-obvious.

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and that no agreement could be reached.

Dated: August 13, 2007
Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys*

/s/  Kregg T. Brooks
Lee Carl Bromberg (BBO# 058480)
Timothy M. Murphy (BBO# 551926)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kregg T. Brooks (BBO# 667348)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
kbrooks@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky *(pro hac vice)*
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

/s/  Kregg T. Brooks
Kregg T. Brooks

03099/00501 723094.1