UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD ROCHE DIAGNOSTICS GmbH and HOFFMANN-LA ROCHE INC. | ) ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE AMGEN FROM OFFERING EXPERT OPINIONS BASED ON STATEMENTS MADE DURING PRIOR LEGAL PROCEEDINGS BY WITNESSES WHO WILL NOT TESTIFY AT TRIAL IN THIS CASE**

## I.  INTRODUCTION

Defendants F. Hoffmann-La Roche, Ltd, Roche Diagnostics GmbH and Hoffmann-La Roche Inc. (collectively "Roche") submit this memorandum in support of their motion *in limine* to preclude Amgen's experts from offering opinions at trial based on statements -- such as declarations, deposition testimony and trial testimony -- made during prior legal proceedings by witnesses who will not testify at trial in this case. Such statements, made outside of this court, would be inadmissible hearsay and do not qualify as evidence "of a type reasonably relied upon by experts in the particular field" as required by Federal Rule of Evidence 703. Therefore, they are not a proper basis for expert testimony in this case.

## II.     ARGUMENT

Amgen should be precluded from violating F.R.E. 703 by presenting at trial expert opinions which are based on the inadmissible testimony of witnesses in prior litigations. Rule 703 governs the admissibility of an expert's opinion and provides:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

As the Advisory Committee Note to Rule 703 makes clear, this rule is designed "to bring the judicial practice into line with the practice of the experts themselves when not in court."  See also *United States v. Arias*, 678 F.2d 1202, 1206 (4th Cir. 1982) (explaining that under Rule 703 "an expert may base his testimony upon the type of hearsay he would normally rely upon in the course of his work").

Rule 703 has been applied in various contexts to permit expert testimony based on sources which were not themselves admissible, provided that the sources were of the type reasonably relied upon by experts in the expert's particular field.  For example, courts have relied on Rule 703 to allow an arson expert to base an opinion on conversations with the fire marshals who inspected a burned building, *American Universal Ins. Co. v. Falzone*, 644 F.2d 65, 66-67 (1st Cir. 1981); an FBI gambling expert to base an opinion on betting slips seized from a gambling operation, *United States v. Morrison*, 531 F.2d 1089, 1094 (1st Cir. 1976); and a medical expert to base an opinion on the current state of medical research on the published findings of a different researcher, *Ramirez v. Debs-Elias*, 407 F.3d 444, 449 (1st Cir. 2005) ("scholarly literature is information reasonably relied upon by medical

experts"). However, the Rule bars expert testimony predicated on the type of evidence that experts in a field do not rely on in the course of their professional work outside of the courtroom.

Rule 703 is designed "to prevent enlarging the category of permissible data to break down the rules of exclusion unduly." *Ricciardi v Children's Hospital Med. Center*, 811 F.2d 18, 25 (1st Cir. 1987), quoting *Almonte v. National Union Fire Ins. Co.*, 787 F.2d 763, 770 (1st Cir. 1986). Thus, the judge, not the expert, determines whether a given piece of evidence is of the type reasonably relied upon by experts in the relevant field. *University of Rhode Island v. A.W. Chesterton Company*, 2 F.3d 1200, 1218 (1st Cir. 1993).

A 2000 amendment to Rule 703 makes clear that even when an expert is permitted to rely on inadmissible information to form an opinion or inference, the underlying facts or data are not admissible "unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect."[1]

Plainly, under Rule 703, Amgen's experts, in this case, should not be allowed to base their opinions on statements made during prior legal proceedings by witnesses who will not testify at trial in this case. The prior testimony is inadmissible as hearsay. Indeed, Federal Rule of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Moreover, the prior testimony is not evidence of the "type reasonably relied upon by experts in the particular field", as required under Rule 703. Surely, experts in chemistry, biology and biotechnology do not normally seek out and rely, in reaching and rendering opinions in the course of their scientific work, upon prior trial and deposition

---

[1] Note that this exclusionary balancing test is the reverse of that required by Federal Rule of Evidence 403.

