UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>F. HOFFMANN-LA ROCHE LTD )<br>ROCHE DIAGNOSTICS GmbH )<br>and HOFFMANN-LA ROCHE INC. )<br>)<br>Defendants. )<br>) | CIVIL ACTION No.: 05-CV-12237WGY |

### DEFENDANTS' MOTION *IN LIMINE* TO
### INVOKE ISSUE PRECLUSION AS TO FINDINGS FROM PRIOR LITIGATION

Defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc. (collectively "Roche") respectfully submit this motion to invoke the doctrine of issue preclusion to prevent Amgen from arguing contrary to certain determinations made in prior litigation. These determinations are directly relevant to the claims in the instant litigation and have been fully and finally litigated by Amgen in prior proceedings. Thus, Amgen is precluded from litigating these issues again, and the jury should be advised of the prior holdings as to these issues.

There are at least two issues that have been finally decided in prior litigations and cannot be relitigated in this case: (1) that rEPO cannot be distinguished from uEPO on the basis of glycosylation; (2) that the common specification of the patents-in-suit does not support claims to analogs of EPO beyond the few disclosed in the patent specifications. For the convenience of

the Court, Roche has attached as Exhibit A to the accompanying Memorandum a collection of judicial findings and holdings pertaining to each of these three issues, and attached as Exhibits B-E the judicial opinions from which the statements were derived (with the relevant statements marked according to the numbers assigned in Exhibit A). The requirements for issue preclusion apply to both of these issues for the reasons set forth in the accompanying Memorandum.

Roche respectfully requests that the Court (1) preclude Amgen from introducing testimony, evidence or argument contrary to the statements listed in Exhibit A; (2) instruct the jury to disregard any such contrary testimony, evidence or argument; and (3) permit Roche to introduce as conclusive evidence the statements listed in Exhibit A.

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and that no agreement could be reached.

Dated: August 16, 2007
      Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys*

/s/ Kregg T. Brooks
Lee Carl Bromberg (BBO# 058480)
Robert L. Kann (BBO# 258025)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kregg T. Brooks (BBO# 667348)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
kbrooks@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky *(pro hac vice)*
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff (*pro hac vice*)
David L. Cousineau (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                                      /s/ Kregg T. Brooks
                                      Kregg T. Brooks

03099/00501 725308.1