# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>F. HOFFMANN-LAROCHE LTD., )<br>a Swiss Company, ROCHE DIAGNOSTICS )<br>GMBH, a German Company, and )<br>HOFFMANN LAROCHE INC., a New )<br>Jersey Corporation, )<br>)<br>)<br>Defendants. ) | Civil Action No. 05 CV 12237 WGY |

**BRIEF IN SUPPORT OF AMGEN'S MOTION *IN LIMINE* NO. 2:
EXCLUDE REFERENCE TO ALLEGATIONS AGAINST AMGEN'S WITNESS
MADE IN UNRELATED SECURITIES LITIGATIONS**

## I.   INTRODUCTION

Dennis Fenton is Executive Vice-President of Amgen and the highest ranking Amgen employee Amgen expects to testify on its behalf at trial. Amgen moves to preclude Roche from referring to any of several recent securities litigations filed against Amgen and also naming its senior executives, including Mr. Fenton, as a basis for discrediting the testimony of Mr. Fenton. The securities litigations are irrelevant to this patent infringement case. There have been no judgments in the securities litigations; therefore, they only involve allegations against Amgen or Mr. Fenton and mere allegations are not admissible to discredit a witness. To allow the jury to hear evidence of these allegations against Amgen and Mr. Fenton would be unfairly prejudicial because the jury may not understand that mere allegations are not probative of anything. The Court should therefore exclude this evidence because it is inadmissible character evidence and because any probative value the evidence may have is outweighed by its likelihood to confuse or mislead the jury and unfairly prejudice Amgen.

## II.   FACTUAL BACKGROUND

In April-June 2007, Dennis Fenton was named as one of several individual defendants (officers or board members of Amgen, Inc.) in a series of class action securities complaints and shareholder derivative complaints.[1] The complaints are unrelated to this patent action and allege violations of the Securities Exchange Act of 1934 by Amgen and its officers and directors, including Dennis Fenton. Mr. Fenton is identified as Executive Vice President of Operations at Amgen, and is named in the allegations as one who engaged in insider trading.

---

[1] Seven cases were filed in the United States District Court for the Central District of California, and consolidated as of July 31, 2007 as *Kairalla v. Amgen Inc.*, et al., Case No. CV06-2546. Three cases were filed in the Superior Court of the State of California, County of Ventura (two were consolidated as of June 11, 2007 as *Larson v. Sharer et al.*, Case No. SC0050311 and the other is *Schreiman v. Sharer et al.*, Case No. 56-2007-00283721-CU-SL-SIM).

1

While the complaints allege that Amgen made false statements and misrepresentations as to the results of clinical trials, Mr. Fenton is not named specifically as having made false statements or misrepresentations himself. Rather, he is named because he is one of the "controlling persons of Amgen within the meaning of § 20 of the 1934 Act."[2]

## III.    LEGAL STANDARDS FOR CHARACTER EVIDENCE

FRE 608(b) prohibits the introduction of extrinsic evidence of specific instances of conduct of a witness for the purposes of attacking the witness's character for truthfulness. However, at the discretion of the court, specific instances may be inquired into on cross-examination "if probative of truthfulness or untruthfulness."[3] Specific instances cannot be inquired into if their probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."[4]

Allegations in a complaint may not be used to attack a witness' character. A cross examination inquiry into specific acts must have a probable basis for believing that the witness actually committed the bad act.[5] The filing of a civil complaint containing allegations of bad acts provides no basis for inquiry under FRE 608(b).[6]

---

[2] *Kairalla v. Amgen Inc., et al.* Complaint at 13.

[3] FRE 608(b); *United States v. Simonelli*, 237 F.3d 19, 23 (1st Cir. 2001) (also noting that courts should consider "whether the instances of prior untruthfulness bore some similarity to the conduct at issue"); *United States v. Mateos-Sanchez*, 864 F.2d 232, 236 (1st Cir. 1988) (inquiry into specific instances of conduct "must be clearly probative of truthfulness").

[4] FRE 403; *Simonelli*, 237 F.3d at 23.

[5] *Simonelli*¸ 237 F.3d at 23 (court should consider "whether there was some likelihood [the bad acts] happened").

[6] *United States v. Morrison*, 98 F.3d 619, 628 (D.C. Cir. 1996) (objection under FRE 608(b) sustained "on the ground that the mere filing of a complaint is not 'probative of truthfulness or untruthfulness,' regardless of whether the allegation in the complaint, if true, would seriously undermine the witness's credibility").

