UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05 CV 12237 WGY |
| F. HOFFMANN-LAROCHE LTD., a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN LAROCHE INC., a New Jersey Corporation, | ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF AMGEN'S MOTION *IN LIMINE* NO. 3:
EXCLUDE REFERENCES TO BELATEDLY PRODUCED
DOCUMENTS AND EXPERIMENTS FROM BARBER**

## I.   INTRODUCTION

Amgen requests that Roche be excluded from introducing or relying upon experiments performed by Dr. Barber, a consultant of Roche, that were produced well after the close of discovery, and which could have been produced sooner. Dr. Barber performed certain experiments comparing the signaling pathways activated by Roche's peg-EPO product and EPO to assess whether peg-EPO and EPO act though the same mechanism. During fact discovery, Roche produced a few document created by Dr. Barber relating to his experiments, however, Roche failed to produce a number of documents relating to work conducted by Dr. Barber until May 11, 2007 – more than one month after the close of fact discovery. Amgen brings this motion to prevent Roche from benefiting from its failure to make a timely production of documents related to Dr. Barber's experiments. Accordingly, Roche should be precluded from: (a) introducing the late-produced documents into evidence; and (b) relying on or referring to the experiments of Dr. Barber described in the late-produced documents.

## II.   ARGUMENT

In its requests for production, Amgen asked for documents concerning experiments or studies comparing peg-EPO and EPO. Specifically, Request No. 378, served to Roche on January 22, called for: "Documents and things sufficient to show each communication between Roche and Dwayne Barber regarding any ESP or the EPO receptor from 1990 to the present."[1] In response, Roche produced a set of documents related to Dr. Barber's experiments on the signaling pathways activated by peg-EPO and EPO after binding to the EPO receptor in cell culture. Amgen then deposed Roche witnesses with the expectation that Roche produced all of its documents during the discovery phase of this case. For example, on March 1, Dr. Anton

---

[1] Plaintiff Amgen Inc.'s Third Set of Requests For Production of Documents and Things (Nos. 372-414), No. 378.

1

Haselbeck, a Roche witness and 30(b)(6) designee, testified during his deposition that Dr. Barber performed studies for Roche regarding the signaling pathways activated by peg-EPO. Amgen had the opportunity to ask Dr. Haselbeck about the Barber studies produced to Amgen as of the date of the deposition, and did so.

Two months later, in his May 11, 2007 Expert Report, Roche's expert, Dr. Richard Flavell, cited to and relied upon *further* studies conducted by Dr. Barber, referring specifically to documents never before seen by Amgen.[2] These documents were finally produced on May 11 – more than one month after the close of fact discovery. However, Roche certainly knew of the relevance to this case months before the documents were produced, given Amgen's document requests, deposition questioning, and the April 2007 Lodish expert report that referenced the Barber documents.[3] Yet those documents cited in Dr. Flavell's May 11 report were not seen by Amgen until *after* discovery closed.

Roche's failure to produce this information during discovery fundamentally prejudices Amgen in several ways. Amgen was denied the opportunity to depose any fact witnesses regarding the Barber documents withheld by Roche. In addition, Amgen was denied the option of addressing those late-produced documents in its April 6 expert reports, which concerned issues on which Amgen bore the burden of proof.

This Court has stated in several orders that a party may not rely on evidence that was purposefully withheld from production.[4] It is clear that in this situation, Roche knew of the late-

---

[2] Dr. Richard Flavell May 11 Rebuttal Expert Report at ¶¶ 113-117.

[3] Dr. Harvey Lodish April 6, 2007 Expert Report at ¶ 206.

[4] *See* 5/2/07 Court Order ("Discovery Is Not A Game And Court Orders Are Not To Be Altered. What Is Expected And Required Is A Cooperative Venture To Ascertain The Truth. Should Any Party Have Wrongfully Failed To Make Discovery, The Appropriate Sanction Is A Preclusion Order, The Drawing Of Adverse Inferences, Or Both."); 5/16/07 Court Order ("No Witness May Rely On Evidence Withheld From Discovery"); 1/22/07 Court Order ("No Party May Introduce

produced studies performed by Dr. Barber, and chose to produce them when it was convenient. Once an expert needed to rely on the information, Roche found it appropriate to produce the documents to Amgen. These actions are in complete disregard of the Court's numerous orders, and leave Amgen at a significant disadvantage in preparing its case. This late-produced evidence as well as any reference to such evidence by Roche's witnesses or counsel should therefore be precluded.

## III.   CONCLUSION

Roche is not entitled to rely on evidence that it withheld from production. Amgen requests that Roche be excluded from introducing or relying upon the subject experiments of the late-produced documents regarding Dr. Barber, including the documents themselves: R00890734-739; R008890740; R008890741-746; R008890747-755; R008890756-789; R008890790-1067; R008891068-074; R008891075-081; R008891082-086; and R008891087-093.

---

In Evidence Any Document Called For In Discovery And Not Produced, Nor Any Data Derived From Such Document").

Respectfully Submitted,

Date: August 17, 2007

AMGEN INC.,
By its attorneys,

*/s/ Michael R. Gottfried*

Of Counsel:

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA   91320-1789
(805) 447-5000

D. DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R. GOTTFRIED (BBO#542156)
PATRICIA R. RICH (BBO#640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone:    (857) 488-4200
Facsimile:    (857) 488-4201

LLOYD R. DAY, JR. (*pro hac vice*)
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone:    (408) 873-0110
Facsimile:    (408) 873-0220

WILLIAM GAEDE III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:    (650) 813-5000
Facsimile:    (650) 813-5100

KEVIN M. FLOWERS (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:    (312) 474-6300
Facsimile:    (312) 474-0448

4

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on August 17, 2007.

                                                      */s/ Michael R. Gottfried*
                                                      Michael R. Gottfried