UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05 Civ. 12237 WGY |
| v. ) | |
| ) | |
| F. HOFFMANN-LAROCHE LTD., ) | |
| ROCHE DIAGNOSTICS GMBH, AND ) | |
| HOFFMANN LAROCHE INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF AMGEN'S MOTION *IN LIMINE* NO. 7:
EXCLUDE ROCHE FROM REFERENCING THE PROFITS OR REVENUES FROM
AMGEN'S EPOGEN® AND ARANESP® PRODUCTS**

Pursuant to FRE 402 and 403, Plaintiff Amgen Inc. ("Amgen") requests that this Court preclude Defendants F. Hoffmann-La Roche Ltd., Roche Diagnostics GmbH, and Hoffmann-La Roche Inc. (collectively "Roche") from referring to Amgen's profits or revenues from the sale of Amgen's EPOGEN® and Aranesp® products. Because Amgen is not seeking damages in this trial, evidence of Amgen's profits and revenues is not relevant to any issue to be heard by the jury. Since the injunction issue will be heard and decided by the Court and not the jury, there is absolutely no reason for Roche to seek to introduce evidence of Amgen's profits and revenues before the jury.

In support of its flawed obviousness type double patenting ("ODP") positions, Roche will likely argue that Amgen has been rewarded enough for its inventions, citing to Amgen's profits and revenues, and that the jury should invalidate Amgen's patents. The unfair prejudice that Amgen could suffer is obvious. Accordingly, references by Roche to the profits and revenues from Amgen's sales of its erythropoiesis stimulating products, namely Epogen® and Aranesp®,

should be excluded as irrelevant under FRE 402 and also under FRE 403 as so prejudicial as to far outweigh any probative value of such information.

Amgen requests that this Court prevent Roche from offering evidence or arguments relating to Amgen's profits or revenues from the sale of Amgen's EPOGEN® and Aranesp® products because Amgen's profits and revenues are irrelevant to the patent issues before the jury (infringement, invalidity, and unenforceability), and would likely unfairly prejudice the jury against Amgen and Amgen's case for infringement.

In support of this motion, Amgen submits a brief.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Date:  August 20, 2007 | AMGEN INC.,<br>By its attorneys, |
|  | */s/ Michael R. Gottfried* |
| Of Counsel: | D. DENNIS ALLEGRETTI (BBO#545511)<br>MICHAEL R. GOTTFRIED (BBO#542156) |
| STUART L. WATT<br>WENDY A. WHITEFORD<br>MONIQUE L. CORDRAY<br>DARRELL G. DOTSON<br>KIMBERLIN L. MORLEY<br>ERICA S. OLSON<br>AMGEN INC.<br>One Amgen Center Drive<br>Thousand Oaks, CA   91320-1789<br>(805) 447-5000 | PATRICIA R. RICH (BBO#640578)<br>DUANE MORRIS LLP<br>470 Atlantic Avenue, Suite 500<br>Boston, MA  02210<br>Telephone:     (857) 488-4200<br>Facsimile:      (857) 488-4201<br><br>LLOYD R. DAY, JR. (*pro hac vice*)<br>DAY CASEBEER<br>MADRID & BATCHELDER LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, CA  95014<br>Telephone:     (408) 873-0110<br>Facsimile:      (408) 873-0220<br><br>WILLIAM GAEDE III (*pro hac vice*)<br>McDERMOTT WILL & EMERY<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>Telephone:     (650) 813-5000<br>Facsimile:      (650) 813-5100<br><br>KEVIN M. FLOWERS (*pro hac vice*)<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>6300 Sears Tower<br>Chicago IL 60606<br>Telephone:     (312) 474-6300<br>Facsimile:      (312) 474-0448 |

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

*/s/ Michael R. Gottfried*
Michael R. Gottfried

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, on the above date.

*/s/ Michael R. Gottfried*
Michael R. Gottfried