# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., </br></br>             Plaintiff, </br></br>   v. </br></br> F. HOFFMANN-LAROCHE LTD., </br> a Swiss Company, ROCHE DIAGNOSTICS </br> GMBH, a German Company, and </br> HOFFMANN LAROCHE INC., a New </br> Jersey Corporation, </br></br>             Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 05 CV 12237 WGY </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**BRIEF IN SUPPORT OF AMGEN'S MOTION *IN LIMINE* NO. 10:
EXCLUDE EVIDENCE RELATED TO ROCHE'S ANTITRUST ALLEGATIONS**

**I.      INTRODUCTION**

Amgen request, pursuant to FRE 402 and 403, to exclude any evidence or arguments by Roche at the patent trial beginning on September 4, 2007, that relate to Roche's antitrust claims. On July 18, 2007, this Court bifurcated Roche's antitrust claims from Amgen's patent claims, and specifically held that the September 4, 2007 trial would involve only patent issues. Despite this unequivocal ruling, Roche now seeks to introduce material that relates solely to its antitrust allegations.[1]

By way of example, Roche has designated portions of depositions that contain testimony from Amgen's customers regarding Amgen's relationships with them, the terms and substance of Amgen's customer contracts, and Amgen's communications with customers that Roche has characterized as "threats" in support of its antitrust claims. In addition, Roche's exhibit list includes numerous antitrust-related documents discussing *inter alia,* Amgen's business strategies focused on potential future competition to Amgen's drugs and future reimbursement scenarios. These materials have no relationship to the patent claims being tried in September: they are not probative of whether Roche's peg-EPO product infringes Amgen's patents, or whether those patents are valid or enforceable. Indeed, through discovery in this matter and its opposition to Amgen's motion for summary judgment on the antitrust and state law claims ("Antitrust Opposition"), Roche has already acknowledged that the purpose of these materials is to prove its purported antitrust allegations.

---

[1] Attached as Appendix A is a list of 35 depositions and exhibits that Amgen has identified as relating to Roche's antitrust allegations. Because Roche's proposed exhibit list includes over 7000 entries, Amgen has provided this exemplar to highlight to the Court the amount of inadmissible antitrust material that Roche has submitted as part of its proposed exhibits and deposition designations. Amgen reserves the right to supplement this list or object at trial to Roche submitting other antitrust related materials that are not on Appendix A.

1

As set forth below, Roche has no basis to submit antitrust materials as part of the September trial. Roche's proffered antitrust materials are irrelevant and will only cause unnecessary confusion for the jury and unfairly prejudice Amgen.

## II.   ARGUMENT

### A.   Roche has designated deposition testimony and proposed exhibits for the patent trial that relate entirely to the antitrust case

This Court ruled on July 18, 2007 that the September 4, 2007 trial would relate solely to the patent claims, and commence with "[Roche's] claim as to anticipation, obviousness, and written description."[2] Through its proposed exhibits and witness designations, Roche intends to circumvent this order by introducing evidence regarding its antitrust allegations at the patent trial.

More specifically, Roche has indicated as part of its pre-trial exchanges that it will submit numerous witness deposition designations and exhibits that concern antitrust related topics, such as:

- Amgen's relationships with its customers, including:
  - Amgen's contracts with Fresenius Medical Care and Davita[3]
  - Amgen's contracting strategies with different types of customers[4]
- Roche's allegations that Amgen "threatened" certain customers[5]
- Amgen's competitive assessments of Roche and other companies[6]

---

[2] July 18, 2007 Electronic Order [Docket No. 762].

[3] *See* Appendix A, Roche Proposed Exhibit 7026.

[4] *See* Appendix A, Roche Proposed Exhibit 2457.

[5] *See* Appendix A, Roche Preliminary Deposition Designations List [e.g., 3, 4, 67 to Antitrust Opposition].

[6] *See* Appendix A, Roche Proposed Exhibit 6110.

2

- Reimbursement issues, including how ESA products are reimbursed by Medicare or other payers[7]

Roche has acknowledged in its own pleadings and discovery responses that these matters are the foundation of its antitrust counterclaims, not its patent defenses.[8] Indeed, there is tremendous overlap between the documents Roche has designated for use in the patent case, and those it relied upon in its Antitrust Opposition. Of the 256 deposition excerpts and documents Roche cited in support of its Antitrust Opposition, Roche has now designated 35 of the same documents for use at the September 4, 2007 patent trial.

By way of example, in Roche alleged as part of its <u>antitrust counterclaims</u>, that Amgen blocked Roche's access to customers for CERA by entering into "exclusionary" contracts and "threatening customers" not to purchase CERA.[9] In its Antitrust Opposition, Roche purported to support these allegations by pointing to *inter alia,* the deposition testimony of third party customers Maureen Michael, Anthony Messana, and Tracey Mooney, who Roche claims, Amgen threatened.[10]

Despite lacking any nexus to the patent claims or defenses, in its pre-trial disclosures for the patent case, Roche has designated deposition testimony from these same individuals - Michael, Messana and Moooney - regarding *inter alia,* Amgen's relationships with its customers, including potential future contracts, and the alleged customer "threats."

---

[7] *See* Appendix A, Roche Proposed Exhibit 6110.

[8] *See, e.g.,* First Amended Answer and Counterclaims to Plaintiff's Complaint [Docket No. 344] at pp. 29 - 38 at ¶¶ 1-44.

