# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05 CV 12237 WGY |
| | ) |
| F. HOFFMANN-LAROCHE LTD., a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN LAROCHE INC., a New Jersey Corporation, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF AMGEN'S MOTION *IN LIMINE* NO. 15:
EXCLUDE TESTIMONY OF ROCHE'S IN-HOUSE COUNSEL GEORGE JOHNSTON
BECAUSE HIS TESTIMONY IS IRRELEVANT AND ROCHE FAILED TO IDENTIFY
HIS TESTIMONY PURSUANT TO FED. R. CIV. P. 26(a) DURING DISCOVERY**

**I.      INTRODUCTION**

George Johnston is in-house counsel for defendant Hoffman-La Roche, Inc., and is identified as a witness expected to testify on behalf of the Roche defendants (hereinafter "Roche") at trial. Mr. Johnston should be precluded from testifying at trial because his testimony will not be relevant to any facts or issues in this case and because Roche has not disclosed him as a witness or any evidence pertinent to his testimony during discovery.

Roche has admitted that Amgen has not asserted any claim of willful infringement, so testimony as to Roche's state of mind is not relevant to any facts and issues in the case. Furthermore, pursuant to FRCP 26(a) and 37(c)(1), the testimony of a witness presented at trial should be limited to that which was identified during discovery. Also, Roche refused to produce any opinions or the results of any patent investigations in response to Amgen discovery requests. Roche cannot now introduce opinion or investigation testimony from its in-house counsel, Mr. Johnston, after having denied Amgen discovery on this topic.

Amgen will be prejudiced by Mr. Johnston's irrelevant testimony because it will confuse the jury and because Roche's non-disclosure prevents Amgen from preparing for Mr. Johnston's testimony. Accordingly, Amgen requests that Mr. Johnston, Roche's in-house counsel, be precluded from testifying at trial.

**II.     ARGUMENT**

    **A.      Roche Admits That Its State of Mind is Not at Issue in This Case so Johnston's Testimony is Irrelevant**

There is no claim of willful infringement in this case. Roche admits that its state of mind

is not at issue in this case.[1] Mr. Johnston's testimony therefore cannot be relevant to any disputed facts or issues regarding invalidity or infringement. Mr. Johnston is in-house counsel for Roche and is not a fact witness, an expert witness, or a patent law expert in this case. He could testify about Roche's opinion about the patents-in-suit but since, as Roche admits, willfulness is not at issue, Mr. Johnston's expected testimony about Roche's good faith efforts to investigate the patents-in-suit is not relevant and should be excluded under FRE 402.

Amgen will be prejudiced by Mr. Johnston's irrelevant testimony because of the potential confusion it will cause the jury. Roche's state of mind is not at issue and the jury should not be misled into thinking that it is. Mr. Johnston can say nothing that will help the jury better understand the facts and issues of the case and his testimony should be excluded.

### B. Roche Improperly Seeks Testimony of Mr. Johnston Despite Never Disclosing Him As a Witness Nor Any Evidence Relevant to His Testimony During Discovery

Pursuant to FRCP 37(c)(1), a party is not permitted to use as evidence any information or witness not disclosed as required in FRCP 26, unless the failure to disclose was harmless. Roche did not disclose Mr. Johnston as a potential witness in its 26(a) disclosures. Nor do any of its responses to Amgen's numerous discovery requests list or discuss Mr. Johnston as having knowledge of relevant information in this case.

---

[1] *Amgen Request No. 262*: All documents and things relating to any investigation, study, evaluation, opinion, meeting minutes, or project reports concerning any alleged lack of patentability, invalidity, or unenforceability of the patents-in-suit. *Roche Response to Amgen Request No. 262*: Roche objects to this Request as overly broad, unduly burdensome, vague, ambiguous, harassing and not reasonably calculated to lead to the discovery of admissible evidence, **particularly as Amgen has not asserted any claim of willful infringement**. Additionally, Roche objects to this Request to the extent it is duplicative of Amgen's Request for Production No. 198. Moreover, Roche objects to this request to the extent it calls for claim construction and no Markman hearing has been conducted yet in this case. Roche objects to this Request to the extent it calls for a legal conclusion or expert opinion. Roche also objects to this Request as seeking information protected from disclosure by the attorney-client privilege and the attorney work product doctrine and therefore will not produce any such documents (emphasis added).

