# EXHIBIT E

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
### Before the Board of Patent Appeals and Interferences

| | | |
|---|---|---|
| FRITSCH et al. | ) | Interference No. 102,096 |
| | ) | and |
| v. | ) | Interference No. 102,097 |
| | ) | |
| LIN | ) | Examiner-in-Chief: |
| | ) | Marc L. Caroff |

**BOX INTERFERENCE**

* * * * * * * * * * * * * * * *

Honorable Commissioner of Patents
    and Trademarks
Washington, D. C. 20231

# OPPOSITIONS BY THE PARTY LIN
# TO THE PRELIMINARY MOTIONS
# OF THE PARTY FRITSCH ET AL

AM 17 000009
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00327055

**LIN OPPOSITIONS**
Interference Nos. 102,096 and 102,097

## OPPOSITION G—TO MOTION TO COMBINE INTERFERENCE NO. 102,097 WITH THE INSTANT INTERFERENCE

The party Lin opposes the motion of Fritsch et al. (Fritsch) to combine the subject interference with Interference No. 102,097. The motion should be denied for the reasons herein.

Actually, Lin does not understand what Fritsch really means when they say to "combine" the interferences. They are presently being handled concurrently and Lin has no objection to this. In fact, the present separate but concurrent handling of the two interferences is the most effective way of proceeding. All of the advantages relating to judicial economy and administration of justice as listed by Fritsch are presently available as the interferences are set up and functioning. "Combining" the interferences at this stage in some other way would do nothing but complicate matters and make a determination of the real priority issue more difficult. Furthermore, such a "combining" would only serve to prolong the present conflict, a result Fritsch would no doubt find most welcome, and necessitate the filing of additional preliminary motions and preliminary statements as respect to any new count and the issues presented thereby.

Whatever reasons are given by Fritsch in support of its motion to combine the two interferences, it is apparent from reading Fritsch's other motions that the real reason is that Fritsch wants the present two interference counts replaced with a single count not truly definitive of either of the current counts or the inventions represented thereby. The completely inappropriate nature of the proposed count is set forth in detail

79

AM 17 000088
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00327134

**LIN OPPOSITIONS**
Interference Nos. 102,096 and 102,097

in Lin's response to Fritsch's motion to substitute counts (Fritsch Exhibit D). The reasons for opposing that motion are incorporated herein by reference.

Fritsch admits that the Commissioner has already indicated that the present two interferences should be handled simultaneously. The Board has often coordinated the schedules of separate interferences to accommodate common witnesses, evidence, exhibits, discovery and even records and briefs. The Board does not need consolidation to a single interference to effect this.

Fritsch fails to point out in its statement of facts that Fritsch's assignee Genetics Institute, Inc. (G.I.) filed a Protest Under 37 CFR §1.291 (a) and Request for Interference Under 37 CFR §1.604 during the prosecution of Lin's application Serial No. 113,179, the Lin application involved in Interference No. 102,097. In that paper (copy received in the file of Serial No. 113,179 on September 6, 1988), G.I. describes its attempt to get into an interference with Lin, U.S. Patent 4,703,008 (the '008 patent) and the count G.I. has proposed, i.e., "A purified and isolated DNA sequence consisting essentially of a DNA sequence encoding human erythropoietin" (EPO) which is the present count of this interference. G.I. pointed out in its protest that its application also discloses process claims for producing human EPO which correspond to those being prosecuted in the pending Lin continuation application (Serial No. 113,179). G.I. requested an interference based on a process count.

G.I. specifically asked (at page 7) that the requested interference on the process be merged with and incorporated into the interference to be declared with the Lin '008 patent on the DNA sequence count on what G.I. contended was "intimately related

AM 17 000089
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00327135

## LIN OPPOSITIONS
Interference Nos. 102,096 and 102,097

subject matter." G.I. also stated that the interference with the Lin '008 patent "should include all relevant applications and patents corresponding to the count(s)". G.I. concluded its paper (at pages 8 and 9) with the statement:

> A declaration between Lin's parent application (now U.S. 4,703,008) and Protestor's application is believed imminent. In these circumstances, it is both expedient and in conformity with the new interference rules, to conclude the conflicting subject matter of the pending Lin application and Protestor's application in the same interference (emphasis added).

Thus, Fritsch and its assignee G.I. pressed repeatedly for a combined interference before the interferences were even declared. In spite of all the arguments, the Examiner and the Board declared the present two separate interferences. Fritsch is merely replowing old ground on this motion.

> Fritsch contends on page 86 of its motion:
>
> The interferences in terms of subject matter are essentially the same and the interference counts are different manifestations of the same "invention".

Fritsch has the burden of proof in support of its motion and the allegations made therein. Since Fritsch does not even attempt to supply any argument or evidence in support of the bare allegation of "same invention", it is apparent that it was not a serious contention. Suffice it to say that Lin contends that the two counts are not to the "same invention".

Should Fritsch in its reply offer arguments or evidence in support of its allegation of "same invention, Lin requests that such arguments or evidence should be stricken and disregarded since Lin has no fair opportunity to respond thereto. Should the Examiner decide to give any regard to such belated arguments or evidence, Lin should be accorded the opportunity to respond.

