# EXHIBIT F

All communications respecting this case should identify it by number and names of parties.



**U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office**

Address:  BOX INTERFERENCE
Commissioner of Patents and Trademarks
Washington, D.C. 20231

**MAILED**

FEB 9 1990

PAT. & T.M. OFFICE
BOARD OF PATENT APPEALS
AND INTERFERENCES

Interference No. 102,096

Fritsch et al

v.

Lin

### Decision on Motions

The following motions have been filed:[1]

AA.  to terminate the interference and award priority in view of a decision rendered by the U.S. District Court for the District of Massachusetts (Civil Action No. 87-2617-Y).

A.  for judgment of unpatentability to Lin of claims corresponding to the count under 35 USC 102(e) and/or 103.

B.  for judgment of unpatentability to Lin of claims corresponding to the count under 35 USC 112, first paragraph ("best mode" requirement).

C.  to substitute or add Fritsch application Serial No. 386,280 to the interference.

D.  to substitute a proposed method count for the original count.

E.  for Fritsch to be accorded benefit of the filing dates of three earlier applications as to the existing or proposed count.

---

[1] Following the convention adopted by the parties, the preliminary motions of Fritsch (Paper No. 22) are identified by the letters A through G. The motion under §1.635 filed by Lin (Paper No. 31) is identified by the designation "AA".

FORM PTOL-78B (REV 3-85)

AM 17 001283
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00328330

Interference No. 102,096                                              - 2 -

F. to attack the benefit accorded to Lin of the filing dates of its earlier applications on the grounds that those applications fail to satisfy the "enablement" and/or "best mode" requirements of 35 USC 112.

G. to combine interference 102,097 with the instant interference.

Oppositions and replies have been filed relating to each of the aforementioned motions.

### Motion AA

In view of the Commissioner's Order (Paper No. 11) of August 2, 1989 that this interference be carried out with "special dispatch", the subject motion has been considered prior to receipt of any opposition thereto and is hereby dismissed since it does not include a full statement of the reasons why the relief requested should be granted as required by §1.637(a)(3). In this regard, the motion fails to specifically address each of the issues raised by Fritsch in its preliminary motions which might preclude a judgment in favor of Lin despite the district court decision cited by Lin. Moreover, Lin has presented no reason why the Board should consider itself necessarily bound by the cited decision. Cf. IV Rivise and Caesar, Interference Law and Practice, §784 (Michie Co. 1948).

### Motion A

Consideration of the motion is deferred to final hearing provided that the matter is raised by Fritsch in its brief. §1.639(c). Matters not raised in the brief are ordinarily regarded as abandoned. Photis v. Lunkenheimer, 225 USPQ 948 (Bd.Pat.Int. 1984). Even if Lin's involved claims were found to be anticipated or obvious based upon the Toole et al reference cited by Fritsch, Lin would still be able to avoid a judgment of unpatentability if he presents evidence of priority which establishes a date of invention earlier than the filing date

AM 17 001284
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00328331

Interference No. 102,096                                      - 3 -

associated with the Toole et al reference.  Thus, consideration of the questions of anticipation and obviousness at this juncture may prove to be academic.  It is the practice of the Board to avoid piecemeal prosecution especially where, as here, issues to be considered at final hearing may be interrelated, or may even involve the same or common testimony as pointed out in the opposition by Lin, i.e., testimony offered by Lin to establish prior inventorship may also be relied upon to antedate the Toole et al patent.

### Motion B

Consideration of the motion is <u>deferred</u> to final hearing provided that the matter is raised by Fritsch in its brief. <u>Photis v. Lunkenheimer</u>, supra.  As indicated by Lin in his opposition, the question of whether a party has satisfied the "best mode" requirement of 35 USC 112 is one which ordinarily requires the taking of testimony for an adequate determination of the relevant facts.  <u>Weil v. Fritz</u>, 601 F.2d 551, 202 USPQ 447 (CCPA 1979).

### Motion F

Consideration of this motion is also <u>deferred</u> to final hearing since it is based for the most part on the issues raised in related motion B.  In this regard, it is noted that Fritsch has chosen to consider the questions of "enablement" and "best mode" together and, in its reply, relates these questions to the matter raised in motion B.

