# EXHIBIT G

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

Address: BOX INTERFERENCE
Commissioner of Patents and Trademarks
Washington, D.C. 20231

Interference No. 102,097

Fritsch et al

v.

Lin

MAILED
FEB 9 1990
PAT. & T.M. OFFICE
BOARD OF PATENT APPEALS
AND INTERFERENCES

## Decision on Motions

The following motions have been filed:[1]

AA. to terminate the interference and award priority in view of a decision rendered by the U.S. District Court for the District of Massachusetts (Civil Action No. 87-2617-Y).

H. for judgment of unpatentability to Lin of claims corresponding to the count under 35 USC 102(e) and/or 103.

I. for judgment of unpatentability to Lin of claim 65 corresponding to the count under 35 USC 112, first paragraph ("written description", "enablement" and/or "best mode" requirements).

J. to attack the benefit accorded to Lin of the filing date of its earlier applications on the grounds that those applications fail to satisfy the "written description" and/or "enablement" requirements of 35 USC 112.

K. to attack the benefit accorded to Lin of the filing dates of its earlier applications on the grounds that those applications fail to satisfy the "best mode" requirement of 35 USC 112.

---

[1] Following the convention adopted by the parties, the preliminary motions of Fritsch (Paper No. 26) are identified by the letters H through Q. The motion under §1.635 filed by Lin (Paper No. 33) is identified by the designation "AA".

FORM PTOL-78B (REV 3-85)

AM 17 005577
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00332625

Interference No. 102,097                                              - 2 -

     L.   for judgment of unpatentability to Lin of claims corresponding to the count under 35 USC 102(b).

     M.   for judgment of unpatentability to Lin of claims corresponding to the count under 35 USC 102(f).

     N.   to substitute or add Fritsch application Serial No. 386,280 to the interference.

     O.   to substitute a proposed count for the original count.

     P.   for Fritsch to be accorded benefit of the filing dates of three earlier applications as to the existing or proposed count.

     Q.   to combine interference 102,096 with the instant interference.

Oppositions and replies have been filed relating to each of the aforementioned motions.

### Motion AA

The motion is <u>dismissed</u> for the reasons set forth in the Decision on Motions (Paper No. 33) in companion interference 102,096 with regard to motion AA.

### Motion H

Consideration of the motion is <u>deferred</u> to final hearing essentially for the reasons set forth in the aforementioned Decision on Motions with regard to motion A.

### Motions I and J

Consideration of the aspects of motion I which relate to the question of whether Lin has satisfied the "best mode" requirement of 35 USC 112 is <u>deferred</u> to final hearing for the reasons set forth in the aforementioned Decision on Motions with regard to motion B.

To the extent that the subject motions relate to the question of whether the involved Lin application and his earlier applications satisfy the "description" and "enablement"

AM 17 005578
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

requirements of 35 USC 112, the motions are <u>denied</u> essentially for the reasons set forth in the opposition to motion J[2/]. Furthermore, it is noted that the Commissioner through his delegate, the Primary Examiner, determined at the outset of the interference that Lin claim 65 is allowable and that Lin is entitled to the benefit of his earlier applications. Therefore, it is presumed that the invention at issue is adequately disclosed as required by 35 USC 112, and the burden rests upon the party, here Fritsch, urging the contrary. Cf. <u>Case v. CPC International, Inc.</u>, 730 F.2d 745, 221 USPQ 196 (Fed.Cir. 1984), <u>cert. denied</u>, ___U.S.___, 224 USPQ 736 (1984)
There is a lack of objective evidence to support the position taken by Fritsch. Mere argument by an attorney is of no probative value. <u>Meitzner v. Mindick</u>, 549 F.2d 775, 193 USPQ 17 (CCPA 1977), <u>cert. den.</u>, 434 U.S. 854, 195 USPQ 465 (1977).

Motion K

Consideration of the motion is <u>deferred</u> to final hearing for the reasons set forth in the Decision on Motions in interference 102,096 with regard to motion F.

Motion L

The motion is <u>dismissed</u> for failure to comply with §1.637(a)(2) and (3). The references cited by Fritsch are given but a "broadbrush" treatment without even setting forth which particular portion or portions of the references are relied upon. Nor is there any clear and concise statement in the motion as to how any of the references anticipate the claims within the meaning of 35 USC 102. See <u>Jacobs v. Moriarity</u>, 6 USPQ2d 1799, 1801 (BPAI 1988).

