UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05 Civ. 12237 WGY |
| v. ) | |
| ) | |
| F. HOFFMANN-LAROCHE LTD., ) | |
| ROCHE DIAGNOSTICS GMBH, AND ) | |
| HOFFMANN LAROCHE INC., ) | |
| ) | |
| Defendants. ) | |

**AMGEN'S MOTION *IN LIMINE* NO. 19:
EXCLUDE EXPERT TESTIMONY FOR SUPPLEMENTATION IN VIOLATION OF
THE PARTIES' JUNE 6, 2007, AGREEMENT**

Plaintiff Amgen Inc. ("Amgen") requests that this Court preclude Defendants F. Hoffmann-La Roche Ltd., Roche Diagnostics GmbH, and Hoffmann-La Roche Inc. (collectively "Roche") from introducing expert testimony based on materials improperly supplemented in the experts' June 13, 2007, reports. The June 13 reports of Roche experts Dr. Thomas Kadesch, Dr. John Lowe, Dr. Richard Flavell, Dr. Alexander Klibanov, Dr. Carolyn Bertozzi, Dr. Bruce Spinowitz, and Dr. Gregory Longmore incorporated reports from Roche's non-testifying experts and responded to "old" arguments set forth in Amgen's April and May expert reports, all contrary to the parties' June 6, 2007, agreement governing experts and a final round of supplemental reports, which agreement was explained and entered into before the Court.

During the June 6, 2007 scheduling conference, the parties reached a pragmatic solution to address the overwhelming number of experts that submitted expert reports in this case. At the hearing, counsel for Amgen and Roche stated that each party would be limited to ten testifying experts, and also set a schedule and a scope for supplementing expert reports. As explained to the Court by Roche's counsel, Ms. Ben-Ami, Roche would be permitted to submit supplemental

expert reports by June 13 which would respond to "any new arguments that have been presented [in the June 1 and June 4 reports from Amgen]." But Roche then violated this agreement by not limiting the scope of Roche's June 13 supplemental expert reports to just addressing the new arguments presented in Amgen's June 1 and June 4 expert reports. Instead, Roche also "supplemented" with its June 13 expert reports by incorporating entire reports from the Roche experts that did not make the list of ten testifying experts. Also, Roche's June 13 expert reports responded to arguments made by Amgen's experts in April and May, and not just those from Amgen's June 1 and June 4 reports.

Roche experts should be precluded from testifying at trial regarding subject matter that was included in their June 13 expert reports in violation of the parties agreement. Accordingly, the following opinions and evidence should be excluded: (a) Dr. Lowe's reliance on the opinions and evidence of Dr. Fromm; (b) Dr. Kadesch's opinions and evidence regarding the indefiniteness of Amgen's radioimmunoassay claim; (c) Dr. Flavell's opinions and evidence regarding Dr. McLawhon's alleged failure to run proper controls and proper use of the RIA kit; (d) Dr. Bertozzi's opinions and evidence incorporated from Dr. Imperiali's report or any mention of Dr. Cords' normo-mouse data; (e) Dr. Longmore's opinions and evidence incorporated from Dr. Mayersohn's report; (f) Dr. Spinowitz's opinions and evidence regarding Dr. Benet's opinion on "humps" in rEPO v. uEPO time curves and any mention of Drs. Lieberman and Fishbane's reports and the Integrated Summary of Efficacy Data; and (g) Dr. Klibanov's opinions and evidence regarding the state of the art of pegylation in the mid-1980s.

Amgen requests that this Court exclude those portions of Roche's June 13 expert reports that (a) improperly incorporated the expert reports from Roche's non-testifying expert and (b) respond to "old" arguments set forth in Amgen's April and May expert reports.

In support of this motion, Amgen submits a brief.

| | |
|---|---|
| DATED: August 24, 2007 | Respectfully Submitted, |
| Of Counsel: | AMGEN INC., |
| Stuart L. Watt<br>Wendy A. Whiteford<br>Monique L. Cordray<br>Darrell G. Dotson<br>Kimberlin L. Morley<br>Erica S. Olson<br>AMGEN INC.<br>One Amgen Center Drive<br>Thousand Oaks, CA 91320-1789<br>(805) 447-5000 | */s/ Michael R. Gottfried*<br>D. Dennis Allegretti (BBO# 545511)<br>Michael R. Gottfried (BBO# 542156)<br>Patricia R. Rich (BBO# 640578)<br>DUANE MORRIS LLP<br>470 Atlantic Avenue, Suite 500<br>Boston, MA  02210<br>Telephone:  (617) 289-9200<br>Facsimile:  (617) 289-9201<br><br>Lloyd R. Day, Jr. (*pro hac vice*)<br>DAY CASEBEER MADRID & BATCHELDER LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, CA  95014<br>Telephone:  (408) 873-0110<br>Facsimile:  (408) 873-0220<br><br>William G. Gaede III (*pro hac vice*)<br>McDERMOTT WILL & EMERY<br>3150 Porter Drive<br>Palo Alto, CA  94304<br>Telephone:  (650) 813-5000<br>Facsimile:  (650) 813-5100<br><br>Kevin M. Flowers (*pro hac vice*)<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>6300 Sears Tower<br>Chicago, IL  60606<br>Telephone:  (312) 474-6300<br>Facsimile:  (312) 474-0448 |

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

*/s/ Michael R. Gottfried*
Michael R. Gottfried

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, on the above date.

*/s/ Michael R. Gottfried*
Michael R. Gottfried