UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD ) ROCHE DIAGNOSTICS GmbH ) and HOFFMANN-LA ROCHE INC. ) | |
| Defendants. ) | |

### ROCHE'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF PROPOSED AMGEN WITNESS NANCY SPAETH

Defendants F. Hoffmann-La Roche LTD, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc. (collectively, "Roche") respectfully move this Court for an order precluding Amgen Inc. ("Amgen") from presenting the testimony of proposed Amgen fact witness Nancy Spaeth, R.N. Amgen intends to call Ms. Spaeth in its case in chief on validity, and claims her testimony is relevant to rebutting obviousness of the patents-in-suit in that it goes to the secondary considerations of the long-felt need for therapeutically effective treatment for the anemia of chronic renal failure, the failure of others, unexpected benefits to patients, and the widespread adoption of the inventions claimed in the patents-in-suit. Ms. Spaeth is a nurse and is also a patient who has kidney disease who will presumably discuss her personal experience fighting this disease and how the development of Epogen® has been a great benefit to her personally. This testimony is intended to improperly play on the emotions of the jury and garner sympathy for Ms. Spaeth and Amgen by extension, and has an extremely significant chance and intended effect of creating unfair prejudice. Compounding the prejudice Ms. Spaeth's testimony will

engender is the fact that she is a motivational speaker practiced in speaking to groups about her kidney disease.  Contrary to this significant chance of creating unfair prejudice, Ms. Spaeth's testimony has a very low probative value in that at least six other witnesses for Amgen can and will testify to the same secondary considerations as Ms. Spaeth.  In addition, Ms. Spaeth was named by Amgen late in the case as one of three replacements for Dr. Eschbach, who cannot continue for health reasons, yet Dr. Eschbach is a physician, not a kidney disease patient.  Ms. Spaeth's testimony goes well beyond what Dr. Eschbach would have given were he able.

Accordingly, Ms. Spaeth's testimony should be precluded under Fed. R. Civ. Proc. 403 because whatever small probative value Ms. Spaeth's testimony would have is substantially and significantly outweighed by the danger of unfair prejudice, and furthermore is a waste of time and is a needless presentation of cumulative evidence.  In support of this motion, Roche submits a memorandum of law and a declaration of Peter Fratangelo, Esq. including exhibits.

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and that no agreement could be reached.

Dated: August 27, 2007
       Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys*

/s/  Kregg T. Brooks
Lee Carl Bromberg (BBO# 058480)
Timothy M. Murphy (BBO# 551926)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kregg T. Brooks (BBO# 667348)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
kbrooks@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

/s/  Kregg T. Brooks
Kregg T. Brooks

03099/00501 729534.1

3