# EXHIBIT 16

Dockets.Justia.com

1. On behalf of GI and Others
2. L.J. Deacon
3. First
4. Sworn          1994

IN THE HIGH COURT OF JUSTICE     CH 1992 – K – No.8850

CHANCERY DIVISION     CH 1993 – K – No.937

CH 1993 – B – No.4552

PATENTS COURT     CH 1993 – C – No.6076

IN THE MATTER OF European Patents (U.K.) Nos. 148,605,
209,539 and 411,678 and in the matter of Petitions for
Revocation thereof by Boehringer Mannheim GmbH and
Cilag Limited and in the matter of actions for
infringement thereof by, inter alia, Kirin Amgen Inc
and Boehringer Mannheim GmbH

---

AFFIDAVIT OF LAURA JOAN DEACON

---

I, LAURA JOAN DEACON, of Exchange House, Primrose Street, London EC2A 2HS,
MAKE OATH AND SAY as follows:-

1.     I am a solicitor in the employ of Herbert Smith, the solicitors
acting on behalf of Genetics Institutes Inc.("GI"), Boehringer
Mannheim GmbH ("BMG") and Boehringer Mannheim U.K. (Pharmaceuticals)
Limited ("BMUK"). I am assisting Christopher Tootal, a partner at
Herbert Smith who is responsible for the conduct of this action. I
make this affidavit with the authority of GI, BMG and BMUK, in
support of their application for the trial of the actions herein to
be fixed to commence on Monday 6th November 1995. The contents of
this affidavit are true to the best of my knowledge, information and
belief.

2.     Summonses for Directions in each of the actions herein were heard
before Mr. Justice Aldous on 21st June 1994. Each of the Orders for

AM 67 005197
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1

Directions made by Mr. Justice Aldous included a direction that

> any party may set the action down for trial forthwith for trial not before 1st June 1995.

Each of the actions was set down for trial on 27th July 1994. At the hearing of the Summonses Mr. Justice Aldous indicated that he would be available in October 1995 to hear the actions.

3.    GI, BMG and BMUK are anxious that a trial date in 1995 is secured and consider that a trial date some sixteen months away will provide all the parties with sufficient time in which to prepare their respective cases for trial. For the reasons given below GI, BMG and BMUK seek to fix a date for trial in November 1995.

4.    There has been litigation in the United States relating to the U.S. patents which are equivalent to European Patent Nos. 148,605 and 209,539. The Orders for Directions included a direction that

> The discovery given by the parties to these proceedings in the proceedings before the U.S. District Court, Massachusetts between Amgen Inc. —v— Chugai Pharmaceutical Ltd decided on 11th December 1989 and those before the U.S. Patent and Trade Mark Office Board of Patent Appeals and Interference and U.S. District Court in Delaware ("the U.S. Discovery") as well as any documents disclosed during oppositions at the European Patent Office to European Patents Nos. 148,605, 209,539 and 411,678 ("the EPO Documents") shall stand as discovery in these proceedings and ther be no requirement to re-list any documents which formed part of the U.S. Discovery or EPO Documents

> Thus, the exercise of Discovery as between the parties has been limited to the extent that documents have already been disclosed and form part of the U.S. Discovery and/or EPO Documents. Lists of any further documents which are required to be disclosed on discovery are to be exchanged on or before 1st December 1994

5.    Notices to Admit Facts have been served on behalf of GI, BMG and BMUK and Responses are expected to be served on 19th August 1994. If appropriate admissions are made it is anticipated that experiments by GI, BMG and BMUK will not be necessary. In the event that experiments are required it is believed that the necessary time-table for experiments would be accommodated were the trial to commence in

AM 67 005198
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

2

AM-ITC 00789905

November 1995.

6.  In so far as we have been able to identify expert witnesses and
    ascertain availability, November 1995 is more convenient than October
    1995 since the academic year starts in October and we understand that
    there are likely to be other pressures and commitments on those at
    universities and other academic institutions at that time.  In
    particular, one expert we have approached has teaching commitments
    during October 1995.

7.  BMG and others have each opposed, in the European Patent Office,
    European Patent No. 148,605 registered in the name of Kirin-Amgen
    Inc ("Amgen '605"). The validity of Amgen '605 was upheld by the
    Opposition Division of the European Patent Office.  BMG and others
    have each filed an Appeal against the decision of the Opposition
    Division.  The hearing before the Technical Board of Appeal is
    scheduled to take place on 20th and 21st September 1994.

8.  In the event that the validity of Amgen '605 is upheld by the
    Technical Board of Appeal, GI, BMG and BMUK are anxious that issues
    relating to the validity and infringement of Amgen '605 in the United
    Kingdom are decided at the earliest practicable date.

9.  GI, BMG and BMUK are anxious that the date for the trial of the
    actions herein is fixed this term in order that a trial date in 1995
    may be secured.  If the application to fix a date for the trial of
    the actions is delayed until next term, one or more of the Counsel
    for the parties may no longer be available in 1995.

10. GI, BMG and BMUK have proposed to the other parties that the trial
    date for the actions be fixed to commence Monday 6th November 1995.
    If the trial commences in November 1995 this will enable all the
    parties, their advisers and witnesses one month of the new term in
    which to make their final preparations for trial.

11. The estimated length of trial of the actions is 20 days.  A trial
    date of 6th November enables the trial to be heard well within the
    Michaelmas term and I understand that this would be convenient to the

AM 67 005199
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

3

Court.

12. Each of the Orders made by Mr. Justice Aldous on 21st June 1994, includes directions in which the time limits are related to the date fixed for trial. It is important that a date is fixed for the trial of the actions as soon as possible in order that witnesses, expert witnesses and Counsel may set aside time and arrange their diaries for the preparation and the hearing of the actions.

13. I understand from the clerks to the Counsel instructed by each of the parties herein that each Counsel is available to appear at a trial commencing 6th November 1995.

14. In the premises I humbly request that this Honourable Court orders that the date for the trial of the actions herein may be fixed to commence Monday 6th November 1995.

SWORN by the above-named
LAURA JOAN DEACON
At *Broadwalk, House*
*5 Appold Street*
*London EC2N*
This 27th day of *July* 1994

Before me, *Angela Lonergan*

A Solicitor

AM 67 005200
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

4

AM-ITC 00789907