# EXHIBIT 18

8

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

GENETICS INSTITUTE, INC.,

    Plaintiff,

v.

AMGEN, INC.,

    Defendant.

Civil Action No. 92-5c

## Complaint

Plaintiff, Genetics Institute, Inc. ("GI"), brings this action under 35 U.S.C. Section 146 against defendant, Amgen, Inc. ("Amgen"), seeking an award of priority and an order setting aside a decision of the United States Patent and Trademark Office ("USPTO") dated December 3, 1991, in Patent Interference No. 102,334, erroneously awarding priority to Fu Kuen Lin ("Lin"), assignor to Amgen, and making other incorrect findings adverse to GI. In support of this Complaint, GI states as follows:

    1.    GI is a corporation organized and existing under the laws of Delaware with its principal place of business at 87 CambridgePark Drive, Cambridge, Massachusetts.

    2.    Upon information and belief, Amgen is a corporation organized and existing under the laws of Delaware with its principal place of business at Amgen Center, 1840 DeHavilland Dr., Thousand Oaks, California.

    3.    Jurisdiction lies under 28 U.S.C. Section 1338, as the matter in controversy arises under the laws of the United States relating to patents and in particular to a civil action as

AM 67 031199
CONFIDENTIAL

AM-ITC 00815935

2

provided by 35 U.S.C. Section 146.

4. Venue is proper in this court under 28 U.S.C. Section 1391 and 35 U.S.C. Section 146.

5. GI is the assignee of the entire right, title and interest in and to the invention disclosed and claimed in U.S. Patent Application Serial No. 06/824,688, filed in the USPTO on December 3, 1985, by Edward Fritsch, Rodney M. Hewick and Kenneth Jacobs (herein collectively "Fritsch"), which application claims priority from U.S. Patent Application Serial Nos. 06/693,258, filed January 22, 1985; and 06/688,622, filed January 3, 1985.

6. Upon information and belief, Amgen is the assignee of the entire right, title and interest in and to the invention allegedly disclosed and claimed in U.S. Patent Application Serial No. 07/113,178, filed in the USPTO on October 23, 1987, allegedly by Lin, and which application allegedly claims priority from U.S. Patent Application Serial Nos. 06/675,298, filed November 30, 1984; 06/561,024, filed December 13, 1983; 06/582,185, filed February 21, 1984; and 06/655,841, filed September 28, 1984.

7. The USPTO declared an Interference No. 102,334 to exist on allegedly common subject matter in the Fritsch and Lin applications. The count of the interference provided as follows:

> A non-naturally occurring glycoprotein product of the expression in a non-human eucaryotic host cell of an exogenous DNA sequence consisting essentially of a DNA sequence encoding human erythropoietin said product possessing the in vivo biological property of causing human bone marrow cells to increase production of reticulocytes and red blood cells and having an average carbohydrate

AM 67 031200
CONFIDENTIAL

AM-ITC 00815936

3

composition which differs from that of naturally occurring human erythropoietin.

8. After an administrative hearing, the USPTO Board of Patent Appeals and Interferences (the "Board"), by written decision dated December 3, 1991, erroneously awarded priority of invention of the subject matter in interference to Lin.

9. GI is dissatisfied with the Board's decisions which:

a. Erroneously concluded that the subject matter of the interference was patentable to Lin;

b. Erroneously concluded that the subject matter of the interference count was enabled by Lin under 35 U.S.C. Section 112; and

c. Erroneously awarded priority with respect to the interference count to Lin.

10. GI will raise herein all issues relevant to an award of priority, all issues raised before the Board and decided adversely to Fritsch or not decided or refused consideration by the Board, including without limitation the Board's erroneous conclusions specified in Paragraph 9 above and the factual findings underlying those conclusions.

11. Upon information and belief, Lin and Amgen failed to fulfill their duty of candor pursuant to 37 C.F.R. 1.56 by failing to disclose to the USPTO, in a timely manner, information which, if disclosed, would have been material to the prosecution of the Lin applications. Particularly, upon information and belief, Lin and

AM 67 031201
CONFIDENTIAL

AM-ITC 00815937

4

Amgen failed to disclose to the USPTO that the carbohydrate analysis reported in the Lin applications was erroneous.

WHEREFORE, the plaintiff requests the following relief:

(a) Judgment in its favor declaring that the count of Interference No. 102,334 is not patentable to Lin;

(b) Judgment in its favor awarding priority to Fritsch with respect to the count of Interference No. 102,334 and decreeing that Fritsch is entitled to a U.S. patent containing claims corresponding to such count;

(c) Judgment in its favor decreeing that Lin committed inequitable conduct in connection with the prosecution of the Lin applications or Interference No. 102,334 and, for this reason, setting aside the Board's decision awarding priority and a patent to Lin; and

(d) Such other relief as the Court deems proper.

Respectfully submitted,

YOUNG, CONAWAY, STARGATT & TAYLOR

Jay Ingersoll
Eleventh Floor
Rodney Square Notrh
P.O. Box 391
Wilmington, Delaware 19899
(302) 571-6600

Attorneys for Plaintiff
   Genetics Institute, Inc.

AM 67 031202
CONFIDENTIAL

AM-ITC 00815938

5

Of Counsel:

Paul H. Heller
Scott A. Brown
Karen J. Kramer
KENYON & KENYON
One Broadway
New York, New York 10004
(212) 425-7200

Bruce M. Eisen
Thomas DesRosier
GENETICS INSTITUTE, INC.
87 CambridgePark Drive
Cambridge, Massachusetts
(617) 876-1170

Dated:    January 31, 1992

DC1-29409

AM 67 031203
CONFIDENTIAL

AM-ITC 00815939