# EXHIBIT 23

Dockets.Justia.com

/

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

GENETICS INSTITUTE, INC., :
    Plaintiff, :
    v. :    Civil Action No. 92-57
AMGEN, INC., :
    Defendant. :

<u>Complaint</u>

    Plaintiff, Genetics Institute, Inc. ("GI"), brings this action under 35 U.S.C. Section 146 against defendant, Amgen, Inc. ("Amgen"), seeking an award of priority and an order setting aside a decision of the United States Patent and Trademark Office ("USPTO") dated December 3, 1991, in Patent Interference No. 102,097, erroneously awarding priority to Fu Kuen Lin ("Lin"), assignor to Amgen, and making other incorrect findings adverse to GI. In support of this Complaint, GI states as follows:

    1.    GI is a corporation organized and existing under the laws of Delaware with its principal place of business at 87 CambridgePark Drive, Cambridge, Massachusetts.

    2.    Upon information and belief, Amgen is a corporation organized and existing under the laws of Delaware with its principal place of business at Amgen Center, 1840 DeHavilland Dr., Thousand Oaks, California.

    3.    Jurisdiction lies under 28 U.S.C. Section 1338, as the matter in controversy arises under the laws of the United States relating to patents and in particular to a civil action as

AM 67 031548
CONFIDENTIAL

AM-ITC 00816284

2

provided by 35 U.S.C. Section 146.

4. Venue is proper in this court under 28 U.S.C. Section 1391 and 35 U.S.C. Section 146.

5. GI is the assignee of the entire right, title and interest in and to the invention disclosed and claimed in U.S. Patent Application Serial No. 06/693,258, filed in the USPTO on January 22, 1985, by Edward Fritsch, Rodney M. Hewick and Kenneth Jacobs (herein collectively "Fritsch"), which application claims priority from U.S. Patent Application Serial No. 06/688,622, filed January 3, 1985.

6. Upon information and belief, Amgen is the assignee of the entire right, title and interest in and to the invention allegedly disclosed and claimed in U.S. Patent Application Serial No. 07/113,179, filed in the USPTO on October 23, 1987, allegedly by Lin, and which application allegedly claims priority from U.S. Patent Application Serial Nos. 06/675,298, filed November 30, 1984; 06/561,024, filed December 13, 1983; 06/582,185, filed February 21, 1984; and 06/655,841, filed September 28, 1984.

7. The USPTO declared Interference No. 102,097 to exist on allegedly common subject matter in the Fritsch and Lin applications. The count of the interference provided as follows:

> A process for the preparation of an in vivo biologically active glycosylated polypeptide comprising the steps of:
>
> (a) growing a mammalian host cell which is capable of effecting post-translational glycosylation of polypeptides expressed therein and which is transformed or transfected with an isolated DNA sequence

AM 67 031549
CONFIDENTIAL

AM-ITC 00816285

3

encoding a polypeptide having a primary structural conformation sufficiently duplicative of that of naturally occurring human erythropoietin to allow possession of the in vivo biological property of causing bone marrow cells to increase production of reticulocytes and red blood cells, or the progeny thereof, under nutrient conditions suitable to allow, in sequence,

(i) transcription within said host cell of said DNA to mRNA in the sequence of transcription reactions directed by the nucleotide sequence of said DNA;

(ii) translation within said host cell of said mRNA to a polypeptide in the sequence of translation reactions directed by the nucleotide sequence of said transcribed mRNA;

(iii) glycosylation within said host cell of said polypeptide in a pattern directed by the amino acid sequence of said translated polypeptide and sufficiently duplicative of the pattern of glycosylation of naturally occurring human erythropoietin to allow possession by the translated glycosylated polypeptide product of the in vivo biological property of causing bone marrow cells to increase production of reticulocytes and red blood cells; and

(b) isolating the glycosylated polypeptide so produced.

8. After an administrative hearing, the USPTO Board of Patent Appeals and Interferences, by written decision dated December 3, 1991, erroneously awarded priority of invention of the subject matter in interference to Lin.

9. GI is dissatisfied with the Board's decisions which:

a. Erroneously awarded priority with respect to

AM 67 031550
CONFIDENTIAL

AM-ITC 00816286

4

the interference count to Lin;

b. Erroneously determined that Lin was the sole inventor of Lin's claims corresponding to the interference count;

c. Erroneously determined that Lin was the first to conceive and reduce to practice the subject matter of the interference count;

d. Erroneously determined that Lin alone, not Fritsch or another inventive entity comprising Lin and others, was the first inventive entity to conceive and reduce to practice the subject matter of the interference; and

e. Erroneously determined that the interference count was patentable to Lin under 35 U.S.C. 103.

10. GI will raise herein all issues relevant to an award or priority, all issues raised before the Board and decided adversely to Fritsch or not decided or refused consideration by the Board, including without limitation the Board's conclusions specified in Paragraph 9 above and the factual findings underlying those conclusions.

11. Upon information and belief, Lin and Amgen failed to fulfill their duty of candor pursuant to 37 C.F.R. 1.56 by failing to disclose to the USPTO, in a timely manner, information which, if disclosed, would have been material to the prosecution of the Lin applications and to consideration of Interference No. 102,097. Particularly, upon information and belief, Lin and Amgen concealed

AM 67 031551
CONFIDENTIAL

AM-ITC 00816287

5

from the USPTO that an inventive entity other than Lin, as a sole inventor, was the proper inventive entity of claimed subject matter which was the subject of the interference and did so with intent to deceive the USPTO.

WHEREFORE, the plaintiff requests the following relief:

(a) Judgment in its favor awarding priority to Fritsch with respect to the count of Interference No. 102,097 and decreeing that Fritsch is entitled to a U.S. patent containing claims corresponding to such count;

(b) In the alternative, judgment in its favor declaring that Lin, as a sole inventor, was not the proper inventive entity of the subject matter of Interference No. 102,097;

(c) Judgment in its favor declaring that Amgen intended to deceive the USPTO by concealing from the USPTO that Lin, as a sole, inventor, was not the proper inventive entity of the subject matter of Interference No. 102,097;

(d) Judgment in its favor declaring that Lin committed inequitable conduct in connection with the prosecution of the Lin applications or Interference No. 102,097 and, for this reason, setting aside the Board's decision awarding priority and a patent to Lin;

(e) Judgment in its favor declaring that the count ofInterference No. 102,097 is not patentable to Lin under 35 U.S.C. 103; and

(f) Such other relief as the Court deems proper.

AM 67 031552
CONFIDENTIAL

AM-ITC 00816288

6

Respectfully submitted,

YOUNG, CONAWAY, STARGATT & TAYLOR

Josy Ingersoll
Eleventh Floor
Rodney Square North
P.O. Box 391
Wilmington, Delaware 19899
(302) 571-6600

Attorneys for Plaintiff
Genetics Institute, Inc.

Of Counsel:

Paul H. Heller
Scott A. Brown
Karen J. Kramer
KENYON & KENYON
One Broadway
New York, New York 10004
(212) 425-7200

Bruce M. Eisen
Thomas DesRosier
GENETICS INSTITUTE, INC.
87 CambridgePark Drive
Cambridge, Massachusetts
(617) 876-1170

Dated:   January 31, 1992

DC1-29386

AM 67 031553
CONFIDENTIAL

AM-ITC 00816289