**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMGEN INC.,<br><br>Plaintiff,<br><br>v.<br><br>F. HOFFMANN-LA ROCHE LTD., a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company and HOFFMANN-LA ROCHE INC., a New Jersey Corporation,<br><br>Defendants. | Civil Action No.: 05-12237 WGY |

**AMGEN INC.'S OPPOSITION TO ROCHE'S MOTION *IN LIMINE* TO PRECLUDE AMGEN FROM OFFERING EXPERT OPINIONS BASED ON STATEMENTS MADE DURING PRIOR LEGAL PROCEEDINGS BY WITNESSES WHO WILL NOT TESTIFY AT TRIAL IN THIS CASE**

765142_4

Dockets.Justia.com

## I. INTRODUCTION

Roche moves for an order to preclude expert opinions that rely on statements made in prior proceedings by witnesses that will not appear live in this case.[1] On its face, Roche's motion fails to justify such a broad, blanket exclusion of evidence. Except for a single flawed example, Roche's motion does not provide the court with any discussion of the prior testimony or the expert opinions that Roche seeks to exclude.[2] The Rules of Evidence and the cases Roche cites and seeks to rely upon do not support Roche's request for a blanket exclusion. Rather, the Rules and the case law require the court to consider the evidence and whether it is of the type that an expert would reasonably rely on. Because Roche cites to no evidence and fails to discuss the relevant analysis, the Court should deny Roche's motion.

First, Roche's argument is based on a false premise that any "statement made during prior legal proceedings by witnesses who will not testify at trial in this case . . . is inadmissible as hearsay." That blanket assertion ignores exceptions to the hearsay rule, which often require a detailed inquiry by the court, rendering generalized requests for exclusion inappropriate for a motion *in limine*.

Second, even if the prior testimony is inadmissible, the expert may still rely on it under Rule 703 if it contains facts or data of a type that experts in the field reasonably rely on. Roche appears to argue that past testimony can never constitute such facts or data, apparently because "such testimony would have been prepared specifically for litigation purposes and may well have

---

[1] *See* 8/14/07 Mem. In Supp. of Defs.' Mot. In Limine to Preclude Amgen from Offering Expert Opinions Based on Statements Made During Prior Legal Proceedings By Witnesses Who Will Not Testify At Trial In This Case (Docket No. 818) [hereinafter Roche Mem.].

[2] The single example cited by Roche—Dr. Harvey Lodish's reliance on prior statements by Dr. Jeffrey Browne—appears inapposite, since Dr. Browne himself is listed as a possible live trial witness.

been crafted with the involvement of counsel."[3] That makes no sense; experts routinely rely on hearsay—including prior testimony—as permitted under by Rule 703.[4] Roche has not articulated why any facts or data are unreliable, and again, any such determination would depend on an analysis of the ***particular*** facts and data involved; it would not depend on whether those facts and data are found in prior testimony or not. Indeed, Roche's own experts rely on past testimony, making clear Roche's view that past testimony can contain facts and data that experts in the field reasonably rely on.

Finally, Roche asks to exclude expert ***opinions*** based on prior testimony. Respectfully, such a blanket order would not be appropriate to the extent the opinions are supported by other evidence as well. Such a determination could only be made as the issue arises at trial, especially since Roche failed to identify the opinions that are the subject of its motion *in limine.*

Amgen respectfully requests that the Court deny Roche's motion *in limine* (Docket No. 817).

## II. ARGUMENT

### A. ROCHE'S MOTION IS TOO GENERAL BECAUSE THE ADMISSIBILITY OF EVIDENCE VARIES WITH THE FACTS AND CIRCUMSTANCES ASSOCIATED WITH THE PROFFERED EVIDENCE.

Roche argues that all "statements made during prior legal proceedings by witness who will not testify in this case" are "inadmissible as hearsay."[5] This premise is false. The

---

[3] Roche Mem. at 3-4.

[4] *Peabody Coal Co. v. Dir., Office of Workers' Comp. Programs*, 165 F.3d 1126, 1128 (7th Cir. 1999) ("Rule 703 . . . is explicit that the materials on which an expert witness bases an opinion need not be admissible, let alone admitted, in evidence, provided that they are the sort of thing on which a responsible expert draws in formulating a professional opinion."). *See also Kelly v. City of Phila.*, No. 93-259, 1995 U.S. Dist. LEXIS 7169, at *12-13 (E.D. Pa. May 25, 1995) (permitting reliance on prior trial testimony as basis of expert opinion regarding failure to train police officers).

