# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., <br><br> Plaintiff, <br><br> vs. <br><br> F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GmbH, AND HOFFMANN-LA ROCHE INC., <br><br> Defendants. | CIVIL ACTION No.: 05-cv-12237WGY |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO FOURTH SET OF INTERROGATORIES (NO. 41)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff/Counter Defendant Amgen Inc. ("Amgen") hereby supplements its objections and, in part, its responses to "Defendants' Fourth Set of Interrogatories (No. 41)."

PRELIMINARY STATEMENT

1. Amgen's responses to Defendants' Fourth Set of Interrogatories are made to the best of Amgen's present knowledge, information and belief. Amgen's responses are subject to amendment and supplementation should future investigation indicate that amendment or supplementation is necessary. Amgen undertakes no obligation, however, to supplement or amend these responses other than as required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Massachusetts.

2. Amgen's responses to Defendants' Fourth Set of Interrogatories are made according to information currently in Amgen's possession, custody and control, including information produced in this litigation by Roche and/or others that is in the possession of Amgen's attorneys.

3. To the extent that Amgen responds to Defendants' Fourth Set of Interrogatories by stating information that is private, confidential, highly confidential, proprietary, trade secret or otherwise protected from disclosure, Amgen will respond pursuant to the terms of the

The Court has dismissed Roche's sham litigation claim. Therefore, Roche is estopped from introducing facts or arguments related to the sham litigation claim.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 41:**

Second Affirmative Defense – Equitable Estoppel re Validity of Amgen's Patents

In June 2001, Roche, Johnson & Johnson, Genetics Institute, Inc., and Kirin Amgen, Inc., a company in which Amgen holds a 50 percent stock ownership, signed a Settlement Agreement to settle "various litigation actions in a variety of countries." Included in the settlement are patents arising from the same specification and directed to similar or identical claims currently in dispute in the present action between Amgen and Roche. Pursuant to the Settlement Agreement Roche acknowledged the validity of the "K-A Patents" when it exercised its option to settle the parties' disputes in Australia. The Settlement Agreement defines the "K-A Patents" as European Patent EP 0148605 and any counterpart patent that shares the same specification as that patent: "K-A Patents" shall mean EP 0148605 and its counterpart patents, including, but not limited to, any patent that has the same disclosure, and any extensions of the like thereof. EP 0148605 and each of the patents at issue in the current litigation, U.S. Patent Nos. 5,441,868 ("'868 Patent"); 5,547,933 ("'933 Patent"); 5,618,698 ("'698 Patent"); 5,756,349 ("'349 Patent"); and 5,955,422 ("'422 Patent") share the same specification. Based on Roche's acknowledgement of the validity of these patents, Amgen acted in reliance on Roche's representation that it would not challenge the validity of any of Dr. Lin's patents, and caused pending actions against Roche to be withdrawn and caused no new proceedings against Roche to be filed consistent with the agreement. Accordingly, Amgen contends that Roche is estopped from challenging the validity of Lin's patents in the U.S. An example of documents supporting these contentions include: AM44 0230110-121, AM44 2024648-649, AM-ITC 00809968-78.

Additionally, on May 12, 1993 Amgen, Inc. and Roche's predecessor-in-interest, Chugai Pharmaceutical Co, Ltd. ("Chugai"), entered into a Settlement Agreement, dismissing claims and taking of judgment against counterclaimants on the counterclaims in district courts in Massachusetts, California and Delaware. Pursuant to the Settlement Agreement it was Ordered,

Adjudged and Decreed in the District Court of Massachusetts by Judge Young that "[t]he '008 patent was duly and legally issued, is valid and enforceable in law and equity,..." Although, the '008 Patent and each of the patents at issue in the current litigation share the same specification, the '008 Patent claims purified and isolated EPO DNA sequences as set forth in the patent. In the 1993 Settlement Agreement, Roche's predecessor-in-interest, Chugai, recognized and acknowledged the validity of the '008 Patent, the inventions defined therein, and Lin's Inventorship of them.

On October 1, 2002 Chugai became a member of the Roche Group, through a merger which provides Roche with a majority ownership of 50.1% of Chugai. Based on its acknowledgement of the validity of this patent, Amgen acted on reliance of Chugai's representation that the '008 Patent was valid, and withdrew its pending actions against Chugai. Accordingly, Amgen contends that Roche, as Chugai's successor-in-interest, is estopped from challenging the validity of the '008 Patent, and the inventions defined therein.

An example of documents supporting these contentions include: AM-ITC 00799255-71, AM44 2024650-52, R10-003332432-64, R007090626-36, and R006088909-41.

July 20, 2007

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Kim Morley
Darrell Dotson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
Telephone: (805) 447-5000

AMGEN INC.,

By its attorneys,

_____
WILLIAM G. GAEDE III (pro hac vice)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

D. DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R. GOTTFRIED (BBO#542156)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephones: (617) 289-9200
Facsimile: (617) 289-9201

CERTIFICATE OF SERVICE VIA
ELECTRONIC MAIL AND VIA FEDERAL EXPRESS

I, Cheré Robinson, hereby declare:

I am a citizen of the United States and a resident of the State of California. I am over the age of eighteen years, and not a party to the within action. My business address is McDermott Will & Emery LLP, 3150 Porter Drive, Palo Alto, California 94304-1212.

On July 20, 2007, I served a copy of **PLAINTIFF'S SUPPLEMENTAL RESPONSE TO FOURTH SET OF INTERROGATORIES (NO. 41)**, by electronic transmission by attaching the referenced documents to an electronic mail and transmitting the same to the e-mail addresses indicated below, and then by placing a true copy thereof, on the above-referenced date, enclosed in a sealed envelope with delivery fees prepaid, and delivering said package(s) to a Federal Express Office for hand-delivery on the next business day, addressed as follows:

| | |
|---|---|
| Leora Ben-Ami, Esd.<br>Patricia A. Carson, Esq.<br>Thomas F. Fleming, Esq.<br>Howard Suh, Esq.<br>Peter Fratangelo, Esq.<br>KAYE SCHOLER LLP<br>425 Park Avenue<br>New York, NY 10022<br>Tel: (212) 836-8000<br><br>lbenami@kayescholer.com<br>pcarson@kayescholer.com<br>tfleming@kayescholer.com<br>hsuh@kayescholer.com<br>pfratangelo@kayescholer.com | Lee Carl Bromberg, Esq.<br>Julia Huston, Esq.<br>Keith E. Toms, Esq.<br>BROMBERG & SUNSTEIN LLP<br>125 Summer Street<br>Boston, MA 02110<br>Tel. (617) 443-9292<br><br>lbromberg@bromsun.com<br>jhuston@bromsun.com<br>ktoms@bromsun.com |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed at Palo Alto, California on July 20, 2007.

_____
Cheré Robinson