# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05 CV 12237 WGY |
| ) | |
| F. HOFFMANN-LAROCHE LTD., ) | |
| a Swiss Company, ROCHE DIAGNOSTICS ) | |
| GMBH, a German Company, and ) | |
| HOFFMANN LAROCHE INC., a New ) | |
| Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF AMGEN'S MOTION *IN LIMINE* NO. 21:
EXCLUDE INTRODUCTION OF OPINIONS OR SUPPORTING EVIDENCE NOT
PREVIOUSLY IDENTIFIED IN EXPERT REPORTS**

**I.     INTRODUCTION**

Pursuant to Fed. R. Civ. P. (FRCP) 26(a)(2)(B) and 37(c)(1), Amgen moves to exclude expert opinions that were not contained in expert reports but rather were disclosed for the first time in declarations filed in connection with summary judgment motions, after the experts were deposed.

Under FRCP 26, the expert report must contain a complete set of opinions about which the expert may testify. By submitting expert declarations containing new opinions outside the scope of the expert reports, Roche violated its expert discovery responsibilities. Additionally, Roche's disclosures of brand new expert opinions occurred after Amgen had already deposed the particular experts. As a result, Amgen has been prejudiced by being denied the opportunity to examine the experts as to the new opinions, and the bases for those opinions.

Under FRCP 37, this Court should exclude from trial testimony all expert opinions that were revealed for the first time not in timely served expert reports but rather in declarations filed after the relevant expert was deposed by Amgen.

**II.    ARGUMENT**

    **A.     Roche Has Sought to Introduce Expert Opinions That Were Not Disclosed in Expert Reports in Violation of the Disclosure Requirements of FRCP 26**

Repeatedly, Roche has produced expert opinions containing information not set forth in its experts' reports. For example, on June 29, 2007, in its opposition to a motion for summary judgment of no obviousness-type double patenting by Amgen, Roche attached declarations from three experts: Dr. Harlow, Mr. Sofocleous, and Dr. Lowe. These declarations included opinions not expressed, respectively, in the Harlow expert report that was served on April 6, 2007; the Sofocleous reports that were served on April 6 and May 1; and the Lowe expert reports that were

1

served on April 6, May 1, May 8, and June 13.[1]

Similarly, on June 29, 2007, Roche included in its opposition to Amgen's motion for summary judgment of infringement of '422 claim 1, '933 claim 3, and '698 claim 6 declarations from four experts. Included were declarations from Dr. Adelman, whose report was served on May 11, 2007; Dr. Cords, whose report was served on May 11; Dr. Jorgenson, whose expert report was served on May 11; and Dr. Klibanov, whose expert reports were served on May 11 and June 13. Again, Roche's declarations provided expert opinions outside the scope of those in the expert reports.

Yet another example, on July 5, 2007, Roche included declarations from Mr. Sofocleous and Drs. Zaroulis and Bertozzi in its opposition to Amgen's motion for summary judgment of no inequitable conduct. These declarations included opinions not expressed, respectively, in the Sofocleous reports served on April 6 and May 1, 2007; the Zaroulis reports served on April 6 and May 24; and the Bertozzi reports served on April 6, June 5, and June 13.

These additional opinions set forth in Roche's expert declarations violate the disclosure requirements of Rule 26(a)(2)(B), and should be excluded at trial. Rule 26 provides: "The [expert] report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor."[2] Because the expert reports served on Amgen must be read to constitute a complete statement of expert opinions, Roche's subsequent expert opinions are outside the scope of admissible opinions because they contain new opinions and are untimely. Roche's introduction of new expert opinions through multiple declarations is a failure of disclosure.

---

[1] For example, on June 29, 2007, Lowe submitted a declaration containing his brand new opinion regarding whether the asserted claims fell within the scope of a restriction requirement that issued during the prosecution of Amgen's U.S. Patent Application No. 675,298, which issued as United States Patent No. 4,703,008 [Docket No. 571].

[2] FRCP 26(a)(2)(B).

Accordingly, this Court should not permit Roche's experts to testify about any such opinions.[3] Rather, Roche's experts should be limited to the opinions expressed in the timely served experts reports.

