# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: 05 Civ. 12237 WGY |
| ) | |
| F. HOFFMANN-LA ROCHE LTD, ROCHE ) | **REDACTED PUBLIC VERSION** |
| DIAGNOSTICS GmbH, and HOFFMANN- ) | |
| LA ROCHE INC., ) | |
| Defendants. ) | |
| ) | |
| ) | |

**DEFENDANTS' [PROPOSED] REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OFFERING INTO EVIDENCE OR REFERENCING TO THE JURY THE JUNE 2001 SETTLEMENT AGREEMENT**

Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292

*Counsel for*
*F. HOFFMANN-LA ROCHE LTD,*
*ROCHE DIAGNOSTICS GMBH,*
*and HOFFMANN-LA ROCHE INC.*

Dated: Boston, Massachusetts
           August 31, 2007

Defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc. (collectively "Roche") submit this reply brief in support of their motion to preclude plaintiff Amgen Inc. ("Amgen") from relying upon, or referring to, a 2001 Settlement Agreement between, *inter alia*, F. Hoffmann-La Roche, Ltd and Kirin Amgen, Inc. (Kirin Amgen), at the upcoming trial. Amgen's opposition brief fails to squarely address the points made in Roche's opening brief, and instead merely confirms that Amgen cannot support its equitable estoppel claim. Furthermore, Amgen concedes that its purpose in referring to this settlement agreement is to create the impression -- which is false -- with the jury that Roche concedes the validity of the patents in suit -- precisely the type of conduct FRE 403 is designed to prevent. Accordingly, for the reasons already stated in Roche's prior opening brief, Amgen should be precluded from relying upon or referencing 2001 Settlement Agreement at trial.

Amgen misses the point when it cites cases in which courts admitted evidence of prior settlement agreements when the agreements were offered in support of an equitable estoppel claim. Amgen improperly treats Roche's motion as one for summary judgment, when it really seeks to exclude irrelevant, unduly prejudicial material. Moreover, as discussed at length in Roche's opening brief, Amgen does not come close to stating a claim of equitable estoppel in this case, and therefore the question of whether the Agreement could be admitted in support of estoppel is not relevant. As the party asserting equitable estoppel, Amgen must show both that it was ignorant of the true facts and that it *reasonably* relied upon the other party's conduct to its detriment. S*ee Vistamar, Inc. v. Fagundo-Fagundo*, 430 F.3d 66, 73 (1st Cir. 2005) ("The critical inquiry [in deciding an equitable estoppel claim] is whether plaintiff's reliance was reasonable.").

1

Amgen's opposition papers confirm that its "equitable estoppel" claim is based upon a tortured and illogical reading of the Agreement's terms that cannot withstand scrutiny. Amgen fails to explain how it reasonably could have believed based upon the 2001 Settlement Agreement that Roche had agreed never to challenge the validity of the patents-in-suit in this case when the terms of the settlement expressly do not apply to any claims in the United States. Multiple provisions in the Settlement Agreement expressly exclude the United States from the reach of the settlement, and nowhere in the Agreement does Roche concede the validity of any patents in the United States, or under United States law. *See* Agreement § 2.2 ("███████

███████████████████████████████

███████████████████████████████

███████████████████████"); § 2.7 ("███████████████████

███████████████████████████████

███████████████████████████").

Amgen claims that it relied upon a single sentence in a section of the Agreement containing an option to settle disputes in Australia as a concession by Roche that the patents were valid worldwide. Amgen's assertion strains credulity for several reasons, most importantly the fact that the text of the sentence itself does not support Amgen's reading. Under the terms of the Australian option, Roche's alleged acknowledgment of the validity of the Kirin-Amgen Patents, (not the patents-in-suit) was limited explicitly to *Australia.* (Agreement § 2.11). Given that Roche's acknowledgement of the Kirin Amgen patents' validity is in the same sentence as its acknowledgement that the manufacture or sale of certain of its products in Australia would infringe these patents, Amgen could not reasonably have believed that Roche in this sentence

had conceded to the validity of the Kirin Amgen patents in countries other than Australia. Furthermore, it defies logic that Roche would concede to the worldwide validity of Kirin Amgen patents in an option to settle disputes in Australia when it made no such concession in the other terms of the Agreement.

