# EXHIBIT B




**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/468,369 | 06/06/95 | LIN | F 11009/32022 |

18N2/0214
MARSHALL O'TOOLE GERSTEIN MURRAY & BORUN
6300 SEARS TOWER
233 SOUTH WACKER DRIVE
CHICAGO IL 60606-6402

| EXAMINER |
|---|
| MARTINELL, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1804 | |

DATE MAILED: 02/14/97

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

[X] This application has been examined   [X] Responsive to communication filed on 12/24/96   [ ] This action is made final.

A shortened statutory period for response to this action is set to expire 3 month(s), ____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I  THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. [ ] Notice of References Cited by Examiner, PTO-892.
2. [ ] Notice of Draftsman's Patent Drawing Review, PTO-948.
3. [X] Notice of Art Cited by Applicant, PTO-1449.
4. [ ] Notice of Informal Patent Application, PTO-152.
5. [ ] Information on How to Effect Drawing Changes, PTO-1474.
6. [ ] _____

**Part II  SUMMARY OF ACTION**

1. [X] Claims 42-44, 46, and 61 are pending in the application.

    Of the above, claims ____ are withdrawn from consideration.

2. [X] Claims 1-41, 45, 47-60, and 62-65 have been cancelled.

3. [ ] Claims ____ are allowed.

4. [X] Claims 42-44, 46, and 61 are rejected.

5. [ ] Claims ____ are objected to.

6. [ ] Claims ____ are subject to restriction or election requirement.

7. [ ] This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. [ ] Formal drawings are required in response to this Office action.

9. [X] The corrected or substitute drawings have been received on 12/24/96. Under 37 C.F.R. 1.84 these drawings are [X] acceptable; [ ] not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. [ ] The proposed additional or substitute sheet(s) of drawings, filed on ____, has (have) been [ ] approved by the examiner; [ ] disapproved by the examiner (see explanation).

11. [ ] The proposed drawing correction, filed ____, has been [ ] approved; [ ] disapproved (see explanation).

12. [ ] Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has [ ] been received [ ] not been received [ ] been filed in parent application, serial no. ____; filed on ____.

13. [ ] Since this application apppears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. [ ] Other

EXAMINER'S ACTION

PTOL-326 (Rev. 2/93)



Serial No. 08/468,369

Art Unit 1804

The proposed drawing correction and/or the proposed substitute sheets of drawings, filed on December 24, 1996 have been approved.

The amendment filed December 24, 1996 is in improper form because it deletes material from the previous version of claim 44 without indicating the deleted material in brackets. Applicant should cancel claim 44 and resubmit it as a newly filed claim in the next amendment.

Claim 61 is rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. The claim is incomplete because it is a process claim that fails to recite a positive process step.

Claims 42-44, 46, and 61 are rejected under 35 U.S.C. 112, first paragraph, as based on a disclosure which is not enabling. Vertebrate cells that produce at least 100 U of erythropoietin per $10^6$ cells per 48 hours in culture are critical or essential to the practice of the invention, but is not enabled by the

e468369a.wp                    2

Serial No. 08/468,369

Art Unit 1804

disclosure. *In re Mayhew*, 527 F.2d 1229, 188 USPQ 356 (CCPA 1976). The instant application teaches and enables only cells that have been transformed with exogenous DNA that encodes erythropoietin (EPO) that have the high EPO production required by the claims. The instant application does not guide one of skill in the art in the discovery of non-transformed vertebrate cells that are capable of the high EPO production recited in the instant claims. That the discovery of non-transformed (i.e., not transformed with exogenous DNA) cells that produce the high levels of EPO recited in the claims is unlikely is evidenced by each of Choppin et al, Hagiwara et al, and Shiramizu et al, each of which discloses levels of EPO production by vertebrate cells in culture that are far below those levels required in the instant claims.

Certain papers related to this application may be submitted to Group 1800 by facsimile transmission. Papers should be faxed to Art Unit 1804 at (703) 305-3014. The faxing of such papers

e468369a.wp                3

Serial No. 08/468,369

Art Unit 1804

must conform with the rules published in the Official Gazette, 1156 OG 61 (November 16, 1993).

Any inquiry concerning this communication should be directed to J. Martinell at telephone number (703) 308-0296.

JAMES MARTINELL, PH.D.
SENIOR LEVEL EXAMINER
GROUP 1800