IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC.,<br><br>           Plaintiff,<br><br>     v.<br><br>F. HOFFMANN-LA ROCHE, LTD, a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company and HOFFMANN-LA ROCHE INC., a New Jersey Corporation,<br><br>           Defendants. | Civil Action No. 05-12237 WGY |

### ROCHE'S MOTION *IN LIMINE* TO PRECLUDE MENTION OF THE COURT'S GRANT OF SUMMARY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 5,955,422 OR ON ISSUES OF VALIDITY

Defendants F. Hoffmann-La Roche, Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc. (collectively, "Roche") respectfully move the Court for an Order precluding Amgen Inc. ("Amgen") from mentioning in any way to the jury, either during trial or *voir dire*, that the Court has issued preliminary decisions granting summary judgment of infringement of Amgen's U.S. Patent No. 5,955,422 ("the '422 patent"), and that Amgen's other patents-in-suit are not invalid for obviousness-type double patenting or that some of Amgen's patent claims are definite, adequately described and enabled. Roche also respectfully requests that the Court not mention these issues to the jury.

Juries look to the Court for guidance and view the Court as neutral between two disagreeing sides. Any indication by the Court on the outcome of the jury trial can have enormous affect on the jury and can lead to substantial unfair prejudice. Additionally, hearing that the Court has determined some issues of infringement and validity may confuse the jury. Accordingly, Amgen should be precluded from mentioning to the jury at any time the fact that

732604_1.DOC

Dockets.Justia.com

the Court has granted summary judgment against Roche for any reasons, or that the Court previously found that Roche's product infringes Amgen's '422 patent, that Amgen's patents-in-suit are not invalid for obviousness-type double patenting or that any of Amgen's patent claims are definite, adequately described and enabled pursuant to FRE 403.

CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

| | |
|---|---|
| Dated: August 31, 2007<br>Boston, Massachusetts | Respectfully submitted,<br><br>F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc.<br><br>By their Attorneys,<br><br>/s/ Keith E. Toms<br>Lee Carl Bromberg (BBO# 058480)<br>Timothy M. Murphy (BBO# 551926)<br>Julia Huston (BBO# 562160)<br>Keith E. Toms (BBO# 663369)<br>Nicole A. Rizzo (BBO# 663853)<br>Bromberg & Sunstein LLP<br>125 Summer Street<br>Boston, MA 02110<br>Tel. (617) 443-9292<br>ktoms@bromsun.com<br><br>Leora Ben-Ami (*pro hac vice*)<br>Mark S. Popofsky (*pro hac vice*)<br>Patricia A. Carson (*pro hac vice*)<br>Thomas F. Fleming (*pro hac vice*)<br>Howard S. Suh (*pro hac vice*)<br>Peter Fratangelo (BBO# 639775)<br>Vladimir Drozdoff (*pro hac vice*)<br>David L. Cousineau (*pro hac vice*)<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, New York 10022<br>Tel. (212) 836-8000 |

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                                                           /s/ Keith E. Toms
                                                           Keith Toms

03099/00501 732604.1