# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> F. HOFFMANN-LA ROCHE, LTD, a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company and HOFFMANN-LA ROCHE INC., a New Jersey Corporation, <br><br> Defendants. | Civil Action No. 05-12237 WGY |

**ROCHE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE MENTION OF THE COURT'S GRANT OF SUMMARY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 5,955,422 OR ON ISSUES OF VALIDITY**

Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Timothy M. Murphy (BBO# 551926)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292

Dated: Boston, Massachusetts
August 31, 2007

*Counsel for Defendants
F. Hoffmann-La Roche, Ltd,
Roche Diagnostics GmbH, and
Hoffmann-La Roche Inc.*

732605_1.DOC

## I. THE JURY SHOULD NOT BE INFORMED THAT THE COURT HAS DETERMINED CERTAIN MOTIONS FOR SUMMARY JUDGMENT

On August 27 and 28, 2007, the Court issued preliminary decisions regarding certain aspects of two Amgen motions for summary judgment.[1]  The Court has stated that a complete decision will follow explaining the Court's decision.  Even with the Court's orders, the jury will be faced with dispositive issues on all of the patents-in-suit involving issues of non-infringement, invalidity and unenforceability.  If the jury is told that the Court has already found for Amgen on certain issues, the jury may inadvertently and incorrectly conclude that the Court is suggesting how the jury should decide all remaining issues in the trial regardless of the evidence.

As prior courts have acknowledged, the Court holds great sway and influence with the jury.  Any indication by the Court one way or another on a contested issue could inadvertently influence the jury's thinking.  *Owens v. United States*, 483 F.3d 48, 67 (1st Cir. 2007), *quoting Quercia v. United States*, 289 U.S.466, 470 (1933) ("The influence of the trial judge on the jury is necessarily and properly of great weight and his lightest word or intimation is received with deference, and may prove controlling."); *Crowe v. Di Manno*, 225 F.2d 652, 655 (1st Cir. 1955), *citing Starr v. U.S.*, 153 U.S. 614, 626 (1894) ("The influence of the trial judge on the jury 'is necessarily and properly of great weight' and 'his lightest word or intimation is received with deference, and may prove controlling.'").  Juries rightfully view the Court as neutral between two disagreeing sides and any words or findings by the Court can dramatically influence the jury.  *Logue v. Dore*, 103 F.3d 1040, 1045 (1st Cir. 1997) ("the judge's participation must be balanced; he cannot become an advocate or otherwise use his judicial powers to advantage or disadvantage a party unfairly.").

---

[1] Court's Orders on motions D.I. 509 and D.I. 531.

Although the Court recognizes that the issues presented by infringement of one claim in a patent are different from the question of infringement of other claims in that same patent, or as here, from claims in other patents, and each claim must be considered on its own merits, the jury may not as a practical matter be able to make that distinction despite the Court's instructions. *See United States v. Filani*, 74 F.3d 378, 386 (2d Cir. 1996)("[T]he presiding judge cannot ... foster the notion that the judge believes one version of an event and not another. Curative instructions to the jury ... do not remove such an impression once it is created."). This can lead to confusion of the issues for the jury. Particularly in this trial that will involve complex, technical, scientific testimony and evidence. There is no question but that the Court wants this jury to make its decisions based upon the evidence presented at trial, nothing more. Courts have found that prior rulings of infringement by the Court have a very high risk of unfairly swaying the jury's verdict. *Mendenhall v. Cedarrapids, Inc.*, 5 F.3d 1557, 1573-5 (Fed. Cir. 1993) (affirming trial court's exclusion of prior decisions on infringement and validity as unfairly prejudicial due to jury's tendency to follow those decisions on infringement and validity decision presently before the jury); *Century Wrecker Corp. v. E.R. Buske Mfg. Co., Inc.*, 898 F. Supp. 1334, 1345 (N.D. Iowa 1995) (court finds that prejudicial value of court's prior ruling on infringement upon the jury's decisions on the remaining issues in the case is excessive).[2] The risk attendant with the jury learning of the Court's prior rulings is too great, given the task facing this jury.

---

[2] On motion for reconsideration in *Century Wrecker*, the court found that it would be too confusing for the jury to decide remaining issues of inducement and willfulness without being told of court's prior ruling of infringement, and reversed its prior ruling. The Court reiterated the great, but felt it could limit the prejudice by limiting instructions to the jury. 898 F. Supp. at 1347. Unlike in *Century Wrecker*, the Court's prior rulings are irrelevant to the remaining issues before the jury.

There is no probative value to mentioning to the jury the Court's prior summary judgment rulings, either for or against any party. Amgen should thus be precluded pursuant to Fed. R. Evid. 403 from mentioning the Court's summary judgment decisions, and we respectfully request also that the Court not raise these decisions with the jury.

## II. CONCLUSION

For all of the foregoing reasons, Roche respectfully requests that the Court preclude Amgen from mentioning to the jury at any time the Court's prior summary judgment rulings oin D.I. 509 and 531, and also respectfully requests that the Court not inform the jury of these decisions during the jury phase of this trial.

| | |
|---|---|
| Dated: August 31, 2007<br>Boston, Massachusetts | Respectfully submitted,<br><br>F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc.<br><br>By their Attorneys,<br><br>/s/ Keith E. Toms<br>Lee Carl Bromberg (BBO# 058480)<br>Timothy M. Murphy (BBO# 551926)<br>Julia Huston (BBO# 562160)<br>Keith E. Toms (BBO# 663369)<br>Nicole A. Rizzo (BBO# 663853)<br>Bromberg & Sunstein LLP<br>125 Summer Street<br>Boston, MA 02110<br>Tel. (617) 443-9292<br>ktoms@bromsun.com<br><br>Leora Ben-Ami (*pro hac vice*)<br>Mark S. Popofsky (*pro hac vice*)<br>Patricia A. Carson (*pro hac vice*)<br>Thomas F. Fleming (*pro hac vice*)<br>Howard S. Suh (*pro hac vice*)<br>Peter Fratangelo (BBO# 639775)<br>Vladimir Drozdoff (*pro hac vice*)<br>David L. Cousineau (*pro hac vice*)<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, New York 10022<br>Tel. (212) 836-8000 |

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

/s/ Keith E. Toms
Keith Toms

03099/00501 732605.1

732605_1.DOC         5