UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD<br>ROCHE DIAGNOSTICS GmbH<br>and HOFFMANN-LA ROCHE INC. | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM REFERRING TO ITS INVENTIONS AS "PIONEERING"**

### I. INTRODUCTION

Defendants F. Hoffmann-La Roche, Ltd, Roche Diagnostics GmbH and Hoffmann-La Roche Inc. (collectively, "Roche") submit this memorandum in support of their motion to preclude Amgen from referring to its claimed inventions as "pioneering."

### II. ARGUMENT

Amgen is likely to characterize its inventions as "pioneering" in an effort to mislead the jury into believing that Amgen's patents deserve special consideration. Roche has learned that recent advertising by Amgen in the Boston area from which the jury pool is to be selected prominently refers to Amgen's science as "pioneering." From this we can only infer that Amgen seeks to inappropriately influence the jury favorably to Amgen. Whether or not Amgen or anyone else characterizes its patents as "pioneering" is not relevant to the issues the jury must decide in this case.

Even, assuming, *arguendo*, that Amgen's claimed inventions were pioneering, that is of no relevance to the validity issues that this jury needs to decide. *See Upjohn Co. v. Riahom Corp.*, 641 F.Supp. 1209, 1219 (D.Del. 1986) ("Upjohn has failed to explain how, as a matter of law, the pioneer status of a patent helps to establish its validity."). Referring to the patents as "pioneering" in the context of patent validity will only confuse and mislead the jury by falsely suggesting that the supposedly pioneering nature of the inventions bears on a determination as to whether the patents-in-suit are valid.

Federal Rule of Evidence 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Also, with respect to the issue of infringement, whether an invention is "pioneering" is of little, if any, relevance. See *Augustine Med., Inc. v. Gaymar Indus., Inc.*, 181 F.3d 1291, 1301 (Fed. Cir. 1999) ("no objective legal test separates pioneers from non-pioneers" making such distinctions unnecessary and irrelevant as "claim scope itself generally supplies broader exclusive entitlements to the pioneer.") Indeed, in *Augustine* the court observed that true pioneers "enjoy the benefits of their contribution to the art in the form of broader claims" which are not confined by prior art. *Id.* Similarly, "a pioneer generally need not fear traditional limits on the application of the doctrine of equivalents such as prior art or prosecution history estoppel (because amendments or arguments to overcome the prior art are generally unnecessary in true pioneer applications)." *Id.* Thus, even with respect to infringement, the confusion and prejudice likely to result if Amgen is permitted to tell the jury that it has a "pioneering" patent will

2

substantially outweigh any probative value.  At a minimum, if Amgen is not precluded from describing its inventions as "pioneering," the Court should instruct the jury that such term has no bearing on the jury's determinations of infringement or validity.

### III. CONCLUSION

For the foregoing reasons, Amgen should be precluded from using the term "pioneering" to refer its claimed inventions.

DATED:    Boston, Massachusetts
          August 31, 2007

Respectfully submitted,
F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH,
and HOFFMANN-LA ROCHE INC.

By its attorneys,

 /s/ Keith E. Toms
Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                                            /s/ Keith E. Toms
                                            Keith E. Toms