UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., <br><br> Plaintiff, <br><br> v. <br><br> F. HOFFMANN-LA ROCHE LTD <br> ROCHE DIAGNOSTICS GmbH <br> and HOFFMANN-LA ROCHE INC. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION No.: 05-CV-12237-WGY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE AMGEN FROM
INTRODUCING INTO EVIDENCE OR REFERENCING TO THE JURY:
1) THE SEPTEMBER 30, 1985 AMGEN/ORTHO PRODUCT
LICENSE AGREEMENT, AND
2) EVIDENCE CONCERNING LICENSING OF THE PATENTS-IN-SUIT**

Defendants F. Hoffmann-La Roche, Ltd, Roche Diagnostics GmbH and Hoffmann-La Roche Inc. (collectively, "Roche") submit this Motion *in Limine* to preclude Amgen from introducing evidence or referencing to the jury (1) the September 30, 1985 Amgen/Ortho Product License Agreement and (2) evidence concerning licensing of the patents-in-suit.

Amgen should be precluded from referencing the Amgen/Ortho Product License Agreement ("PLA") because Amgen has consistently claimed in this case that Ortho's license was not a "patent license" at all, but instead a "product license" that did not confer any direct or substantial rights in the '008 patent or any of the patents-in-suit. Amgen should not be permitted to now argue the contradictory position. Moreover, it is indisputable that none of the patents-in-suit existed at the time the parties entered into the PLA; therefore, the PLA has little to no relevance on the obviousness or non-obviousness of the patents-in-suit. Finally, Amgen refused to produce documents related to the Ortho/Amgen arbitration in discovery. Roche moved to

compel production; Amgen opposed; and the Court denied Roche's request. As Roche was denied meaningful discovery on subject matter directly relevant to the PLA, it would be unfair and against the spirit of the Court's January 22, 2007 order to allow the PLA into evidence now. Accordingly, Defendants respectfully request that the Court preclude Amgen from offering into evidence and/or referencing to the jury the September 30, 1985 Amgen/Ortho Product License Agreement.

Amgen should also be precluded from offering evidence concerning licensing of the patents-in-suit. Amgen apparently intends to introduce evidence that third parties, including Ortho, have "sought and received a license under" the patents in suit as part of its validity defense. Amgen should be precluded from presenting any such evidence because, as explained above, Amgen previously characterized the Ortho license as a product license and not a patent license. Furthermore, Amgen never produced any documents or other evidence of any inquiries or discussions with third parties regarding licensing the patents in suit despite various discovery requests seeking such evidence. As this Court has previously ruled "No Witness May Rely on Evidence Withheld From Discovery." (5/16/07 Electronic Order). As Amgen failed to produce any evidence concerning licensing discussions of the patents at issue, it must be precluded from relying on such evidence at trial.

Accordingly, Roche respectfully requests that Amgen be precluded from describing or referring to its inventions as "pioneering" at trial. In support of this motion, Roche relies on the accompanying Memorandum of Law.

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and that no agreement was reached.

2

Dated: August 31, 2007
Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys*

/s/ Keith E. Toms
Lee Carl Bromberg (BBO# 058480)
Robert L. Kann (BBO# 258025)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kimberly J. Seluga (BBO# 667655)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky *(pro hac vice)*
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff (*pro hac vice*)
David L. Cousineau (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

**CERTIFICATE OF SERVICE**

I certify that, on the above date, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

/s/ Keith E. Toms
Keith E. Toms

03099/00501 732607.1