UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| v. ) | CIVIL ACTION No.: 05-CV-12237WGY |
|  ) | |
| F. HOFFMANN-LA ROCHE LTD ) | |
| ROCHE DIAGNOSTICS GmbH ) | |
| and HOFFMANN-LA ROCHE INC. ) | |
|  ) | |
| Defendants. ) | |
|  ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OBJECTING TO DEPOSITION DESIGNATIONS IN LIEU OF LIVE TESTIMONY**

**I.   INTRODUCTION**

Roche has informed Amgen that Roche will call Dr. Lin live in its case in chief, and that Roche would use limited deposition excerpts from other witnesses, such as Dr. Joan Egrie and Dr. Goldwasser, rather than calling them live.[1]  Roche imagined that Amgen would welcome this proffer since Amgen told this Court in its portion of the Joint Pretrial Memorandum ("PTM") that "Roche indicated that it will call seven (7) of Amgen's fact witnesses to testify in Roche's case-in-chief.  This will unnecessarily disrupt the lives and schedules of Amgen's witnesses, and will preclude Amgen from presenting its own case effectively and in an orderly fashion.  Amgen objects to Roche calling anyone beyond Dr. Lin in its case-in-chief..." (PTM at p. 13, D.N. 807).  Amazingly, after Roche submitted the deposition excerpts for witnesses such as Drs.

---

[1] Roche has designated Amgen fact witnesses, Joan Egrie, Eugene Goldwasser, Steven Elliot, and Thomas Strickland in lieu of engaging in live examination at trial.

Egrie and Goldwasser, Amgen objected, and contrary to what it told this Court, maintained that these witnesses must be called live. It appears that Amgen's position is not borne from any concern of the witnesses' convenience or the jury's best interests, but from litigation gamesmanship.

Roche respectfully requests that the Court permit the testimony of Dr. Egrie and Goldwasser in Roche's case by deposition, which is what Amgen told the Court in the PTM it would agree to in the first place. With all of the issues that the parties have presented to the Court, it is unfortunate that Amgen's tactics have compelled this motion.

The use of limited excerpts from deposition is in these instances a more orderly and efficient way to present this evidence to the jury. It is the jury's and Court's time and resources which should govern the best way to conduct the trial. As the Court made clear at the pretrial conference, if witnesses have to be recalled for other phases or portions of the trial, that will be the case. Here, Roche's proposal will not only streamline the presentation of information to the jury, but allow for minimal inconvenience to the witnesses, which was Amgen's alleged protest. Amgen is still free to call these witnesses live if they wish, and granting this motion will not alter that plan at all. Amgen really has no legitimate complaint.

As has been the case throughout discovery and the entire pretrial period, Roche has cooperated with Amgen's requests, and, accordingly, has designated portions of the relevant witnesses' transcripts to use at trial in lieu of live testimony. It is inappropriate for Amgen, now, at the eleventh hour, to completely contradict its prior position as explicitly stated in the Joint Pretrial Memorandum, and the Court should not permit Amgen to do so.

While the Court informed counsel for both parties that if a party is called to give live testimony from a witness, then the other party **may** also call that witness to testify live, this directive did not require live testimony over deposition designations. Drs. Egrie, Goldwasser, Elliot, and Strickland are all listed as witnesses expected to be called to give live testimony by Amgen. (PTM, Ex. E, D.N. 807-6).

### III. CONCLUSION

Based on the foregoing, Roche respectfully requests that the Court permit Roche, over Amgen's objection, to offer the testimony of the identified witnesses by deposition in its case in chief, as Amgen itself argued for in the PTM.

DATED:    Boston, Massachusetts
September 1, 2007

        Respectfully submitted,
F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH,
and HOFFMANN-LA ROCHE INC.

By its attorneys,


 /s/ Keith E. Toms
Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

4

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

      /s/ Keith E. Toms
      Keith E. Toms