## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMGEN, INC.,

                      Plaintiff,

      v.

F. HOFFMANN-LA ROCHE, LTD, ROCHE
DIAGNOSTICS GMBH, and HOFFMANN-LA
ROCHE INC.,

                 Defendants.

Civil Action No. 05-12237 WGY

## ROCHE'S OPPOSITION TO AMGEN'S MOTION
## *IN LIMINE* NO. 1 TO EXCLUDE ROCHE FROM REFERRING TO
## ITS OWN PATENT ON PEGYLATED ERYTHROPOIETIN

Dockets.Justia.com

## I.     INTRODUCTION

Contrary to the assertion on which Amgen's motion is mistakenly premised, Federal Circuit precedent makes clear that the separate patentability of Roche's accused product is directly relevant to the issue of infringement.  The issuance of  U.S. Pat. No. 6,583,272, relating to MIRCERA® reflects that there are substantial differences between MIRCERA and Amgen's patent claims.  Indeed, Roche's patent is relevant to support various issues, including:  1) Roche's defense to Amgen's claim of infringement under the doctrine of equivalents; 2) Roche's defense of non-infringement under the reverse doctrine of equivalents; and 3) Roche's defense to Amgen's claim of infringement under 35 U.S.C. § 271(g) on the grounds that, even if Roche uses a patented process outside of the U.S., the product of that process is "materially changed" before being imported.  Amgen does not and cannot demonstrate, as it must under F.R.E. 403, that the unquestionable probative value of Roche's MIRCERA patent in supporting Roche's non-infringement defenses is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

As further mentioned below, any potential prejudice to Amgen can be prevented by a jury instruction which accurately explains the relevance of Roche's patent.  The instructions proposed by Amgen, however, misstate the law and the facts.

Finally, Amgen's experts cite Roche's MIRCERA patent as evidence of infringement.  If Amgen is allowed to rely at trial on Roche's patent as evidence of infringement, then the Court most certainly should not preclude Roche from pointing to the same patent to the extent it is evidence of non-infringement.

## II.    ARGUMENT

### A.    The Separate Patentability of Roche's Accused Product Is Relevant to the Issue of Non-Infringement

The patentability of Roche's CERA product is relevant to Amgen's claim of infringement under the doctrine of equivalents, to Roche's defense of non-infringement under the reverse doctrine of equivalents; and to Roche's defense to infringement under § 271(g) based on "material change."

### 1.    Roche's patent is relevant to Roche's defense against Amgen's claim of infringement under the doctrine of equivalents.

"[F]or purposes of infringement under the doctrine of equivalents, the differences between the claimed device and the accused device must be insubstantial." *Zygo Corp. v. Wyko Corp.* 79 F.3d 1563, 1570 (Fed. Cir. 1996).  In *Zygo*, the court stated that a "patent, against which [an asserted] patent was cited and considered as prior art [during prosecution], is . . . presumed nonobvious in view of the [asserted] patent, until proven otherwise." *Id.*  Thus, according to the Federal Circuit, "[t]he nonobviousness of the accused product, evidenced by the grant of a United States patent, is relevant to the issue of whether the change therein is substantial." *Id.  See also Glaxo Wellcome, Inc. v. Andrx Pharms.,* 344 F.3d 1226, 1233-34 (Fed. Cir. 2003) (fact that accused formulation is "separately patented" is a fact that "may be weighted by the district court, particularly if there is an issue of 'insubstantial' change with respect to equivalency..."); *National Presto Indus. v. West Bend Co.*, 76 F.3d 1185, 1192 (Fed. Cir. 1996) (the "separate patentability" of an allegedly infringing technology is "relevant, and is entitled to due weight. . . Such evidence when present warrants consideration by the trier of fact, along with the other evidence of the differences and similarities of the patented and accused devices.");

*Hoganas AB v. Dresser Indus., Inc.*, 9 F.3d 948, 954 (Fed. Cir. 1993) (issuance of a patent to the accused infringer covering its product is relevant to the equivalence issue.).

