UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC.,<br><br>Plaintiff,<br><br>v.<br><br>F. HOFFMANN-LA ROCHE LTD<br>ROCHE DIAGNOSTICS GmbH<br>and HOFFMANN-LA ROCHE INC.<br><br>Defendants. | CIVIL ACTION No.: 05-CV-12237WGY |

## ROCHE'S OPPOSITION TO AMGEN'S MOTION *IN LIMINE* NO. 21 (DN 891): EXCLUDE INTRODUCTION OF OPINIONS OR SUPPORTING EVIDENCE NOT PREVIOUSLY IDENTIFIED IN EXPERT REPORTS

### INTRODUCTION

Amgen points to a number of opinions and declarations submitted by Roche's experts and alleges, in the broadest and vaguest of terms, that they contain material that was not previously disclosed. Yet, with one flawed exception, Amgen fails to identify any specific examples of opinions that it claims lacks disclosure. The remainder of its short brief does no more than recite the undisputed requirement that expert testimony must be properly disclosed in order to be admissible into evidence, without identifying a single concrete instance in which Roche failed to meet that requirement. Having given the Court no basis for determining that any improper disclosure has occurred, Amgen's motion should be denied.

31532185.DOC

**ARGUMENT**

**Roche properly disclosed all of its expert opinions, and Amgen fails to establish otherwise**

The Court has already declined to strike the only specific example Amgen raises of an expert opinion it claims was not properly disclosed. In this second bid to exclude the opinion offered by Dr. Lowe in his June 29, 2007 declaration, Amgen offers no new argument as to why Dr. Lowe's testimony is improper. As Roche explained at length in its successful opposition to Amgen's earlier motion, the June 29, 2006 Lowe Declaration contains no new evidence.[1] Instead, Dr. Lowe's opinion was an extension of his detailed obviousness-type double patenting analysis set forth in his April 6, 2007 report.[2]

In addition, the subject of Dr. Lowe's June 29 declaration (lack of consonance between certain of Amgen's asserted claims) is not new and has been disclosed in detail in reports by other Roche's experts, including Mr. Sofocleus's April 6, 2007 report,[3] and Dr. Kadesch's June 13 Second Supplemental Report.[4] In light of Roche's extensive disclosure both of the opinions contained in Dr. Lowe's June 29, 2007 declaration and the basis therefore, Amgen's plea to exclude his testimony and supporting evidence must fail.

---

[1] *See* Defendants' Memorandum in Opposition (D.N. 743) to Amgen Inc.'s Motion to Strike Untimely Expert Testimony Regarding Motion for Summary Judgment of No Obviousness-Type Double Patenting.

[2] *See* Exhibit E to Defendants' Memorandum in Opposition (D.N. 743) to Amgen Inc.'s Motion to Strike Untimely Expert Testimony Regarding Motion for Summary Judgment of No Obviousness-Type Double Patenting, Expert Report of Dr. John Lowe (D.N.), ¶¶ 185-189

[3] *See* Exhibit F to Defendants' Memorandum in Opposition (D.N. 743) to Amgen Inc.'s Motion to Strike Untimely Expert Testimony Regarding Motion for Summary Judgment of No Obviousness-Type Double Patenting, Expert Report of Michael Sofocleus, ¶¶ 452-458.

[4] *See* Exhibit G to Defendants' Memorandum in Opposition (D.N. 743) to Amgen Inc.'s Motion to Strike Untimely Expert Testimony Regarding Motion for Summary Judgment of No Obviousness-Type Double Patenting, Second Supplemental Expert Report of Dr. Thomas Kadesch, ¶ 19. n.3.

The remainder of Amgen's motion asserts generally that nine other declarations by Roche experts include opinions not expressed in the respective experts' previous reports. But Amgen fails to cite a single example of an allegedly undisclosed opinion. While Roche does not dispute the general proposition that expert testimony must be properly disclosed, the trial court must have a basis on which to determine whether any challenged testimony was, in fact, properly disclosed. Obviously, the court cannot make such a ruling in the abstract, but must consider specific testimony in light of earlier expert disclosures. Of the ten expert declarations Amgen challenges, Dr. Klibanov's declaration alone offers seventy-five pages of opinions, and his earlier reports and supporting exhibits total 267 pages of material. Surely Amgen cannot reasonably ask the Court to examine *each* opinion offered in *each* of the expert reports it challenges and decide whether those opinions have been anywhere disclosed. Nor can Amgen place the burden on Roche to guess which of hundreds of opinions is actually in dispute, that Roche may then point to its disclosure of those opinions.

Amgen has not shown that any specific opinion lacks disclosure in earlier expert reports, much less has it shown that any material it claims to be "new" so diverges from the earlier disclosed opinions as to warrant exclusion. The First Circuit has acknowledged that "[i]t is not unusual for experts to make changes in their opinions and revise their analyses and reports frequently in preparation for, and sometimes even during, a trial." *Newell Puerto Rico, Ltd., v. Rubbermaid, Inc.*, 20 F.3d 15, 21-22 (1st Cir. 1994) (trial court did not abuse discretion in admitting expert testimony that differed from opinions revealed previously). Thus, a certain degree of variation between earlier and later expert statements is tolerated. Accordingly, Amgen must do more than offer sweeping generalizations in asking the Court to endorse its attack on

Roche's expert statements. Amgen has failed to establish that any specific opinion was not adequately disclosed, and Roche respectfully requests that its motion be denied.

## CONCLUSION

For all of the foregoing reasons, Roche respectfully requests that the Court deny Amgen's motion.

Dated: September 1, 2007                                  Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By its Attorneys*

/s/ *Thomas F. Fleming*
Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky *(pro hac vice)*
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff (*pro hac vice*)
David L. Cousineau (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Robert L. Kann (BBO# 258025)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kregg T. Brooks (BBO# 667348)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com

## CERTIFICATE OF SERVICE

    I certify that, on the above date, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

                                        /s/ *Thomas F. Fleming*
                                        Thomas F. Fleming