EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMGEN, INC.,

                Plaintiff,

  v.

F. HOFFMANN-LA ROCHE LTD
ROCHE DIAGNOSTICS GmbH
and HOFFMANN-LA ROCHE INC.,

                Defendants.

Civil Action No. 05-12237 WGY

**[PROPOSED] REPLY MEMORANDUM IN FURTHER SUPPORT OF ROCHE'S MOTION *IN LIMINE* TO PRECLUDE AMGEN FROM OFFERING EXPERT OPINIONS BASED ON STATEMENTS MADE DURING PRIOR LEGAL PROCEEDINGS BY WITNESSES WHO WILL NOT TESTIFY AT TRIAL IN THIS CASE**

## I. INTRODUCTION

Defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH and Hoffmann-La Roche Inc. (collectively "Roche") submit this reply memorandum in further support of their motion *in limine* to preclude Amgen's experts from offering opinions at trial based on statements made during prior legal proceedings by witnesses who will not testify at trial in this case (Docket No. 816).

Amgen's opposition utterly fails to show that the testimony and declarations from prior legal proceedings on which its experts plan to rely are admissible evidence. Nor does Amgen demonstrate that experts in the relevant fields of chemistry, biology and biotechnology normally rely on evidence of this type in their work outside of the courtroom. Accordingly, Roche's motion should be granted and Amgen's experts should not be allowed to rely on such evidence as the bases for their opinions.

**II. ARGUMENT**

    **A. THE PRIOR TESTIMONY AND DECLARATIONS ARE INADMISSIBLE EVIDENCE**

Under Federal Rule of Evidence 703, an expert may base opinion testimony on admissible evidence as well as on inadmissible evidence as long as the inadmissible evidence is "of a type reasonably relied upon by experts in the particular field." See Fed. R. Evid. 703; *Almonte v. National Union Fire Insurance Co.*, 787 F.2d 763, 770 (1st Cir. 1986). Amgen argues that it is a "false premise" for Roche to claim that prior testimony and declarations are inadmissible. However, prior testimony and declarations are inadmissible hearsay as a matter of black letter law. Amgen makes no showing to the contrary.

    **B. PRIOR TESTIMONY AND DECLARATIONS ARE NOT A TYPE OF EVIDENCE THAT EXPERTS IN BIOLOGY, CHEMISTRY AND BIOTECHNOLOGY REASONABLY RELY UPON.**

Amgen suggests that its experts should be allowed to rely on inadmissible prior testimony and declarations because Roche has failed to prove that such evidence is unreliable. Under Rule 703, however, inadmissible evidence is a proper basis for expert opinion *only* if it is "of a type reasonably relied upon by experts in the particular field."

Amgen further maintains that Rule 703 requires only that the underlying facts or data themselves be of the type normally relied upon by experts, even if the source is not. However, in *Ricciardi v. The Children's Hospital Medical Center*, 811 F.2d 18 (1st Cir. 1987), which Amgen cites, the court held that a notation made on a medical chart was an improper basis for expert testimony because it was made by a doctor who did not have personal knowledge of the event described in the note. *Id* at 25. While notations in a medical chart may well be a type of evidence typically relied upon by medical experts, the source of the notation -- a doctor with no first hand knowledge of the event described -- rendered the notation an improper basis for

1

expert testimony. *Id.* Thus, even when facts or data are of the type normally relied upon by experts, they may not be relied upon if their source is one that no responsible expert would rely upon. Accordingly, facts or data contained in inadmissible declarations and prior testimony are improper bases for expert opinions in this case because responsible experts in the relevant fields do not normally rely on those sources in the course of their work outside the courtroom.

As the Advisory Committee Note to Rule 703 makes clear, Rule 703 is designed "to bring the judicial practice into line with the practice of the experts themselves when not in the court." Declarations and prior testimony are improper bases for expert opinion precisely because, as opposed to oral or written presentations, they *are not* part of the normal process of scientific inquiry. Amgen has presented no evidence to suggest that experts in chemistry, biology and biotechnology -- the scientific fields most relevant to this case -- seek out and rely upon prior testimony and declarations in the course of their scientific work.

### C. CASES CITED BY AMGEN ARE IRRELEVANT OR UNPERSUASIVE

Amgen relies on cases that are inapposite. In *Giard v. Darby*, 360 F. Supp. 2d 229 (D. Mass. 2005) and *Clark v. Chrysler Corp.*, 310 F.3d 461 (6th Cir. 2002), which Amgen cites, the expert opinions were based on deposition testimony given *in the same case*. As Roche explained in its moving papers, expert opinions based on testimony in the same case are safeguarded by the fact that the testimony was subject to cross-examination by counsel for the objecting party. The prior testimony at issue in this case was not given in this case and was not subject to cross-examination by Roche's counsel.

Amgen identifies only a single case in which an expert was allowed to base an opinion on testimony given in a different proceeding, *Kelly v. City of Phila.*, No. 93-259, 1995 U.S. Dist. LEXIS 7169 (E.D. Pa. May 25, 1995). The plaintiffs in *Kelly,* who had been injured by

two Philadelphia police officers, relied on the testimony of a criminal justice expert who was allowed to base his opinions, in part, on testimony given by the two police officers at their respective criminal trials. At most, *Kelly* stands for the narrow proposition that testimony from prior criminal trials is "of a type reasonably relied upon by criminal justice experts in forming an opinion regarding the adequacy of police training programs." 1995 U.S. Dist. LEXIS 7169, at *13.

### D. ROCHE'S MOTION IS NOT OVERLY BROAD

Amgen complains that Roche's motion *in limine* is "too general" and Amgen takes the position that Rule 703 requires an individualized inquiry into each piece of evidence proffered. In fact, Rule 703 is written more broadly, addressing "types" of evidence. Thus, it is entirely proper for Roche to move pursuant to Rule 703 to exclude any evidence of a certain type -- such as declarations, deposition testimony and trial testimony -- not reasonably relied upon by experts in a particular field. Amgen is not foreclosed from arguing, if and when it is appropriate, that a particular piece of prior testimony is admissible or is of the type reasonably relied upon by experts in the field.

## III. CONCLUSION

Based on the foregoing, Roche's motion *in limine* should be granted in all respects.

Dated: September 3, 2007
       Boston, Massachusetts         Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys,*

/s/ Nicole A. Rizzo
Lee Carl Bromberg (BBO# 058480)
Robert L. Kann (BBO# 258025)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
nrizzo@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff (*pro hac vice*)
David L. Cousineau (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and will be delivered to Amgen's trial counsel by electronic mail in the manner requested in the August 29, 2007, letter of Renee DuBord Brown to Thomas F. Fleming. Paper copies will be sent to those indicated as non registered participants on September 4, 2007.

/s/ Nicole A. Rizzo
Nicole A. Rizzo

03099/00501 732855.1

4