UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD<br>ROCHE DIAGNOSTICS GmbH<br>and HOFFMANN-LA ROCHE INC. | ) |
| Defendants. | ) |

**REVISED MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OBJECTING TO DEPOSITION DESIGNATIONS IN LIEU OF LIVE TESTIMONY**

**I.    INTRODUCTION**

In the face of Amgen's complete reversal on its position in the Pretrial Memorandum, and conduct that has threatened to deny the jury and the Court access to vital evidence, Roche has informed Amgen that Roche will call live at trial, in addition to Dr. Fu-Kuen Lin, Dr. Eugene Goldwasser. The parties have now agreed to these witnesses being called live by Roche. As to other witnesses, for whom minimal deposition testimony has already been designated and counter-designated by the parties, Roche proposes to use limited deposition excerpts from those other witnesses, such as Dr. Joan Egrie, Dr. Steven Elliot, and Dr. Thomas Strickland, rather than calling them live.[1] Roche imagined that Amgen would welcome this proffer since Amgen told this Court in

---

[1] Roche has designated Amgen fact witnesses, Joan Egrie, Eugene Goldwasser, Steven Elliot, and Thomas Strickland in lieu of engaging in live examination at trial.

its portion of the Joint Pretrial Memorandum ("PTM") that "Roche indicated that it will call seven (7) of Amgen's fact witnesses to testify in Roche's case-in-chief. This will unnecessarily disrupt the lives and schedules of Amgen's witnesses, and will preclude Amgen from presenting its own case effectively and in an orderly fashion. Amgen objects to Roche calling anyone beyond Dr. Lin in its case-in-chief..." (PTM at p. 13, D.I. 807). Amazingly, after Roche submitted the deposition excerpts for witnesses such as Drs. Egrie and Dr. Strickland, Amgen objected and contrary to what it told this Court, maintained that these witnesses must be called live. It appears that Amgen's position is not borne from any concern of the witnesses' convenience or the jury's best interests, but from litigation gamesmanship. So while pointing out the difficulties and inconvenience in arranging for witnesses to appear live, Amgen refuses to agree that they can be called by deposition.

Roche respectfully requests that the Court permit the limited testimony of Drs. Egrie, Elliot, and Strickland in Roche's case by deposition, which is what Amgen told the Court in the PTM it would agree to in the first place. With all the issues that parties have presented to the Court, it is unfortunate that Amgen's tactics have compelled this motion.

The use of limited excerpts from deposition is in these instances a more orderly and efficient way to present this evidence to the jury. It is the jury's and Court's time and resources which should govern the best way to conduct the trial. As the Court made clear at the pretrial conference, if witnesses have to be recalled for other phases or portions of the trial, that will be the case. The deposition excerpts that Roche seeks to read to the jury are each short and direct, and reading them will take far less time than calling each witness live. Roche's proposal will not only streamline the presentation of

information to the jury, but allow the minimal inconvenience to any witness, which was Amgen's alleged protest. Amgen is still free to call these witnesses live if they wish and granting this motion will not alter that plan at all. Amgen really has no legitimate complaint. Furthermore, Dr. Strickland testified as a 30(b)(6) witness for Amgen at his deposition -- his testimony is on behalf of the company, not only Dr. Strickland individually, and Roche should be allowed to present Amgen's testimony to the jury.

As has been the case throughout discovery and the entire pretrial period, Roche has cooperated with Amgen's requests, and as such, designated portions of the relevant witnesses' transcripts to use at trial in lieu of live testimony. It is inappropriate for Amgen, now, at the eleventh hour, to completely contradict its prior position as explicitly stated in the Joint Pretrial Memorandum, and the Court should not permit Amgen to do so.

While the Court informed counsel for both parties that if a party is called to give live testimony from a witness, then the other party **may** also call that witness to testify live, this directive did not require live testimony over deposition designations. Drs. Egrie, Elliot, and Strickland are all listed as witnesses expected to be called to give live testimony by Amgen. (PTM, Ex. E, D.I. 807-6).

### III. CONCLUSION

Roche respectfully requests that the Court permit Roche to offer the testimony of the identified witnesses by deposition in its case in chief, as Amgen itself argued for in the PTM.

Dated: September 3, 2007
       Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH,
and HOFFMANN-LA ROCHE INC.

*By their Attorneys*

/s/  Kregg T. Brooks
Lee Carl Bromberg (BBO# 058480)
Robert L. Kann (BBO #258025)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kregg T. Brooks (BBO# 667348)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
kbrooks@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and will be delivered to Amgen's trial counsel by electronic mail in the manner requested in the August 29, 2007, letter of Renee DuBord Brown to Thomas F. Fleming. Paper copies will be sent to those indicated as non registered participants on September 4, 2007.

/s/  Kregg T. Brooks
Kregg T. Brooks

03099/00501 732922.1