UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION No.: 05-CV-12237WGY |
| ) | |
| F. HOFFMANN-LA ROCHE LTD., ) | |
| ROCHE DIAGNOSTICS GmbH ) | |
| and HOFFMANN-LA ROCHE INC. ) | |
| ) | |
| Defendants. ) | |

### ROCHE'S OPPOSITION TO AMGEN'S MOTION *IN LIMINE* NO. 19 (DN 871): EXCLUDE EXPERT TESTIMONY FOR SUPPLEMENTATION IN VIOLATION OF THE PARTIES JUNE 6, 2007, AGREEMENT

Amgen invents an agreement bearing no relationship to the parties' actual agreement of June 6, 2007, then takes Roche to task for its violation. Moreover, the strawman agreement Amgen concocts -- that the reports of testifying experts may not cite opinions that are based, in whole or in part, on the analyses of other experts -- is obviously false, for if such an agreement existed, Amgen itself would be in flagrant violation. Moreover, as described below, it is Amgen -- not Roche -- that has violated the terms of the parties' agreement as memorialized in the record of the June 6th hearing. In light of Amgen's failure to comply with the *explicit* terms of the parties' agreement, its complaint about Roche's purported violations of an *imagined* provision rings hollow. Accordingly, Amgen's motion to limit the opinions of Roche's experts should be denied.

## I. FACTUAL BACKGROUND

At the case management hearing on June 6th, the parties agreed to a four-part agreement regarding expert discovery. The parties agreed as follows:

- Roche would serve seven additional expert reports by June 13.

- Amgen would then serve three additional reports by June 20, and expert discovery would close on that day.

- Each side would identify its testifying experts by July 7, with the proviso that Amgen would be allowed additional time to designate one new expert to replace a previously identified expert who had become unable to testify.

- Each side would call no more than ten expert witnesses at trial.[1]

Three of these four terms imposed obligations on Amgen, and Amgen upheld not a single one of them: Instead of serving three reports on June 20, as agreed, Amgen served *four* reports, the last of which -- a third supplement report by Dr. Lodish -- was filed on *June 25*. And several months after advising Roche of its need to find a replacement for one of its experts, Amgen identified not one, but *three* "replacement" witnesses -- including two expert witnesses and a fact witness -- to substitute for their earlier designee, for a total of *eleven* expert witnesses. In sum, Amgen violated each of its obligations under the parties' explicit agreement. Amgen does not allege that Roche violated any of these explicit terms.

Yet, with no explanation for its own unambiguous violations, Amgen asserts that it was Roche who violated the agreement, based on extraordinary terms that Amgen has conjured out of whole cloth. Specifically, Amgen urges the Court to find that the parties' agreement should be

---

[1] *See* Transcript of hearing of June 6, 2006, pp 21-24.

2

read: 1) to preclude Roche's experts from referring to or relying upon any opinions given by Roche's other, properly disclosed experts, and 2) to deprive Roche's rebuttal experts of the opportunity to address the full scope of Amgen's expert opinions by imposing artificial restrictions, based on fabricated distinctions between the Amgen experts' "old" and "new" opinions. But Roche never agreed to such unusual and impractical terms and has no obligation to compromise its experts' testimony in the unworkable way Amgen suggests. Moreover, Amgen's own expert reports would fail miserably if held to the standards it seeks to impose upon Roche.

**II.     The Parties' June 6th Agreement Does Not Bar Testifying Experts From Referring To Other Experts' Opinions, And Does Not Otherwise Limit The Ability To Rebut The Other Side's Expert Opinion**

Amgen first argues that, by agreeing to limit the *number* of expert witnesses to ten (an agreement Amgen promptly disregarded), the parties implicitly agreed to limit the *scope* of those experts' testimony such that it would exclude any opinion that was informed in any respect by the opinions of other experts. Not only does this tortured interpretation of the agreement go beyond its plain terms, the restrictions Amgen proposes are so extraordinary -- indeed, nearly every expert report served by either party cites at least one other expert report among the materials considered -- that it cannot conceivably reflect the June 6th agreement.

Indeed, Amgen's own expert reports -- including some after June 6th -- are replete with the same supposed "infirmity" Amgen attributes to Roche's reports. For example, the June 4 report of Amgen's expert Dr. Lodish incorporated by reference the entirety of the June 1 supplemental report of Amgen's expert Dr. Orkin. Similarly, the June 20 Lodish report incorporated by reference the entirety of the May 11th reports of Dr. Capra and Dr. McLawhon. And the May 11th report of Dr. Katre incorporated by reference each of the April 6th and May

10 reports of Dr. Torchilin, while the June 20 report of Dr. Torchilin incorporated by reference each of three earlier Katre reports.  In light of the foregoing, Amgen's effort to preclude Roche's expert testimony on the basis that it incorporates earlier testimony is disingenuous.

Furthermore, there is no authority that would compel the result Amgen seeks in the absence of agreement by the parties.  To the extent a testifying expert offers opinions that are based, in whole or in part, on the analyses of other experts, Amgen will have ample opportunity at trial to test the strength of those opinions.  Indeed, Amgen acknowledges that it is well-equipped to do so, as it has already gone to great lengths to probe the soundness of the underlying analyses during discovery.

Amgen also asserts that a statement by Roche's counsel affirming the need for additional Roche expert reports, in light of newly filed Amgen reports, should be interpreted to bind Roche's experts to an unreasonably restrictive scope of testimony.  Amgen's argument is based on the unrealistic premise that intricately related opinions addressing different aspects of a nuanced analysis can be dissociated one from another.  In reality, to demand that an expert, who has been asked to address a series of related and highly complex opinions, offer a cogent rebuttal of issues raised *exclusively* in the most recent opposing opinion, without any reference whatsoever to earlier opinions, amounts to an impossible mission.

Amgen misconstrues, and takes out of context, the observation by Roche's counsel at the June 6th conference that Amgen's June 1st and June 4th reports raised new issues that would require additional rebuttal reports by Roche.  That statement did not limit the scope of Roche's expert reports, as Amgen wrongly contents.  Rather, it simply reflected the fact that Roche would have to rebut new opinions made by Amgen's experts in June -- nothing more.

4

Moreover, Amgen has had ample opportunity to study and to probe Roche's experts' opinions, and it fails to articulate a rational basis for excluding expert evidence simply because of an inevitable overlap between "old" and "new" opinions.  All the examples Amgen goes of a Roche expert rebutting supposedly "old" opinions of Amgen experts relate to the "new" opinion of Amgen's experts as well.

## CONCLUSION

For all of the foregoing reasons, Roche respectfully requests that the Court deny Amgen's motion.

Dated: September 3, 2007

Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys,*

/s/ Nicole A. Rizzo
Lee Carl Bromberg (BBO# 058480)
Robert L. Kann (BBO# 258025)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kregg T. Brooks (BBO# 667348)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
nrizzo@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky *(pro hac vice)*
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff (*pro hac vice*)
David L. Cousineau (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and will be delivered to Amgen's trial counsel by electronic mail in the manner requested in the August 29, 2007, letter of Renee DuBord Brown to Thomas F. Fleming. Paper copies will be sent to those indicated as non registered participants on September 4, 2007.

/s/ Nicole A. Rizzo
Nicole A. Rizzo

03099/00501 728654.1