# EXHIBIT 2

# DAY CASEBEER
## MADRID & BATCHELDER LLP

20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

Renee DuBord Brown
(408) 342-4551
rbrown@daycasebeer.com

August 2, 2007

VIA E-MAIL

Thomas F. Fleming
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Re:   *Amgen Inc. v. F. Hoffman-Roche, Ltd., et al.*
      Civil Action No: 05-12237-WGY

Dear Tom:

In response to your letter from today, Amgen will provide Roche with proposed stipulated facts on August 4. Roche will provide Amgen with its proposed stipulated facts on August 6. The parties will meet-and-confer to finalize the list of stipulated facts for the Pretrial Memorandum.

Although we did not agree on a date during our phone call on August 1 for exchanging other preliminary portions of the PTM, Amgen agrees to a simultaneous exchange of: Section I. A/B (Summary of the Evidence); Section III. A/B (Contested Issues of Fact) and Section VI. A.1./B.1.(Legal Standards and Burdens of Proof) by August 7.

Amgen proposes simultaneously exchanging lists of motions in limine that impact the beginning of the jury trial on August 9. We assume you intend for this to be part of Section VI. A.2. / B. 2. However, Amgen reserves the right to file additional motions in limine as necessary.

The parties have agreed to simultaneously exchange deposition counter-designations on August 4. Roche's designation of virtually entire transcripts with no particularity severely prejudices Amgen. See, e.g., the designations for Daniel Vapnek. In such instances, where Roche has designated entire portions of the transcript with no particularity, Amgen is unable to meaningfully counter-designate. Amgen reserves the right to use as counterdesignations all Roche designations, and all original Amgen designations.

As to deposition counterdesignations, the parties previously agreed to exclude witnesses who are currently anticipated to testify live at trial. Your letter implies that Roche will not be providing counterdesignations for certain objected-to witnesses. There is no agreement to exclude

750828

DAY CASEBEER
MADRID & BATCHELDER LLP

Thomas F. Fleming
August 2, 2007
Page 2

counterdesignations for such witnesses. We insist that you provide counterdesignations for all witnesses, whether objected to or not.

With regard to the exhibit lists, Amgen is in the process of completing its objections to Roche's list and is prepared to make our agreed-upon exchange on Saturday. Given that Amgen has essentially completed this process, we consider Roche's list final.

You have requested that Amgen to pare back its exhibit list. The size of Amgen's exhibit list is entirely a problem of Roche's own making. Roche's refusal to narrow its invalidity and inequitable conduct contentions necessarily forces Amgen to list the evidence that may be required to meet or rebut Roche's contentions at trial. Nonetheless, Amgen recognizes that there are some duplicate entries on its list, which we are willing to exclude. We are also willing to condense the large number of exhibits currently listed for Roche's BLA/IND to approximately 100 separate exhibits. We would be willing to provide this revised list to you by August 6. We have not agreed and do not agree to any supplementation to the exhibit lists exchanged on July 28.

Finally, we have designated each paper comprising the Lin patent prosecution histories as a separate exhibit. We would be willing to condense papers comprising a single patent's prosecution history into a single exhibit if we can reach agreement on the complete contents of that file history.

We do not believe it makes sense at this time to attempt to remove sections of the MPEP and statutes from the exhibit lists.

We further propose that if Roche accepts the exhibit list proposal above, the parties exchange their objections to each others' exhibit lists on August 9. The parties would then meet-and-confer to reach agreement on documents suitable for the numbered exhibit list, and to decide when the parties will exchange exhibit-designation stamped versions of these documents electronically.

With regard to the exchange of unproduced documents in electronic form, Amgen would agree to such a mutual exchange on August 7. We propose that the parties mutually agree not to exchange: (1) Lin patent file histories, (2) statutes and regulations (not including MPEP sections, which should be exchanged), (3) court decisions, (4) expert reports (including any exhibits to the expert's report), (5) case documents (transcripts, pleadings, and orders pertaining to Amgen v. Roche in the ITC and USDC case), and (6) Roche BLA and IND documents. These documents will not include stamps of exhibit lettering/numbering. We do not believe your proposal to exchange Bates production numbered documents makes sense, as both parties already have copies of such documents.

750828

DAY CASEBEER
MADRID & BATCHELDER LLP

Thomas F. Fleming
August 2, 2007
Page 3

Finally, I will have our counter-proposal on the exchanges during trial to you by the end of the week.

Regards,

DAY CASEBEER
MADRID & BATCHELDER LLP

*Renee DuBord Brown*

Renee DuBord Brown

RB:paw

750828