# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05 Civ. 12237 WGY |
| v. ) | |
| ) | |
| F. HOFFMANN-LAROCHE LTD., ) | |
| ROCHE DIAGNOSTICS GMBH, and ) | |
| HOFFMANN LAROCHE INC., ) | |
| ) | |
| Defendants. ) | |

**[PROPOSED] AMGEN INC.'S SUR-REPLY TO DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OFFERING INTO EVIDENCE OR REFERENCING TO THE JURY THE JUNE 2001 SETTLEMENT AGREEMENT**

MPK 131724-1.041925.0023

I.   **ARGUMENT**

The Reply Brief filed by Roche in support of its motion *in limine* to preclude Amgen from relying upon or referring to a 2001 settlement agreement (the "Agreement") between F. Hoffmann-La Roche, Ltd. and Kirin Amgen, Inc. ("Kirin Amgen") and others at the upcoming trial contains misstatements of law and fact that should not go unaddressed. Amgen therefore submits this sur-reply to illuminate the corners in which Roche is trying to hide the relevant facts and applicable law.

Roche now does not dispute that Amgen was a party to the Agreement, but continues incorrectly to press that "Amgen does not come close to stating a claim of equitable estoppel in this case" and therefore Amgen should be precluded from introducing any evidence that supports its claim of equitable estoppel – such as, for example, the Agreement. *See* Roche Reply at 1. Roche further argues that the question of whether the Agreement could be admitted in support of Amgen's equitable estoppel claim "is not relevant." *Id.* The logic behind these arguments is elusive, at best.

The Agreement is unambiguously relevant to Amgen's equitable estoppel claim. The Agreement is evidence of a contract entered into by Roche and on which Kirin-Amgen, and by extension Amgen, relied in dismissing litigations and foregoing other claims of patent infringement against Roche. Roche is free to argue its interpretation of the Agreement to the jury, but the meaning of the terms of the Agreement are questions of fact that the jury should be allowed to consider.

Roche's reply brief cites *Ecolab Inc. v. Paraclipse, Inc.*, 285 F.3d 1362, 1377 (Fed. Cir. 2002) in support of its argument that Amgen had no basis to believe that the language in the Agreement could preclude Roche from asserting future validity challenges in the United States. *Id.* Roche's reliance on *Ecolab* is misplaced. First, the issue in *Ecolab* was whether the defendant was properly barred from challenging the validity of the patent-at-issue as a result of having agreed in a consent judgment that the patent was a valid patent. *Id.* at 1376. In addition,

*Ecolab* was decided *after* the Agreement was signed by the parties, so its holdings would have no impact on Amgen's understanding of the Agreement's terms at the time it was signed.

Amgen has not contended that the Agreement *per se* bars Roche from challenging the validity of Dr. Lin's patents, which is the issue addressed in *Ecolab*. Rather, Amgen maintains that the Agreement should be admitted as evidence of Amgen's equitable estoppel claim. Amgen cited numerous *relevant* cases in its Opposition in support of this position. *See, e.g., Savoy IBP v. Nucentrix*, 333 B.R. 114 (N.D. Tex. 2005) (Rule 408 does not exclude settlement statements or the agreement themselves when such statements are being offered to prove estoppel); *Starter Corp. v. Converse*, 170 F.3d 286, 292 (2nd Cir. 1999) (holding the district court did not abuse its discretion in admitting settlement evidence for the limited purpose of proving estoppel claims which were both relevant to the issues at trial and not unfairly prejudicial); *Bankcard America v. Universal Bancard Systems*, 203 F.3d 477, 484 (7th Cir. 2000) ("Rule 408 is not an absolute ban on all evidence regarding settlement negotiations. The rule permits evidence that is otherwise discoverable or that is offered for a purpose other than establishing liability," including to prove estoppel.); *Carolina Indus. Products, Inc. v. Learjet, Inc*, 168 F. Supp. 2d at 1229-30 ("Courts have held that statements made during settlement negotiations or in the compromise of a claim are admissible in a suit asserting a claim for breach of the settlement, fraudulent inducement, or equitable estoppel."); *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 770 (10th Cir. 1997) (FRE 408 "does not require the exclusion of evidence regarding the settlement of a claim different from the one litigated.")

Roche's reliance on *McInnis v. A.M.F., Inc.*, 765 f.2D 240, 247 (1ST Cir. 1985) also misses the point that Rule 408 does not apply to the issues here. In its continued effort to make the language of Rule 408 apply to its effort to exclude the Agreement, Roche's Reply Brief again co-mingles the validity of Amgen's patent infringement claims with the validity of Dr. Lin's patents. Rule 408 excludes evidence offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount. FED. R. EVID. 408. Thus, the claims to which Rule 408 would apply are the Australian patent infringement claims resolved by the Agreement.

Rule 408 does not apply to exclude the Agreement with respect to issues of the validity of the patents-in-suit or even the issue of patent infringement in *this* action – as shown by the Agreement itself:

> 2.2   K-A hereby grants ROCHE immunity from all past and ongoing actions for patent infringement under the K-A Patents and the Additional K-A Patents … in all countries except the United States, …
>
> 2.7   Notwithstanding any provisions in this Agreement, no grant of immunity for any action of patent infringement is given to ROCHE for ROCHE Products sold or manufactured for use and .or sale in the United States

Finally, Roche argues that Amgen could not have reasonably believed, based on the Agreement, that Roche had agreed never to challenge the validity of the K-A Patents (which is defined in Section 1.2 as "any patent that has the same disclosure" as EP 0148605, such as patents-in-suit here).  But as the sections of the Agreement quoted above clearly reveal, when the parties to the Agreement wanted to exclude certain countries from sections of the Agreement, they did so.  The fact that section 2.11(ii) of the Agreement does not exclude the United States or other countries from Roche's acknowledgement of the validity of the K-A Patents shows that the parties intended for the Agreement to be read as Amgen reads it.

## II.   CONCLUSION

For the reasons, set forth above, the court should deny Roche's motion in limine to preclude Amgen from submitting the June 1, 2001 Settlement Agreement as evidence or referring to the Agreement at trial.

September 3, 2007

Of Counsel:

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
Telephone:  (805) 447-5000

Respectfully Submitted,

AMGEN INC.,
By its attorneys,

       /s/ Michael R. Gottfried
D. DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R. GOTTFRIED (BBO#542156)
PATRICIA R. RICH (BBO #640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone:  (857) 488-4200
Facsimile:   (857) 488-4201

LLOYD R. DAY, JR. (*pro hac vice*)
DAY CASEBEER MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone:  (408) 873-0110
Facsimile:   (408) 873-0220

WILLIAM G. GAEDE III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:  (650) 813-5000
Facsimile:   (650) 813-5100

KEVIN M. FLOWERS (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:  (312) 474-6300
Facsimile:   (312) 474-0448

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

*/s/ Michael R. Gottfried*
Michael R. Gottfried