## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05-12237 WGY |
| v. ) | |
| ) | |
| ) | |
| F. HOFFMANN-LAROCHE ) | |
| LTD., a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company and HOFFMANN LAROCHE ) | |
| INC., a New Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### AMGEN'S OPPOSITION TO ROCHE'S MOTION IN *LIMINE* TO PRECLUDE TESTIMONY OF PROPOSED AMGEN WITNESS NANCY SPAETH

Roche's motion in *limine* to preclude Amgen from offering the testimony of Nancy

Spaeth does nothing more than raise legal arguments that this Court has already considered and

rejected. On August 21, 2007, this Court denied Roche's motion to preclude the testimony of

Ms. Spaeth, among others.[1] In the instant motion, filed less than a week later, Roche advances

the same unfounded and transparent arguments that it asserted in its initial Motion. This patently

improper request for reconsideration is baseless. Roche's motion does not meet the high

standards for reconsideration.

Furthermore, Roche's claim in its motion that Ms. Spaeth's testimony will unfairly

prejudice them is baseless. Ms. Spaeth's testimony is powerful because she has personal

experience of living with anemia associated with chronic renal failure before the advent of rEPO

---

[1] *See* Electronic Order entered 8/21/2007 denying Motion preclude testimony..."Spaeth, Ulrich, Berk, Eshbach, and Orkin may all testify as fact witnesses."

Dockets.Justia.com

and can attest to the extraordinary change in her life as a result of rEPO. But there is nothing unfair about this testimony. Roche claims rEPO was obvious in light of the prior art. Ms. Spaeth's testimony is highly probative to rebut Roche's claim. Roche cannot simply wield the ax of Federal Rule of Evidence 403 to cut-off Amgen witnesses that it does not want to testify.

**I.      Roche's Motion in *Limine* Is A Thinly Veiled And Baseless Motion For Reconsideration That Should Be Summarily Denied.**

This Court already ruled that Ms. Spaeth should be allowed to testify. Roche's motion is simply a veiled attempt to get this Court to reconsider its decision where none of the requirements for a true motion to reconsider can be met. A motion for reconsideration should be granted "only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law."[2] Roche cannot and does not even attempt to demonstrate any of these bases for reconsideration because they do not exist.

Instead, Roche maintains that Ms. Spaeth's testimony is irrelevant and prejudicial because it goes far beyond any testimony Dr. Eschbach could have offered and is duplicative of the proposed testimony of Dr. Friedman. Roche raised, and had every opportunity to refine, these very same arguments in its initial motion, and the Court denied Roche's Motion to Preclude Amgen's Belatedly Disclosed Witnesses. .[3] To accept any of Roche's veiled arguments regarding relevance or prejudice would eviscerate this Court's previous Order where no real grounds for reconsideration exist. Roche's petition for a second bite at the apple should be summarily denied.

---

[2] *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000).

[3] In its opposition to Roche's Motion to Preclude, Amgen explained that Dr. Eschbach's testimony, among other things, related specific instances and anecdotes directly from the point of view of a patient. This is exactly the type of information Ms. Spaeth will testify to as a person living with the anemia of chronic renal failure.

BST99 1551096-1.041925.0056

- 3 -

**II.     Ms. Spaeth Will Provide Relevant and Highly Probative Testimony.**

In asserting that Dr. Lin made no invention and that rEPO was obvious in light of the

prior art, it is Roche who has made highly probative and directly relevant Ms. Spaeth's

testimony.  As part of its defense to Roche's obviousness claim, Amgen is entitled to show why

its inventions are not obvious in light of prior art.  Ms. Spaeth will testify to the "state of the

relevant art before, as of, and after Dr. Lin's inventions and objective evidence of the non-

obviousness of Dr. Lin's inventions." [4]

It is well settled that obviousness inquiries involve a review of "objective indicia of non-

obviousness," or secondary considerations, which may include: commercial success, long-felt

but unresolved need, and the failure of others.[5][6]  Ms. Spaeth has direct personal knowledge as to

these secondary considerations including the long felt need for a drug to address anemia

associated with chronic renal failure, the lack of options other than rEPO, the unexpected and

life-changing benefits of rEPO, and the widespread adoption of rEPO.  As such, Ms. Spaeth's

testimony is highly relevant, probative and persuasive.  The jury should be permitted to consider

Ms. Spaeth's factual experience in the world before and after rEPO in order to evaluate Roche's

claim that rEPO was obvious.

