UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) CIVIL ACTION No.: 05-CV-12237WGY<br>F. HOFFMANN-LA ROCHE LTD )<br>ROCHE DIAGNOSTICS GmbH )<br>and HOFFMANN-LA ROCHE INC. )<br>)<br>Defendants. )<br>) | |

**ROCHE'S OPPOSITION TO AMGEN'S MOTION *IN LIMINE* NO. 15 [DN 863]: EXCLUDE TESTIMONY OF ROCHE'S IN-HOUSE COUNSEL GEORGE JOHNSTON BECAUSE HIS TESTIMONY IS IRRELEVANT AND ROCHE FAILED TO IDENTIFY HIS TESTIMONY PURSUANT TO FED. R. CIV. P. 26(a) DURING DISCOVERY**

Amgen wrongly seeks to exclude the testimony of Roche's in-house counsel, George Johnston, based on idle surmise that his testimony cannot be relevant to any issue in the case. This speculation is unfounded, as Mr. Johnston will be offered solely to identify for the record interrogatory responses which evidence Roche's belief that it does not infringe any valid claim of the asserted patents. He will not give substantive testimony regarding these responses. This information is relevant because of an issue that Amgen has contrived about alleged potential future inducement. In that theory, however, Amgen implicitly concedes that Roche is not currently infringing nor inducing infringement through the clinical exempted use of MIRCERA®. If Amgen is allowed to persist in this theory, and if pressed during the infringement phase of the trial, this testimony would be relevant to several of Roche's defenses, particularly against Amgen's

claim of future inducement, where state of mind is squarely at issue. Further, Amgen has failed to justify the extreme measure of excluding Mr. Johnston's testimony, and the harmless absence of Mr. Johnston from Roche's initial disclosures provides no sound basis for exclusion.

## I.  Mr. Johnston's testimony is relevant to several of Roche's defenses

Contrary to Amgen's assertion that it could be relevant only to willful infringement, Mr. Johnston's testimony actually bears on several other issues that implicate Roche's state of mind relating to the patents.

Amgen's claim of future inducement requires a showing that Roche knowingly aided the infringement of Amgen's patents. Mr. Johnston's testimony that Roche believes, based on its assertions in ITC interrogatory response it has never infringed those patents or aided in their infringement would be important for the jury to hear if this potential inducement theory is allowed to persist. *See DSU Medical Corp. v. JMS Co., Ltd.* 471 F.3d 1293, 1304-1306 (Fed. Cir. 2006) (jury must be instructed to consider defendants' state of mind required to prove inducement under 35 U.S.C. § 271(b)). If Amgen persists in this theory, Roche has the right to defend against infringement allegations with the testimony of its in-house counsel that Roche did not and does not believe that it infringes. Amgen is wrong to assert that such testimony cannot be relevant.

Mr. Johnston's testimony is further relevant to Roche's defense under the reverse doctrine of equivalents, a fairness doctrine that may be applied when a product or process is so fundamentally different from the patented invention that a judgment of infringement would constitute an unwarranted extension of the claims beyond a fair scope of the

invention. *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 339 F. Supp. 2d 202, 283 (D. Mass. 2004).

## II.     Amgen is not prejudiced by Mr. Johnston's testimony

Mr. Johnston's testimony would be very discrete and focused. As it relates to a particular topic, it would also be consistent with the maintenance of privilege surrounding this witness. Exclusion of a witness who was not identified in initial disclosures is an extreme measure. *See, e.g., McNerney v. Archer Daniels Midland Co.,* 164 F.R.D. 584, 587 (W.D.N.Y. 1995). A sanction of exclusion under Rule 37(c)(1) must be supported by evidence that the moving party will be prejudiced by the witness's testimony. *See, e.g., Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd*. 100 F.3d 1353, 1363 (7th Cir. 1996). The only suggestion Amgen has proffered of prejudice is that "Roche's non-disclosure prevents Amgen from preparing for Mr. Johnston's testimony." *See* Memorandum in Support of Amgen's Motion *In Limine* No. 15 (Docket No. 864) at 1.

This reflexive assertion of prejudice, at variance with Amgen's close familiarity with Mr. Johnston's testimony before and during this litigation, gives no basis for the sanction of exclusion. Mr. Johnston will be offered at trial solely to identify the interrogatory responses in ITC proceeding which evidence Roche's belief that it does not infringe any valid claim of the asserted patents.

## III.    Mr. Johnston's absence from Roche's initial disclosures is harmless

The determination whether an instance of nondisclosure is justified or harmless under Rule 26(a) is entrusted to the broad discretion of the district court. *Mid-America Tablewares,* 100 F.3d at 1363. Rule 37(c), which Amgen cites as a basis for excluding Mr. Johnston's testimony, expressly provides that this sanction should not be imposed if

the failure to disclose is harmless. *See*, generally, Fed.R.Civ.P. 37(c) (Advisory Committee Notes). Further, one court has held that "[n]otwithstanding Rule 37(c), the district court may be found to have abused its discretion if [its] exclusion of testimony results in fundamental unfairness in the trial of the case." *See Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.* 60 F.3d 153, 156 (3rd Cir. 1995) (quoting *Orjias v. Stevenson,* 31 F.3d 995, 1005 (10th Cir.) (emphasis added), *cert. denied,* 513 U.S. 1000 (1994)).

In addition, it was not until Roche received Amgen's purported disputed issues of fact and law in connection with the Court's Pretrial Memorandum in August, that Roche was aware that this issue of potential future inducement of infringement was being proffered by Amgen to the jury. Here, Amgen has shown no reason to believe that Roche acted in bad faith by not naming Mr. Johnston in its initial disclosures. Mr. Johnston's name appears on countless signature pages of pleadings in the ITC proceeding between these parties.

## CONCLUSION

For the foregoing reasons, Roche respectfully requests that Amgen's motion be denied.

| | |
|---|---|
| Dated: September 3, 2007<br>Boston, Massachusetts | Respectfully submitted,<br><br>F. HOFFMANN-LA ROCHE LTD,<br>ROCHE DIAGNOSTICS GMBH,<br>and HOFFMANN-LA ROCHE INC.<br><br>*By their attorneys,*<br><br>/s/ Nicole A. Rizzo<br>Lee Carl Bromberg (BBO# 058480)<br>Timothy M. Murphy (BBO# 551926)<br>Julia Huston (BBO# 562160)<br>Keith E. Toms (BBO# 663369)<br>Nicole A. Rizzo (BBO# 663853)<br>Kimberly J. Seluga (BBO# 667655)<br>BROMBERG & SUNSTEIN LLP<br>125 Summer Street<br>Boston, MA 02110<br>Tel. (617) 443-9292<br>nrizzo@bromsun.com<br><br>Leora Ben-Ami (*pro hac vice*)<br>Mark S. Popofsky (*pro hac vice*)<br>Patricia A. Carson (*pro hac vice*)<br>Thomas F. Fleming (*pro hac vice*)<br>Howard S. Suh (*pro hac vice*)<br>Christopher T. Jagoe (*pro hac vice*)<br>KAYE SCHOLER LLP<br>425 Park Avenue<br>New York, New York 10022<br>Tel. (212) 836-8000 |

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and will be delivered to Amgen's trial counsel by electronic mail in the manner requested in the August 29, 2007, letter of Renee DuBord Brown to Thomas F. Fleming. Paper copies will be sent to those indicated as non registered participants on September 4, 2007.

                                          /s/ Nicole A. Rizzo
                                          Nicole A. Rizzo

03099/00501 732001.1