

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| AMGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 05-12237 WGY |
| v. | ) | |
| | ) | |
| | ) | |
| F. HOFFMANN-LAROCHE | ) | |
| LTD., a Swiss Company, ROCHE | ) | |
| DIAGNOSTICS GmbH, a German | ) | |
| Company and HOFFMANN LAROCHE | ) | |
| INC., a New Jersey Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### [PROPOSED] AMGEN'S REPLY TO ROCHE'S OPPOSITION TO AMGEN'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE REFERENCE TO AMGEN'S REQUEST FOR INJUNCTIVE RELIEF

781033

Dockets.Justia.com

Amgen's motion *in limine* to exclude any references to Amgen's request for injunctive relief should be granted. References to Amgen's request for injunctive relief are not relevant to any issue to be decided by the jury during the liability phase of this trial,[1,2] and such references' probative value are far outweighed by the danger of unfair prejudice to Amgen.[3]

Roche's argument that it needs to make comparisons between its peg-EPO product and Amgen's products as part of its non-infringement case makes no sense. Contrary to Roche's assertions, any comparison between Mircera's half-life and administration schedule compared to Amgen's products is completely irrelevant to the issue of infringement of Amgen's claims.[4] As with any other patent infringement case, the infringement analysis requires Amgen's properly construed patent claims to be compared to Roche's accused product, and not to Amgen's products.[5]

Roche's comparisons of its peg-EPO product to Amgen's products can only be germane to the issue of injunctive relief, and are unnecessary, irrelevant, and highly confusing to the jury considering issues of infringement and validity. Roche's references to its peg-EPO product as providing a choice for patients and physicians, or that it has potential clinical benefits *as compared to Amgen's products* are entirely inappropriate. Similarly, any argument or suggestion that an infringement verdict will deprive the public of Roche's peg-EPO due to the potential for an injunction is indisputably improper.

---

[1] FRE 402; *Computer Associates Intern., Inc. v. American Fundware, Inc.*, 831 F.Supp. 1516 (D. Colo. 1993).

[2] *See also Ciena Corp. v. Corvis Corp.*, 352 F.Supp.2d 526, 529 (D. Del. 2005); *Arthrocare Corp. v. Smith & Nephew, Inc.*, 2003 WL 1905636, at *1 (D. Del. 2003).

[3] FRE 403; *CPC Intern,* 144 F.3d 35, 45 (1st Cir. 1998); *U.S. Football League v. National Football League*, 1986 WL 7012, at *2-3 (S.D.N.Y. 1986).

[4] Roche's Opposition, at p. 1-2.

[5] *Warner-Lambert Co. v. Teva Pharmaceuticals USA, Inc.*, 418 F.3d 1326, 1339 (Fed. Cir. 2005).

Roche's argument that it needs product comparison, consumer choice or clinical benefit evidence to support a non-infringement case is wrong. Such evidence is not probative of the infringement issues in this case and would be entirely misleading, irrelevant and prejudicial. Amgen's motion to exclude such evidence before the jury should be granted.

## I.    CONCLUSION

For the foregoing reasons, Amgen respectfully requests that Roche be precluded from presenting argument or evidence before the jury concerning:

1) The fact that Amgen is seeking injunctive relief; and

2) That Roche's peg-EPO product presents a choice for patients and physicians or that it has potential clinical benefits as compared to the current therapies.

| | |
|---|---|
| September 3, 2007 | Respectfully Submitted,<br><br>AMGEN INC.,<br>By its attorneys,<br><br>*/s/ Michael R. Gottfried* |
| Of Counsel:<br><br>STUART L. WATT<br>WENDY A. WHITEFORD<br>MONIQUE L. CORDRAY<br>DARRELL G. DOTSON<br>KIMBERLIN L. MORLEY<br>ERICA S. OLSON<br>AMGEN INC.<br>One Amgen Center Drive<br>Thousand Oaks, CA   91320-1789<br>(805) 447-5000 | D. DENNIS ALLEGRETTI (BBO#545511)<br>MICHAEL R. GOTTFRIED (BBO#542156)<br>PATRICIA R. RICH (BBO#640578)<br>DUANE MORRIS LLP<br>470 Atlantic Avenue, Suite 500<br>Boston, MA  02210<br>Telephone:     (857) 488-4200<br>Facsimile:      (857) 488-4201<br><br>LLOYD R. DAY, JR. (*pro hac vice*)<br>DAY CASEBEER<br>MADRID & BATCHELDER LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, CA  95014<br>Telephone:     (408) 873-0110<br>Facsimile:      (408) 873-0220<br><br>WILLIAM GAEDE III (*pro hac vice*)<br>McDERMOTT WILL & EMERY<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>Telephone:     (650) 813-5000<br>Facsimile:      (650) 813-5100<br><br>KEVIN M. FLOWERS (*pro hac vice*)<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>6300 Sears Tower<br>Chicago IL 60606<br>Telephone:     (312) 474-6300<br>Facsimile:      (312) 474-0448 |

CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as on-registered participants.

                                            */s/ Michael R. Gottfried*
                                            Michael R. Gottfried