# KAYE SCHOLER LLP

Leora Ben-Ami
212 836-7203
Fax 212 836-6352
lbenami@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

September 5, 2007

**HAND DELIVERY**

The Honorable William G. Young
District Court for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:   *Amgen Inc. v. F. Hoffmann-La Roche et. al.*, No. : 05-CV-12237 WGY

Your Honor:

As counsel for Defendants Hoffmann-La Roche et. al. ("Roche"), I would like to briefly try to clarify the different theories of obviousness-type double patenting ("ODP") in this case. Hopefully, this will assist the Court in determining the remaining issues for the jury to decide in view of the Court's August 27, 2007 Order granting Amgen's motion for summary judgment of no ODP.

- Roche presented an ODP defense against all of the Lin patents based on the Lai '016 patent. ("Theory No. 1"). This theory was premised in part on the application of the one way test for double patenting. Amgen specifically moved for summary judgment on this issue, and Your Honor's comments yesterday suggested that the Court dismissed this defense based on the rejection of the one way test.

- Amgen also moved for summary judgment that the earlier filed and now expired '008 patent could not be used as a ODP reference against the claims the '349, '422, and '933 patents based Section 121. ("Theory No. 2"). Section 121 affords patentees a safe harbor against ODP attacks when applicants strictly abide by the Patent Office's restriction requirement. Although Your Honor did not discuss this part of Amgen's motion at yesterday's conference, I explained that Roche must assume that the Court accepted Amgen's position on Section 121 since the Court granted Amgen's motion on these patents.

- There is a third ODP theory that Amgen did not move on, and which Roche believes is still pending. Roche maintains that the '008 patent claims can render obvious the '868 and '698 process claims. ("Theory No. 3") Unlike the Lai '016 Theory No. 1, this does not involve any issues regarding whether the one way test should apply. Moreover, unlike Theory No. 2, this does not involve Section 121 because the process claims of the '868 and '698 patent were never separated from the '008 patent claims by a restriction requirement. This was acknowledged by Amgen's summary judgment brief when its stated that the '868 and '698 patents were subject during prosecution to a double patenting rejection over the '008 patent. (D.I. 499 at n. 3). Amgen's counsel, Mr. Day, agreed with me yesterday that this was not the subject of Amgen's summary judgment motion, and therefore Roche

**KAYE SCHOLER** LLP

Judge William G. Young                  2                           September 4, 2007

believes that this is still a triable defense for the jury to decide, and which Roche intends to present in opening arguments.

- This third theory is not the basis of Amgen's emergency motion filed Monday night (D.I. 965). Amgen's motion dealt with a completely different ODP theory involving the '349, '422, and '933 patents. ("ODP Theory No. 4"). Roche will be responding to Amgen's emergency motion today with a short memorandum of law. However, as I explained to Your Honor yesterday, until the emergency motion issue is resolved, Roche will not be presenting arguments on ODP Theory No. 4 in its opening.

I will be more than happy to address any questions or concerns that the Court may have on these issues.

Respectfully submitted,

*Leora Ben-Ami*

Leora Ben-Ami


cc:     Lloyd R. Day, Jr., Esq.
        Lee Carl Bromberg, Esq.