# EXHIBIT 3

LIN OPPOSITIONS
Interference Nos. 102,096 and 102,097

## OPPOSITION M—TO MOTION FOR JUDGMENT UNDER 37 CFR §1.633(a) ON THE GROUND THAT THE CLAIM OF THE PARTY LIN CORRESPONDING TO THE COUNT IS UNPATENTABLE TO LIN UNDER 35 U.S.C. § 102(f).

A. The Motion Should be Dismissed for Failure to State the Precise Relief Requested

Once again, Fritsch contends that "the claim" of the party Lin corresponding to the count is unpatentable to Lin. The declaration identifies five claims of Lin corresponding to the count. Fritsch's failure to specify which claim is being attacked makes the motion indefinite. It should be dismissed.

B. The Motion Is Not Authorized Under 37 CFR 1.633(a)

The issue that Fritsch attempts to raise in this motion, i.e., that Lin is allegedly not the true inventor, is one that is meant to be determined by the testimony concerning priority of invention. This is directly contrary to the provisions of §1.633(a) which preclude motions based thereof.[13] It is entirely inappropriate for consideration by preliminary motion and should be dismissed.

---

[13] 37 CFR §1.633(a) provides inter alia: "...A motion under this paragraph shall not be based on: (1) Priority of invention of the subject matter of a count by the moving as against any opponent..."

117

AM 17 000126
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**LIN OPPOSITIONS**
Interference Nos. 102,096 and 102,097

### C. Fritsch Has Stated No Fact That Support Its Motion

It is hornbook patent law that the <u>inventor</u> is one who made the <u>conception</u> of an invention; he need not be the person reduced it to practice. Many if not most inventors are not involved in the "development" by their assignees of "systems" to produce the products of their inventions. The so-called admission by Lin that he

> "could not recall being involved in the development at Amgen of expression systems used to produce biologically active materials."

was <u>at most</u> a statement that Lin was not involved with "process development". Indeed, most inventors who are <u>research scientists</u> are not. Development is <u>not</u> synonymous with invention.

It is utterly preposterous to take this so-called admission and try to contort it into an admission of not being the inventor of the claims of his patent application. Fritsch should not be permitted in its reply to try to supplement its woefully inadequate allegations with any other so-called admissions or arguments.

The motion should be denied for utter lack of merit, if not dismissed.

118

AM 17 000127
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM17000127

AM-ITC 00327173