# EXHIBIT 6

# In The
# United States Patent and Trademark Office

### Before the Board of Patent Appeals and Interferences

Interference No. 102,097

## FRITSCH

v.

## LIN

Examiner-in-Chief Marc L. Caroff

## BRIEF FOR THE SENIOR PARTY LIN

PAUL N. KOKULIS
CUSHMAN, DARBY & CUSHMAN
1615 L Street, Suite 1100
Washington, D.C. 20036-5601
(202) 861-3000
*Attorney for the Party Lin*

Of Counsel:
WATSON T. SCOTT
MICHAEL F. BORUN
STEVEN M. ODRE

AM 17 010603
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM17010603    AM-ITC 00337649

FRITSCH ET AL. v. LIN
Interference Nos. 102,097

et al patent is not citable as prior art.[21] Fritsch et al's references to the alleged September, 1983, dates of cloning work at GI are not relevant to obviousness of Lin's invention because the secret work on Factor VIII is not prior art to Lin.

(e) **Lin is the True Inventor of the Process At Issue**

Lin is the true inventor of the process defined by the count and his claims corresponding to the count. Fritsch admits as much when he states in his brief (FB 24) that "as in the '096 interference, priority turns upon the first conception of the purified and isolated EPO gene". Clearly, priority and inventorship go hand-in-hand. Thus, if Lin is the first to conceive the purified and isolated gene, as the Federal Circuit has affirmed, priority and inventorship of the count of this interference, and the invention represented thereby go to Lin.

Fritsch et al argue that Lin is not the inventor of the process involving expression of recombinant EPO because Lin did not presently carry out any of the process steps (culturing and isolating). However, this argument clearly has no merit. It is not essential for the inventor himself to carry out the steps involved. Furthermore, by the acknowledgement of Fritsch et al, the isolated DNA sequence is the novel feature of the process claims and Lin's inventorship with regard to the sequence has not been challenged.

---

[21] The Examiner-in-Chief visualized this possibility in his decision on motions (Paper No. 35) and the reference back to motion A in Interference No. 102,096 in the discussions regarding Fritsch et al motion H.

AM 17 010663
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM17010663                                                                 AM-ITC 00337709

FRITSCH ET AL. v. LIN
Interference Nos. 102,097

The Lin record shows that the expression of EPO in mammalian cells (293 cells, COS cells and CHO cells) using the DNA sequence isolated by Dr. Lin was carried out by Dr. Jeff Browne <u>at Dr. Lin's request</u> (LR 3, 10, 41). Clearly, the whole purpose of isolating the DNA sequence was to use the sequence in expression to obtain <u>in vivo</u> biologically active recombinant EPO. Dr. Lin provided the DNA sequence which he had isolated to Dr. Browne for such expression (LR 3) and the recombinant EPO obtained by Dr. Browne was determined by Dr. Egrie to have <u>in vivo</u> biological activity (LR 4, 10, 67, 68). The production process is not obvious but the process is properly attributable to Lin as the one who succeeded in isolating the DNA sequence and requested its use in expression to give recombinant human EPO. The expression and isolation of the recombinant EPO did not involve separate inventive input by anyone other than Lin. Clearly, Lin is the true inventor since he obtained the sequence to use in the production of recombinant human EPO.

As for the isolating step, there is clearly nothing separately inventive in this. Fritsch et al again try to equate isolation with purification but, as noted earlier, these two are not the same, as Fritsch et al obviously recognized when they referred to their own disclosure for support for their claims corresponding to the count.

(f) <u>The Fritsch et al Motion to Correct Inventorship Should be Denied</u>

With regard to the Fritsch argument that he is the sole inventor (FB 32-34), Lin submits that Fritsch should not be permitted to correct the inventorship of the Fritsch

58

AM 17 010664
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM17010664                                                                AM-ITC 00337710

FRITSCH ET AL. v. LIN
Interference Nos. 102,097

The Fritsch et al motion to correct inventorship should be denied.

Respectfully submitted,

CUSHMAN, DARBY & CUSHMAN

By _____
Paul N. Kokulis
Reg. No. 16,773

1615 L Street, N.W.
Washington, D. C. 20036
Phone: (202) 861-3503

63

AM 17 010669
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AM17010669                              AM-ITC 00337715