UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE, LTD | ) |
| ROCHE DIAGNOSTICS GmbH | ) |
| and HOFFMANN-LA ROCHE INC. | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

**BENCH MEMORANDUM ON BINDING EFFECT OF
REPRESENTATIONS  IN THE PATENT SPECIFICATION**

Roche should be permitted to present testimony and argument as part of its invalidity

case, particularly related to the issue of obviousness, concerning the statements contained in the

common specification of Amgen's patents-in-suit.  The Federal Circuit has consistently and

clearly held that statements contained in a patent specification are binding upon the patentee in a

later inquiry into the obviousness of the inventions claimed in the patent.  *PharmaStem*

*Therapeutics, Inc. v. Viacell, Inc.*, 491 F.3d 1342, 1362 (Fed. Cir. July 9, 2007).  This is partly

because the U.S. Patent and Trademark Office ("PTO") relies on representations in the patent

application identifying and characterizing relevant prior art.  An inventor and all those

prosecuting a patent before the PTO owe a duty of candor to the PTO.  37 U.S.C. § 1.56.  All

inventors and their agents, including Dr. Lin and Amgen's agents, as a matter of law, represent to

the PTO that the information contained in the background sections of their patents is true.  When

an applicant, including Dr. Lin and Amgen's representatives file an application, identifying prior

art and making explanatory statements characterizing that prior art, the applicant is stating what

Dockets.Justia.com

is to be considered as prior art in determining obviousness of its improvement. *See In re*

*Nomiya*, 509 F.2d 566, 571 (C.C.P.A. 1975). Roche should be allowed to present this evidence

and have its witnesses and the jury rely on the representations made in Amgen's patent

specification, including representations regarding the prior art.

As a patentee is bound to statements contained within its specification, Amgen cannot

contradict or argue to the jury that the statements in its specification are not true. Likewise,

Roche should be allowed to present these statements to the jury. As recently as July 9, 2007, the

Federal Circuit reiterated the clear proposition that the patentee is bound by statements contained

in its patent specification, including statements concerning the prior art. In the *PharmaStem*

case, the Federal Circuit stated that "Admissions in the specification regarding prior art are

binding on the patentee for purposes of a later inquiry into obviousness." 491 F.3d at 1362. This

includes any statements that something is contained in the prior art or that a reference is prior art.

*Constant v. Advanced Micro Devices, Inc.,* 848 F.2d 1560, 1570 (Fed. Cir. 1988) ("A statement

in the patent that something is in prior art is binding on the applicant and patentee for

determinations of anticipation and obviousness."); *Sjolund v. Musland*, 847 F.2d 1573, 1577-79

(Fed. Cir. 1988) (patent specification admitted certain matter was prior art, and thus "the jury

was not free to disregard [that matter]" and "must have accepted [it] as prior art, as a matter of

law"); *In re Fout*, 675 F.2d 297, 300 (CCPA 1982); *In re Nomiya*, 509 F.2d 566, 571 (CCPA

1975). In *PharmaStem*, patentee's invention related to a process for collecting, testing, storing

and using the blood from newborn infant's umbilical cords based on the presence of particularly

useful stem cells present in the blood. In the patent specification, patentee represented that the

prior art disclosed stem cells in cord blood. *Id*. At trial, the patentee tried to take the position

that prior to the inventions claimed in its patent, stem cells had not been proven to exist in cord

blood, contradicting the specification. *Id.* The Federal Circuit held that the patentee could not

contradict representations in the specification of the patent, and that it was not unfair to hold

inventors to the consequences of their admissions. *Id.* Roche should therefore be allowed to

present these statements to the jury in its obviousness case.

In its opposition to Roche's motion *in limine* regarding the binding effect of statements in

the specifications of Amgen's patents, Amgen mischaracterizes Roche's argument and Federal

Circuit precedent when it suggests that under Roche's and the Federal Circuit's position, Amgen

would be unable to dispute that any patent cited in the specification is enabled.[1] What the law

very clearly states is that when the patentee makes a representation in the specification, either

that some reference is prior art, what that reference states, or that something is contained in the

prior art, then it cannot later contradict it. *PharmaStem* and its predecessors are clear that the

patentee is bound to representations it made in the patent specification, and Roche should be

allowed to present these statements to the jury.


DATED:        September 5, 2007
              Boston, MA


                                        F. HOFFMANN-LA ROCHE, LTD,
                                        ROCHE DIAGNOSTICS GMBH, and
                                        HOFFMANN-LA ROCHE INC.


                                        By its attorneys,

                                        /s/ *Peter Fratangelo*
                                        Leora Ben-Ami (*pro hac vice*)
                                        Patricia A. Carson (*pro hac vice*)
                                        Thomas F. Fleming (*pro hac vice*)

---

[1] Amgen Inc.'s Opposition to Roche's Motion *in Limine* to Preclude Amgen from Making Assertions That Contradict Statements Made in Specifications of Patents-In-Suit, D.I. 881, filed 8/27/07.

Howard S. Suh (*pro hac vice*)
Christopher Jagoe (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022
Tel. (212) 836-8000

and

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA  02110
Tel. (617) 443-9292

4