UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., <br><br> Plaintiff, <br><br> vs. <br><br> F. HOFFMANN-LA ROCHE LTD, <br> ROCHE DIAGNOSTICS GMBH, <br> AND HOFFMANN-LA ROCHE INC., <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION No.: 05-CV-12237WGY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ROCHE'S MOTION *IN LIMINE* TO PRECLUDE AMGEN FROM ASSERTING THAT THERE WAS A RESTRICTION REQUIREMENT SEPARATING THE '008 PATENT CLAIMS FROM THE CLAIMS OF THE '868 AND '698 PATENTS**

Defendants F. Hoffmann-La Roche, Ltd, Roche Diagnostics GmbH and Hoffmann-La Roche Inc. (collectively "Roche") respectfully submit this motion *in limine* to preclude Amgen Inc. ("Amgen") from asserting at trial that there is a restriction requirement separating the '008 patent claims from the asserted claims of the '868 and '698 patents.

First, with respect to the '868 patent, Amgen has conceded in discovery responses that 35 U.S.C. § 121 ("Section 121") does not apply to this patent as a defense to obviousness-type double patenting ("ODP") over the '008 patent. As a result, Amgen cannot as a matter of law argue that there was a restriction requirement between the claims of the '008 and '868 patent.

Second, as to the '698 patent, Amgen waived its right to present evidence or argue at trial that there was a restriction requirement between these claims and the '008 patent claims. A Section 121 defense from ODP based on a restriction requirement is Amgen's burden of proof. *See Geneva Pharms., Inc. v. GlaxoSmithKline PLC*, 349 F.3d 1373, 1382 (Fed. Cir. 2003). Roche specifically requested interrogatory responses for Amgen's contentions. Amgen provided

Dockets.Justia.com

none.  Moreover, Amgen's expert reports failed to even argue that such a restriction exists between these claims.  Amgen's own briefing concedes that during the '698 prosecution, there was an Office Action rejection based on ODP.  Thus, even Amgen recognized that there is no restriction between the claims of the '698 and '008 patents.  Finally, it is undisputed that the '698 patent is terminally disclaimed over the '868 patent.  This is compelling evidence that the '698 patent claims arise from the same application as the '868 patent, and therefore cannot be protected from ODP based on the Section 121 safe harbor.

Accordingly, Roche respectfully requests that the Court grant Roche's motion *in limine* to preclude Amgen from asserting at trial that there is a restriction requirement separating the '008 patent claims from the asserted claims of the '868 and '698 patents.  In support of this motion, Roche relies on the accompanying Memorandum of Law.

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and that no agreement was reached.

Dated: September 6, 2007
Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys*

/s/ Kimberly J. Seluga
Lee Carl Bromberg (BBO# 058480)
Robert L. Kann (BBO# 258025)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kimberly J. Seluga (BBO# 667655)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110

Tel. (617) 443-9292
kseluga@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky *(pro hac vice)*
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff (*pro hac vice*)
David L. Cousineau (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

/s/ Kimberly J. Seluga
Kimberly J. Seluga

03099/00501 735365.1

3