EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., <br><br> Plaintiff, <br><br> vs. <br><br> F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GmbH, AND HOFFMANN-LA ROCHE INC., <br><br> Defendants. | CIVIL ACTION No.: 05-cv-12237WGY |

**DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1-13)**

Pursuant to Federal Rule of Civil Procedure 33, applicable local rules of the District of Massachusetts, and the Court's November 7, 2007 Scheduling Order, Defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche, Inc. (collectively "Roche") request that Plaintiff Amgen, Inc. ("Amgen") answer the following interrogatories within thirty days of service.

## DEFINITIONS AND INSTRUCTIONS

Respondents incorporate by reference the Definitions and Instructions set forth in DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS.

## INTERROGATORIES

**INTERROGATORY NO. 1**

Separately for each claim of each of the patents-in-suit, identify whether Amgen alleges that Roche makes, uses, offers to sell or sells a product that Amgen contends infringes that claim

**INTERROGATORY NO. 7**

Describe any attempts by Amgen to modify EPO or G-CSF proteins, including attempts successful or otherwise to create pegylated compounds using EPO or G-CSF such that the chemical, physical, pharmacological and/or pharmacokinetic properties of the chemically modified compound differs from the EPO or G-CSF starting material and identify all documents and things that support Amgen's response to this interrogatory.

**INTERROGATORY NO. 8**

Separately for each claim of the patents-in-suit, identify whether Amgen contends that the making, using, offering to sell or selling of ARANESP® is covered by any or all of the claims of the patents-in-suit, explain whether the making, using, offering to sell or sale is contended to be covered literally or by the doctrine of equivalents, and identify all documents and things that support or otherwise refute Amgen's response to this interrogatory.

**INTERROGATORY NO. 9**

Describe whether Amgen contends that CERA is not materially changed pursuant to 35 U.S.C. § 271(g) from "human erythropoietin," as that term is used in the asserted claims of the patents-in-suit, any basis and/or evidence, and the identity of all documents and things that support or otherwise refute Amgen's response to this interrogatory.

**INTERROGATORY NO. 10**

As to each asserted claim of the patents-in-suit identified in response to Interrogatory No. 1, describe the reasons why each claim is not rendered invalid under the claims of U.S. Patent

4

No. 4,703,008 pursuant to obviousness-type double patenting, the reasons for this contention, including whether 35 U.S.C. § 121 applies as a defense to obviousness-type double patenting, and the identity of all documents and things that support or otherwise refute Amgen's response to this interrogatory.

**INTERROGATORY NO. 11**

Describe whether Amgen contends that claim 1 of U.S. Patent No. 5,955,422 is not a "product by process claim"[1] and any basis and/or evidence for that contention.

**INTERROGATORY NO. 12**

Describe whether Amgen contends that the work of Goldwasser[2] demonstrated a "therapeutically effective amount of human erythropoietin" as these terms were construed in *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, Appeal No. 05-1157 (Fed. Cir. August 3, 2006), any basis and/or evidence for that contention, and the identity of all documents and things that support or otherwise refute Amgen's response to this interrogatory.

**INTERROGATORY NO. 13**

Identify each customer, or potential customer, with which Amgen has discussed or proposed a sole source contract, requirements contract, or any form of exclusive dealing arrangement or similar arrangement, for the sale of EPOGEN® and/or ARANESP®, and identify any person, including third parties, with knowledge of any such discussion or proposal.

---

[1] For "product by process claims," reference should be made to M.P.E.P. Section 2113.

[2] This refers to Goldwasser's work relating to the Clinical Study of Purified Human Erythropoietin (H-EPO), as described in *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, Appeal No. 05-1157 (Fed. Cir. August 3, 2006)

5

DATED:     December 6, 2006

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

By its attorneys,

*/s/ Howard Suh* / H.H.

Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard Suh (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Tel: (212) 836-8000

and

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292

6