EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., <br><br> Plaintiff, <br><br> vs. <br><br> F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GmbH, AND HOFFMANN-LA ROCHE INC., <br><br> Defendants. | CIVIL ACTION No.: 05-cv-12237WGY |

## PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1-12)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff/Counter Defendant Amgen Inc. ("Amgen") hereby supplements its objections and responses to Defendants' First Set of Interrogatories (Nos. 1-12).

### PRELIMINARY STATEMENT

1. Amgen's responses to Defendants' First Set of Interrogatories are made to the best of Amgen's present knowledge, information and belief. Amgen's responses are subject to amendment and supplementation should future investigation indicate that amendment or supplementation is necessary. Amgen undertakes no obligation, however, to supplement or amend these responses other than as required by the Federal Rules of Civil Procedure of the Local Rules of the United States District Court for the District of Massachusetts.

2. Amgen's responses to Defendants' First Set of Interrogatories are made according to information currently in Amgen's possession, custody and control.

3. To the extent that Amgen responds to Defendants' First Set of Interrogatories by stating information that private, confidential, highly confidential, proprietary, trade secret or otherwise protected from disclosure, Amgen will respond pursuant to the terms of the Protective Order in this case.

ITC-R-BLA-00022366–ITC-R-BLA-00039498; ITC-R-BLA-00039875–ITC-R-BLA-00039889; ITC-R-BLA-00047373–ITC-R-BLA-00118973; ITC-R-BLA-00118975–ITC-R-BLA-00151977; ITC-R-BLA-00045320–ITC-R-BLA-00045328; ITC-R-BLA-00045330–ITC-R-BLA-00045373; ITC-R-BLA-00000029–ITC-R-BLA-00000193; ITC-R-BLA-00000692–ITC-R-BLA-00006253; and ITC-R-00091296-309.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its right to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen incorporates by reference its previous response and provides the following supplemental response to this interrogatory:

Additional documents supporting Amgen's response to this interrogatory include: ITC-R-00095645-53; ITC-R-00095939-42; the June 13, 2006 "CERA preliminary draft summary report" produced by Dr. Veng-Pedersen during his deposition (no bates number provided); ITC-R-00095886-895; and ITC-R-BLA-00007247.

INTERROGATORY NO. 10:

As to each asserted claim of the patents-in-suit identified in response to Interrogatory No. 1, describe the reasons why each claim is not rendered invalid under the claims of U.S. Patent No. 4,703,008 pursuant to obviousness-type double patenting, the reasons for this contention, including whether 35 U.S.C. § 121 applies as a defense to obviousness-type double patenting, and the identity of all documents and things that support or otherwise refute Amgen's response to this interrogatory.

RESPONSE TO INTERROGATORY NO. 10:

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this interrogatory: Amgen specifically objects to this interrogatory on the grounds that it is unduly burdensome and lacks relevance under Rule 26 in that it seeks information regarding non-double patenting before Roche has specified any basis that purportedly would

make such information discoverable. As the claimed inventions are presumed valid per 35 U.S.C. § 282, Roche has the burden to specify its contentions, and the bases therefore, that the Asserted Claims are purportedly invalid for obviousness-type double patenting. Roche's Interrogatory No. 10 is therefore overly broad and unduly burdensome to the extent that it requires Amgen to anticipate all arguments and provide "all document and things" before Roche has specified its contentions and the bases underlying such contentions. When Roche fully and fairly answers Amgen's Interrogatories Nos. 9, 10, and 11, Amgen will be in position to fully respond to Roche's Interrogatory No. 10. Amgen further objects to this interrogatory to the extent that it prematurely calls for the testimony of Amgen's expert witnesses, which by the Court's order will be provided in the form of report(s) on April 27, 2007.

