UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**EXHIBIT A**

|  |  |
|---|---|
| AMGEN INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>F. HOFFMANN-LA ROCHE )<br>LTD., a Swiss Company, ROCHE )<br>DIAGNOSTICS GmbH, a German )<br>Company and HOFFMANN-LA ROCHE )<br>INC., a New Jersey Corporation, )<br>)<br>Defendants. )<br>_____) | Civil Action No.: 05-12237 WGY |

**[PROPOSED] AMGEN'S REPLY IN SUPPORT OF AMGEN'S MOTION
*IN LIMINE* NO. 3 TO EXCLUDE REFERENCES TO BELATEDLY PRODUCED
DOCUMENTS AND EXPERIMENTS FROM BARBER**

Roche's late production of documents regarding experiments conducted by its consultant, Dr. Dwayne Barber, is not the good faith supplementation that Roche makes it out to be. The dates on the faces of those documents and the timing of their production make clear that Roche could have and should have produced them before fact discovery closed. This is a classic example of the gamesmanship that this Court has proscribed by its several orders directing that documents not produced in discovery will not be allowed at trial. As this Court stated in its May 2, 2007 Order:

> Discovery is not a game and Court orders are not to be altered.
> What is expected and required is a cooperative venture to ascertain
> the truth. Should any party have wrongfully failed to make
> discovery, the appropriate sanction is a preclusion order, the
> drawing of adverse inferences, or both.[1]

---

[1] *See* 5/2/07 Court Order ("Discovery Is Not A Game And Court Orders Are Not To Be Altered. What Is Expected And Required Is A Cooperative Venture To Ascertain The Truth. Should Any

782869                                            1

Roche's assertion that it supplemented its production "shortly" after Dr. Barber's "recently concluded studies" is belied by the facts. Roche waited until May 9, 2007 to produce four documents from Dr. Barber. That was a full month after the close of fact discovery and after the submission of Amgen's expert reports on infringement. Roche's delay in producing those documents is inexcusable given Amgen's specific document requests asking for them and Amgen's deposition questioning of Roche witnesses about the existence of additional documents relating to Dr. Barber's work. Three of the four documents were generated five months to a year *before* Roche produced them.[2] Roche provides no excuse for its failure to produce the documents prior to the close of fact discovery.

The remaining belatedly-produced document was a report dated March 21, 2007 (R008890734-739). Roche waited to produce that document until after the April 6 due date for submission of Amgen's expert reports on infringement. Roche's delay in producing the document denied Amgen the opportunity to question Roche witnesses about the new data or to depose Dr. Barber about it prior to the close of fact discovery. Instead, having apparently decided that the documents supported the opinions of its expert Dr. Richard Flavell, Roche waited to produce the documents until just two days before serving Dr. Flavell's expert report on non-infringement.

Amgen would be significantly prejudiced if Roche were permitted to rely on these documents. If these documents had been timely produced, Amgen would not have been deprived of the opportunity to depose Roche's fact witnesses about them. For example, Amgen deposed

---

Party Have Wrongfully Failed To Make Discovery, The Appropriate Sanction Is A Preclusion Order, The Drawing Of Adverse Inferences, Or Both."); 5/16/07 Court Order ("No Witness May Rely On Evidence Withheld From Discovery"); 1/22/07 Court Order ("No Party May Introduce In Evidence Any Document Called For In Discovery And Not Produced, Nor Any Data Derived From Such Document").
[2] The dates on these documents are March 13, 2006 (R008891075-081), November 6, 2006 (R008891082-086), and December 6, 2006 (R008891087-093).

782869

Roche employees Dr. Anton Haselbeck on March 1-2, 2007 and Dr. Michael Jarsch on March 27, 2007, and specifically questioned both of them about the experiments conducted by Dr. Barber under contract with Roche. But since Amgen did not have the documents at that time, Amgen was unable to question these witnesses about them. Further, Roche's assertion that Amgen "had ample opportunity to subpoena and depose Dr. Barber" is simply not true because Amgen did not know the scope of Dr. Barber's work until after the close of fact discovery and, because he resides in Canada,[3] he is presently outside the subpoena power of the Court.

Consistent with this Court's previous orders, given the prejudice that Amgen would suffer due to Roche's dilatory tactics, this Court should preclude Roche from introducing these documents at trial or from relying on or referring to them during the examination of Roche's experts or the cross-examination Amgen's witnesses.

---

[3] Dr. Barber is a Professor at the University of Toronto.

782869

Dated: September 6, 2007

Respectfully Submitted,

AMGEN INC.,
By its attorneys,

/s/ Michael R. Gottfried

Of Counsel:

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA   91320-1789
(805) 447-5000

D. DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R. GOTTFRIED (BBO#542156)
PATRICIA R. RICH (BBO#640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
Telephone:    (857) 488-4200
Facsimile:    (857) 488-4201

LLOYD R. DAY, JR. (*pro hac vice*)
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA  95014
Telephone:    (408) 873-0110
Facsimile:    (408) 873-0220

WILLIAM GAEDE III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:    (650) 813-5000
Facsimile:    (650) 813-5100

KEVIN M. FLOWERS (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:    (312) 474-6300
Facsimile:    (312) 474-0448

782869

1

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as on-registered participants.

      /s/ Michael R. Gottfried
      Michael R. Gottfried