# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., <br><br> Plaintiff, <br><br> v. <br><br> F. HOFFMANN-LA ROCHE LTD., a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company and HOFFMANN-LA ROCHE INC., a New Jersey Corporation, <br><br> Defendants. | Civil Action No.: 05-12237 WGY |

**BRIEF IN SUPPORT OF AMGEN INC.'S MOTION *IN LIMINE* NO. 25: EXCLUDE DEPOSITION TESTIMONY FROM A PRIOR LITIGATION OF TAKAJI MIYAKE, A NON-PARTY WITNESS WHOM ROCHE DID NOT PREVIOUSLY DISCLOSE**

782635

I.   **INTRODUCTION**

Roche seeks to introduce during its case-in-chief the deposition testimony from a prior litigation of non-party witness Dr. Takaji Miyake. Dr. Miyake's deposition was taken on October 13 and 14, 1988 in a prior district court proceeding between Chugai and Amgen. Roche should be precluded from introducing Dr. Miyake's deposition for several reasons:

- Roche never disclosed Dr. Miyake as a possible fact witness in any of its pretrial disclosures; indeed, it did not disclose him as a witness until August 30, 2007—less than a week before trial;[1]
- Roche made no attempt to depose Dr. Miyake in this case;
- Roche has made no showing that the prior transcript is admissible under the Federal Rules of Evidence or Federal Rules of Civil Procedure.
- Because of Roche's last minute disclosure of this witness, Amgen had no opportunity to obtain his appearance as a witness;
- Because of Roche's last minute disclosure of this witness, Amgen had no opportunity to secure rebuttal testimony.

Even if Roche had disclosed Dr. Miyake, Dr. Miyake's deposition testimony would still be inadmissible in the current proceedings. The testimony is not an admission; Dr. Miyake is not a party to this action. Dr. Miyake is not—and never was—an employee of Amgen. Roche has made no showing that either Dr. Miyake is unavailable pursuant to Fed. R. Evid. 804 or that his prior testimony is otherwise admissible as an exception to the hearsay rule. Roche could have deposed Dr. Miyake during fact discovery in these proceedings, but nothing indicates that Roche attempted to do so.

Because Roche failed to properly and timely disclose that it intended to introduce Dr.

---

[1] *See* Exh. 1, 8/30/07 E-mail from Pechenik to Brown, enclosing Trial Deposition Designations. All citations to numbered exhibits herein refer to exhibits to the Declaration of Aaron R. Hand in Support of Amgen Inc.'s Motion *In Limine* No. 25 To Exclude Deposition Testimony From a Prior Litigation of Takaji Miyake, A Non-Party Witness Whom Roche Did Not Previously Disclose.

Roche did not list Dr. Miyake as a possible witness in its Rule 26(a) Disclosures or in the Joint

Miyake's deposition testimony, and the testimony is inadmissible hearsay absent a showing of unavailability, Amgen respectfully requests that the court preclude its introduction at trial.

## II.    ARGUMENT

### A.    BECAUSE ROCHE'S FAILURE TO DISCLOSE DR. MIYAKE'S DEPOSITION TESTIMONY IN ACCORDANCE WITH THE RULES GOVERNING PRE-TRIAL DISCLOSURE PREJUDICES AMGEN, THE DESIGNATIONS SHOULD BE EXCLUDED.

Roche first mentioned the possibility of designating the deposition testimony of Dr. Miyake on August 27, 2007, and sent Amgen its deposition designations on August 30—weeks after the submission of the Joint Pretrial Memorandum on August 10.[2]  Roche's last-minute designation is prejudicial to Amgen because it interferes with Amgen's ability to assess the proposed testimony and prepare an appropriate rebuttal.  Roche's designation also violates the Federal Rules of Civil Procedure, the Local Rules, and prior scheduling orders of this court, and should be excluded.[3]

The Federal Rules recognize that pretrial planning is important to "improving the quality of the trial through more thorough preparation."[4]  Rule 26(a) requires identification of witnesses with relevant knowledge and disclosure of deposition designations at least 30 days before trial, or as otherwise directed by the Court.  Local Rule 16.5 requires parties to confer and prepare a Joint Pretrial Memorandum that includes a listing of witnesses to be called, "and whether the testimony of any such witness is intended to be presented by deposition."[5]  This Court has warned

---

Pretrial Memorandum. *See* 8/10/07 Joint Pretrial Mem., Exh. F (Docket No. 807-7).

