# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., | ) |
|         Plaintiff, | ) |
|   v. | ) Civil Action No. 05 CV 12237 WGY |
| F. HOFFMANN-LAROCHE LTD., a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN LAROCHE INC., a New Jersey Corporation, | ) |
|         Defendants. | ) |

## PLAINTIFF AMGEN INC.'S MOTION FOR RECONSIDERATION OF THE COURT'S RULING WITH RESPECT TO ONE DEPOSITION DESIGNATION FOR JOSEPH M. BARON

783898

Plaintiff Amgen Inc. respectfully asks the Court to reconsider its ruling with respect to one segment of the deposition designations contained in the deposition transcript of Joseph M. Baron, which was submitted to the Court on Friday, August 31, 2007 and was ruled upon by the Court on September 4, 200. This segment was not addressed by the Court at the hearing on September 6, 2007. As set forth below, this is a situation where the Court should exercise its discretion and grant Amgen's request for reconsideration because here the need for a "just decision" outweighs the need for "finality."[1]

In this segment of the Baron deposition designated by Amgen (page 137:5 – 137:19), there are two sets of questions and answers during which Mr. Baron is providing factual testimony, but the Court sustained Roche's objection that the questions called for expert testimony. Specifically, in the first set of questions and answers, Mr. Baron is testifying regarding his own personal hopes and expectations with respect to the experiment he was conducting.[2] With respect to the second set of questions and answers, Mr. Baron is testifying as to the outcome of the study, which are facts he has first hand knowledge of because he was a clinical investigator on the study.[3] Neither of these two sets of questions involve Mr. Baron

---

[1] *Davis v. Lehane,* 89 F. Supp. 2d 142, 147 (D. Mass. 2000) ("When faced with a motion for reconsideration, a district court must balance the need for finality against the duty to render just decisions).

[2] *See* Page 137:1- 137:13 (see Exhibit A attached hereto):

    Q:    And what were those hopes [referring to the "hopes as to what the experiment would do for the three patients that were involved in the study" asked about in the prior question]?

    A:    Those hopes were that there would be significant response . . .

[3] *See* Page 137:11 – 137:19 (see Exhibit A attached hereto):

    Q:    Do you know whether or not those hopes were fulfilled by the study for those three patients.

    A:    Again, we will refer to the two parameters that we talk about. The clinical parameters were not fulfilled in terms of sustained significant laboratory change, and

783898                      1

testifying as an expert witness and, accordingly, the Court should reconsider its ruling sustaining Roche's objection that the answer calls for expert testimony. [4]

Dated: September 5, 2007

Respectfully Submitted,

AMGEN INC.,
By its attorneys,

/s/ Michael R. Gottfried
D.DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R.GOTTFRIED (BBO#542156)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone:  (857) 488-4200
Facsimile:   (857) 488-4201

Of Counsel:

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA   91320-1889
(805) 447-5000

LLOYD R. DAY, JR
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone:  (408) 873-0110
Facsimile:   (408) 873-0220

WILLIAM GAEDE III
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:  (650) 813-5000
Facsimile:   (650) 813-5100

KEVIN M. FLOWERS
MARSHALL, GERSTEIN & BORUN LLP

---

there was no significant clinical improvement in terms of performance of the patients.

[4] If the Court grants this motion, then Amgen would maintain its designation of pages 136:24 – 137:4 (see Exhibit A attached hereto) of the Baron deposition. If, however, the Court denies this motion, then Amgen will withdraw this designation because this passage by itself fails to give a complete picture and would therefore be confusing for the jury.

2

783898

233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:   (312) 474-6300
Facsimile:    (312) 474-0448

3

783898

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

*/s/ Michael R. Gottfried*
Michael R. Gottfried

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on September 3, 2007.

*/s/ Michael R. Gottfried*
Michael R. Gottfried
