UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMGEN INC.,

                Plaintiff,

    v.

F. HOFFMANN-LA ROCHE, LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.,

                Defendants.

Civil Action No. 05 CV 12237 WGY

U.S. District Judge William G. Young

## ROCHE'S BENCH MEMORANDUM REGARDING EXCLUDING FROM THE COURTROOM EXPERT WITNESSES WHO WILL BE OPINING WITH RESPECT TO THE TESTIMONY OF OTHER WITNESSES

Defendants F. Hoffmann-La Roche, Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc. (collectively, "Roche") submit this memorandum with respect to the sequestration of expert witnesses who will be opining with respect to the testimony of other witnesses.

Federal rule of Evidence 615(3) precludes sequestration of "a person whose presence is shown by a party to be essential to the presentation of the party's cause." Plainly, the presence of an expert witness who is to be opining based on the testimony of other witnesses is "essential to the presentation" made by the party who will be relying on that expert. See *Polythane Sys., Inc. v. Marina Ventures Int'l , Ltd.,* 993 F.2d 1201, 1209 (5th Cir. 1993) ('Expert witnesses clearly fall within Rule 615(3)'s exception); *Morvant v. Constr. Aggregates Cor., 570 F.2d 636, 630* (6th Cir. 1978)("[W]here a fair showing has been made that the expert witness is in fact required for the management of the case, and this is made clear to the trial court,. . . the trial court is bound to accept any reasonable, substantiated representation to this effect by counsel.").

The fact is that the rationale for sequestration does not apply to experts as it does to fact witnesses. Indeed, the sequestration rule is concerned primarily with falsification," C*apway Roofing sys. v. Chao,* 391 F.3d 56, 59 (1st Cir. 2004), in that "its purpose is to discourage and expose fabrication, inaccuracy,, and collision." *United States v. Charles,* 456 F.3d 249, 258 (1st Cir. 2006). Citing *Morvant* with approval, the First Circuit has observed that there is "little if any reason to sequester a witness who is to testify in an expert capacity only and not to the facts of the case." *United States v. Lussier*, 929 F.2d 25, 30 (1st Cir. 1991). As another circuit has stated, "the presence in the courtroom of an expert witness who does not testify to the facts of the case but rather gives his opinion based upon the testimony of others hardly seems suspect and will in most cases be beneficial, for he will be more likely to base his expert opinion on a more accurate understanding of the testimony as it evolves before the jury." *United States v. Mohney*, 949 F.2d 1397, 1404-05 (6th Cir. 1991). *See also Jeung v. McKrow*, 264 F. Supp. 2d 557, 573 (E.D. Mich. 2003) ("[I]t is common in adversary proceedings for expert witnesses to be present during the presentation of factual testimony so that they have a foundation on which to base their opinions.").

Furthermore, in this case, Roche's experts are strictly bound by and limited to the contents of their expert reports. Where it is clear that a witness' testimony, regardless of his status as a fact witness or as an expert, is consistent with the evidence presented at trial, there is little justification for excluding his presence from the courtroom. *Lussier*, 929 F.2d at 30.

For the foregoing reasons, the Court should not exclude from the courtroom expert witnesses who are to be testifying based on the testimony of other witnesses.

| | |
|---|---|
| Dated: September 6, 2007<br>Boston, Massachusetts | Respectfully submitted,<br><br>F. HOFFMANN-LA ROCHE, LTD,<br>ROCHE DIAGNOSTICS GMBH, and<br>HOFFMANN-LA ROCHE INC.<br><br>By their attorneys,<br><br>*/s/ Thomas F. Fleming*_____<br>Leora Ben-Ami (*pro hac vice*)<br>Patricia A. Carson (*pro hac vice*)<br>Thomas F. Fleming (*pro hac vice*)<br>Howard S. Suh (*pro hac vice*)<br>KAYE SCHOLER LLP<br>425 Park Avenue<br>New York, NY 10022<br>Tel: (212) 836-8000<br><br>Lee Carl Bromberg (BBO# 058480)<br>Timothy M. Murphy (BBO# 551926)<br>Julia Huston (BBO# 562160)<br>Keith E. Toms (BBO# 663369)<br>Nicole A. Rizzo (BBO# 663853)<br>BROMBERG & SUNSTEIN LLP<br>125 Summer Street<br>Boston, MA 02110<br>Tel: (617) 443-9292 |