## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMGEN, INC.,

        Plaintiff,

    v.

F. HOFFMANN-LA ROCHE, LTD.,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE, INC.

        Defendants.

Civil Action No. 05-CV-12237 WGY

## DEFENDANTS' OBJECTIONS TO THE COURT'S
## PRELIMINARY JURY INSTRUCTIONS

Defendants F. Hoffmann-La Roche, Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc. (collectively, "Roche" or "Defendants") respectfully submit their objections to the Court's preliminary jury instructions, to the extent they differ from Defendants' proposed Preliminary Jury Instructions, which were filed with the Court on September 2, 2007 (D.I. 947). Defendants' objections include the following:

Roche respectfully objects to the instruction that there is no dispute that "Amgen employees have invented certain things."[1] While it is correct that Roche does not dispute that Amgen is the holder of the patents-in-suit, the parties do not agree as to whether the disputed claims recite patentable inventions.

Roche respectfully objects to the instruction that, under the patent law, "the patent owner has the exclusive right to practice the invention." (Trial Tr. p.107:3-4; *see also* 107:6-7; 107:12-

1

Dockets.Justia.com

13, 109:1-2).  Under federal law, a patent grants the patentee the right to exclude others from

making, using, or selling the invention throughout the United States. (35 U.S.C. § 154; *see also*

*Eli Lilly and Co. v. Medtronic, Inc.*, 496 U.S. 661, 669 (1990)).

Roche respectfully objects to the instruction that "other people cannot practice" the

asserted claims "without at least getting a license from Amgen." (Trial Tr. 108:21-23).  First,

Amgen seeks only an injunction to keep Roche's unique, new, and beneficial product from needy

patients.  To the extent this statement implies that Amgen has offered or would offer Defendants

a license to practice the alleged inventions of the patents-in-suit, it is unsupported by any

evidence and is, in fact, untrue.

Roche respectfully objects to the instruction that Roche can prove invalidity on "three

different grounds" (Trial Tr. 115:1-4), to the extent that Roche has asserted timely additional

defenses.  *See* Pretrial Memorandum.

Roche respectfully objects to the instruction that prior art includes only public

documents.[2]  In fact, certain subsections of 35 U.S.C. §102 -- namely, subsections (e), (f), and

(g) -- and the interpretive case law recognize an exception to this rule for what has been also

characterized as prior art for purposes of §103. (*See, e.g., Hazeltine Research, Inc. v. Brenner*,

382 U.S. 252 (1965); *OddzOn Prods, Inc. v. Just Toys, Inc.*, 122 F.3d 1396 (Fed. Cir. 1997);

*Int'l Glass Co. v. United States*, 408 F.2d 395 (Ct. Cl. 1969); *see also E.I. Du Pont de Nemours*

*& Co. v. Phillips Petroleum Co.*, 849 F.2d 1430 (Fed. Cir. 1988).

---

[1] "[Amgen has] received patents from the United States Patent Office because Amgen employees have invented certain things and the Patent Office...has given them patents.  No dispute about that." (Trial. Tr. p.106:7-11).

[2] Characterizing prior art as a "specific paper, article, set of documents which was known.  If it was secret, it won't work if someone was off in a garage somewhere and had a secret, it wasn't out there, people didn't know about it." (Trial Tr. 116:13-19).

Roche respectfully objects to the extent that the preliminary jury instructions included multiple statements about the presumption of validity of the patents-in-suit (Trial Tr. 112:6-8; 114:11-12; 114:18-19) without mentioning that the Patent Office is sometimes in error. This omission goes against the Court's own past practice[3] and risks significant prejudice to the Defendants.

In light of the foregoing, Defendants respectfully request that the Court provide appropriate curative instructions to the jury at the time of final instructions to the jury. At a minimum, Defendants seek to preserve their objections.

---

[3] *See, e.g.,* Preliminary jury instructions from *Ethos Tech., Inc. v. RealNetworks, Inc.*, 462, F. Supp. 2d 131 (D. Mass. 2006) (Hon. William Young, presiding), found at *Ethos* Trial Tr. 102:11-13 (stating, "Now, the Patent Office can get it wrong. Some patents are issued that turn out to be invalid.").

DATED:        September 7, 2007

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.


By its attorneys,

/s/ *Thomas F. Fleming*
Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky *(pro hac vice)*
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Krista M. Rycroft (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022
Tel. (212) 836-8000

and

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA  02110
Tel. (617) 443-9292