**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC.,<br><br>                     Plaintiff,<br><br>   v.<br><br>F. HOFFMANN-LA ROCHE Ltd, a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company and HOFFMANN-LA ROCHE INC., a New Jersey Corporation,<br><br>                     Defendants. | Civil Action No. 05-12237 WGY<br><br>U.S. District Judge Young |

### BENCH MEMORANDUM REGARDING RELEVANCE AND ADMISSIBILITY OF GENENTECH'S PLA

Roche respectfully submits this memorandum to set forth its position with respect to the admissibility of Genentech's Product License Application ("PLA") for its human tissue plasminogen activator ("tPA"). Genentech's PLA should be admitted into evidence because it is highly relevant for at least two distinct reasons: (1) it is relevant to rebut Amgen's contention that two prior art references admitted into evidence (Trial Ex. 2029 and 2030) are not enabling and (2) it is prior art evidence under 35 U.S.C. § 102(g) by demonstrating actual reduction to practice of an invention predating the November 30, 1984 effective filing date of Amgen's Lin patents.

The PLA is further admissible under at least two separate hearsay exceptions. It is admissible as a business record under the hearsay exception. *See* Fed. R. Evid. 803(6) ("Records, reports, statements, or data compilations, in any form, of events, conditions, opinions or diagnoses...if kept in the course of a regularly conducted business activity.."are exceptions to

1

the hearsay rule); It is also admissible as an ancient document. *See* Fed. R. Evid. 803(16) ("Statements in a document in existence twenty years or more..." are exceptions to the hearsay rule).

I. **GENENTECH'S PLA IS RELEVANT AND ADMISSABLE TO REBUT AMGEN'S CONTENTION THAT TWO PRIOR ART REFERENCES ARE NOT ENABLED**

Genentech Inc.'s U.S. Patent No. 4,766,075 ("the '075 patent"), filed on April 7, 1983, and its counterpart European patent application EP 0 093 619 ("the '619 EP application"), published November 9, 1983, disclose the prior art use of Chinese Hamster Ovary ("CHO") cells to make a biologically active, human tPA glycoprotein, as well as the therapeutic use of the CHO cell produced tPA product. Both of these references were admitted into evidence on September 6, 2007 as prior art relevant to the obviousness of Amgen's Lin patents.[1] These prior art exhibits demonstrate that by 1983 use of CHO cells to produce an *in vivo* biologically active "obligate" glycoprotein (such as the CHO cell produced EPO protein claimed in Amgen's patents) would have been obvious.

An issued U.S. patent constitutes prior art as of its filing date. § 102(e)(2). Both the '075 patent and the counterpart '619 EP application respectively qualify as prior art to the patents-in-suit under §§ 102(e) and 102(a). Amgen has taken the position in this litigation and has indicated it will present evidence that the '075 patent and the '619 EP application fail to enable an *in vivo* biologically active human glycoprotein produced in CHO cells. Amgen bears the burden of proving non-enablement of these references. *Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, 308 F.3d 1167, 1186 (Fed. Cir. 2002). *See also Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1355 (Fed. Cir. 2003).

2

The Genentech PLA is highly probative to rebut Amgen's erroneous argument. The PLA describes clinical trials conducted with a tPA product produced in CHO cells according to the teaching of the '075 patent and the '619 EP application, and confirms the therapeutic use and effectiveness of that product. The PLA demonstrates that Genentech's '075 patent and '619 EP application disclose and enable use of CHO cells to produce an *in vivo* biologically active "obligate" human glycoprotein.[2] The fact that the PLA was not submitted to the FDA until 1986 is irrelevant to its admissibility to show enablement of the '075 patent and '619 EP application. It is clear that "[e]nablement of an anticipatory reference may be demonstrated by a later reference." *Bristol Myers Squibb Co. v. Ben Venue Lab. Inc.*, 246 F.3d 1368, 1379 (Fed. Cir. 2001). The later reference may be used to show that the invalidating prior art reference was enabled. *See In re Donohue*, 766 F.2d 531, 534 (Fed. Cir. 1985). A party may properly rely on later publications to prove enablement of an earlier disclosure. *See, e.g., Amgen*, 314 F.3d at 1335 ("numerous post-filing publications demonstrated the extent of the enabling disclosure"; *see also Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 126 F. Supp. 2d 69, 107 (D. Mass. 2001) (finding later publications qualified as prior art because work began prior to Lin's invention date).

---

[1] Ex. 2030 and 2029, respectively.

[2] Amgen continues to argue the non-obviousness of the subject matter claimed in the Lin patents in part on grounds that there was no prior art demonstrating that CHO cells could be used to make an "obligate" human glycoprotein, that is, a human protein requiring glycosylation for its *in vivo* biological activity. Amgen admitted during prosecution, however, that human tPA was an "obligate" glycoprotein.

## II.  GENENTECH'S PLA IS RELEVANT AND ADMISSABLE AS PRIOR ART PURSUANT TO 35 U.S.C. § 102(G)

In addition to the relevance of the PLA to the enablement of admitted prior art references the '075 patent and the '619 EP application, the PLA itself qualifies as evidence of § 102(g) prior invention, and is relevant and should be admitted for this reason.  Section 102(g)(2) provides that an inventor is entitled to a patent unless "before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it."  Section 102(g)(2) does not require knowledge or use of a prior invention that was publicly accessible at the time the patented invention was made.  *See Int'l Glass Co. v. United States*, 408 F.2d 395, 402 (Ct. Cl. 1969); *see also E.I. Du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1437 (Fed. Cir. 1988) ("Nor does § 102(g) contain a 'known to the art' requirement apart from the requirement of no abandonment, suppression or concealment").

In *E.I. Du Pont*, the Federal Circuit made clear "that certain prior work at issue, solely because it satisfied § 102(g) (*i.e.*, it was reduced to practice and had not been abandoned, suppressed or concealed), could be used for § 103 purposes."  *Id.*  The PLA describes clinical trials reflecting the actual reduction to practice of Genentech's prior invention of the use of CHO cells to produce an *in vivo* biologically active "obligate" glycoprotein.  Amgen provides no evidence that Genentech abandoned, suppressed, and concealed its invention, such that it would not constitute prior art under § 102(g).[3]  In fact, the invention was published in Genentech's November 1983 '619 EP application and data from clinical trials with Genentech's tPA were

---

[3]  After a patent challenger demonstrates the existence of a prior invention by clear and convincing evidence, "the burden of production shifts to the patentee to produce evidence sufficient to create a genuine issue of material fact as to whether the prior inventor has suppressed or concealed the invention." *Apotex USA, Inc. v. Merck & Co.*, 254 F.3d 1031, 1037 (Fed. Cir. 2001).

4

published by 1985. The therapeutic use of CHO tPA was not a "later arising invention." It was disclosed both in the '075 patent, and in the '619 EP application. In fact, Genentech's clinical trials predate any evidence of the use of CHO cells by Amgen, which was included only in Amgen's application filed on September 28, 1984. *See* U.S. App. Ser. No. 06/655,841.

The PLA, which describes the actual use of the invention disclosed in Genentech's '075 patent and '619 EP application, is, therefore, highly probative as to the state of the art in 1983, as well as the enablement of the '075 patent and its '619 counterpart application.

DATED:	September 7, 2007

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

By its attorneys,

/s/ *Peter Fratangelo*
Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Krista M. Rycroft (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022
Tel. (212) 836-8000

and

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA  02110
Tel. (617) 443-9292