**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| AMGEN INC., ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> F. HOFFMANN-LA ROCHE ) <br> LTD., a Swiss Company, ROCHE ) <br> DIAGNOSTICS GmbH, a German ) <br> Company and HOFFMANN-LA ROCHE ) <br> INC., a New Jersey Corporation, ) <br> ) <br>     Defendants. ) <br> _____) | Civil Action No.: 05-12237 WGY |

**AMGEN INC.'S RESPONSE TO ROCHE'S MOTION *IN LIMINE* TO
PRECLUDE AMGEN FROM ASSERTING THAT THERE WAS A RESTRICTION
REQUIREMENT SEPARATING THE '008 PATENT CLAIMS FROM THE
CLAIMS OF THE '868 AND '698 PATENTS**

Dockets.Justia.com

Roche's motion *in limine* (D.I. 1005) seeks to preclude Amgen from asserting 35 U.S.C. § 121 as a defense to Roche's allegations that the '868 and '698 asserted claims are invalid for obviousness-type double patenting ("ODP") over the '008 patent claims. Amgen acknowledges that it will not rely on § 121 as a defense to Roche's ODP attack against the '868 and '698 asserted claims. Instead, Amgen will demonstrate that the '868 and '698 asserted claims are patentably distinct from the '008 claims, as the PTO determined.

Although Amgen will not rely on § 121 as a defense to Roche's ODP attack against the '868 and '698 claims, Amgen disagrees with Roche's legal analysis and explanation of these § 121 issues. For example, Amgen disagrees with any suggestion by Roche that U.S. Patent App. No. 07/113,179 was not "filed as a result of" the July 1986 restriction requirement, or that the '179 application was filed "voluntarily." As the Court determined,[1] Amgen demonstrated in its summary judgment briefing that the '179 application *was* filed as a result of the 1986 restriction requirement.[2] For that reason, the issued '868 and '698 claims would ordinarily qualify for § 121 protection. The reason they do not is because the issued '868 and '698 claims fall within the Group II classification of the PTO's 1986 Restriction Requirement, and are therefore not consonant with the non-elected invention groups of that restriction requirement. Nonetheless, because the '868 and '698 claimed inventions are patentably distinct from the '008 claimed inventions, Roche's ODP defenses based on the '008 claims should be dismissed.

---

[1] *See* Electronic Order, dated Aug. 27, 2007, granting Amgen's Motion for Summary Judgment of No Obviousness-Type Double Patenting (D.I. 498).

[2] *See* D.I. 499, at 10-12; D.I. 676, at 3-6.

Respectfully Submitted,

        AMGEN INC.,
        By its attorneys,

|  |  |
|---|---|
|  | */s/ Patricia R. Rich* |
| Of Counsel: | D. DENNIS ALLEGRETTI (BBO#545511) |
|  | MICHAEL R. GOTTFRIED (BBO#542156) |
| STUART L. WATT | PATRICIA R. RICH (BBO#640578) |
| WENDY A. WHITEFORD | DUANE MORRIS LLP |
| MONIQUE L. CORDRAY | 470 Atlantic Avenue, Suite 500 |
| DARRELL G. DOTSON | Boston, MA  02210 |
| KIMBERLIN L. MORLEY | Telephone:  (857) 488-4200 |
| ERICA S. OLSON | Facsimile:  (857) 488-4201 |
| AMGEN INC. |  |
| One Amgen Center Drive | LLOYD R. DAY, JR. (*pro hac vice*) |
| Thousand Oaks, CA   91320-1789 | DAY CASEBEER |
| (805) 447-5000 | MADRID & BATCHELDER LLP |
|  | 20300 Stevens Creek Boulevard, Suite 400 |
|  | Cupertino, CA  95014 |
|  | Telephone:  (408) 873-0110 |
|  | Facsimile:  (408) 873-0220 |
|  |  |
|  | WILLIAM GAEDE III (*pro hac vice*) |
|  | McDERMOTT WILL & EMERY |
|  | 3150 Porter Drive |
|  | Palo Alto, CA 94304 |
|  | Telephone:  (650) 813-5000 |
|  | Facsimile:  (650) 813-5100 |
|  |  |
|  | KEVIN M. FLOWERS (*pro hac vice*) |
|  | MARSHALL, GERSTEIN & BORUN LLP |
|  | 233 South Wacker Drive |
|  | 6300 Sears Tower |
|  | Chicago IL 60606 |
|  | Telephone:  (312) 474-6300 |
|  | Facsimile:  (312) 474-0448 |

September 10, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the above date.

                                                          */s/ Patricia R. Rich*
                                                          Patricia R. Rich