# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., <br><br> Plaintiff, <br><br> v. <br><br> F. HOFFMANN-LA ROCHE LTD, a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN LA ROCHE INC., a New Jersey Corporation, <br><br> Defendants. | Civil Action No.: 1:05-cv-12237 WGY |

## AMGEN'S BENCH MEMORANDUM REGARDING ELICITING FROM DR. LIN EVIDENCE THAT VIOLATES 35 U.S.C. § 103 STATUTORY PROHIBITIONS

Roche intends to elicit testimony from Dr. Lin on how he and his EPO project team made the inventions to attempt to negative Dr. Lin's conception under 35 U.S.C. §§ 103. Roche contends this subject matter qualifies as Section 102(f) prior art that is relevant to obviousness. Section 103(c)(1) and Section 103(a) last sentence are statutory prohibitions that do not permit the use of Section 102(f) prior art to defeat patentability under Section 103 "if the inventions were owned by the same entity or subject to assignment to the same entity" and further do not permit evidence of how the invention was made to negative patentability.[1] Roche will attempt to

---

[1] 35 U.S.C. 103(a) and (c)(1) provide:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. ***Patentability shall not be negatived by the manner in which the invention was made.***

(continued…)

MPK 131880-1.041925.0023                     1            PLAINTIFF'S BENCH MEMORANDUM RE
                                                          VIOLATION OF § 103 STATUTORY PROHIBITIONS
                                                          CIVIL ACTION NO. 1:05-CV-12237 WGY

Dockets.Justia.com

solicit testimony from Dr. Lin about the actions of his co-workers on their contributions to the EPO Project and the alleged lack of guidance from Dr. Lin to attempt to negative his conception. This violates Section 103.[2]

Section 103's exclusion of Section 102(f) prior art where there is a common assignee is "intended to avoid the invalidation of patents under Section 103 on the basis of the work of fellow employees engaged in team research." *Oddzon Products v. Just Toys*, 122 F.3d 1396, 1403 (Fed. Cir. 1997). Congress promugulated the last sentence of Section 103(a) to ensure that how the invention was made, whether, *e.g.*, by a "flash of genius" or "long toil," does not infect the analysis of comparing the prior art to the subject matter claimed. *Graham v. John Deere*, 383 U.S. 11, 15 (1965).[3]

Amgen objects to examining Dr. Lin on areas that violate these twin proscriptions against how the inventions were made by Dr. Lin and his Amgen co-workers that Roche intends to solicit for purposes of obviousness. There is indisputably a common assignee here. This evidence should be excluded as it impermissibly infects the proper obviousness inquiry of comparing the prior art to the claimed subject matter through the objective lens of one of

---

(c)(1) ***Subject matter developed by another person, which qualifies as prior art only under one or more of subsections (e), (f), and (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the claimed invention was made, owned by the same person or subject to an obligation of assignment to the same person.***

[2]  The Court on September 6, 2007, overruled the first part of Amgen's Motion in Limine No. 24 (Docket No. 997) directed to the subjective beliefs of the inventor. The Court has not ruled on the second part of the motion. Similar subject matter was addressed in that motion, but directed to different evidence. *See* September 6, 2007, Trial Transcript (271:8-271:13).

[3] The test of obviousness set forth in *Graham v. John Deere* rest fundamentally on a comparison of the prior art to the claims at issue: "the scope and the content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt needs, failures of others, etc. might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented. 383 U.S. at 17-18 (1965). "While the sequence of these questions might be reorganized in any particular case, ***the factors continue to define the inquiry that controls***." *KSR International v. Teleflex*, 127 S.Ct. 1727, 1736, 167 L.Ed.2d 705, 715 (2007) (emphasis added).

ordinary skill in the art, and instead turns it into a hindsight comparison of how the inventions were made through Dr. Lin and his co-workers to the claimed subject matter that Section 103 does not permit.

DATED:    September 11, 2007            Respectfully Submitted,

Of Counsel:                             AMGEN INC.,

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray                      /s/ Michael R. Gottfried
Darrell G. Dotson                       D. Dennis Allegretti (BBO# 545511)
Kimberlin L. Morley                     Michael R. Gottfried (BBO# 542156)
Erica S. Olson                          Patricia R. Rich (BBO# 640578)
AMGEN INC.                              DUANE MORRIS LLP
One Amgen Center Drive                  470 Atlantic Avenue, Suite 500
Thousand Oaks, CA 91320-1789            Boston, MA  02210
(805) 447-5000                          Telephone:  (857) 488-4200
                                        Facsimile:   (857) 488-4201

                                        Lloyd R. Day, Jr. (pro hac vice)
                                        DAY CASEBEER MADRID & BATCHELDER LLP
                                        20300 Stevens Creek Boulevard, Suite 400
                                        Cupertino, CA  95014
                                        Telephone:  (408) 873-0110
                                        Facsimile:   (408) 873-0220

                                        William G. Gaede III (pro hac vice)
                                        McDERMOTT WILL & EMERY
                                        3150 Porter Drive
                                        Palo Alto, CA  94304
                                        Telephone:  (650) 813-5000
                                        Facsimile:   (650) 813-5100

                                        Kevin M. Flowers (pro hac vice)
                                        MARSHALL, GERSTEIN & BORUN LLP
                                        233 South Wacker Drive
                                        6300 Sears Tower
                                        Chicago, IL  60606
                                        Telephone:  (312) 474-6300
                                        Facsimile:   (312) 474-0448

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

*/s/ Michael R. Gottfried*
Michael R. Gottfried
