# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> F. HOFFMANN-LA ROCHE Ltd, a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company and HOFFMANN-LA ROCHE INC., a New Jersey Corporation, <br><br> Defendants. | Civil Action No. 05-12237 WGY <br><br> U.S. District Judge Young |

### OPPOSITION TO AMGEN'S BENCH MEMORANDUM REGARDING ELICITING FROM DR. LIN EVIDENCE THAT VIOLATES 35 U.S.C. § 103 STATUTORY PROHIBITION

Contrary to Amgen's assertions, Roche does not intend to elicit testimony or evidence from Dr. Lin in violation of the statutory prohibition of § 103. Nor does Roche contend "this subject matter qualifies as Section 102(f) prior art that is relevant to obviousness." (D.I. 1042 at 1). Rather, evidence and testimony regarding the work that Dr. Lin and his co-workers did is relevant to show that nothing was actually "invented" by Dr. Lin *or* his co-workers working under his direction, *as established by the prior art*. Everything Dr. Lin and his co-workers did was obvious once they had the EPO protein from Dr. Goldwasser. The jury needs to be able to hear what Dr. Lin and his co-workers actually did to decide if what was done was obvious in light of the prior art, including Dr. Goldwasser's purified EPO protein.

The work done by Dr. Lin's co-workers is also relevant to show what one of ordinary skill in the art could do at the time. None of Dr. Lin's co-workers is an inventor on Amgen's

1

patents, so by Amgen's admission, they made no inventive contribution to any invention, if there was indeed an invention. The jury should be able to hear what they did as opposed to Dr. Lin so it can assess if Dr. Lin actually did anything described or claimed in Amgen's patents that was not obvious in light of the prior art.

Additionally, as Roche explained in its opposition to Amgen's Motion *in Limine* No. 24 (D.I. 1001), evidence of the inventor's subjective beliefs and expectations is highly relevant to the obviousness inquiry, even though the ultimate question is assessed "through the objective lens of one of ordinary skill in the art." (D.I. 1042 at 2-3). Similarly, evidence and testimony from Dr. Lin's co-workers is equally relevant in assessing the ultimate question of obviousness. Such evidence constitutes one factor that should be considered in assessing the ultimate issue. *See, e.g.*, *In re QED Envtl Sys., Inc.*, 991 F.2d 809 (Fed. Cir. 1993) (trial testimony of inventors was "extremely relevant" to determining the "difference between what the inventors admit to be well known and the claimed subject matter" with respect to obviousness). Amgen's bench memorandum is simply a *third* attempt (*see* D.I. 997; D.I. 1042) to preclude Roche from offering testimony regarding Dr. Lin's motivations and expectations of success, even though the Court has already denied Amgen's request. (Trial Tr. at 271).

In accordance with this memorandum and Roche's opposition to Amgen's Motion *in Limine* No. 24 (D.I. 1001), Roche respectfully submits that Amgen's bench memorandum is simply a third attempt to avoid the clear principles of law establishing the relevance of inventor testimony and that of his co-workers. Roche plans to elicit testimony and submit evidence merely to show that the efforts and expectations of Dr. Lin and his co-workers demonstrate the obviousness of the claimed invention, as shown in the prior art.

DATED:   September 11, 2007

                    F. HOFFMANN-LA ROCHE LTD,
                    ROCHE DIAGNOSTICS GMBH, and
                    HOFFMANN-LA ROCHE INC.

By its attorneys,

/s/ *Patricia A. Carson*
Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky *(pro hac vice)*
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Krista M. Rycroft (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022
Tel. (212) 836-8000

and

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA  02110
Tel. (617) 443-9292