# ATTACHMENT 5

```
[Code of Federal Regulations]
[Title 45, Volume 1]
[Revised as of October 1, 2003]
From the U.S. Government Printing Office via GPO Access
[CITE: 45CFR5.65]

[Page 28-29]
```

TITLE 45--PUBLIC WELFARE

AND HUMAN SERVICES

PART 5--FREEDOM OF INFORMATION REGULATIONS--Table of Contents

Subpart F--Reasons for Withholding Some Records

Sec. 5.65  Exemption four: Trade secrets and confidential commercial or financial information.

   We will withhold trade secrets and commercial or financial information that is obtained from a person and is privileged or confidential.
   (a) Trade secrets. A trade secret is a secret, commercially valuable plan, formula, process, or device that is used for the making, preparing, compounding, or processing of trade commodities and that can be said to be the end product of either innovation or substantial effort. There must be a direct relationship between the trade secret and the productive process.
   (b) Commercial or financial information. We will not disclose records whose information is ``commercial or financial,'' is obtained from a person, and is ``privileged or confidential.''
   (1) Information is ``commercial or financial'' if it relates to businesses, commerce, trade, employment, profits, or finances (including personal finances). We interpret this category broadly.
   (2) Information is ``obtained from a person'' if HHS or another agency has obtained it from someone outside the Federal Government or from someone within the Government who has a commercial or financial interest in the information. ``Person'' includes an individual, partnership, corporation, association, state or foreign government, or other organization. Information is not ``obtained from a person'' if it is generated by HHS or another federal agency. However, information is ``obtained from a person'' if it is provided by someone, including but not limited to an agency employee, who retains a commercial or financial interest in the information.
   (3) Information is ``privileged'' if it would ordinarily be protected from disclosure in civil discovery by a recognized evidentiary privilege, such as the attorney-client privilege or the work product privilege. Information may be privileged for this purpose under a privilege belonging to a person outside the government, unless the providing of the information to the government rendered the information no longer protectable in civil discovery.
   (4) Information is ``confidential'' if it meets one of the following tests:
   (i) Disclosure may impair the government's ability to obtain necessary information in the future;
   (ii) Disclosure would substantially harm the competitive position of the person who submitted the information;
   (iii) Disclosure would impair other government interests, such as program effectiveness and compliance; or

   (iv) Disclosure would impair other private interests, such as an interest in controlling availability of intrinsically valuable records, which are sold in the market by their owner.

The following questions may be relevant in analyzing whether a record meets one or more of the above tests: Is the information of a type customarily held in strict confidence and not disclosed to the public by the person to whom it belongs? What is the general custom or usage with respect to such information in the relevant occupation or business? How many, and what types of, individuals have access to the information? What kind and degree of financial injury can be expected if the information is disclosed?

   (c) Designation of certain confidential information. A person who submits records to the government may designate part or all of the information in such records as exempt from disclosure under Exemption 4 of the FOIA. The person may make this designation either at the time the records are submitted to the government or within a reasonable time thereafter. The designation must be in writing. Where a legend is required by a request for proposals or request for quotations, pursuant to 48 CFR 352.215-12, then that legend is necessary for this purpose. Any such designation will expire ten years

[[Page 29]]

after the records were submitted to the government.
   (d) Predisclosure notification. The procedures in this paragraph apply to records on which the submitter has designated information as provided in paragraph (c) of this section. They also apply to records that were submitted to the government where we have substantial reason to believe that information in the records could reasonably be considered exempt under Exemption 4. Certain exceptions to these procedures are stated in paragraph (e) of this section.
   (1) When we receive a request for such records, and we determine that we may be required to disclose them, we will make reasonable efforts to notify the submitter about these facts. The notice will include a copy of the request, and it will inform the submitter about the procedures and time limits for submission and consideration of objections to disclosure. If we must notify a large number of submitters, we may do this by posting or publishing a notice in a place where the submitters are reasonably likely to become aware of it.
   (2) The submitter has five working days from receipt of the notice to object to disclosure of any part of the records and to state all bases for its objections.
   (3) We will give consideration to all bases that have been timely stated by the submitter. If we decide to disclose the records, we will notify the submitter in writing. This notice will briefly explain why we did not sustain its objections. We will include with the notice a copy of the records about which the submitter objected, as we propose to disclose them. The notice will state that we intend to disclose the records five working days after the submitter receives the notice unless we are ordered by a United States District Court not to release them.
   (4) When a requester files suit under the FOIA to obtain records covered by this paragraph, we will promptly notify the submitter.
   (5) Whenever we send a notice to a submitter under paragraph (d)(1) of this section, we will notify the requester that we are giving the submitter a notice and an opportunity to object. Whenever we send a notice to a submitter under paragraph (d)(3) of this section, we will notify the requester of this fact.
   (e) Exceptions to predisclosure notification. The notice requirements in paragraph (d) of this section do not apply in the

following situations:
  (1) We decided not to disclose the records;
  (2) The information has previously been published or made generally available;
  (3) Disclosure is required by a regulation, issued after notice and opportunity for public comment, that specifies narrow categories of records that are to be disclosed under the FOIA, but in this case a submitter may still designate records as described in paragraph (c) of this section, and in exceptional cases, we may, at our discretion, follow the notice procedures in paragraph (d) of this section; or
  (4) The designation appears to be obviously frivolous, but in this case we will still give the submitter the written notice required by paragraph (d)(3) of this section (although this notice need not explain our decision or include a copy of the records), and we will notify the requester as described in paragraph (d)(5) of this section.