**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMGEN INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>F. HOFFMANN-LA ROCHE LTD, a )<br>Swiss Company, ROCHE DIAGNOSTICS )<br>GMBH, a German Company, and )<br>HOFFMANN LA ROCHE INC., a New )<br>Jersey Corporation, )<br>)<br>Defendants. )<br>) | Civil Action No.: 1:05-CV-12237 WGY |

**AMGEN'S SUPPLEMENTAL MEMORANDUM REGARDING
DEFENDANTS' MOTION TO PRECLUDE TESTIMONY FROM BELATEDLY
DISCLOSED FACT WITNESSES**

Amgen submits this supplemental brief in response to the Court's August 21, 2007 Order denying in part Roche's Motion to Preclude Testimony From Amgen's Belatedly Disclosed Fact Witnesses ("Motion to Preclude"). Given the Court's desire to further review the issue of whether Dennis Fenton may testify as a fact witness, the following supplementation relates specifically to why the Court should also deny Roche's request to preclude Mr. Fenton. Amgen files this supplemental brief to highlight that:

- Mr. Fenton is a replacement witness for Dr. George Rathmann, the former CEO of Amgen. Dr. Rathmann is too ill to attend the trial which would require serious disruption of his medical care. When Amgen discovered that Dr. Rathmann would not be able to attend the trial, it timely identified Mr. Fenton.

- Roche is not prejudiced by Amgen's substitution of Mr. Fenton for Dr. Rathmann. Indeed, although Roche never sought to depose Dr. Rathmann, Amgen has made Mr. Fenton available for deposition since his identification on July 10, 2007. Roche has chosen not take his deposition. Moreover, Amgen produced volumes of documents regarding Mr. Fenton during fact discovery, and since his identification has produced additional documents.

- If the Court does not allow Mr. Fenton to testify, Amgen will be severely prejudiced as Dr. Rathmann and Mr. Fenton are crucial witnesses to Amgen's defense of Roche's §102 and 103 counterclaims.

I.  **IT IS APPROPRIATE TO ALLOW AMGEN TO SUBSTITUTE MR. FENTON AS A FACT WITNESS FOR DR. RATHMANN.**

Amgen's disclosure of Mr. Fenton on July 10, 2007 was appropriate under the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 26 (a)(1)(A) provides that parties must disclose the names of individuals with discoverable information that the party <u>may use to support its claim or defenses</u>. FRCP 26(e)(1) provides that a party must supplement its Rule 26(a) disclosures when the party learns that the information in those disclosures is incomplete.[1] When Amgen filed its initial Rule 26(a) disclosure on November 6, 2006, it anticipated that it would use Dr. Rathmann to support its claims and defenses in this matter.[2] As the founder of Amgen, Dr. Rathmann had knowledge about Amgen's organization and management of the EPO project from its inception, the development of Amgen's EPO product teams, and the growth and commercial success of Amgen and Epogen® over time. Sadly, Amgen learned after the close of fact discovery that Dr. Rathmann's health had deteriorated to the point where he could not fly from California to Boston to testify.[3] Amgen — acting under the mandates of Rule 26 — immediately supplemented its disclosures and identified Mr. Fenton. Fenton, one of the few remaining original Amgen employees at Amgen, will testify regarding the same topics that Dr. Rathmann could have testified to.[4] It was appropriate for Amgen to designate Mr. Fenton at this date. Prior to July, Amgen did not intend to use Mr. Fenton to support its claims or defenses in this matter. But once Amgen learned that Dr. Rathmann was too ill to testify live in Boston, Mr. Fenton became an identifiable witness under Rule 26(a) and Amgen promptly disclosed his name to Roche.

Although Roche moves to preclude Mr. Fenton's testimony under Federal Rule of Civil Procedure 37(c)(1), preclusion under Rule 37 is appropriate only if (1) Amgen has no substantial

---

[1] *See* Fed. R. Civ. Proc. 26(e)(1).
[2] Docket No. 341, Exh. A (11/6/06 Defs' Initial Disclosures).
[3] *See* Decl. of Lloyd R. Day in Supp. Of Amgen's Opp'n to Roche's Mot. To Preclude Test. From Amgen's Belatedly Disclosed Fact Witnesses at ¶ 3.
[4] Mr. Fenton remains an employee at Amgen today, thus his knowledge of some issues, such as the growth and commercial success of Amgen and Epogen® is more recent than Dr. Rathmann.

justification for its untimely disclosure; and (2) there is harm caused by the disclosure.[5] As set forth above, Amgen has substantial justification for the timing of Mr. Fenton's disclosure — he replaces a witness Amgen anticipated calling whose illness and medical treatment have made him unavailable to testify — and thus preclusion on this basis alone is inappropriate.[6]

