# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> F. HOFFMANN-LA ROCHE, LTD., ROCHE DIAGNOSTICS GMBH, and HOFFMANN-LA ROCHE, INC. <br><br> Defendants. | Civil Action No. 05-CV-12237 WGY |

## ROCHE'S BENCH MEMORANDUM THAT LATER ADMISSIONS THAT THE STRUCTURE OF RECOMBINANT EPO IS IDENTICAL TO PRIOR ART URINARY EPO ARE RELEVANT AND ADMISSIBLE

Dr. Carolyn Bertozzi will be testifying today and relying on documents containing Amgen admissions that prior art urinary EPO has the same structure as its claimed product. Amgen has objected to all of these documents based on relevance. These documents are clearly relevant and are party admissions. Fed. R. Evid. 801(d)(2). Post-filing admissions that the structure of recombinant erythropoietin ("EPO") is identical to the that of prior art urinary EPO are admissible evidence to be considered by the fact-finder.

The case law is well-established that "later-issued patents and publications may be used to show the state of the art existing on the date of the application in question." *In re Koller*, 613 F.2d 819, 824 (C.C.P.A. 1980). As the Federal Circuit's predecessor court acknowledged, there is "no reason in law why it is not acceptable" to consider post-filing publications to demonstrate the characteristics of known prior art products. *In re Wilson*, 311 F.2d 266, 269 (C.C.P.A. 1962). The Manual of Patent Examining Procedure likewise states that "references cited to show a universal fact need not be available as prior art before applicant's filing date." (MPEP §2124 (8th

ed. Rev. 5, Aug. 2006).[1] Evidence of the identity of the structures of prior art urinary EPO and recombinant EPO is therefore relevant and admissible for Roche's invalidity case.

Defendants respectfully request that Defendants' Motion that Later Admissions that the Structure Of Recombinant EPO" Is Identical to that of the Urinary EPO in the Prior Art be granted.

Dated: September 12, 2007  
       Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,  
ROCHE DIAGNOSTICS GMBH, and  
HOFFMANN-LA ROCHE INC.

*By their Attorneys*

/s/ Keith E. Toms  
Leora Ben-Ami (*pro hac vice*)  
Mark S. Popofsky (*pro hac vice*)  
Patricia A. Carson (*pro hac vice*)  
Thomas F. Fleming (*pro hac vice*)  
Howard S. Suh (*pro hac vice*)  
Peter Fratangelo (BBO# 639775)  
Vladimir Drozdoff (*pro hac vice*)  
David L. Cousineau (*pro hac vice*)  
KAYE SCHOLER LLP  
425 Park Avenue  
New York, New York 10022  
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)  
Robert L. Kann (BBO# 258025)  
Julia Huston (BBO# 562160)  
Keith E. Toms (BBO# 663369)  
Nicole A. Rizzo (BBO# 663853)  
Kregg T. Brooks (BBO# 667348)  
BROMBERG & SUNSTEIN LLP  
125 Summer Street  
Boston, MA 02110  
Tel. (617) 443-9292  
ktoms@bromsun.com

---

[1] "[R]eferences cited to show a universal fact need not be available as prior art before applicant's filing date. Such facts include the characteristics and properties of a material or a scientific truism." (*Id.*, internal citation omitted.)

2

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

                                                        /s/ Keith E. Toms
                                                        Keith E. Toms

3099/501 738988.1