## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>F. HOFFMANN-LA ROCHE, LTD.,<br>ROCHE DIAGNOSTICS GMBH, and<br>HOFFMANN-LA ROCHE, INC.<br><br>        Defendants. | Civil Action No. 05-CV-12237 WGY |

### BENCH MEMORANDUM: THE '008 PATENT CLAIMS ARE CONSIDERED SOLELY FOR PURPOSES OF OBVIOUSNESS-TYPE DOUBLE PATENTING AND ARE NOT PRIOR ART FOR OBVIOUSNESS UNDER 103

Amgen's expired '008 patent is not prior art for the purposes of obviousness under 35 U.S.C. § 103 and is only relevant as to Roche's defense of obviousness-type double patenting.

At the hearing before the Court on Friday, September 7, the Court indicated that it would decide issues of obviousness-type double patenting when Roche rests on its invalidity case. The Court stated: "And for purposes of, for purposes of this aspect of the case, my ruling will inform you whether this or that Amgen claim on this or that Amgen patent is prior art against which the jury will decide whether the claims in suit are obvious." (Trial Tr. 507:2-6).

Roche submits this memorandum to clarify its position with respect to obviousness and obviousness-type double patenting and ensure that the parties have a clear understanding of the Court's position. Roche does not contend that the '008 patent is prior art for the purposes of the jury's determination of obviousness. It has always been Roche's position that the '008 patent claims are considered with respect to Roche's claim that the patents-in-suit are invalid for

1

obviousness-type double patenting.[1]  *See Eli Lilly & Co. v. Barr Labs.*, 251 F.3d 955, 967 (Fed. Cir. 2001) ("obviousness-type double patenting [prohibits] a party from obtaining an extension of the right to exclude through claims in a later patent that are not patentably distinct from claims in a commonly owned earlier patent").  Therefore, because the Court has indicated that ODP will be tried to the Court instead of the jury, the prior art status of the '008 patent is irrelevant to the jury's consideration of obviousness.

To the extent that the Court's decisions to (1) remove Roche's ODP defense from jury consideration and (2) rule on ODP at the close of Roche's invalidity case, were in any way guided by the notion that the '008 patent is prior art for purposes of obviousness, Roche respectfully requests clarification or reconsideration of the Court's position.

---

[1]    Roche realizes that the Court has already ruled that the '933, '422 and '349 patents are not invalid for ODP over the '008 and Roche's defense of ODP over the '008 is therefore limited to the '868 and '698 patents.

Dated: September 12, 2007
      Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys*

/s/ Keith E. Toms
Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky *(pro hac vice)*
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff (*pro hac vice*)
David L. Cousineau (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Robert L. Kann (BBO# 258025)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kregg T. Brooks (BBO# 667348)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

/s/ Keith E. Toms
Keith E. Toms

3099/501 738995.1