UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD ) ROCHE DIAGNOSTICS GmbH ) and HOFFMANN-LA ROCHE INC. ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S
GRANT OF SUMMARY JUDGMENT OF INFRINGEMENT OF '422 CLAIM 1**

Defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH and Hoffmann-La Roche Inc. (collectively, "Roche") respectfully submit this motion for reconsideration of the Court's grant of summary judgment of infringement of claim 1 of the '422 patent in light of new evidence – Amgen's own statements in a co-pending case before this Court – that was not available when the parties briefed and argued their summary judgment motions in this case.

Just days ago, Amgen made statements in a co-pending case before this Court that undermine the position it took in its motion for summary judgment in the instant case. Specifically, in a brief Amgen filed in the *HMR/TKT* case, Amgen acknowledged that not all proteins having the amino acid sequence of human erythropoietin are included within the scope of the '422 patent claim 1. In accordance with Amgen's position in the *HMR/TKT* case, proving infringement of claim 1 of the '422 patent requires a showing not only that the accused product has the amino acid sequence of Dr. Lin's EPO, but also that the accused product is

1

indistinguishable from Dr. Lin's EPO in terms of the structural and functional criteria that Amgen now claims define an EPO that is "purified from mammalian cells grown in culture."

In the instant case, though, Amgen asserted in its summary judgment pleadings that "the only difference between Lin's recombinant human EPO" and the EPO in CERA "is the attachment of a peg moiety to the EPO protein via a single bond."

Roche respectfully requests that the Court reconsider Amgen's motion for summary judgment of infringement of the '422 patent claim 1 on grounds that -- in light of the position Amgen just adopted in the *HMR/TKT* case -- there is a genuine issue of material fact as to whether CERA satisfies all of the structural and functional limitations alleged by Amgen to be imparted by the phrase "purified from mammalian cells grown in culture."

In support of this motion, Roche relies on the accompanying memorandum of law.

Dated: September 12, 2007

Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys*

/s/  Julia Huston
Lee Carl Bromberg (BBO# 058480)
Robert L. Kann (BBO #258025)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kregg T. Brooks (BBO# 667348)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
jhuston@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky *(pro hac vice)*
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.


/s/  Julia Huston
Julia Huston