## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
|   ) | |
| Plaintiff, ) | |
|   ) | Civil Action No.: 05-12237 WGY |
| v. ) | |
|   ) | |
|   ) | |
| F. HOFFMANN-LAROCHE ) | |
| LTD., a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company and HOFFMANN LAROCHE ) | |
| INC., a New Jersey Corporation, ) | |
|   ) | |
| Defendants. ) | |
| _____) | |

### AMGEN'S MOTION TO REMOVE THE "CONFIDENTIAL" DESIGNATION FROM THE JUNE 21, 2007 DEPOSITION TRANSCRIPT OF ROCHE'S EXPERT DR. THOMAS KADESCH

Defendants have misused the confidentiality provisions of the Protective Order entered by this Court in this case to hide non-confidential material information disclosed by one of their experts during his deposition. Consequently, Amgen respectfully requests that, pursuant to paragraph 8 of the Protective Order, the designation of the transcript of the June 21, 2007, deposition of Defendants' expert, Dr. Thomas Kadesch, as "Confidential" or "Highly Confidential" be removed.

On June 21, 2007, Amgen deposed Dr. Kadesch regarding his expert opinions in this case. Dr. Kadesch testified, consistent with his expert report, that he believes Dr. Lin's patents are invalid under Section 112. During his deposition, Dr. Kadesch was also questioned about his testimony last year on behalf of ARIAD Pharmaceuticals, Inc. (which was also represented by Defendants' lead counsel here, Ms. Ben-Ami), in a jury trial before Judge Zobel (*ARIAD Pharmaceuticals et al. v. Eli Lilly & Co.*, Civil Action No. 02 CV 11280 (RWZ)). In the ARIAD

case, Dr. Kadesch testified that ARIAD's patent was valid under Section 112. Consistent with that testimony, the jury found in favor of ARIAD, and final judgment was entered for ARIAD yesterday.[1]

During his June 21 deposition -- unable to reconcile his ARIAD testimony with his opinions regarding Section 112 issues in this case -- Dr. Kadesch unequivocally recanted his ARIAD trial testimony.[2] In a transparent attempt to hide his recantation from the ARIAD court and the U.S. Patent Office (where the ARIAD patent is currently in re-examination), counsel for Roche immediately designated the entire deposition transcript "Highly Confidential" under the Protective Order in this case. When asked for the basis of the designation, Roche's counsel responded simply that "I believe [the ARIAD] patent actually is in litigation currently with Amgen.[3] So therefore, I am going to mark it – mark this deposition outside eyes only."[4]

Amgen's counsel pointed out at the time, and in a subsequent letter, that the basis for the designation is improper, and requested that the designation be removed.[5] Mr. Suh simply ignored several subsequent requests by Amgen's counsel to further meet and confer on the issue.[6]

The designation of this transcript as "Confidential" – much less "Highly Confidential" -- is wholly improper: Dr. Kadesch's testimony does not relate in any way to confidential information of any party, much less "Highly Confidential" information as defined by the Protective Order in this action. His opinions regarding the validity of the ARIAD patent, about

---

[1] Exhibit 1 (*ARIAD Pharmaceuticals et al. v. Eli Lilly & Co.*, Civil Action No. 02 CV 11280 (RWZ) (D. Mass., Sept. 10, 2007) (Docket No. 417) ("*Ariad v. Lilly*").

[2] Exhibit 2 (June 21, 2007 Deposition Transcript of Thomas R. Kadesch, Ph.D.) at 257:21–270:16.

[3] Amgen sued ARIAD in 2006 to invalidate ARIAD's patent (U.S. Pat. No. 6,410,516) and contends that the ARIAD patent is invalid under Section 112.

[4] Exhibit 2 at 283:11-20.

[5] *See*, *e.g.*, Exhibit 2 at 283:21-25 and Exhibit 3 (Letter from Flowers to Suh of 7/2/07).

[6] Exhibit 4 (E-mail from Flowers to Suh of 8/9/07).

which he was questioned in his June 21 deposition, are already public – he testified in open court on behalf of ARIAD on those very issues in the *ARIAD v. Eli Lilly* case before Judge Zobel in April of 2006.[7] Dr. Kadesch's expert report from that case, about which he was also questioned on June 21, is publicly available on the PACER system.[8]

Not only is Dr. Kadesch's recantation of his ARIAD opinion relevant to the weakness of Roche's Section 112 attack on Dr. Lin's patents here, it is highly material to the ongoing proceedings relating to the ARIAD patent. To prevent a miscarriage of justice, Amgen respectfully requests that the Court order that the improper designation be removed pursuant to paragraph 8 of the Protective Order.

Roche has not and cannot meet its burden under the Protective Order for maintaining the designation. The designation must be removed to ensure that the ARIAD court and the U.S. Patent and Trademark Office has this testimony, which is highly material to the validity of the ARIAD patent. This Court should put an end to the improper "hide the ball" tactics of Roche's (and ARIAD's) counsel.

---

[7] Exhibit 5 (selected pages from Trial Transcript, Day 13, 2nd Session, in *Ariad v. Lilly* (April 27, 2006).

[8] Exhibit 6 (Rule 26(A)(2) Rebuttal Report of Thomas R. Kadesch, *Ariad v. Lilly*, (D. Mass., Feb. 3, 2006) (Docket Nos. 198-16 & 198-17)).

Respectfully Submitted,

AMGEN INC.,
By its attorneys,


     /s/ *Michael R. Gottfried*

| | |
|---|---|
| Of Counsel: | D.DENNIS ALLEGRETTI (BBO#545511) |
| | MICHAEL R.GOTTFRIED (BBO#542156) |
| | PATRICIA R. RICH (BBO# 640578) |
| STUART L. WATT | DUANE MORRIS LLP |
| WENDY A. WHITEFORD | 470 Atlantic Avenue, Suite 500 |
| MONIQUE L. CORDRAY | Boston, MA  02210 |
| DARRELL G. DOTSON | Telephone:     (857) 488-4200 |
| KIMBERLIN L. MORLEY | Facsimile:     (857) 488-4201 |
| ERICA OLSON | |
| AMGEN INC. | |
| One Amgen Center Drive | LLOYD R. DAY, JR. |
| Thousand Oaks, CA   91320-1789 | DAY CASEBEER |
| (805) 447-5000 |   MADRID & BATCHELDER LLP |

20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA  95014
Telephone:     (408) 873-0110
Facsimile:     (408) 873-0220


WILLIAM GAEDE III
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:     (650) 813-5000
Facsimile:     (650) 813-5100


KEVIN M. FLOWERS
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:     (312) 474-6300
Facsimile:     (312) 474-0448


September 13, 2007

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

                                            */s/ Michael R. Gottfried*
                                            Michael R. Gottfried


**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on September 13, 2007.

                                            */s/ Michael R. Gottfried*
                                            Michael R. Gottfried