# EXHIBIT 3

## MARSHALL, GERSTEIN & BORUN LLP

──────────── ATTORNEYS-AT-LAW ────────────

Kevin M. Flowers
(312) 474-6615
kflowers@marshallip.com

July 2, 2007

Howard Suh, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

      Re:    *Amgen Inc. v. F. Hoffmann LaRoche Ltd., et al. (05-CV-12237 WGY)*

Howard:

I write with respect to Roche's attempt to designate the transcript of Dr. Kadesch's June 21, 2007 deposition testimony as "highly confidential -- outside counsel eyes only." At the close of the deposition, you stated:

> I'd like to actually mark the transcript outside counsel's eyes only to the extent that Amgen counsel has actually raised issues with respect to the – issues with respect to the Ariad patent. I believe that patent actually is in litigation currently with Amgen. So therefore, I am going to mark it – mark this deposition outside eyes only. (Kadesch Transcript 283:11–20).

The deposition transcript has been marked as "highly confidential -- outside counsel eyes only." There is no basis for such designation. Paragraph 3 of the Amended Protective Order provides that:

> Discovery Materials may be designated as "Highly Confidential Material" pursuant to the terms of this paragraph. Discovery Materials designated as Highly Confidential Material **shall be limited to** (a) on-going and future clinical trials and communications with regulatory authorities regarding such trials; (b) on-going labeling negotiations for any therapeutic product pending but not yet approved for sale by a regulatory authority; and (c) active and on-going research and development of any therapeutic product for which no regulatory approval has yet been sought. (emphasis added)

MARSHALL, GERSTEIN & BORUN LLP

Howard Suh, Esq.
July 2, 2007
Page 2

  The designation of Dr. Kadesch's transcript as "highly confidential -- outside counsel eyes only" is improper, and should be withdrawn immediately. Dr. Kadesch's deposition testimony contains no confidential information of Amgen, Roche or any third party (much less information meriting a "highly confidential" designation). Your purported basis for the designation, that the Baltimore *et al.* '516 patent is currently involved in litigation involving Amgen, is not a valid basis for designation of Dr. Kadesch's testimony about that patent as "confidential" under the protective order in this case. Dr. Kadesch's opinions about the validity of the '516 patent are clearly public – he testified about the validity of that patent in open court in the *Ariad v. Eli Lilly* case in Delaware last year, and his expert report from the *Ariad v. Eli Lilly* case is publicly available from the U.S. Patent and Trademark Office files relating to the pending reexamination of the '516 patent.

  As you know, Dr. Kadesch's deposition testimony about the validity of the '516 patent is relevant to the pending reexamination of the '516 patent. As Ariad's attorneys regarding the '516 patent, Kaye Scholer has a duty to ensure that this testimony, which is clearly material to the patentability of the '516 patent, is disclosed to the U.S. Patent and Trademark Office. Kaye Scholer's attempt to designate this testimony as confidential under the protective order does not shield this testimony from the required disclosure to the PTO.

  Please advise by July 5, 2007 whether Roche will withdraw the confidentiality designation and send an appropriate notice to the reporting agency to correct the mis-designation. If Roche refuses to do so, we will be forced to seek relief from the Court.

            Sincerely,

            Kevin M. Flowers

KMF/mg

cc: Leora Ben-Ami
   Deborah E. Fishman