# EXHIBIT 5

```
0088
 1
 2
                    UNITED STATES DISTRICT COURT
 3                   DISTRICT OF MASSACHUSETTS
 4                   C.A. No. 1:02-cv-11280-RWZ
 5
 6   ARIAD PHARMACEUTICALS, et al.,
                    Plaintiffs
 7
              vs.
 8
     ELI LILLY & COMPANY,
 9                  Defendant
10              *********************
11
                         JURY TRIAL
12
                  Day  13, Second Session
13
14          BEFORE THE HONORABLE RYA W. ZOBEL
            UNITED STATES DISTRICT COURT JUDGE
15
16
                United States District Court
17           John J. Moakley U.S. Courthouse
                   1 Courthouse Way
18            Boston, Massachusetts 02210
                    April 27, 2006
19
20              ******************
21
22      REPORTER:  Loretta Hennessey, RPR, RMR
                   Tel:  617-771-8336
23
24
25
```

```
0089
 1    APPEARANCES:
 2    For the Plaintiff:
      Bromberg & Sunstein, LLP
 3    (By Lee C. Bromberg, Esq., and
      Kerry L. Timbers, Esq.)
 4    125 Summer Street
      Boston, Massachusetts 02110-1618
 5
      -AND-
 6
      Kaye Scholer, LLP
 7    (By Leora Ben-Ami, Esq.,
      Patricia A. Carson, Esq., and
 8    Thomas F. Fleming, Esq.)
      425 Park Avenue
 9    New York, New York 10022
10
11    For the Defendant:
      McDonnell Boehnen Hulbert & Berghoff LLP
12    (By Paul H. Berghoff, Esq.,
      Grantland G. Drutchas, Esq., and
13    David M. Frischkorn, Esq.)
      300 South Wacker Drive
14    Chicago, Illinois 60606-6709
15
16    Eli Lilly and Company
      (By Paul R. Cantrell, Esq.)
17    Associate General Patent Counsel
      Lilly Corporate Center
18    Indianapolis, IN 46285
19
20
21
22
23
24
25
```

```
0090
 1                        I N D E X
 2
 3    WITNESS              DIRECT   CROSS   REDIRECT   RECROSS
 4    Tom Kadesh
 5    (By Ms. Ben-Ami)       91               136
      (By Mr. Druchas)                114                138
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

0113

1   provide substantiating examples of the claimed methods, the
2   claims are deemed allowable in view of applicants claimed
3   amendments and arguments, applicants' withdrawal of the
4   remaining pending claims to expedite prosecution, and their
5   agreement to make several language changes of a formal nature.
6   Q.   So the examiner said that the response and the references
7   provide substantiating examples of the claimed methods.  What
8   did you understand that to mean?
9   A.   Well, that the applicants had made their point, that they
10  didn't need to supply a single structure or something like
11  that.
12  Q.   So based on your review as a scientist of the patent
13  application in 1989, your knowledge and experience, what would
14  be in your head as someone knowing the convention, in your
15  opinion, does the 1989 application provide sufficient written
16  description of Claims 80 and 95?
17  A.   It absolutely does.
18  Q.   And given if it was in '89, is that also true for 1990?
19  A.   Yes.
20  Q.   In your opinion, based on your knowledge and experience,
21  does the 1989 application enable one of ordinary skill in the
22  art to make and use the claimed inventions without undue
23  experimentation?
24  A.   That is correct.
25  Q.   And the same is true for '91?

0114

1    A.    The same is true for '91.
2    Q.    And now, in your opinion, based on your knowledge and
3    experience going back in time to 1989, considering reading the
4    written description from the perspective of one skilled in the
5    art and knowing the convention, in your opinion, does the '89
6    application provide sufficient written descriptions for Claim
7    144 and 145?
8    A.    Yes, they do.  Yes, it does.
9    Q.    And in your opinion, does that application enable one
10   skilled in the art to make and use these inventions in 144 and
11   145?
12   A.    Yes, it does.
13   Q.    As to 1991, would your opinions be the same, since they
14   are the same information.
