# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05-12237 WGY |
| v. ) | |
| F. HOFFMANN-LA ROCHE ) | |
| LTD., a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company and HOFFMANN-LA ROCHE ) | |
| INC., a New Jersey Corporation, ) | |
| Defendants. ) | |

## PLAINTIFF AMGEN INC.'S EMERGENCY MOTION TO ALLOW AMGEN TO EXAMINE DR. DON CATLIN ON MONDAY, SEPTEMBER 24, OR IN THE ALTERNATIVE TO TAKE DEPOSITION *DE BENE ESSE*

### I.   INTRODUCTION

Plaintiff Amgen Inc. ("Amgen") respectfully submits this emergency motion requesting that the Court allow Amgen to examine Dr. Don Catlin on Monday September 24, 2007, whether or not Roche has rested its case-in-chief on validity issues. In the alternative, Amgen respectfully requests leave to take a <u>brief</u> deposition *de bene esse* of Dr. Catlin on Sunday evening September 23 or Monday September 24. In support thereof, Amgen states as follows.

### II.   DR. CATLIN'S TESTIMONY IS CRITICAL TO AMGEN'S VALIDITY DEFENSE

Dr. Catlin has information critical to the jury's consideration of this case that is uniquely in his possession. Dr. Catlin is a professor emeritus at UCLA and founder of the first sport testing laboratory in the United States (the UCLA Olympic Analytical Laboratory). Under Dr. Catlin's direction, the laboratory routinely tests for over 200 different illicit compounds,

1

including the use of recombinant EPO to accelerate erythrocyte production and increase oxygen carrying capacity in athletes.  As a result of his work, Dr. Catlin is uniquely qualified to testify as an expert regarding the structural differences between recombinant and urinary EPO and to lay the basis for Amgen's glycobiology expert Dr. Ajit Varki's testimony concerning the differences between the claimed invention and the prior art.  Specifically, Dr. Catlin intends to testify concerning isoelectric focusing ("IEF") experiments that were performed under his direction which demonstrate differences between recombinant and urinary EPO.[1]  Dr. Catlin must testify before Dr. Varki because Dr. Varki opines that comparisons between recombinant EPO and whole urine, such as those performed by Dr. Catlin, are directly relevant to the question of whether Goldwasser's prior art urinary EPO preparation is identical to the EPO products of the asserted '422 and '933 claims.[2]  Thus Dr. Catlin's testimony will play a critical role to Amgen's rebuttal to Roche's anticipation defense.

Dr. Catlin, however, is not available to testify between September 25 and October 4 as a result of long-standing professional commitments that cannot be rescheduled.[3]  Specifically, Dr. Catlin is traveling to Beijing China on the morning of Tuesday, September 25 for a meeting of

---

[1] See, e.g., 5/11/07 Catlin Report ¶ 69 ("All recombinant EPOs tested could clearly be distinguished from both EPO in normal urine and the international standard for urinary EPO.").

[2] See, e.g. 5/11/07 Varki Report ¶ 103 ("The IEF technique for detecting recombinant EPO in urine absolutely depends on the differences between every individuals' natural, native urinary EPO and recombinant EPO.  If the chemical structure of urinary and recombinant EPO were the same, the EPO doping assay simply could not work."); ¶ 107 ("The doping assay looks at *all* the isoforms of EPO that are present in an individual's urine. Therefore, the data shows all the isoforms of urinary EPO produced by the body that are present in a detectable quantity. Because it is not possible to purify an isoform that is not present in the starting material, I consider the results of the doping test on whole urine a reasonable indicator of *all* the isoforms of EPO that could have been present in any prior art urinary EPO.").

[3] *See* the attached Declaration of Don H. Catlin for an explanation of Dr. Catlin's commitments during this period.

the International Olympic Committee Medical Commission to inspect the drug testing laboratory established for the 2008 Beijing Olympics. Under the current trial schedule Amgen expects that it will rest its rebuttal case on validity before October 4 when Dr. Catlin returns. As a result, the only possible day for Dr. Catlin to testify would be Monday September 24.

Until as recently as this last Wednesday night, Roche indicated to Amgen that it expected to close its case on last Friday September 14.[4] Accordingly, Amgen did not expect that all the next trial day, Monday September 24, would be devoted to Roche's case-in-chief. But now, with Dr. Bertozzi still under examination, and Roche having indicated that it still has at least three witnesses to testify — Drs. Flavell, Egrie (by deposition), and Strickland (direct by deposition and cross live)[5] — it seems very likely that Roche has at least several additional hours of examination to conduct, which will preclude Amgen from calling its first witnesses on Monday the 24th.

As a result, Amgen has no effective alternative to seeking leave to examine Dr. Catlin out of order so that the jury may have the benefit of Dr. Catlin's important testimony.[6] Moreover, Dr. Catlin must testify before Dr. Varki, because Dr. Varki intends to rely on Dr. Catlin's experimental data. Amgen assures the Court that Dr. Catlin's direct testimony will take no longer than 30 minutes to complete.

---

[4] *See* 9/12/07 Letter from T. Fleming to R. Brown, Exhibit A to the attached Declaration of Jonathan D. Loeb..

[5] *See* 9/13/07 Letter from T. Fleming to R. Brown, Loeb Decl. Exhibit B.

[6] In order to avoid interrupting Roche's case, Amgen offered that if Roche would stipulate to the admissibility of Dr. Catlin's experimental data Amgen would not call him live, but Roche has not agreed. *See* 8/10/07 Email from D. Fishman to T. Fleming, Loeb Decl. Exhibit C.

