UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., <br><br> Plaintiff, <br><br> v. <br><br> F. HOFFMANN-LA ROCHE LTD, <br> ROCHE DIAGNOSTICS GmbH <br> and HOFFMANN-LA ROCHE INC. <br><br> Defendants. | CIVIL ACTION No.: 05-CV-12237WGY |

### ROCHE'S OPPOSITION TO AMGEN'S MOTION TO REMOVE THE "CONFIDENTIAL" DESIGNATION FROM THE JUNE 21, 2007 DEPOSITION TRANSCRIPT OF ROCHE'S EXPERT DR. THOMAS KADESCH

Dr. Kadesch will not be testifying at trial, so Amgen's present motion regarding the confidentiality of his deposition testimony has no relevance to this case and thus should be denied as moot. Moreover, Amgen seeks the Court's sanction to blatantly violate the Stipulated Protective Order in this case by using this confidential discovery for another, wholly unrelated litigation. Amgen's manipulation of discovery and the judicial system should not be countenanced and its motion should be denied outright.

**ARGUMENT**

**I.      Amgen's Motion Is Moot**

Roche has informed Amgen that it will not be calling Dr. Kadesch during any phase of this trial, rendering his deposition testimony inadmissible hearsay. *See Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 163–64 (3rd Cir. 1995) (prior testimony of a non-testifying expert is inadmissible as hearsay); *In re Hidden Lake Ltd. Partnership*, 247 B.R. 722, 724 (S.D. Ohio,

2000) ("the deposition of the expert witness identified by the Debtor, but not called at trial, is not admissible over the Debtor's objection. Such testimony is inadmissible as hearsay."). Therefore, the issue of whether any portion of his deposition testimony is properly designated confidential has no conceivable bearing on any issue in this case. Therefore, Amgen's motion should be denied as moot.

In any event, however, Dr. Kadesch's testimony is properly designated as confidential under the Stipulated Protective Order in this case. The opinions of Roche's experts are confidential to Roche until such time as they are publicly disclosed at trial. Furthermore, no confidentiality was waived during this deposition, as it was subject to the Stipulated Protective Order, and all persons to whom it was disclosed signed express undertakings to keep it confidential.[1] Thus, because Dr. Kadesch will not be testifying at trial, his opinions are confidential to Roche and should remain so.

## II.    Amgen Improperly Seeks to Use Discovery Obtained In This Case For Use In a Different Wholly Unrelated Case

Amgen's transparent purpose in making this motion (and attaching the relevant testimony as an exhibit), is solely to use confidential expert discovery obtained in this case for a different and wholly unrelated action between ARIAD Pharmaceuticals and Amgen, which is currently pending in Delaware. This purpose is prohibited under the terms of the Court's Stipulated Protective Order in this case. Under that Order, any counsel with access to any discovery materials is to use them "for purposes of this litigation." (Amended Stipulated Protective Order ¶ 12, Docket No. 274). Moreover, each individual person — including each attorney — with access to confidential discovery information is required to affirm that any such discovery

---

[1] It has been Amgen's practice, as well as Roche's, to designate entire deposition transcripts, including expert depositions, as confidential pursuant to the Stipulated Protective Order. Thus, Roche did nothing improper in designating this deposition confidential.

material will be used "solely for purposes of this litigation." (*Id.*, at Attachment A). Thus, under the Protective Order, Amgen attorneys with access to discovery in this case are bound to use that discovery ***solely*** for the purposes of ***this*** litigation.

With this motion the Amgen attorneys so bound seek this Court's sanction to violate this stipulation and use discovery for no purpose related to this litigation whatsoever. Indeed, as Amgen admits, the reason Amgen raises this issue with the Court is only because it claims that portions of the deposition that have been designated confidential relate to *ARIAD Pharmaceuticals Inc. v. Eli Lily & Co.*, Civ. Action No. 02-11280-RWZ (D. Mass.), a different case involving neither Roche nor Amgen. (Amgen Motion at 3, describing the deposition testimony as "highly material to the ongoing proceedings relating to the ARIAD patent"). Moreover, it is worth noting that the same ARIAD patent is currently being asserted against Amgen in a concurrent litigation. Amgen's claims as to how the testimony relates to the ARIAD patents are flawed and overblown, but the key point is that the sole motivation behind Amgen's motion is to use this confidential deposition in another action in contravention of the Protective Order in this case. Courts have sternly punished litigants that in violation of protective orders use discovery from one case in support of allegations in another case. *See, e.g., In re Biovail*, 2007 WL 259933 (S.D.N.Y. Jan. 29, 2007) (ordering party to retrieve all copies of discovery used to support claims in another case).

Furthermore, the disclosure of this confidential information would be manifestly unfair to ARIAD Pharmaceuticals. The ARIAD patents are not on trial in this case, ARIAD was not represented in this deposition, and ARIAD had no opportunity to prepare the witness. Thus, ARIAD should not be prejudiced, especially when this issue has no bearing in *this case*.

Because Dr. Kadesch is not going to testify, Amgen's conclusory claim that the deposition testimony is somehow relevant to Roche's section 112 challenge to the Lin patents is baseless. Clearly, Amgen's motion is based on the improper purpose of using discovery in this case for another case — a motivation that the Court should not countenance, particularly as the witness whose deposition testimony is at issue is not going to testify at trial.

## CONCLUSION

For the foregoing reasons, Amgen's Motion to Remove the "Confidential" Designation From the June 21, 2007 Deposition Transcript of Dr. Thomas Kadesch should be denied.

DATED: Boston, Massachusetts
September 19, 2007

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys,*

/s/ Keith E. Toms

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO # 663853)
Kimberly J. Seluga (BBO# 667655)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 443-9292
ktoms@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Tel: (212) 836-8000

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

/s/ Keith E. Toms
Keith E. Toms

03099/00501 742724.1