## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMGEN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05 CV 12237 WGY |
| | ) | |
| F. HOFFMANN-LAROCHE LTD., | ) | |
| a Swiss Company, ROCHE DIAGNOSTICS | ) | |
| GMBH, a German Company, and | ) | |
| HOFFMANN LAROCHE INC., a New | ) | |
| Jersey Corporation, | ) | |
| Defendants. | ) | |
| | ) | |

### AMGEN'S OPPOSITION TO ROCHE'S MOTION TO FILE UNDER SEAL EXHIBIT 2 SUBMITTED WITH AMGEN'S MOTION TO REMOVE THE "CONFIDENTIAL" DESIGNATION FROM THE JUNE 21, 2007 DEPOSITION TRANSCRIPT OF ROCHE'S EXPERT DR. THOMAS KADESCH

Amgen respectfully requests that the Court deny Roche's motion to file the Kadesch deposition transcript excerpt under seal.[1]  Roche did not, and cannot, carry its burden under the Amended Protective Order, which states that "[n]o document shall be filed in Court under seal absent allowance of a particularized motion to seal that would be allowed **only if the filing includes a trade secret**."[2] Because, as Roche tacitly admits, the excerpt of Dr. Kadesch's June 21, 2007 deposition transcript does not contain any trade secret of Roche, nor does it satisfy any other requirement for designation as "confidential" under the Amended Protective Order,[3] Roche's motion to file the excerpt under seal should be denied.

---

[1] Roche's Motion To File Under Seal Confidential Exhibit Submitted In Connection With Amgen's Motion To Remove The "Confidential" Designation From The June 21, 2007 Deposition Transcript Of Roche's Expert Dr. Thomas Kadesch (Docket No. 1088).

[2] Amended Protective Order (Docket No. 274), ¶ 14 (emphasis added); *see also* Docket No. 159 at 2.

[3] *See* Amended Protective Order at ¶¶ 2-4 (defining certain categories of discovery materials as "Confidential," "Highly Confidential," and "Restricted Access Confidential.").

Dockets.Justia.com

Roche's surprise announcement[4] in its motion to seal that Dr. Kadesch will not testify at trial neither renders Amgen's motion[5] moot nor has any bearing on the Court's disposition of Roche's motion to file under seal. Even if this gambit could render the Kadesch testimony inadmissible, which it cannot, Roche's argument confuses the *admissibility* of the transcript excerpt with its *confidentiality*. Amgen has not moved the Court to *admit* the transcript excerpt into evidence; it has only asked the Court to remove the illegitimate confidentiality designation applied by Roche. The *admissibility* of the testimony has no bearing on the question before the Court, which is whether the transcript excerpt contains any "confidential" information under the Amended Protective Order. Because it does not, Amgen's motion should be granted and Roche's motion denied.

Finally, Roche's unsubstantiated accusation of Amgen's improper motive is likewise irrelevant to the issue before the Court. The transcript excerpt does not contain any confidential information of any party. Consequently, it should not be maintained as confidential under the Amended Protective Order, under which a subscriber agrees, *inter alia*, "[t]o use such **Confidential** Discovery Materials solely for purposes of this litigation . . . ."[6]

Where confidentiality designations are misused, as Roche has done with the Kadesch transcript, seeking relief from this Court is entirely proper and, indeed, is explicitly provided for

---

[4] Roche's statement in its motion that it "has informed Amgen that it will not be calling Dr. Kadesch during any phase of this trial" (Docket No. 1087 at 1) is false. To the contrary, Roche has repeatedly notified Amgen that Dr. Kadesch would testify at trial; most recently, Roche gave notice that Dr. Kadesch was expected to testify on September 12. Roche never subsequently withdrew Dr. Kadesch as a witness and has consistently and unilaterally asserted its right to modify its witness list at any time.

[5] *See* Amgen's Motion To Remove The "Confidential" Designation From The June 21, 2007 Deposition Transcript of Roche's Expert Dr. Thomas Kadesch (Docket No. 1063).

[6] *See* Amended Protective Order (Docket No. 274), Attachment A at 2 (emphasis added).

2

in the Amended Protective Order, ¶ 8. In accordance with the Amended Protective Order,

Amgen respectfully requests that the Court deny Roche's motion to seal (Docket No. 1088), and

grant Amgen's motion to remove Roche's inappropriate "confidential" designation from the June

21, 2007 deposition transcript of Dr. Thomas Kadesch (Docket No. 1063).

Dated:  September 21, 2007

Respectfully Submitted,

AMGEN INC.,
By its attorneys,

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
Kimberlin L. Morley
Erica S. Olson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-5000

*/s/ Patricia R. Rich*
D. Dennis Allegretti (BBO#545511)
Michael R. Gottfried (BBO# 542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (857) 488-4200
Facsimile: (857) 488-4201

Lloyd R. Day, Jr. (*pro hac vice*)
DAY CASEBEER, MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

William G. Gaede, III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Kevin M. Flowers (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

3

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on September 21, 2007.

*/s/ Patricia R. Rich*
Patricia R. Rich