UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD, ) | |
| ROCHE DIAGNOSTICS GmbH ) | |
| and HOFFMANN-LA ROCHE INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MOTION *IN LIMINE* TO PRECLUDE AMGEN FROM INTRODUCING THE DEPOSITION TESTIMONY OF DR. EDWARD HARLOW, A ROCHE EXPERT WITNESS, BECAUSE IT IS IRRELEVANT AND IS INADMISSIBLE HEARSAY**

**I.     INTRODUCTION**

Amgen has informed Roche that it will seek to introduce excerpts from the deposition of Dr. Edward Harlow, an expert microbiologist consulting for Roche that Roche is presently not planning to call at trial. Amgen should be precluded from using the deposition of Dr. Harlow in its case for the following reasons:

- Dr. Harlow is Roche's expert, not Amgen's, and Amgen has ample experts of its own. Furthermore, Amgen never ever identified Dr. Harlow as a person on whom it would rely at trial in its Rule 26(a)(1) disclosures.

- The deposition testimony of Dr. Harlow is inadmissible hearsay. Indeed, numerous courts have rejected similar attempts by litigants to use the deposition of an opponent's expert at trial.

- The testimony of Dr. Harlow relates to obvious-type double patenting, which is an issue this Court has said will not be presented to the jury. Therefore, his deposition testimony is irrelevant.

- Amgen's use of Dr. Harlow's testimony will confuse the jury and unfairly prejudice Roche.

## II.     ARGUMENT

### A.     Dr. Harlow Is Roche's Expert, Not Amgen's

Dr. Harlow, a Professor and Chair of the Department of Biological Chemistry and Molecular Pharmacology at Harvard Medical School, has been consulting in this case as an expert witness on behalf of Roche to testify that Amgen's patents are invalid for obviousness-type double patenting. After the Court determined that the remaining double patenting claims will not tried to the jury, Roche elected not to call Dr. Harlow as a witness in the jury trial. Nonetheless, Amgen inexplicably seeks to introduce certain deposition testimony of Dr. Harlow.

Dr. Harlow is not Amgen's expert. Amgen certainly has no need of Dr. Harlow's expert testimony, as Amgen has designated no fewer than ten (10) of its own experts to testify as to technical issues in this case. Moreover, Amgen has never included Dr. Harlow as a person on whom it would rely at trial in its four Rule 26(a)(1) disclosures. Because Dr. Harlow is not Amgen's expert, and because of Amgen's failure to include him as a possible witness, Amgen should be precluded from introducing his deposition testimony.

### B.     Dr. Harlow's Deposition Testimony Is Inadmissible Hearsay

Numerous courts have prohibited parties from introducing the deposition testimony of an opponent's expert — precisely what Amgen seeks to do here — on the ground that it is inadmissible hearsay. As these courts have explained, the deposition testimony of an expert cannot be admitted as an admission of a party opponent under Rule 801(d)(2). Nor is the deposition testimony admissible under any other rule.

As the Third Circuit explained in *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 164 (3rd Cir. 1995), "because an expert witness is charged with the duty of giving *his* or *her* expert *opinion*," the expert cannot "be authorized to make an admission," for the party that called him. Thus, the

court rejected a party's attempt to use the deposition testimony of the other side's expert in its case at trial, noting that the entire scheme of allowing expert testimony at trial is based on the notion that "expert witnesses are supposed to testify impartially in the sphere of their expertise," and that "as normally will be the case, the expert has not agreed to be subject to the client's control in giving his or her testimony." *Id.* There is no evidence here that Roche's relationship with Dr. Harlow is any different than that of a normal testifying expert witness.

