# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN, INC.,<br><br>         Plaintiff,<br><br>    v.<br><br>F. HOFFMANN-LA ROCHE, LTD.,<br>ROCHE DIAGNOSTICS GMBH, and<br>HOFFMANN-LA ROCHE, INC.<br><br>        Defendants. | Civil Action No. 05-CV-12237 WGY |

## ROCHE'S MOTION TO QUASH SUBPOENA AD TESTIFICANDUM  SERVED ON THIRD PARTY BRUCE SPINOWITZ, M.D.

Dr. Bruce Spinowitz and F. Hoffmann-La Roche, Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche, Inc. (collectively "Roche") respectfully move pursuant to Fed. R. Civ. P. 26 and 45, and F.R.E. 611 for an order from this Court quashing the Subpoena Ad Testificandum, which was served on Dr. Spinowitz.

In the middle of his testimony, before he could even leave the Courtroom for the day, Amgen had a process server confront Roche expert, Dr. Bruce Spinowitz and thrust a subpoena at him that would require his attendance at Court on September 26, 2007.[1] Amgen can have no legitimate purpose for serving this process, as Amgen never listed Dr. Spinowitz as a witness in their trial witness list, never mentioned wanting him as a witness to Roche, and never even asked Roche if he would appear voluntarily.  In fact, despite repeated requests, Amgen has totally refused to explain why they served a subpoena on this physician and why they want this expert-

---

[1] Amgen has since indicated that they would require Dr. Spinowitz for October 2, 2007, but that letter still did not state any reason why this witness was subpoenaed in the Court.

744356_1

only witness at trial in their case.[2]  Thus, Dr. Spinowitz and Roche respectfully request that the

Court grant this motion to quash the subpoena.

In support of its motion, Dr. Spinowitz and Roche submit the accompanying

memorandum of law.

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the
issues presented by this motion and that no agreement could be reached.

---

[2] After repeated attempts to elicit a response from Amgen, when confronted with a Rule 7.1 request for this motion,
Amgen tersely and cryptically indicated that they wanted Dr. Spinowitz as a fact witness for injunction and
infringement issues.  This is frivolous as Amgen knows the Court has determined that the jury will not hear issues
related to any injunctive relief should it be necessary to address that issue.

DATED:     Boston, Massachusetts
September 22, 2007               Respectfully submitted,

BRUCE SPINOWITZ, M.D., and
F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys,*

 /s/ Keith E. Toms
Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO # 663853)
Kimberly J. Seluga (BBO# 667655)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 443-9292
ktoms@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Tel: (212) 836-8000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

 /s/ Keith E. Toms
Keith E. Toms

3099/501 744356.1

3