UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC.,<br><br>             Plaintiff,<br><br>     v.<br><br>F. HOFFMANN-LA ROCHE, LTD.,<br>ROCHE DIAGNOSTICS GMBH, and<br>HOFFMANN-LA ROCHE, INC.<br><br>             Defendants. | Civil Action No. 05-CV-12237 WGY |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA AD TESTIFICANDUM SERVED ON THIRD PARTY BRUCE SPINOWITZ, M.D.**

In the middle of his testimony, before he could even leave the Courtroom for the day, Amgen had a process server confront Roche expert, Dr. Bruce Spinowitz and thrust a subpoena at him that would require his attendance at Court on September 26, 2007.[1]  Amgen can have no legitimate purpose for serving this process, and it should be quashed. Amgen never listed Dr. Spinowitz as a witness in their trial witness list, never mentioned wanting him as a witness to Roche, and never even asked Roche if he would appear voluntarily.  In fact, despite repeated requests, Amgen has totally refused to explain why they served a subpoena on this physician and why they want this expert-only witness at trial in their case.[2]  When asked at trial the day he was served, Mr. Day told Roche's lawyers that he did not know anything about a subpoena for Dr. Spinowitz.  Amgen's other lawyers also refused to explain the subpoena although asked on three

---

[1] Amgen has since indicated that they would require Dr. Spinowitz for October 2, 2007, but that letter still did not state any reason why this witness was subpoenaed in the Court.

[2] After repeated attempts to elicit a response from Amgen, when confronted with a Rule 7.1 request for this motion, Amgen tersely and cryptically indicated that they wanted Dr. Spinowitz as a fact witness for injunction and infringement issues.  This is frivolous as Amgen knows the Court has determined that the jury will not hear issues related to any injunctive relief should it be necessary to address that issue.

744355_1

other separate occasions by Roche's attorneys.  Amgen's silence only confirms Roche's suspicions that this was a gambit by Amgen to intimidate this witness during his testimony.  This is especially so because Amgen spent over two hours cross-examining him <u>after</u> they served him with a subpoena.  Amgen's silence confirms Roche's belief that the service is how Amgen believes that they could effectuate this process, especially since Amgen did not identify Dr. Spinowitz as a potential witness prior to trial, and failed to reserve the right to recall Dr. Spinowitz when dismissed from the stand by this Court.  Therefore, pursuant to Fed. R. Civ. P. 26 and 45, and F.R.E. 611, Dr. Spinowitz and F. Hoffmann-La Roche, Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche, Inc. (collectively "Roche") respectfully move for an order from this Court quashing the Subpoena.

## STATEMENT OF FACTS

Dr. Spinowitz is a physician and resident of New York State.

Amgen has never sought factual discovery of any sort from Dr. Spinowitz.  Amgen has never disclosed its intent to call Dr. Spinowitz to testify as a witness in this case.  According to its amended Rule 26 initial disclosures (Exh. B) and the Pretrial Memorandum (Exh. C), Amgen did not disclose to Roche or this Court that it intended to call Dr. Spinowitz as a fact or expert witness to testify at trial, nor did Amgen designate any portion of Dr. Spinowitz's Aug. 28, 2007 deposition testimony as being relevant factual information that should be included in the record in this case.

Dr. Spinowitz has already testified at trial for two days as an expert witness for Roche in this proceeding.  During his lengthy cross examination, Amgen had ample opportunity to question Dr. Spinowitz regarding the opinions set forth in his expert reports.  At the close of his

testimony, this Court dismissed Dr. Spinowitz from the stand, at which time Amgen failed to reserve the right to recall him.

Having never mentioned Dr. Spinowitz as a witness, Amgen had a process server lay in wait for Dr. Spinowitz outside the courtroom during his testimony and then abruptly thrust a subpoena at him. Amgen's tactics are unprofessional, discourteous and a clear abuse of process.

## ARGUMENT

Fed. R. Civ. P. 45(c)(3)(A) specifically provides that the Court may quash a subpoena served for improper or oppressive purpose, as the one served on Dr. Spinowitz. Dr. Spinowitz was excused from the stand by the Court on September 12, 2007, Amgen's attempt to require him to be back in Boston at some later time in a separate part of the case can only be for purposes of abuse and harassment. Dr. Spinowitz's prior appearances both before this Court and at his deposition exhibit his complete cooperation in this dispute and should be afforded great weight by this Court. *Weinman v. Cable*, 427 F.3d 49, 53 (1st Cir. 2005) (citing *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)). Roche respectfully asks that the subpoena be quashed.[3]

Amgen has never sought factual discovery from this witness nor has it ever disclosed its intention to call Dr. Spinowitz as a fact witness. This Court should summarily quash this subpoena under this Court's controlling Pretrial Memorandum and under Fed. R. Civ. P. 26(a)(1).

It is well settled that Amgen may not subpoena an adverse party's expert to compel additional expert testimony, particularly after that witness was excused from the stand by the

---

[3] In his expert reports in this case, Dr. Spinowitz has also offered expert opinions regarding certain non-infringement issues, and may, depending on the way he evidence unfolds testify as an expert for Roche during the infringement phase of the case as well.

3

Court.  Fed. R. Civ. P. 45(c)(3)(B)(ii); *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004); *In re Cisco Systems, Inc.*, 2005 WL 1827845 (D.Mass. 2005).

In addition, under F.R.E. 611(a) this Court has the discretion to exercise reasonable control over the mode and order of interrogating witnesses so as to avoid needless consumption of time and to protect a witness from harassment.  Roche respectfully requests this Court to exercise its discretion in this case.  Dr. Spinowitz was dismissed from the stand by this Court on September 12, 2007, after Amgen conducted detailed cross examination for over two hours and at which time Amgen failed to reserve its right to recall him.   Roche respectfully requests this Court to exercise its discretion in this case.

## CONCLUSION

Based on the foregoing, Dr. Spinowitz and Roche respectfully request that the Court grant its motion to quash the subpoena.

DATED:   Boston, Massachusetts
         September 22, 2007         Respectfully submitted,

BRUCE SPINOWITZ, M.D., and
F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys,*

 /s/ Keith E. Toms
Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO # 663853)
Kimberly J. Seluga (BBO# 667655)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 443-9292
ktoms@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Tel: (212) 836-8000

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

 /s/ Keith E. Toms
Keith E. Toms