UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>F. HOFFMANN-LA ROCHE LTD, )<br>ROCHE DIAGNOSTICS GmbH )<br>and HOFFMANN-LA ROCHE INC. )<br><br>Defendants. ) | CIVIL ACTION No.: 05-CV-12237WGY |

**ROCHE'S OPPOSITION TO AMGEN'S BENCH MEMORANDUMS (D.I. 1048 and
1049) REGARDING THE AUTHENTICATION OF A JAN. 11, 1984
TELEX AND A JANUARY 16, 1984 LETTER**

Amgen has introduced no evidence at trial, nor pointed to any evidence admissible at this

trial in support of its claim that two documents -- Exhs. BAH and FJX -- that appear to have been

created by third parties-- are authentic.  In two bench memoranda (Docket Nos. 1048, 1049),

Amgen fails to show that admissible evidence presented at this trial establishes the authenticity

of either document.  Instead, Amgen attaches inadmissible evidence regarding these documents

from another action in which Roche was not involved.

Amgen's submissions fail to meet its burden to show that the two documents are

authentic.  Federal Rule of Evidence 901(a) imposes on the proponent of evidence, "the burden

of proving its authenticity."  31 Wright & Miller, §7104 at 34-35 (2000).  Because the burden

rests with Amgen, "the opponent need not present evidence disputing the authenticity in support

of an objection on that ground."  *Id.*  Importantly, "[i]n determining whether a matter is

authentic, a court may only consider evidence that is itself admissible."  *Id.* at p. 29; *see also*

*United States v. Kaiser*, 660 F.2d 724, 731 (9th Cir. 1981) (trial court erred in admitting evidence as authentic based on stricken testimony).  Here, Amgen appends only pleadings and testimony from a case not involving Roche with no explanation as to how that evidence is admissible here.  In fact, it is not.  The prior testimony of witnesses that Roche has not had the opportunity to cross-examine constitutes the plainest hearsay that is not admissible.

Moreover, Amgen's arguments that the non-admissible evidence it submits demonstrates authenticity ring hollow.  Amgen invokes FRE 901(b)(8) to claim that the documents are authentic.  That rule recognizes that a document may be authenticated if the proponent, "proves that the item is 20 years old, is in a condition that does not raise suspicions as to authenticity, ***and*** was found in a place of natural custody for such an item."  31 Wright & Miller § 7113 at 131 (2000) (emphasis added).  Amgen fails at all levels of this test.  Amgen offers no evidence proving either document is 20 years old.  In support of the documents' chain of custody, Amgen offers only the declaration of an in-house paralegal that the documents relate to Amgen's litigation against third parties and were found in Amgen's legal files.  That declaration says nothing about the chain of custody for these documents from the time they were authored (by non-Amgen persons), to the present, nor does it remove suspicions as to authenticity.  To the contrary, the fact that Amgen's proof shows only that these documents were kept as part of a litigation file against the employers of the supposed authors of those documents increases -- rather than diminishes -- suspicions.

Nor do the other bases Amgen invokes prove authentication.  Amgen claims that exhibit FJX is authenticated by testimony of a witness with knowledge under FRE 901(b)(1).  But there is no testimony in this case authenticating that document -- and certainly no one whose

knowledge is subject to cross-examination by Roche.  Accordingly, 901(b)(1) cannot establish the authenticity of these documents.

Similarly unavailing is Amgen's claim that these documents bear distinctive characteristics under FRE 901(b)(4).  The documents are both standard typewritten documents, which other than some handwriting are patently not distinct.  Notably, Amgen offers no evidence regarding the handwriting, the only distinctive feature of these documents.  .

## CONCLUSION

For the foregoing reasons, the Court should not admit Amgen Exhs. BAH and FJX on the ground that Amgen has not shown them to be authentic.

Dated:  September 23, 2007
Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys,*

/s/ Thomas F. Fleming
Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

3

Lee Carl Bromberg (BBO# 058480)
Robert L. Kann (BBO# 258025)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kregg T. Brooks (BBO# 667348)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
nrizzo@bromsun.com

## CERTIFICATE OF SERVICE

I certify that, on the above date, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

/s/ Thomas F. Fleming
Thomas F. Fleming

4