IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>F. HOFFMANN-LA ROCHE, LTD.,<br>ROCHE DIAGNOSTICS GMBH, and<br>HOFFMANN-LA ROCHE, INC.<br><br>    Defendants. | Civil Action No. 05-CV-12237 WGY |

## ROCHE'S OPPOSITION TO AMGEN'S BENCH MEMORANDUM REGARDING FRITSCH DEPOSITION TESTIMONY

Roche submits this memorandum in response to Amgen's bench memo (D.I. 1031) requesting that this Court instruct the jury to disregard both the deposition testimony of Dr. Fritsch that Roche has already read into the record as well as the expert testimony of Dr. Lowe based thereon. Contrary to Amgen's arguments, Dr. Fritsch's testimony is prior art under Section 102(g) and is also relevant evidence of "simultaneous invention."

The effective filing date of the Lin patents is November 30, 1984. According to Dr. Fritsch's own testimony, which Amgen does not dispute, Dr. Fritsch isolated the EPO gene August 20, 1984,[1] and expressed EPO in CHO cells September 1984.[2] Dr. Fritsch had completed his invention before Amgen's effective filing date. Thus, Dr. Fritsch's testimony qualifies as Section 102(g) prior art.

---

[1] Trial Transcript September 7, 2007 at 355:19-356:17; *See also* Amgen's Bench Memo at 2.

[2] Trial Transcript September 7, 2007 at 360:5-360:21; *See also* Amgen's Bench Memo at 2.

Dockets.Justia.com

Dr. Fritsch's testimony is not only prior art under Section 102(g), but is also relevant evidence of "simultaneous invention." Evidence that others, working under the same state of the art, arrived at the same patented subject matter, tends to show that the claimed invention was obvious and is, therefore, relevant to the obviousness inquiry.[3] The fact that Dr. Fritsch received his first shipment of EPO from Dr. Miyake in April 1984,[4] cloned the EPO gene by August 20, 1984 and isolated EPO from CHO cells in September 1984, indicates that Dr. Fritsch's work preceded, by approximately three months, the November 30, 1984 effective filing date of Amgen's patents. This evidence of "simultaneous invention" and is probative with respect to the ultimate conclusion of obviousness. Given that Dr. Fritsch's testimony was relevant and properly admitted there is no basis for striking Dr. Lowe's testimony based on the Fritsch testimony.

Absent proof of an earlier date of invention, the invention date is the filing date of a patent application disclosing the subject matter claimed.[5] It is Amgen's burden to show an earlier date of invention. Amgen has introduced no evidence to support its contention that Dr. Lin conceived and reduced any of the claimed subject matter to practice before November 30, 1984. Instead, Amgen asks the Court to take judicial notice of facts set forth in *Amgen Inc. v.*

---

[3] *See Monarch Knitting Machinery Corp. v. Sulzer Morat GMBH*, 139 F.3d 877, 883-84 (Fed. Cir. 1998) ("Although this court has noted the relevance of contemporaneous independent invention to the level of ordinary knowledge or skill in the art,... it has also acknowledged the view that this evidence is relevant as a secondary consideration..."); *Ecolochem, Inc. v. Southern California Edison Co.*, 227 F.3d 1361, 1379, (Fed. Cir. 2000)("The fact of near-simultaneous invention, though not determinative of statutory obviousness, is strong evidence of what constitutes the level of ordinary skill in the art."); *Bose Corp. v. JBL, Inc.*, 112 F. Supp.2d 138, 155 (D. Mass. 2000), *aff'd*, 274 F.3d 1354, 61 USPQ2d 1216 (Fed. Cir. 2001)("Evidence of a contemporaneous independent development is relevant to obviousness as a secondary consideration.").

[4] Trial Transcript September 7, 2007 at 350:21-351:8 *See also* TRX QEI.

[5] *See Amgen Inc. v. Chugai Pharmaceutical Co.*, Ltd., 13 U.S.P.Q.2d 1737, 1762 (D. Mass. 1989), *aff'd in part, vacated in part,* 927 F.2d 1200, 18 USPQ2d 1016 (Fed. Cir. 1991)("As a general rule, the date an application adequately disclosing the invention is filed is presumed to be the date of invention. 3 D. Chisum, Patents § 10.03[1], at 10-25 (1989). The inventor bears the burden of proving an earlier date of invention by showing either an earlier actual reduction to practice or an earlier conception and diligence to reduction to practice. Id.")

2

*Chugai Pharm. Co.,* 1989 U.S. Dist. LEXIS 16110 (D. Mass. 1989).[6] However, the claims asserted in this case were not at issue in that case. Moreover, Roche was not a party to that litigation and is not bound by any of the findings therein.

Amgen is likewise asking the Court to take judicial notice of facts found by the Board of Patent Appeals and Interferences in the *Fritsch v. Lin* interference proceedings.[7] The Board of Patent Appeals and Interferences is an administrative agency and its decision does not bind this Court. Moreover, Roche, again, was not a party to and is not bound by those proceedings.

In any event, the "facts" of which Amgen asks this Court to take judicial notice are neither "generally known" nor "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," as required by F.R.E. 201..

For the above reasons, the Court should reject Amgen's request that that the jury be instructed to disregard the testimony of Dr. Fritsch and Dr. Lowe's opinion based thereon.

Dated: September 23, 2007  
       Boston, Massachusetts

Respectfully submitted,

F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc.

By their Attorneys,

/s/  *Thomas F. Fleming*  
Leora Ben-Ami (*pro hac vice*)  
Patricia A. Carson (*pro hac vice*)  
Thomas F. Fleming (*pro hac vice*)  
Howard S. Suh (*pro hac vice*)  
Peter Fratangelo (BBO# 639775)  
Vladimir Drozdoff (*pro hac vice*)  
Kaye Scholer LLP  
425 Park Avenue  
New York, New York 10022  
Tel. (212) 836-8000

---

[6] Amgen's Bench Memo at 2 n.10.

[7] Amgen's Bench Memo at 3 n.11.

        Lee Carl Bromberg (BBO# 058480)
        Timothy M. Murphy (BBO# 551926)
        Julia Huston (BBO# 562160)
        Keith E. Toms (BBO# 663369)
        Nicole A. Rizzo (BBO# 663853)
        Bromberg & Sunstein LLP
        125 Summer Street
        Boston, MA 02110
        Tel. (617) 443-9292
        ktoms@bromsun.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on the above date.

        /s/  *Thomas F. Fleming*
        Thomas F. Fleming