# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>F. HOFFMANN-LAROCHE LTD., )<br>a Swiss Company, ROCHE DIAGNOSTICS )<br>GMBH, a German Company, and )<br>HOFFMANN LAROCHE INC., a New )<br>Jersey Corporation, )<br>)<br>Defendants. )<br>) | Civil Action No. 05 CV 12237 WGY |

### PLAINTIFF AMGEN INC.'S OPPOSITION TO ROCHE'S
### MOTION TO QUASH SUBPOENA AD TESTIFICANDUM
### SERVED ON THIRD PARTY BRUCE SPINOWITZ, M.D.

Amgen's action in serving Dr. Spinowitz with a subpoena requiring his appearance at trial was proper and the subpoena should not be quashed. Roche's motion is nothing more than its latest attempt to prevent Dr. Spinowitz from providing further factual testimony in this litigation.[1] Having conceded that it was mistaken with respect to its argument that service of the subpoena was not proper, Roche now seeks to have the Court quash the subpoena because Amgen did not list Dr. Spinowitz as a fact witness and because Amgen already had the opportunity to cross examine him. Both arguments, however, are without merit.

Because Dr. Spinowitz was not even deposed in this case until August 28, 2007, well after the parties submitted their Joint Pretrial Memorandum, it is unsurprising that Amgen was

---

[1] No one is disputing that Dr. Spinowitz has cooperated in this matter by appearing for deposition and appearing at trial. However, Amgen's only guarantee that Dr. Spinowitz will appear again at trial was to serve him with a subpoena. Under the Fed. R. Civ. P. a subpoena is the only mechanism a party has to ensure that a witness appears at trial. If Amgen had refrained from serving a subpoena and Dr. Spinowitz did not appear, Amgen would be without recourse.

not able to list Dr. Spinowitz as a fact witness in the August 10 Memorandum. Furthermore, in the Joint Pretrial Memorandum, Amgen indicated that it reserved its right to call rebuttal witnesses. Dr. Spinowitz is just that -- a rebuttal witness. Amgen's purpose in calling Dr. Spinowitz is to elicit factual testimony relevant to the infringement portion of the case. To the extent that Roche argues that CERA is materially changed due to its once-monthly dosing schedule, Amgen intends to elicit Dr. Spinowitz's testimony regarding a study he was involved in using once-monthly dosing of epoetin-alfa to effectively treat the anemia of CRF. In addition, Dr. Spinowitz's testimony is relevant to Amgen's claims against Roche of inducement of infringement.

     Amgen's purpose in calling Dr. Spinowitz is to elicit factual testimony relevant to the infringement portion of the case. In its pre-trial brief, Roche argues that even if CERA (peg-EPO) infringes Amgen's patents, this court should ignore this infringement because it would be "wholly inequitable to hold Roche liable" when the "prolonged half-life of CERA translates into a result that will make a significant difference to patients." [2] Dr. Gregory Longmore, a Roche expert, opines peg-EPO is materially changed from the EPO product of Amgen's patented process because based CERA has a longer clinical dosing interval (i.e., it can be given to patients less frequently).[3] For example, Dr. Longmore has opined that CERA's longer dosing intervals of "once or even twice per month provide a significant advantage to patients who, for example, if treated with EPOGEN would otherwise receive as many as three painful, frequent injections per week."[4]

---

[2] Roche's Pre-Trial Brief, p. 25. Docket # 919.

[3] Longmore Report ¶¶ 173-86.

[4] Longmore Report ¶ 184.

Dr. Spinowitz, however, recently participated in a study and co-authored an abstract indicating that recombinant EPO can be safely and effectively administered to chronic kidney patients once per month, just like peg-EPO.  Amgen intends to elicit this testimony from Dr. Spinowitz, if Roche attempts to argue that the dosing interval of peg-EPO is materially different. As a physician, Dr. Spinowitz may also have relevant factual testimony to the issue of Roche's imminent inducement of infringement.

