UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., <br><br> Plaintiff, <br><br> v. <br><br> F. HOFFMANN-LA ROCHE, LTD, ROCHE DIAGNOSTICS GmbH, and HOFFMANN-LA ROCHE INC., <br><br> Defendants. | Civil Action No. 05-CV-12237 WGY <br><br> U.S. District Judge William G. Young |

**ROCHE'S MOTION *IN LIMINE* TO EXCLUDE DEPOSITION TESTIMONY OF DR. LEROY HOOD, WHOM AMGEN DID NOT IDENTIFY AS AN EXPERT OR DISCLOSE AS A KNOWLEDGEABLE WITNESS UNDER RULE 26(a)(1)**

**I.      INTRODUCTION**

Amgen should be precluded from introducing on its affirmative case the deposition testimony of Dr. Leroy Hood which testimony is, in substance, expert testimony, though Amgen did not include Dr. Hood on its list of ten expert witnesses and Dr. Hood submitted no expert report. Besides being an improper attempt to circumvent the limit on expert witnesses, Amgen should be precluded from introducing Dr. Hood's testimony for the following reasons:

- In some instances, Amgen is simply re-designating deposition testimony by Dr. Hood which this Court previously excluded. Amgen had counter-designated the testimony in response to Roche designations from Dr. Hood's deposition and the Court sustained Roche's objections to the counter-designations as being expert testimony from a fact witness.

- Amgen chose on four separate occasions not to disclose Dr. Hood as a person whose testimony it "may use," pursuant to Rule 26(a)(1).

- Amgen's affirmative designation of Dr. Hood's testimony came on September 11, 2007, long after the deadline for the exchange of affirmative designations.

31538632.DOC                                                 1

- Amgen has made no showing that Dr. Hood is unavailable or that his testimony is otherwise admissible under the Federal Rules of Evidence. Amgen's counsel represented Dr. Hood at his deposition, and Amgen has had a long-standing relationship with him.

## II.   ARGUMENT

### A.  Amgen's Designations of Dr. Hood's Testimony Call For Expert Opinion, Which This Court Has Ruled May Not Be Introduced by Amgen

Amgen's proffered designations from the deposition of Dr. Leroy Hood constitute impermissible expert opinion from a fact witness. In prior rulings regarding the very same deposition transcript, this Court sustained objections to Amgen designations on the ground that Dr. Hood was not identified as an expert and has not submitted an expert report. Ignoring the Court's prior rulings, Amgen has re-designated certain of those excluded portions of Dr. Hood's testimony (Dep. Tr. 57:14-16; 57:19-59:2; 102:4-14; and 103:2-104:6), and designated additional areas of expert opinion testimony. On this basis alone, the Court should exclude the testimony of Dr. Hood that Amgen seeks to introduce on its case.

### B   Amgen's Failures To Disclose Dr. Hood Under Rule 26 Testimony Prejudices Roche

On November 6, 2006, March 8, 2007, May 7, 2007 and July 10, 2007, Amgen served, pursuant to Federal Rule 26(a)(1), four lists of persons with discoverable information that Amgen said it "may use" to support its claims. Yet not one of those lists — even the one served as recently as July 10 — disclosed that Amgen would rely in any way on the testimony of Dr. Hood. Plainly, Amgen's failure to disclose that it may rely on Dr. Hood here has prejudiced Roche. Even though Roche deposed Dr. Hood, its focus at that time was to elicit information from him about protein sequencing and other matters, not to try to determine and explore what information he had that Amgen would use at trial.

Compounding the prejudice to Roche is Amgen's failure to provide timely designations of any excerpts from the Hood deposition that it would seek to use in its affirmative case. The parties agreed to an orderly process for the exchange of deposition designations for use in the parties' affirmative cases. Exchanges occurred in July and August, 2007, and were supplemented prior to the start of trial. At no time did Amgen designate testimony from the deposition of Dr. Hood. Only at the eleventh-hour — on September 11, 2007 — did Amgen for the first time identify excerpts from the deposition of Dr. Hood for use during its case. Simply put, Amgen is sandbagging Roche, which had already put in nearly all of its validity case unaware that Amgen would rely on Dr. Hood.

The Court should not countenance such trial-by-ambush tactics by Amgen at this late date.

C.  **Amgen Has Not Shown That Dr. Hood, Who Was Represented By Amgen At Deposition, Is Unavailable, Or That His Deposition Testimony Is Otherwise Admissible**

Beyond its disclosure failures, Amgen should not be permitted to use Dr. Hood's deposition testimony because Amgen has not shown the testimony is admissible. Indeed, Amgen has close ties with Dr. Hood. Amgen's counsel made the scheduling arrangements with Dr. Hood for his deposition and then represented him at the deposition. In addition, Dr. Hood acknowledges that he was "involved in conceptualizing Amgen" (Hood Dep. 12) and he served as a founding member of Amgen's scientific advisory board. In return Dr. Hood was paid and received stock options — which turned out to be worth over $10 million. (*Id.* at 12-13, 68). Finally, an independent research organization that Dr. Hood co-founded and of which he is president has, in recent years, received grants from Amgen. *See* ISB Press Release (Oct. 19

2005), *at* http://www.systemsbiology.org/Press_Release_101905; ISB Press Release (July 13, 2005).

Yet, Amgen has made no showing that Dr. Hood is unavailable and that it has been unable to procure his attendance, as required by FRE 804(a)(5), or that there is some other basis for allowing the use of Dr. Hood's deposition under the Federal Rules. As the proponent of Dr. Hood's testimony, Amgen bears the burden of proving his unavailability.

## III.   CONCLUSION

For the foregoing reasons, the Court should grant Roche's motion in *limine* to preclude Amgen from using the deposition testimony of Dr. Hood in its affirmative case.

| | |
|---|---|
| DATED: Boston, Massachusetts<br>September 24, 2007 | Respectfully submitted,<br><br>F. HOFFMANN-LA ROCHE LTD,<br>ROCHE DIAGNOSTICS GMBH, and<br>HOFFMANN-LA ROCHE INC.<br><br>*By their Attorneys,*<br><br>/s/ Keith E. Toms<br>Lee Carl Bromberg (BBO# 058480)<br>Julia Huston (BBO# 562160)<br>Keith E. Toms (BBO# 663369)<br>Nicole A. Rizzo (BBO # 663853)<br>Kimberly J. Seluga (BBO# 667655)<br>ROMBERG & SUNSTEIN LLP<br>125 Summer Street<br>Boston, MA 02110<br>Tel: (617) 443-9292<br>ktoms@bromsun.com<br><br>Leora Ben-Ami (*pro hac vice*)<br>Mark S. Popofsky (*pro hac vice*)<br>Patricia A. Carson (*pro hac vice*)<br>Thomas F. Fleming (*pro hac vice*)<br>Howard S. Suh (*pro hac vice*)<br>Peter Fratangelo (BBO# 639775)<br>KAYE SCHOLER LLP<br>425 Park Avenue<br>New York, NY 10022<br>Tel: (212) 836-8000 |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

/s/ Keith E. Toms
Keith E. Toms

3099/501 744357.1

31538632.DOC         5