# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

AMGEN, INC.,

            Plaintiff,

  v.

F. HOFFMANN-LA ROCHE, Ltd, a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company and HOFFMANN-LA ROCHE INC., a New Jersey Corporation,

            Defendants.

Civil Action No. 05-12237 WGY

U.S. District Judge Young

## ROCHE'S MOTION *IN LIMINE* TO PRECLUDE OPINION TESTIMONY OF AMGEN'S EXPERT WITNESS DR. FRIEDMAN BASED ON IMPROPER INSTRUCTIONS NOT TO ANSWER AT HIS DEPOSITION

Amgen indicates that it intends to call Dr. Eli Friedman at trial as both an expert witness and a fact witness. Dr. Friedman's testimony should be precluded under the current circumstances, which are precipitated entirely by Amgen's counsels' improper conduct.

(i)    Dr. Friedman, is the ***third*** proposed Amgen witness designated to offer opinions regarding "long felt but unsolved need[1]" and was disclosed by Amgen merely several months before trial was scheduled to begin. In its August 21, 2007 Order (D.I. 724), this Court questioned the propriety of Dr. Friedman's disclosure stating: "Whether Fenton and Friedman may testify as fact witnesses is a very close question, one that will turn on a careful review of the mandatory disclosure provisions of Rule 26." This Court subsequently barred Mr. Fenton from testifying and should similarly preclude Dr. Friedman.

(ii)    Further aggravating the prejudice caused by its eleventh hour disclosure of Dr. Friedman, on **47** occasions during his August 17, 2007 deposition, Amgen's counsel, David Madrid improperly directed Dr. Friedman not to answer proper questions on the very topic that Amgen now offers Dr. Friedman to testify.

---

[1] Amgen has characterized this as one of the secondary indicia of nonobviousness.

After failing to disclose Dr. Friedman until several months before trial was scheduled to begin and well after fact and expert discovery had closed, Amgen continued its obstructionist tactics at Dr. Friedman's deposition. Mr. Madrid repeatedly instructed the witness not to answer legitimate questions, to which there was no privilege objection in clear violation of Fed. R. Civ. P. 30(d)(1). To be sure, after almost six of the seven allotted hours of Dr. Friedman's deposition, Amgen's counsel suddenly withdrew his directions not to answer. At that late stage, though, after so many repeated improper directions not to answer questions, it was a meaningless gesture. Because Amgen's counsel deprived Roche of a full and fair opportunity to depose Dr. Friedman, Roche respectfully asks this Court to bar Amgen from calling him at trial.

Although Fed. R. Civ. P. 30(d)(1) does permit instructions not to answer in certain very limited circumstances, none of those exceptions applied here. None of the questions posed during the deposition of Dr. Friedman sought privileged information. Moreover, the questions were well within the scope of the opinions presented in Dr. Friedman's Rule 26(a)(2) expert report. Neither at the time of the deposition nor since has Amgen suggested that the objections were justified on privilege grounds. In fact, many of Amgen's instructions not to answer were impermissibly based on relevance objections. *See International Union of Elec., Radio and Mach. Workers v. Westinghouse Elec. Corp.,* 91 F.R.D. 277, 278 (D. D.C. 1981) ("[P]ermitting a refusal to answer questions directed at arguably irrelevant material expressly violates the strictures of Rule 30(c).") *see also,* Wright, Law of Federal Courts 420, Oral Depositions § 84 (3d ed. 1976); *Hall v. Clifton Precision,* 150 F.R.D. 525, 531 (E.D. Pa. 1993); *First Tennessee Bank v. Federal Deposit Insurance Corp.,* 108 F.R.D. 640 (E.D. Tenn. 1985). In fact, almost six hours into the deposition, counsel for Amgen acknowledged on the record that his prior

instructions were improper. (Depo. Tr. of Dr. Eli Friedman, dated Aug. 17, 2007, at 254:23-255:10) (*see* Declaration of Howard S. Suh, Esq., "Suh Decl.", Exh. A).

