# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> F. HOFFMANN-LAROCHE LTD., a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN LAROCHE INC., a New Jersey Corporation, <br><br> Defendants. | Civil Action No. 05 CV 12237 WGY |

## PLAINTIFF AMGEN INC.'S OPPOSITION TO ROCHE'S
## MOTION TO PRECLUDE THE TESTIMONY OF DR. FRIEDMAN

In its second attempt to preclude Dr. Friedman from testifying in this case, Roche again complains that Dr. Friedman's report and expert discovery came too late and that it was somehow denied full discovery in deposition by instructions not to answer which were withdrawn three hours before the deposition concluded. Roche's complaints are baseless and fall far short of justifying the extraordinary relief that it seeks. This Court has already dealt with the timing issue in denying Roche's first motion and Roche was given full opportunity to ask its questions at the deposition but failed to do so.

Roche waited more than a month to bring its complaints to the Court's attention and is not seeking to compel discovery or even to preclude Dr. Friedman from testifying about the topics that it felt it was "denied" at the deposition. Rather, Roche is seeking the extraordinary relief of precluding Dr. Friedman's testimony entirely. No conduct on Amgen's or Dr. Friedman's part justifies this sanction or any other. Roche's motion is nothing more than an

DM1\1197705.2

Dockets.Justia.com

attempt to have the Court reconsider the denial of Roche's first motion to preclude Dr. Friedman from testifying.[1]  Like its prior attempt, this motion also fails.

As this Court is aware, and as was addressed in Roche's first motion to preclude, Dr. Friedman was disclosed as a replacement witness (both expert and fact) for Dr. Eschbach when Dr. Eschbach became ill in the middle of expert discovery.[2]  It is only because Dr. Friedman is a replacement witness that he was disclosed later in the process.  Indeed, the Court recognized this when it indicated that the expert discovery deadlines would not apply to Dr. Friedman.  Dr. Friedman served his expert report and timely made himself available for deposition.  Accordingly, this is not a basis to exclude Dr. Friedman's testimony.

Knowing that the Court already found that the timing of Dr. Friedman's disclosure was proper, Roche makes a second argument stating that the actions of Amgen's counsel at the deposition were improper and, therefore, should warrant the most extraordinary sanction – exclusion of his testimony at trial.  However, Roche paints an inaccurate picture of the facts.  Although Amgen's counsel initially did object to certain questions as irrelevant and beyond the scope of Dr. Friedman's expert report (which they were) and instructed the witness not to answer, he withdrew this objection right after the lunch break and provided Roche's counsel with

---

[1] Roche's motion does not meet the standard for a motion for reconsideration.  The deposition of Dr. Friedman occurred on August 17, 2007 prior to the date (September 4, 2007) Roche's motion was heard by the Court.  Therefore, the arguments set forth in Roche's motion were known to it and should have been presented to the Court at that time.  Without newly discovered facts, changes in the law or a clear error of law, Roche cannot meet is burden on this motion for reconsideration. *See Davis v. Lehane,* 89 F. Supp. 2d 142, 147 (D. Mass. 2000).

[2] Dr. Friedman is both an expert and fact witness in this matter.  As a treating physician, Dr. Friedman possesses relevant first hand knowledge regarding his observations of his patients and the impact that EPOGEN has had on them.  Dr. Friedman's testimony is not duplicative of other witnesses.  Although it may touch on similar issues addressed by other witnesses, as a treating physician, Dr. Friedman's first hand knowledge is different from other witnesses offered in this matter.  In addition, Dr. Friedman is qualified to offer expert opinions on the matters set forth in his report, and he was properly disclosed as an expert witness to Roche.

unlimited time to revisit the questions previously asked.[3]  Roche's counsel, however, opted not to revisit the questions or ask any other questions on those topics.  Specifically, when Roche's counsel concluded his questioning, Amgen's counsel again indicated that he had withdrawn his objection, that Roche was free to ask Dr. Friedman the questions, and that he and Dr. Friedman would remain longer than the seven hours allotted so that Roche's counsel had the opportunity to explore these areas. [4]

    Notwithstanding this offer, Roche's counsel failed to use any of the three hours that his questioning continued after the lunch break to ask his questions nor did he take advantage of Amgen's counsel's offer to stay late and let Roche's counsel finish his questioning.  Rather, Roche's counsel indicated he was going to bring the matter to the Court and that Amgen would then be required to bring the witness back for a further deposition.  Roche, however, did not seek such an order from the Court in order to gain the testimony it argues it was deprived.  Indeed, Roche did not bring the matter to the Court's attention or seek the Court's intervention at the time of the deposition or any time thereafter.  Roche's lack of action until the eleventh hour suggests that it was not the testimony that Roche was really after, but rather the opportunity to attempt to prevent Dr. Friedman from being allowed to testify.  Such action should not be condoned nor should such a sanction be granted in this case.

