## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., )<br><br>Plaintiff, )<br> )<br>v. )<br> )<br> )<br>F. HOFFMANN-LAROCHE )<br>LTD., a Swiss Company, ROCHE )<br>DIAGNOSTICS GmbH, a German )<br>Company and HOFFMANN LAROCHE )<br>INC., a New Jersey Corporation, )<br> )<br>Defendants. )<br>_____ ) | Civil Action No.: 05-12237 WGY |

## AMGEN INC.'S RESPONSES AND OBJECTIONS TO DEFENDANTS' *OMNIBUS* MOTION TO ADMIT PARTY ADMISSIONS AND PREVIOUS FINDINGS OF FACT INTO EVIDENCE

Roche's request that this Court allow it to "read into evidence" Amgen responses to F.R.C.P. 36 admissions in prior cases and Roche's cherry-picked excerpts from orders in prior proceedings is patently improper. As to Amgen's responses to requests for admissions in prior litigation, Rule 36 — on its face — is unequivocal that it is improper to admit such responses into evidence, stating:

> Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.[1]

Regarding the excerpts from prior proceedings that Roche seeks to admit, they are misleading and irrelevant. All of the excerpts relate to findings about patent claims and claim language that are not at issue in this proceeding. In addition, court orders from prior proceedings are

---

[1] Federal Rule of Civil Procedure 36 (b).

inadmissible hearsay.  Even if a hearsay exception applied, allowing Roche to read these

excerpts would unfairly prejudice Amgen and confuse the jury.

Amgen's specific responses and objections are.

## I.    Response to Requests For Admissions

### A.    *Amgen v. F. Hoffman-La Roche Ltd, 05-CV-12237 WGY (D. Mass.)*

REQUEST AND RESPONSE TO ADMISSION NO. 32

*No objection.*

### B.    *Amgen v. Chugai Pharm., 87-2617-Y (D.Mass.)*

REQUEST AND RESPONSE TO REQUESTS 144, 147, 148, 183, 210, 437

Amgen *OBJECTS* to each of Roche's requests to admit Amgen's Rule 36 responses to

requests for admissions from prior proceedings.  Rule 36 prohibits Roche from using admissions

from prior proceedings in a subsequent proceeding.  As set forth in the rule, "any admission

made by a party under this rule is for the purpose of the pending action only and *is not an*

*admission for any other purpose nor may it be used against the party in any other proceeding.*[2]"

There is no ambiguity in the rule.  Indeed, as one court has noted, a Rule 36 admission is relevant

only to the proceeding where it is made and "may not be used against the admitting party in any

other fashion.[3]"  Accordingly, Roche's requests to admit Amgen's Rule 36 responses from prior

proceedings is plainly improper and should be rejected.

## II.    Findings of Fact From Previous Litigation to Which Amgen Was a Party

---

[2] Fed. Rule of Civil Proc. 36 (b).  *See also A.C.L.U. v. The Florida Bar*, 999 F.2d 1486, 1494 (11th Cir. 1993) (stating F.R.C.P. admissions may not "be used against the party who made it in any other proceeding"); *Bell v. Domino's Pizza Inc.*, 2000 WL 1780266, at *2 (D.D.C. 2000) (stating that a party should respond to an irrelevant request for an admission because "there is no risk whatsoever to a party from making any admission to an irrelevant matter" because, if irrelevant, "it cannot be used in the case itself, and relevant or not, the admission cannot be used in another case").
[3] *Briggs v. Dalkon Shield Claimants Trust*, 174 FRD 369, 374 (D.M.D. 1997) (FRCP 36 admission "may not be used against the admitting party in any other fashion").

Amgen *OBJECTS* to Roche's request that this Court take "judicial notice" of Roche's excerpted statements from prior proceedings. There is no merit to Roche's contention that these excerpted statements are appropriate for "judicial notice." As Federal Rule of Evidence 201 states, judicial notice is appropriate only when the fact is "one not subject to reasonable dispute." Thus, one court has stated that taking judicial notice of findings of fact from another case "exceeds the limits of [FRE] 201.[4]" Here, Roche seeks to parse out discrete excerpts from prior cases. These excerpts are taken out-of-context and relate to claims, and claim language, that is not in controversy in this proceeding. Despite that these excerpts relate to claims, and claim language not at issue, Roche, undoubtedly, will claim some nexus — which Amgen disputes. Judicial notice, under these circumstances, runs contrary to the express mandate of FRE 201 that it not involve highly disputed issues.

