# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 05 CV 12237 WGY |
| F. HOFFMANN-LAROCHE LTD., a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN LAROCHE INC., a New Jersey Corporation, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF AMGEN INC.'S OPPOSITION TO ROCHE'S MOTION TO PRECLUDE PLAINTIFF FROM ARGUING TO THE JURY THAT EPOGEN IMPROVES QUALITY OF LIFE

By its motion, Roche seeks to inject irrelevant product labeling issues concerning Amgen's commercial product into the patent validity case in a transparent attempt to prevent the testimony of two Amgen witnesses -- Nancy Spaeth and Dr. Eli Friedman -- that the Court has already ruled are allowed to testify. Label negotiations borne out of FDA's desire to evolve its quality of life standards has nothing to do with the validity of Amgen's patent claims. More specifically, ongoing label negotiations pertaining to current quality of life standards does not preclude Amgen from presenting evidence of the so-called secondary considerations of nonobviousness, including evidence showing the dramatic difference that recombinant EPO has made in the lives of anemic patients since its invention.

Indications of non-obviousness, often referred to as secondary considerations, are important factors to consider in any obviousness inquiry.[1] Furthermore, Roche itself opened this

---

[1] *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d

1

door by asserting that Drs. Goldwasser and Essers were the true pioneers in anemia treatment – that urinary EPO and plasma were the solutions to the long-felt need for a product that would effectively treat the anemia of chronic kidney disease. In truth, the evidence will show that before Dr. Lin's inventions, no suitable treatment for anemia existed. After Dr. Lin's inventions made recombinant EPO available, anemic patients for the first time had a treatment that would relieve them from the debilitating effects of anemia. Ms. Spaeth and Dr. Friedman respectively have personal and professional experience with the state of the art before and after the introduction of recombinant EPO, one as a patient and the other as a physician. Roche's motion does not even come close to justifying the exclusion of this highly probative evidence.[2]

    First, Roche cites no authority to support its claim that a party can not introduce primary source and expert testimony evidence going to "secondary considerations" in a case involving medicine unless such information is part of an approved FDA label for the product, much less the subject of label negotiations. That is because no such authority exists. The evidence related to quality of life that will be presented at trial is the type of evidence that is relevant and admissible to "secondary considerations" regardless of regulatory approval. Indeed, this evidence is relevant to support the existence of a long felt need for a product that could be used to treat anemia and how that need was met by recombinant EPO.[3]

---

1530, 1538 (Fed. Cir. 1983).

[2] This motion should been seen as a motion for reconsideration and as such does not meet the relevant standard. All the information relied on in this motion was known prior to the filing of its prior motions and should have been presented then. Without an intervening change in the law; discovery of new evidence; or a clear error of law, Roche cannot meet its burden. *See Davis v. Lehane,* 89 F. Supp. 2d 142, 147 (D. Mass. 2000).

[3] *See Texas Instruments v. United States ITC,* 988 F.2d 1165, 1178 (Fed. Cir. 1993) ("Long-felt need is analyzed as of the date of an articulated identified problem and evidence of efforts to solve that problem.").

Ms. Spaeth has first hand knowledge of how EPOGEN changed her life, and such evidence is clearly relevant and should be admitted as a "secondary consideration" of how an unmet need was met. Indeed, Ms. Spaeth is not alone in her belief. Amgen receives letters from patients who share Ms. Spaeth's feelings that EPOGEN changed the quality of their lives.[4] These statements are similar to what Dr. Friedman has seen occur with his patients after receiving EPOGEN. Whether these life experiences of a patient or professional observations of a physician form the basis of a FDA approved label claim on quality of life is irrelevant to the issue of whether the evidence is of the sort that could be considered by the jury in determining whether there are secondary considerations indicative of nonobviousness.

