UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> F. HOFFMANN-LAROCHE LTD., a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN LAROCHE INC., a New Jersey Corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05 CV 12237 WGY |

**PLAINTIFF AMGEN INC.'S OPPOSITION TO ROCHE'S
<u>MOTION TO ADMIT EXHIBITS INTO EVIDENCE</u>**

Roche seeks to admit, en mass, fifty-three (53) exhibits that it has not offered through the testimony of any witness. As set forth more fully in the detailed charts attached hereto as Exhibits A and B, there are particularized reasons why, on an exhibit-by-exhibit basis, these documents should not be admitted. Among others, these reasons include:

- The Court has already declined to admit the exhibit;

- Roche has failed to disclose certain exhibits claimed to be prior art pursuant to 35 U.S.C. § 282[1] and/or the exhibit is not prior art;

- Roche failed to identify certain exhibits in its final Pre-Trial Exhibit List;

---

[1] The requirements of the law are clear that "in the absence of such notice proof of the said matters may not be made at the trial except on such terms as the court requires." 35 U.S.C. §282; *Advance Card. Sys. Inc. v. Medtronic*, 265 F.3d 1294 (Fed. Cir. 2001) (The purpose of §282, like that of the Federal Rules, is to prevent unfair and prejudicial surprise by the production of unexpected and unprepared-for prior art references at trial, not to facilitate last-minute production of evidence.).

780631_1
DM1\1198393.1

1

Dockets.Justia.com

- Several of the documents that Roche purports to be admissions of Amgen are hand written documents that were not authenticated or identified by their unknown author[2];

- Several of the documents that Roche purports to be admissions or prior art are not self-authenticating and therefore are not admissible without proper authentication[3]; and

- Certain documents are the subject of Amgen's Bench Memorandum Regarding Fritsch Deposition Testimony and Request for Corrective Instruction, and are inadmissible for the reasons more fully set forth in that Bench Memorandum[4];

In addition to these document specific objections, Amgen objects generally to the procedures proposed by Roche for the wholesale admission of documents into evidence under Rule 403. Without any testimony that would enable the jury to understand the relevance of the documents to the matters at issue, the risk of juror confusion and unfair prejudice outweighs the probative value of these exhibits. *See Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 2007 U.S. Dist. LEXIS 48668, *14 (D. Iowa July 3, 2007) (refusing to consider the parties "copious" exhibits in support of and in resistance to defendant's motion for preliminary injunction because neither party appeared with witnesses to establish the necessary foundation for those exhibits at the PI hearing). Given the complex nature of the issues in this case, and the significant number of issues the jury has to address, to admit the documents in this fashion would result in unfair prejudice and confusion of the jury.

---

[2] To introduce evidence of prior art, as with all evidence, it must be properly authenticated. Fed. R. Evid. 901(a); *Nolan v. Douglas County*, 903 F.2d 1546, 1551-52 (11th Cir. 1990) (as a condition precedent to admissibility, evidence must be authenticated).
[3] *See id.*
[4] *See* Docket Entry 1031.

## CONCLUSION

For the reasons set forth above, Roche's motion to admit exhibits into evidence should be denied.

Dated: September 25, 2007

Respectfully Submitted,

AMGEN INC.,
By its attorneys,

Of Counsel:

*/s/ Patricia R. Rich*
D.DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R.GOTTFRIED (BBO#542156)
PATRICIA R. RICH (BBO#640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone:    (857) 488-4200
Facsimile:    (857) 488-4201

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA  91320-1889
(805) 447-5000

LLOYD R. DAY, JR
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone:    (408) 873-0110
Facsimile:    (408) 873-0220

WILLIAM GAEDE III
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:    (650) 813-5000
Facsimile:    (650) 813-5100

KEVIN M. FLOWERS
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:    (312) 474-6300
Facsimile:    (312) 474-0448

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on September 25, 2007.

/s/ *Patricia R. Rich*
Patricia R. Rich