**EXHIBIT C**

# CONCLUSIONS OF LAW

## I.     Judgment as a Matter of Law

1.     "JMOL should be granted sparingly, and is only appropriate when "'there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" *TI Group Automotive Sys., Inc. v. VDON. Am., L.L.C.,* 375 F.3d 1126, 1133 (Fed. Cir. 2004), quoting Fed. R. Civ. P. 50(a)(1); *see Peguero-Moronta v. Santiago,* 464 F.3d 29, 45 (1st Cir. 2006).  T

2.     The risk of an unconstitutional intrusion into the jury's fact-finding role accounts for the general unwillingness to grant JMOL, which should be used "cautiously and sparingly." *Meloff v. New York Life Ins.,* 240 F.3d 138, 145 (2d Cir. 2001).

3.     The Federal Circuit has especially expressed its disfavor of granting JMOLs of patent validity prior to submission to the jury. *See, e.g., Eolas Tech Inc. v. Microsoft Corp.,* 399 F.3d 1325, 1335 (Fed. Cir. 2005); *Crystal Semiconductor Corp. v. Tritech Microelectonics Int'l Inc.,* 246 F.3d 1336, 1353 (Fed. Cir. 2001); *Pannu v. Iolab Corp.,* 155 F.3d 1344, 1351 (Fed. Cir. 1998).

4.     Upon completion of one party's case a court may direct a verdict "only if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Allied Colloids Inc. v. Amer. Cyanamid Co.,* 64 F.3d 1570, 1574-75 (Fed. Cir. 1995); *see Anderson v. Liberty Lobby,* 477 U.S. 242, 255 (1986).

5.     When a party moves for directed verdict, the non-moving party's "evidence is to be believed and justifiable inferences drawn in [the non-movant's] favor," with no consideration of credibility or weighing of the evidence. *Allied Colloids,* 64 F.3d at 1575.

6.     Moreover, directed verdict motions should be "decided on the evidence that has been admitted." *Anderson*, 477 U.S. at 251.

7.     An expert witness is not required to testify to the ultimate legal conclusion to present a *prima facie* case of invalidity. *See Northpoint Tech., Ltd. v. MDS America, Inc.*, 413 F.3d 1301, 1310 (Fed. Cir. 2005) ("we know of no principle that requires a witness to testify to th[e] legal conclusion"); *Avia Group Intern., Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1563-64 (Fed.Cir. 1988) ("an expert's opinion on the legal conclusion of obviousness is neither necessary nor controlling").

## II.     Clear and Convincing Evidence

8.   "[U]nder the 'clear and convincing' standard, proof need not be airtight.  The law requires persuasion, not perfection."  *Buildex Inc. v. Kason Indus., Inc.,* 849 F.2d 1461, 1464 (Fed. Cir. 1988).

9.   "Although an exact definition is elusive, 'clear and convincing evidence' has been described as evidence that 'place[s] in the ultimate fact finder an abiding conviction that the truth of its factual contentions are highly probable.'"  *Pfizer, Inc. v. Apotex, Inc.,* 480 F.3d 1348, 1360 n.5 (Fed. Cir. 2007); *see Jacobson v. Cox Paving Co.,* 1994 WL 131741, *2 (Fed. Cir. 1994); *Buildex,* 849 F.2d at 1463..

## III.   Invalidity for Prior Art

### A.   Source/Process Limitations

10.  "A claimed product shown to be present in the prior art cannot be rendered patentable solely by the addition of source or process limitations." *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1354 n.20 (Fed. Cir. 2003).

11.  "[A] patentee who does not distinguish his product from what is old except by reference, express or constructive, to the process by which he produced it, cannot secure a monopoly on the product by whatever means produced." *General Elec. Co. v. Wabash Appliance Corp.*, 304 U.S. 364, 373 (1938).

12.  A source limitation must confer a distinctive character and use as compared to a product occurring in nature.  *See Diamond v. Chakrabarty*, 447 U.S. 303, 309-10 (1980).

13.  "Where a product-by-process claim is rejected over a prior art product that appears to be identical, although produced by a different process, the burden is upon the applicants to come forward with evidence establishing an unobvious difference between the claimed product and the prior art product." *In re Marosi*, 218 U.S.P.Q. 289, 293 (Fed. Cir. 1983).

14.  Amgen has the burden to "convincingly show" that the source limitation imparts novel structure.  *In re Moeller,* 117 F.2d 565, 567 (CCPA 1941); *In re Best,* 562 F.2d 1252, 1255, 195 U.S.P.Q. 430, 433-34 (C.C.P.A. 1977); *In re Brown*, 459 F.2d 531, 535, 173 U.S.P.Q. 685, 688 (C.C.P.A. 1972).

15.  "[O]ne cannot avoid anticipation [or obviousness] by an earlier product disclosure by claiming the same product more narrowly, that is, by claiming the product as produced by a particular process."  *SmithKline Beecham Corp. v. Apotex Corp.,* 439 F.3d 1312, 1317 (Fed. Cir. 2006); *In re Thorpe,* 777 F.2d 695, 697 (Fed. Cir. 1985).

