**EXHIBIT E**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC.,<br><br>                        Plaintiff,<br><br>     v.<br><br>F. HOFFMANN-LA ROCHE, Ltd, ROCHE DIAGNOSTICS GmbH, and HOFFMANN-LA ROCHE INC.,<br><br>                        Defendants. | Civil Action No. 05-12237 WGY<br><br>U.S. District Judge Young |

## MEMORANDUM: EXPERT TESTIMONY IS NOT REQUIRED
## TO SUPPORT INVALIDITY DEFENSES

      At the directed verdict hearing conducted on September 24, Roche explained to the Court that the law is clear that expert testimony is not required to support invalidity defenses. (Trial Tr. 1318:2-11). Although Roche has presented ample expert testimony from persons highly qualified in their relevant areas of expertise, Roche, as promised, provides this memorandum to further clarify the law regarding the necessity of expert testimony.

      The Federal Circuit has made clear that expert testimony is not required to support a defense of invalidity. *See Union Carbide Corp. v. Am. Can Co.*, 724 F.2d 1567, 1573 (Fed. Cir. 1984) ("an invention may be held to have been ... obvious ... without a specific finding of a particular level of skill *or the reception of expert testimony* ... where, as here, the prior art itself reflects an appropriate level and a need for such expert testimony has not been shown") (emphasis added); *Chore-Time Equip., Inc. v. Cumberland Corp.*, 713 F.2d 774, 779 n.2 (Fed. Cir. 1983) (same); *see also Ronel Corp. v. Anchor Lock of Florida, Inc.*, 325 F.2d 889, 890 (5th

1

**EXHIBIT E**

Cir. 1983) ("[n]or did it require expert testimony to make it plain that the differences between the prior art and the patent claims were obvious to persons having ordinary skill in the trade"). Rather, a finding of invalidity can be decided solely "on the basis of the documents" in evidence. *Harvestall Indus., Inc. v. Hochstetler*, 656 F.2d 1232, 1236 (7th Cir. 1981).

Just as expert testimony is not required to support a claim of invalidity, the Federal Circuit has made clear that a testifying expert need not opine on the ultimate issue of invalidity or provide legal conclusions to present a *prima facie* case. *See Northpoint Tech., Ltd. v. MDS America, Inc.*, 413 F.3d 1301, 1310 (Fed. Cir. 2005) ("we know of no principle that requires a witness to testify to th[e] legal conclusion"); *Avia Group Intern., Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1564 (Fed. Cir. 1988) ("an expert's opinion on the legal conclusion of obviousness is neither necessary nor controlling").

In accordance with this memorandum, Roche respectfully submits that any purported absence of expert testimony regarding ultimate conclusions of invalidity or with respect to underlying legal conclusions pertaining to Roche's defenses is irrelevant and non-dispositive. Clear and convincing expert testimony and documentary evidence provides the underlying factual predicates necessary for a reasonable jury to conclude that the asserted claims are invalid.

DATED:   September 25, 2007

    F. HOFFMANN-LA ROCHE LTD,
    ROCHE DIAGNOSTICS GMBH, and
    HOFFMANN-LA ROCHE INC.

    By its attorneys,

    /s/ *Patricia A. Carson*
    Leora Ben-Ami (*pro hac vice*)
    Mark S. Popofsky *(pro hac vice)*

**EXHIBIT E**

    Patricia A. Carson (*pro hac vice*)
    Thomas F. Fleming (*pro hac vice*)
    Howard S. Suh (*pro hac vice*)
    Christopher T. Jagoe (*pro hac vice*)
    Peter Fratangelo (BBO# 639775)
    Krista M. Rycroft (*pro hac vice*)
    KAYE SCHOLER LLP
    425 Park Avenue
    New York, New York  10022
    Tel. (212) 836-8000

    and

    Lee Carl Bromberg (BBO# 058480)
    Julia Huston (BBO# 562160)
    Keith E. Toms (BBO# 663369)
    Nicole A. Rizzo (BBO# 663853)
    BROMBERG & SUNSTEIN LLP
    125 Summer Street
    Boston, MA  02110
    Tel. (617) 443-9292