UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD, ) | |
| ROCHE DIAGNOSTICS GMBH, ) | |
| AND HOFFMANN-LA ROCHE INC., ) | |
| ) | |
| Defendants ) | |

**ROCHE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE AMGEN FROM CALLING JEFFREY BROWNE AT TRIAL AFTER FAILING TO PRODUCE HIM FOR DEPOSITION PURSUANT TO SUBPOENA**

| | |
|---|---|
| Leora Ben-Ami (*pro hac vice*) | Lee Carl Bromberg (BBO# 058480) |
| Mark S. Popofsky (*pro hac vice*) | Timothy M. Murphy (BBO# 551926) |
| Patricia A. Carson (*pro hac vice*) | Julia Huston (BBO# 562160) |
| Thomas F. Fleming (*pro hac vice*) | Keith E. Toms (BBO# 663369) |
| Howard S. Suh (*pro hac vice*) | Nicole A. Rizzo (BBO# 663853) |
| Christopher T. Jagoe (*pro hac vice*) | Kimberly J. Seluga (BBO# 667655) |
| Peter Fratangelo (BBO# 639775) | Bromberg & Sunstein LLP |
| Krista M. Rycroft (*pro hac vice*) | 125 Summer Street |
| Kaye Scholer LLP | Boston, MA 02110 |
| 425 Park Avenue | Tel. (617) 443-9292 |
| New York, New York 10022 | |
| Tel. (212) 836-8000 | |
| | *Counsel for Defendants* |
| | *F. Hoffmann-La Roche Ltd,* |
| Dated: Boston, Massachusetts | *Roche Diagnostics GmbH, and* |
| September 25, 2007 | *Hoffmann-La Roche Inc.* |

**I.    INTRODUCTION**

Amgen should be precluded from calling Jeffrey Browne, an Amgen employee, as a trial witness for the following reasons:

- Amgen deliberately failed to produce Browne for deposition despite repeated requests, and a subpoena, from Roche for his testimony. Because of its blatant disregard of its discovery obligations -- and contempt of a duly-issued subpoena -- Amgen should be barred from presenting Browne as a trial witness.

- As this Court had made abundantly clear, a party's failure to provide requested discovery precludes it from presenting evidence concerning the withheld discovery. That rule should apply with particular force here, where Amgen has flouted not only a notice of deposition, but a duly-issued subpoena seeking the deposition of Browne.

**II.    ARGUMENT**

**A.    Amgen Failed to Produce Browne for Deposition In Response to Both a Valid Notice and a Supboena**

On March 16, 2007, well prior to the close of discovery in this case, Roche noticed the deposition of Jeffrey Browne, an Amgen employee for April 2, 2007. (Mayell Decl., Ex. A). On March 23, 2007 Amgen's counsel told Roche that they were attempting to contact Browne to confirm that Amgen would represent him at the deposition. (Mayell Decl., Ex. B). By March 27, 2007, Amgen confirmed to Roche that it represented Browne, but said that it was unable to provide Roche with a date for his deposition. (Mayell Decl., Ex. C). On March 28, 2007, Roche wrote Amgen's counsel confirming that Roche "definitely want[s] Browne" for deposition and requesting that Amgen "secure" a date for that deposition. (*Id.*).

Amgen, however, stonewalled, refusing to fulfill its obligation to provide Roche a date for the deposition of Browne. To protect its position, on March 30, 2007, Roche was forced to serve a subpoena issued by the U.S. District Court for the Central District of California on Browne, who resides in Camarillo, California, for his deposition on April 2, 2007. (Mayell Decl., Ex. D). Following service of the subpoena, Amgen's counsel confirmed to Roche that

1

Amgen "will be representing him [Browne]," but unilaterally stated that Browne would not appear for deposition on the date set forth in the subpoena. (Mayell Decl., Ex. E). In response, Roche told Amgen that despite Browne's failure to appear, the subpoena would continue in force and that Roche expected Amgen to secure a date for that deposition. (*Id.*). Despite having been told that Roche "definitely" wanted Browne's deposition, and in violation of the subpoena, Amgen failed to provide any other date to Roche for the deposition.

B.  **Having Contemptuously Disregarded The Deposition Notice and Subpoena, Amgen Should Not Be Permitted To Call Browne At Trial**

Amgen unequivocally has represented Browne regarding Roche's efforts to obtain his deposition testimony. And in the course of that representation, Amgen has never offered Mr. Browne to Roche for a deposition, in violation of a duly-issued subpoena for that testimony issued prior to the close of discovery. As such, there can be no doubt that Amgen violated the deposition subpoena served on Browne. Amgen's obstruction and denial of this discovery prejudices Roche as it has been deprived of its right to learn what Browne knows about the matters at issue in this case. Amgen now proposes to call this witness to testify at the trial of this action.

This Court's rulings have made clear that the consequence for such conduct must be the preclusion of evidence. In ruling on issues regarding discovery, the Court stated that "no party may introduce in evidence any document called for in discovery and not produced." (Electronic Order, Jan. 22, 2007). Later, the Court ruled that "No Witness May Rely on Evidence Withheld from Discovery." (Electronic Order, May 16, 2007). Amgen has withheld the deposition of Mr. Browne that was not only properly noticed, but also the subject of a court-issued subpoena.

It has long been held that sanctions – including exclusion of evidence – are appropriate for failure to appear at a deposition. *Smith v. Kmart Corp.*, 177 F.3d 19, 28 (1st Cir. 1999) ("it is

proper for a trial court to sanction a party for its failure to appear for deposition"); *Guex v. Allmerica Financial Life Insurance and Annuity Co.*, 146 F.3d 40, (1st Cir. 1998) (affirming dismissal of complaint as appropriate sanction against party who failed to attend its deposition); *Western Reserve Oil & Gas Co., Ltd. v. Key Oil. Inc.*, 626 F. Supp. 948, 949 (S.D.W.Va. 1986) (citing cases). In *Western Reserve*, using language equally applicable to Amgen's conduct, the court precluded trial testimony where a party failed to offer its employee for deposition, stating "exclusion of testimony is particularly appropriate where the wrong pertains to a failure to allow a deposition to take place." Thus, where – as here – the party "willfully refused to allow a key witness to be deposed," the court ruled that "the harm created by such obstinance can best be remedied by an exclusion of the undiscovered witness." *Id.* at 949-50. The court should similarly exercise its discretion here to preclude Amgen from calling Browne -- an undiscovered witness -- given Amgen's equally contumacious obstinance.

### III.   CONCLUSION

For the foregoing reasons, Defendants request that this Court preclude Amgen from calling Jeffrey Browne as a trial witness in this case.

Dated: September 25, 2007
Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys*

/s/ Kimberly J. Seluga
Lee Carl Bromberg (BBO# 058480)
Robert L. Kann (BBO# 258025)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kimberly J. Seluga (BBO# 667655)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
kseluga@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky *(pro hac vice)*
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff (*pro hac vice*)
David L. Cousineau (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

/s/ Kimberly J. Seluga
Kimberly J. Seluga

03099/00501 746336.1

4