≈AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

|  Central  | DISTRICT OF | California |

Amgen, Inc.
    Plaintiff
        V.
F. Hoffman-La Roche Ltd et. al.
    Defendant

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-12237-WGY (pending D. Mass)

TO: Jeffrey K. Browne
1244 CALLE AURORA
CAMARILLO, CA 93010-8438

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Kaye Scholer LLP, 1999 Avenue of the Stars, Suite 1700, Los Angeles CA 90067-6048 (Will be recorded by video and/or stenographic means) | 4/2/2007 9:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| Kaye Scholer LLP, 1999 Avenue of the Stars, Suite 1700, Los Angeles CA 90067-6048 |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Patricia A. Carson /MJL*<br>Attorneys for defendants | 3/28/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patricia A. Carson, Kaye Scholer LLP, 425 Park Avenue, New York, NY 10022-3598

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
 (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
 (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
 (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**COURT** UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

COUNTY OF

AMGEN, INC.,

Plaintiff(s)

against

F. HOFFMAN-LA ROCHE LTD ET. AL.,

Defendant(s)

Index No. 05-12237-WGY
(PENDING D. MASS)

**AFFIDAVIT OF
SERVICE OF SUBPOENA
IN A CIVIL CASE**

STATE OF CALIFORNIA, COUNTY OF VENTURA SS: The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides in the state of CALIFORNIA
That on  3/30/07  at 7:00 P. M., at 1244 CALLE AURORA, CAMARILLO, CA 93010
deponent served the within subpoena on   JEFFREY K. BROWNE   witness therein named,
IN A CIVIL CASE

INDIVIDUAL
1. [X] by delivering a true copy to said witness personally; deponent knew the person so served to be the witness described in said subpoena.

CORPORATION
2. [ ] a                    corporation, by delivering thereat a true copy to                    personally, deponent knew said corporation so served to be the corporation witness and knew said individual to be                    thereof.

SUITABLE AGE PERSON
3. [ ] by delivering thereat a true copy to                    a person of suitable age and discretion. Said premises is witness'—actual place of business—dwelling place—usual place of abode—within the state.

AFFIXING TO DOOR, ETC.
4. [ ] by affixing a true copy to the door of said premises, which is witness'—actual place of business—dwelling place—usual place of abode—within the state. Deponent was unable, with due diligence to find witness or a person of suitable age and discretion thereat, having called there

MAILING TO RESIDENCE USE WITH 3 OR 4
5A. [ ] Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to witness at witness' last known residence, at                    and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

MAILING TO BUSINESS USE WITH 3 OR 4
5B. [ ] Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to witness at witness' actual place of business, at                    in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the witness.

DESCRIPTION USE WITH 1, 2, OR 3 [X]

| | | | | | |
|---|---|---|---|---|---|
| [X] Male | [X] White Skin | [ ] Black Hair | [ ] White Hair | [ ] 14-20 Yrs. | [ ] Under 5' | [ ] Under 100 Lbs. |
| [ ] Female | [ ] Black Skin | [ ] Brown Hair | [ ] Balding | [ ] 21-35 Yrs. | [ ] 5'0"-5'3" | [ ] 100-130 Lbs. |
| | [ ] Yellow Skin | [X] Blonde Hair | [ ] Mustache | [ ] 36-50 Yrs. | [ ] 5'4"-5'8" | [ ] 131-160 Lbs. |
| | [ ] Brown Skin | [ ] Gray Hair | [ ] Beard | [X] 51-65 Yrs. | [ ] 5'9"-6'0" | [X] 161-200 Lbs. |
| | [ ] Red Skin | [ ] Red Hair | [ ] Glasses | [ ] Over 65 Yrs. | [X] Over 6' | [ ] Over 200 Lbs. |

Other identifying features:

At the time of said service, deponent paid (tendered) in advance $ 90.00   the authorized traveling expenses and one day's witness fee

Sworn to before me on
(See attached California Jurat)

*Gaines L Burns*
GAINES L BURNS  4/3/07

License No. 328-VENTURA
CALIFORNIA

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**

State of California

County of  Ventura   } ss.

☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____

_____     _____
Signature of Document Signer No. 1       Signature of Document Signer No. 2 (if any)

Subscribed and sworn to (~~or affirmed~~) before me on this

 03  day of  April , 2007 , by

(1) Gaines L Burns ,
Name of Signer

☑ Personally known to me
☐ Proved to me on the basis of satisfactory evidence
    to be the person who appeared before me (.) (,)
    ~~(and~~

(2) _____ ,
Name of Signer

☐ Personally known to me
☐ Proved to me on the basis of satisfactory evidence
    to be the person who appeared before me.)

X _____
Signature of Notary Public

[Notary Seal:
K. M. PUJOL
Commission # 1708995
Notary Public - California
Ventura County
My Comm. Expires Dec 5, 2010]

Place Notary Seal Above

——— OPTIONAL ———

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: Affidavit of Service of Subpoena

Document Date: 4/3/07    Number of Pages: 2 (Including This one)

Signer(s) Other Than Named Above: None

RIGHT THUMBPRINT OF SIGNER #1 — Top of thumb here

RIGHT THUMBPRINT OF SIGNER #2 — Top of thumb here

© 2004 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org    Item #5910    Reorder: Call Toll-Free 1-800-876-6827