# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No.: 05-12237 WGY |
| ) | |
| F. HOFFMANN-LAROCHE ) | |
| LTD., a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company and HOFFMANN LAROCHE ) | |
| INC., a New Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |

### AMGEN INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF BENCH MEMORANDA REGARDING: (1) AUTHENTICATION OF JANUARY 16, 1984 LETTER; AND (2) AUTHENTICATION OF JAN. 11, 1984 TELEX.

In further support of the authenticity of trial exhibit BAH, a Telex from Chugai Pharmaceutical Co., Ltd to Genetics Institute, Inc. dated January 11, 1984; and trial exhibit FJX, a January 16, 1984 letter from M. Yang (Genetics Institute) to R. Sadahiro (Chugai), Amgen submits the Affidavit of Ian Crawford, Esq.[1]  As set forth in his affidavit, Mr. Crawford was one of the attorneys that represented Genetics Institute in *Amgen Inc. v. Chugai Pharmaceutical Co., Ltd., et al.* (C.A. No. 87-2617-Y).  Mr. Crawford verifies that trial exhibits BAH and FJX are authentic copies of documents that Genetics Institute provided Amgen as part of the above litigation.

---

[1] Filed as Exhibit A to the Declaration of Daniel A. Curto filed herewith.

Mr. Crawford's affidavit is sufficient evidence — by itself — to the genuineness of these documents.[2] Under Federal Rule of Evidence 901, the proponent of a proffered exhibit need only make a prima facie showing that an exhibit is what the proponent claims it to be.[3] Here, where that showing is pursuant to a statement by a person with personal knowledge, the burden of proof is light because the Federal Rules of Evidence favor admitting any evidence that might assist the trier of fact.[4] As supported by Mr. Crawford's affidavit, these exhibits are exactly what Amgen claims — genuine communications between Genetics Institute and Chugai. Since these documents are authentic and fall within the ancient document exception to the hearsay rule, exhibits BAH and FJX should be admitted into evidence.

---

[2] *See Commercial Data Servers, Inc. v. Int'l Bus. Machs. Corp.,* 262 F.Supp. 2d 50, 58 (S.D.N.Y. 2003) (holding that authenticity under 901 was satisfied when attorney has personal knowledge that the documents attached to an affidavit were obtained during discovery by the firm); *Gulf Ins. Co. v. Glasbrenner*, 348 B.R. 47, 59 (S.D.N.Y. 2006) (Rule 901 satisfied by claimant's attorney providing sworn statement that the document was true and correct).

[3] *U.S. v. Holmquist*, 36 F.3d 154, 168 (1st Cir. 1994) (burden of proof for authentication only requires proponent to show reasonable likelihood that exhibit is what proponent claims it to be).

[4] *Woolsey v. National Transp. Safety Bd.*, 993 F2d 516, 520 (5th Cir. 1993) ("personal knowledge" is broadly construed under FRE 901(b)(1)).