**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMGEN, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>F. HOFFMANN-LA ROCHE, LTD.,<br>ROCHE DIAGNOSTICS GMBH, and<br>HOFFMANN-LA ROCHE, INC.<br><br>                    Defendants. | Civil Action No. 05-CV-12237 WGY |

**ROCHE'S BENCH MEMORANDUM NO. 5 THAT DR. ORKIN SHOULD BE
PRECLUDED UNDER F.R.E. 802 FROM OFFERING TESTIMONY
ON THE CLONING EFFORTS OF BIOGEN**

In Dr. Orkin's report of May 11, 2007, he offers certain opinions on the cloning efforts of Biogen during the 1980's, based on "informal discussions with researchers at Biogen who were...attempting to clone the EPO gene." (Rebuttal Expert Statement of Stuart H. Orkin, M.D. at ¶41). Such opinions, in addition to being hearsay, constitute fact testimony and are not the proper domain of an expert witness. Dr. Orkin should therefore be precluded from repeating such opinions them at trial.

In his May 11th report, Dr. Orkin makes the following statements:

> We were not alone in failing to clone the DNA encoding human EPO in the early 1980's. On several occasions *I had informal discussions with researchers at Biogen* who were also attempting to clone the EPO gene. The Biogen team was a world-class group of scientists. *They indicated that they had encountered similar problems as we had and were equally unsuccessful.* (Rebuttal Expert Statement of Stuart H. Orkin, M.D. at ¶41).

Dr. Orkin's use of statements allegedly made to him by Biogen researchers over 20 years ago to prove Biogen had encountered particular problems in cloning EPO

1

constitutes hearsay.  The statements allegedly made by unidentified Biogen scientists in "informal discussions" with Dr. Orkin do not fall under any recognized exceptions to the hearsay rule.  This Court has recognized that, while an expert witness may rely upon the work of others, "he's not entitled to regale the court with hearsay." (*Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 126 F.Supp.2d 69 (D. Mass. 2001), Trial Tr. at 221:6-7).  What an expert "learned that [another research group] did is, as to him, hearsay." (*Id.* at 221:16-17).  This expected testimony cannot be allowed under Federal Rule of Evidence 802.

Additionally, Dr. Orkin should be precluded from offering factual testimony that purports to interpret Biogen internal documents.  As the Court has already noted during the testimony of Dr. Lowe, Biogen documents, to the extent they are authenticated, "speak for themselves." (Trial Tr. 192:24).  The Court has stated that it is "not going to allow" counsel to use expert witnesses as experts of the facts.  (Trial Tr. 192:9-10).  Roche respectfully requests that Dr. Orkin's testimony be limited accordingly.

DATED: September 26, 2007

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH,
and
HOFFMANN-LA ROCHE INC.

By its attorneys,

*/s/ Thomas F. Fleming*
Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
Vladimir Drozdoff (*pro hac vice*)

Peter Fratangelo (BBO# 639775)
Krista M. Rycroft (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022
Tel. (212) 836-8000

and

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA  02110
Tel. (617) 443-9292

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on the above date.

/s/ Thomas F. Fleming
Thomas F. Fleming