# EXHIBIT H

Dockets.Justia.com



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 06/483,052 | 04/07/83 | GOEDDEL | 0 | 100/164 |

GENENTECH, INC.
ATTN: WALTER H. DREGER
460 POINT SAN BRUNO BLVD.
SOUTH SAN FRANCISCO, CA 94080

| EXAMINER |
|---|
| HULEATT, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 127 | 13 |

DATE MAILED: 04/22/85

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

[X] This application has been examined    [ ] Responsive to communication filed on _____    [ ] This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**
1. [X] Notice of References Cited by Examiner, PTO-892.    2. [ ] Notice re Patent Drawing, PTO-948.
3. [ ] Notice of Art Cited by Applicant, PTO-1449    4. [ ] Notice of informal Patent Application, Form PTO-152
5. [ ] Information on How to Effect Drawing Changes, PTO-1474    6. [ ] _____

**Part II   SUMMARY OF ACTION**

1. [X] Claims __1-15__ are pending in the application.
   Of the above, claims __1-5 and 11-13__ are withdrawn from consideration.
2. [ ] Claims _____ have been cancelled.
3. [ ] Claims _____ are allowed.
4. [X] Claims __6-10 and 14 and 15__ are rejected.
5. [ ] Claims _____ are objected to.
6. [ ] Claims _____ are subject to restriction or election requirement.

7. [ ] This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.
8. [ ] Allowable subject matter having been indicated, formal drawings are required in response to this Office action.
9. [ ] The corrected or substitute drawings have been received on _____. These drawings are [ ] acceptable; [ ] not acceptable (see explanation).
10. [ ] The [ ] proposed drawing correction and/or the [ ] proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been [ ] approved by the examiner, [ ] disapproved by the examiner (see explanation).
11. [ ] The proposed drawing correction, filed _____, has been [ ] approved. [ ] disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.
12. [ ] Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [ ] been received [ ] not been received [ ] been filed in parent application, serial no. _____; filed on _____.
13. [ ] Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.
14. [ ] Other

PTOL-326 (Rev. 7-82)    EXAMINER'S ACTION

Serial No. 483052                                    -2-

Art Unit   127


Restriction to one of the following inventions is required under 35 U.S.C. 121:

I.  Claims 1-5 and 11-13, drawn to polypeptides, pharmaceutical compositions, and uses there of, classified in Class 260, subclass 112R and Class 424, subclass 177.

II.  Claims 6-10, 14 and 15, drawn to DNA, cloning and expression vectors, transformed hosts, and protein production, classified in Class 435, subclasses 317, 253, 172 and 68.

The inventions are separate and distinct, each from the other because of the following reasons:

Inventions I and II are related as process of making and product made. The inventions are distinct if either or both of the following can be shown: (1) that the process as claimed can be used to make another and materially different product or (2) that the product as claimed can be made by another and materially different process (MPEP 806.05(f)). In the instant case the polypeptides and the related pharmaceutical compositions can be made by a materially different process such as by chemical synthesis or isolated from natural sources.

Because these inventions are distinct for the reasons given above and have acquired a separate status in the art because of their divergent subject matter, restriction for examination purposes as indicated is proper.

Serial No. 483052                                    -3-
Art Unit 127


During a telephone conversation with Mr. Walter Dreger on March 15, 1985 a provisional election was made with traverse to prosecute the invention of GROUP VII, claims 6-10, 14 and 15. Affirmation of this election must be made by applicant in responding to this Office action.

Claims 1-5 and 11-13 are withdrawn from further consideration by the Examiner, 37 CFR 1.142(b) as being drawn to a non-elected invention.

The specification is objected to under 35 U.S.C. 112, first paragraph, as failing to provide an enabling disclosure. This paragraph of the statute requires that the specification shall contain a written description of the invention and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

It appears that plasmids: pPA 25E10, p$\Delta$RI exsrc, pPA17 and pLe IFA trp 103 are required as starting materials for applicant to perform the invention. It does not appear that applicant has deposited these plasmids and thus does not meet the requirements of MPEP 608.01 (p) (C) as to permancence of deposits and availability to the public. Assurance of compliance with this

Serial No. 483052                                    -4-

Art Unit   127

section maybe in the form of an averment or declaration under oath. It is requested that applicant supply a copy of the contract from the depository.

The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Claims 6-10 and 14-15 are rejected under 35 U.S.C. 103 as being unpatentable over Rijken et al (R) or Rijken et al (S) in view of Bollen et al and Hung et al. The Rijken et al references teach the purification and characterization of tissue plasminagen activator secreted from human myleloma cells in culture or isolated from uterine tissue. Bollen et al teach the isolation of mRNA from human kidney or human embryonic kidney cells by passing the total cellular RNA over oligo-d(T) cellulose. Hung et al teach the cloning of a

Serial No. 483052                                          -5-
Art Unit   127



plasminogen activator DNA with expression of plasminogen activator protein. It would be obvious to one skilled in the art to isolate the mRNA as taught by Bollen et al from the cells or tissue containing tissue plasminogen activator (t-PA) as taught by either of the Rijken et al references. Further it would be obvious to utilize the methods of Hung et al (See specifically, Col. 2, lines 4-20) to produce a human tPA made by recombinant techniques.

Pennica et al, Mori et al and Edlund et al are cited as of interest.

Any inquiry concerning this communication should be directed to Jayme A. Huleatt at telephone number 703-557-3920.

Huleatt:ce

4-9-85

THOMAS G. WISEMAN
SUPERVISORY PATENT EXAMIN
ART UNIT 127

SEPARATE END TOP AND BOTTOM EDGES, SNAP-APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 483052 | GROUP ART UNIT 127 | ATTACHMENT TO PAPER NUMBER 13 |
|---|---|---|---|---|
| NOTICE OF REFERENCES CITED | | APPLICANT(S) Goeddel et al | | |

**U.S. PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 4370417 | 1/25/83 | Hung et al ✓ | 935 | 18 X | 4/3/80 |
| | B | 4505893 | 3/19/85 | Mori et al ✓ | 435 | 241 X | 8/1/83 |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |

**OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)**

R. RIJKEN, D.C. et al, J. of Biol Chem, Vol 256(13) pp 7035-7041 (1981)

S. RIJKEN, D.C. et al, Biochim Biophys Acta, Vol 580, pp 140-153 (1979)

T. BOLLEN, A, Biochem Biophys Res Comm, Vol 97(1) pp 207-215, 1980.

U. EDLUND, T. et al, Proc Natl Acad Sci, Vol 80, pp 349-352 (1983).

V. PENNICA, D. et al Nature Vol 301, pp 214-221 (1983)

EXAMINER: mc A Hulcott   DATE: 3/27/85