# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>) Civil Action No.: 05-CV-12237 WGY<br>F. HOFFMANN-LAROCHE LTD., )<br>a Swiss Company, ROCHE DIAGNOSTICS )<br>GmbH, a German Company and HOFFMANN )<br>LAROCHE INC., New Jersey Corporation, )<br>)<br>Defendants. )<br>) | |

## AMGEN INC.'S OPPOSITION TO ROCHE'S MOTION *IN LIMINE* TO PRECLUDE AMGEN FROM CALLING JEFFREY BROWNE AT TRIAL

Roche's motion to preclude Amgen from calling Jeffrey Browne at trial is based on the absolutely incorrect claim that Amgen refused to produce Dr. Browne for deposition, and is nothing more than a diversionary tactic for use at trial. In truth, <u>Roche chose not to proceed with a deposition of Dr. Browne</u>. As Roche acknowledges in its Memorandum, when it subpoenaed Dr. Brown on Friday, March 30, 2007, at 7:00 p.m. for a deposition on Monday, April 2 at 9:00 a.m., the subpoena was simply to "protect its position" since fact discovery closed on April 2. Indeed, on April 2, the parties agreed to continue discussing how to proceed with Dr. Browne's deposition. The very last email on this subject was from counsel for Roche to Amgen, stating:

> ***We will continue the subpoena until we resolve how to proceed***. We understand that he will not appear and I will inform my people accordingly. Since your firm will represent him, we will communicate through you.[1]

---

[1] *See* Declaration of Deborah E. Fishman ("Fishman Decl."), Ex. 3, filed herewith.

MPK 132931-1.041925.0023                1                OPPOSITION TO DEFTS' M/*LIMINE* TO
                                                         PRECLUDE CALLING DR. JEFFREY BROWNE
                                                         CASE NO. 05-CV-12237 WGY

Dockets.Justia.com

Roche never again contacted Amgen about deposing Dr. Browne. Amgen never refused to produce Dr. Browne. Roche's regret that it did not pursue Dr. Browne's deposition provides no legitimate basis for this Motion.

Furthermore, Roche cannot claim surprise that Amgen is calling Dr. Browne. Amgen identified him as a person with knowledge in its Rule 26(a) Initial Disclosures, served almost a year ago on November 6, 2006.[2] Moreover, Amgen disclosed Dr. Browne as a witness in its August 10, 2007, pre-trial submission.[3] In fact, Roche designated Dr. Browne's testimony from an earlier litigation for use at trial, thus documenting **Roche's** intention to use Dr. Browne as a trial witness.[4] If Roche now claims it is prejudiced by not having deposed Dr. Browne, it is a consequence of Roche's inaction.

### A.    AMGEN WAS RESPONSIVE TO ROCHE'S REQUESTS FOR A DEPOSITION OF DR. BROWNE, BUT ROCHE DECIDED NOT TO PURSUE THE DEPOSITION

Throughout discovery, Amgen has been extremely responsive to Roche's requests regarding potential depositions, including Dr. Browne. Thus, when Roche first informed Amgen on March 16, 2007 that it sought to depose Dr. Browne, a former Amgen employee, Amgen immediately tried to contact him about representation. Between this time and the close of fact discovery – April 2, 2007 – Amgen and Roche were in almost daily contact about deposition scheduling.[5] Counsel for Amgen discussed with counsel for Roche that they were attempting to contact Dr. Browne.[6] Before March 28, 2007, however, counsel for Roche had stated that Roche was unsure whether it wanted to take Dr. Browne's deposition and asked to wait until it completed other depositions before finalizing its plans.[7]

---

[2] *See id.*, Ex. 1.
[3] *Id.*, Ex. 2; (D.I. 807, Attachment 5.)
[4] *Id.* (D.I. 807, Attachment 6.)
[5] *Id.*, ¶ 3.
[6] *Id.*, Ex. 4.
[7] *Id.*, ¶ 4.

