# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., <br>            Plaintiff, <br> v. <br> F. HOFFMANN-LAROCHE LTD., a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN LAROCHE INC., a New Jersey Corporation, <br>            Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05 CV 12237 WGY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFF AMGEN INC.'S MOTION TO PERMIT THE USE OF DR. BARON'S DEPOSITION TESTIMONY IN ITS CASE IN CHIEF ON VALIDITY

There is no federal rule of evidence that precludes Amgen from offering the deposition testimony of a non-party witness during its case-in-chief when it has given proper notice to Roche and the Court in its pretrial statement that it would be doing so, simply because Roche chose to designate other portions of that witness' deposition transcript in its own case-in-chief.[1]

Indeed, Amgen believes both parties understood the Court to have expressly ruled that Amgen could not offer counter-designation evidence it wanted to offer in its case-in-chief if it went beyond the scope of Roche's direct designations.[2]  While Amgen believed that each of the

---

[1] *See* Joint Pretrial Memorandum (DN 807), Ex. E, p. 7.

[2] *See* Trial Transcript, 9/26/07 at p. 28, ll. 3-6; *see also* Trial Transcript, 9/10/07 at. P612, ll. 6-16:

> The Court: . . .But for whatever reason Ms. Ben-Ami wanted to call him [Dr. Goldwasser] as a witness as part of her case.  She gets to do that. She's asked him questions and you've heard the answers.
>
> Now, they can't put in their Amgen case in the middle of her case. Evidently, they're going to have him back.  So I'm just sticking to the

counter-designations it made to Roche's direct designations of the Baron transcript were within the scope of Roche's designations, Roche, nevertheless, objected to twelve of such Amgen counter-designations as being beyond the scope of Roche's direct designations. In so doing, Roche confirmed that it opposed any evidence by Amgen in Roche's case-in-chief that went beyond Roche's own designations. Similarly, in connection with the exchange between the parties of a number of the other deposition designations, Roche repeatedly took the position that if it withdrew certain designations then Amgen was required to withdraw its counter-designations. [3]

Where as here, Roche had notice in the Joint Pretrial Memorandum that Amgen intended to call Dr. Baron through deposition testimony in its case-in-chief and Roche had an opportunity to counter designate portions of Dr. Baron's testimony in response to Amgen's designations, there is no prejudice to Roche and no reason why Amgen should be precluded from presenting to the jury admissible, relevant testimony of a critical fact witness, who has been subject to cross-examination. Moreover, Dr. Baron is beyond the subpoena power of this Court and, therefore, Amgen has no ability to compel his live testimony at trial. Accordingly, in order to avoid unfair prejudice to Amgen, the Court should reconsider its intention to preclude Amgen from presenting Dr. Baron's deposition testimony in its case-in-chief and allow Amgen to present his testimony via deposition designations.

---

those things that Ms. Ben-Ami asked him about. That's all. Not that what Mr. Flowers is asking is not interesting and may be, and maybe we're going to hear it, but we're going to hear it when we get to Amgen. We're hearing Roche's case now with Amgen examining a witness that Roche has called.

[3] Exhibit A to Rich Dec., Letter from Hank Heckel to Renee Dubord Brown, dated September 9, 2007.

Dated: September 26, 2007                               Respectfully Submitted,


                                                        AMGEN INC.,
                                                        By its attorneys,


                                                        */s/ Patricia R. Rich*
Of Counsel:                                             D.DENNIS ALLEGRETTI (BBO#545511)
                                                        MICHAEL R.GOTTFRIED (BBO#542156)
                                                        PATRICIA R. RICH (BBO#640578)
STUART L. WATT                                          DUANE MORRIS LLP
WENDY A. WHITEFORD                                      470 Atlantic Avenue, Suite 500
MONIQUE L. CORDRAY                                      Boston, MA 02210
DARRELL G. DOTSON                                       Telephone:    (857) 488-4200
KIMBERLIN L. MORLEY                                     Facsimile:    (857) 488-4201
ERICA S. OLSON
AMGEN INC.                                              LLOYD R. DAY, JR
One Amgen Center Drive                                  DAY CASEBEER
Thousand Oaks, CA   91320-1889                          MADRID & BATCHELDER LLP
(805) 447-5000                                          20300 Stevens Creek Boulevard, Suite 400
                                                        Cupertino, CA 95014
                                                        Telephone:    (408) 873-0110
                                                        Facsimile:    (408) 873-0220

                                                        WILLIAM GAEDE III
                                                        McDERMOTT WILL & EMERY
                                                        3150 Porter Drive
                                                        Palo Alto, CA 94304
                                                        Telephone:    (650) 813-5000
                                                        Facsimile:    (650) 813-5100

                                                        KEVIN M. FLOWERS
                                                        MARSHALL, GERSTEIN & BORUN LLP
                                                        233 South Wacker Drive
                                                        6300 Sears Tower
                                                        Chicago IL 60606
                                                        Telephone:    (312) 474-6300
                                                        Facsimile:    (312) 474-0448

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on September 26, 2007.

*/s/ Patricia R. Rich*
Patricia R. Rich

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

*/s/ Patricia R. Rich*
Patricia R. Rich