# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., )<br>)<br>Plaintiff, )<br>) <br>v. )<br>)<br>F. HOFFMANN-LA ROCHE LTD, a )<br>Swiss Company, ROCHE DIAGNOSTICS )<br>GMBH, a German Company, and )<br>HOFFMANN LA ROCHE INC., a New )<br>Jersey Corporation, )<br>)<br>Defendants. ) | Civil Action No.: 1:05-cv-12237 WGY |

## AMGEN INC'S OPPOSITION TO ROCHE'S MOTION TO EXCLUDE DEPOSITION TESTIMONY OF DR. LEROY HOOD

Amgen hereby submits this opposition explaining why Roche's Motion to exclude the deposition testimony of Dr. Hood should be denied. To summarize:

- Roche relies upon factual misrepresentations that it only received Dr. Hood's designations on September 11, 2007, when in fact it first received Hood designations from Amgen over two months ago on July 28, 2007, and Roche actually counterdesignated for Hood on August 4, 2007. There is no element of unfair surprise here, nor will introducing Dr. Hood's deposition testimony prejudice Roche.

- Contrary to Roche's assertions, the designated deposition testimony of Dr. Hood constitutes *lay* witness testimony, and therefore, Amgen had no obligation to produce an expert report or comply with the rules governing the disclosure of *expert* testimony. Dr. Hood's deposition testimony is relevant to disprove Roche's obviousness and derivation theories. Dr. Hood was involved in forming the collaboration between Dr. Goldwasser and Amgen, and a member of Amgen's

1

Scientific Advisory Board. Moreover, Dr. Hood is "unavailable." Dr. Hood is not a party witness, he is not under Amgen's control, and he is outside of the scope of this Court's subpoena jurisdiction. Under these circumstances, it is entirely proper to introduce his deposition testimony.

### I. THE DESIGNATED DEPOSITION TESTIMONY FROM DR. HOOD IS LAY TESTIMONY

Roche's argument that Dr. Hood's deposition testimony should be excluded because Amgen did not timely designate Dr. Hood as an expert or submit an expert report is based on the false premise that Dr. Hood's deposition is being offered as expert testimony. Contrary to Roche's assertion however, Amgen is not offering Dr. Hood's testimony as opinion testimony. Instead, the designated testimony relates to matters which Dr. Hood, as a lay witness, is competent to testify to.

Significantly, Dr. Hood's status as a preeminent scientist does not preclude him from offering lay witness testimony in this case. It is well settled that a witness does not become an expert simply by testifying about "the particularized knowledge that the witness has by virtue of his or her position in the business."[1] Thus, Amgen was not obligated to submit a report or designate Dr. Hood as an expert.[2] As a member of the Amgen Scientific Advisory Board, Dr. Hood interacted and collaborated with both Amgen and Dr. Goldwasser.[3] In that capacity, Dr.

---

[1] *Morin v. State Farm Fire & Cas. Co.*, 453 F. Supp. 2d 173 (D. Me. 2006) *citing* Fed. R. Evid. 701 advisory committee notes.

[2] *Wilburn v. Maritrans GP*, 139 F.3d 350, 356 (3d Cir. 1998), *citing* Fed. R. Civ. P. 26(a); *Teen-Ed, Inc. v. Kimball Int'l Inc.*, 620 F.2d 399, 403-404 (3d Cir. 1980) (overruling district court's exclusion of lay witness testimony because the district court "failed to distinguish between opinion testimony which may be introduced by lay witnesses and that which requires experts");

[3] 4/2/2007 Hood Depo. Tr. at 12:23-25; 14:6-14; 33:15-34:10; 93:13-20.

Hood had direct knowledge of the difficulties faced by Amgen in the EPO gene project.[4] In a similar case, *Canady v. Erbe Elektromedizin GMBH,* the district court allowed a physician/inventor to testify on the surgical use of a patented probe in surgery, on the basis of his personal actions and observations of the probe at numerous surgeries.[5] The district court explicitly recognized that *lay witnesses* may offer fact testimony describing what they have done or observed in their professional experience involving a specialized expertise.[6] This does not transform the lay witness testimony into expert testimony such that an expert report or designation is required.[7]

## II. AMGEN SHOULD BE ENTITLED TO SUBMIT THESE DESIGNATIONS DURING ITS REBUTTAL CASE

For a few select portions of Amgen's designations, Roche further complains that Amgen has re-designated testimony that the Court has already excluded, and implies that those portions were excluded by the Court as expert testimony.[8] However, Roche's primary objection to these designations was that they were beyond the scope of Roche's own affirmative designations in its case-in-chief. Amgen disagreed with Roche's position at the time,[9] but has now re-submitted

---

[4] 4/2/2007 Hood Depo. Tr. at 10:5 – 11:24; 26:11-27:16; 93:13-20.

