Roche's motion *in limine* to exclude the testimony of Katz is yet another attempt by Roche in its systematic and undiscriminating attack against each of Amgen's witnesses. Roche's tactics are patently obvious and should not be allowed to prevail. In its motion to preclude Katz, however, Roche's counsel crosses the line of aggressive lawyering and devolves into baseless and outrageous allegations against Amgen's counsel.

In its latest attempt to discredit Amgen's witnesses, Roche claims that Amgen's counsel and Dr. Goldwasser improperly influenced Katz's testimony, that Katz had no actual memory or knowledge of the case, and that Amgen's counsel elicited improper expert testimony from Katz. Roche fails, however, to provide any evidence or basis for these serious accusations.

## I. Roche's Accusations Regarding Misconduct are Baseless and Offensive.

*A.    Amgen's Counsel did not mislead Dr. Katz into believing that Dr. Flowers was University Counsel nor did Dr. Flowers pressure Dr. Katz into giving false testimony.*

Roche makes a number of baseless accusations against Amgen's counsel, Kevin Flowers, including that he "exploited Dr. Katz's trusting nature." Roche's allegations are based on half truths, speculations, and complete fabrications, showing that it failed to perform a proper investigation before making such serious accusations.

First, Roche accuses Dr. Flowers of misleading Dr. Katz into believing that Dr. Flowers was working for the University of Chicago within the context of this case. This is completely untrue.[1] At no time did Dr. Flowers represent to Dr. Katz that he was representing the University in this case. In fact, Dr. Flowers, who questioned Dr. Katz first, began Dr. Katz's deposition by

---
[1] *See* Declaration by Kevin Flowers in Support of Amgen's Opposition to Roche's Motion *in Limine* to Exclude the Testimony of Dr. Adrian Katz Obtained by Amgen through Duress and Subterfuge for Lack of Competence and Improper Expert Testimony from a Fact Witness.

1

stating "Dr. Katz, as you know, my name is Kevin Flowers. I represent the plaintiff in this case, Amgen, Incorporated."[2]

Following a phone call from Dr. Katz, Dr. Eugene Goldwasser called Dr. Flowers to inform him that Dr. Katz had received a subpoena from Roche. Dr. Flowers, whose firm represents the University of Chicago in various matters, called Matt Allison, the outside counsel for the University of Chicago where Dr. Katz had formerly worked. The University counsel decided not to represent Dr. Katz in this matter as Dr. Katz was no longer an employee of the University, but suggested that Dr. Flowers represent Dr. Katz. Mr. Allison said he would call Dr. Katz and inform him that Dr. Flowers would be calling him.[3] Following this discussion, Dr. Flowers contacted Dr. Katz and met with him for an hour and a half.[4] Subsequently, Amgen decided to subpoena Dr. Katz so that it would not be precluded from asking him questions at his deposition by Roche. This decision to subpoena Dr. Katz was entirely within Amgen's rights and at no time did Dr. Flowers tell Dr. Katz that he was working for the University of Chicago in this matter.

In addition to accusing Dr. Flowers of misleading Dr. Katz, Roche goes even further and accuses Dr. Flowers of pressuring Dr. Katz into "providing testimony without regard to his recollection or the truth."[5] Once again, Roche misrepresents the facts in its allegations and in doing so, pushes the boundaries of ethical behavior.

Roche claims Dr. Flowers forced Dr. Katz to testify and cites to Dr. Katz's deposition in which Dr. Katz testifies that when he told Dr. Flowers he did not remember anything, Dr.

---

[2] *Katz* Depo. Tr.5:19-21
[3] See Declaration of Kevin Flowers….
[4]
[5]

Flowers replied "I don't think that will be enough."[6] Roche fails to point out that this exchange followed Roche's subpoena of Dr. Katz, *before* Amgen issued its own subpoena to Dr. Katz. Dr. Flowers acted properly in informing Dr. Katz that he should respond to Roche's subpoena, even if he did not remember much, and if Dr. Katz could not remember something, he should say so.[7]

To support its position that Dr. Katz was unduly pressured, Roche provides a thirty second video from the deposition of Dr. Katz. Roche alleges that Dr. Katz became "so flustered that he lapsed into speaking German." When viewed, the video shows Roche's allegation to be preposterous. Roche's counsel **Leora Ben Ami**, not **Dr. Flowers**, is questioning Dr. Katz during the clip. Dr. Katz, a native of Hungary, says one foreign word while searching for the right words to explain an answer to Ms. Ben Ami.[8] The concept that the utterance of a foreign word in response to a question by Roche's own counsel, Ms. Ben Ami, somehow suggests improper behavior on the part of Amgen's counsel carries advocacy to a new low.

