# Exhibit 3

# KAYE SCHOLER LLP

Gasper J. LaRosa
212 836-8212
Fax 212 836-6527
glarosa@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

February 22, 2007

**BY FAX & E-MAIL**

Deborah Fishman, Esq.
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014

Re: *Amgen Inc. v. F. Hoffmann-La Roche Ltd, et al.,*
Civil Action No. 12237 WGY

Dear Deborah:

We have attempted to serve subpoenas on Dr. Leroy Hood and Prof. Harvey Lodish in recent weeks. We expect to serve Dr. Hood shortly and understand that Prof. Lodish is out of town until Tuesday, February 27th. As a courtesy, we are enclosing copies of the subpoenas directed to Dr. Hood and Prof. Lodish.

Very truly yours,

Gasper J. LaRosa

Enclosure
cc: Thomas F. Fleming, Esq. (email only)
    Mark Israelewicz, Esq.
    Michele Moreland, Esq.
    Krista Carter, Esq. (email only)
    Rachelle Platt (email only)

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   LONDON   SHANGHAI

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMGEN INC.,<br><br>Plaintiff,<br><br>v.<br><br>F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GmbH, and HOFFMANN-LA ROCHE INC.,<br><br>Defendants. | SUBPOENA IN A CIVIL CASE<br><br>CIVIL ACTION No. 05 CV 12237 WGY<br><br>PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS |

TO:
Dr. Leroy Hood
Institute for Systems Biology
1441 North 34th Street
Seattle, WA 98103-8904

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Yamaguchi Obien Mangio, LLC, 520 Pike Street, Suite 1320, Seattle, WA 98101<br><br>(The deposition will be recorded by stenographic and/or videographic means) | March 9, 2007<br>9 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): **See Schedule B (attached)**

| PLACE | DATE AND TIME |
|---|---|
| Yamaguchi Obien Mangio, LLC, 520 Pike Street, Suite 1320, Seattle, WA 98101 | February 28, 2007<br>10 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Patricia Carson, Attorney for Defendants | February 16, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patricia A. Carson, Kaye Scholer LLP, 425 Park Avenue, New York, NY 10022, (212) 836-8562

31414073.DOC

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## Definitions

1. The term "AMGEN" includes plaintiff Amgen, Inc., any predecessor company or companies, present and past divisions, subsidiaries, joint ventures, parent companies or other legal entities which are or wholly or partially owned or controlled by Amgen, Inc., and each of their respective present or former directors, officers, employees, agents, consultants, experts, representatives, and attorneys, as well as all other individuals or business entities in the employ of or otherwise acting or purporting to act on behalf of Amgen, Inc.

2. The term "AMGEN'S EPO PATENTS" means the following patents and any foreign counterparts of any of them, the applications from which the patents issued and all related applications, considered individually, in groups of two or more, and collectively:

   a. United States Patent No. 4,703,008 (the "'008 patent") entitled DNA Sequences Encoding Erythropoietin, issued on October 27, 1987, now expired;

   b. United States Patent No. 5,441,868 (the "'868 patent") entitled Production of Recombinant Erythropoietin, issued on August 15, 1995;

   c. United States Patent No. 5,547,933 (the "'933 patent") entitled Production of Erythropoietin, issued on August 20, 1996;

   d. United States Patent No. 5,618,698 (the "'698 patent") entitled Production of Erythropoietin, issued on April 8, 1997;

   e. United States Patent No. 5,621,080 (the "'080 patent") entitled Production of Erythropoietin, issued on April 15, 1997;

   f. United States Patent No. 5,756,349 (the "'349 patent") entitled Production of Erythropoietin, issued on May 26, 1998; and

    g. United States Patent No. 5,955,422 (the "'422 patent") entitled Production of Erythropoietin, issued on September 21, 1999.

3. The term "CALIFORNIA INSTITUTE OF TECHNOLOGY" means the California Institute of Technology, its directors, officers, employees, attorneys, accountants, consultants, representatives, agents, divisions, parents, subsidiaries, or affiliates, past or present.

4. The term "EPO" shall mean or refer to erythropoietin derived from any species or having the amino acid sequence of an erythropoietin derived from any species.

5. The term "HUMAN EPO" shall mean or refer to erythropoietin derived from humans or having the amino acid sequence of erythropoietin derived from humans.

6. The terms "YOU" and "YOUR" means Leroy Hood and/or any individual acting under your direction and/or control in whole or in part, including but not limited to any students, postdoctoral fellows, research scientists, laboratory technicians or assistants.

7. The term "AFFILIATE" means a person or entity that, directly or indirectly, through one or more intermediates, controls, is controlled by, or is under common control with the person or entity specified.

8. The term "DOCUMENT" is used in its customary and broad sense, and includes without limitation the broadest possible scope given in Fed. R. Civ. P. 34(a) and the Local Rules of this Court. Consistent with those rules, the term "DOCUMENT" includes but is not limited to electronic data. A draft or non-identical copy is a separate document within the meaning of the term.

