# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05-12237 WGY |
| v. ) | |
| ) | |
| F. HOFFMANN-LA ROCHE ) | |
| LTD., a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company and HOFFMANN-LA ROCHE ) | |
| INC., a New Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF KEVIN FLOWERS IN SUPPORT OF AMGEN INC.'S MOTION OPPOSITION TO ROCHE'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF DR. ADRIAN KATZ**

I, Kevin Flowers, declare as follows:

1. I am a partner at the law firm of Marshall, Gerstein and Borun LLP, counsel for plaintiff Amgen Inc. I am admitted to practice law before this Court (*pro hac vice*) and all the Courts of the State of Illinois.

2. I make this declaration of my own personal knowledge. If called to testify as to the truth of the matters stated herein, I could and would testify competently.

3. On February 8, 2007, Roche served a subpoena on Dr. Adrian Katz in connection with the current litigation.

4. Shortly thereafter, Dr. Eugene Goldwasser contacted me to inform me that Dr. Katz had called him after receiving the subpoena from Roche.

5. Following my conversation with Dr. Goldwasser, I called the University of Chicago's outside counsel, Matt Allison, an attorney at Baker McKenzie LLP in Chicago, to inform him of the subpoena served on Dr. Katz.

6. Mr. Allison informed me that the University of Chicago's counsel had decided not to represent Dr. Katz since he was no longer an employee of the University. Mr. Allison said that he would call Dr. Katz to explain the situation and that he would tell Dr. Katz that I would be contacting him.

7. Thereafter, I called Dr. Katz and informed him that I represent Amgen in this case, that I had spoken to Mr. Allison.

8. Dr. Katz informed me that he had already spoken with Mr. Allison.

1

9. Thereafter, I met with Dr. Katz for about an hour and a half. During that time, I discovered that while he remembered some facts about the clinical studies in question, there was not much that he could recall, and he did not know why Roche wanted to depose him. I explained that the subpoena required him to attend the deposition, and that if he did not remember something during his deposition he should simply say so.

10. Following my conversation with Dr. Katz, Amgen proceeded to serve Dr. Katz with its own subpoena ensuring that Amgen's counsel would not be precluded from asking Dr. Katz questions at Roche's deposition.

11. On March 26, 2007, Roche withdrew its subpoena. Amgen informed Roche that it would nevertheless proceed with the deposition.

12. At no time during my interaction with Dr. Katz did I pressure him into "providing testimony without regard to his recollection or the truth." At no time did I tell him that I was representing the University of Chicago in connection with this case.

13. I informed Dr. Katz from my first conversation with him that I represented Amgen in this litigation. At the beginning of the deposition I reminded Dr. Katz that, as he knew, I represent Amgen in this case. (Katz Dep. Tr. 5:19-21).

14. At no time did Roche object, during or after the deposition, regarding any undue pressure or any improper conditions regarding Dr. Katz. There was no objection to the deposition or to conduct during the deposition until now.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed this 27th day of September, 2007.

                                                   */s/ Kevin Flowers*
                                                    Kevin Flowers

**CERTIFICATE OF SERVICE**

     I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on September 27, 2007.

                                                      */s/ Patricia R. Rich*
                                                        Patricia R. Rich