## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 05 Civ. 12237 WGY |
| | ) | |
| F. HOFFMANN-LA ROCHE LTD, ROCHE | ) | |
| DIAGNOSTICS GmbH, and HOFFMANN- | ) | |
| LA ROCHE INC., | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE AMGEN FROM SOLICITING CUMULATIVE TRIAL TESTIMONY FROM DR. EUGENE GOLDWASSER

Dockets.Justia.com

## I.    INTRODUCTION

Amgen should be precluded from soliciting any testimony cumulative of what Dr.

Goldwasser already testified to during Roche's case in chief on validity for the following

reasons:

- Amgen had its opportunity to rehabilitate Dr. Goldwasser in its cross-examination and should not be permitted a second chance at the issues already raised (e.g. supply and distribution of EPO) by recalling him in their case in chief.  *See C.R. Bard, Inc. v. M3 Sys., Inc.,* 1994 WL 362186, *2 (N.D. Ill. July 11, 1994) (unreported)

- To the extent Amgen seeks to elicit testimony on prior issues contradictory to Goldwasser's prior testimony, there is a high risk of jury confusion, justifying exclusion under Fed. R. Evid. 403.

## II.    ARGUMENT

Fed. R. Evid. 403 provides for the exclusion of "cumulative evidence."  In multi-phase

proceedings, witnesses are not allowed to use examinations in later phases to re-testify to issues

covered in previous phases.  *See U.S. v. Wecht,* 2007 WL 2702350, *14 (W.D. Pa. Sept. 13,

2007) (granting motion to preclude witnesses at trial where issues were already addressed in

prior suppression hearing); *The Edward Mellon Trust v. UBS Painewebber, Inc.,* 2006 WL

3227826, *8 (W.D. Pa. Nov. 6, 2006) (affirming three-judge NASD panel decision to exclude

proffered rebuttal testimony cumulative of testimony already addressed in direct; plaintiff

"makes no effort to show that the proffered rebuttal testimony of [a prior-called witness] was

anything but what Defendants claim it is: an improper and cumulative attempt to rehabilitate the

testimony of [said witness]."); *C.R. Bard, Inc. v. M3 Sys., Inc.,* 1994 WL 362186, *2 (N.D. Ill.

July 11, 1994) (unreported) ("While witnesses [in quadrificated patent case] may be recalled to

testify on different issues, they may not be recalled to repeat previous testimony.")

Fed. R. Evid. 403 additionally provides for the exclusion of evidence that could lead to

"confusion of the issues" or "waste of time."  Among the natural concerns in any bifurcated

2

patent trial are (1) the risk of potential redundancy and (2) the risk of testimonial inconsistency. *See C.R. Bard,* 1994 WL 362186 at *2. Accordingly, in multi-phase patent cases, recalled witnesses are not allowed to repeat previous testimony--"[t]his procedure should reduce the significant potential for jury confusion over a myriad of complex issues, while conserving scarce jury resources." *Id.* at *2-*3.

The topics covered in Roche's case-in-chief include: EPO purification, potential collaboration to clone EPO, supply of EPO, distribution of EPO, and agreements with Amgen. Amgen had its opportunity to question Goldwasser on all of these topics. These issues should not be revived during Amgen's proof of validity of those very same claims. Passing the case to Amgen to rebut Roche's defenses does not in any way justify a second chance to probe Dr. Goldwasser's factual knowledge concerning issues Roche has already raised. Amgen had a full and fair opportunity to rehabilitate Dr. Goldwasser during its cross-examination and cannot recall this witness to revisit closed lines of questioning. Any additional testimony from Dr. Goldwasser on these topics will be cumulative, a waste of the Court's time, and will run the risk of jury confusion.

## III.    CONCLUSION

For the foregoing reasons, Roche's motion *in limine* to preclude Amgen fact witness Dr. Eugene Goldwasser from re-testifying to any issue already covered during his direct testimony of this trial should be granted.

Dated:  September 27, 2007    Respectfully submitted,
      Boston, Massachusetts    F. HOFFMANN-LA ROCHE LTD,
                                         ROCHE DIAGNOSTICS GMBH, and
                                         HOFFMANN-LA ROCHE INC.

By its attorneys,


/s/ Patricia A. Carson         
Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Krista Rycroft (*pro hac vice)*
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.


/S/ Thomas F. Fleming