# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: 05 Civ. 12237 WGY |
| ) | |
| F. HOFFMANN-LA ROCHE LTD, ROCHE ) | |
| DIAGNOSTICS GmbH, and HOFFMANN- ) | |
| LA ROCHE INC., ) | |
| Defendants. ) | |
| ) | |
| ) | |

**DEFENDANTS' MOTION *IN LIMINE* TO RESTRICT GOLDWASSER TO TESTIFYING ONLY TO OPINIONS CONSISTENT WITH HIS EXPERT REPORT**

**I.     INTRODUCTION**

The Court should restrict Amgen witness Eugene Goldwasser to testifying only to opinions consistent with his expert report for the following reasons:

- Amgen should not be allowed to get around the Court's rule that experts may only testify to opinions contained in their expert report by offering Goldwasser as a mixed fact/expert witness.

- Allowing Goldwasser to intermingle fact and expert testimony without clear designation will unnecessarily confuse the jury under Fed. R. Evid. 403.

**II.     ARGUMENT**

"Disclosing a person as a [fact] witness and disclosing a person as an expert witness are two distinct acts. Obviously, opposing counsel will question a witness differently (during a deposition or at a trial) if the witness has been designated as an expert." *Musser v. Gentiva Health Servs.,* 356 F.3d 751, 758 (7th Cir. 2004), quoting Dist. Ct. Op. at 14-15 (affirming district court's exclusion of expert testimony). The boundaries of what a lay witness may testify to and what an expert witness may testify to are different and are governed by two distinct Federal Rules. *See* Fed. R. Evid. 701 and 702. Lay witnesses must speak from "common knowledge or experience." *Freedom Wireless, Inc. v. Boston Commns. Group, Inc.,* 369 F. Supp. 2d 155, 157 (D. Mass. 2005). They are explicitly barred "from giving opinions based on technical or specialized knowledge." *Id.* As for expert testimony, Amgen knows the clear rule of this Court - experts are limited to testifying consistent to opinions expressed in their expert reports.

Amgen should not be allowed to confuse the fact/expert witness divide in order to backdoor expert opinions not in Goldwasser's expert report. Accordingly, as Goldwasser is undoubtedly an expert and any opinion he proffers will inevitably be based on technical or specialized knowledge, Roche requests that Dr. Goldwasser be restricted to only offering opinions contained in his expert report.

2

At the very least, to the extent Amgen claims Dr. Goldwasser will be offering opinions not in his expert capacity but derived from common knowledge or personal experience - Roche requests, pursuant to Fed. R. Evid. 403, that Amgen clearly divide Goldwasser's testimony into a "fact witness" portion and an "expert witness" portion so as not to confuse the jury.

### III. CONCLUSION

For the foregoing reasons, Roche's motion *in limine* to restrict Dr. Eugene Goldwasser to testifying only to opinions consistent with his expert report should be granted.

Dated: September 27, 2007
Boston, Massachusetts

Respectfully submitted,
F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

By its attorneys,

/s/ Patricia A. Carson
Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Krista Rycroft (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.


      /s/ Thomas F. Fleming