# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>F. HOFFMANN-LAROCHE LTD., )<br>a Swiss Company, ROCHE DIAGNOSTICS )<br>GMBH, a German Company, and )<br>HOFFMANN LAROCHE INC., a New )<br>Jersey Corporation, )<br>)<br>    Defendants. )<br>) | Civil Action No. 05 CV 12237 WGY |

## PLAINTIFF AMGEN INC.'S OPPOSITION TO ROCHE'S MOTION TO PRECLUDE THE TESTIMONY OF CHARLES K. H. KUNG, A THIRD-PARTY WITNESS WHO AMGEN LISTED AS A FACT WITNESS ON ITS INITIAL RULE 26(a) DISCLOSURES FROM TESTIFYING

Roche fails to provide the Court with a complete and accurate picture with respect to the disclosure and testimony of Mr. Kung. Specifically, Roche fails to inform the Court that:

- Amgen disclosed Mr. Kung in its Initial Rule 26(a) disclosures served on Roche on November 6, 2006 and indicated the Mr. Kung would be a fact witness with relevant information on Urinary Erythropoietin.

- Mr. Kung is being called as a fact witness to authenticate labels that he placed on urinary erythropoietin that he sent to Amgen and that are now resident in Dr. Strickland's laboratory notebook. Accordingly, Roche's arguments regarding the "State of the Erythropoietin Art as of the Date of Dr. Lin's Invention" is irrelevant.

- It was necessary for Amgen to move Mr. Kung up in the line-up of witnesses for tomorrow because Mr. Kung provides care for a seriously ill family member and needs to return home to Chicago and would have to make further arrangements for the care of his family member if he were to have to travel back to Boston next week.

- Amgen provided Roche with Mr. Kung's contact information in its Third Supplemental Rule 26(a) disclosures. Amgen was unaware of Mr. Kung's contact information prior to this and indeed, had to hire a private investigator to locate him.

DM1\1200155.1

Dockets.Justia.com

- Mr. Kung is an independent third-party witness. Amgen has not retained Mr. Kung nor does it represent Mr. Kung. Amgen does not have control over Mr. Kung, and therefore, if Roche wished to depose Mr. Kung it should have served a subpoena upon him.

- Due to the limited scope of Mr. Kung's testimony, Amgen is herewith filing a Motion to Authenticate by Declaration in lieu of Live Testimony of Charles Kung

Mr. Kung is a third-party witness whom Amgen listed as a fact witness on its initial disclosures and in each supplemental disclosure provided thereafter to Roche. It is as a fact witness that Amgen will call Mr. Kung in this trial. As Amgen indicated in each of its disclosures, including its initial disclosure, Mr. Kung has relevant testimony regarding "Urinary Erythropoietin" and that is the topic on which he will be testifying.[1] Roche's assertion that it did not have notice of the scope of his testimony is without merit.

Moreover, it's disingenuous for Roche to argue it was unaware of the relevance of Dr. Kung's testimony. Mr. Kung was a lab technician in Dr. Goldwasser's lab and was an integral part of his team. He was working in the lab during the period that Dr. Goldwasser was purifying urinary erythropoietin and for a period thereafter. Indeed, he co-authored several articles with Dr. Goldwasser on this topic. Accordingly, the testimony that Amgen intends to elicit from Mr. Kung concerns authenticating the labels he placed on urinary erythropoietin that he sent to Amgen and that currently reside in Dr. Strickland's notebooks.

Amgen's intended use of Mr. Kung at trial was confirmed in each of its initial disclosures and was again confirmed by the list of witnesses it submitted with the Joint Pretrial Memorandum, which listed Mr. Kung. If Roche had wanted the opportunity to explore the scope

---

[1] Amgen's Rule 26 disclosures did not break the witnesses down into more specific subsections including those falling under the subsection of State of the Erythropoietin Art as of the Date of Lin's Inventions until the Third Supplemental Disclosures. This breakdown occurred as Amgen was able to determine the specific information it believed it would rely upon from each witness. And as it was required to do, Amgen supplemented its disclosures with this additional information.

- 3 -

of Mr. Kung's personal knowledge, then it was Roche's burden to subpoena Mr. Kung to appear for deposition. Mr. Kung is an independent third party, he was not retained by Amgen nor is he under Amgen's control, and despite Roche's assertions to the contrary, Amgen did provide Roche with contact information from Mr. Kung.[2] Having failed to take the steps necessary to depose Mr. Kung prior to trial, Roche cannot now be heard to claim prejudice. Mr. Kung's factual testimony is clearly relevant and admissible and, therefore, Roche's motion to preclude should be denied.

Lastly, Roche claims prejudice and argues that Amgen did not abide by the parties' agreement regarding witness disclosure due to the fact that Mr. Kung was moved from the fifth witness on Amgen's witness disclosure list to the third. This change, however, was the result of the fact that Mr. Kung has a seriously ill family member and indicated that he had to return home to care for him and did not want to have to return to Boston next week to testify at trial. In order to accommodate Mr. Kung, Amgen moved Mr. Kung up in the order of witnesses for Friday and informed Roche of the change. There was nothing improper in Amgen's actions, and there is no prejudice to Roche. Pursuant to the parties' agreement, Mr. Kung appeared on Amgen's witness disclosure list provided to Roche on September 26, 2007 and on Amgen's witness disclosure list provided to Roche on September 27, 2007. This latter disclosure also contained all of the evidence to be used with Mr. Kung.

Based on the foregoing, the Court should deny Roche's motion to preclude Mr. Kung.

---

[2] *See* Plaintiff Amgen Inc.'s Third Supplemental Disclosures Pursuant to Fed. R.Civ. P. 26(A)(1).

- 3 -

DM1\1200155.1

Dated: September 28, 2007

Respectfully Submitted,

AMGEN INC.,
By its attorneys,

Of Counsel:

*/s/ Patricia R. Rich*
D. DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R. GOTTFRIED (BBO#542156)
PATRICIA R. RICH (BBO#640578)

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA   91320-1889
(805) 447-5000

DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone:   (857) 488-4200
Facsimile:   (857) 488-4201

LLOYD R. DAY, JR
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone:   (408) 873-0110
Facsimile:   (408) 873-0220

WILLIAM GAEDE III
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:   (650) 813-5000
Facsimile:   (650) 813-5100

KEVIN M. FLOWERS
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:   (312) 474-6300
Facsimile:   (312) 474-0448

- 5 -

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on September 28, 2007.

                                                                   */s/ Patricia R. Rich*
                                                                   Patricia R. Rich