# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05 CV 12237 WGY |
| ) | |
| F. HOFFMANN-LAROCHE LTD., ) | |
| a Swiss Company, ROCHE DIAGNOSTICS ) | |
| GMBH, a German Company, and ) | |
| HOFFMANN LAROCHE INC., a New ) | |
| Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |

### AMGEN INC'S OPPOSITION TO ROCHE'S MOTION *IN LIMINE* TO PRECLUDE AMGEN FROM SOLICITING CUMULATIVE TRIAL TESTIMONY FROM DR. EUGENE GOLDWASSER

Roche's motion seeks to restrict Amgen's direct examination of Dr. Goldwasser pursuant to FRE 403 because it is "a waste of time," "confusing," and "cumulative." Nowhere does Roche dispute that Dr. Goldwasser's testimony lacks probative value. Indeed, Roche willingly admits that the Dr. Goldwasser's testimony, elicited as an adverse witness during Roche's case-in-chief, is so probative of its defense that Amgen should be prevented from contradicting such testimony. Amgen has a right to present its case and control the scope of its witness' direct examination, and Roche cannot simply state—without any specific factual support—that confusion will result.

### I. ARGUMENT

Roche's motion is premised on an inherently contradictory argument—on the one hand Dr. Goldwasser testimony will be *cumulative* of the testimony he offered as a Roche adverse witness, and on the other hand that Dr. Goldwasser's testimony should be excluded because it

1

Dockets.Justia.com

may *contradict* his prior testimony and therefore confuse the jury.[1]

First, there is no basis for Roche's claim that Dr. Goldwasser's testimony is cumulative. "In the normal evidentiary sense cumulative evidence is excluded because it is *repetitious*."[2] It is well settled however, that a party may not use the concept of "cumulative" evidence to interfere with another party's right to present its case, which is precisely Roche's intention here.[3] Indeed, Roche's only basis for arguing that Dr. Goldwasser's testimony on direct examination is cumulative is the fact that Amgen previously cross-examined Dr. Goldwasser during the validity phase of this trial. Roche has identified no basis for limiting Dr. Goldwasser's direct examination, and the cases Roche cites in support of its argument are inapposite.[4]

Second, Roche blatantly overlooks the fact that during its cross-examination of Dr. Goldwasser, Amgen was limited to the scope of Roche's direct examination.[5] Indeed, it is disingenuous for Roche to now represent to this Court that Amgen is seeking a second bite at the apple, where it is well established that a parties' right to cross-examination is inviolate, and

---

[1] *See Roche's Motion* at p. 2 (Amgen should be precluded from soliciting any testimony cumulative of what Dr. Goldwasser already testified to…"To the extent Amgen seeks to elicit testimony on prior issues contradictory to Goldwasser's prior testimony, there is a high risk of jury confusion, justifying exclusion under Fed. R. Evid. 403)

[2] *Brown v. Wainwright*, 785 F. 2d 1457, 1466 (11th Cir. 1986) (emphasis added)

[3] *See e.g., Towner v. State*, 685 P.3d 45, 49-50 (Wyo. 1984); *Johnson v Ashby,* 808 F2d 676(CA8 Neb1987)( It "may nevertheless be an abuse of discretion to exclude probative, non-cumulative evidence simply because its introduction will cause delay, and any time limits formulated in advance of trial must be fashioned with this in mind.")

[4] *C.R. Bard, Inc. v. M3 Sys., Inc.,* 1994 WL 362186 (N.D. Ill. July 11, 1994) explicitly states, "witnesses may be recalled to testify on *different* issues. . ." (emphasis added). Roche's assumption that because Dr. Goldwasser has testified in the validity portion of this trial, that his testimony in Amgen's case-in-chief will be cumulative, is entirely speculative and should be rejected.

[5] See *Fed. R. Evid.* 611(b), advisory committee's note ("The tradition in the federal courts and in numerous state courts has been to limit the scope of cross-examination to matters testified to on direct, plus matters bearing upon the credibility of the witness.")  *See also Fed. R. Evid* 607, 613.

entirely separate from its right to affirmatively put on its case. [6]

Third, Roche's reliance on Rule 403 is entirely misplaced since they freely admit that Dr. Goldwasser's testimony is highly probative. Roche argues that Dr. Goldwasser's testimony covered a range of topics, each of which is apparently highly probative of Roche's defenses. Roche simply wants to stop Amgen from offering testimony that, although highly probative, might be favorable to Amgen. FRE 403 is not a procedural tool to prevent the admission of relevant testimony, and consequently, Roche's motion should be denied.

## II.   CONCLUSION

Roche's motion seeking to artificially restrict the scope of Amgen's direct examination of Dr. Goldwasser lacks merit and should be denied.

---

[6] *See generally FRE 611. See also, Davis v. Alaska*, 415 U.S. 308 (1974) ("Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested"); *United States v Wolfson* 573 F2d 216 (5th Cir. 1978) (If cross-examiner considers it necessary to develop further testimony of witness, he may seek to recall witness as his own for direct examination; court's undue restriction of cross-examination is not necessarily cured by cross-examiner's subsequently calling witness as his own to present to jury desired information).

|   |   |
|---|---|
| Date: September 28, 2007 | Respectfully Submitted,<br>AMGEN INC.,<br>By its attorneys, |
|   |   |
| Of Counsel: | /s/ Michael R. Gottfried<br>D. DENNIS ALLEGRETTI (BBO#545511)<br>MICHAEL R. GOTTFRIED (BBO#542156) |
| STUART L. WATT<br>WENDY A. WHITEFORD<br>MONIQUE L. CORDRAY<br>DARRELL G. DOTSON<br>KIMBERLIN L. MORLEY<br>ERICA S. OLSON<br>AMGEN INC.<br>One Amgen Center Drive<br>Thousand Oaks, CA 91320-1789<br>(805) 447-5000 | PATRICIA R. RICH (BBO#640578)<br>DUANE MORRIS LLP<br>470 Atlantic Avenue, Suite 500<br>Boston, MA 02210<br>Telephone:  (857) 488-4200<br>Facsimile:  (857) 488-4201<br><br>LLOYD R. DAY, JR. (*pro hac vice*)<br>DAY CASEBEER<br>MADRID & BATCHELDER LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, CA 95014<br>Telephone:  (408) 873-0110<br>Facsimile:  (408) 873-0220<br><br>WILLIAM GAEDE III (*pro hac vice*)<br>McDERMOTT WILL & EMERY<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>Telephone:  (650) 813-5000<br>Facsimile:  (650) 813-5100<br><br>KEVIN M. FLOWERS (*pro hac vice*)<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>6300 Sears Tower<br>Chicago IL 60606<br>Telephone:  (312) 474-6300<br>Facsimile:  (312) 474-0448 |

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on September 28, 2007.

                                                 /s/ Michael R. Gottfried
                                                 Michael R. Gottfried