# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., <br><br>    Plaintiff, <br><br> v. <br><br> F. HOFFMANN-LA ROCHE LTD, a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN LA ROCHE INC., a New Jersey Corporation, <br><br>    Defendants. | Civil Action No.: 1:05-cv-12237 WGY |

### AMGEN'S OPPOSITION TO ROCHE'S MOTION *IN LIMINE* TO RESTRICT DR. GOLDWASSER TO TESTIFYING ONLY TO OPINIONS CONSISTENT WITH HIS EXPERT REPORT

This is simply not a case, as Roche suggests, of Amgen attempting to "backdoor" expert testimony in to this trial under the guise of a fact witness. Dr. Goldwasser was disclosed at the beginning of this case as a fact witness, and was later retained as an expert in this matter. Dr. Goldwasser's status as an expert does not prelude testimony of a factual nature. Amgen's planned direct examination of Dr. Goldwasser will make it clear at what point Dr. Goldwasser is testifying in his capacity as a fact witness, and at what point he is testifying about his expert opinion. Consequently, there is no basis for precluding Dr. Goldwasser's factual testimony under FRE 403.

## I.  ARGUMENT

Amgen's expert witness, Dr. Goldwasser, is not precluded from also offering testimony in his capacity as a fact witness in addition to his testimony provided as an expert witness. Courts routinely allow expert witnesses to offer fact and expert testimony at trial.[1] Contrary to

---

[1] *See e.g., United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997) (allowing law enforcement agents to offer lay and expert opinions at trial). *See also, Canady v. Erbe*
(continued…)

Roche's argument, in such cases, rules governing expert witness testimony, including Rule 26 disclosures, simply do not apply to an expert's lay witness testimony. Thus, although Dr. Goldwasser's expert testimony at trial is cabined by the opinions offered in his expert report, there is simply no basis for Roche's suggestion that the same restriction be imposed on Dr. Goldwasser's testimony as to pure factual issues.[2]

Amgen further submits that contrary to Roche's suggestion, its direct examination of Dr. Goldwasser will not cause any risk of confusion under Rule 403. Amgen's planned direct examination of Dr. Goldwasser makes it clear at what point Dr. Goldwasser is testifying in his capacity as a fact witness, and at what point he is testifying about his expert opinion. Indeed, as a practical matter, Amgen notes that as with any witness examination, it will be required to lay a foundation from which the jury will necessarily learn the nature of Dr. Goldwasser's testimony, *i.e.* whether it is fact testimony or expert opinion testimony. Amgen does not dispute that as to Dr. Goldwasser's expert testimony, his opinions will be limited to those included in his expert report, and notes that to the extent Roche is concerned that the nature of Dr. Goldwasser's testimony was at all ambiguous, Roche will have opportunity address this on cross-examination,

---

*Elektromedizin GMBH,* 384 F. Supp. 2d 176 (D.D.C. 2005) (allowing a physician/inventor to offer lay witness opinion testimony on the surgical use of a patented probe in surgery, based on his professional experience and observations of the probe at numerous surgeries)*; Sullivan v. Glock Inc.*, 175 F.R.D. 497, 500 n. 5 (D. Md. 1997)( discussing "hybrid witnesses and finding that it is "very common in modern litigation to find fact witnesses who also possess the requisite expertise required by Fed. R. Evid. 702 to permit them to give expert opinion testimony.").

[2] *See e.g., Garcia v. City of Springfield Police Dep't*, 230 F.R.D. 247 (D. Mass. 2005)(finding no expert report was necessary, and distinguishing the expert's testimony on expert issues versus testimony based on personal knowledge and observations obtained during the course of care and treatment); *Sircher v. City of Chicago,* 1999 U.S. Dist. LEXIS 11869 (D. Ill. 1999*)* (finding no expert report was necessary, and distinguishing an expert's testimony on expert issues versus knowledge the expert acquired as a treating physician);

and argue the issue at closing. [3]

## II. CONCLUSION

For the reasons set forth above, Roche's Motion seeking to unfairly restrict Amgen's direct examination of Dr. Goldwasser should be denied.

---

[3] *Teen-Ed, Inc. v. Kimball Intern., Inc*., 620 F.2d 399 (3d. Cir. 1980) ("The modern trend favors the admission of opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination.").

|  |  |
|---|---|
| Date: September 28, 2007 | Respectfully Submitted,<br>AMGEN INC.,<br>By its attorneys, |

/s/ Michael R. Gottfried

Of Counsel:

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA   91320-1789
(805) 447-5000

D. DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R. GOTTFRIED (BBO#542156)
PATRICIA R. RICH (BBO#640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone:    (857) 488-4200
Facsimile:    (857) 488-4201

LLOYD R. DAY, JR. (*pro hac vice*)
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone:    (408) 873-0110
Facsimile:    (408) 873-0220

WILLIAM GAEDE III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:    (650) 813-5000
Facsimile:    (650) 813-5100

KEVIN M. FLOWERS (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:    (312) 474-6300
Facsimile:    (312) 474-0448

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on September 28, 2007.

                                                  /s/ Michael R. Gottfried
                                                Michael R. Gottfried