UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD, | ) | |
| ROCHE DIAGNOSTICS GMBH, | ) | *Leave to file granted on September 28, 2007* |
| AND HOFFMANN-LA ROCHE INC., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE AMGEN FROM INTRODUCING THE DEPOSITION TESTIMONY OF DR. EDWARD HARLOW, A ROCHE EXPERT WITNESS ON THE ISSUE OF OBVIOUSNESS-TYPE DOUBLE PATENTING WHO WILL NOT BE TESTIFYING AT TRIAL**

Amgen should not be allowed to introduce the deposition testimony of Dr. Edward Harlow, an expert witness that Roche offered on the issue of obviousness-type double patenting, to the jury for at least the following reasons:

(i) Roche did not *decide* not to call Dr. Harlow in its case-in-chief, as Amgen asserts. (D.N. 1104, Amgen Opp. at 1). This Court's rulings on Roche's obviousness-type double patenting defenses effectively foreclosed Roche from bringing Dr. Harlow to testify in Roche's invalidity case. Allowing Amgen to present the jury with bits and pieces of Dr. Harlow's deposition outside the context of the overall opinions he was retained to render is entirely unfair to Roche and will confuse and mislead the members of the jury who will not appreciate why Dr. Harlow did not testify for Roche.

(ii) The opinions in Dr. Harlow's expert reports are directed to whether the differences between the claims of of the various Amgen patents would have been obvious in

light of the prior art. The only analyses that he performed at Roche's request and the only opinions within the scope of his retention by Roche dealt with these limited issues. In that obviousness-type double patenting is no longer a jury issue, any arguably admissible statements are irrelevant to the jury issues in this case and will only serve to confuse the jury.

(iii)    The statements that Amgen seeks to introduce are inadmissible hearsay. Dr. Harlow resides within the subpoena power of this Court and Amgen has not shown that he is unavailable to testify in person. If Amgen wants to introduce Dr. Harlow's testimony during its case-in-chief, it should call Dr. Harlow live and Roche should be entitled to conduct "wide-open" cross-examination.

(iv)    If Amgen introduces Dr. Harlow's deposition testimony, Roche should be permitted to conduct his cross-examination in person regarding obviousness-type double patenting of the patent claims in suit.

Dated: September 28, 2007
Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys*

/s/ Kimberly J. Seluga
Lee Carl Bromberg (BBO# 058480)
Robert L. Kann (BBO# 258025)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kimberly J. Seluga (BBO# 667655)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
kseluga@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky *(pro hac vice)*
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff (*pro hac vice*)
David L. Cousineau (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

/s/ Kimberly J. Seluga
Kimberly J. Seluga

03099/00501 748038.1