# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05-12237 WGY |
| v. ) | |
| ) | |
| F. HOFFMANN-LA ROCHE ) | |
| LTD., a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company and HOFFMANN-LA ROCHE ) | |
| INC., a New Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |

**AMGEN'S MOTION TO QUASH SUBPOENA AD TESTIFICANDUM SERVED ON THIRD PARTY DR. FU-KUEN LIN**

Dr. Fu-Kuen Lin and Amgen Inc. respectfully move pursuant to Fed. R. Civ. P. 45 and F.R.E. 611 for an Order quashing the Subpoena Ad Testificandum that Roche served on Dr. Lin to compel his appearance at the Court's obviousness-type double patenting ("ODP") hearing on October 1, 2007.

Roche held Dr. Lin in Boston throughout the first two weeks of trial, disclosing him on its witness list day after day, only to discourteously drop him without explanation at the end of Roche's validity case-in-chief. Now, after Dr. Lin has been on the stand for two days and has endured wide-ranging cross examination by Roche's counsel, Roche seeks to keep Dr. Lin in Boston for yet another week, beginning on October 1, 2007, so that Roche can elicit further testimony regarding Roche's ODP defenses. Roche's subpoena is unduly burdensome and should be quashed.

Further testimony from Dr. Lin is wholly unnecessary because the Court already has the

1

information required to decide the ODP issues remaining in this case. *See generally* Amgen's Bench Memorandum and Offer of Proof Regarding No Obviousness-Type Double Patenting (D.I. 1162) (explaining the legal principles and evidence relevant to Roche's ODP defenses). The patents and prosecution histories are in evidence. The Court has heard numerous witnesses testify concerning the level of ordinary skill in the art and the state of the art at the time of Lin's inventions. And, to the extent the Court decides to consider expert testimony regarding ODP, both parties already have provided such testimony. At best, any additional factual knowledge that Dr. Lin might possess concerning ODP issues would be duplicative of the patents and prosecution histories already in evidence, or merely cumulative of his prior testimony in this case.

      Roche has already had ample opportunity to elicit Dr. Lin's testimony — both during its cross examination and during the half-dozen consecutive Court days for which Roche previously demanded Dr. Lin's presence. Roche should not be granted yet another opportunity at Dr. Lin's expense, especially since any additional testimony would be of minimal value to the Court's ODP analysis. Because it would be unduly burdensome and wasteful under these circumstances to require Dr. Lin to remain in Boston for a third week of trial, Amgen respectfully requests that the Court grant this motion to quash Roche's subpoena.

      In support of this motion, Dr. Lin and Amgen submit the accompanying memorandum of law.

Dated: September 28, 2007

Respectfully Submitted,

AMGEN INC.,
By its attorneys,

Of Counsel:

/s/ Patricia R. Rich
D. DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R. GOTTFRIED (BBO#542156)
PATRICIA R. RICH (BBO#640578)

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA   91320-1889
(805) 447-5000

DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone:     (857) 488-4200
Facsimile:      (857) 488-4201

LLOYD R. DAY, JR
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone:     (408) 873-0110
Facsimile:      (408) 873-0220

WILLIAM GAEDE III
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:     (650) 813-5000
Facsimile:      (650) 813-5100

KEVIN M. FLOWERS
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:     (312) 474-6300
Facsimile:      (312) 474-0448

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

                                         */s/ Patricia R. Rich*
                                         Patricia R. Rich

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on September 28, 2007.

                                         */s/ Patricia R. Rich*
                                         Patricia R. Rich