UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., <br><br> Plaintiff, <br><br> v. <br><br> F. HOFFMANN-LA ROCHE LTD., a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company and HOFFMANN-LA ROCHE INC., a New Jersey Corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No.: 05-12237 WGY |

**MEMORANDUM IN SUPPORT OF AMGEN'S MOTION TO QUASH SUBPOENA AD TESTIFICANDUM SERVED ON THIRD PARTY DR. FU-KUEN LIN**

Dr. Fu-Kuen Lin and Amgen Inc. respectfully move pursuant to Fed. R. Civ. P. 45 and F.R.E. 611 for an Order quashing the Subpoena Ad Testificandum that Roche served on Dr. Lin to compel his appearance at the Court's obviousness-type double patenting ("ODP") hearing on October 1, 2007.[1]  Because Roche has no legitimate purpose for seeking additional testimony from Dr. Lin, and because Roche has already forced Dr. Lin to spend weeks in Boston in anticipation of being called during Roche's validity case, this subpoena subjects Dr. Lin to undue burden and should be quashed.

Roche held Dr. Lin in Boston throughout the first two weeks of trial, disclosing him on its witness list day after day.[2]  Then, via email sent at 8:21 a.m. on September 12, 2007, Roche

---

[1] *See* Declaration of Geoffrey M. Godfrey in Support of Amgen's Motion to Quash Subpoena Ad Testificandum Served on Third Party Dr. Fu-Kuen Lin ("9/28/07 Godfrey Declaration"), Ex. A (Lin subpoena).

[2] *See* 9/28/07 Godfrey Declaration, Ex. B (Roche letters disclosing Dr. Lin as a witness).

801208                                        1

abruptly dropped Dr. Lin as a witness for its validity case, without even the courtesy of an explanation.[3] Now, after Dr. Lin has been on the stand for two days and has endured wide-ranging cross examination by Roche's counsel, Roche seeks to keep Dr. Lin in Boston for yet another week, beginning on October 1, 2007, so that Roche can elicit further testimony regarding Roche's ODP defenses. Roche's subpoena is unduly burdensome and should be quashed.

Further testimony from Dr. Lin is wholly unnecessary because the Court already has the information required to decide the ODP issues remaining in this case. In addition to the many motions both parties have filed concerning ODP,[4] Amgen has submitted a detailed bench memorandum and offer of proof explaining the legal principles and evidence relevant to Roche's ODP defenses. *See* D.I. 1162. Roche presumably will submit its own bench memorandum and offer of proof in advance of the October 1 ODP hearing. The Court can resolve all outstanding ODP issues based on these papers, the existing trial record, and attorney oral argument. Additional live witness testimony is simply unnecessary to decide Roche's ODP defenses.

Like claim construction, ODP is a question of law for the Court. *In re Metoprolol Succinate Patent Litig.*, 494 F.3d 1011, 1015 (Fed. Cir. 2007) ("De novo review is appropriate because double patenting is a matter of what is claimed, and therefore is treated like claim construction upon appellate review."). The Court's ODP analysis entails two steps, which must be performed for each pair of claims alleged to be patentably indistinct:

> First, as a matter of law, a court construes the claim in the earlier patent and the claim in the later patent and determines the differences. Second, the court determines whether the differences in subject matter between the two claims render the claims patentably distinct.

*Metoprolol*, 494 F.3d at 1016 (quotations omitted). The Court has already construed many claim

---

[3] *See* 9/28/07 Godfrey Declaration, Ex. C.
[4] *See, e.g.*, D.I. 490, 498, 801, 908, 965, 1005, 1036.

limitations in the relevant patents and clearly needs no testimony from Dr. Lin to perform the first step of the ODP analysis. Likewise, the Court has all the information necessary to determine whether the implicated claims are patentably distinct. The patents and prosecution histories are in evidence. The Court has heard numerous witnesses testify concerning the level of ordinary skill in the art and the state of the art at the time of Lin's inventions. And, to the extent the Court decides to consider expert testimony regarding ODP, both parties already have provided such testimony. *See, e.g.*, Trial Testimony of Dr. Lowe (Sept. 5-7, 2007); Declaration of Harvey F. Lodish, Ph.D. In Support of Amgen's Bench Memorandum and Offer of Proof Regarding No Obviousness-Type Double Patenting (D.I. 1164).

