# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., <br><br> Plaintiff, <br><br> vs. <br><br> F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GmbH and HOFFMANN-LA ROCHE INC., <br><br> Defendants. | Civil Action No. 05-12237 WGY |

## DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE AMGEN FROM PRESENTING TESTIMONY OF GARY ROGERS

Amgen should be precluded from calling Mr. Gary Rogers as a supposed fact witness in this case because:

- Amgen is trying once again to back-door expert testimony about Amgen's efforts to express erythropoietin, characterize erythropoietin, or produce pegylated erythropoietin or about urinary EPO in through a supposed fact witness. Such testimony violates the limit of 10 experts per side and violates the requirements of providing an expert report of Fed. R. Civ. Proc. 26(a)(2)(B).

### I. MR. ROGERS SHOULD BE PRECLUDED FROM TESTIFYING BECAUSE HE IS BEING CALLED TO GIVE EXPERT TESTIMONY, HE IS NOT ONE OF AMGEN'S 10 TRIAL EXPERTS, AND HE DID NOT SUBMIT AN EXPERT REPORT

As they have already done in this case, Amgen is attempting to violate the protections in place in the Federal Rules with respect to expert testimony and the provision that each party only be allowed 10 disclosed trial experts by trying to elicit expert testimony through a so-called "fact-witness." Amgen has indicated Mr. Rogers is a person with knowledge of "Amgen's

Efforts to Express Erythropoietin, Characterize Erythropoietin, or Produce peg-EPO" and "Urinary erythropoietin" and presumably is being called by Amgen to testify to those topics.[1] The two topics on which Amgen claims Mr. Rogers has knowledge - Amgen's Efforts to Express Erythropoietin, Characterize Erythropoietin, or Produce peg-EPO and Urinary EPO are issues that call for expert testimony, and illustrate Amgen's attempt to improperly elicit expert testimony from this witness. Mr. Rogers' status as someone who likely will provide expert testimony for Amgen, and Amgen's desire to elicit that testimony is evidenced by the fact that Amgen has previously identified Mr. Rogers as an "in-house expert" of Amgen in proceedings before the European Patent Office.[2]

Each side has been limited to 10 expert witnesses in this jury trial. The Court has already seen Amgen's attempt to have more experts by eliciting expert testimony through Dr. Catlin and Dr. Lin. In addition, as this Court has stated, Fed. R. Civ. P. 26(a)(2)(B) provides protections for expert testimony - the expert must produce a report disclosing what they will say at trial and must not go beyond their expert report in their trial testimony. Mr. Rogers has not produced an expert report in this case, and he is not listed as one of Amgen's 10 trial experts. Not only would Roche be prejudiced by Amgen having more expert witnesses than it is entitled to under the 10 expert limit, but the prejudice would be that much worse without the protection of an expert report. Anything other than what Mr. Rogers did with his own hands or saw with his own eyes would be expert testimony and should be precluded. Furthermore, even Mr. Rogers' knowledge at the time of 1983-1984 about urinary EPO or Amgen's efforts to express erythropoietin, characterize erythropoietin, or produce pegylated erythropoietin is not relevant to any issue in

---

[1] Plaintiff Amgen Inc.'s Third Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), served July 10, 2007 (Amgen's Third Suppl. Disc.)

this case as Mr. Rogers is not a named inventor of the patents-in-suit. Amgen is attempting to call Mr. Rogers to give expert testimony to the jury, and should be precluded.

## II. IF MR. ROGERS IS PERMITTED TO TESTIFY, ROCHE SHOULD BE PERMITTED TO TAKE MR. ROGERS' DEPOSITION PRIOR TO ANY TESTIMONY

Mr. Rogers should be precluded from giving any testimony at trial for the reasons stated above. However, if Amgen contends that Mr. Rogers has some legitimate *factual* testimony to present to the jury, Roche should be permitted a limited deposition of Mr. Rogers prior to his trial testimony. if he is allowed to testify as to some narrow area that he may have relevant fact discovery, Roche should be permitted to take his deposition prior to his presenting any testimony.

## III. CONCLUSION

For all the foregoing reasons, Roche respectfully requests the court to preclude Amgen from offering Dr. Gary Rogers as a witness for this issue, or in the alternative, to delay his testimony and allow Roche an opportunity to depose him.

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and that no agreement could be reached.

---

[2] Letter from Forrester & Boehmert to European Patent Office dated May 26, 2003 attaching written submission of Amgen Inc., AM67 01086542-55 (identifying as a representative of Amgen, "Dr. Gary N. Roger [sic], an in-house expert of the Patentee.").

Dated: September 30, 2007
      Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE, LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

By its attorneys,

/s/ *Christopher Jagoe*_____
Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher Jagoe (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com

4

5

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on the above date.

                                    */s/ Thomas F. Fleming*_____
                                    Thomas F. Fleming