UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: 05 Civ. 12237 WGY |
| ) | |
| F. HOFFMANN-LA ROCHE, LTD, ROCHE ) | |
| DIAGNOSTICS GmbH, and HOFFMANN- ) | |
| LA ROCHE INC., ) | |
| Defendants. ) | |

**ROCHE'S BENCH MEMORANDUM REGARDING EXPECTED CUMULATIVE TESTIMONY BY AMGEN'S EXPERT CARLO BRUGNARA**

Amgen should be precluded from having Dr. Carlo Brugnara give expert testimony which is duplicative of expert testimony already elicited by Amgen from Dr. Eli Friedman. Dr. Brugnara's expert reports suggest that his testimony is likely to focus on the scientific merit of the Baron/Goldwasser clinical study, the Essers EPO-rich plasma study and the Eschbach prior art EPO-rich plasma study. The jury has already heard expert testimony on these topics from Dr. Friedman and fact testimony from Dr. Eugene Goldwasser.

Fed. R. Evid. 403 provides for the exclusion of "cumulative evidence." As the First Circuit has recognized, a district court "retains ample discretion to exclude or limit" expert testimony, pursuant to Fed.R.Evid. 403, "if its prejudicial, misleading, wasteful, confusing, or cumulative nature substantially outweighs its probative value." *See also Tran v. Toyota Motor Corp.,* 420 F.3d 1310,1315 (11th Cir. 2005)("District courts have broad authority over the management of trials. Part of this authority is the power to exclude cumulative testimony.")(citation omitted)

Rather than wasting time and risking possible jury confusion with multiple experts on given topics, it is a common practice for courts to limit the parties to a single expert per topic. See .*In re Guidant Corp.*, 2007 U.S. Dist. LEXIS 48200, *9 (D. Minn. June 29, 2007) (court "reserves the right" to exclude expert testimony duplicative of that given by other experts); *United States v. Mermelstein*, 487 F.Supp.2d 242, 266 (E.D.N.Y. 2007)("Federal Rule 403 allows a court to exclude cumulative testimony.  To avoid duplicative testimony, some courts 'permit each side to put on only one expert witness in any particular area of expertise.'") *Bado-Santana v. Ford Motor Co.*, 364 F. Supp. 2d 79, 108 (D.P.R. 2005) (granting motion *in limine* to preclude expert from testifying on a topic addressed by another expert); *Liquid Dynamics Corp. v. Vaughn Co., Inc.*, 2004 U.S. Dist. LEXIS 29992, *5-6 (N.D. Ill. Sept. 30, 2004) ("...[T]his court's 'Standing Order Establishing Pretrial Procedure' limits each party to one expert witness per topic.").

On September 26, 2007, Amgen elicited opinions from Dr. Friedman regarding the merits of the studies by Goldwasser and Baron  (Tr.1486-92), Essers (Tr. 1493-96)  and Eschbach (Tr. 1497).  Amgen should now be precluded from presenting the jury with the cumulative testimony of Dr. Brugnara on these same subjects.

Dated: September 30, 2007
      Boston, Massachusetts

Respectfully submitted,

F. Hoffmann-La Roche, Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc.

By their Attorneys,

/s/ *Thomas F. Fleming*
Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
Kaye Scholer LLP
425 Park Avenue
New York, New York  10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Timothy M. Murphy (BBO# 551926)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA  02110
Tel. (617) 443-9292
nrizzo@bromsun.com

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

                                        */s/ Thomas F. Fleming*
                                        Thomas F. Fleming