# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC.,<br><br>                    Plaintiff,<br><br>              vs.<br><br>F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GmbH and HOFFMANN-LA ROCHE INC.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. 05-12237 WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE AMGEN FROM PRESENTING TESTIMONY OF ATTORNEY IAN CRAWFORD

Amgen should be precluded from calling former Genetics Institute attorney Ian Crawford, Esq. as a fact witness in this case for the following reasons, including FRE 602, 402 and 802:

- Amgen did not list Mr. Crawford on its trial witness list, nor ever disclose Mr. Crawford on Amgen's Rule 26(a) disclosures. Roche has had no opportunity to depose Mr. Crawford as to his alleged knowledge of his client's documents from over 15 years ago.

- Attorney Crawford claims no relationship to Chugai, nor any knowledge of any documents from Chugai, thus has nothing relevant whatsoever to say about documents from Chugai. He is not a Chugai custodian of records and lacks competence to lay the necessary foundation.

- As to Ex. FJX, which Amgen alleges is a Genetics Institute document, Mr. Crawford lacks competence to authenticate this photocopied document. Mr. Crawford was an attorney that represented GI in the *Amgen v. Chugai* litigation, and is not the custodian of records of GI. Additionally, this is a photocopy of a document that came from Amgen's attorney's offices, not from GI. There is no unbroken chain of custody and Mr. Crawford cannot supply one.

- Any knowledge Mr. Crawford might have about documents at GI is covered by a privilege that attorney Crawford is not permitted to waive, such as his former client's attorney-client

- privilege and the attorney work-product doctrine, and there is no evidence that GI has waived either privilege.

- This Court has already ruled that Roche is not Chugai (Order dated 9/24/07 denying Amgen Motion in Limine #17, D.I. 876), and is not bound by anything Chugai has said or done, so these documents are completely irrelevant to any issue in the case, even if they were authentic.

I. **AMGEN FAILED TO DISCLOSE MR. CRAWFORD IN EITHER ITS RULE 26(A) DISCLOSURES OR IN THE JOINT PRETRIAL MEMORANDUM**

On Saturday evening, September 29, 2007, Amgen for the first time indicated that it would call attorney Ian Crawford as a trial witness on Monday October 1, 2007. Roche was given absolutely no prior disclosure of Mr. Crawford as a witness in this trial. Amgen did not disclose Mr. Crawford as a person with knowledge in any of its four Rule 26(a) disclosures, including in its last one filed July 10, 2007. Additionally, Amgen did not list Mr. Crawford as a potential trial witness in the Joint Pretrial Memorandum filed August 10, 2007. The first time Roche ever even heard Mr. Crawford's name was just a few days ago, on September 25, when Amgen filed an affidavit from Mr. Crawford in a blatantly deficient attempt to authenticate two documents for which the Court has already denied admission into evidence.[1] Although as described below, Mr. Crawford cannot possibly authenticate the documents in question, Roche was given no opportunity to subpoena documents or secure deposition testimony from Mr. Crawford on any knowledge or actions Mr. Crawford allegedly has that Amgen now claims is relevant to this case. This is a clear violation of the Rule 26(a) disclosure requirements and the Court's rule that the parties identify potential trial witnesses to each other and the Court in the Joint Pretrial Memorandum. FRCP 26(a)(1)(E) provides that "a party *must* make its initial disclosures based on the information then reasonably available to it." (emphasis added). If a

1

party fails to comply with this mandate FRCP Rule 37(c)(1) states that "a party that without substantial justification, fails to disclose information required by rule 26(a)(1) or 26(e)(1) ... , unless such failure is harmless, [is not] permitted to use as evidence any witness or evidence not so disclosed."  Additionally, District of Massachusetts Local Rule 16.5 provides that prior to trial the parties shall submit to the Court a Joint Pretrial Memorandum, which requires *inter alia*, that each party list "the names, addresses and telephone numbers of witnesses to be called (expert and others) and whether the testimony of any such witness is intended to be presented by deposition." By attempting to call Mr. Crawford at trial, Amgen has violated both of these disclosure provisions, and Mr. Crawford's testimony should be precluded.

