# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05-12237 WGY |
| v. ) | |
| ) | |
| F. HOFFMANN-LA ROCHE ) | |
| LTD., a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company and HOFFMANN-LA ROCHE ) | |
| INC., a New Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |

## AMGEN INC.'S MOTION TO PRECLUDE THE TESTIMONY OF DR. THOMAS KADESCH BASED ON ROCHE'S REPRESENTATION THAT IT WOULD NOT CALL DR. KADESCH AT TRIAL, OR, IN THE ALTERNATIVE, TO LIMIT HIS TESTIMONY REGARDING OBVIOUSNESS-TYPE DOUBLE PATENTING TO THE TWO SENTENCES ON THIS ISSUE CONTAINED IN HIS EXPERT REPORT

In opposing Amgen's motion to remove Roche's improper designation of the deposition transcript of Dr. Thomas Kadesch as Highly Confidential,[1] Roche represented to this Court that "Amgen's Motion is Moot: Roche has informed Amgen that it will not be calling Dr. Kadesch during any phase of this trial . . . ."[2] Thereafter, the Court ruled that Roche's motion to seal Dr. Kadesch's transcript (Docket No. 1088) was indeed "moot."[3] After affirmatively representing that "Dr. Kadesch will not be testifying at trial"[4] and securing a ruling in its favor, Roche has now changed course. On September 29, Roche informed Amgen that, in fact, *it does* intend to

---

[1] 9/13/07 Amgen's Mot. to Remove the "Confidential" Designation From the June 21, 2007 Dep. Tr. of Roche's Expert Dr. Thomas Kadesch (Docket No. 1063); *see also* 9/21/07 Amgen's Opp'n to Roche's Mot. for Leave to File Under Seal (Docket No. 1097).

[2] 9/19/07 Roche's Opp'n to Amgen's Mot. to Remove the "Confidential" Designation From the June 21, 2007 Deposition Transcript of Roche's Expert Dr. Thomas Kadesch, at 1 (Docket No. 1087) [hereinafter Roche's Opp'n].

[3] 9/24/07 Electronic ORDER entered "finding as moot 1088 Motion for Leave to File."

[4] Roche's Opp'n at 2.

call Dr. Kadesch in support of its arguments on double patenting on October 1.[5]

Roche's gamesmanship should not be tolerated. Despite the parties' agreement and a Court order limiting each party to 10 experts at trial, Roche included 11 experts in the Joint Pretrial Memorandum.[6] In an apparent effort to come within the parties' agreement, Roche removed Dr. Kadesch from its list of experts. It made this representation to Amgen and the court, as set forth above. Because Roche made clear that it would not rely on Dr. Kadesch in support of its case, Roche should be precluded from calling Dr. Kadesch.

Roche's gamesmanship is all the more suspect because Dr. Kadesch has disclosed no opinions relevant to the ODP issues now before the Court. The entirety of Dr. Kadesch's opinion regarding double patenting is contained within two sentences of his expert report:

> Further, there is no significant distinction between claim 7 of the '349 patent and claim 4 of the '698 patent. Therefore, claim 7 of the '349 patent is invalid for double patenting.[7]

Nothing more is disclosed in Dr. Kadesch's reports regarding obviousness type double patenting. Not only is the disclosure woefully inadequate to support any testimony at trial, but it is based upon a claim – '698 claim 4 – that is not at issue in this case.

Because Roche had never clearly set forth its ODP disclosures before the start of trial, the Court ordered Roche to submit an offer of proof that precisely delineated the claims relevant to its obviousness arguments:

> THE COURT: So I want to know, if you're able to tell me now, precisely what claims in the '868 and the '698 patents, precisely what claims render the claims of the patents-in-suit obvious.[8]

---

[5] 9/29/07 Letter from Patricia Carson to Renée DuBord Brown ("Defendants give notice that Dr. Thomas Kadesch is expected to testify on October 1, 2007 during the afternoon hearing on obviousness type double patenting."), attached hereto as Ex. 1 to Decl. of Aaron R. Hand.

