# Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>F. HOFFMANN-LA ROCHE, LTD., ROCHE DIAGNOSTICS GMBH, and HOFFMANN-LA ROCHE, INC.<br><br>        Defendants. | Civil Action No. 05-CV-12237 WGY<br><br>**CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER** |

**SUPPLEMENTAL EXPERT REPORT OF DR. THOMAS KADESCH**

claims indefinite. Second, the claims of the '349 patent lack written description for the phrases *"non-human DNA sequences which control transcription"* and *"transcription control DNA sequences other than human erythropoietin transcription control sequences"*.

7. Claims 4 and 5 of the U.S. Patent No. 5,618,698 ("the '698 patent") are likewise invalid. These claims lack a written description for the phrases *"promoter DNA, other than human erythropoietin promoter DNA,"* and *"viral promoter DNA"*.

8. Further, there is no significant distinction between claim 7 of the '349 patent and claim 4 of the '698 patent. Therefore, claim 7 of the '349 patent is invalid for double patenting.

## II.  LEGAL BACKGROUND

9. Roche's counsel has provided me with an understanding of certain legal principles in connection with my work in this case. If asked, I may testify as to my understanding of these legal principles, some of which are set forth below.

10. I have been advised that the second paragraph of Section 112 of the patent statute requires in part that the:

> specification [of a patent] shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

11. I understand that, under this statute, a valid claim must permit one of skill in the art to understand and practice the claim when read in light of the specification. For the reasons discussed below, it is my opinion that the specification of the Amgen Patents does not provide adequate detail so that one of skill in the art would know if he was or was not using cells that meet the limitations of the '349 patent and '698 patent.

reserve the right to expand or modify my opinions as my investigation and study continues, and to supplement my opinions in response to any additional information that becomes available to me, to any matters raised by the Plaintiff, or to other opinions provided by the Plaintiff's experts. I also understand that the Court's claim construction is tentative. I reserve the right to modify, supplement or amend any opinion in this report, or which I may advance in this case, based on a changed claim construction, to the extent appropriate.

53. I may also use certain graphic and/or demonstrative materials to illustrate my testimony at trial, including those materials attached at Exhibit B to illustrate the opinions set forth in my report. These may include claim charts, figures and drawings from the Amgen Patents, excerpts from the patents and their file histories, interrogatory responses, deposition testimony and exhibits, as well as charts, diagrams, videos and animated or computer generated video presentations describing the technology relevant to the Amgen Patents and my report.

Thomas R. Kadesch, Ph.D.

May 1, 2007