# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05-12237 WGY |
| v. ) | |
| ) | |
| ) | |
| F. HOFFMANN-LAROCHE ) | |
| LTD., a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company and HOFFMANN LAROCHE ) | |
| INC., a New Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PLAINTIFF AMGEN INC.'S MOTION FOR LEAVE TO PLAY A DESIGNATION FOR LEROY HOOD WHICH WAS DESIGNATED BY ROCHE, ALLOWED BY THE COURT, AND SUBSEQUENTLY WITHDRAWN BY ROCHE**

Amgen respectfully requests the Court to permit Amgen to play a specific, short designation (33:6-33:14) from the Hood transcript that was actually designated by Roche twice and admitted by the Court twice.[1] Leroy Hood, a third party, was subpoenaed by Roche. This designation is a question posed to Dr. Hood by Roche's counsel. Roche did not object to Dr. Hood's response during the deposition. However, Roche now seeks to preclude Amgen from playing this designation. Because there is no prejudice to Roche, this designation should be allowed.

In its counters to Amgen's designations, Roche designated a portion of Dr. Hood's transcript which indicated that Dr.Hood's microsequencer was available to the public in early to mid 1982.[2] Roche also designated Dr. Hood's testimony that a "reasonable technician" could be trained to operate the microsequencer.[3] At the same time, Roche designated another portion of the Hood transcript in which Dr. Hood testified that determining the sequence of a protein was a "necessary but not sufficient" step in cloning a rare message gene.[4] All three designations were allowed by the Court, but Roche would now like to withdraw the third designation. This designation is necessary for completeness to address the suggestion that the publicly available microsequencer enabled one of ordinary skill in the art to clone the EPO protein.

Roche will not be prejudiced in any way if Amgen is allowed to play this designation. Roche initially included this designation in its affirmative designations, before it withdrew the entire transcript. Roche again designated this portion in its counters to Amgen's affirmative designations. Thus, this designation comes as no surprise to Roche.

---

[1] Roche originally provided designations for Dr. Hood, which included this designation. Following Roche's withdrawal of its affirmative designations, Amgen submitted affirmative designations for Dr. Hood and Roche provided counters.

[2] Hood [04/02/2007] Dep. Tr. 28:6-10.

[3] *Id.* at 34:23-35:11.

1

Therefore, Amgen respectfully requests the Court to allow Amgen to include this designation in the video that is presented to the jury.

October 1, 2007

Respectfully Submitted,

AMGEN INC.,
By its attorneys,

    /s/ *Patricia R. Rich*

Of Counsel:

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA   91320-1789
(805) 447-5000

D. DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R. GOTTFRIED (BBO#542156)
PATRICIA R. RICH (BBO#640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA   02210
Telephone:   (857) 488-4200
Facsimile:   (857) 488-4201

LLOYD R. DAY, JR. (*pro hac vice*)
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA   95014
Telephone:   (408) 873-0110
Facsimile:   (408) 873-0220

WILLIAM GAEDE III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:   (650) 813-5000
Facsimile:   (650) 813-5100

KEVIN M. FLOWERS (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:   (312) 474-6300
Facsimile:   (312) 474-0448

---

[4] *Id*. at 33:9-14.

2

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the Plaintiff has attempted to confer with counsel for the Defendants, F. Hoffman-LaRoche Ltd., Hoffman LaRoche Inc. and Roche Diagnostics GmbH, in an attempt to resolve or narrow the issues presented by this motion and that no agreement could be reached.

/s/ Patricia R. Rich
Patricia R. Rich

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as on-registered participants.

/s/ Patricia R. Rich
Patricia R. Rich