# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05-12237 WGY |
| v. ) | |
| ) | |
| ) | |
| F. HOFFMANN-LAROCHE ) | |
| LTD., a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company and HOFFMANN LAROCHE ) | |
| INC., a New Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## AMGEN INC.'S BENCH MEMORANDUM REGARDING SHOWING JURY PHOTOGRAPHS CONTAINED IN LEARNED TREATISE

In connection with the expert testimony of Dr. Ajit Varki, Amgen intends to seek the permission of the Court to display to the jury a photograph of an isoelectric focusing experiment set forth in a June 2000 article, *Recombinant Erythropoietin in Urine – An Artificial Hormone Taken to Boost Athletic Performance Can Now Be Detected*, published in Nature (Trial Exhibit GUR) pursuant to the learned treatise exception, F.R.E. 803 (18).

The rationale for the learned treatise exception is self-evident: so long as the authority of a treatise has been sufficiently established, the factfinder should have the benefit of expert learning on a subject, even though it is hearsay. *See Costantino v. Herzog*, 203 F.3d 164, 171-72 (2d Cir. 2000), *citing* Christopher B. Mueller & Laird C. Kirkpatrick, *Evidence* § 8.52, at 997 (1995). When a learned treatise contains information portrayed in the form of pictures, photographs, or other graphical depictions, there is "no reason to deprive a jury of authoritative

learning simply because it is presented in a visual, rather than printed, format." *Costantino*, 203 F.3d at 171, *citing Loven v. State*, 831 S.W.2d 387, 397 (Tex. Ct. App. 1992).

The essential notion is that the jury enjoys "explanation, context and perspective" on the treatise's contents. *Costantino*, 203 F.3d at 175, *quoting* Mueller & Kirkpatrick, *Evidence* § 8.52, 998. That essential notion would be lost, however, were the Court to require Amgen to "read into evidence" the information visually depicted in the two dimensional photograph set forth in Exhibit GUR. *See United States v. Mangan*, 575 F.2d 32, 48 (2d Cir. 1978) (holding that it was entirely appropriate for the trial judge to have permitted the jury to view several charts extracted from a learned treatise in connection with its expert testimony and further noting that "[i]t is not altogether clear to us how a chart can 'be read into evidence,' and good sense would seem to favor its admission into evidence, at least in a case where, as here, its significance had been fully explored with the expert.").

Here, Amgen does not seek to introduce this photograph into evidence or allow the jury to consider the graph outside the context of Dr. Varki's testimony. Instead, Amgen seeks only to display the photograph during its direct examination of Dr. Varki. As such, the concerns set forth in the last sentence of F.R.E. 803 (18) of preventing jurors from overvaluing the written word or from roaming at large through the treatise and forming conclusions not subject to expert explanation or assistance are simply not present. Moreover, any prejudice arising from the display of the photograph is not unfair within the meaning of Rule 403. *See Costantino*, 203 F.3d at 171-72. To the contrary, display of the scientific results in photographic form contained in Exhibit GUR represents highly probative evidence relevant to a key issue in Amgen's validity defense.

For the above reasons, this Court should permit counsel for Amgen to display the photograph contained in Exhibit GUR to the jury during Dr. Varki's expert testimony.

Dated: October 1, 2007

Respectfully Submitted,

**AMGEN INC.,**
By its attorneys,

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
Kimberlin L. Morley
Erica S. Olson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-5000

/s/ Michael R. Gottfried
D. Dennis Allegretti (BBO#545511)
Michael R. Gottfried (BBO# 542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (857) 488-4200
Facsimile: (857) 488-4201

Lloyd R. Day, Jr. (*pro hac vice*)
DAY CASEBEER, MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

Michael Kendall (BBO#544866)
Daniel A. Curto (BBO #639883)
McDERMOTT WILL & EMERY
28 State Street
Boston, MA 02109
Telephone: (617) 535-4000
Facsimile: (617) 535-3800

Kevin M. Flowers (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

4

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on October 1, 2007.

                                                /s/ Michael R. Gottfried_____
                                                Michael R. Gottfried