# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: 05-12237 WGY |
| F. HOFFMANN-LAROCHE ) | |
| LTD., a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company and HOFFMANN LAROCHE ) | |
| INC., a New Jersey Corporation, ) | |
| Defendants. ) | |

### AMGEN INC.'S OPPOSITION TO ROCHE'S MOTION *IN LIMINE* TO PRECLUDE AMGEN FROM PRESENTING TESTIMONY OF ATTORNEY IAN CRAWFORD

In what is clearly an attempt by Roche to keep out highly relevant documents going directly to secondary considerations of non-obviousness and Roche's claims about the invention of EPO, Roche seeks to preclude the testimony of Ian Crawford. Each of Roche's bases for this motion are without merit.

First, an attorney attesting to the fact that his client produced documents from their files as part of another litigation is sufficient to meet the threshold requirement of FRE 901 that the documents are genuine. Indeed, under FRE 901 the proponent of a proffered exhibit need only make a prima facie showing that an exhibit is what the proponent claims it to be.[1] Mr.

---

[1] *U.S. v. Holmquist*, 36 F.3d 154, 168 (1st Cir. 1994) (burden of proof for authentication only requires proponent to show reasonable likelihood that exhibit is what proponent claims it to be); *Woolsey v. National Transp. Safety Bd.*, 993 F2d 516, 520 (5th Cir. 1993) ("personal knowledge" is broadly construed under FRE 901(b)(1)).

Crawford's testimony will meet this burden. He remembers reviewing trial exhibits BAH and FJX in the office of Genetics Institute, and, as to FJX, redacting it before production. He attests to both documents being authentic copies. Under FRE 901 this testimony is sufficient to establish the authenticity of documents from a client's files.[2]

Second, Roche's claim regarding Rule 26 disclosures ignores that Roche raised an issue about the authenticity of these documents at trial. Amgen submitted Mr. Crawford's declaration because it is unnecessary for Mr. Crawford to testify live to simply authenticate a document. But if the court prefers that Mr. Crawford testify live, he will speak to what is already set forth in his declaration.

Third, Mr. Crawford's testimony about the production of documents that became part of the public record in another case is not privileged. Mr. Crawford is not, in any way, attesting to communications between him and his former clients. He is only testifying to his actions in another case — namely the production of documents from the files of his former client.

Finally, the relevance of these document is unrelated to Roche's purchase of Chugai. The relevance relates to secondary considerations — including that Chugai and Genetics Institute recognized that Amgen cloned EPO — and the difficult task of developing a commercializable product.. Notably, when these documents were introduced at trial, Roche's counsel did not object to them on the basis of relevance. The sole objections were hearsay — which was overruled because the documents are ancient documents — and authentication.[3] The documents are clearly relevant to Roche's invalidity defenses in this matter.

---

[2] *See Commercial Data Servers, Inc. v. Int'l Bus. Machs. Corp.,* 262 F.Supp. 2d 50, 58 (S.D.N.Y. 2003) (holding that authenticity under 901 was satisfied when attorney has personal knowledge that the documents attached to an affidavit were obtained during discovery by the firm); *Gulf Ins. Co. v. Glasbrenner*, 348 B.R. 47, 59 (S.D.N.Y. 2006) (Rule 901 satisfied by claimant's attorney providing sworn statement that the document was true and correct).

[3] 9/11/07 Trial Tr., pp. 415: 22 – 419: 25.

|  |  |
|---|---|
| Dated: October 1, 2007 | Respectfully Submitted, |
|  |  |
|  | AMGEN INC., |
|  | By its attorneys, |
|  |  |
| Of Counsel: | /s/ Michael R. Gottfried |
|  | D. Dennis Allegretti (BBO#545511) |
| Stuart L. Watt | Michael R. Gottfried (BBO# 542156) |
| Wendy A. Whiteford | Patricia R. Rich (BBO# 640578) |
| Monique L. Cordray | DUANE MORRIS LLP |
| Darrell G. Dotson | 470 Atlantic Avenue, Suite 500 |
| Kimberlin L. Morley | Boston, MA 02210 |
| Erica S. Olson | Telephone: (857) 488-4200 |
| AMGEN INC. | Facsimile: (857) 488-4201 |
| One Amgen Center Drive |  |
| Thousand Oaks, CA 91320-1789 | Lloyd R. Day, Jr. (*pro hac vice*) |
| (805) 447-5000 | DAY CASEBEER, MADRID & |
|  | BATCHELDER LLP |
|  | 20300 Stevens Creek Boulevard, Suite 400 |
|  | Cupertino, CA 95014 |
|  | Telephone: (408) 873-0110 |
|  | Facsimile: (408) 873-0220 |
|  |  |
|  | Michael Kendall (BBO#544866) |
|  | Daniel A. Curto (BBO #639883) |
|  | McDERMOTT WILL & EMERY |
|  | 28 State Street |
|  | Boston, MA 02109 |
|  | Telephone: (617) 535-4000 |
|  | Facsimile: (617) 535-3800 |
|  |  |
|  | Kevin M. Flowers (*pro hac vice*) |
|  | MARSHALL, GERSTEIN & BORUN LLP |
|  | 233 South Wacker Drive |
|  | 6300 Sears Tower |
|  | Chicago, IL 60606 |
|  | Telephone: (312) 474-6300 |
|  | Facsimile: (312) 474-0448 |

- 4 -

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on October 1, 2007.

                                            /s/ Michael R. Gottfried_____
                                            Michael R. Gottfried