# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | )    Civil Action No.: 05-12237 WGY |
| F. HOFFMANN-LAROCHE | ) |
| LTD., a Swiss Company, ROCHE | ) |
| DIAGNOSTICS GmbH, a German | ) |
| Company and HOFFMANN LAROCHE | ) |
| INC., a New Jersey Corporation, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### AMGEN INC.'S RESPONSE TO ROCHE'S BENCH MEMORANDUM REGARDING EXPECTED CUMULATIVE TESTIMONY BY AMGEN'S EXPERT CARLO BRUGNARA

Roche's bench memorandum regarding the expected testimony of Carlo Brugnara is based on the flawed assertion that Dr. Brugnara's testimony will be cumulative of Dr. Eli Friedman. Dr. Brugnara and Dr. Eli Friedman have vastly different qualifications and expertise which drives the substance of their expert opinions. Dr. Friedman is a practicing nephrologist who has treated kidney patients since the inception of dialysis. He was in the field observing the effects of anemia in kidney failure patients both before and after recombinant EPO. His testimony was directed towards secondary considerations of non-obviousness from the perspective of a practicing nephrologist. In contrast, Dr. Brugnara is the head of the clinical hematology laboratories for Children's Hospital, a pathologist and hematologist. He is uniquely qualified to render opinions about the data and testing methodology used in prior experiments.

Dockets.Justia.com

There is simply nothing cumulative about Dr. Brugnara's expertise and opinions and those of Dr. Friedman.

Furthermore, Roche's claim that Dr. Friedman has addressed prior art studies is based on a misrepresentation of fact as to Dr. Friedman's testimony. Amgen did not ask Dr. Friedman a single question during his direct examination regarding prior art studies. Rather, it was Roche — on cross — that raised the issues of prior art studies with Dr. Friedman.[1] On re-direct, Amgen asked Dr. Friedman a narrow set of questions about his opinion, as a practicing nephrologist, of the prior experiments that Roche raised in its cross-exam.

Finally, the cases Roche cites in its Bench memorandum are not applicable because they relate to specific case management techniques of particular courts. Here, this Court has set its own case management technique: strict time limits on each parties' trial time. The Court has left it to the parties to carefully guard against cumulative and unnecessary evidence. Amgen is well aware of these time limitations. Particularly in light of the Court's case management schedule, Amgen should be trusted to make its presentation in the most efficient and effective manner possible.

---

[1] 9/25/07 Trial Tr. pp. 1456 – 1470.

Dated: October 1, 2007

Respectfully Submitted,

AMGEN INC.,
By its attorneys,


*/s/ Patricia R. Rich*

Of Counsel:

D. DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R. GOTTFRIED (BBO#542156)
PATRICIA R. RICH (BBO#640578)

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA   91320-1889
(805) 447-5000

DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone:     (857) 488-4200
Facsimile:     (857) 488-4201

LLOYD R. DAY, JR
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone:     (408) 873-0110
Facsimile:     (408) 873-0220

WILLIAM GAEDE III
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:     (650) 813-5000
Facsimile:     (650) 813-5100

KEVIN M. FLOWERS
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:     (312) 474-6300
Facsimile:     (312) 474-0448

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of electronic filing and

paper copies will be sent to those indicated as non-registered participants on October 1, 2007.

*/s/ Patricia R. Rich*
Patricia R. Rich