# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC.,              ) <br> ) <br> Plaintiff,     ) <br> ) <br> v.             ) <br> F. HOFFMANN-LAROCHE LTD.,    ) <br> a Swiss Company, ROCHE DIAGNOSTICS ) <br> GMBH, a German Company, and ) <br> HOFFMANN LAROCHE INC., a New ) <br> Jersey Corporation,     ) <br> ) <br> Defendants.    ) <br> ) | Civil Action No. 05 CV 12237 WGY |

## PLAINTIFF AMGEN INC.'S MOTION TO
## ADMIT EXHIBITS INTO EVIDENCE

Plaintiff Amgen Inc. ("Amgen") respectfully moves to have certain documents set forth on the chart attached hereto as Exhibit A moved into evidence in this case.[1] The documents on the chart are divided into four categories (Categories A, B, C, and D) and for the reasons set forth below should be admitted into evidence in this matter.

Category A consists of documents that have been in existence for twenty years or more and are ancient documents. Statements in ancient documents are an exception to hearsay under Fed. R. Evid. 803(16). As ancient documents, these documents should also be deemed authentic under Fed. R. Evid 901(b)(8) without the need for any further requirement of authentication or identification. Documents Nos. 1-11 and 19-23 of these ancient documents under Category A are relevant because they are prior art references and/or constitute objective evidence of non-obviousness as of 1983-1984. The determination of whether a reference is prior art is a question

---

[1] Copies of the documents will be filed manually with the Court on Monday, October 1, 2007.

of law for the court.  *See Typeright Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1157

(Fed. Cir. 2004) ("Whether a reference was published prior to the critical date, and is therefore

prior art, is a question of law based on underlying fact questions").  Document Numbers 12-18 of

the ancient documents are relevant because they reflect the state of the prior art.  Document 24 of

the ancient documents is relevant because it is secondary consideration evidence reflecting the

failure of others to clone EPO.  This document is authenticated as an ancient document by the

"Declaration of WYETH Regarding Produced Documents", which is attached hereto as Exhibit

B.

Category B, Document Number 25, consists of a patent-related document authored by

defendant, Roche Diagnostics GmbH  ("Roche").   This document does not constitute hearsay

because it is an admission of Roche under Fed. R. Evid. 801(d)(2).  Pursuant to Fed. R. Evid.

801(d)(2), this document is "being offered against a party and is (1) the party's own statement, in

either an individual or a representative capacity or . . . (D) a statement by the party's agent or

servant concerning a matter within the scope of the agency or employment made during the

existence of the relationship."  Admissions by party opponents are excluded from the category of

hearsay.  *See* Fed. R. Evid. 801(d)(2).  Parties are not prejudiced by the admission into evidence

of their own statements since the parties may take the stand and contradict the statement if they

so choose.  *See Globe Sav. Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 94-95 (2004), judgment

entered 65 Fed. Cl. 330 (2005), *aff'd in part, rev'd in part on other grounds*, 189 Fed. Appx. 964

(Fed. Cir. 2006).

Category C, Document Numbers 26 and 27, consists of documents that are excerpts of

the certified file histories of certain patents.  The patent file histories contain the records of the

proceedings before the patent office and therefore constitute public records of the patent office.

*See Pieczenick and I.C. Technologies, Inc. v. Dyax, Corp.*, 226 F.Supp.2d 314, 317 (D.Mass. 2002) *quoting Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996) ("The claims, specifications, and file history constitute the patent's public record . . . on which the public is entitled to rely").  The documents in this category are therefore public record documents and are an exception to hearsay under Fed. R. Evid. 803(8).  As such, under Fed. R. Evid. 901(b)(7), they should be deemed authentic without the need for further identification or authentication.  These documents are relevant because they reflect the state of the prior art as of 1983-1984, the relevant time period

Category D, Document Number 28, consists of an annual report from the United States Renal Data Service.  As a commercial publication or market report, this document falls within an exception to hearsay under Fed. R. Evid. 803(17).  The document is also self-authenticating under Fed R. Evid 902(5) as a commercial publication issued by a public authority.  The report is relevant because it provides objective evidence of non-obviousness as of 1983-1984, the relevant time period.

For the reasons set forth above, Amgen moves to have the documents set forth in the attached chart moved into evidence in this case.

Dated: October 1, 2007

Respectfully Submitted,


AMGEN INC.,
By its attorneys,


/s/ Michael R. Gottfried

Of Counsel:                         D. DENNIS ALLEGRETTI (BBO#545511)
                                    MICHAEL R. GOTTFRIED (BBO#542156)
                                    PATRICIA R. RICH (BBO#640578)
STUART L. WATT                      DUANE MORRIS LLP
WENDY A. WHITEFORD                  470 Atlantic Avenue, Suite 500
MONIQUE L. CORDRAY                  Boston, MA 02210
DARRELL G. DOTSON                   Telephone:    (857) 488-4200
KIMBERLIN L. MORLEY                 Facsimile:    (857) 488-4201
ERICA S. OLSON
AMGEN INC.                          LLOYD R. DAY, JR
One Amgen Center Drive              DAY CASEBEER
Thousand Oaks, CA   91320-1889      MADRID & BATCHELDER LLP
(805) 447-5000                      20300 Stevens Creek Boulevard, Suite 400
                                    Cupertino, CA 95014
                                    Telephone:    (408) 873-0110
                                    Facsimile:    (408) 873-0220

                                    WILLIAM GAEDE III
                                    McDERMOTT WILL & EMERY
                                    3150 Porter Drive
                                    Palo Alto, CA 94304
                                    Telephone:    (650) 813-5000
                                    Facsimile:    (650) 813-5100

                                    KEVIN M. FLOWERS
                                    MARSHALL, GERSTEIN & BORUN LLP
                                    233 South Wacker Drive
                                    6300 Sears Tower
                                    Chicago IL 60606
                                    Telephone:    (312) 474-6300
                                    Facsimile:    (312) 474-0448

4

DM1\1200626.1

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

*/s/ Michael R. Gottfried*
Michael R. Gottfried


**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on October 1, 2007.

*/s/ Michael R. Gottfried*
Michael R. Gottfried

DM1\1200626.1