UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD, ) | |
| ROCHE DIAGNOSTICS GMBH, ) | |
| AND HOFFMANN-LA ROCHE INC., ) | |
| ) | |
| Defendants ) | |

# ROCHE'S OPPOSITION TO AMGEN'S MOTION TO PRECLUDE OR LIMIT THE TESTIMONY OF DR. THOMAS KADESCH AT THE COURT'S HEARING ON OBVIOUSNESS-TYPE DOUBLE PATENTING

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Krista M. Rycroft (*pro hac vice*)
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Timothy M. Murphy (BBO# 551926)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kimberly J. Seluga (BBO# 667655)
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292

Dated: Boston, Massachusetts
       October 1, 2007

*Counsel for Defendants
F. Hoffmann-La Roche Ltd,
Roche Diagnostics GmbH, and
Hoffmann-La Roche Inc.*

## INTRODUCTION

Amgen's motion to prevent Roche from presenting relevant testimony of its expert Dr. Thomas Kadesch at the Court's hearing on obviousness-type double patenting ("ODP") (Docket No. 1206), exemplifies the height of cynical tactical maneuvering. After making a motion seeking to remove the confidentiality designation of Dr. Kadesch's testimony for the improper purpose of using that testimony in a different unrelated case, Amgen now twists out of context a representation that Dr. Kadesch would not testify at the jury trial to block the introduction of relevant expert testimony at the ODP hearing. Amgen's ploy should be rejected for the following reasons:

- In connection with the confidentiality motion, Roche represented that Dr. Kadesch would not testify at the jury trial after the Court took the issue of ODP away from the jury. That representation does not preclude Roche from calling Dr. Kadesch at the hearing on ODP, the full parameters of which were not set until after Roche represented it would not call Dr. Kadesch at the jury trial.

- The portions of Dr. Kadesch's testimony that Amgen sought to de-designate as confidential relate to validity defenses under 35 U.S.C. §112 of lack of enablement and written description, matters as to which Dr. Kadesch will not be testifying before the jury or at the ODP hearing. Accordingly, Amgen's attempt to de-designate that testimony is still moot.

- Amgen fails to articulate how it has been prejudiced in any way as a result of Roche's representation that Dr. Kadesch would not testify at the jury trial.

- Dr. Kadesch's testimony should not be limited based on the selective citation by Amgen of his expert report. As will be evident during his testimony, Dr. Kadesch has numerous opinions that are relevant to the ODP issues before the Court that are properly contained in his expert reports.

### A. Roche Should Not Be Precluded From Presenting Relevant Expert Testimony Because It Decided Not to Call Dr. Kadesch at the Jury Trial

Amgen's effort to prevent the Court from hearing relevant expert testimony originates from a motion it made to de-designate certain excerpts of Dr. Kadesch's deposition as confidential. Those excerpts ostensibly related to Roche's section 112 defenses of lack of enablement and written description, but in reality Amgen admittedly filed its motion so that the deposition testimony could be used in another case in which Dr. Kadesch also serves as an expert. *See* Amgen's Motion to Remove Confidential Designation at 3, dated September 13, 2007 (Docket. No. 1063) (describing testimony as "highly material" to another litigation). Amgen's effort to use discovery in this case in another unrelated case was plainly improper under the Court's protective order. Agreeing that Amgen's proposed use of the deposition was improper, the Court today denied outright Amgen's motion to de-certify the transcript and ordered that "[t]he deposition is to be returned to the parties." (Electronic Order, dated October 1, 2007).

To the extent Dr. Kadesch's testimony on section 112 defenses had any relevance to this case, Roche pointed out in responding to Amgen's confidentiality motion that Dr. Kadesch would not be a witness at the jury trial, and that therefore the motion to de-designate those portions of his deposition transcript was moot. Amgen fails to explain how those deposition excerpts have any relevance to this case when Dr. Kadesch is not testifying as to section 112 defenses to the jury.

The fact that Roche seeks to have Dr. Kadesch testify at the ODP hearing does not make the Amgen's confidentiality motion any less moot now. Statements that Dr. Kadesch made pertaining to enablement and written description have no bearing on this case as Dr. Kadesch is not offering opinions at trial on such issues.

Moreover, Roche's representation that Dr. Kadesch would not testify at the jury trial should not preclude him from testifying at the ODP hearing, which Roche understands is distinct from the trial (indeed, the time used by the parties at the hearing will not come out of the time allotted to each side for trial). When Roche represented that Dr. Kadesch would not testify at the jury trial in its September 19, 2007 opposition to Amgen's confidentiality motion, the parameters of the ODP hearing were not established. For instance, at that time the Court had not finally informed the parties of how long the ODP hearing would be so each side could determine whether to call witnesses, and how many witnesses to call. Only after learning of the amount of time for the ODP hearing (which became clear the week of September 24) could Roche determine which, if any, witnesses it would present. It would be patently unfair to deny Roche the ability to proffer relevant expert testimony at the ODP hearing based on its representations about Dr. Kadesch as a jury trial witness before the parameters of the ODP hearing were set.

**B.      Amgen Has Failed To Articulate Any Prejudice Resulting From Roche's Representation that Dr. Kadesch Would Not Be a Witness at the Jury Trial**

While Roche will be prejudiced if it cannot present Dr. Kadesch at the ODP hearing, Amgen is unable to articulate an iota of prejudice that it will have if Dr. Kadesch does testify. That is because there is no prejudice. Amgen has known that Dr. Kadesch is a Roche witness and has deposed him fully. There is no conceivable prejudice to Amgen if it has to examine Dr. Kadesch at the ODP hearing.

**C.      Dr. Kadesch Has Disclosed Numerous Opinions Relevant to the ODP Issues Before the Court**.

Amgen is also wrong that Dr. Kadesch can offer no testimony relevant to the ODP issues before the Court . As will be evident at the hearing, Dr. Kadesch has numerous opinions relevant to the ODP issues, each of which is set forth in his expert reports. The proper place for Amgen

4

to make objections based on the disclosure in expert reports is at the hearing, not through this preemptive strike prior to Dr. Kadesch even taking the stand.

In fact, Dr. Kadesch has numerous opinions relevant to the ODP issue in his reports. For example, Dr. Kadesch opines on the state of the art, and what was known to one of skill in the art, at the filing date of the patents-in-suit. (*See, e.g.,* Expert Report of Dr. Thomas Kadesch ("Kadesch I") ¶ 12). Such opinions are certainly both relevant and necessary to the determination of what would have been obvious to one of skill in the art at the date in question. In addition, Dr. Kadesch's reports contain other opinions pertinent to the state of the art at the relevant time. *See, e.g.,* Kadesch I ¶¶ 45, 54.

## CONCLUSION

For the reasons set forth above, Amgen's Motion to Preclude or Limit the Testimony of Dr. Kadesch should be denied in all respects.

Dated: October 1, 2007
Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys*

/s/ Kimberly J. Seluga
Lee Carl Bromberg (BBO# 058480)
Robert L. Kann (BBO# 258025)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kimberly J. Seluga (BBO# 667655)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
kseluga@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky *(pro hac vice)*
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff (*pro hac vice*)
David L. Cousineau (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

/s/ Kimberly J. Seluga
Kimberly J. Seluga

03099/00501 748867.1