UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., <br><br> Plaintiff, <br><br> v. <br><br> F. HOFFMANN-LA ROCHE LTD, a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN LA ROCHE INC., a New Jersey Corporation, <br><br> Defendants. | ) <br> ) <br> ) <br> ) Civil Action No.: 1:05-CV-12237 WGY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**AMGEN'S BENCH MEMORANDUM FOR A CLARIFYING PRELIMINARY
JURY INSTRUCTION RELATING TO ROCHE'S PATENT ON
PEGYLATED ERYTHROPOIETIN**

Pursuant to Fed. R. Civ. P. 402 and 403, Amgen requests that this Court issue to the Jury a preliminary instruction on the effect of Roche's peg-EPO patent on whether Roche infringes Amgen's patent. The proposed jury instruction comes from the Federal Circuit Bar Association Model Jury Instruction No. 8.11[1] and states:

> Roche contends that its MIRCERA product and process accused of infringement represents an improvement to the inventions described in the Lin patent claims. Proof of this fact does not necessarily mean that the Roche's accused MIRCERA product and process do not infringe Dr. Lin's patent claims. Furthermore, MIRCERA may infringe the Lin patent claims whether or not Roche has a patent that Roche claims covers MIRCERA. Improvements may be separately patentable, yet still infringe another's patent.
>
> The tests for infringement remain as I have instructed you. As long as you find that Roche's MIRCERA product and process include all of the limitations of at least one of the asserted patent claims, either literally or under the doctrine of equivalents, then you must find that the patent claim(s) will be infringed by Roche's product and process, despite what Roche contends to be improvements.

Roche's expert reports show that Roche will argue at trial that because MIRCERA is separately patented, it does not infringe Amgen's prior patents. Separate patentability is not *per se* relevant

---

[1] Attachment 1 hereto.

MPK 133125-1.041925.0023                    1                    AMGEN'S BENCH MEMO FOR A PRELIM. JURY
                                                                 INSTRUCTION RE ROCHE'S PATENT
                                                                 CIVIL ACTION NO. 1:05-CV-12237 WGY

Dockets.Justia.com

and Courts have properly excluded such evidence as prejudicial.[2]  The risk of prejudice is high here.  This Court has determined that MIRCERA literally infringes claim 1 of the '422 Patent despite Roche's patent, and Amgen's other allegations of infringement rest on literal infringement.  The Jury may be confused by Roche's patent and reach the wrong result.  This is particularly true where, as here, this Court has already adjudicated that Roche literally infringes claim 1 of the '422 Patent.

Accordingly, Amgen requests that the foregoing preliminary jury instruction be given.

DATED:     October 1, 2007            Respectfully Submitted,

Of Counsel:                           AMGEN INC.,

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray                    /s/ Michael R. Gottfried
Darrell G. Dotson                     D. Dennis Allegretti (BBO# 545511)
Kimberlin L. Morley                   Michael R. Gottfried (BBO# 542156)
AMGEN INC.                            Patricia R. Rich (BBO# 640578)
One Amgen Center Drive                DUANE MORRIS LLP
Thousand Oaks, CA 91320-1789          470 Atlantic Avenue, Suite 500
(805) 447-5000                        Boston, MA  02210
                                      Telephone:  (857) 488-4200
                                      Facsimile:  (857) 488-4201

                                      Lloyd R. Day, Jr. (pro hac vice)
                                      DAY CASEBEER MADRID & BATCHELDER LLP
                                      20300 Stevens Creek Boulevard, Suite 400
                                      Cupertino, CA  95014
                                      Telephone:  (408) 873-0110
                                      Facsimile:  (408) 873-0220

                                      William G. Gaede III (pro hac vice)
                                      McDERMOTT WILL & EMERY
                                      3150 Porter Drive
                                      Palo Alto, CA  94304
                                      Telephone:  (650) 813-5000
                                      Facsimile:  (650) 813-5100

---

[2] *See Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1324 (Fed. Cir. 2000).

Kevin M. Flowers (pro hac vice)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL  60606
Telephone:  (312) 474-6300
Facsimile:   (312) 474-0448

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

*/s/ Michael R. Gottfried*
Michael R. Gottfried
