IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| F. HOFFMANN-LA ROCHE LTD, a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN LA ROCHE INC., a New Jersey Corporation, | ) ) ) ) ) ) Civil Action No.: 1:05-cv-12237 WGY |
| Defendants. | ) ) ) |

**AMGEN'S BENCH MEMORANDUM FOR A CLARIFYING PRELIMINARY JURY INSTRUCTION ON INFRINGEMENT OF '422 PATENT, CLAIM 1, TO PROVIDE THE JURY WITH PROCEDURAL CONTEXT AND TO MINIMIZE JURY CONFUSION**

Amgen requests the Court provide the jury with the following preliminary jury instruction to clarify the posture of the case so the jury can make its required determination in the proper context:

> Claim 1 of the '422 patent will not be addressed in the infringement phase of the case because it was previously determined that Roche's product will infringe '422 claim 1. The fact that Roche's product infringes claim 1 of the '422 Patent does not, however, necessarily mean that Roche will infringe the other asserted claims. You must make that assessment independently and not be influenced in any way by the prior determination with respect to claim 1 of the '422 Patent.[1]

Without this instruction, Amgen will suffer prejudice since the jury will likely mistakenly believe that the '422 Patent does not cover MIRCERA®. The mistaken belief is likely because: (1) the jury heard Roche argue that the '422 Patent was invalid during the three week invalidity

---

[1] Amgen's original proposed preliminary jury instruction on Amgen's contentions (Tab 3) contains a similar instruction that has been modified by the above proposed instruction. Either would be appropriate. Roche's proposed jury instruction states, "Roche contends that it does not infringe any of the asserted claims of Amgen's '868, '933, '698, '349, or '422 patents. . . . Roche further contends that any allegedly infringing activities cannot constitute infringement as a matter of law as such activities are protected under 35 U.S.C. 271(e)(1)." D.I. 917 at 12; *see id.* at 74-75 (Roche's proposed jury intruction on the issue of whether claim 1 of the '422 Patent is infringed by Roche's MIRCERA product). Similarly, Roche's proposed verdict seeks the jury's determination whether MIRCERA infringes claim 1 of the '422 Patent. D.I. 909.

MPK 133083-2.041925.0023                                1                      PLAINTIFF'S BENCH MEMORANDUM RE '422
                                                                               PATENT JURY INSTRUCTION
                                                                               CIVIL ACTION NO. 1:05-CV-12237 WGY

Dockets.Justia.com

phase; and (2) will hear no evidence from Amgen during the infringement phase on this patent. Roche apparently will also attempt to present evidence and argue that MIRCERA does not infringe the '422 Patent under Section 271(e)(1), although Amgen is submitting concurrently herewith a bench memorandum to preclude such evidence and argument.[2]

Absent a clarifying instruction, the jury may incorrectly conclude that Amgen could not establish that Roche's MIRCERA product infringes the '422 Patent. Based on that mistaken assumption, the Jury may also be more likely to conclude that Roche does not infringe the other patents. For example, the jury may conclude that MIRCERA does not comprise a "pharmaceutical composition" or contain a "diluent, adjuvant or carrier," when as a matter of law, it does.[3]

Case law supports Amgest request for a clarifying jury instruction. In *Waco Intern., Inc. v. KHK Scaffolding Houston Inc.*, a jury instruction informing the jury of the court's summary adjudication gave the jury the "procedural history" of the case and was unlikely to be pereceived by the jury as somehow limiting the jury's charge on the matters that they were to hear.[4] Similarly, Amgen's proposed jury instruction provides the jury with the procedural context as to why they have not heard argument from Amgen on why Roche's MIRCERA infringes claim 1 of the '422 Patent. Amgen's proposed instruction minimizes juror confusion while charging the jury with the need to independently assess claims remaining at issue in this case.

Amgen's requested jury instruction is proper under the Federal Circuit's decision *Mendenhall v. Cedarapids, Inc.*[5] There, a party was allowed to mention the prior decision but the decision itself could not come in as evidence. Here, Amgen's instruction mentions the decision. Amgen does not seek to enter the Court's decision into evidence as an exhibit.

---

[2] *See* Amgen's Bench Memorandum Regarding Roche's Non-Infringement Argument under 35 U.S.C. § 271(e)(1) to the Jury.
[3] Trial Tr. at 4:14-5:1.
[4] *Waco Intern., Inc. v. KHK Scaffolding Houston Inc.*, 278 F.3d 523, 529-530 (5th Cir. 2002).
[5] 5 F.3d 1557, 1566-68 (Fed. Cir. 1993) (allowing a party's references to the results of a prior litigation but denying a party's attempt to admit into evidence as exhbits the official records, including the prior court's order, opinion, and judgment).

For the reasons above, the Court should provide the above clarifying preliminary jury instruction prior to the commencement of evidence on the infringement phase of the trial.

DATED:   October 1, 2007          Respectfully Submitted,

Of Counsel:                       AMGEN INC.,

Stuart L. Watt
Wendy A. Whiteford               */s/ Michael R. Gottfried*
Monique L. Cordray               D. Dennis Allegretti (BBO# 545511)
Darrell G. Dotson                Michael R. Gottfried (BBO# 542156)
Kimberlin L. Morley              Patricia R. Rich (BBO# 640578)
Erica S. Olson                   DUANE MORRIS LLP
AMGEN INC.                       470 Atlantic Avenue, Suite 500
One Amgen Center Drive           Boston, MA  02210
Thousand Oaks, CA 91320-1789     Telephone:  (857) 488-4200
(805) 447-5000                   Facsimile:   (857) 488-4201

Lloyd R. Day, Jr. (pro hac vice)
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA  95014
Telephone:  (408) 873-0110
Facsimile:   (408) 873-0220

William G. Gaede III (pro hac vice)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA  94304
Telephone:  (650) 813-5000
Facsimile:   (650) 813-5100

Kevin M. Flowers (pro hac vice)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL  60606
Telephone:  (312) 474-6300
Facsimile:   (312) 474-0448

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                                      */s/ Michael R. Gottfried*

                                        Michael R. Gottfried