# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

AMGEN INC.,                    )
                                )
             Plaintiff,     )
             v.           )   Civil Action No.: 05 Civ. 12237 WGY
                                )
F. HOFFMANN-LA ROCHE, LTD, ROCHE   )
DIAGNOSTICS GmbH, and HOFFMANN-   )
LA ROCHE INC.,               )
             Defendants.   )
                                )
                                )

## ROCHE'S OPPOSITION TO AMGEN'S BENCH MEMORANDUM THAT TRIAL EXHIBIT FTF IS ADMISSIBLE AFTER DR. AJIT VARKI EXPLAINS THE RELEVANCE OF DR. CATLIN'S EXPERIMENT

Trial exhibit FTF should not be admitted into evidence because the testimony of Dr. Don Catlin is insufficient to authenticate this document, and it is not an original document as required by F.R.E. 1002 and 1003. Exhibit FTF is a digital photograph showing the results of an isoelectric focusing ("IEF") experiment. By Dr. Catlin's own admission, he did not perform this experiment himself, nor was he the individual who added the axes and written descriptions to the document after it was created.[1] Amgen's sole basis for their claim that Dr. Catlin may authenticate this document is that he worked in the laboratory where it was made at the time that it was created. This is an insufficient basis to authenticate this document, especially taking into account Dr. Catlin's testimony that as this experiment was being performed he was "sometimes in the next room doing something else."[2] Further, Amgen's inability to authenticate the

---

[1] 9/25/2007 Trial Tr. 1386:9-23; 1390:24-1391:3
[2] 9/25/2007 Trial Tr. p. 1390:13-14.

Dockets.Justia.com

document creates a "genuine question" as to its accuracy and requires that Amgen must put forward the original version.

"A competent witness with personal knowledge" is needed to authenticate a document. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1551 (9th Cir. 1989). When the document in question is a photograph, a witness is competent to authenticate if he has personal knowledge of the scene and testifies that the photograph fairly and accurately portrays the scene. *See U.S. v. Rembert*, 863 F.2d 1023, 1026 (D.C. Cir. 1988); *U.S. v. Hobbs*, 403 F.2d 977, 978-979 (6th Cir. 1968) (test for determining whether a photograph can be admitted into evidence is "whether the proffered photograph is an accurate representation of the scene depicted"). Dr. Catlin cannot authenticate exhibit FTF because he has no personal knowledge of the scene recorded by this photograph. Dr. Catlin has testified:

> THE COURT: Well, how do you know that it's accurate? I mean, you didn't -- a test performed under your direction. You didn't perform it, did you?
>
> THE WITNESS: I directed the performance of the test.
>
> THE COURT: You directed. Who did you direct?
>
> THE WITNESS: Steven Kaufman.
>
> THE COURT: All right. And then something happened and later on you saw this photograph?
>
> THE WITNESS: I saw it at the time it was being made, the same day.
>
> THE COURT: Same day. **It had been made when you saw it?**
>
> THE WITNESS: **It had been made maybe a few minutes before.**[3]

As this testimony makes clear, Dr. Catlin's first look at the scene depicted in the photograph actually came from looking at the photograph itself. Rather than memorializing a scene that Dr. Catlin personally perceived, the photograph *is* the scene that Dr. Catlin perceived.

---

[3] 9/25/2007 Trial Tr. p. 1386:9-23

Thus, Dr. Catlin has no personal knowledge that this photograph accurately portrays the scene and his testimony is insufficient to authenticate it. Accordingly, trial exhibit FTF should not be admitted into evidence based on Dr. Catlin's testimony.

Moreover, F.R.E. 1002 and 1003 require that Amgen must put forward the original version of exhibit FTF if they seek to have it admitted into evidence. While Rule 1002 requires that a party seeking to prove the content of a photograph produce the original, Rule 1003 provides that duplicate copies are generally acceptable. However, in the event that a "genuine question" is raised with respect to the authenticity of the duplicate, only the original version will suffice. Here, where Amgen has tried and failed to authenticate exhibit FTF, there is clearly a genuine question as to accuracy and the original version must be put forward. *See e.g. Amoco Production Co. v. United States*, 619 F.2d 1383, 1391 (refusing to admit duplicate copy where defendants were unable to authenticate).

Amgen's assertion that they need not produce the original of exhibit FTF because the original image no longer exists has no basis in law. Indeed, case law supports the proposition that where there is a genuine issue as to the duplicate and the original no longer exists, the requirement to produce the original is not excused. *See e.g. Pro Bono Investments, Inc. v. Gerry*, U.S. Dist. LEXIS 22240 (S.D.N.Y. September 30, 2005). Accordingly, as there is a clear issue as to the authenticity of the duplicates at hand, Amgen is required under Rules 1002 and 1003 to put forward the originals.

Dated: October 1, 2007
        Boston, Massachusetts

Respectfully submitted,

F. Hoffmann-La Roche, Ltd, Roche Diagnostics
GmbH, and Hoffmann-La Roche Inc.

By their Attorneys,

*/s/ Thomas F. Fleming*
Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
Kaye Scholer LLP
425 Park Avenue
New York, New York  10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Timothy M. Murphy (BBO# 551926)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA  02110
Tel. (617) 443-9292
nrizzo@bromsun.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

*/s/ Thomas F. Fleming*
Thomas F. Fleming