Amgen Inc. v. F. Hoffmann-LaRoche LTD et al
Case 1:05-cv-12237-WGY   Document 1229   Filed 10/01/2007   Page 1 of 4
Doc. 1229

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: 05 Civ. 12237 WGY |
| ) | |
| F. HOFFMANN-LA ROCHE, LTD, ROCHE ) | |
| DIAGNOSTICS GmbH, and HOFFMANN- ) | |
| LA ROCHE INC., ) | |
| Defendants. ) | |
| ) | |
| ) | |

## ROCHE'S OPPOSITION TO AMGEN'S BENCH MEMORANDUM REGARDING SHOWING THE JURY PHOTOGRAPHS CONTAINED IN A LEARNED TREATISE

A photograph of an isoelectric focusing experiment found in the 2000 article *Recombinant Erythropoietin in Urine - An Artificial Hormone Taken to Boost Athletic Performance Can Now Be Detected* (Trial Exhibit GUR) should not be shown to the jury under the learned treatise exception to hearsay covered by F.R.E. 803(18) for at least the following reasons:

(i) This Court has already rejected Amgen's efforts to introduce the photograph at issue depicting the results of an isoelectric focusing experiment through the testimony of Dr. Don Catlin. Amgen provides no valid reason why this Court should revisit this determination.

(ii) Amgen relies solely on the photograph's publication in a journal to assert that it qualifies as a "learned treatise." Amgen has made no showing that this article has been "established as a reliable authority" such as would allow it to qualify as a learned treatise under Rule 803(18).

(iii) The photograph, which has not been shown to authenticated or relevant, would be unfairly prejudicial to Roche under F.R.E. 403 and would confuse and mislead the jury.

It is controlling law in this circuit that an article does not qualify as a learned treatise simply because it is published in a journal that is generally well regarded. *Meschino v. North Am. Dranger*, 841 F.2d 429, 433-434 (1st Cir. 1998) ("In these days of quantified research, and pressure to publish, an article does not reach the dignity of a "reliable authority" merely because some editor, even a most reputable one, sees fit to circulate it. Physicians engaged in research may write dozens of papers during a lifetime. Mere publication cannot make them automatically reliable authority."). An article may only be considered a learned treatise if there are sufficient indicia showing that it is reliable authority such as "recognition of the authoritative stature of the writer, or affirmative acceptance of the article itself in the profession." *Id.* Amgen has made no showing that trial exhibit GUR qualifies as a learned treatise under the applicable standard.

Moreover, allowing Amgen to show the photograph contained in trial exhibit GUR would be unfairly prejudicial to Roche under F.R.E. 403. Under Federal Rule of Evidence 403, evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." As the Advisory Committee Note to Rule 403 explains, unfair prejudice means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." F.R.E. 403 also provides for the exclusion of evidence that has the potential to confuse or mislead the jury.

The photograph at issue depicts the results of an isoelectric focusing experiment which Amgen has already tried and failed to admit into evidence through the testimony of Dr. Don Catlin. Amgen has failed to show that this photograph depicting samples including samples of unknown or questionable origin, is of any relevance to any issue in this case. Allowing this

photograph to be shown to the jury would be unfairly prejudicial to Roche because the photograph has not been shown to be relevant or authenticated .  Even if the IEF photograph is not admitted into evidence as an exhibit, allowing Dr. Varki to show the photograph to the jury and to opine on it is unfairly prejudicial to Roche because Dr. Varki's testimony would presumably communicate that this photograph accurately depicts what it purports to depict.  By relying on it as a basis for his testimony, then, Dr. Varki will be able to portray the photograph as an authentic document while the Court itself has refused to make such a finding.  This will not only invite the jury to render a verdict on improper evidence, but confuse and mislead them as well.  Accordingly, Dr. Varki should not be allowed to show the IEF photograph to the jury because it is not found in a learned treatise and, even if it were, presentation of this photograph to the jury would be unfairly prejudicial to Roche and would serve to confuse and mislead the jury.

Dated: October 1, 2007
         Boston, Massachusetts

Respectfully submitted,

F. Hoffmann-La Roche, Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc.

By their Attorneys,

*/s/ Thomas F. Fleming*
Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
Kaye Scholer LLP
425 Park Avenue
New York, New York  10022
Tel. (212) 836-8000

                                                    Lee Carl Bromberg (BBO# 058480)
                                                    Timothy M. Murphy (BBO# 551926)
                                                    Julia Huston (BBO# 562160)
                                                    Keith E. Toms (BBO# 663369)
                                                    Nicole A. Rizzo (BBO# 663853)
                                                    Bromberg & Sunstein LLP
                                                    125 Summer Street
                                                    Boston, MA  02110
                                                    Tel. (617) 443-9292
                                                    nrizzo@bromsun.com

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

                                                   */s/ Thomas F. Fleming*
                                                    Thomas F. Fleming