UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD, ) ROCHE DIAGNOSTICS GmbH ) and HOFFMANN-LA ROCHE INC. ) | |
| Defendants. ) | |

**ROCHE'S BENCH MEMORANDUM THAT CORRESPONDENCE BETWEEN CHUGAI AND GENETICS INSTITUTE IS INADMISSIBLE UNDER THE "ANCIENT DOCUMENTS" EXCEPTION BECAUSE THOSE DOCUMENTS ARE NOT AUTHENTICATED, CONTAIN HEARSAY WITHIN HEARSAY, AND ARE MISLEADING, CONFUSING AND UNDULY PREJUDICIAL**

In an attempt to mislead and confuse the jury, Amgen presses to admit correspondence purportedly exchanged between Chugai and Genetics Institute ("GI"), in which persons unknown to Roche discuss the legal significance of Amgen's efforts to clone human EPO, and those companies efforts to do the same. Amgen's argument before the Court that these documents (Exhibits BAH and FJX) are admissible under the "ancient documents" exception to the hearsay rule fails for the following reasons:

- Amgen has failed to authenticate these documents as required by the Federal Rules of Evidence.

- Even if authentic, the documents are riddled with multiple levels of hearsay that are not subject to any exception.

- The documents, which have marginal, if any, relevance to this case, are highly misleading because they contain assertions by personss unknown to Roche about the patentability of Amgen's cloning efforts. Such assertions are particularly misleading

>because they are unsupported legal conclusions, authored by persons who do not appear to have personal knowledge or expertise in the area. Moreover, these statements do not pertain to the specific patents at issue in this litigation. Because there is minimal probative value, and a high risk that the jury will be misled or confused the Court should exclude this evidence under FRE 403.

### A.     Amgen has Failed to Authenticate The Proposed Exhibits

Amgen cannot even meet the minimum requirements of the "ancient documents" exception because it has failed to authenticate the documents as required under the Federal Rules. At trial, Amgen has offered no admissible testimony as to the origin of these documents, which are copies from Amgen's files, not those of either Chugai or GI. Indeed, Amgen has not offered testimony of the documents' authors, or the testimony of a custodian of records of either Chugai or GI.

Federal Rule of Evidence 901(b)(8) provides a multi-pronged test to establish the authenticity of an ancient document. Under that test, it is Amgen's burden to "prove[] that the item is 20 years old, is in a condition that does not raise suspicions as to authenticity, *and* was found in a place of natural custody for such an item." 31 Wright & Miller § 7113 at 131 (2000). Amgen has failed to meet this test.

First, the documents are in a condition that raises questions about their authenticity. Exhibit BAH is a document with no letterhead or signature, with unidentified handwriting at the top. Exhibit FJX has unidentified handwriting on its first page confusingly indicating that the document is an "unexpurgated original" of some other document.

Second, Amgen has not offered any evidence that either of these two documents were found in a place "of natural custody for the items," as required by FRE 901(b)(8) *See Kleenit, Inc. v. Sentry Insurance Co.*, 486 F.Supp.2d 121, 129 (D.Mass. 2007). For example, in *Kleenit*, the proponent of ancient documents met this prong of the authentication test by establishing that

the ledger sheets at issue were kept in the office of the person who prepared them for over twenty years. *Id., see also* 31 Wright & Miller §7113 ("where the item is purported to be a document written by a particular individual, evidence that it was found in the custody of that individual, where his possessions were located, or in some other place identified with the individual may be sufficient to satisfy the provision").  Here, in stark contrast, Amgen has offered no testimony whatsoever about where either Chugai or GI kept these documents since they were created in 1984 -- much less evidence that indicates that the documents were kept in a place of "natural custody" since their creation.

**B.     The Proposed Exhibits Contain Multiple Levels of Hearsay**

Even if Amgen could authenticate the proposed exhibits, they should not be admitted because each contains layers of hearsay not subject to any exception.  It is well-established that the ancient documents exception "does not justify the admission of double hearsay merely because of its presence in an ancient document." *Hicks v. Charles Pfizer & Co.*, 466 F.Supp.2d 799, 806 (E.D.Tex. 2005).  As the *Hicks* court stated "the danger of faulty perception persists unabated because a narrator, such as a reporter, may not properly record the remarks of the speaker." *Id.*  Numerous other courts, including sister courts within the First Circuit, have similarly held that hearsay within ancient documents cannot be admitted, as Rule 805 plainly requires.. *See, e.g., United States v. Hajda*, 135 F.3d 439, 444 (7th Cir. 1998) ("if the [ancient] document contains more than one level of hearsay, an appropriate exception must be found for each level"); *Elmhart Indus. v. Home Ins. Co.*, __ F.Supp.2d __, 2007 WL 2782989 (D.R.I. Sept. 26, 2007) (excluding documents under the ancient documents exceptions that were "littered with admissibility issues" some of which contained "more than one level of hearsay").  Thus, the ancient documents exception does not solve the problem of hearsay within the document.

