IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>F. HOFFMANN-LA ROCHE, LTD.,<br>ROCHE DIAGNOSTICS GMBH, and<br>HOFFMANN-LA ROCHE, INC.<br><br>    Defendants. | Civil Action No. 05-CV-12237 WGY |

**ROCHE'S OPPOSITION TO AMGEN'S MOTION TO ADMIT EXHIBIT BWZ
IN EVIDENCE**

  Roche submits this memorandum in opposition to Amgen's motion to admit exhibit BWZ in evidence.

  Exhibit BWZ is a Skeleton Argument, i.e., a brief, submitted by Roche in the course of UK patent proceedings concerning Amgen's European Patents (UK) Nos. 148,605 and 411,678. Amgen's motion (D.I. 1218) argues that Roche's U.K. brief is relevant here in that it supposedly states that cDNA cloning requires a suitable source of EPO mRNA and that no suitable source of EPO mRNA was known by 1983/84. As explained below, however, because exhibit BWZ is an argument made by Roche in a foreign litigation under legal standards that do not apply here, it should be excluded

1

under F.R.E. 402 and 403. An understanding of the arguments advanced in Roche's U.K. brief requires an appreciation of the differences between the patents and claims at issue in that case and in this case and an understanding of the differences between the U.S. patent laws and U.K. patent law. Plainly, the jury has no basis for conducting the necessary analysis.

Under Federal Rule of Evidence 403, trial courts have broad discretion to exclude evidence when the probative value of the proffered evidence is outweighed by its tendency to mislead the jury or confuse the issues. Statements during foreign proceedings are particularly prone to confusion of the issues because, as this Court observed on the first day of trial, "foreign proceedings are under a different legal framework."(Tr. 6). The Federal Circuit has noted this risk, indicating "the varying legal and procedural requirements for obtaining patent protection in foreign countries might render consideration of certain types of representations inappropriate." *TI Group Auto Sys.(N. Am.), Inc. v. VDO N. Am., L.L.C.*, 375 F.3d 1126, 1136 (Fed. Cir. 2004).

In the British proceedings at issue, the Roche parties argued, *inter alia*, in what is now exhibit BWZ, that Amgen's patent specification provided insufficient support to enable the claims in suit which, unlike the claims asserted in the instant case, were directed to cDNA ("complementary" DNA). Roche maintained that a tissue source for constructing an EPO cDNA was not "common general knowledge" and thus the patent specification did not enable the claim.

Under the "common general knowledge" standard applicable there, the skilled artisan is presumed to know only "what is generally known and accepted without question by the bulk of those who are engaged in that particular art." *See Beloit Tech.*

*Inc. v. Valmet Paper Mach. Inc.* [1997] RPC 489, 494-495 (UK). Hence, under that law, "it is not sufficient to prove common general knowledge that a particular disclosure is made in an article, or series of articles, in a scientific journal, no matter how widely the circulation of that journal may be." *Id*.

That is a far different and more stringent standard than whether a reference qualifies as prior art under U.S. law. For purposes of the § 103 obviousness analysis in the United States, the person of ordinary skill in the art is presumed to know all relevant prior art, no matter how obscure. That is, unlike the "common general knowledge" test, the reference need not be widely known to render a patent claim obvious. *See, e.g.*, *Standard Oil Co. v. American Cyanamid Co.*, 774 F.2d 448, 454 (Fed. Cir. 1985) (the hypothetical person of ordinary skill in the art "is presumed to be aware of all the pertinent prior art"); *Hart v. L.A. Baarcke*, 396 F. Supp. 408, 412 (S.D. Fla. 1975) ("One foreign publication, no matter how obscure, may be sufficient to invalidate a patent claim . . .") Donald S. Chisum, 2 *Chisum on Patents* § 5.04[1][b] (one of ordinary skill "is presumed to have perfect knowledge of all the pertinent prior art--however obscure the source"). Thus, in the U.K. the Roche parties were working under a different--and much tougher--standard than would apply to an obviousness analysis under U.S. law

In sum, Amgen's reliance on Roche's arguments in the UK proceedings about enablement under British patent law would conflate different and mutually exclusive legal standards. Roche's Skeleton Argument in the U.K. proceeding is, therefore, not relevant here. Moreover, even if the Roche brief had some probative value, that value would be decidedly outweighed by the risk of prejudice to Roche and jury confusion.

DATED:   October 1, 2007

    F. HOFFMANN-LA ROCHE LTD,
    ROCHE DIAGNOSTICS GMBH,
    and
    HOFFMANN-LA ROCHE INC.

    By its attorneys,

    */s/ Vladimir Drozdoff*
    Leora Ben-Ami (*pro hac vice*)
    Patricia A. Carson (*pro hac vice*)
    Thomas F. Fleming (*pro hac vice*)
    Howard S. Suh (*pro hac vice*)
    Christopher T. Jagoe (*pro hac vice*)
    Vladimir Drozdoff (*pro hac vice*)
    Peter Fratangelo (BBO# 639775)
    Krista M. Rycroft (*pro hac vice*)
    KAYE SCHOLER LLP
    425 Park Avenue
    New York, New York  10022
    Tel. (212) 836-8000

    and

    Lee Carl Bromberg (BBO# 058480)
    Julia Huston (BBO# 562160)
    Keith E. Toms (BBO# 663369)
    Nicole A. Rizzo (BBO# 663853)
    BROMBERG & SUNSTEIN LLP
    125 Summer Street
    Boston, MA  02110
    Tel. (617) 443-9292

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

                                                */s/ Vladimir Drozdoff*
                                                Vladimir Drozdoff