UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMGEN INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | CIVIL ACTION No.: 05-CV-12237WGY |
| F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GMBH, AND HOFFMANN-LA ROCHE INC., | ) ) ) ) | |
| Defendants | ) ) | |

**ROCHE'S OPPOSITION TO AMGEN'S BENCH MEMORANDUM FOR A CLARIFYING PRELIMINARY JURY INSTRUCTION ON INFRINGEMENT OF '422 PATENT, CLAIM 1 TO PROVIDE THE JURY WITH PROCEDURAL CONTEXT AND MINIMIZE CONFUSION**

The Court has unmistakably held that any mention of its summary judgment ruling of infringement of claim 1 of the '422 patent cannot be made at trial. Accordingly, at the very first day of trial, the Court granted Roche's motion in *limine* to preclude mention of that summary judgment decision emphatically stating that "we're not going to have anyone talk about anything this court has declared valid or invalid. It's not for the jury." *See* Sept 4, 2007 Trial Trans., at 4-5. Under the guise of a "curative instruction," Amgen is attempting to reargue the Court's decision. Having lost the earlier motion *in limine* on this very issue, Amgen's request for a instruction that Roche infringes should be rejected.

As Roche argued in its Motion *In Limine* to Preclude Mention of the Court's Grant of Summary Judgment (DN 927), it would be unfairly prejudicial to Roche to even mention to the jury that this Court has ruled that Roche infringes '422 claim 1. Because juries look to the Court for guidance, any indication that the presiding judge had decided against Roche could have an

enormous negative impact on the jury's consideration of Roche's position. *See Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1567 n.11 (Fed. Cir. 1993) (upholding exclusion of prior decisions for undue prejudice) (quoting the district court judge, "[W]e strive mightily in every trial, every jury trial, not to let the jury know what the judge feels about [the case] . . . because everything I've ever read about it indicates that the jury is looking for some indication as to how the judge feels about the case. . . .  I'm greatly concerned that [the jury] would say, 'Look, a federal judge has looked at these similar claims and has said so-and-so, and we'll just go along with that decision,' and I think it's an invitation for the jury to abdicate their responsibilities.").

Moreover, this prejudice to Roche would in no way be lessened by Amgen's proposed instruction.  The legal formalities Amgen suggests, such as not admitting the Court's decision into evidence or characterizing the decision as procedural history, would not abate the unfair prejudice to Roche because the jury would still be able to learn what the Court thinks about the case.  Indeed, the relief Amgen requests would magnify the prejudice to Roche because the jury would learn the prejudicial fact directly from the Court itself.[1]

As this Court has ruled, the jury is not to learn of the Court's summary judgment ruling, and Amgen offers no reason for that ruling to be revisited.  Amgen's claim that the jury may mistakenly believe that Amgen could not establish infringement of the '422 patent fails to justify revisiting the Court's decision.  If the jury even realizes that it is not hearing evidence on infringement of '422 claim 1, it is likely to assume that this is merely another issue that the

---

[1] The cases cited by Amgen do not suggest that such procedural formalities would lessen the prejudice Roche would suffer from Amgen's proposed instruction.  In *Waco Int'l Inc. v. KHK Scaffolding Huston Inc.*, 278 F.3d 523, 529-30 (5th Cir. 2002), the Fifth Circuit holding was premised on the express finding that the district court's comments were not prejudicial because they were innocuous comments made during *voir dire* that neither party objected to.  Indeed, the Court expressly based its finding on the fact that the statement was not a jury instruction.  *See Waco Int'l Inc.*, 278 F.3d at 259-30 ("[The Judge] was not, as Waco suggests, 'instructing' the jury as to the elements of a wrongful seizure claim.").  And contrary to Amgen's position, the Federal Circuit in *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1567 n.11 (Fed. Cir. 1993), upheld the exclusion of prior rulings from other cases because they would be unduly prejudicial.  *See Mendenhall*, 5 F.3d at 1573 ("there is no exception from Rule 403 for evidence of prior litigation.  None of the proffered evidence is per se admissible or excludable.").

Court, instead of the jury, will be handling. More significantly, this illusory harm pales in comparison to the grave unfair prejudice that would result from the jury learning of the determination that Roche infringes the '422 patent.

Accordingly, Roche respectfully requests this Court deny Amgen's request for a clarifying preliminary jury instruction.

Dated: October 2, 2007
Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

*By their Attorneys*

/s/ Keith E. Toms
Lee Carl Bromberg (BBO# 058480)
Robert L. Kann (BBO# 258025)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Kimberly J. Seluga (BBO# 667655)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com

Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky *(pro hac vice)*
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Vladimir Drozdoff (*pro hac vice*)
David L. Cousineau (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

    /S/ Thomas F. Fleming