# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC.,<br><br>                        Plaintiff,<br><br>    v.<br><br>F. HOFFMANN-LA ROCHE, LTD, ROCHE DIAGNOSTICS GMBH, and HOFFMANN-LA ROCHE INC.,<br><br>                        Defendants. | Civil Action No. 05-12237 WGY<br><br>U.S. District Judge Young |

## ROCHE'S MOTION *IN LIMINE* TO PRECLUDE AMGEN EXPERT HARVEY LODISH FROM GIVING IRRELEVANT TESTIMONY RELATED TO CELL LINES

Amgen expert witness should be precluded from offering any testimony or evidence concerning:

- Any findings, the outcome or the existence of the *Amgen Inc. v. Chugai Pharmaceutical Co., Ltd.* case ("Amgen v. Chugai").[1] The Court has ruled that any mention of prior cases is prohibited, and that Roche is not bound by any findings against Chugai or Genetics Institute. Any such testimony is not relevant.

- Any relationship between Roche and any other party including Genetics Institute, Chugai, and Boehringer Mannheim. Any such testimony is not relevant.

- Whether Chugai or Genetics Institute's cell lines meet any of the limitations of the asserted claims of the patents-in-suit. Any such testimony is not relevant. Amgen implicietly acknowledges this by insisting that Roche produce samples of its current manufacturing cell line to Amgen, which did during discovery.

## I.   DR. LODISH IS PRECLUDED FROM OFFERING ANY TESTIMONY OR EVIDENCE REGARDING ANY FINDINGS OF THE AMGEN V. CHUGAI CASE

---

[1] D. Mass. Civ. No. 87-2617-Y; Fed. Cir. 90-1273-1275.

Dr. Harvey Lodish and all other Amgen witnesses are precluded from mentioning the result in the Amgen v. Chugai case or any findings in that case. This Court has already ruled that Roche is a separate company from Chugai or Genetics Institute (GI) and Roche is not bound by any result in that case.[2] The Court has also ruled that Amgen is prohibited from mentioning to the jury the result of prior litigations.[3] In addition to these explicit rulings, the Chugai case involved Amgen's expired '008 patent and did not involve any of the patents at issue in this litigation. The fact that Chugai's cell line was found to infringe Amgen's '008 patent is completely irrelevant to any issue in the current case. Dr. Lodish is therefore already precluded from mentioning the Chugai case or any of its findings to the jury in this case. In his expert reports, Dr. Lodish mentions the Chugai case and states that Roche uses the same cell line at issue in that litigation. For example, in his April 6, 2007 report, Dr. Lodish states that, "Roche uses the DN2-3α3 cell line - originally developed by GI and subject of the prior litigation between Amgen and GI."[4] This statement is irrelevant and prohibited by the Court's prior rulings. Dr. Lodish should be precluded by the Court's prior rulings from giving any testimony at trial concerning the Chugai litigation or any relationship between Roche's cell lines and that litigation. Dr. Lodish is precluded from presenting any testimony suggesting that any cell line of GI or Chugai has been found to infringe any Amgen patent. Dr. Lodish is prohibited by the Court's rulings from giving any implication that any cell line used by Roche has previously been found to produce a product that infringed any

---

[2] Order dated 9/24/07 denying (D.I. 876) Amgen Motion in Limine #17 (9/24/07 Order).

[3] Order dated 9/4/07 granting (D.I. 804) Defendant's Motion in Limine to preclude Plaintiff Amgen from asserting outcomes of prior litigations concerning the validity and infringement of certain claims of the patents-in-suit as evidence or attorney argument (9/4/07 Order).

[4] Expert Report of Harvey F. Lodish, Ph.D. Regarding Infringement, April 6, 2007 ("Lodish 4/6/07 Report") at ¶ 78.

patent, including Amgen's expired '008 patent. This is a new litigation, with different parties, involving a different accused product, and different asserted patents. Amgen bears the burden of proving infringement of Roche's product in this case and any reference to any past case is irrelevant and should not be permitted pursuant to the Court's prior rulings.

**II.    DR. LODISH IS PRECLUDED FROM OFFERING ANY TESTIMONY OR EVIDENCE REGARDING ANY RELATIONSHIP BETWEEN ROCHE AND ANY OTHER ENTITY**

Dr. Lodish and all other Amgen witness should likewise be precluded from giving any testimony related to any alleged corporate relationships between Roche and any other entity including GI, Chugai, and Boehringer Mannheim. In his April 6, 2007 report, Dr. Lodish states, "Given Roche's relationship with other companies who previously made or sold EPO, a short overview of those prior activities is warranted."[5] Dr. Lodish then goes on to purportedly describe relationships between Genetics Institute, Chugai, Boehringer Mannheim and Roche.[6] Dr. Lodish is not a corporate law expert and is not qualified to speak about the relationship of any companies, including those included in his expert report. This Court has already ruled that Roche is a separate entity from Chugai (and Genetics Institute) and is not bound by any findings against Chugai.[7] Any testimony on the relationship of Roche to any of these companies is not within the competence of Dr. Lodish or any other Amgen witness, and is completely irrelevant to whether or not Roche's Mircera® product infringes any of the asserted claims in this litigation. Dr. Lodish, and any other Amgen witnesses, should be precluded from giving any testimony concerning the relationship between any of these entities, including Roche, GI, Chugai and Boehringer

---

[5] Lodish 4/6/07 Report at ¶ 74.

