# Exhibit A

Dockets.Justia.com

```
                UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS

                                      Civil Action
                                      No. 97-10814-WGY

* * * * * * * * * * * * * * *
                              *
AMGEN, INC.,                  *
                              *
        Plaintiff,            *
                              *
v.                            *   CONFERENCE
                              *
HOECHST MARION RUSSEL, INC.,  *
   and                        *
TRANSKARYOTIC THERAPIES, INC.,*
                              *
        Defendants.           *
                              *
* * * * * * * * * * * * * * *
```

```
            BEFORE:  The Honorable William G. Young,
                     District Judge

APPEARANCES:

        DAY CASEBEER MADRID & BATCHELDER, LLP (By
    David M. Madrid, Esq.) 20300 Stevens Creek
    Boulevard, Suite 400, Cupertino, California 95014
        - and -
        STUART L. WATT, Of Counsel, Amgen, Inc.,
    One Amgen Center Drive, Thousand Oaks, California
    91320-1789, on behalf of the Plaintiff

        CHOATE, HALL & STEWART LLP (By Robert S.
    Frank, Jr., Esq., Eric J. Marandett, Esq. and
    Mark S. Freeman, Esq.), Two International Place,
    Boston, Massachusetts 02110, on behalf of the
    Defendants
```

```
                                1 Courthouse Way
                                Boston, Massachusetts

                                June 6, 2007
```

```
 1   the record be reopened that's a question that your Honor has
 2   to decide, it has to be briefed.  Alternative number one is
 3   that you will conclude, as we will urge you, that the record
 4   is complete.
 5           THE COURT:  Correct.
 6           MR. FRANK:  And you've said in that event you'll
 7   have an afternoon hearing.
 8           I have a question rather than a contention.  I
 9   suspect that it would be helpful to you if we had briefed
10   the question before we got to the hearing, because you will
11   be recalling evidence that's a year or two old.
12           THE COURT:  You're absolutely right.  And I don't
13   press for July.  We could do that in September.  I don't
14   care when we do that.
15           MR. FRANK:  And all I -- all we would want is the
16   certainty of knowing when it would be rather than, as long
17   as -- it doesn't matter to us, either.
18           THE COURT:  That makes, that makes good sense, in
19   terms of my clerk lineup and staffing for the case, July or
20   September makes no difference to me.
21           So, even if I keep the record closed, we could find
22   an afternoon in September and argue the matter.
23           MR. FRANK:  With respect -- and the second half is
24   the possibility that you would conclude that the record
25   would be supplemented.  And I, I believe here I'm telling
                                    18
```

```
 1   it, and it's going to be a very busy summer for you people.
 2           But I'm not there yet.  They must make a motion and
 3   support it.  You get fourteen days to respond to it.  I will
 4   decide it on the merits, and then we'll see where we are.
 5           MR. FRANK:  Thank you very much, your Honor.
 6           THE COURT:  All right, thank you.  Let's get the
 7   others back in here unless they want more time.
 8           MR. MADRID:  Thank you, your Honor.
 9           THE COURT:  No, thank you all.
10           (Pause in proceedings.)
11           THE CLERK:  Five minutes they need.
12           THE COURT:  Five minutes.  All right, then I'll
13   stand in recess.  We'll recess.
14           THE CLERK:  All rise.  Court is in recess.
15           (Recess.)
16           THE CLERK:  All rise.  Court is in session, please
17   be seated.
18           THE COURT:  Are we agreed?
19           MS. BEN-AMI:  I think, your Honor, we're in
20   agreement on everything germane to the motion and perhaps
21   other things if the Court will approve them.
22           THE COURT:  That's fine.  I have an eye appointment
23   this afternoon, so if you could reduce it to writing, I
24   would be very grateful.  But that's fine.
25           MS. BEN-AMI:  Okay.
                                    20
```

```
 1   you what I think you should want and that's dangerous.  But
 2   I would, I would urge you not to do what you've suggested.
 3   And the reason I would urge that is because of the extreme
 4   difficulty, I suggest, of your being able to keep straight
 5   in your own mind stuff that is in the record from a year or
 6   two ago, and sometimes three or four years ago, and the
 7   stuff that you are hearing then currently in September.  And
 8   I think that risk that you will, that any human being in
 9   that situation would get tangled up between the two
10   proceedings is pretty great.  And candidly, I would just as
11   soon not impose on my client the cost of sitting here
12   through the Roche trial.  And furthermore, we're not, we
13   can't see the Roche record.  It's closed to us.  So, if we
14   get involved in the Roche proceeding, we're at a pretty
15   substantial disadvantage.
16           THE COURT:  You're arguing and I'm going to cut you
17   off.  Explain all that to me as to why, additionally, why I
18   shouldn't reopen the record.  If I reopen the record, I've
19   got to figure out a schedule.  That's my proposed schedule
20   because I'm, I'm just not going to let anyone go.  I'm not
21   going to let Roche go, I'm not going to let TKT go, and
22   Amgen will have long-term leases on apartments and the like
23   here in the Boston area.  Because I'm going to be done with
24   this case with a final judgment.  But, if we need an
25   evidentiary record, I've got to figure out a way to develop
                                    19
```

```
 1           MR. DAY:  Could we put this on the record, your
 2   Honor, very quickly?  I think we could.
 3           MS. BEN-AMI:  It would take two seconds.
 4           THE COURT:  Oh, that's fine.  I was planning to
 5   give you until 4:00, and I don't have to be out of here
 6   until 20 after 4:00.
 7           MR. DAY:  I don't think it should take more than
 8   five minutes, your Honor.
 9           THE COURT:  Go right ahead.
10           MS. BEN-AMI:  So --
11           MR. DAY:  So if I could.
12           MS. BEN-AMI:  Okay.
13           THE COURT:  Well, whoever.  Ms. Ben-Ami was up.
14   Let's go with her and you can confirm it.
15           MS. BEN-AMI:  Okay.
16           THE COURT:  Go ahead.
17           MS. BEN-AMI:  All right.  I understand that our
18   agreement is, as follows.
19           By June 13th, Roche will respond to the Amgen
20   reports that were put in on June 1st and June 4th, and
21   whatever needs to be done there for any new arguments that
22   have been presented.
23           On June 20th, Amgen will have up to three reports
24   to respond to the Roche reports.
25           Are we in agreement so far?
                                    21
```

