# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., )<br>)<br>             Plaintiff, )<br>    v. )<br>)<br>F. HOFFMANN-LA ROCHE LTD, ROCHE )<br>DIAGNOSTICS GmbH, and HOFFMANN- )<br>LA ROCHE INC., )<br>             Defendants. )<br>)<br>) | Civil Action No.: 05 Civ. 12237 WGY |

## ROCHE'S BENCH MEMORANDUM TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OF OFFERS TO COMPROMISE

Roche submits this bench memorandum to preclude Amgen from introducing evidence of an offer to compromise one of the claims in this case, and related discussions. This evidence should be excluded from the jury for the following reasons:

- The evidence, which consists of a proposed stipulation as to whether Roche met a claim limitation of the '349 patent and related correspondence, is plainly inadmissible under FRE 408 as evidence of discussions in compromise of a claim.

- Admission of the compromise correspondence should be precluded under FRE 403 because it would be misleading, confusing and unfairly prejudicial.

On January 30, 2007, the Court ordered both parties to produce their respective production cell lines. Because of its assessment of the difficulties of importing trade secret cell lines, Roche attempted to negotiate a resolution with Amgen wherein Roche would stipulate that its cell line met the claim limitation in the '349 patent "capable upon growth in culture of producing erythropoietin in the medium of their growth in excess of

1

100 U of erythropoietin per $10^6$ cells in 48 hours as determined by radioimmunoassay," while retaining its right to challenge validity, in exchange for Amgen's agreement not to seek the cell lines. Over the course of these negotiations, which spanned several weeks, Roche sent proposed stipulations to Amgen regarding the limitation in the '349 patent. Ultimately, the negotiations were unsuccessful, due to Amgen's insistence that it not be restricted in its use of the stipulation.

Incredibly, Amgen has included the proposed stipulation from Roche to Amgen on its trial exhibit list.[1] This evidence is plainly inadmissible under FRE 408, which bars the admission of statements made in compromise of a claim. -- precisely the proposed stipulations that are the subject of this bench memorandum. FRE 408 is clear that no evidence of conduct or statements made in compromise negotiations are admissible. This includes draft stipulations as well as any correspondence referencing such agreements. *See Ronda-Perez v. Banco Bilbao Vizcaya Argentaria-Puerto Rico*, 404 F.3d 42, 47 (1st Cir. 2005) (holding that rejected offer of payment conditioned on settlement of any age discrimination claim fits within the spirit of Fed.R.Evid. 408 which bars consideration of offers of compromise); *In re First Software Corp.*, 107 B.R. 417, 424 (D.Mass. 1989) (holding that letter sent by counsel to creditor's committee designed to induce potential defendants to compromise their preference liability without the need for time consuming litigation was inadmissible under Fed.R.Evid. 408).

In addition, the settlement discussions should not be admitted under Rule 403 because they would mislead the jury into believing that Roche is not challenging Amgen's infringement contentions regarding the '349 claim because of the stipulation.

---

[1] *See* Exhibits BTQ, BUY.

2

The unfair prejudice that would result to Roche is not outweighed by any probative value, particularly given FRE 408's ban on admitting offers of compromise.

## CONCLUSION

For the reasons set forth above, the Court should preclude Amgen from introducing at trial any evidence regarding the offers to compromise the '349 claim and related correspondence regarding the cell line exchange compromise discussions, including proposed exhibits BTQ and BUY

Dated: October 2, 2007
Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH,
and HOFFMANN-LA ROCHE INC.

By its attorneys,

 _/s/ Thomas F. Fleming_____
Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

                                         */s/ Thomas F. Fleming*
                                         Thomas F. Fleming