# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) Civil Action No. 05-12237 WGY |
| vs. | ) |
|  | ) |
| F. HOFFMANN-LA ROCHE LTD, ROCHE DIAGNOSTICS GmbH and HOFFMANN-LA ROCHE INC., | ) |
|  | ) |
| Defendants. | ) |

## ROCHE'S BENCH MEMORANDUM TO PRECLUDE AMGEN FROM INTRODUCING BELATEDLY PRODUCED DOCUMENTS RELATING TO ITS EXPERIMENTS WITH PEGYLATION AND COS-EPO AS UNTIMELY AND PREJUDICIAL

Amgen should not be allowed to introduce at trial documents relating to experiments it conducted regarding the pegylation of EPO and the compound NM385, an EPO analog, for the following reasons:

- Amgen failed to produce documents or information regarding these experiments during discovery, and hence should be precluded from relying on such evidence at trial.

- Amgen deliberately waited until after the discovery period to conduct these experiments so that Roche would be unable to discover information about how they were conducted.

- Amgen affirmatively misrepresented during discovery whether it was conducting such experiments, prejudicing Roche's ability to obtain information about the conduct of the experiments.

During discovery, which closed on April 2, 2007, Amgen produced no documents evidencing experiments conducted by Amgen scientists on the pegylation of EPO, or other compounds.[1] Only over three months after discovery closed, on July 27, 2007, did Amgen -- for the first time -- produce a limited number of documents evidencing pegylation experiments of EPO and the compound NM385, which Amgen purports to be an EPO analog. Those documents indicated that the Amgen experiments were conducted in May, 2007 -- coincidently after the close of discovery. Because discovery had closed, Roche was unable to learn details about why the experiments were undertaken, why they were conducted in May, how the experiments were conducted, and the results of the experiments. As this Court has made clear evidence that is not produced during discovery cannot be relied upon by a party at trial. *See* Electronic Order dated January 22, 2007 ("No Party May Introduce In Evidence Any Document Called For In Discovery And Not Produced, Nor Any Data Derived From Such Document. Likewise, The Court Will View With Extreme Skepticism Any Late Proffered Discovery").

Amgen should not be allowed to use this data at trial on the ground that the experiments were not conducted until after discovery closed. Notably, during discovery Amgen's rule 30(b)(6) witness misled Roche about Amgen's plans to conduct pegylation experiments. At the March 30, 2007 deposition of Thomas Charles Boone, a 30(b)(6) witness for Amgen, Amgen testified that it was not then conducting research relating to "PEG-EPO":

> Q   Okay. Is Amgen currently conducting research on PEG-EPO?
> A   To the best of my knowledge, no.
> Q   And, again, you are representing Amgen, so the answer is no?

---

[1] Roche clearly requested the production of such documents during discovery. *See* Defendants' First Set Of Requests For The Production Of Documents And Things To Amgen, Inc. (Nos. 1-123) October 30, 2006 (request for production Nos. 105-109); Defendants' Second Set Of Requests For The Production Of Documents And Things To Amgen, Inc. (Nos. 124-315) January 8, 2007 (request for production Nos. 138 and 140).

1

        A   Right.

(Boone Dep. Trans. 26:11 - 27:3).

An Amgen email from a month before the Boone deposition -- February 13, 2007, which Amgen produced after the close of discovery -- discloses otherwise. That email from Steven Elliott, an Amgen scientist, states:

> I would like to move quickly on this if possible. We would like to use the purified NM385 to do a PK experiment in support of some clearance work we are doing re EPO. We need to get this done quickly. The goal is to purify, ***pegylate*** and complete PK studies within the next 1-2 months.

(Amgen Ex. AKF) (emphasis added).

Because Amgen misrepresented that it was planning to conduct pegylation studies during discovery, the Court should preclude it from relying on these studies at trial. Moreover, the fact that Dr. Elliot wanted to complete the studies within 1-2 months of mid-February 2007-- within the time of discovery -- strongly indicates that Amgen deliberately delayed the experiments until after discovery closed in order to forestall Roche from inquiry about them. Even then Amgen failed to inform Roche of the experiments for an additional two months -- only on the heels of the trial of this case. The Court should not countenance these shenanigans and preclude Amgen from all reference to the experiments it conducted to pegylate EPO and NM 385 at trial.

## CONCLUSION

For the foregoing reasons, Defendants request that this Court preclude Amgen from introducing untimely produced documents regarding its experiments to pegylate EPO and NM 385 at trial.

Dated: October 2, 2007
      Boston, Massachusetts

                                 Respectfully submitted,

                                   F. HOFFMANN-LA ROCHE LTD,
                                   ROCHE DIAGNOSTICS GMBH, and
                                   HOFFMANN-LA ROCHE INC.

                                 By its attorneys,


                                 */s/ Thomas F. Fleming*_____
                                 Leora Ben-Ami (*pro hac vice*)
                                 Patricia A. Carson (*pro hac vice*)
                                 Thomas F. Fleming (*pro hac vice*)
                                 Howard S. Suh (*pro hac vice*)
                                 Peter Fratangelo (BBO# 639775)
                                 KAYE SCHOLER LLP
                                 425 Park Avenue
                                 New York, New York 10022
                                 Tel. (212) 836-8000

                                 Lee Carl Bromberg (BBO# 058480)
                                 Julia Huston (BBO# 562160)
                                 Keith E. Toms (BBO# 663369)
                                 Nicole A. Rizzo (BBO# 663853)
                                 BROMBERG & SUNSTEIN LLP
                                 125 Summer Street
                                 Boston, MA 02110
                                 Tel. (617) 443-9292
                                 ktoms@bromsun.com


## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

                                 */s/ Thomas F. Fleming*
                                 Thomas F. Fleming