# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

AMGEN INC.,                           )

                                  )

               Plaintiff,      )

             v.                 )     Civil Action No.: 05 Civ. 12237 WGY

                                  )

F. HOFFMANN-LA ROCHE LTD, ROCHE    )

DIAGNOSTICS GmbH, and HOFFMANN-    )

LA ROCHE INC.,                   )

               Defendants.    )

                                  )

                                  )

## DEFENDANTS' MOTION TO STRIKE PORTIONS OF DR. LIN'S TESTIMONY FOR LACK OF PERSONAL KNOWLEDGE

Defendants F. Hoffmann-La Roche Ltd, Roche Diagnostics GmbH, and Hoffmann La Roche Inc. (collectively "Roche") submit this motion *in limine* to strike portions of Dr. Lin's testimony regarding the results of biological activity assays about which he had no personal knowledge.

Dr. Lin's testimony made clear that he had no personal role in many aspects of the work described in his patents notwithstanding that he is the sole inventor.  (Tr. 1841-45).  Thus, Amgen's counsel elicited no testimony that Dr. Lin had performed any of the *in vivo* or *in vitro* testing described in his patent.  Nonetheless, over the objection of Roche's counsel, the Court allowed Dr. Lin to testify that his group had successfully expressed  biologically active EPO. (Tr. 1755:18-1756:11 and 1764:4-1765:2).

In the *TKT* litigation, this Court applied FRE 602 -- requiring that a witness testify based on "personal knowledge" -- to preclude testimony of Dr. Lin  regarding *in vitro* and *in vivo* tests described in his patents because he had no personal knowledge of them.  When counsel for TKT objected to questions of Dr. Lin regarding what tests were done to determine whether his group had produced human EPO, this Court ruled as follows:

> Sustained.  I don't think that's an adequate foundation. We're going to need the people who did them, if you want them for the truth.  After all, these things are in the patent from which one can infer, and I have gone over in some great detail the prosecution history.  Maybe you need more evidence.
>
> It's not much of jump, an inferential jump to infer that the experiments were in fact done and they came up with conclusions that are set forth in the patent.  Of course there is an error in the patent which you called it to my attention that things are not perfect.
>
> But strictly speaking, on evidence, not an adequate foundation.  Sustained.[1]

---

[1] Tr. 10/17/03 at 567-568.

Notably, the fact that these assays were described in patents naming Lin as the inventor was insufficient to demonstrate that he had personal knowledge of those tests.

The circumstances are no different in this proceeding. At his deposition, Dr. Lin admitted that he did not perform an *in vivo* or *in vitro* assay for the EPO project:

> Q And whenever it's in vitro assays -- whenever it is bioassays, whether it's in vitro or in vivo, it's either Dr. Egrie's group or Peter Dukes' group?
>
> A At the time for EPO assay. I'm not talking about any other assay.
>
> Q Right. We're just talking about --
>
> A For EPO assay, it's Joan Egrie's group. And in vivo assay at the time, I believe, was carried out by -- only by Peter Dukes' group.[2]

Given that there is no foundation of record in this case that would allow Dr. Lin to testify regarding the biological assay results obtained by members of the EPO team, his testimony is based on hearsay rather than personal knowledge and should be stricken -- consistent with this Court's rulings in the *TKT* case.

Finally, it is important to note that when Roche's counsel objected to the testimony given by Dr. Lin with respect to biological activity test results, the Court stated: "Let's move on. It would be improvident to start cleaning things up now. If I need to clean up, I will." (Tr. 1757:19-21). Accordingly, Dr. Lin's testimony at pages 1755-56 and 1764-65 as to which he lacked personal knowledge should now be stricken.

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and that no agreement was reached.

---

[2] 3/28/07 Lin Tr. 252:19-253:7 (Exh. B).

Dated:  October 2, , 2007
       Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

By its attorneys,


*/s/Thomas F. Flemin*_____
Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292
ktoms@bromsun.com


## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.


*/s/ Thomas F. Fleming*
Thomas F. Fleming