# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN, INC., <br><br>      Plaintiff, <br><br>   v. <br><br> F. HOFFMANN-LA ROCHE, LTD, a Swiss Company, ROCHE DIAGNOSTICS GmbH, a German Company and HOFFMANN-LA ROCHE INC., a New Jersey Corporation, <br><br>      Defendants. | Civil Action No. 05-12237 WGY |

## ROCHE'S BENCH MEMORANDUM TO PRECLUDE AMGEN FROM INTRODUCING TESTIMONY RELATED TO PEGYLATION OF NON-EPO COMPOUNDS

Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Krista M. Rycroft (*pro hac vice*)
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Timothy M. Murphy (BBO# 551926)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292

*Counsel for Defendants*
*F. Hoffmann-La Roche, Ltd,*
*Roche Diagnostics GmbH, and*
*Hoffmann-La Roche Inc.*

Dated: Boston, Massachusetts
   October 2, 2007

Dockets.Justia.com

Having continuously failed to provide discovery on the issue of pegylation of non-EPO compounds on the ground of relevance, Amgen should be precluded from presenting any evidence or testimony at trial on the following topics:

(1) chemical reactions of polyethylene glycol reagents (hereinafter "pegylation") with any compounds other than EPO, and

(2) whether pegylation of compounds is a routine process that does not materially affect the structure, composition, or properties of a molecule.

This evidence should not be allowed for the following reasons:

- Amgen refused to provide any discovery whatsoever into Amgen's work on pegylation of its own molecules such as GCSF, NESP and MGDF, arguing that "whether pegylation is simple or difficult or whether pegylation affects the structure, composition or properties of specific molecules that are not accused of infringement" is not at issue in this case.[1]

- Consistent with this Court's ruling that "No Witness May Rely On Evidence Withheld From Discovery," Amgen should be barred now from raising this evidence before the jury.

## A.    Amgen Resisted Discovery on Pegylation

During fact discovery, Amgen took the position that pegylation with any compound other than EPO was not relevant to this litigation, successfully preventing Roche from obtaining any discovery whatsoever into Amgen's work on pegylation of its own molecules such as GCSF, NESP (Amgen's attempts to pegylate its ESA Aranesp®), and MGDF.  Indeed, Amgen told this Court that "whether pegylation is simple or difficult or whether pegylation affects the structure,

---

[1] Amgen Inc.'s Opposition to Defendants' Motion to Compel Production of Documents, D.I. 201, filed 12/12/06, at *2.

composition or properties of specific molecules that are not accused of infringement" is not at issue in this case.[2]

During discovery, Roche propounded several document requests relating to Amgen's efforts to develop pegylated versions of its compounds, including GCSF, MGDF and NESP (Aranesp®).[3]  Amgen refused to provide this discovery on the grounds that documents related to "'any Pegylated Compound' other than erythropoietin" was "not reasonably calculated to lead to the discovery of admissible evidence."[4]

Roche was then forced to move to compel these documents from Amgen, arguing that they were relevant to both validity and infringement in this litigation because Amgen could argue that pegylation was routine -- a position Amgen now espouses at trial.  In opposing Roche's motion to compel, Amgen asserted that "documents relating to Amgen's pegylated proteins other than EPO are not relevant" and specifically with regard to GCSF and MGDF that "discovery regarding these proteins is therefore in no way related to the subject matter of Lin's patents - or

---

[2] Amgen Inc.'s Opposition to Defendants' Motion to Compel Production of Documents, D.I. 201, filed 12/12/06, at *2.

[3] Defendants' First Set of Requests for the Production of Documents and Things to Amgen, Inc. (Nos. 1-123) dated October 30, 2006.

[4] Amgen Inc.'s Objections and Responses to Defendants' First Set of Requests for the Production of Documents and Things (Nos. 1-123) dated December 4, 2006 at Responses to Requests Nos. 20, 31, 34-35, 105. (Exhibit A to Declaration of Alfred H. Heckel ("Heckel Decl."), D.I. 427, submitted in conjunction with Roche's 4/30/07 Memo);  *See also* Responses to Requests Nos. 19, 58-59, 106-112.  (Heckel Decl., Exh. A).

this litigation."[5]  The Court adopted Amgen's position in its January 3 Order, denying discovery

into pegylation and non-EPO compounds.[6]

Amgen strictly interpreted the Court's Order and refused any discovery whatsoever into

pegylation as it related to other compounds.  Amgen even instructed its witnesses not to answer

questions involving pegylation, such as pegylation of GCSF, during depositions.  For example, at

the deposition of Amgen scientist Graham Molineux, Amgen attorney William Gaede repeatedly

instructed the witness not to answer any question, even about Dr. Molineux's own articles

concerning pegylation of GCSF and other Amgen compounds:

Q.      What is the subject matter of that paper?

A.      The subject of that paper is pegylated GCSF.

Mr. Gaede:     Pursuant to the Court's order we're not going to permit any further
questioning into other pegylated compounds consistent with the Court's January
3rd, 2007 order.  So now that this information has come out, any further
questioning along this line, I'll instruct the witness not to answer.  It will be in
violation of a court order to do so.

