**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMGEN INC., | ) |
| | ) |
| | ) |
| | ) Civil Action No.: 1:05-cv-12237 WGY |
| | ) |
| | ) |
| F. HOFFMANN-LA ROCHE LTD, a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN LA ROCHE INC., a New Jersey Corporation, | ) ) ) ) ) ) ) |

**AMGEN'S BENCH MEMORANDUM THAT IT IS APPROPRIATE FOR DR. LODISH TO USE COMPUTER-MODELED DEMONSTRATIVES THAT WILL ASSIST THE JURY IN UNDERSTANDING HIS INFRINGEMENT TESTIMONY**

Amgen's expert, Dr. Harvey Lodish, will use demonstrative aids that include computer-modeled representations depicting the molecular structure of peg-EPO. Dr. Lodish's models are relevant and will assist the jury in understanding his testimony. Roche, however, has objected to the use of these computer-modeled representations. Roche's objections are without merit.

Under FRE 611(a), demonstratives are appropriate if they are relevant and fair.[1] Amgen is not seeking to move Dr. Lodish's computer-modeled representations into evidence. Rather, Amgen and Dr. Lodish only seek to use them as an aid for the jury. Under these circumstances, courts routinely admit such demonstrative aids to assist the finder of fact.[2]

Notably, Amgen provided Roche ample disclosure of Dr. Lodish's computer-modeled

---

[1] *See Fed. R. Evid. 611(a).*

[2] *See e.g., United States v. Beckford*, 2000 U.S. App. LEXIS 6752, 19-20 (4th Cir. 2000) (district court was well within its discretion in allowing a detective to utilize a computer-generated diagram as a demonstrative aid to illustrate his investigative findings) (unpublished); *Abbott Labs. v. TorPharm, Inc.*, 309 F. Supp. 2d 1043 (D. Ill. 2004) (allowing use of a demonstrative exhibit by expert witness at trial which contained a diagram of divalproex sodium and its constituent molecules); *United States v. Buck,* 324 F. 3d 786 (a diagram summarizing evidence already presented was properly shown to the jury to assist in its understanding of testimony and documents that had been produced).

representations. Amgen gave Roche electronic copies of the computer-modeled representations nearly six months ago, on April 6, 2007, as part of Dr. Lodish's initial expert report on infringement. Moreover, Dr. Lodish's report fully explained the basis for his use of the computer-modeled representations. As he stated, they "represent the three dimensional structure of peg-EPO based upon available scientific knowledge and are generally consistent with images from models previously generated by Roche."[3] In addition, he explained in detail the methodology and data sources for his depictions of peg-EPO in the computer-modeled representations, specifically noting that the representations encompass the information that is currently available on the structure of peg-EPO, such as Roche's BLA.[4] On April 20, 2007, Amgen produced, in electronic, native format, all of the underlying data files that Dr. Lodish used to generate his computer-modeled representations.[5] As Dr. Lodish describes in his report, the computer-modeled representations are fair and relevant, and will help the jury understand his testimony.[6]

The fact that Dr. Lodish is using computer-modeled animation provides no basis for a claim of juror confusion or prejudice. The demonstrative is a visual representation of Dr. Lodish's testimony. If Roche disagrees with Dr. Lodish's testimony, and his concomitant visual representation, it will have a full opportunity to cross-examine his basis for using the model, and to submit its own opinion testimony. Roche's disagreement with the substance of Dr. Lodish's

---

[3] *See* Expert Report of Harvery F. Lodish, Ph.D. Regarding Infringement, ¶ 102. A copy of which is attached hereto as Exhibit A to the Declaration of Daniel A. Curto ("Curto Decl.").

[4] *See* Expert Report of Harvery F. Lodish, Ph.D. Regarding Infringement, ¶¶ 103-104, fn. 25. Curto Decl. Ex. A.

[5] *See* April 20, 2007 letter from Rob Galvin to Tom Fleming (stating "pursuant to the parties stipulation regarding expert discovery, we are providing only those data files used to generate the final versions of graphics submitted as part of Dr. Lodish's 4/6/07 report"). Curto Decl. Ex. B.

