# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05-12237 WGY |
| v. ) | |
| ) | |
| ) | |
| F. HOFFMANN-LAROCHE ) | |
| LTD., a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company and HOFFMANN LAROCHE ) | |
| INC., a New Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**AMGEN'S RESPONSE TO ROCHE'S BENCH MEMORANDUM "REGARDING UNCONTROVERTED EVIDENCE OF RECORD THAT DR. FRITSCH ISOLATED THE EPO GENE PRIOR TO THE EFFECTIVE FILING DATE OF THE PATENTS-IN-SUIT"**

Dockets.Justia.com

Roche has filed a bench memorandum arguing that the evidence in the record is that Dr. Fritsch cloned the EPO gene in July 1984 and expressed EPO in CHO cells in September 1984, before the November 30, 1984 effective filing date of the patents-in-suit.[1] Roche asserts that "[t]here is no evidence to the contrary." Roche obviously ignores, however, the incontrovertible evidence of record that Dr. Lin cloned the EPO gene in October 1983, achieved *in vivo* expression in mammalian cells by January 1984, and confirmed the biological activity of his recombinant erythropoietin by March 1984. Thus, the invention dates of the patents-in-suit are all well prior to November 30, 1984 and prior to Fritsch cloning and expressing the gene.

The evidence of record clearly establishes that Lin isolated the DNA encoding human erythropoietin prior to his December 1983 patent application (Trial Exhibit 2014), and that biologically active human erythropoietin was produced in mammalian cells prior to his February 1984 patent application (Trial Exhibit 2015).

In addition, Lin testified that he isolated the EPO gene in October 1983.[2] Jeff Browne testified that in January 1984 he had received from Dr. Lin a genetic fragment of the human erythropoietin gene, and that he, Dr. Browne, conducted an experiment wherein he put the gene into what he called "293 cells," which were cells derived from a human embryonic kidney. Referencing his laboratory notebook, Exhibit 29, Dr. Browne testified that the test sample showed the presence of recombinant human erythropoietin, which he characterized as "an important step in the EPO project, to get expression of EPO in a mammalian cell."[3] Dr. Browne also testified that in March 1984 Dr. Lin's team achieved expression *in vivo* of biologically active erythropoietin in COS cells.[4] In late April – early May 1984, *in vivo* biologically active

---

[1] D.I. 1232.
[2] 9/27/07 Trial Tr. 1688:24-1689:2.
[3] 9/28/07 Trial Tr. 1919:12 – 1922:3.
[4] 10/1/07 Trial Tr. 1924:20 – 1925:11.

EPO was expressed in CHO cells.[5] The amplification of the EPO DNA in vertebrate cells (CHO) was performed in May – July 1984 with the results reported in Dr. Lin's third priority patent filing on September 28, 1984.[6] That same application describes pharmaceutical compositions that could be used in the treatment of "anemic disease states and most especially such anemic states as attend chronic renal failure."[7] The evidence of record, therefore, clearly establishes Lin's dates of invention for all of the claims in suit to be on or prior to September 28, 1984.

In contrast, Fritsch's deposition testimony shows only that he cloned the human EPO gene in July 1984 and expressed it in CHO cells in late September 1984. While Fritsch testified that he sent samples out to Dr. Dukes for assay results on September 24, 1984, no testimony was presented as to the results of those assays.[8] Similarly, no testimony was presented for dates of work by Fritsch relating to amplification or production of EPO at levels claimed in the '349 patent claims.

Beyond that, of course, Roche, through its bench memorandum, seeks to rewrite history. Magistrate Judge Saris in the *Chugai* litigation found that Lin was the first to invent the EPO DNA, and the Board of Patent Appeals and Interferences found that Lin was the prior inventor of the three interferences to the DNA, process and product claims.[9] In contrast to the extensive record examined by the Court in *Chugai* and the Board in the interferences, here Roche has only presented a few excerpts of Fritsch's deposition – certainly no more and much less than the Court and the PTO Board considered. Given the prior decisions and the incontrovertible

---

[5] 10/1/07 Trial Tr. 1937:7 – 1939:16.

[6] Tr. Ex. 2016 pp. 57-58.

[7] Tr. Ex. 2016, p. 20, lines 14-21.

[8] Trial Tr. 357:6-11.

[9] Amgen Inc. v. Chugai Pharmaceutical Co., Ltd., 927 F.2d 1200, 1207 (Fed Cir. 1991); Fritsch, et al. v. Lin, 1991 W.L. 332569 *3 (B.P.A.I. 1991).

evidence in this record, Roche fails to meet its burden in alleging prior inventorship under 35 U.S.C. § 102(g) and Amgen is entitled to judgment on this issue.

Roche apparently filed its five sentence bench memorandum in response to a side bar discussion concerning two documents from the files of Genetics Institute which Amgen is seeking to admit into evidence. As explained at the side bar, Roche has argued that "GI's cloning of the EPO gene demonstrates the obviousness of Lin's invention," but the two documents show that "GI had inside information, that they learned about how Lin had done it and they repeated what Lin did."[10] At the side bar, the Court indicated that the documents appear to be ancient documents and thus overcome hearsay, but the Court questioned the relevance of the documents due to the weakness of Roche's obviousness case and reserved the question of admission into evidence after seeing whether Roche's obviousness case was still "alive."[11] Roche's bench memorandum makes it clear that Roche is still pressing the issue of GI's activities, in the face of the evidence of record, and that the Court should admit the two exhibits so that Amgen may fairly meet and rebut the arguments that Roche persists in making. Amgen requests the Court to do so.

---

[10] Trial Tr. 2081:13-17.

[11] Trial Tr. 2080:21—2084:3.

October 3, 2007                                    Respectfully Submitted,

                                                   AMGEN INC.,
                                                   By its attorneys,


                                                   */s/ Patricia R. Rich*
Of Counsel:                                        D. DENNIS ALLEGRETTI (BBO#545511)
                                                   MICHAEL R. GOTTFRIED (BBO#542156)
STUART L. WATT                                     PATRICIA R. RICH (BBO#640578)
WENDY A. WHITEFORD                                 DUANE MORRIS LLP
MONIQUE L. CORDRAY                                 470 Atlantic Avenue, Suite 500
DARRELL G. DOTSON                                  Boston, MA  02210
KIMBERLIN L. MORLEY                                Telephone:     (857) 488-4200
ERICA S. OLSON                                     Facsimile:     (857) 488-4201
AMGEN INC.
One Amgen Center Drive                             LLOYD R. DAY, JR. (*pro hac vice*)
Thousand Oaks, CA   91320-1789                     DAY CASEBEER
(805) 447-5000                                     MADRID & BATCHELDER LLP
                                                   20300 Stevens Creek Boulevard, Suite 400
                                                   Cupertino, CA  95014
                                                   Telephone:     (408) 873-0110
                                                   Facsimile:     (408) 873-0220

                                                   WILLIAM GAEDE III (*pro hac vice*)
                                                   McDERMOTT WILL & EMERY
                                                   3150 Porter Drive
                                                   Palo Alto, CA 94304
                                                   Telephone:     (650) 813-5000
                                                   Facsimile:     (650) 813-5100

                                                   KEVIN M. FLOWERS (*pro hac vice*)
                                                   MARSHALL, GERSTEIN & BORUN LLP
                                                   233 South Wacker Drive
                                                   6300 Sears Tower
                                                   Chicago IL 60606
                                                   Telephone:     (312) 474-6300
                                                   Facsimile:     (312) 474-0448

CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as on-registered participants.

                                         */s/ Patricia R. Rich*
                                         Patricia R. Rich