**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

AMGEN, INC.,

Plaintiff,

v.

F. HOFFMANN-LA ROCHE, LTD, ROCHE DIAGNOSTICS GmbH, and HOFFMANN-LA ROCHE INC.,

Defendants.

Civil Action No. 05-12237 WGY

**ROCHE'S MOTION *IN LIMINE* TO PRECLUDE AMGEN'S EXPERT WITNESS DR. HARVEY F. LODISH FROM OFFERING TESTIMONY REGARDING THE EXPERT STATEMENTS OF RICHARD D. KOLODNER, PH.D. AND RONALD W. McLAWHON, PH.D.**

On April 30, 2007, Amgen's expert, Dr. Harvey L. Lodish, submitted a two page addendum to his first expert report which made the following statement:

> I have now had the opportunity to review the Expert Statements of Richard D. Kolodner, Ph.D. and Ronald W. McLawhon, Ph.D, respectively, which I incorporate by reference.

(Addendum to Expert Report of Harvey F. Lodish, Ph.D., ¶ 3, attached as Exhibit A). Dr. Lodish should be precluded from testifying about matters disclosed in the reports of Drs. Kolodner and McLawhon because the Court has made clear that such wholesale incorporation is improper. A similar issue was raised during the direct testimony of Roche's expert, Dr. John Lowe. Upon Amgen's objection, the Court precluded Dr. Lowe from testifying about certain aspects of protein sequencing from Dr. Fromm's expert report, which Dr. Lowe incorporated by reference in his report.

> MR DAY: We object, your Honor. It's not --

Dockets.Justia.com

> THE COURT: VI.
>
> MR. DAY: --disclosed in the expert report.
>
> MS. BEN-AMI: It is disclosed in the expert report, your Honor, in paragraph, which is in the third supplemental expert report which he incorporates the materials --
>
> THE COURT: Well, we're going to have a page and a line number. I'm in the third.
>
> MS. BEN-AMI: Paragraph 31.
>
> THE COURT: Thank you.
>
> MS. BEN-AMI: I'll hand up the other document.
>
> THE COURT: Paragraph 31?
>
> MS. BEN-AMI: Yes.
>
> THE COURT: Of some other report?
>
> MR. DAY: Not only of some other report, some other person.
>
> THE COURT: Well, no, no, I can read. I understand it's now the report of some other person. Yes, that's not adequate disclosure. It's excluded at this time.

(Tr. at 222). Since the Court prevented Dr. Lowe from opining about an expert report that he incorporated by reference, the Court should now similarly preclude Dr. Lodish from doing the same with respect to the Expert Reports of Drs. Kolodner and McLawhon.

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and that no agreement was reached.

DATED: October 3, 2007
Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE, LTD, ROCHE DIAGNOSTICS GMBH, and HOFFMANN-LA ROCHE INC.

By its attorneys,

/s/ *Thomas F. Fleming*
Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

and

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

*/s/ Thomas F. Fleming*
Thomas F. Fleming