# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMGEN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05 CV 12237 WGY |
| | ) | |
| F. HOFFMANN-LAROCHE LTD., | ) | |
| a Swiss Company, ROCHE DIAGNOSTICS | ) | |
| GMBH, a German Company, and | ) | |
| HOFFMANN LAROCHE INC., a New | ) | |
| Jersey Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF AMGEN INC.'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF DR. LIN'S TESTIMONY FOR LACK OF PERSONAL KNOWLEDGE

Roche's motion to strike portions of Dr. Lin's testimony does nothing more than raise an argument that this Court has already considered and rejected on two separate occasions.[1]  As Roche's motion does not meet the high standard required for reconsideration, its motion to strike should be denied.

On September 27, Roche filed a motion *in limine* to preclude Dr. Lin from testifying about certain work of which he had personal knowledge and for which he was responsible on the ground that he had not conducted the work himself.[2]  In response to questions posed by the Court, Dr. Lin testified to his then present-sense understanding as to how and what he knew, as project leader, regarding the EPO project and whether the project had attained its goals. Following Roche's objection, this Court considered the testimony proffered by Dr. Lin and

---

[1] Additionally, on September 27, 2007, Roche filed a motion *in limine* on this exact issue.  D.I. 1176.  This Court did not expressly grant or deny that motion.   Dr. Lin was permitted to testify, and no testimony was elicited by Amgen's counsel regarding the *in vitro* or *in vivo* assay experiments performed by other members of the EPO Project Team.

[2] D.I. 1176.

Dockets.Justia.com

concluded that his testimony may stand.[3]  Subsequently, at the side bar, Roche further pressed its objection that such testimony was improper.  This Court again considered and rejected Roche's argument.[4]

Roche now attempts to have this Court reconsider its decision where none of the requirements for a true motion for reconsideration are met.  A motion for reconsideration should be granted "only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law."[5]  Roche does not and cannot demonstrate that any of these grounds for reconsideration exist.  As this issue has been twice considered and rejected, Roche's request for further reconsideration should be denied.

Even assuming that Roche's motion should not be considered as one for reconsideration, it should still fail.  As the Court has made clear throughout Dr. Lin's examination, testimony regarding what a person believed at the time of the event is admissible.[6]  The testimony Roche seeks to strike is such evidence.  Thus, contrary to Roche's position that there is "clean-up" to be done,[7] Dr. Lin's presence sense impression of the progress and accomplishments of the EPO project over time is not only relevant, but also admissible.

---

[3] 9/27/07 Trial Tr. 1756:15.

[4] 9/27/07 Trial Tr. 1756:19-1757:21.

[5] *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000).

[6] *See e.g.* 9/27/07 Trial Tr. 1737:6-9

[7] D.I. 1258 at 3.

October 4, 2007

Respectfully Submitted,
AMGEN INC.,
By its attorneys,


*/s/ Patricia R. Rich*

Of Counsel:

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA   91320-1789
(805) 447-5000

D. DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R. GOTTFRIED (BBO#542156)
PATRICIA R. RICH (BBO#640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
Telephone:     (857) 488-4200
Facsimile:      (857) 488-4201

LLOYD R. DAY, JR. (*pro hac vice*)
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA  95014
Telephone:     (408) 873-0110
Facsimile:      (408) 873-0220

WILLIAM GAEDE III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:     (650) 813-5000
Facsimile:      (650) 813-5100

KEVIN M. FLOWERS (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:     (312) 474-6300
Facsimile:      (312) 474-0448

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as on-registered participants.

*/s/ Patricia R. Rich*
Patricia R. Rich

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMGEN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05 CV 12237 WGY |
| | ) | |
| F. HOFFMANN-LAROCHE LTD., | ) | |
| a Swiss Company, ROCHE DIAGNOSTICS | ) | |
| GMBH, a German Company, and | ) | |
| HOFFMANN LAROCHE INC., a New | ) | |
| Jersey Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF AMGEN INC.'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF DR. LIN'S TESTIMONY FOR LACK OF PERSONAL KNOWLEDGE

Roche's motion to strike portions of Dr. Lin's testimony does nothing more than raise an argument that this Court has already considered and rejected on two separate occasions.[1] As Roche's motion does not meet the high standard required for reconsideration, its motion to strike should be denied.

On September 27, Roche filed a motion *in limine* to preclude Dr. Lin from testifying about certain work of which he had personal knowledge and for which he was responsible on the ground that he had not conducted the work himself.[2] In response to questions posed by the Court, Dr. Lin testified to his then present-sense understanding as to how and what he knew, as project leader, regarding the EPO project and whether the project had attained its goals. Following Roche's objection, this Court considered the testimony proffered by Dr. Lin and

---

[1] Additionally, on September 27, 2007, Roche filed a motion *in limine* on this exact issue. D.I. 1176. This Court did not expressly grant or deny that motion. Dr. Lin was permitted to testify, and no testimony was elicited by Amgen's counsel regarding the *in vitro* or *in vivo* assay experiments performed by other members of the EPO Project Team.

[2] D.I. 1176.

concluded that his testimony may stand.[3]  Subsequently, at the side bar, Roche further pressed its objection that such testimony was improper.  This Court again considered and rejected Roche's argument.[4]

Roche now attempts to have this Court reconsider its decision where none of the requirements for a true motion for reconsideration are met.  A motion for reconsideration should be granted "only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law."[5]  Roche does not and cannot demonstrate that any of these grounds for reconsideration exist.  As this issue has been twice considered and rejected, Roche's request for further reconsideration should be denied.

Even assuming that Roche's motion should not be considered as one for reconsideration, it should still fail.  As the Court has made clear throughout Dr. Lin's examination, testimony regarding what a person believed at the time of the event is admissible.[6]  The testimony Roche seeks to strike is such evidence.  Thus, contrary to Roche's position that there is "clean-up" to be done,[7] Dr. Lin's presence sense impression of the progress and accomplishments of the EPO project over time is not only relevant, but also admissible.

---

[3] 9/27/07 Trial Tr. 1756:15.

[4] 9/27/07 Trial Tr. 1756:19-1757:21.

[5] *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000).

[6] *See e.g.* 9/27/07 Trial Tr. 1737:6-9

[7] D.I. 1258 at 3.

October 4, 2007

Respectfully Submitted,
AMGEN INC.,
By its attorneys,


/s/ Patricia R. Rich

Of Counsel:

D. DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R. GOTTFRIED (BBO#542156)

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA   91320-1789
(805) 447-5000

PATRICIA R. RICH (BBO#640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
Telephone:    (857) 488-4200
Facsimile:    (857) 488-4201

LLOYD R. DAY, JR. (*pro hac vice*)
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA  95014
Telephone:    (408) 873-0110
Facsimile:    (408) 873-0220

WILLIAM GAEDE III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:    (650) 813-5000
Facsimile:    (650) 813-5100

KEVIN M. FLOWERS (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:    (312) 474-6300
Facsimile:    (312) 474-0448

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as on-registered participants.


*/s/ Patricia R. Rich*
Patricia R. Rich