**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMGEN INC., | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) Civil Action No.: 1:05-cv-12237 WGY |
| F. HOFFMANN-LA ROCHE LTD, a Swiss | ) |
| Company, ROCHE DIAGNOSTICS | ) |
| GMBH, a German Company, and | ) |
| HOFFMANN-LA ROCHE INC., a New | ) |
| Jersey Corporation, | ) |
| | ) |
| | ) |

**AMGEN'S BENCH MEMORANDUM REQUESTING THAT THE COURT ENFORCE ITS ORDER ON MOTION *IN LIMINE* NO. 12 AND ISSUE A CORRECTIVE INSTRUCTION TO REMEDY ROCHE'S IMPROPER ARGUMENT THAT THE JURY CONSIDER "PATIENT CHOICE" BECAUSE SUCH ARGUMENT WAS TANTAMOUNT TO REQUESTING JURY NULLIFICATION**

During Roche's opening argument on infringement, counsel for Roche improperly argued that jurors should consider "patient choice" when determining whether peg-EPO infringes Amgen's products. Roche's arguments were patently improper. They are tantamount to a request for jury nullification because they ask the jury to disregard the law of patent infringement in favor of patient choice. It is well-established that counsel should never instruct the jury to disregard the law. Moreover, Roche's arguments directly contravene this Court's Order on Amgen's Motion *in Limine* No. 12 that Roche not argue that Amgen's patents limit consumer choice. Amgen requests that the court issue a corrective instruction to remedy the prejudice caused by Roche's improper argument.

1

Dockets.Justia.com

**I.     Roche's Argument That The Jury Should Ignore The Elements of A Patent Infringement Claim and Consider Patient Choice Were Improper.**

It is well established that it is improper for counsel to ask the jury to disregard the law[1]. Indeed, as the First Circuit has stated, "this proscription is invariant; it makes no difference that the jury inquired, or that an aggressive lawyer managed to pique a particular jury's curiosity by mentioning the subject in closing argument, or that a napping prosecutor failed to raise a timely objection to that allusion.[2]"

Roche's arguments about patient choice were totally inappropriate during the infringement phase of this trial. The infringement analysis is a two-step process. First claim language is interpreted as a matter of law. Second, the accused product is compared to the claim limitation to determine whether it falls within the scope of the claim.[3] But during Roche's opening, counsel argued:

> Amgen put up a patient, and what did that patient tell you? The only choice for patients in this country right now is Amgen. Patients have no choice. Roche has developed a new and different drug, which, if approved by the FDA, and allowed by you and this court, will give patients choice for new treatments.[4]

Roche's arguments about patient choice simply have no place within the jury's analysis, and Roche's implicit plea to the jury to take patient choice into account in deciding the infringement issues amounted to a request that it disregard the law.

Significantly, Roche's arguments to the jury also directly contradicted the charge the

---

[1] *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) (holding corrective instruction proper as a result of counsel's argument that jury disregard the law); *United States v. Desmarais*, 938 F.2d 347, 350 (1st Cir. 1991) (holding that "in arguing the law to the jury, counsel is confined to principles that will later be incorporated and charged to the jury"); *United States v. Garcia-Rosa*, 876 F.2d 209, 226 (1st Cir. 1989) (holding that it is improper for trial judge to tell jury they may disregard the law).

[2] *United States v. Sepulveda*, 15 F.3d at 1190.

[3] *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (Enumerating two step process of infringement analysis).

[4] 10/03/07 Trial Tr., p. 2374: 20 - 25.

court gave the jury only 15 minutes prior to Roche's opening. Thus, during the charge, the court stated:

> So we're going to ask you about invalidity. We're going to ask you about infringement. Now we get to infringement. But you're also entitled to know what happens if Amgen, in essence, wins across the board, the patents are valid, the patents are infringed or claims are. ***Then, under the law, we don't ask the jury any more. But I have something more to do. It's not a foregone conclusion that I will stop Roche from doing what it wants to do.*** I do have to think about whether I will grant an injunction.[5]

In disregard of this charge, Roche suggested to the jury that it ignore the requirements of patent infringement and consider another factor, consumer choice. In addition, it affirmatively argued that if the jury found that Roche infringed Amgen's patents, Roche could not sell its product and consumers would not have choice. Roche's argument was patently improper. As the Court stated in its charge, patient choice is not an issue for the jury to consider. Indeed, Roche's claim about what happens when the jury finds infringement directly contradict the Court's charge on whether an injunction will be granted.

## II. Roche's Arguments About Patient Choice Directly Contravene This Court's Order On Amgen's Motion *In Limine* No. 12.

Roche's improper argument also directly contravenes an order of this Court. Prior to trial, Amgen moved to "exclude reference to Amgen's "monopoly" and the patents-in-suit as limiting consumer choice.[6] As set forth in Amgen's Motion, its request for relief was that the court preclude arguments and evidence "that Amgen's patent enforcement will limit or negatively affect consumer choice." On the first day of trial, September 4, 2007, the Court

---

[5] 10/03/07 Trial Tr., p. 2359: 4 – 12.

[6] *See* Docket No. 847.

3

*granted* Amgen's Motion *in Limine*.[7] Amgen structured its presentation of witnesses and evidence in reliance upon this order. Thus, Roche's blatant disregard for this Court's order is incredibly prejudicial, and the court should not contravene Roche's violation of its orders.

In order to rectify the prejudice Roche has caused, Amgen requests that the Court issue a corrective instruction making it clear that patient choice is irrelevant to whether peg-EPO infringes Amgen's patents and that the jury should not consider patient choice. Moreover, the court should again instruct the jury that its job is to apply the law of infringement and not to consider patient choice as urged by Roche. Finally, the court should admonish Roche's counsel to ensure the issue of patient choice is not raised again either in evidence or argument.

---

[7] *See* Electronic Order entered Sept. 4, 2007 granting Docket No. 847.

DATED:   October 4, 2007               Respectfully Submitted,

Of Counsel:                            AMGEN INC.,
Stuart L. Watt                         by its attorneys
Wendy A. Whiteford
Monique L. Cordray                     */s/ Michael R. Gottfried*
Darrell G. Dotson                      D. Dennis Allegretti (BBO# 545511)
Kimberlin L. Morley                    Michael R. Gottfried (BBO# 542156)
Erica S. Olson                         Patricia R. Rich (BBO# 640578)
AMGEN INC.                             DUANE MORRIS LLP
One Amgen Center Drive                 470 Atlantic Avenue, Suite 500
Thousand Oaks, CA 91320-1789           Boston, MA  02210
(805) 447-5000                         Telephone:  (857) 488-4200
                                       Facsimile:  (857) 488-4201

                                       Lloyd R. Day, Jr. (pro hac vice)
                                       DAY CASEBEER MADRID & BATCHELDER LLP
                                       20300 Stevens Creek Boulevard, Suite 400
                                       Cupertino, CA  95014
                                       Telephone:  (408) 873-0110
                                       Facsimile:  (408) 873-0220

                                       William G. Gaede III (pro hac vice)
                                       McDERMOTT WILL & EMERY
                                       3150 Porter Drive
                                       Palo Alto, CA  94304
                                       Telephone:  (650) 813-5000
                                       Facsimile:  (650) 813-5100

                                       Kevin M. Flowers (pro hac vice)
                                       MARSHALL, GERSTEIN & BORUN LLP
                                       233 South Wacker Drive
                                       6300 Sears Tower
                                       Chicago, IL  60606
                                       Telephone:  (312) 474-6300
                                       Facsimile:  (312) 474-0448

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                                                          */s/ Michael R. Gottfried*

                                                            Michael R. Gottfried