# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| F. HOFFMANN-LA ROCHE LTD, a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN LA ROCHE INC., a New Jersey Corporation, | ) Civil Action No.: 1:05-cv-12237 WGY |
| Defendants. | ) |

## AMGEN INC.'S RESPONSES AND OBJECTIONS TO DEFENDANTS' OFFER OF PROOF REGARDING THE TESTIMONY OF MICHAEL SOFOCLEOUS

This Court has already precluded Roche from offering Mr. Sofocleous's testimony during the validity portion of this trial. The Court should not grant Roche's request for the following reasons. Mr. Sofocleus is incompetent to testify, lacking any personal knowledge of the customs and practices of the PTO during the relevant time period – during the prosecution of the patents-in-suit. Mr. Sofocleus's testimony serves to denigrate the PTO and will attempt to improperly undermine the statutory presumption of the validity of the patents-in-suit.

Validity is objectively based on prior art and the other requirements of patentability.[1] The PTO's most qualified examiner, James Martinell, examined and issued all of the patents-in-suit. A heavy presumption based on "the expertise of patent examiners presumed to have done their job.[2]

Amgen generally objects to the offer of proof because Mr. Sofocleus's testimony:

---

[1] *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1329 (Fed. Cir. 2004).
[2] *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1574 (Fed. Cir. 1992)(citation omitted).

- 1 -

1. Is not based on personal knowledge. He never worked in the examining division of the PTO during the prosecution of the patents-in-suit.

2. Disparages and denigrates the PTO.

3. Is prejudicial under Fed. R. Evid. 403 and should thus be excluded.

4. Improperly offer generalizations as proof of what happened or did not happen at the PTO.

5. Is irrelevant to the issue of validity.

6. Offers legal opinions.

7. Contains opinions that are legally erroneous.

Attached as Exhibit A are Amgen's detailed responses and objections to Roche's offer of proof.

DATED:   October 4, 2007

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
Kimberlin L. Morley
Erica S. Olson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-5000

Respectfully Submitted,

AMGEN INC.,

*/s/ Michael R. Gottfried*
D. Dennis Allegretti (BBO# 545511)
Michael R. Gottfried (BBO# 542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
Telephone:  (857) 488-4200
Facsimile:   (857) 488-4201

Lloyd R. Day, Jr. (pro hac vice)
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA  95014
Telephone:  (408) 873-0110
Facsimile:   (408) 873-0220

William G. Gaede III (pro hac vice)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA  94304
Telephone:  (650) 813-5000
Facsimile:   (650) 813-5100

Kevin M. Flowers (pro hac vice)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL  60606
Telephone:  (312) 474-6300
Facsimile:   (312) 474-0448

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

*/s/ Michael R. Gottfried*

Michael R. Gottfried