# EXHIBIT 2



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | | |

| EXAMINER |
|---|
| |
| ART UNIT | PAPER NUMBER |
| | 9 |

DATE MAILED:

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

[X] This application has been examined   [ ] Responsive to communication filed on _____   [ ] This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:
1. [X] Notice of References Cited by Examiner, PTO-892.   2. [X] Notice re Patent Drawing, PTO-948.
3. [ ] Notice of Art Cited by Applicant, PTO-1449.   4. [ ] Notice of Informal Patent Application, Form PTO-152
5. [ ] Information on How to Effect Drawing Changes, PTO-1474.   6. [ ] _____

Part II   SUMMARY OF ACTION

1. [X] Claims __65-69__ are pending in the application.
    Of the above, claims _____ are withdrawn from consideration.
2. [ ] Claims _____ have been cancelled.
3. [ ] Claims _____ are allowed.
4. [X] Claims __65-69__ are rejected.
5. [ ] Claims _____ are objected to.
6. [ ] Claims _____ are subject to restriction or election requirement.

7. [ ] This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.
8. [ ] Allowable subject matter having been indicated, formal drawings are required in response to this Office action.
9. [ ] The corrected or substitute drawings have been received on _____. These drawings are [ ] acceptable; [ ] not acceptable (see explanation).
10. [ ] The [ ] proposed drawing correction and/or the [ ] proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been [ ] approved by the examiner. [ ] disapproved by the examiner (see explanation).
11. [ ] The proposed drawing correction, filed _____, has been [ ] approved. [ ] disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.
12. [ ] Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has [ ] been received [ ] not been received [ ] been filed in parent application, serial no. _____; filed on _____.
13. [ ] Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11, 453 O.G. 213.
14. [ ] Other

PTOL-326 (Rev. 7-82)   EXAMINER'S ACTION

AM-ITC000212

Serial No. 113179           -2-

Art Unit   184


The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) and (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

Claims 65-69 are rejected under 35 U.S.C. 103 as being unpatentable over Yokota et al who teach a process as claimed herein differing only in using a mammalian DNA sequence that encodes a different polypeptide. More specifically, Yokota et al teach growing a mammalian host cell which is capable of effecting post-translational glycosylation of polypeptides expressed therein and which has been transformed with an isolated DNA sequence encoding the protein GMCSF under nutrient conditions to allow, in sequence, transcription,

AM-ITC000213

2012.445

Serial No. 113179               -3-
Art Unit  184

translation and glycosylation and then isolating the resulting glycosylated GMCSF. It is noted that the erythroprotein of the claims and the GMCSF of Yokota et al are proteins that both stimulate the production of blood cells.

As held in In re Durden 226 USPQ 329 the application of an old process to one or more novel starting materials is obvious. Further as also indicated by the court "(t)he fact that the final product is novel is not controlling of obviousness of the method."

Applicant contends that he distinguishes from the prior art of record in the parent application and that which he has presently uncovered on the ground of achieving unexpected results, namely producing a glycosylated protein. However, Yokoto et al teach the production and in fact claim the production of a glycosylated product. As a matter of fact, Gething et al at page 601 indicate that eukaryotic cells inately possess the property of glycosylating proteins.

Thus it would be expected that where one expresses the cDNA gene encoding erthropoietin using the Yokota et al procedures the resulting erythropoietin would necesserily be glycosylated.

Accordingly, In re Durden, supra, is deemed to be controlling in this case.

The search reports said to accompany exhibit E have not been found in the file.

TANENHOLTZ:ew
7-27-88
retyped 8-01-88

AM-ITC000214

2012.446