# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> F. HOFFMANN-LAROCHE ) <br> LTD., a Swiss Company, ROCHE ) <br> DIAGNOSTICS GmbH, a German ) <br> Company and HOFFMANN LAROCHE ) <br> INC., a New Jersey Corporation, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No.: 05-12237 WGY <br><br> *Leave to file granted on* <br> *October 4, 2007* |

## AMGEN INC.'S REPLY TO ROCHE'S OPPOSITION
## TO AMGEN INC.'S MOTION TO ADMIT DOCUMENTS

Roche's argument that Amgen cannot admit prior art documents because it did not provide prior art notice under 35 U.S.C. §282 ignores the plain language of the statute. This statutory requirement to provide notice only applies to the "party asserting invalidity or noninfringement."[1] There is no such statutory requirement placed upon the patent holder

---

[1]  In actions involving the validity or infringement of a patent the **party asserting invalidity or noninfringement shall give notice** in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial, of the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit or, except in actions in the United States Claims Court [United States Court of Federal Claims], as showing the state of the art, and the name and address of any person who may be relied upon as the prior inventor or as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit.

35 USS §282 (emphasis added).

because, as the Federal Circuit has made clear, "[t]he intent and purpose of section 282's notice requirement is to avoid prejudice to the patent owner" as a result of the use of unexpected and unprepared-for prior art. [2] Courts have routinely stated the notice is to prevent surprise at trial and give the patent holder a fair opportunity to deal with the prior art.[3] Because the requirement of §282 notice only applies to the party asserting invalidity or non-infringement, it is only Roche, and not Amgen, that must provide the notice. Accordingly, Roche's argument that the prior art Amgen seeks to admit must be excluded fails.

Similarly, Roche's argument that the documents are not admissible as ancient documents fails. The Federal Rules of Evidence are clear: documents greater than twenty years old are admissible. The documents at issue herein are articles from scientific journals. These are not the type of newspaper articles recounting accounts by other individuals such as the examples before the court in the cases on which Roche relies. Indeed, Roche does not provide any factual support for its bald assertion of double hearsay, because it is not applicable in this instance. Like other ancient documents, the documents Amgen seeks to admit overcome the hearsay exception and are deemed authentic under Fed. R. Evid. 901(b)(8).

Lastly, just as Roche sought to move in a number of exhibits to streamline the case, so too does Amgen. Having set the stage for the Court to consider admission of evidence in this manner, Roche should not now be heard to complain it is improper.

Based on the foregoing, and for the reasons set forth Amgen's Motion To Admit Exhibits Into Evidence, the Court should grant Amgen's motion.

---

[2] *Eaton Corp. v. Appliance Valves Corp.*, 790 F.2d 874 (Fed. Cir. 1986)

[3] *See Eaton Corp., 790 F. Ed 874; Gellman & Abe Gellman Co., Inc., v. Frank Friedman,* 143 F. Supp. 383 (S.D.N.Y 1956).

Dated: October 4, 2007

Respectfully Submitted,

AMGEN INC.,
By its attorneys,

Of Counsel:

/s/ Michael R. Gottfried
D. Dennis Allegretti (BBO#545511)
Michael R. Gottfried (BBO# 542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (857) 488-4200
Facsimile: (857) 488-4201

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
Kimberlin L. Morley
Erica S. Olson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-5000

Lloyd R. Day, Jr. (*pro hac vice*)
DAY CASEBEER, MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

Michael Kendall (BBO#544866)
Daniel A. Curto (BBO #639883)
McDERMOTT WILL & EMERY
28 State Street
Boston, MA 02109
Telephone: (617) 535-4000
Facsimile: (617) 535-3800

Kevin M. Flowers (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on October 4, 2007.

                                              /s/ Michael R. Gottfried_____
                                              Michael R. Gottfried

DM1\1201720.2