# Attachment Part 3 of 4

Dockets.Justia.com

# Motion for Judgment By Lin 4/25/91 (TRX QIB)

> In brief, the Federal Circuit and District Court decisions regarding priority and patentability favorable to Lin with respect to his U.S. Patent 4,703,008 are dispositive not only as to the DNA sequence at issue in Interference No. 102,096, but also as to the use of this sequence in expression to obtain in vivo biologically active recombinant human EPO as required by the count of the present interference.

Motion at 2 (AM-ITC 00334759)

> The litigation did not directly involve claims to the expression process represented by the count here at issue. However, the litigation did directly involve the essential feature of the process, i.e. the DNA sequence encoding human EPO and cells transformed or transfected by this sequence to express EPO, and the findings of the District Court, affirmed by the Federal Circuit, clearly show that Lin carried out the

Motion at 9 (AM-ITC 00334766)

Motion (Q), and its counterpart (motion G) in Interference No. 102,096, proposing to combine the two interferences, were dismissed. However, the Fritsch et al comments in presenting this motion are of interest in terms of admissions by Fritsch et al that underscore the inter-relationship of this interference with Interference No. 102,096 and support Lin's view that the Court decisions regarding the '008 patent should also be dispositive of the present interference. Thus, in motion (Q), Fritsch et al state:

\* \* \*

The interference in terms of subject matter are <u>essentially the same and the interferences counts are different manifestations of the same 'invention'</u>." (Underscoring added throughout.)

Clearly, therefore, Fritsch et al have admitted that Interference No. 102,096 and the present interference involve the same basic issues. The Courts having ruled favorably for Lin as to priority, best mode and patentability, it follows that this interference, like Interference No. 102,096, should be terminated favorably to Lin and with a holding that Fritsch et al are not entitled to their claims at issue.

Motion at 20-21 (AM-ITC 00334777-78)

RA-59

## Admissions By Amgen's Lawyers



"While the count is directed to a process for preparing <u>in vivo</u> biologically active EPO using a mammalian host cell transfected or transformed with an isolated DNA sequence encoding human EPO [i.e., the process patent claims], and the litigation was directed to the purified and isolated DNA sequence and host cells transfected or transformed thereby [i.e., the '008 DNA claims], it is evident that these are only different manifestations of the same invention as acknowledged by Fritsch et al. in their Motion Q herein (and in Motion G in Interference No. 102,096)."

Brief for the Senior Party Lin, *Fritch v. Lin*, '097 Interference, Ex. GUK at 25

# Admissions By Amgen's Lawyers



"Clearly, the whole purpose and intent of the purified and isolated DNA sequence encoding human EPO (and host cells transfected therewith) at issue in the litigation was to express *in vivo* biologically active human EPO."

Brief for the Senior Party Lin, *Fritch v. Lin*, '097 Interference, Ex. GUK at 26

RA-38

## Admissions By Amgen's Lawyers



"Stated otherwise, the process language of the Lin patent claims at issue in the litigation ("encoding human EPO") is, for all intents and purposes, a description of the present count. This involves culturing the transfected cells and isolating the expression product to determine whether or not it has the required in vivo activity. Hence, the priority holding in the litigation is directly on point, notwithstanding the different statutory class of claims involved."

Brief for the Senior Party Lin, *Fritch v. Lin*, '097 Interference, Ex. GUK at 26

# Brief For Senior Party Lin, 7/29/91, TRX GUK


> Fritsch et al cannot logicallay argue in opposition to Lin's motion that the present interference involves a different invention (expression process) from that involved in the litigation. They earlier said that the subject matter at issue in Interference No. 102,096 and the present case represent "different manifestations of the same invention". Additionally, the litigation addressed priority of invention of Lin's '008 claims to host cells transformed with the isolated EPO gene. Consideration of such claims is tantamount to consideration of the present process count, particularly in view of the District Court's findings on the <u>in vivo</u> biological activity of the products of those host cells.

*Brief For Senior Party Lin, at 34*

# Admissions By Amgen's Lawyers



"...**the isolated DNA sequence is the novel feature of the process claims and Lin's inventorship** with regard to the sequence has not been challenged...Clearly, the whole purpose of isolating the DNA sequence was to use the sequence in expression to obtain **in vivo** biologically active recombinant EPO...**The expression and isolation of the recombinant EPO did not involve separate inventive input by anyone other than Lin**. [Emphasis supplied.]

Brief for the Senior Party Lin, *Fritch v. Lin*, '097 Interference, Ex. GUK at 57-58

RA-40

# The Board of Patent Appeals Decision



"Of the issues enumerated above, all except issue No. 8 [Lin inventorship] are essentially identical to the issues already considered in related Interference No. 102,096...With regard to the issue of prior inventorship in particular, we note that Fritsch [Genetics Institute] conceded at final hearing that priority in each of the related interferences turns on isolation of the EPO gene, i.e., determination of priority in Interference No. 102,096 is dispositive on the issue of priority in the present interference."

*Fritsch v. Lin,* No. 102,097, 21 U.S.P.Q. 2d at 1738-1739 (Bd. Pat. App. & Interf. 1991) (emphasis supplied) TRX CAD