# Attachment Part 4 of 4

# The Board of Patent Appeals Decision



The Board of Patent Appeals and Interferences determined that Genetics Institute had "adduced no evidence suggesting that the work done at Amgen relating to the expression of the EPO gene in mammalian host cells and isolation of the resulting glycoprotein product involved anything other than the exercise of ordinary skill by practitioners in the field" and that Genetics Institute even acknowledged "that expression of the EPO gene, once isolated, to obtain a recombinant EPO product would not have required more than ordinary skill."

*Fritsch v. Lin,* No. 102,097, 21 U.S.P.Q. 2d at 1740 (Bd. Pat. App. & Interf. 1991) (emphasis supplied) TRX CAD

# Board of Patent Appeals Decision




### 1. *The Lin Motion for Judgment*

[1] The fundamental question raised in the subject motion is whether the Federal Circuit decision is binding upon us as to issues 2 (priority), 3 (best mode) and 4 (obviousness) above. [FN6] For the reasons discussed below, the motion is *granted* to the extent that we shall follow and adopt the principles and findings set out in the Federal Circuit decision insofar as Fritsch has failed to present any new evidence, not before the court, which directly contradicts and outweighs the evidence before the court. In other words, we are bound by the Federal Circuit decision to the extent of the evidence considered by the court, *viz.*, to the extent the record is the same, we are compelled to reach the same conclusions.

*Fritsch v. Lin*, 21 U.S.P.Q.2d 1731, 1733 (Bd. Pat. App. & Interf. 1991) (TRX QIL)

# Amgen Led The PTO Into Error When It Overcame A Double Patenting Rejection

**Amgen argued that because the DNA Claims of the '008 patent and the production process claims were the subject of different interferences, they must be patentably distinct from each other**

**WRONG**

## In Actuality…

**Amgen failed to tell the PTO that during the interference proceedings, the Patent Judges, upon Amgen's urging ruled that the issues in both interference were the same:**

"Of the issues enumerated above, all except issue No. 8 [Lin inventorship] <u>are essentially identical</u> to the issues already considered in related Interference No. 102,096…With regard to the issue of prior inventorship in particular, we note that Fritsch [Genetics Institute] conceded at final hearing that <u>priority in each of the related interferences turns on isolation of the EPO gene, i.e., determination of priority in Interference No. 102,096 is dispositive on the issue of priority in the present interference</u>." 21 U.S.P.Q. 2d at 1738-1739. (emphasis supplied)

# Amgen Led The PTO Into Error When It Overcame A Double Patenting Rejection

Amgen argued that the ITC and Federal Circuit has already ruled that the DNA claims of the '008 patent were different from the production process claims

**WRONG**

## In Actuality...

The Amgen v. ITC case had nothing to do with obviousness and merely stated that the '008 patent claims were to products, not processes. It did not stand for the idea that product claims cannot make obvious process claims. In fact, several Federal Circuit cases hold that they can. See *Geneva Pharmaceuticals*, 349 F.3d at 1385-86; *Research Corp.*, 10 Fed. Appx. at 856; *In re Lonardo,* 119 F.3d. at 968.

RA-50

# Amgen Led The PTO Into Error When It Overcame A Double Patenting Rejection

Amgen argued that because the production process claims were the first time anyone in the world made a biologically active glycosylated protein, they cannot be obvious

**WRONG**

## In Actuality…

Even if this were true, Roche is not saying that the asserted claims are obvious because of other people's work. They are obvious from Amgen's own work on EPO. After all, the '008 patent claims:

"A procaryotic or eucaryotic host cell transformed or transfected with [a purified and isolated DNA sequence consisting essentially of a DNA sequence encoding human erythropoietin] <u>in a manner allowing the host cell to express erythropoeiten</u>."

RA-51

# Amgen Led The PTO Into Error When It Overcame A Double Patenting Rejection

**Amgen argued that one could not rely upon the prior art in assessing obviousness type double patenting**

**WRONG**

## In Actuality…

*In re Longi* (later claim reciting a catalyst reaction between a magnesium halide and a nitrogen titanium compound was rendered obvious over an earlier claim to a similar catalyst reaction due to the disclosures of <u>four prior art references</u> ); *Barr Labs., Inc.*, 251 F.3d at 969-70 (considering prior art in determining whether claimed method was an inherent effect of earlier claimed method and thereby invalid for double patenting.); MPEP 804, ¶¶ 8.36-8.37 ("Claim [1] rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claim [2] of U.S. Patent No. [3] in view of [4], [5].") (emphasis added)

RA-52

# Judicial Estoppel

- The doctrine's primary utility is to safeguard the integrity of the courts by preventing parties from improperly manipulating the machinery of the judicial system.

- A party should not be allowed to play "fast and loose" with the judicial system.

*See New Hampshire,* 532 U.S. at 750, 121 S.Ct. 1808; *United States v. Levasseur,* 846 F.2d 786, 792 (1st Cir.1988).

## Judicial Estoppel

- The requirements for judicial estoppel are as follows.

- First, the estopping position and the estopped position must be directly inconsistent. *See Faigin v. Kelly,* 184 F.3d 67, 82 (1st Cir.1999); *Levasseur,* 846 F.2d at 794.

- Second, the responsible party must have succeeded in persuading a court to accept its prior position. *Lydon v. Boston Sand & Gravel Co.,* 175 F.3d 6, 13 (1st Cir.1999); *Gens,* 112 F.3d at 572-73.