**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

AMGEN INC.,

Plaintiff,

v.

F. HOFFMANN-LA ROCHE LTD, a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN LA ROCHE INC., a New Jersey Corporation,

Defendants.

Civil Action No.: 1:05-CV-12237 WGY

**AMGEN'S BENCH MEMORANDUM REQUESTING A JURY INSTRUCTION REGARDING THE HEIGHTENED PRESUMPTION OF VALIDITY WHEN ROCHE DID NOT PRESENT ANY ART THAT WAS NOT CONSIDERED BY THE PTO**

Amgen respectfully requests that this Court provide the jury with a corrective instruction regarding the presumption of validity and the heightened presumption of validity that applies to the patents-in-suit. Specifically, Amgen requests that the following instruction be given, which is contained in Magen's Proposed Jury Instruction XIV.A on Presumption of Validity:

> Moreover, if you find that the United States Patent Office considered a particular prior art reference asserted by Roche as a basis for invalidity, then Roche has the added burden of overcoming the deference that is due to a qualified government agency presumed to have properly done its job.

The Court should inform the jury that when an accused infringer fails to present any art other than that which was considered by the PTO examiner, there is an added burden of overcoming the deference that is due to a qualified government agency presumed to have does its job properly.

Without an instruction from the Court, Amgen will be unfairly prejudiced when the jury does not apply the appropriate heightened burden that Roche must overcome. An accused infringer alleging that a patent is invalid must overcome the statutory presumption of validity



Dockets.Justia.com

that attaches to an issued patent by proving invalidity by facts supported by clear and convincing evidence.[1] However, when a party alleges invalidity "based on the very same references that were before the examiner when the claim was allowed," that party has "the added burden of overcoming the deference that is due to a qualified government agency presumed to have properly does its job, which includes one or more examiners who are assumed to have some expertise in interpreting the references and to be familiar from their work with the level of skill in the art and whose duty it is to issue only valid patents."[2]

Evidence that each of Roche's asserted prior were considered by the PTO examiners can be found in the prosecution histories of the patents-in-suit.[3] As such, to avoid prejudice to Amgen, the Court must make the jury aware of this added burden that it must apply before it can find any of the patents-in-suit invalid.

DATED: October 9, 2007

Respectfully Submitted,

AMGEN INC.,

*/s/ Michael R. Gottfried*

D. Dennis Allegretti (BBO# 545511)
Michael R. Gottfried (BBO# 542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (857) 488-4200
Facsimile: (857) 488-4201

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
Kimberlin L. Morley
Erica S. Olson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-5000

---

[1] 35 U.S.C. § 282; *see Robotic Vision Sys., Inc. v. View Eng'g, Inc.*, 189 F.3d 1370, 1377 (Fed. Cir. 1999).

[2] *Ultra-Tex Surfaces, Inc. v. Hill Brothers Chem. Co.*, 204 F.3d 1360, 1367 (Fed. Cir. 2000) (citing *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359 (Fed. Cir. 1984).

[3] Trial Exs. 2007, 2009, 2011, 2012, and 2017.

Lloyd R. Day, Jr. (pro hac vice)
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

William G. Gaede III (pro hac vice)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Kevin M. Flowers (pro hac vice)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

*/s/ Michael R. Gottfried*
Michael R. Gottfried