# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 05-12237 WGY |
| v. | ) |
| | ) |
| F. HOFFMANN-LA ROCHE | ) |
| LTD., a Swiss Company, ROCHE | ) |
| DIAGNOSTICS GmbH, a German | ) |
| Company and HOFFMANN-LA ROCHE | ) |
| INC., a New Jersey Corporation, | ) |
| | ) |
| Defendants. | ) |

## AMGEN INC.'S BENCH MEMORANDUM CONCERNING PROPOSED
## JURY INSTRUCTIONS REGARDING SOURCE AND PROCESS LIMITATIONS

788074v1
MPK 133573-1.041925.0023

Dockets.Justia.com

**I.  THE COURT SHOULD ADOPT AMGEN'S JURY INSTRUCTIONS BECAUSE THEY ARE CONSISTENT WITH THE PRECEDENT PREVIOUSLY APPLIED BY THIS COURT.**

Amgen Inc. respectfully requests that the Court instruct the jury that where a product is claimed by reference to the source or process from which it is obtained, the product is presumed to be novel and thus different from prior art products.  Thus to establish anticipation, Roche must prove identity between the claimed inventions and the prior art by clear and convincing evidence.[1]  This instruction is consistent with the Court's *Markman* order applying Federal Circuit precedent[2] and the Court's prior rulings allowing the submission of evidence of the differences between prior art EPO products, such as Dr. Goldwasser's urinary EPO, and the claimed recombinant EPO products.[3]  Amgen's proposed instruction additionally seeks to avoid confusion concerning (1) which party has the burden of proof, and (2) the standard for assessing whether the product claimed by reference to source is new and different from any prior art products.

As the Court previously noted, in the context of the '422 claim 1 and '933 claims 3, 7-9, 11, 12 and 14, the factual issue for the jury to resolve is whether Roche has demonstrated that the claimed product was not novel:

---

[1] Amgen's proposed jury instructions XII.C. and XIV.I., concerning product claims with source or process limitations, were filed with the Court on 9/14/07 (Docket No. 1074-2).  For the Court's convenience they are also attached to this brief as Exhibit A, as slightly modified and included in Amgen's final [Proposed] Revised Final Jury Instructions, filed herewith.  Amgen offers this memorandum to restate and extend the arguments it has previously made in earlier bench memoranda, including Docket Nos. 1074, 1235, and 1237.

[2] *Amgen, Inc. v. F. Hoffman-La Roche Ltd.*, 2007 WL 1893058, *7-8 (D. Mass. 2007), citing *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312 (Fed. Cir. 2006) and *In re Luck*, 476 F.2d 650, 653 (C.C.P.A. 1973).

[3] 9/12/07 Trial Tr. at 871:11-24.

1

> The jury is going to have to resolve whether the prior art, which I have let in, all right, the so-called prior art, is in fact the same product. If it is, the source limitation won't save them. If it's not, the source limitation is part of the limitation . . . .[4]

Similarly, in its *Markman* order, the Court determined that "purified from mammalian cells grown in culture" is a permissible source limitation in '422 claim 1 for purposes of distinguishing the claimed product over the prior art.[5] In so holding, the Court properly applied *SmithKline Beecham Corp. v. Apotex Corp.* and *In re Luck* to reject the argument made by Roche that the source limitation in '422 claim 1 could not distinguish the claimed product from prior art products:

> [Roche's] argument is based on *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312 (Fed. Cir. 2006), where the Federal Circuit affirmed the invalidation of a patent to a pharmaceutical composition that recited process steps as the only distinguishing feature over a prior art tablet . . . Roche/Hoffmann's citation to *SmithKline Beecham Corp.* is misplaced since it omits the next passage, which recognizes that ***process limitations may impart novel structure to a product claim***.[6]

Amgen requests that the Court instruct the jury consistent with its *Markman* order. Such an instruction would be proper under the Federal Circuit's decision in *SmithKline Beecham Corp. v. Apotex*, which reaffirmed the principle set out in *In re Luck* that a process or source limitation serves to distinguish a product that is different from prior art products.[7] Indeed, even

---

[4] 9/12/07 Trial Tr. at 871:11-16.

