**Exhibit A**

## XV. INEQUITABLE CONDUCT [MODIFIED]

In order to obtain a patent, an applicant must first persuade the Patent Office, and more precisely its examiner, that the applicant invented a patentable invention. During the course of this period of negotiation between the applicant and the Patent Office, the applicant can provide information to the Patent Office in an attempt to demonstrate that the patent should issue. As one might expect, for the Patent Office to determine intelligently whether a patent should issue, an applicant must disclose all of the information known to the applicant to be material to the patentability of the inventions claimed in the application. If the applicant ultimately obtains the patent, but does so by either withholding material information from, or by misrepresenting material facts to, the Patent Office while possessing the intent to deceive the Patent Office, the patents are rendered unenforceable.

To prove the defense of inequitable conduct, Roche must show that Dr. Lin or his representatives were aware of certain information that was material to the patentability of the claimed inventions but withheld that information from the patent examiner, or submitted false information that was material to the patentability of the claimed inventions, and that they did so with the intent to deceive or mislead the examiner into allowing the patent. Both materiality and intent to deceive are independent elements, each of which must be proven by clear and convincing evidence. Information is material if there is a substantial likelihood that a reasonable examiner would consider the information important in deciding whether to allow the application to issue as a patent. A reference, however, need not be disclosed to the examiner if it is merely cumulative of, or no more material than, other references already before the examiner. A reference that is actually submitted to the examiner cannot form a basis for inequitable conduct, regardless of whether it is submitted alone or along with a large volume of other references. In assessing intent, you should consider any "evidence indicative of good faith." Finally, and importantly, the intent to deceive cannot be inferred "solely from the fact that information was not disclosed. There must be a factual basis for a finding of deceptive intent."

I will now explain to you the requirements of materiality and intent. I will then explain how you should balance any materiality and intent that you find in order for you to determine whether or not there was inequitable conduct.

**Sources & Authorities**

*Amgen, Inc. v. Hoechst Marion Roussel, Inc.,* 126 F.Supp.2d 69, 137-138 (D. Mass. 2001); Fed. Cir. Bar Assoc. Model Patent Jury Instruction 11; 37 C.F.R. § 1.56 (2001); *PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1318 (Fed. Cir . 2000).

### A.   MATERIALITY

In considering the issue of materiality, you must first determine whether or not information known to the applicant or his representatives was withheld from or misrepresented to the PTO. If you first find that Dr. Lin, Mr. Borun, or others involved in a substantial way with the application withheld or misrepresented information when applying for the patent, you must then determine whether or not that information was material.

Information is material if there is a substantial likelihood that a reasonable patent examiner would consider it important in deciding whether or not to allow the application to issue as a patent. In other words, information is material if it establishes, either alone or in combination with other information, that a claim of the patent application more likely than not does not meet one of the requirements for a patent, such as the requirements that a patented invention be new, useful and non-obvious. Information is also material if it refutes or is inconsistent with arguments made to persuade the examiner that the invention is entitled to patent protection.

Information is not material if it is cumulative of, that is, adds little to, other information already available to the examiner. Information is cumulative if it teaches no more than that which is taught by the other information or prior art already before the Patent Office.

Legal arguments characterizing references submitted by the patent applicant cannot rise to the level of inequitable conduct. Legal arguments are not "material information" for purposes of an inequitable conduct charge. To satisfy the duty of disclosure, the applicant need not explain to the examiner the relevance of a particular piece of prior art, or otherwise take steps to ensure that the examiner actually considers those references that have been submitted.

If you find that material, non-cumulative information was not disclosed by a person having a duty of disclosure, you must next consider whether that person intended to mislead or deceive the Patent and Trademark Office.

**Sources & Authorities**

Fed. Cir. Bar Assoc. Model Patent Jury Instruction 11.1; 37 C.F.R. § 1.56 (2000); *Li Second Family Ltd. P'ship v. Toshiba Corp.*, 231 F.3d 1373, 1379-80 (Fed. Cir. 2000); *PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315,1321-22 (Fed . Cir. 2000).

**B.     INTENT**

If you find that material information known to the applicant or his representatives was withheld from or misrepresented to the patent examiner, then you must determine whether it was done with intent to deceive the Patent Office.  Roche must prove intent to deceive the Patent Office by clear and convincing evidence.  Evidence relevant to the question of intent to deceive or mislead the Patent Office includes any direct evidence of intent, as well as evidence from which intent may be inferred.  You may infer intent from conduct.  That means you may conclude that a person intended the foreseeable results of his or her actions.  You should decide whether or not to infer an intent to deceive or mislead based on the totality of the circumstances, including the nature of the conduct and evidence of the absence or presence of good faith.

Intent to deceive cannot be inferred solely from the fact that information was not disclosed to the Patent Office; there must be a factual basis for a finding of deceptive intent.  Where the only evidence of intent is a lack of a good faith explanation for the nondisclosure, this cannot constitute clear and convincing evidence of an intent to deceive.

**Sources & Authorities**

Fed. Cir. Bar Assoc. Model Patent Jury Instruction 11.2; *Li Second Family Ltd. P'ship v. Toshiba Corp.,* 231 F.3d 1373, 1379-80 (Fed. Cir. 2000); *PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.,* 225 F.3d 1315, 1321-22 (Fed. Cir. 2000); *Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.,* 68 F. Supp. 2d 508, 546 (D. N.J. 1999).

### C. BALANCING OF MATERIALITY AND INTENT

If you find that Roche has proved by clear and convincing evidence that material information was withheld from or misrepresented to the Patent Office and that there was an intent to deceive or mislead the patent examiner, you must then balance the degree of materiality and the degree of intent to determine whether or not the evidence is sufficient to establish clearly and convincingly that there was inequitable conduct.

The higher the materiality of the withheld or misrepresented information is, the lower the intent needed to establish inequitable conduct, and vice versa. Materiality ranges from an objective "but-for" test (where there was a misrepresentation that was so material that the patent should not have issued) at the highest level of materiality to the "reasonable examiner" test (as I previously explained to you) at the lowest threshold.

**Sources & Authorities**

Fed. Cir. Bar Assoc. Model Patent Jury Instruction 11.3; *Li Second Family Ltd. P'ship v. Toshiba Corp.,* 231 F.3d 1373, 1378 (Fed. Cir. 2000); *Barer Intl, Inc. v. McGaw, Inc.*, 149 F.3d 1321, 1327 (Fed. Cir. 1998).