`UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) Civil Action No.: 1:05-cv-12237 WGY |
| F. HOFFMANN-LA ROCHE LTD, a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN-LA ROCHE INC., a New Jersey Corporation, | ) ) ) ) ) ) ) |

**AMGEN'S BENCH MEMORANDUM REQUESTING THAT THE COURT ISSUE A CORRECTIVE INSTRUCTION THAT REMEDIES AND PATIENT CHOICE ARE IRRELEVANT TO THE ISSUES THE JURY MUST DECIDE**

During Roche's opening argument on infringement, counsel for Roche improperly argued that jurors should consider "patient choice" when determining whether peg-EPO infringes Amgen's products. Roche also suggested that the jury should consider the remedies at issue in the suit. Roche's arguments are tantamount to a request for jury nullification because they ask the jury to disregard the law of patent infringement in favor of patient choice. Accordingly, Amgen requests that in its Instruction X.A. on Role of the Jury, the following additional language be given to the jury:

> Finally, as I told you during this trial, my role is also to decide what remedy will be available, if any. You should not speculate about any remedy in this case, or what effect any remedy might have in this case. You should not consider issues of whether patients will or will not have access to MIRCERA, or whether patients should or should not have a choice between Amgen's products and Roche's product (such considerations should not enter your deliberations on any issue in this case). I alone will make that determination. That's my role.

It is well-established that counsel should never instruct the jury to disregard the law or to

consider remedy issues that are not before the jury. Moreover, Roche's arguments directly contravene this Court's Order on Amgen's Motion *in Limine* No. 12 that Roche not argue that Amgen's patents limit consumer choice. Amgen requests that the court issue a corrective instruction to remedy the prejudice caused by Roche's improper argument.

I.    **Roche's Argument That The Jury Should Ignore The Elements of A Patent Infringement Claim and Consider Patient Choice Were Improper.**

Roche's arguments about patient choice were totally inappropriate during the infringement phase of this trial. The infringement analysis is a two-step process. First claim language is interpreted as a matter of law. Second, the accused product is compared to the claim limitation to determine whether it falls within the scope of the claim.[1] But during Roche's opening, counsel argued:

> Amgen put up a patient, and what did that patient tell you? The only choice for patients in this country right now is Amgen. Patients have no choice. Roche has developed a new and different drug, which, if approved by the FDA, and allowed by you and this court, will give patients choice for new treatments.[2]

Roche's arguments about patient choice simply have no place within the jury's analysis, and Roche's implicit plea to the jury to take patient choice into account in deciding the infringement issues or any remedies amounted to a request that it disregard the law.

It is well established that it is improper for counsel to ask the jury to disregard the law.[3] Indeed, as the First Circuit has stated, "this proscription is invariant; it makes no difference that

---

[1] *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (Enumerating two step process of infringement analysis).

[2] 10/03/07 Trial Tr., p. 2374: 20 - 25.

[3] *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) (holding corrective instruction proper as a result of counsel's argument that jury disregard the law); *United States v. Desmarais*, 938 F.2d 347, 350 (1st Cir. 1991) (holding that "in arguing the law to the jury, counsel is confined to principles that will later be incorporated and charged to the jury"); *United States v. Garcia-Rosa*, 876 F.2d 209, 226 (1st Cir. 1989) (holding that it is improper for trial judge to tell jury they may disregard the law).

the jury inquired, or that an aggressive lawyer managed to pique a particular jury's curiosity by mentioning the subject in closing argument, or that a napping prosecutor failed to raise a timely objection to that allusion."[4]

Significantly, Roche's arguments to the jury also directly contradicted the charge the court gave the jury only 15 minutes prior to Roche's opening. Thus, during the charge, the court stated:

> So we're going to ask you about invalidity. We're going to ask you about infringement. Now we get to infringement. But you're also entitled to know what happens if Amgen, in essence, wins across the board, the patents are valid, the patents are infringed or claims are. ***Then, under the law, we don't ask the jury any more. But I have something more to do. It's not a foregone conclusion that I will stop Roche from doing what it wants to do.*** I do have to think about whether I will grant an injunction.[5]

In disregard of this charge, Roche suggested to the jury that it effectively ignore the requirements of patent infringement and consider another factor, consumer choice. In addition, it affirmatively argued that if the jury found that Roche infringed Amgen's patents, Roche could not sell its product and consumers would not have choice. Roche's argument was patently improper. As the Court stated in its charge, the remedy for infringement and patient choice are not issues for the jury to consider. Indeed, Roche's claim about what happens when the jury finds infringement directly contradicts the Court's charge on whether an injunction will be granted.

## II. Roche's Arguments About Patient Choice Directly Contravene This Court's Order On Amgen's Motion *In Limine* No. 12.

Roche's improper argument also directly contravenes an order of this Court. Prior to trial, Amgen moved to "exclude reference to Amgen's "monopoly" and the patents-in-suit as

---

[4] *United States v. Sepulveda*, 15 F.3d at 1190.

[5] 10/03/07 Trial Tr., p. 2359: 4 – 12.

Case 1:05-cv-12237-WGY    Document 1324    Filed 10/09/2007    Page 4 of 6

limiting consumer choice.[6]  As set forth in Amgen's Motion, its request for relief was that the court preclude arguments and evidence "that Amgen's patent enforcement will limit or negatively affect consumer choice."  On the first day of trial, September 4, 2007, the Court *granted* Amgen's Motion *in Limine*.[7]  Amgen structured its presentation of witnesses and evidence in reliance upon this order.  Thus, Roche's blatant disregard for this Court's order is incredibly prejudicial, and the court should not condone Roche's violation of its orders.

In order to rectify the prejudice Roche has caused, Amgen requests that the Court issue a corrective instruction making it clear that patient choice is irrelevant to whether peg-EPO infringes Amgen's patents and that the jury should not consider patient choice or any impact on the potential remedies in the case.  Moreover, the court should again instruct the jury that its job is to apply the law of infringement and not to consider the remedies or patient choice as urged by Roche.

DATED:    October 9, 2007                                Respectfully Submitted,

Of Counsel:                                              AMGEN INC.,
Stuart L. Watt                                           by its attorneys
Wendy A. Whiteford
Monique L. Cordray                                       */s/ Michael R. Gottfried*
Darrell G. Dotson                                        D. Dennis Allegretti (BBO# 545511)
Kimberlin L. Morley                                      Michael R. Gottfried (BBO# 542156)
Erica S. Olson                                           Patricia R. Rich (BBO# 640578)
AMGEN INC.                                               DUANE MORRIS LLP
One Amgen Center Drive                                   470 Atlantic Avenue, Suite 500
Thousand Oaks, CA 91320-1789                             Boston, MA  02210
(805) 447-5000                                           Telephone:  (857) 488-4200
                                                         Facsimile:   (857) 488-4201

---

[6] *See* Docket No. 847.

[7] *See* Electronic Order entered Sept. 4, 2007 granting Docket No. 847.

MPK 133539-1.041925.0023                          4

Lloyd R. Day, Jr. (pro hac vice)
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA  95014
Telephone:  (408) 873-0110
Facsimile:  (408) 873-0220

William G. Gaede III (pro hac vice)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA  94304
Telephone:  (650) 813-5000
Facsimile:  (650) 813-5100

Kevin M. Flowers (pro hac vice)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL  60606
Telephone:  (312) 474-6300
Facsimile:  (312) 474-0448

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.

                                                 */s/ Michael R. Gottfried*
                                                     Michael R. Gottfried