## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC.,<br><br>       Plaintiff,<br><br>  v.<br><br>F. HOFFMANN-LA ROCHE LTD, a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN LA ROCHE INC., a New Jersey Corporation,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.: 1:05-cv-12237 WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AMGEN'S BENCH MEMORANDUM FOR A JURY INSTRUCTION THAT SUBSEQUENT ART CANNOT BE CONSIDERED FOR VALIDITY

Amgen requests the Court provide the jury with the following jury instruction to avoid Roche's invitation to commit error in determining validity because of Roche's argument that the jury should consider non prior-art:

> Art that is dated after Amgen's invention date is not prior art and cannot be used to prove prior art. You should not consider such art when determining the issues of anticipation and obviousness. You should further keep in mind that the '008 patent cannot be prior art as a matter of law. And work by Amgen employees on the inventions is also not prior art.[1]

Amgen has added such language to its instruction XIV.C on Prior Art: Definition.

To illustrate why such an instruction is necessary, Roche presented the jury with Genentech's 1986 Product License Application ("PLA") as evidence that Amgen's patents are invalid.[2] The Court determined that Genentech's PLA was not Section 102(g) prior art but

---

[1] *See Riverwood Int'l Corp. v. R.A. Jones & Co.*, 324 F.3d 1346, 1354 (Fed. Cir. 2003); *see also See* 35 U.S.C. §103 (". . . the subject matter as a whole would have been obvious at *the time of the invention* to a person of ordinary skill in the art . . .")

[2] Trial Tr. at 284:7-285:7.

Dockets.Justia.com

admitted the PLA into evidence on other grounds.[3]  As such, it is not prior art and cannot form the basis of an invalidity challenge based on Section 102 or 103.

References dated after the priority date and/or the invention date are not prior art.[4]  The above jury instruction is needed to minimize juror confusion and prevent the jury from committing error by conducting an improper validity analysis using art that is not prior art.

Further, the work of Amgen employees on the invention(s) is not prior art for purposes of obviousness under 35 U.S.C. §103(c).

Finally, the '008 Patent is not prior art to the asserted patents, and thus cannot form the basis for a prior art challenge.

For the above reasons, the Court should provide the above instruction.

---

[3] Trial Tr. at 823:13-824:6; *see also* D.I. 1040.

[4] *See Eli Lilly & Co. v. Barr Labs.* 251 F.3d 955, 974 (Fed. Cir. 2001) (references dated after application date are not prior art); *In re Epstein*, 32 F.3d 1559, 1563 (Fed. Cir. 1994) ("because several of the newly discovered prior art software products were described in writings dated after the applicant's filing date, such software products were not properly considered prior art and were not competent evidence of the level of skill in the art at the time of the invention.")

DATED:    October 9, 2007

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
Kimberlin L. Morley
Erica S. Olson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-5000

Respectfully Submitted,

AMGEN INC.,


/s/ Michael R. Gottfried
D. Dennis Allegretti (BBO# 545511)
Michael R. Gottfried (BBO# 542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
Telephone:  (857) 488-4200
Facsimile:   (857) 488-4201


Lloyd R. Day, Jr. (pro hac vice)
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA  95014
Telephone:  (408) 873-0110
Facsimile:  (408) 873-0220


William G. Gaede III (pro hac vice)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA  94304
Telephone:  (650) 813-5000
Facsimile:   (650) 813-5100


Kevin M. Flowers (pro hac vice)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL  60606
Telephone:  (312) 474-6300
Facsimile:   (312) 474-0448

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

*/s/ Michael R. Gottfried*

Michael R. Gottfried

MPK 133591-1.041925.0023