# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05-12237 WGY |
| v. ) | |
| ) | |
| ) | |
| F. HOFFMANN-LA ROCHE ) | |
| LTD., a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company and HOFFMANN-LA ROCHE ) | |
| INC., a New Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## AMGEN BENCH MEMORANDUM FOR FURTHER JURY INSTRUCTION REGARDING INHERENT WRITTEN DESCRIPTION

Amgen requests that the Court provide the following additional instruction to the jury to clarify the full scope of the written description requirement of 35 U.S.C. § 112, so that the jury can properly make its determinations and avoid prejudicial legal error:

> The written description requirement does not insist that the exact words found in the claims be found in any portion of the specification, whether in its words, structures, figures, diagrams, formulas, or other portions. You must consider not only what the specification states or illustrates explicitly, but also what it describes inherently. You should conclude that the specification inherently describes a claim limitation if the person of ordinary skill in the art would have recognized, at the time the patent application was filed, that the description disclosed the limitation, even if it is not stated in so many words.[1]

Amgen's proposed jury instruction is consistent with controlling Federal Circuit precedent regarding the doctrine of inherent written description. Any portion of the specification

---

[1] This specific instruction is incorporated into Amgen's written description jury instruction found in Amgen's Proposed Revised Final Jury Instructions at Instruction XIV.S, D.I. 1318.

MPK_133535_1.DOC                                    1

Dockets.Justia.com

may satisfy the written description requirement, either explicitly or inherently. In particular, where a patent specification discloses an embodiment of the invention that inherently contains or results in a claimed property, that is sufficient disclosure to satisfy the written description requirement of 35 U.S.C. § 112.[2] Failure to consider inherent written description constitutes reversible error.[3]

In the present case, at issue is whether Dr. Lin's specification describes, among other things, a 165 amino acid product. At trial, Amgen presented evidence that the product of Example 10 is a human erythropoietin product that inherently possesses 165 amino acids.[4] Roche has not presented any evidence to the contrary. Thus, the question squarely at issue is whether or not Example 10's disclosure of a product whose inherent characteristics include having 165 amino acids satisfies the written description requirement of 35 U.S.C. § 112. The cited case law establishes that it does, and Amgen seeks the requested instruction to adequately inform the jury of the issue of inherent written description.

Without the requested instruction, the jury will not have been fully apprised of the legal standard for evaluating the adequacy of Dr. Lin's written description. In that case, Amgen would suffer prejudice because the jury would likely mistakenly believe that it has to find a specific, express written description of each claim limitation in the words of the specification, and may

---

[2] *Kennecott Corp. v. Kyocera Int'l, Inc.*, 835 F.2d 1419, 1423 (Fed. Cir. 1987) (reversing district court's decision that specification did not adequately describe ceramic bodies having a certain, unmentioned property where the ceramic bodies described in the specification inherently possessed that property); *Regents of Univ. of New Mexico v. Knight*, 321 F.3d 1111, 1122 (Fed. Cir. 2003); *see also*, *ICN Photonics, Ltd. v. Cynosure, Inc.*, 73 Fed. Appx. 425 (Fed. Cir. 2003) (unpublished)(reversing grant of summary judgment of invalidity for lack of written description where evidence showed that limitation was inherent in invention disclosed in the original application).

[3] *Kennecott Corp. v. Kyocera Int'l, Inc.*, 835 F.2d at 1423.

[4] Tr. at 1958-1963; 2311:9-15.

fail to consider the disclosures inherent in the embodiments described in the specification.  In addition, the jury may mistakenly conclude that one or more limitations of the asserted claims lacks written descriptive support based on their own subjective understanding of the disclosures of the specification.  Any of these conclusions would be legally incorrect.

      For these reasons, the Court should provide the requested instruction to the jury prior to the commencement of deliberations.

October 9, 2007                                                         Respectfully Submitted,

                                                       AMGEN INC.,
                                                       By its attorneys,

                                                       */s/ Michael R. Gottfried*

Of Counsel:                                                             D. DENNIS ALLEGRETTI (BBO#545511)
                                                       MICHAEL R. GOTTFRIED (BBO#542156)
STUART L. WATT                                                      PATRICIA R. RICH (BBO#640578)
WENDY A. WHITEFORD                                         DUANE MORRIS LLP
MONIQUE L. CORDRAY                                          470 Atlantic Avenue, Suite 500
DARRELL G. DOTSON                                              Boston, MA  02210
KIMBERLIN L. MORLEY                                          Telephone:    (857) 488-4200
ERICA S. OLSON                                                       Facsimile:     (857) 488-4201
AMGEN INC.
One Amgen Center Drive                                        LLOYD R. DAY, JR. (*pro hac vice*)
Thousand Oaks, CA   91320-1789                         DAY CASEBEER
(805) 447-5000                                                         MADRID & BATCHELDER LLP
                                                       20300 Stevens Creek Boulevard, Suite 400
                                                       Cupertino, CA  95014
                                                       Telephone:    (408) 873-0110
                                                       Facsimile:     (408) 873-0220

                                                       WILLIAM GAEDE III (*pro hac vice*)
                                                       McDERMOTT WILL & EMERY
                                                       3150 Porter Drive
                                                       Palo Alto, CA 94304
                                                       Telephone:    (650) 813-5000
                                                       Facsimile:     (650) 813-5100

        KEVIN M. FLOWERS (*pro hac vice*)
        MARSHALL, GERSTEIN & BORUN LLP
        233 South Wacker Drive
        6300 Sears Tower
        Chicago IL 60606
        Telephone: (312) 474-6300
        Facsimile: (312) 474-0448

5

CERTIFICATE OF SERVICE

    I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                       */s/ Michael R. Gottfried*
                                       Michael R. Gottfried