UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>F. HOFFMANN-LA ROCHE )<br>LTD., a Swiss Company, ROCHE )<br>DIAGNOSTICS GmbH, a German )<br>Company and HOFFMANN-LA ROCHE )<br>INC., a New Jersey Corporation, )<br>)<br>Defendants. )<br>) | Civil Action No.: 05-12237 WGY |

**AMGEN BENCH MEMORANDUM REGARDING RESOLUTION OF DEFINITENESS BY THE COURT AS A MATTER OF LAW**

This Court, rather than the jury, can and should decide whether Roche has satisfied its clear-and-convincing-evidence burden to prove that any of Dr. Lin's asserted claims are indefinite under 35 U.S.C. § 112, ¶ 2. Section 112 requires that a patent's claims must "particularly point[] out and distinctly claim[] the subject matter which the applicant regards as his invention."[1] Definiteness under 35 U.S.C. § 112, ¶ 2 is a legal conclusion "that is drawn from

---

[1] Determining whether a claim is definite requires an analysis of "whether one skilled in the art would understand the bounds of the claim when read in light of the specification . . . . If the claims read in light of the specification reasonably apprise those skilled in the art of the scope of the invention, § 112 demands no more." *Miles Lab., Inc. v. Shandon, Inc.*, 997 F.2d 870, 875 (Fed. Cir. 1993); *see also Amgen, Inc. v. Chugai Pharm. Co.*, 927 F.2d 1200, 1217 (Fed. Cir. 1991). If a claim is amenable to construction, "even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree," the claim is not indefinite. *Exxon Res. & Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001).

the court's performance of its duty as the construer of patent claims." *Personalized Media Commun., L.L.C. v. ITC*, 161 F.3d 696, 705 (Fed. Cir. 1998). Thus, definiteness is a question of law that can be resolved by the Court and need not be submitted to the jury. *See Atmel Corp. v. Info. Storage Devices*, 198 F.3d 1374, 1378 (Fed. Cir. 1999); *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1376 (Fed. Cir. 2001).

As a question of law, whether Roche has satisfied its heavy burden to prove that any of Dr. Lin's asserted patent claims is indefinite is a determination for this Court, not the jury. Consequently, Amgen respectfully requests that the issue of indefiniteness not be included in the jury charge or on the verdict form.

Dated:  October 10, 2007                                  Respectfully Submitted,

                                                          AMGEN INC.,
                                                          By its attorneys,

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
Kimberlin L. Morley
Erica S. Olson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-5000

*/s/ Michael R. Gottfried*
D. Dennis Allegretti (BBO#545511)
Michael R. Gottfried (BBO# 542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: (857) 488-4200
Facsimile: (857) 488-4201

Lloyd R. Day, Jr. (*pro hac vice*)
DAY CASEBEER, MADRID &
BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

William G. Gaede, III (*pro hac vice*)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Kevin M. Flowers (*pro hac vice*)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
 Chicago, IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants.

                                              */s/ Michael R. Gottfried*
                                               Michael R. Gottfried