**EXHIBIT A**

**XIV.K. OBVIOUSNESS [MODIFIED]**

As I have said, a patent claim is presumed valid. If you find that the differences between a claim and the prior art are such that the claimed invention as a whole would have been objectively obvious to a person having ordinary skill in the art at the time the invention was made, the claim is invalid for obviousness. You must determine whether each asserted claim would have been obvious or not on a claim-by-claim basis. For each claim, Roche must prove by clear and convincing evidence that the inventions as claimed would have been obvious as of the date of invention.

In reaching your decision you should consider:

1) the scope and content of the prior art;
2) the differences between the claimed invention and the prior art;
3) the level of ordinary skill in the art; and
4) the evidence, if any, of non-obviousness.

Important evidence of non-obviousness includes:

1) evidence of the commercial success of products covered by the patent claims or made by a process covered by the patent claims,
2) evidence of a long-felt but unmet need for the invention,
3) evidence that others tried but failed to accomplish the result achieved by the invention;
4) whether unexpected results were achieved by the invention;
5) contemporaneous expression of surprise or acclaim by those skilled in the art following the invention;
6) praise of the invention by people in the field;
7) the taking of licenses under the patent by others; and
8) copying of the invention by others in the field.

What constitutes "prior art" for the purposes of determining obviousness is a factual matter for you, the jury, to decide. Just because someone, even me, refers to something as "prior art" does not mean that it is in fact prior art. It is up to you to decide what is and is not prior art.

You are not to consider whether the claimed inventions would have been obvious to you as jurors, to me as a judge, to a genius in the field of the inventions, or to any one of the witnesses as individuals. Rather, you must consider whether each claimed invention as a whole would have been obvious to a person of ordinary skill in the art at the time it was made. In making that determination, you must decide whether a person of ordinary skill in the art at the time of the invention would in fact have had a reasonable expectation of successfully making and using the claimed invention. You must consider obviousness from the objective perspective of the knowledge and skill then available to a person of ordinary skill in the art.

In deciding obviousness, you must avoid using hindsight; that is, you should not consider what is known today, or what was learned from the teachings of the patents. What may seem obvious in hindsight may not appear so at the time of the invention to those skilled in the art at the time. You cannot use the patents as road maps for selecting and combining items of prior art. You must instead objectively put yourself in the place of a person of ordinary skill in the field at the time the inventions were made and consider what was known and not known to that person before the inventions were made.

You are not to consider the subjective beliefs of the inventor, Dr. Lin, with respect to what he thought to be obvious at the time he conceived of the inventions. Nor may the work of other Amgen scientists in carrying out certain elements of the claimed inventions be considered for the purpose of determining whether the claims were obvious. You are not to consider how the inventions were made, that is, whether they were the result of extensive research or of extraordinary insights.

A patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was separately known in the prior art. Most inventions rely upon and utilize building blocks known in the art. New and non-obvious discoveries often involve

combinations of what, in some sense, is already known. You cannot find obviousness simply by indiscriminately combining prior art references. For an invention to be obvious, a person of ordinary skill in the art must have had some reason at the time to combine prior art references in a way that would result in the claimed invention.

An invention is not invalid for obviousness simply because one skilled in the act would have been motivated to try numerous possible alternatives until one possibly arrived at a successful result. An invention is not obvious if the solution to a problem entails many different parameters, and the prior art gave no indication of which parameters were critical or no direction as to which of many possible choices would likely prove to be successful. Likewise, an invention is not obvious where all that was suggested was to explore a new technology or general approach that seemed to be a promising field of experimentation.

You must also keep in mind that the test for obviousness is not whether it would have been "obvious to try" to make the invention, but rather whether successful practice of the claimed invention would have been obvious to a person of ordinary skill in the art at the time the invention was made. The "obvious to try" standard applies only if there were a finite number of previously identified solutions that would predictably solve the problem. That was not the case here.

Obviousness cannot be founded upon what is unknown. That which was inherent in the prior art and was not known, is not available for combination with other prior art to support obviousness of an invention. Inherency is not a substitute for some teaching or suggestion supporting obviousness.

It is against this backdrop that you must decide whether or not Roche has proven, by clear and convincing evidence, that an invention covered by an asserted claim would have been obvious at the time of the invention.

**Sources & Authorities**

Adapted from Instructions in *Ethos Technol., Inc. v. Realnetworks, Inc.,* Civil Action No. 02-11324-WGY, pp. 2697-2698; Fed. Cir. Bar Assoc. Model Patent Jury Instruction 10.9; 35 U.S.C.

§103; *Graham v. John Deere Co.,* 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex Inc.,* 127 S.Ct. 1727, 1734 (2007); *In re Deuel*, 51 F.3d 1552, 1557-60 (Fed. Cir. 1995); *Ecolochem, Inc. v. S. Cal. Edison Co.*, 227 F.3d 1361, 1367-70 (Fed. Cir. 2000); *LNP Eng'g Plastics, Inc. v. Miller Waster Mills, Inc.*, 275 F.3d 1347, 1359 (2001); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 662-68 (Fed. Cir. 2000); *Brown & Williamson Tobacco Corp. v. Philip Morris, Inc.*, 229 F.3d 1120, 1124-31 (Fed. Cir. 2000); *Stratoflex, Inc, v. Aeroquip Corp.,* 713 F.2d 1530 (Fed. Cir. 1983); *Perkin-Elmer Corp. v. Computervision Corp.,* 732 F.2d 888 (Fed. Cir. 1984), *cert. denied,* 469 U.S. 857; *United States v. Adams,* 383 U.S. 39, 52 (Ct. Cl. 1966); *Environmental Designs, Ltd. v. Union Oil Co.,* 713 F.2d 693, 697 (Fed. Cir. 1983), *cert. denied,* 464 U.S. 1043 (1984); *WL Gore & Assocs. Inc. v. Garlock, Inc.,* 721 F.2d 1540 (Fed. Cir. 1983), *cert. denied,* 469 U.S. 851 (1984); *Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563 (Fed. Cir. 1983); *In re Kotzab*, 217 F.3d 1365, 1369 (Fed. Cir. 2000); *In re Dembiczak*, 175 F.3d 994, 998-1000 (Fed. Cir. 1999); *In re Rouffet*, 149 F.3d 1350, 1355-56 (Fed. Cir. 1998); *In re Deuel*, 51 F.3d 1552, 1557-60 (Fed. Cir. 1995); *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1574-75 (Fed. Cir. 1986) *In re O'Farrell*, 853 F.2d 894, 903 (Fed. Cir. 1988) *quoted* in *Pharmastem Therapeutics, Inc. v. Viacell, Inc.*, 491 F.3d 1342 (Fed. Cir. 2007); *Takeda Chemical Indus. v. Alphapharm Pty.*, 2007 U.S. App. LEXIS 15349 (Fed. Cir. 2007); *In re Rijckaert*, 9 F.3d 1531, 1534 (Fed. Cir. 1993); *In re Spormann*, 363 F.2d 444, 448 (C.C.P.A. 1966); *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1356-57 (Fed. Cir. 2000); *Ryko Mfg. Co. v. Nu-Star, Inc.*, 950 F.2d 714, 716-17 (Fed. Cir. 1991); *In re Dance*, 160 F.3d 1339, 1343 (Fed. Cir. 1998); *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 339 F.Supp.2d 202, 256 (D. Mass. 2004).