# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>F. HOFFMANN-LA ROCHE, LTD.,<br>ROCHE DIAGNOSTICS GMBH, and<br>HOFFMANN-LA ROCHE, INC.<br><br>        Defendants. | Civil Action No. 05-CV-12237 WGY |

## ROCHE'S BENCH MEMORANDUM REGARDING ITS PROPOSED JURY INSTRUCTION THAT CONTEMPORANEOUS INVENTION BY OTHERS IS A CONSIDERATION FAVORING OBVIOUSNESS

Roche submits this bench memorandum in support of its proposed jury instruction that invention by others of claimed subject matter which is contemporaneous with the patentee's invention date is a consideration favoring obviousness. (See Proposed Instruction 4.14, attached hereto as Exhibit A). In light of the evidence that others such as Dr. Fritsch at Genetics Institute invented the subject matter of the Lin patents near in time to Dr. Lin's invention date, this instruction is germane to the jury's consideration of obviousness.

Simultaneous or near simultaneous invention by others of the patented subject matter is a factual consideration favoring obviousness that is appropriate for the jury to review. *See Ecolochem, Inc. v. Southern California Edison Co.*, 227 F.3d 1361, 1379 (Fed. Cir. 2000); *Monarch Knitting Machinery Corp. v. Sulzer Morat GMBH*, 139 F.3d 877, 883-84 (Fed. Cir. 1998); *Ortho-McNeil Pharm., Inc. v. Mylan Labs, Inc.*, 348 F. Supp. 2d 713, 757-58 (N.D. W. Va. 2004); *Northern Telecom, Inc. v. Datapoint Corp.*, 1988 WL 156280, *60 (N.D. Tex. 1988). In *Monarch*, the Federal Circuit noted two contemporaneous independent developments of

1

knitting needles similar to the patentee's claimed needles. *Monarch*, 139 F.3d at 883-84 (Fed. Cir. 1998). The Court held "[t]hese needles do not qualify as 'prior art' under 35 U.S.C. § 102 or § 103(a), but are relevant to obviousness as a secondary consideration." *Id.* "Just as evidence of nonobviousness may be inferred from the failure of others to find a solution to a problem, evidence of obviousness can be inferred from the success of others." *Minnesota Mining & Mfg. Co. v. Research Med., Inc.,* 679 F. Supp. 1037, 1056 (D. Utah 1987). In *Minnesota Mining,* a case involving a catheter patent, the court noted as the sole secondary consideration "the widespread, independent and simultaneous discovery of the claimed invention by other workers in the patent field, that is, the surgeons who developed their own catheters." *Id.* The court found that the "nexus between simultaneous invention and obviousness . . . apparent: it is difficult to understand how unrelated surgeons could develop two-stage catheters similar to the [claimed] catheter unless that development was obvious from known surgical methods." *Id.*

"[E]vidence of independent contemporaneous development, while not conclusive, is highly persuasive of the obviousness of the invention." *Clarke v. K-Mart,* 481 F. Supp. 470, 473 (W.D. Pa. 1979). " [T]rial and success, at least where the same solution has been independently reached by a number of others almost immediately after the problem arose, [can] be the best evidence of obviousness." *Schimizzi v. Chrysler, Corp.,* 462 F. Supp. 630, 639 (S.D.N.Y. 1978) (found with regard to patent for car antitheft device, "others, confronted by the same problem at about the same time, readily and independently arrived at the same solution."); *see also Reed Tool Co. v. Dresser Indus., Inc.,* 499 F. Supp. 935, 945 (S.D. Tex. 1980); *Reeves Bros., Inc. v. U.S. Laminating Corp.,* 282 F. Supp. 118, 140 (E.D.N.Y. 1968).

Based on the foregoing and the evidence in this case regarding contemporaneous invention by others, Roche submits that its proposed jury instruction that contemporaneous

invention by others is a factual consideration favoring obviousness is proper and should be adopted.

Dated: October 10, 2007
Boston, Massachusetts

Respectfully submitted,

F. HOFFMANN-LA ROCHE LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

By its attorneys,

/s/ *Vladimir Drozdoff*
Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
Vladimir Drozdoff (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

and

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

          _/S/ Vladimir Drozdoff_