# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05-12237 WGY |
| v. ) | |
| ) | |
| ) | |
| F. HOFFMANN-LA ROCHE ) | |
| LTD., a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company and HOFFMANN-LA ROCHE ) | |
| INC., a New Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**AMGEN INC'S OPPOSITION TO ROCHE'S MOTION *IN LIMINE* TO PRECUDE AMGEN FROM INTRODUCING A DECLARATION OF DR. HARVEY LODISH REGARDING OBVIOUSNESS-TYPE DOUBLE PATENTING**

812498

On September 7, 2007, after Roche's expert Dr. Lowe had testified for several hours over the course of three trial days[1] concerning Roche's obviousness-type double patenting ("ODP") and other invalidity defenses, the Court ruled that there would be no further testimony before the jury regarding ODP issues.[2]  The Court invited both parties to submit briefs and other data that would assist the Court in deciding Roche's ODP defenses as a matter of law.[3]  In response to the Court's ruling, Amgen filed a declaration from Dr. Lodish[4] setting forth the ODP-related opinions and bases that Dr. Lodish would have provided in response to Dr. Lowe's trial testimony, which addressed multiple references regarding glycoprotein expression as well as differences between the DNA and host cell claims of the '008 patent and the process claims of the '868 and '698 patents.  Now, Roche has filed a motion *in limine* seeking to exclude Dr. Lodish's ODP declaration.[5]  Roche's motion should be denied because it would deprive the Court access to important data rebutting Dr. Lowe's erroneous conclusions concerning Roche's ODP defenses.

Dr. Lodish's declaration describes in detail the state of the relevant art at the time just before Dr. Lin's inventions.  Among other things, Dr. Lodish explains why a person of ordinary skill in the art in 1983-84, even with access to the EPO DNA sequence and a host cell transformed or transfected with that sequence, would not have expected to successfully produce a glycosylated recombinant erythropoietin polypeptide having the *in vivo* biological property of causing bone marrow cells to increase production of reticulocytes and red blood cells.

---

[1] *See* 9/5/07 Trial Tr. at 141:23 to 9/7/07 Trial Tr. at 479:2.

[2] *See* 9/7/07 Trial Tr. at 505:5-12.

[3] *See id.* at 505:16-20.

[4] Declaration of Harvey F. Lodish, Ph.D. in Support of Amgen's Bench Memorandum and Offer of Proof Regarding No Obviousness-Type Double Patenting (Docket Item ("D.I.") 1164).

[5] Roche's Motion *In Limine* To Preclude Amgen from Introducing a Declaration of Dr. Harvey Lodish in Connection with the Hearing on Obviousness-Type Double Patenting (D.I. 1222).

Additionally, Dr. Lodish explains the significance, from a technical perspective, of the differences between the DNA and host cell claims of the '008 patent and the process claims of the '868 and '698 patents. To help illustrate and corroborate his opinions, Dr. Lodish provides numerous quotations from prior art publications, many of which have since been admitted into evidence. Amgen respectfully submits that Dr. Lodish's declaration is precisely the type of data that will assist the Court in assessing the patentable distinctiveness of Dr. Lin's DNA/host cell and process inventions.[6]

Dr. Lodish's declaration allows for a balanced presentation of ODP evidence by the parties and does not cause any unfair prejudice to Roche. Not only was Dr. Lodish's declaration filed more than a week before his testimony at the October 4, 2007 ODP hearing, but the opinions in the declaration are essentially identical to those expressed in Dr. Lodish's expert reports and declarations filed months earlier.[7] Thus, Roche had ample notice and opportunity to cross examine Dr. Lodish on these points — both during his seven-hour deposition and at trial. In fact, Roche did cross-examine Dr. Lodish on many of these issues during the October 4, 2007 ODP hearing, including Dr. Lodish's opinion regarding no reasonable expectation of success,[8] as well as his prior opinions from the *Columbia* litigation.[9] Roche has no legitimate complaint of unfair surprise or other prejudice. Rather, it is Amgen that will be unfairly prejudiced if Dr. Lodish's ODP declaration is excluded.

For the foregoing reasons, Amgen respectfully requests that the Court deny Roche's motion *in limine* (D.I. 1222).

---

[6] Dr. Lodish was necessarily unable to address all of these issues during his 35 minutes of testimony at the Court's ODP hearing.

[7] This is in sharp contrast to the ODP opinions of Roche's expert, Dr. Kadesch, which were disclosed for the first time during his testimony at the October 1, 2007 ODP hearing.

[8] *See, e.g.*, 10/4/07 ODP Hearing Tr. at 107:19-110:15.

2

October 11, 2007                                   Respectfully Submitted,


                                                   AMGEN INC.,
                                                   By its attorneys,



                                                   */s/ Patricia R. Rich*
Of Counsel:                                        D. DENNIS ALLEGRETTI (BBO#545511)
                                                   MICHAEL R. GOTTFRIED (BBO#542156)
STUART L. WATT                                     PATRICIA R. RICH (BBO#640578)
WENDY A. WHITEFORD                                 DUANE MORRIS LLP
MONIQUE L. CORDRAY                                 470 Atlantic Avenue, Suite 500
DARRELL G. DOTSON                                  Boston, MA  02210
KIMBERLIN L. MORLEY                                Telephone:     (857) 488-4200
ERICA S. OLSON                                     Facsimile:     (857) 488-4201
AMGEN INC.
One Amgen Center Drive                             LLOYD R. DAY, JR. (*pro hac vice*)
Thousand Oaks, CA   91320-1789                     DAY CASEBEER
(805) 447-5000                                     MADRID & BATCHELDER LLP
                                                   20300 Stevens Creek Boulevard, Suite 400
                                                   Cupertino, CA  95014
                                                   Telephone:     (408) 873-0110
                                                   Facsimile:     (408) 873-0220

                                                   WILLIAM GAEDE III (*pro hac vice*)
                                                   McDERMOTT WILL & EMERY
                                                   3150 Porter Drive
                                                   Palo Alto, CA 94304
                                                   Telephone:     (650) 813-5000
                                                   Facsimile:     (650) 813-5100

                                                   KEVIN M. FLOWERS (*pro hac vice*)
                                                   MARSHALL, GERSTEIN & BORUN LLP
                                                   233 South Wacker Drive
                                                   6300 Sears Tower
                                                   Chicago IL 60606
                                                   Telephone:     (312) 474-6300
                                                   Facsimile:     (312) 474-0448

---

[9] *See, e.g.*, *id.* at 110:16-114:25.

## CERTIFICATE OF SERVICE

    I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on October 11, 2007.

                                            */s/ Patricia R. Rich*
                                            Patricia R. Rich