# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., <br>      Plaintiff, <br> v. <br> F. HOFFMANN-LA ROCHE LTD; <br> ROCHE DIAGNOSTICS GmbH; and <br> HOFFMANN-LA ROCHE INC., <br>      Defendants. | ) <br> ) <br> ) <br> ) CIVIL ACTION No.: 05-CV-12237WGY <br> ) <br> ) <br> ) <br> ) <br> ) |

### ROCHE'S OPPOSITION TO AMGEN'S BENCH MEMORANDUM FOR A JURY INSTRUCTION THAT SUBSEQUENT ART CANNOT BE CONSIDERED FOR VALIDITY

Roche submits this memorandum in opposition to Amgen's bench memorandum (D.N. 1325) for a jury instruction stating categorically that "[a]rt . . dated after Amgen's invention date is not prior art," "cannot be used to prove prior art" and "should not [be considered] when determining the issues of anticipation and obviousness." As this Court has stated: "there is more than one way to skin the prior art cat." *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 126 F.Supp. 2d 69, 106 (D. Mass. 2001) (*"Amgen I"*). Thus, as explained below, the instruction requested by Amgen misstates the law and would confuse and mislead the jury. In the end, the jury would not consider certain art that is relevant to its invalidity analysis.

First, under § 102(g), a "patent is invalid if "before [the named inventor's] invention thereof the invention was made in this country by another inventor who had not abandoned, suppressed or concealed it." In *Amgen I*, 126 F.Supp. 2d at 107, this Court thus recognized that the fact that certain scientific articles "were published after the filing of Amgen's patent applications does not

alone render the work described in those references inadequate for anticipation purposes." The Court deemed the references prior art in that they "evidence[d] that the work performed by the researchers was done in the United States prior to Amgen's breakthroughs in late 1983 and 1984." Therefore, Amgen's proposed construction is at odds with Section 102(g).

Second, under § 102(f), an applicant can be denied a patent if "he did not himself invent the subject matter sought to be patented." Again, a later publication plainly may shed light on whether the patented invention was derived from the work of another. Thus, Amgen's proposed construction is also contrary to Section 102(f).

Third, relevant case law makes plain that a party may properly rely on publications dated after the priority/invention dates to prove enablement of an earlier disclosure. *See, e.g., Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1335 (Fed. Cir. 2003) ("numerous post-filing publications demonstrated the extent of the enabling disclosure"); *Hormone Research Found., Inc. v. Genentech, Inc.*, 904 F.2d 1558, 1568 (Fed. Cir. 1990) (later publications suggested that claimed method for solid phase peptide synthesis may have been enabled). For example, the Genentech PLA demonstrates that Genentech's U.S. Patent No. 4,766,075 patent discloses and enables use of CHO cells to produce an *in vivo* biologically active "obligate" human glycoprotein. For this reason too, Amgen's proposed instruction is wrong as a matter of law.

Furthermore, Amgen's requested instruction regarding work by other Amgen employees is simply one of at least two jury instructions in which Amgen has proposed to have the jury ignore relevant and admitted evidence about the work of other Amgen scientists in determining whether the claims are obvious. (*See* D.N. 1335) Dr. Lin is the sole inventor on all of Amgen's patents and thus, by Amgen's own admission, no other Amgen scientist contributed to Dr. Lin's

purported inventions. The jury should be able to take into account the "non-inventive" contributions by Amgen's scientists in evaluating the obviousness of Dr. Lin's work. A court may look to the work of an inventor's employees in order to determine obviousness. *Omark Indust., Inc. v. Colonial Tool Co., Inc.*, 672 F.2d 362, 364 (3rd Cir. 1982). In finding the patent invalid for obviousness, the *Omark* court specifically looked to the techniques the inventor's employees used, at the time they made their "discovery," to determine what was present in the prior art. *Id*. The relevant evidence regarding the work of Dr. Lin's co-workers should not be effectively stricken though the improper jury instruction requested by Amgen.

Dated: October 11, 2007  
Boston, Massachusetts

/s/ Emily J. Schaffer  
Lee Carl Bromberg (BBO# 058480)  
Julia Huston (BBO# 562160)  
Keith E. Toms (BBO# 663369)  
Nicole A. Rizzo (BBO# 663853)  
Kimberly J. Seluga (BBO# 667655)  
Emily J. Schaffer (BBO# 653752)  
BROMBERG & SUNSTEIN LLP  
125 Summer Street  
Boston, MA 02110  
Tel. (617) 443-9292  
eschaffer@bromsun.com

Leora Ben-Ami (*pro hac vice*)  
Mark S. Popofsky (*pro hac vice*)  
Patricia A. Carson (*pro hac vice*)  
Thomas F. Fleming (*pro hac vice*)  
Howard S. Suh (*pro hac vice*)  
Peter Fratangelo (BBO# 639775)  
KAYE SCHOLER LLP  
425 Park Avenue  
New York, NY 10022  
Tel: (212) 836-8000

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

                                             /s/ Emily J. Schaffer
                                             Emily J. Schaffer