Amgen Inc. v. F. Hoffmann-LaRoche LTD et al    Doc. 1355 Att. 6
Case 1:05-cv-12237-WGY    Document 1355-7    Filed 10/11/2007    Page 1 of 2

system data base allows a maximum of 12 characters for the attorney docket numbers. Spaces, slashes, and hyphens will no longer be included in the entered docket number on the official filing receipt. In an application where CASE or NAVY-CASE appears before the first character in the docket number, only the characters after CASE or NAVY-CASE will be entered on the official filing receipt.

The application papers are **>processed by OIPE and added to the Office's Image File Wrapper (IFW) system.<

Applications which are entitled to a filing date and are filed, whether by regular mail*>, by< "Express Mail" under 37 CFR 1.10, by hand-delivery>, by the Office's Electronic Filing System (EFS),< or otherwise, will not be returned to applicant even if requested. See 37 CFR 1.59. Accordingly, applicants must be careful not to file applications which are not intended to be filed, e.g., duplicates of applications already filed. Note that 37 CFR 1.26(a) provides that a change of purpose after the payment of a fee, as when a party desires to withdraw the filing of a patent application for which the fee was paid, will not entitle the party to a refund of such fee. See MPEP § 607.02.

**RETURN POSTCARD**

If a receipt for any item (e.g., paper or fee) filed in the USPTO is desired, it may be obtained by enclosing with the paper a self-addressed postcard specifically identifying the item. To ensure the receipt of return receipt postcards, users must either: (A) purchase already stamped postcards from the United States Postal Service (USPS) or affix postage stamps to their postcards; or (B) if a postage meter is used, ensure that the meter postmark does not show the date. Any return receipt postcard containing a dated meter postmark may not be delivered by the USPS to the address provided on the postcard. >Users are reminded that they are solely responsible for placing the proper postage on self-addressed postcards that are submitted to the USPTO for the purpose of obtaining a receipt for correspondence being filed in the USPTO. Users should check with the USPS regarding postage and what size cards are acceptable to the USPS. Any return receipt postcard that does not contain sufficient postage or is not acceptable may not be delivered by the USPS to the address provided on the postcard, and, if returned to the USPTO, may be discarded.<

The USPTO will stamp the receipt date on the postcard and place it in the outgoing mail. A postcard receipt which itemizes and properly identifies the items which are being filed serves as *prima facie* evidence of receipt in the USPTO of all the items listed thereon on the date stamped thereon by the USPTO.

The identifying data on the postcard should be so complete as to clearly identify the item for which a receipt is requested. For example, the postcard should identify the applicant's name, application number (if known), confirmation number (if known), filing date, interference number, title of the invention, etc. The postcard should also identify the type of paper being filed, e.g., new application, affidavit, amendment, notice of appeal, appeal brief, drawings, fees, motions, supplemental oath or declaration, petition, etc., and the number of pages being submitted. If a new application is being filed, all parts of the application being submitted should be separately listed on the postcard, e.g., the number of pages of specification (including written description, claims and abstract), number of claims, number of sheets of drawings, number of pages of oath/declaration, number of pages of cover sheet (provisional application).

The postcard receipt will not serve as *prima facie* evidence of receipt of any item which is not adequately itemized on the postcard. For example, merely listing on the postcard "a complete application" or "patent application" will not serve as a proper receipt for each of the required components of an application (e.g., specification (including claims), drawings (if necessary), oath or declaration and the application filing fee) or missing portions (e.g., pages, sheets of drawings) of an application if one of the components or portion of a component is found to be missing by the USPTO. Each separate component should be specifically and properly itemized on the postcard. Furthermore, merely incorporating by reference in the postcard receipt, the items listed in a transmittal letter will not serve as *prima facie* evidence of receipt of those items.

The person receiving the item(s) in the USPTO will check the listing on the postcard against the item(s) being filed to be sure they are properly identified and that all the items listed on the postcard are presently

being submitted to the USPTO. If any of the items listed on the postcard are not being submitted to the USPTO, those items will be crossed off and the postcard initialed by the person receiving the items.

