IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| F. HOFFMANN-LA ROCHE LTD, a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN LA ROCHE INC., a New Jersey Corporation, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No.: 1:05-cv-12237 WGY

**AMGEN'S BENCH MEMORANDUM RESPONDING TO ROCHE'S BENCH MEMORANDUM REGARDING JURY CONSIDERATION OF PRIOR ART EVIDENCE**

Roche appears to be contending that if a document is admitted into evidence, it is the sole role of the jury is to use that document for any purpose, including as prior art for its anticipation or obviousness analysis.[1] This position confuses the standards for admissibility of evidence generally with the additional burden Roche bears of proving by clear and convincing evidence that a piece of evidence is prior art under 35 U.S.C. § 102.[2] Roche's request would allow it to avoid its burden of proof, and permit the jury to commit error by considering evidence that is not prior art for purposes of the jury's anticipation or obviousness analysis.

In addition to bearing the burden of proving by clear and convincing evidence that a claim is invalid for lacking novelty or nonobviousness, a patent challenger bears the burden of

---

[1] Roche provided the court with its bench memorandum during the hearing of October 10, 2007. Amgen cannot locate a docket number showing that the Roche bench brief was filed and thus is not able to reference a docket number.

[2] *See Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1578 (Fed. Cir. 1996) (accused infringer bore the burden of proving art was prior art by clear and convincing that art was prior art); *Ampex Corp. v. Eastman Kodak Co.*, 461 F. Supp. 2d 226, 228 (D. Del. 2006) (defendant bore the burden of proving by clear and convincing evidence that alleged art was prior art under Section 102(a) and (b).

MPK 133660-1.041925.0023                   1                   PLAINTIFF'S BENCH memo re SUBSEQUENT ART
CIVIL ACTION NO. 1:05-CV-12237 WGY
dockets.Justia.com

also providing by clear and convincing evidence that the art on which it seeks to rely to invalidate the patent qualifies as prior art. *C.R. Bard* illustrates this requirement. There, the Federal Circuit made clear that the burden of proof remained on the challengers to establish clearly and convincingly that a published catalog satisfied the requirements of Section 102 (a).[3] Likewise, in *Innovative Scuba Concepts v. Feder Industries*, the Federal Circuit made clear that the "role of the trial court is to determine whether the challenger has carried its burden."[4]

Roche claims there is no basis in the law for treating this evidence differently and the jury may consider any admitted evidence "for all issues to which it is relevant." Roche is wrong as the foregoing authorities establish. Roche's burden of proving the admissibility of evidence under Evidence Rule 402 is not the same as proving by clear and convincing evidence that admitted art is prior art under 35 U.S.C. §102.[5] Roche legally cannot work its way around clear and convincing evidence burden under the guise that the evidence has been admitted and thus automatically available for the jury's consideration on validity.[6]

The cases that Roche relies upon do not support its argument. None of these cases allowed a jury to consider all admitted evidence in determining the validity of the patent. *United States v. Costa*, 947 F.2d 919 (11th Cir. 1991) is a criminal law case. *Snellman v. Ricoh*, 862 F. 2d 283, 289 (Fed. Cir. 1988) discussed evidence considered by a jury on the issue of monetary damages. *National Steel Car, Ltd. v. Canadian Pacific Railway*, *Ltd.,* 357 F.3d 1319, 1335 (Fed. Cir. 2004) did not involve a jury trial but instead addressed the issue of whether the district court erred in granting a preliminary injunction on the basis that accused infringer's invalidity defenses lacked merit. *In re Beattie*, 974 F.2d 1309, 1311 (Fed. Cir. 1992) discussed art that had been determined to be "prior art" and not whether the jury is entitled to view all evidence admitted in determining validity. *Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1579, n.42 (Fed. Cir. 1987) involved a bench trial and noted that what a prior art patent teaches is a finding of fact.

---

[3] *Mahurkar*, 79 F.3d 1572, 1578
[4] *Id.* 26 F.3d 1112, 1115 (Fed. Cir. 1994)
[5] *Mahurkar*, 79 F.3d at 1578; *Ampex*, 461 F.Supp. 2d at 228
[6] *See Id.*

Finally, *Macrovision Corp v. VSA, Ltd.*, 1990 U.S. Dist. LEXIS 6015 at *13 (D. Or. May 7, 1990) denied accused infringer's summary judgment motion, concluding that the alleged art is not prior art. Accordingly, these cases do not support Roche's request for the jury to consider all admitted evidence (non art, prior art, and non prior-art) in determining validity of the patents-in-suit.

    For the above reasons, the Court should deny Roche's request.

DATED: October 12, 2007

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
Kimberlin L. Morley
Erica S. Olson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-5000

Respectfully Submitted,

AMGEN INC.,

*/s/ Michael R. Gottfried*
D. Dennis Allegretti (BBO# 545511)
Michael R. Gottfried (BBO# 542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
Telephone:  (857) 488-4200
Facsimile:   (857) 488-4201

Lloyd R. Day, Jr. (pro hac vice)
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA  95014
Telephone:  (408) 873-0110
Facsimile:   (408) 873-0220

William G. Gaede III (pro hac vice)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA  94304
Telephone:  (650) 813-5000
Facsimile:   (650) 813-5100

Kevin M. Flowers (pro hac vice)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL  60606
Telephone:  (312) 474-6300
Facsimile:   (312) 474-0448

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

        */s/ Michael R. Gottfried*

        Michael R. Gottfried