# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> F. HOFFMANN-LA ROCHE, LTD., ROCHE DIAGNOSTICS GMBH, and HOFFMANN-LA ROCHE, INC. <br><br> Defendants. | Civil Action No. 05-CV-12237 WGY |

### ROCHE'S BENCH MEMORANDUM REQUESTING JURY INSTRUCTION REGARDING AMGEN'S FAILURE TO PROFFER SECONDARY CONSIDERATION EVIDENCE OF THE FAILURE OF OTHERS SIMILARLY SITUATED TO THE INVENTOR

Roche submits this bench memorandum to request that the Court instruct the jury regarding the standard for "failure of others," a secondary consideration of non-obviousness. As Amgen's only offer of proof on this matter is clearly insufficient, Amgen should be foreclosed from arguing to the jury that failure by others is in any way indicative of non-obviousness of the patents-in-suit.

For this issue, Amgen only presented evidence through Dr. Orkin and his failure to develop the claimed invention. Roche does not dispute his failure; rather, Amgen has presented no evidence suggesting this failure was due to anything other than the fact that unlike Dr. Lin, Dr. Orkin did not have sufficient amounts of Dr. Goldwasser's EPO protein for sequencing. Dr. Orkin admitted as much in his testimony. (Orkin 1603:20-1604:1, 1604:17-22, 1605:24-1606:1, 1607:23-25, 1649:6-1653:6; TRX 2097). To establish the failure of others one must prove failure of others "similarly situated to the inventor to create the patented subject matter."

1

*Indecor v. Fox-Wells & Co., Inc.,* 642 F. Supp. 1473, 1488 (S.D.N.Y. 1986), citing *Graham v. John Deere Co.,* 383 U.S. 1, 17-18 (1966) and *Simmons Fastener Corp. v. Illinois Tool Works, Inc.,* 739 F.2d 1573, 1574-75 (Fed. Cir. 1984), *cert. denied* 471 U.S. 1065 (1985).

In determining similar situation, courts look to when relevant technology used by the inventor first became available. *See Carl Schenck, A.G. v. Nortron Corp.,* 570 F. Supp. 810, 813 (M.D. Tenn. 1982) ("An invention . . . which was discovered after the failure of others in similar efforts is more likely to be non-obvious. Such an inference is rebutted, however, if the invention incorporates an element not previously available to inventors.") For example, the question of whether or not it was obvious to clone erythropoietin has to be measured from when cloning was first enabled. Failure of others is only relevant once all technology enabling the relevant invention is available. As Amgen's sole witness on this topic admits that he lacked sufficient EPO protein to conduct the necessary experiments, Dr. Orkin cannot be considered "similarly situated" to Dr. Lin as Orkin's failure was not due to a lack of inventiveness but a lack of available resources. Accordingly, his failure cannot be linked to any of the claims of the patents-in-suit.

In accordance with this memorandum, Amgen has failed to demonstrate failure of others who were similarly situated to Lin at the time of invention. Accordingly, the jury should be instructed in accordance with Roche's proposed jury instructions (*see* D.I. 1343, Roche's Proposed Jury Instruction 4.11) as well as the principles set forth in this memorandum.

DATED:    October 12, 2007

        F. HOFFMANN-LA ROCHE LTD,
        ROCHE DIAGNOSTICS GMBH, and
        HOFFMANN-LA ROCHE INC.

        By its attorneys,

        /s/ Patricia A. Carson
        Leora Ben-Ami (*pro hac vice*)
        Patricia A. Carson (*pro hac vice*)
        Thomas F. Fleming (*pro hac vice*)
        Howard S. Suh (*pro hac vice*)
        Christopher T. Jagoe (*pro hac vice*)
        Vladimir Drozdoff (*pro hac vice*)
        Peter Fratangelo (BBO# 639775)
        Krista M. Rycroft (*pro hac vice*)
        KAYE SCHOLER LLP
        425 Park Avenue
        New York, New York 10022
        Tel. (212) 836-8000

        and

        Lee Carl Bromberg (BBO# 058480)
        Julia Huston (BBO# 562160)
        Keith E. Toms (BBO# 663369)
        Nicole A. Rizzo (BBO# 663853)
        BROMBERG & SUNSTEIN LLP
        125 Summer Street
        Boston, MA 02110
        Tel. (617) 443-9292

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

        /s/ Thomas F. Fleming
        Thomas F. Fleming