UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05-12237 WGY |
| v. ) | |
| ) | |
| F. HOFFMANN-LA ROCHE ) | |
| LTD., a Swiss Company, ROCHE ) | |
| DIAGNOSTICS GmbH, a German ) | |
| Company and HOFFMANN-LA ROCHE ) | |
| INC., a New Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |

**AMGEN'S BENCH MEMORANDUM TO PRECLUDE
ROCHE FROM INTRODUCING TESTIMONY OF DR. LONGMORE
THAT IS CONTRARY TO THE COURT'S PRIOR ORDERS REGARDING
SAFETY, DOSING, UNDISCLOSED FDA COMMUNICATIONS, AND WHETHER
MIRCERA CONTAINS HUMAN EPO**

In accordance with this Court's prior Orders regarding the admissibility and relevance of certain categories of information, Roche's expert witness, Dr. Longmore, should be precluded from introducing the following evidence or testimony regarding:

1) Safety, efficacy or dosing of peg-EPO, and clinical comparisons with other ESAs,[1]

2) FDA communications or post-filing submissions to the FDA not produced to Amgen,[2]

3) Claims that MIRCERA does not comprise human EPO.[3]

---

[1] *See* Amgen Inc.'s Motion Preclude Roche from Introducing Evidence or Testimony Regarding the Safety or Efficacy of PEG-EPO Because Roche has Asserted that these Topics are Irrelevant and on that Basis Denied Amgen Fulsome Discovery, Docket No. 1265, Granted 10/4/07.

[2] *See* Amgen's Motion *in Limine* No. 13: Exclude Evidence and Argument Regarding Roche's FDA Filings and Communications Withheld Throughout Fact Discovery, Docket No. 856, Granted 9/24/07.

[3] *See* Amgen's Motion *in Limine* To Preclude Roche From Claiming During The Infringement Case That (1) MIRCERA Does Not Comprise Human EPO, In Contradiction Of This Courts Finding Of Infringement On Claim 1 Of The 422 Patent And (2) That European Regulatory Approval Has Any Relevance To The Claims In This Lawsuit, Docket No. 1251, Granted

814092

**ARGUMENT**

Dr. Longmore should be precluded from testifying about the clinical benefits of peg-EPO, including its dosing regimen. This Court previously granted Amgen's motion to preclude testimony regarding:

> "[A]rgument or evidence related to the safety and efficacy of its accused product—including dosing regimens, perceived clinical benefits, and clinical improvements over established ESAs."[4]

Dr. Longmore discusses these issues in the following paragraphs of his May 11, 2007 expert report: ¶¶168-186 (clinical benefits); ¶¶80-81 (injection frequency); ¶126 (CERA immunogenicity); ¶142 (dosing and quality of life); ¶143 (medical benefits); ¶147 (dosing); ¶¶213-214 (dosing). Roche also disclosed to Amgen in its evidentiary disclosures for Dr. Longmore's direct examination numerous demonstratives describing injection frequency (GL-4, GL-5, GL-6, GL-7, GL-31, GL32, GL-34) – further proof that Roche intends to elicit this prohibited testimony.

Dr. Longmore should also be precluded from testifying about FDA communications not produced to Amgen. This Court previously granted Amgen's motion to preclude testimony regarding:

> "The potential FDA approved label and uses of peg-EPO," including "supplemental BLA submissions," post-filing evidence relating to the safety of peg-EPO, and expert testimony relying on such post-filing submissions.[5]

Dr. Longmore discusses FDA "certification" in ¶86 of his May 11, 2007 expert report, but never explains or provides a basis for this testimony. This testimony should be excluded as unsupported by any FDA-related document produced by Roche in this litigation.[6]

---

10/2/07.
[4] *Supra* note 1.
[5] *Supra* note 2.
[6] *See also* Plaintiff Amgen Inc.'s Motion to Preclude Roche's Experts from Claiming Unproven

Finally, Dr. Longmore should be precluded from testifying that MIRCERA does not contain "human EPO." This Court previously granted Amgen's motion to preclude testimony regarding:

> "(1) [MIRCERA Does Not Comprise Human EPO, In Contradiction of This Courts Finding of Infringement on Claim 1 of the 422 Patent] only insofar as the claim may relate to claim 1 of the '422 patent."[7]

Dr. Longmore opines on this topic in the following paragraphs of his May 11, 2007 expert report: ¶¶ 25-26 and 206-211, and any such testimony should be excluded.

## CONCLUSION

For the foregoing reasons, Dr. Longmore should be precluded from testifying contrary to this Court's prior Orders on the topics noted above.

---

and Undisclosed FDA Certification, filed 10/14/07.
[7] *Supra* note 3.

October 15, 2007                                    Respectfully Submitted,

                                                    AMGEN INC.,
                                                    By its attorneys,


                                                    */s/ Michael R. Gottfried*
Of Counsel:                                         D. DENNIS ALLEGRETTI (BBO#545511)
                                                    MICHAEL R. GOTTFRIED (BBO#542156)
STUART L. WATT                                      PATRICIA R. RICH (BBO#640578)
WENDY A. WHITEFORD                                  DUANE MORRIS LLP
MONIQUE L. CORDRAY                                  470 Atlantic Avenue, Suite 500
DARRELL G. DOTSON                                   Boston, MA  02210
KIMBERLIN L. MORLEY                                 Telephone:    (857) 488-4200
ERICA S. OLSON                                      Facsimile:    (857) 488-4201
AMGEN INC.
One Amgen Center Drive                              LLOYD R. DAY, JR. (*pro hac vice*)
Thousand Oaks, CA   91320-1789                      DAY CASEBEER
(805) 447-5000                                      MADRID & BATCHELDER LLP
                                                    20300 Stevens Creek Boulevard, Suite 400
                                                    Cupertino, CA  95014
                                                    Telephone:    (408) 873-0110
                                                    Facsimile:    (408) 873-0220

                                                    WILLIAM GAEDE III (*pro hac vice*)
                                                    McDERMOTT WILL & EMERY
                                                    3150 Porter Drive
                                                    Palo Alto, CA 94304
                                                    Telephone:    (650) 813-5000
                                                    Facsimile:    (650) 813-5100

                                                    KEVIN M. FLOWERS (*pro hac vice*)
                                                    MARSHALL, GERSTEIN & BORUN LLP
                                                    233 South Wacker Drive
                                                    6300 Sears Tower
                                                    Chicago IL 60606
                                                    Telephone:    (312) 474-6300
                                                    Facsimile:    (312) 474-0448


814065

CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.  By agreement of the parties, paper copies will not be sent to those indicated as non-registered participants.

                                            */s/ Michael R. Gottfried*
                                            Michael R. Gottfried

814065