## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: 05 Civ. 12237 WGY |
| ) | |
| F. HOFFMANN-LA ROCHE, LTD, ROCHE ) | |
| DIAGNOSTICS GmbH, and HOFFMANN- ) | |
| LA ROCHE INC., ) | |
| Defendants. ) | |
| ) | |
| ) | |

## ROCHE'S OPPOSITION TO AMGEN'S BENCH MEMORANDUM
## TO EXPLAIN THE RELEVANCE OF EXHIBIT EYV (DI 1360)

In denying Amgen's previous motion seeking to admit a slightly different version of Exhibit EYV, the Court correctly concluded that the document on its face is not relevant to this case. Nothing Amgen says in its second attempt to admit this document shows that this PowerPoint presentation by a person unknown to Roche containing multiple levels of hearsay should be admitted.

Exhibit EYV is unquestionably hearsay. Amgen fails to demonstrate how any recognized exception applies to justify admission of this document. There is no testimony about who prepared this document, how it was prepared, or what information it was based upon. Moreover, the document itself plainly contains double hearsay that is similarly not subject to any exception. Numerous slides in the PowerPoint contain statements that are "adopted" from other declarants. See R003265596-97). Amgen fails to even attempt to explain how these double hearsay statements are admissible. Thus, this document can have no relevance without any foundation for the admission of these hearsay statements.

Nor is Amgen correct that the document is a Roche admission, as it claimed in its original attempt to admit this PowerPoint. Amgen incorrectly claims that the author – identified on the document as Kiyo Nakai -- is an employee of "Chugai Pharmaceutical Co., Ltd" and that Chugai Pharmaceutical is "Roche's subsidiary." As this Court has found throughout this trial, Chugai Pharmaceutical is not Roche – nor is it a Roche subsidiary.[1] To the contrary, Chugai Pharmaceutical is an independent corporation in which an entity not a defendant here -- Roche Pharmholding B.V. owns stock. Chugai Pharmaceutical has other shareholders and its own independent board of directors.

Moreover, even a cursory glance at exhibit EYV reveals that Nakai is not even an employee of Chugai Pharmaceutical but of Chugai Clinical Research Center ("CCRC"), a different entity from even Chugai Pharmaceuticals that was established in 2004.[2] When established, CCRC was made up of both Chugai employees that were seconded to CCRC, and its own employees. *Id.* In light of these facts, which Amgen conveniently ignores, any claim that EYV is admissible as a Roche party admission is baseless.

Aside from being inadmissible, EYV is irrelevant. The document is littered with references to "suggested elimination pathways" and "speculative diagrams."[3] Based on the document text, the speculation does not even relate to the product accused in this litigation but instead, a version

---

[1] Apparently unable to decide on how to portray Chugai Pharmaceutical. Amgen -- in its original motion to admit the Nakai presentation (D.I. 1303) -- characterized Chugai Pharmaceutical as Roche's partner. This is incorrect. Chugai Pharmaceutical and Roche do not have a partnership agreement, nor have they ever had one. Moreover, while it is true that the scope of F.R.E. 801(d)(2)(D) is not limited to formal partnerships, the only evidence that Amgen presented in that motion to show an agency relationship between Roche and Chugai Pharmaceutical was drawn from statements contained on the Roche and Chugai Pharmaceutical websites. This is a legally insufficient basis to establish that Chugai Pharmaceutical is an agent of Roche. *United States v. Bensinger Co.*, 430 F.2d 584, 593 (8th Cir. 1970). ("It is a universally accepted rule of evidence that the fact of agency may not be proved by the alleged agent's extra-judicial statements.").

[2] See "Notice of the Establishment of Chugai Clinical Research Center Co., Ltd" available at http://www.chugai-pharm.co.jp/generalPortal/pages/detailTypeTable.jsp;jsessionid=AKTOQJ1NIW2E2CSSUIHCFEQ?documentId=doc_3905&lang=en

[3] *See e.g.,* R003265592, R003265591, R003265598, R003265812.

of CERA that has been altered by the attachment of radioactive carbon.[4] This document, which apparently does not even deal with the product at issue in this case is both inadmissible and irrelevant.

## CONCLUSION

For the reasons set forth above, the Court should deny the admission of Exhibit EYV.

Dated: October 15, 2007
       Boston, Massachusetts

Respectfully submitted,

F. Hoffmann-La Roche, Ltd, Roche Diagnostics GmbH, and Hoffmann-La Roche Inc.

By their Attorneys,

*/s/ Thomas F. Fleming      g*
Leora Ben-Ami (*pro hac vice*)
Mark S. Popofsky (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)
Kaye Scholer LLP
425 Park Avenue
New York, New York  10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Timothy M. Murphy (BBO# 551926)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA  02110
Tel. (617) 443-9292
nrizzo@bromsun.com

---

[4] *See e.g..*, R003265593, R003265601.

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

*/s/ Thomas F. Fleming*
Thomas F. Fleming