# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| F. HOFFMANN-LA ROCHE LTD, a ) | Civil Action No.: 1:05-cv-12237 WGY |
| Swiss Company, ROCHE DIAGNOSTICS ) | |
| GMBH, a German Company, and ) | |
| HOFFMANN LA ROCHE INC., a New ) | |
| Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### AMGEN'S OPPOSITION TO ROCHE'S BENCH MEMORANDUM[1] REGARDING ITS PROPOSED JURY INSTRUCTION THAT CONTEMPORANEOUS INVENTION BY OTHERS IS A CONSIDERATION FAVORING OBVIOUSNESS

Roche's proposed supplemental jury instruction 4.13[2] regarding simultaneous invention as a factor indicating obviousness is inappropriate in this trial and should not be given to the jury.[3] The instruction rests (1) on the reading of Dr. Fritsch's deposition testimony to the jury allegedly establishing Fritsch's simultaneous invention and (2) that Drs. Baron, Eschbach or Essers were working toward an alleged predicable solution. Dr. Fritsch's work at Genetics Institute is not a simultaneous invention with Dr. Lin's efforts (as the Federal Circuit and the PTO have found) and is thus irrelevant to the Jury's consideration of obviousness. Moreover, including arguments about Drs. Baron, Goldwasser and Eschbach as working on a finite number

---

[1] D.I. 1342.

[2] D.I. 1343-39.

[3] *See also* (D.I. 1031) (Amgen's Bench Memorandum Regarding Fritsch Deposition Testimony).

of predictable solutions in a jury instruction is misleading and nothing more than a reflection of Roche's contentions, rather than a proper statement of law to the Jury.

As to Dr Fritsch, Roche's argument has no merit. Roche ignores that in Dr. Fritsch's deposition testimony read to the jury, Dr. Fritsch stated that he isolated a DNA sequence encoding human EPO in August 1984 -- approximately 10 months after Dr. Lin successfully isolated the EPO DNA sequence, and approximately 8 months after Dr. Lin filed his initial patent application on his inventions on December 13, 1983, and his triumph and approach had been announced to the world.[4] Roche further ignores the testimony from Dr. Lin and Dr. Browne that showed Dr. Lin isolated EPO DNA, transfected cells with the DNA, expressed EPO from these cells and demonstrated in vivo biological activity all before Dr. Fritsch even isolated the EPO DNA. With no actual facts supporting its contention, Roche offers only conclusory statements from factually inapposite cases to support its unsound stretch of the applicability of "contemporaneous invention."

Evidence of a contemporaneous invention, in and of itself, is never sufficient to establish that an invention was obvious at the time that it was made.[5] Moreover, "contemporaneous development that occurs after the date of the patented invention, however, will almost never be probative of the ultimate conclusion of obviousness."[6] Dr. Fritsch's actions ten months after Dr. Lin isolated the EPO DNA offer no probative value to the obviousness inquiry.

The two cases that Roche's Bench Memorandum cites actually support Amgen's position that this evidence is irrelevant to simultaneous invention because in both cases, the alleged acts occurred prior to the date of invention, as compared to well after, which is the case here.

---

[4] Trial Tr. 355:19-356:17; 360:5-360:21; Trial Ex. 11.

[5] *See, e.g., Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1380 n.4 (Fed. Cir. 1986) (The simultaneous development of a similar invention may or may not be indicative of obviousness depending on the surrounding circumstances and the other evidence in the case.).

[6] *Eli Lilly & Co. v. Teva Pharms. U.S.A., Inc.*, 2004 U.S. Dist. LEXIS 14724, *120 (S.D. Ind. 2004); *see Hybritech*, 802 F.2d at 1380 n.4 (contemporaneous development a year after the filing date of a patent is "of little probative value").

*Monarch Knitting Machinery Corp. v. Sulzer Morat GMBH* is inapposite because the court found that two undisclosed inventions both ***prior*** to the invention of the patent there-in-suit, were evidence of contemporaneous invention.[7]  *Minnesota Mining & Mfg. Co. v. Research Med., Inc.* is inapplicable as the court there found that ***numerous*** independent doctors had developed the same invention ***before*** 3M.[8]  Roche fails to establish that Dr. Fritsch's later actions constitute a "contemporaneous invention."

