# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05 CV 12237 WGY |
| | ) |
| F. HOFFMANN-LAROCHE LTD., | ) |
| a Swiss Company, ROCHE DIAGNOSTICS | ) |
| GMBH, a German Company, and | ) |
| HOFFMANN LAROCHE INC., a New | ) |
| Jersey Corporation, | ) |
| | ) |
| Defendants. | ) |

### AMGEN INC.'S MOTION *IN LIMINE* TO PRECLUDE GREGORY D. LONGMORE, M.D. FROM OFFERING OPINIONS BASED ON A CLAIM CONSTRUCTION THAT IS INCONSISTENT WITH THE COURT'S CLAIM CONSTRUCTION OF THE CLAIM TERMS "ISOLATING" AND "COMPRISING," AS SET FORTH IN THE ASSERTED '698 AND '868 CLAIMS

Roche's expert, Dr. Longmore, offers non-infringement opinions regarding Dr. Lin's '698 and '868 claims based on the assumption that these claims are limited to processes that result in crude EPO isolates, to the exclusion of purified EPO preparations or processes that include additional steps that would allow for the addition of peg to EPO. Dr. Longmore does this in two ways, both of which contradict the Court's July 3, 2007 *Markman* Memorandum and Order. First, Dr. Longmore opines that the human EPO in MICERA is materially changed because the "isolating" step of the asserted '868 and '698 claims[1] excludes further process steps beyond those recited in the claims.[2] But, the Court's construction of "isolating" is not limited to

---

[1] '349 Claim 7 does not include an "isolating" step and should not be affected by Dr. Longmore's opinion on this issue.

[2] *See generally*, 5/10/07 Longmore Report, ¶ 103.

steps that only allow for the separation or EPO from cellular material. Second, he ignores that the asserted claims all use the open-ended term "comprising" when listing the steps of the claimed process.

Regarding the term "isolating," contrary to Dr. Longmore's opinion, the Court's construction does not exclude the possibility that "purifying" is encompassed within the term "isolating." Rather, the Court simply recognized that "purifying" and "isolating" are not synonymous, and distinguish between, on the one hand, steps that can be satisfied only if a pure product results (*i.e.,* "purifying") from, on the other hand, steps that merely require separation but are not limited only to "separated" products (*i.e.,* "isolating"), but may also include within their broader scope "purified" products.[3]

More to the point, Dr. Longmore's construction ignores the "comprising" language of the preamble, which expressly renders the claim process open-ended.[4] As construed by the Court, Dr. Lin's asserted process claims, all of which use "comprising," are "open" and require only that the process "contain the named elements."[5] In so ruling, the Court rejected Roche's attempt to preclude from the claimed processes the performance of additional steps, "leav[ing] open for later the discussion and argument to determine whether the additional steps Roche/Hoffmann apparently uses 'materially change' the accused product."[6] The Court would not have so commented had it intended to limit Dr. Lin's claim as Dr. Longmore opines.

---

[3] *Id.* Contrary to Dr. Longmore's contention that Amgen's statements during an interference exclude from the claims processes that yield a pure product, Amgen's prior statements are not so limiting and are consistent with this position.

[4] D.I. 613 at 28.

[5] *Id.*

[6] *Id.*

Roche, through its expert Dr. Longmore, should not be allowed to improperly limit the Court's construction of the term "isolating" or read out of Dr. Lin's process claims the term "comprising" or the Court's construction of such term.[7] Amgen therefore respectfully requests that this Court should preclude Dr. Longmore from offering the opinion that Dr. Lin's asserted process claims ('698 claims 6-9, '868 claims 1-2, and '349 claim 7) should be read as "closed" ended or as limited to methods for making "crude EPO isolates."

---

[7] As the Federal Circuit has held, because an expert report is generated in connection with litigation it can be biased and therefore, the Court should not rely upon it for determining the construction of the claims. *Phillips v. AWH Corp.,* 415 F.3d 1303, 1318 (Fed. Cir. 2005) ("[A] court should discount any expert testimony 'that is clearly at odds with the claim construction mandated by the claims themselves, the written description, and the prosecution history, in other words, with the written record of the patent.'").

Dated: October 15, 2007                     Respectfully Submitted,

                                            AMGEN INC.,
                                            By its attorneys,


                                            */s/ Michael R. Gottfried*
Of Counsel:                                 D. DENNIS ALLEGRETTI (BBO#545511)
                                            MICHAEL R. GOTTFRIED (BBO#542156)
                                            PATRICIA R. RICH (BBO#640578)
STUART L. WATT                              DUANE MORRIS LLP
WENDY A. WHITEFORD                          470 Atlantic Avenue, Suite 500
MONIQUE L. CORDRAY                          Boston, MA 02210
DARRELL G. DOTSON                           Telephone:    (857) 488-4200
KIMBERLIN L. MORLEY                         Facsimile:    (857) 488-4201
ERICA S. OLSON
AMGEN INC.                                  LLOYD R. DAY, JR
One Amgen Center Drive                      DAY CASEBEER
Thousand Oaks, CA   91320-1889              MADRID & BATCHELDER LLP
(805) 447-5000                              20300 Stevens Creek Boulevard, Suite 400
                                            Cupertino, CA 95014
                                            Telephone:    (408) 873-0110
                                            Facsimile:    (408) 873-0220

                                            WILLIAM GAEDE III
                                            McDERMOTT WILL & EMERY
                                            3150 Porter Drive
                                            Palo Alto, CA 94304
                                            Telephone:    (650) 813-5000
                                            Facsimile:    (650) 813-5100

                                            KEVIN M. FLOWERS
                                            MARSHALL, GERSTEIN & BORUN LLP
                                            233 South Wacker Drive
                                            6300 Sears Tower
                                            Chicago IL 60606
                                            Telephone:    (312) 474-6300
                                            Facsimile:    (312) 474-0448

4

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

*/s/ Michael R. Gottfried*
Michael R. Gottfried

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on October 15, 2007.

*/s/ Michael R. Gottfried*
Michael R. Gottfried