# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: 05 Civ. 12237 WGY |
| ) | |
| F. HOFFMANN-LA ROCHE LTD, ROCHE ) | |
| DIAGNOSTICS GmbH, and HOFFMANN- ) | |
| LA ROCHE INC., ) | |
| Defendants. ) | |
| ) | |
| ) | |

## ROCHE'S BENCH MEMORANDUM THAT THE DOCTRINE OF EQUIVALENTS DOES NOT APPLY TO INFRINGEMENT UNDER SECTION 271(G) AND THEREFORE TO THE ASSERTED CLAIMS OF THE '868, '698, OR '349 PATENTS

Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel. (617) 443-9292

*Counsel for*
*F. HOFFMANN-LA ROCHE, LTD, ROCHE*
*DIAGNOSTICS GMBH,*
*and HOFFMANN-LA ROCHE INC.*

**I.    INTRODUCTION**

Amgen cannot properly assert that Roche infringes under the doctrine of equivalents any of the asserted claims of U.S. Patent Nos. 5,441,868 ("the '868 patent"), 5,618,698 ("the '698 patent"), or 5,756,349 (the "'349 patent"), for the following reasons.

- Amgen's sole allegation is that Roche infringes the '868, '698, and '349 process claims under 35 U.S.C. § 271(g). The statutory defense to allegations of infringement under 35 U.S.C. § 271(g), "material change," necessarily subsumes any analysis of similarity or difference between the patented process and the accused subject matter, and renders the Doctrine of Equivalents irrelevant and inapplicable.

Amgen thus has no basis to claim infringement under the doctrine of equivalents for these process claims, and Amgen should not be permitted to argue nor should the jury be charged with respect to infringement by doctrine of equivalents for the asserted claims of the '868, '698 and '349 patents.

**II.    THE DOCTRINE OF EQUIVALENTS DOES NOT APPLY TO INFRINGEMENT UNDER 35 U.S.C. § 271(g)**

Since Roche does not make MIRCERA® in the United States, Amgen has only alleged infringement of its process patent claims against Roche under section 271(g). As to these claims of the process patents, therefore, Amgen cannot logically seek an instruction for a jury determination of infringement under the doctrine of equivalents.

Section 271(g) provides:

Whoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer, if the importation, offer to sell, sale or use of the product occurs during the term of such process patent. (35 U.S.C. § 271(g)).

Section 271(g) was added to Title 35 of the United States Code by the Process Patents Amendments Act of 1988 (PPAA), which was part of the Omnibus Trade and Competitiveness Act of 1988. The section represented a significant territorial expansion of United States patent

law. As a check to this expansion, however, Congress limited the scope of § 271(g) by excepting out certain imported products from infringement liability. Specifically, § 271(g) provides:

> A product which is made by a patented process will, for purposes of this title, not be considered to be so made after—
>
> (1) it is *materially changed* by subsequent processes; or
>
> (2) it becomes a trivial and nonessential component of another product.
> *Id.* (emphasis added).

In interpreting the intended scope and limitations of § 271(g), it is instructive to consult the legislative history of the PPAA. The Report of the Senate Committee on the Judiciary,[1] to whom the bill that ultimately became the PPAA was referred, contains an analysis of the amendments regarding the defenses provided under new § 271(g). The Committee was "sensitive to the concern that the bill might be abused for aggressive business purposes" and stated that "it should not simply be a weapon for patent holders to use indiscriminately to try to stop all entry of products that compete with products made by their patented process." *Id.* at 40. The Report characterizes the "materially changed" defense as "critical to understanding the scope of this legislation." *Id.* This defense was included in the statute with the specific purpose of giving guidance to Courts, which the Committee recognized would have to exercise careful judgment to distinguish "products that are too far removed from the patented process [to be considered infringing], and those that have been changed only in insignificant ways." *Id.* at 49.

Here, Roche has asserted as a defense to infringement that Roche does not use the process of the asserted claims to make MIRCERA® and, additionally, that MIRCERA®, the

---

[1]Congress has expressly designated this report as part of the legislative history of the Act that gave rise to §271(g). Sec. 2 Legislative History of H.R. 3 Applicable ("the legislative history of a title, subtitle, part, subpart, chapter, subchapter, section, or other provision of the conference report to accompany H.R. 3 of the 100th Congress (H. Rep. 100-576) shall be treated (along with any other legislative history developed by reason of this Act) as being the legislative history of...this Act.")

product for which Roche seeks FDA approval, is materially changed within the meaning of § 271(g). The "materially changed" inquiry of § 271(g) necessarily subsumes and renders moot the doctrine of equivalents, which is a common law doctrine that only applies where the equivalent represents an "insubstantial" change from the claim language. *Graver Tank & Manufacturing Co. v. Linde Air Products Co.,* 339 U.S. 605, 610 (1950). The doctrine of equivalents was judicially created in 1950 and was certainly well-known at the time Congress created § 271(g) in 1988. If Congress intended the doctrine of equivalents to apply under § 271(g), it could have so provided in the new statute, yet is chose not to.

If the doctrine of equivalents were first applied prior to analyzing the "materially changed" exception to § 271(g), an additional and impermissible level of "change" from the patented process would be added to the statute, causing products to incur infringement liability far beyond what Congress intended and the statute provides in clear terms. In other words, if the doctrine of equivalents were applied, an accused infringing product would infringe not only if the imported product had not been materially changed *from the product of the patented process* (the proper inquiry under the plain language of the statute), but also if the imported product had not been materially changed from any product of a different, non-patented, but "insubstantially changed" process. Such bootstrapping by the accusing patentee would illogically result in the exclusion of products far outside the scope of the asserted patent(s), and impermissibly expand liability under § 271(g) beyond what is indicated by the statutory language and Congressional intent.

To logically prevail on infringement of its process patents, therefore, Amgen must first show that Roche *literally* infringes their claims. Only if Amgen succeeds in proving that Roche's product literally meets every one of the limitations of the asserted process claims does

the inquiry proceed to the second showing Amgen must make -- that the imported product, MIRCERA®, has not been materially changed from the direct product of the claimed process. Amgen has failed to make even the first showing of literal infringement. In fact, on questions by the Court, Amgen's expert, Dr. Lodish, testified that there are differences between claim 1 of the '868 patent and Roche's process. *See, e.g.,* Trial Tr. 2413:12-16. Any argument based on infringement under the doctrine of equivalents of the asserted process claims is irrelevant, and should not be permitted. Likewise, the jury should not be charged on infringement of the asserted claims of the '868, '698 and '349 patents under the doctrine of equivalents.

## III.    CONCLUSION

The judicially created doctrine of equivalents does not apply to infringement under 35 U.S.C. § 271(g). Any differences between the actual process and the imported product are captured by the analysis regarding "material change." Amgen therefore should not be permitted to argue infringement under the doctrine of equivalents, and the jury should not be charged with respect to doctrine of equivalents of the asserted process claims of the '868, '698 and '349 patents.

Dated: October 14, 2007

Respectfully submitted,

F. HOFFMANN-LA ROCHE, LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

By its attorneys,

/s/ *Thomas F. Fleming*
Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)

Vladimir Drozdoff (*pro hac vice*)
Peter Fratangelo (BBO# 639775)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022
Tel. (212) 836-8000

and

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA  02110
Tel. (617) 443-9292

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

                                                   /s/ *Thomas F. Fleming*