# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>F. HOFFMANN-LA ROCHE LTD, ROCHE )<br>DIAGNOSTICS GmbH, and HOFFMANN- )<br>LA ROCHE INC., )<br>Defendants. )<br>)<br>) | Civil Action No.: 05 Civ. 12237 WGY |

## DEFENDANTS' OPPOSITION TO PLAINTIFF AMGEN INC.'S MOTION *IN LIMINE* TO GREGORY D. LONGMORE, M.D. FROM OFFERING OPINIONS BASED ON A CLAIM CONSTRUCTION OF THE CLAIM TERMS "ISOLATING" AND "COMPRISING," AS SET FORTH IN THE ASSERTED '698 AND '868 CLAIMS

In yet another attempt to improperly limit relevant expert testimony, Amgen asks this Court to preclude testimony of Dr. Longmore concerning his opinion that the precise purification process Roche developed does not result in a material change to the product of Amgen's '698 and '868 process claims. The motion should be flatly denied because whether or not Roche's purification process materially changes the "isolated" product of the process is an issue of fact and Roche has the right to present evidence and expert testimony to the jury on this point.

Ironically, Amgen in its brief has cited the key legal reason why Dr. Longmore's testimony should not be precluded. In construing the claim term "comprising" this Court made clear during oral argument, that the issue of whether Roche's additional steps materially change the accused product is open for discussion and argument.[1]

---

[1] D.I. 631 at 28.

Dr. Longmore will present relevant testimony on whether Roche's purification process materially changes the product of the process. Amgen incorrectly paraphrases the content of Dr. Longmore's expert report. Rather than opining at length on whether the "isolating" step does or does not include purification, the bulk of Dr. Longmore's report on this issue lays out specific facts relating to material changes to the product of the process. Namely, that the starting material Roche uses is materially changed by Roche's specialized 5-step purification process in at least the following ways: (1) it is free of virtually any host cell contaminants that might render other products of the process unsuitable for humans and (2) unlike the product of the process which has fourteen isoforms, Roche's product has predominantly six isoforms which increases *in vivo* biological activity.

Dr. Longmore's opinion on material change does not center on any assumption. He provides concrete bases for his opinion that material change lies in the specificity and complexity of the purification processes that Roche developed, as compared to other products of the process that may be crude and unsuitable for use in humans. In fact in the report paragraphs cited by Amgen on this issue, there is no mention of a limitation on Amgen's process claims. There are however, citations to several BLA pages providing detail about Roche's five-step purification process and the affect of selecting certain isoforms on *in vivo* biological activity. In any event it is relevant that the "isolated" product of the process contains contaminants and debris that would make it unsuitable for use in humans, even after applying the purification steps Amgen suggests could be a part of the process, while Roche's epoetin beta does not. Roche has the right to present expert testimony on the factual issue of whether the purification process results in a materially changed epoetin beta. The jury as the trier of fact, has the right to hear the testimony. Accordingly, Amgen's motion should be denied.

Dated: October 15, 2007

Boston, Massachusetts

        Respectfully submitted,

        F. HOFFMANN-LA ROCHE LTD,
        ROCHE DIAGNOSTICS GMBH, and
        HOFFMANN-LA ROCHE INC.

        By its attorneys,

        */s/ Thomas F. Fleming*_____
        Leora Ben-Ami (*pro hac vice*)
        Patricia A. Carson (*pro hac vice*)
        Thomas F. Fleming (*pro hac vice*)
        Howard S. Suh (*pro hac vice*)
        Peter Fratangelo (BBO# 639775)
        KAYE SCHOLER LLP
        425 Park Avenue
        New York, New York 10022
        Tel. (212) 836-8000

        Lee Carl Bromberg (BBO# 058480)
        Julia Huston (BBO# 562160)
        Keith E. Toms (BBO# 663369)
        Nicole A. Rizzo (BBO# 663853)
        BROMBERG & SUNSTEIN LLP
        125 Summer Street
        Boston, MA 02110
        Tel. (617) 443-9292
        ktoms@bromsun.com

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

                                                    /s/ *Thomas F. Fleming*
                                                  Thomas F. Fleming