UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMGEN INC., )
 )
              Plaintiff, )
      v. ) Civil Action No.: 05 Civ. 12237 WGY
 )
F. HOFFMANN-LA ROCHE LTD, ROCHE ) `
DIAGNOSTICS GmbH, and HOFFMANN- )
LA ROCHE INC., )
             Defendants. )
 )
 )

**ROCHE'S OPPOSITION TO AMGEN'S MOTION *IN LIMINE* "TO PRECLUDE GREGORY D. LONGMORE, M.D. FROM OFFERING OPINIONS BASED ON A CONSTRUCTION THAT IS INCONSISTENT WITH THE COURT'S CLAIM CONSTRUCTION OF THE CLAIM TERM 'HUMAN ERYTHROPOIETIN'"**

Amgen's motion *in limine* is yet another attempt to elicit an advisory opinion from this Court relating to the possible testimony of one of Roche's expert witnesses. Dr. Gregory D. Longmore who has yet to take the stand.[1] Amgen's motion -- based on a single paragraph in a 223-paragraph expert report is premature and, on that basis alone, should be denied.

Moreover, Amgen's motion assumes, erroneously, that Dr. Longmore misunderstands the Court's claim construction concerning the term "human erythropoietin." This is simply not the case. Indeed, with the Court's occasional guidance, Roche's expert witnesses have proved more than capable of providing testimony that conformed in all respects to the Court's claim construction.

Amgen's invocation of the claim construction for the "human erythropoietin" protein in the context of claim 3 of the '933 patent is without meaning. The structural characteristics of

---

[1] Amgen's Motion in Limine to Preclude Gregory D. Longmore, M.D. from Offering Opinions Based on a Construction that is Inconsistent with the Court's Claim Construction of the Claim Term "Human Erythropoietin," filed Oct. 15, 2007 (D.I. 1385).

1

this product are defined as the result of the claimed process steps, which include a DNA sequence encoding a 166-amino acid polypeptide. Dr. Longmore should be permitted to explain to the jury his opinion that Roche's epoetin beta starting reagent is not the product of this process, but other unclaimed processes.

For the above reasons, Amgen's motion should be denied.

DATED:   October 15, 2007
         Boston, Massachusetts

F. HOFFMANN-LA ROCHE, LTD,
ROCHE DIAGNOSTICS GMBH, and
HOFFMANN-LA ROCHE INC.

By its attorneys,

*/s/ Thomas F. Fleming*
Leora Ben-Ami (*pro hac vice*)
Patricia A. Carson (*pro hac vice*)
Thomas F. Fleming (*pro hac vice*)
Howard S. Suh (*pro hac vice*)
Christopher T. Jagoe (*pro hac vice*)Krista M. Rycroft (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022
Tel. (212) 836-8000

and

Lee Carl Bromberg (BBO# 058480)
Julia Huston (BBO# 562160)
Keith E. Toms (BBO# 663369)
Nicole A. Rizzo (BBO# 663853)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA  02110
Tel. (617) 443-9292

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Pursuant to agreement of counsel dated September 9, 2007, paper copies will not be sent to those indicated as non registered participants.

                                                            /s/ *Thomas F. Fleming*
                                                            Thomas F. Fleming