# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

AMGEN, INC.,                            )
                                        )
              Plaintiff,                )
                                        )
       v.                               )     Civil Action No. 05 CV 12237 WGY
                                        )
F. HOFFMANN-LAROCHE LTD.,               )
a Swiss Company, ROCHE DIAGNOSTICS      )
GMBH, a German Company, and             )
HOFFMANN LAROCHE INC., a New            )
Jersey Corporation,                     )
                                        )
              Defendants.               )

## PLAINTIFF AMGEN INC.'S MOTION TO PRECLUDE ROCHE'S EXPERT DR. KLIBANOV FROM OFFERING OPINIONS BASED ON AN INFRINGEMENT ANALYSIS THAT IS INCONSISTENT WITH FEDERAL CIRCUIT PRECEDENT AND WITH THE COURT'S CLAIM CONSTRUCTION RULING THAT AMGEN'S CLAIMS ARE OPEN-ENDED

Based on the false premise that the "glycoprotein product" of '933 claim 3 excludes the addition or attachment of further structure to the claimed product, Dr. Klibanov opines that Roche's CERA product does not infringe that or any dependent '933 claim because an additional structure is attached to the claim product by chemical synthesis, not a cell. Dr. Klibanov goes on to state that "CERA is not the product of expression" as claimed.[1]

But as the Federal Circuit in *AmstarCorp. v. Envirotech Corp.* teaches, Dr. Klibanov's argument turns the law of infringement on its head.[2] The issue is whether the accused product –

---

[1] Rebuttal Expert Report of Professor Alexander M. Klibanov, dated May 11, 2007, ¶256.

[2] *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1482 (Fed. Cir. 1984) (holding that "[t]he law of infringement requires that the asserted claims be compared with the products or processes accused of infringement," and it is irrelevant that there are "apparatus distinctions in determining infringement of process claims.").

814903

Dockets.Justia.com

CERA – meets every limitation of the claim, not whether the claim describes every attribute of the accused product.[3]  The fact that CERA contains an EPO glycoprotein product of the expression of a mammalian cell establishes its infringement.  The fact that Roche adds additional structure to that product to make CERA is legally irrelevant.

As this Court held in the *Markman* Memorandum and Order, dated July 3, 2007 ("*Markman* Order"):

> [t]he specification does not define "erythropoietin" by reference to the presence or absence of any attached molecules, such as the carbohydrate that can be attached to EPO proteins for glycosylated EPO. '933 Patent 10:28-33.  In fact, the specification expressly contemplates that additional molecules may be attached to "human erythropoietin."  By implication, therefore, those additional molecules are not part of the amino acid structure that comprises the claimed product.[4]

The Court went on to state that it did not think "it ought alter the open construction of the term 'human erythropoietin' found in the patent because the patent itself "is silent as to the presence or absence of any structural characteristic beyond the required amino acid."[5]  There can be no dispute that Dr. Klibanov's construction of the claim contravenes this Court's claim construction and the law of infringement.[6]  Accordingly, Dr. Klibanov should not be allowed to offer this opinion at trial.

---

[3] *Id.*

[4] *Markman* Order, dated July 3, 2007, p. 14.

[5] *Id.*

[6] *Phillips v. AWH Corp.,* 415 F.3d 1303, 1318 (Fed. Cir. 2005) ("[A] court should discount any expert testimony 'that is clearly at odds with the claim construction mandated by the claims themselves, the written description, and the prosecution history, in other words, with the written record of the patent."); *see also Amstar*, 730 F.2d 1476.

Based on the foregoing, the Court should preclude Dr. Klibanov from offering any

opinions that misconstrue the open-ended construction of Dr. Lin's product by process claims.

Dated: October 15, 2007                     Respectfully Submitted,

                                            AMGEN INC.,
                                            By its attorneys,


                                            /s/ Michael R. Gottfried
Of Counsel:                                 D. DENNIS ALLEGRETTI (BBO#545511)
                                            MICHAEL R. GOTTFRIED (BBO#542156)
                                            PATRICIA R. RICH (BBO#640578)
STUART L. WATT                              DUANE MORRIS LLP
WENDY A. WHITEFORD                          470 Atlantic Avenue, Suite 500
MONIQUE L. CORDRAY                          Boston, MA 02210
DARRELL G. DOTSON                           Telephone:    (857) 488-4200
KIMBERLIN L. MORLEY                         Facsimile:    (857) 488-4201
ERICA S. OLSON
AMGEN INC.                                  LLOYD R. DAY, JR
One Amgen Center Drive                      DAY CASEBEER
Thousand Oaks, CA   91320-1889              MADRID & BATCHELDER LLP
(805) 447-5000                              20300 Stevens Creek Boulevard, Suite 400
                                            Cupertino, CA 95014
                                            Telephone:    (408) 873-0110
                                            Facsimile:    (408) 873-0220

                                            WILLIAM GAEDE III
                                            McDERMOTT WILL & EMERY
                                            3150 Porter Drive
                                            Palo Alto, CA 94304
                                            Telephone:    (650) 813-5000
                                            Facsimile:    (650) 813-5100

                                            KEVIN M. FLOWERS
                                            MARSHALL, GERSTEIN & BORUN LLP
                                            233 South Wacker Drive
                                            6300 Sears Tower
                                            Chicago IL 60606
                                            Telephone:    (312) 474-6300
                                            Facsimile:    (312) 474-0448

3

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

*/s/ Michael R. Gottfried*
Michael R. Gottfried

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on October 15, 2007.

*/s/ Michael R. Gottfried*
Michael R. Gottfried

814903