# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05 CV 12237 WGY |
| v. ) | |
| ) | |
| F. HOFFMANN-LAROCHE LTD., ) | |
| a Swiss Company, ROCHE DIAGNOSTICS ) | |
| GMBH, a German Company, and ) | |
| HOFFMANN LAROCHE INC., a New ) | |
| Jersey Corporation, ) | |
| ) | |
| Defendants. ) | |

**AMGEN'S MOTION *IN LIMINE* REGARDING FLAVELL NO. 2:  TO PRECLUDE
RICHARD FLAVELL FROM OFFERING OPINIONS
BASED ON A CLAIM CONSTRUCTION THAT IS INCONSISTENT
WITH THE CLAIM TERMS "ISOLATING" AND "COMPRISING,"
<u>AS SET FORTH IN THE ASSERTED '698 AND '868 CLAIMS</u>**

Roche's expert, Richard Flavell, offers non-infringement opinions regarding Dr. Lin's

'698 and '868 claims based on the assumption that these claims are limited to processes that

result in crude EPO isolates, to the exclusion of purified EPO preparations or process that

include additional steps that would allow for the addition of peg to EPO.  Dr. Flavell does this in

two ways, both of which contradict the Court's July 3, 2007 *Markman* Memorandum and Order.

First, Dr. Flavell opines that the human EPO in MICERA is materially changed because the

"isolating" step of the asserted '868 and '698 claims[1] excludes further process steps beyond

---

[1] '349 Claim 7 does not include an "isolating" step and should not be affected by Dr. Flavell's
opinion on this issue.

Dockets.Justia.com

those recited in the claims.[2]  But, the Court's construction of "isolating" is not limited to steps

that only allow for the separation or EPO from cellular material.  Second, he ignores that the

claims all use the open-ended term "comprising" when listing the steps of the claimed process.

Regarding the term "isolating," contrary to Dr. Flavell's opinion, the Court's construction

does not exclude the possibility that "purifying" is encompassed within the term "isolating."

Rather, the Court simply recognized that "purifying" and "isolating" are not synonymous, and

distinguish between, on the one hand, steps that can be satisfied only if a pure product results

(*i.e.,* "purifying") from, and on the other hand, steps that merely require separation but are not

limited only to "separated" products (*i.e.,* "isolating"), but may also include within their broader

scope "purified" products.[3]

More to the point, Dr. Flavell's construction ignores the "comprising" language of the

preamble, which expressly renders the claim process open-ended.[4]  As construed by the Court,

Dr. Lin's asserted process claims, all of which use "comprising," are "open" and require only

that the process "contain the named elements."[5]  In so ruling, the Court rejected Roche's attempt

to preclude from the claimed processes the performance of additional steps, "leav[ing] open for

later the discussion and argument to determine whether the additional steps Roche/Hoffmann

---

[2] *See generally*, 5/10/07 Flavell Report, ¶ 77.  Excerpts from Dr. Flavell's May 11, 2007 Report referenced in this Motion are attached as Exhibit 2 to the Declaration Of Linda Sasaki-Baxley In Support Of Amgen's Motions Regarding The Testimony Of Richard Flavell, filed herewith.

[3] *Id.*  Contrary to Dr. Flavell's contention that Amgen's statements during an interference exclude from the claims processes that yield a pure product, Amgen's prior statements are not so limiting and are consistent with this position.

[4] D.I. 613 at 28.

[5] *Id.*

apparently uses 'materially change' the accused product."[6]  The Court would not have so

commented had it intended to limit Dr. Lin's claim as Dr. Flavell opines.

Roche, through its expert Dr. Flavell, should not be allowed to improperly limit the

Courts construction of the term "isolating" or read out of Dr. Lin's process claims the term

"comprising" or the Court's construction of such term.[7]  Amgen therefore respectfully requests

that this Court should preclude Dr. Flavell from offering the opinion that Dr. Lin's asserted

process claims ('698 claims 6-9, '868 claims 1-2, and '349 claim 7) should be read as "closed"

ended or as limited to methods for making "crude EPO isolates."

Dated: October 15, 2007                     Respectfully Submitted,

                                             AMGEN INC.,
                                             By its attorneys,

                                             /s/ Michael R. Gottfried
Of Counsel:                                  D. DENNIS ALLEGRETTI (BBO#545511)
                                             MICHAEL R. GOTTFRIED (BBO#542156)
                                             PATRICIA R. RICH (BBO#640578)
STUART L. WATT                               DUANE MORRIS LLP
WENDY A. WHITEFORD                           470 Atlantic Avenue, Suite 500
MONIQUE L. CORDRAY                           Boston, MA 02210
DARRELL G. DOTSON                            Telephone:    (857) 488-4200
KIMBERLIN L. MORLEY                          Facsimile:    (857) 488-4201
ERICA S. OLSON
AMGEN INC.                                   LLOYD R. DAY, JR
One Amgen Center Drive                       DAY CASEBEER
Thousand Oaks, CA   91320-1889               MADRID & BATCHELDER LLP
(805) 447-5000                               20300 Stevens Creek Boulevard, Suite 400
                                             Cupertino, CA 95014
                                             Telephone:    (408) 873-0110

---

[6]  Id.

[7]  As the Federal Circuit has held, because an expert report is generated in connection with
litigation, it can be biased and therefore, the Court should not rely upon it for determining the
construction of the claims.  *Phillips v. AWH Corp.,* 415 F.3d 1303, 1318 (Fed. Cir. 2005) ("[A]
court should discount any expert testimony 'that is clearly at odds with the claim construction
mandated by the claims themselves, the written description, and the prosecution history, in other
words, with the written record of the patent.'").

Facsimile:    (408) 873-0220

WILLIAM GAEDE III
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:    (650) 813-5000
Facsimile:    (650) 813-5100

KEVIN M. FLOWERS
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago IL 60606
Telephone:    (312) 474-6300
Facsimile:    (312) 474-0448

DM1\1206489.3

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

*/s/ Michael R. Gottfried*
Michael R. Gottfried


## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on October 15, 2007.

*/s/ Michael R. Gottfried*
Michael R. Gottfried

DM1\1206489.3