# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMGEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> F. HOFFMANN-LAROCHE LTD., a Swiss Company, ROCHE DIAGNOSTICS GMBH, a German Company, and HOFFMANN LAROCHE INC., a New Jersey Corporation, <br><br> Defendants. | Civil Action No. 05 CV 12237 WGY |

**AMGEN'S MOTION *IN LIMINE* REGARDING FLAVELL NO. 5:  TO PRECLUDE RICHARD FLAVELL FROM OFFERING OPINIONS BASED ON AN INFRINGEMENT ANALYSIS THAT IS INCONSISTENT WITH FEDERAL CIRCUIT PRECEDENT AND WITH THE COURT'S CLAIM CONSTRUCTION RULING THAT AMGEN'S CLAIMS ARE OPEN-ENDED**

Based on the false premise that the "glycoprotein product" of '933 claim 3 excludes the addition or attachment of further structure to the claimed product, Dr. Flavell opines that Roche's CERA product does not infringe that or any dependent '933 claim because an additional structure is attached to the claim product by chemical synthesis, not a cell.  Dr. Flavell goes on to state that CERA is not a "glycoprotein product of the expression in a mammalian host cell" as claimed.[1]

---

[1] Non-Infringement Expert Report of Richard A. Flavell, Ph.D., dated May 11, 2007, ¶140. Excerpts from Dr. Flavell's May 11, 2007 Report referenced in this Motion are attached as Exhibit 2 to the Declaration Of Linda Sasaki-Baxley In Support Of Amgen's Motions Regarding The Testimony Of Richard Flavell, filed herewith.

DM1\1206482.3

But, as the Federal Circuit in *Amstar Corp. v. Envirotech Corp.* teaches, Dr. Flavell's argument turns the law of infringement on its head.[2] The issue is whether the accused product – CERA – meets every limitation of the claim, not whether the claim describes every attribute of the accused product.[3] The fact that CERA contains an EPO glycoprotein product of the expression of a mammalian cell establishes its infringement. The fact that Roche adds additional structure to that product to make CERA is legally irrelevant.

Dr. Flavell's opinions regarding Amgen's claims also are inconsistent with the Court's construction. As this Court held in the *Markman* Memorandum and Order, dated July 3, 2007 ("*Markman* Order"):

> [t]he specification does not define "erythropoietin" by reference to the presence or absence of any attached molecules, such as the carbohydrate that can be attached to EPO proteins for glycosylated EPO. '933 Patent 10:28-33. In fact, the specification expressly contemplates that additional molecules may be attached to "human erythropoietin." By implication, therefore, those additional molecules are not part of the amino acid structure that comprises the claimed product.[4]

The Court went on to state that it did not think "it ought alter the open construction of the term 'human erythropoietin' found in the patent because the patent itself is silent as to the presence or absence of any structural characteristic beyond the required amino acid."[5] There can be no dispute that Dr. Flavell's construction of the claim contravenes this Court's claim construction

---

[2] *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1482 (Fed. Cir. 1984) (holding that "[t]he law of infringement requires that the asserted claims be compared with the products or processes accused of infringement," and it is irrelevant that there are "apparatus distinctions in determining infringement of process claims.").

[3] *Id.*

[4] *Markman* Order, dated July 3, 2007, p. 14.

[5] *Id.*

and the law of infringement.[6] Accordingly, Dr. Flavell should not be allowed to offer this opinion at trial.

Based on the foregoing, the Court should preclude Dr. Flavell from offering any opinions that misconstrue the open-ended construction of Dr. Lin's product-by-process claims.

Dated: October 15, 2007

Respectfully Submitted,

AMGEN INC.,
By its attorneys,

Of Counsel:

STUART L. WATT
WENDY A. WHITEFORD
MONIQUE L. CORDRAY
DARRELL G. DOTSON
KIMBERLIN L. MORLEY
ERICA S. OLSON
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA   91320-1889
(805) 447-5000

/s/ Michael R. Gottfried
D. DENNIS ALLEGRETTI (BBO#545511)
MICHAEL R. GOTTFRIED (BBO#542156)
PATRICIA R. RICH (BBO#640578)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone:    (857) 488-4200
Facsimile:    (857) 488-4201

LLOYD R. DAY, JR
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Boulevard, Suite 400
Cupertino, CA 95014
Telephone:    (408) 873-0110
Facsimile:    (408) 873-0220

WILLIAM GAEDE III
McDERMOTT WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304
Telephone:    (650) 813-5000
Facsimile:    (650) 813-5100

---

[6] *Phillips v. AWH Corp.,* 415 F.3d 1303, 1318 (Fed. Cir. 2005) ("[A] court should discount any expert testimony 'that is clearly at odds with the claim construction mandated by the claims themselves, the written description, and the prosecution history, in other words, with the written record of the patent."); *see also Amstar*, 730 F.2d 1476.

3

                          KEVIN M. FLOWERS
                          MARSHALL, GERSTEIN & BORUN LLP
                          233 South Wacker Drive
                          6300 Sears Tower
                          Chicago IL 60606
                          Telephone:   (312) 474-6300
                          Facsimile:   (312) 474-0448

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

*/s/ Michael R. Gottfried*
Michael R. Gottfried

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on October 15, 2007.

*/s/ Michael R. Gottfried*
Michael R. Gottfried