# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMGEN INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>F. HOFFMANN-LAROCHE )<br>LTD., a Swiss Company, ROCHE )<br>DIAGNOSTICS GmbH, a German )<br>Company and HOFFMANN LAROCHE )<br>INC., a New Jersey Corporation, )<br>)<br>Defendants. )<br>_____) | Civil Action No.: 05-12237 WGY |

## AMGEN'S MOTION *IN LIMINE* REGARDING FLAVELL NO. 9: TO PRECLUDE RICHARD FLAVELL FROM OFFERING OPINIONS REGARDING "ISOLATED DNA SEQUENCE ENCODING HUMAN ERYTHROPOIETIN" BASED ON HIS REFUSAL TO PROVIDE THE BASIS FOR THOSE OPINIONS AT DEPOSITION

At his deposition, Roche's expert, Richard A. Flavell, claimed that the method by which Roche introduced DNA into its host cells was beyond the scope of his report and, when pressed, disclaimed knowledge of how Roche had introduced the EPO DNA into its CHO cells. Having denied Amgen the opportunity to inquire into and challenge his opinion at deposition, Dr. Flavell should be precluded from offering any non-infringement opinion based on the claim term "transformed or transfected with isolated DNA," as it appears in '868 claims 1 and 2.

Specifically, Dr. Flavell evaded questions at deposition regarding how Roche introduced EPO DNA into its cells and finally testified that he did not know or could not recall how EPO DNA was introduced into Roche's CHO cells.[1] Indeed, at one point, Dr. Flavell testified that

---

[1] 6/26/07 Flavell Dep. at 158:4-6; 158:10-13; 187:20-18 (referring to Flavell III, ¶ 73); 189:2-16 Excerpts from Dr. Flavell's Deposition referenced in this Motion are attached as Exhibit 1 to the

1

whether Roche introduced EPO DNA into its CHO cells using a "protoplast fusion" technique (the technique actually used by Roche to insert isolated EPO DNA into its CHO cells) was outside the scope of his reports:

> Q: Do you know whether Roche used bacterial protoplast fusion to introduce genetic material into their host cells?
>
> A: I don't think that's -- I actually asked that question. But as I sit here now, I don't recall exactly. ***It's beyond the scope of the report***."[2]

When then asked to assume that Roche used protoplast fusion techniques to introduce EPO DNA into cells so that Amgen's inquiry into the bases for Dr. Flavell's opinion could continue, Dr. Flavell refused to answer any questions because he doubted that Amgen's counsel actually knew how Roche inserted EPO DNA into its cells.[3]

Because Dr. Flavell refused to explain his opinion in his deposition, Amgen was not able to perform full discovery of Dr. Flavell's opinion. It is thus improper for Dr. Flavell to claim that there is no infringement because Roche does not use a specific process. Dr. Flavell's evasive tactics are wholly at odds with the requirements of FRCP 26.[4] Since Dr. Flavell could not, or would not, explain the basis for his opinion that Roche does not transform or transfect its CHO cells with isolated DNA sequence, he should not be able to testify about this opinion at trial.[5]

---

Declaration Of Linda Sasaki-Baxley In Support Of Amgen's Motions Regarding The Testimony Of Richard Flavell, filed herewith.

[2] *Id.* at 157:23-158:2 (emphasis added).

[3] *Id.* at 160:23-161:14.

[4] "Rule 26 promotes fairness both in the discovery process and at trial. For Rule 26 to play its proper part in this salutary scheme, discovery must not be allowed to degenerate into a game of cat and mouse." Thimbault Square D. Co., 960 F.2d 239, 246 (1st Cir. 1992).

[5] "The required sanction [for breach of Rule 26(a)] in the ordinary case is preclusion." Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004) (internal citations omitted) (First Circuit upheld lower Court's preclusion of new information in experts' late produced); Honeywell Intern. Inc. v. Universal Avionics Systems Corp., 488 F.3d 982 (Fed.Cir.2007) (Federal Circuit applied Third Circuit Law to exclude expert testimony on doctrine of equivalents based on his statement in deposition that he had no opinion on the doctrine of equivalents).

For the foregoing reasons, Amgen requests that this Court preclude Dr. Flavell from testifying regarding the method by which Roche's CHO cells were transformed or any non-infringement opinions based upon that transformation method.

October 15, 2007                                Respectfully Submitted,

                                                AMGEN INC.,

                                                By its attorneys,


                                                */s/ Michael R. Gottfried*
Of Counsel:                                     D. DENNIS ALLEGRETTI (BBO#545511)
                                                MICHAEL R. GOTTFRIED (BBO#542156)
STUART L. WATT                                  PATRICIA R. RICH (BBO#640578)
WENDY A. WHITEFORD                              DUANE MORRIS LLP
MONIQUE L. CORDRAY                              470 Atlantic Avenue, Suite 500
DARRELL G. DOTSON                               Boston, MA  02210
KIMBERLIN L. MORLEY                             Telephone:    (857) 488-4200
ERICA S. OLSON                                  Facsimile:    (857) 488-4201
AMGEN INC.
One Amgen Center Drive                          LLOYD R. DAY, JR. (*pro hac vice*)
Thousand Oaks, CA   91320-1789                  DAY CASEBEER
(805) 447-5000                                  MADRID & BATCHELDER LLP
                                                20300 Stevens Creek Boulevard, Suite 400
                                                Cupertino, CA  95014
                                                Telephone:    (408) 873-0110
                                                Facsimile:    (408) 873-0220

                                                WILLIAM GAEDE III (*pro hac vice*)
                                                McDERMOTT WILL & EMERY
                                                3150 Porter Drive
                                                Palo Alto, CA 94304
                                                Telephone:    (650) 813-5000
                                                Facsimile:    (650) 813-5100

                                                KEVIN M. FLOWERS (*pro hac vice*)
                                                MARSHALL, GERSTEIN & BORUN LLP
                                                233 South Wacker Drive
                                                6300 Sears Tower
                                                Chicago IL 60606
                                                Telephone:    (312) 474-6300
                                                Facsimile:    (312) 474-0448

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

*/s/ Michael R. Gottfried*
Michael R. Gottfried

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Michael R. Gottfried*
Michael R. Gottfried