```
 1              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS
 2
                                          Civil Action
 3                                        No. 05-12237-WGY

 4  * * * * * * * * * * * * * * * * *
                                     *
 5  AMGEN, INC.,                     *
                                     *
 6            Plaintiff,             *
                                     *  DAILY TRIAL
 7  v.                               *  TRANSCRIPT
                                     *  (Volume 22)
 8  F. HOFFMANN-LA ROCHE LTD,        *
    ROCHE DIAGNOSTICS GmbH and       *
 9  HOFFMANN-LA ROCHE, INC.,         *
                                     *
10            Defendants.            *
                                     *
11  * * * * * * * * * * * * * * * * *

12

13

14           BEFORE:  The Honorable William G. Young,
                      District Judge, and a Jury
15

16

17

18

19

20

21

22

23
                                          1 Courthouse Way
24                                        Boston, Massachusetts

25                                        October 19, 2007
```

```
 1                A P P E A R A N C E S

 2
              DUANE MORRIS LLP (By D. Dennis Allegretti,
 3   Esq. and Michael R. Gottfried, Esq.), 470 Atlantic
     Avenue, Suite 500, Boston, Massachusetts 02210
 4        - and -
              DAY CASEBEER MADRID & BATCHELDER, LLP (By
 5   Lloyd R. Day, Jr., Esq., David M. Madrid, Esq. and
     Robert M. Galvin, Esq.) 20300 Stevens Creek
 6   Boulevard, Suite 400, Cupertino, California 95014
          - and -
 7            McDERMOTT WILL & EMERY (By Michael Kendall,
     Esq.), 28 State Street, Boston, Massachusetts
 8   02109
          - and -
 9            McDERMOTT WILL & EMERY (By William G.
     Gaede, III, Esq.), 3150 Porter Drive, Palo Alto,
10   California 94304
          - and -
11            MARSHALL, GERSTEIN & BORUN LLP (By Kevin M.
     Flowers, Esq.), 6300 Sears Tower, 233 S. Wacker
12   Drive, Chicago, Illinois 60606-6402
          - and -
13            STUART L. WATT and WENDY A. WHITEFORD, Of
     Counsel, Amgen, Inc., One Amgen Center Drive,
14   Thousand Oaks, California 91320-1789, on behalf of
     the Plaintiff
15
              BROMBERG & SUNSTEIN LLP (By Lee Carl
16   Bromberg, Esq. and Julia Huston, Esq.), 125 Summer
     Street, Boston, Massachusetts 02110
17        - and -
              KAYE SCHOLER LLP (By Leora Ben-Ami, Thomas
18   F. Fleming, Esq., Patricia Carson, Esq.,
     Christopher Jagoe, Esq. and Howard Suh, Esq.),
19   425 Park Avenue, New York, New York 10022, on
     behalf of the Defendants

20

21

22

23

24

25
```

```
 1              THE CLERK:  All rise for the jury.
 2              (Whereupon the jury entered the courtroom at 9:20
 3    a.m.)
 4              THE CLERK:  Court is in session, please be seated.
 5              THE COURT:  Good morning, ladies and gentlemen.
 6              THE JURY:  Good morning.
 7              THE COURT:  I heard Ms. Smith thank you, and I'll
 8    add my thanks.  You have been so devoted.  We are so
 9    grateful.
10              Now, what I'm going to say to you now is very
11    important.  It's on your oath as jurors.  Since we separated
12    at 5:00 p.m. yesterday afternoon, have any of you heard,
13    read, or seen anything at all concerning the substance of
14    this case?  Have you discussed the substance of this case
15    with anyone?  Has anyone discussed the substance of this
16    case with you or with others in your presence?
17              The jury answers in the negative, all ten
18    deliberating jurors being present in the courtroom.
19              Here is the transcript of the testimony of Richard
20    Flavell.  As I reread your question you had a specific date.
21    He testified over two dates and I'm required to give you the
22    entire testimony, direct, cross, redirect, recross, so you
23    have it all.
24              Remember, he was only one witness.  You're entitled
25    to see his testimony and that of other specific witnesses,
```

1   but you're not to, because I give you the testimony,
2   highlight it in any way; that's to assist you to recall it.
3   You are to consider all the evidence in light of my
4   instructions.
5           You may retire and continue your deliberations.
6           **THE CLERK:**  All rise for the jury.
7           (Whereupon the jury left the courtroom at
8   9:22 a.m.)
9           **THE COURT:**  Please be seated.
10          Happy as I am to see you, I have a hearing on a
11  motion to suppress at 9:30, and you're welcome to stay in
12  and hang around the courtroom, but I'll need the tables.
13          We'll recess.
14          (Recess.)
15
16                  **PROCEEDINGS - 4:45 P.M.**
17
18          **THE CLERK:**  All rise.  Court is in session, please
19  be seated.
20          **THE COURT:**  You've seen the question.  It reads:
21  Clarification of concept of material change.  If a claim is
22  not infringed because of material change, is it logical to
23  then conclude that the claim may be infringed according to
24  the doctrine of equivalents, i.e., literal infringement M,
25  not infringed, infringed by the doctrine of equivalents,

