1              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS
2
                                      Civil Action
3                                     No. 05-12237-WGY

4   * * * * * * * * * * * * * * * *
                                    *
5   AMGEN, INC.,                    *
                                    *
6            Plaintiff,             *
                                    *   **DAILY TRIAL**
7   v.                              *   **TRANSCRIPT**
                                    *   (Volume 23)
8   F. HOFFMANN-LA ROCHE LTD,       *
    ROCHE DIAGNOSTICS GmbH and      *
9   HOFFMANN-LA ROCHE, INC.,        *
                                    *
10           Defendants.            *
                                    *
11  * * * * * * * * * * * * * * * *

12

13

14           BEFORE:  The Honorable William G. Young,
                         District Judge
15

16

17

18

19

20

21

22

23
                                 1 Courthouse Way
24                               Boston, Massachusetts

25                               October 22, 2007

1                    A P P E A R A N C E S

2

3          DUANE MORRIS LLP (By D. Dennis Allegretti,
    Esq. and Michael R. Gottfried, Esq.), 470 Atlantic
    Avenue, Suite 500, Boston, Massachusetts 02210
4               - and -
           DAY CASEBEER MADRID & BATCHELDER, LLP (By
5    Lloyd R. Day, Jr., Esq., David M. Madrid, Esq. and
    Robert M. Galvin, Esq.) 20300 Stevens Creek
6    Boulevard, Suite 400, Cupertino, California 95014
                - and -
7          McDERMOTT WILL & EMERY (By Michael Kendall,
    Esq.), 28 State Street, Boston, Massachusetts
8    02109
                - and -
9          McDERMOTT WILL & EMERY (By William G.
    Gaede, III, Esq.), 3150 Porter Drive, Palo Alto,
10   California 94304
                - and -
11         MARSHALL, GERSTEIN & BORUN LLP (By Kevin M.
    Flowers, Esq.), 6300 Sears Tower, 233 S. Wacker
12   Drive, Chicago, Illinois 60606-6402
                - and -
13         STUART L. WATT and WENDY A. WHITEFORD, Of
    Counsel, Amgen, Inc., One Amgen Center Drive,
14   Thousand Oaks, California 91320-1789, on behalf of
    the Plaintiff
15
           BROMBERG & SUNSTEIN LLP (By Lee Carl
16   Bromberg, Esq. and Julia Huston, Esq.), 125 Summer
    Street, Boston, Massachusetts 02110
17              - and -
           KAYE SCHOLER LLP (By Leora Ben-Ami, Thomas
18   F. Fleming, Esq., Patricia Carson, Esq.,
    Christopher Jagoe, Esq. and Howard Suh, Esq.),
19   425 Park Avenue, New York, New York 10022, on
    behalf of the Defendants

20

21

22

23

24

25

```
 1        TELEPHONE CONFERENCE IN THE LOBBY - 2:28 P.M.

 2

 3             THE CLERK:  Okay, Judge?

 4             THE COURT:  Yes.

 5             THE CLERK:  Okay, I have everybody here.  I have

 6   Mr. Day, Ms. Ben-Ami, Mr. Fleming, Mr. Madrid and

 7   Ms. Whiteford.

 8             THE COURT:  All right.  Good afternoon, counsel,

 9   and we're on the record.

10        I have had Ms. Smith write out my answer to the

11   question and, Ms. Ben-Ami, I understand you object and I'll

12   hear you.

13             MS. BEN-AMI:  My objection, your Honor, is to the

14   definition of a product-by-process claim.  A

15   product-by-process claim is not a product claim that is just

16   best described by its process.  A product-by-process claim

17   is a claim to a product as it is made by the process.  In

18   other words, a product-by-process claim is a claim to the

19   product made by the process.

20             THE COURT:  Well, how about made by the described

21   process?

22             MS. BEN-AMI:  Made by the described process.  The

23   claimed process.

24             THE COURT:  Yes, the claimed process.

25        All right, Mr. Day, how about that?
```

1          **MR. DAY:**  I'll accept that, your Honor.  I'll just

2    point out that there's a major battle in the Federal Circuit

3    between Atlantic Thermoplastics and Scripps over the scope

4    of a product-by-process claim for purposes of infringement.

5          **THE COURT:**  I think for the purposes of this case,

6    I will go with it.  Let's see if we're satisfied with the

7    language.

8          **MS. BEN-AMI:**  I have not --

9          **THE COURT:**  A product-by-process claim is a claim

10   to a product made by the claimed process.

11         You're satisfied, Ms. Ben-Ami?

12         **MS. BEN-AMI:**  I'm not completely satisfied yet,

13   your Honor.  I was just starting.  But that, that is --

14         **THE COURT:**  Go ahead.

15         **MR. DAY:**  Well, then -- your Honor, this is Mr. Day

16   speaking.

17         **THE COURT:**  Yes.

