```
 1                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS
 2
                                          Civil Action
 3                                        No. 05-12237-WGY

 4   * * * * * * * * * * * * * * * *
                                    *
 5   AMGEN, INC.,                   *
                                    *
 6             Plaintiff,           *
                                    *   DAILY TRIAL
 7   v.                             *   TRANSCRIPT
                                    *   (Volume 24)
 8   F. HOFFMANN-LA ROCHE LTD,      *
     ROCHE DIAGNOSTICS GmbH and     *
 9   HOFFMANN-LA ROCHE, INC.,       *
                                    *
10             Defendants.          *
                                    *
11   * * * * * * * * * * * * * * * *

12

13

14          BEFORE:  The Honorable William G. Young,
                          District Judge, and a Jury
15

16

17

18

19

20

21

22

23
                                       1 Courthouse Way
24                                     Boston, Massachusetts

25                                     October 23, 2007
```

```
 1                    A P P E A R A N C E S

 2
                DUANE MORRIS LLP (By D. Dennis Allegretti,
 3      Esq. and Michael R. Gottfried, Esq.), 470 Atlantic
        Avenue, Suite 500, Boston, Massachusetts 02210
 4                - and -
                DAY CASEBEER MADRID & BATCHELDER, LLP (By
 5      Lloyd R. Day, Jr., Esq., David M. Madrid, Esq. and
        Robert M. Galvin, Esq.) 20300 Stevens Creek
 6      Boulevard, Suite 400, Cupertino, California 95014
                  - and -
 7              McDERMOTT WILL & EMERY (By Michael Kendall,
        Esq.), 28 State Street, Boston, Massachusetts
 8      02109
                  - and -
 9              McDERMOTT WILL & EMERY (By William G.
        Gaede, III, Esq.), 3150 Porter Drive, Palo Alto,
10      California 94304
                  - and -
11              MARSHALL, GERSTEIN & BORUN LLP (By Kevin M.
        Flowers, Esq.), 6300 Sears Tower, 233 S. Wacker
12      Drive, Chicago, Illinois 60606-6402
                  - and -
13              STUART L. WATT and WENDY A. WHITEFORD, Of
        Counsel, Amgen, Inc., One Amgen Center Drive,
14      Thousand Oaks, California 91320-1789, on behalf of
        the Plaintiff
15
                BROMBERG & SUNSTEIN LLP (By Lee Carl
16      Bromberg, Esq. and Julia Huston, Esq.), 125 Summer
        Street, Boston, Massachusetts 02110
17                - and -
                KAYE SCHOLER LLP (By Leora Ben-Ami, Thomas
18      F. Fleming, Esq., Patricia Carson, Esq.,
        Christopher Jagoe, Esq. and Howard Suh, Esq.),
19      425 Park Avenue, New York, New York 10022, on
        behalf of the Defendants
20

21

22

23

24

25
```

```
 1               THE CLERK:  All rise for the jury.
 2               (Whereupon the jury entered the courtroom at 11:20
 3   a.m.)
 4               THE CLERK:  Court is in session, please be seated.
 5               THE COURT:  Good morning, ladies and gentlemen.
 6               THE JURY:  Good morning.
 7               THE COURT:  Before we proceed, we have a very
 8   important item of business to handle and I told you that I
 9   would do this.
10               On your oath as jurors, since we recessed at five
11   o'clock on Friday and you came back here before 9:00 on
12   Monday, that period, plus the period after Ms. Smith let you
13   go yesterday afternoon and you came back here before nine
14   o'clock today, have any of you heard, read or seen anything
15   at all concerning the substance of this case?  Have you
16   discussed the substance of this case with anyone?  Have you
17   permitted the substance of this case to be discussed in your
18   presence?
19               THE JURY:  No.
20               THE COURT:  The jury answers in the negative, the
21   ten deliberating jurors present in the courtroom.
22               We'll proceed by taking the verdict.
23               THE CLERK:  Madam Forelady, members of the jury,
24   has the jury reached a unanimous verdict?
25               THE FORELADY:  Yes, we have.
```

```
 1                 THE JURY:  Yes, we have.
 2                 THE CLERK:  Please pass the verdict slip.  Thank
 3     you.
 4                 (Papers passed.)
 5                 THE COURT:  The verdict is in order, it may be
 6     recorded.
 7                 THE CLERK:  Madam Forelady, members of the jury,
 8     please stand and listen to your verdict as the Court records
 9     it.
10                 In the case of Amgen v. F. Hoffmann-La Roche
11     Limited, a Swiss company, Roche Diagnostics GmbH, a German
12     company, and Hoffmann-La Roche, Inc., a New Jersey company.
13                 Considering each claim separately, has Roche
14     established by clear and convincing evidence that any of the
15     following claims are invalid?
16                 Claim 1, valid.  Excuse me.  Patent '422.  Claim 1,
17     valid.
18                 Patent '933.  Claim 3, valid; claim 7, valid; claim
19     8, valid; claim 9, valid; claim 11, valid; claim 12, valid;
20     claim 14, valid.
21                 Patent '868.  Claim 1, valid; claim 2, valid.
22                 Patent '698.  Claim 6, valid; claim 7, valid; claim
23     8, valid; claim 9, valid.
24                 Patent '349.  Claim 7, valid.
25                 Considering each claim separately, has Amgen
```