3

testimony or declarations. Indeed, reliance on such testimony in the course of scientific research would be particularly inappropriate given that such testimony would have been prepared specifically for litigation purposes and may well have been crafted with the involvement of counsel. Accordingly, Rule 703 prohibits Amgen's experts from testifying based on such hearsay in this case.

Roche's concern here that Amgen plans to have its experts base opinions on declarations and testimony from prior proceedings is well founded. In fact, Amgen has identified declarations and testimony from prior proceedings as trial exhibits in this case. (*See e.g.*, Ex. A, Temporary Ex. Nos. 2980, 3451). Furthermore, in their statements of expected testimony, Amgen's experts have repeatedly relied upon prior declarations and testimony from other litigation as authority on which to base their opinions. For example, Dr. Lodish in his Rebuttal Expert Report, dated May 11, 2007, cites the deposition testimony of Dr. Jeffrey K. Browne from Amgen's prior litigation with Transkaryotic Therapies as the basis for one of his opinions. (*See e.g.*, Ex. B, Lodish 5/11/07 Rebuttal Report at ¶218). Similarly, in his June 4, 2007 Supplemental Expert Report, Dr. Lodish relies upon a 1999 declaration by Dr. Browne, also submitted during the Transkaryotic Therapies litigation, as the basis for an opinion. (*See e.g.* Ex. C, Lodish 6/4/07 Supplemental Expert Reoprt at ¶24). Thus, Amgen's intentions are clear.

Significantly, Rule 703 hinges on the "types" of evidence relied upon. Naturally, in this case, the experts have had access to confidential information that they would not ordinarily see outside of the litigation context. Nevertheless, Rule 703 only allows reliance on such evidence as long as the evidence is of a "type" that is reasonably relied upon by such experts in forming opinions in their particular field.

4

This case is readily distinguishable from *Forrestal v. Magendantz*, 848 F.2d 303 (1st Cir. 1988), in which a medical malpractice expert was permitted to rely on a doctor's deposition testimony as the basis for his opinion. The expert based his opinions on a physical examination, a review of all the hospital and medical records, the reports of all the doctors who had been consulted by the attending physician, and the depositions of those doctors taken in that case prior to the expert's own deposition. *Id* at 306. On appeal, the court held that this evidence -- including the deposition -- was of the type reasonably relied upon by experts in medical malpractice cases.[2] *Id.* In *Forrestal*, though, the expert relied on prior testimony *in that case* by doctors who were subject to cross-examination by the objecting defendant's counsel in that case. Here, the prior expert testimony at issue was not given in this case and was not subject to cross-examination by Roche's counsel. In addition, the Court observed in that case, that such deposition testimony "is one of the standard methods of laying the foundation for an expert's opinion in medical malpractice cases." *Id*.

Here, there is no reason to think that experts in the sciences would rely on litigation testimony in the ordinary course of their profession and work outside of the courtroom.

### III.   CONCLUSION

Roche respectfully requests that the Court preclude Amgen from offering expert opinion testimony based on statements made during prior legal proceedings by witnesses who will not testify at trial in this case. This information is inadmissible hearsay and does

---

[2] Appropriately, the Advisory Committee provides as its own example of when an expert may reasonably rely on inadmissible information, that of a physician who forms a diagnosis based on information from numerous sources including statements by patients and relatives as well as reports and opinions from nurses, technicians, and other doctors.

not qualify as evidence "of a type reasonably relied upon by experts in the particular field" as required to serve as the basis for an expert opinion under Federal Rule of Evidence 703.

Dated: August 14, 2007
Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GMBH, and HOFFMANN-LA ROCHE INC.

*By their Attorneys*

/s/  Keith E. Toms
Lee Carl Bromberg (BBO# 058480)
Timothy M. Murphy (BBO# 551926)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kregg T. Brooks (BBO# 667348)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

/s/  Keith E. Toms
Keith E. Toms

03099/00501 723850.1