## IV. ARGUMENT

Mr. Fenton should not be questioned regarding the securities complaints. A cross examination inquiry regarding the Amgen securities complaints is impermissible under FRE 608(b) as the complaints provide no probable basis for believing that Mr. Fenton committed any bad acts. The filing of such a complaint, in the absence of a trial or consideration of any evidence, is in no way probative of Mr. Fenton's character with respect to truthfulness or untruthfulness. The complaints themselves are merely allegations, leveled against all "controlling persons" of Amgen. The complaints name Mr. Fenton because the boilerplate nature of class action derivative securities pleadings dictate his inclusion; but the complaints themselves contain no specific allegations of false statements or misrepresentation directed to Mr. Fenton himself. Accordingly, they provide no insight into Mr. Fenton's character.

Some of the complaints direct specific allegations of insider trading at Mr. Fenton. Yet these allegations must be excluded at trial because they are mere allegations, which alone are not probative of truthfulness or untruthfulness.[7] Even if these allegations were not immediately excluded as a basis for cross examination because they are only allegations, insider trading— selling shares of stock based on internal company information—is not probative as to Mr. Fenton's character and his truthfulness in testifying as to Amgen's development of products in a patent infringement case. Allegations of insider trading do not reveal any motive for Mr. Fenton to be untruthful in this patent case.

Even if the allegations contained in the securities complaints were deemed probative of truthfulness or untruthfulness, FRE 403 prohibits their consideration because the probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

---

[7] See *Morrison,* 98 F.3d at 628.

3

misleading the jury."[8] The only allegation specifically directed at Mr. Fenton—insider trading—is highly prejudicial and bears no relation to Mr. Fenton's testimony as to the development of products in Amgen's laboratories, making it likely to confuse or mislead the jury. Inquiry into the general allegations of false statements and misrepresentations would be especially prejudicial to Mr. Fenton as his inclusion in these allegations arises from his position as an executive, not from any evidence linking him to these alleged acts. In this case, such prejudice would be particularly unfair because the complaints consist merely of allegations and are not the result of any civil or criminal investigation or judgment regarding Mr. Fenton's (or Amgen's) conduct.

## V.    CONCLUSION

For the reasons above, Amgen requests that this Court exclude reference to any securities actions filed against Amgen or Dennis Fenton as the basis for impeaching or otherwise discrediting Mr. Fenton's testimony at trial.

---

[8] FRE 403.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Date: August 17, 2007 | AMGEN INC., <br> By its attorneys, |
|  | */s/ Michael R. Gottfried* |
| Of Counsel: | D. DENNIS ALLEGRETTI (BBO#545511) <br> MICHAEL R. GOTTFRIED (BBO#542156) |
| STUART L. WATT <br> WENDY A. WHITEFORD <br> MONIQUE L. CORDRAY <br> DARRELL G. DOTSON <br> KIMBERLIN L. MORLEY <br> ERICA S. OLSON <br> AMGEN INC. <br> One Amgen Center Drive <br> Thousand Oaks, CA   91320-1789 <br> (805) 447-5000 | PATRICIA R. RICH (BBO#640578) <br> DUANE MORRIS LLP <br> 470 Atlantic Avenue, Suite 500 <br> Boston, MA 02210 <br> Telephone:    (857) 488-4200 <br> Facsimile:     (857) 488-4201 <br><br> LLOYD R. DAY, JR. (*pro hac vice*) <br> DAY CASEBEER <br> MADRID & BATCHELDER LLP <br> 20300 Stevens Creek Boulevard, Suite 400 <br> Cupertino, CA 95014 <br> Telephone:    (408) 873-0110 <br> Facsimile:     (408) 873-0220 <br><br> WILLIAM GAEDE III (*pro hac vice*) <br> McDERMOTT WILL & EMERY <br> 3150 Porter Drive <br> Palo Alto, CA 94304 <br> Telephone:    (650) 813-5000 <br> Facsimile:     (650) 813-5100 <br><br> KEVIN M. FLOWERS (*pro hac vice*) <br> MARSHALL, GERSTEIN & BORUN LLP <br> 233 South Wacker Drive <br> 6300 Sears Tower <br> Chicago IL 60606 <br> Telephone:    (312) 474-6300 <br> Facsimile:     (312) 474-0448 |

5

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on August 17, 2007.

                                        */s/ Michael R. Gottfried*
                                        Michael R. Gottfried