[9] *Id.* at p. 29 at ¶ 3.

[10] *See* Roche's Opposition To Amgen's Motion For Summary Judgment On the Antitrust And State Law Counterclaims [Docket No. 586] at pp. 3 and 4.

### B. Roche's proposed witness designations and exhibits are inadmissible under FRE 402 and 403

Roche's attempt to introduce antitrust evidence that bears no relationship to the claims of patent infringement or invalidity defenses that will be tried at the September 4, 2007 trial should be rejected. By attempting to introduce antitrust materials and testimony as evidence in the patent case, despite the Court's order that these issues will not be tried in this case, Roche is simply attempting to flood the record with irrelevant and unfairly prejudicial information.

Under FRE 401 and 402, evidence must relate to the determination of a fact that is of consequence to the matter to be tried.[11] The only issues to be tried here are the patent claims of infringement, validity and enforceability. Documents or testimony regarding antitrust-focused topics are not relevant to whether Roche's product falls within the scope of the patent claims, whether the patents are invalid, or whether they are enforceable, and therefore should be excluded from this trial.[12]

Moreover, even if Roche's antitrust related materials had some marginal relevance, they are not admissible under FRE 403 because they present a significant risk of prejudice to

---

[11] *See* FRE 401: "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence *to the determination of the action* more probable or less probable than it would be without the evidence (emphasis added);

FRE 402: *"*All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. *Evidence which is not relevant is not admissible*" (emphasis added).

[12] *See Schreiner v. Caterpillar, Inc.,* 250 F.3d 1096 (7th Cir. 2001) (affirming district court grant of motion in limine to exclude certain evidence from the liability phase of a bifurcated trial because though the evidence could have been relevant to the issue of punitive damages, it was not relevant on the issue of liability); *Smith-Walker v. Zielinski*, 2003 U.S. Dist. LEXIS 9078 *17 (D. Ind. 2003) (holding that plaintiff's emotional condition was irrelevant to the issue of liability and thus inadmissible during liability phase of trial.) *See also, Amgen Inc.'s Motion in Limine to Preclude Reference to Monopoly and Consumer Choice During Infringement, Validity and Enforceability Proceedings*, pp. 2-4, and cases cited therein.

4

Amgen.[13] Through its antitrust allegations, Roche intends to portray Amgen as a "bad company" and improperly influence the jury to find Roche does not infringe Amgen's patents on grounds that are irrelevant to the patent claim analysis. This is precisely the unfair prejudice which Rule 403 was designed to prevent.[14] Numerous courts have recognized the significant likelihood that a jury could be confused or misled when antitrust claims are tried with patent claims, which has led them to bifurcate these claims from each other.[15]

Additionally, if Roche introduces antitrust evidence at the patent trial, Amgen's counsel will be forced to rebut this antitrust evidence with its own testimony and argument in order to place Roche's allegations in the proper context and mitigate their prejudicial effect on the jury. This will result in a waste of the Court's and the jury's time as counsel and witnesses delve into the intricacies of facts related to antitrust issues that are not part of this trial.

---

[13] *See* FRE 403 "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]"

[14] *United States v Adams* 375 F3d 108 (1st. Cir. 2004) (Evidence must be excluded where its relevance is substantially outweighed by its prejudicial effect, that is, by its tendency to encourage jury to decide case on improper grounds); *United States Football League v National Football League* 634 F Supp 1155 (S.D.N.Y. 1986) (granting defendant's motion to exclude from trial evidence of previous antitrust litigation against defendants where such evidence would create "aura of guilt.")

[15] *Ventrex Laboratories, Inc. v. AB Fortia, et al.*, 223 U.S.P.Q. (BNA) 897, 899 (noting that "it's almost inconceivable that a jury could arrive at an intelligent verdict" if forced to consider complex antitrust and patent issues within the same trial); *In re Innotron Diagnostics*, 800 F.2d 1077, 1085 (Fed. Cir. 1986) ("avoidance of prejudice and confusion is served in trying first the patent issues, without injecting the different [and highly complex antitrust] counterclaim issues which required different proof and different witnesses."); *Brandt, Inc. v. Crane*, 97 F.R.D. 707, 708 (N.D. Ill. 1983) (concluding that separation of patent and antitrust trials will not only result in little, if any, duplication of proof, it will "significantly reduce the likelihood of prejudice and confusion").

**III.    CONCLUSION**

    For the foregoing reasons, Amgen requests that this Court preclude Roche from introducing antitrust-related arguments and materials during the infringement, validity and enforceability proceedings.

Dated:  August 21, 2007

Of Counsel:

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA   91320-1889
(805) 447-5000

Respectfully Submitted,

AMGEN INC.,
By its attorneys,

*/s/ Michael R. Gottfried*
D.DENNIS ALLEGRETTI (BBO# 545511)
MICHAEL R.GOTTFRIED (BBO# 542156)
PATRICIA R. RICH (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
Telephone:     (857) 488-4200
Facsimile:      (857) 488-4201

LLOYD R. DAY, JR
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA  95014
Telephone:     (408) 873-0110
Facsimile:      (408) 873-0220

WILLIAM GAEDE III
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:     (650) 813-5000
Facsimile:      (650) 813-5100

KEVIN M. FLOWERS
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:     (312) 474-6300
Facsimile:      (312) 474-0448

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on August 21, 2007.

                                                        */s/ Michael R. Gottfried*
                                                        Michael R. Gottfried