Whenever Amgen asked specifically for evidence of Roche's investigation into or opinion about the patents-in-suit, Roche objected that the request sought information that was privileged. For example, in response to Amgen's Request for Production No. 197,[2] Roche objected on the grounds that the request sought "information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Moreover, Roche objects to this Request to the extent it calls for a legal conclusion."[3] Roche offered no insight into its investigations into the patents-in-suit during discovery.

After failing to disclose Mr. Johnston as a witness who may know information relevant to this case and after failing to identify any documents or other evidence that provides the bases for Mr. Johnston's testimony, Roche cannot now rely upon his testimony at trial. That would be unfairly prejudicial to Amgen because it has been prevented from preparing for Mr. Johnston's trial testimony.

## III.    CONCLUSION

For the foregoing reasons, Amgen respectfully requests that Mr. Johnston, Roche's in-house counsel, be precluded from testifying at trial.

---

[2] *Amgen Request No. 197*: All documents and things relating to any investigation, opinion, testing, evaluation, or analysis as to whether any claim of Amgen's patents-in-suit was or is or will be infringed by the manufacture, importation, use, offer for sale, or sale of peg-EPO, including but not limited to oral or written opinions of an attorney (other than investigation(s), opinion(s), testing, evaluations(s), or analysis by counsel of record in this action after ROCHE received notice that the Complaint had been filed in this action), or any other person [Docket No. 167-5 at p. 28-29].

[3] Roche's Response to Amgen's Request for Production No. 197 [Docket No. 167-5 at p. 29].

3

                                              Respectfully Submitted,

Date: August 24, 2007                  AMGEN INC.,
                                              By its attorneys,

                                              */s/ Michael R. Gottfried*
Of Counsel:                              D. DENNIS ALLEGRETTI (BBO#545511)
                                              MICHAEL R. GOTTFRIED (BBO#542156)
STUART L. WATT                     PATRICIA R. RICH (BBO#640578)
WENDY A. WHITEFORD            DUANE MORRIS LLP
MONIQUE L. CORDRAY            470 Atlantic Avenue, Suite 500
DARRELL G. DOTSON               Boston, MA 02210
KIMBERLIN L. MORLEY            Telephone:    (857) 488-4200
ERICA S. OLSON                      Facsimile:     (857) 488-4201
AMGEN INC.
One Amgen Center Drive           LLOYD R. DAY, JR. (*pro hac vice*)
Thousand Oaks, CA   91320-1789    DAY CASEBEER
(805) 447-5000                      MADRID & BATCHELDER LLP
                                              20300 Stevens Creek Boulevard, Suite 400
                                              Cupertino, CA 95014
                                              Telephone:    (408) 873-0110
                                              Facsimile:     (408) 873-0220

                                              WILLIAM GAEDE III (*pro hac vice*)
                                              McDERMOTT WILL & EMERY
                                              3150 Porter Drive
                                              Palo Alto, CA 94304
                                              Telephone:    (650) 813-5000
                                              Facsimile:     (650) 813-5100

                                              KEVIN M. FLOWERS (*pro hac vice*)
                                              MARSHALL, GERSTEIN & BORUN LLP
                                              233 South Wacker Drive
                                              6300 Sears Tower
                                              Chicago IL 60606
                                              Telephone:    (312) 474-6300
                                              Facsimile:     (312) 474-0448

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on August 24, 2007.

                                                */s/ Michael R. Gottfried*
                                                Michael R. Gottfried