81

AM 17 000090
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00327136

**LIN OPPOSITIONS**
Interference Nos. 102,096 and 102,097

The Examiner and the Board have previously considered the action requested in this motion and refused to grant it. Fritsch has offered no good reasons why that action was incorrect. The Fritsch motion to combine the interferences should be denied.

AM 17 000091
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00327137

## LIN OPPOSITIONS
Interference Nos. 102,096 and 102,097

### B. Reasons in Support of This Opposition

#### 1. Fritsch Has Failed to Comply With 37 CFR 1.637(c)(1)(iv)

Paragraph (iv) of 37 CFR 1.637(c)(1) requires that Fritsch designate the claims of Lin's involved patent application which define the same patentable invention as the proposed count. Fritsch did nothing more than mention in the title of its motion to designate "claim 2 and the other claims of the party Lin as corresponding to the count." There is no Lin claim 2 involved in this interference. When one looks at the proposed count and the claims of the Lin application it is not at all surprising that Fritsch avoided this task. Nevertheless, the rule requires it and Fritsch did not do it.

Fritsch also failed to identify which claim if any in its involved application would correspond to the count. Mere inspection reveals that none could be fairly designated.

Should Fritsch attempt to make such required claim designations in its reply to this opposition, they should be stricken and disregarded since Lin would have no opportunity to respond thereto.

#### 2. Fritsch Fails to Justify Substitution of the Proposed Count For The Present Count

The first words of 37 CFR 1.637(c) are:

> A preliminary motion under §1.633(c) shall explain why the interfering subject matter should be redefined.

129

AM 17 000138
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00327184

## LIN OPPOSITIONS
Interference Nos. 102,096 and 102,097

In a motion that rambles on for 12 pages about patentability arguments made during prosecution, "striking similarity" to matters not in issue, etc., Fritsch finally states its reasons (pp. 148 and 149) why its motion should be granted. The first alleged reasons is that the proposed count:

> (i) identifies all of the steps to what is the <u>thrust of the technology</u> involved in this interference showing it is no different from Judge Rich's analysis that the "goal is to devise methods to synthesize useful quantities of specific proteins by controlling the mechanism by which living cells make proteins." <u>In re O'Farrell et al.</u>, supra; (Emphasis added.)

Nowhere in <u>O'Farrell</u> does the court mandate that the "thrust of the technology" be used as a definition of the invention in lieu of the express claims of the parties. Nowhere does it say that the method used to synthesize a claimed DNA gene sequence is the true invention as contrasted to the method of preparing human EPO using the EPO DNA gene sequence. At present both parties have a claim verbatim to the present count (Lin claim 65 and Fritsch claim 72). Lin has an application, <u>no</u> claim of which is directed to the <u>proposed</u> process count. Fritsch's point (i) is no reason for substituting a new count that is not directed to any invention at issue between the parties.

Fritsch next lists reason (ii) for substituting its new count:

> (ii) avoids a problem with the current count which derives from claim 2 of the party Lin, which is simply a reflection of what the process produces without indicating how.

130

AM 17 000139
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00327185

**LIN OPPOSITIONS**
Interference Nos. 102,096 and 102,097

Fritsch is totally confused. The present count derives from claim 65 of the Lin application. The present process count of <u>this</u> interference has no relation whatever to Fritsch reason (ii); it may be Fritsch has the two interferences confused.

Fritsch contends in reason (iii) that its proposed count provides a clear measure by which to determine priority. As pointed out above, the parties are not contesting priority over Factor VIII or over the broad general approach to cloning techniques.

Fritsch contends in (iv) that the proposed count accords with the earliest proofs of the parties. Translated, this means that Fritsch thinks it might have a chance of winning a completely different "process" interference, especially when Lin is not even claiming the proposed process.

Fritsch finally sets forth its true reason in (v) that substitution might allow it to have benefit of the filing date of Toole. As set forth in detail in the opposition to the Fritsch motion for benefit, Fritsch faces overwhelming problems in showing such benefit. However, being faced with certain defeat on the present count requires desperate measures as exhibited throughout these motions. In any event, permitting Fritsch an arguable chance at an earlier filing date is not enough when all other reasons for the motion are inadequate.

131

AM 17 000140
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00327186

**LIN OPPOSITIONS**
Interference Nos. 102,096 and 102,097

## OPPOSITION Q—TO MOTION TO COMBINE INTERFERENCE NO. 102,096 WITH THE INSTANT INTERFERENCE

The party Lin opposes the motion of Fritsch et al. (Fritsch) to combine the subject interference with Interference No. 102,096. The motion should be denied for the reasons herein.

Actual Lin does not understand what Fritsch really means when they say to "combine" the interferences. They are presently being handled concurrently and Lin has no objection to this. In fact, the present separate but concurrent handling of the two interferences is the most effective way of proceeding. All of the advantages relating to judicial economy and administration of justice as listed by Fritsch are presently available as the interferences are set up and functioning. "Combining" the interferences at this stage in some other way would do nothing but complicate matters and make a determination of the real priority issue more difficult. Furthermore, such a "combining" would only serve to prolong the present conflict, a result Fritsch would no doubt find most welcome, and necessitate the filing of additional preliminary motions and preliminary statements as respect to any new count and the issues presented thereby.