### Motion D

The motion is <u>dismissed</u> since it seeks to substitute a "method" count for the present "product" count.  Related interference 102,097 involves a count directed to a method for producing a desired human protein (EPO).  Presumably, therefore, the counts in the respective interferences (102,096 and 102,097) are directed to separate patentable inventions and Fritsch has


AM 17 001285
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00328332

Interference No. 102,096                                                – 4 –

not shown otherwise. See 37 CFR 1.601(f). Accordingly, consideration of the count substitution proposed by Fritsch is appropriate only with respect to interference 102,097.

### Motion C

This motion is <u>dismissed</u> as moot in view of the dismissal of related motion D.

### Motion E

The motion is <u>denied</u>. The evidence proffered by Fritsch is considered insufficient to establish that the earlier applications for which benefit is sought constitute a constructive reduction to practice of the present count as required by 37 CFR 1.637(f)(3). The earlier applications are admittedly devoid of any mention of erythropoietin (EPO), and do not appear to contain any specific disclosure which would lead one of ordinary skill in the art to arrive at the invention defined by the count without undue experimentation. The earlier applications appear to specifically relate only to the production of "Factor VIII:C".

The question raised in motion A of whether the subject matter defined by the count would be obvious from the Toole patent (for which benefit is sought) is not relevant to the question of whether the disclosure in the patent constitutes a constructive reduction to practice of the count. Even if obviousness were established, a question would remain as to whether the earlier Fritsch applications provide sufficient descriptive and enabling support under 35 USC 112, as required by 35 USC 120 for a constructive reduction to practice. The Fritsch affidavit (Exhibit 7) is not convincing since it does not explicitly address these questions and fails to fully explain the factual basis of the conclusions set forth therein. Moreover, the statement in numbered paragraph 9 of the affidavit would appear to contradict any assertion by Fritsch that the earlier disclosed cloning technique is generally applicable, to wit:

AM 17 001286
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00328333

Interference No. 102,096                                          - 5 -

> One cannot identify clearly all of the genes for which this cloning approach is applicable, however, it is quite clear that the numbers are quite small and constitute a readily identifiable class of materials.

It is well established that a broad generic disclosure is generally not sufficient to support a specific claim or count. For instance, see In re Ruschig, 379 F.2d 990, 154 USPQ 118 (CCPA 1967).

### Motion G

The motion is dismissed since there is no provision in the new rules of practice for "combining" interferences. All interferences will be terminated with a judgment. See MPEP 2302. However, in the interest of judicial economy, the parties may request permission to file consolidated records and briefs for final hearing at the appropriate time.

### Preliminary Statements

The preliminary statements already filed in the Patent and Trademark Office have been opened on the record and are required to be served by February 16, 1990.

### Pre-Trial Conference Call

On February 27, 1990 at approximately 1:00 PM EST, a pre-trial conference call will be initiated by the undersigned. Should either lead counsel not be available at that time, the undersigned must be timely informed so that the conference can be rescheduled.

At that time, the parties are expected to be prepared to discuss:

    (1) What issues will be raised at final hearing.

    (2) What testimony, if any, is needed.

    (3) The specific issues to which such testimony will be directed.

AM 17 001287
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00328334

Interference No. 102,096 - 6 -

      (4) What type of testimony, i.e., deposition, affidavit or stipulation pursuant to §1.672, is to be taken.

      (5) The amount of time needed to take such testimony.

      (6) What discovery, if any, is needed.

      (7) Any other relevant matter they may choose to discuss.

### Suggestion for Negotiations

The parties are encouraged to contact each other, prior to the pre-trial conference call, and attempt to settle this interference or, failing that, to narrow, as much as possible, the issues for final hearing. The undersigned can be expected to cooperate in allowing reasonable time for a bona fide attempt to arrive at a settlement of outstanding issues in the interferences.

Should any party have a question regarding any aspect of this interference proceeding, that party should contact the undersigned *directly* by telephone (via a conference call) in the interest of orderly procedure so that the matter can be resolved in the most expeditious manner. §1.640(b).

### Summary of Times Running

1. Service of Preliminary Statements due by: February 16, 1990.

2. Pre-Trial Conference Call on February 27, 1990 at 1:00 PM EST.

                                                */s/ Marc L. Caroff*
                                                Marc L. Caroff
                                                Examiner-in-Chief
                                                (703) 557-4009

MLC/mjg

B.P.A.I. FAX NO. IS:
(703) 557-8642
SEE 1108 OG 15
(NOV. 14, 1989)

AM 17 001288
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00328335