---

[2/] While Lin does not address the question of "description" and "enablement" in his opposition to motion I, the opposition to motion J is considered to apply to both motion I and J since both motions raise the same fundamental issues and, thus, are considered together.

AM 17 005579
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00332627

### Motion M

Consideration of the motion is <u>deferred</u> to final hearing provided the matter is raised by Fritsch in its brief. §1.639(c). Matters not raised in the brief are ordinarily regarded as abandoned. <u>Photis</u> v. <u>Lunkenheimer</u>, 225 USPQ 948 (Bd.Pat.Int. 1984). The question of whether the applicant himself invented the subject matter at issue, and thus does not run afoul of 35 USC 102(f), is a question which ordinarily requires the taking of testimony for an adequate determination of the relevant facts. Cf. <u>Weil v. Fritz</u>, 601 F.2d 551, 202 USPQ 447 (CCPA 1979).

### Motion O

The motion is <u>dismissed</u>. The present count is considered to be directed to a separate patentable invention relative to the invention defined in the proposed count and Fritsch has not shown otherwise. Accordingly, substitution of one for the other would be inappropriate. Additionally, it is noted that Lin has made no claim to the broader invention defined by the proposed count and Fritsch has not proposed that such a claim be added to Lin's involved application in accordance with §1.637(c)(1)(iii). As the proponent of the proposition that the existing count be replaced with a count of broader scope, the burden falls on Fritsch to establish that both relate to the same patentable invention. Fritsch has not done so.

### Motion N

This motion is <u>dismissed</u> as moot in view of the dismissal of related motion O.

### Motion P

The motion is <u>denied</u> essentially for the reasons set forth in the Decision on Motions in interference 102,096 with regard to motion E.

AM 17 005580
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00332628

Interference No. 102,097                                              - 5 -

### Motion Q

The motion is <u>dismissed</u> for the reasons set forth in the aforementioned Decision on Motions with regard to motion G.

### Preliminary Statements

The preliminary statements already filed in the Patent and Trademark Office have been opened on the record and are required to be <u>served</u> by <u>February 16, 1990</u>.

### Pre-Trial Conference Call

On <u>February 27, 1990</u> at approximately <u>1:00 PM EST</u>, a pre-trial conference call will be initiated by the undersigned. Should either lead counsel not be available at that time, the undersigned must be timely informed so that the conference can be rescheduled.

At that time, the parties are expected to be prepared to discuss:

    (1)  What issues will be raised at final hearing.

    (2)  What testimony, if any, is needed.

    (3)  The specific issues to which such testimony will be directed.

    (4)  What type of testimony, i.e., deposition, affidavit or stipulation pursuant to §1.672, is to be taken.

    (5)  The amount of time needed to take such testimony.

    (6)  What discovery, if any, is needed.

    (7)  Any other relevant matter they may choose to discuss.

### Suggestion for Negotiations

The parties are encouraged to contact each other, prior to the pre-trial conference call, and attempt to settle this interference or, failing that, to narrow, as much as possible, the issues for final hearing. The undersigned can be expected to

AM 17 005581
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM-ITC 00332629

Interference No. 102,097                                              - 6 -

cooperate in allowing reasonable time for a bona fide attempt to arrive at a settlement of outstanding issues in the interferences.

Should any party have a question regarding any aspect of this interference proceeding, that party should contact the undersigned <u>directly</u> by telephone (via a conference call) in the interest of orderly procedure so that the matter can be resolved in the most expeditious manner. §1.640(b).

<u>Summary of Times Running</u>

1. Service of Preliminary Statements due by: <u>February 16, 1990</u>.

2. Pre-Trial Conference Call on <u>February 27, 1990</u> at <u>1:00 PM EST</u>.

<i>/Marc L. Caroff/</i><br>
Marc L. Caroff<br>
Examiner-in-Chief<br>
(703) 557-4009

MLC/mjg

B.P.A.I. FAX NO. IS:<br>
(703) 557-8642<br>
SEE 1108 OG 15<br>
(NOV. 14, 1989)

AM 17 005582<br>CONFIDENTIAL<br>SUBJECT TO PROTECTIVE ORDER

AM-ITC 00332630