[5] Roche Mem. at 3.

admissibility of prior testimony depends on the facts and circumstances surrounding each instance of prior testimony, evaluated in accordance with the Rule of Evidence. For example, prior statements from a now-unavailable witness may be admissible.[6]

However, Roche does not provide Amgen or the Court with a clear understanding of the statements it contends are improperly relied upon by experts in this case. As noted, Roche's lone example is that Dr. Lodish relied on prior statements of Dr. Jeffrey Browne in the *Amgen/TKT* proceedings. But both Dr. Lodish and Dr. Browne are listed as possible live witnesses in this trial.[7] Furthermore, Roche's own experts—both Dr. John Lowe and Dr. Carolyn Bertozzi—cite prior deposition testimony of Dr. Browne as bases of their opinions.[8]

Because Roche fails to identify the specific opinions that it seeks to exclude, neither the Court nor Amgen is in a position to evaluate Roche's arguments. For this reason, Roche's motion should be denied.

### B. ROCHE'S ARGUMENT THAT EXPERTS CANNOT RELY ON HEARSAY TESTIMONY IN PRIOR DEPOSITIONS OR DECLARATIONS IS UNSUPPORTED

Rule 703 specifically permits expert witnesses to base their opinions on "facts or data" that are "perceived by or made known to the expert at or before the hearing."[9] The facts or data need not be admissible in order to form a basis of the expert's opinion if "of a type reasonably relied upon by expert in the particular field in forming opinions or inferences upon the subject."[10] Rule 703 was enacted *to broaden, not narrow* the scope of materials upon which experts could rely and to minimize the need for lengthy in-court testimony to establish the basis for expert

---

[6] *See, e.g.*, Fed. R. Evid. 804(b).

[7] *See* 8/10/07 Joint Pretrial Mem., Exh. E at 1; Exh. F at 8 (Docket No. 807).

[8] 5/11/07 Expert Report of D. Richard A. Flavell, at 75; 4/6/07 Expert Report of Dr. Carolyn Bertozzi, at 10.

[9] Fed. R. Evid. 703.

[10] *Id*.

opinions.[11]

Roche argues that "experts in chemistry, biology and biotechnology do not normally seek out and rely, in reaching and rendering opinions in the course of their scientific work, upon prior trial and deposition testimony or declarations."[12] That argument—that facts and data in prior testimony cannot be evidence that a reasonable expert in the field would rely on—misses the point. In evaluating whether facts or data are "of a type reasonably relied upon by experts in the particular field," proper analysis under Rule 703 includes an inquiry into whether the facts and data *themselves* are of the type reasonably relied upon[13]—not merely whether those facts and data are contained in a deposition or other testimony in a prior case. Obviously, scientists routinely rely on the statements, results, and data of other scientists given in both written and oral presentations. There is no reason they would not likewise rely on such information and data contained in prior deposition or trial testimony, but that determination could only be made at the time the specific evidence is offered at trial. Roche's argument is not consistent with the plain language of Rule 703 or the case law that Roche itself cites.

In *Ricciardi v. Children's Hospital*, cited by Roche, the First Circuit noted that medical experts were generally permitted to rely on patients' medical charts, but that a district court should inquire whether a specific "fact" or "datum" *contained within the medical chart* would be reasonably relied upon by doctors in the field.[14] In *Almonte v. National Union*, also cited by

---

[11] *See* Fed. R. Evid. 703, Adv. Comm. Notes, 2000 Amendments; *Mannino v. Int'l Manuf. Co.*, 650 F.2d 846, 851 (6th Cir. 1981).

[12] Roche Mem. at 3-4.

[13] "A trial court's inquiry into whether [the reasonable reliance standard] is satisfied must be made on a case-by-case basis and should focus on the reliability of the opinion and its foundation rather than merely on the fact that it was based, technically speaking, upon hearsay." *Soden v. Freightliner Corp.*, 714 F.2d 498, 502-03 (5th Cir. 1983).

[14] *Ricciardi v. Children's Hosp. Med. Ctr.*, 811 F.2d 18, 25 (1st Cir. 1987). The court concluded that the *particular statement at issue* was not of the type reasonably relied upon, and that in the

Roche, the First Circuit arrived at a similar conclusion. Although an arson expert may normally rely upon hearsay statements of witnesses in forming his opinion, a court must inquire into the nature of those conversations: "We find, however, that the court erred in failing to conduct a more extensive preliminary investigation *into the substance* of [the investigator's] conversations with [the witness]."[15] The other cases Roche cites likewise focus on the facts and data themselves, not merely the form in which the facts or materials were presented to the expert.[16]

"Expert opinions may be based on education, training and experience, combined with reliance on reports, depositions or other information related to the particular circumstances…."[17] When depositions contain information that is relevant to the opinion being offered by an expert witness, it is appropriate for the expert to base an opinion on that information.[18] Another court explicitly permitted an expert to rely on prior trial testimony from two previous litigations—even though they involved different parties—because the facts and circumstances contained within the prior testimony were of the type reasonably relied upon by experts in the field and were relevant in the instant cause of action.[19]

The very cases Roche cites, therefore, make clear that prior deposition testimony can be

---

narrow situation where the only evidence supporting an expert's opinion is an unreliable and inadmissible hearsay "fact," the opinion may be excluded. *Id.*

[15] *Almonte v. Nat'l Union Fire Ins. Co.*, 787 F.2d 763, 770 (1st Cir. 1986) (emphasis added).