> **B.  Roche Introduced Expert Opinions After Amgen Deposed the Expert, and Amgen Suffers Prejudice From Being Unable to Depose the Expert About These Additional Opinions**

Because Roche introduced expert opinions and declarations after the issuance of the expert reports and after the depositions of the relevant witnesses, Amgen has been deprived of fair notice and opportunity to respond to Roche's untimely expert opinions. For example, the Harlow, Sofocleous, and Lowe declarations were filed on June 29, 2007, but Amgen deposed these experts earlier: Harlow on June 20, 2007; Sofocleous on June 22; and Lowe on June 26. Similarly, the Adelman, Cords, Jorgenson, and Klibanov declarations were filed also on June 29, 2007, after Amgen deposed Adelman on June 6, 2007, Cords on May 30, Jorgenson on May 11, and Klibanov on May 23. Finally, Roche filed declarations from Sofocleous, Zaroulis, and Bertozzi on July 5, 2007, after Amgen had deposed Sofocleous on June 22, 2007; Zaroulis on June 6, and Bertozzi on June 6 and June 26.

The Federal Rules of Civil Procedure require that parties make complete and timely expert disclosures prior to the end of expert discovery.[4] To enforce these disclosure requirements, the Federal Rules also specify the consequence for failure to disclose: a "party without substantial justification that fails to disclose information required by Rule 26(a). . .is not,

---

[3] In the context of Amgen's motion for summary judgment on Roche's obviousness-type double patenting defense, Amgen moved to strike expert declarations on the grounds that they were untimely. The Court denied the motion to strike by order dated July 18, 2007. That order, however, relating to declarations in connection with a summary judgment motion, should have no bearing on Roche's obligation to comply with the disclosure requirements of Rule 26 and Rule 37, or on the remedy for its failure to perform that obligation.

[4] *See Nexxus Prods. Co. v. CVS NY, Inc.*, 188 F.R.D. 7, 8 (D. Mass. 1999) (emphasizing that Rule 26(a)(2)(B) demands the expert report be "detailed and complete" and that its contents limit expert witness's trial testimony).

3

unless such failure is harmless, permitted to use as evidence. . .any evidence. . .or information not so disclosed."[5] Roche had multiple opportunities during expert discovery to supplement its expert reports, and therefore lacks substantial justification for issuing yet further expert opinions after Amgen's depositions of the experts. Amgen would suffer significant harm if it were compelled to address these new expert opinions at trial without having had the opportunity to inquire fully at deposition into the nature and scope of the new opinions and the bases therefor.

Respectfully, this Court should exclude the use of the expert declarations filed in connection with the summary judgment motions as a basis for expert testimony at trial.[6]

## III.   CONCLUSION

For the foregoing reasons, Amgen requests an order under Rule 26 and Rule 37 precluding Roche from offering at trial expert opinions that were not contained in expert reports but rather were revealed for the first time in declarations filed after the expert witnesses were deposed.

---

[5] FRCP 37(c)(1); *see Trilogy Commc'ns v. Time Fiber Commc'ns*, 109 F.3d 739 (Fed. Cir. 1997) (holding that district court did not err in excluding from expert testimony material submitted by expert after disclosure of expert report); *Thimbault v. Square D Co.*, 960 F.2d 239, 246 (1st Cir. 1992) (upholding preclusion of late disclosed expert opinion).

[6] *See Solaia Tech. LLC v. ArvinMeritor, Inc.*, 361 F. Supp. 2d 797, 806-07 (N.D. Ill. 2005) (excluding all opinions contained in an expert declaration included in summary judgment motion filed after service of expert report after finding no substantial justification for untimely disclosure, and harm to other party).

4

Respectfully Submitted,

Date: August 29, 2007

AMGEN INC.,
By its attorneys,

    /s/ Patricia R. Rich

Of Counsel:

D. DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R. GOTTFRIED (BBO#542156)
PATRICIA R. RICH (BBO#640578)

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA   91320-1789
(805) 447-5000

DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone:    (857) 488-4200
Facsimile:     (857) 488-4201

LLOYD R. DAY, JR. (*pro hac vice*)
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone:    (408) 873-0110
Facsimile:     (408) 873-0220

WILLIAM GAEDE III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:    (650) 813-5000
Facsimile:     (650) 813-5100

KEVIN M. FLOWERS (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:    (312) 474-6300
Facsimile:     (312) 474-0448

5

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on August 29, 2007.

/s/ Patricia R. Rich
Patricia R. Rich