Furthermore, even if the 2001 Settlement Agreement did apply to patent claims in the United States, which it does not, the clause in the in the Settlement Agreement indicating the Roche acknowledged the validity of the Kirin Amgen Patents would not be sufficient under Federal Circuit law to bar Roche from challenging the validity of these patents in a future action. *Ecolab, Inc. v. Paraclipse, Inc.*, 285 F.3d 1362, 1377 (Fed. Cir. 2002) (statement in consent judgment that "the [patent-in suit] is a valid patent." was not sufficient to preclude future challenge to validity in a subsequent action).  Accordingly, Amgen had absolutely no basis to believe that this language could preclude Roche from asserting future validity challenges in the United States when inserted into an option for the settlement of patent disputes *in Australia* .

Instead of pointing to evidence of reasonable and detrimental reliance necessary for a claim of equitable estoppel, Amgen asserts in vague and conclusory fashion that "it relied on the Agreement and caused certain proceedings to be withdrawn and new ones not initiated," and "that is evidence of reasonable reliance." (Br. at 6)  This self-serving and unsupported assertion is woefully insufficient to satisfy Amgen's burden as the party asserting equitable estoppel to demonstrate that it *reasonably* relied upon the terms of the 2001 Settlement Agreement to its detriment.

Amgen also fails to counter Roche's arguments regarding the obvious and unfair prejudicial effect that admission of the Settlement Agreement at trial will have upon Roche. Amgen fails to explain how the Agreement has any relevance other than as evidence of the

3

validity of Amgen's claims asserted in this action, a purpose clearly prohibited under Rule 408. Furthermore, Amgen concedes that admission of the Agreement "undoubtedly will be prejudicial to Roche's invalidity defenses in this action," but claims that "this is not the type of unfair prejudice that is protected" under the Federal Rules. (Br. at 7). To the contrary, the risk that the jury will construe language in the Agreement, which involved different patents and settled different claims outside of the United States, as a concession by Roche that the patents-in-suit are valid is precisely the type of prejudice that the Federal Rules were designed to prevent. *See McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247 (1st Cir. 1985) (exclusion of settlement evidence is justifiable because " . . . such evidence is of questionable relevance on the issue of liability or the value of a claim, since settlement may well reflect a desire for peaceful dispute resolution, rather than the litigants' perceptions of the strength or weakness of their relative positions.") (citing Fed. R. Evid. 408, advisory committee notes).

Accordingly, for the reasons set forth above and in Roche's opening brief in support of this Motion, the Court should preclude Amgen from submitting the June 1, 2001 Settlement Agreement as evidence or referencing the Agreement at trial.

| | |
|---|---|
| Dated: August 31, 2007<br>Boston, Massachusetts | Respectfully submitted,<br><br>F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc.<br><br>By their Attorneys,<br><br>/s/ Keith E. Toms<br>Lee Carl Bromberg (BBO# 058480)<br>Timothy M. Murphy (BBO# 551926)<br>Julia Huston (BBO# 562160)<br>Keith E. Toms (BBO# 663369)<br>Nicole A. Rizzo (BBO# 663853)<br>Bromberg & Sunstein LLP<br>125 Summer Street<br>Boston, MA 02110<br>Tel. (617) 443-9292<br>ktoms@bromsun.com<br><br>Leora Ben-Ami (*pro hac vice*)<br>Mark S. Popofsky (*pro hac vice*)<br>Patricia A. Carson (*pro hac vice*)<br>Thomas F. Fleming (*pro hac vice*)<br>Howard S. Suh (*pro hac vice*)<br>Peter Fratangelo (BBO# 639775)<br>Vladimir Drozdoff (*pro hac vice*)<br>David L. Cousineau (*pro hac vice*)<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, New York 10022<br>Tel. (212) 836-8000 |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

/s/ Keith E. Toms
Keith Toms

03099/00501 732416.1

5