Amgen maintains that if Roche is held not to infringe the asserted claims literally, Roche should be held to infringe under the doctrine of equivalents. The cited Federal Circuit precedent makes clear that the fact that the PTO deemed Roche's MIRCERA product patentably distinct from the prior art -- including Amgen's patents-in-suit -- is probative evidence that the differences between Amgen's claimed invention and MIRCERA are not insubstantial and that Roche does not infringe under the doctrine of equivalents.

## 2. Roche's patent is relevant to Roche's non-infringement defense under the reverse doctrine of equivalents.

Roche maintains that even if it were deemed to satisfy literally each and every element of any of the asserted claims of the patents-in-suit, it should be held not to infringe under the reverse doctrine of equivalents. As this Court has stated, "[t]he reverse doctrine of equivalents is an equitable doctrine that a court applies when it finds that the accused device literally infringes a patented invention, but is so fundamentally different from the patented invention that a judgment of infringement would be inappropriate." *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 339 F.Supp. 2d 202, 283 (D. Mass. 2004).

Again, the PTO's grant of a patent covering CERA reflects that there are substantial differences between Roche's MIRCERA product and Amgen's asserted claims and thus supports Roche's defense of non-infringement under the reverse doctrine of equivalents, as this Court itself has ruled. *See Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 339 F.Supp. 2d 202, 300 (D. Mass. 2004) ("attainment of a patent may aid in making a prima facie case in support of the reverse doctrine of equivalents"); *Jewish Hospital of St. Louis v. IDEXX Labs.*, 973 F.Supp. 24, 28 (D. Me. 1997) (fact that accused blood test was separately patented among facts held to

"make out a prima facie case that the [asserted] patented process is so substantially different in principle as to be saved from literal infringement under the reverse doctrine of equivalents.").

Accordingly, the PTO's grant to Roche of a patent claiming CERA has significant probative value with respect to Roche's defense of non-infringement under the reverse doctrine of equivalents.

> **3. Roche's patent is relevant to Roche's defense to infringement under § 271(g) based upon material change.**

Roche plans to manufacture MIRCERA outside of the U.S., and to then import it into the U.S. Amgen maintains that Roche infringes under 35 U.S.C. § 271(g) by practicing a patented process outside of the U.S. and importing the product without it being "materially changed." According to Amgen, "[t]he addition of one or more peg molecules to the EPO does not alter the molecule of any relevant manner." (Plaintiffs' Response to First Set of Interrogs. (Nos. 1-12) at 20). Amgen's expert Dr. Lodish further asserts that "[p]egylation is a conventional technique for increasing the half life of a therapeutic protein" and that the "structural difference between the EPO moiety before and after pegylation" is "trivial." (Lodish Report (4/6/07) ¶¶ 172, 184). Amgen's expert Dr. Torchilin similarly argues that MIRCERA is not the product of a material change because, in his opinion, "pegylation of EPO is a conventional technique for making a sustained duration form of EPO." (Torchilin Report (4/6/07) at ¶¶ 77, 96).

Roche defends against Amgen's claim of infringement under 35 U.S.C. § 271(g) on the grounds that even if Roche practices a process claimed in the patents-in-suit outside of the U.S., the product of that process is "materially changed" before being imported into the U.S. The fact that the PTO deemed there to be a patentable distinction over the prior art is probative evidence supporting Roche's contention that MIRCERA is not made by a conventional technique and is

the product of a material change.  Accordingly, Roche's patent is centrally relevant to Roche's

defense to infringement under § 271(g).

> **4.    The cases cited by Amgen do not  demonstrate that Roche's patent is irrelevant to the issue of infringement.**

None of the cases Amgen cites supports its assertion that the separate patentability of

MIRCERA is irrelevant to the issue of infringement here.

Neither *Vulcan Engineering Co. v. Fata Aluminum, Inc.*, 278 F.3d 1366 (Fed. Cir. 2002)

nor *Stiftung v. Renishaw PLC*, 945 F.2d 1173 (Fed. Cir. 1991), say anything at all about the

relevance of the separate patentability of an accused product.  Furthermore, the accused products

in those cases were improvements to the patented inventions.  In this case, Roche's MIRCERA is

not an improvement upon Amgen's invention, it is a new and different molecule.  *Hoechst*

*Celanese Corp. v. BP Chems. Ltd.*, also did not address whether separate patentability of the

accused product is relevant to the issue of non-infringement.