Furthermore, as this Court has already ordered, Roche's claim that Ms. Spaeth's

testimony is duplicative and inadmissible is unfounded.  Indeed, Ms. Spaeth is the only

individual identified on Amgen's Rule 26(a) list who is able to testify with direct personal

---

[4] Amgen's Third Supplemental Disclosures Pursuant to FRCP 26(a)(1), served July 10, 2007.

[5] *Amgen v. Hoechst Marion Roussel*, 339 F. Supp. 2d  202, 319 (D. Mass. 2004).

[6] *Id.* at 314-315 (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966)).

BST99 1551096-1.041925.0056

experience as to living with the anemia of chronic renal failure before the advent of rEPO and

the change in her life as a result of the advent of rEPO. [7]

### III.    Roche's Attempts To Mislead This Court By Maligning Ms. Spaeth's Motives and Qualifications Must Not Be Rewarded.

Roche's characterization of Ms. Spaeth as a "motivational speaker" who "charges a fee"

and whose testimony is "designed to elicit an improper response" is blatantly misleading,

unsupported, and contested by the witness.  Ms. Spaeth is not a professional speaker.  As she

testified at her deposition, she gives speeches because "…it's a benefit to the community."[8]

Indeed, over the past ten years, only "a very small percent, under one percent" of Ms. Spaeth's

income has been derived from public speaking.[9]  Even if she was not paid for her services, Ms.

Spaeth testified that she would "probably do it anyway because I think it's important that

patients and providers be educated on what's possible, and I think I'm a good demonstration of

what's possible."[10]  Roche's attempt to smear Ms. Spaeth's credibility is clearly designed to

disguise its lack of justification for this motion.  Such tactics should not be rewarded, particularly

when Ms. Spaeth's testimony is clearly relevant, highly probative, and admissible.

---

[7] *Secretary of Labor v. A Michael DeSisto*, 929 F.2d 789, 795-796 (limitation of witnesses based on cumulativeness constituted an abuse of discretion where witnesses were excluded on the basis of mere numbers without balancing of probative value.)

[8] *See* Declaration of Daniel A. Curto in Support of Amgen's Opposition to Roche's Motion In Limine to Preclude Testimony of Proposed Amgen Witness Nancy Spaeth**,** Exhibit A, Spaeth Deposition at 177:17-19, 179:5-7.

[9] Id. at 177:5-9.

[10] Id. at 178:24-179:2.

- 4 -

Dated: September 3, 2007

Respectfully Submitted,

**AMGEN INC.,**
By its attorneys,

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
Kimberlin L. Morley
Erica S. Olson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-5000

    /s/ Michael R. Gottfried
D. Dennis Allegretti (BBO#545511)
Michael R. Gottfried (BBO# 542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (857) 488-4200
Facsimile: (857) 488-4201

Michael Kendall (BBO#544866)
Daniel A. Curto (BBO #639883)
McDERMOTT WILL & EMERY
28 State Street
Boston, MA 02109
Telephone: (617) 535-4000
Facsimile: (617) 535-3800

Lloyd R. Day, Jr. (*pro hac vice*)
DAY CASEBEER, MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

Kevin M. Flowers (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

BST99 1551096-1.041925.0056

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, on the above date.

*/s/ Michael R. Gottfried*
Michael R. Gottfried

BST99 1551096-1.041925.0056