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its rights to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen provides the following response to this interrogatory:

The Asserted Claims are each patentably distinct from the claims of U.S. Patent No. 4,703,008. Specifically, the subject matter as a whole of each Asserted Claim would not have been obvious at the time the inventions were made to a person having ordinary skill in the art to which said subject matter pertains, in light of any particular claim of U.S. Patent No. 4,703,008. Moreover, many of the patents in suit are exempt by action of 35 U.S.C. § 121 because later issued claims were subject to a restriction requirement during the prosecution of the application which issued as U.S. Patent No. 4,703,008, and the later issued claims are consonant with the examiner's restriction requirement. Evidence establishing such exemption can be found in the file histories of Dr. Lin's patents. *See, e.g.,* AM-ITC 00472894-473612; AM-ITC 00460619-465061; AM-ITC 00445844-446192; AM-ITC 00465062-465750; AM-ITC 00474086-474458; AM-ITC 00518308-518591; AM-ITC 00446193-446637; AM-ITC 00473613-474085; AM-ITC 00477099-477563; AM-ITC 00453884-460618; AM-ITC 00508113-508400; AM-ITC

00508847-509548; and AM-ITC 00519544-519809. In addition, the issue of double patenting was raised and addressed in the prosecution of one or more of the patents-in-suit as reflected in the prosecution histories of those patents. Double patenting does not apply to these patents at least for the reasons cited therein.

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10

Subject to and without waiver of these Specific Objections and General Objection set forth above which are incorporated herein by reference, and with reservation of its right to supplement or amend its response to this interrogatory after the claims have been construed and necessary discovery has been received, Amgen incorporates by reference its previous response and provides the following supplemental response to this interrogatory:

U.S. Patents Nos. 5,547,933, 5,621,080, 5,756,349, 5,618,698, and 5,955,422 are exempt by action of 35 U.S.C. § 121 because later issued claims were subject to a restriction requirement during the prosecution of the application which later issued as U.S. Patent No. 4,703,008 and the later issued claims are consonant with the examiner's restriction requirement.

### INTERROGATORY NO. 11:

Describe whether Amgen contends that claim 1 of U.S. Patent No. 5,955,422 is not a "product by process claim"[1] and any basis and/or evidence for that contention.

### RESPONSE TO INTERROGATORY NO. 11:

In addition to the foregoing General Objections, Amgen makes the following Specific Objections to this interrogatory: Amgen specifically objects to this interrogatory on the grounds that it lacks relevance under Rule 26 in that it seeks to label '422 claim 1 into some generic claim category. As the claimed inventions are presumed valid per 35 U.S.C. § 282, Roche has the burden to come forward and specify whether and how any of the claims at issue are purportedly invalid, including claim 1 of the '422 patent referenced in this interrogatory by making specific evidentiary showing and not by some general classification. Subject to and without waiver of

---

[1] For "product by process claims," reference should be made to M.P.E.P. Section 2113.

CERTIFICATE OF SERVICE VIA
ELECTRONIC MAIL

I, William Martinez, hereby declare:

I am a citizen of the United States and a resident of the State of California. I am over the age of eighteen years, and not a party to the within action. My business address is McDermott Will & Emery LLP, 3150 Porter Drive, Palo Alto, California 94304-1212.

On February 10, 2007, I served a copy of **PLAINTIFF'S SUPPLEMENTAL RESPONSE TO FIRST SET OF INTERROGATORIES (NOS. 1-12)** by electronic transmission by attaching the referenced documents to an electronic mail and transmitting the same to the e-mail addresses indicated below:

| | |
|---|---|
| Leora Ben-Ami, Esd.<br>Patricia A. Carson, Esq.<br>Thomas F. Fleming, Esq.<br>Howard Suh, Esq.<br>Peter Fratangelo, Esq.<br>KAYE SCHOLER LLP<br>425 Park Avenue<br>New York, NY 10022<br>Tel: (212) 836-8000<br><br>lbenami@kayescholer.com<br>pcarson@kayescholer.com<br>tfleming@kayescholer.com<br>hsuh@kayescholer.com<br>pfratangelo@kayescholer.com | Lee Carl Bromberg, Esq.<br>Julia Huston, Esq.<br>Keith E. Toms, Esq.<br>BROMBERG & SUNSTEIN LLP<br>125 Summer Street<br>Boston, MA 02110<br>Tel. (617) 443-9292<br><br>lbromberg@bromsun.com<br>jhuston@bromsun.com<br>ktoms@bromsun.com |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed at Palo Alto, California on February 9, 2007.

_William Martinez_ (signature)
William Martinez