[2] Exh. 3, 8/27/07 Letter from Heckel to Brown; Exh. 1 8/30/07 E-mail from Pechenik to Brown; Exh 2, 8/31/07 Letter from Brown to Fleming.

[3] *See, e.g.*, Fed. R. Civ. P. 26(a)(3); L.R. 16.5.

[4] Fed. R. Civ. P. 16.

[5] L.R. 16.5(d)(10).

that "No Witness May Rely On Evidence Withheld From Discovery."[6] Roche's failure to timely communicate its intent to rely upon and introduce Dr. Miyake's deposition testimony is akin to withholding evidence that should have otherwise been disclosed.

The deposition testimony Roche seeks to introduce was taken in 1988 during litigation between Amgen and Chugai.[7] Amgen produced Dr. Miyake's transcript to Roche during its first wave of document production in the ITC case—in June 2006. In the 15 months that passed since Roche received Dr. Miyake's transcripts, Roche failed to disclose its intention to introduce Dr. Miyake's testimony. There is no excuse for Roche's delay in disclosing Dr. Miyake.

Because of Roche's delay, Amgen will suffer undue prejudice if the testimony is admitted. Roche's delay in disclosing Dr. Miyake as a possible fact witness foreclosed the opportunity for Amgen to depose him anew. Further, Roche deprived Amgen of a reasonable opportunity to obtain his live testimony at trial. Also, by disclosing Dr. Miyake just days before trial, Amgen had no opportunity to develop rebuttal testimony through other witnesses. An order barring the introduction of Dr. Miyake's testimony is an appropriate remedy for Roche's failure to comply with the rules and orders governing discovery and disclosures.[8]

      **B.    DR. MIYAKE'S PRIOR DEPOSITION TESTIMONY IS INADMISSIBLE HEARSAY AND SHOULD BE EXCLUDED.**

Not only did Roche violate the scheduling orders of this Court, the proffered testimony is inadmissible hearsay. Roche never attempted to depose Dr. Miyake in these proceedings, and has offered no evidence that Dr. Miyake is currently unavailable.

A party seeking to introduce deposition testimony from a prior proceeding must

---

[6] 5/16/07 Electronic Order.

[7] Exh. 4, Deposition Cover Page; *Amgen Inc. v. Chugai Pharm. Co.*, No. 87-2617-Y (D. Mass.).

[8] *See, e.g.*, Fed. R. Civ. P. 16(f).

demonstrate the unavailability of the witness in accordance with Fed. R. Civ. P. 32(a).[9] Likewise, Fed. R. Evid. 804(b)(1) limits the introduction of prior testimony to situations where "the declarant is unavailable as a witness." Roche has made no showing that Dr. Miyake is an unavailable witness—or that Roche even *attempted* to secure his live testimony in this case.

### III.  CONCLUSION

It is highly prejudicial and unfair for Roche to attempt to introduce the testimony of a previously undisclosed witness less than a week before trial—particularly since Roche has no excuse for doing so. Roche was fully aware of Dr. Miyake's prior testimony and had possession of that testimony before this case was even filed.

Roche should be prevented from introducing prior deposition testimony, especially when it made no effort to depose the witness in the current proceeding. Because Roche's complete disregard for the rules of pretrial disclosure prejudices Amgen's ability to prepare its case and secure rebuttal testimony, Amgen respectfully requests that the Court preclude Roche from introducing the prior deposition testimony of Dr. Miyake.

---

[9] *See, e.g.*, Clay v. Buzas, 208 F.R.D. 636, 638 (D. Utah 2002).

Respectfully Submitted,

AMGEN INC.,
By its attorneys,


/s/ *Michael R. Gottfried*
D. DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R. GOTTFRIED (BBO#542156)
PATRICIA R. RICH (BBO#640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
Telephone:    (857) 488-4200
Facsimile:    (857) 488-4201

LLOYD R. DAY, JR. (*pro hac vice*)
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA  95014
Telephone:    (408) 873-0110
Facsimile:    (408) 873-0220

WILLIAM GAEDE III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:    (650) 813-5000
Facsimile:    (650) 813-5100

KEVIN M. FLOWERS (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:    (312) 474-6300
Facsimile:    (312) 474-0448

Of Counsel:

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA   91320-1789
(805) 447-5000

September 6, 2007

782635                                     5

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the above date.

                                                                                          */s/ Michael R. Gottfried*
                                                                                             Michael R. Gottfried