Moreover, preclusion under Rule 37 is also unwarranted because Roche is not prejudiced by the timing of Mr. Fenton's identification. First, Mr. Fenton will testify to topics that Dr. Rathmann would have addressed. Crucially, Roche never sought to take Dr. Rathmann's deposition even though he was identified on Amgen's initial Rule 26 disclosures. Moreover, Roche has received sufficient discovery regarding Mr. Fenton prior to trial. Although Roche never sought to take Dr. Rathmann's deposition, Amgen made Mr. Fenton available for a deposition immediately after identifying him on July 10, 2007. Roche has chosen not to depose Mr. Fenton. Furthermore, during fact discovery, Amgen produced numerous documents referencing Mr. Fenton. Indeed, Roche acknowledged in its Motion to Preclude that it knew from documents Amgen produced that Mr. Fenton was one of the original 15 employees at Amgen and that Mr. Fenton will be capable of providing testimony regarding Amgen's early history, and the early developments in the EPO project.[7] On August 21, 2007, Amgen supplemented its document production related to Mr. Fenton by producing another 634 documents.[8] Thus, Roche has available to it any information it might need to adequately examine Mr. Fenton at trial.

Finally, if this Court precludes Mr. Fenton from testifying it will cause significant prejudice to Amgen. Mr. Fenton will provide testimony regarding research and development leading to the inventions described and claimed in the patents-in-suit. Roche acknowledges in its

---

[5] *See Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 191 (1st Cir. 2006) (stating that Rule 37(c)(1) "excuses late disclosure if a party has 'substantial justification.' The first question we face, therefore, is whether [a party] establishes justification for his untimeliness. But even if it does not, we must consider whether his delay was harmless.")
[6] *Id.*
[7] *See* Roche's Motion to Preclude at p. 4.
[8] *See* Fraser Decl. Ex. 1 (Letters from J. Protas to P. Frantangelo enclosing production of Mr. Fenton's documents).

Motion to Preclude that this is a major issue in this case.[9] Precluding Amgen from replacing Dr. Rathmann with Mr. Fenton would prejudice Amgen by unfairly limiting Amgen's ability to defend against Roche's §102 and §103 counterclaims. It is well-established that courts should avoid prejudicing a party by precluding witness testimony, particularly when, as here, Roche has suffered no cognizable prejudice.[10]

## CONCLUSION

Amgen's substitution of Mr. Fenton for Dr. Rathmann comports with the Federal Rules of Civil Procedure. Because Roche will not suffer any actual harm by allowing Mr. Fenton to testify, and given Amgen's substantial justification, this Court should deny Roche's Motion to Preclude Mr. Fenton's testimony.

---

[9] *See* Roche's Motion to Preclude at p. 4.
[10] *See Gagnon*, 437 F.3d at 197-98. ("Trial judges must work a complicated equation, balancing fairness to the parties with the need to manage crowded dockets. This means that the court . . . must consider a multiplicity of pertinent factors, including the history of the litigation, the proponent's need for the challenged evidence, the justification for the late disclosure, and the opponent's ability to overcome its adverse effects.")

Dated:  August 17, 2007                              Respectfully Submitted,

                                                     AMGEN INC.,
                                                     By its attorneys,


Of Counsel:                                          */s/ Michael R. Gottfried*
                                                     D. Dennis Allegretti (BBO#545511)
Stuart L. Watt                                       Michael R. Gottfried (BBO# 542156)
Wendy A. Whiteford                                   Patricia R. Rich (BBO# 640578)
Monique L. Cordray                                   Christopher S. Kroon (BBO# 660286)
Darrell G. Dotson                                    DUANE MORRIS LLP
Kimberlin L. Morley                                  470 Atlantic Avenue, Suite 500
Erica S. Olson                                       Boston, MA 02210
AMGEN INC.                                           Telephone: (857) 488-4200
One Amgen Center Drive                               Facsimile: (857) 488-4201
Thousand Oaks, CA 91320-1789
(805) 447-5000                                       Lloyd R. Day, Jr. (*pro hac vice*)
                                                     DAY CASEBEER, MADRID &
                                                     BATCHELDER LLP
                                                     20300 Stevens Creek Boulevard, Suite 400
                                                     Cupertino, CA 95014
                                                     Telephone: (408) 873-0110
                                                     Facsimile: (408) 873-0220

                                                     William G. Gaede, III (*pro hac vice*)
                                                     McDERMOTT WILL & EMERY
                                                     3150 Porter Drive
                                                     Palo Alto, CA 94304
                                                     Telephone: (650) 813-5000
                                                     Facsimile: (650) 813-5100

                                                     Kevin M. Flowers (*pro hac vice*)
                                                     MARSHALL, GERSTEIN & BORUN LLP
                                                     233 South Wacker Drive
                                                     6300 Sears Tower
                                                     Chicago, IL 60606
                                                     Telephone: (312) 474-6300
                                                     Facsimile: (312) 474-0448

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants.

                                           */s/ Michael R. Gottfried*
                                           Michael R. Gottfried