15   A.    They would be exactly the same.
16            MS. BEN-AMI:  No further questions, your Honor.
17            THE COURT:  Let's stretch, members of the jury.
18            (Pause.)
19            THE COURT:  All right.  You may proceed.
20                    CROSS EXAMINATION
21   BY MR. DRUTCHAS:
22   Q.    Dr. Kadesch, good morning.
23   A.    Good afternoon.
24   Q.    Good afternoon.  I guess it is, isn't it?
25            In connection with your opinion, you understood that

0115

1   the claims and the patent has to enable one to practice the
2   full scope of the claims; is that correct?
3   A.   That's my understanding of the law.
4   Q.   And the written description, either of the April, 1989
5   application or the November, 1991 application, as filed, would
6   have to enable, or, excuse me, would have to provide written
7   description to support the full scope of the claims as issued?
8   A.   Yes.
9   Q.   So if the claims include human therapy, for example, then
10  enablement has to enable human therapy?
11          MS. BEN-AMI:  Objection, your Honor.  That's not the
12  law.  The claims don't require --
13          THE COURT:  He hasn't even finished the question yet.
14  I don't know what the question is.
15  Q.   If the claims encompass human therapy reducing NF-kappaB
16  activity in human therapy, then that human therapy has to be
17  enabled as part of the full scope of the claims?
18          MS. BEN-AMI:  I object as a mischaracterization of
19  the law.  You need to enable the claim.  You do not need to
20  enable all future embodiments.
21          THE COURT:  That is true.
22          MR. DRUTCHAS:  Section 112 clearly says you have to
23  enable the full scope of the claims.
24          MS. BEN-AMI:  But not all future embodiments.
25          THE COURT:  You may have the question.

```
0138
 1    look at small molecules.  Are there examples of inhibitors in
 2    the patent?
 3    A.    Small molecule?
 4    Q.    Are there examples of inhibitors?
 5    A.    Yes, there are.
 6    Q.    Physical examples, examples of a physical structure?
 7    A.    Yes, there is.
 8    Q.    Are there examples of physical structures of small pieces
 9    of DNA?
10    A.    That's correct.
11    Q.    So there are physical examples, examples of physical
12    products?
13    A.    Absolutely.
14    Q.    And, in addition, are there other teachings?
15    A.    Absolutely.
16               MS. BEN-AMI:  I have to further questions.
17               MR. DRUTCHAS:  I have just one further question.
18                         RECROSS EXAMINATION.
19      BY MR. DRUTCHAS:
20    Q.    Are there any working examples applying those supposed
21    inhibitors of NF-kappaB activity to reduce NF-kappaB activity
22    in cells anywhere in the '516 patent?
23    A.    Working examples?  You mean experiments that actually
24    show that that is happening?
25    Q.    Experiments that show those actually work to reduce
```

0139

```
 1   NF-kappaB activity in cells?
 2   A.   Not that I can recall.
 3             MR. DRUTCHAS:  No further questions, your Honor.
 4             THE COURT:  Thank you, Mr. Kadesch.
 5             THE WITNESS:  Kadesch.
 6             THE COURT:  You're excused.  That, I believe, is the
 7   end of the evidence, or is there rebuttal -- any other
 8   witnesses?
 9             MS. BEN-AMI:  Your Honor, I think that we have to
10   close subject to the exhibits, etcetera, etcetera.  In other
11   words, we're prepared to close, but we --
12             THE COURT:  I understand that there will be
13   additional exhibits, as I explained to the jury yesterday.
14             MS. BEN-AMI:  And also we have to attach to the
15   record the deposition reading that the court reporters didn't
16   take down.
17             THE COURT:  But that doesn't have to do with the
18   jury?
19             MS. BEN-AMI:  None of those things have do with the
20   jury.  I'm just creating the record that we have to do this
21   stuff.
22             THE COURT:  Does the plaintiff rest?
23             MS. BEN-AMI:  Yes.
24             THE COURT:  I guess it was the defendant who had to
25   rest.
```