**III.    A DEPOSITION DE BENE ESSE SHOULD BE PERMITTED:**

In the alternative, Amgen respectfully asserts that a deposition *de bene esse* of Dr. Catlin should be permitted. The majority of courts have held that a trial deposition is permitted even after completion of fact discovery, and does not necessitate an exception to the Scheduling Order. In *RLS Assocs., LLC v. The United Bank of Kuwait PLC*, 2005 U.S. Dist. LEXIS 3815 (S.D.N.Y. 2005), the court granted a motion for leave to take the trial deposition of a witness stating as follows:

> [T]he majority of courts considering this issue have made what can only be described as a federal common law distinction between "discovery depositions" and "trial depositions" (or alternatively, "preservation depositions"), and have held the latter category permissible even after the discovery deadline had passed.

*See Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 354 (D. Colo. 2001) (deposition *de bene esse* is "distinct" from a discovery deposition and "should be allowed without regard to any discovery deadlines"); *see also Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982) (same); *McNeal v. United States*, 689 F.2d 1200, 1201 (4th Cir. 1982) (approving use of *de bene esse*, in lieu of trial testimony); *Tatman v. Collins*, 938 F.2d 509, 511 (4th Cir. 1991) (trial deposition admissible at trial to the same extent as discovery deposition).[7]

Dr. Catlin has prepared a report in this case and has been deposed by Roche. Dr. Catlin will testify factually as to experiments performed at his direction demonstrating differences between recombinant and urinary EPO. A short deposition *de bene esse* would simply serve to preserve this witness' testimony in a form presentable at trial, since the witness will be unavailable during Amgen's rebuttal case on validity. *See Estenfelder*, 199 F.R.D. at 354-55 ("Appellant was not seeking to discover the deponent's testimony – appellant knew what [the

---

[7]    No reported decisions were found specifically addressing this point in this Court. Trial depositions were apparently permitted to be taken and used at trial in the following cases in this Circuit: *Skywizard.com, LLC v. Computer Personalities, Sys.*, 1999 U.S. Dist. LEXIS 21831 (D. Maine, 1999); *Murphy v. Frank Adam, Inc.*, 107 F.R.D. 744 (D. Maine 1985).

deponent] had to say – but was seeking a means for introducing [the deponent's testimony] at trial.").

Moreover, there is good cause for leave to take the deposition and Roche will not be prejudiced. Dr. Catlin's testimony is highly relevant and directly responsive to testimony heard Friday from Roche's expert Dr. Bertozzi that there are no detectable differences between naturally occurring and recombinant EPO. Given these representations of importance to one of Roche's central contentions, Roche cannot claim any prejudice from permitting Dr. Catlin's knowledge to be presented to the jury. Conversely, Amgen will suffer significant harm if Roche's unsupported assertions regarding the differences between naturally occurring and recombinant EPO are permitted to go to the jury without testimony from Dr. Catlin, a witness with information that is highly probative to their determination.

## IV.    CONCLUSION:

For the foregoing reasons, Amgen respectfully requests that it be allowed to examine Dr. Catlin on Monday, September 24, whether or not Roche has rested its case-in-chief on invalidity. In the alternative, Amgen respectfully requests leave to take the Dr. Catlin's deposition *de bene esse* in order that the jury may have the benefit of Dr. Catlin's important testimony.

Dated:  September 18, 2007                    Respectfully Submitted,

                                                           AMGEN INC.,
                                                         By its attorneys,

| Of Counsel: | /s/ *Michael R. Gottfried* |
|---|---|
|  | D. Dennis Allegretti (BBO#545511) |
| Stuart L. Watt | Michael R. Gottfried (BBO# 542156) |
| Wendy A. Whiteford | Patricia R. Rich (BBO# 640578) |
| Monique L. Cordray | DUANE MORRIS LLP |
| Darrell G. Dotson | 470 Atlantic Avenue, Suite 500 |
| Erica S. Olsen | Boston, MA 02210 |
| AMGEN INC. | Telephone: (857) 488-4200 |
| One Amgen Center Drive | Facsimile: (857) 488-4201 |
| Thousand Oaks, CA 91320-1789 |  |
| (805) 447-5000 | Lloyd R. Day, Jr. |
|  | DAY CASEBEER, MADRID & BATCHELDER LLP |
|  | 20300 Stevens Creek Boulevard, Suite 400 |
|  | Cupertino, CA 95014 |
|  | Telephone: (408) 873-0110 |
|  | Facsimile: (408) 873-0220 |
|  |  |
|  | William Gaede III |
|  | McDERMOTT WILL & EMERY |
|  | 3150 Porter Drive |
|  | Palo Alto, CA 94304 |
|  | Telephone: (650) 813-5000 |
|  | Facsimile: (650) 813-5100 |
|  |  |
|  | Michael F. Borun |
|  | Kevin M. Flowers |
|  | MARSHALL, GERSTEIN & BORUN LLP |
|  | 233 South Wacker Drive |
|  | 6300 Sears Tower |
|  | Chicago, IL 60606 |
|  | Telephone: (312) 474-6300 |
|  | Facsimile: (312) 474-0448 |

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I hereby certify that counsel for the Plaintiff has attempted to confer with counsel for the Defendants, F. Hoffman-LaRoche Ltd., Hoffman LaRoche Inc. and Roche Diagnostics GmbH, in an attempt to resolve or narrow the issues presented by this motion and that no agreement could be reached.

                                           /s/ Michael R. Gottfried
                                           Michael R. Gottfried

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on September 18, 2007.

                                             /s/ Michael R. Gottfried
                                           Michael R. Gottfried