Based on this rationale, numerous courts have rejected attempts to use the deposition testimony of the other side's expert. *See Pfizer, Inc. v. Ranbaxy Laboratories, Ltd.*, No. Civ.A. 03-209 JJF, 2005 WL 2296613 (D. Del. 2005) (patentee not entitled to use testimony from deposition of defendant's expert at trial); *Koch v. Koch Indus., Inc.*, 37 F.Supp.2d 1231, 1244-45 (D. Kan. 1998), *rev'd in part on other grounds*, 203 F.3d 1202 (10th Cir. 2000) (plaintiffs were not permitted to introduce deposition testimony of defendants' expert in their case in chief; the correct view is that an expert is not a "speaking agent" of the party that retains him); *In re Hidden Lake Ltd. Partnership*, 247 B.R. 722, 724 (S.D. Ohio, 2000) ("the deposition of the expert witness identified by the Debtor, but not called at trial, is not admissible over the Debtor's objection. Such testimony is inadmissible as hearsay."); *see also Sabel v. Mead Johnson & Co.*, 737 F.Supp. 135, 138 (D. Mass. 1990) (holding that expert consultants hired by party were not agents under a Rule 801 analysis).[1]

### C. Dr. Harlow's Testimony Is Irrelevant to the Issues Before the Jury

Roche retained Dr. Harlow as an expert witness to testify on issues relating to the invalidity of Amgen's patents based on obviousness-type double patenting. The Court has ruled that the issue of double patenting will not be decided by the jury. Accordingly, Roche will not

---

[1] The *Koch* court and others properly distinguish the type of fact situation in this case from one in which the proffered "expert" testified as to factual information he gathered in the case. *See Collins v. Wayne Corp.*, 621 F.2d 777 (5th Cir. 1980).

call Dr. Harlow at the jury trial, and his testimony — which concerns issues surrounding double patenting — would not be relevant to the issues before the jury.

### D.    Amgen's Use of Dr. Harlow's Testimony Will Unfairly Prejudice Roche

Finally, allowing Amgen to cherry-pick portions of Dr. Harlow's deposition testimony, which was given in the context of Roche's double patenting defense, is improper, and would be unduly prejudicial to Roche because of the very fact of his prior designation as Roche's expert witness.  *See Rubel v. Eli Lilly and Co.*, 160 F.R.D. 458, 460 (S.D.N.Y. 1995) ("permitting one party to call an expert previously retained or consulted by the other side entails a risk of very substantial prejudice stemming from the fact of the prior retention, quite apart from the substance of the testimony.  One leading commentator aptly has characterized the fact of the prior retention by the adversary as 'explosive.'") (internal citations omitted).  It strains credulity to imagine that Amgen seeks to introduce this testimony for any reason other than this very potential prejudicial effect.  As the Court is aware, Amgen has its own expert witnesses to cover all scientific and technical matters at issue in this trial, and, therefore, has no need to rely on Dr. Harlow's expert testimony.  Because Amgen can rely on its own experts, its use of Dr. Harlow's testimony should be precluded under Rule 403 as unduly prejudicial.  *Id.* at 460-61 (where expert does not possess unique evidence, prejudice outweighed need for plaintiff to call defendant's prior expert).

### CONCLUSION

For the foregoing reasons, Amgen should be precluded from introducing portions of the deposition transcript of Dr. Edward Harlow at trial.

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1

     I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and that no agreement could be reached.

DATED:    Boston, Massachusetts
              September 22, 2007          Respectfully submitted,

                                                   F. HOFFMANN-LA ROCHE LTD,
                                                   ROCHE DIAGNOSTICS GMBH, and
                                                   HOFFMANN-LA ROCHE INC.

                                                   *By their Attorneys,*

                                                   /s/ Keith E. Toms
                                                   Lee Carl Bromberg (BBO# 058480)
                                                   Julia Huston (BBO# 562160)
                                                   Keith E. Toms (BBO# 663369)
                                                   Nicole A. Rizzo (BBO # 663853)
                                                   Kimberly J. Seluga (BBO# 667655)
                                                   BROMBERG & SUNSTEIN LLP
                                                   125 Summer Street
                                                   Boston, MA 02110
                                                   Tel: (617) 443-9292
                                                   ktoms@bromsun.com

                                                   Leora Ben-Ami (*pro hac vice*)
                                                   Mark S. Popofsky (*pro hac vice*)
                                                   Patricia A. Carson (*pro hac vice*)
                                                   Thomas F. Fleming (*pro hac vice*)
                                                   Howard S. Suh (*pro hac vice*)
                                                   Peter Fratangelo (BBO# 639775)
                                                   KAYE SCHOLER LLP
                                                   425 Park Avenue
                                                   New York, NY 10022
                                                   Tel: (212) 836-8000

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

                                                     /s/ Keith E. Toms
                                                     Keith E. Toms

03099/00501 744206.1