As noted, the testimony that Amgen intends to elicit from Dr. Spinowitz is relevant to the infringement phase of the trial.  Accordingly, Amgen could not have elicited this testimony during its cross-examination of Dr. Spinowitz during the validity phase of trial.  To attempt to do so would have run afoul of the Court's order that cross-examinations were limited to the phase of the trial in which they were being conducted.  Therefore, in order to ensure Dr. Spinowitz's appearance at trial during the infringement phase, Amgen was required to subpoena him.

As such it is neither improper nor oppressive for Amgen to have subpoenaed Dr. Spinowitz.  Indeed, it was the only option Amgen had because, as Roche has indicated, Dr. Spinowitz is a third party who resides in New York and as such the only way Amgen could ensure his appearance at trial was to subpoena him as it did when he was in the Commonwealth of Massachusetts.

Lastly, there is no requirement that a party provide an individual with the specific basis for why they are being subpoenaed to testify at trial.  All that is required, pursuant to rule 45, is that the individual be provided with a subpoena that indicates the time, date and location where they are required to appear.  Notwithstanding that no such requirement exists, Amgen did inform Roche that Dr. Spinowitz had factual information that was relevant to the infringement phase of

the litigation.[5]  Nonetheless, even when it became aware of the specifics of why Dr. Spinowitz was subpoenaed, Roche still proceeded to file this motion to quash.

Dr. Spinowitz's testimony is without question both factual in nature and relevant to the infringement phase of this litigation.  As such the Court should not exercise its discretion and quash the subpoena.

## CONCLUSION

For the reasons set forth above, Roche's motion to quash the subpoena served on Dr. Spinowitz should be denied.

---

[5] Amgen's counsel offered to have a telephone conference with Roche's counsel to discuss the subpoena including the reasons why Dr. Spinowitz's testimony was needed.  Roche's counsel refused to have such a call and indicated that Amgen's counsel should email what the reasons were, which is exactly what Amgen's counsel did.  Having refused to engage in a discussion and demanding an answer by email, Roche should not now be heard to complain that the information was "cryptic."

Dated: September 23, 2007                                Respectfully Submitted,


                                                         AMGEN INC.,
                                                         By its attorneys,



                                                         */s/ Patricia R. Rich*
Of Counsel:                                              D.DENNIS ALLEGRETTI (BBO#545511)
                                                         MICHAEL R.GOTTFRIED (BBO#542156)
                                                         PATRICIA R. RICH (BBO#640578)
STUART L. WATT                                           DUANE MORRIS LLP
WENDY A. WHITEFORD                                       470 Atlantic Avenue, Suite 500
MONIQUE L. CORDRAY                                       Boston, MA 02210
DARRELL G. DOTSON                                        Telephone:    (857) 488-4200
KIMBERLIN L. MORLEY                                      Facsimile:    (857) 488-4201
ERICA S. OLSON
AMGEN INC.                                               LLOYD R. DAY, JR
One Amgen Center Drive                                   DAY CASEBEER
Thousand Oaks, CA   91320-1889                           MADRID & BATCHELDER LLP
(805) 447-5000                                           20300 Stevens Creek Boulevard, Suite 400
                                                         Cupertino, CA 95014
                                                         Telephone:    (408) 873-0110
                                                         Facsimile:    (408) 873-0220

                                                         WILLIAM GAEDE III
                                                         McDERMOTT WILL & EMERY
                                                         3150 Porter Drive
                                                         Palo Alto, CA 94304
                                                         Telephone:    (650) 813-5000
                                                         Facsimile:    (650) 813-5100

                                                         KEVIN M. FLOWERS
                                                         MARSHALL, GERSTEIN & BORUN LLP
                                                         233 South Wacker Drive
                                                         6300 Sears Tower
                                                         Chicago IL 60606
                                                         Telephone:    (312) 474-6300
                                                         Facsimile:    (312) 474-0448

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on September 23, 2007.

                                             */s/ Patricia R. Rich*
                                             Patricia R. Rich