Amgen's instructions prevented Roche from obtaining discovery of Dr. Friedman in a broad array of categories, including the following key areas in which Amgen now wants Dr. Friedman to provide both fact and expert testimony: (1) secondary indicia of non-obviousness; including long felt need and commercial success; (2) current practices of prescription of therapeutic agents to kidney patients; and (3) assessments of the quality of life of patients with chronic renal failure. For example, counsel for Amgen expressly directed Dr. Friedman not to answer the following question, even though this information is the subject matter of his July 26, 2007 expert report at paragraphs 52, 71, 73, 76:

> Q. Do you believe that it enhances patients' quality of life to have choices of all medications to treat whatever illnesses they may be suffering from?
>
> MR. MADRID: I instruct the witness not to answer. This is well outside the scope of the report. He's not made any opinions on the particular subject.

Depo. Tr. of Dr. Eli Friedman, dated Aug. 17, 2007, at 40:23-41:3 ("Suh Decl.", Exh. A). Mr. Madrid's instruction and characterization of Dr. Friedman's report were inaccurate. Yet, Amgen should be confined with this witness based on Mr. Madrid's representations.

Just a few questions later, Mr. Madrid again blocked proper inquiry by Roche's attorney:

> Q. Do you think that having your choice of pharmaceuticals improves the quality of life of your patients?
>
> MR. MADRID: I object and instruct the witness not to answer. Again, he's not rendered any opinion on the question of choice. It's outside the scope of the report. You're wasting your time in this deposition, so I instruct the witness not to answer.

Depo. Tr. of Dr. Eli Friedman, dated Aug. 17, 2007, at 41:16-24 ("Suh Decl.", Exh. A). The deposition transcript is littered with similar examples of Amgen's counsel's improper instructions.

Preclusion of Dr. Friedman's testimony on those topics for which Amgen's counsel issued a improper direction not to answer is the appropriate remedy available to this Court. Rule 37(c)(1) specifically states that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).

Further, during his deposition, Dr. Friedman testified that he is not qualified to opine on what if any invention satisfied the alleged long felt need described in his expert report. Specifically, Dr. Friedman stated[2]:

> Q  And you're not offering any opinions about the -- any relationship between the claims of this '008 Patent, which is Friedman-22 and the two patents that you comment upon in your report, correct?
> A  No, I am not.
>
> *   *   *   *   *
> Q  So you don't know, am I correct?
> *   *   *   *   *
> Q  As you sit here whether, in fact, whatever alleged invention of the '008 would have satisfied that need that you identified in your report as opposed to the other two patents you looked at?
>     [Objection Imposed]
> THE WITNESS:  Yes.

Dr. Friedman then continued[3]:

4

>Q   You're not saying it doesn't, you just haven't done the analysis?
>A   I could go one step beyond that and say I don't know that I'm the person to do the analysis, just looking at the pages in the patent leaves me in the dust.

In accordance with the facts and the principles of law set forth above, Roche respectfully requests that this Court preclude Amgen from soliciting fact or expert testimony from Dr. Friedman at trial of this action before the jury.

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and that no agreement could be reached.

---

[2] Depo. Tr. of Dr. Eli Friedman, dated Aug. 17, 2007, at 366:14-19; 367:25; 368:2-9 ("Suh Decl.", Exh. A).
[3] Depo. Tr. of Dr. Eli Friedman, dated Aug. 17, 2007, at 368:13-18 ("Suh Decl.", Exh. A).

DATED: Boston, Massachusetts
September 24, 2007

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys,*

 /s/ Keith E. Toms
Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO # 663853)
Kimberly J. Seluga (BBO# 667655)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 443-9292
ktoms@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Tel: (212) 836-8000

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

 /s/ Keith E. Toms
Keith E. Toms

3099/501 744356.1