---

[3] "I'm going to withdraw those objections not to answer and offer counsel an opportunity to ask his questions." *See Friedman Deposition, p. 256, ll. 3-5.*

[4] "This deposition is not over, of course.  First of all counsel, we're here and we're offering you to ask your questions.  If you wish to ask your questions, we're going onto stay here and answer all the questions.  If you chose not to, that's your choice." *See Friedman Deposition, p. 376, ll. 17-23.*

- 4 -

As an expert for Amgen, Dr. Friedman drafted an expert report, which has been provided to Roche. Accordingly, Roche had ample notice of what Dr. Friedman would be testifying to, and cannot, therefore, argue that it will suffer any prejudice in allowing Dr. Friedman to testify.

Moreover, the areas that were initially objected to and that Roche refused to revisit during the deposition involve matters on which Dr. Friedman did not offer an opinion and are irrelevant to the matters before the Court. Roche first relies upon an exchange regarding the '008 patent. However, this patent is not in suit and none of Dr. Friedman's opinions related in any way to the claims of this unasserted, now expired patent.[5]

Roche also relies upon questions concerning the infringement and injunction phase (physician choice (p. 40 l. 23 and p. 41 l. 3); patient choice (p. 41 ll. 16-24)), of this case. Again, these are not areas on which Dr. Friedman provided an opinion. Moreover, the Court has already made clear such testimony will not be heard in this phase of the trial. As such, to prevent Dr. Friedman from testifying at all in this trial, when the topic could have been addressed at his deposition and are not topics that will be the subject of his testimony on either direct or cross examination is not warranted.

## CONCLUSION

For the reasons set forth above, Roche's motion to preclude the testimony of Dr. Friedman should be denied.

---

[5] Roche's argument that Dr. Friedman did not offer an opinion on the '008 and did not appear to know if the '008 patent would have satisfied the long felt need identified in his report is not a basis from excluding him from testifying. Rather, this is an argument that goes to the weight of his testimony and can be addressed on cross-examination.

Dated: September 24, 2007                    Respectfully Submitted,

                                             AMGEN INC.,
                                             By its attorneys,


                                             */s/ Patricia R. Rich*
Of Counsel:                                  D. DENNIS ALLEGRETTI (BBO#545511)
                                             MICHAEL R. GOTTFRIED (BBO#542156)
                                             PATRICIA R. RICH (BBO#640578)
STUART L. WATT                               DUANE MORRIS LLP
WENDY A. WHITEFORD                           470 Atlantic Avenue, Suite 500
MONIQUE L. CORDRAY                           Boston, MA 02210
DARRELL G. DOTSON                            Telephone:    (857) 488-4200
KIMBERLIN L. MORLEY                          Facsimile:    (857) 488-4201
ERICA S. OLSON
AMGEN INC.                                   LLOYD R. DAY, JR
One Amgen Center Drive                       DAY CASEBEER
Thousand Oaks, CA   91320-1889               MADRID & BATCHELDER LLP
(805) 447-5000                               20300 Stevens Creek Boulevard, Suite 400
                                             Cupertino, CA 95014
                                             Telephone:    (408) 873-0110
                                             Facsimile:    (408) 873-0220

                                             WILLIAM GAEDE III
                                             McDERMOTT WILL & EMERY
                                             3150 Porter Drive
                                             Palo Alto, CA 94304
                                             Telephone:    (650) 813-5000
                                             Facsimile:    (650) 813-5100

                                             KEVIN M. FLOWERS
                                             MARSHALL, GERSTEIN & BORUN LLP
                                             233 South Wacker Drive
                                             6300 Sears Tower
                                             Chicago IL 60606
                                             Telephone:    (312) 474-6300
                                             Facsimile:    (312) 474-0448

- 6 -

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on September 24, 2007.

                                               */s/ Patricia R. Rich*
                                               Patricia R. Rich

DM1\1197705.2