Moreover, in addition to being outside the scope of FRE 201, the excerpts of court decisions are inadmissible under FRE 801. Statements from civil judgments of prior proceedings cannot be used as evidence because the judgment is hearsay that does not fall within any exception to the hearsay rule.[5] Instead, these are extrajudicial statements from prior court proceedings.[6]

It would also be inappropriate to allow these statements to be presented to the jury because they are misleading and unduly prejudicial. Roche, by cherry-picking out-of-context statements from prior court opinions *that found in Amgen's favor,* is inappropriately trying to suggest to the jury that the weight of prior judicial findings were against Amgen. These excerpts

---

[4] *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003).
[5] *See Greycas, Inc v. Proud*, 826 F.2d 1560, 1567 (7th Cir. 1987) (we are aware that, with immaterial exceptions,…civil judgments are said not to be usable in subsequent proceedings as evidence of the facts underlying the judgment; for as to those facts, the judgment is hearsay).

[6] *Id.*

will cause unnecessary confusion because there is a significant likelihood that the jury will not understand that these prior findings relate to unasserted claims. This is precisely the type of prejudice and confusion that FRE 403 was designed to avoid.

If the Court allows Roche to submit its excerpted findings as evidence to the jury, the Court should allow Amgen to supplement these excerpts pursuant to FRE 106 with truly relevant findings from prior proceedings. In particular, Amgen should be able to tell the jury about the outcome of these prior litigations, and submit excerpts regarding the state of prior art, the dates of Dr. Lin's inventions and the ultimate conclusions that Dr. Lin's patents are valid and enforceable. This will prevent the confusion that Roche seeks to create by its quiltmaking exercise.

As to Roche's specific requests, they are irrelevant as set forth below.

### A.    *Amgen v. Hoechst Marion Roussel,* **126 F.Supp.2d 69 (D.Mass. 2001)**

Request 1:    Amgen *OBJECTS* to this request for the reasons stated in part II above. In addition, the language that Roche cites to regarding glycosylation relates specifically to this Court's opinion in the *HMR/TKT* matter regarding claims 1, 2 and 9 of the '933 patent. In particular, this quote relates to the court's analysis of the limitation in claims 1, 2 and 9 of "glycosylation which differs from that of human urinary erythropoietin." In fact, the quote that Roche cites to does not end where Roche indicates in its paper, but continues "and that this failure is fatal to all three asserted '933 claims.[7]" As this Court is aware, Amgen does not assert any of these '933 claims in this proceeding. Prior findings regarding these unasserted claims has no relevance.

---

[7] 126 F.Supp. 2d 69, 155 (D.Mass. 2001).

Request 2:     Amgen *OBJECTS* to this request for the reasons stated in part II above.  In addition, the language Roche cites to in this excerpt relates to the Court's analysis of *HMR/TKT*'s inequitable conduct claim.  This Court was specifically addressing *HMR/TKT*'s inequitable conduct claim as it related to Claim 1 of the '933 patent.[8]  Moreover, Roche's excerpt is woefully misleading as this Court found regarding the data included within Roche's citation that Amgen disclosed it to the PTO and that "as already determined, Amgen's disclosure during the Interference proceedings discharges its duty of disclosure to the Examining Division as well."[9]

### B.     *Amgen v. Chugai Pharm., 87-2617-Y (D.Mass.)*

Request 1:     Amgen *OBJECTS* to this request for the reasons stated in part II above.  In addition, the language Roche cites to in this excerpt relates to Dr. Lin's '008 patent, which is not at issue in this proceeding.  Thus, it is entirely irrelevant.  Moreover, the excerpt is also misleading as this Court went on to say about Dr. Lin's probing strategy that "defendants have not demonstrated by clear and convincing evidence that there was a 'reasonable expectation of success' in cloning the EPO gene based on this probing strategy.[10]"

### C.     *In re Certain Recombinant Erythropoietin*, Investigation No. 337-TA-281

Amgen *OBJECTS* to Roche's request for judicial notice as to these findings.  As Roche identifies in its omnibus motion, the prosecution history of the '868 patent is already admitted into evidence.  There is no basis for Roche's request that the court provide some special sanction to these particular excerpts.

---

[8] *See* 126 F.Supp. 2d at 141 (stating "TKT also argues that the '933 patent should be rendered unenforceable because …")
[9] *Id.* at 142.
[10] 1989 WL 169006, at *44 (D.Mass 1989).

Dated:  September 25, 2007

Respectfully Submitted,

AMGEN INC.,
By its attorneys,

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
Kimberlin L. Morley
Erica S. Olson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-5000

/s/ Patricia R. Rich
D. Dennis Allegretti (BBO#545511)
Michael R. Gottfried (BBO# 542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (857) 488-4200
Facsimile: (857) 488-4201

Lloyd R. Day, Jr. (*pro hac vice*)
DAY CASEBEER, MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

William G. Gaede, III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Kevin M. Flowers (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
 Chicago, IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Patricia R. Rich*
Patricia R. Rich