Moreover, Roche's argument suggests that Amgen's product has no therapeutic benefit – which is clearly false. Amgen's EPOGEN product remains safe and effective. In fact, the FDA advisory panel that received the FDA briefing document cited by Roche recently voted 14-5 to reject a proposed change to the label that would have lowered the maximum recommended hemoglobin target for ESAs including EPOGEN.[5]

Regarding the quality of life data, Roche fails to inform the Court that the very same FDA briefing document cited by Roche acknowledges "observational clinical data suggest that anemic CRF patients who attain a hemoglobin of 11 g/dl with ESA therapy may experience greater survival and improved health-related quality of life."[6] Amgen and the FDA are still discussing the contents of the future label. A final decision has not been made yet, and in the meantime, the label for EPOGEN still contains the quality of life claims. Roche fails to mention that the reason the FDA is reviewing the labeling requirements is because over the past twenty

---

[4] Many of these patients have also provided information to the FDA, which is being considered before a final result is reached regarding the labeling of EPOGEN.
[5] *See* Ex. C to Declaration of Keith E. Toms (Docket No. 1106) [hereinafter Toms Decl.]
[6] *See* Ex. B to Toms Decl. at 3.

years, since the time of the FDA's first guidance on the issue, the FDA's standards for determining a quality of life claim have developed and changed,[7] and based on the current standards it may be necessary to change the product label.[8] The alleged "facts" relied upon by Roche are neither final nor conclusive, and therefore it would be inappropriate to use them as a basis to prevent relevant evidence from being introduced at trial.

Lastly, Roche's actions are transparent. This motion is simply an attempt to prevent Amgen from presenting witnesses that can provide highly relevant evidence. In addressing why Dr. Lin's discoveries were not obvious, Amgen referred to Ms. Spaeth and Dr. Friedman in its opening to the jury and discussed how the jury would hear evidence about: (1) how there was a long felt need for a treatment like EPOGEN for individuals whose lives had been severely constrained by their disease, and (2) the fact that the advent of Dr. Lin's discoveries and the development of EPOGEN changed these patients' lives. In order to avoid this testimony, Roche has confused the evidence of secondary considerations and misstated the status of the review of Amgen's label by the FDA without any legal support.

## CONCLUSION

For the reasons set forth above, Roche's motion to prevent Amgen from arguing to the jury that EPOGEN improves quality of life should be denied.

---

[7] *See* Ex. 1 to Declaration of Renee DuBord Brown filed in support of Amgen's motion, BIO Biotechnology Industry Organization, "BIO White Paper on Retroactive Application of FDA Guidance," September 11, 2007.

[8] A FDA Advisory Joint Committee Briefing Document (Ex. B to Toms Decl. at 18) states the "FDA requested Amgen to reassess the data supporting inclusion of the 'quality of life' information described within the Clinical Experience section of the Epogen/Procrit label." based on the FDA's recent guidance upon the quality of data necessary to support PRO claims in labeling which the FDA acknowledged "was published ... twenty years " after the studies were done. *Id*. at 19.

Dated: September 25, 2007                    Respectfully Submitted,

 

AMGEN INC.,
By its attorneys,

 

*/s/ Patricia R. Rich*
Of Counsel:                                  D.DENNIS ALLEGRETTI (BBO#545511)
                                               MICHAEL R.GOTTFRIED (BBO#542156)
                                               PATRICIA R. RICH (BBO#640578)
STUART L. WATT                               DUANE MORRIS LLP
WENDY A. WHITEFORD                           470 Atlantic Avenue, Suite 500
MONIQUE L. CORDRAY                           Boston, MA 02210
DARRELL G. DOTSON                            Telephone:    (857) 488-4200
KIMBERLIN L. MORLEY                          Facsimile:    (857) 488-4201
ERICA S. OLSON
AMGEN INC.                                   LLOYD R. DAY, JR
One Amgen Center Drive                       DAY CASEBEER
Thousand Oaks, CA  91320-1889                MADRID & BATCHELDER LLP
(805) 447-5000                               20300 Stevens Creek Boulevard, Suite 400
                                               Cupertino, CA 95014
                                               Telephone:    (408) 873-0110
                                               Facsimile:    (408) 873-0220

                                               WILLIAM GAEDE III
                                               McDERMOTT WILL & EMERY
                                               3150 Porter Drive
                                               Palo Alto, CA 94304
                                               Telephone:    (650) 813-5000
                                               Facsimile:    (650) 813-5100

                                               KEVIN M. FLOWERS
                                               MARSHALL, GERSTEIN & BORUN LLP
                                               233 South Wacker Drive
                                               6300 Sears Tower
                                               Chicago IL 60606
                                               Telephone:    (312) 474-6300
                                               Facsimile:    (312) 474-0448

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on September 25, 2007.

*/s/ Patricia R. Rich*
Patricia R. Rich