16.  "If the product in [a] product-by-process claim is the same as or obvious from a product of the prior art, the claim is unpatentable even though the prior product

was made by a different process." *SmithKline Beecham Corp. v. Apotex Corp.,* 439 F.3d 1312, 1317 (Fed. Cir. 2006).

17.     "[O]nce a product is fully disclosed in the art, future claims to that same product are precluded, even if that product is claimed as made by a new process." *SmithKline Beecham Corp. v. Apotex Corp.,* 439 F.3d 1312, 1316 (Fed. Cir. 2006).

18.     "In determining patentability we construe the product [of a product-by-process claim] as not limited by the process stated in the claims." *Scripps Clinic & Research Foundation v. Genentech, Inc.,* 927 F.2d 1565, 1583 (Fed. Cir. 1991).


**B.     Critical Date for Prior Art**

19.     A patentee "would bear a burden of production to present evidence of its asserted actual reduction to practice prior to the filing date of its patent application" to establish an invention date earlier than asserted prior art. *Loral Fairchild Corp. v. Matsushita Elec.*, 266 F.3d 1358, 1361 (Fed. Cir. 2001)


**C.     Invalidity under 35 U.S.C. § 102**

20.     "A claim is anticipated under 35 U.S.C. § 102 'if each and every limitation is found either expressly or inherently in a single prior art reference.'" *IPXL Holdings, LLC. v. Amazon.com, Inc.*, 430 F.3d 1377, 1381 (Fed. Cir. 2005), (*quoting Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.*, 246 F.3d 1368, 1373 (Fed. Cir. 2001)).

21.     "[A] patent may be found to be anticipated on the basis of a reference that had properly been before the patent examiner in the United States Patent and Trademark Office ('PTO') at the time of issuance." *IPXL Holdings, LLC. v. Amazon.com, Inc.*, 430 F.3d 1377, 1381 (Fed. Cir. 2005).

22.     The presumption of validity of a patent is weakened when considering prior art that was not before the examiner because "the rationale underlying the presumption -- that the PTO, in its expertise, has approved the claim" is diminished. *See KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1745 (2007).

23.     "'[N]otwithstanding abandonment of the prior use-which may preclude a challenge under section 102(g)-prior knowledge or use by others may invalidate a patent under section 102(a) if the prior knowledge or use was accessible to the public.'" *Eolas Tech. Inc. v. Microsoft Corp.*, 399 F.3d 1325, 1334 (Fed Cir. 2005), (*quoting Woodland Trust v. Flowertree Nursery*, 148 F.3d 1368, 1370 (Fed. Cir. 1998)).

24.    "[T]hird party prior use accessible to the public is a section 102(b) bar." *Eolas Tech. Inc. v. Microsoft Corp.*, 399 F.3d 1325, 1334 (Fed Cir. 2005).

25.    "Regardless of how broadly or narrowly one construes a product-by-process claim, it is clear that such claims are always to a product, not a process. It has long been established that one cannot avoid anticipation by an earlier product disclosure by claiming the same product more narrowly, that is, by claiming the product as produced by a particular process." *SmithKline Beecham Corp. v. Apotex Corp.,* 439 F.3d 1312, 1317 (Fed. Cir. 2006).

26.    "'[I]f a patentee's invention has been made by another, prior inventor who has not abandoned, suppressed, or concealed the invention, § 102(g) will invalidate that patent.'" *Dow Chem. Co. v. Astro-Valcour, Inc.*, 267 F.3d 1334, 1339 (Fed. Cir. 2001), (*quoting Apotex USA, Inc. v. Merck & Co.*, 254 F.3d 1031, 1035 (Fed. Cir. 2001)).

27.    A determination that a patent is invalid for prior invention under 35 U.S.C. § 102(g) requires a showing of either prior reduction to practice or prior conception coupled with reasonable diligence in reducing the invention to practice. *See Mycogen Plant Sci. v. Monsanto Co.*, 243 F.3d 1316, 1332 (Fed. Cir. 2001).

28.    Under § 102(g) any delay of public disclosure is excused if the inventor is refining, perfecting, or improving the invention. *Eolas Tech Inc. v. Microsoft Corp.,* 399 F.3d 1325, 1333 (Fed. Cir. 2005).

29.    Conception is the "formation, in the mind of the inventor of a definite and permanent idea of the complete and operative invention, as it is thereafter to be applied in practice..." *Coleman v. Dines*, 754 F.2d 353, 359 (Fed. Cir. 1985).

30.    "An invention is reduced to practice when the patentee has an embodiment that meets every limitation and operates for its intended purpose. An invention works for its intended purpose when there is a demonstration of the workability or utility of the claimed invention." *Honeywell Intern. Inc. v. Universal Avionics Systems Corp.*, 488 F.3d 982, 997 (Fed. Cir. 2007) (internal citations omitted).