It was not until four days before the close of fact discovery, on March 28, 2007, that Roche informed counsel for Amgen that it wanted to take Dr. Browne's deposition.[8] Because Roche's request came on the eve of the close of fact discovery when the parties had numerous depositions already scheduled, counsel for Amgen and Roche agreed to discuss future deposition dates.[9] Roche asked Amgen if it would accept a subpoena on Dr. Browne's behalf.[10] Amgen informed Roche that it had not been able to reach Dr. Browne to secure representation and available dates for deposition, and that Roche would need to serve Dr. Browne personally.[11] As Roche's Memorandum acknowledges, it served this subpoena on Friday, March 30, after the close of business (at 7:00 p.m.) to "protect its position." Indeed, although Roche set the date of the deposition for Monday, April 2, the very next business day and the close of fact discovery, it did not notify counsel for Amgen that it served the subpoena nor did it send Amgen's counsel a courtesy copy.[12]

When counsel for Amgen learned of the subpoena on April 2, the same date specified for the deposition, she immediately contacted Roche to make clear that, given the short notice, the deposition obviously would not proceed on that day. She suggested the parties communicate further about the deposition.[13] The last communication on this issue was an e-mail from counsel for Roche that "[w]e will continue the subpoena until we resolve how to proceed. We understand that he will not appear and I will inform my people accordingly. Since your firm will represent him, we will communicate through you."[14] Notably, Roche never again raised the issue – until now.

---

[8] *Id.*, ¶ 6.
[9] *Id.* Ex. 5.
[10] *Id.*., ¶ 6.
[11] *Id.*.
[12] *Id.*, Ex. 3.
[13] *Id.*.
[14] *Id.*.

At no time did Amgen refuse, or "deliberately fail" to produce Dr. Browne for deposition. If Roche truly intended its subpoena to Dr. Browne to have any effect other than to "protect its position," it was unreasonable to serve it on a Friday evening for a Monday appearance.[15] Moreover, counsel for Roche acknowledged on April 2nd that Roche understood Dr. Browne would not appear.[16] Roche took no action after this point. It failed to seek any type of sanctions for Dr. Browne's alleged failure to appear (because Roche never expected he would), it failed to file a motion to compel Dr. Browne's deposition (which would have been unnecessary given Amgen's willingness to proceed), and it failed to seek additional dates or even raise the issue again. Amgen rightly believed that Roche no longer sought Dr. Browne's deposition. In light of the volume of depositions that already occurred in this matter, this belief was entirely reasonable. It was not Amgen's responsibility to secure and pursue discovery on behalf of Roche.

Roche has no basis to ask this Court to preclude Dr. Browne's trial testimony. Roche made the decision not to pursue Dr. Browne's deposition. The fact that it now regrets that decision is no justification for its request.

---

[15] *See Donahoo v. Ohio Dept. of Youth Svcs.*, 211 F.R.D. 303, 306 (N.D. Ohio. 2002) (subpoenas served within one week of the deposition dates did not give reasonable time for compliance); *Judicial Watch, Inc. v. U.S. Dept. of Comm.*, 34 F. Supp. 2d 47, 50 (D. Col. 1998) (subpoena served deposition with two days of scheduled deposition determined unreasonable when the local rules required a minimum of five days for notice to be "reasonable"); *see also Anderson v. Shell Oil Co.*, Civil Action No. 93-2235, 1996 U.S. Dist. LEXIS 7497, at *7 (May 24, 1996, E.D. Lo.). (seven day notice of a corporate deponent unreasonable).

[16] *See* Exhibit 3 to Fishman Declaration.

| | |
|---|---|
| DATED:   September 26, 2007 | Respectfully Submitted, |
| Of Counsel: | AMGEN INC., |
| Stuart L. Watt<br>Wendy A. Whiteford<br>Monique L. Cordray<br>Darrell G. Dotson<br>Kimberlin L. Morley<br>AMGEN INC.<br>One Amgen Center Drive<br>Thousand Oaks, CA 91320-1789<br>(805) 447-5000 | */s/ Michael R. Gottfried*<br>D. Dennis Allegretti (BBO# 545511)<br>Michael R. Gottfried (BBO# 542156)<br>Patricia R. Rich (BBO# 640578)<br>DUANE MORRIS LLP<br>470 Atlantic Avenue, Suite 500<br>Boston, MA 02210<br>Telephone: (857) 488-4200<br>Facsimile: (857) 488-4201<br><br>Lloyd R. Day, Jr. (pro hac vice)<br>DAY CASEBEER MADRID & BATCHELDER LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, CA 95014<br>Telephone: (408) 873-0110<br>Facsimile: (408) 873-0220<br><br>William G. Gaede III (pro hac vice)<br>McDERMOTT WILL & EMERY<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>Telephone: (650) 813-5000<br>Facsimile: (650) 813-5100<br><br>Kevin M. Flowers (pro hac vice)<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>6300 Sears Tower<br>Chicago, IL 60606<br>Telephone: (312) 474-6300<br>Facsimile: (312) 474-0448 |

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                                                       */s/ Michael R. Gottfried*
                                                        Michael R. Gottfried