[5] *Canady v. Erbe Elektromedizin GMBH,* 384 F. Supp. 2d 176 (D.D.C. 2005), aff'd, 2006 WL 1328078 (D.C. Cir. 2006).

[6] *Id.* at 181.

[7] *See e.g.*, *United States v. LeCroy,* 441 F. 3d 914 (11th Cir. 2006) (Witness "testimony qualified under [FRE] 701 and did not constitute expert opinion under [FRE] 702. Just because [witness'] position and experience could have qualified him for expert witness status does not mean that any testimony he gives at trial is considered 'expert testimony.'")

[8] *See* Roche's Motion In Limine to Exclude Deposition Testimony of Dr. Leroy Hood, Whom Amgen did not Identify as an Expert or Disclose as a Knowledgeable Witness Under Rule 26(a)(1) (Docket No. 1118) at 2 (emphases added) [hereinafter "Roche's Motion"].

[9] Amgen attempted to raise this issue with the Court during a hearing, but was prevented from doing so by Roche's sudden withdrawal of all of its Hood designations in its case-in-chief, rendering the issue moot at the time. 9/6/2007 Trial Tr. at 330:14-17.

these few designations as part of Amgen's affirmative case. As this Court has done with other evidence, this evidence may not have been permissible in Roche's case-in-chief, but may be admitted in Amgen's case-in-chief.

### III. THERE IS NO PREJUDICE TO ROCHE BECAUSE BOTH PARTIES UNDERSTOOD THE SIGNIFICANCE OF DR. HOOD'S WORK, AND ROCHE, NOT AMGEN, PUT DR. HOOD'S DEPOSITION TESTIMONY AT ISSUE

Roche's unfair prejudice argument fares no better and is premised upon factual misrepresentations that Roche itself clearly knows are incorrect. In a transparent attempt to manufacture "prejudice" where none exists, Roche claims:

> At no time did Amgen designate testimony from the deposition of Dr. Hood. Only at the eleventh-hour – on September 11, 2007 – did Amgen for the first time identify excerpts from the deposition of Dr. Hood for use during its case. Simply put, Amgen is sandbagging Roche which had already put in nearly all of its validity case unaware that Amgen would rely on Dr. Hood.[10]

These claims are patently untrue. Roche is and has long been well aware that Amgen listed Dr. Hood as part of its original designations provided to Roche on July 28, 2007.[11] Indeed, Roche's misrepresentation as to the timeliness of Amgen's designation of Dr. Hood is particularly troubling where Roche itself provided objections and counter designations for Amgen's Hood designations on August 4, 2007, evidencing its receipt and review of Amgen's designations.[12]

In addition to identifying designations for Dr. Hood on July 28, 2007, Amgen also listed Dr. Hood as a witness via deposition for trial in the Joint Pretrial Memorandum on August 10,

---

[10] Roche's Motion at 3.

[11] *See* Declaration of Renee DuBord Brown in Support of Amgen's Motion in Opposition to Roche's Motion *in Limine* to Exclude Deposition Testimony of Dr. Leroy Hood, Ex. 1 (7/28/2007 Email from Renee Brown to Tom Fleming enclosing Ex. B, Amgen's Deposition Designations for Witnesses who may be called by Designation) at page 22 of Ex. B [hereinafter "Brown Decl."]

[12] *See* Brown Decl., Ex. 2 (8/4/2007 Email from Donna Baker to Renee Brown enclosing Roche's Counter Designations and Objections to Amgen's Designations) at page 22 of attachment.

2007.[13]  Roche itself also listed Dr. Hood as a *fact* witness it intended to call at trial via deposition in the Joint Pretrial Memorandum.[14]  Roche's misstatement that Amgen did not identify Dr. Hood as a trial witness by deposition until September 11, 2007 defies belief, and Roche should explain how it could possibly have been unaware of the facts cited above.

Furthermore, there is simply no element of unfair surprise here.  Even apart from Amgen designating particular sections of Dr. Hood's deposition testimony for use at trial, Roche knew at all relevant times that Dr. Hood's work may be pertinent to this case.  Indeed, Roche included Dr. Hood on its own Rule 26(a) disclosure on March 27, 2007,[15] subpoenaed Dr. Hood for documents and a deposition on or about February 16, 2007,[16] and deposed Dr. Hood on April 2, 2007 (within the fact discovery period).[17]  Amgen is simply seeking to introduce excerpts from the deposition that Roche noticed.  Indeed, most of the questions Amgen has designated were actually posed by Roche's counsel.  Under the circumstances, there is no prejudice or unfair surprise.[18]

The only "unfair prejudice" Roche identifies stems from the mere technicality that Dr. Hood was not listed as a potential witness for Amgen in its Rule 26(a) statements.  However, as

---

[13] *See* Joint Pretrial Memorandum (Docket No. 807) filed August 10, 2007, Exhibit E (Docket No. 807-6) at p. 8.