Roche's accusations of misconduct are unethical and unfounded. Roche never objected to the deposition of Dr. Katz, or Amgen's conduct in connection with that deposition, until now, during trial. That behavior reflects Roche's true purpose: to engage in a drumbeat of exclusory motions and at times ad hominem attack in advance of each of Amgen's witnesses in an attempt to portray the witness, or Amgen, in a negative light and thus bias the Court. Roche's motion should be denied, and Roche chastised for their borderline unethical tactics and warned against them in the future. Another such motion was filed yesterday in connection with Amgen's witness Jeffrey Browne, in which Roche accused Browne and Amgen of "contemptuously' ignoring a

---

[6]

[7]

[8] Ms. Ben Ami asked Dr. Katz whether he respected that Dr. Goldwasser understood that the results that Dr. Goldwasser submitted to the Government were correct. Katz Dep. Tr. 112:21-113:2. It is hardly surprising that Dr. Katz had to search for words when asked to interpret his former colleague's state of mind a quarter of a century ago.

subpoena; that motion disregards the documented facts Roche's counsel simply never got back to Amgen's counsel to reschedule Browne's deposition.

> B. *Dr. Goldwasser did not "coach" Dr. Katz into giving testimony favorable to Amgen.*

Roche claims that Dr. Goldwasser, acting as Amgen's paid expert, "coached" Dr. Katz into giving testimony favorable to Amgen and thus improperly influenced Dr. Katz's testimony. Once again, Roche is either blatantly ignoring the facts or is making accusations without conducting a proper inquiry.

As Roche admits in its motion, Dr. Katz testified in his deposition that *he* was the one who initiated the call to his friend Dr. Goldwasser when he received Roche's subpoena:

> Q: So are you aware of an experiment in which Dr. Goldwasser's human urinary EPO was administered to human subjects?
>
> A: Yes. Yes, I became aware.
>
> Q: Okay. How did you become aware?
>
> A. *When I got the subpoena* saying that you participated in a clinical study and I don't know what clinical study is, *I called my friend Dr. Goldwasser*, and he says, Yeah, yeah, you remember. We gave this to a handful of patients. So I wasn't sure if I should continue with him, but I said, Oh well. I get it out of all the recesses of my brain and I – he juggled my memory. I wouldn't have remembered.
>
> Q: *How else did he juggle your memory?*
>
> A. *He didn't say anything other than that.* He says, You remember the stuff we did with Dimitri 25 years ago, whenever. And then I remembered that *we* used his purified – partially purified, quote, unqote, EPO in very few patients.[9]

---

9

As this testimony shows, Dr. Katz initiated the call to Dr. Goldwasser and Dr. Goldwasser merely reminded Dr. Katz of the study. Once Dr. Goldwasser reminded him of the trials, Dr. Katz recalled the events in question. It is hardly surprising that Dr. Katz needed to be reminded of a failed clinical trial conducted over twenty-five years ago.

**II.   Roche's Attempt to Exclude Dr. Katz's Testimony is Baseless; the Federal Rules of Evidence do not require that a witness have perfect memory.**

Roche seeks to exclude Dr. Katz's testimony because he lacks "personal knowledge of the matter." Roche claims that even to the extent that Dr. Katz's memory was "juggled" by Dr. Goldwasser, Dr. Katz's role in the study was minor.[10] In support of its claim, Roche cites to two excerpts from Dr. Katz's deposition.