9. The term "ELECTRONIC DATA" includes, but is not limited to, originals and all copies of electronic mail ("e-mail") and associated attachments or information, any and all

information contained in any form of retrievable storage medium, whether magnetic, optical or electronic.

10. The term "COMMUNICATION" is used in its broadest sense, and means any transmission of information from one person or entity to another through any means.

11. The term "PERSON" shall include but is not limited to, any natural person, business or corporation (whether for-profit or not-for-profit), firm, partnership, sole proprietorship, or other non-corporate business organization, or employee, agent or representative of the foregoing.

12. The term "CONCERNING" means relating to, referring to, describing, evidencing, constituting, or mentioning in any way.

13. As used herein, the words "AND" and "OR" shall be construed both conjunctively and disjunctively; the singular shall be deemed to refer to the plural and vice-versa; and any reference to the male gender shall include the female gender.

## Instructions

1. The DOCUMENTS requested herein specifically include those documents in YOUR possession, custody, or control, as well as those DOCUMENTS in the possession, custody, or control of YOUR present and former employees or associates, or any person or entity acting or purporting to act on YOUR behalf.

2. YOU are to produce the original and each non-identical copy of each DOCUMENT or thing requested herein which is in the possession, custody or control of YOU or any of YOUR present and former employees or associates, or any person or entity acting or purporting to act on YOUR behalf.

3. All requested DOCUMENTS shall be produced in the same file or other organizational context in which they are kept by YOU. For example, a DOCUMENT that is part of a file or other grouping shall be physically produced together with all other DOCUMENTS from said file or grouping responsive to the requests in Schedule B, in the same order or manner of arrangement as the original.

4. If it is maintained that any requested DOCUMENT has been destroyed, identify the DOCUMENT, set forth the contents of the DOCUMENT, state the date of such destruction, and identify the person(s) who authorized or directed such DESTRUCTION.

5. With respect to any claim of privilege by YOU relating to any information, DOCUMENT or COMMUNICATION sought by any of these requests, you shall identify the item withheld on grounds of an alleged privilege and specifically set forth the following:

    a. the nature and basis of the privilege claimed;
    b. the author, addressees, and recipients of any copies;
    c. the date of the COMMUNICATION, DOCUMENT or information;
    d. the subject matter of the COMMUNICATION, DOCUMENT or information; and
    e. any other information necessary to support the claim of privilege.

## SCHEDULE A

### Deposition Topics

1. Any matter CONCERNING the subject matter of Request Nos. 1 – 10 of Schedule B, irrespective of the existence of any DOCUMENT(S) concerning that subject matter, including without limitation any DOCUMENT provided in accordance with this notice.

2. Any other permissible subject in accordance with the Federal Rules of Civil Procedure and any applicable local rule of the Court.

## SCHEDULE B

### Document Requests

1. All DOCUMENTS CONCERNING YOUR activities relating to determining the amino acid sequence of HUMAN EPO between 1977 and 1985.

2. All DOCUMENTS CONCERNING any formal or informal collaborations, associations, agreements, or interactions between or among YOU and Dr. Eugene Goldwasser.

3. All COMMUNICATIONS between YOU and William Salser, George Rathmann, Marvin Carruthers, Daniel Vapnek, Eugene Goldwasser, Carlton Paul, Por-Hsiung Lai, Joan C. Egrie, Nowell Stebbing, Jeffrey Browne, or Phillip Koeffler CONCERNING EPO or HUMAN EPO between 1977 and 1985.

4. All DOCUMENTS CONCERNING YOUR participation in the formation of AMGEN.

5. All DOCUMENTS CONCERNING activities, meetings, membership, and responsibilities of the AMGEN Scientific Advisory Board between 1977 and 1985.

6. All DOCUMENTS CONCERNING staffing, recruiting, and hiring personnel for AMGEN from 1980 through 1984.

7. All DOCUMENTS CONCERNING the use of any protein sequencing methods for the determination of the amino acid sequence of EPO or HUMAN EPO between 1977 and 1985.

8. All DOCUMENTS CONCERNING the development and use of any protein sequencing method for the determination of the amino acid sequence of EPO or HUMAN EPO by AMGEN between 1977 and 1985.

9. All DOCUMENTS CONCERNING arrangement for shipment or transfer of EPO or HUMAN EPO protein to YOU by either Dr. Eugene Goldwasser or AMGEN between 1977 and 1985, further including any and all shipping records that reflect these transfers.

10. All laboratory notebooks, notes, or other records from between 1977 and 1985, including any laboratory notebooks, notes, or other records from any PERSON, employee, technician, fellow, student or research associate under your direction or control, reflecting YOUR determination of the sequence for EPO or HUMAN EPO for any purpose.