Dr. Lin has no further information essential to the Court's analysis. At best, any additional factual knowledge that Dr. Lin might possess concerning ODP issues — e.g., what claims were included in the relevant patents and applications and when those patents and applications were filed and issued — would be wholly duplicative of the patents and prosecution histories already in evidence. Importantly, as the inventor, Dr. Lin by definition was not a person of "ordinary" skill in the art at the relevant time. *See Standard Oil Co. v. Am. Cyanamid Co.*, 774 F.2d 448, 454 (Fed. Cir. 1985) ("Inventors, as a class, according to the concepts underlying the Constitution and the statutes that have created the patent system, possess something — call it what you will — which sets them apart from the workers of *ordinary* skill, and one should not go about determining obviousness under § 103 by inquiring into what *patentees* (i.e., inventors) would have known or would likely have done, faced with the revelations of references.") (emphasis in original). Nor is Dr. Lin necessarily qualified to provide expert testimony concerning the level of ordinary skill in the art at that time. Therefore, there is no legitimate basis for Roche to seek Dr. Lin's testimony concerning these issues.

Roche has ignored Amgen's request that Roche explain why it believes additional

3

testimony from Dr. Lin might be necessary. But more importantly, Roche has already had ample opportunity to elicit Dr. Lin's testimony — both during its cross examination and during the half-dozen consecutive Court days for which Roche previously demanded Dr. Lin's presence. *See supra* note 2. Roche is not entitled to yet another opportunity at Dr. Lin's expense, especially since any additional testimony would be of minimal value to the Court's ODP analysis.

Fed. R. Civ. P. 45(c)(3)(A) permits the Court to quash a subpoena that subjects a person to undue burden.[5] F.R.E. 611(a) provides the Court shall exercise reasonable control over the mode and order of interrogating witnesses so as to avoid needless consumption of time and to protect a witness from harassment.[6] For the foregoing reasons, it is unduly burdensome and wasteful to require Dr. Lin to remain in Boston for a third week of trial. Dr. Lin and Amgen respectfully request that the Court grant this motion to quash Roche's subpoena.

---

[5] Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . (iv) subjects a person to undue burden.").

[6] F.R.E. 611 ("The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to . . . (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.").

Dated: September 28, 2007                                    Respectfully Submitted,


                                                             AMGEN INC.,
                                                             By its attorneys,


                                                             */s/ Patricia R. Rich*
Of Counsel:                                                  D. DENNIS ALLEGRETTI (BBO#545511)
                                                             MICHAEL R. GOTTFRIED (BBO#542156)
                                                             PATRICIA R. RICH (BBO#640578)
STUART L. WATT                                               DUANE MORRIS LLP
WENDY A. WHITEFORD                                           470 Atlantic Avenue, Suite 500
MONIQUE L. CORDRAY                                           Boston, MA 02210
DARRELL G. DOTSON                                            Telephone:    (857) 488-4200
KIMBERLIN L. MORLEY                                          Facsimile:    (857) 488-4201
ERICA S. OLSON
AMGEN INC.                                                   LLOYD R. DAY, JR
One Amgen Center Drive                                       DAY CASEBEER
Thousand Oaks, CA   91320-1889                               MADRID & BATCHELDER LLP
(805) 447-5000                                               20300 Stevens Creek Boulevard, Suite 400
                                                             Cupertino, CA 95014
                                                             Telephone:    (408) 873-0110
                                                             Facsimile:    (408) 873-0220

                                                             WILLIAM GAEDE III
                                                             McDERMOTT WILL & EMERY
                                                             3150 Porter Drive
                                                             Palo Alto, CA 94304
                                                             Telephone:    (650) 813-5000
                                                             Facsimile:    (650) 813-5100

                                                             KEVIN M. FLOWERS
                                                             MARSHALL, GERSTEIN & BORUN LLP
                                                             233 South Wacker Drive
                                                             6300 Sears Tower
                                                             Chicago IL 60606
                                                             Telephone:    (312) 474-6300
                                                             Facsimile:    (312) 474-0448

5

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on September 28, 2007.

                                                                  */s/ Patricia R. Rich*
                                                                  Patricia R. Rich