## II.    ATTORNEY CRAWFORD HAS NO PERSONAL KNOWLEDGE OR RELEVANT TESTIMONY TO PRESENT

Based on the declaration of Mr. Crawford recently submitted by Amgen, Amgen apparently intends to call Mr. Crawford in an attempt to authenticate two documents and have them admitted into evidence.  Even if he had been timely disclosed, which he was not, Mr. Crawford is not a competent witness to authenticate either document, under either 901 or 602 and cannot lay the proper foundation.  Both of these documents were produced to Roche in this case from Amgen.  Amgen claims that one is a purported telex from Chugai to GI, and the other is an alleged letter from GI to Chugai.[2]  Amgen has stated that the documents are copies of documents kept at Amgen's attorney's offices for years.[3]  Mr. Crawford, however, is an attorney who claims to have represented GI in the Amgen versus Chugai litigation.[4]  Mr. Crawford is not

---

[1] *See* Declaration of Ian Crawford, Esq., D.I. 1154-2, ("Crawford Decl.") attached to Declaration of Daniel A. Curto in Support of Amgen's Supplemental Memorandum in Support of Bench Memoranda Regarding: (1) Authentication of January 16, 1984 Letter; and (2) Authentication of Jan. 11, 1984 Telex, D.I. 1154, dated 9/25/07.
[2] Amgen Inc.'s Bench Memorandum Regarding Authentication of Jan. 11, 1984 Telex, D.I. 1048, 9-12-07 ("DI 1048"); and Amgen Inc.'s Bench Memorandum Regarding Authentication of January 16, 1984 Letter, D.I. 1049, 9-12-07 ("DI 1049").
[3] *See* DI 1048 and DI 1049.
[4] *Amgen Inc. v. Chugai Pharmaceuticals Co., Ltd., et al.* (C.A. No. 87-2617-Y), D.I. 1154-2.

2

the custodian of records for GI, nor can he testify as to how any document was produced or kept at GI. With respect to the alleged telex from Chugai, Mr. Crawford does not even purport to have ever represented Chugai or have any information relevant to authenticating that document. He clearly should be precluded from presenting any evidence in an attempt to authenticate this alleged Chugai document.

With respect to the alleged letter from GI, Mr. Crawford claims, all these years later, that he recognizes and can authenticate the document produced by Amgen in this litigation as a copy of a document kept at Amgen's lawyers' offices for many years, and which before that was produced by GI in that prior litigation. Mr. Crawford claims that he remembers the document because a redacted copy was produced in that case, and that he remembers reviewing a copy of the document at GI's offices.[5] None of this is remotely sufficient to authenticate this document. Even assuming Mr. Crawford had such incredible memory that he could remember this exactly as a document he looked at over 15 years ago, that is not enough to authenticate this document. This memory claim also points out why a deposition of Mr. Crawford would be so critical. Mr. Crawford isn't the custodian of records for GI and cannot testify as to how or by whom the document was created, stored at GI, who had access to the document, or how it was collected. Additionally, anything Mr. Crawford may have seen or done at GI as a lawyer for GI would be covered by attorney-client privilege and attorney work-product. There is no indication that GI has waived privilege or work-product with respect to this document or anything else, and if they have, Roche should be permitted to inquire at deposition as to where this document was kept, who generated it, what the procedure for maintaining records is, Mr. Crawford's dealing with alleged copies of this document, and other relevant information concerning the generation and maintenance of this document.

3

The mere fact that this is purportedly a copy of a document kept at Amgen's lawyers' offices for years indicates that it cannot be authenticated by Mr. Crawford. Amgen claims a document in another litigation over 15 years ago was produced by GI, stayed in its lawyer's offices for years, was copied over and over and now a copy produced by Amgen in this case is the same. There is simply no way Mr. Crawford can establish an unbroken chain of custody of any document, not to mention this photocopy of many other photocopies, from GI's offices to production to Roche. Mr. Crawford lacks personal knowledge of GI's method of maintaining documents, where the particular copy produced to Roche came from, what may have happened to copies of this document between the last time he claims he saw a copy of it to its production in this case, or indeed, where and what happened to the original document. Mr. Crawford should be precluded from testifying as to any alleged facts concerning either of these documents.

Additionally, these documents, even if they were authenticated, are not relevant to any issue in this case. This Court has already ruled that Roche is not Chugai, and anything Chugai (or GI for that matter) may have said is not an admission of Roche, is hearsay, and does not bind Roche in any way.[6] It is therefore irrelevant. Moreover, the only patent at issue in the Chugai case was Amgen's expired '008 patent. None of the patents asserted in this litigation were at issue in that case, thus the issues are totally different and these documents have no relevance to this case. The documents are not relevant and are inadmissible even if properly authenticated, thus the documents should be excluded from evidence, and calling any witness, even a proper custodian of records from Chugai and GI would be a waste of time and resources.

---

[5] Crawford Decl. ¶ 3.
[6] Order dated 9/24/07 denying Amgen Motion in Limine #17, D.I. 876.

## III.    CONCLUSION

For all of the foregoing reasons, Amgen should be precluded from calling attorney Ian Crawford as a witness in this trial. If Amgen is permitted to call Mr. Crawford, Roche should be permitted to take Mr. Crawford's deposition before any testimony from Mr. Crawford.

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and that no agreement could be reached.

Dated:  September 30, 2007
         Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE, LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

By its attorneys,

/s/ *Thomas F. Fleming*_____
Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com

5

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

                                     */s/ Thomas F. Fleming*
                                       Thomas F. Fleming