[6] 8/10/07 Joint Pretrial Mem., Ex. F at 3-4 (Docket No. 807-7).

[7] 5/1/07 Supplemental Expert Report of Dr. Thomas Kadesch ¶ 8, attached hereto as Ex. 2 to Decl. of Aaron R. Hand.

[8] 9/7/07 Trial Tr. at 504:10 – 504:13.

Roche's offer of proof (Docket No. 1020) did not include claim 4 of the '698 patent.[9]  This is likely because Amgen withdrew claims 4 and 5 of the '698 patent from the ITC via a covenant not to sue, thereby removing them from this case:

> MR. KENDALL:  On the '698 claims 4 and 5, we are going to withdraw from the ITC that claim.  So we are going to obviate that issue completely after yesterday's discussion.
>
> THE COURT:  So they're out.
>
> . . .
>
> THE COURT:  They're judicially estopped.  Now, you can be doggone sure after Mr. Day and Mr. Kendall said it that's no longer claimed in the ITC.  I'll have injunctive orders throughout.  We're not getting into it.[10]

For all of these reasons, Dr. Kadesch has no relevant opinion to offer at trial, and his testimony should be excluded.  Alternatively, because expert witnesses are limited to opinions and bases listed in their reports, Dr. Kadesch's opinion should be limited to the only two sentences of his report that discuss double patenting.

---

[9] 9/7/07 Offer of Proof Regarding Claims of U.S. Patent No. 5,441,868 and No. 5,618,698 That Invalidate Claims of U.S. Patent No. 5,547,933, No.5,756,349, and No. 5,955,422 Regarding Obviousness-Type Double Patenting (Docket No. 1020), attached hereto as Ex. 3 to Decl. of Aaron R. Hand.

[10] 9/5/07 Trial Tr. at 138:8 – 138:23.

Dated: September 30, 2007                                   Respectfully Submitted,

                                                            AMGEN INC.,
                                                            By its attorneys,


                                                            */s/ Michael R. Gottfried*
Of Counsel:                                                 D.DENNIS ALLEGRETTI (BBO#545511)
                                                            MICHAEL R.GOTTFRIED (BBO#542156)
                                                            PATRICIA R. RICH (BBO# 640578)
STUART L. WATT                                              DUANE MORRIS LLP
WENDY A. WHITEFORD                                          470 Atlantic Avenue, Suite 500
MONIQUE L. CORDRAY                                          Boston, MA 02210
DARRELL G. DOTSON                                           Telephone:   (857) 488-4200
KIMBERLIN L. MORLEY                                         Facsimile:   (857) 488-4201
ERICA S. OLSON
AMGEN INC.                                                  LLOYD R. DAY, JR
One Amgen Center Drive                                      DAY CASEBEER
Thousand Oaks, CA   91320-1889                              MADRID & BATCHELDER LLP
(805) 447-5000                                              20300 Stevens Creek Boulevard, Suite 400
                                                            Cupertino, CA 95014
                                                            Telephone:   (408) 873-0110
                                                            Facsimile:   (408) 873-0220

                                                            WILLIAM GAEDE III
                                                            McDERMOTT WILL & EMERY
                                                            3150 Porter Drive
                                                            Palo Alto, CA 94304
                                                            Telephone:   (650) 813-5000
                                                            Facsimile:   (650) 813-5100

                                                            KEVIN M. FLOWERS
                                                            MARSHALL, GERSTEIN & BORUN LLP
                                                            233 South Wacker Drive
                                                            6300 Sears Tower
                                                            Chicago IL 60606
                                                            Telephone:   (312) 474-6300
                                                            Facsimile:   (312) 474-0448

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

*/s/ Michael R. Gottfried*
Michael R. Gottfried

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on September 30, 2007.

*/s/ Michael R. Gottfried*
Michael R. Gottfried