Here, both documents that Amgen seeks to admit are similarly littered with hearsay statements by persons other than the author. For example, most of exhibit FJX is a report of the discussions "among the management and scientific staff" at GI. Later in the same document, the author sets for the "answers" of Dr. Fritsch to various points. The statements of Dr. Fritsch reported in exhibit FJX to the documents author are clearly hearsay to which no exception in Rule 803 applies. Similarly, the author of Exhibit BAH reports on "news" accounts of Amgen's work on EPO -- another example of pure hearsay within the document. These hearsay statements are inadmissible even if Amgen could meet the other requirements of the ancient documents exception.

C.   **The Proposed Exhibits Should Not Be Admitted Because They Are Misleading, Confusing, and Unduly Prejudicial**

It is clear that the primary reason Amgen seeks to introduce Exhibits BAH and FJX is to mislead the jury into believing that the patents at issue in this litigation are somehow valid based on the statements of unknown persons about Amgen's overall cloning work. To allow Amgen to present such evidence to the jury would be highly misleading and confusing for a number of reasons.

First, the statements that Amgen will seek to highlight are legal conclusions of people who may or may not be lawyers, or may or may not have spoken to lawyers, that go to the ultimate issue for the jury in this case. As such, they should not be admitted since there is no evidence that the authors of these statements have the requisite personal knowledge to offer these opinions. The ancient documents rule requires that the author "had personal knowledge of the substance underlying the relevant assertive statements." *See Hicks*, 466 F.Supp.2d at 805; see also 31 Wright and Miller §7113 ("for the hearsay exception to apply, the declarant must have had firsthand knowledge of the facts asserted"). Here, there is no evidence that the unknown

4

authors of the Chugai-GI correspondence had personal knowledge either of Amgen's cloning activities, or, more importantly, the legal consequence and patentability of those activities. To allow the jury to see statements addressing those issues where there is no evidence of personal knowledge would be highly misleading.

Second, the statements in Amgen's proposed exhibits about the Amgen cloning activities are not focused on the patents at issue in this litigation. As the Court is well aware, there are multiple patents regarding Amgen's cloning activities -- not all of which are at issue here. The statements about "patentability" in Amgen's proposed exhibits are not focused on the particular claims at issue here, nor on the validity challenges that Roche has raised. Yet, a jury, hearing evidence about the "patentability" of Amgen's cloning activity, will likely fail to appreciate this distinction, resulting in a serious risk of juror confusion..

Third, the rationale of the ancient documents rule does not apply to these documents, making even dimmer any probative value they have. The ancient documents rule is based on the notion that "age affords the assurance that the writing antedates the present controversy." FRE 803(16) (Advisory Comm. Notes); *see also Hicks*, 466 F.Supp.2d at 805 (noting that antedating the present controversy protects against a "current motive to fabricate"); 7 Wigmore on Evidence §2137. This, however, is not a case in which a person made a statement long before a controversy arose. The documents themselves discuss litigation over "patentability" which is the issue before the jury now, even if it is more than twenty years later. Because of controversy here about the validity of the Amgen patents arose even at the time of these documents, they are even less probative of any issue before the jury here.

Accordingly, because the proposed exhibits are not probative of issues before the Court and the jury, and are highly misleading and confusing, they should be excluded by FRE 403.

## CONCLUSION

For the foregoing reasons, the Court should not admit Amgen Exhs. BAH and FJX into evidence.

| | |
|---|---|
| Dated: October 2, 2007<br>Boston, Massachusetts | Respectfully submitted, |

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys,*

/s/ Thomas F. Fleming
Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Robert L. Kann (BBO# 258025)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kregg T. Brooks (BBO# 667348)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
nrizzo@bromsun.com

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

      */s/ Thomas F. Fleming*
      Thomas F. Fleming