[6] Lodish 4/6/07 Report at ¶ 75-79.

[7] 9/24/07 Order.

Mannheim. Such testimony is beyond any expertise they might have, and is completely irrelevant to the issues of infringement in *this* case.

### III. AMGEN SHOULD BE PRECLUDED FROM OFFERING ANY TESTIMONY OR EVIDENCE REGARDING WHETHER CHUGAI OR GI'S CELL LINES MEET ANY LIMITATIONS OF THE CLAIMS ASSERTED IN THIS LITIGATION

In addition to being precluded from offering any testimony concerning the Chugai litigation or any relationship between Roche's cell lines and that litigation, and any testimony concerning the relationship between Roche, GI, Chugai and Boehringer Mannheim, Dr. Lodish and all other Amgen witnesses should be precluded from introducing any evidence concerning whether cell lines produced or used by Chugai or GI meet the limitations of the asserted claims of the patents-in-suit, as such testimony is completely irrelevant. Uncontroverted evidence establishes that the cell line used by Roche to make one of the reagents used in the chemical reaction that creates the active ingredient in Mircera is NOT the same as any cell line made by GI or used by Chugai or GI. Thus, any evidence or testimony regarding GI or Chugai's cell lines and whether they meet any limitations of the claims of the patents-in-suit is not relevant to whether Roche's product infringes Amgen's patents. Any such statements should be precluded.

As mentioned above, Dr. Lodish in his April 6 report contends that Roche uses a cell line derived from a cell line originally developed by GI.[8] Dr. Lodish in several places in his reports states what he believes GI did to make a GI cell line, and tries to establish that GI's cell line meets some limitations of some of the asserted claims, with the assumption that if GI's cell line meets these limitations, then the cell line Roche uses must create a product or use a process that meets these limitations of Amgen's asserted claims. For example, Dr. Lodish states that GI's plasmid vector contained "copy" or "complementary" DNA ("cDNA"), "GI isolated cells containing

---

[8] Lodish 4/6/07 Report at ¶ 78.

amplified copies of the EPO and DHFR DNA using methotrexate selection," and "Roche's DN2-3α3 cells were created using the same DHFR⁻ CHO cell line used by Dr. Lin [because] [b]oth the Lin patent specification and Genetics Institute - the creator of the DN2-3α3 cell line -- identified the same source for their CHO cells," and "the CHO host cells (CHO DHFR deficient DUKX-B11) were transformed with a plasmid vector (DN2-3) containing [several things]."[9]  Dr. Lodish has no first hand knowledge of Roche's cell line, and has no basis to conclude that if GI's cell line meets the limitations of the asserted claims, then Roche's cell line must meet those same limitations.  Roche's cell line is not the same as GI's cell line.  Any testimony purporting to show that GI's cell line meets any of the limitations of the claims of the patents-in-suit is irrelevant to any issue in this case and should be precluded.

    Roche's accused Mircera product is not created in any cell.  The active ingredient in Mircera is a chemical compound produced by a chemical reaction between several reagents.  Amgen has the burden of proving that Mircera meets every limitation of Amgen's asserted product claims, and is produced by a process claimed in Amgen's asserted process claims.  Amgen contends that one of the reagents used to make Mircera is made in a cell.  To the extent any cell line is relevant to infringement in this case, which it is not, then it must be the cell line Roche uses to produce the reagent used in the chemical reaction to create Mircera.  Any testimony concerning any other cell line, including GI or Chugai's cell lines, is thus not relevant.  Amgen implicitly acknowledges this by its insistence that Roche provide its manufacturing cell line to Amgen.  Roche provided the line to Amgen during discovery in this case.

    It is uncontroverted that the cell line Roche currently uses is not the same as any cell created by GI.  Among other changes, the cell line Roche now uses, unlike GI's DN2-3α3 cell

---

[9] Lodish 4/6/07 Report at ¶ 782, 83, 86 and 132.