1    MR. DAY: No, we're not. Because I thought we made
2  it clear that there would be no more than seven
3  supplemental -- Roche will --
4    MS. BEN-AMI: I didn't say that? I'm sorry.
5    MR. DAY: No, you didn't say that.
6    MS. BEN-AMI: I'm sorry.
7    MR. DAY: They've already -- they served one
8  supplemental report yesterday. They want to serve seven
9  more for a total of eight --
10    MS. BEN-AMI: We have an agreement, it's just that
11  I misspoke.
12    MR. DAY: -- supplemental reports that they want to
13  serve by June 13th.
14    THE COURT: Well, you're okay with that, eight?
15    MS. BEN-AMI: Yes, seven, seven more reports by
16  June 13th. I'm sorry if I misread it.
17    THE COURT: Go right ahead.
18    MS. BEN-AMI: June 20th, Amgen puts in three
19  reports. Agreed?
20    MR. DAY: I agree.
21    MS. BEN-AMI: Yes. Okay. June 30th will be the
22  end of expert discovery. Agreed?
23    MR. DAY: Yes, except there is one other --
24    MS. BEN-AMI: We have a proviso.
25    MR. DAY: There's a proviso to all this. And that

22

1  is that one of our experts, Dr. Joseph Eschbach, is, and
2  this is extremely sensitive and confidential but --
3    THE COURT: It doesn't have to be done in open
4  court.
5    MR. DAY: He's gravely ill. And we do not believe
6  that he will be able to testify at trial. This happened
7  very recently. And so we're trying to find a replacement.
8  And this deal expressly excludes any time constraints on
9  finding that replacement.
10    MS. BEN-AMI: And we've agreed to that some weeks
11  ago that they would find a replacement. We moved that
12  portion of the expert to some other time.
13    THE COURT: Fine.
14    MS. BEN-AMI: That we agreed to previously.
15    July 30 -- July 3rd would be the last day to file
16  summary judgment motions.
17    In agreement there?
18    THE CLERK: That's a problem.
19    MS. BEN-AMI: Each side --
20    THE COURT: Well, we'll let --
21    (Whereupon the Court and the Clerk conferred.)
22    MS. BEN-AMI: We can move that if it's --
23    THE COURT: No.
24    MS. BEN-AMI: No? Okay.
25    THE COURT: You go ahead.

23

1    MS. BEN-AMI: Okay. Each side will have, be
2  limited to ten trial experts. We will identify who those
3  trial experts are by July 7th.
4    We will ask the Court for a two-part pretrial
5  conference. This is -- I'm now characterizing. Mr. Day and
6  I would like to have a pretrial conference, or my co-counsel
7  tells me it should be a case management conference, in
8  mid-July, or when it's convenient for your Honor, to discuss
9  really how we're going to handle this whole trial so that we
10  can get all our ducks in a row. But we would like our
11  pretrial papers to be in August 1st. So that normally your
12  pretrial papers have to be a certain time before.
13    THE COURT: I understand. You're making sense to
14  me.
15    MS. BEN-AMI: So that we know what's going on. I
16  think some of these things may take a little bit of time for
17  the Court to decide exactly how you want to do it.
18    THE COURT: I understand. I have a variety of
19  questions and we ought to sit down and do exactly that.
20    MS. BEN-AMI: And so, kind of like a two-part
21  pretrial conference.
22    And then we might need a second pretrial conference
23  right before trial or the first day of trial or whatever to
24  sign the pretrial order, whatever that might be.
25    THE COURT: All right.

24

1    MS. BEN-AMI: And then we have as a separate issue
2  this issue with the witness who's ill and our responsive
3  witness that we have already agreed we are doing to deal
4  with.
5    THE COURT: Fine.
6    MS. BEN-AMI: And I believe the only issue, I think
7  that, and I don't want to put words in Mr. Day's mouth now,
8  but I understand that Amgen in response to this will
9  withdraw its motions that are currently pending, but the
10  only issue is right now -- am I right about that?
11    MR. DAY: Go ahead.
12    MS. BEN-AMI: But the only issue is that we said in
13  response to all of this, we would like them to not oppose
14  our motion for leave to amend that we filed some time ago to
15  just catch the pleadings up on inequitable conduct to all
16  the expert statements and whatnot. And my understanding is
17  that Mr. Day will not agree to that.
18    THE COURT: But I don't -- well, first of all, all
19  that's fine. And when you say withdraw the motions, what I
20  came out here prepared to entertain is the emergency motion
21  for expedited case management conference and Roche's
22  response thereto. Correct?
23    MS. BEN-AMI: Yes, your Honor. Yes.
24    THE COURT: Those are the motions we're talking
25  about?

25