Q.      By Mr. Jagoe (for Roche):  Did the paper that you're referring to talk
about pegylation in general?

Mr. Gaede:  Objection.  Pursuant to the Court's January 3rd, 2007 order which
states that the case involves EPO including pegylated EPO, not other pegylated
compounds, that question is outside the scope of the Court's order and I instruct
the witness not to answer.  If you can tie it to PEG-EPO, you can ask the question.
He can answer that question.

Q.      By Mr. Jagoe:  Will you answer my question, whether there was any
general discussion about pegylation of proteins in that manuscript?

Mr. Gaede: Objection.  Consistent with the Court's order of January 3rd, 2007,
your question is outside the scope of the order and I instruct you not to answer.[7]

---

[5] Amgen Inc.'s Opposition to Defendants' Motion to Compel the Production of Documents, D.I.
    201, at 7, 9-10.

[6] Order of the Court on D.I. 170, 1/03/07.

[7] Molineux Depo. Trans., 3/28/07, 24:20-25:22.

**B.      Amgen's Experts Propose To Discuss Pegylation of Non-EPO Compounds At Trial**

Following the close of fact discovery, however, Amgen served several expert reports, including those of Dr. Vladimir Torchlin, Dr. Harvey Lodish, and Dr. Nandini Katre, which claimed that pegylation is a routine process that does not materially affect the structure, composition, or properties of a molecule.  These expert reports cite to and rely upon documents and information of pegylation of compounds other than EPO.  It is clear that it was Amgen's plan all along to deny Roche discovery into Amgen's attempts to pegylate compounds other than EPO, and then present expert testimony at trial that pegylation is simple and routine, pointing to pegylation of other compounds as evidence.

Although Amgen's experts predictably do not consider Amgen's failed attempts to apply pegylation to recombinant EPO in their analysis, the experts do repeatedly consider and rely upon other molecules to which pegylation has been applied as support for their conclusions. Amgen's own difficulties in modifying other compounds with pegylation could provide crucial rebuttal evidence to these assertions of Amgen's experts, but Roche does not have this information since companies do not generally publish their experimental failures and Amgen refused to provide it during discovery.

**C.      Based On The Court's Ruling That No Amgen Witness May Rely on Materials Not Provided During Discovery, Amgen Should Be Precluded From Pegylation Evidence**

Following the service of the expert reports of Drs. Lodish, Torchlin and Katre by Amgen, each offering the opinion that pegylation is routine and does not affect structure, composition or properties in any meaningful way based upon pegylation of compounds other than EPO, Roche

moved to strike these infringement allegations and opinions in Amgen's expert reports.[8]  In ruling on Roche's motion, this Court stated, "Motion Denied Without Prejudice Depending On How the Evidence Develops At Trial.  No Witness May Rely On Evidence Withheld From Discovery."[9]  Amgen has now listed on its trial witness list two of the three experts who submitted expert reports containing opinions related to relative routineness of pegylation based on pegylation of compounds other than EPO, precisely the discovery Amgen argued was irrelevant and denied to Roche.[10]  Amgen should be precluded from offering the testimony of its experts Drs. Torchlin and Lodish on the subject of whether pegylation is routine or affects the structure, composition or properties of the molecule in a significant way.

As the First Circuit has made clear:

> The purpose of discovery is to make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent. Once a proper discovery request has been seasonably propounded, we will not allow a party sentiently to avoid its obligations by filing misleading or evasive responses, or by failing to examine records within its control.[11]

---

[8] Memorandum in Support of Defendants' Motion to Strike Infringement Allegations in Amgen's Expert Reports on Which Amgen Did Not Provide Discovery and to Preclude Discovery, D.I. 426, filed 4/30/07 ("4/30/07 Memo").  Roche incorporates herein the arguments made in the 4/30/07 Memo.

[9] Order of the Court on D.I. 425, 5/16/07.

[10] In Exhibit E to the Joint Pretrial Memorandum - Amgen Trial Witness List, Amgen lists Drs. Lodish and Torchlin as experts it intends to call at trial.  Although Dr. Katre is not listed, her expert report contains similar opinions and Amgen should not be able to rely on it.

[11] *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 929 (1st Cir. 1988).

Thus, Courts may preclude expert opinion where it constitutes surprise or a shift in a litigant's previous position. *See Thibeault v. Square D Co.*, 960 F.2d 239, 246-47 (1st Cir. 1992); *Freund v. Fleetwood Enterprises, Inc.*, 956 F.2d 354, 358 (1st Cir. 1992).

Accordingly, Amgen should not be allowed present testimony regarding pegylation after having argued to this Court that discovery related to pegylation of any compound other than EPO is irrelevant. Particularly where this position is directly contradicted by Amgen's own efforts at pegylation, which would have been revealed in the documents Amgen argued were not relevant and which it has not provided to Roche or to its own experts, to allow such testimony would reward Amgen's duplicitous strategy.

## CONCLUSION

For all of the foregoing reasons, Amgen should be precluded from offering evidence or testimony, including expert testimony, whether pegylation was a routine, predictable procedure or causes a substantial change to any starting compound other than erythropoietin.

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and that no agreement was reached.

DATED:      October 2, 2007

F. HOFFMANN-LA ROCHE, LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

By its attorneys,

*/s/ Thomas F. Fleming*
Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
Krista M. Rycroft (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022
Tel. (212) 836-8000

and

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA  02110
Tel. (617) 443-9292

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

*/s/ Thomas F. Fleming*
Thomas F. Fleming