[6] *See* Expert Report of Harvery F. Lodish, Ph.D. Regarding Infringement, ¶¶ 102-104. Curto Decl. Ex. A.

testimony, however, is not a legitimate basis for excluding the demonstrative.[7] Furthermore, the fact that the aid is computer-modeled provides no basis for a claim of juror confusion or prejudice. As many courts have found, laypersons are increasingly sophisticated with respect to such technology and are "immune to confusion by the encroachment of technology into heretofore primitive communication zones such as the jury room."[8]

For the reasons set forth above, if Roche objects to Dr. Lodish's computer-modeled representations, this Court should exercise its discretion and allow Dr. Lodish to use his models to assist the jury's understanding and evaluation of his testimony.

---

[7] *See United States v. Poschwatta*, the Ninth Circuit held that the district court did not abuse its discretion in allowing the demonstrative charts to be used as testimonial aids and introduced as substantive evidence at trial, where the charts "contributed to the clarity of the presentation to the jury and were a reasonable method of presenting evidence."[7]

[8] *See Verizon Directories Corp. v. Yellow Book USA, Inc.*, 331 F. Supp. 2d 136 (D.N.Y. 2004) (admitting technological demonstratives into evidence where the court found that they clarified relevant evidence and issues, were accurate and reliable, and their probative value was not "substantially outweighed by the danger of unfair prejudice or confusion of the issues…"under FRE 403. *See, e.g., Datskow v. Teledyne Continental Motors*, 826 F. Supp. 677, 685 (W.D.N.Y. 1993) ("Jurors, exposed as they are to television, the movies, and picture magazines, are fairly sophisticated. With proper instruction, the danger of their overvaluing such proof is slight.") (quoting 1 J. Margaret A. Berger, et al., Federal Evidence P403[5] at 403-88 (1992 ed.) (footnotes omitted)). *Rockwell Graphic Systems, Inc. v. Dev. Industries, Inc.,* 1992 U.S. Dist. LEXIS 16938, 1-2 (D. Ill. 1992) (denying defendant's attempt to exclude from trial a computer generated animated videotape as demonstrative evidence because there was no confusion to the jury or prejudice to the defendants).

| | |
|---|---|
| DATED:    October 3, 2007 | Respectfully Submitted, |
| Of Counsel:<br>Stuart L. Watt<br>Wendy A. Whiteford<br>Monique L. Cordray<br>Darrell G. Dotson<br>Kimberlin L. Morley<br>Erica S. Olson<br>AMGEN INC.<br>One Amgen Center Drive<br>Thousand Oaks, CA 91320-1789<br>(805) 447-5000 | AMGEN INC.,<br>by its attorneys<br><br>*/s/ Michael R. Gottfried*<br>D. Dennis Allegretti (BBO# 545511)<br>Michael R. Gottfried (BBO# 542156)<br>Patricia R. Rich (BBO# 640578)<br>DUANE MORRIS LLP<br>470 Atlantic Avenue, Suite 500<br>Boston, MA 02210<br>Telephone: (857) 488-4200<br>Facsimile: (857) 488-4201<br><br>Lloyd R. Day, Jr. (pro hac vice)<br>DAY CASEBEER MADRID & BATCHELDER LLP<br>20300 Stevens Creek Boulevard, Suite 400<br>Cupertino, CA 95014<br>Telephone: (408) 873-0110<br>Facsimile: (408) 873-0220<br><br>William G. Gaede III (pro hac vice)<br>McDERMOTT WILL & EMERY<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>Telephone: (650) 813-5000<br>Facsimile: (650) 813-5100<br><br>Kevin M. Flowers (pro hac vice)<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>6300 Sears Tower<br>Chicago, IL 60606<br>Telephone: (312) 474-6300<br>Facsimile: (312) 474-0448 |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                                            */s/ Michael R. Gottfried*

                                              Michael R. Gottfried