[5] *Amgen, Inc. v. F. Hoffman-La Roche Ltd.*, 2007 WL 1893058, *7-8 (D. Mass. 2007) ("In this case, Dr. Lin has testified that at the time, 'the only way [to] characterize [his claimed] product is by the way they were making ...' Def.'s Mem. Opp'n Amgen's Claim Construction. [Doc. 322] at 11-12 (citing Trial Transcript at 965:8-14, *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 457 F.3d 1293 (Fed. Cir. 2006)). Accordingly, the Court deems it appropriate to include the "source limitation" in a product claim.").

[6] *Id.* at *7 (emphasis added).

[7] *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006), citing *In re*

2

the dissent in *SmithKline Beecham Corp. v. Apotex* highlights the importance of *In re Luck* in noting the significance of process limitations in a product-by-process claim.[8]  While Roche's proposed instruction agrees that source and process limitations can properly distinguish prior art products,[9] it would improperly shift the burden to Amgen to prove the novelty of its claimed product.

In recent briefings, Roche cites the district court opinion in *SmithKline Beecham Corp. v. Geneva Pharma., Inc.*[10] to argue that structural and functional differences not referenced in the claims or specification should be ignored.  In so doing, Roche disregards the Federal Circuit's decision noted by the Court in its *Markman* Order concerning the very same patent claim.[11]  As the courts have long recognized, including the Federal Circuit in *SmithKline Beecham Corp. v. Apotex*, a new product is sometimes best described by the process by which it is made, or by the source from which it is derived, instead of by describing its structure or chemical characteristics.[12]  That is particularly true where, as here, a claimed product is shown to be novel even though the precise structural attributes that distinguish the product from those in the prior

---

*Luck*, 476 F.2d 650, 653 (C.C.P.A. 1973).

[8] *Id.* at 1323.

[9] "You may, however, consider the process steps in the claim if you believe that they make the product itself different."  Exhibit A to Docket No. 1030.

[10] Docket No. 1274 at 2-3; Docket No. 1233 at 2.

[11] *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006).

[12] *Id.* at 1315 ("The purpose of product-by-process claims is to allow inventors to claim 'an otherwise patentable product that resists definition by other than the process by which it is made.'  Thus, an inventor will not be foreclosed from the benefits of the patent system simply because a product is difficult to describe in words, or its structure is insufficiently understood.").

3

art were not susceptible to more particular definition at the time of the invention.[13] At trial, the Court has already rejected this position and allowed later-adduced evidence of the structural differences resulting from the differing sources from which urinary EPO and the claimed invention were obtained.[14]

## II.   ROCHE'S PROPOSED INSTRUCTION CONCERNING SOURCE AND PROCESS LIMITATIONS SHOULD BE REJECTED.

In addition to submitting its instructions, Amgen objects to Roche's instructions concerning source and process limitations.[15] Roche's proposed instructions would confuse the jury in several respects.

First, Roche's instruction does not provide clear guidance as to which party has the burden of proof. Issued claims are presumed novel.[16] The fact finder can only determine that

---

[13] *In re Luck*, 476 F.2d 650, 653 (C.C.P.A. 1973); *see also In re Moeller*, 117 F .2d 565, 568 (C.C.P.A. 1941) ("[T]he rule is well established that where one has produced an article in which invention rests over prior art articles, and where it is not possible to define the characteristics which make it inventive except by referring to the process by which the article is made, he is permitted to so claim his article . . ."); *In re Painter*, 57 O.G. 999, 1000 (Comm'r of Pats. 1891) ("When the case arises that an article of manufacture is a new thing, a useful thing, and embodies invention, and that article cannot be properly defined and discriminated from the prior art otherwise than by reference to the process of producing it," it may be claimed as such.")

[14] 10/2/07 Trial Tr. 2179:10-14 ("It seems to me if the existential fact is that the source limitation imparts a difference, when the source limitation is called out we are entitled to use all the data we have to understand what that difference in fact is."). Roche itself seeks to present evidence arising after the date of the invention to prove existential facts relating to what was inherently disclosed in the prior art, even if those disclosures were not appreciated by those of skill in the art at the time of the invention. Roche's Proposed Jury Instructions (Docket No. 917) at 22. If after-arising evidence is relevant to the state of the art, it must also be relevant to the difference between the claimed inventions and that same art.