Upon return of a postcard receipt from the USPTO, the postcard receipt should be promptly reviewed by the person who filed the items to ensure that every item specifically denoted on the postcard was received by the USPTO. If the postcard receipt has been annotated to indicate that a particular item denoted on the postcard was not received by the USPTO, the postcard receipt will not serve as *prima facie* evidence of receipt of that item in the USPTO.

## 504    Assignment of Application for Examination

The Office of Initial Patent Examination assigns a nonprovisional application to the art unit to which it appears to belong. Provisional applications will not be examined.

## 505    "Office Date" Stamp of Receipt [R-3]

*37 CFR 1.6. Receipt of correspondence.*

(a) *Date of receipt and Express Mail date of deposit.* Correspondence received in the Patent and Trademark Office is stamped with the date of receipt except as follows:

(1) The Patent and Trademark Office is not open for the filing of correspondence on any day that is a Saturday, Sunday, or Federal holiday within the District of Columbia. Except for correspondence transmitted by facsimile under paragraph (a)(3) of this section, or filed electronically under paragraph (a)(4) of this section, no correspondence is received in the Office on Saturdays, Sundays, or Federal holidays within the District of Columbia.

(2) Correspondence filed in accordance with § 1.10 will be stamped with the date of deposit as "Express Mail" with the United States Postal Service.

(3) Correspondence transmitted by facsimile to the Patent and Trademark Office will be stamped with the date on which the complete transmission is received in the Patent and Trademark Office unless that date is a Saturday, Sunday, or Federal holiday within the District of Columbia, in which case the date stamped will be the next succeeding day which is not a Saturday, Sunday, or Federal holiday within the District of Columbia.

(4) [Reserved]

*****

The United States Patent and Trademark Office (Office) stamps papers and fees with the date of their receipt in the Office. The stamp is referred to as the "Office Date" stamp.

When the last day for taking any action or paying any fee in the Office falls on a Saturday, Sunday, or a Federal holiday within the District of Columbia, the action or the fee is considered timely if the action is taken or the fee is paid on the next succeeding business day.

Effective November 29, 1999, Public Law 106-113 amended 35 U.S.C. 119(e)(3) to extend the period of pendency of a provisional application to the next succeeding business day if the day that is 12 months after the filing date of a provisional application falls on a Saturday, Sunday, or Federal holiday within the District of Columbia. See also 37 CFR 1.7(b). 35 U.S.C. 119(e)(3) as amended by Public Law 106-113 applies to any provisional application filed on or after June 8, 1995 but has no effect on any patent which is the subject of litigation in an action commenced before November 29, 1999.

New patent applications filed in accordance with 37 CFR 1.10 will be stamped by the Office with the date of deposit as "Express Mail" with the United States Postal Service. For example, if a new patent application is deposited in "Express Mail" in accordance with 37 CFR 1.10 on a Saturday and the United States Postal Service gives it a date of deposit of Saturday, the Office will accord and stamp the correspondence with the Saturday date. 37 CFR 1.6(a)(2).

If an application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP § 506), the "Office Date" stamp establishes the "filing date." Applications will not be accepted and stamped in the Technology Centers. They must be date stamped at the Customer **>Service< Window. See MPEP § 502.

## 506    Completeness of Original Application [R-5]

*37 CFR 1.53.  Application number, filing date, and completion of application.*

(a) *Application number.* Any papers received in the Patent and Trademark Office which purport to be an application for a patent will be assigned an application number for identification purposes.

(b) *Application filing requirements - Nonprovisional application.* The filing date of an application for patent filed under this section, except for a provisional application under paragraph (c) of this section or a continued prosecution application under paragraph (d) of this section, is the date on which a specification as prescribed by 35 U.S.C. 112 containing a description pursuant to § 1.71 and at least one claim pursuant to § 1.75, and any drawing