Roche's final sentence regarding a "finite number of predictable solutions to the same problem" and reliance on *KSR Int'l. Co. v. Teleflex Inc.* is argumentative and inappropriate because Dr. Lin's inventions were not predictable solutions and that case did not address "contemporaneous invention."[9]  There is no evidence in this record of a number of identifiable and predictable paths.  Indeed, such a finding would be contrary to the Federal Circuit's decision in *Amgen v. Chugai*.[10]  "What cannot be contemplated or conceived cannot be obvious."[11]  Conception is a matter of law.  The *Amgen* court held that conception of EPO DNA sequence structure could not have occurred until Dr. Lin isolated the gene itself in October 1983.  This *Amgen* holding is binding on the parties on principles of *stare decisis*.  As a matter of law, since the EPO gene could not be conceived until Dr. Lin isolated it (an undisputed fact), it cannot be obvious and thus there could not have been a number of predictable solutions.  This accords with the general principle that the biotechnology arts are unpredictable.

A *prima facie* showing of obviousness of a claim reciting a DNA sequence requires a prior art compound structurally similar to the recited human EPO DNA, and some suggestion,

---

[7] 139 F.3d 877 (Fed. Cir. 1998) (Plaintiff's initial patent filing was May 12, 1978.  The court considered two independent engineering diagrams, both dated before the invention, March 1, 1978 and December 8, 1976, as contemporaneous invention relevant to obviousness.).

[8] 679 F. Supp. 1037, 1056-57 (D. Utah 1987) ("The sole secondary consideration asserted by RMI is that related to the ***widespread***, independent and simultaneous ***prior discovery*** of the claimed invention by other . . . surgeons who developed their own catheters." (emphasis added)).

[9] 127 S. Ct. 1727, 1742 (2007).

[10] *Amgen v. Chugai,* 927 F.2d 1200 (Fed. Cir. 1991).

[11] *In re Deuel,* 51 F.3d 1552 (Fed. Cir. 1995).

motivation or reason to modify the structurally similar prior art compound to make the recited human EPO DNA.[12]  Roche has presented no evidence of a prior art compound that was structurally similar to the EPO DNA through which a predictable path would lead to that compound's modification to make the EPO DNA  As the Federal Circuit held in *Amgen v. Chugai*, a research plan for isolating the EPO DNA sequence is insufficient to establish conception of the EPO DNA sequence.  Thus, any instruction on predictability would be contrary to governing Federal Circuit case law in this art and with respect to the very DNA sequence at issue, and thus should not be given.

In addition, and as to the language that Drs. Baron, Eschbach or Essers were "working toward the same solution," the evidence does not support that.  For example, administration of sheep plasma is not a predictable solution as compared to the inventions Dr. Lin achieved by developing bioactive, recombinantly produced human EPO.  Moreover, this statement is nothing more than a Roche contention, and has no place in a jury instruction stating as a matter of law that these doctors were working toward the same solution.

For the forgoing reasons, the Court should reject Roche's instruction regarding contemporaneous invention.

DATED:    October 15, 2007

Of Counsel:

Stuart L. Watt
Wendy A. Whiteford
Monique L. Cordray
Darrell G. Dotson
Kimberlin L. Morley
Erica S. Olson
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-5000

Respectfully Submitted,

AMGEN INC.,

/s/ Michael R. Gottfried
D. Dennis Allegretti (BBO# 545511)
Michael R. Gottfried (BBO# 542156)
Patricia R. Rich (BBO# 640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
Telephone:  (857) 488-4200
Facsimile:   (857) 488-4201

---

[12]  *In re Dillon,* 919 F.2d 688 (Fed Cir. 1990); *In re Deuel,* 51 F.3d 1552 (Fed. Cir. 1995).  The *Dillon/Deuel* standard was reaffirmed by the Federal Circuit after the Supreme Court's decision in *KSR* in *Takeda Chem. Ind. Ltd v. Alphapharm Pty, Ltd,* 492 F.3d 1350 (Fed. Cir. 2007).

Lloyd R. Day, Jr. (pro hac vice)
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

William G. Gaede III (pro hac vice)
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

Kevin M. Flowers (pro hac vice)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

          */s/ Michael R. Gottfried*

          Michael R. Gottfried