1    check infringed.
2              The answer to the question is no.  If Amgen has
3    proved, failed to prove by a fair preponderance of the
4    evidence that, according to my charge, looking at
5    infringement first, that the product is not materially
6    changed, a single M denoting that it's materially changed is
7    sufficient.
8              That's the answer.  Bring in the jury.
9              **THE CLERK:**  Should we wait -- we shouldn't wait for
10   Mr. Day?
11             **THE COURT:**  Oh, counsel's here.  That's the answer.
12             (Pause in proceedings.)
13             **THE CLERK:**  All rise for the jury.
14             (Whereupon the jury entered the courtroom at 4:47
15   p.m.)
16             **THE CLERK:**  Court is in session, please be seated.
17             **THE COURT:**  Let the record show that the ten
18   deliberating jurors are present in the courtroom.
19             I've received the following question:  Question re
20   clarification of the concept of material change.  If a claim
21   is not infringed because of material change, is it logical
22   to then conclude that the claim may be infringed according
23   to the doctrine of equivalents, i.e., literal infringement
24   equals M, not infringed, infringement by the doctrine of
25   equivalents equals check infringed.

```
 1                  Is that the question, Madam Forelady?
 2          THE FORELADY:  Yes, it is, your Honor.
 3          THE COURT:  Is that the question, ladies and
 4   gentlemen of the jury?
 5          THE JURY:  Yes, it is.
 6          THE COURT:  To that question I make this answer.
 7   The short answer is no.  Because as I corrected my charge,
 8   you look at infringement first.  Infringement, literal
 9   infringement, then infringement under the doctrine of
10   equivalents.  If there's no literal infringement on the
11   claim, put a check for no infringement.
12          Go to the doctrine of equivalents.  If there's no
13   infringement under the doctrine of equivalents, put a check
14   under the no infringement under the doctrine of equivalents.
15          If in your analysis across as to either of those,
16   as to the two process claims, you come to believe that there
17   is infringement, then, but only then, do you confront the
18   issue of material change as I've instructed you.  Amgen must
19   prove no material change by a fair preponderance of the
20   evidence.  If they do not prove no material change you may
21   put an M in the not infringed column under --
22          (Whereupon Mr. Day entered the courtroom.)
23          THE COURT:  -- literal infringement, and that's all
24   you need put.
25          That's the answer to the question.  The jury may
```

```
 1    retire and continue their deliberations.
 2            THE CLERK:  All rise for the jury.
 3            (Whereupon the jury left the courtroom at 4:50
 4    p.m.)
 5            (Recess.)
 6            THE CLERK:  All rise for the jury.
 7            (Whereupon the jury entered the courtroom at 4:57
 8    p.m.)
 9            THE CLERK:  Court is in session, please be seated.
10            THE COURT:  Let the record show that the ten
11    deliberating jurors are present in the courtroom.
12            All right, I'm going to let you separate, have the
13    weekend.  We'll start again 9:00 a.m. on Monday morning.
14    Let me simply go over the mechanics so that you are fully
15    familiar with them.
16            You come in here in the usual way Monday morning.
17    The room will remain closed and locked under Ms. Smith's
18    supervision.  It will be unlocked for you to get in there,
19    but no one else is going to get in there except the cleaning
20    people under her supervision.
21            Now, Monday, because I'm at this Judicial
22    Conference just outside of Portsmouth, New Hampshire, she
23    will come in at nine o'clock and say you may start
24    deliberating.  You are on your oath to not start
25    deliberating until she gives you the go-ahead.
```

```
 1   Deliberations continue for however long they continue.  If
 2   you ask a question, you've now asked questions, you see how
 3   we'll answer them, only I'll handle it over the phone and my
 4   explicit answer will be conveyed to you by Ms. Smith after
 5   I've consulted with the attorneys.
 6             When you have a verdict, I'm coming back for the
 7   verdict.  You're going to have to wait, as fast as I can get
 8   from Portsmouth down here to take the verdict.  But that
 9   will take precedence over the meetings of the judges up
10   there in Portsmouth, New Hampshire.
11             If we go all day on Monday, she will release you
12   again at five o'clock and the instructions I'm giving you
13   now and gave you yesterday continue.  She will not bring you
14   in the courtroom, because I'm the one formally who has to
15   both ask you and instruct you.  But my instructions all
16   stand.  Same thing for Tuesday, I'm here Wednesday, we'll go
17   on in the usual way.
18             Now, since I won't be here Monday morning, before I
19   can take the verdict, if I come back for a verdict, whenever
20   it is, I will put the question to you on your oath as jurors
21   whether, in the times you have not been deliberating whether
22   you've received any information about the substance of the
23   case.
24             Now, a weekend is supervening and this weekend is
25   here.  And the case is coming to an end, people are
```

```
 1    interested.  And so I do charge you, you stay away from any,
 2    any reporting about this case should there be any.  I don't
 3    know where it would come from.  It's not a case, for
 4    instance, that the local papers are following day by day.
 5    On the other hand, there may be reporting from some quarter.
 6    You are to do, at least in one juror's case who noticed
 7    something, exactly what she did, you just turn the page
 8    ignore it, turn the channel.  The whole integrity of these
 9    proceedings turns on that.
10            You are now well into your deliberations.  So, you
11    must take care not to discuss the substance of this case
12    with anyone, don't continue talking about it as you go out
13    this evening, don't let anyone talk about the substance of
14    the case in your presence.
15            You may stand in recess until Monday morning at
16    nine o'clock.  Have a very good weekend.
17            The jury may recess.
18            **THE CLERK:**  All rise for the jury.
19            (Whereupon the jury left the courtroom.)
20            **MR. FLEMING:**  Thank you, your Honor.  Have a good
21    weekend.
22            **THE COURT:**  You, too.
23            (Adjournment.)
24
25
```

3165

**C E R T I F I C A T E**

I, Donald E. Womack, Official Court Reporter for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

/S/ DONALD E. WOMACK
______________________________
DONALD E. WOMACK
Official Court Reporter
P.O. Box 51062
Boston, Massachusetts 02205-1062
womack@megatran.com