18         **MR. DAY:**  I would disagree with that because it's

19   not a claimed process.  It is a product, what is claimed is

20   the product, and a product-by-process claim is a product

21   that is made by the recited or the described process.

22         **THE COURT:**  All right, I like described process.

23         Now, Ms. Ben-Ami, what else?

24         **MS. BEN-AMI:**  I disagree with that charge because

25   that charge makes the claim a comprising claim.  And if you

1    look at the '933 patent there's no comprising language in

2    it.  It's a closed claim.  It's got to be the product made

3    by the process, not then changed, nothing else.  It is not a

4    comprising claim.  That's why this is important, your Honor.

5    It's got to be the exact --

6              THE COURT:  Well, respectfully, I don't see the

7    difference between the language as I propose it and what

8    you're saying.  I'm saying -- let me try again.

9              A product-by-process claim is a claim to the

10   product made by the recited process.

11             What's the matter with that?

12             MS. BEN-AMI:  It has to be the identical product to

13   what is made by the claimed process steps.

14             THE COURT:  Well, that language conveys that

15   thought.

16             MS. BEN-AMI:  I don't --

17             MR. DAY:  Your Honor?

18             THE COURT:  Yes.

19             MR. DAY:  This is Mr. Day.

20             THE COURT:  Yes.

21             MR. DAY:  We fundamentally disagree with

22   Ms. Ben-Ami's position.  And I disagree and let me explain

23   my reasoning.  We disagree because a product claim is not

24   limited to the product that is claimed.  Added elements, any

25   element added to that claim, if I make a claim to a light

1    bulb and it's assembled into a lamp --

2         THE COURT:  No, I understand the conceptual

3    problem.  And the issue goes to the '933 patent which is a

4    product patent as the verdict slip makes out.

5         MR. DAY:  Yes.

6         THE COURT:  So I am satisfied with the language,

7    and this now is the order to Ms. Smith.

8         MS. BEN-AMI:  And, your Honor, can I put my, my

9    objection on the record?  I can do it when you're on the

10   phone or not.

11        THE COURT:  Your objection is on the record.  This

12   is being taken down by Mr. Womack, is it not?

13        MR. DAY:  Yes, it is.

14        MS. BEN-AMI:  I haven't explained my whole

15   objection yet.

16        THE COURT:  Well, you may, but let me have

17   Ms. Smith take down what I think I'm satisfied with so we're

18   absolutely clear what the jury is told.

19        A product-by-process claim is a claim to a product

20   made by the recited process.

21        Now to Ms. Smith, you've got that in exactly that

22   language?

23        THE CLERK:  A product-by-process claim is a claim

24   to a product made by the recited process.

25        THE COURT:  Yes.  Now, all right, hang onto that

1      and we'll see what Ms. Ben-Ami has to say.  And I'll hear

2      you, Ms. Ben-Ami.

3              **MS. BEN-AMI:**  My objection is that the charge

4      doesn't distinguish between how you analyze a

5      product-by-process claim for infringement purposes versus

6      for validity purposes.  To analyze a product-by-process

7      claim you must first determine what the product is that is

8      made by the process and then you compare that product to the

9      accused product; then you have to determine whether or not

10     the accused product is identical to the product of the

11     process.  You must also under Atlantic Thermoplastics prove

12     that the process being employed to make the product includes

13     each and every step of the claims.  For purposes of

14     validity, however, where Roche has the burden, you compare

15     the product claim to the prior art, and that is the

16     instruction that I would ask for.

17             **THE COURT:**  All right.  No, I'm giving the more

18     simple instruction.  Your rights are saved.

19             Now, I've authorized Ms. Smith to tell them, since

20     they want the added transcripts from Lodish and Benet -- and

21     you've agreed as to what we're striking out on Benet; is

22     that correct?

23             **MR. DAY:**  We are in the process of reaching that

24     agreement; we haven't yet reviewed it.

25             **THE COURT:**  Fine.  I told her that if they're not

1  going to reach a verdict today and they wish to continue to

2  deliberate after 3:30 they may.  I'm coming back tomorrow

3  morning and be there.  So, that's how we'll proceed.

4       Ms. Ben-Ami, your rights are saved.

5       **MR. DAY:**  Thank you, your Honor.

6       **MS. BEN-AMI:**  Thank you, your Honor.

7       **THE COURT:**  Thank you.

8       (Whereupon the telephone conference ended at 2:35

9  p.m.)

10                 **C E R T I F I C A T E**

11

12

13       I, Donald E. Womack, Official Court Reporter for

14  the United States District Court for the District of

15  Massachusetts, do hereby certify that the foregoing pages

16  are a true and accurate transcription of my shorthand notes

17  taken in the aforementioned matter to the best of my skill

18  and ability.

19

20

21          /S/ DONALD E. WOMACK

22       _____
                DONALD E. WOMACK
23             Official Court Reporter
                 P.O. Box 51062
24        Boston, Massachusetts 02205-1062
                womack@megatran.com

25