1    established by a fair preponderance of the evidence that any
2    of the following claims will be infringed by Roche?
3             Patent '933.  Claim 3, infringed, on literal
4    infringement; claim 7, literal infringement, infringed;
5    claim 8, literal infringement, infringed; claim 12, literal
6    infringement, not infringed; infringement by the doctrine of
7    equivalents, infringed.
8             Patent '868.  Claim 1, literal infringement,
9    infringed; claim 2, literal infringement, infringed.
10            Patent '698.  Claim 6, literal infringement,
11   infringed; claim 7, literal infringement, infringed; claim
12   8, literal infringement, infringed; claim 9, literal
13   infringement, infringed.
14            So say you, Madam Forelady, so say you, members of
15   the jury?
16        **THE JURY:**  Yes.
17        **THE COURT:**  Please be seated.
18            I want to thank you, ladies and gentlemen.  I thank
19   you not for your verdict.  I thank you whatever your verdict
20   was.  But I want to thank you so much for the obvious care,
21   the attention, your investment of time, your meticulously
22   going over each of the claims here.  It truly exemplifies
23   what we mean when we turn to the jury as the epitome of
24   direct democracy in this country.
25            This case is over.  You have every right to say

1  anything to anybody about anything, anything at all, having
2  to do with the case.
3           Now, under the rules of Court, none of the lawyers
4  and none of their clients or representatives have any right
5  to contact you.  I don't know why they would.  But the rules
6  are very clear, nobody involved in this case will contact
7  you.
8           I cannot say the same for the press.  And that
9  being so, I offer a caution.  Because the case is over, I
10 cannot charge you, you have the right to do what you want,
11 but I offer a caution.  And it's a caution to preserve the
12 integrity of the process.
13          By your verdict you have spoken your unanimous
14 truth about the matters at issue in this case.  It is not a
15 good idea to talk with anyone about what went on in the jury
16 room.  That's private to the ten of you.  I really urge you
17 don't talk to anyone about what went on in the jury room.
18 Beyond that, you have every right to say anything to anyone
19 about anything.
20          I would like to come back and thank you personally.
21 You've made an extraordinary investment of time here and I'm
22 very grateful.  And I need to be on the bench for just a
23 moment, so I'll ask you to wait.
24          The jury may retire.  I'll remain on the bench.
25          **THE CLERK:**  All rise for the jury.

1                    (Whereupon the jury left the courtroom.)

2               **THE COURT:**  Please be seated.

3               Let's just take care of a few details because I

4     want to go back and I know you people want to confer.

5               First of all, just so the record is clear, I place

6     on the record that this morning the jury inquired as to the

7     definition of material change and I authorized Ms. Smith to

8     read to them the definition of material change verbatim as

9     it was contained in the charge and she did so.

10              Second, the Court finds that Roche has not proved

11    by clear and convincing evidence inequitable conduct on the

12    part of Amgen.

13                   (Whereupon the Court and the Clerk conferred.)

14              **THE COURT:**  Oh, Ms. Smith quite properly corrects

15    the record, and I appreciate her coming back in.

16              The jury as I actually stated inquired with respect

17    to the definition of material change.  She, at my direction,

18    inquired of counsel, counsel agreed where she would point

19    out in the charge the declaration -- the definition of

20    material change.  She pointed out the definition of material

21    change.  She did not read it to them.  I'm in error.

22              Now, I imagine that Roche at least, maybe Amgen,

23    moves for judgment notwithstanding the verdict, correct,

24    Ms. Ben-Ami?

25              **MS. BEN-AMI:**  Yes, your Honor.

|  |  |
|---|---|
| 1 | **THE COURT:** I would like to have a brief hearing on |
| 2 | that on the 30th of October because there may be parts of |
| 3 | that I will be ready to address. But I don't necessarily |
| 4 | think that, since I want everything in these motions, on |
| 5 | pain of waiving it, other than those things like the summary |
| 6 | judgment and the like that I have ruled on, I want |
| 7 | everything there. And so, maybe you want longer than that |
| 8 | to brief it and I'm fine with doing that. It looks like we |
| 9 | would have to have a hearing on the 15th. But the 15th |
| 10 | hearing is devoted to remedy and we'll see where we go. I |
| 11 | want to just face up to judgment notwithstanding the verdict |
| 12 | to the extent that I can on the 30th of October. |
| 13 | How long, though, would you like to get your brief |
| 14 | in because I don't know that I can -- |
| 15 | **MS. BEN-AMI:** I think we're going to need some |
| 16 | substantial time to do that. |
| 17 | **THE COURT:** And I'm willing to give it to you. I'm |
| 18 | willing to give, let's say 60 days, is that enough? |
| 19 | **MS. BEN-AMI:** Yes, your Honor, 60 days would be |
| 20 | fine. |
| 21 | **THE COURT:** Very well, 60 days from today's date. |
| 22 | Now, again, the only other pieces that I think are |
| 23 | unaccounted for, I have made no findings or rulings with |
| 24 | respect to obviousness/double patenting and I've made no |
| 25 | findings or rulings with respect to inducement. Those |

1  matters remain under advisement.
2             I do thank you.  We'll stand in recess.  We'll
3  recess.
4             **THE CLERK:**  All rise.  Court is in recess.
5             (Adjournment.)

6

7                        **C E R T I F I C A T E**

8

9

10            I, Donald E. Womack, Official Court Reporter for
11 the United States District Court for the District of
12 Massachusetts, do hereby certify that the foregoing pages
13 are a true and accurate transcription of my shorthand notes
14 taken in the aforementioned matter to the best of my skill
15 and ability.

16

17

18

19
                  /S/ DONALD E. WOMACK
20                _____
                     DONALD E. WOMACK
21                  Official Court Reporter
                       P.O. Box 51062
22             Boston, Massachusetts 02205-1062
                    womack@megatran.com
23

24

25