Whatever reasons are given by Fritsch in support of its motion to combine the two interferences, it is apparent from reading Fritsch's other motions that the <u>real</u> reason is that Fritsch wants the present two interference counts replaced with a single count <u>not</u> truly definitive of <u>either</u> of the current counts or the inventions represented thereby. The completely inappropriate nature of the proposed count is set forth in detail

147

AM 17 000156
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00327202

## LIN OPPOSITIONS
Interference Nos. 102,096 and 102,097

in Lin's responses to Fritsch's motions to substitute counts (Fritsch Exhibits D and O). The reasons for opposing those motions are incorporated herein by reference.

Fritsch admits that the Commissioner has already indicated that the present two interferences should be handled simultaneously. The Board has often coordinated the schedules of separate interferences to accommodate common witnesses, evidence, exhibits, discovery and even records and briefs. The Board does not need consolidation to a single interference to effect this.

Fritsch fails to point out in its statement of facts that Fritsch's assignee Genetics Institute, Inc. (G.I.) filed a Protest Under 37 CFR §1.291 (a) and Request for Interference Under 37 CFR §1.604 during the prosecution of Lin's application Serial No. 113,179, the Lin application involved in this Interference (No. 102,097). In that paper (copy received in the file of Serial No. 113,179 on September 6, 1988), G.I. describes its attempt to get into an interference with Lin, U.S. Patent 4,703,008 (the '008 patent) and the count G.I. has proposed, i.e., "A purified and isolated DNA sequence consisting essentially of a DNA sequence encoding human erythropoietin" (EPO) which is the present count of Interference No. 102,096. G.I. pointed out in its protest that its application also discloses process claims for producing human EPO which correspond to those being prosecuted in the pending Lin continuation application (Serial No. 113,179). G.I. requested an interference based on a process count.

G.I. specifically asked (at page 7) that the requested interference on the process be merged with and incorporated into the interference to be declared with the Lin '008 patent on the DNA sequence count on what G.I. contended was "intimately

148

Case 1:05-cv-12237-WGY    Document 868-6    Filed 08/24/2007    Page 12 of 14

## LIN OPPOSITIONS
Interference Nos. 102,096 and 102,097

related subject matter." G.I. also stated that the interference gith the Lin '008 patent "should include all relevant applications and patents corresponding to the count(s)". G.I. concluded its paper (pages 8 and 9) with the statement:

> A declaration between Lin's parent application (now U.S. 4,703,008) and Protestor's application is believed imminent. In these circumstances, it is both expedient and in conformity with the new interference rules, to conclude the conflicting subject matter of the pending Lin application and Protestor's application in the <u>same interference</u> (emphasis added).

Thus, Fritsch and its assignee pressed repeatedly for a combined interference before the interferences were even declared. In spite of all the arguments, the Examiner and the Board declared the present two separate interferences. Fritsch is merely replowing old ground on this motion.

Fritsch contends on page 86 of its motion:

> The interferences in terms of subject matter are essentially the same and the interference counts are different manifestations of the same "invention".

Fritsch has the burden of proof in support of its motion and the allegations made therein. Since Fritsch does not even attempt to supply any argument or evidence in support of the bare allegation of "same invention" it is apparent that it was not a serious contention. Suffice it to say that Lin contends that the two counts are <u>not</u> to the "same invention".

Should Fritsch in its reply offer arguments or evidence in support of its allegation of "same invention, Lin requests that such arguments or evidence should be stricken and disregarded since Lin has no fair opportunity to respond thereto. Should the Examiner decide to give any regard to such belated arguments or evidence, Lin should be accorded the opportunity to respond.

149

AM 17 000158
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00327204

**LIN OPPOSITIONS**
Interference Nos. 102,096 and 102,097

The Examiner and the Board have previously considered the action requested in this motion and refused to grant it. Fritsch has offered no good reasons why that action was incorrect. The Fritsch motion to combine the interferences should be denied.

Respectfully submitted,

CUSHMAN, DARBY & CUSHMAN

By /s/ Paul N. Kokulis
Paul N. Kokulis
Registration No. 16,773
An attorney for the
party Lin

1615 L Street, N.W.
Eleventh Floor
Washington, D. C. 20036-5601
(202)861-3000

AM 17 000159
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00327205

**LIN OPPOSITIONS**
Interference Nos. 102,096 and 102,097

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing OPPOSITIONS BY THE PARTY LIN TO THE PRELIMINARY MOTIONS OF THE PARTY FRITSCH ET AL together with Exhibits has been sent this 29th day of August, 1989, by first-class mail, postage prepaid, to the attorney of record for the party Fritsch et al., George A. Skoler, Esq c/o Genetics Institute, Inc., 87 Cambridge Park Drive, Legal Affairs, Cambridge, Massachusetts 02140-2387.

_____
Paul N. Kokulis

AM 17 000160
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00327206