[16] *See United States v. Morrison*, 531 F.2d 1089, 1094 (1st Cir. 1976) (FBI gambling expert may rely on results of an analysis of betting slips and records contained in notes and reports prepared by others).

[17] *Mehus v. Emporia State Univ.*, 222 F.R.D. 455, 461 (D. Kan. 2004).

[18] *See, e.g.*, *Giard v. Darby*, 360 F. Supp. 2d 229, 236 (D. Mass. 2005) (appropriate for accident reconstruction expert to rely on facts obtained from depositions in that case); *see also Clark v. Chrysler Corp.*, 310 F.3d 461, 470-71 (6th Cir. 2002) (expert's opinion reliable where it was based in part of deposition in the case), *vacated on other grounds*, 540 U.S. 801 (2003).

[19] *Kelly v. City of Phila.*, No. 93-259, 1995 U.S. Dist. LEXIS 7169, at *12-13 (E.D. Pa. May 25, 1995) (permitting reliance on prior testimony as basis of expert opinion regarding failure to train police officers).

used by expert witnesses, even if inadmissible, as long as the facts and data in such testimony are of the type reasonably relied on by experts in the field. That is further confirmed by Roche's own experts' use of prior testimony in support of their opinions.[20]

### C. ANY RULE ON THE ADMISSIBILITY OF EXPERT OPINIONS BASED ON PRIOR TESTIMONY SHOULD BE APPLIED CONSISTENTLY

Expert witness testimony is appropriate when an expert's specialized knowledge will assist the trier of fact. In cases, such as this, where both parties offer expert testimony (or rebuttal testimony) regarding the same issues, it stands to reason that both experts should be entitled to rely on the same materials in support of their opinions. By its motion, Roche seeks to limit the materials upon which Amgen's experts may rely, while at the same time, reserving its ability to rely on similar materials in support of its experts' opinions.

By way of example, Richard Flavell, Roche's "Non-Infringement Expert" relies on the prior testimony of Dr. Cummings from prior *TKT* litigation.[21] Dr. John Lowe, who opines on obviousness for Roche, relies on the prior testimony of Dr. Julian Davies.[22] Dr. Lowe also bases his opinions on a prior expert report by Randolph Wall, submitted in a prior proceeding between Roche and Kirin-Amgen in the United Kingdom.[23] These are only examples of instances where Roche's experts relied on prior testimony of parties not listed as live witnesses in the pretrial memorandum.

Amgen respectfully requests that the Court embrace a consistent approach to the

---

[20] *See infra* notes 21-23 and accompanying text.

[21] 5/11/07 Expert Report of Richard A. Flavell, at 93-94. Dr. Cummings was an expert witness retained by Amgen in a prior proceeding, and will not appear live in this proceeding.

[22] 5/8/07 Expert Report of Dr. John Lowe, at 8, 10, 18-19. Dr. Davies was a prior expert witness in litigation between Amgen and Chugai before the ITC and District Court, and is not retained or scheduled to appear in the present action.

[23] 5/8/07 Expert Report of Dr. John Lowe, at 9, 20. Dr. Wall's report was not signed under oath.

treatment of the facts and data on which experts may rely. Should the Court grant Roche's motion *in limine*, Roche also should be precluded from offering expert opinions based on prior testimony, depositions or declarations.

## III. CONCLUSION

At bottom, Roche's request for a blanket order, without identifying the specific opinions it seeks to exclude, requires denial of this motion. As discussed, prior deposition testimony may not be inadmissible, depending on the circumstances, and even if it is, expert opinions based on it are admissible if the facts and data contained in the prior testimony are of the type reasonably relied on by experts. Clearly they can be, so such a determination cannot be made on a blanket basis. Finally, even if prior testimony could not be used to support an expert opinion, the Court would have no basis to exclude particular opinions without an assessment of whether those opinions are independently supported by other evidence.

Amgen respectfully requests that the Court deny Roche's motion *in limine.* (Docket No. 817).

Respectfully Submitted,

AMGEN INC.,
By its attorneys,

*/s/ Michael R. Gottfried*

D. DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R. GOTTFRIED (BBO#542156)
PATRICIA R. RICH (BBO#640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (857) 488-4200
Facsimile: (857) 488-4201

LLOYD R. DAY, JR. (*pro hac vice*)
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

WILLIAM GAEDE III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

KEVIN M. FLOWERS (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

Of Counsel:

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-5000

August 28, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the above date.

______.__*/s/ Michael R. Gottfried*__________
Michael R. Gottfried