In *Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318 (Fed. Cir. 2000), which Amgen also

cites, the Federal Circuit merely stated -- without explanation -- that a district court did not abuse

its discretion by excluding evidence of the separate patentability of the accused device based on

the facts of the case.  *Id.* at 1324.  It did not hold that separate patents should be excluded as a

rule.  In *Atlas Powder Co. v. E.I. duPont de Nemours & Co.*, 750 F.2d 1569, 1580 n.3 (Fed. Cir.

1984), which Amgen also references, the court stated that if the accused product is separately

patentable "because of unexpected results those unexpected results might prompt a finding of no

equivalence."  Indeed, Amgen concedes that excluding separate patents is ***not*** the rule, noting

that there are standardized instructions *"that are routinely given"* where an accused product is

separately patented.  (Amgen Br. at 4, n.11).

5

In sum, Roche's patent is probative  evidence of non-infringement that supports several of Roche's defenses.  Barring Roche from relying on its patent to support its defenses will severely prejudice Roche.  Amgen, however, does not and cannot show, per F.R.E. 403, that the probative value of Roche's patent is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

**B.    A Proper Jury Instruction Regarding Roche's Patent Will Avoid any Possibility of Confusing or Misleading the Jury**

Should the Court deem it necessary, a proper instruction accurately reciting the relevance of Roche's patent will preclude any confusing or misleading of the jury.  Clearly, though, instructing the jury that separate patentability is not a defense to infringement, as Amgen proposes, misstates the law.  Moreover, instructing the jury that MIRCERA "represents an improvement over the invention," as Amgen also urges, misstates the facts.

**C.    Amgen Should Not Be Permitted to Rely on Roche's Patent While Precluding Roche from Doing So.**

Amgen plans itself to use Roche's patent as evidence at trial.  Indeed, several of Amgen's expert reports cite Roche's patent as evidence of infringement.[1]  Surely, Amgen cannot be permitted to rely on Roche's patent as evidence of infringement while, at the same time, Roche is precluded from relying on its patent as evidence of noninfringement.  For this reason too, Amgen's motion should be denied.

---

[1] Lodish Expert Report (4/6/07) ¶¶ 175, 220; Torchilin Expert Report (4/6/07) ¶¶ 69, 74, 90, 105; Katre Expert Report (6/4/07) ¶¶ 10-16, 36, 38;  Lodish Expert Report (6/4/07) ¶¶ 134-137, 140-143, 149;  Torchilin Expert Report (6/4/07) ¶¶ 19, 58; Torchilin Expert Report (6/20/07) ¶¶ 22, 33.

## III.    CONCLUSION

For the foregoing reasons, Amgen's motion *in limine* no. 1 should be denied in all

respects.

Dated: September 1, 2007                    Respectfully submitted,
          Boston, Massachusetts

                                           F. HOFFMANN-LA ROCHE, LTD,
                                           ROCHE DIAGNOSTICS GMBH, and
                                           HOFFMANN-LA ROCHE INC.

                                           By its attorneys,

                                           /s/ *Thomas F. Fleming*
                                           Thomas F. Fleming

                                           Leora Ben-Ami (*pro hac vice*)
                                           Patricia A. Carson (*pro hac vice*)
                                           Thomas F. Fleming (*pro hac vice*)
                                           Howard S. Suh (*pro hac vice*)
                                           KAYE SCHOLER LLP
                                           425 Park Avenue
                                           New York, NY  10022
                                           Tel:  (212) 836-8000

                                           Lee Carl Bromberg (BBO# 058480)
                                           Timothy M. Murphy (BBO# 551926)
                                           Julia Huston (BBO# 562160)
                                           Keith E. Toms (BBO# 663369)
                                           Nicole A. Rizzo (BBO# 663853)
                                           BROMBERG & SUNSTEIN LLP
                                           125 Summer Street
                                           Boston, MA  02110
                                           Tel:  (617) 443-9292
                                           kbrooks@bromsun.com

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.

/s/ *Thomas F. Fleming*
Thomas F. Fleming