31.    "[T]he challenger of the validity of a patent must establish prior invention by clear and convincing evidence. If the challenger does so, the burden of production shifts to the patentee to produce evidence sufficient to create a genuine issue of material fact as to whether the prior inventor abandoned, suppressed, or concealed the invention. If the patentee carries this burden of production, the challenger may rebut the evidence of abandonment, suppression, or concealment, with clear and convincing evidence to the contrary." *Dow Chem. Co. v. Astro-Valcour, Inc.*, 267 F.3d 1334, 1339 (Fed. Cir. 2001) (*quoting Apotex USA, Inc. v. Merck & Co.*, 254 F.3d 1031, 1037-38 (Fed. Cir. 2001)).

32.     Prior holdings and findings preclude Amgen from arguing that the EPO products claimed in the patents-in-suit differ structurally from naturally-occurring EPO. For issue preclusion to apply, the following requirements must be met: (1) both

proceedings involved the same issue of law or fact; (2) the parties actually litigated the issue in the prior proceeding; (3) the first court actually resolved the issue in a final and binding judgment; and (4) its resolution of that issue of law or fact was essential to its judgment. *See Global Naps, Inc. v. Mass. Dept. of Telecomm. and Energy*, 427 F.3d 34, 44 (1st Cir. 2005).

33.     Collateral estoppel or issue preclusion may apply to claims of a patent not litigated in the prior determination.  "It is the issues litigated, not the specific claims around which the issues were framed, that is determinative."  *See Westwood Chemical, Inc. v. U. S.*, 525 F.2d 1367, 1372, 207 Ct.Cl. 791  (1975), *see also South Corp. v. United States*, 690 F. 2d 1368 (Fed. Cir. 1982) (adopting the decisions of predecessor courts including the United States Court of Claims and the United States Court of Customs and Patent Appeals, as binding precedent).

34.     "In determining the applicability of the estoppel, the first consideration is 'whether the issue of invalidity common to each action is substantially identical.'" *Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1136 (Fed. Cir. 1985) (citing *Carter-Wallace, Inc. v. United States*, 496 F.2d 535, 538, 204 Ct.Cl. 341, 182 USPQ 172, 175 (1974)).

35.     A reference is a "printed publication" if it was "'available to the extent that persons interested and ordinarily skilled in the subject matter or art, exercising reasonable diligence, [could] locate it.'"  *Bruckelyer v. Ground Heaters, Inc.,* 445 F.3d 1374, 1378 (Fed. Cir. 2006), quoting *In re Wyer,* 655 F.2d 221, 226 (C.C.P.A. 1981).

36.     "Accessibility [of prior art] goes to the issue of whether interested members of the relevant public could obtain the information if they wanted to.  If accessibility is proved, there is no requirement to show that particular members of the public actually received the information."  *Constant v. Advanced Micro-Devices, Inc.,* 848 F.2d 1560, 1569 (Fed. Cir. 1988).

37.     "While a reference must enable someone to practice the invention in order to anticipate under § 102(b), a non-enabling reference may qualify as prior art for the purpose of determining obviousness under § 103." *Symbol Technologies, Inc. v. Opticon, Inc.,* 935 F.2d 1569, 1578, 19 USPQ2d 1241, 1247 (Fed. Cir. 1991).

**D.     Obviousness under 35 U.S.C. § 103**

38.     Pursuant to 35 U.S.C. § 103 "[a] claimed invention is unpatentable if the differences between it and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the pertinent art."  *In re Kahn,* 441 F.3d 977, 985 (Fed. Cir. 2006).

39.    "[O]bviousness depends on (1) the scope and content of the prior art; (2) the differences between the claimed invention and the prior art; (3) the level of ordinary skill in the art; and (4) any relevant secondary considerations, including commercial success, long felt but unsolved needs, and failure of others. *Dystar Textilfarben GmbH &Co Deutschland KG v. C.H. Patrick Co.,* 464 F.3d 1356, 1360 (Fed. Cir. 2006) (*citing Graham v. John Deere Co.,* 383 U.S. 1, 17 (1966)).

40.    Where all the limitations of a claim are found in a number of prior art references, the fact-finder must consider "whether a person of ordinary skill in the art would have been motivated to combine the prior art to achieve the claimed invention and whether there would have been a reasonable expectation of success in doing so." *See Dystar Textilfarben GmbH &Co Deutschland KG v. C.H. Patrick Co.,* 464 F.3d 1356, 1360 (Fed. Cir. 2006) (*citing Brown & Williamson Tobacco Corp. v. Philip Morris, Inc.*, 229 F.3d 1120, 1124 (Fed. Cir. 2000)).

41.    "[T]here is no requirement that the prior art contain an express suggestion to combine known elements to achieve the claimed invention. Rather, the suggestion to combine may come from the prior art, as filtered through the knowledge of one skilled in the art" *Dystar Textilfarben GmbH &Co Deutschland KG v. C.H. Patrick Co.,* 464 F.3d 1356, 1361 (Fed. Cir. 2006) (*quoting Motorola, Inc. v. Interdigital Tech. Corp.*, 121 F.3d 1461, 1472 (Fed. Cir. 1997).