[14] See Joint Pretrial Memorandum, Exhibit F (Docket No. 807-7) at p. 6.

[15] *See* Docket No. 388, Exhibit 3 at pages 2-3.

[16] *See* Brown Decl. Ex. 3.

[17] *See* Brown Decl. Ex. 4.

[18] *See Queenie, Ltd. v. Nygard Int'l*, 204 F. Supp. 2d 601,603 (S.D.N.Y. 2002) (admitting testimony where plaintiff "knew the content of [witness's] proposed testimony, and would therefore suffer no unfair surprise from the use of her testimony"); *See also, Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188 (1st Cir. 2006)(citing the Advisory Committee notes to the 1993 amendments to Rule 37(c)(1), noting that illustrative examples of "harmlessness" include "late disclosures of a potential witness known to all parties [and] a trial witness already listed by the adverse party…").

Roche itself has acknowledged in separate briefing, a failure to disclose a witness on a Rule 26 statement does not preclude that witness's testimony at trial.[19]

### IV. DR. HOOD IS UNAVAILABLE UNDER FED. R. CIV. P. 32(A)(3)

Roche's claim that "Amgen has made no showing that Dr. Hood is unavailable and that it has been unable to procure his attendance, as required by FRE 804(a)(5)"[20] ignores that Fed. R. Civ. P. 32(a)(3) governs the admissibility of deposition testimony at trial, not FRE 804(a)(5). FRCP 32(a)(3) provides as follows:

> "deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:    (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or…(D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena…

Under FRCP 32(a)(3), deposition testimony is admissible at trial where a witness is *unavailable to process*.[21] This is precisely the situation here. Roche does not dispute that Dr. Hood lives in Seattle, Washington, approximately 3000 miles from this Court. Indeed, this Court can take judicial notice of the fact that Dr. Hood is beyond the subpoena power of this Court and Rule 45(e). This is the end of the inquiry with respect to Dr. Hood's "unavailability."

Finally, contrary to Roche's assertions, Amgen does not control Dr. Hood. Though Dr.

---

[19] *Queenie, Ltd. v. Nygard Int'l*, 204 F. Supp. 2d 601,604 (S.D.N.Y. 2002) (admitting testimony of witness where "[o]bviously, independent of the litigation, plaintiff knew what the facts were concerning" [witness's] testimony); *see also* Roche's Opposition to Amgen's Motion in Limine No. 25: Exclude Deposition Testimony from a Prior Litigation of Takaji Miyake, a Non-Party Witness Whom Roche did not Previously Disclose (Docket No. 1025) at 3.

[20] *See* Roche's Motion at p. 4; Fed. R. Evid. 804 *(*A witness is "unavailable" for purposes of Fed. R. Evid. 804 if the "proponent of a statement has been unable to procure the declarant's attendance . . . by process or *other reasonable means*.") (emphasis added).

[21] *See FRCP 32(a)(3); See also, Daigle v. Maine Medical Center, Inc.* 14 F.3d 684 (1st. Cir. 1994)

Hood served as a founding member of Amgen's scientific advisory board, and at one time, had close ties with Amgen, Dr. Hood is not an Amgen employee now, nor has he been retained as an expert in this matter. Thus, in order for Dr. Hood to be "available" at trial, he would need to appear voluntarily, or be subject to this court's subpoena powers. Neither situation applies here and therefore Amgen has made the requisite showing of unavailability under FRCP 32(a)(3).

## V.   CONCLUSION

For the reasons set forth above, Roche's Motion to Exclude Deposition Testimony from Dr. Hood should be denied.

Dated: September 27, 2007                     Respectfully Submitted,

AMGEN INC.,
By its attorneys,


Of Counsel:

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA   91320-1889
(805) 447-5000

*/s/ Patricia R. Rich*
D.DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R.GOTTFRIED (BBO#542156)
PATRICIA R. RICH (BBO#640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone:   (857) 488-4200
Facsimile:    (857) 488-4201

LLOYD R. DAY, JR
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone:   (408) 873-0110
Facsimile:    (408) 873-0220

WILLIAM GAEDE III
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:   (650) 813-5000
Facsimile:    (650) 813-5100

KEVIN M. FLOWERS
MARSHALL, GERSTEIN & BORUN LLP

233 South Wacker Drive  
6300 Sears Tower  
Chicago IL 60606  
Telephone:   (312) 474-6300  
Facsimile:    (312) 474-0448

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on September 27, 2007.

*/s/ Patricia R. Rich*
Patricia R. Rich