These excerpts show that Dr. Katz had a minor role, if any, in *designing* the three-patient study and that he could not recall if he was caring for the patients at that time.[11] The excerpts provide no indication as to the extent of Dr. Katz's role or of his knowledge in the study. In any case, whether or not Dr. Katz had a major or minor role in the study is immaterial to whether he has personal knowledge of the matter and is thus competent to testify under Fed. R .Evid. 602. "Evidence is inadmissible under Rule 602 only if… the witness could not have actually perceived or observed that which he testified to."[12] As a practicing nephrologist and a participant of the study about which he was deposed, Dr. Katz had personal knowledge of the facts in question.

The Federal Rules of Evidence do not require a witness to have a perfect memory of an event before testifying. Rule 602 "does not require that the witness' knowledge be positive or

---

[10] Roche MIL at 5.
[11] Katz Dep. Tr. 67:18-68:10; *Id.* at 73:13-74:16.
[12] *United States v. Rodriguez*, 162 F.3d 135, 144 (1st Cir. 1998) (internal citation omitted).

rise to the level of absolute certainty."[13] Dr. Katz did perceive the events surrounding the three patient clinical trials and his need to refresh his memory goes to the credibility, not the admissibility, of his testimony. His testimony should be admitted and the jury should be allowed to hear the testimony and draw its own conclusions.

### III. Amgen is not Attempting to Introduce Expert Testimony from Dr. Katz.

In a final effort to preclude Dr. Katz's testimony, Roche accuses Amgen's counsel of questioning Dr. Katz in an attempt to elicit "unqualified expert opinion regarding the study and other matters of which he had no personal knowledge."[14] In support of its position, Roche cites excerpts from Dr. Katz's testimony, most of which have not even been designated by Amgen for presentation to the jury.

As to the excerpts cited by Roche that *have been* designated Amgen, they do not constitute expert testimony. The excerpts are testimony based on Dr. Katz's experience as a practicing nephrologist and as a participant in the three-patient study. A witness does not become an expert simply by testifying about "the particularized knowledge that the witness has by virtue of his or her position in the business."[15] Dr. Katz's testimony is based on his experiences and observations during the time in question. His high level of education and expertise does not transform his factual testimony into expert.[16] In any event, it is for the Court to make a case by case ruling on whether the specified designations consist of expert testimony.

---

[13] *M.B.A.F.B. Federal Credit Union v. Cumis Ins. Soc., Inc.*, 681 F.2d 930, 932 (4th Cir. 1982).
[14]
[15] *Morin v. State Farm Fire & Cas. Co.*, 453 F. Supp. 2d 173 (D. Me. 2006) *citing Fed. R. Evid. 701 advisory committee notes.*
[16] *See e.g., United States v. LeCroy*, 441 F. 3d 914 (11th Cir. 2006) (Witness "testimony qualified under [FRE] 701 and did not constitute expert opinion under [FRE] 702. Just because [witness'] position and experience could have qualified him for expert witness status does not mean that any testimony he gives at trial is considered 'expert testimony.'")

IV.  **Conclusion**

Roche has failed to support its motion *in limine* and it should be denied. Roche's motion should be seen for what it is: yet another attempt to discredit Amgen's witnesses, without regard for the truth. In its motion, Roche quotes this Court: "trials really are a search for the truth."[17] By contrast, however, this motion has nothing to do with the truth. Rather, it is full of untruths, which Roche's counsel should have known if it had performed even a cursory investigation to ensure that its motion was based on true and correct facts. Roche has failed to support its position that Dr. Katz's testimony should be excluded. Dr. Katz has personal knowledge of the events in question and should be allowed to testify via deposition to his knowledge of those events.

---

17

Dated: September 26, 2007

Respectfully Submitted,

AMGEN INC.,
By its attorneys,

Of Counsel:

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA   91320-1889
(805) 447-5000

/s/ Michael R. Gottfried
D. DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R. GOTTFRIED (BBO#542156)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone:   (857) 488-4200
Facsimile:   (857) 488-4201

LLOYD R. DAY, JR
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone:   (408) 873-0110
Facsimile:   (408) 873-0220

WILLIAM GAEDE III
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:   (650) 813-5000
Facsimile:   (650) 813-5100

KEVIN M. FLOWERS
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:   (312) 474-6300
Facsimile:   (312) 474-0448