4

line, was changed to adapt it to grow in serum-free conditions in 1993.[10]  The first serum-free cell line was named WCB 29.04.93, with the 93 reflecting the year it was made.[11]  GI's cell lines cannot grow on serum free culture media.  This is a major change in the cell line.  Even Dr. Lodish admits this change to a serum free cell line.[12]  Dr. Lodish further admits that this change led to a change in at least doubling time (the time it takes for the number of cells to double in number) between the serum-free cells and the cells grown on serum-containing media.[13]  Dr. Lodish summarily dismisses these changes in his report, but does not analyze why the doubling time changed.  What is important and uncontroverted is that the cell line created by GI and the cell line used today by Roche are not the same cell lines.

Amgen's 30(b)(6) witness on its cell lines, Anne Stern, also confirmed that Roche's cell line used to make one of the reagents used in the chemical reaction that creates the active ingredient in Mircera is not the same as GI's cell line.  Ms. Stern testified that a new master cell bank was created by Boehringer Mannheim in 1988, named MCB 02.08.88.[14]  Ms. Stern testified that these MCB 02.08.88 cells have more generations than MCB 04.12.85.[15]  Ms. Stern also

---

[10] ITC-R-BLA-00004724.  Because the Court has ordered that nothing further be filed in *camera*, Roche is not attaching copies of its Mircera BLA pages to this motion, however, if the Court deems them necessary, roche will provide them to the Court.

[11] ITC-R-BLA-00004724.

[12] Lodish 4/6/07 Report at ¶ 87.

[13] Lodish 4/6/07 Report at ¶ 89 n. 21. *See also* ITC-R-BLA-00004724.

[14] Deposition of Anne Stern, dated 3/22/07 (Stern Depo. Tran.") at 62:21-62:4.  See also ITC-R-BLA 00004724.  It is from these cells that serum-free cell line WCB 29.04.1993 was created.  Id.

[15] Stern Depo. Tr. at 63:3-11.

5

confirmed that a new serum-free cell line was created in 1993 due to concerns over mad cow disease.[16]

Dr. Lodish also included in his expert report discussing cell lines, a reference to a Chugai IND for Erythropoietin (EPOCH), Vol 1.1 (AM-ITC 00186908-7243).[17]  There is no evidence to suggest that whatever cell line Chugai uses or discusses in this IND is the same as the cell line Roche uses today and will use to create one of the reagents used in the chemical reaction that creates the active ingredient of Mircera.  Thus, any discussion of Chugai's cell line in this IND or any other Chugai cell line are not relevant to any issue in this case.

Roche's documents and the testimony of Roche's 30(b)(6) witness establish that the cell line used by Roche today to make one of the reagents in the chemical reaction to create the active ingredient of Mircera is not the same cell line, or same as the cell line created by GI in the 1980's.  Likewise, whatever cell line Chugai uses and discusses in their IND is not the same cell line used by Roche.  Any testimony concerning GI or Chugai's cell lines is not relevant to the issue in this case - whether Roche's product infringes any of the asserted claims of the patents-in-suit.  Amgen's experts, including Dr. Lodish should be prohibited from proffering any testimony related to GI's, Chugai's or any other companies cell line.  This case is going on now, and is based on imminence.  The only potentially relevant testimony regarding cell lines concerns the cell line Roche uses today and will use to make one of the reagents used in the chemical reaction that creates the active ingredient in Mircera.  Amgen's experts should be restricted to this testimony.

**IV.    CONCLUSION**

---

[16] Stern Depo. Tr. at 63:22-64:22.

[17] Lodish 4/6/07 Report at ¶ 77.

For all of the foregoing reasons, Roche requests that the Court grant Roche's motion in *limine* and preclude Dr. Lodish and other Amgen witnesses from discussing any findings in the Amgen v. Chugai case, any relationship between Roche and any other entity, and any evidence regarding Chugai or GI's cell lines meet the limitations of any of the asserted claims in this litigation.

DATED:    October 2, 2007

        F. HOFFMANN-LA ROCHE LTD,
        ROCHE DIAGNOSTICS GMBH, and
        HOFFMANN-LA ROCHE INC.

        By its attorneys,

        /s/ *Thomas F. Fleming*
        Leora Ben-Ami (*pro hac vice*)
        Patricia A. Carson (*pro hac vice*)
        Thomas F. Fleming (*pro hac vice*)
        Howard S. Suh (*pro hac vice*)
        Christopher T. Jagoe (*pro hac vice*)
        Peter Fratangelo (BBO# 639775)
        KAYE SCHOLER LLP
        425 Park Avenue
        New York, New York  10022
        Tel. (212) 836-8000

        and

        Lee Carl Bromberg (BBO# 058480)
        Julia Huston (BBO# 562160)
        Keith E. Toms (BBO# 663369)
        Nicole A. Rizzo (BBO# 663853)
        BROMBERG & SUNSTEIN LLP
        125 Summer Street
        Boston, MA  02110
        Tel. (617) 443-9292

**CERTIFICATE OF SERVICE**

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                /s/ Thomas F. Fleming