[15] Docket No. 1030, Exh. A, Supplemental Proposed Jury Instructions, Product-by-Process Claims.

[16] *RCA Corp. v. Applied Digital Data Systems, Inc.*, 730 F.2d 1440, 1445 (Fed. Cir. 1984) ("Because of the statutory presumption, a court is required to assume novelty and then 'must be satisfied ... that the party challenging validity has carried its burden of overcoming the

one of Amgen's issued product claims is invalid if Roche has proven by clear and convincing evidence that the claim is not novel.[17] In the context of the asserted claims of the '933 patent, the jury must first decide if Roche has demonstrated that the claimed product was not novel in comparison to the prior art. The jury should not be given the mistaken impression that Amgen has the burden to prove novelty or non-obviousness.[18] As the one seeking to prove invalidity, Roche carries the burden of proof on all issues.[19]

In several briefs, Roche has sought to create the misimpression that Amgen has the burden of proof by citing to case law concerning the burden that an applicant for a patent must shoulder in order to obtain allowance of a product-by-process claim.[20] In that context, before any patent has issued, the applicant obviously bears the burden to show that its claimed invention is distinct over the prior art. But here, that burden has already been discharged, and the invention as claimed is presumed to be valid pursuant to 35 U.S.C. § 282. The Court should reject Roche's inappropriate attempt to switch the burden of proof to Amgen, and ensure that the jury instruction properly places the burden on Roche, not Amgen, to prove that the claimed invention is not novel when compared with the prior art products.

---

presumption.'"), citing *Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1567 (Fed. Cir. 1983).

[17] *Sandt Technology v. Resco*, 264 F.3d 1344, 1350 (Fed. Cir. 2001) citing *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1576 (Fed. Cir. 1996) (the "presumption of validity, 35 U.S.C. § 282 (1994), requires those challenging validity to introduce clear and convincing evidence on all issues relating to the status of a particular reference as prior art.")

[18] Docket No. 1046 (Roche's Motion in Limine to Preclude Amgen Inc. From Arguing that Source Limitations Distinguish the Prior Art From Its '422 Claim 1) at 2.

[19] *Sinskey v. Pharmacia Ophthalmics, Inc.*, 982 F.2d 494, 498-99 (Fed. Cir. 1992) ("The statutory presumption of validity under 35 U.S.C. § 282 puts the burden of proving invalidity on the party asserting it and the burden never shifts to the patentee.").

[20] *E.g.*, *In re Moeller*, 117 F.2d 565, 568 (C.C.P.A. 1941); *In re Marosi*, 710 F.2d 799, 803 (Fed. Cir. 1983), cited in Docket Nos. 1141, 1144, and 1315.

788074v1

MPK 133573-1.041925.0023

Second, citing *SmithKline Beecham Corp.*, Roche's proposed instruction suggests that "any process steps you see in the claim are merely descriptive."[21] This language is a misstatement of the law that may mislead the jury into thinking that process steps are irrelevant. To begin with, *SmithKline Beecham Corp.* uses no such language. The case described a conflict in the case law concerning whether a possibly identical product made by a different process nevertheless infringes.[22] But here the issue is not whether two identical products made by different processes infringe a product-by-process claim. Rather, the issue is whether, in the context of anticipation, a novel product can be claimed by reference to the source from which it is obtained. In *SmithKline Beecham Corp.*, the Federal Circuit, while declining to address any purported conflict between cases concerning infringement, made clear that a novel product could be claimed by reference to source.[23] Thus the "merely descriptive" language in Roche's proposed instruction should not be read to the jury.

Roche's proposed instruction 4.2 is similarly misleading. It reads in part:

> A product-by-process claim covers the product, not the process. Amgen's product-by-process claims are anticipated if the products of those claims existed in the prior art. Whether such prior art products were produced by a process different from the process employed by Amgen, or are from a different source, is immaterial when determining the validity of Amgen's product-by-process claims. For that determination, the focus remains at all times on Amgen's claimed product and the products of the prior art . . . . [24]

---

[21] Docket No. 1030, Exh. A, Supplemental Proposed Jury Instructions, Product-by-Process Claims, citing *SmithKline Beecham Corp. v. Apotex*, 439 F.3d at 1315.