42.    Motivation to combine prior art references for purposes of § 103 "need not be found in the references sought to be combined, but may be found in any number of sources, including common knowledge, the prior art as a whole, or the nature of the problem itself." *See Dystar Textilfarben GmbH &Co Deutschland KG v. C.H. Patrick Co.*, 464 F.3d 1356, 1361 (Fed. Cir. 2006) (*citing In re Dembiczak*, 175 F.3d 994, 999 (Fed. Cir. 1999)).

43.    "[O]bviousness cannot be avoided simply by a showing of some degree of unpredictability in the art so long as there was a reasonable probability of success." *Pfizer, Inc. v. Apotex, Inc.,* 480 F.3d 1348, 1364 (Fed. Cir. 2007); (*citing In re Corkill*, 771 F.2d 1496, 1500 (Fed. Cir. 1985); *Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120, 1125 (Fed. Cir. 2000); *Merck & Co., Inc. v. Biocraft Labs., Inc.*, 874 F.2d 804, 809 (Fed. Cir. 1989); *In re Merck & Co., Inc.*, 800 F.2d 1091, 1097 (Fed. Cir. 1986).

44.    Many techniques that require extensive time, money, and effort to carry out may nevertheless be arguably routine to one of ordinary skill in the art and do not equate to a conclusion that an expectation of success was unlikely. *See Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1367-68 (Fed. Cir. 2007); *Velander v. Garner*, 348 F.3d 1359, 1368 (Fed. Cir. 2003).

45.    "Obviousness does not require absolute predictability of success. Indeed, for many inventions that seem quite obvious, there is no absolute predictability of success until the invention is reduced to practice. There is always at least a possibility of unexpected results, that would then provide an objective basis for

showing that the invention, although apparently obvious, was in law nonobvious. For obviousness under § 103, all that is required is a reasonable expectation of success." *In re O'Farrell*, 853 F.2d 894, 903-904 (Fed. Cir. 1988) (internal citations omitted) (citing *In re Longi*, 759 F.2d 887, 897 (Fed. Cir. 1985); *In re Clinton*, 527 F.2d 1226, 1228 (CCPA 1976)); *see also In re Merck & Co.*, 800 F.2d 1091, 1097 (Fed. Cir. 1986).

46.     There is flexibility in the obviousness inquiry "because a motivation may be found implicitly in the prior art." *Alza Corp. v. Mylan Labs., Inc.*, 464 F.3d 1286, 1291 (Fed. Cir. 2006).

47.     "The combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." *KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1739 (2007); *see also Leapfrog Enterprises, Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157, 1161 (Fed. Cir. 2007).

48.     "[W]hen a patent 'simply arranges old elements with each performing the same function it had been known to perform' and yields no more than one would expect from such an arrangement, the combination is obvious" *KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1740 (2007) (quoting *Sakraida v. Ag Pro, Inc.*, 425 U.S. 273, 282 (1976)).

49.     "When a work is available in one field of endeavor, design incentives and other market forces can prompt variations of it, either in the same field or a different one.  If a person of ordinary skill can implement a predictable variation, § 103 likely bars its patentability." *KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1740 (2007).

50.     In a determination of whether a claimed invention is obvious it is proper to consider "interrelated teachings of multiple patents; the effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue. ...the analysis need not seek out precise teachings directed to the specific subject matter of the challenged claim, for a court can take account of the inferences and creative steps that a person of ordinary skill in the art would employ." *KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1740-41 (2007).

51.     "A person of ordinary skill is also a person of ordinary creativity, not an automaton." *KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1742 (2007).

52.     The consideration of whether a teaching, suggestion or motivation to combine prior art elements existed should not be rigidly applied.  "The obviousness analysis cannot be confined by a formalistic conception of the words teaching, suggestion, and motivation, or by overemphasis on the importance of published articles and the explicit content of issued patents. The diversity of inventive

pursuits and of modern technology counsels against limiting the analysis in this way. In many fields it may be that there is little discussion of obvious techniques or combinations, and it often may be the case that market demand, rather than scientific literature, will drive design trends." *KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1741 (2007).

53.     "In determining whether the subject matter of a patent claim is obvious, neither the particular motivation nor the avowed purpose of the patentee controls. What matters is the objective reach of the claim. If the claim extends to what is obvious, it is invalid under § 103. One of the ways in which a patent's subject matter can be proved obvious is by noting that there existed at the time of invention a known problem for which there was an obvious solution encompassed by the patent's claims." *KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1741-42 (2007).

54.     It is erroneous to "look only to the problem the patentee was trying to solve. ...[T]he problem motivating the patentee may be only one of many addressed by the patent's subject matter. The question is not whether the combination was obvious to the patentee but whether the combination was obvious to a person with ordinary skill in the art.  Under the correct analysis, any need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for combining the elements in the manner claimed." *KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1742 (2007).