[22] 439 F.3d at 1315.

[23] *Id.* at 1319.

[24] Docket No. 917 at 21-22. It is unclear whether Roche continues to propose this portion of instruction 4.2, or whether this proposed instruction is superseded by Roche's Supplemental Proposed Instruction (Docket No. 1030).

Like the "merely descriptive" language in Roche's supplemental proposed instruction, the language of proposed instruction 4.2 should be rejected because it fails to instruct the jury that source or process limitations can serve to define the structure of the claimed product where such limitations distinguish a claimed product over prior art.

Third, Roche's proposed instruction includes an analogy which is likely to confuse the jury concerning the proper standard for determining whether the claimed product was identical or different from the prior art. Roche discusses an example relating to a claimed product, a car, claimed by referenced to the process of making the car.[25] Roche's instruction asserts that one could claim a new car that flies by reference to the process of making it, but could not claim a car that is old merely by reciting a new process of making the car.

The example is not analogous to the facts at issue here and misleading in multiple respects, especially by reference to the extreme functional difference Roche employs to characterize a "new" car. The law is clear that any structural difference establishes the novelty of a claimed product. By postulating a radical functional difference, Roche's proposed instruction improperly suggests that such extreme differences would be required to establish the novelty of a claimed product. But the law is clearly to the contrary. Roche must prove structural identity, not similarity, between Lin's claimed product and one prior art product. Any difference in structure and the claimed product is novel and not anticipated.[26] Because Roche's car example involves a radical change in function, it necessarily ignores the structural differences that can also render a claimed product novel. Sections 102 and 103 of the Patent Act require no

---

[25] Docket No. 1030, Exh. A, Supplemental Proposed Jury Instructions, Product-by-Process Claims.

[26] See, e.g., *Fritsch v. Lin*, 21 U.S.P.Q.2d 1719, 1742 (Bd. Pat. App. Interf. 1992).

7

particular threshold difference between the prior art and a claimed product to establish novelty and non-obviousness.  Although simple analogies can, in some instances, clarify complex concepts, the car analogy would only confuse the jury and would unduly prejudice Amgen.

### III. ROCHE'S PROPOSED INSTRUCTION CONCERNING "ISSUES ESTABLISHED BY PRIOR LITIGATIONS" SHOULD BE REJECTED.

Amgen also objects to Roche's proposed instruction concerning "Issues Established by Prior Litigations."[27]  Roche suggests that it is conclusively established that "[r]ecombinant erythropoietin cannot be distinguished from urinary erythropoietin on the basis of glycosylation."[28]  Roche is wrong on several levels.  First, Roche's proposed instruction completely misstates and contradicts the Court's prior indefiniteness findings and holding in *Amgen, Inc. v. Hoechst Marion Roussel, Inc*.  At issue here is the question whether Roche can prove that Lin's claimed product has the same glycosylation as one particular prior art urinary product:  Goldwasser's urinary EPO.[29]  In *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, this Court held indefinite '933 claim 1 because it did not specify which particular preparation of urinary EPO should be used as a benchmark for purposes of assessing infringement.[30]  The

---

[27] Docket No. 917, Proposed Instruction 2.5.1.

[28] *Id.*

[29] Roche's Dr. Bertozzi only relies on Dr. Goldwasser's urinary EPO, not other prior art EPOs, as the basis for her opinions that '933 claims 3, 7-9, and 12 are anticipated and '422 claim 1 and '933 claims 11 and 14 are obvious.  9/14/07 Trial Tr. 1047:15-1050:3, 1052:14-1053:12.

[30] 126 F.Supp. 2d 69, 155-56, 165 (D. Mass. 2001).  As Amgen noted its Responses and Objections to Defendants' Omnibus Motion to Admit Party Admission and Previous Findings of Fact into Evidence (Docket No. 1130), the language that Roche cites to regarding glycosylation relates specifically to this Court's opinion in the HMR/TKT matter regarding claims 1, 2 and 9 of the '933 patent. In particular, this quote relates to the court's analysis of the limitation in claims 1, 2 and 9 of "glycosylation which differs from that of human urinary erythropoietin." In fact, the quote that Roche cites to does not end where Roche indicates in its paper, but continues

8

Court's indefiniteness holding with respect to '933 claim 1 does not negate the extensive evidence, presented in both the TKT litigation and this litigation, which shows that the products claimed in '933 claim 3 and '422 claim 1 differ in glycosylation and other structural and functional attributes from Goldwasser's prior art urinary EPO preparation.