55.     It is erroneous to assume " a person of ordinary skill attempting to solve a problem will be led only to those elements of prior art designed to solve the same problem." *KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1742 (2007).

56.     "Common sense teaches ... that familiar items may have obvious uses beyond their primary purposes, and in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle." *KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1742 (2007).

57.     A patent claim may be proved obvious under §103 by showing that a particular combination of elements was obvious to try.  For example, "[w]hen there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill has good reason to pursue the known options within his or her technical grasp.  If this leads to the anticipated success, it is likely the product not of innovation but of ordinary skill and common sense.  In that instance the fact that a combination was obvious to try might show that it was obvious under § 103." *KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1742 (2007).

58.     "Granting patent protection to advances that would occur in the ordinary course without real innovation retards progress and may, [for] patents combining previously known elements, deprive prior inventions of their value or utility." *KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1741 (2007).

59.     "[T]he results of ordinary innovation are not the subject of exclusive rights under the patent laws." *KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1746 (2007).

60.     "Scientific confirmation of what was already believed to be true may be a valuable contribution, but it does not give rise to a patentable invention. Good science and useful contributions do not necessarily result in patentability." *PharmaStem Therapeutics, Inc. v. Viacell, Inc.*, 2007 WL 1964863, *19 (Fed. Cir. 2007) (internal citations omitted) (*citing KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1732 (2007); *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1367-69 (Fed.Cir.2007); *In re Merck & Co.*, 800 F.2d 1091, 1097 (Fed.Cir.1986)).

61.     Evidence of obviousness of a patent may be found in that patent's characterization of the prior art. "Admissions in the specification regarding the prior art are binding on the patentee for purposes of a later inquiry into obviousness." *PharmaStem Therapeutics, Inc. v. Viacell, Inc.*, 2007 WL 1964863, *17 (Fed. Cir. 2007); (citing *Constant v. Advanced Micro Devices, Inc.*, 848 F.2d 1560, 1570 (Fed. Cir. 1988); *Sjolund v. Musland*, 847 F.2d 1573, 1577-79 (Fed. Cir. 1988); *In re Fout*, 675 F.2d 297, 300 (CCPA 1982); *In re Nomiya*, 509 F.2d 566, 571 (CCPA 1975)).

62.     In the context of method of treatment claims, "providing proof sufficient to justify conducting in vivo procedures on humans, while useful, is not a test of patentability" under § 103. *PharmaStem Therapeutics, Inc. v. Viacell, Inc.*, 2007 WL 1964863, *20 (Fed. Cir. 2007).

63.     In the context of secondary considerations of non-obviousness, praise by others for the inventors' work must be directly tied to an actual inventive contribution rather than confirmation of what the state of knowledge in the art was already indicating. "The former is a basis for patentability; the latter is not." *PharmaStem Therapeutics, Inc. v. Viacell, Inc.*, 2007 WL 1964863, *20 (Fed. Cir. 2007).

64.     Simultaneous or near simultaneous invention by others of the patented subject matter is a secondary consideration favoring obviousness. *See Ecolochem, Inc. v. Southern California Edison Co.*, 227 F.3d 1361, 1379 (Fed. Cir. 2000); *Monarch Knitting Machinery Corp. v. Sulzer Morat GMBH*, 139 F.3d 877, 883-84 (Fed. Cir. 1998); *Ortho-McNeil Pharm., Inc. v. Mylan Labs, Inc.*, 348 F. Supp. 2d 713, 757-58 (N.D. W. Va. 2004); *Northern Telecom, Inc. v. Datapoint Corp.*, 1988 WL 156280, *60 (N.D. Tex. 1988); *Minnesota Mining and Manuf. Co. v. Research Med., Inc.*, 679 F. Supp. 1037, 1056 (D. Utah 1987) ("Just as evidence of nonobviousness may be inferred from the failure of others to find a solution to a problem, evidence of obviousness can be inferred from the success of others."); *Reed Tool Co. v. Dresser Indus., Inc.*, 499 F. Supp. 935, 945 (S.D. Tex. 1980); *Clarke v. K-Mart*, 481 F. Supp. 470, 473 (W.D. Pa. 1979); *Schimizzi v. Chrysler Corp.*, 462 F. Supp. 630, 639 (S.D.N.Y. 1978); *Reeves Bros., Inc. v. U.S. Laminating Corp.*, 282 F. Supp. 118, 140 (E.D.N.Y. 1968).

65.    "Objective evidence of nonobviousness must be commensurate in scope with the claims which the evidence is offered to support." *In re Grasselli*, 713 F.2d 731, 743 (Fed. Cir. 1983).

66.    In order to overcome a conclusion of obviousness, a patentee must demonstrate a "nexus between merits of invention and evidence of secondary considerations." *Pfaff v. Wells Electronics, Inc.*, 124 F.3d 1429, 1439 (Fed. Cir. 1997).