Second, the Court found in *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, that "one skilled in the art in 1983 would understand that 'the recombinant proteins are glycosylated differently than the naturally-occurring protein, and that these differences can be revealed by running an SDS-PAGE and doing a western blot as described here.'"[31] Elsewhere, the Court took note of specific studies highlighting that glycosylation differs in Goldwasser's urinary preparation as compared with Dr. Lin's recombinant preparation.[32] In the context of its infringement analysis, the Court determined that HMR/TKT's recombinant EPO product HMR4396 exhibits differences in glycosylation compared with urinary EPO,[33] and that, HMR/TKT attempted, but was unable, to rebut Amgen's evidence with proof that HMR/TKT's recombinant EPO and urinary EPO are the same with respect to glycosylation.[34]

---

"and that this failure is fatal to all three asserted '933 claims." As this Court is aware, Amgen does not assert any of these '933 claims in this proceeding. Prior findings regarding these unasserted claims have no relevance. And, as established in Amgen's opposition, text from the TKT decision is hearsay not subject to any exception. Indeed, after Amgen filed its opposition to Roche's motion to admit text from prior Amgen decisions (Docket No. 1067), Roche withdrew its motion (Docket No. 1134).

[31] *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 126 F. Supp. 2d 69, 125 (D. Mass. 2001).

[32] *Id.* at 144.

[33] *Id.* at 126-127.

[34] *Id.* at 127.

For the foregoing reasons, Amgen submits that the Court should instruct the jury consistent with Amgen's attached jury instruction concerning source and process limitations, and Roche's proposed instructions should be rejected.

| | |
|---|---|
| Dated: October 9, 2007 | Respectfully Submitted,<br><br>AMGEN INC.,<br>By its attorneys, |

|  |  |
|---|---|
|  | /s/ Michael R. Gottfried _____ |
| Of Counsel: | D. DENNIS ALLEGRETTI (BBO#545511) |
|  | MICHAEL R. GOTTFRIED (BBO#542156) |
| STUART L. WATT | PATRICIA R. RICH (BB#640578) |
| WENDY A. WHITEFORD | DUANE MORRIS LLP |
| MONIQUE L. CORDRAY | 470 Atlantic Avenue, Suite 500 |
| DARRELL G. DOTSON | Boston, MA  02210 |
| KIMBERLIN L. MORLEY | Telephone:     (857) 488-4200 |
| ERICA S. OLSON | Facsimile:      (857) 488-4201 |
| AMGEN INC. |  |
| One Amgen Center Drive | LLOYD R. DAY, JR. (*pro hac vice*) |
| Thousand Oaks, CA   91320-1789 | DAY CASEBEER |
| (805) 447-5000 | MADRID & BATCHELDER LLP |
|  | 20300 Stevens Creek Boulevard, Suite 400 |
|  | Cupertino, CA  95014 |
|  | Telephone:     (408) 873-0110 |
|  | Facsimile:      (408) 873-0220 |
|  |  |
|  | WILLIAM GAEDE III (*pro hac vice*) |
|  | McDERMOTT WILL & EMERY |
|  | 3150 Porter Drive |
|  | Palo Alto, CA 94304 |
|  | Telephone:     (650) 813-5000 |
|  | Facsimile:      (650) 813-5100 |
|  |  |
|  | KEVIN M. FLOWERS (*pro hac vice*) |
|  | MARSHALL, GERSTEIN & BORUN LLP |
|  | 233 South Wacker Drive |
|  | 6300 Sears Tower |
|  | Chicago IL 60606 |
|  | Telephone:     (312) 474-6300 |
|  | Facsimile:      (312) 474-0448 |

11

788074v1

CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                        */s/ Michael R. Gottfried*

                                        Michael R. Gottfried

788074v1

MPK 133573-1.041925.0023