67.    The presumption of validity of a patent is weakened when considering prior art that was not before the examiner because "the rationale underlying the presumption -- that the PTO, in its expertise, has approved the claim" is diminished. *See KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1745 (2007).

68.    "A single, obvious species within a claimed genus renders the claimed genus unpatentable under § 103." Thus an obvious method of obtaining a single nucleic acid sequence may be all that is required to show that a particular genus of nucleic acids is unpatentable under § 103. *Ex Parte Kubin*, Appeal 2007-0819, Slip Op. at 7 (B.P.A.I. 2007).

69.    "[T]he Supreme Court recently cast doubt on the viability of *Deuel* [*In re Deuel*, 51 F.3d 1552 (Fed. Cir. 1995)] to the extent the Federal Circuit rejected an 'obvious to try' test. Under *KSR*, it's now apparent 'obvious to try' may be an appropriate test in more situations than ... previously contemplated." *Ex Parte Kubin*, Appeal 2007-0819, Slip Op. at 8 (B.P.A.I. 2007).

70.    Where the problem facing those in the art is to isolate a particular DNA sequence and there are a limited number of methodologies available to do so, the skilled artisan would have reason to try these methodologies with the reasonable expectation that at least one would be successful, and a method to isolate that DNA sequence is thus not patentable under § 103. *See Ex Parte Kubin*, Appeal 2007-0819, Slip Op. at 9 (B.P.A.I. 2007).

71.    In light of the Supreme Court's *KSR* decision the "teaching, suggestion, or motivation" test could provide a helpful insight in determining whether the claimed subject matter is obvious under 35 U.S.C. § 103(a) but the rigid application of the teaching, suggestion or motivation test has been repudiated. USPTO, May 3, 2007 Memorandum from Deputy Commissioner for Patent Operations Margaret A. Focarino to Technology Center Directors.

72.    "[S]ubject matter derived from another not only is itself unpatentable to the party who derived it under § 102(f), but, when combined with other prior art, may make a resulting obvious invention unpatentable to that party under a combination of §§ 102(f) and 103." *Oddzon Products, Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1403-04 (Fed. Cir. 1997).

73.    "To invalidate a patent for derivation of invention, [under 102(f)] a party must demonstrate that the named inventor in the patent acquired knowledge of the claimed invention from another, or at least so much of the claimed invention as

would have made it obvious to one of ordinary skill in the art." *New England Braiding Co., Inc. v. A.W. Chesterton Co.,* 970 F.2d 878, 883 (Fed. Cir. 1992).

74. "[T]o show derivation under §102(f), 'the party asserting invalidity must prove both prior conception of the invention by another and communication of that conception to the patentee.' . . . Yet, there is no corresponding requirement . . . that the requisite 'communication' for purposes of invalidity by derivation under §102(f) take place in any particular form or that it occur directly between the prior inventor and the patentee." *Synthon IP, Inc. v. Pfizer Inc.,* 2007 WL 1075194, *3 (E.D. Va.  2007) (internal citations omitted).

75. 102(f) "mandates that a patent accurately list the correct inventors of a claimed invention[.] . . . Accordingly, if nonjoinder of an actual inventor is proved by clear and convincing evidence, . . . a patent is rendered invalid." *Pannu v. Iolab Corp.,* 155 F.3d 1344, 1349 (Fed. Cir. 1998) (internal citations omitted).

76. "Promising to pay royalties on patents [pursuant to a license agreement] that have not been held invalid does not amount to a promise not to seek a holding of their invalidity." *MedImmune Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 776 (2007).

77. A licensee is not required "to break or terminate its . . . license agreement before seeking a declaratory judgment in federal court that the underlying patent is invalid, unenforceable, or not infringed." *MedImmune Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 777 (2007).

78. It is improper to determine "obviousness under § 103 by inquiring into what the patentees (i.e. inventors) would have known or what would likely have done . . ." at the time of invention. *Standard Oil Co. v. Amer. Cyanamid Co.,* 774 F.2d 448, 454 (Fed. Cir. 1985).

79. Obviousness must be evaluated not "through the eyes of the inventor, who may have been of exceptional skill . . ." or insight, but rather objectively through the eyes of the person of ordinary skill and may not use hindsight. *Interconnect Planning Corp. v. Feil,* 774 F.2d 1132, 1138 (Fed. Cir. 1985).

80. "That . . . inventors were ultimately successful is irrelevant to whether one of ordinary skill in the art, at the time the invention was made, would have reasonably expected success . . . The court's finding to the contrary represents impermissible use of hindsight - using the inventors' success as evidence that the success would have been expected." *Life Technol. v. Clontech Lab. Inc.,* 224 F.3d 1320, 1326 (Fed. Cir. 2000); *see also Thomas & Betts Corp. v. ETC, Inc.,* 187 U.S.P.Q. 553, 570-71 (N.D. Ohio 1975).

81. "In determining obviousness, the inquiry is not whether each element existed in the prior art, but whether the prior art made obvious the invention as a whole for which patentability is claimed." *Grain Processing Corp. v. Amer. Maize-Prods. Co.,* 840 F.2d 902, 907 (Fed. Cir. 1988).

82.    "[L]ater-issued patents and publications may be used to show the state of the art existing on the date of the application in question." *In re Koller,* 613 F.2d 819, 824 (C.C.P.A. 1980).

83.    There is "no reason in law why it is not acceptable" to consider post-filing publications to demonstrate the characteristics of known prior art products." *In re Wilson,* 311 F.2d 266, 269 (C.C.P.A. 1962).

84.    "[A]n invention may be held to have been ... obvious ... without a specific finding of a particular level of skill or the reception of expert testimony ... where, as here, the prior art itself reflects an appropriate level and a need for such expert testimony has not been shown." *Union Carbide Corp. v. Am. Can Co.*, 724 F.2d 1567, 1573 (Fed. Cir. 1984).

## IV.    Invalidity under 35 U.S.C. § 112

### A.    <u>Written Description</u>

85.    Section 112 of the patent law provides that "[t]he specification shall contain a written description of the invention . . ." 35 U.S.C. § 112, ¶1.

86.    "The purpose of the written description requirement is to prevent an applicant from later asserting that he invented that which he did not; the applicant for a patent is therefore required to 'recount his invention in such detail that his future claims can be determined to be encompassed within his original creation.'" *Amgen, Inc. v. Hoechst Marion Roussel,* 314 F.3d 1313, 1330 (Fed. Cir. 2003), (quoting *Vas-Cath Inc. v. Mahurkar,* 935 F.2d 1555, 1561 (Fed. Cir. 1991) (citation omitted)).

87.    "[I]t is in the patent specification where the written description requirement must be met." *Univ. of Rochester v. G.D. Searle & Co.,* 358 F.3d 916, 927 (Fed. Cir. 2004).

88.    "Application of the written description requirement . . . is not subsumed by the 'possession' inquiry.  A showing of 'possession' is ancillary to the ***statutory*** mandate that '[t]he specification shall contain a written description of the invention,' and that requirement is not met if, despite a showing of possession, the specification does not adequately describe the claimed invention." *Enzo Biochem, Inc. v. Gen-Probe Inc.,* 323 F.3d 956, 969 (Fed. Cir. 2002) (emphasis in original)

89.    Compliance with the written description requirement is determined as of the filing date of the application upon which the patentees relies. *TurboCare Div. of Demag Delaval Turbomachinery Corp. v. GE*, 264 F.3d 1111, 1118 (Fed. Cir. 2001).

90.    Although a patent specification may render the claimed invention obvious, that disclosure "is not sufficient to satisfy the written description requirement of that invention." *Regents of Univ. of Cal. v. Eli Lilly & Co*, 119 F.3d 1559, 1567 (Fed.

Cir. 1997) (*citing Lockwood v. American Airlines, Inc.,* 107 F.3d 1565, 1572 (Fed. Cir. 1997)).

91.    The description of a single species within a claimed genus may not be sufficient to support patentability under § 112, ¶1.  *Regents of Univ. of Cal. v. Eli Lilly & Co*, 119 F.3d 1559, 1567 (Fed. Cir. 1997).

92.    Just because a patentee has isolated and physically possessed a protein does not amount to knowledge of that protein's amino acid sequence or possession of any of its other descriptive properties.  *See In re Wallach,* 378 F.3d 1330, 1334-35 (Fed. Cir. 2004).

93.    For purposes of written description claims to polypeptides encoded by particular DNA sequences are limited to the known polypeptide products of that DNA at the time of filing.  Polypeptides unknown at the time of filing constitute new matter unsupported by the specification.  *See Schering Corp. v. Amgen Inc.*, 222 F.3d 1347, 1354 (Fed. Cir. 2000).

94.    Inherency will not support adequate written description where the procedures disclosed in the specification actually produce the structure expressly disclosed as well as the structure allegedly inherently disclosed.  *Chen v. Bouchard,* 347 F.3d 1299, 1305 (Fed. Cir. 2003).

95.    "[O]ne cannot describe what one has not conceived."  *Fiers v. Revel,* 984 F.2d 1164, 1171 (Fed. Cir. 1993).

96.    "[A]dequacy of the written description is not satisfied if one of ordinary skill in the art must first make the patented invention before he can ascertain the claimed features of that invention."  *New Railhead Mfg. LLC v. Vermeer Mfg.,* 298 F.3d 1290, 1295 (Fed. Cir. 2002).


**B.    <u>Lack of Enablement</u>**

97.    The test for enablement is whether one reasonably skilled in the art could make or use the invention based on the written disclosures of the patent coupled with information known in the art, without undue experimentation.  *Enzo Biochem, Inc. v. Calgene, Inc.,* 188 F.3d 1362, 1371 (Fed. Cir. 1999).

98.    "In cases involving unpredictable factors, such as most chemical reactions and physiological activity, the scope of enablement obviously varies inversely with the degree of unpredictability of the factors involved."  *In re Fisher,* 427 F.2d 833, 839 (C.C.P.A. 1970).

99.    The Federal Circuit has found that claims lacked enablement when the patent's specification taught only how to approximate the claimed result.  Donald S. Chisum, (2007) Chisum on Patents, Vol. 3, § 7.03(4)(b); *see Nat'l Recovery*

*Techs., Inc. v. Magnetic Separations Sys., Inc.,* 166 F.3d 1190, 1196-98 (Fed. Cir. 1999) (holding that although the patent specification disclosed a method for detecting signals this method was insufficient to select signals as claimed).

100.   For purposes of enablement, whether the experimentation required to make and use a claimed invention is undue depends on considerations including "'(1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the prior art, (6) the relative skill of those in the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims.'" *Warner-Lambert Co. v. Teva Pharmaceuticals USA, Inc.* 418 F.3d 1326, 1337 (Fed. Cir. 2005) (*quoting In re Wands,* 858 F.2d 731, 737 (Fed. Cir. 1988)).

## C.   **Indefiniteness**

101.   "The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."  35 U.S.C. § 112, ¶2.

102.   Failure to particularly point out and distinctly claim an invention renders the claim invalid.  *Default Proof Credit Card Sys., Inc. v. Home Depot U.S.A., Inc.,* 412 F.3d 1291, 1298 (Fed. Cir. 2005).

103.   "The primary purpose of the definiteness requirement is to ensure that the claims are written in such a way that they give notice to the public of the extent of the legal protection afforded by the patent, so that interested [persons] . . . can determine whether or not they infringe."  *Default Proof Credit Card Sys., Inc. v. Home Depot U.S.A., Inc.,* 412 F.3d 1291, 1302-03 (Fed. Cir. 2005) (*quoting All Dental Prodx, LLC. v. Advantage Dental Products, Inc.,* 309 F.3d 774, 779-80 (Fed. Cir. 2002).

104.   "In determining whether [a] claim is sufficiently definite, [a court] must analyze whether 'one skilled in the art would understand the bounds of the claim when read in light of the specification.'"  *Allen Eng'g Corp. v. Bartell Indus., Inc.,* 299 F.3d 1336, 1348 (Fed. Cir. 2002) (quoting *Personalized Media Commc'ns, LLC v. ITC,* 161 F.3d 696, 705 (Fed. Cir. 1998)).

105.   Indefiniteness often arises when the claim language is "not sufficiently precise to permit a potential competitor to determine whether or not he is infringing."  *Morton Int'l. v. Cardinal Chem. Co.,* 5 F.3d 1464, 1470 (Fed. Cir. 1993); *Semmler v. American Honda Motor Co., Inc.,* 990 F. Supp. 967, 975 (S.D. Ohio 1997); *Halliburton Energy Servs., Inc. v. M-I, LLC,* 456 F. Supp. 2d 811, 817 (E.D. Tex. 2006).

## V.   **35 U.S.C. § 103(b)**

106.    "(1) Notwithstanding [35 U.S.C. § 103] subsection (a), and upon timely election by the applicant for patent to proceed under this subsection, a biotechnological process using or resulting in a composition of matter that is novel under section 102 and nonobvious under subsection (a) of this section shall be considered nonobvious if--

> (A) claims to the process and the composition of matter are contained in either the same application for patent or in separate applications having the same effective filing date; and

> (B) the composition of matter, and the process at the time it was invented, were owned by the same person or subject to an obligation of assignment to the same person.

> (2) A patent issued on a process under paragraph (1)--

> (A) shall also contain the claims to the composition of matter used in or made by that process, or

> (B) shall, if such composition of matter is claimed in another patent, be set to expire on the same date as such other patent, notwithstanding section 154.

> (3) For purposes of paragraph (1), the term "biotechnological process" means--

> (A) a process of genetically altering or otherwise inducing a single- or multi-celled organism to--

>> (i) express an exogenous nucleotide sequence,

>> (ii) inhibit, eliminate, augment, or alter expression of an endogenous nucleotide sequence, or

>> (iii) express a specific physiological characteristic not naturally associated with said organism;

> (B) cell fusion procedures yielding a cell line that expresses a specific protein, such as a monoclonal antibody; and

> (C) a method of using a product produced by a process defined by subparagraph (A) or (B), or a combination of subparagraphs (A) and (B)."  35 U.S.C. § 103(b)

107.    "If there are two different patents issued for the composition of matter and for the biotechnological process claims relating to the composition of matter, the process patent must expire on the same date as the patent on the composition of matter, notwithstanding the statutory patent term set pursuant to 35 U.S.C. section 154." H. Rep. No. 104-178, at 9 (1995), *as reported in* 1995 U.S.C.C.A.N. 395, 403.

108.   "[D]ependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim.  Notwithstanding the preceding sentence, if a claim to a composition of matter is held invalid and that claim was the basis of a determination of nonobviousness under section 103(b)(1), the process shall no longer be considered nonobvious solely on the basis of section 103(b)(1)."  35 U.S.C. § 282.